**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
*Attorneys for Plaintiff, Sheena Raffin and all others similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA RAFFIN, individually, and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   vs.<br><br>EQUIFAX, INC.,<br><br>           Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)   Breach of Fiduciary Duty<br>(2)   Negligence<br>(3)   Breach of Contract<br>(4)   Breach of Covenant of Good Faith and Fair Dealing<br>(5)   Violation of California Data Breach Act;<br>(6)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*)<br>(7)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff Sheena Raffin ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant EQUIFAX, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising the maintenance of private consumer information and failing to secure and protect its users' personal information ("INFORMATION") provided to Defendant, which encompasses e-mail addresses, passwords, credit and debit card numbers, expiration dates, and mailing and billing addresses, in accordance with both industry security standards and Defendant's own security standards and to obtain redress for all persons ("Class Members") whose information was stolen, within the applicable statute of limitations period, from Defendant's possession (hereinafter collectively referred to as the "Class Services" and ).

2.     Defendant is a Georgia corporation and is engaged in maintaining, selling, and distributing of consumer information and credit reports with a large share of its business in California.

3.     Defendant has a common scheme to mislead potential individuals and incentivize them to purchase Defendant's by advertising that the private and sensitive consumer information provided by these individuals will be protected and maintained safely by Defendant.

4.     Defendant, then, purposefully, willing, and fraudulently mismanages the Class Services by providing completely inadequate security measures in order to protect consumer information and defend against data breaches. Defendant does this in order to obtain private and sensitive consumer information that it needs to provide its Class Services, without which Defendant would be unable to obtain business.

5.     Plaintiff and others similarly situated relied on Defendant's

CLASS ACTION COMPLAINT

representations, purchased Defendant's services these interests, and had their private information and identities stolen by third parties.

6.     Defendant's egregious conduct in failing to maintain the most crucial and sensitive financial information of Plaintiff and others similarly situated caused thousands to lose their money and financial security. In so doing, Defendant has violated multiple common law doctrines and California state and Federal statutes.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Georgia company. Plaintiff also seeks up to damages on behalf of the proposed class of over one hundred million individuals, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C.  1391(b)* and because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## THE PARTIES

9.     Plaintiff Sheena Raffin is a citizen and resident of the State of California and provided her private information to Defendant and purchased its services in the County of Los Angeles.

10.     Defendant EQUIFAX, INC. is a corporation with its principal place of business located and headquarters in Oregon.  Defendant conducts a large share of its business within California.

11.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf,

each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

12.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

13.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

14.    Prior to September 7, 2017, Plaintiff purchased Defendant's consumer credit services. DEFENDANT offers its products and services to consumers in accordance with certain terms and conditions.  DEFENDANT's customers' agreement to the services is a prerequisite to the use of DEFENDANT's products and services.

15.    DEFENDANT's General Terms for its services incorporate DEFENDANT's Privacy Policy as a term of the contract. DEFENDANT's Privacy Policy provides that when consumers register to use DEFENDANT's website or services, DEFENDANT collects identifying information of the customer.

16.    In purchasing Defendant's services, Plaintiff provided Defendant with such identifying information, including but not limited to her social security number, credit card information, residential address, and more.

17.    DEFENDANT's Privacy Policy acknowledges the importance of securely maintaining its customer's personal information which it collects.  To

that end, DEFENDANT's Privacy Policy states that it provides reasonable security controls with respect to its customers' personal information.

18.     However, after Plaintiff purchased Defendant's Services, Defendant committed multiple improprieties in the management of the Class Services and misrepresentations to Plaintiff.

19.     Defendant's representations and omissions gave Plaintiff the impression that Defendant's management of her personal and financial information was secure and in trustworthy hands.

20.     However, during this time, Defendant had been making these representations and omissions with knowing falsehood that Plaintiff would be deceived about Defendant's management of her information and its level of risk.

21.     In fact, on or about September 7, 2017, Plaintiff received a notification from Defendant which stated that her sensitive and private information had been stolen from Defendant's possession since approximately May of 2017.

22.     DEFENDANT announced that INFORMATION for over 140 million customers worldwide had been compromised.

23.     Upon learning this, Plaintiff felt completely misled and cheated.

24.     For months, Defendant expressly represented to Plaintiff the management of her information and Plaintiff's level of risk.

25.     In the meantime, some of Defendant's top executives sold their stock in anticipation of the backlash Defendant would face as a result of fessing up to consumers what it had done.

26.     In addition, Defendant sought to capitalize on the damage cause to Plaintiff and the Class by advertising to them additional security features at the moment that they found out that their information was stolen and that the damage was already done.

