**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) ) ) ) | MDL NO. 2800 Case No.: 1:17-md-2800-TWT ALL ACTIONS |

**ROBIN FRAZER CLARK'S APPLICATION FOR APPOINTMENT
TO THE PLAINTIFFS' STEERING COMMITTEE**

Pursuant to Case Management Order 2, Robin Frazer Clark respectfully files this Application for Appointment to the Plaintiffs' Steering Committee and, in support thereof, states as follows:

1.     Ms. Clark represents the Plaintiff in *Chenault v. Equifax, Inc.*, Case No. 1:17-cv-03764-TWT (N.D. GA), which is squarely before this Court and MDL, as it was reassigned from Judge Steve C. Jones to Judge Thomas W. Thrash, Jr. on December 11, 2017.

2.     Plaintiff filed her lawsuit against Equifax, Inc. in the Northern District of Georgia on September 27, 2017.  Plaintiff, an individual consumer, seeks damages and other relief Plaintiff has suffered due to Equifax's inadequate security measures that failed to prevent a massive data security breach.

3.     Ms. Clark now seeks a position as Plaintiff's Co-Lead Counsel or on the Court-appointed Plaintiffs' Steering Committee to facilitate and assist the pre-

trial coordination of discovery and the prosecution of claims on behalf of all plaintiffs subject to this MDL.

4.     In Case Management Order 1, the Court referenced Rule 23(g) and outlined the main criteria for lawyers applying for leadership positions as follows: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Dkt. 23 at 6.

5.     Ms. Clark meets the Court's criteria in an exceptional manner. Uniquely, she is a Past-President of both the State Bar of Georgia and the Georgia Trial Lawyer's Association.  She is also a Past-President of The Lawyers Club of Atlanta. She is widely recognized as one of Atlanta's top plaintiff's attorneys and trial lawyers. Ms. Clark is the owner and founder of the law firm of Robin Frazer Clark, P.C., and has practiced law in this District and throughout Georgia for 29 years. Her practice is exclusively devoted to representing plaintiffs in complex litigation. In her illustrious career, Ms. Clark has had the privilege of trying 60 jury trials, all in Georgia Courts, and has argued before Georgia appellate courts over 40 times. Please see a list of trials as Exhibit "A" and a list of appeals as Exhibit "B."

**6.**     As a local Atlanta attorney, Ms. Clark would be able to commit a substantial amount of time to advance the progress of this litigation in a timely manner.  Ms. Clark further represents to the Court that she has access to sufficient funds that Co-Lead Counsel or a member of the Plaintiffs' Steering Committee would be expected to have.

**7.**     Ms. Clark has demonstrated her willingness to work with her esteemed colleagues of the Bar throughout her career. Perhaps the best evidence of this occurred on June 2, 2012, when Ms. Clark was sworn in as the Fiftieth President of the State Bar of Georgia, historically marking Ms. Clark as only the second woman ever to serve as President of the State Bar of Georgia. As President, one of Ms. Clark's many initiatives was the creation of the "How To Save a Life" Campaign, whose mission was the prevention of suicide among Georgia lawyers.

**8.**     Ms. Clark received her Bachelor of Science in Biology from Vanderbilt University in 1985 and received her Juris Doctor from Emory University School of Law in 1988. Ms. Clark is admitted to the State and Superior Courts of Georgia, the Georgia Court of Appeals, the Georgia Supreme Court, the United States District Courts for the Northern and Middle Districts, the United States Court of Appeals for the Eleventh Circuit and the United States Supreme Court. More details about Ms. Clark are attached hereto as Exhibit "C" in support of this Motion.

**9.**     It is no secret that mass tort MDLs have, for too long, been controlled, dominated, and monopolized by only a handful of law firms, and predominantly by male attorneys. Please see Exhibit "D" attached hereto in further support of this Motion. The lack of diversity in MDL Leadership Panels is finally being widely acknowledged nationally.  For example, Emory University School of Law, the applicant's alma mater, just this month held a Leadership Forum in which two panels were devoted to discussion of increasing diversity in MDL Leadership.  The purpose of one such panel, "MDL Leadership," was "to tackle the difficult questions posed in MDL, including the appropriate role for the judiciary in improving the diversity and inclusion in leadership on both sides of the aisle, the second-generation consequences (good and bad) of an explicit focus on diversity and inclusion in PSC selection, and strategies for judges, in-house counsel and law firms in improving the pipeline of qualified attorneys in MDL."  The Plaintiffs' Breakout session in the Leadership Conference had this subject matter: "The MDL Leadership Challenge Leadership woes from the Plaintiff's bar can derail an otherwise successful diversity and inclusion plan. Stakes are high in formulating a successful MDL team given the wide array of different clients, court systems, and juries. Judges Martinotti, Ellis, Vratil, and Davis and leaders within the plaintiffs' bar will provide insight into avoiding diversity and inclusion lip service."  The Fulton County Daily Report has

often reported on this glaring lack of competent, women attorneys at the helm of MDL's. [1]  A study by Dana Alvaré of Temple University's Beasley School of Law found that only 15% of the top leadership posts in MDL's were occupied by women lawyers. [2] Notwithstanding her exceptional experience, qualifications, skill, knowledge of the applicable law, collegial background, legal ability, and track record of success, Ms. Clark has never had the privilege or opportunity to serve on any leadership structure in an MDL.  The selection of Ms. Clark to the Plaintiffs' Steering Committee, a competent, highly experienced Georgia trial lawyer who brings nearly 30 years of practicing law in Georgia with her, would, therefore, bring much needed diversity to the plaintiffs' multidistrict litigation practice and would be a giant leap forward toward "avoiding diversity and inclusion lip service."

    **10.**    Additionally, representing the Plaintiff with Ms. Clark in her filed case are T. Roe Frazer II of Frazer, PLC and Frederick T. Kuykendall, III of The Kuykendall Group, two lawyers with a substantial background in complex litigation and major dispute resolution.

---

[1] **"Women Plaintiffs Lawyers Fight to End MDL 'Boys Club,'" by Meredith Hobbs, April 7, 2017.**

[2] **"Female Lawyers Are Still Struggling To Land Lead MDL Roles" by Aebra Cole, Law 360, March 16, 2017 (see article attached hereto as Exhibit "E."**

WHEREFORE, PREMISES CONSIDERED, Ms. Clark respectfully requests the Court to appoint her to the Plaintiffs' Steering Committee for the consumer cases track or, alternatively, appoint her as Plaintiffs' Co-Lead Counsel or Liaison Counsel for Plaintiffs.

This 31st day of January, 2018.

Respectfully submitted:

/s/ Robin Frazer Clark
ROBIN FRAZER CLARK
STATE BAR NO. 274620
ATTORNEY FOR JASMINE
CHENAULT

ROBIN FRAZER CLARK, P.C.
CENTENNIAL TOWER, SUITE 2300
101 MARIETTA STREET, NW
ATLANTA, GA  30303
(404) 873-3700
robinclark@gatriallawyers.net.

