IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | ) MDL Docket No. 2800<br>) No.: 1:17-md-2800-TWT<br>) CONSUMER ACTIONS |

**APPLICATION OF STEVEN P. GREGORY
OF THE GREGORY LAW FIRM, P.C., FOR APPOINTMENT TO
PLAINTIFFS' STEERING COMMITTEE**

Pursuant to this Court's Case Management Order No. 2 dated January 9, 2018, and Rule 23(g), Federal Rules of Civil Procedure ("Fed.R.Civ.P."), I, Steven P. Gregory, hereby respectfully request that the Court appoint me and my firm, the Gregory Law Firm, P.C., to the Plaintiff's Steering Committee.

**DISCUSSION**

Rule 23(g), Fed.R.Civ.P., requires that in appointing class counsel, the Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Rule 23(g)(1)(A), Fed.R.Civ.P. The Court may in addition "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(1)(B), Fed.R.Civ.P. As

set forth below, the Gregory Law Firm satisfies these criteria for appointment to Plaintiffs' Steering Committee. *See* Exhibit A, Curriculum Vitae of Steven P. Gregory.

### A. The Gregory Law Firm Can and Will Vigorously Pursue the Claims in this Litigation.

Immediately upon filing the *Davis v. Equifax, Inc.*, case in the United States District Court for the Northern District of Alabama, the Gregory Law Firm did not sit back and wait for the Judicial Panel on Multidistrict Litigation to transfer cases to their ultimate destination or wait for plaintiffs' groups to form. Instead, after Equifax filed two motions to stay that were summarily denied, this firm held a parties' planning meeting with local counsel for Equifax, submitted a discovery plan to the Court, and served discovery requests. *See* Exhibit B, Docket Sheet, *Davis, et al. v. Equifax, Inc.*, Civil Action No: 7:17-cv-01595-LSC.

This law firm has at this early stage demonstrated that it can and will work to identify and investigate potential claims in the action and pursue discovery; that it can and will work collegially with defense counsel; that its experience in handling class actions and other complex litigation serves to benefit the plaintiffs and putative class members through aggressive litigation; and that the firm's knowledge of the applicable law will serve the class members well. See Rule 23(g), Fed.R.Civ.P. and the *Manual for Complex Litigation (Fourth)* §§ 10.2, 10.21, 10.221, 10.224.

**B.     The Gregory Law Firm Can and Will Commit The Necessary Resources and Effort Necessary For This Litigation.**

With over twenty-five years of complex and class action litigation experience, I understand both the time and financial commitments that the Equifax Data Breach litigation demands. The Gregory Law Firm is self-funded, has no debt and a substantial cash position, and indeed has never incurred any debt to fund either ongoing or new litigation or operating expenses. These facts underscore this firm's experience, skill in evaluation and underwriting of cases and claims, predilection not to over-extend, and the availability of borrowed funds, should that become necessary.

As discussed above, the Gregory Law Firm has already invested significant resources in pre-MDL investigation and litigation of this matter and has collaborated with other experienced consumer class action counsel[1] since the beginning of this litigation. This collaboration includes telephone and in-person conferences as well as meeting and conferring with other counsel before and after the first hearing before this Honorable Court on January 9. This Court no doubt values the ability of counsel on both sides of the bar to move the litigation forward

---

[1] Indeed, I filed the *Davis* case in collaboration with co-counsel Leon R. Storie, Esq., with whom I have worked on a number of costumer class actions and other matters. One result of our early collaborative efforts was the appearance of Tina Wolfson, Esq., of the Los Angeles law firm Ahdoot & Wolfson, P.C., in the *Davis* case. Ms. Wolfson, Mr. Storie, and I collaborated in the pursuit of discovery in *Davis*. The Gregory Law Firm supports the application of Ms. Wolfson for co-lead counsel in this matter and is willing and able to collaborate with her firm as well as any of the experienced members of the plaintiffs' bar the Court may select as part of the leadership structure in this case.

3

efficiently. My law firm has demonstrated a willingness and desire to pursue the case in the most expeditious and efficient manner possible.

**C.    The Gregory Law Firm Possesses the Professional Experience in Class and Complex Litigation Necessary for Service in a Lead Role in This Litigation.**

These days, every attorney seems to be listed among the "Best," the "Top" or "Super." These designations have become so ubiquitous that their significance may have eroded. Like the children of a fictional town, we are all above average. But for what it is worth, I am a Martindale-Hubbell AV-Preeminent-rated lawyer, listed in the Marquis *Who's Who in American Law*, and am a lifetime member of the Multi-Million-Dollar Advocates Forum. I have appeared in consumer, antitrust, and securities class actions in state and federal courts in many parts of the United States.

