IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| _____ )<br><br>In re: Equifax, Inc. Customer )<br>Data Security Breach Litigation )<br> )<br> )<br>_____ ) | MDL Docket No. 2800<br>Case No.: 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS |

## APPLICATION FOR APPOINTMENT OF TROY N. GIATRAS TO THE STEERING COMMITTEE FOR THE CONSUMER PLAINTIFF CLASS

Troy N. Giatras ("Giatras") of The Giatras Law Firm, PLLC respectfully applies to serve on the steering committee for the consumer plaintiff class in the above-captioned case. Giatras makes this application on behalf of his clients Rodd Santomauro; Brenda Birkett; and, Debra Lee (Case No. 17-5028) pursuant to Case Management Order ("CMO") Nos. 1 (ECF No. 23) and 2 (ECF No. 87) and Federal Rules of Civil Procedure, Rule 23(g).

As Lead Counsel, Giatras recently prosecuted and was responsible for achieving the seminal appellate decision on standing in the *Chantal Attias, et al. v. CareFirst, Inc.*, 199 F. Supp. 3d 193 (D.D.C. 2016), *rev'd*, 865 F.3d 620 (D.C. Cir. 2017) data breach litigation, which established the strong consumer protection standard for data breach cases in the DC Circuit Court of Appeals. Giatras has also enjoyed the rare honor of arguing before the United States Supreme Court in *U.S. v. Hayes*, 555 U.S. 415 (2009). Presenting oral argument before the highest Court in the Nation is a profound and unique experience that strengthened his advocacy.

In further support of his application for a leadership role, Giatras provides as follows:

## I.   COMPETITION AND DIVERSITY IN LEADERSHIP FOSTERS BETTER RESULTS FOR THE VICTIMS OF THE DATA BREACH

Competition and diversity in leadership on multidistrict cases improves results for clients. In *Monopolies in Multidistrict Litigation*,[1] Professor Elizabeth Chamblee Burch examines the appointment of leadership counsel in multidistrict litigation such as the instant matter. With empirical evidence it is revealed that a small number of lawyers statistically dominate the market for membership on plaintiff steering committees, for lead counsel, and for other leadership positions. The dominance of these large institutional repeat-players in securing leadership roles and supporting one another is empirically undeniable. Including capable experienced law firms such as the Giatras Law Firm in leadership roles is important for encouraging competition within the multidistrict litigation bar and will lead to positive results for clients.

Giatras submits an individual application because he and his firm are willing to serve the consumer class rigorously in a steering committee position. Lawyers with different backgrounds, from different regions of the country, bringing a different skillset to the table would form the strongest leadership slate. Virtually all of the individuals seeking leadership positions will have data privacy law experience, but how many of these candidates achieved a first-degree murder trial acquittal in 2017? Aside from class action data breach expertise, Giatras boasts three decades of successful civil and criminal litigation trial practice experience.

In his previous two trials, Giatras achieved acquittals where the client faced life in prison. Standing with a client, facing the jury, and receiving a judgment in a capital crime case provides invaluable experience that many attorneys will never know. Large-scale litigation,

---

[1] Elizabeth Chamblee Burch, *Monopolies in Multidistrict Litigation*, 70 VAND. L. REV. 67 (2017).

particularly in representing millions of individuals, can become faceless. Giatras understands that behind each client in this case there is an important victim of data breach requiring redress. Actual trial to verdict experience is invaluable and often overlooked in the multidistrict litigation selection process. Trial to verdict experience forces an attorney to face the toughest of odds, and to confront the visceral impact and pressures facing a client. The robust trial experiences of Giatras and his unique background allow him to bring distinct talents and expertise to the leadership team ultimately chosen by the Court. His primary goal is to provide the most excellent legal service to the plaintiff class and working collectively and efficiently with the team for the benefit of the clients. Giatras sincerely hopes that the Court allows him the opportunity to do so.

