## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800<br>) Case No.: 1:17-md-2800-TWT<br>)<br>) CONSUMER ACTIONS<br>) |

### APPLICATION OF W. PITTS CARR FOR APPOINTMENT AS LIAISON COUNSEL

W. Pitts Carr of Carr & Weatherby, LLP respectfully submits this application for appointment as liaison counsel for the Consumer Track. Mr. Carr has applied for the position of Liaison Counsel as a member of the Susman Team. He fully supports the Joint Leadership Application of the **Susman Team**. However, in the event that the Court determines to name individual lawyers to leadership positions instead of a group, Mr. Carr submits this individual application. Mr. Carr is counsel for Marc Lagasse and Andrea E. Petrungaro, No. 1:16-cv-03745 (N.D. Ga.).

Pursuant to Case Management Orders No. 1 and 2 (Dkt. 12, 87), the Court has instructed that the main criteria for appointment of counsel are "(1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner." [Dkt. 8, p. 5-6, para. 6]. These factors will be discussed *seriatim*.

[1]

**1. Willingness and ability to commit to a time-consuming process.**

Mr. Carr is ready, able, and willing to commit the time and effort necessary to litigate this matter to a successful conclusion. Throughout his decades of shepherding complex litigation through this Court and other courts both state and federal around the country, he has pushed litigation to a conclusion in a quick, efficient, aggressive, and respectful manner. Mr. Carr recognizes that this litigation will be time-consuming. Having served as co-liaison counsel in In re: The Home Depot, Inc., Customer Data Security Breach Litigation, 1:14-md-02583 for the Financial Institution Track, Mr. Carr is well-versed in the amount of time and effort required of an attorney in a leadership position in a large data breach case before this Court. He is well-able to meet this challenge.

**2. Ability to work cooperatively with others.**

Mr. Carr pledges to work cooperatively with others, including fellow plaintiff counsel, defense counsel, and the Court, in prosecution of this case. He believes in treating all persons with respect and candor. He believes that collegiality among Members of the Bar is essential to the administration of this case and all cases. Mr. Carr is committed to working cooperatively with all persons on this case. He has extensive experience in serving in leadership roles in complex cases, see Section 3,

*supra*. During his role in these cases, he has demonstrated an ability to work collegially and effectively with other counsel, both plaintiff and defendant.

### 3. Professional experience in this type of litigation.

Mr. Carr has extensive experience in handling complex litigation and multi-district litigation, both in and out of the Northern District of Georgia. Mr. Carr has served in leadership positions in cases that resulted in a collective recovery over $1 billion in value for class members. For data breach cases in particular, Mr. Carr was co-liaison counsel in this Court for <u>In Re. The Home Depot, Inc., Customer Data Security Beach Litig.</u> (Financial Institution Track), No. 1:14-md-02583-TWT (N.D. Ga.) (recovery valued in excess of $25,000,000.00). In his role as Co-Liaison, Mr. Carr worked extensively on the Consolidated Amended Complaint, served on the law and briefing committee, and assisted in defending the motion to dismiss, investigating and collecting information from class representatives, and communicating with class representatives. In his role, he worked cooperatively with all counsel toward a successful resolution.

Mr. Carr is one of the most experienced attorneys for complex cases in the Bar of this Court. Mr. Carr served as lead and/or liaison counsel in the following complex cases, many of which were before this Court:

a. <u>Etzel v. Hooters of America, LLC</u>, Case No. 1:15-cv-0155-LMM, U.S. Dist. Court for Northern District of Georgia – Mr. Carr served as Co-Lead Counsel in this nationwide class action, asserting a claim for violation of the TCPA against one of the largest restaurant chains in America. This litigation resulted in a settlement valued in excess $1.4 million, which is pending before the court now for final approval.

b. <u>In Re The Home Depot, Inc., Customer Data Security Beach Litig. (Financial Institution Track)</u>, Case No. 1:14-md*-02583-TWT, U.S. Dist. Court for Northern District of Georgia – Mr. Carr served as Co-Liaison Counsel in this nationwide class action, asserting claims on behalf of all financial institutions whose customers' cards were compromised by the Home Depot Data Breach in 2014. This multi-district litigation has been settled, and the settlement has been preliminarily approved. The settlement is valued in excess of $25 million.

