## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) ) ) ) ) ) | MDL Docket No. 2800<br><br>Case No.: 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS |

## JOINT APPLICATION OF STEPHEN G. LOWRY FOR LEADERSHIP POSITION OR PLAINTIFFS' STEERING COMMITTEE AND OF MILES N. CLARK FOR PLAINTIFFS' STEERING COMMITTEE

Pursuant to Case Management Order No. 2 [Doc. 87], Stephen G. Lowry of Harris Lowry Manton LLP requests appointment as Co-lead Counsel or, alternatively, Liaison Counsel or Plaintiffs' Steering Committee for the Consumer Track in this litigation.[1]  Miles N. Clark of Knepper & Clark, LLC requests appointment to the Plaintiffs' Steering Committee for the Consumer Track.  Mr. Lowry and Mr. Clark are co-counsel in the actions listed in Exhibit A and are pleased to have the endorsement of each of the attorneys in Exhibit B.[2]

---

[1] Mr. Lowry will be unavoidably out of the country on February 9, 2018.  His partner, Jed D. Manton, will attend the hearing this Court has noticed for that date and will be able to answer any questions this Court might have about Mr. Lowry's application.

[2] Mr. Lowry and Mr. Clark would like to note that they endorse the separate leadership application of William H. Murphy, III of Murphy, Falcon & Murphy, and they are honored to have his endorsement, as well.

This case presents a very large, ascertainable, and engaged nationwide class. The leadership team will need to be able to work cooperatively through the complex litigation ahead to bring this matter to a just, speedy, and meaningful resolution.  As described below, Mr. Lowry and Mr. Clark each has extensive and highly relevant prior experience, a willingness and ability to commit the necessary time and resources to this litigation, and a proven ability to work with other law firms—on both sides—to obtain excellent results for their clients.  In addition, the firms with which they are co-counsel in this litigation bring to the table significant resources and a varied skill set and knowledge base on which Mr. Lowry and Mr. Clark will be able to draw as they work to advance the interests of the entire consumer class.  Mr. Lowry and Mr. Clark appreciate the dedication and commitment that will be required of those selected to represent the consumer plaintiffs in this important case, and they make this application with enthusiasm for the job ahead.

I.      **Relevant Practical and Subject-Matter Experience**

     **A. Stephen G. Lowry**

Steve Lowry is a founding partner of Harris Lowry Manton LLP, which has offices in Atlanta and Savannah, Georgia.  Mr. Lowry is a talented litigator who has spent nearly all of the last 20 years representing plaintiffs exclusively in

complex trial litigation.  He has secured numerous top 10 verdicts in Georgia, including the state's largest judgment on record against a nursing home facility for its negligence.  He is a Fellow of the American Bar Foundation and has been selected to the American Board of Trial Advocates (ABOTA).

Mr. Lowry has spent his career taking on complex cases and figuring out how to try them to a jury in a simple, direct, and efficient manner.  He was honored to be chosen as the F. Scott Baldwin Trial Lawyer of the Year by the American Association of Justice's (AAJ) Young and New Lawyer Group.  AAJ has a membership of more than 30,000 lawyers worldwide.  Mr. Lowry also has been chosen as a Rising Star/Super Lawyer every year since 2007, including being named in the top 100 lawyers for the state of Georgia last year.  He has been honored for the last 3 years as one of Georgia Trend Magazine's Legal Elite.  As a younger lawyer, Mr. Lowry was chosen as one of 14 lawyers for the Fulton County Daily Report's "On the Rise" section in 2011.  Some of the cases he has tried as lead counsel to a jury include:

- *Jenkins v. Lambert*, No. 12-cv-532 (Decatur Cnty. Super. Ct. 2016)—
  $40,000,000 verdict for severe injuries sustained by the Chief of Police
  during a traffic stop.  This was the highest verdict in Georgia in 2016.

- *Powers v. Howard*, No. STCV1200331 (Chatham Cnty. St. Ct. 2015)—$4,800,000 for a road-rage case in which the owner of a local trucking logistics company fired on a family of five on I-95.  There were no serious physical injuries.

