IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| _____ ) | MDL Docket No. 2800 |
| In re: Equifax, Inc. Customer ) | Case No.: 1:17-md-2800-TWT |
| Data Security Breach Litigation ) | |
| ) | ALL CASES |
| _____ ) | |

### APPLICATION OF ROSALEE B.C. THOMAS AND FINKELSTEIN THOMPSON LLP FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

COMES NOW, ROSALEE B.C. THOMAS of the firm of FINKELSTEIN THOMPSON LLP of Washington D.C. and San Francisco, California, and pursuant to this Court's CMC Orders Nos. 1 and 2, respectfully submits this application for appointment to the Plaintiffs' Steering Committee in *In re: Equifax, Inc. Customer Data Security Breach Litigation* pending before this Court. Finkelstein Thompson LLP ("Finkelstein Thompson") represents plaintiff and the putative Class in *Feied et al. v. Equifax, Inc.*, No. 17-cv-05524, Northern District of California.

If appointed, Finkelstein Thompson will bring diversity as well as extensive data breach experience to a process often dominated by a network of traditional law firms that exclude small firms, females, and minorities. Rosalee B.C.

1

Thomas[1], a Caribbean-American woman, will lead the charge of the case for Finkelstein Thompson.[2] Additionally, utilizing Finkelstein Thompson's team of able attorneys and staff, the case will be handled from the firm's Washington D.C. office, a location with easy access to any related regulatory or legislative proceedings on Capitol Hill that may arise requiring monitoring or participation.

Finkelstein Thompson more than satisfies the four main criteria outlined in the Court's CMC Order No. 1:

1.  **Willingness and Ability to Commit to a Time-Consuming Process:**

Finkelstein Thompson is ready and willing to devote significant attorney time and financial resources to representing the interests of the proposed consumer class in this litigation. The firm's attorneys have developed substantial expertise in

---

[1] *Rosalee B.C. Thomas*, is a 2004 graduate from Georgetown University Law Center and was recognized as a Pro Bono Pledge Honoree. Prior to Finkelstein Thompson, she completed a clerkship at the U.S. Consumer Product Safety Commission. She is admitted and a member of good standing of the state bars of the Maryland, District of Columbia Bars, New York, and New Jersey, the U.S. District Courts for the Districts for the District of Columbia, New Jersey, and the Southern District of New York, and the U.S. Court of Appeals for the Ninth Circuit.

[2] If appointed to the Plaintiffs' Steering Committee, Rosalee B.C. Thomas will be the primary attorney involved in the litigation. However, Finkelstein Thompson's attorneys, including Mila F. Bartos, who has worked extensively on similar data breach consumer cases, will be fully committed to prosecute this litigation should additional resources be required.

*Mila F. Bartos*, is a 1993 graduate of the American University Washington College of Law and a co-founder of the American University Journal of Gender and Law and was a member of the Editorial Board. She is admitted and a member in good standing of the state bars of the Maryland and District of Columbia Bars, and the U.S. District Courts for the Districts of the District of Columbia and Maryland.

managing complex litigation. The firms' attorneys have engaged in all aspects of complex litigation, including discovery practice, class certification proceedings, summary judgment, trial, and the settlement process, in cases involving allegations of data breach, securities and commodities fraud, antitrust violations, and consumer fraud.

The firm has achieved outstanding results in many complex cases that took years to come to fruition. *See e.g., In re Natural Gas Commodity Litigation,* Case No. 03cv6186 (S.D.N.Y.) (Co-Lead Counsel; over $100 million achieved in settlements); *Rodriguez et al. v. West Publishing Corp. et al.,* Case No. CV-05-3222 R(MCx) (C.D. Cal.) (one of three firms appointed Class Counsel; obtained $49 million settlement); *National Metals, Inc. v. Sumitomo Corp.,* Case No. 734001 (San Diego Sup. Ct.) (Co-Lead Counsel; settlements achieved with several defendants for $81 million); and *In re Facebook, Inc., IPO Securities & Derivative Litig.*, (S.D.N.Y.) MDL No. 12-2389 (RWS) (Co-Lead Class Counsel; $26.5 million settlement achieved).

2. **<u>Ability to Work Cooperatively with Others</u>:** Finkelstein Thompson recognizes that the interests of the class members it represents are often best served by a diverse group of qualified and experienced attorneys, and the firm prides itself on its ability to work cooperatively with other plaintiffs' counsel effectively to

prosecute large, multidistrict litigations.  Equifax's conduct has affected many minority individuals, who will likely constitute a significant percentage of consumers affected by this litigation. Given the egregious harm to consumers caused by Equifax's nationwide misconduct in this case, it is important to effectively reach all affected consumers so that they can take advantage of any relief made available to them.  Finkelstein Thompson is comprised of experienced attorneys including African-American, Caribbean-American, and Cantonese-speaking Asian-American women attorneys and staff.  Rosalee B.C. Thomas and the other Finkelstein Thompson attorneys have extensive experience litigating consumer and data breach class actions. Ms. Thomas, and Finkelstein Thompson's team of partners, associate, of counsel attorneys, paralegals, and support staff have the willingness and ability to commit the necessary time and finances to this case. Moreover, Ms. Thomas and Finkelstein Thompson have the demonstrated ability to, and reputation of, working cooperatively with counsel.[3]  Given this diverse group of leading attorneys, and the firm's history, the Court can be assured that Finkelstein Thompson is both capable and willing to serve alongside any other counsel this Court may see fit to appoint to a leadership position.

