IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation<br><br>This document relates to:<br><br>CONSUMER ACTIONS | MDL Docket No. 2800<br>No.: 1:17-md-2800-TWT |

**APPLICATION OF VINCENT J. ESADES FOR
CONSUMER PLAINTIFFS' LEAD COUNSEL OR ALTERNATIVELY,
CONSUMER PLAINTIFFS' STEERING COMMITTEE**

**I.     Introduction**

I, Vincent J. Esades, submit this Application for a leadership position on behalf of the Consumer Plaintiffs. My qualifications are set forth in detail in the attached résumé (Exhibit A).

Certainly, qualifications that satisfy the relevant legal 23(g) factors are essential, however, the single most important quality for leadership in any complex litigation is the ability to efficiently employ the attorney-talent assembled in the case to a successful resolution.  I was the sole Lead Counsel for the Consumer Class in the Target Data Breach litigation—nevertheless, the successful litigation and settlement of that case must be credited to the team that was assembled.  The collaborative achievement in the Target Data Breach litigation (that included well-

qualified lawyers also seeking leadership positions in this case) was recognized by Judge Magnuson, who wrote: "It is difficult to imagine a settlement that more comprehensively addresses all of the harm suffered by a class as the settlement here. And the comprehensive nature of the settlement, in turn, reflects the adequacy, indeed the superiority, of the representation the class received from its named Plaintiffs and from class counsel." *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522 (PAM), 2017 WL 2178306, at *9 (D. Minn. May 17, 2017).  If selected to lead this case, I intend to draw from the deep pool of experience in data breach cases available here to help achieve a similar, successful resolution.

It is important to note that I am not the only lawyer in this case to possess this collaborative approach, but merely one of several.  I do not always seek to be lead counsel in data breach cases.  There are cases, like The Home Depot Data Breach litigation, where I instead served on the Financial Institution Steering Committee because leadership among Plaintiffs was agreed upon and in the best interest of the class.  Because no such agreement was possible in this case, I am seeking Lead Counsel appointment in the Consumer Actions, but if the Court decides to appoint other counsel as Lead Counsel, I would gladly serve on the Steering Committee.

2

## II. Legal Standard

The designation of interim lead counsel to act on behalf of a putative class is authorized by Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). The Rule provides that when considering the appointment of class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Because the Court will be inundated with submissions setting forth argument regarding the 23(g) factors, what follows will be a brief statement why each of these considerations favors my appointment.

### A. Work Counsel Has Done.

The Court wisely appointed local plaintiffs' counsel at the outset to organize plaintiffs' counsel and to coordinate early submissions. Most important work

115536

should wait for leadership to efficiently direct it so as to avoid rampant duplication.[1]

With that in mind, the relevant work my firm has done is not much different than most other firms. We researched the facts surrounding the Equifax data breach; we researched the claims, defenses and issues that had been asserted and raised in previous actions arising from data breaches injuring consumers; and we researched a strategy for effectively prosecuting this litigation on behalf of a consumer class. This case is at an incipient stage and because most cases were filed at the same time, this factor is somewhat of limited utility.

B.     **Experience and Knowledge.**

I have been consistently named as a "Leading Lawyer" in *The Legal 500 US*, and most recently the 2017 Edition, and have been selected again as a "Super Lawyer" by Minnesota Law & Politics. I have been honored to serve in leadership roles in many class actions challenging anticompetitive conduct as violative of antitrust laws, the core purpose of which is the promotion of consumer welfare. I

---

[1] In some prior complex cases, this particular 23(g) factor has had the unfortunate consequence of incentivizing some to generate make-work to bolster their argument for leadership. Indeed, other plaintiffs' lawyers recognize this and, at the end of most cases where most all plaintiffs file at the same time, lead counsel ultimately either does not submit or does not compensate anyone for most pre-leadership appointment work.

4

have also served as plaintiffs' lead or co-lead counsel in numerous other nationwide class actions, including *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (D. Minn.) (involving nationwide data breach litigation impacting over 97 million consumers); *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wis.) (alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawnmowers and lawnmower engines); *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Company, Ltd.*, No. 09-cv-0852 (E.D. Wis.) (asserting claims of nationwide price fixing of automotive sheet metal parts by aftermarket sheet metal parts manufacturers); and *In re Puerto Rican Cabotage Antitrust Litigation*, MDL No. 1960 (D.P.R.) (alleging price-fixing of shipping services between the U.S. and Puerto Rico). Since 2009, I have also been a moderator and on the planning committee for the ABA's National Institute on Class Actions. My complete résumé is set forth in the accompanying Exhibit A.

   **C.**  **Resources.**

 My firm has the financial resources to prosecute this litigation to conclusion on behalf of the proposed consumer class. My firm practices exclusively in complex litigation and has repeatedly served as lead counsel, and funded litigation, on behalf of national classes seeking redress for violations of consumer, antitrust

and securities laws.  Numerous examples are summarized in the firm's résumé at Exhibit A.

### III.  Conclusion

I respectfully request appointment as Consumer Plaintiffs' Lead Counsel or alternatively, to the Consumer Plaintiffs' Steering Committee.

Date:  February 2, 2018

Respectfully submitted,

s/ *Vincent J. Esades*
Vincent J. Esades
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: vesades@heinsmills.com

*Counsel for Plaintiffs Keri Bakken, Gustavo Carlo Sanchez and Christopher Ware*

115536

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2018, I caused the foregoing document and Exhibit A thereto to be filed with the Clerk of the Court using the CM/ECF system, which will serve all parties of record in this case via CM/ECF.

s/ *Vincent J. Esades*
Vincent J. Esades

115536