UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc., Customer Data Security Breach Litigation<br><br>This document relates to:<br><br>CONSUMER ACTIONS | MDL Docket No. 2800<br>No.: 1:17-md-2800-TWT<br><br>**APPLICATION FOR APPOINTMENT OF BUETHER JOE & CARPENTER, LLC TO STEERING COMMITTEE**<br><br>Hon. Thomas W. Thrash, Jr. |

Buether Joe & Carpenter, LLC ("BJC") hereby submits its application to this Honorable Court for appointment to the Steering Committee for the instant case's Consumer Plaintiff Class. BJC is a well-respected intellectual property and complex commercial litigation boutique law firm with specific experience in class actions, multi-district litigation, and vast experience in complex commercial litigation. In particular, BJC proposes that the Court approve the following two (2) attorneys from BJC to be appointed to the Steering Committee: Eric W. Buether and Christopher M. Joe.

Both Mr. Buether and Mr. Joe have proven track records successfully representing plaintiffs in thousands of cases, including class actions and multi-district proceedings. These previous cases required the expenditure of considerable resources and close cooperation with other attorneys to accomplish

1

the successful results they have achieved. Based upon their successes in these other cases, Mr. Buether and Mr. Joe each easily satisfies the criteria for being on the Steering Committee. BJC therefore submits this application pursuant to the Court's Case Management Order ("CMO") No. 1 (ECF #23) and CMO No. 2 (ECF #87), as well as Rule 23(g) of the Federal Rules of Civil Procedure.

Messrs. Buether's and Joe's professional experience, as shown below, makes them clearly qualified to serve on the Steering Committee in this case, and they believe that adding them thereto will serve the best interest of the putative consumer class. BJC and its two proposed representative attorneys would be an invaluable part of any Steering Committee that the Court ultimately appoints. Neither BJC nor any member thereof has made any promises or offers to any other counsel and has not sought support for their applications from any other counsel. Their only goal is to be an integral member of the Steering Committee and provide the best legal services possible to the plaintiff consumer class. BJC respectfully requests that the Court allows one or both of them the opportunity to do so.

## BACKGROUND

One track in this putative class action includes over one hundred forty-five million and five-hundred thousand (145,500,000) individual consumers who had their personal information compromised by Defendant's security breach. (Doc. No. 87 at 1.) The Court has indicated that it intends to appoint a Steering

Committee for this particular track. *Id.* at 4-5. Towards that end, the Court has stated that any counsel interested in being considered for appointment to the Steering Committee should "file an application . . . with the Court by February 2, 2018, addressing each of the criteria set forth in CMO 1 and Rule 23(g), and specifying the position(s) for which counsel seek appointment." *Id.* at 5. In accordance with such instructions, BJC hereby files its application for membership on the Steering Committee for the Plaintiffs Consumers Track.

## ARGUMENT

In Case Management Order No. 1, the Court stated the "main criteria" for the appointment to a Steering Committee are "(1) willingness and ability to commit to a time–consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner." (Doc. No. 23 at 6.) Other criteria that the Court will considerations come from Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure. They consist of the work counsel has done in identifying or investigating potential claims in the action and counsel's knowledge of the applicable law. BJC—and Messrs. Buether and Joe in particular—clearly meet these criteria.

### A. BJC Has Committed, and Will Continue to Commit, Substantial Time and Resources to this Important Consumer-led Action

BJC is freely willing and able to commit to what may be a lengthy and time-consuming process. The best evidence of its commitment is the substantial time and resources that it has already expended. As of the date of this filing, BJC's aforementioned managing partners have conducted an exhaustive investigation of the claims, performed a comprehensive public records search; interviewed numerous knowledgeable witnesses and experts; and researched potential causes of action and defenses. The time, effort, and research resulted in filing an initial Complaint in the Northern District of Texas. In addition, BJC—and Mr. Buether and Mr. Joe in particular—have spent considerable additional time researching other claims of the putative consumer class. This additional time and effort resulted in expanding the initial Complaint to a nearly fifty (50) page Amended Complaint that includes nine (9) separate causes-of-action. Since the filing, BJC and its attorneys have also spent considerable time communicating and meeting with defense counsel, and otherwise complying with the directives of the Court. Accordingly, BJC satisfies the Court's first criteria.

