# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) ) ) ) ) | MDL Docket No. 2800<br>Case No.: 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS |

## APPLICATION OF DIANNE M. NAST TO SERVE IN LEADERSHIP FOR

## THE CONSUMER TRACK

Pursuant to Case Management Order No. 2, Dianne M. Nast hereby applies to serve in the court-appointed leadership in any capacity this Court deems appropriate, including as Lead Counsel or as a Member of the Plaintiffs' Steering Committee for the Consumer Track Cases.[1]

### Introduction

Some cases are different. This is one. The class alleged includes almost half of the population of the United States. Ms. Nast's broad, far-ranging experience in managing different forms of complex litigation is an asset that will

---

[1] Ms. Nast is a member of the Susman Group and fully supports their Joint Consumer Track Leadership Application in its entirety. She makes this application in the event this Court does not appoint the Susman Group as constituted.

substantively contribute to the prosecution of these cases. Ms. Nast, and the attorneys with NastLaw LLC, understand and are prepared to tackle the complex legal and procedural issues that will undoubtedly be a major factor in this litigation.

Ms. Nast, an active member of the bar for over four decades, has extensive experience in complex litigation. She has a reputation for working cooperatively with co-counsel and facilitating resolution of disagreement.

### Rule 23(g) Factors

Federal Rule of Civil Procedure 23(g) requires:

(1)  *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

    (A)  must consider:

        (i)  the work counsel has done in identifying or investigating potential claims in the action;

        (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

        (iii)  counsel's knowledge of the applicable law; and

        (iv)  the resources that counsel will commit to representing the class;

    (B)  may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C)     may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D)     may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E)     may make further orders in connection with the appointment.

## I.     The Work Counsel Has Done in Identifying or Investigating Potential Claims in the Action

Before filing this lawsuit on behalf of Plaintiff Barbara Hensley, NastLaw lawyers spent time and resources investigating the claims made in their filing. This included researching the Fair Credit Reporting Act and the corporate relationships of the defendant.

Ms. Nast consulted with Ms. Hensley and other firm clients, to determine the potential impact of Defendants' failure to adequately safeguard personal identifying information and related data.  NastLaw attorneys continue to consult with firm clients on a near daily basis to further investigate and explore the issues in the case.

In keeping with Ms. Nast's and her firm's long history of working cooperatively on complex cases, in recent weeks, Ms. Nast has worked collaboratively and efficiently with other counsel including Stephen D. Susman, W. Pitts Carr, and others on forward-looking strategy in this case.  This includes

3

planning for the management of the case going forward, including the Case Management Proposal, considerations for consolidated complaints, numerous conferences concerning overall case management and related issues and participating in preparing the draft order than has been entered by this Court as Case Management Order No. 2.

## II.   Counsel's Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action

### A.   Litigation Experience Summary

Ms. Nast has abundant experience in complex litigation and is frequently appointed to take major leadership roles in those cases. By way of example, Ms. Nast was appointed by Judge Cynthia M. Rufe as Lead Counsel for the Direct Purchaser Plaintiffs in the *Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL 2724 (E.D. Pa.), to the PSC and as Sub-Class Counsel in *NFL Concussion Injury Litigation*, MDL 2323 (E.D. Pa.), to the Plaintiffs' Executive Committee in the *Effexor XR Antitrust Litigation*, MDL 2458 (D.N.J.) and the *General Motors LLC Ignition Switch Litigation* MDL 2543 (S.D.N.Y.), to the Plaintiffs' Steering Committee in *Testosterone Replacement Therapy Litigation*, MDL 2545 (N.D. Ill.), as Co- Lead Class Counsel in *Factor Concentrate Blood Products Litigation*, MDL 986 (N.D. Ill.), as Co-Lead Counsel in *Airlines Transportation Antitrust*

*Litigation,* MDL 869 (N.D. Ga.), before The Honorable Marvin H. Shoob, and to the PSC, Sub-Class Counsel, and the Fee Committee in *Diet Drugs Litigation*, MDL 1203 (E.D. Pa.).[2]  Ms. Nast has served as Federal State Liaison Counsel in two other MDLs – the *Avandia Litigation*, MDL No. 1871 (E.D. Pa.), and the *Yasmin and Yaz (Drospirenone) Litigation,* MDL 2100 (S.D. Ill.).   Ms. Nast chaired the Fee Committee in the *Avandia Litigation*, and was a member of the Fee Committees in the *Diet Drugs*, *Medtronic* and *Factor Concentrate* litigations, which were difficult, but important undertakings.   Additional details about Ms. Nast are included in her Biography, attached as Exhibit 1.

