IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL DOCEKT NO. 2800<br>1:17-MD-2800-TWT<br><br>CONSUMER ACTIONS |

### APPLICATION FOR APPOINMENT OF MICHAEL A. GALPERN, ESQ. AS A MEMBER OF THE STEERING COMMITTEE FOR THE CONSUMER PLAINTIFF CLASS

I, Michael A. Galpern, hereby applies to serve as a member of the Plaintiffs Steering Committee ("PSC") for the consumer plaintiffs class or any other position this court deems appropriate. I am counsel of record in this litigation for Alana Bradley, case no. 1:18-cv-0042. I make this application, pursuant to Case Management Order ("CMO") Nos 1 (ECF No.23) and 2 (ECF No.87) and Federal Rules Civil Procedure 23(g).

I have enclosed a copy of my *curriculum vitae* to this application. I believe that my legal experience justifies my appointment to the PSC. (*See* **Exhibit A** to the present application).[1]

### I.   BACKGROUD

Following my graduation from the Rutgers School of Law – Camden in 1988, I served a one-year clerkship with the Hon. Jerome B Simandle, United States District Court, for the District of New Jersey. Clerking for Judge Simandle provided me with invaluable insight into the judicial aspects of complex case management, and the importance of a functional and accountable leadership slate for complex civil litigation.

---

[1] I certify that I have no agreements or arrangements with any other counsel, except for the promise to work cooperatively with any and all counsel appointed to leadership.

Following my clerkship with Judge Simandle, I joined the Locks Law Firm (F/K/A Greitzer and Locks). I am now celebrating 29 years with the Locks Law Firm, and I am co-managing partner of the firm. I believe that my (almost) three decades of tenure with this firm demonstrate loyalty and long-term devotion; two attributes which are essential for a PSC member.

## II. MASS TORT AND CLASS ACTION EXPERIENCE

I have considerable experience in mass tort and consumer class actions, some of which involve data breach claims and some of which do not.

### A. Cases Involving Data Breach Claims

I and my firm were appointed by the Hon. Jeffrey White, United States District Judge, Northern District of California, to the Plaintiff's Executive Committee in In Re: Yapstone Data Breach, Case No. 4:15-cv-04429-JSW, a data breach case which was resolved in a settlement which provided for credit monitoring and identity theft services to claimants (valued at approximately $4.5 million annually in perpetuity), a *cy pres* fund to non-profit organizations, and injunctive relief in the form of YapStone implementing significant and costly data security measures..

I and my firm were also appointed by the Hon. Andrew J. Guilford, United States District Judge, Central District of California, to serve on the Plaintiffs Steering Committee in In Re: Experian Data Breach, Case No.: SACV 15-1592 AG (DFMX). The Experian Data Breach case, which is another data breach case with one of the three major credit bureaus, where the data of approximately 15 million people was disclosed to an unauthorized third party. That case is settled in principal, although the terms are currently confidential.

2

### B. Cases Appointed as Lead and/or Class Counsel

In addition to the positions I have held in cases involving data breach incidents I have also served as lead or class counsel in a number of other cases. I was appointed as Class Counsel by the Hon. Katherine Hayden, United States District Judge for the District of New Jersey in In Re Staples Wage and Hour Litigation, 2:08-cv-5746(KSH)(PS), a nationwide FLSA litigation, in which I also serve as lead trial counsel during a seven week trial and later served as co-lead negotiating counsel. The Staples verdict is believed to be the largest FLSA verdict in New Jersey against a retailer.

I was also appointed by the late Hon. Carol Higbee JSC as lead counsel as well as MDL liaison for the New Jersey centralized litigation in In Re: Bextra/Celebrex, Superior Court of New Jersey, Middlesex County, Docket No. ATL-L-253-06-MT.

I have been appointed as class counsel by the Hon. William J. Martini, United States District Judge for the District of New Jersey, in In Re Office Depot, 2:12-02992(WJM), a multistate Fair Labor Standards Act (FLSA) action. This case reached an amicable class-wide settlement.

I was appointed by the Hon. Michael J. Kassel, JSC as Class Counsel in Caprarola v. Wells Fargo, Superior Court of New Jersey, Law Division: Camden County Cam-L-3570-13, a statewide class action on behalf of loan officers at Wells Fargo. This settled on a class-wide basis after nearly two years of litigation.

I was appointed by the Hon. Jerome B Simandle, United States District Court for the District of New Jersey as class counsel in Edwards v. 21st Century, Civ. No. 1:09-cv-04364-JBS-JS, a statewide class action on behalf of New Jersey consumers. This case was settled on a class-wide basis.

3

I was appointed as class counsel by the Hon. Jerome B Simandle, United States District Judge for the District of New Jersey, in Weber v. Geico, Civ. No. 07-1332 (JBS/JS), a statewide class action on behalf of New Jersey consumers. This case reached a class-wide settlement.

