# STONE ▮M▮ MAGNANINI

## COMPLEX LITIGATION

February 2, 2018

**VIA ECF and UPS OVERNIGHT MAIL**
Honorable Thomas W. Thrash, Jr., Chief U.S.D.J.
United States District Court, Northern District of Georgia
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

>   Re:   *In re: Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800, Docket No. 1:17-md-02800-TWT (CONSUMER ACTIONS) <u>Joint Application of David S. Stone and Robert A. Magnanini of Stone & Magnanini LLP for a Lead Counsel or Steering Committee Position</u>

Dear Chief Judge Thrash:

    We respectfully submit this application for a lead counsel or steering committee position, addressing the criteria specified in Case Management Order Nos. 1 and 2, and Federal Rule of Civil Procedure ("FRCP") 23(g). Furthermore, as counsel to approximately 50% of all plaintiffs in this matter who allege paying the Equifax defendants (collectively, "Equifax") for identity theft protection services, and who also allege that Equifax breached its contract for services (hereinafter, the "Contract Plaintiffs"), we are confident we can fairly and adequately represent the interests of the unique subclass of Contract Plaintiffs in this case, in addition to the Consumer Class overall. *See* FRCP 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class"); FRCP 23(g)(2) ("When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.").

    1. **Professional Experience In Handling Class Actions, Other Complex Litigation, And The Types Of Claims Asserted In The Action**

    Our Firm dedicates its practice to complex litigation in Federal Courts, and we have substantial experience with complex class actions, including complex contract-based actions for both plaintiffs and defendants.[1] We currently serve or have served as lead or co-lead counsel in:

---

[1] Since our Firm maintains a vital commercial litigation practice, much of which is handled on a billable-hour basis, we regularly keep daily, contemporaneous time records. Such practice will allow us to provide the Court with detailed and transparent time entries, easing the Court's oversight of counsel in this case.

100 Connell Drive, Suite 2200, Berkeley Heights, New Jersey 07922
P 973.218.1111 / F 973.218.1106 / www.stonemagnalaw.com

*Royal Mile Co., Inc., et al. v. UPMC, et al.*, No. 2:10-cv-01609-JFC (E.D. Pa.) (co-lead counsel); *Harnish et al. v. Widener University School of Law*, No. 2:12-cv-608 (D.N.J.) (lead counsel); *United States ex rel. Minnesota Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, No. 4:96-cv-00734-RHK-AJB (D. Minn.) (lead counsel); *Agurenko et al. v. Arab Bank, PLC.*, No. 1:10-cv-626 (E.D.N.Y.) (co-lead counsel); *Starr International Co. v. United States*, No. 1:11-cv-00779 (COFC) (co-counsel with lead counsel Boies, Schiller & Flexner LLP); *Animal Science Products Inc. et al. v. China National Metals & Minerals Import & Export Corp. et al.*, No. 2:05-cv-04376 (D.N.J.) (co-lead counsel); *Caso v. Standard Chartered Bank International (Americas) Limited et al.*, 1:10-cv-9196 (S.D.N.Y.) (co-lead counsel); co-lead defense counsel in an antitrust case by tobacco growers against Altria (formerly Phillip Morris) for price fixing; co-lead defense counsel in an antitrust class action against luxury car dealers in New York and New Jersey for monopolization and price fixing, as well as a consumer class action against car dealers in New Jersey for violations of state regulations and consumer fraud laws; co-lead counsel in a securities class action against Qwest Communications International, Inc.; co-lead defense counsel in *In Re: Metromedia* (D.N.J.); co-lead counsel in defense of Starr International Corp. in a securities class action brought by the Teachers Pension Fund of Louisiana; class counsel in an action against Fastener Dimensions, Inc. in E.D.N.Y.; and co-lead counsel for the plaintiff in *Broadcom Corp. v. Qualcomm Inc.*, a preeminent data-driven antitrust matter.

In addition to the national class action matters we have handled, our Firm maintains a nationwide whistleblower practice, and we routinely work alongside State and Federal Governments to resolve complex, multiparty matters, which oftentimes present complex issues similar to those presented in class action cases. This experience provides us with additional expertise dealing with data and privacy matters, as these issues routinely arise in the pharmaceutical *qui tam* cases we handle. Working alongside the Department of Justice, and many State Attorneys General, our Firm has represented *qui tam* relators in some of the largest recoveries ever obtained, including a $2.2 billion settlement with Johnson & Johnson's Janssen Pharmaceuticals, and five other matters that have recovered amounts in excess of $300 million.

Furthermore, our Firm stands amongst the few that have litigated matters before the Supreme Court of the United States. Working alongside the U.S. Solicitor General's Office, we successfully represented a *qui tam* relator in his efforts to recover monies acquired through defrauding taxpayers and the U.S. Government.

Together, our experience and success in class action litigation and other forms of complex litigation and appellate work indicate our ability to act in a leadership role in this case.

