# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NORTHEASTERN DIVISION

| | |
|---|---|
| In re:  Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 Case No.:  1-17-md-2800-TWT CONSUMER ACTIONS |

## APPLICATION OF RICHARD P. ROUCO FOR APPOINTMENT TO THE INTERIM STEERING COMMITTEE FOR THE CONSUMER PLAINTIFF CLASS

Pursuant to the Court's Case Management Order No. 2, Richard Rouco respectfully requests that the Court appoint him to the interim steering committee for the Consumer Plaintiff track. As grounds for this application, Mr. Rouco states the following:

1.      Mr. Rouco is a partner in the law firm Quinn, Connor, Weaver, Davies and Rouco, LLP (hereinafter "Quinn Connor"). Quinn Connor has offices in Decatur, GA and Birmingham, AL.  Though Quinn Connor's lawyers have a long standing history of representing labor unions and Taft-Hartley benefit plans, Mr. Rouco's practice areas include anti-trust litigation, whistle blower claims, complex benefits litigation and consumer class actions.

2.      Mr. Rouco, along with his partners Robert Weaver and Tessa Warren, are co-counsel with Mr. Eric Artrip in *Tepfenhart et. al. v. Equifax, Inc.* 17-cv-03571-ELR (N.D. Ga) and *Rajput v. Equifax, Inc.*, 17-cv-01606 (N.D. Ala.).  The *Tepfenhart* case is a class action with eighteen (18) named plaintiffs residing in thirteen (13) different states.[1] The *Rajput* case is also a

---

[1] In addition to a federal claim, the *Tepfenhart* complaint asserts claims under the laws of the following states: Arizona, California, Colorado, Georgia, Indiana, Missouri, Mississippi, North Carolina, North Dakota, Tennessee, Utah and Washington.

class action seeking to represent a class of individuals who had purchased fraud monitoring and related services from Equifax and paid a monthly fee prior to the security breach.  As argued below, appointing counsel to the interim steering committee to assist lead counsel who represent plaintiffs like Mr. Rajput would be appropriate in this case.

3.     Consistent with the factors set for in Rule 23(g) of the Federal Rules of Civil Procedure, the Court's CMO No. 1 identified the main criteria for appointment as (i) willingness and ability to commit to a time-consuming process; (ii) ability to work cooperatively with others; (iii) professional experienced in this type of litigation and (iv) access to sufficient resources to advance the litigation in a timely manner. As argued below, Mr. Rouco and his firm satisfy each of the factors identified in CMO No. 1.

4.     **<u>Willingness and ability to commit:</u>** Mr. Rouco and his firm are willing and able to commit to the time consuming duties of a member of the Consumer Plaintiffs' steering committee. First, Mr. Rouco has participated both as class counsel and/or an active member of a plaintiff's steering committee in complex class litigation. His firm has also shown a willingness and ability to commit necessary resources to participating in time consuming litigation.  For example, in the *Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, 2:13-cv-20000-RDP (N.D. Ala.), the subscribers allege that the approximately thirty-eight (38) BCBS entities (which operate as independent insurance companies) have engaged, among other things, in a market allocation conspiracy to limit competition in a market for the sale of certain health insurance products.  Mr. Rouco was appointed to the subscriber track written submissions committee and has served on the committee and assumed other responsibilities since 2013.  The firm has remained financially committed to the litigation and met all its financial obligations (e.g. initial litigation fund contribution and subsequent assessments). This is case where many firms

originally assigned to a committee were unwilling or unable to meet the financial commitments of litigating an expert intensive case and the corresponding costs.

Second, other than commitment in the *Blue Cross Blue Shield* case, Mr. Rouco and his firm are not presently serving on a steering committee in a complex class action. As a result, he has the ability and time to commit to this potentially time consuming litigation.

