IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---------------------------------------------------x

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER TRACK CASES |

---------------------------------------------------x

### APPLICATION OF GARY S. GRAIFMAN AND KANTROWITZ GOLDHAMER & GRAIFMAN, P.C. FOR APPOINTMENT TO THE STEERING COMMITTEE OF THE CONSUMER PLAINTIFF CLASS

GARY S. GRAIFMAN, being duly sworn, hereby declares under the penalties of perjury, as follows:

1. I am a member of the Firm, Kantrowitz, Goldhamer & Graifman, P.C. (the "Firm") and manage the firm's nationwide class action practice, which maintains an emphasis in consumer class action litigation. I submit this Declaration in support of the within application for appointment to the Consumer Plaintiffs' Steering Committee pursuant to the Court's Case Management Order No. 2 ("CMO No. 2") and Rule 23(g) of the Fed. R. Civ. Procedure. I have litigated various class action data breach matters and believe that the Firm and I would be a valuable asset to the leadership in this matter pursuant to the criteria set forth in CMO No. 2 and Rule 23(g) which requires class counsel to "fairly and adequately represent the interests of the class." Rule 23(g)(1)(E)(4). I respectfully submit that my experience in such litigation demonstrates that the Firm and I

would far exceed the "fairly and adequately" standard and, in fact, would provide superior representation to the class. I am currently counsel in two of the related *Equifax* actions that were originally filed in this District.[1]

2. Most recently, I had the privilege of being appointed by this Court as a member of the Consumer Plaintiffs' Steering Committee in the data breach litigation before Your Honor, *In re Home Depot Consumer Data Security Breach Litigation*, 1:14-md-02583-TWT ("*Home Depot*"), a case that settled for approximately $27 million after two years of litigation [ECF Doc. 261, p. 4]. As one of the members of the five (5) member Steering Committee[2], I made crucial and direct contributions to the litigation on behalf of the class:

- First, my investigation was responsible for locating and vetting *the key witness* on the issue of the Company's prior knowledge of the vulnerability that led to the data breach. This was a former

---

[1] *Gottesman, et al., v. Equifax Inc.*, 1:17-cv-03498-ELR and *McHenry, et al. v. Equifax Inc.*, 1:17-cv-03582-SCJ.

[2] The other steering committee members were: Ahdoot & Wolfson, P.C., Federman & Sherwood, Girard Gibbs, LLP and Stull, Stull & Brody. The Co-Lead Counsel firms were David Worley's previous firm, Harris Penn, together with Stueve Segel Hanson, LLP, Morgan & Morgan Complex Litig. Group and Liaison Counsel, The Barnes Law Group LLC. I worked closely with attorneys from each of those firms in prosecuting the *Home Depot* matter. The proposed leadership structure submitted by the Co-Lead Counsel in that case referred to my Firm and other Steering Committee members as "dedicated and highly qualified" and noted that "[e]ach of the attorneys and firms comprising the Proposed Steering Committee has a stellar track record in class action and complex litigation." [Memorandum in Support of Consumer Plaintiffs' Joint Motion for Appointment of Consumer Plaintiffs' Leadership Structure, ECF Doc. 49-1, pp. 4 & 7].

employee/witness who had direct evidence of the Defendant Company's prior knowledge of that vulnerability. This included his notifying the District Manager, and then explaining, in a detailed writing to Home Depot's General Counsel, the vulnerability and providing technical documents to confirm the validity of his information. In addition to obtaining the pertinent factual information from him, I was able to obtain those documents (and a video he sent to Home Depot's management showing how the breach could, and would be, done). The documents and his information, as developed by me, became the central allegations of the Consumer Plaintiffs' Consolidated Class Action Complaint ("Master Complaint") [ECF Doc. 93 filed 5/1/15] regarding Home Depot's knowledge of the data breach vulnerability. That portion of the Master Complaint, Paragraphs 119 through 132, were written in large part by me.

- I was also on the ESI Discovery Committee together with members of the Consumer leadership (such as David Worley) and Financial Institution leadership (such as Ken Canfield and Jamie Pizzirusso) and took part in the extensive negotiations with defense counsel from King & Spalding and Alston & Bird, in connection with the drafting and finalization of an ESI Protocol that was substantially favorable from the plaintiffs' vantage point. That template will serve the plaintiff's well in this matter.

- Third, I was involved in the plaintiff vetting process and ensured that the various named plaintiffs in the Master Complaint, were class members who could document their actual damages. In this regard, I took part in the interviewing and vetting of the named Plaintiffs for the Master Complaint. I also wrote sections of the "party" allegations for the Master Complaint.

- Fourth, I was responsible for the research and initial writing of sections of the Consumer Plaintiffs' brief in opposition to the Motion to

- Dismiss, particularly with regard to the multi-state negligence claims asserted as well as edits to the near final brief.

- Fifth, although this was not a "contribution" as such, I believe my work was a model of efficiency: Of all of the firms serving as either Lead Counsel or on the Steering Committee in *Home Depot*, my firm had the lowest lodestar with the exception of one other steering committee firm and I submit this was because we were consistently mindful of the need to work efficiently. When working in a team approach this becomes crucial, particularly as the Court expects counsel to be both proficient and efficient in their tasks.

- Sixth, as a member of the Steering Committee, I worked closely with the other committee members and lead counsel in the finalization of the $27 million settlement in the *Home Depot* matter.

3. Other recent data breach cases and other national consumer class cases I have recently been involved in include:

- *Provost, et al v. Aptos, Inc. et al.* (N.D.Ga). I am currently co-counsel in this data breach litigation pending before Judge Ross (together with Evangelista Worley LLC and Federman & Sherwood). The issue of Article III standing, crucial in all data breach cases, was recently briefed in the action in connection with defendants' motion to dismiss and is pending.

