# EXHIBIT A

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
**747 Chestnut Ridge Road**
**Chestnut Ridge, New York 10977**
Tel: 845-356-2570
Fax: 845-356-4335
website: www.kgglaw.com
-and-
**210 Summit Avenue**
**Montvale, New Jersey 07645**
Tel: 201-391-7000
Fax: 201-307-1086

## THE FIRM

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** is a full-service law firm (the "Firm") with offices located at 747 Chestnut Ridge Road, Chestnut Ridge, New York and in Montvale, New Jersey, at 210 Summit Avenue, Montvale, New Jersey.

The Firm is managed by its four (4) partners, PAUL B. GOLDHAMER, BARRY S. KANTROWITZ, GARY S. GRAIFMAN and RANDY J. PERLMUTTER

Among the various areas of law practiced by the Firm, the Firm specializes in class action litigation, which is managed by Gary S. Graifman of the Firm (see below).

The Firm has a total of twelve (12) attorneys, including the four partners. There are six (6) associates and eleven (11) support personnel (paralegals, secretaries and bookkeeping), as well as two (2) of counsel attorneys at the firm's offices. The biographical information of Gary S. Graifman, partner in charge of this matter, is set forth below.

**Gary S. Graifman, Esq.** is a partner in the firm of **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** Prior to joining the firm, he was a partner in the firm of ATLAS &

1

GRAIFMAN in New York City, New York. Mr. Graifman specializes in the area of consumer and securities class action litigation. He is admitted to practice before the courts of the State of New York, the State of New Jersey, the United States Federal Courts for the Southern District of New York, the Eastern District of New York, the Northern District of New York, the District of New Jersey, the United States Court of Appeals for the Second Circuit, the Third Circuit and the Eighth Circuit. He is also a member of the Class Action Committee of the New Jersey State Bar Association. Mr. Graifman has litigated numerous cases involving complex business litigation, consumer class actions and securities class actions. He has litigated a number of cases resulting in reported decisions, including cases of first impression. Mr. Graifman is rated "AV-Preeminent" by Martindale Hubbell and has been nominated by *Super Lawyers Magazine* as a New Jersey Super Lawyer for 2010-2013, 2016-2018. He has been a panelist and speaker on class action issues before various bar organizations including those sponsored by the Class Action Committee of the New Jersey State Bar Association and by the National Employment Lawyers Association, New York Chapter.

In a settlement of a nationwide consumer fraud class action on behalf of 11,000 businesses who had been defrauded by the telephone company, Norvergence, Inc., and various equipment leasing companies, the New Jersey Superior Court approved a partial settlement with CIT Technology Financing, U.S. Bancorp, De Lage Laden Leasing and two other leasing companies on June 30, 2006. The firm, Kantrowitz Goldhamer & Graifman, was Co-Lead Counsel.

The presiding Judge, Judge Robert Coogan stated that: "The class counsel at bar ...are well qualified, they are experienced in class action litigation. Counsel have vigorously pursued this litigation in this court, and although it's a rounded number, it has been two years, almost.

2

[W]hat was shown here and what leads me to acknowledge this is the dimension, the worthiness, the scope of the advocacy, and the overall professional presentation, both in terms of the pleadings and here in the courtroom. There's also one other thing that I think as a jurist we judges fail to take note of, but now is the appropriate time to do it, it's the concept of collegiality. Collegiality amongst yourselves, collegiality of yourselves to the Court. And then I say collegiality amongst yourselves I mean that without there being one ounce of sacrifice of the responsibility that each of you have as a litigator to advocate. There has been full advocacy here, but it's been done with a recognition of that other asset, which is collegiality. The record will confirm counsel have done it this morning, that this pursuit has been vigorous. There has been extensive document discovery conducted here, depositions were conducted. And all of that to a point prior, prior to the time of beginning the time to, process of trying to resolve the case. ... I'm satisfied that counsel who have accepted the responsibility of appearing on behalf of the named plaintiffs have fairly and adequately represented the interest of the class. Adequately I use only because that's the standard. The reality here is that it was superior work."

