IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION.<br><br>CONSUMER ACTIONS | MDL Docket No. 2800<br>No.: 1:17-md-2800-TWT<br><br>**APPLICATION OF RICHARD M. HAGSTROM AND HELLMUTH & JOHNSON, PLLC FOR APPOINTMENT TO THE CONSUMER PLAINTIFFS' STEERING COMMITTEE**<br><br>**Jury Trial Demanded** |

Pursuant to Case Management Orders No. 1 and 2 and in accordance with Rule 23(g), Richard M. Hagstrom and Hellmuth & Johnson, PLLC respectfully apply for appointment to the Plaintiffs' Steering Committee ("PSC") for consumer actions.

## I.  INTRODUCTION

Mr. Hagstrom and his partner Michael R. Cashman head the complex litigation group at Hellmuth & Johnson. Mr. Hagstrom and Mr. Cashman represent 13 consumers in seven lawsuits brought against Equifax whose actions have been consolidated in this MDL.[1] Those 13 consumers are residents of California, Illinois, Iowa, Michigan, Minnesota, New York, and Texas.

Given the number of plaintiffs and the diversity of issues and interests among consumers and financial institutions, there is a need for a dedicated team of experienced

---

[1]  *See Benavidez v. Equifax*, 17-cv-4279 (C.D. Ill.); *Cadwallader v. Equifax*, 17-cv-4640 (D. Minn.); *Coade-Wingate v. Equifax*, 17-cv-1136 (N.D.N.Y.); *Mobbs v. Equifax*, 17-cv-5815 (N.D. Cal.); *Taenzer v. Equifax*, 17-cv-349 (S.D. Iowa); *Williams v. Equifax*, 17-cv-13307 (E.D. Mich.); and *Calderon v. Equifax*, 17-cv-4389 (N.D. Ga.).

26249.0001 -- 3538172_1

professionals who work well together under the direction of experienced lead counsel. Mr. Hagstrom and Mr. Cashman and their group are prepared to dedicate their time, resources, and complex litigation expertise to direct this case toward a prompt and just resolution for class members. At present, Mr. Hagstrom is a member of the Plaintiff's Executive Committee in the MDL *In re CenturyLink Residential Customer Billing Disputes Litigation*. Mr. Cashman is a member of the Plaintiffs' Steering Committee in *In re NHL Concussion Litigation*, which is at the forefront of addressing responsibility for the consequences of repetitive brain trauma.

For the vast majority of his 40 years in practice, Mr. Hagstrom has prosecuted and defended major antitrust and consumer fraud matters in federal and state courts across the country. Mr. Cashman has worked side-by-side with Mr. Hagstrom for 27 of those years. In leading major litigation, Mr. Hagstrom and Mr. Cashman have efficiently organized teams for discovery, motion practice, evidence, law, remedies, settlement negotiation, and trial. Their experience advocating for parties on both sides of the "v" has given them a unique perspective that will benefit the class members and leadership team here. Mr. Hagstrom's *Curriculum Vitae* noting representative experience and achievements is attached as **Exhibit A**. Mr. Cashman's firm biography is attached as **Exhibit B**.

## II.   DISCUSSION

The Court in its Case Management Order No. 1 enumerated four main criteria for the appointment of leadership roles. As set forth below, Mr. Hagstrom, Mr. Cashman, and their colleagues at Hellmuth & Johnson more than adequately satisfy each of these criteria:

### A. Willingness and Ability To Commit To A Time-Consuming Process

Mr. Hagstrom and Mr. Cashman have the capacity and experience to carry out the responsibilities attendant to appointment to the PSC. Their trial record confirms that Mr. Hagstrom and Mr. Cashman will take the case as far as necessary to achieve a just result for class members.

Moreover, Hellmuth & Johnson has over 50 attorneys, the majority of whom devote their practices to litigation, including among them its complex litigation group. The firm immediately will commit the necessary professional and financial resources to see this litigation through to a successful resolution. An overview of the experience of Hellmuth & Johnson's complex litigation team is attached as **Exhibit C**.

### B. Ability To Work Cooperatively With Others

Throughout their careers, Mr. Hagstrom and Mr. Cashman have worked cooperatively with many plaintiffs' attorneys and firms, some of whom have filed cases in this MDL. They work professionally with all counsel to obtain exceptional results for class members. Mr. Hagstrom's peers have extended him the highest available rating in *Martindale-Hubbell* for well over thirty years, and he has been rated AV Preeminent since the category was created.

