**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) | **MDL Docket No. 2800**<br><br>**Civil Action No. 1:17-md-2800-TWT**<br><br>**ALL ACTIONS** |

**LEONARD A. BENNETT, CONSUMER LITIGATION ASSOCIATES, P.C. & JAMES A. FRANCIS, FRANCIS & MAILMAN, P.C., APPLICATION FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE**

Leonard A. Bennett, Consumer Litigation Associates, P.C. and James A. Francis, Francis & Mailman, P.C. apply to serve on the Steering Committee for the Consumer Class. Bennett and Francis represent plaintiffs in putative class actions conditionally transferred from five states.[1] They are also the leading litigators in complex litigation against Equifax under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., including cases consisting of 3 million and 5 million consumers, both of which are in the settlement or administrative stages as of this filing. And of the countless attorneys applying in this matter for leadership roles, they are the only ones

---

[1] *Bethea et al. v. Equifax, Inc., Equifax Info. Servs., LLC and Equifax Consumer Servs., LLC*, No. 3:17-cv-00648 (E.D. Va.); *Cooper et al. v. Equifax, Inc., Equifax Info. Servs., LLC and Equifax Consumer Servs., LLC*, No. 4:17-cv-00490 (D. Az.); *Gladwell et al. v. Equifax, Inc., Equifax Info. Servs., LLC and Equifax Consumer Servs., LLC*, No. 5:17-cv-04061(S.D.W.V.); *Mann v. Equifax Info. Servs., LLC*, No. 17-cv-4100 (E.D. Pa.); *Parkhill v. Equifax Inc. and Equifax Info. Servs., LLC*, No. 4:17-cv-2931 (S.D. Tex.).

who have litigated in any significant manner against Equifax, against its defense team or against consumer reporting agencies generally.[2]

This case presents unique challenges the Court should consider in the appointment of leadership. First, this case is not an ordinary data breach case. As a consumer reporting agency, the defendant has unique duties and obligations that are mandated by the Fair Credit Reporting Act. These obligations are relevant to a negligence claim. Additionally, over 15 million consumers – most of them putative class members here – purchased a product from Equifax that would have required it to promptly notify breach victims of the breach.[3] And there are millions of consumers who requested their credit files from Equifax during the pre-notice breach period and to whom defendant was obligated under the FCRA to have disclosed the release of the consumer's information.

Given these unique challenges, undersigned respectfully urge the Court to include attorneys with expertise and experience in prosecuting cases within the credit reporting industry, and more specifically against Equifax.[4] This expertise and experience will ensure that every available claim is prosecuted fully and that the leadership team has sufficient knowledge to

---

[2] As detailed herein, Bennett and Francis have litigated literally hundreds of Equifax cases including all of the substantial class cases successfully prosecuted and resolved against the Defendant. They have tried class cases to a jury against consumer reporting agencies, including Equifax.  And they have literally "written the book" on litigation and discovery of Equifax. FAIR CREDIT REPORTING, National Consumer Law Center, 9th ed. (2017) (contributing authors to the following chapters or sections: Private Litigation: Litigating the FCRA Case; Discovery and Litigation Strategies; Discovery from Consumer Reporting Agencies; and Consumer-Specific Equifax Discovery).  Each has taken scores of Equifax depositions and they have obtained discovery rulings that will deter Equifax from re-litigating previously-rejected claims of burden or inadequate data archives.

[3] At least 3 million of these individuals are members of a settled Equifax class now pending for administration in the Eastern District of Virginia, and represented by Bennett and Francis as lead counsel. *Jenkins, et al. v. Equifax Information Services, LLC*, No. 3:15cv443 (E.D. Va.).

[4] If the Court is not inclined to appoint the undersigned, Lead counsel may reach out to the National Consumer Law Center for assistance in finding someone else for this effort. www.consumerlaw.org.

investigate and prosecute the case. Bennett and Francis submit that they are uniquely qualified to serve this role. Nevertheless, undersigned recognize that they are not the appropriate attorneys to serve as lead counsel or direct a steering committee. Neither of their firms possesses the raw staffing or manpower to suggest such a position, which is best left to a larger class action firm. Bennett and Francis support the leadership slate of Robbins Geller/Hagens Berman.[5] They have worked with the attorneys of Lieff Cabraser Heimann & Bernstein, LLP; Robbins Geller Rudman & Dowd LLP; and Motley Rice LLC and know them as amongst the very best consumer litigators. Regardless of the ultimate selection, Bennett and Francis would be an invaluable part of any team that the Court ultimately appoints.

