# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| **IN RE: Equifax, Inc., Customer** **Data Security Breach Litigation** | MDL Docket No. 2800 <br><br> Case No.: 1:17-md-02800-TWT <br><br> CONSUMER ACTIONS |

## THE WORLEY GROUP'S APPLICATION FOR APPOINTMENT OF CONSUMER PLAINTIFFS' INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND EXECUTIVE COMMITTEE

# **INTRODUCTION**

The Worley Group, comprised of three co-lead counsel, a liaison counsel, and five executive committee members, respectfully requests appointment of David J. Worley of Evangelista Worley, LLC, Ben Barnow of Barnow and Associates, P.C., and Timothy G. Blood of Blood Hurst & O'Reardon LLP ("Proposed Co-Leads"), as Consumer Plaintiffs' Interim Co-Lead Counsel; David A. Bain of the Law Offices of David A. Bain, LLC, as Consumer Plaintiffs' Liaison Counsel; and Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, William B. Federman of Federman & Sherwood, Janine L. Pollack of Wolf Haldenstein Adler Freeman & Herz LLP, Kevin H. Sharp of Sanford Heisler Sharp, LLP, and Lesley E. Weaver of Bleichmar Fonti & Auld LLP, as Consumer Plaintiffs' Executive Committee ("Proposed Executive Committee"). The Worley Group is supported by 64 firms representing plaintiffs in this proceeding.[1] This support results from their reputations as to quality work, expertise in data breach cases, and history of working well with attorneys and courts.

Because of the scope of the data breach at issue and the central role that Equifax, Inc., plays in the financial lives of Americans, this case presents complex,

---

[1] A list of law firms supporting this application is attached as Exhibit F.

1

high-profile questions that corporate, governmental, and legal leaders across the country seek to answer. Data breach litigation is a complex and rapidly evolving field. With this in mind, David Worley has assembled a diverse group of thoughtful, cooperative, and sophisticated attorneys, one of them a former federal Judge, whose experience litigating—and successfully resolving—complex data breach class actions is unmatched.

Proposed Co-Leads collectively have led and successfully settled eight major data breach class actions, resulting in benefits valued in excess of one billion dollars being made available to hundreds of millions of individuals and are recognized by others as leaders in this field. They are experts in data breach jurisprudence who have been instrumental to the development of that body of law. This case demands this kind of deep specialization. In recognition of his experience in this field, one Proposed Co-Lead has been asked by lawmakers to assist in crafting remedies for the Equifax breach. Together with the extensive data breach experience of the Proposed Executive Committee, no other group of applicants can match their collective track-records of success in data breach cases and knowledge of applicable jurisprudence.

Furthermore, synergy among plaintiffs' counsel is essential to the efficient and effective advancement of this case. Mr. Worley and his team have already

demonstrated their ability to work harmoniously with other counsel by overseeing the drafting, review, and finalization of the various submissions prior to the initial status conference.

Proposed Liaison Counsel and the Proposed Executive Committee also have extensive experience litigating and trying data breach and similar complex consumer protection class actions. All of them have worked successfully and efficiently with one or more of Proposed Co-Leads on matters in the past.

Finally, this proposed group possesses the resources needed to vigorously advance this matter in an effective manner. As evidenced by past successes against some of the world's largest corporations, they are committed to devoting the financial resources and human capital needed to ensure the productive, efficient, and expedient advancement of this matter.

For these reasons and as detailed further below, we respectfully request that the Court appoint David J. Worley, Ben Barnow, and Timothy G. Blood as Consumer Plaintiffs' Interim Co-Lead Counsel, appoint David A. Bain as Consumer Plaintiffs' Liaison Counsel, and appoint Gayle M. Blatt, William B. Federman, Janine L. Pollack, Kevin H. Sharp, and Lesley E. Weaver as Consumer Plaintiffs' Executive Committee.

