UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE: Equifax, Inc., Customer Data Security Breach Litigation** | MDL Docket No. 2800<br><br>Case No.: 1:17-md-02800-TWT<br><br>CONSUMER ACTIONS |

**[PROPOSED] ORDER APPOINTING CONSUMER
PLAINTIFFS' INTERIM CO-LEAD COUNSEL,
LIAISON COUNSEL, AND EXECUTIVE COMMITTEE**

Before the Court are applications from various Consumer Plaintiffs' counsel requesting appointment to leadership positions in this MDL proceeding. After due consideration of all applications submitted and the arguments presented at the February 9, 2018 hearing, and based on the Court's consideration of the factors set forth by Fed. R. Civ. P. 23(g) and the Manual for Complex Litigation (Fourth), the Court hereby appoints the following leadership group for Consumer Plaintiffs' cases in this MDL proceeding:

1. **Consumer Plaintiffs' Interim Co-Lead Counsel**. The Court hereby appoints the following attorneys as Consumer Plaintiffs' Interim Co-Lead Counsel:

- David J. Worley of Evangelista Worley, LLC
- Ben Barnow of Barnow and Associates, P.C.
- Timothy G. Blood of Blood Hurst & O'Reardon LLP

2. Consumer Plaintiffs' Interim Co-Lead Counsel shall have day-to-day responsibility for the conduct of the litigation, shall determine how to prosecute the Consumer Plaintiff cases, and are charged with the following responsibilities:

(A) Finalizing and filing all pleadings, briefs, motions, and other papers on behalf of Consumer Plaintiffs and the Consumer Plaintiff putative classes;

(B) Initiating, coordinating, and conducting all pretrial discovery for the benefit of Consumer Plaintiffs and the Consumer Plaintiff putative classes including, without limitation, causing the issuance of interrogatories, document requests, requests for admission, subpoenas, and examining witnesses at depositions;

(C) Conducting all settlement negotiations on behalf of Consumer Plaintiffs and the Consumer Plaintiff putative classes;

(D) Acting as the spokesperson for Consumer Plaintiffs and the Consumer Plaintiff putative classes at pretrial proceedings in response to the Court's inquiries, subject to any right of individual Consumer

       Plaintiffs' counsel to present non-repetitive, individual or different positions as directed by the Court;

(E)    Conducting trial and post-trial proceedings on behalf of Consumer Plaintiffs and the Consumer Plaintiff putative classes;

(F)    Conducting all appeals on behalf of Consumer Plaintiffs and the Consumer Plaintiff putative classes;

(G)    Delegating specific tasks to Consumer Plaintiffs' Liaison Counsel, Consumer Plaintiffs' Executive Committee, and other Consumer Plaintiffs' counsel in a manner that ensures pretrial preparation is conducted efficiently and effectively;

(H)    Consulting with and employing consultants and experts as they may deem appropriate;

(I)    Establishing and maintaining a document depository as necessary;

(J)    Negotiating and entering into stipulations as necessary for the conduct of the litigation;

(K)    Maintaining adequate time and disbursement records covering services as Consumer Plaintiffs' Interim Co-Lead Counsel;

    (L)    Monitoring the activities of Consumer Plaintiffs' counsel to ensure schedules are met and that unnecessary expenditures of time and money are avoided; and

    (M)    Performing such other duties as may be incidental to proper coordination of Consumer Plaintiffs' pretrial activities or authorized by further order of the Court.

3.    **<u>Consumer Plaintiffs' Liaison Counsel</u>**. The Court hereby appoints David A. Bain of the Law Offices of David A. Bain, LLC, as Consumer Plaintiffs' Liaison Counsel.  The Court hereby charges Consumer Plaintiffs' Liaison Counsel with the following responsibilities:

    (A)    Communicating with the Court on behalf of Consumer Plaintiffs' Interim Co-Lead Counsel concerning scheduling and other administrative matters;

    (B)    Advising Consumer Plaintiffs' counsel on issues concerning local rules, practices, and procedures, as needed;

    (C)    Maintaining an up-to-date and comprehensive service list of all Consumer Plaintiffs' counsel and promptly advising the Court and Defendants' counsel of any changes to that service list; and

(D) Receiving and, as appropriate, distributing to Consumer Plaintiffs' counsel, Orders and correspondence from the Court and documents from opposing counsel and others to the extent such documents are not electronically filed.

4. **Consumer Plaintiffs' Executive Committee.** The Court hereby appoints the following attorneys as Consumer Plaintiffs' Executive Committee:

- Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP
- William B. Federman of Federman & Sherwood,
- Janine L. Pollack of Wolf Haldenstein Adler Freeman & Herz LLP
- Kevin H. Sharp of Sanford Heisler Sharp, LLP
- Lesley E. Weaver of Bleichmar Fonti & Auld LLP

5. Consumer Plaintiffs' Executive Committee shall perform assignments from time to time as designated and directed by Consumer Plaintiffs' Interim Co-Lead Counsel.

6. All Consumer Plaintiffs' counsel must keep contemporaneous records of their time in a uniform manner. Those records must reflect the date the legal services were rendered, the nature of the services, the provider of the services, the hourly rate applied, and the amount of time expended. Consumer Plaintiffs' counsel must also keep detailed records of all expenses incurred in connection with the

litigation. On a monthly basis, Consumer Plaintiffs' counsel shall provide a detailed report of the time, costs, and expenses incurred in connection with the litigation to Consumer Plaintiffs' Interim Co-Lead Counsel in a manner as they shall direct. Consumer Plaintiffs' counsel not serving in a leadership position must receive the express authorization of one of Consumer Plaintiffs' Interim Co-Lead Counsel for any projects or work undertaken in furtherance of the litigation.

7.  On a quarterly basis, Consumer Plaintiffs' Interim Co-Lead Counsel shall submit to the Court *in camera* reports reflecting attorney hours, costs, and expenses reported by Consumer Plaintiffs' counsel. Each report shall be due on the 21st day following the end of the prior quarter, subject to the requirements of Fed. R. Civ. P. 6(a)(1) (for example, the report for the first quarter of 2018, ending on March 31, 2018, must be submitted no later than Monday, April 23, 2018). Each report shall include a one-page summary of attorney time, costs, and expenses reported in furtherance of the litigation to date. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying a request for an award of attorneys' fees or for reimbursement of costs and expenses for the period that relates to the missing or inadequate submissions. Submission of these reports shall not constitute a waiver of the attorney-client privilege or attorney work product doctrine.

8. This order shall govern the practice and procedure in those actions that the Judicial Panel on Multidistrict Litigation transferred to this Court as well as all related actions originally filed, transferred, or removed to this Court. This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court, absent further order.

IT IS SO ORDERED, this ___ day of _____, 2018.

_____
THOMAS W. THRASH, JR.
Chief United States District Judge