27.     Plaintiff is informed and believes that Defendant negligently,

CLASS ACTION COMPLAINT

recklessly, and willfully mismanaged the Class Services and represents to individuals through affirmative statements and omissions that Defendant was properly managing the Class Services and the interests of the individuals as part of a common scheme obtain the personal and financial information from individuals in order to promote its business practices.

28. Plaintiff is informed, believes and based thereon alleges that Defendant engaged in the above referenced deceitful, intentional, fraudulent, and illegal representations, omissions and conduct to all the individuals who had an interest in the Class Services as Defendant did to Plaintiff.

29. No reasonable person would provide their private and sensitive information if they believed that Defendant had inadequate security and their information would be taken. As a result, it is reasonable to conclude that Defendant made the same representations about the Class Services to all individuals prior to and at the point of sale of the interest, as well as throughout the management of the Class Services, as Defendant had done with Plaintiff.

30. As a result of the aforementioned security breach, DEFENDANT's products and/or services are of less value to PLAINTIFF and members of the Class.

31. DEFENDANT knew or should have known that its products and services were not secure and left the INFORMATION of PLAINTIFF and other members of The Class vulnerable to theft.

32. DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

33. Additionally, DEFENDANT failed to notify PLAINTIFF and the other members of The Class in a timely manner of the security breach, as required by law.

34. PLAINTIFF and the members of The Class have all suffered

irreparable harm and monetary damages as a result of DEFENDANT's unlawful and wrongful conduct heretofore described.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rules of Civil Procedure.

36.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All individuals who had their information stolen by a third party from Defendant.

37.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

38.    Plaintiff also represents and is a member of the following subclass ("subclass"):

> All persons within the United States who had an account with DEFENDANT whose personal information was compromised as a result of the data breach that occurred on or about May of 2017.

39.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

40.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

41.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

42.    Rather, all claims in this matter arise from the identical, false, affirmative written statements of the premiums that would be included for Class

Members' when purchasing the policies, when in fact, such representations were false.

43.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in maintain Class Services with respect Plaintiff and other Class Members;

(b)     Whether Defendant made misrepresentations and omissions with respect to the Class Services managed by Defendant's;

(c)     Whether Defendant profited from the unlawful, unfair, or deceptive business practices;

(d)     Whether Defendant violated the Common law and/or Federal and California Statutes;

(e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)     The method of calculation and extent of damages for Plaintiff and Class Members.

44.     Plaintiff is a member of the class he seeks to represent

45.     The claims of Plaintiff are not only typical of all class members, they are identical.

46.     All claims of Plaintiff and the class are based on the exact same legal theories.

47.     Plaintiff has no interest antagonistic to, or in conflict with, the class.

48.     Plaintiff is qualified to, and will, fairly and adequately protect the

CLASS ACTION COMPLAINT

interests of each Class Member, because Plaintiff bought Class Services from Defendant during the Class Period.   Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

49.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

50.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## Breach of Fiduciary Duty

51.    Plaintiff incorporates by reference each allegation set forth above and below herein.

52.    Plaintiff and the Class Members gave Defendant personal and sensitive information that was managed by Defendant. In exchange, Defendant was required to properly and competently manage the Class Services with the financial and security interests of Plaintiff and the Class Members in mind. In Defendant's obligation to manage Plaintiff and the Class Members' information Defendant was obligated to act as Plaintiff and the Class Members' fiduciary.

53.    Defendant, purposefully, willing, and fraudulently mismanaged the Class Services by providing poor security of the information. Defendant did this to greedily extract information from the individuals and in order to increase its business venture. In so doing, Defendant solely acted in their own interests and against the interests of Plaintiff and Class Members.

54.    Defendant's conduct caused Plaintiff and the Class Members to maintain their personal and financial information with Defendant in reliance of

Defendant's representations of Defendant's competent management of the Class Services and its level of risk.

## SECOND CAUSE OF ACTION

### Negligence

55.     Plaintiff incorporates by reference each allegation set forth above and below herein.

56.     Defendant's owed a duty of care to Plaintiff and the Class in that Defendant was obligated to protect and secure Plaintiff and the Class' sensitive financial and personal information.

57.     Defendant breached its duty by failing to property maintain and keep secure the personal and financial information of Plaintiff and members of the Class.

58.     By engaging in the above referenced conduct Defendant intentionally, recklessly and negligently harmed Plaintiff and the Class Members. Defendant's conduct caused Plaintiff and the Class Members to provide their information to Defendant and have their information stolen from Defendant in reliance of Defendant's representations of Defendant's competent management of the Class Services and its level of risk.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

59.     PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     DEFENDANT required that PLAINTIFF, and members of the Class, affirmatively assent to Defendant's General Terms of Use and Privacy Policy which included representations regarding Defendant's security protocols, in order to purchase Defendant's services.