## ROBIN FRAZER CLARK TRIALS

### SOLO/LEAD COUNSEL

STYLE:                    JOYCE DUNKIN V. SHARON BOLTON AND
                          JAMES BOLTON
CASE NO.                  88A- 18748-4
COURT:                    COBB COUNTY STATE COURT
DATE OF VERDICT:          NOVEMBER 6, 1991
JUDGE:                    HARRIS ADAMS.
CLIENT:                   SHARON BOLTON
OTHER ATTORNEYS:          JACK MENENDEZ-PLAINTIFF
                          SUSAN WHEAT-PLAINTIFF
                          Y. KEVIN WILLIAMS-DEFENDANT JAMES
                          BOLTON


STYLE:                    DONALD STARKS V. OUR PROPERTIES.
                          INC..MEL HEWINS AND  W. H. HICKS
CASE NO.                  88-25 5 1-3
COURT:                    DEKALB COUNTY SUPERIOR COURT
DATE OF VERDICT:          AUGUST 8, 1991
JUDGE:                    CLARENCE SEELIGER
CLIENT:                   OUR PROPERTIES, INC. AND MEL HEWINS
OTHER ATTORNEYS:          PAUL STALCUP-PLAINTIFF
                          WADE WATSON-DEFENDANT W. H. HICKS


STYLE:                    ANEPOHL V. WHATLEY
CASE NO.
COURT:                    GWINNETT COUNTY STATE COURT
DATE OF VERDICT:          SEPTEMBER 1990
JUDGE:                    HOFFMAN
CLIENT:                   JOAN ANEPOHL
OTHER ATTORNEYS:          JOHN F. DAUGHERTY-DEFENDANT



STYLE:                 BRADLEY V. MITCHELL
CASE NO.               188872
COURT:                 FULTON COUNTY STATE COURT
DATE OF VERDICT:       JANUARY 3, 1990
JUDGE:                 THELMA WYATT CUMMINGS
CLIENT:                HARIET MITCHELL
OTHER ATTORNEYS:       RANDI SEIGEL-PLAINTIFF
                       MICHAEL BERGIN-PLAINTIFF


STYLE:                 PATRICK V. MCCAIN
CASE NO.:
COURT:                 CLAYTON COUNTY STATE COURT
DATE OF VERDICT:       NOVEMBER 7, 1990
JUDGE:                 EMMETT J. ARNOLD III
CLIENT:                UNINSURED MOTORIST CARRIER
OTHER ATTORNEYS:       MARY BROCKINGTON-PLAINTIFF


STYLE:                 SHERRELL WAYNE WEST V. BEVERLY
                       CARTER DAVIS
CASE NO.:              960488
COURT:                 FULTON COUNTY STATE COURT
DATE OF VERDICT:       DECEMBER 22, 1988
JUDGE:                 JERRY BAXTER
CLIENT:                SHERRELL WAYNE WEST
OTHER ATTORNEYS:       JACK LA SONDE-DEFENDANT


STYLE:                 ROGER WINTON V. ADAMS TRANSFER &
                       STORAGE CO.. INC.
CASE NO.:
COURT:                 HALL COUNTY SUPERIOR COURT
DATE OF VERDICT:       FEBRUARY 13, 1989
JUDGE:                 RICHARD W. STORY (BENCH TRIAL)
CLIENT:                ADAMS TRANSFER & STORAGE CO., INC.
OTHER ATTORNEYS:       MICHAEL H. SAUL-PLAINTIFF

STYLE: <u>JO ANNE ADKINSON V. S & R FOODS. INC.</u>
     <u>D/B/A BLIMPIES</u>
CASE NO.: 93VS80622
COURT: FULTON COUNTY STATE COURT
DATE OF VERDICT: DECEMBER 6, 1994
JUDGE: JERRY BAXTER
CLIENT: S & R FOODS, INC. DLB/R BLIMPIES
OTHER ATTORNEYS: JAMES POTTS-PLAINTIFF
     GRAYDON SHUFORD-PLAINTIFF

**SOLO/LEAD COUNSEL**

| | |
|---|---|
| STYLE: | SANDRA P. SACKER V. PERRY REALTY SERVICES. INC. AND D'YOUVILLE CONDOMINIUM ASSOCIATION. INC |
| CASE NO. | 92-VS-65 126-F |
| COURT: | FULTON COUNTY STATE COURT |
| DATE OF VERDICT: | FEBRUARY 14, 1996 |
| JUDGE: | MELVIN K. WESTMORELAND |
| CLIENT: | PERRY REALTY SERVICES, INC. |
| OTHER ATTORNEYS: | JIM FORD AND DAVID COLE-PLAINTIFF WILBUR BROOKS-DEFENDANT D YOUVILLE CONDOMINIUM ASSOCIATION, INC. |

| | |
|---|---|
| STYLE: | GREENE V. CLEARY |
| CASE NO.: | 95VS99216B |
| COURT: | FULTON COUNTY STATE COURT |
| DATE OF VERDICT: | 5/21/98 |
| JUDGE: | PATSY PORTER |
| CLIENT: | LEE GREENE |
| OTHER ATTORNEYS: | TONY THOMASSON-UNINSURED MOTORIST CARRIER GREG COUNTS-DEFENDANTS |

| | |
|---|---|
| STYLE: | COUTEAU V. KOLB, ET. AL. |
| CASE NO.: | 96-C-4070-2 |
| COURT: | GWINNETT COUNTY STATE COURT |
| DATE OF VERDICT: | 11/19/97 |
| JUDGE: | WARREN |
| CLIENT: | DALE COUTEAU |
| OTHER ATTORNEYS: | BRETT SHURR-DEFENDANT RAMSEY WILLIAM SWANK-DEFENDANT KOLB |

| | |
|---|---|
| STYLE: | JAMES V. GREEN |
| CASE NO.: | 97A31679 |
| COURT: | DEKALB COUNTY STATE COURT |
| DATE OF VERDICT: | 2/16/99 |
| JUDGE: | MATHEW ROBINS |

CLIENT:             CASSANDRA JAMES
OTHER ATTORNEYS:  GARY COOPER-DEFENDANT GREEN

**SOLO/LEAD COUNSEL**

STYLE:                OGLETREE V. ERICSON
CASE NO.:             97C05125-S1
COURT:                GWINNETT COUNTY STATE COURT
DATE OF VERDICT:      4/20/99
JUDGE:                MOCK
CLIENT:               BENNY OGLETREE
OTHER ATTORNEYS: SHORAN REID WILLIAMS


STYLE:                CHANEY V. MARTA
CASE NO.:             E61625
COURT:                FULTON COUNTY SUPERIOR COURT
DATE OF VERDICT:      9/24/99
JUDGE:                LANGFORD
CLIENT:               JOHNNIE MAE CHANEY
OTHER ATTORNEYS: DONALD EDWARDS


STYLE:                JAMES V. GREEN
CASE NO.:             97A-31678-5
COURT:                DEKALB COUNTY STATE COURT
DATE OF VERDICT:
JUDGE:                MATHEW ROBINS
CLIENT:               JEROME JAMES
OTHER ATTORNEYS: GARY COOPER-DEFENDANT GREEN


STYLE:                BROWN V. MCRAE
CASE NO.:             97A-39284-3
COURT:                DEKALB COUNTY STATE COURT
DATE OF VERDICT:      10/17/2000
JUDGE:                PURDOM
CLIENT:               JAMES BROWN
OTHER ATTORNEYS: GREG MCMENAMY


STYLE:                CARROLL V. INGRAM
CASE NO.:             98A-3214-2
COURT:                COBB COUNTY STATE COURT
DATE OF VERDICT:      3/08/2000
JUDGE:                CARLISLE