But as a solo practitioner, I have also been appointed to represent children in juvenile court and adults accused of crimes in the criminal courts. I have represented immigrants in federal court, in the Executive Office of Immigration Review, and before the United States Citizenship and Immigration Service. Such cases require building personal, direct contact and relationships with clients. As Elizabeth Chamblee Burch noted in the introduction to her article "Monopolies in Multidistrict Litigation" published in a recent edition of *Vanderbilt Law Review*, "[c]lients are people, not inventories."[2] The Gregory Law Firm respectfully

---

[2] Elizabeth Chamblee Burch, *Monopolies in Multidistrict Litigation*, 70 Vand. L. Rev. 67, 70 (2017)

submits that the leadership structure in this matter may benefit from the inclusion of a solo practitioner or two with broad experience. Similarly, as Professor Burch has argued, the leadership may also benefit from the participation of counsel who are not repeat players in data breach MDL litigation and thus bring with them fresh ideas of how this case may be litigated and whether it should be settled or whether the best interests of the class might be served by a jury trial.

In all events, I have also litigated my share of complex and class cases. One of my more recent such matters is the HealthSouth Derivative Litigation, or *Tucker and the Wendell Cook Testamentary Trust v. Richard M. Scrushy, et al,*, in the Circuit Court of Jefferson County, Alabama. My law firm represented one of the named plaintiffs. In collaboration with co-counsel in Alabama, Delaware, New Jersey, and California, the firm recovered settlements from members of the board of directors of HealthSouth Corporation, investment bankers, and related businesses. In 2009 we tried all remaining claims against the Chief Executive Officer, Richard Scrushy, resulting in a then-record shareholder's derivative judgment of $2.88 billion. *See Scrushy v. Tucker, et al.*, 70 So.3d 289 (Ala. 2011); *Tucker, et al. v. Richard M. Scrushy Charitable Foundation*, Inc., 93 So.3d 83 (2012).

In the early 2000's, along with co-counsel, I successfully prosecuted a series of statewide class actions against payday loan businesses operating illegally in Alabama. In most instances the defendants were ordered to cancel all "debts" owed

by the class members and to rescind all the class members' contracts. My co-counsel and I had to overcome substantial hurdles in these cases, not least of them arbitration clauses in our clients' contracts. *See, e.g., Money in a Flash Check Advance, LLC v. Morton*, 795 So.2d 629 (2000); *Championcomm.net of Tuscaloosa v. Morton*, 12 So.3d 1197 (2009).[3]

In virtually all the complex and class cases in which I have appeared, I have served as part of a team of lawyers. Working in collaboration with these colleagues in both lead and subordinate positions has proven one of the unexpected pleasures of my legal practice. I am a member of the Birmingham Bar Association, the Alabama State Bar, the American Bar Association (Section of Dispute Resolution (Arbitration Committee, Collaborative Law Committee, Mediation Committee, Securities in ADR Committee)), the Atlanta International Arbitration Society, and the International Academy of Collaborative Professionals. Moreover, in this case, as noted, I have demonstrated my leadership skills by collaborating with plaintiffs' counsel, and reaching agreements to move the case forward. I anticipate working cooperatively with whomever the Court appoints in positions of leadership.

---

[3] Other class action cases in which I have appeared are listed in my curriculum vitae, attached as Exhibit A. My co-counsel and I extracted significant recoveries for our clients and class members in these cases and were awarded substantial fees. But a case in which I was paid less than $2,000 may represent my most meaningful work as a lawyer. In 1998, my co-counsel Milton Brown, Jr., Esq., and I tried a capital murder case as appointed counsel for the defendant. Our client was accused of shooting two men in the back at close range. Our client testified, and the jury found him not guilty of capital murder. *State of Alabama v. Robert Lee Davis, Jr.*, CC-98-2137 (Cir. Court, Tuscaloosa County).

## CONCLUSION

For the foregoing reasons, I respectfully request that this Court appoint me to the Plaintiffs' Steering Committee or to any plaintiff's leadership position it may deem appropriate.

DATED: February 1, 2018

/s/Steven P. Gregory/

Steven P. Gregory, Esq.
Gregory Law Firm, PC.
2700 Corporate Drive, Suite 200
Birmingham, Alabama 35242
Tel: (205) 314-4874
Fax: (205) 314-4701
Email: steve@gregorylawfirm.us

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I electronically filed the foregoing Application of Steven P. Gregory of the Gregory Law Firm, P.C., for Appointment to Plaintiffs Steering Committee with the Clerk of the Court through the CM/ECF system, that the interested parties in this action will be served through electronic mail, and that I have hand-delivered a courtesy to Court chambers.

/s/Steven P. Gregory/