## II.   EXPERIENCE AND KNOWLEDGE OF APPLICABLE LAW

Giatras has extensive experience in numerous cases involving drug manufacturers, financial institutions, brokerage houses, insurance carriers, credit card companies, and, ancillary credit/financial products.    Giatras is capable, qualified, and his life long experience in the law makes him able to offer unique perspectives in a leadership role.   In addition to the notable experience below, Giatras' *curriculum vitae* is attached as Exhibit 1.

### A.   Most Relevant Data Breach and Consumer Class Action Experience.

Giatras is currently serving as Lead Counsel in the *Chantal Attias, et al. v. CareFirst, Inc.*, 199 F. Supp. 3d 193 (D.D.C. 2016), *rev'd*, 865 F.3d 620 (D.C. Cir. 2017) involving CareFirst's data breach of personal information.   On August 1, 2017, the U.S. Court of Appeals for the District of Columbia issued a unanimous 3-judge ruling that customers of health insurance provider CareFirst have Article III standing to sue the company for a data breach that revealed personal information.   The case arose from a breach at CareFirst, a major health insurance

company that exposed the sensitive personal information of over 1.1 million of its insureds.

Giatras' cutting-edge recent work as Lead Counsel in *CareFirst* is invaluable experience for prosecuting this case against Equifax.   He has been and continues to be personally involved in every aspect of the *CareFirst* case, including strategy, brief writing, oral argument, discovery, working with experts, case management, attorney oversight, and settlement.  He has worked hand in hand with other counsel regarding the many highly technical aspects of the case.  Settling the law in a federal appellate circuit is only one of the reasons Giatras is qualified to serve on this Court's appointed leadership.

## B.  Other Cases

Giatras has had a long-standing passion for cases involving the rights of consumers, and his experience in privacy-related complex litigation goes far beyond data breach cases.   Giatras has been active in class action, consumer fraud, data privacy, securities, antitrust, and other complex litigation, including serving as co-lead counsel, trial counsel, or as a member of various litigation committees in:

- *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D., Louis.)
  Represented numerous WV clients

- *In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL No. 1735, (D. Nevada).  Represented the class of WV employees

- *In re Levaquin Products Liability Litigation*, MDL No. 08-1943 (D.C., Minn.)
  Appointed to the Plaintiff's Steering Committee

- *Saratoga Advantage Trust v. ICG, Inc.,* (Security Frauds Action), Civil Action No. 2:08-cv-00111 (S.D.W.VA.).  Served as local co-counsel

- *In re C.R. Bard, Inc., Pelvic Repair System Product Liability Litigation*, MDL No. 2187 (S.D.W.VA.).  Represented individual clients as co-counsel

- *In re Boston Scientific Corp. Pelvic Repair System Products Liability Litigation,* MDL No. 2326 (S.D.W.VA.).  Represented individual clients as co-counsel

- *James Coleman, et al. v. Union Carbide Corporation, et al.,* (Chemical Exposure/Medical Monitoring), Civil Action No. 2:11-cv-0366 (S.D.W.VA.) Served as co-counsel for a West Virginia class

- *DP 2004 Merger Sub, LLC, successor in interest to PDC 2004-D Limited Partnership v. Christopher J. Rodenfels, Trustee for Christopher J. Rodenfels Revocable Trust,* (Shareholder Action). Served as lead counsel

- *Mary Glah, et al. v. Community Health Systems, Inc.,* Civil Action No. 2:14-cv-25783 (S.D.W.VA.). Lead WV class counsel in consumer healthcare data breach action.

- *Lisa Shiltz, et al. v. Anthem, Inc., et al.* (Consumer Healthcare; Data breach case), Civil Action No. 2:15-cv-4083 (S.D.W.VA.). Was one of the initial cases filed in this multi-district security data breach action.

Giatras has also been appointed a Special Assistant Attorney General representing the State of West Virginia in cases involving drug manufacturers, financial institutions, brokerage houses, insurance carriers, credit card companies, ancillary credit/financial products. Giatras has in the past and currently does represent the Attorney General in State of West Virginia against the following entities:

- *State of West Virginia, ex rel. Darrell V. McGraw, Jr., Attorney General v. Eli Lilly and Company,* Civil Action No. 3:06-cv-0298 (S.D. W.VA.); various state claims regarding the drug Zyprexa. The settlement resulted in the largest single settlement at that time for the State against a pharmaceutical company.