c. <u>In Re Food Service Equip.Hardware Antitrust Litig.</u>, Case No. 1:10-cv-1849-WSD, U.S. Dist. Court for Northern District of Georgia - Served as Liaison Counsel in this Federal antitrust case involving price-fixing and related issues. This case resulted in class certification and the recovery of damages on behalf of the class, in the millions of dollars.

d. <u>In Re Immucor, Inc. Sec. Litig.</u>, Case No. 1:09-cv-2351-TWT, U.S. Dist. Court for Northern District of Georgia - Served as Liaison Counsel in this Federal securities case, involving a securities class action. This case resulted in a settlement, in the millions of dollars for the class.

e. <u>Pounds v. Cobb Energy Mgmt. Corp.</u>, Case No. 07-1-9408-48, Superior Court of Cobb County, Georgia - Served as Lead Class Counsel in a derivative action brought by members of the Energy Management Corporation ("EMC"), addressing conflicts of interest, transfer of the EMC's employees of assets to a for-profit entity, and by-law issues. The case resulted in a recover of $120,000,000.00 of assets, return of the employees to the EMC, revision of the by-laws, replacement of the Board via elections conducted pursuant to the bylaws, and the resignation of the CEO.

f. <u>Southern States Police Benevolent Assn., Inc. et al. v. Point Blank Body Armor, Inc.</u>, Seventeenth Judicial Circuit in and for Broward County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests containing Zylon®. The case resulted in a nationwide class settlement in 2006 that provided replacement vests and other benefit to law enforcement officers with a total economic value of approximately $50,000,000.00.

g. <u>Kiefer v. Protective Products Int'l</u>, Seventeenth Judicial Circuit in and for Broward County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests. The case resulted in a nationwide class settlement in 2006 that provided replacement vests and other benefit to law enforcement officers with a total economic value in excess of $1,500,000.00.

h. <u>Martin v. Gator Hawk Armor, Inc.</u>, Fourth Judicial Circuit in and for Duval County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests. The case resulted in a nationwide class settlement in 2006 that provided replacement vests and other benefit to law enforcement officers with a total economic value in excess of $3,300,000.00

i. <u>Southern States Police Benevolent Assn., Inc. v. Armor Holdings, Inc. (Armor II)</u>, Fourth Judicial Circuit in and for Duval County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests. The case resulted in a nationwide class settlement in 2005 that provided replacement vests and other benefit to law enforcement officers with a total economic value in excess of $33,000,000.00.

j. <u>Lemmings v. Second Chance Body Armor, Inc.</u>, District Court for Mayes County, Oklahoma, Case No. CJ-2004-62 – Mr. Carr served as Co-Lead Class Counsel to a nationwide class of law enforcement officer and agencies who purchased defective ballistic protection vests containing Zylon®. The case resulted in a nationwide settlement in 2005 that provided $29,000,000.00 in cash to the Class.

k. <u>Southern States Police Benevolent Assn., Inc. v. Point Blank Body Armor, Inc.</u>, Seventeenth Judicial Circuit in and for Broward County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests containing Zylon®. The case resulted in a nationwide class settlement in 2005 that provided replacement vests and other benefit to law enforcement officers with a total economic value of approximately $2,000,000.00.

l. <u>Southern States Police Benevolent Assn., Inc. v. Armor Holdings, Inc.</u>, (Armor I), Fourth Judicial Circuit in and for Duval County, Florida – Mr. Carr served as Lead Class Counsel to a class of law enforcement officers and agencies who purchased defective ballistic protection vests containing Zylon®. The case resulted in a nationwide class settlement in 2004 that

provided replacement vests and other benefit to law enforcement officers with a total economic value in excess of $20,000,000.00.

m. In Re: Atlanta Waste Services Antitrust Litig., C-83-796A (N.D. Ga.). Mr. Carr acted as Liaison Counsel in this antitrust class action in which recovery was made in excess of $1.1 million.

n. In Re: Pontiac 6000 Litig.. In this nationwide Moss-Magnuson Act Case, Mr. Carr and his firm were one of several firms representing a class action which resulted in recovery for plaintiffs and partial recall of the subject vehicles.

o. In Re: Flight Int'l Sec. Litig., Mr. Carr served as liaison counsel in this national securities class action resulting in a recovery of $5.4 million on behalf of the class.

p. In Re: DCA Sec. Litig., U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as lead counsel in this national securities class action. The case was settled for $6.25 million.