- *Terhune v. Forum Group at Moran Lake Nursing and Rehabilitation Center, LLC*, No. 09CV01023JFL003 (Floyd Cnty. Super. Ct. 2010)—$43,500,000 for the wrongful death of an 81-year-old man living at a nursing home.  This is the largest verdict in Georgia for a nursing home negligence case.

- *Bilbrey v. United States of America*, No. 3:09-cv-00090-CDL (M.D. Ga. 2010)—$11,800,000 against the U.S. Postal Service for injuries sustained by a mother and her unborn son when their vehicle was forced off the road by a postal truck.  This case involved a bench trial presided over by the Honorable Clay Land.

- *Mundy v. Ford Motor Company*, No. 07A74503-2 (DeKalb Cnty. St. Ct. 2009)—$40,000,000 verdict for a young woman who was paralyzed when her vehicle backed over her after she put the vehicle into park but it spontaneously shifted into reverse.

- *Allen v. Consolidated Ob-Gyn Specialty Group, LLC*, No. 04-A-18223-5 (DeKalb Cnty. St. Ct. 2010)—$4,300,000 verdict for the death of a young mother whose necrotizing fasciitis was not treated properly.

- *Zakrocki v. Ford Motor Company*, No. L-10179-02 (Middlesex Cnty., N.J. Super. Ct. 2007)—$10,600,000 verdict for a woman who suffered a brachial plexus injury when the throttle on her SUV stuck, causing it to roll over.

Mr. Lowry is a regular contributor to the *Savannah Morning News* and the *Mercer Law Review*. He has written and lectured extensively across the country on all areas of trial work, including trial tactics, wrongful death, product liability, trucking, cross-examination, business trials, and intellectual-property disputes. He graduated *cum laude* from Lewis and Clark College Northwestern School of Law and *magna cum laude* from the University of Maryland Baltimore County. Mr. Lowry serves in leadership positions in numerous national, state, and local organizations. An expanded biography is attached as Exhibit C.

HLM has a long track record of success in complex litigation. The firm was co-lead counsel in the *In re: Home Depot, Inc., Customer Data Breach Security Breach Litigation* MDL, No. 1:14-md-02583-TWT. It is the only firm in Georgia to secure #1 verdicts in six different categories, including business torts, automotive, products liability, premises liability, nursing home misconduct, and

medical malpractice.  Mr. Lowry and his partners were honored in 2014 as the only firm to be inducted twice into VerdictSearch's Georgia Verdicts Hall of Fame, for product-liability and medical-malpractice verdicts.  The firm also secured the top two verdicts in Georgia in 2016, including Mr. Lowry's $40,000,000 verdict noted above and $30,500,000 for a medical-negligence case.  The lawyers of HLM, who include former state-court and Eleventh Circuit clerks, are consistently recognized as Georgia Super Lawyers/Rising Stars, selected for prestigious leadership programs, and included in statewide and nationwide lists of elite lawyers.  They have earned the respect of lawyers throughout Georgia and the nation for their commitment to excellence.

HLM focuses on significant cases involving class actions, whistleblower claims, business torts and other commercial litigation, dangerous and defective products, pharmaceutical and medical devices, trucking collisions, medical malpractice, and catastrophic personal injury/wrongful death.  Mr. Lowry and the other lawyers of HLM have decades of experience with lengthy and protracted discovery involving voluminous document productions, electronically stored information (ESI), and substantial briefing and negotiation of discovery disputes. They are skilled at handling large discovery cases efficiently, cost-effectively, and with an eye toward what will actually be admitted into evidence and presented to a

jury at trial.  Some examples of class-action and other complex litigation handled by HLM that has involved extensive and hard-fought discovery include:

- *Jones v. CSX Transportation, Inc.*, No. STCV1400752 (Chatham Cnty. St. Ct. 2017)—wrongful-death suit against approximately 18 defendants for the death of a camera operator during filming on active train tracks.

- *Candy Craft Creations, LLC v. Gartner*, No. 2:12-cv-00091-LGW-JEG (S.D. Ga. 2016)—suit brought under the Lanham Act, the Georgia Trade Secrets Act, the Uniform Deceptive Trade Practices Act, and others for theft of intellectual property.

- *In re: Michelin Tire Litigation*, No. 11A40143-1 (DeKalb Cnty. St. Ct. 2014)—12 personal-injury and wrongful-death cases brought by HLM and consolidated for discovery, arising from a single-vehicle collision caused by the failure of a defective tire on a 14-passenger van.