---

[3] We invite the Court to review FT's full biography at www.finkelsteinthompson.com.

Diversity in Multidistrict Litigation ("MDL") leadership positions is crucial, as plaintiffs' counsel must work collaboratively to obtain equitable and appropriate relief on behalf of a diverse class of consumers. However, women and minorities are to date still underrepresented in MDL leadership positions despite recent gains.[4] A study conducted by Dana Alvaré of Temple University's Beasley School of Law, revealed that women held only 16.5 percent of MDL leadership roles over the past five years.[5] Specifically, "98 percent of all multidistrict litigation between 2011 and 2016 had at least one man in the highest leadership position and 49.7 percent of all cases had no women at all in the upper levels of case leadership."[6]

Ultimately, it is class consumers who are disadvantaged by this statistical reality. Consumers need qualified counsel in addition to diverse perspectives on a variety of legal issues. It is important that qualified women and minority-led firms are not discouraged from pursuing leadership opportunities which would stifle the sharing of fresh legal arguments and litigation strategies. As Elizabeth Chamblee Burch aptly noted in a law review article: "[A]ppointing only repeat players may

---

[4] *See e.g.*, Alyson Oliver & Reed Eriksson, *Why Leadership Diversity In Litigation Is Crucial*, Trial (Sept. 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/panel_2-why_leadership_diversity_is_crucial_oliver_and_reed_march.pdf

[5] Aebra Coe, *Female Lawyers Are Still Struggling To Land Lead MDL Roles*, Law360 (March 16, 2017), https://law.duke.edu/sites/default/files/centers/judicialstudies/panel_1-female_lawyers_are_still_struggling_to_land_lead_mdl_roles.pdf

[6] *Id*.

create groups of homogeneous thinkers who are less innovative."[7] That practice also encourages collusive, fee-sharing arrangements, "tit-for-tat reciprocity among repeat players, and good ol' boy networks…"[8] Such appointments and backdoor dealings could ultimately undermine the public's perception of the court as a fair, inclusive and impartial system. Thus, the composition of MDL leadership positions has implications beyond litigants and lawyers.

Finkelstein Thompson has been, and remains committed to, providing unparalleled legal services to communities that are as diverse as the firm. The appointment of Finkelstein Thompson, a firm comprised of ethnically and gender diverse attorneys and staff, will not only address the dearth of women and minorities in MDL leadership positions, but also provide consumers with competent, representative counsel.

**3.** **<u>Professional Experience in this Type of Litigation</u>:** Finkelstein Thompson, founded in 1977, with offices in Washington, D.C. and San Francisco, CA, is one of the most experienced and dedicated class action firms applying for leadership appointment. Our firm focuses primarily on class action litigation and

---

[7] Elizabeth Chamblee Burch, *Judging Multidistrict Litigation*, 90 N.Y.U. L.Rev. 71, 84 (2015), http://digitalcommons.law.uga.edu/cgi/viewcontent.cgi?article=1993&context=fac_artchop

[8] *Id.* at 93.

has represented consumers in nationwide class action and complex litigation for decades.[9] By concentrating on class action litigation, the firm avoids the conflicts of interest that arise from multi-faceted representation.

The attorneys of Finkelstein Thompson have the expertise and resources effectively to represent consumers in this data breach case. Finkelstein Thompson was one of the pioneering law firms to bring data breach consumer cases. The firm was counsel in *In Re TJX Companies Retail Security Breach Litigation*, MDL 1838 (D. Mass.), a class action lawsuit arising from a security breach of consumers' debit and credit card information, where a $200 million settlement was achieved. Finkelstein Thompson was counsel in *Lockwood v. Certegy Check Serv., Inc.*, No. 8:07-cv-01434-SDM-TGW (M.D. Fla.), a class action lawsuit arising from theft of consumers' personal and financial information, where over $500 million in benefits were given to settlement class members. Finkelstein Thompson was co-lead counsel in *In re Countrywide Financial Corp. Customer Data Security*, MDL 1998 (W.D. Ky.), a class action lawsuit alleging theft of consumers' personal and financial information. The settlement provided credit monitoring for the class, an

---

[9] In addition to its consumer fraud practice, Finkelstein Thompson is a leader in its other practice areas, including antitrust, commodities and securities litigation. *See, e.g., In re Facebook, Inc., IPO Securities & Derivative Litig.*, (S.D.N.Y.) MDL No. 12-2389 (RWS) (Co-Lead Class Counsel; $27.5 million settlement achieved) and cases reflected on Exhibit A.

7

identity theft reimbursement fund of $5 million, and a $1.5 million expense reimbursement fund for class members.