### B. BJC Has and Will Continue to Work Cooperatively to Achieve Success for the U.S. Consumers in this Important Litigation

BJC is committed to work cooperatively with each other firm and firm-member who is appointed to the Consumer-track Steering Committee, as well as

4

with the firms representing the Financial-Institution track. BJC has already demonstrated this sincere commitment. Shortly after this Court issued CMO No. 1, the firms involved organized calls amongst all counsel in both the consumer and financial institution cases to coordinate and prepare the materials necessary for the initial conference. BJC volunteered its assistance with and actively participated at each of the plaintiffs' teleconferences and was involved in obtaining, organizing, and reviewing the information provided to draft and edit the preliminary report submitted to the Court.

BJC is committed to working cooperatively with both the other plaintiffs' putative class counsel and defense counsel in conducting discovery, attempting to negotiate or approve a settlement, confer with other counsel with respect to all scheduling issues, and drafting or assist in the drafting of any or all future filings. In addition, BJC is committed to work cooperatively with third-parties and non-parties to the extent additional discovery is required from them. As such, BJC satisfies the Court's second criteria.

### C. BJC Has Substantial Experience Successfully Litigating Complex Cases, Including Class Actions

BJC has extensive experience and success in litigating complex cases, including class actions and multi-district litigation. Specifically, the particular attorneys from BJC who will be assigned to the Steering Committee have litigated anti-trust class action cases against Xerox and Kodak on behalf of class action

plaintiffs, as well as numerous large and complex intellectual property cases against formidable defendants such as Google, AT&T, Microsoft, Apple, Yahoo!, and Verizon, – to name but a few. As a result, BJC has invaluable experience in class action and other complex commercial litigation. Furthermore, based on its experience in litigating hundreds of patent-infringement cases, of which many of the patents relate to IT systems, corporate websites, and Internet security, BJC has practical knowledge of the technology at issue here.

The specific experience and qualifications of BJC and its attorneys who seek appointment as part of the Consumer-track Steering Committee are set forth below.

### **Proposed Consumer-track Steering Committee Counsel**

**1. Eric W. Buether, BJC (Dallas, Texas);** *see generally* **Ex. A**

Eric Buether, Managing Member of BJC, has been recognized among the best lawyers in America for more than a decade, is listed in Who's Who Legal – Texas, and is rated AV Preeminent by Martindale Hubbell. He has extensive experience in class action, antitrust, and other complex commercial litigation. For example, Mr. Buether litigated the renowned class action cases brought by independent service organizations against Xerox and Kodak back in the 1990's. *See, e.g., R&D Business Systems v. Xerox Corp.*, No 2:92-CV-042 (E.D. Tex. 1993) ($250 million settlement); *A1 Copy Center v. Kodak Corp.*, Nos. 96-15293, 96-15296 (N.D. Cal. 1993) ($50 million settlement). He currently represents

clients in the internet and consumer electronics fields, as well as a wide variety of other industries, including telecommunications, cyber security, and other high-tech products and services.  As a result of his experience in class action, anti-trust, and intellectual-property cases, he and his firm have developed a national reputation for complex commercial litigation.

He, his firm, as well as other members of the firm have been named by *Best Lawyers* and *U.S. News and Daily Report* as some of the country's best attorneys and a top law firm. BJC has also been named in the *Forbes Legal Black Book*. Created by Forbes Business Division, the *Forbes Legal Black Book* is a compendium of elite law firms recognized for providing critical legal services to major U.S. and global corporations. Selection is based on a law firm's track record of providing extraordinary outside counsel legal services to top corporations, the firm's practice area range and focus, and its high rankings for quality of execution in multiple reviews.  The firm and its lawyers, including Mr. Buether and Mr. Joe, also are routinely named as among the best in Dallas by publications such as *Best Lawyers in America* and *Texas Super Lawyers*.