In the above cases and many others, Ms. Nast has taken major responsibility for brief writing, oral advocacy and extensive negotiations, including overall settlements and litigation dispute resolution.   Ms. Nast has organized document

---

[2] Ms. Nast has also been appointed as Lead or Co-Lead Counsel and served as a member of the Plaintiffs' Executive Committee or Plaintiffs' Steering Committee in many other cases throughout the United States. By way of example: *In re: Yaz, Yasmin, Ocella Prod. Liab. Litig.* (Phila. C.C.P. No. 1307) (Pa. Co-Lead/Liaison); *In re: Serzone Prod. Liab. Litig.* (S.D. W.V., MDL 1477) (PSC); *In re: Heparin Prod. Liab. Litig.* (N.D. Ohio, MDL 1953) (PEC); and *In re Medtronic, Inc. Sprint Fidelis Leads Litig.* (D. Minn., MDL 1905) (PSC and Fee Committee).

discovery, retained and worked with experts, worked to refine science presentations and theories of the cases, and prepared cases for trial.

B.    Professional Appointments

She was appointed by then Chief Justice William H. Rehnquist to the Board of Directors of the Federal Judicial Center Foundation, where she served for ten years, including five years as Chair.

The late Judge Edward Becker, then Chief Judge of the Third Circuit, appointed Ms. Nast to serve as a member of the Third Circuit Task Force on Selection of Class Counsel.  The Task Force issued a report, *Selection of Class Counsel*, 208 F.R.D. 340 (2002) (Daniel J. Capra, Reporter), which has been cited over 100 times in court opinions.  Ms. Nast also was selected by The American Law Institute to serve on ALI's Principles of the Law of Aggregate Litigation Project.

In April, 2015, the American Bar Association Tort and Trial Practice Section awarded Ms. Nast its Pursuit of Justice Award.  In June, 2016, Ms. Nast was selected by The Legal Intelligencer, Pennsylvania's leading legal newspaper, covering legal developments statewide and nationally, to receive its Life Time Achievement Award, honoring Ms. Nast's accomplishments and innovations

during her continuing legal career.  Ms. Nast was awarded <u>The Legal Intelligencer</u> Pennsylvania Legal Award for Professional Excellence in 2017.

Ms. Nast chaired the Lawyers Advisory Committee for the United States Court of Appeals for the Third Circuit and served a three-year term on that Committee.

She served for eight years on the Third Circuit's Committee on Revision of Judicial Conduct Rules of the Judicial Council and on the Judicial Conference Long Range Planning Committee.

She was appointed by the late Chief Judge Alfred L. Luongo to Chair the Eastern District of Pennsylvania's Lawyers Advisory Committee, where she served for four years.  She also served for three years as President of The Historical Society for the Eastern District of Pennsylvania and as Editor of the Society's Annual Historical Calendar.

Ms. Nast is a member of the American Bar Association Litigation Section, where she served on the Task Force on State Justice Initiatives and on its Committee on Counsel Fees.  She served on the Task Force on the Justice System and the Task Force on Strategic Planning.  She co-chaired the Section's Committee on International Associations and served a term on the Section's Council.  She was co-chair of a Section Conference with the British Bar, a weeklong conference in

London on Civil Justice.  She served as a Section Division Director and co-chaired the Section's Antitrust Committee.

She served a term in the American Bar Association House of Delegates and three terms in the Pennsylvania Bar Association House of Delegates.  She was a member of the Pennsylvania Bar Association's Task Force on the Image of the Lawyer.  Ms. Nast served as a member of the American Arbitration Association Task Force on Alternate Dispute Resolution and Mass Torts.  She also served as a member of the Board of Directors of the American Arbitration Association.

She served six years as a Director on the Board of the Public Defender's Office of Philadelphia.  Ms. Nast was selected as one of a small group of Philadelphia attorneys to be appointed Judge Pro Tempore, serving as presiding Judge in major civil jury cases in the Court of Common Pleas.