I have been appointed by the Hon. Peter G Sheridan, United States District Judge for the District of New Jersey, as class counsel in Oravsky v. Encompass Insurance Company, Civ. No. 3:10-cv-03168(PGS)(LHG), a statewide class action on behalf of New Jersey consumers. This case reached an amicable settlement on a class-wide basis.

I was appointed by the Hon. Louis R Meloni, J.S.C. Superior Court of New Jersey, Law Division: Camden County, as class counsel in Zayas v. Power Windows & Siding, Docket No. CAM-L-5454-09, a statewide class action of New Jersey consumers. This case reached a class-wide settlement.

I was appointed by the Hon. Deborah Silverman Katz, J.S.C., Superior Court of New Jersey, Law Division: Camden County, as class counsel in Kepler v. Weichert, Docket No. CAM-L-845-10, a statewide class action on behalf of New Jersey consumers. This case reached an amicable settlement.

I and my firm were appointed by the Hon. Jerome B Simandle, United States District Judge for the District of New Jersey as class counsel in Martinez v. Public Storage, 14-302 (JBS/AMD), a statewide class action on behalf of approximately 160,000 New Jersey consumers. This case is still pending and is awaiting decisions on dispositive motions.

I was appointed by the Hon. Thomas T. Booth Jr. J.S.C., as class counsel in Kaufman v. New England Fitness South, Superior Court of New Jersey, Law Division: Camden County, Docket No: CAM-L-3935-15, a statewide class action on behalf of New Jersey consumers. This case is still pending.

### C. Cases Appointed PSC

In addition to the PSC appointments in the Experian and Yapstone matters, I was appointed to the PSC in In Re: Bextra And Celebrex Marketing Sales Practices And Product Liability Litigation, Case No: M:05-CV01699-CRB, MDL No. 1699, by the Hon.. Charles R. Breyer, United States District Judge for the Northern District of California. This case involved thousands of product liability and marketing claims involving two different drugs. The PSC conducted the nationwide litigation coordinating the litigation with New York and New Jersey centralized State litigation, achieving a nationwide settlement.

I was also appointed to the PSC in In Re: Propecia Product Liability Litigation, 12-MD-2331 (JG)(VVP) by the Hon. John Gleeson, United States District Court for the Eastern District of New York. I was also appointed by the Hon. Jessica Mayer, JSC, as co-lead counsel in the New Jersey State centralized litigation in In Re: Propecia Litigation, Superior Court of New Jersey Law Division: Middlesex County, case No. 623.

### III. ABILITY TO WORK COOPERATIVELY WITH OTHER PLAINTIFFS' COUNSEL, DEFENSE COUNSEL AND THE COURT.

A hallmark of an effective PSC member will be his or her ability to work cooperatively with co-counsel, opposing counsel, and of course the court. My background demonstrates my ability to work in a collegial and effective fashion with various groups and diverse professionals. By way of example, I served as the President of the New Jersey Association for Justice, (NJAJ) from June 2010 to June 2011. Prior to that time I served in NJAJ, holding various other officer

5

ranks, and I have served on the Board of Governors for NJAJ for almost two decades. NJAJ is an organization of over 2,400 members in private practice and in public service, as well as paralegals and law students. As an officer with NJAJ and as President, I was responsible for coordinating regional and statewide meetings, soliciting input from all NJAJ members across the state, and ensuring to the best of my abilities that NJAJ continued to protect New Jersey families and consumers by working to preserve and strengthen laws dedicated to consumer protection and workplace safety. More information about NJAJ can be found at its website: https://www.nj-justice.org/index.cfm?&pg=about. I believe part of the reason that I was an effective President was my ability to work cooperatively and effectively with various attorneys across New Jersey and indeed across the United States.

I have also served on the Board of Directors of the Workers Injury Law and Advocacy Group (WILG), and from 2014-2015, I served as the President of WILG. WILG is a national nonprofit organization of approximately 1100 lawyers across the United States dedicated to representing the interests of millions of workers and their families who sustain physical injuries in the workplace or economic injuries as a result of fraud or discrimination by their employers. Similar to my function at NJAJ, as an officer and later President with WILG, I solicited input from all members and non-members across the country to ensure that WILG stayed true to its mission statement. Again, my success as President was dependent on my ability to work effectively with many different attorneys across the county. More information about WILG can be found on its website: https://www.wilg.org/index.cfm?pg=MissionStatement.

Finally, I also serve on the Board of Governors in the American Association of Justice (AAJ), a national nonprofit organization dedicated to promoting a fair and effective justice system and to support the work of attorneys in their efforts to ensure that a person injured by the

misconduct or negligence of others can obtain justice in America's courts. More about AAJ can be found at its website: https://www.justice.org/who-we-are/mission-history.