### 2. Willingness And Ability To Commit To Time-Consuming Litigation

We are willing and able to immediately commit the time and resources necessary to litigate this matter. Our Firm is immediately prepared to devote all necessary resources to successfully resolving this case whether by trial or settlement, which is how this matter should be quickly resolved.

### 3. Ability To Work Cooperatively With Others

Our record of successfully resolving complex, multiparty matters, and our current endeavors in this case indicate our commitment to working cooperatively with others.

Our Firm continues to confer and work with numerous other law firms involved in this matter, including Spector Roseman & Kodroff P.C., to advance the interests of both the Contract Plaintiffs and Consumer Class. Together with these firms, we have collaborated on numerous research and strategy projects to ensure that the Contract Plaintiffs and Consumer Class receive the best possible representation available. Contemporaneous with this application, we continue to facilitate collaboration amongst nationwide counsel for consumer plaintiffs, and will continue these endeavors throughout litigation.

Similarly, our Firm maintains a nationally-renowned *qui tam* practice, and therefore regularly works alongside both State and Federal Governments, and many of the firms involved in this case (both plaintiff and defense counsel), in resolving complex matters. Based upon our prior history of working collegially with these firms, we expect we will be able to cooperate with all involved to successfully resolve this matter.

### 4. Access To Sufficient Resources To Advance This Litigation In A Timely Manner

Our Firm possesses sufficient resources to timely advance this litigation. Our Firm regularly represents plaintiffs in complex litigation, and has the substantial financial resources necessary for vigorously pursuing this case. Our Firm regularly manages complex electronic and other discovery, and coordinates complex litigation. The attorneys at our Firm are alumni of large law firms, top-tier law schools, and have handled some of the largest civil cases in recent history. We are willing and able to commit the financial, attorney, and staff resources necessary to resolving this matter.

### 5. Willingness To Serve As Lead Counsel, Or As Members Of A Steering Committee, Or Both

We are willing to serve as lead counsel, or as members of a steering committee.

### 6. The Work Counsel Has Done In Identifying Or Investigating Potential Claims In The Action

As mentioned above, our Firm has worked diligently to identify and pursue distinctive contract-based claims on behalf of the Contract Plaintiffs, a unique subclass of plaintiffs in this case. Our Firm has consulted with other counsel representing Contract Plaintiffs and has devised unique strategies for pursuing claims brought solely by Contract Plaintiffs, including unique standing arguments and liability theories. Furthermore, we have worked with various lawyers and experts to determine potential damage theories that will be entirely unique to the Contract Plaintiffs, as we recognize that these positions will likely differ from the non-contract plaintiffs' positions.

Honorable Thomas W. Thrash, Jr., Chief U.S.D.J.
February 2, 2018
Page 4

We are continuing to work with all counsel representing Contract Plaintiffs in an attempt to streamline and jointly-present the unique allegations offered by the Contract Plaintiffs, and will continue to work with those lawyers to investigate the pursue those claims. Together, we are confident that the positions we are pursuing will benefit both the Contract Plaintiffs and the Consumer Class as a whole.

### 7. Category Of Plaintiffs We Seek To Represent

We seek to represent the class of Consumer Plaintiffs, and should any subclasses be designated, the Contract Plaintiffs.

### 8. Other Matters Pertinent To Counsel's Ability To Fairly And Adequately Represent The Interests Of The Class

As graduates of Harvard Law School and Columbia Law School respectively, former partners of Boies, Schiller & Flexner LLP, and current Co-Managing Partners of Stone & Magnanini LLP, we have managed complex litigation—for both plaintiffs and defendants—from inception, through trial and appeal, including before the Supreme Court of the United States. We have a long history of successfully representing plaintiffs in complex litigation, and achieving favorable and timely results, and we are confident that these experiences will allow us to adequately represent the interests of the Consumer Class.

While we continue to strongly believe that the Contract Plaintiffs should proceed as a separate subclass, and we will present this position to the Court at the appropriate time, whether divided into a separate subclass or not, we submit that there should be lawyers representing this unique group of plaintiffs on the leadership committee appointed by the Court. These lawyers will protect and advance the separate and meritorious positions presented by the Contract Plaintiffs, if necessary. While we currently only represent Contract Plaintiffs, we will, of course, represent and pursue the interests of the entire Consumer Class to the best of our abilities. By appointing us to a leadership role, the Court can be sure that we will pursue the core claims presented by *all* consumer plaintiffs, while also working to protect the additional and unique claims and theories advanced by the Contract Plaintiffs—theories on standing, liability, and damages that work to benefit all consumer plaintiffs by strengthening the positions of the Consumer Class as a whole.

We look forward to assisting the Court in addressing these matters and establishing a procedure to efficiently and justly resolve the claims before it.

Thank you for Your Honor's attention to this matter. If the Court requires additional information, please do not hesitate to contact us.

Honorable Thomas W. Thrash, Jr., Chief U.S.D.J.
February 2, 2018
Page 5

Respectfully submitted,

David S. Stone

Robert A. Magnanini