5.    **Ability to work cooperatively:** Mr. Rouco has worked cooperatively on several class actions with other counsel.  When appropriate, Mr. Rouco has at times not sought a leadership role but instead supported other firms and worked with them in prosecuting claims on behalf of class members.  In a case where Mr. Rouco has acted as class counsel or a member of a steering committee he has worked cooperatively with co-counsel. Mr. Rouco believes that communicating with and actively involving co-counsel in the litigation are essential to a successful outcome in a complex case.

With respect to the firms and/or lawyers who may be seeking the position of lead or co-lead, Mr. Rouco has worked closely with David Worley on several projects and supports his application for co-lead. Mr. Worley has the skills and knowledge needed to lead this complex litigation.  He has sought the input of all plaintiffs' counsel in preparing the initial documents filed in this case and has welcomed comments and edits.  As demonstrated in the successful result in the Home Depot data security breach litigation, Mr. Worley, Mr. Blood and Mr. Barnow have shown that they can effectively manage a complex data security case.

6.    **Professional experience in this type of litigation**: Mr. Rouco prior experience with this type of litigation was *In Re TJX Companies Retail Security Breach Litigation*, 524 F. Supp. 2d 83 (D. Mass. 2007) Mr. Rouco's former firm was co-lead counsel for a putative class of

financial institutions in the security breach litigation. Rouco was part of the litigation team and drafted pleadings related to pre-trial motions.

In addition to experience with data security breach litigation, Mr. Rouco has substantial experience litigating class actions. The attached bio describes some of the class action cases in which Mr. Rouco has made substantial contributions.  The following class actions are cases where Mr. Rouco substantially participated in litigating or resolving the case.

- *In Re Puerto Rican Cabotage Antitrust Litigation*, MDL 1960 (D. Puerto Rico, 2008) was price fixing antitrust class action transferred to the District of Puerto Rico.  Mr. Rouco was part of the lead counsel team and was involved in drafting all the pleadings for class certification and the preliminary and final approval of the class settlement.

- *In Re Insurance Brokerage Antitrust/RICO Litigation*, MDL 1663 (D. N.J): Mr. Rouco's former firm was appointed lead counsel in this litigation.  The case involved allegations of bid rigging, market allocation and mail fraud, among other things. He worked on all aspects of the case including deposing Defendants' expert witnesses, briefing class certification and dispositive motions.  The case involved settlement with some of the defendants for amounts in excess of one hundred million dollars.

- *In Re Managed Care Litigation*, MDL 1334 (S.D. Fla.) and Love v. Blue Cross and Blue Shield Association, No. 03-cv-21296 (S.D. Fla.): Mr. Rouco's former firm was appointed lead counsel in a two related RICO class actions against Wellpoint, Humana, Cigna and the Blue Cross Blue Shield companies. The complaints alleged that these insurance companies agreed to the design and use of coding software that systematically altered provider billings to reduce the amount of reimbursement.  In both cases, Mr. Rouco participated in the class action briefing and deposition of numerous witnesses.

- *In Re Countrywide Financial Corp. Mortgage Marketing and Sales Practices Litigation*, 2011 WL 4809881 (S.D. Cal.): This was a RICO class action challenging Countrywide's marketing and sales practices.  Rouco participated in the drafting of pre-trial motions (including class certification) and deposed several key witnesses during the litigation.

- *Parsons v. Brighthouse Networks*, 2015 WL 13629647 (N.D. Ala.) Rouco's current firm was part of the leadership in this antitrust class action alleging unlawful policies tying set top box rental to video programming services. The case was filed in the Northern District of Alabama and settled in 2015.  Rouco helped draft and argue the

class certification motion and worked with expert witnesses to develop the theory of the case.  Rouco helped negotiate the class settlement and drafted the preliminary and final approval motions.

These RICO and Sherman Act cases were complex class actions that required a thorough understanding of class action practice, in particular, how to best use expert witness testimony to establish Rule 23 elements and the use of subclasses to address differences among plaintiffs injured by a defendant's conduct. Mr. Rouco's experience in these cases should prove helpful in addressing the class action issues presented in this case.