- *In re Premera Blue Cross Customer Data Security Breach Litig.* (D. Ore) ("*Premera Data Breach Matter*"). I am one of the plaintiffs' counsel in the *Premera Data Breach Matter*. Although I am not on the steering committee, I have been doing substantial and essential work in the case. My client is the named plaintiff and representative for the putative California state subclass. The California subclass has a claim unique to California under the California Confidential Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. That claim was sustained by Judge Simon. Tina Wolfson and I worked closely in defending the *Premera* California class representative at her deposition this

4

past October. My firm is currently participating in document review in the matter.

- *In re Anthem Data Breach Litig.* (N.D.Ca.) ("*Anthem Data Breach Matter*"). Similar to *Premera*, I am one of the counsel in the *Anthem Data Breach Matter*. Although I am not on the Steering Committee, I contributed essential work in the case, which recently settled for approximately $115 Million and is currently pending final approval.

4.  In addition, I am currently involved in various consumer class actions including:

- I am currently Co-Lead Counsel in the *In Re Volkswagen Timing Chain Product Liability Litigation* 16-CV-2765-JLL-JAD (D.N.J.), a putative nationwide class action litigation brought on behalf of owners of certain model Volkswagen and Audi vehicles containing defective timing chain assemblies, currently pending in the District of New Jersey before Chief Judge Linares. The case survived a Motion to Dismiss and is currently proceeding with discovery.

- *In re Samsung Galaxy Phone Defect Litig.* (D.N.J.). I am currently Liaison Counsel in a putative nationwide class action litigation against Samsung concerning a software defect in certain model Galaxy phones.

5.  With regard to my prior experience in the class action arena, I attach a copy of my resume herewith as Exhibit 1.

6.  Although many class action attorneys do not have the opportunity to obtain courtroom trial experience, my class action experience includes trying a nationwide consumer class action case in the District of Nevada against a multi-level marketing company, Equinox International Corp., through the entire trial, and

5

settling the matter on or about the last day of trial before Judge Johnnie B. Rawlinson, just prior to her elevation to the U.S. Court of Appeals for the Ninth Circuit.  The matter was tried with other plaintiffs' counsel, who I second-seated, and a multi-state Attorney General Task Force and resulted in the liquidation of Equinox and a settlement fund in excess of $30 million to repay Equinox distributors.  In the non-class action setting, I have tried many cases to verdict before a jury, including an eight week Civil RICO trial in the U.S. District Court for the Eastern District of New York ending in a plaintiffs' verdict.

   7.   I am rated by Martindale-Hubbell as "AV Preeminent" and have a 10.0 rating (out of 10.0) with Avvo.com. I have been selected as a "Super Lawyer" by *Super Lawyers Magazine* for the years 2010-2013 and 2016-2018.

   8.   The Court's Case Management Order No. 1 ("CMO No. 1") also indicated that a criteria for appointment is "the ability to work cooperatively with others." CMO No. 1, ¶ 6. As a member of the *Home Depot* Consumer Plaintiffs' Steering Committee, I worked cooperatively and very closely with a number of the attorneys who are seeking Lead Counsel or Steering Committee positions in this matter.  Of the various counsel in *Home Depot*, I worked most closely with David Worley and currently serve as co-counsel with his firm in one other data breach matter currently pending in the Northern District of Georgia.  I also assisted in drafting portions of the proposed CMO No. 2 submitted in this matter at Mr.

Worley's request. In addition to my appointment sought herein, I support the application of Mr. Worley and his group, including the appointment of Timothy Blood and Ben Barnow as Co-Lead Counsel with Mr. Worley.

9. However, I have demonstrated my ability to work closely and cooperatively with the various other counsel applying for positions herein in the many other cases in which I have served as either co-counsel, liaison counsel or additional plaintiffs' counsel. In fact, of the approximately 62 plaintiffs' law firms which had signed off on CMO No. 2 (e.g., see pp. 9-18 of ECF Doc. 87), I have worked together as co-counsel in some capacity with approximately one half of those firms over the years and I will, of course, continue working cooperatively with my colleagues in prosecuting this case as well as defense counsel in the case.

10. With regard to sufficient resources, I am very familiar with the fact that in all nationwide MDL matters such as this, a contribution to the litigation fund is necessary and my Firm and I have the resources and are committed to contributing as a Steering Committee member to that fund to the extent requested by Lead Counsel in the case. We also expect and are prepared to expend the other costs and out-of-pocket disbursements of the litigation needed to ensure a successful result in the course of the litigation.

11. If the Firm is appointed by the Court I will be personally involved in the litigation and will personally oversee the Firm's involvement in the litigation.

For the foregoing reasons, it is respectfully submitted that the application to appoint Gary S. Graifman and Kantrowitz, Goldhamer & Graifman, P.C. to the Consumer Plaintiffs' Steering Committee be granted.

Declared this 2nd day of February, 2018 under the penalties of perjury at Chestnut Ridge, New York.

_____
Gary S. Graifman
**KANTROWITZ GOLDHAMER &
 GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
ggraifman@kgglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, I electronically filed the foregoing document through CM/ECF System, which will provide electronic service notification to all counsel of record registered as CM/ECF users, and that a courtesy copy will be provided to the Court as set forth in the Court's instructions in docket entry of January 23, 2018.

Respectfully submitted this 2nd day of February, 2918.


/s/ Gary S. Graifman
GARY S. GRAIFMAN