In another settlement of a nationwide class action against the vehicle manufacturer, DaimlerChrysler, alleging defective brake assemblies for Jeep Grand Cherokees, Mr. Graifman served as co-lead counsel for the class. In approving the settlement, the Court (Hon. Jonathan N. Harris, New Jersey Super. Ct., Bergen Co.) stated: "[P]laintiffs' counsel engaged in careful and extensive research, investigation, and analysis of the facts and circumstances surrounding the conduct of defendants' business practices. I conclude that class counsel have a sufficient basis upon which to assess the strengths and weaknesses of the claims and the terms of the settlement."

Furthermore, in a matter settled in 2008 in the U.S. District Court for the Northern District

of California, in which Mr. Graifman and the Firm were co-lead counsel (entitled *In re Rambus Inc. Securities Litigation*, 06-cv-4346 (N.D. Ca.)), and which involved an $18 million settlement approved by the Court in a securities fraud matter involving backdated options, U.S. District Court Judge, Hon. Jeremy Fogel, stated in approving the settlement that "[i]t appears that the class will receive more money than is typical in these types of cases, certainly in backdating cases. This is a substantial settlement. So, I am satisfied in terms of an independent review and adequacy of the settlement that it is fair and adequate." (From Transcript of Final Approval Hearing, dated May 14, 2008).

The following represent examples of class action, complex business litigation and reported cases of note **Mr. Graifman** and the firm have taken an active role in:

1. **In re Home Depot Consumer Data Security Breach Litig.**, 1:14-MD-02583-TWT (N.D.Ga.). **Mr. Graifman** and the Firm served on the Plaintiffs Steering Committee in this massive data breach consumer class action affecting approximately 50 million consumers which was settled on a nationwide basis in 2016. The settlement was valued at approximately $27 million.

2. **Provost, et al v. Aptos, Inc. et al.**, 1:17-cv-02120-ELR (N.D.Ga). **Mr. Graifman** and the Firm are Co-Lead Counsel in this data breach litigation pending before Judge Ross. The issue of Article III Standing, crucial in all data breach cases, was recently briefed in the action in connection with Defendants' motion to dismiss and is pending.

3. **In re Premera Blue Cross Customer Data Security Breach Litig**. 3:15-md-2633 (D. Ore). **Mr. Graifman** and the Firm are one of the counsel in the *Premera Blue Cross Customer Data Breach* Matter and have done substantial and essential work in the case. The firm's client is the named plaintiff and representative for the putative California state subclass. The California subclass has asserted a claim under the California Confidential Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* which was sustained by Court on a motion to dismiss. Mr. Graifman was responsible for defending (with one of the Steering Committee members) the California Class Representative for her deposition recently. The Firm is currently participating in document review in the matter.

4. **In re Anthem Inc. Data Breach Litig.**, 15-md-02617 (N.D.Ca.). **Mr. Graifman** and the Firm are one of the counsel in the *Anthem Inc. Data Breach* Matter and contributed essential work in the case, which recently settled for approximately $115 Million and is

4

currently pending final approval.

5. **Seifi, et al. V. Mercedes-Benz USA, LLC**, 3:12-cv-5495-TEH (N.D. Ca.). **Mr. Graifman** and the Firm served a co-lead counsel in this litigated consumer class action seeking reimbursement for repairs to various Mercedes model vehicles due to a balance shaft defect. The action settled on a nationwide basis in 2015, valued at approximately $25 million.

6. **In re Rambus Securities Inc. Litigation.**, 06-c-v4346-JF (U.S. District Ct., N.D. Cal.) **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this securities class action involving allegations of backdating of options. The matter was settled for $18.33 million and approved on May 14, 2008.

7. **In re Nissan Radiator/Transmission Cooler Litigation**, Case No. 10-cv-0-7493 (VB) (U.S. District Ct., S.D.N.Y.). **Mr. Graifman** and the Firm served as co-lead counsel in this litigated consumer class action seeking reimbursement for repairs to Nissan Pathfinder, Xterra or Frontier vehicles caused by cross-contamination of radiator fluid with transmission fluid seeping into the transmission. The matter was settled with Defendants agreeing to extend the warranty to 100,000 miles or 10 years and pay for the repairs below that extended mileage and time period, subject to certain deductibles that applied. The nationwide class action settlement involving approximately 300 thousand vehicles was approved by the Court in May 2013. The settlement was valued at approximately $17 million.