Among Mr. Hagstrom's most prominent representations was as co-lead class counsel for statewide classes in Minnesota, Iowa, and Wisconsin in the Microsoft antitrust litigation. As a testament to Mr. Hagstrom's ability to work cooperatively with co-counsel, opposing counsel, and judges, the judges who presided over the Minnesota and Iowa class action cases, Judge Bruce A. Peterson and Judge Scott D. Rosenberg,

respectively, have written letters of support for Mr. Hagstrom's appointment to a leadership role. While these letters were written specifically for a different case, the judges' sentiments apply equally to the requirements of this case. Copies of those letters are attached as **Exhibit D**. Mr. Cashman worked closely with Mr. Hagstrom on those matters.

### C. Professional Experience In This Type Of Litigation

Messrs. Hagstrom and Cashman and their complex litigation group's experience is detailed in Exhibits A, B, and C. Some highlights of Mr. Hagstrom's MDL and class leadership experience include:

Most recently, Hellmuth & Johnson and Mr. Hagstrom were appointed to Plaintiffs' Executive Committee in *In re CenturyLink Residential Customer Billing Disputes Litigation*, MDL No. 2795.

In *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672, Mr. Hagstrom was part of the discovery subcommittee tasked with preparing written discovery and organizing within Hellmuth & Johnson the review and analysis of documentary evidence of VW's massive fraud. Hellmuth & Johnson contributed substantial attorney resources to these assignments.

Related to *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332, Mr. Hagstrom was co-lead class counsel for statewide classes in Minnesota, Iowa, and Wisconsin, achieving settlements with a combined face value of almost $600 million. After three months in trial, Mr. Hagstrom and his co-counsel negotiated a settlement in the Iowa case, attaining for Iowa consumers the highest *per capita* recovery among all Microsoft

indirect purchaser cases nationwide. The Minnesota case settled after seven weeks of trial with a recovery for Minnesota consumers of $182 million that ranked second highest, *per capita*. In the *Microsoft* trials, Mr. Hagstrom set the strategy and directed a large team of attorneys and paralegals from multiple firms in an orderly and efficient manner. Following that result, Mr. Hagstrom was named a "Minnesota Attorney of the Year" by *Minnesota Lawyer* in 2004.

In *In re Aftermarket Automotive Filters Antitrust Litigation*, MDL 1957, Mr. Hagstrom was appointed as co-lead counsel for the indirect purchaser class and worked with other co-leads on discovery and motion practice before settlement.

As noted, Mr. Cashman is a PSC member in *In re National Hockey League Players' Commission Injury Litigation*, MDL 2551.

### D. Access To Sufficient Resources To Advance The Litigation In A Timely Manner

As described above and in more detail in Exhibit C, Hellmuth & Johnson has over 50 attorneys, most of them litigators, with many of those having significant complex litigation experience. The firm has the professional and financial resources, as well as the legal expertise, to commit to this case.

### E. Additional Considerations Set Forth In Rule 23(g)

In addition to the factors discussed above, Rule 23(g)(1)(A)(i) also directs the Court to consider "the work counsel has done in identifying or investigating potential claims in the action." Hellmuth & Johnson has dedicated substantial time and resources to identify consumers who may have been harmed by the breach of Equifax's security.

Those efforts are evidenced by the 13 plaintiffs from seven different states on whose behalf Hellmuth & Johnson has filed actions that have been consolidated in this MDL.

## III. CONCLUSION

For all the foregoing reasons, Richard M. Hagstrom and Hellmuth & Johnson, PLLC respectfully request that the Court appoint them as a member of the Plaintiffs' Steering Committee for the Consumer Actions.

                                          **HELLMUTH & JOHNSON, PLLC**

Date: February 2, 2018        By: /s/ Michael R. Cashman
                                           Michael R. Cashman (MN#206945)
                                           Richard M. Hagstrom (MN #39445)
                                           Gregory S. Otsuka (MN #397873)
                                           8050 West 78th Street
                                           Edina, Minnesota 55439
                                           Telephone: (952) 941-4005
                                           Facsimile: (952) 941-2337
                                           Email: mcashman@hjlawfirm.com
                                           Email: rhagstrom@hjlawfirm.com
                                           Email: gotsuka@hjlawfirm.com

                                          **ATTORNEYS FOR PLAINTIFFS VERONIKA BENAVIDEZ, JOHN BENAVIDEZ, BRIAN CADWALLADER, MARTY SUPER, MONA COADE-WINGATE, ROBERT MOBBS, YORK TAENZER, MARILYN DORSEY, NICOLE GRAFTON, MICHAEL NEHRING, CHERIE WILLIAMS, JOSE CALDERON, AND BARBARA WESTBROOK**