### I. Bennett & Francis' Experience in Prosecuting Cases Against the Credit Reporting Industry

Both Bennett and Francis, as well as their firms, limit their practice to consumer protection litigation. Specifically, they have focused their practices on effectuating real change in the credit reporting industry by prosecuting class actions primarily against consumer reporting agencies. And while the number of attorneys that practice consumer protection may be large, those focusing on class cases under the FCRA is a small field, less than five firms. Bennett and Francis led the Plaintiffs' teams that prosecuted the largest class actions in this field. They possess the deepest litigation experience and history against Equifax.

---

[5] The suggested slate includes Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP and Thomas E. Loeser of Hagens Berman Sobol Shapiro LLP to serve as Co-Lead Counsel for the Consumer Plaintiffs, and a Plaintiffs' Steering Committee of Cari Campen Laufenberg of Keller Rohrback L.L.P., Jodi Westbrook Flowers of Motley Rice LLC, Jennifer Scullion of Seeger Weiss LLP, Jennifer L. Joost of Kessler Topaz Meltzer & Check, LLP, and Nicholas Diamand of Lieff Cabraser Heimann & Bernstein, LLP (the "RG/HB Group").

A. <u>Bennett & Francis' Qualifications</u>

Bennett has been a consumer advocate in consumer practice since 1996. In October 2017 he was selected as the Consumer Attorney of the Year by the National Association of Consumer Advocates. Bennett is on the Board of Directors of Public Justice and the Virginia Poverty Law Center (VPLC), and a member of the National Consumer Law Center's Partner's Council. He has been a speaker at numerous programs, including the major consumer law conferences, PLI, ABA and state bar CLE seminars, NAVY and ARMY JAG instruction and law school courses. He has presented NACA's "Fair Credit Reporting Act" Congressional Testimony, was invited to represent consumer interests in speaking before the CFPB, and was appointed to then-Governor Kaine's Privacy Working Group to help draft Virginia's statute regarding credit freezes made necessary by identity theft and data breaches.

Bennett is a contributing author to the NCLC's *Fair Credit Reporting* Manual. He has litigated over a thousand individual and class cases throughout the country, served as lead or co-lead counsel in obtaining 7 of the 10 largest class settlements against consumer reporting agencies and the majority of its multi-million dollar outcomes, and successfully tried multiple significant FCRA cases to a jury. Bennett was selected for Best Lawyers in America, as a Law Dragon Top 500 Plaintiff's Attorneys, a 2009 Virginia Leaders in the Law and a multi-year Virginia Super Lawyer. He has practiced before the Third, Fourth, Sixth, Ninth and Eleventh Circuit United States Courts of Appeal and numerous federal District Courts. This Court has itself found him as adequate class counsel in a small FCRA class settlement. *Teagle v. LexisNexis Screening Sols., Inc.*, No. 1:11-cv-1280 (N.D. Ga.), Doc. 84 at 3. Bennett's ordinary declaration listing his professional accomplishments, cases litigated, CLEs taught and awards received is attached as Exhibit A.

Jim Francis is a founding member of the firm Francis & Mailman, P.C. and has focused his practice in consumer protection litigation since 1998, with a particular focus in FCRA litigation and consumer class actions. He and his firm have been at forefront of FCRA litigation since achieving some of the most consequential and successful verdicts and decisions for FCRA cases. As a result, Francis was selected as one of a small national group of plaintiffs' lawyers to be featured in *Law 360's Titans of the Plaintiff's Bar* series in October of 2014.

In 2009, Francis argued the seminal FCRA case of *Cortez v. Trans Union* before the Third Circuit Court of Appeals, a case arising from a $850,000 jury verdict his firm tried against Equifax's competitor Trans Union. In 2017, Francis served as trial counsel in an FCRA class action against Trans Union and achieved a $60 million dollar class action jury verdict, which is the largest verdict in history for a class action case brought under the Fair Credit Reporting Act, and one of the largest class action verdicts.