## ARGUMENT

### I. Proposed Co-Leads Are Best Qualified to Serve as Consumer Plaintiffs' Interim Co-Lead Counsel

When appointing interim lead counsel, a court must consider (i) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (ii) "counsel's knowledge of the applicable law," (iii) "the resources that counsel will commit to representing the class," and (iv) "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Proposed Co-Leads' rich experience in data breach litigation, expertise in applicable law, and proven commitment and ability to advancing the matter in a cooperative, productive, and efficient manner separates them from other applicants.

#### A. Proposed Co-Leads' Data Breach Experience and Knowledge of Applicable Law Is Unparalleled

##### 1. David Worley

David Worley is an accomplished litigator, experienced in leading and resolving data breach and other complex class actions, with the proven ability and

temperament to organize other counsel in an efficient and effective manner. Mr. Worley's Resume is Exhibit A.

Mr. Worley has over 25 years of experience litigating complex civil cases and appeals. He served as one of three Co-Lead Counsel for the Consumer Cases in *Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.), where a settlement was reached establishing a $13 million settlement fund against which consumers could submit claims for reimbursement of documented losses and making 18 months of identity monitoring services available to all class members free-of-charge.

Mr. Worley also has substantial experience representing shareholders and consumers in securities fraud and other complex class action matters. He managed *In re Cryolife Securities Litigation* and *In re AFC Enterprises Securities Litigation*, which resulted in two of the top ten securities fraud settlements in the history of the Northern District of Georgia. *See Cryolife Sec. Litig.*, No. 1:02-CV-01868-BBM (N.D. Ga.) ($23.25 million settlement); *In Re AFC Enters. Sec. Litig.*, No. 1:03-CV-817-TWT (N.D. Ga.) (eventual $22.2 million settlement). He also served as a co-lead counsel in *Schulte v. Fifth Third Bank*, 1:09-CV-6655 (N.D. Ill.), where a settlement providing for a $9.5 million settlement fund and injunctive relief valued at $108.3 million over ten years was reached, and *Evergreen Ultra Short*

5

*Opportunities Fund Securities Litig.*, No. 08-cv-11064 (D. Mass.), which resulted in a $25 million recovery, and as acting co-lead counsel in *Eaves v. Earthlink*, Case No. 05-CV-97274 (GA Super., Fulton Cnty.), which resulted in recovery for early termination charges of a settlement valued up to $26 million.

Mr. Worley has already demonstrated his suitability to lead this case, shepherding preparation of Plaintiffs' *Ex Parte* Preliminary Report, and lists of pending motions, affiliated companies, and counsel. With over 300 cases on file, achieving consensus on these submissions was no small task. Adopting a cooperative and inclusive approach, he assigned tasks to attorneys affiliated with various proposed leadership groups, circulated the materials, and solicited feedback. Throughout the process, he made himself available to all plaintiff's counsel to discuss the process of preparing the documents, the substance of the documents, and any other matters they wished to discuss, resulting in countless telephone calls and email strings. All issues raised and comments received were reviewed and considered prior to finalizing the documents, resulting in high-quality products reflecting the diverse experiences and views of counsel contributing to the process.

Mr. Worley took a similar approach to negotiating and finalizing proposed Case Management Order No. 2 ("CMO 2"). Because input from Defendants' counsel was needed in preparing CMO 2, Mr. Worley requested during an early conference

call that each proposed leadership group designate one individual to work on negotiating and finalizing proposed CMO 2. More than thirty attorneys contacted him in response to that invitation seeking to be involved in the process. All individuals requesting to be involved in the process were kept apprised of the status of discussions with other interested parties and given the opportunity to review and comment on the various versions of the document. The views expressed in the final submission were supported by all Consumer Plaintiffs' counsel involved in the process.

Mr. Worley's efforts drew upon the experience and abilities of various plaintiff's counsel with the goal of producing the best product possible in a timely, efficient, and cooperative manner. The same approach will be applied to leading this matter. Altogether, Mr. Worley's experience successfully leading data breach and other complex class actions, knowledge of applicable law, and demonstrated ability to work cooperatively and effectively with other counsel render him well-qualified to serve as one of Consumer Plaintiffs' Interim Co-Lead Counsel.