61.     PLAINTIFF relied upon DEFENDANT's Privacy Policy and DEFENDANT's representations regarding its practices regarding privacy and data security before purchasing DEFENDANT's products and/or services.

62.     PLAINTIFF and each Class member assented to DEFENDANT's policies, when they purchased DEFENDANT's products and/or services.

63.     DEFENDANT imposed upon itself an obligation to use reasonable and industry-standard security practices to protect PLAINTIFF's and Class members' INFORMATION.

64.     PLAINTIFF expected that DEFENDANT employed industry-leading security practices in accordance with its representations when making her decision to purchase DEFENDANT's products and/or services.  Had DEFENDANT represented that it would use substandard security measures, PLAINTIFF would not have paid for DEFENDANT's products and/or services.

65.     PLAINTIFF and Class members performed their obligations under the agreement/s entered into with DEFENDANT by paying the required fees and assenting to the terms and conditions of DEFENDANT's policies.

66.     By using substandard security measures for the protection of DEFENDANT's customers' INFORMATION, Defendant breached the terms of its contract with PLAINTIFF and other members of The Class to protect their INFORMATION.

67.     DEFENDANT represented that PLAINTIFF and members of the Class would receive industry-standard protection for their INFORMATION as part of their DEFENDANT's products and/or services, and those security protections were valuable to both PLAINTIFF and members of the Class.

68.     As a direct and proximate result of DEFENDANT's failure to provide its customers with the level of security and protection it touted, PLAINTIFF and Class members have suffered injury in fact as a result of the

breach.

## FOURTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

69.    PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.    The law of contracts implies a covenant of good faith and fair dealing in every contract.

71.    PLAINTIFF and The Class members contracted with DEFENDANT by accepting DEFENDANT's offers and paying DEFENDANT's products and/or services.

72.    PLAINTIFF and The Class members performed all or substantially all of their duties under their agreement/s with DEFENDANT.

73.    The conditions required for DEFENDANT's performance under the contracts has occurred.

74.    DEFENDANT failed to provide and/or unfairly interfered with and/or frustrated the right of PLAINTIFF and The Class members to receive the full benefits under their purchase agreements.

DEFENDANT breached the covenant of good faith and fair dealing implied in its contracts with PLAINTIFF and The Class members by, *intra alia*, failing to use and provide reasonable and industry-leading security practices, an aspect of the parties' course of dealing by which DEFENDANT exercised unilateral discretion and control.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA DATA BREACH ACT
### (CAL CIV. CODE § 1798.80, *et seq.*)
### -Plaintiff and the SubClass-

75.    PLAINTIFF incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.

76.     The May 2017 data breach constituted a "breach of the security system" of DEFENDANT pursuant to Cal. Civ. Code § 1798.82(g).

77.     DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

78.     DEFENDANT unreasonably delayed informing PLAINTIFF and members of The Sub Class about the security breach of The Sub Class members' INFORMATION after DEFENDANT knew of the breach.

79.     DEFENDANT failed to disclose to PLAINTIFF and members of The Sub Class, in the most expedient time possible, the breach of security of their INFORMATION after DEFENDANT knew of the breach.

80.     As a result of DEFENDANT's violation of Cal. Civ. Code § 1798.82, PLAINTIFF and members of the Sub Class suffered economic damages.

81.     PLAINTIFF, individually and on behalf of the members of The Sub Class, seeks all remedies available under Cal. Civ. Code § 1798.84.

82.     PLAINTIFF, individually and on behalf of the members of The Sub Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code § 1798.84(g).

**SIXTH CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

**-On Behalf of Plaintiff and the Subclass-**

83.     Plaintiff incorporates by reference each allegation set forth above.

84.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to

be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

85.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

86.    Defendant misled individuals by making misrepresentations and untrue statements about the Class Services, namely, Defendant sold its services and represented that it would provide adequate security and protection to consumer information, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

87.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Sub Class Members.

88.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other SubClass Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Services, namely that they were secure and would protect the sensitive and personal information of Plaintiff and other members of the Sub Class.   In reasonable reliance on Defendant's false advertisements, Plaintiff and other Sub Class Members purchased the Class Services.  In turn Plaintiff and other Sub Class Members had their sensitive and personal financial information stolen and exposed to the public, and therefore Plaintiff and other Class Members have suffered injury in fact.

89.    Plaintiff alleges that these false and misleading written

representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

90.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Services would be secure and protect the sensitive information provided.