CLIENT:                THOMAS CARROLL
OTHER ATTORNEYS:  KEVIN WILLIAMS

**SOLO/LEAD COUNSEL**

| | |
|---|---|
| STYLE: | SANDERS V. FOWLERS, INC. |
| CASE NO.: | 1:98-CV-01728-ECS |
| | COURT:UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA |
| DATE OF VERDICT: | 11/17/2000 |
| JUDGE: | SCHOFIELD |
| CLIENT: | DONNA SANDERS |
| OTHER ATTORNEYS: | HALE ALMAND |
| | PATTI WILLIAMS |

| | |
|---|---|
| STYLE: | DAUGHTRY V. MATTON |
| CASE NO.: | 99-C-7201-1 |
| COURT: | GWINNETT COUNTY STATE COURT |
| DATE OF VERDICT: | APRIL17, 2002 |
| JUDGE: | SOUTH |
| CLIENT: | MALINDA DAUGHTRY |
| OTHER ATTORNEYS: | ROOSEVELT HAMB |

| | |
|---|---|
| STYLE: | TERRI HART V. HOWARD DAVID PAYNE |
| CASE NO. | NO. 00-A73180-1 |
| COURT: | DEKALB COUNTY STATE COURT |
| DATE OF VERDICT: | JULY 16, 2002 |
| JUDGE: | AL WONG |
| CLIENT: | TERRI HART |
| OTHER ATTORNEYS: | GARY COOPER-DEFENDANT |

| | |
|---|---|
| STYLE: | SHERRY BEAN AND CLAYTON CALER, INDIVIDUALLY AND AS NEXT FRIENDS OF TRISTON CALER, AND SHERRY BEAN AS ADMINISTRATRIX OF THE ESTATE OF TRISTON CALER V. NORTHEAST GEORGIA MEDICAL  CENTER, INC., WILLIAM GREENE, JR., M.D., AND LAKESHORE OBSTETRICS & GYNECOLOGY |
| CASE NO.: | 98SV1351 |
| COURT: | HALL COUNTY STATE COURT |

```
DATE OF VERDICT:     DECEMBER 18, 2002
JUDGE:               ANDY FULLER
CLIENT:              SHERRI AND CLAYTON CALER
OTHER ATTORNEYS:     WEYMON FORRESTER-DEFENDANT
                     TOM COLE-DEFENDANT
```

STYLE:               JAMES Z. WANG V. TONGNAN FA
                     CORPORATION
CASE NO.:            98-C-2342-2
COURT:               GWINNETT STATE COURT
DATE OF VERDICT:     OCTOBER 30, 2003
JUDGE:               VALERIE HEAD
CLIENT:              JAMES Z. WANG
OTHER ATTORNEYS:     TOM MAGILL - DEFENDANT
                     KATHLEEN BARDELL - INTERVENOR
                     KEMPER INSURANCE COMPANY


STYLE:               PAMELA & STEVE BOYNTON V. KEVIN
                     DAVIS
CASE NO.:            02-C-4377-2
COURT:               GWINNETT STATE COURT
DATE OF VERDICT:     AUGUST 9, 2004 (SETTLED DAY 2 OF TRIAL)
JUDGE:               HOWARD COOK
CLIENT:              PAM & STEVE BOYNTON
OTHER ATTORNEYS:     GARY COOPER - DEFENDANT


STYLE:               PATSY TRIPP V. MARTA
CASE NO.:            2002 CV61423
COURT:               FULTON COUNTY SUPERIOR COURT
DATE OF VERDICT:     SEPTEMBER 14, 2004 (SETTLED DAY 2 OF
                     TRIAL)
JUDGE:               THOMAS CAMPBELL
CLIENT:              PATSY TRIPP
OTHER ATTORNEYS:     DAVID AUTRY - DEFENDANT


STYLE:               FRED HAAS V. PROGRESSIVE INSURANCE
                     CO. &
                     SANDRA STUBBS
CASE NO.:            06-S092179E
COURT:               FULTON COUNTY STATE COURT
DATE OF VERDICT:     JULY 19, 2006
JUDGE:               BRENDA MOORE (BENCH TRIAL)
CLIENT:              FRED HAAS

OTHER ATTORNEYS:  JOSHUA STEIN - DEFENDANT

**SOLO/LEAD COUNSEL**

| | |
|---|---|
| STYLE: | RAJEEV & SAPNA DUBEY V. GEORGE ARMSTRONG |
| CASE NO.: | 01VS-014560-Y |
| COURT: | STATE COURT OF FULTON |
| DATE OF VERDICT: | JUNE _____ 2007 |
| JUDGE: | FRED EADY |
| CLIENT: | RAJEEV & SAPNA DUBEY |
| OTHER ATTORNEYS: | NATALIE SMITH - DEFENDANT |

| | |
|---|---|
| STYLE: | DONALD & SHELLY REYNOLDS V. MELVIN TEN |
| CASE NO.: | 2003A80774 |
| COURT: | STATE COURT OF COBB COUNTY |
| DATE OF VERDICT: | JULY 26, 2007 |
| JUDGE: | KATHERYN TANKSLEY |
| CLIENT: | DONALD & SHELLY REYNOLDS |
| OTHER ATTORNEYS | J. BLAIR CRAIG - DEFENDANT (UM) |
| | MYRLIN EARLE- DEFENDANT |

| | |
|---|---|
| STYLE: | FRED HAAS V. CHUAN WANG |
| CASE NO.: | 05VS080556Y |
| COURT | FULTON STATE COURT |
| DATE OF VERDICT: | NOVEMBER 18, 2008 (SETTLED 2ND DAY OF TRIAL) |
| JUDGE: | FRED C. EADY |
| CLIENT: | FRED & DONNA HAAS |
| OTHER ATTORNEYS: | LYNN H. BETZ, ESQ. |
| | J. ROBB CRUSER, ESQ. |
| | NOLA JACKSON, ESQ |

STYLE:              ALAN & LUGINA BROWN V. GDOT
CASE NO.            05VS973534F
COURT:              STATE COURT OF FULTON COUNTY
DATE OF VERDICT:    NOVEMBER 19, 2010 (SETTLED DAY 5
                    OF TRIAL)
JUDGE:              SUSAN B. FORSLING
CLIENT:             ALAN & LUGINA BROWN
OTHER ATTORNEYS:    RON BOYTER - DEFENDANT
                    ROBERT BUNNER - DEFENDANT


STYLE:              MISTIE HUNNICUTT JOHNSON VS.
                    KATHERINE HUNNICUTT
CASE NO.:           07V1063
COURT:              SUPERIOR COURT OF PEACH COUNTY
DATE OF VERDICT:    SEPTEMBER 2011
JUDGE:              TILMAN E. SELF, III
CLIENT:             MISTIE HUNNICUTT
OTHER ATTORNEYS:    DAVID MOORE - PLAINTIFF/CO-
                    COUNSEL
                    DAN BULLARD, IV - DEFENDANT
OTHER:              DEFEATED MSJ


STYLE:              TANISHA HILL V. ST. JOSEPH'S
                    HOSPITAL
CASE NO.:           010EV011062A
COURT:              FULTON STATE COURT
DATE OF VERDICT:    HUNG JURY - CASE TO BE RETRIED
                    EARLY 2013
JUDGE:              JAY ROTH
CLIENT:             TANISHA HILL
OTHER ATTORNEYS:    TIM BENDIN - DEFENDANT
                    KRISTIN HISCUTT - DEFENDANT

| | |
|---|---|
| STYLE: | TANISHA HILL V. ST. JOSEPH'S HOSPITAL |
| CASE NO.: | 010EV011062A |
| COURT: | FULTON STATE COURT |
| DATE OF VERDICT: | September 2014 |
| JUDGE: | JANE MORRISON |
| CLIENT: | TANISHA HILL |
| OTHER ATTORNEYS: | TIM BENDIN - DEFENDANT |
| | KRISTIN HISCUTT - DEFENDANT |

| | |
|---|---|
| STYLE: | Hopkins/Dudley v. State Farm Insurance Company |
| CASE NO.: | 09-CV-7551-5 |
| COURT: | DEKALB COUNTY SUPERIOR COURT |
| DATE OF VERDICT: | January 2013 |
| JUDGE: | GREG ADAMS |
| CLIENT: | DENISE HOPKINS |
| OTHER ATTORNEYS: | HILLARD CASTILLA – DEFENDANT |
| | JOHN HADDEN-CO-PLAINTIFF |
| | STEVE THORNTON-CO-PLAINTIFF |

| | |
|---|---|
| STYLE: | Mott v. Surgical Associates, LLC & Stapleton |
| CASE NO.: | 09-A-11508-3 |
| COURT: | DEKALB COUNTY STATE COURT |
| DATE OF VERDICT: | January 2013 |
| JUDGE: | Wayne Purdom |
| CLIENT: | Sophia Mott |
| OTHER ATTORNEYS: | Paul Weathington – DEFENDANT |

STYLE:                        <u>Martin v. Billinghurst</u>
CASE NO.:                     12A45379-6
COURT:                        DEKALB COUNTY STATE COURT
DATE OF VERDICT:              November 2014
JUDGE:                        Dax Lopez
CLIENT:                       Shirley Martin
OTHER ATTORNEYS:              Robert Tanner – DEFENDANT

## SOLO MAGISTRATE

| | |
|---|---|
| STYLE: | <u>WENDY VACCARRO V. CHILDRESS KLEIN</u> |
| CASE NO. | 95J1315 |
| COURT: | COBB COUNTY MAGISTRATE COURT |
| DATE OF VERDICT: | JULY 31, 1995 |
| JUDGE: | REYNOLD |
| CLIENT: | CHILDRESS KLEIN |
| OTHER ATTORNEYS: | PLAINTIFF, PRO SE |

| | |
|---|---|
| STYLE: | <u>COLEMAN V. AUTOZONE</u> |
| CASE NO. | 95J823 |
| COURT: | COBB COUNTY MAGISTRATE COURT |
| DATE OF VERDICT: | MAY 11, 1995 |
| JUDGE: | FABER |
| CLIENT: | AUTOZONE |
| OTHER ATTORNEYS: | PLAINTIFF, PRO SE |

| | |
|---|---|
| STYLE: | <u>KELLER V. LONDON</u> |
| CASE NO. | |
| COURT: | GWINNETT COUNTY MAGISTRATE COURT |
| DATE OF VERDICT: | NOVEMBER 18, 1993 |
| JUDGE: | DAVIS |
| CLIENT: | SHARON LONDON |
| OTHER ATTORNEYS: | PLAINTIFF, PRO SE |

**SECOND CHAIR**

STYLE:              ETHICON. INC. V. ASBESTOS ABATEMENT
                    TECHNOLOGY. INC.
CASE NO.            E-786
COURT:              FULTON COUNTY SUPERIOR COURT
DATE OF VERDICT:    MARCH 28, 1994
JUDGE:              WILLIAM B. HILL, JR.
CLIENT:             ETHICON, INC.
OTHER ATTORNEYS:    STEVE L. COTTER-PLAINTIFF
                    STEPHEN L. GOLDNER-DEFENDANT
                    DAVID LADNER-DEFENDANT

STYLE:              DORIS K. WORTHAM INDIVIDUALLY AND
                    AS ADMINISTRATOR OF THE ESTATE OF
                    SAMMY J. WORTHAM. SR. V. ETHICON. INC.
CASE NO.            1:91-C V-334-MHS
COURT:              UNITED STATES DISTRICT COURT,
                    NORTHERN DISTRICT OF ATLANTA
DATE OF VERDICT:    SETTLEMENT ($1.25 MILLION)-JANUARY
                    1992
JUDGE:              MARVIN H. SHOOB
CLIENT:             ETHICON, INC.
OTHER ATTORNEYS:    STEVE L. COTTER-DEFENDANT
                    ROY E. BARNES-PLAINTIFF
                    CHARLES B. TANKSLEY-PLAINTIFF

STYLE:              JOAN CHOLEVA V. RAYFORD M. JONES
CASE NO.            92-C V-2266 V
COURT:              ROCKDALE COUNTY SUPERIOR COURT
DATE OF VERDICT:    MARCH31, 1995
JUDGE:              SIDNEY NATION
CLIENT:             RAYFORD M. JONES
OTHER ATTORNEYS:    BRUCE HEDRICK-DEFENDANT
                    PETER ANDERSON-PLAINTIFF

S. LAWRENCE POLK-PLAINTIFF

**SECOND CHAIR**

STYLE:                    BIGGS AND SIMPSON V. HORTMAN
CASE NO.                  91-VO-1310
COURT:                    DOUGLAS COUNTY SUPERIOR COURT
DATE OF VERDICT:          APRIL 6, 1996
JUDGE:                    DEWEY SMITH
CLIENT:                   HORTMAN
OTHER ATTORNEYS: STEPHEN COTTER-DEFENDANT


STYLE:                    MARY E. AND OTIS PRUITT. INDIVIDUALLY
                          AND AS THE ADMINISTRATORS OF THE
                          ESTATE OF CYNTHIA LYNN PRUITT V. SKS
                          EXPRESS. INC.
CASE NO.                  D-50902
COURT:                    FULTON COUNTY SUPERIOR COURT
DATE OF VERDICT:          JUNE21, 1990
JUDGE:                    PHILIP F. ETHERIDGE
CLIENT:                   SKS EXPRESS, INC
OTHER ATTORNEYS: DENNIS J. WEBB-DEFENDANT
                          EDWARD G. RENEHAN-PLAINTIFF
                          STANLEY E. KREIMER, JR.-PLAINTIFF


STYLE:                    BRUCE EDWARD JARRARD. INDIVIDUALLY
                          AND AS ADMINISTRATORS OF THE ESTATE
                          OF DONNA JARRARD. DECEASED V/ APAC-
                          GEORGIA. INC.
CASE NO.                  FULTON COUNTY SUPERIOR COURT
COURT:                    MAY 1991
DATE OF VERDICT:          FRANK M. HULL
JUDGE:                    APAC-GEORGIA, INC.
CLIENT:                   WADE COPELAND-DEFENDANT
OTHER ATTORNEYS: C. LAWRENCE JEWETT-PLAINTIFF

STYLE:               PAULETTE L. FORD AND MICHAEL FORD V.
                     DWAYNE ANTHONY DUNN AND WESTLEY
                     DUNN
CASE NO.
COURT:               COBB COUNTY SUPERIOR COURT
DATE OF VERDICT:
JUDGE:               MARY E. STALEY
CLIENT:              DWAYNE ANTHONY DUNN AND WESTLEY
                     DUNN
OTHER ATTORNEYS:     DAVID ROOT-DEFENDANT
                     NICK LONG-PLAINTIFF

**SECOND CHAIR**


STYLE:               BALDWIN V. YELLOW FREIGHT
CASE NO.
COURT:               UNITED STATES DISTRICT COURT,
                     NORTHERN DISTRICT OF GEORGIA
DATE OF VERDICT:
JUDGE:               RICHARD C. FREEMAN
CLIENT:              YELLOW FREIGHT
OTHER ATTORNEYS:     DAVID ROOT-DEFENDANT
                     NICK LONG-PLAINTIFF



STYLE:               SUSAN WOLCHOK V. LAW OFFICES OF
                     GARY MARTIN HAYS & ASSOCIATES
CASE NO.:            1:07-CV-765-CC
COURT:               UNITED STATES DISTRICT COURT
DATE OF VERDICT:
JUDGE:               THE HONORABLE CLARENCE COOPER
CLIENT:              GARY HAYS
OTHER ATTORNEYS:     BRENT WILSON - DEFENDANT/CO-
                     COUNSEL
                     JANET E. HILL – PLAINTIFF

STYLE:                MCCALISTER V. CLIFTON
CASE NO.              16CV1386-8
COURT:                DEKALB COUNTY STATE COURT
DATE OF VERDICT:      NOVEMBER 2017
JUDGE:                HYDRICK
CLIENT:               WENDI CLIFTON
OTHER ATTORNEYS:      DENISE VANLANDUYT
                      PENELOPE RUMSEY

## ROBIN FRAZER CLARK
## REPORTED DECISIONS

1.  ***Canadyne-Georgia Corp. v. Continental Insurance Co., et.al.,*** 999 F. 2d 1547 (11th Cir. 1993).

2.  ***Dye v. Trussway, Inc.,*** 211 Ga. App. 139, 438 S.E.2d 194 (1993).

3.  ***Henry Roy Portwood, Inc. v. Smith***, 207 Ga. App. 748, 429 S.E.2d 143 (1993).

4.  ***White v. Hubbard,*** 203 Ga. App. 255, 416 S.E.2d 568 (1992).

5.  ***Paz v. Marvin M. Black Company, et.al.,*** 200 Ga. App. 607, 408 S.E. 2d 807    (1991).

6.  ***Miller v. APAC-Georgia, Inc.,*** 197 Ga. App. 801, 399 S.E.2d 534 (1990).

7.  ***Coffee v. Silver,*** 195 Ga. App. 247, 393 S.E. 2d 58 (1990).

8.  ***Neal v. Miller,*** 194 Ga. App. 231, 390 S.E.2d 125 (1990).

9.  ***Winton v. Adams Transfer & Storage Company, Inc.,*** 192 Ga. App. 766, 386 S.E.2d 528 (1989).

10.  ***Wright v. Cook,*** *et. al.,* 224 Ga. App. 417 (1997).

11.  ***Brainard v. McKinney,*** 220 Ga. App. 329, 469 S.E.2d 441 (1996).



12.    *Sacker v. Perry Realty Services, Inc.,* 217 Ga. App. 300, 457 S.E.2d 208 (1995).

13.    *Morrison v. Anderson*, 221 Ga. App. 396, 471 S.E.2d 329 (1996).

14.    *Cleveland v. Snowdrop Properties, N.V., et. al.,* 221 Ga. App. 448, 471 S.E.2d 542 (1996).

15.    *Anderson v. Mullinax*, 269 Ga. 369 (1998).

16.    *Anderson v. Mullinax,* 232 Ga. App. 543 (1998).

17.    *Anderson v. Mullinax,* 226 Ga. App. 672 (1998).

18.    *Post Properties, Inc. v. Doe,* 230 Ga. App. 34 (1997).

19.    *SK Handtool Corp. v. Lowman*, 223 Ga. App. 712 (1997).

20.    *Luke v. Georgia Department of Natural Resources,* 270 Ga. 647 (1999).

21.    *Maddox v. Cumberland Distributing Services of Georgia, Inc.,* 236 Ga. App. 170 (1999).

22.    *Dunlap v. City of Atlanta,* 272 Ga. 523 (2000).

23.    *Moss v. Georgia Department of Public Safety*, 247 Ga. App. 426 (2000).

24. ***Tongnan Fa Corp., d/b/a Tongnan Fa Restaurant Supplies v. Wang,*** 248 Ga. App. 801 (2001).

25. ***O'Kelly v. Cox***, 278 Ga. 572 (2004) *(Amicus Curiae)*.

26. ***Thomas v. Bed, Bath & Beyond,*** 508 F.Supp.2d 1264 (N.D.Ga. 2007).

27. ***Morgan v. Fulton Co. Sherriff's Dept.,*** 2007 WL 1810217, U.S.D.C. (N. D. Ga. June 21, 2007.)

28. ***Barrett v. National Union Fire Ins. Co. of Pittsburgh***, 304 Ga. App. 314 (2010).

29. ***Life Care Centers of America v. Smith***, 298 Ga. App. 739 (2010).

30. ***Holmes v. Clear Channel Outdoor, Inc.,*** 298 Ga. App. 178 (2009).

31. ***Jones v. Barrow,*** 304 Ga. App. 337 (2010).

32. ***Witcher v. McGauley***, 316 Ga. App. 574 (2012).

33. ***Villanueva v. First American Title***, 292 Ga. 630 (2013) *(Amicus Curiae)*.

34. ***Ford Motor Co. v. Conley***, 294 Ga. 530 (2014).

35. ***Key Safety Systems, Inc. v. Bruner,*** 334 Ga. App. 717 (2015).

36. ***City of Atlanta v. Kovalcik,*** 329 Ga. App. 523 (2014).

37.   *Georgia Department of Transportation v. Kovalcik*, 328 Ga. App. 185 (2014).

38.   *Kight v. MCG Health, Inc.,* 296 Ga. 687 (2015) *(Amicus Curiae)*.

39.   *Eells v. State Farm Mutual Automobile Insurance Company,* 324 Ga. App. 901 (2013).

40.   *Roper v. Kawasaki Heavy Industries, LTD.,* 646 Fed. Appx. 706 (11th Cir. 2016).

41.   *Walker v. Tensor Machinery, LTD.,* 298 Ga. 297 (2015) *(Amicus Curiae)*.

42.   *Nestlehutt v. Atlanta Occuloplastic Surgery, P.C.,* 286 Ga. 731 (2010) *(Amicus Curiae)*.

43.   *Cohen v. Rogers*, 338 Ga. App. 156 (2016) *(Amicus Curiae)*.

# ROBIN FRAZER CLARK

Robin Frazer Clark is the owner and founder of the law firm of Robin Frazer Clark, P.C., and has practiced law for 29 years. Ms. Clark devotes her practice exclusively to plaintiff's personal injury.  Her motto is "A Rising Tide Lifts All Boats."

Ms. Clark was sworn in as the Fiftieth President of the State Bar of Georgia on June 2, 2012, only the second woman ever to serve as President of the State Bar of Georgia and served as President of the 45,000-member association in 2012-2013.  One of Ms. Clark's initiatives she created while President is the State Bar of Georgia's Suicide Prevention Campaign, "*How to Save a Life.*"   Ms. Clark is a Past President of the Georgia Trial Lawyers Association (**GTLA**), also only the second woman in the organization's history to lead **GTLA.**  Ms. Clark is a Past President of The Lawyers Club of Atlanta, in which she has been a member for over 20 years. Ms. Clark is a Fellow of the International Society of Barristers (**ISOB**) whose membership is by invitation only and which is dedicated to the preservation of trial by jury, the adversary system and an independent judiciary. **ISOB** founders conceived the organization to bring together the best of the trial bar in a setting devoid of partisan interests.  Ms. Clark is also an Associate of the American Board of Trial Advocates (**ABOTA**), a National professional association dedicated to the preservation and promotion of the right to a civil jury trial as guaranteed by the 7th Amendment to the United States Constitution. Ms. Clark is also a member of the Georgia Association for Women Lawyers (**GAWL**), and a Fellow of the Litigation Counsel of America (**LCA**), a trial lawyer honorary society composed of less than one-half of one percent of American lawyers. She is a Past Chair of the Atlanta Bar Association Litigation Section.  Ms. Clark serves on the Board of Directors of the Georgia Civil Justice Foundation (**GCJF**) and the Board of Directors of the Commission on Continuing Lawyer Competency (**CCLC**). Ms. Clark previously served on the Board of Directors for the Commission on Dispute Resolution, on the Board of Directors of the Institute for Continuing Judicial Education (**ICJE**), the Board of Directors of the Institute for

PLAINTIFF'S EXHIBIT
C

Continuing Legal Education (**ICLE**) and the Board of Directors for the Chief Justice's Commission on Professionalism **(CJCP).** She is also a member of the American Association for Justice (**AAJ**) and a member of the American Bar Association (**ABA**). Ms. Clark has previously served on the State Bar of Georgia Office of General Counsel's Investigative Panel and the Review Panel.

Ms. Clark has testified extensively before the Georgia General Assembly on issues as far ranging as the discriminatory effect of caps on damages, the detrimental impact of the proposed elimination of vicarious liability in Georgia, the Juvenile Justice Reform Legislation, signed into law in 2013 by Governor Deal, and the elimination of the assignability of legal malpractice claims. Ms. Clark served on the Georgia General Assembly Bicameral Evidence Code Committee that was responsible for drafting the Georgia Evidence Code that was passed and signed into law in 2011 and went into effect in January 2013. Through her advocacy on behalf of Georgia citizens with the Georgia Legislature, she has built strong relationships with numerous Legislators and has worked to promote the cause of justice and protect the constitutional rights of all Georgia citizens.

Ms. Clark received her Bachelor of Science in Biology from Vanderbilt University in 1985 and received her Juris Doctor from Emory University School of Law in 1988. Ms. Clark has been extensively published. As President of the State Bar of Georgia she had 162 articles published in 84 different publications, with a total circulation of 3,122,569. Clark is the author of *"I'd Rather See a Sermon," Verdict* Magazine, Fall 2016, *"Realizing the Dream of Equality for All," Georgia Bar Journal*, Vol. 18, No. 7, June 2013; *"All I Really Know About Professionalism I Learned in Golf," Georgia Bar Journal*, Vol. 18, No. 6, April 2013; *"Decisions Are Made By Those Who Show Up," Georgia Bar Journal*, Vol. 18, No. 5, February 2013; *"How To Save a Life," Georgia Bar Journal,* Vol. 18, No. 4, December 2012; *"Legal Trailblazers: Women in Leadership," Georgia Bar Journal*, Vol. 18, No. 2, October 2012; *"Sharing the Abundance and Lifting All Boats," Georgia Bar Journal*, Vol. 18, No. 1, August 2012; *There is No Me Without You~Don Keenan: The Road to Serendipity, a Passion for Children, Verdict* Magazine, Winter 2011; *There is No Me Without You~Pressing On for a Cure: Patrick Chance's Story*, *Verdict* Magazine, Winter 2009; *Voir Dire: It's Elementary, My Dear Watson*, *Verdict* Magazine, Winter

2009; *There You Go Again:  Other Similar Incidents in Medical Malpractice Cases (A Case Study of Bean v. Northeast Georgia Medical Center)*, *Verdict* Magazine, Vol. 29, No. 3, Fall/Winter 2004, *Essential Tools for Overcoming Trial Fear*, *Trial Excellence*, *Advanced Trial Tactics for Attorneys*,  May 2001 and *Closing Argument Tips: Compensatory and Punitive Damages*, *Trial Excellence, Tactics, Legal Updates & Samples*, September 2001.

Ms. Clark is admitted to the State and Superior Courts of Georgia, the Georgia Court of Appeals, the Georgia Supreme Court, the United States District Court for the Northern and Middle Districts, the United States Court of Appeals for the Eleventh Circuit and the United States Supreme Court.  Ms. Clark has tried over 60 jury trials and has argued before Georgia appellate courts over 35 times. Ms. Clark has given numerous speeches for the State Bar of Georgia, the Institute of Continuing Legal Education of Georgia and for the Georgia Trial Lawyers Association, has appeared on *The Layman's Lawyer* on Atlanta Public Television on the issue of products liability and has appeared on *Leyes Cotidianas* or *Everyday Law* on Georgia Public Television on the issue of harmful change of Georgia Civil Justice System in 2005. Ms. Clark has served as volunteer counsel for The Carter Center program "Not Even One Child's Death by a Firearm is Acceptable or Inevitable", the Georgia Council for the Hearing Impaired and the Atlanta Bar Foundation's Truancy Intervention Project. Ms. Clark is also a volunteer lawyer with Civil Lawyers Against World Sex Slavery **(CLAWSS)**.

Ms. Clark is married to William T. Clark, Director of Political Affairs for Georgia Trial Lawyers Association.  They have two children, Chastain "Chaz", age 23, and Alexandria "Alex", age 20.  Chaz is a graduate of Georgia College and State University and Alex is a Junior at the University of Georgia and a member of the UGA Rowing Team.  Ms. Clark is a member of Glenn Memorial United Methodist Church on the beautiful Emory University Campus.  Ms. Clark is an avid golfer, carrying a 19 handicap.

You may read more about Ms. Clark on her website, www.gatriallawyers.net, or on her blog, www.atlantainjurylawyerblog.com.  You may reach Ms. Clark also at robinclark@gatriallawyers.net and follow her on Twitter @robinfclark.

Robin Frazer Clark
50th President, State Bar of Georgia
Robin Frazer Clark, P.C.
101 Marietta Street, N.W.
Centennial Tower Suite 2300
Atlanta, Georgia 30303
404.873.3700
"A Rising Tide Lifts All Boats"





# REUTERS

Myanmar    Venezuela    Net Neutrality    The Trump Effect    North Korea    Moments of Innovation    Me

**#INTEL**
APRIL 27, 2017 / 3:46 PM / 8 MONTHS AGO

# A handful of plaintiffs' lawyers dominates MDL litigation. Is that a problem?

Alison Frankel

(Reuters) - Consolidated multidistrict litigation comprised 36 percent of the entire civil caseload of the federal court system in 2014, up from 16 percent in 2002. If you exclude social security cases and suits by prisoners, nearly half of all civil cases in the federal courts – 45.6 percent – were in MDLs in 2014.

It's nearly impossible, in other words, to overstate the civil justice significance of MDLs. Like class actions, they affect hundreds of thousands of plaintiffs, if not more. But unlike class actions, MDLs aren't governed by strict procedural rules that, among other things, require judges publicly to assess the fairness of proposed settlements and to award attorneys' fees.

Instead, as legal scholars Elizabeth Burch of the University of Georgia and Margaret Williams of the Federal Judicial Center document in a forthcoming paper for the Cornell Law Review, MDL judges have come to rely on lawyers with experience in wrangling complex cases into settlements. In particular, that's reflected on the plaintiffs' side because judges select MDL lead counsel. (Defendants, of course, pick their own lawyers.)

MDL leadership is extremely concentrated in the plaintiffs' bar, Burch and Williams found in "Repeat Players in Multidistrict Litigation: The Social Network," which is part of a presentation Burch is making this week at an MDL conference at George Washington University. By examining

Case 1:17-md-02800-TWT Document 136 Filed 01/31/18 Page 37 of 44

73 product-liability and sales-practices MDLs pending as of May 2013, the profs were able to document that repeat players were appointed to nearly 63 percent of all leadership roles. The 50 lawyers who were named as leads in five or more MDLs, the profs found, occupied 30 percent off all leadership posts on the plaintiffs' side.

The plaintiffs' lawyers with "the highest degree of centrality," in the lingo of the study, have names you'll probably recognize: **Richard Arsenault** of **Neblett Beard & Arsenault, Daniel Becnel, Dianne Nast** of **NastLaw, Christopher Seeger** of **Seeger Weiss** and **Jerrold Parker** of **Parker Waichman**. The entire list of the 50 plaintiffs' lawyers who've held leadership positions in five or more MDLs is an appendix to the paper; the paper also notes repeat defense firms.

ADVERTISING

But Burch and Williams went beyond simply identifying repeat players. To examine the influence of the leadership network, they obtained 13 private settlement agreements from 10 MDLs. They scrutinized the agreements' provisions on what they call closure – defendants call it global peace – and on attorneys' fees, two broad categories that could show if the MDL plaintiffs' bar is putting its own interests first.

What they found, they said, is "a relatively small cadre of high-level, well-connected repeat players ... who actively designed and implemented" settlements with a "surprising" degree of similarity on closure and fee provisions.

Case 1:17-md-02800-TWT   Document 136   Filed 01/31/18   Page 38 of 44

The template, according to Burch and Williams, was set back in 2004 and 2005, in a pair of settlements involving the gastric reflux drug Propulsid. The plaintiffs' lawyers in the case described their settlements as the first global resolution of mass tort claims without the use of a class action, a device the U.S Supreme Court discouraged in personal injury litigation in rulings in the 1990s. The Propulsid settlements gave the defendant, Johnson & Johnson, a right to bail on the deal unless a high percentage of plaintiffs agreed to participate in the settlement program – apparently the first use of the now-common walkaway provision – and offered incentives to encourage plaintiffs (and their lawyers) to participate. Lead plaintiffs' lawyers also negotiated fees directly with J&J – another feature that has become commonplace in subsequent MDL settlement.

Plaintiffs' lawyers, according to Burch and Williams, were richly rewarded for the Propolsid deals, receiving fees of more than $26 million based on settlements with a nominal value of more than $70 million. But according to Burch and Williams, the claims process was so rigorous that only a handful of plaintiffs actually recovered at all. Total payouts to claimants were less than $7 million. Much of the settlement money ended up reverting to J&J.

And meanwhile, Propulsid did indeed pave the way for future MDL settlements with walkaway provisions, negotiated attorneys' fees and common benefit provisions that tax all settling plaintiffs for the work of lead lawyers. The concern in these MDLs – which take care of defendants' desire for global resolution and lead counsel's desire to be fairly rewarded – is that individual MDL plaintiffs may wind up worse off than they would be if they were litigating one-off cases.

"Unlike typical settlements between plaintiffs and defendants, these deals were made between lead lawyers and the defendants, and most of them explicitly required the plaintiff's individual attorney to become a signatory if she wanted to enroll a single client in the settlement program," the law profs said. "By shifting the dealmaking entity from the client to the lawyer, these offers leveraged the attorney-client relationship itself to achieve closure and tied plaintiffs' attorneys' financial self-interest to one another as opposed to a particular client. Put differently, we saw a uniform departure from the conventional contingent-fee model where an attorney's fees increase solely based on a particular client's outcome."

I called Chris Seeger, one of the lead plaintiffs' lawyers in the Propulsid case and one of the most successful MDL lawyers in the business, to ask about the Burch and Williams hypothesis. Seeger

Case 1:17-md-02800-TWT   Document 136   Filed 01/31/18   Page 39 of 44

said first of all that their paper does not tell the whole story of the Propulsid litigation, in which J&J spent "many millions" to settle thousands of cases in state court before the MDL settlement. The MDL settlement program, he said, was just to close out remaining cases, which may not been as strong as cases J&J settled earlier on. Seeger also said the fees for lead counsel were based on lodestar billings and, if anything, underpaid the leadership group for its contributions to the litigation efforts that produced all of the Propulsid settlements.

More broadly, Seeger said, Burch and Williams have offered "naïve analysis of a complicated problem." Defendants won't make deals unless they can obtain a near-complete resolution of the litigation. So it's up to lead counsel to figure out how to leverage defendants' desire for global peace, Seeger said.

Seeger told me MDL plaintiffs' lawyers and judges who oversee the consolidated cases are doing a much better job than they get credit for. "One of the problems in the MDL world is that information is not easy to get," he said. "Defendants don't want it out there." If critics and academics were able to see the recoveries MDL plaintiffs receive with, for instance, drug companies, Seeger said, they might change their minds about the cases.

"We have to do a better job of getting information out," Seeger said. "We're trying, between the bench and the bar. But look where we are now compared to 15 years ago."

*Our Standards:*    *The Thomson Reuters Trust Principles.*

**SPONSORED**


See How Some Retirees Use Options
Trading As A Safe Way To Earn Income
TradeWins




Tracing the trajectory of electric cars
from prototype to 2040
Global X Funds




Motley Fool Gives Rare "Total Conviction"
Buy Sign
The Motley Fool



ted by **Dianomi**



- Rankings
- Regional Powerhouses
- Law360's MVPs
- Glass Ceiling Report
- Global 20
- Law360 400
- Diversity Snapshot
- Practice Group Partner Rankings
- Practice Groups of the Year
- Pro Bono Firms of the Year
- Rising Stars
- Trial Aces
- Site Menu
- Join the Law360 team
- Search legal jobs
- Learn more about Law360
- Read testimonials
- Contact Law360
- Sign up for our newsletters
- Site Map
- Help



Make sure you don't miss any Law360 breaking news.

Download our plug-in for Chrome to get customizable, real-time news alerts

Analysis

# Female Lawyers Are Still Struggling To Land Lead MDL Roles

Share us on: By **Aebra Coe**

Law360, New York (March 16, 2017, 1:47 PM EDT) -- While more and more female attorneys are shattering the glass ceiling and securing leadership posts in multidistrict litigation, the high-stakes, high-paying world of MDLs is still largely male-dominated, with only 16.5 percent of lead attorney roles going to women over the past five years, a new study shows.

A few standout female attorneys have recently made strides securing leadership roles in federal MDLs, including Elizabeth Cabraser, who was tapped in January 2016 to lead the high-profile Volkswagen AG emissions litigation; Roberta Liebenberg and Dianne Nast, who were named in November to lead antitrust litigation over alleged price-fixing of the drugs Digoxin and Doxycycline; and the three top counsel in the Lidoderm pain patch antitrust MDL, which was certified at the end of February.

Yet those six women are among just a few who have ever served on exclusively female MDL leadership slates.

According to the study by Dana Alvaré of Temple University's Beasley School of Law released Thursday on the

gender breakdown of leadership in MDLs, 98 percent of all multidistrict litigation between 2011 and 2016 had at least one man in the highest leadership position and 49.7 percent of all cases had no women at all in the upper levels of case leadership.

"When broken down into tiered leadership, results show that women were less often appointed to top tier, or 'tier one' leadership positions," says the study, "Vying for Lead in the 'Boys' Club': Understanding the Gender Gap in Multidistrict Litigation Leadership Appointments." Specifically, women occupied only 15 percent of the top leadership posts, less than the overall leadership rate.



## Women Make Slow Gains in MDL Leadership Appointments

A Temple University study shows that while the proportion of women appointed to lead MDLs has increased in recent years, women are still outnumbered nearly 3 to 1 by their male counterparts.

"Tier One" defined as leadership within leadership. "Tier Two" defined as lower-tier leadership positions

Liebenberg, one of the first women to find a foothold in multidistrict litigation and herself the author of a study examining women's opportunities as lead counsel, told Law360 that studies like Alvaré's are the first step to achieving gender equality in the profession, which has picked up steam in recent years.

"These studies are incredibly important," said Liebenberg, a senior partner at Fine Kaplan & Black RPC. "You can walk into a courtroom and see that women are not serving as lead counsel. But having data makes a significant impact in terms of highlighting and shining a spotlight on the issue."

In her more than 35 years practicing as a class action attorney, Liebenberg said she's seen the legal sector drift slowly toward gender equity, a movement that has picked up speed over the last few years as it has entered the public consciousness.

"You're seeing a real change," she said. "Almost all new MDLs are seeing women not only on the steering committee but slowly and surely being appointed as lead counsel."

The Temple Law study charts the overall progress women have made in the legal profession in recent decades, and then delves into representation among leadership in MDLs, which it says make up 36 percent of the federal caseload.

At the outset of their careers, the study notes, women appear to have achieved parity with men, making up 50.3 percent of enrolled law students and 45 percent of associates in private law firms. But those numbers fall off steeply when it comes to advancement, with women making up only 21.5 percent of law firm partners and 18

percent of both equity and managing partners.

"While largely unconscious, enduring cultural, interpersonal, and institutional norms influence this inequality," the study says. Those detrimental conventions include negative perceptions of those who use leave and flextime for care work; gendered beliefs about the "appearance" of male-female working relationships, which can limit women's opportunities for the sponsorship and networking vital to advancement; and unconscious reference to gender in the assigning tasks.

Those disparities become especially apparent when looking at MDLs, the study says, and the inequality in MDL leadership is influenced in a big way by the processes used to select lead counsel.

Traditionally, judges appoint leadership through private ordering or what is sometimes referred to as the consensus model, in which judges ask a large group of attorneys representing all plaintiffs to agree on leadership among themselves and present a slate to the judge for approval, the study said.

Past research has indicated that the private ordering method "consistently yields appointments of a very small group of MDL repeat players," the study says.

"Research regarding repeat players in MDLs shows that this tight network of attorneys is mostly male and referred to by some as the 'good ol' boys club,'" it says. "Accordingly, a recent accounting of the fifty most-appointed repeat players revealed that only 11 are female."

But judges have recently begun to replace private ordering with individual applications for appointment, which allow applicants to be evaluated by the judge rather than peers, based on factors other than their status as a repeat player.

"It is asserted [in past studies] that such 'application' methods of appointment help to circumvent the repeat player issue by giving newcomers a fighting chance at obtaining leadership positions, thus potentially leading to a more diverse leadership group," the study says.

Additionally, judges have become more aware of the lack of diversity in leadership positions in class action litigation, and have made efforts to rectify some of the inequality, according to Cabraser, founding partner of Lieff Cabraser Heimann & Bernstein LLP.

"The real leadership is of federal judges in this area — they have the power to appoint leadership, they are the ultimate employer and enforcer," Cabraser told Law360. "When federal judges decide that diversity is important, and they have decided that, they can implement it and enforce it."

When Cabraser started her career nearly 40 years ago, the judicial panel on multidistrict litigation was made up entirely of older white men, she said.

"If you look at the panel now, you will see that it is diverse. There are women judges, judges of different ages, it's geographically diverse," Cabraser said. "The judiciary has diversified before the private practice of law did. The quality of our judiciary has improved as a result, and the administration of justice has improved."

Heins Mills & Olson PLC partner Renae Steiner, a leader of the Lidoderm patch antitrust litigation, said that another factor that has driven more representation of women in class action leadership roles is simply the fact that Liebenberg and Cabraser and others like them blazed a trail for others to follow.

"I'm the lucky recipient of their hard work," Steiner told Law360, adding that women within her own firm also served as role models and mentors.

"I grew up in a firm where one of the two senior named partners was female," she said. "That was unusual when I started at Heins Mills in 1995. The idea that a woman was leading a case was not foreign at our firm."

That's not true at some class action plaintiffs firms even today, she added.

"You can look around the bar and there are entire plaintiffs firms that don't have a single woman partner working at their firm. I don't know how a law firm in this business can file a leadership application and be able to stand up and explain to a judge that not a single partner at that firm is female, but they exist," Steiner said.

Female trial lawyers should be a normal sight, a routine sight, in the courtroom, which is not yet the case, Cabraser said.

When she got her start in law, she said, trial lawyers were stereotyped as physically imposing, loud and extroverted — and she never fit that bill. Female lawyers need to see others like them in the courtroom, she asserted.

"There are as many ways to be a good lawyer as there are lawyers," she said. "As more women are out there on the front lines, I think it will be more reassuring to younger attorneys coming up that they too can be a good lawyer and they can do it their own way."

--Editing by Brian Baresch and Kelly Duncan.

View comments

## 1 Comment

James M. Beck March 16th, 2017, 6:09PM

This study appears to be limited to plaintiff-side appointments. Has any similar research been conducted on the defense side?

| Commenting enabled only for paid accounts |

- Add to Briefcase
- Printable Version
- Rights/Reprints
- Editorial Contacts

## Related

### Sections

- Legal Industry

### Law Firms

- Fine Kaplan
- Heins Mills
- Lieff Cabraser

### Companies

- Temple University
- Volkswagen

**CERTIFICATE OF SERVICE**

I certify that on January 31, 2018, **ROBIN FRAZER CLARK'S**

**APPLICATION FOR APPOINTMENT TO THE PLAINTIFFS' STEERING**

**COMMITTEE**  was served on all counsel of record via the Court's CM/ECF

system.

Respectfully submitted:

*/s/ Robin Frazer Clark*
ROBIN FRAZER CLARK
STATE BAR NO. 274620
ATTORNEY FOR JASMINE
CHENAULT

ROBIN FRAZER CLARK, P.C.
CENTENNIAL TOWER, SUITE 2300
101 MARIETTA STREET, NW
ATLANTA, GA  30303
(404) 873-3700
robinclark@gatriallawyers.net.