- *State of West Virginia, ex rel. Darrell v. McGraw, Jr., Attorney General v. Acordia of West Virginia, Inc. and Acordia, Inc.,* (Bid Rigging Case), Civil Action No. 05-C-115-W (Hancock Co., WV)

- *State of West Virginia, ex rel Patrick Morrisey, Attorney General v. Aegon Direct Marketing Services, Inc., et al.,* (deceptive ancillary credit card products to WV consumers), Civil Action No. 12-C-126-N (Mason Co., WV)

- *State of West Virginia, ex rel. Darrell V. McGraw, Jr., Attorney General v. Capital One Bank (USA) N.A., et al.,* Civil Action No. 10-C-7-N (Mason Co., WV)

- *State of West Virginia, ex rel Patrick Morrisey, Attorney General v. Center Partners Inc.,* (deceptive ancillary credit card products to WV consumers), Civil Action No. 12-C-123-N (Mason Co., WV)

5

- *Cross Country Bank and Applied Card Systems, Inc. v. Darrell v. McGraw, Jr., Attorney General of the State of West Virginia v. Rocco A. Abessinio, Individually and as an Officer of Cross Country Bank and Applied Card Systems, Inc.*, Civil Action No. 04-C-464 (Kanawha Co., WV)

- *State of West Virginia, ex rel Patrick Morrisey, Attorney General v. Intersections Insurance Services, Inc.*, (deceptive ancillary credit card products to WV consumers), Civil Action No. 12-C-122-N (Mason Co., WV)

- *State of West Virginia ex rel. Darrell V. McGraw, Jr., Attorney General v. Pfizer, Inc., et al.*, Civil Action No. 13-C-1-N (Mason Co., WV)

- *State of West Virginia, ex rel Patrick Morrisey, Attorney General v. Sitel Corporations*, (deceptive ancillary credit card products to WV consumers), Civil Action No. 12-C-124-N (Mason Co., WV); and,

- *State of West Virginia, ex rel Patrick Morrisey, Attorney General v. Sykes Enterprises, Inc.*, (deceptive ancillary credit card products to WV consumers), Civil Action No. 12-C-125-N (Mason Co., WV).

### C. Other Notable Recent Complex Litigation Achievements

- *Theresa L. Jenkins v. Element Federal Credit Union*, Civil Action No. 13-C-2252 (Kanawha Co., WV). Lead counsel in a consumer debt class collection action

- *Stacey F. McCown, et al. v. NGS, Inc., et al.*, Civil Action No. 3:14-cv-27719 (S.D.W.VA.). Lead counsel in complex consumer class litigation.

- *Jonathan Schaffer, et al. v. Sleepy Hollow Golf Club*, Civil Action No. 15-C-158 (Putnam Co., WV). Lead counsel in certified consumer class action litigation.

- *Christopher Sharpe, et al. v. National Collegiate Student Loan Trust 2005-1.* Lead counsel one of the first consumer class actions exposing abusive student loan debt collections conduct by NCSLT in the U.S.

- *Cavalry SPV I, LLC, as assignee of CAPITAL ONE BANK, N.A. v. Jeff Hughes, individually and on behalf of all others similarly situated*, Civil Action No. 16-C-904 (Kanawha Co., WV). Lead counsel in a consumer debt collection class action.

- *MAIA, LLC, doing business as VISITING ANGELS LIVING ASSISTANCE SERVICES v. ELAINE BROWN, individually and on behalf of all others similarly situated*, Civil Action No. 16-C-605 (Kanawha Co., WV). Lead counsel in a consumer breach of contract collection class action.

6

### III.   COMMITMENT TO THIS MASSIVE DATA BREACH CASE

Giatras understands the high-stakes of this massive data breach case.  The historical data breach before this Court will require considerable time, effort, and analysis to litigate. Giatras is ready to work with other practitioners to fully prosecute and vindicate the rights of the harmed consumer class.  Before the initial Status Conference on January 9, 2018, Mr. Giatras worked cooperatively with Attorney David Worley and others in preparation for Case Management Order #2.  All performed their work in a collaborative manner with both efficiency and professionalism and their example should be the benchmark by which all future work should be calibrated in this case.  After attending the Initial Status Conference on January 9, 2018, Giatras continued planning litigation strategies that will quickly and fairly move this critical case forward towards a positive result.

### IV.   ABILITY TO WORK WITH OTHER COUNSEL

In many of the cases described in Section II above, Giatras worked as part of a team of attorneys from other firms, whether in a leading or supporting role.  He has an excellent track record of working with numerous law firms and diverse groups to obtain knowledge and information to assist with complex litigation, and bringing about global resolution.  Giatras has repeatedly demonstrated his ability to work cooperatively and efficiently with other plaintiffs' counsel, in both lead and subordinate positions.

Further, Giatras values and demonstrates professionalism not only in his dealings with co-counsel, but with opposing counsel as well.  He is well-regarded by the defense bar as an experienced and zealous advocate, but also a consummate professional. The highest compliment is when opposing counsel or client refers a new client, which frequently occurs.  Giatras often collaborates with past and present opposing counsel on continuing legal education projects, MDL-

related think tanks, bar activities, and joint efforts to support the judiciary.

## V.   GIATRAS HAS BEEN AND CONTINUES TO BE WILLING AND ABLE TO COMMIT TO A TIME-CONSUMING PROCESS AND HAS ACCESS TO SUFFICIENT RESOURCES TO PROSECUTE THIS LITIGATION IN A TIMELY MANNER

As the founder of The Giatras Law Firm, PLLC, with nearly three (3) decades of complex and class action litigation behind him, Giatras well understands both the time and financial commitments that this type of high stakes litigation demands.   He is also aware that the Court expects the litigation to move promptly and efficiently.   He does not take these obligations lightly and would not ask the Court to appoint him on the steering committee unless he was certain he could meet these obligations.   Without reservation, Giatras assures the Court that The Giatras Law Firm has both the staff and the financial resources to lead and manage this case promptly and efficiently to a successful conclusion.

The Giatras Law Firm is large enough for the case to be staffed appropriately, but modest enough to assure the Court that Giatras' approach to the case will be acutely aware of efficiencies and avoid any duplication of effort.   Giatras is the sole owner of the law firm and since 1996 has been responsible for the financial management of the firm.   It is important to use appropriate resources to get the job done, yet doing it efficiently since we are the guardians of the client's future recovery.   The Giatras Law Firm has always promptly met its litigation fund assessment obligations in every case and can undoubtedly meet the human and financial resource commitments this case requires.   Furthermore, Giatras has already demonstrated his commitment to the case and the plaintiff class over the past several months, as described in above.   He has expended these significant efforts knowing that all of his time expended prior to appointment on the steering committee will not be remunerated.

## VI.   PROPOSAL REGARDING FEES

Giatras would implement contemporaneous billing guidelines and efficiency protocols, similar to those implemented in previous matters before this Court. Monthly bill reporting will be required from all counsel working on the case. If necessary, he will counsel attorneys who fail to comply with the implemented billing and efficiency protocols. Reporting of fees, submission of fee applications, and all other fee related matters would fully comport with Eleventh Circuit law and the mandates of this Court.

## VII.   CONCLUSION

Giatras thanks the Court for allowing him to participate in the selection process and for the Court's serious consideration. For all the foregoing reasons, Giatras respectfully requests that the Court appoint him on the steering committee for the consumer plaintiff class in this litigation. He will be attending the hearing on February 9th and will be happy to address any questions or concerns the Court may have.

DATED: February 1, 2018

Respectfully Submitted,

Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, WV 25301
(304) 343-2900 Phone
(304) 343-2942 Fax #
E-mail: troy@thewvlawfirm.com
WV State Bar ID No. 5602

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I electronically filed the foregoing Application of Troy N. Giatras of The Giatras Law Firm, PLLC for Appointment to Plaintiffs Steering Committee with the Clerk of the Court through the CM/ECF system, that the interested parties in this action will be served through electronic mail, and that a courtesy copy will be served on Court chambers.