q. In Re: C & S/Sovran Shareholder Litig., U.S. Dist. Court for Northern District of Georgia, Mr. Carr represented plaintiffs in this nationwide securities fraud case which was filed as a class action. This case was concluded in 1994 for approximately $9 million.

r.  <u>In Re: KnowledgeWare Sec. Litig.</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Co-Lead and Liaison Counsel in this nationwide securities fraud class action which was concluded for approximately $4 million.

s.  <u>In Re: KnowledgeWare Shareholder Litig. II</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Co-Lead and Liaison counsel in this nationwide securities fraud class action which was concluded for approximately $18 million.

t.  <u>In Re: Nat'l Data Corp.</u> U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Liaison Counsel in this national securities fraud class action. The case resulted in a settlement of $6.95 million.

u.  <u>In Re: T$^2$ Medical, Inc. Shareholder Litig.</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Co-Lead Counsel and Liaison Counsel in this national securities fraud class action which was concluded for cash and securities valued at approximately $50,000,000.00.

v.  <u>In Re: Domestic Air Transp. Antitrust Litig'</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Liaison Counsel and part of a leadership committee of five firms representing the plaintiffs in this national

antitrust class action. The case resulted in a settlement valued at approximately $250,000,000.00.

w. <u>Farrington v. ConAgra, Inc.</u>, Superior Court of Vigo, Indiana, Mr. Carr served as Lead Counsel representing plaintiffs in this commercial fraud case filed in the State of Indiana which was concluded for $2.9 million.

x. <u>In Re: Vista 2000, Inc. Sec. Litig.</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Co-Lead counsel in this securities fraud class action which was concluded in exchange for 40% of the defendant corporations outstanding stock.

y. <u>In Re: 1996 Medaphis Sec. Litig.</u>, , U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Liaison Counsel in this securities fraud class action. The case resulted in a settlement valued at $80,000,000.00.

z. <u>In Re: Carpet Antitrust Litig.</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Co-Lead Counsel for plaintiffs in this nationwide antitrust class action which has been concluded for $50,000,000.00.

aa. <u>In Re: Blue Cross\Blue Shield of Georgia</u>, Superior Court of Fulton County, Georgia, Mr. Carr served as Lead Counsel for plaintiff charities attacking the conversion of Blue Cross/Blue Shield from a charitable organization under

the laws of the State of Georgia to "for profit status." The case concluded for cash and securities valued at approximately $119,000,000.00.

bb. <u>In Re: G&W Noteholder Litig.</u>. Mr. Carr served as Co-Lead Counsel for plaintiffs in this nationwide negligent misrepresentation and breach of fiduciary duty class action. The case resulted in a recovery of $2.2 million from the fiduciary defendant.

cc. <u>In Re: Pediatric Services of America Sec. Litig.</u>, U.S. Dist. Court for Northern District of Georgia, Mr. Carr served as Liaison Counsel for plaintiffs in this nationwide securities fraud class action resulting in a recovery of approximately $3,000,000.00.

dd. <u>Pipkin, v. Colonial Motor FreightLines, Inc.</u>, Superior Court of Scotland County, NC. Mr. Carr successfully represented approximately 150 property owners whose private water wells were contaminated by leaks from a nearby truck stop.

ee. <u>Brusher v. Alternate Energy Resources, Inc.</u>, Superior Court of Richmond County, Georgia. Mr. Carr successfully represented approximately 50 property owners whose groundwater and wells were contaminated by discharges from a solid recycling plant.

ff. <u>Massa, v. Peabody Coal Co.</u>, United States District Court for the Northern

District of Indiana. Mr. Carr successfully represented approximately 100 property owners whose homes were damaged by blasting, dust and noise from a Peabody Coal Company surface mine.

gg. <u>McCutchanville United Methodist Church, v. Amax Coal Co.</u>, Superior Court of Gibson County, Indiana. Mr. Carr successfully represented approximately 100 property owners whose homes were damaged by blasting from Amax Coal Company surface mine.

hh. <u>Glenn W. Brown, et al. v. Bulk Distribution Centers, Inc.</u>, Superior Court of Fulton County, Georgia – Mr. Carr successfully represented approximately 20 plaintiffs in the Underwood Hills neighborhood of Atlanta, Georgia, in an action against Bulk Distributors, Inc., due to its releasing of toxic fumes and chemicals into the environment in the plaintiffs' neighborhood.

**4. Access to sufficient resources to advance the litigation in a timely manner.**

Mr. Carr represents that he has sufficient resources necessary to advance the litigation in a timely manner. Mr. Carr has dedicated resources as necessary to the prosecution of complex cases in this Court for over four decades.

**5. Other factors under Rule 23(g).**

In addition to the factors listed in CMO No. 1 and 2, and addressed above, Federal Rule of Civil Procedure 23(g) ("Rule 23") states the Court must consider:

[12]

"[1] the work counsel has done in identifying or investigating potential claims in the action," and "[2] counsel's knowledge of the applicable law." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Rule 23(g)(b).

> a. *Work done in identifying or investigating potential claims in the action*.

Mr. Carr has dedicated a significant amount of time to investigating the claims in this action. For example, Mr. Carr has worked with Susman Team on an amended Complaint, assisted the Plaintiffs' Counsel with drafting and negotiating CMO No. 2, researched the claims at issue, attended the Court's January 9, 2018 hearing, and held numerous telephone calls with counsel on the case.

> b. *Knowledge of the applicable law.*

Mr. Carr's knowledge of the applicable law is demonstrated by his prior work on complex cases, including In Re The Home Depot, Inc., Customer Data Security Beach Litigation (Financial Institution Track), Case No. 1:14-md*-02583-TWT. Mr. Carr is well-versed in the law governing data breach cases, like this one.

> c. *Other matters pertinent to counsel's ability to fairly and adequately represent the class.*

In addition to extensive experience in complex cases, Mr. Carr has held other important leadership positions in the Georgia community. He was named by

[13]

Georgia Governor Joe Frank Harris to serve as Chairman of the Governor's Commission on Tort Reform for the State of Georgia, Chairman of the Board of Medical Assistance (now Community Services), and member of the State Personnel Board. He was appointed by Governor George Busbee to serve on the Board of Directors for the Georgia Department of Human Resources. He was named by Governor Sonny Perdue to serve on the legal committee for the State of Georgia coordinating the State's joint litigation with twenty other states relating to the Affordable Care Act.

He has served on the boards of a number of charitable and religious organizations including the Muscular Dystrophy Association, Leukemia Society, St. Jude's House, and Atlanta Union Mission, Chair. He has also served as a Board Member for Atlanta Life Financial. He is presently a member of the Finance Council of the Cathedral of Christ the King.

## CONCLUSION

Mr. Carr has extensive experience litigating complex and multidistrict cases in this Court. He respectfully submits that he is well qualified to serve as Liaison Counsel in this case.

This 2nd day of February, 2018

                              CARR & WEATHERBY, LLP

                              <u>s/W. Pitts Carr</u>
                              W. Pitts Carr
                              Ga. Bar No. 112100
                              Alex D. Weatherby
                              Ga. Bar No. 819975

10 North Parkway Square
4200 Northside Parkway, NW
Atlanta, Georgia 30327
Phone: 404.442.9000
Fax: 404.442.9700
www.wpcarr.com

## **CERTIFICATE OF COMPLIANCE WITH RULE 5.1(B)**

I hereby certify, pursuant to Local Rule 5.1, that this APPLICATION is prepared in accordance with LR 5.1(B). Specifically, the brief was prepared in Times New Roman 14 point font, with a top margin of 1.5 inches and all other margins of 1 inch.

This 2nd day of February, 2018

                                    CARR & WEATHERBY, LLP

                                    s/W. Pitts Carr
                                    W. Pitts Carr
                                    Ga. Bar No. 112100
                                    Alex D. Weatherby
                                    Ga. Bar No. 819975

10 North Parkway Square
4200 Northside Parkway, NW
Atlanta, Georgia 30327
Phone: 404.442.9000
Fax: 404.442.9700
www.wpcarr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within and foregoing APPLICATION, was filed via the Court's ECF system which automatically sends notice of the same to all counsel of record.

This 2nd day of February, 2018

                              CARR & WEATHERBY, LLP

                              s/W. Pitts Carr
                              W. Pitts Carr
                              Ga. Bar No. 112100
                              Alex D. Weatherby
                              Ga. Bar No. 819975

10 North Parkway Square
4200 Northside Parkway, NW
Atlanta, Georgia 30327
Phone: 404.442.9000
Fax: 404.442.9700
www.wpcarr.com

[17]