- *Young v. Ford Motor Company*, No. 2010-A-4415-4 (Cobb Cnty. St. Ct. 2011)—wrongful death of a passenger whose seatbelt failed during a rollover incident.

- *Corey Airport Services, Inc. v. City of Atlanta*, No. 1:04-cv-3243-CAP (N.D. Ga. 2010)—suit alleging equal-protection violations in the award

of concession contracts at Hartsfield-Jackson Atlanta International Airport.

- *Hamby v. DaimlerChrysler Corp.*, No. 1:03-cv-0937-CAP (N.D. Ga. 2006)—wrongful death of a two-year-old girl due to a defective brake shift interlock device that caused the vehicle to spontaneously shift out of park and roll onto the child.

- *Flanders v. Eichholz*, No. CV06-0144-MO (Chatham Cnty. Super. Ct.)— class-action suit for breach of fiduciary duty, fraud, Georgia civil RICO, and other claims arising from a lawyer's handling of settlement funds.

- *Peebles v. Nissan Motor Co.*, No. 09C-14232-6 (Gwinnett Cnty. St. Ct. 2014)—product-liability suit brought for a teenager who was rendered paraplegic when the occupant restraint system in the car in which he was a passenger failed to properly restrain him during a head-on collision.

- The *Mundy* and *Zakrocki* actions identified above.

The *Equifax* litigation involves the largest, and potentially most damaging, data breach in the nation's history.  The consumer class alone is currently estimated at more than 145.5 million individuals, and the personally identifiable information (PII) and payment card data potentially breached for each and every one of those individuals is significant.  The litigation will turn on vast records, both

physically and electronically stored, reflecting, among other topics: Equifax's security protocols, network design specs, notice of the software vulnerability, public-relations strategy, internal discussions regarding its notice of the breach and deciding whether and when to notify consumers, the identities of the affected consumers, and the extent of the information stolen on each consumer.  Given the extent and ramifications of this matter, the pretrial litigation process will be critical and, thus, is likely to be hard-fought on both sides.  In the litigation ahead, Mr. Lowry's experience leading large, complicated cases through discovery, motions practice, and trial will be invaluable.

Furthermore, as is discussed further below, Mr. Lowry has litigated opposite the lawyers of King & Spalding's Atlanta office many times over the years and has good, cordial working relationships with them.  This background will facilitate a productive atmosphere for the coming litigation, and his office's physical proximity to theirs—literally directly across Peachtree Street—will make it easy to carry out the sorts of formal and informal discussions upon which complex litigation depends.

### B.  Miles N. Clark

Miles Clark is a graduate of Cornell Law School who held a pair of federal judicial clerkships prior to founding Knepper & Clark LLC.  Mr. Clark was

selected as a Super Lawyers "Rising Star" in Nevada in the area of consumer law in 2017, and he has presented on consumer law and judicial opinion writing at the UNLV William S. Boyd School of Law.  His biography is attached as Exhibit D.

Mr. Clark is intimately familiar with data breach litigation, having been appointed to the Plaintiff's Steering Committee in *In re Sonic Corp. Customer Data Security Breach Litigation*, MDL No. 2807 (N.D. Ohio).  Mr. Clark also is actively litigating two other data-breach classes in *Foskaris v. Alteryx. Inc.*, No. 17-cv-3088-APG-GWF (D. Nev.),[3] and *Cousino v. Whole Foods*, No. 2:17-cv-02531-JAD-PAL (D. Nev.).  He seeks a position on the Plaintiff's Steering Committee in this *Equifax* MDL based primarily on his experience in litigating cases under the Fair Credit Reporting Act (FCRA) generally, and in litigating such cases against Equifax and other Section 1681a(p) entities specifically.

Mr. Clark has served as counsel of record in over 100 such matters filed in federal court.  He also has served or is serving as counsel in numerous class-action matters brought under the FCRA, including but not limited to the following actions in which affected consumers seek certification:

- *Barnum v. Equifax*, No. 2:16-cv-2866-RFB-NJK (D. Nev.)—FCRA class

---

[3] The *Foskaris* matter has been assigned to *In re Alteryx, Inc. Customer Data Security Breach Litigation*, MDL No. 2825, where it is presently pending.

action premised on Equifax's violations of 15 U.S.C. § 1681i for failing

to provide consumers timely reinvestigation responses of their consumer

disputes.  Mr. Clark has already conducted discovery in this action,

which is not a part of the instant multidistrict litigation.

- *Foskaris v. Experian*, No. 2:17-cv-506-KJD-PAL (D. Nev.)—FCRA

  class action premised on violations of 15 U.S.C. § 1681g for failing to

  disclose items of information on disclosures made pursuant to 15 U.S.C.

  §§ 1681c-1(a) and 1681c-1(b).

- *Carson v. Experian*, No. 17-cv-2232-JVS-KES (C.D. Cal.)—FCRA class

  action premised on violations of 15 U.S.C. § 1681g for failure to disclose

  soft credit inquiries from specified third parties.

- *Leoni v. Experian*, No. 2:17-cv-01408-RFB-VCF (D. Nev.)—FCRA

  class action premised on violations of 15 U.S.C. §§ 1681g and 1681e(b)

  for Experian's failure to properly report bankruptcy-inclusion dates on

  individual tradelines.

- *Cardinali v. Experian*, No. 2:16-cv-02046-JAD-NJK (D. Nev.)—FCRA

  class action alleging violations of 15 U.S.C. §§ 1681i(a)(2) and 1681e(b)

  resulting from Experian's failure to submit Automated Credit Dispute

  Verifications (ACDVs) to data furnishers relating to consumer disputes.

- *Ashcraft v. Experian*, No. 16-cv-2978-JAD-NJK (D. Nev.)—FCRA class action alleging violations of 15 U.S.C. §§ 1681i and 1681e(b) for consumers for whom Experian's automated ACDV-processing system misapplied certain furnisher-reported data on reports of reinvestigation.

- *Farmer v. Experian*, No. 2:17-cv-01531-RFB-PAL (D. Nev.)—FCRA class action alleging violations of 15 U.S.C. §§1681i and 1681e(b) for class members who filed a joint petition for bankruptcy under Chapter 7 or 13 of the Bankruptcy Code with their spouse but received flawed investigative responses from Experian in response to consumer disputes.

- *Mainor v. Experian*, No. 2:16-cv-00183-RFB-PAL (D. Nev.)—FCRA class action premised on Experian's violations of 15 U.S.C. §1681i for failing to provide consumers timely reinvestigation responses relating to consumer disputes.

Through prosecution of putative class claims in the *Barnum* litigation as well as in dozens of individual lawsuits, Mr. Clark has gained familiarity with the organization of Equifax's internal file systems and processes, which will be essential to litigating this case.

Mr. Clark also has used his industry-specific knowledge to minimize the costs of litigation. For example, the putative class in *Foskaris v. Experian* shares

many similarities with the Section 1681g classes alleged in *Kendall v. Equifax* and *Knepper v. Equifax*, two of Mr. Clark's cases in this MDL, in that all three cases allege a Section 1681g violation against a Section 1681a(p) entity, based on the entity's failure to provide a discrete item of information to consumers on its consumer disclosures.  Discovery in the *Foskaris* matter has proceeded, expert and rebuttal expert reports have been exchanged, depositions of the Plaintiff and Experian's corporate representative have been conducted, and a class certification motion and two dispositive motions are now pending.  To date, Knepper & Clark and its co-counsel have kept Plaintiff's costs (excluding attorney's fees) *under $25,000*.  Mr. Clark can leverage his experience to minimize the costs of prosecuting the Class claims—particularly its Section 1681g component—by avoiding wide-ranging and unnecessary discovery.

Mr. Clark also should be appointed to the Plaintiff's Steering Committee because the Section 1681g class theory of liability undergirding the *Kendall* and *Knepper* actions in this MDL, which Knepper & Clark formulated, is substantively distinct from the majority of other claims being pursued in this proceeding.  Unlike alleged violations of common law, many of the state UDAP statutes, and Section 1681e(a) of the FCRA, the Section 1681g claims (and related state-based allegations) are simple allegations that Equifax omitted a key item of

information—the fact of the data breach—from requested consumer disclosures.  It will be critical for a member of the Plaintiffs' Steering Committee to be able to articulate the Section 1681g claims for inclusion in the master complaint and to strategize around the substantive and practical distinctions between those claims and most other claims in this MDL.  These issues include, but are not limited to:

1.      **Scope of discovery**: The majority of the claims will require a wide-ranging exploration into Equifax's culpability for the data breach.  Prosecution requires an inquiry not only into Equifax's conduct, but also the actions of numerous third parties, including cybersecurity experts, third-party contractors, members of Equifax's upper management, members of Equifax's board of directors, and government regulators.  By contrast, the Section 1681g claims treat the fact of the data breach as simply an item of information that Equifax stores in its internal consumer files, and prosecution of these claims requires a fairly linear inquiry into Equifax's internal data storage policies, its information retrieval processes, and its delivery of Section 1681g disclosures to consumers.  Depositions may consist of little more than a representative plaintiff, 30(b)(6) witnesses designated to testify regarding Equifax's file-storage system and FCRA compliance, and competing experts.  Little if any third-party discovery will be required.

2.   **Damages**: For most claims, the plaintiffs will need to prove causation of damages by the breach itself.  By contrast, the harm under the Section 1681g claims arises from Equifax's transmission of defective consumer disclosures, which uniformly deprived each affected plaintiff of their statutory entitlement to receive complete and accurate disclosures.  Thus, causation for Section 1681g claims does not hinge on the impact of the data breach itself, but rather on (1) Equifax's identification of the data breach, (2) its storage of this item of information in its internal file system, and (3) its reasons for not transmitting that item of information to consumers who requested their Section 1681g disclosures. Each Section 1681g plaintiff incurred harm the moment Equifax sent its defective Section 1681g disclosures, and this harm remains ongoing as Equifax continues not to provide complete disclosures.

3.   **Practical differences in prosecution**: The litigation of the Section 1681g claims and the other claims may be affected by the outcome of the *Carefirst v. Attias* petition for certiorari pending before the U.S. Supreme Court.[4]  *Carefirst* is a data breach case in which plaintiffs alleged a substantial risk of future identity theft, which the U.S. Court of Appeals for the District of Columbia found to satisfy

---

[4] Carefirst v. Attia, Petition for Certiorari, Aug. 15, 2017.

Article III standing.[5]  Carefirst has asked the Supreme Court to review this ruling; briefing on its petition has been completed, and the case has been distributed for the Court's February 16, 2018 conference.[6]  As in *Carefirst*, one type of harm alleged in this *Equifax* MDL is harm from the increased risk of future identity theft.  Yet even if the Supreme Court's review of *Carefirst* affects the timeline on which similar *Equifax* claims can proceed, this would not affect the Section 1681g claims, for which the injuries have already been inflicted.  This means discovery on these claims could proceed regardless of the status or effect of *Carefirst*.

Mr. Clark's participation in developing and litigating the unique Section 1681g theory in *Knepper* and *Kendall*, his prosecution of a similar Section 1681g class in *Foskaris*, and his experience litigating FCRA matters against Equifax in *Barnum* and in dozens of individual cases will help ensure the speedy and inexpensive resolution of this matter.

## II.   Willingness and Ability to Commit to a Time-Consuming Process

Mr. Lowry is eager to take on this litigation and to see it through to a successful conclusion.  Mr. Lowry is a passionate advocate for those who have

---

[5] 856 F.3d 620 (D.C. Cir. 2017).

[6] Carefirst docket, available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17-641.html (last visited Jan. 24, 2018).

been harmed by others, and he consistently dedicates all the time, energy, and resources necessary to shepherd his cases through litigation to settlement or judgment.  A key to the success of Mr. Lowry's and HLM's work is that their peers, including those on the other side of the aisle, appreciate HLM's deserved reputation for preparing each case thoroughly and whole-heartedly as if it is going to trial.  Mr. Lowry's dedication to the entire consumer class here, whether as Co-lead Counsel, Liaison Counsel, or a member of the Plaintiff's Steering Committee, will be no different.  Mr. Lowry and his associate already have assisted with preparation of the Plaintiffs' Ex Parte Preliminary Report and Proposed CMO 2, and they look forward to continuing this important work.

Mr. Clark, as well, is willing to submit to the time-intensive process of helping direct the day-to-day activities of the Class and any appropriate Subclasses.  Mr. Clark demonstrated this willingness by helping to develop the unique Section 1681g theory discussed above and articulated in the *Knepper* and *Kendall* complaints.  Mr. Clark and his partner, Matthew Knepper, first developed the Section 1681g theory, which their firm later briefed and argued in a pair of motions seeking preliminary relief on New Jersey and Nevada state law prior to consolidation of these actions in the instant *In re Equifax* MDL.  Thus, Mr. Clark is

17

already heavily invested in this litigation, and he is dedicated to seeing it through to its conclusion.

## III.   Ability to Work Cooperatively with Others and Access to Sufficient Resources to Advance the Interests of the Class

Mr. Lowry is honored to have close working relationships with colleagues throughout Georgia and the United States.  David Worley and James Evangelista of Evangelista Worley LLC are former partners of Mr. Lowry's, and he continues to have a warm and productive relationship with them.  He and his partners regularly are engaged by lawyers elsewhere in the state and the nation to serve as co-counsel or to step in as trial counsel.  Moreover, the vast majority of their cases come to the firm as referrals or through the word-of-mouth of their peers, which speaks to the respect other lawyers have for the HLM partners and for the firm's work.  All of the HLM lawyers also are heavily involved in the Georgia Trial Lawyers Association (the statewide "plaintiffs' bar"), giving them strong personal relationships with the other Georgia lawyers who will be representing individual plaintiffs as local counsel or serving in the leadership of this MDL.  Mr. Lowry personally serves as a member of GTLA's Executive Committee and on multiple committees of the State Bar of Georgia.

Mr. Lowry and HLM have a reputation for "playing fair" and working aggressively yet cooperatively with their opponents.  Mr. Lowry has litigated against the Atlanta office of King & Spalding, lead counsel for Equifax, many times over the years and has excellent working relationships with its lawyers, including some of those on its *Equifax* team.  Additionally, his Atlanta office is at 1201 Peachtree Street, directly across the street from the King & Spalding office and less than a mile from the Equifax headquarters.  This will make it very easy for HLM to host formal meetings, depositions, and conferences between the leadership and Equifax's team, and it will facilitate the less formal meetings and communications upon which complex litigation can turn.

Mr. Clark routinely works collaboratively with other firms to prosecute both individual and class-level allegations in connection with both the Fair Credit Reporting Act and data breach cases.  For example, in *In re Sonic*, Knepper & Clark is working with Haines & Krieger, DannLaw, the Payne Law Firm, and the Zimmerman Law Offices.  Mr. Clark also is working in other cases with several law firms that happen also to be involved in the Equifax Data Breach: Federman & Sherwood (e.g., *Lipchitz v. Equifax*), Olsen Daines PC (e.g., *McHill v. Equifax*), and Stull, Stull & Brody (*Lapter v. Equifax*).  Similarly, in *Carson v. Experian*, Knepper & Clark is working collaboratively with DannLaw, the Zimmerman Law

Offices, Federman & Sherwood, Haines & Krieger, the Payne Law Firm, as well as Green & Noblin, P.C.  And in *Cardinali v. Experian*, Knepper & Clark has partnered with Haines & Krieger, the Payne Law Firm, the Zimmerman Law Offices, and another Illinois firm, the Sulaiman Law Group.  Finally, in the *Foskaris*, *Barnum*, *Cousino*, *Leoni*, *Farmer*, and *Mainor* actions, Mr. Clark also is working collaboratively with both Haines & Krieger as well as other law firms in Nevada.  After public disclosure of the Data Breach, Mr. Clark worked collaboratively with a nationwide group of attorneys to file a nearly a dozen actions in ten federal jurisdictions in the Second, Third, Sixth, Seventh, Eighth, and Ninth Circuits, which are included among those listed in Exhibit A.

In this *Equifax* MDL, Mr. Lowry and Mr. Clark are working with a nationwide group of firms including Annabelle Lee Patterson, PLC (Arkansas), DannLaw (Ohio, Kentucky, New Jersey, New York), Haines & Krieger, LLC (Nevada), The Law Office of Jack Fitzgerald, PC (California), Murphy, Falcon & Murphy (Maryland), Payne Law Firm LLC (Nevada), Sacks Weston Diamond LLC (Pennsylvania), Weltchek Mallahan & Weltchek, LLC (Maryland), and Zimmerman Law Offices, P.C. (Illinois).  Given the collaborative relationship between these firms, Mr. Clark and Mr. Lowry expect to draw on the varied skills,

immense knowledge base and expertise, and significant resources of this group of attorneys as appropriate to advance the interests of the Class.

The following are mere examples of the resources and proficiencies upon which Mr. Lowry and Mr. Clark will be able to draw during this litigation.

### *Murphy, Falcon & Murphy*

Mr. Lowry and Mr. Clark have long and fruitful relationships with the Murphy, Falcon & Murphy and its managing partner, William H. Murphy, III. More information can be found in Mr. Murphy's leadership application.

### *DannLaw*

DannLaw is a firm dedicated to consumer advocacy. Its attorneys bring an array of talents in areas that affect the day to day lives and finances of regular folks. They assist clients with matters related to their mortgage servicing, consumer debts, student loans, foreclosure, data privacy and credit, and disability access.  The firm often finds itself litigating before courts across the country. DannLaw has offices in Illinois, New Jersey, New York, and Oregon and frequently joins forces with others to co-counsel in cases throughout the country. The firm is a leader in the prosecution of claims under RESPA, TILA, FDCPA, FCRA, ADA, and related state-law consumer-protection statutes. DannLaw has brought and successfully resolved claims against every major mortgage loan

servicer or bank servicer. Its lawyers have substantial experience bringing claims as class actions in state and federal court, having brought matters against Wells Fargo, Inland Bank, Equifax, Sonic, Whole Foods, Intellos, and Ken Jones and Associates. Biographies of the key members of its team for this litigation are attached as Exhibit E.

### Sacks Weston Diamond

Sacks Weston Diamond, with variations in named partners, has actively pursued complex litigation cases since 1994. Its appellate practice stretches back to 1979. SWD has extensive experience in legal writing, in litigation involving technical matters, and in litigation involving international parties.

The firm was lead counsel for the Louisiana state class in the Microsoft antitrust litigation, *Aikens v. Microsoft Corp.*, MDL No. 1332 (D. Md. 2010). It was class counsel for what is believed to be the only certified consumer class action in the Neurontin litigation (*Clark v. Pfizer*, No. 040601819, Phila. Cnty. Ct. Com. Pl. 2011)). It also was counsel for class representatives in approximately 20-30 other class actions. For a decade, the firm represented people who sustained personal and property injuries from radioactive contamination caused by oil production operations. Virtually all significant U.S. oil companies were defendants at one time or another. Dozens of actions were prosecuted in nearly a

dozen states, in both state and federal courts.  The litigation culminated in the
*Grefer v. Alpha Technical* case, where the jury awarded punitive damages of $1
billion, and which was twice submitted to the U.S. Supreme Court.  *See Grefer v.*
*Alpha Technical*, 965 So. 2d 511 (2007).

SWD was one of three firms constituting the U.S. legal team prosecuting the
European Community's RICO and money-laundering claims against American,
British and Japanese tobacco companies.  The litigation extended well over a
decade and included four appeals to the Second Circuit and three to the U.S.
Supreme Court.  The team achieved total recoveries, significantly in excess of $2
billion, with all but one of the companies.  This is considered the most successful
European lawsuit in the United States.  SWD also represented Colombia and its
individual departments in similar RICO and money-laundering claims against the
principal international liquor distributors.  That case produced the opinion in
*Republic of Colombia v. Diageo N. Am. Inc.*, 531 F. Supp. 2d 365 (E.D.N.Y.
2007), which has been useful to many lawyers in many ways.

SWD has been lead or sole counsel in approximately fifty other reported
opinions.  John Weston has been admitted, either permanently or on a *pro hac*
basis, to seven U.S. Courts of Appeals, the U.S. Supreme Court, and many state
courts.  The lawyers of SWD are collegial and congenial, and they have never had

difficulty interacting with either their allies or their opponents.  Their ability to

conduct the tobacco litigation and the oilfield contamination litigation, in

cooperation with other firms, bears this out.

### Zimmerman Law Offices, P.C.

Since 1996, Thomas A. Zimmerman, Jr. and Zimmerman Law Offices, P.C.

have represented individuals and businesses in a wide array of legal matters. Its

attorneys are established and respected trial lawyers who represent clients in

complex litigation and class action lawsuits nationwide.  The firm has an extensive

and varied litigation-based practice, with a focus on class action litigation.

Zimmerman Law Offices has recovered over $250 million on behalf of millions of

individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in multidistrict

litigation, having served as class counsel or on the executive committees in MDLs

throughout the country.  For example, Thomas A. Zimmerman, Jr., was appointed

to Plaintiffs' Executive Committee in the *In Re: Ashley Madison Customer Data

Security Breach Litigation*, No. 4:15-md-02669-JAR (E.D. Mo.). The *Ashley

Madison* litigation resulted in an $11.2 million recovery for a nationwide class of

individuals who had their personal and financial data stolen due to insufficient

protection of that information by an internet service provider, and who also paid

money to that provider based on misrepresentations. He was appointed one of interim co-lead counsel in the *In Re: Target Corporation Customer Security Breach Litigation*, prior to transfer of the cases to an MDL in Minnesota. *See* No. 13-cv-09070 (N.D. Ill.).  He was recently appointed to the Plaintiff's Steering Committee in *In re: Sonic Corp. Customer Data Security Breach Litigation*, No. 1:17-md-02807-JSG (N.D. Ohio), and he represents plaintiffs in a case against Whole Foods regarding the recent data breach at certain of its restaurants and tap rooms, *see Banus v. Whole Foods Market Group, Inc.*, No. 1:17-cv-02132-JG (N.D. Ohio).  Additional information is set forth in Exhibit F regarding the Zimmerman Law team and a selection of the representative matters it has handled.

## IV.   Conclusion

For the foregoing reasons, Mr. Lowry and Mr. Clark enthusiastically offer their services to the consumer class and this Court, and they respectfully ask that their application be considered for the above-identified positions.

Respectfully submitted this 2nd day of February, 2018.

| KNEPPER & CLARK LLC | HARRIS LOWRY MANTON LLP |
|---|---|
| /s/ Miles N. Clark | /s/ Stephen G. Lowry |
| MATTHEW I. KNEPPER | STEPHEN G. LOWRY |
| Nevada Bar No. 12796 | Georgia Bar No. 460289 |
| (matthew.knepper@knepperclark.com) | (steve@hlmlawfirm.com) |
| MILES N. CLARK | JEFFREY R. HARRIS |
| Nevada Bar No. 13848 | Georgia Bar No. 330315 |

(miles.clark@knepperclark.com)

10040 W. Cheyenne Ave.
Suite 170-109
Las Vegas, NV 89129
Telephone: (702) 825-6060
Facsimile: (702) 447-8048

(jeff@hlmlawfirm.com)
JED D. MANTON
Georgia Bar No. 868587
(jed@hlmlawfirm.com)
MADELINE E. McNEELEY
Georgia Bar No. 460652
(molly@hlmlawfirm.com)

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

*Attorneys for Plaintiffs Listed in Exhibit A*

## LR 7.1(D) CERTIFICATION OF COMPLIANCE

Pursuant to the Local Rules of the Northern District of Georgia, I certify that this pleading complies with all formatting requirements of the Local Rules and was prepared in Times New Roman, 14-point type.

**HARRIS LOWRY MANTON LLP**

 /s/ Stephen G. Lowry
STEPHEN G. LOWRY
Georgia Bar No. 460289

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing JOINT

APPLICATION OF STEPHEN G. LOWRY FOR LEADERSHIP POSITION OR

PLAINTIFFS' STEERING COMMITTEE AND OF MILES N. CLARK FOR

PLAINTIFFS' STEERING COMMITTEE with the Clerk of Court using the

CM/ECF system, which will send automatic email notification of service to all

attorneys of record.

This the 2nd day of February, 2018.

**HARRIS LOWRY MANTON LLP**

 /s/ Stephen G. Lowry
Stephen G. Lowry
Georgia Bar No. 460289
steve@hlmlawfirm.com

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

*Attorney for Plaintiffs Listed in Exhibit A*