Finkelstein Thompson has also been involved in many other account- and identity-level breach class action suits.  In *In re Heartland Payment Systems Inc. Customer Data Security Breach Litigation*, MDL 2046 (S.D. Tex.), the firm was co-lead counsel in this class action lawsuit that resulted from a security breach of consumers' personal and financial information.  Finkelstein Thompson represented consumers in two of the first data breach cases where the Ninth Circuit found standing for data breach victims: *Ruiz v. Gap Inc. and Vangent, Inc*., No. 09-15971 (9th Cir. 2010) (unpublished opinion), and *Krottner v. Starbucks Corporation*, No. 09-35823 (9th Cir. 2009) (published opinion).  The firm was also counsel in *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (PAM/JJK), participating in the discovery stage of the litigation. In *In Re CarrierIQ, Inc. Consumer Privacy Litig., Case No. 12-md-02330-EMC* , Finkelstein Thompson was one of four firms selected to be on the Executive Committee.

Finkelstein Thompson has represented consumers in medical insurance and health care data breach class actions, including *In Re Janis v. Health Net, Inc. et al. 2:12-cv-01171-KJM-EF* (E.D. Cal.) and *In RE: Science Applications Inter. Corp.*

*(SAIC) Backup Tape Data Theft Litig.*, 1:12-mc-00347-JEB (D.C.) (appointed co-lead counsel). As reflected in the firm's resume and biographies attached as Exhibit A, Ms. Thomas and/or the firm have also served as lead, co-lead or executive/steering committee counsel in other high-stakes cases in state and federal courts around the country.  In *Ironworkers Local No. 399 and Participating Employers Health and Welfare Funds v. Janssen, L.P.*, No. 3:06-cv-03044-FLW-JJH (D.N.J) (drug label misrepresentation), where Finkelstein Thompson was lead counsel, Ms. Thomas facilitated the organization of meetings and conference calls with counsel; attended hearings; and managed the drafting of the Consolidated Amended Complaint.  Ms. Thomas, has served on the Executive Committee in merger and acquisition suits including *The Wire Family Trust of 1997 v. Alliance Financial Corp., et. al.,* No. 2012-5959 (Onondaga County, NY), *Holliday v. CapitalSource, Inc.* BC517209 (Los Angeles, CA), and *Mulvey v. Optimer Pharmaceuticals, Inc.* C-111-13 (Hudson County, NJ).

    Finkelstein Thompson has been recognized as adept at prevailing on complex, cutting-edge legal issues on behalf of consumers, and the firm's work has resulted in substantial recoveries and corporate changes in business practices.  In *Lilly v. Jamba Juice Co., et al.,* Case No. 13-2998 JST (N.D. Cal.), in granting final approval of a class action settlement where the firm was appointed co-lead

9

counsel, Judge Jon S. Tigar recognized the firm as specializing in class actions and stated that it had been a "total pleasure" to witness the lawyering in the case before him. In *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009), in a published decision affirming a settlement of $49 million achieved by Finkelstein Thompson and its co-counsel in an antitrust class action, the Ninth Circuit expressly recognized that "counsel has considerable experience in litigating . . . class actions, and other complex litigation." Additionally, Finkelstein Thompson attorneys have appeared in your Honor's court in the antitrust matter, *In re Motorsports Merchandise Antitrust Litigation*, No. 97-cv-2314.

4. **Access to Sufficient Resources to Advance the Litigation in a Timely Manner:** The firm is prepared to commit and expend the professionals and capital necessary to take this case through pre-trial, trial and any appeals that may arise. The firm has attorneys in offices in Washington, D.C. and San Francisco, California and possesses substantial technology and other resources to support the litigation, including access to facilities to accommodate meetings of counsel and depositions of witnesses in these proceedings. Finkelstein Thompson's location in Washington, D.C. may prove useful should there be any Congressional investigations or hearings on this matter. Finkelstein Thompson also has a long

track record of funding long term, complex litigation in the past and is prepared to do so here.

Finkelstein Thompson has the talent, expertise, and capital to contribute to the litigation in a leadership capacity. It is prepared to work with any other counsel appointed by the Court in a multi-firm leadership structure; and will devote all resources necessary to prosecute this litigation to a successful conclusion.

                              Respectfully submitted,

Date: February 2, 2018        By:   /s/ Rosalee B.C. Thomas_____
                                              Rosalee B.C. Thomas
                                              Mila F. Bartos
                                              **FINKELSTEIN THOMPSON LLP**
                                              3201 New Mexico Avenue
                                              Suite #395
                                              Washington, D.C. 20016
                                              Telephone: (202) 337-8000
                                              Facsimile: (202) 337-8090

                                              Gordon M. Fauth, Jr.
                                              Of Counsel
                                              Rosanne L. Mah
                                              Of Counsel
                                              **FINKELSTEIN THOMPSON LLP**
                                              100 Pine Street, Suite 1250
                                              San Francisco, California 94111
                                              Direct Telephone: (510) 238-9610
                                              Telephone: (415) 398-8700
                                              Facsimile: (415) 398-8704

Attorneys for Individual and Representative
Plaintiff Malcolm B. Feied