### 2. Christopher M. Joe, BJC (Dallas, Texas); *see generally* Ex. B

Chris Joe, Managing Member of BJC, has extensive experience litigating complex cases across the country.  For example, he litigated the then-high-profile class action case brought by independent service organizations against Kodak back

in the late 1990's.  *See, e.g., A1 Copy Center v. Kodak Corp.*, Nos. 96-15293, 96-15296 (N.D. Cal. 1993) ($50 million settlement).  Since then he has represented numerous clients in the internet and consumer electronics fields, as well as a wide variety of other industries, including telecommunications, cyber security, and other high-tech products and services.  As a result of his experience in class action, anti-trust, and intellectual-property cases, he and his firm have developed a national reputation for success in complex commercial litigation.

     Mr. Joe has more than twenty-five years' experience representing both plaintiffs and defendants in complex matters.  He has been recognized as a Super Lawyer and has an AV Preeminent rating from Martindale Hubbell as he has been rated by his peers as displaying the highest level of professional excellence. Throughout his career, Mr. Joe has successfully represented clients in highly complex cases, including the *Kodak* class action.  His extensive and successful background in litigating complex cases, as well as his ability to work exhaustively and cooperatively in this case, will benefit the putative class in the consumer-track cases. As such, it weighs heavily in favor of appointing him to the Steering Committee for the consumer-track cases pursuant to Rule 23(g) and this Court's other articulated criteria.

As the above description of BJC and its attorneys, Mr. Buether and Mr. Joe, establishes, both the firm and its attorneys satisfy the Court's third criteria.[1]

**D.  BJC Has Sufficient Resources to Advance the Consumer-Track Litigation in a Timely and Effective Manner**

As BJC, in general, and Mr. Buether and Mr. Joe, in particular, have repeatedly demonstrated by their success in the cases described above and in innumerable other cases, they have more than sufficient resources to advance the Consumer-track litigation in a timely and effective manner.  After appointment, BJC intends to establish a litigation fund to pay the joint expenses needed to finance the case to which it and the other group members will contribute.  Additional funds will be contributed as necessary.  This litigation will not suffer for lack of resources, dedication, or effort.

Accordingly, BJC meets the fourth and final criteria articulated by the Court.

## CONCLUSION

For the foregoing reasons, BJC hereby requests that its application for appointment to the Steering Committee for the Consumer-track cases be granted.

---

[1] *See generally* Ex. C (listing 532 cases litigated by Mr. Buether); Ex. D (listing 529 cases litigated by Mr. Joe).

## **CERTIFICATION**

The undersigned hereby certifies, pursuant to Local Civil Rule 7.1D that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Civil Rule 5.1C.

This 2nd day of February, 2018.

>*/s/  Kenneth P. Kula*
>Kenneth P. Kula

Dated: February 2, 2018

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Christopher M. Joe*
    Christopher M. Joe
    State Bar No. 00787770
    Chris.Joe@BJCIPLaw.com
    Eric W. Buether
    State Bar No. 03316880
    Eric.Buether@BJCIPLaw.com
    Brian A. Carpenter
    State Bar No. 03840600
    Brian.Carpenter@BJCIPLaw.com
    Kenneth P. Kula
    State Bar No. 24004749
    Ken.Kula@BJCIPLaw.com

    1700 Pacific Avenue
    Suite 4750
    Dallas, Texas 75201
    Telephone:  (214) 466-1272
    Facsimile:   (214) 635-1828

*ATTORNEYS FOR PLAINTIFFS CLINT THOMSON, JUSTIN WILLIAMS, AND DEREK SELDERS INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above and foregoing on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which automatically sends a copy to all counsel of record.

*/s/ Kenneth P. Kula*
Kenneth P. Kula