Ms. Nast is a Fellow of the American Bar Foundation.  She is a member of the American Law Institute, serves as a member of the Board of Directors of the Sedona Conference, the American Antitrust Institute, and the Public Justice Foundation.  She is a member of the National Association of Professional Women. She currently serves on The Pennsylvania Disciplinary Hearing Committee.

Ms. Nast holds an AV Martindale-Hubbell rating and has been selected to be listed in *The Best Lawyers in America*, in each edition since 2003.  The *National*

*Law Journal* has selected Ms. Nast as one of the nation's top fifty women litigators. Ms. Nast was also selected by *Philadelphia Magazine* as one of Philadelphia's Best Complex Litigation Lawyers. She has been named repeatedly as one of Pennsylvania's Top Fifty Women Lawyers. She appears in numerous *Who's Who* publications.

## III.   Counsel's Knowledge of the Applicable Law

Ms. Nast is deeply immersed in the legal and procedural issues in this case. She has decades of experience with the complex issues and challenges that will likely be presented here. Ms. Nast has particular knowledge of class action issues, having started her career working with Harold E. Kohn, Esquire, an early pioneer in MDL and class action litigation.

## IV.   Resources that Counsel Will Commit to Representing the Class

Ms. Nast, and her firm, are committed to this litigation and will dedicate the substantial personal time, energy and major financial resources to bring this important litigation to conclusion. She will remain active in the litigation until every case is concluded. Her history in other cases demonstrates that when she is in a leadership position, she remains in the case until the case is concluded and also helps other colleagues to wrap up their cases, if such help is requested.

NastLaw attorneys, half of whom are women, have over 100 years of combined experience litigating complex cases. Ms. Nast, the firm founder, brings decades of complex litigation experience to the firm. Ms. Nast has been recognized as one of the most accomplished attorneys in the country and has been noted by Courts across the country for skill and leadership in complex litigation.

## V.    Other Rule 23(g) Factors

Ms. Nast joins in and supports the fee structure described in the Susman Group's application. *See* Susman Group Application at Section B.

### Other Factors Enumerated in Case Management Order No. 1

This Court has asked that applicants also address (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Factors (3) and (4) were addressed above. Factors (1) and (2) are addressed below.

## I.    Willingness and Ability to Commit to a Time-Consuming Process

Ms. Nast is committed to this litigation and pledges to dedicate her personal time, energy and major financial resources to this important litigation, and the resources of her entire firm.

## II.    Ability to Work Cooperatively with Others

She has a strong reputation of working collegially with her colleagues, a fact that has been recognized by numerous courts in their frequent appointment of Ms. Nast to positions that require strong and effective leadership skills.   These skills have been readily visible in her appointments to fee committees, an area that presents contentious questions and requires significant efforts, diplomacy and finesse to resolve.   She has worked with hundreds of lawyers and law firms over the years, including many in this case.   It is well-known that she is calm and reasonable.  Her word is her bond.

## Conclusion

For the reasons described above, should this Court choose not to appoint the Susman Group as constituted, Ms. Nast respectfully applies to be appointed to the leadership for the Equifax Consumer Track Cases in such position as the Court selects her to serve.

Dated: February 1, 2018          Respectfully submitted,

NASTLAW LLC

By:      */s/ Dianne M. Nast*
                Dianne M. Nast

Dianne M. Nast (Pennsylvania Bar No. 24424)
1101 Market Street
Suite 2801
Philadelphia, Pennsylvania 19107
215-923-9300
215-923-9302 (facsimile)
dnast@nastlaw.com

*Counsel for Plaintiff Barbara Hensley*

## CERTIFICATE OF COMPLIANCE WITH RULE 5.1(B)

Dianne M. Nast certifies that, pursuant to Local Rule 5.1, certifies that this Application is prepared in accordance with LR 5.1(B).  Specifically, it was prepared in Times New Roman 14 point font, with a top margin of 1.5 inches and all other margins of 1 inch.


Dated:  February 1, 2018

NASTLAW LLC


By:     */s/ Dianne M. Nast*
        Dianne M. Nast

Dianne M. Nast (Pennsylvania Bar No. 24424)
1101 Market Street
Suite 2801
Philadelphia, Pennsylvania 19107
215-923-9300
215-923-9302 (facsimile)
dnast@nastlaw.com