I believe that my dedication to the above three nonprofit organizations, which has been ongoing for well over a decade, shows not only a passionate and unbridled devotion to the cause of justice for all, but also demonstrates my ability to work productively and effectively with many different colleagues with many different viewpoints. An effective PSC, like an effective trial lawyer organization, must truly be a team effort. I believe I have demonstrated that I am a team player.

### IV.   UNIQUE ASPECTS OF THIS APPLICANT'S EXPERIENCE

There is no question that this court will soon be inundated with many applications for leadership and the PSC from many fine attorneys. The undersigned respectfully submits that I have certain experience which set me apart from some of the other candidates. First and foremost, I believe that I have far greater actual trial experience then many, and perhaps most, of the other candidates. I have tried in excess of 40 civil jury trials in my career, including but not limited to asbestos wrongful death cases, motor vehicle liability cases, pharmaceutical defect cases, medical negligence cases, and collective/class actions under the FLSA. I have been certified and recertified as a Civil Trial Attorney by the New Jersey Supreme Court Board on Attorney Certification. The New Jersey Supreme Court Board has promulgated a strict set of criteria, and has adopted a rigorous examination process, which an applicant must pass before he or she can promote themselves as a certified trial attorney. Less than 3% of New Jersey attorneys have been certified as civil trial attorneys. Full information on the application and examination process can be found at: http://www.njcourts.gov/attorneys/attcert.html.

This trial experience provides a unique perspective in planning and preparing a large and complex case such as the present matter. In addition to the above-mentioned trial experience, I believe that I have considerable teaching experience, which will undoubtedly prove valuable in explaining technical information to witnesses, juries, and perhaps the court. In addition to having taught over 100 CLE programs in my career I have served as an adjunct Professor of Law at the Rutgers School of Law – Camden, for approximately eight years. I believe my experience as a teacher has improved my skills as a trial lawyer, and vice versa.

The firm generally, and I specifically, have very close relationships with many of the attorneys who have filed cases in this matter and have applied for either Lead Counsel and/or PSC membership. I respectfully submit that I will be an eager and productive team member of the PSC, and will do what I have been asked, when I am asked, to the best of my abilities.

## V. WILLINGNESS AND ABILITY TO COMMIT TO A TIME-CONSUMING PROCESS, AND ACCESS TO SUFFICIENT RESOURCES TO PROSECUTE THIS LITIGATION IN A TIMELY MANNER.

I understand and fully appreciate the time and financial commitments that will be required of me if I am fortunate enough to be appointed to the PSC. I will work to the greatest extent possible to ensure that this litigation is conducted promptly and efficiently. The Locks Law Firm, with 25 lawyers in three states (New Jersey, New York and Pennsylvania), unquestionably has the resources and manpower to support me in my role as it PSC member. We have never and will never fund litigation from borrowing from outside parties.

## VI. THE LOCKS LAW FIRM HAS EXTENSIVE EXPERIENCE IN COMPLEX LITIGATION AND ADEQUATE RESOURCES TO ADVANCE THE LITIGATION.

While the undersigned fully appreciates that any PSC appointment will be an appointment of an individual rather than a firm, it is inescapable that any effective PSC member will have to rely on other firm members for advice and support from time to time. By way of

example, Gene Locks, senior managing partner at the Locks Law Firm, was primary negotiator of the Agent Orange Class Settlement before the Honorable Jack Weinstein, USDC-NY and was co-lead negotiator of the Manville Personal Injury Trust. Mr. Locks was the sole negotiator of the UNR Claims Trust which was formed in 1989 and has paid slightly less than 400 million dollars in benefits to 450,000 plaintiffs. The Locks Law Firm has been appointed to the Plaintiff Executive Committee In Re NFL Concussion Litigation, Civ. No.: 2:12-md-02323-AB, MDL 2323, and has been appointed as lead or co-lead counsel in numerous other pharmaceutical matters.

## CONCLUSION

I respectfully request an appointment to the Equifax Plaintiff's Steering Committee for the consumer plaintiffs class. I intend to attend the appointment hearing on February 9, 2018, and will address any questions the Court may have.

Michael A. Galpern, Esq.
**LOCKS LAW FIRM, LLC**
801 N. Kings Highway
Cherry Hill, NJ 08034
Tel: (856) 663-8200
E: mgalpern@lockslaw.com

Date: February 2, 2018

## **CERTIFICATE OF SERVICE**

I, Michael A. Galpern, Esq. hereby certify, that on this date, a true and correct copy of the foregoing Application for Appointment of Michael A. Galpern, Esq. as a member of the Steering Committee for the Consumer Plaintiff Class were served on all counsel of record via the Court's electronic filing system.

_____
Michael A. Galpern, Esq.

Date: February 2, 2018