7.     **Access to sufficient resources to advance the litigation in a timely manner**:

In addition to Mr. Rouco, his firm Quinn Connor has three (3) lawyers located in Atlanta and Birmingham that can dedicate a substantial amount of their time to prosecuting this case in a timely manner and efficient manner and meeting the firm's obligations as a member of the steering committee for the Consumer actions.  The firm also has sufficient liquidity and access to capital that will allow it to timely meet the expected financial contributions of a member of the steering committee.

8.     **Work done identifying or investigating potential claims in the action:**

Working in collaboration with Eric Artrip and Tony Mastando of the firm Mastando & Artrip, Mr. Rouco helped early in this litigation identify that certain plaintiffs had claims arising from fraud monitoring services they had purchased and paid for on a monthly basis prior to the breach.  Mr. Rouco is co-counsel with Mastando & Artrip in *Rajput v. Equifax Inc.*.  As outlined in the complaint, Mr. Rajput had purchased fraud monitoring and related services from Equifax for approximately four (4) years prior to the data security breach at issue in this case.  Ironically, the first time he received notice from Equifax that his personal data had been compromised was the breach that gave rise to this litigation.  In addition to the injuries resulting from the release

of his personal data in violation of federal and/or state law, Mr. Rajput has a claim for damages arising from the non-performance of services he paid Equifax to perform.

Finally, as co-counsel in the *Tepfenhart* case, Mr. Rouco represents plaintiffs from multiple jurisdictions. The complaint in *Tepfenhart*, 17-cv-03571 (N.D. Ga.) asserts claims under the state law of thirteen (13) states. This complaint required researching and analyzing the various state law claims available to these plaintiffs.

9. **Appointing counsel with client who purchased fraud monitoring and related services from Equifax to the interim steering committee would add protection to these class members.**

Though the Court observed during the last status conference that a separate track for "direct purchaser" claims was not at this point of the litigation necessary, the Court also noted that these claims could be sub-classed (if needed) as the case developed.  Even though there is substantial factual overlap between the direct purchasers and other plaintiffs' claims, it is fair to say that the "direct purchaser" plaintiffs have a separate identifiable interest in claims that are not shared with other class plaintiffs.  Appointing one or more counsel to the interim steering committee who represent "direct purchaser" clients, however, would help ensure that these claims and class members are adequately represented in the event the case settles or the Court certifies a class(es). *See*, Elizabeth Chamblee Burch, Adequately Representing Groups, 81 Fordham L. R. 3043, 3081 (recommending that courts appoint counsel to plaintiff's steering committee that align with "identifiable interests")

## CONCLUSION

For the above stated reasons, Mr. Rouco respectfully requests that the Court appoint him to an interim steering committee to assist lead counsel in the prosecution of claims on behalf of

Consumer class plaintiffs and, specifically, the claims of plaintiffs who purchased fraud monitoring and related services from Equifax.

Respectfully submitted,

/s/ Richard P. Rouco
Richard P. Rouco
(ASB-6182-R76R)

OF COUNSEL:

QUINN, CONNOR, WEAVER,
 DAVIES & ROUCO LLP
2- 20th Street North, Suite 930
Birmingham, Alabama 35203
Phone: (205) 870-9989
Fax:  (205) 803-4143
rrouco@qcwdr.com

Robert Weaver
Tessa Warren
QUINN, CONNOR, WEAVER,
DAVIES & ROUCO, LLP
3516 Covington Highway
Decatur, GA 30032
Phone: 404-299-1211
Fax: 404-299-1288
rweaver@qcwdr.com
twarren@qcwdr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2018, I filed a true and correct copy of the foregoing via the Court's CM/ECF system, which will notify and serve all counsel of record registered as CM/ECF users.

/s/ Richard P. Rouco