8. **Sheris v. Nissan North America, Inc.**, 07-cv-2516 (WHW) (U.S. District Ct., D. New Jersey). **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this consumer class action against Nissan for alleged brake defect in the 2005 G35x model vehicle. Court certified a New Jersey settlement class which involved reimbursement of the cost of brake and rotor replacement up to $340 per brake replacement.

9. **Jermyn v. Best Buy Stores, L.P.**, 1:08-cv-00214 (CM) (U.S. District Ct., S.D.N.Y.). **Mr. Graifman** and the Firm served as Co-Lead Counsel in this litigated consumer class action certified as a New York consumer class by Hon. Colleen McMahon. The class consisted of Best Buy purchasers who were denied price match guarantees by Best Buy. The matter settled shortly before trial.

10. **Lubitz, et al. v. DaimlerChrysler Corp.**, BER-L-4883-04 (New Jersey Superior Court, Bergen Co.) **Mr. Graifman** and the Firm served as Co-Lead Counsel for the class in this consumer class action against DaimlerChrysler Corp. The Court certified a nationwide settlement class and approved a settlement valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004.

11. **In re Trend Micro Class Action Litigation**, Case No. CV 11-02488 (RMW) (U.S. District Ct., N.D. Calif.). **Mr. Graifman** and the Firm served as Co-Lead Counsel for the

class in this consumer class action concerning the failure to provide the remaining time left on current trial subscriptions when the subscriber on the trial subscription converted to a paid subscription. The case was settled in 2013 and Final Approval of the settlement was entered November 15, 2013 by the Court granting subscribers cash refunds or credit towards their future subscriptions and changing the policy of the Company going forward.

12. **In re Symantec Class Action Litig.**, 1-05-cv-053711 (Superior Ct. Of State of California, Co. Of Santa Clara) (Komar, J.). **Mr. Graifman** and the Firm served as Co-Lead counsel in this consumer class action involving the cut-off of subscription time when the subscriber to Norton's anti-virus software renewed or upgraded earlier than the end of the then-current subscription. After the class was certified upon a litigated motion, the matter was settled for a cash payment or a voucher for further use with the anti-virus subscription (at the consumer's option), with the settlement valued in excess of $5 million.

13. **Regina Davis et al. v. Beazer Homes, U.S.A., et al.,** 1:08-cv-00247 (U.S. District Ct., M.D.N.C.). **Mr. Graifman** and the Firm served a Co-Lead Counsel for this class action settled in connection with claims that defendants' seller-funded downpayment assistance program violated REPSA and North Carolina's Unfair & Deceptive Trade Practices Act, resulting in a settlement providing for refunds for the downpayments made by certain defrauded home purchasers.

14. **In re Merck Shareholder Derivative Action,** ATL-L-3406-07 (N.J. Sup. Ct., Atlantic Co.) (Higbee, J.). **Mr. Graifman** and the Firm served as Co-Counsel in this Demand Refused Shareholder Derivative Action regarding the sale, marketing and eventual recall of Vioxx by Merck & Co. The matter was settled for substantial corporate operational and governance improvements. The Settlement was approved in April 2010 by Hon. Carl E. Higbee, P.J. Cv.

15. **In re: Painewebber Limited Partnership Litigation**, 94 Civ. 8547 (SHS) (S.D.N.Y.) Court approved a settlement involving a fund of approximately $200 million dollars. This suit was first initiated by KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. and two other firms in Texas. The case later expanded to cover a multitude of other claims and was settled in a consolidated New York action.

16. **In re NICE Systems, Ltd. Securities Litigation**, Master File No. 2:01cv737 (JAG)(U.S. District Ct., D. New Jersey). **Mr. Graifman** and the Firm served as Liaison Counsel for the class in this securities fraud class action litigation which settled for $10 million dollars and was approved by the Court on April 7, 2003.

17. **Martinez v. District 1199J NEW JERSEY BENEFIT FUND, et al.,** Docket No. 97 cv 3381 (WJM) (U.S. District Court, D. New Jersey). **Mr. Graifman** and the Firm served as Lead Counsel in certified class action against Union Benefit Fund in which claims alleging violation of ERISA were upheld. The case was fully litigated to final judgment for the plaintiff class and thereafter, upon execution on the judgment was satisfied with full payment being made to reimburse class members 100% of their losses (Union Members

received full reimbursement for all medical bills paid out-of-pocket during the class period).

18. **Lowrance, et al. v. Equinox International Corp.**, 2:99-cv-0969 (D.Nev.). Mr. Graifman and the Firm participated in trying a nationwide consumer class action case in the District of Nevada against multi-level marketing company, Equinox, International Corp. through the entire trial, and settling the matter on or about the last day of trial before Judge Johnnie B. Rawlinson, just prior to her elevation to the U.S. Court of Appeals for the Ninth Circuit. The matter was tried with other plaintiffs' counsel, who Mr. Graifman second-seated, and a multi-state Attorney General Task Force and resulted in the liquidation of Equinox and a settlement fund in excess of $30 million to repay Equinox distributors.

19. **In re Pharmaprint, Inc. Securities Litigation**, Master File No. 00cv61 (JAP) (U.S. District Ct., D. New Jersey). Firm was Co-Lead Counsel for the plaintiff class in this securities fraud class action which settled for $ 2.3 million dollars in connection with claims against defendants.

20. **Birenbaum v. John Hancock Mutual Life Ins. Co.**, L-1957-96 (N.J. Superior Court, Essex Co.). **Mr. Graifman** and the Firm served as Co-Counsel for the class in this securities fraud class action certified and settled as a nationwide class action in New Jersey State Court.

21. **Maizes & Maizes, et al. v. Apple Computer, Inc., et al.** L-13780-95 (N.J. Superior Court, Essex Co.). **Mr. Graifman** and the Firm served as Liaison Counsel in consumer fraud class action pending in New Jersey State Court alleging misrepresentation in the sale of computer monitors by various computer monitor distributors. The action was related to In re: Computer Monitor, Proceeding No. 3158, pending in California Superior, San Francisco County. Joint efforts of negotiation resulted in a settlement which was approved by the California Court. The settlement was valued in excess of $15 million dollars.

22. **Goldberg v. IDM Environmental**, L-11783-96 (N.J. Superior Court, Middlesex Co. 1966) Securities fraud class action in New Jersey state court. Settlement included payment of $1.125 million to nationwide class of shareholders.

23. **Amplidyne, Inc. Securities Litigation**, 99-4468 (D. New Jersey). Securities fraud class action litigation settled, alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934.

24. **In re: Anadigics Securities Litigation**, 98 Civ. 917 (MLC) (D.N.J.) Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. The action was settled for approximate $11.75 million dollars.

25. **In re: Interactive Network, Inc. Securities Litigation** (Civ. Action No. 95-0026 (DLJ)

(N.D. Cal.). Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. Nationwide class certified in connection with settlement in the sum of $1.9 million dollars.

26. **In re: Delgratia Mining Corp. Securities Litigation**, MDL Dock. No. 1201 (D. Nev.). Securities fraud class action litigation alleging violations of Section 10(b) and Section 20 of the Exchange Act of 1934. Nationwide class action settled for stock of defendant and distribution of a cash payment.

27. **Dakota Industries, Inc. v. Ever Best Ltd.**, 38 F.3d 910, 31 U.S.P.Q.2d 1355 (8th Cir. (S.D.), July 8, 1994) (No. 93-2723, 93-2765). In this trademark infringement matter, **Mr. Graifman** and the Firm served as lead trial counsel for the defendant, a nationwide jeans distributor. After a three week trial in Sioux Falls, South Dakota, the jury returned a verdict for defendant.

28. **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 809 F.Supp. 171, 80 Ed. Law Rep. 568 (E.D.N.Y., Nov. 14, 1992) (No. Civ-86-0807) (ADS)). In this major RICO action based on wire fraud, mail fraud and violations of the Hobbs Act, **Mr. Graifman** and the Firm served as sole trial counsel for plaintiffs who alleged that they were subjected to extortion demands by various school construction authority supervisors and inspectors. After a six week jury trial before Judge Spatt, one plaintiff procured a partial settlement and the other received a verdict on their RICO claims against the respective school inspectorial staff members.

29. **Nu-Life Const. Corp. v. Board of Educ. of City of New York, Div. of School Bldgs. of Bd. of Educ. of City of New York**, 795 F.Supp. 602, RICO Bus. Disp. Guide 8035 (E.D.N.Y., June 16, 1992) (No. CV-86-0807 (ADS)). See above description.

30. **Nu-Life Const. Corp. v. Board of Educ. of City of New York**, 789 F.Supp. 103, 75 Ed. Law Rep. 1009, RICO Bus. Disp. Guide 7885 (E.D.N.Y., Dec. 2, 1991) (No. CV-86-0807 (ADS)). See above description.

31. **Dakota Industries, Inc. v. Ever Best Ltd.**, 944 F.2d 438, 20 U.S.P.Q.2d 1158 (8th Cir. (S.D.), Sept. 12, 1991) (No. 91-1036).

32. **Elliot Gould v. Ladenberg Thalman**, 1990 WL 209641, Fed. Sec. L. Rep. P. 95, 667 (S.D.N.Y., Dec. 17, 1990) (No. 90 Civ. 4140 (MBM)). Securities fraud claims litigated on behalf of Elliot Gould against former financial advisors. Case settled before trial.

33. **Sablosky v. Edward S. Gordon Co., Inc.**, 73 N.Y.2d 133, 535 N.E.2d 643, 538 N.Y.S.2d 513, 4 IER Cases 1315 (N.Y., Feb. 21, 1989) (No. 32). Reported case decided by New York Court of Appeals which concerned the scope of contractual obligations and enforcement thereof.

34. **Stephano v. News Group Publications, Inc.**, 64 N.Y.2d 174, 474 N.E.2d 580, 485 N.Y.S.2d 220, 11 Media L. Rep. 1303 (N.Y., Dec. 20, 1984).  **Mr. Graifman** litigated this case defining the parameters of right of privacy and right of publicity in the State of New York.

35. **Brooke Shields v. Garry Gross**, 58 N.Y.2d 338, 448 N.E.2d 108, 461 N.Y.S.2d 254, 9 Media L. Rep. 1466 (N.Y., Mar. 29, 1983).  **Mr. Graifman** represented fashion photographer, Gary Gross, sued by Brooke Shields relating to scope of the right of privacy and right of publicity in New York.  This case of first impression was decided by the New York Court of Appeals, which affirmed the original trial court judgment in favor of photographer.

**Articles and Publications**

*Seminar Handout Materials* for seminar as a panel presenter, "*Trends in Class Action Litigation*" at the N.J. State Bar Association's Annual Meeting held in Atlantic City, NJ in 2016

Article: *Supreme Court Decision in Conception v. AT&T: Another Blow to Consumers, U.S. Politics Today, May 12, 2011;* Link: http://uspolitics.einnews.com/247pr/212419.

Quoted in *The New York Times, Sunday Edition,* in the "The Haggler" Column entitles *"How Did This Become A Commitment"* by David Segal (regarding McNair v. Synapse News Group Co., Class Action Litigation). Link: http://www.nytimes.com/2011/10/16/your-money/automatic-magazine-renewal-and-automated-voices.html.

*CCA Treated Wood-- An Emerging Toxic Tort?*   By Gary S. Graifman (American Conference Institute 2003) Handout Materials for "Toxic Tort Litigation, Successful Claims and Litigation Strategy" Seminars Conducted March 2003 by American Conference Institute;

*Dealing With Infants In The Modeling Industry-- A Primer for Adults*, by Gary S. Graifman, "Journal of Art And The Law Journal," Vol. 8, No. 1, 1983 (Jointly Published by Columbia University School of Law and Volunteer Lawyers for the Arts) (Discussing the holding of the *Brooke Shields v. Garry Gross* case in which Mr. Graifman served as co-counsel for defendant).