In 2004, Francis was the youngest lawyer to be ranked in the Top 100 Superlawyers in the Commonwealth of Pennsylvania in *Philadelphia Magazine* and *Pennsylvania Super Lawyers* magazine, a distinction he has been awarded numerous times. Francis lectures and speaks extensively on the FCRA for continuing legal education seminars, law schools and community groups, for both plaintiff and defense groups, and has published articles on the FCRA.[6] He has

---

[6] National Consumer Law Center, Consumer Rights Conference, Washington, D.C., Speaker (November 2017); Faculty, 21st Annual Consumer Financial Services Litigation Institute (CLE-accredited), "Fair Credit Reporting and Debt Collection Litigation", March and April 2016, NYC and Chicago; Speaker, The Conference on Consumer Finance Law, Annual Consumer Financial Services Conference, Loyola University School of Law, Chicago, Illinois, September 16, 2016; Speaker, "New Frontiers: FCRA Litigation Against Lesser Known CRAs", Consumer Rights Litigation Conference, National Consumer Law Center, Anaheim, California, October 2016; Faculty, "Pursuing and Defending FDCPA, FCRA and TCPA Claims", Consumer Finance Class Actions, Strafford Publications, June 2, 2016; Speaker, "Stump the Champs", Consumer Rights Litigation Conference, National Consumer Law Center, San Antonio, Texas, October 2015; Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Las Vegas, NV May 1–3, 2015; Co-Chair and Speaker, NACA 2013 FCRA Conference, National Association of Consumer Advocates, May 29 – June 1, 2013; Presenter, *Beyond E-Oscar:*


appeared on various news programs including the *Today Show* and *PBS NewsHour* to discuss consumer-related issues, and was featured in *The Philadelphia Inquirer*'s biographical "Question & Answer" segment in February of 2009. He has been certified to serve as class counsel in over 50 consumer class actions, has been trial counsel in three class actions to successful plaintiff's verdicts, and has served as counsel in some of the largest FCRA settlements in history. He currently serves on the Board of Directors of the National Association of Consumer Advocates (NACA).

    B.    <u>Bennett & Francis' Experience in Prosecuting Cases in Credit Reporting Industry</u>

Bennett and Francis have successfully prosecuted the following sampling of cases against Equifax, most of which resulted in cash payments to consumers and an injunctive component, requiring Equifax to change its systems or protocols for the benefit of consumers.

In *Jenkins v. Equifax Information Services, LLC*, No. 3:15cv443 (E.D. Va.), their firms identified a failure of Equifax to properly disclose to consumers the source of public record items,

---

*Litigating "Non-Credit" FCRA Cases*, Webinar, National Association of Consumer Advocates, February 27, 2013; Faculty, *FDCPA Class Actions: Latest Litigation Developments*, Strafford Webinars and Publications, November 8, 2012; Speaker, Consumer Finance Class Actions: *FCRA and FACTA: Leveraging New Developments in Certification, Damages and Preemption*, Strafford Webinars and Publications, March 21, 2012; Speaker, *FCRA Developments*, Consumer Rights Litigation Conference, National Consumer Law Center, Seattle, Washington, October 2012; Speaker, *11th Consumer Class Action Symposium*, National Consumer Law Center, Chicago, Illinois, November 6, 2011; Speaker, *Tenant, Employment and Chexsystems Reports*, Consumer Rights Litigation Conference, National Consumer Law Center, Chicago, Illinois, November 3 – 6, 2011; Speaker, *Specialty Consumer Reports and the FCRA*, FCRA Conference on Consumer Credit, National Association of Consumer Advocates, Memphis, Tennessee, May 20 – 22, 2011; Panelist, *Taking on the Challenges Facing Workers with Criminal Records: Advancing the Legal and Policy Advocacy Agenda*, National Employment Law Project, Washington, D.C., April 5, 2011; Faculty, 16th Annual Consumer Financial Services Litigation Institute (CLE-accredited), *Collection Issues Including The TCPA & Hot Topics*, Practicing Law Institute, New York, NY and Chicago, IL, March 2011; Speaker, *ABCs of Fair Credit Reporting*, *Tips on FCRA Depositions*, *Evolution of Credit Reporting Industries*, Consumer Rights Litigation Conference, National Consumer Law Center, Boston, Massachusetts, November 11 – 14, 2010; Faculty, Banking and Consumer Financial Services Law Update, *Litigation and Arbitration Update*, Pennsylvania Bar Institute, April 14, 2010; Faculty, *Deposit-Side Litigation Developments & Credit Card Developments*, 14th Annual Consumer Financial Services Litigation Institute, New York, NY and Chicago, IL, March and April 2009; Faculty, 13th Annual Consumer Financial Services Litigation Institute (CLE-accredited), Practicing Law Institute, New York, NY and Chicago, IL, January 2008, March 2008; Speaker, *Fair Credit Reporting Act Conference*, National Association of Consumer Advocates, Chicago, IL May 8 – 10, 2009.

such as judgments, liens and bankruptcies, when providing that information on a consumer's credit report. In addition to providing relief to the 3 million affected class members, the settlement included injunctive relief, requiring that Equifax correct its system for the benefit of consumers.

*Soutter v. Equifax Information Services, LLC,* 3:10CV107 (E.D. Va.), similarly involved the manner in which Equifax reported civil judgments on consumer's credit reports. The case was a fiercely litigated class-action that lasted more than six years and involved significant discovery issues, substantive motions, and class administration of approximately 90,000 consumers. The $3 Million settlement provided credit monitoring, and required Equifax to remove all judgments in Virginia General District Court. Bennett, Francis and co-counsel successfully opposed motion to sever and motion to change venue and successfully moved to compel discovery, for class certification, and final approval.

Finally, in *White v. Experian Information Solutions, Inc.*, 8:05-cv-1070 (C.D. Cal), Bennett and Francis identified a systematic shortcoming in the way in which Equifax, Experian and TransUnion reported debts following the filing of a bankruptcy. After a lengthy period of litigation, Bennett and Francis led the team that settled the matter as to each CRA, and personally drafted the protocols that would be put in place going forward. The *White* lawsuit and settlement agreement fundamentally changed the protocols used by the CRAs, improved the credit reporting industry and decreased the harm and potential harm to consumers and totaled cash to be paid out in excess of $40 million.  Other sample Equifax class cases include:

- *Ceccone v. Equifax Information Services, LLC*, 13-cv-1314 KBJ, 2016 WL 5107202 (D.D.C. Aug. 29, 2016).
  Class Counsel in $7.5 Million national settlement involving Equifax's reporting of satisfied D.C. water and sewer liens on credit reports. Bennett and co-counsel successfully opposed substantive motions and secured injunctive relief in settlement, requiring Equifax to remove all D.C. water and sewer liens from all Equifax reports.

- *Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201 (E.D. Pa. 2011).

Class Counsel in a $12 Million settlement providing credit monitoring and requiring Equifax to change the way it handles disputes of public record errors. Bennett and Francis successfully obtained class certification, which was contested and negotiated the settlement.

- *Jones v. Equifax, Inc.*, No. 3:14-cv-00678, 2015 WL 5092514 (E.D. Va. Aug. 27, 2015). Class action case involving Equifax's obligation to provide information in its file to consumers upon request. Case involved the corporate structure of Equifax and its subsidiaries. Bennett and Francis successfully opposed a motion to dismiss filed by Equifax, Inc., Equifax Workforce Solutions, and Equifax Information Services, LLC. The case subsequently settled.

- *O'Brien v. Equifax Info. Sers., LLC*, 03-cv-06583, 382 F. Supp. 2d 733, (E.D. Penn. 2005). Case involving allegation that Equifax incorrectly indicated that Plaintiffs had an account included in bankruptcy. Francis successfully defeated summary judgment motion. The case subsequently settled.

- *Summerfield v. Equifax Info. Servs. LLC*, No. 08-cv-1450, 264 F.R.D. 133 (D.N.J. 2009). Class Counsel in a state-wide settlement involving the representations made by Equifax to consumers. Francis successfully obtained class certification over the objection of Equifax and ultimately obtained class settlement.

In addition to these specific cases against Equifax, Bennett and Francis have successfully litigated the overwhelming-majority of cases brought against consumer reporting agency defendants that achieved results in excess of $10 million - the largest and most significant cases in the credit reporting industry. Not only are they able to identify, prosecute and settle cases, but they have also effectively and successfully tried cases in this field. Significant decisions are as follows:

- *Ramirez v. Trans Union, LLC*, No. 3:12-cv-00632-JSC (N.D. Cal. 2016).
  In a class jury trial, obtained the obtained the largest class action verdict ($60 million) in the history of the FCRA against Equifax's competitor credit reporting agency.

- *Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11–CV–754 (E.D. Va.).
  Class counsel who negotiated and defended on appeal settlement of national class action involving more than 200 million consumers and a $19.0 million settlement fund. Settlement obtained injunctive relief, requiring that the consumer reporting agency to revamp its entire product line of reports sold for debt collection, and pay approximately 31,000 affected consumers $300 each.

- *Henderson v. Acxiom*, No. 3:12-cv-00589-REP (E.D. Va.).

       Appointed class counsel in nationwide FCRA settlement that required the defendant to create a settlement fund of $20.8 million for the benefit of class members on whom the defendant sold consumer reports for employment purposes.

- *Thomas v. BackgroundChecks.com*, No. 3:13-cv-00029 (E.D. Va.).
  Appointed class counsel in an FCRA national class action which obtained $18 million against one of the largest background CRAs in the world, and also obtained significant injunctive and remedial relief.

- *Ryals v. Hireright Solutions, Inc.*, No. 3:09-cv-00625 (E.D. Va.).
  Appointed class counsel in a national class action against a CRA which obtained $28.3 million settlement for class of consumers subjected to employment background checks.

- *Williams v. LexisNexis Risk Mgmt., Inc.,* No. 3:06-cv-00241 (E.D. Va.).
  Class counsel for a nationwide class of individuals for whom defendant created a settlement fund of nearly $21 million for consumers on whom defendant provided consumer reports to employers.

- *Thomas & Roe v. Intellicorp*, Nos. 1:12-cv-02288, 1:12-cv-02433, 1:13-cv-00616 (N.D. Ohio).
  Appointed class counsel for settlement of three combined suits against background reporting company that obtained a settlement fund of $18.6 million for the benefit of class members.

Bennett and Francis have also prosecuted thousands of other small class or individual cases against Equifax, other credit bureaus, furnishers and data-providers. Claims under the FCRA regularly turn on whether the statutory violation was willful. 15 U.S.C. § 1681n. Proving such a challenging intent standard requires extensive discovery into the systems and historical protocols of the credit bureaus or furnishers. Over the course of their careers, Bennet and Francis have developed an expertise in the industry by engaging in aggressive discovery, including review of millions of pages of discovery. They have deposed hundreds of employees and contractors across the world. Many of these cases involved significant discovery, and occasionally corresponding discovery disputes. Bennett and Francis have a deep understanding of how to conduct discovery in this industry.  A sampling of cases is as follows:

- *Brown v. Experian Info. Solutions, Inc.*, Civ. No. 3:16cv670, ECF 30 (E.D. Va. Apr. 17, 2017) (order on Motion to Compel).

- *Clark v. Trans Union, LLC*, Civ. No. 3:15cv391, ECF 132 (E.D. Va. Mar. 1, 2017) (order on Motion to Compel).
- *Thach v. Equifax Info. Servs., LLC*, Civ. No. 3:14cv70, ECF 117 (Sept. 8, 2014) (order on Motion to Compel and Motion in Limine).
- *Tamblay v. Equifax Info. Services, LLC*, Civ. No. 1:14cv00130, ECF 75 (E.D. Va. Aug. 29, 2014) (requiring CRA to provide copies of complaints alleging similar FCRA violations).
- *James v. Experian Info. Solutions Inc.*, Civ. No. 3:12cv902, ECF 57 at *2 (E.D. Va. Oct. 4, 2013) (detailed Order resolving numerous discovery issues).
- *Berrios v. Experian Info. Solutions Inc.*, Civ. No. 1:11cv1130, ECF 69 (E.D. Va. 2011) (order addressing depositions of Experian ACDV operators and topics of inquiry for 30(b)(6) deposition).
- *Faile v. Equifax Info. Servs., LLC*, Civ. No. 3:06cv617, at 1-2 (E.D. Va. Mar. 14, 2007) (detailed order requiring production of manuals, historical credit scores, communications with other industry parties such as the Consumer Data Industry Association, Federal Trade Commission and dispute investigation vendor, and other business documents).
- *Mullins v. Equifax Info. Services, LLC*, Civ. No. 3:05cv888, 2007 WL 2471080, at *4 (E.D. Va. Aug. 27, 2007) (holding terms "reinvestigation" and "investigation" have similar meaning and are not vague or ambiguous).

C.   Bennett & Francis Are Recognized As Experts in the Field

Both the federal bench and their peers recognize Bennett and Francis as experts in this field. For example, in *White v. Experian Information Solutions, Inc.*, the court found their team to be "FCRA specialists" and appointed the team as interim class counsel over objections from a competing national law firm because the team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation." No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014). Both have served on the Board of Directors of the National Association of Consumer Advocates and on the Partners Council of the National Consumer Law Center. Both regularly teach multiple sessions annually at the Consumer Rights Conference hosted by the National Consumer Law Center. And both contribute their time and expertise to contribute to the leading treatise "Fair Credit Reporting" published by National Consumer Law Center and used by judges and advocates nationally. Finally, both have been recognized by their peers, and have

received such awards as Best Lawyers in America, Law Dragon Top 500 Plaintiff's Attorney, and as Super Lawyers.

      II.      <u>Bennett & Francis' Willingness and Ability to Work Within the MDL Structure</u>

The MDL Steering Committee structure is similar to the structure Bennett and Francis already use to prosecute class action cases. For example, *Jenkins v. Equifax Information Services, LLC* involved 9 attorneys from 3 firms, *Soutter v. Equifax Information Services, LLC* involved 8 attorneys from 2 firms, and *White v. Experian Information Solutions, Inc.* involved approximately 20 attorneys and more than 6 firms. Each of those cases lasted years and required the coordination and collaboration of many attorneys and many moving parts. As a matter of practice, Bennett and Frances have developed systems to ensure that work is done efficiently. Finally, both attorneys regularly co-counsel with other attorneys new to the field, and are accustomed to providing the FCRA or credit reporting industry expertise in a case.

      III.      <u>Bennett & Francis' Are Willing and Able to Commit the Necessary Time and Resources to Advance the Litigation</u>

Both Bennett and Francis have built small but mighty firms, with proven track records of committing to lengthy class actions. And while they recognize that complex cases will require time and resources, they regularly bring cases in the Eastern District of Virginia, affectionately known as the Rocket Docket. They are therefore accustomed to efficiently moving a case forward. They understand the time and resources that are necessary to adequately prosecute such a case, and fully represent that they have the time and resources necessary to adequately represent the class.

Dated: February 2, 2018

                                      Respectfully submitted,

By: /s/ Leonard A. Bennett
Leonard A. Bennett

Leonard A. Bennett
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
LenBennett@clalegal.com

Attorney for Candice Bethea, Christopher Zarpas, Michael Pugh, Kathryn Bledsoe, Marilyn Bledsoe, Matthew Bledsoe, Susan Chandler, David Batten, Robert Cornett, David Wood, Lisa Gladwell, Sharon Morgan, Hayden D. Parkhill, Corinne Cooper, Morgan Rutherford, and Donna Deconcini

James A. Francis
**FRANCIS & MAILMAN, P.C.**
100 S. Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
JFrancis@consumerlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

Dated: February 2, 2018

                                              Respectfully submitted,

By:    */s/ Leonard A. Bennett*
        Leonard A. Bennett
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd, Suite 1-A
        Newport News, VA 23601
        Telephone: (757) 930-3660
        Facsimile: (757) 930-3662
        Email: lenbennett@clalegal.com

*Attorney for Candice Bethea, Christopher Zarpas, Michael Pugh, Kathryn Bledsoe, Marilyn Bledsoe, Matthew Bledsoe, Susan Chandler, David Batten, Robert Cornett, David Wood, Lisa Gladwell, Sharon Morgan, Hayden D. Parkhill, Corinne Cooper, Morgan Rutherford, and Donna DeConcini*