### 2. Ben Barnow

Ben Barnow has successfully resolved more noteworthy data breach class actions than any attorney in the country, has been instrumental in the advancement

of data breach jurisprudence, and has the demonstrated ability to organize, litigate, and successfully resolve data breach MDLs. Mr. Barnow's Resume is Exhibit B.

Mr. Barnow's experience leading the prosecution of data breach class actions is unmatched. He was the architect of the settlement in *TJX Companies Retail Security Breach Litig.*, MDL No. 1838 (D. Mass.), one of the first MDLs stemming from a data breach at a national retailer. The Honorable William G. Young praised that settlement as "excellent" and containing "innovative" and "groundbreaking" elements. Over a decade later, the *TJX* settlement remains the gold standard for data breach settlements, as virtually every major data breach settlement follows the blueprint set forth in *TJX*.

Including the *TJX* litigation, Mr. Barnow served as a lead or co-lead class counsel in seven noteworthy data breach class actions where settlements were achieved, including four MDL matters. The settlements in these matters resulted in benefits valued in excess of $1.37 billion being made available to nearly 270 million individuals.

Mr. Barnow is an expert in data breach jurisprudence. He has taken an active and leading role in the development of data breach jurisprudence. As a lead counsel in *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017), and *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384 (6th Cir. 2016),

he successfully pursued appeals and achieved reversals from the Third Circuit and Sixth Circuit, respectively, recognizing the plaintiffs' Article III standing to assert their data breach claims in federal court. Additionally, as one of Plaintiffs' Interim Co-Lead Counsel in *In re Supervalu, Inc., Customer Data Sec. Breach Litig.*, 870 F.3d 763 (8th Cir. 2017), he appealed and obtained a partial reversal in which the Eighth Circuit recognized one of the plaintiff's Article III standing to assert his data breach claims in federal court. These decisions are important components of the body of law recognizing data breach victims' standing to vindicate their rights in federal court.

Given Equifax's status as a national credit bureau, his unique experience applying the Fair Credit Reporting Act ("FCRA") to data breach class actions will be particularly useful in this matter. Mr. Barnow was Class Counsel in *Rowe v. Unicare Life and Health Ins. Co.*, No. 09-CV-02286 (N.D. Ill.), a data breach class action where the sufficiency of the plaintiff's FCRA claims was extensively briefed. The defendants' request for dismissal of the plaintiff's FCRA claims was denied and, subsequently, a class-wide settlement was reached and granted final approval.

Mr. Barnow was also one of Co-Lead Settlement Class Counsel in *Lockwood v. Certegy Check Services, Inc.*, No. 07-CV-0434 (M.D. Fla.), another data breach class action where the plaintiffs' FCRA claims took center-stage. In that matter, he

organized six cases without the benefit of an MDL and negotiated a settlement, described by the Honorable Steven D. Merryday as a "good deal" providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled counsel for a protracted time." Few, if any, plaintiff's counsel can rival Mr. Barnow's proficiency in utilizing FCRA in large-scale data breach class actions.

In MDLs such as this matter, an inclusive and cooperative approach to leadership is essential to achieving successful resolution. Mr. Barnow has unrivaled experience leading and successfully resolving these cases. Along with Mr. Blood and Ms. Blatt, Mr. Barnow served on the seven-member Plaintiffs' Steering Committee in *Sony Gaming Networks and Customer Data Security Breach Litig.*, MDL No. 2258 (S.D. Cal.), a 65-case data breach MDL. In that matter, Mr. Barnow worked with numerous other counsel in preparing consolidated complaints and opposing motions to dismiss. After the defendants' second motion to dismiss was denied in substantial part, he took the lead in negotiating a settlement on behalf of a class estimated to include approximately 60 million individuals. Not a single objection to the settlement was made. At the final fairness hearing for the settlement, the Honorable Anthony J. Battaglia made the following assessment: "Just in the final analysis, the order, much like all the work by both sides throughout the case, has

been impeccable, highly professional and skilled. It's been a real pleasure dealing with you."

He also served as a Co-Lead Settlement Class Counsel in *In re Countrywide Financial Corporation Customer Data Security Breach Litig.*, MDL. No. 1998 (W.D. Ky.)—a forty-case data breach MDL—where he negotiated a settlement making available benefits valued at over $650 million to approximately 17 million individuals. In granting final approval of the settlement, the Honorable Thomas B. Russell remarked that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process."

Mr. Barnow has worked successfully with Mr. Blood, Mr. Worley, and others in this proposed group in complex class action matters. In addition to the *Sony* case, Mr. Barnow and Mr. Blood recently served as co-lead counsel in *Warner v. Toyota Motor Sales, U.S.A., Inc.*, involving claims that the frames on certain Toyota pickup trucks lacked adequate rust protection. After years of hotly-contested litigation and over seven months of settlement negotiations assisted by Special Master Patrick A. Juneau, a landmark settlement valued at an estimated $3.4 billion was reached

11

setting forth a process through which owners and lessees of approximately 1.5 million vehicles are eligible for free frame inspections, free frame replacement (when appropriate), and other valuable benefits. He also served as a Co-Lead Settlement Class Counsel with Mr. Worley in *Schulte v. Fifth Third Bank*, involving claims that the defendant unlawfully re-sequenced debit card transactions to maximize overdraft fees, where a settlement providing for a $9.5 million settlement fund and injunctive relief valued at $108.3 million over ten years was reached and granted final approval.

Mr. Barnow's approach to building consensus among plaintiff's counsel has been recognized by opposing counsel. In an October 2014 article recognizing Mr. Barnow as a *Titan of the Plaintiffs Bar*, a prominent data breach defense attorney from one of the nation's most-respected law firms remarked:

> [Ben Barnow is] particularly skilled at finding consensus and bringing resolutions. Most of my memories in the courtroom setting concern him trying to bring that kind of order to the plaintiffs' side of the case. Because he's often dealing with maybe 30 or so other lawyers, all of whom want to be standing in his shoes.

Sindhu Sundar, Law 360, Titan of the Plaintiffs Bar: Ben Barnow (Oct. 8, 2014), https://www.law360.com/articles/585655/titan-of-the-plaintiffs-bar-ben-barnow.

Mr. Barnow's track-record of leading and successfully resolving high-profile data breach class actions, proven knowledge of applicable law, and demonstrated

ability to work cooperatively with others render him well qualified to serve as one of Consumer Plaintiffs' Interim Co-Lead Counsel.

### 3.  Timothy G. Blood

For data breach cases, generally, and the Equifax matter, specifically, Timothy G. Blood is recognized as a subject matter expert by members of the California legislature, with whom Mr. Blood is working to introduce legislation spurred by the Equifax data breach. He is known for finding innovative solutions to resolving difficult cases, has achieved record-setting resolutions in consumer protection cases, including working jointly with the Federal Trade Commission to obtain the largest deceptive advertising recovery in FTC history. His ability to lead and work cooperatively with others has been demonstrated in MDL proceedings and through his active participation and appointment to leadership positions to bar-related organizations. Mr. Blood's Resume is Exhibit C.

Mr. Blood's expertise has already been enlisted in this very breach.  At the request of lawmakers, Mr. Blood is working to craft solutions to the problems caused by Equifax. In October, 2017, Mr. Blood was an invited speaker to brief members of the California legislative staff about the Equifax breach and data breach issues, generally. He has drafted and is working with members of the California Assembly

and Senate on bills arising from the Equifax breach, including a bill to modernize California's data breach and privacy protection laws.

Mr. Blood has previously worked with government agencies to assist in consumer protection investigations and craft remedies, including working with the Federal Trade Commission and the Consumer Products Safety Commission. As lead counsel, Mr. Blood worked with the FTC in a coordinated effort to resolve corresponding public and private false advertising actions, a result in which nearly all state attorneys' general joined. As lead counsel in *In re Skechers Toning Shoes Prods. Liab. Litig*., MDL No. 2308 (W.D. Ky., Hon. Thomas B. Russell) and *In re Reebok Easytone Litig.*, No. 4:10-cv-11977 (D. Mass., Hon. F. Dennis Saylor), Mr. Blood worked with the FTC in a unique public-private partnership to obtain record setting recoveries for consumers. The class action settlement in *In re Skechers* was the largest false advertising recovery in the history of the FTC.

Mr. Blood's reputation has been earned through his service in data breach cases like this one.  He served as one of Co-Liaison Counsel and a member of the Plaintiffs' Steering Committee in *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, No. 11-md-2258 (S.D. Cal.), a 65-case data breach MDL. Mr. Blood's oral argument in opposition to Sony's motion to dismiss the 51-count, multi-state First Amended Consolidated Complaint was instrumental to the court's

14

substantial denial of Sony's motion to dismiss. The case settled shortly thereafter, making available relief to an estimated 60 million individuals, among the largest data breaches at the time.

Mr. Blood has also taken the lead in *Patton v. Experian Data Corp.*, No. SACV 15-1871 JVS (C.D. Cal.), a data breach notification action against a leading consumer credit reporting and data aggregation company similar to Equifax. There, a data thief gained access to wide-ranging personal information about tens of millions of people involving marital status, Social Security numbers, addresses, dates of births, personal vital statistics, and bank information.

Mr. Blood serves on the Plaintiffs' Executive Committee and has taken a leading role in briefing, investigation, and settlement negotiations in *Snyder v. The Regents of the University of California*, JCCP No. 589243 (Cal. Super. Ct., Los Angeles Cnty., Hon. John Shepard Wiley, Jr.), a data breach case involving access to medical records and private health information of over 4.5 million patients housed on UCLA's Health computer network systems. Mr. Blood also was part of the litigation team in *In re Adobe Systems Inc. Privacy Litigation*, No. 5:13-cv-05226-LHK (N.D. Cal.), a data breach case where hackers infiltrated and removed customer data, including names, login ID's, passwords, credit and debit card numbers, mailing and billing addresses, among others from Adobe's network.

Together with Mr. Barnow, Mr. Blood led *Warner v. Toyota Motor Sales, U.S.A., Inc.*, 2:15-cv-02171 (C.D. Cal.), yielding a $3.4 billion landmark settlement involving 1.5 million vehicles with frames that are prone to rusting to the point of creating a safety risk. The settlement includes unlimited vehicle inspections for an extended period and full free-of-charge replacement of rusted frames and the associated parts.

Other recent appointments as lead class counsel in national or multistate consumer protection class actions include *Rikos v. The Procter & Gamble Co.*, No. 1:11-cv-226 (S.D. Ohio, Hon. Timothy S. Black) (certifying five single-state classes alleging consumer protection claims); *Murr v. Capital One Bank (USA), N.A.*, No. 1:13-cv-1091 (E.D. Va., Hon. Leonie M. Brinkema) (nationwide consumer protection claims involving credit cards); *Johns v. Bayer Corp.*, No. 09-cv-1935 (S.D. Cal., Hon. Anthony J. Battaglia) (certifying California consumer protection claims in action involving false advertising); *Rosales v. FitFlop USA LLC*, No. 11-cv-0973 (S.D. Cal., Hon. Thomas J. Whelan) (nationwide false advertising action); *In re Toyota Motor Cases*, JCCP No. 4621 (Cal. Super. Ct., Los Angeles Cnty., Hon. Anthony J. Mohr) (California lead counsel in Toyota sudden unintended acceleration litigation); *Johnson v. General Mills, Inc.*, No. 8:10-cv-61 (C.D. Cal., Hon. Cormac J. Carney) (nationwide false labelling action involving food product); *In re Enfamil*

16

*Lipil Mktg. and Sales Practices Litig.*, MDL No. 2222 (S.D. Fla., Hon. James I. Cohn) (nationwide action for false advertising and labeling of infant formula).

Mr. Blood is also responsible for a number of published appellate decisions. A partial list of precedent-setting consumer protection decisions relevant to this matter include: *Kuhns v. Scottrade, Inc.*, 868 F.3d 711 (8th Cir. 2017)(first 8th Circuit decision finding Article III standing in a data breach case); *Rikos v. P&G*, 799 F.3d 497 (6th Cir. 2015) (class certification); *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013) (consumer protection); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011) (class certification); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310 (2011) (involving one of the primary consumer protection statutes used in data breach actions); *McKell v. Washington Mut. Bank, Inc.*, 142 Cal. App. 4th 1457 (2006) (same); *Lebrilla v. Farmers Grp., Inc.*, 119 Cal. App. 4th 1070 (2004) (class certification); and *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003) (involving one of the primary consumer protection statutes used in data breach actions).

He and his firm also have expertise with ESI discovery. Mr. Blood is a co-founder and member of the steering committee for the San Diego ESI Forum, a group of judges and civil and criminal attorneys who educate the bench and bar on ESI discovery and formulate best practices. *See* http://sandiegoesiforum.com. Finally,

Mr. Blood brings to this action a demonstrated capacity for a productive, cooperation-based approach to litigation that is essential to efficiently handling complex matters such as an MDL proceeding. *See* Juan Carlos Rodriguez, Titan of the Plaintiffs Bar: Tim Blood, Law360, Sept. 25, 2014, http://www.law360.com/articles/580600/titan-of-the-plaintiffs-bar-tim-blood.

His ability to productively lead other lawyers is further demonstrated by his involvement in bar activities, including serving as the 2015 president of the Consumer Attorneys of San Diego and an executive officer from 2014 to 2016 of the Consumer Attorneys of California. He also frequently speaks at continuing education seminars, including on data breach topics for the Practicing Law Institute and HarrisMartin Publishing, among others. Mr. Blood has been awarded the 2018 Consumer Advocate of the Year by his peers with the Consumer Attorneys of California.

Mr. Blood's experience in data breach litigation, demonstrated ability to lead multi-case MDL proceedings, and proven skill at implementing a cooperative and productive approach to litigating complex class action matters renders him well qualified to serve as one of Consumer Plaintiffs' Interim Co-Lead Counsel.

**B. Proposed Co-Leads Are Committed to Devoting the Resources Necessary to Ensure the Timely and Efficient Advancement of the Litigation**

Proposed Co-Leads, together with the rest of the Worley Group, understand the privilege and responsibilities that come with leading a large MDL, such as this matter. They have track-records of successfully leading and funding complex consumer class action cases against some of the largest and wealthiest corporations in the world. This case will be no different. Their firms are well-capitalized and will devote the resources necessary to fund this case through pretrial, trial, and appeals. Plaintiffs and the putative classes deserve to be represented by a well-funded, dedicated, and experienced group of plaintiff's attorneys. That is what Proposed Co-Leads will provide.

**C. Proposed Co-Leads Have Already Contributed to Advancing the Litigation**

Proposed Co-Leads' efforts to date further demonstrate their commitment to advancing the matter. After learning of Equifax's data breach, Proposed Co-Leads' investigation included, among other things, gathering and reviewing numerous documents from public sources, including newspaper articles, public reports, and congressional testimony, interviewing potential plaintiffs, and researching and considering potentially applicable legal theories and claims.

19

Proposed Co-Leads began reaching out to other Consumer Plaintiffs' counsel to build consensus almost immediately. These efforts were successful. Inclusive of cases filed by Proposed Liaison Counsel, members of the Proposed Executive Committee, and supporting counsel, Proposed Co-Leads are supported by named plaintiffs residing in 45 states and the District of Columbia. Additionally, on October 3, 2017, Mr. Worley and Mr. Barnow submitted a letter to this Court suggesting a stay of the Equifax cases in the Northern District of Georgia pending the JPML's transfer determination—action which the Court ultimately took.

Mr. Worley's cooperative and productive efforts shepherding the creation, review, and presentation of various submissions to the Court prior to the initial status conference are described above and, it is suggested, comport with the highest standards. Proposed Co-Leads' investigations and actions to advance the litigation further support that they are best qualified to serve as Consumer Plaintiffs' Interim Co-Lead Counsel.

## II.    David A. Bain Is Well-Qualified to Serve as Liaison Counsel

David A. Bain has extensive experience with complex federal litigation specifically in this District, having served as counsel in dozens of class actions in the Northern District over the past twenty years (including no fewer than fifteen such cases before the Court). He is thoroughly familiar with local rules, practices, and

procedure and is well-qualified to serve as Consumer Plaintiffs' Liaison Counsel. Mr. Bain's Resume is Exhibit D hereto.

Mr. Bain was appointed by the Judges of this Court to the Board of Directors for the Federal Defender Program, Inc., where he served as President in 2012. In addition, Judge Batten appointed him to serve on the Ad-Hoc Committee on E-Discovery Rules for the Northern District of Georgia. He has been named one of Georgia's "Super Lawyers" or "Rising Stars" by *Law & Politics* and *Atlanta Magazine* seven times in the areas of class actions and securities litigation, and he regularly serves as a lecturer at seminars on both topics. Mr. Bain is active in the leadership of several community organizations, including currently serving as the President of the Federal Bar Association's Atlanta Chapter. His experience and qualifications render him well-suited to serve as Consumer Plaintiffs' Liaison Counsel.

## III.   The Proposed Executive Committee Is Well-Qualified for this Case

The Proposed Executive Committee is comprised of Gayle M. Blatt, William B. Federman, Janine L. Pollack, former federal judge Kevin H. Sharp, and Lesley E. Weaver. As their resumes in Group Exhibit E demonstrate, each of these attorneys has extensive experience litigating class actions and other complex litigation matters.

21

Gayle M. Blatt has decades of experience litigating complex class action matters, including data breach cases. Ms. Blatt served as Co-Liaison Counsel and a member of the Plaintiffs' Steering Committee in *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, MDL 2258 (S.D. Cal.), and was recently appointed to the Plaintiffs' Executive Committee in *In Re: Yahoo Inc. Customer Data Security Breach Litigation*, 16-MD-2752 (N.D. Cal.). She chairs her firm's complex litigation team and has been named in Best Lawyers in America annually since 2012. She was also recognized as one of the 2017 Top 50 Lawyers in San Diego and a finalist for *San Diego Magazine's* Woman of the Year (2016) Award.

William B. Federman specializes in litigating complex class actions, including data breach, consumer, and securities class actions.  From his firm's offices in Oklahoma City and Dallas, Mr. Federman has been appointed to leadership positions in several significant complex class actions, including to the Consumer Plaintiffs' Steering Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, MDL 2583 (N.D. Ga.), where, as the Court knows, a settlement was reached and granted final approval. Mr. Federman currently serves as lead or co-lead counsel in several MDL proceedings, including lead counsel in *In re: Sonic Corp. Customer Data Sec. Breach Litig.*, 1:17-md-02807-JSG (N.D. Ohio).

Janine L. Pollack has been litigating class actions for over 27 years. Based in New York City, Ms. Pollack has been appointed lead counsel in numerous class actions, including having worked alongside Mr. Blood in the *Skechers*, *Reebok*, and *FitFlop* litigations. She is experienced in litigating complex privacy and data breach matters, having served as plaintiff's counsel in *In re Blu Products, Inc. Privacy Breach Litigation*, Case No. 16-24892 (S.D. Fla.), and *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (D. Minn). She is also an experienced trial lawyer, as demonstrated by the jury verdict she obtained against R.J. Reynolds in a wrongful death case.

Kevin H. Sharp formerly served as Chief Judge of the United States District Court for the Middle District of Tennessee, where he presided over more than 4,000 civil and criminal cases, including numerous class action matters. He has twenty-five years of experience litigating and ruling on complex civil litigation cases, class actions, *qui tam* and whistleblower matters, products liability claims, malpractice cases, ERISA claims, and civil rights and criminal matters. Under Mr. Sharp's leadership, he and his firm have filed cases against Equifax on behalf of 95 plaintiffs from 43 different states and the District of Columbia.

Lesley E. Weaver has been appointed to leadership positions in some of the nation's largest class actions. Most notably, Ms. Weaver was appointed to the

23

Plaintiffs' Steering Committee in *In re Volkswagen "Clean Diesel" Marketing,
Sales Practices, and Products Liability Litigation*, MDL 2672 (N.D. Cal.), where
she and other Plaintiffs' Steering Committee members secured the largest
automotive class action recovery ever, providing $14.7 billion for class members
and nearly $5 billion for environmental protection. Ms. Weaver participated in
settlement negotiations in that action as liaison to certain States Attorneys General.
She is also a skilled trial attorney. In October 2014, she prevailed at the trial of an
Internet privacy case against a Chinese-owned Internet site, securing 100 percent of
economic damages, a $15 million punitive damages jury verdict, and significant
injunctive relief.

## IV.      A Proven Commitment to Efficiency

Proposed Co-Leads have a proven commitment to efficiency that is apparent
from each of the many complex cases they have led. It is a commitment they renew
with the Court.

Proposed Co-Leads are joined by the highly-qualified members of the
Proposed Executive Committee, in addition to the many other attorneys supporting
this application. The support of these lawyers was not given in exchange for out-of-
order promises of "work." The support was earned by the history and reputations of
the members of the proposed leadership team and the knowledge that they will

efficiently and successfully advance this litigation. In conformity with this commitment, the Worley Group has submitted a proposed appointment order that includes strict timekeeping and reporting procedures, including submission of detailed monthly time reports to Interim Co-Lead Class Counsel and quarterly time reports to the Court.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court enter an Order appointing (i) David J. Worley, Ben Barnow, and Timothy G. Blood as Consumer Plaintiffs' Interim Co-Lead Class Counsel; (ii) David A. Bain as Consumer Plaintiffs' Liaison Counsel; and (iii) and Gayle M. Blatt, William B. Federman, Janine L Pollack, Kevin H. Sharp, and Lesley E. Weaver as Consumer Plaintiffs' Executive Committee.

DATED: February 2, 2018

Respectfully submitted,

*/s/ David J. Worley*

David J. Worley
Evangelista Worley, LLC
Ga. Bar No. 776665
8100A Roswell Road, Suite 100
Atlanta, GA 30350
Phone: (404) 205-8400
Fax: (404) 205-8395
david@ewlawllc.com

25

/s/ *Ben Barnow*

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Phone: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com

/s/ *Timothy G. Blood*

Timothy G. Blood
Blood Hurst & O'Reardon, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 338-1100
Fax: (619) 338-1101
tblood@bholaw.com

*Proposed Consumer Plaintiffs' Interim
Co-Lead Counsel*

David A. Bain
Law Offices of David A. Bain, LLC,
Georgia Bar No. 032449
1230 Peachtree Street, NE, Suite 1050
Atlanta, GA 30309
Phone: (404) 724-9990
Fax: (404) 724-9986
dbain@bain-law.com

*Proposed Consumer Plaintiffs' Liaison Counsel*

Gayle M. Blatt
Casey Gerry Schenk
Francavilla Blatt & Penfield, LLP
110 Laurel Street
San Diego, CA 92101
Phone: (619) 238-1811
Fax: (619) 544-9232
gmb@cglaw.com

William B. Federman
Federman & Sherwood
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
Phone: (405) 235-1560
Fax: (405) 239-2112
wbf@federmanlaw.com

Janine L. Pollack
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave.
New York, NY 10016
Phone: (212) 545-4600
Fax: (212) 686-0114
pollack@whafh.com

Kevin H. Sharp
Sanford Heisler Sharp, LLP
611 Commerce St., Suite 3100
Nashville, TN 37203
Phone: (615) 434-7001
Fax: (615) 434-7020
ksharp@sanfordheisler.com

Lesley A. Weaver
Bleichmar Fonti & Auld LLP
1999 Harrison Street, Suite 670
Oakland, California 94612
Phone: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Proposed Consumer Plaintiffs' Executive Committee*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document was prepared using 14-point Times New Roman, a font permitted by the Local Rules of the Court.

*/s/ David J. Worley*
David J. Worley

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 2, 2018, a copy of the foregoing

document was filed with the Clerk of Court by using the CM/ECF system, which

will send a notice of the filing to all counsel of record.

*/s/ David J. Worley*
David J. Worley