91.     Defendant knew that the Class Services were not in fact safe and that they were negligently and recklessly maintained.

92.     Thus, Defendant knowingly sold Class Services to Plaintiff and other putative class members that were not secure, as advertised.

93.     The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SEVENTH CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

**-Plaintiff and the SubClass-**

94.     Plaintiff incorporates by reference each allegation set forth above.

95.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such

violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

96.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

97.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

98.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Sub Class. Plaintiff and members of the Sub Class have suffered injury in fact due to Defendant's decision

1    to falsely misrepresent Defendant's management of their information. Thus,

2    Defendant's conduct has caused substantial injury to Plaintiff and the members of

3    the Sub Class.

4    99.    Moreover, Defendant's conduct as alleged herein solely benefits

5    Defendant while providing no benefit of any kind to any of the members of the

6    Sub Class. Such deception utilized by Defendant convinced Plaintiff and members

7    of the Sub Class that the Class Services were safe and secure, in order to greedily

8    extract personal and sensitive information from the individuals and in order to

9    promote its business. In fact, by purposefully mismanaging the Class Services ,

10   and misrepresenting these facts to the individuals, Defendant unfairly profited

11   from their false statements and egregious conduct. Thus, the injury suffered by

12   Plaintiff and the members of the Sub Class is not outweighed by any

13   countervailing benefits to the individuals.

14   100.    Finally, the injury suffered by Plaintiff and members of the Sub Class

15   is not an injury that these individuals could reasonably have avoided.  After

16   Defendant, falsely represented the Class Services and its management, these

17   individuals suffered injury in fact.  Defendant failed to take reasonable steps to

18   inform Plaintiff and sub class members that Defendant had been mismanaging

19   their information and that they were at risk of having their information stolen.  As

20   such, Defendant took advantage of Defendant's position of perceived power in

21   order to deceive Plaintiff and the Sub Class members.  Therefore, the injury

22   suffered by Plaintiff and members of the Sub Class is not an injury which these

23   Purchasers could reasonably have avoided.

24   101.   Thus, Defendant's conduct has violated the "unfair" prong of

25   California Business & Professions Code § 17200.

26                          **FRAUDULENT**

27   102.   California Business & Professions Code § 17200 prohibits any

28

CLASS ACTION COMPLAINT

"fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

103.   The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

104.   Here, not only were Plaintiff and the Sub Class members likely to be deceived, but these individuals were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff and the members of the Sub Class continued to maintain their interests in the Class Services, in reliance of Defendant's representations of Defendant's competent management of the Class Services and its level of risk.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

105.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Services as including the premium, falsely represented the terms of the Class Services.

106.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

107.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

108.   As explained above, Defendant deceived Plaintiff and other Sub Class Members by mismanaging and misrepresenting the Class Services.

109.   Defendant increased misrepresented the security of Class Services

and used fraudulent misrepresentations to extract information from the individuals in order to promote its business.  Had Defendant not fraudulently misrepresented and mismanaged the Class Services, Plaintiff and Sub Class Members would not have provided their sensitive financial information to Defendant in reliance of Defendant's representations of Defendant's competent management of the Sub Class Services and its level of risk. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

110.  These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

111.  Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**REQUEST FOR JURY TRIAL**

112.  Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

113.  Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)  An order certifying the undersigned counsel as Class Counsel;

(c)  An order requiring EQUIFAX, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct

1    herein;

2    (d)    An order requiring EQUIFAX, INC. to engage in corrective

3          action regarding the conduct discussed above;

4    (e)    Actual damages suffered by Plaintiff and Class Members as

5          applicable or full restitution of all funds acquired from Plaintiff

6          and Class Members from the sale of misbranded Class Services

7          during the relevant class period;

8    (f)    Punitive damages, as allowable, in an amount determined by

9          the Court or jury;

10   (g)    Any and all statutory enhanced damages;

11   (h)    Restitution for the monies spent by Plaintiff and Class members

12         on the Class Services;

13   (i)    All reasonable and necessary attorneys' fees and costs provided

14         by statute, common law or the Court's inherent power;

15   (j)    Pre- and post-judgment interest; and

16   (k)    All other relief, general or special, legal and equitable, to which

17         Plaintiff and Class Members may be justly entitled as deemed

18         by the Court.

19

20   Dated:  September 8, 2017        Respectfully submitted,

21                        LAW OFFICES OF TODD M. FRIEDMAN , PC

22

23                        By: s/ Todd M. Friedman____

24                            TODD M. FRIEDMAN, ESQ.

25                            Attorney for Plaintiff

26

27

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT