# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation. | MDL Docket No. 2800<br><br>No.: 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS |

## THE BARNES/CANFIELD GROUP'S APPLICATION FOR
## <u>APPOINTMENT TO LEAD THE CONSUMER CASES</u>

Dated:  February 2, 2018

## TABLE OF CONTENTS

**I.**   ARGUMENT ......................................................................................3

   A.  The Barnes/Canfield Group Has Already Done
       Substantial Work on the Litigation in a Cooperative
       And Efficient Manner ....................................................................4

   B.  The Barnes/Canfield Group Has Significant Expertise
       In Successfully Litigating Complex Cases, Has Superior
       Knowledge of the Applicable Law, and Comprises
       Attorneys from Diverse Backgrounds with Complimentary
       Skill Sets ...................................................................................... 6

       1.   Proposed Interim Co-Lead Counsel......................................8

            Kenneth S. Canfield ....................................................8
            Amy E. Keller................................................................9
            Norman E. Siegel....................................................... 10

       2.  Proposed Liaison Counsel  ................................................. 12

            Roy Barnes ................................................................. 12

       3.  Proposed Steering Committee ............................................. 13

            Andrew N. Friedman .................................................. 13
            Eric Gibbs ................................................................... 15
            James J. Pizzirusso ..................................................... 16
            Ariana Tadler.............................................................. 18
            John Yanchunis........................................................... 20

       4.   State Court Coordinating Counsel ...................................... 21

            Rodney Strong  .......................................................... 21

C.   The Barnes/Canfield Group Will Commit the Resources
      Needed to Represent the Class, Coordinate Efforts
      Among Counsel, and Ensure the Effective Resolution
      of This Litigation .......................................................................... 22

D.   The Barnes/Canfield Group Collectively Has the
      Relationships Needed to Most Effectively and Efficiently
      Handle the Litigation and Its Entire Slate Should Thus
      Be Selected ............................................................................... 22

II.   CONCLUSION ................................................................................... 24

The Barnes/Canfield Group, which respectfully seeks appointment to lead the consumer cases, is a diversified slate of committed lawyers that: (i) includes leadership from every major data breach case litigated to date, including *Home Depot*, *Anthem*, *Target*, and *Yahoo*; (ii) brought the first cases against Equifax in this District; (iii) moved and argued before the JPML for transfer of the MDL to this Court; (iv) engaged Equifax's counsel and other plaintiffs' counsel to reach consensus on early case management issues; (v) has a long history of working cooperatively among themselves, with defense counsel, and with the plaintiffs' lawyers who seek leadership of the financial institution cases; and (vi) filed *Allen v. Equifax., Inc.*, No. 17-cv-04544 (N.D. Ga. November 10, 2017), a consolidated complaint that names plaintiffs in all 50 states and asserts comprehensive legal claims, thus framing this matter for litigation and, potentially, early resolution.

The Barnes/Canfield Group proposes appointment of the following:

***Co-Lead Counsel:*** (1) **Kenneth Canfield**, Doffermyre Shields Canfield & Knowles, LLC; (2) **Amy Keller**, DiCello Levitt & Casey LLC; and (3) **Norman Siegel**, Stueve Siegel Hanson LLP.

***Liaison Counsel***: **Roy Barnes**, Barnes Law Group, LLC.

***Steering Committee:*** (1) **Andrew Friedman**, Cohen Milstein Sellers & Toll PLLC; (2) **Eric Gibbs**, Girard Gibbs LLP; (3) **James Pizzirusso**, Hausfeld LLP; (4) **Ariana Tadler**, Milberg Tadler Phillips Grossman LLP; and (5) **John Yanchunis**, Morgan & Morgan Complex Litigation Group.

***State Court Coordinating Counsel:*** **Rodney Strong**, Griffin & Strong P.C.

The Barnes/Canfield slate is the product of a vigorous "private ordering" process among several independent groups that did not initially join in filing the same complaint, but came together because of their desire to assemble the team "best-suited," pursuant to CMO No. 1, Rule 23(g), and the Manual for Complex Litigation (4th) ("Manual") § 14.211, to represent the class while ensuring the case is zealously, cooperatively, efficiently, and successfully litigated. The slate also reflects the diversity of the Bar and the plaintiff class—from the standpoint of gender, race, age, geography, and background—following guidance from the Duke Law Center for Judicial Studies *Standards and Best Practices for Large and Mass-Tort MDLs* ("Duke Standards"), which encourage "appointment of an experienced slate of attorneys" who will "fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."

The slate was joined not through repaying favors, but came together "as a cohesive group that is committed to the team rather than individual play." *See In re: Syngenta AG MIR162 Corn Litig.*, No. 14-MD-2591, 2015 WL 13679782, at *2 (D. Kan. Feb. 13, 2015). It was crafted for the purpose of assembling the right combination of talent, personalities, and data breach experience to best and most efficiently prosecute *this* case, in *this* Court, against *this* defendant. Accordingly, the Barnes/Canfield Group seeks appointment of this balanced team, *in its entirety*.

2

*See id.* (declining suggestion to pick and choose a slate from competing lead counsel applications in favor of a single slate "that has the distinct advantage of having committed itself in advance to solving this problem together").

Cognizant of the Court's efficiency concerns, this proposal is also consistent in terms of size and committee roles with this Court's previous leadership appointment in the *Home Depot* litigation, which was expeditiously and efficiently resolved. Given the depth of data breach experience, diversity, and cooperative nature of the substantial work already undertaken in this action, the Barnes/Canfield Group is the right choice to lead the consumer track here.

## I.   ARGUMENT

In CMO No. 1, the Court stated that in selecting leadership it will consider "(1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner," *id.* at 6, as well as the other Rule 23(g) criteria, which include (1) work counsel has performed identifying or investigating potential claims in the action; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv); *see also* Manual

§ 10.22.  The Barnes/Canfield Group satisfies each of these factors.

### A.  The Barnes/Canfield Group Has Already Done Substantial Work on the Litigation in a Cooperative and Efficient Manner

Members of the Barnes/Canfield Group have been actively litigating this case since the day Equifax announced the data breach on September 7, 2017. In addition to filing the first cases in this District, which they were able to do promptly because of their deep experience in data breach cases, attorneys in the Barnes/Canfield Group were the ones who moved for JPML centralization and argued before the Panel to transfer all of the Equifax data breach cases to this District for coordinated or consolidated pretrial proceedings.

Well before JPML transfer, however, the Barnes/Canfield Group came together and, among other things, (i) retained and have been working with top cybersecurity experts; (ii) catalogued Equifax's public statements and testimony regarding the breach; (iii) developed a set of detailed remedial measures to redress the breach with the help of the experts and preeminent consumer protection organizations; (iv) interviewed several thousand impacted victims; and (v) researched all potentially applicable statutes and common law claims in every state.  This effort culminated in the *Allen* Complaint, believed to be the only complaint filed to date that names plaintiffs from all 50 states.  The complaint also details the factual record related to the breach, consolidates the vast majority of the

claims asserted against Equifax in hundreds of other complaints, and adds additional claims. As a result, the Barnes/Canfield Group has already laid the groundwork for filing a consolidated amended complaint in the consumer track.

The Barnes/Canfield Group also has devoted substantial time coordinating with defense counsel and other plaintiffs' counsel to facilitate efficient early case management. Before JPML transfer, Group attorneys initiated the first Local Rule 23.1 discussions with Equifax, obtained a written commitment from Equifax not to seek arbitration of these cases, and worked with defense counsel to obtain a stay of all cases in this District pending a decision by the JPML. Following JPML transfer to this District, Group attorneys continued their efforts to efficiently move the litigation forward by, among other things, actively negotiating with defense counsel, David Worley (in his role as coordinating counsel under CMO No. 1),[1] and other plaintiffs' lawyers to reach consensus on proposed CMO No. 2 and the agenda for the initial case management conference.

Finally, the Barnes/Canfield Group already has organized itself to most effectively use its members' collective talents to enhance the efficient prosecution

---

[1] Although Mr. Worley is submitting his own application for leadership, the Barnes/Canfield Group welcomes having Mr. Worley continue in his role as coordinating counsel as provided in CMO No. 1, working alongside Mr. Barnes in his role as liaison counsel.

and management of the litigation. The Group has formed the following subcommittees and designated their chairs: (i) law and briefing (Mr. Canfield); (ii) experts (Mr. Yanchunis); (iii) injunctive relief (Mr. Friedman); (iv) plaintiffs' discovery (Mr. Pizzirusso); (v) defendant discovery (Ms. Tadler); (vi) third-party discovery (Ms. Keller); (vii) class certification (Mr. Gibbs); (viii) settlement (Mr. Siegel); and (ix) administration (Mr. Barnes). A chart setting forth the committee structure is attached as Exhibit 1. The Group also has prepared protocols to ensure that the litigation is pursued efficiently, without unnecessary effort and duplication, and in a manner that can be best supervised by the Court, including protocols to govern time keeping, monthly submission of time records, quarterly reports to the Court, and other administrative tasks. These protocols are based on those developed by Group members and used by the Court in the *Home Depot* MDL.

**B.     The Barnes/Canfield Group Has Significant Expertise in Successfully Litigating Complex Cases, Has Superior Knowledge of the Applicable Law, and Comprises Attorneys from Diverse Backgrounds with Complementary Skill Sets**

As shown below and in the attached firm resumes (Exhibits 3 to 12), the Barnes/Canfield Group includes some of the nation's most respected attorneys and firms representing plaintiffs in class actions. Of particular relevance here, the Group brings together attorneys who have led the largest and most complex data breach cases in history, including the co-lead counsel responsible for the three

most successful data breach settlements to date – the settlements in the consumer and financial institutions tracks approved by this Court in *In re Home Depot Customer Data Security Breach Litig.*, No. 14-md-02583 (N.D. Ga.) ("*Home Depot*") and the recent settlement in *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617 (N.D. Cal) ("*Anthem*"), which will create a $115 million non-reversionary cash fund and requires comprehensive injunctive relief.

Other data breach cases led by Group members include *In Re: Arby's Rest. Group, Inc. Data Security Litig.*, No. 1:17-cv-1035-AT (N.D. Ga.) ("*Arby's*") (co-lead counsel, liaison counsel, and PSC members); *In re: Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-md-02752 (N.D. Cal.) ("*Yahoo*") (sole lead counsel and PSC members); *In re VIZIO Inc. Consumer Privacy Litig.*, No. 8-16-md-02693-JLS (C.D. Cal.) ("*Vizio*") (co-lead counsel and PSC member); *In re Target Corporation Customer Data Security Breach Litig.*, No. 14-md-2522 (D. Minn.) ("*Target*") (PSC members); *In re Adobe Systems, Inc. Privacy Litig.*, No. 13-cv-05226 (N.D. Cal.) ("*Adobe*") (sole lead counsel and PEC members); *In re Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 11-md-02258 (S.D. Cal.) ("*Sony*") (co-lead counsel); and *In re Michaels Stores Pin Pad Litig.*, No. 11 C 3350 (N.D. Ill) ("*Michaels*") (co-lead counsel).   A more comprehensive list of the Group's data breach experience is attached as Exhibit 2.

1.    **Proposed Interim Co-Lead Counsel**

**Kenneth S. Canfield, Doffermyre Shields Canfield & Knowles, LLC (Ex. 3)**

More than twenty years ago, the *National Law Journal* referred to Doffermyre Shields Canfield & Knowles as "one of Atlanta's leading firms in high-profile, class action litigation." Since that time, the firm and Mr. Canfield have developed a national reputation in class action litigation as recognized by *Best Lawyers, U.S. News and Daily Report*, and other publications. Based on interviews with clients, judges and other lawyers, *Chambers USA* has stated: "Kenneth Canfield is revered as a 'brilliant litigator,' particularly in relation to his work on complex class actions." Mr. Canfield has been appointed to leadership positions in many MDLs and class actions, including two data breach cases in this District—*Home Depot* (co-lead counsel) and *Arby's* (liaison counsel).

Beginning the day the Equifax data breach was first announced, Mr. Canfield has been approached by dozens of lawyers from around the country who wanted his firm to join them in filing cases in this District. He chose to associate with a small group of highly experienced and collegial data breach lawyers who he knows from firsthand experience have the skill and personal qualities needed to handle this litigation effectively and efficiently. Since then, Mr. Canfield has been involved in all aspects of the litigation and, among other things, has worked with

King & Spalding, a firm with which he and his partners enjoy mutual respect and trust from having been on the opposite sides of 30 or more cases.  A former editor of the *Yale Law Journal,* Mr. Canfield will chair the law and briefing committee.

## Amy E. Keller, DiCello Levitt & Casey LLC (Ex. 4)

Amy E. Keller is a partner in the Chicago office of DiCello Levitt & Casey LLC, one of the nation's fastest-growing plaintiffs' class action law firms whose partners have a history of leading major litigation.  Ms. Keller's leadership appointments include several nationwide cases, such as *Gengler v. Windsor Window Co.*, No. 16-cv-00180 (E.D. Wis.) (PSC member); *Catalano v. BMW of North America, LLC*, No. 15-cv-04889 (S.D.N.Y.) (interim co-lead settlement counsel); *Roberts v. Electrolux Home Prods., Inc.*, No. 12-cv-01644 (C.D. Cal.) (co-lead settlement counsel). And she has experience in data breach and privacy litigation.  *See, e.g.*, *In re VTech Data Breach Litig.*, No. 15-cv-10889 (N.D. Ill.).

As the chair for several years of the Chicago Bar Association Class Action Committee, Ms. Keller has led symposia and presented on a broad range of topics affecting large-scale consumer class actions, including emerging legal issues in technology and consumer privacy.  She is a member of the Cyber Law and Data Privacy Committee of the Chicago Bar Association, a member of the Privacy and Information Security Law Section of the Illinois State Bar Association, and a board

member of Public Justice, a national not-for-profit organization protecting consumers. Her rapidly-developing expertise and leadership in the field of consumer class actions was recently recognized when she was named an Illinois *Super Lawyers* "Rising Star," an honor limited to lawyers under the age of 40.

As a younger lawyer, Ms. Keller diversifies the proposed leadership slate as provided by the Duke Standards. She has the support of her proposed co-leads as well as that of her partner, Adam Levitt. Mr. Levitt is the President of Class Action Trial Lawyers, an elected member of the American Law Institute, and an Advisory Board member of the aforementioned Duke Center for Judicial Studies. He has led dozens of nationwide class actions, including more than twenty MDLs and many data breach and privacy cases such as *Sony, Adobe*, and *Michaels,* and has been recognized as a "pioneer" in the data security and privacy field by Judge James Ware, former Chief Judge of the Northern District of California.

### Norman E. Siegel, Stueve Siegel Hanson LLP (Ex. 5)

Norman E. Siegel is founding partner of Stueve Siegel Hanson LLP, a 30-lawyer Kansas City, Missouri firm with a national reputation in complex litigation. For the last five years, Mr. Siegel has devoted much of his practice to leading the largest data breach cases in the country, including *Target* and *Home Depot*, and has worked alongside leadership in several large data breach MDLs, including *Anthem*

and *Office of Personnel Management*. He has also handled numerous other data breach cases, published articles on Article III standing, argued important data breach issues in the Fourth Circuit, and was the founding co-chair of the American Association for Justice's Consumer Privacy and Data Breach litigation group.

As co-lead consumer counsel in *Home Depot*, Mr. Siegel organized scores of counsel to produce the consolidated amended complaint; was a primary contact for Home Depot's counsel at King & Spalding; and served a central role in negotiating the *Home Depot* settlement – the most comprehensive such settlement at the time – and guiding the settlement through final approval within one year of appointment.

Mr. Siegel brings the same qualities to bear in this litigation.  He (along with Mr. Barnes) filed the second case in this District, quickly filed the motion requesting the JPML transfer the litigation to this District, coordinated dozens of other counsel to present a unified position before the JPML, and successfully argued before the JPML in favor of transfer to this District.

Moreover, beginning in early September 2017, Mr. Siegel began working with King & Spalding on the initial case management issues raised by the expanding litigation, including obtaining written confirmation from Equifax that it would not seek to enforce arbitration, organizing an effort to stay all of the cases in this District, and coordinating with counsel around the country. After the cases

11

were transferred to this District, Mr. Siegel continued his behind-the-scenes efforts by working with Mr. Worley to fulfill the case management obligations set forth in CMO No. 1; conferring on the proposed CMO No. 2 with Mr. Worley, and David Balser and Stewart Haskins of King & Spalding; negotiating language with lawyers representing the small business plaintiffs; and working with all plaintiffs' counsel to reach a consensus for the proposed CMO No. 2. If appointed, Mr. Siegel will continue his zealous representation and, as chair of the settlement committee, explore a prompt resolution to bring immediate relief to the class.

**2.    Proposed Liaison Counsel**

**Roy Barnes, Barnes Law Group, LLC (Ex. 6)**

Roy E. Barnes is the founding member of Barnes Law Group, LLC, an *AV Preeminent* rated firm in Marietta, Georgia, that has attained national recognition. Mr. Barnes is a Fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers and has been consistently selected by peers as one of the *Best Lawyers in America, Best Attorneys in Georgia* and Georgia *Super Lawyers*. With more than 40 years of expertise, Mr. Barnes appears in over 250 reported state and federal appellate court decisions, and has been appointed to leadership in numerous state and nationwide class actions, including *Home Depot* (co-liaison counsel) and *Arby's* (co-lead counsel). Mr. Barnes (with

Mr. Yanchunis) filed the first Equifax case in this District.

Mr. Barnes also has a distinctive 30-year political career with extensive experience in public policy, lawmaking and consensus-building. Having served in both the House and Senate of the Georgia General Assembly over the course of 1974 to 1998, Mr. Barnes was then elected and served as Georgia's 80th Governor from 1999 to 2003. In 2003, he was awarded the John F. Kennedy Profile in Courage Award for the decisions of conscience he made when seeking to resolve Georgia's divisive political and social debate about removing the Confederate battle emblem as the predominant symbol on the state flag. His legal and political accomplishments demonstrate his particularly adept ability to work cooperatively with others to find common ground and achieve compromised resolutions in complex matters. If selected, Mr. Barnes and his firm will commit the necessary talent, resources and leadership to help *"Make It Right"* for Equifax's victims.

Mr. Barnes will chair the administrative committee and be responsible for coordination with the many regulators and state Attorney Generals who are investigating the Equifax data breach and considering remedial measures.

### 3.     **Proposed Steering Committee**

**Andrew N. Friedman, Cohen Milstein Sellers & Toll PLLC (Ex. 7)**

Cohen Milstein has earned recognition as a "class-action powerhouse"

(*Forbes*), "the most effective law firm in the U.S. for lawsuits with a strong social and political component" (*Corporate Legal Times*), and one of "America's 25 Most Influential Law Firms" (*The Trial Lawyer*). This year, the Consumer Protection practice group Mr. Friedman co-chairs was listed as one of the top five Privacy Practice Groups in the country (*Law360*).

Mr. Friedman has over 32 years of experience at Cohen Milstein litigating cutting-edge class actions and crafting creative relief when money alone is insufficient. He has many notable achievements and recoveries in some of the most significant consumer class actions in recent years, including privacy and data breach cases. In *Anthem,* as one of two co-lead counsel, he led a team of attorneys that aggressively prosecuted claims on behalf of the nearly 80 million consumers impacted by the massive data breach. In a relatively short time, Mr. Friedman and his team conducted voluminous expert and fact discovery (nearly two hundred depositions and four million pages of documents) and fully briefed class certification. Mr. Friedman was instrumental in negotiating the $115 million settlement fund, which far exceeds any data breach settlement to date, and requiring Anthem to adopt detailed, specific changes to its data security practices.

Other privacy and data breach cases on which Mr. Friedman has worked include, among others: *Home Depot* (PSC member and chair of the expert

14

committee); *Vizio* (PSC member); *In re Heartland Payment Sys. Data Sec. Breach Litig.* (S.D. Tex.) (PSC member); and *Nader v. Capital One Bank (USA), N.A.* (C.D. Cal.) (one of the principal lead counsel).

Because of his technical understanding of the information security systems used by large corporations, success obtaining comprehensive injunctive relief in *Anthem* and other data breach cases, and long history of creativity in fashioning alternative forms of relief for consumers, Mr. Friedman is a natural fit to serve as chair of the injunctive relief committee if Barnes/Canfield Group is selected. Indeed, on behalf of the Group, Mr. Friedman, along with Mr. Levitt and Mr. Yanchunis, has already retained and worked with cybersecurity experts and consumer advocates to preemptively develop strategies to improve Equifax's internal cybersecurity. These strategies, which the Barnes/Canfield Group will pursue in this litigation, would greatly reduce the chance of another data breach and ensure that Equifax's products place consumers' interests at the forefront.

## Eric Gibbs, Girard Gibbs LLP (Ex. 8)

Girard Gibbs has achieved landmark victories in data breach, privacy, and a variety of other complex matters. The firm has repeatedly been named as one of the nation's "Tier 1 Best Firms" for mass tort and class actions by *U.S. News & World Report*. In 2016, founding partner Eric Gibbs was the sole plaintiff's lawyer

15

named a "Consumer Protection MVP" by *Law360*; in 2017, partner Andre Mura was recognized as a Top Cybersecurity/Privacy Attorney Under 40. And Eric Gibbs co-founded AAJ's Consumer Privacy and Data Breach litigation group.

Girard Gibbs is one of the only firms in the country to have certified a data breach litigation class, *see Smith v. Regents of the Univ. of Cal., San Francisco*, No. RG-08-410004 (Cal. Sup. Ct., Alameda Cnty.), and has achieved other precedent-setting victories such as *Adobe,* in which Mr. Gibbs was the sole lead counsel.  The court in that case held that data breach victims who had not yet suffered identity theft still had Article III standing, *see In re Adobe Privacy Litig.*, 66 F. Supp. 3d 1197, 1214 (N.D. Cal. 2014), a decision that has been cited by 57 district courts and the Third and Seventh Circuit Courts of Appeals.  Most recently, Girard Gibbs was appointed to leadership positions in *Anthem, Home Depot, Target, Vizio, In re Banner Health Data Breach Litig.*, No. 2:16-02696 (D. Ariz.), and *Fero v. Excellus Health*, No. 6:16-06569 (W.D.N.Y.).

As a result of Mr. Gibbs' wide-ranging knowledge of the adverse impact of a data breach on consumers and prior success in establishing Article III standing and class certification, he will chair the proposed class certification committee.

## James J. Pizzirusso, Hausfeld LLP (Ex. 9)

Hausfeld LLP is widely acknowledged as one of the nation's preeminent

16

plaintiffs' class action firms with over a hundred lawyers in nine offices (including four in Europe). According to the *Global Competition Review*, Hausfeld "is clearly recognized as one of the best plaintiffs' firms in the country." Hausfeld has recovered billions of dollars for its clients and courts have appointed Hausfeld's attorneys to leadership positions in hundreds of cutting edge cases.

James Pizzirusso is a founding partner of Hausfeld, head of its Consumer Protection/Privacy practice group, and a nationally recognized data breach lawyer. In 2017, the *National Law Journal* named Mr. Pizzirusso as a "Cybersecurity Trailblazer," one of only two plaintiffs' lawyers to achieve that distinction. In 2012, he was named as one of four "Rising Stars under 40" by *Law360* in Consumer Protection and Privacy law. He also has been appointed to leadership positions in numerous data breach cases including *Target* (PSC member); *Home Depot* (chair of the PSC); *Arby's* (co-lead counsel); *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, No. 1:15-cv-02228 (N.D. Ill.) ("*Kmart*") (co-lead counsel); and *In re Premera Blue Cross Customer Data Breach Litig.*, No. 3:15-md-2633-SI (D. Or.) (PSC member), and he is a member of the Sedona Working Group on Data Security and Privacy Liability.

In this litigation, among other things, Mr. Pizzirusso has taken a lead role in analyzing the harm suffered by consumers as a result of the Equifax data breach

and was instrumental in putting together the *Allen* complaint that asserts claims by victims in every state.  He also has worked with large numbers of named plaintiffs in other major class actions, is familiar with electronic systems used to manage information in mass litigation, and has vast experience preparing for and responding to discovery directed at large numbers of class representatives.  He thus has been selected to head the proposed plaintiffs' discovery committee.

### Ariana Tadler, Milberg Tadler Phillips Grossman LLP (Ex. 10)

Ariana J. Tadler, Managing Partner of Milberg Tadler Phillips Grossman LLP, in New York City has prosecuted class actions for more than 25 years and is one of the few women litigators in the plaintiffs' class action bar to be a named partner in a national firm.  *See, e.g.*, Amanda Bronstad, "In Mass Torts - Move Over, Mister," *National Law Journal*, Feb. 16, 2015 (recognizing the need for women lawyers in leadership).  She has been recognized for her skill in class actions by many publications and has been repeatedly named by *Super Lawyers* as among the top 50 Women Attorneys in the New York Metro area. According to *Chambers USA*, Ms. Tadler is a "vigorous opponent and very effective advocate because she has credibility with judges," "'a thought leader' who 'understands the technical issues and the language involved,'" and "a good statesman for the plaintiffs' Bar because she's respected by the defense Bar."

Ms. Tadler has unparalleled experience in the efficient and cost-effective management of discovery in complex litigation and is one of the nation's leading authorities on eDiscovery. She is the only plaintiffs' lawyer to have achieved Band 1 eDiscovery recognition by *Chambers USA*. Moreover, Ms. Tadler recently was appointed by Chief Justice John Roberts to serve on the Federal Civil Rules Advisory Committee and was appointed by Committee Chair, Hon. John D. Bates, to the subcommittee tasked with assessing the possible need for and developing potential civil rules for MDL cases.

Ms. Tadler has held leadership positions in dozens of the nation's largest, most complex, and highly publicized class actions and has extensive experience in data breach cases, including *Yahoo* (PSC member charged with leading discovery); *Target* (PSC member charged with leading discovery); *Intuit, Inc.* (PSC member); *Wendy's* (joint plaintiffs' counsel); *Excellus* (special discovery counsel to lead counsel); and *Experian Information Solutions, Inc.* (recognized by Judge Guilford for discovery experience and acumen). In this litigation, among other tasks, she was actively involved in negotiating the discovery issues raised by CMO No. 2.

Because of her unsurpassed skill in eDiscovery and breadth of experience in leading discovery in data breach cases, Ms. Tadler will lead the discovery team in this case if the Barnes/Canfield Group is selected. She will be supported by an all-

19

woman team at her firm comprised of recently-promoted partner, Melissa Clark, and senior counsel, Elizabeth McKenna, each of whom has extensive class action and sophisticated data discovery experience.

### John Yanchunis, Morgan & Morgan Complex Litigation Group (Ex. 11)

Mr. Yanchunis leads the National Consumer Class Action practice of Morgan & Morgan's Complex Litigation Group.  Morgan & Morgan is among the largest, if not the largest, exclusively plaintiffs law firms in the country, employing approximately 370 lawyers and 2,000 support staff, who serve consumers in numerous offices across the United States. Mr. Yanchunis has been litigating complex civil cases and class actions for more than 35 years and is one of the nation's most experienced plaintiffs' lawyers in the field of privacy and data breach litigation.  In 2016, he was selected by the *National Law Journal* as a "Trailblazer" in the area of Cybersecurity & Data Privacy.

Mr. Yanchunis has worked with other members of the Barnes/Canfield Group on numerous data breach cases, including as sole lead counsel in *Yahoo* (a breach involving almost three billion user accounts) and a PSC member in the *Home Depot*, *Target*, and *Office of Personnel Management* MDLs.  He has also served as lead counsel in privacy class actions in which Group attorneys were not involved.  Perhaps most significant is his successful work in *Fresco v. Automotive*

*Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.), and *Fresco v. R.L. Polk,* No. 07-cv-60695-JEM (S.D. Fla.), class actions brought to protect the privacy rights of over 200 million consumers against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and the parent of Lexis/Nexis.

### 4.     State Court Coordinating Counsel

**Rodney Strong, Griffin & Strong (Ex. 12)**

Currently, there are four state-wide class actions against Equifax arising out of the data breach pending in Fulton County Superior Court.   When, as here, overlapping cases are pending in multiple jurisdictions, the Manual emphasizes the benefits of coordination to foster efficiency, minimize duplicative discovery, and avoid management difficulties.   *See* Manual, §§ 10.225, 20.14, and 20.31.   The Barnes/Canfield Group thus proposes that the Court designate a "State Court Coordinating Counsel" to work with Mr. Barnes, in his role as liaison counsel, to provide for the coordination and communication envisioned by the Manual.

To fill this position, the Group recommends Rodney Strong, an Atlanta lawyer who filed an early case against Equifax in this District and chairs Griffin & Strong, a full-service law and public policy consulting firm. Mr. Strong is a graduate of Morehouse College and the law school at the University of Memphis. Over the years, he has focused his practice on working with state and local

21

governmental entities, particularly in public contract matters; been appointed a Special Assistant Attorney General; and litigated in the Fulton County courts.  He also is general counsel for the Fulton County/City of Atlanta Land Bank Authority.

In summary, the Barnes/Canfield Group's members, collectively and individually, have the necessary expertise and experience to lead this litigation.

### C. The Barnes/Canfield Group Will Commit the Resources Needed to Represent the Class, Coordinate Efforts Among Counsel, and Ensure the Effective and Efficient Resolution of This Litigation

The Barnes/Canfield Group has the resources necessary to finance a case of this magnitude, as they have shown by prosecuting many materially similar cases in the past. The Group's law firms are responsible for achieving some of the largest class action recoveries in some of the most complex, document-intensive, and high-profile class actions ever, including data breach and privacy cases.  Moreover, while each firm is committed to expending whatever resources are necessary to achieve a favorable result for the class, all counsel are extremely cognizant of the need to control costs, have diligently done so in the other complex litigation they have led, and will do so here, as they did in *Home Depot*.

### D. The Barnes/Canfield Group Collectively Has the Relationships Needed to Most Effectively and Efficiently Handle the Litigation and its Entire Slate Should Thus be Selected

The proven history of the Barnes/Canfield Group working together

22

successfully with each other in numerous major data breach cases weighs heavily in favor of appointing the group, *in its entirety*, to lead this litigation. *See generally* Duke Standards, Best Practice 4C(iii) ("The transferee judge may take into account whether counsel applying for leadership roles have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs."). While the Group commits to working with any plaintiffs' counsel appointed to assist in the efficient prosecution of this case, adding or subtracting lawyers from its proposed slate could well disrupt the synergy within the Group and create the potential for inefficiency due to the time needed to adjust to such changes. *See In re: Syngenta AG MIR162 Corn Litig.*, *supra*.

The Group's lawyers also have had close working relationships in similar data breach cases with the lawyers vying for leadership of the financial institution track in this litigation, which will facilitate the efficient handling of both tracks because of the need to coordinate discovery and other matters. For example, Mr. Canfield, Mr. Pizzirusso, and Mr. Friedman served with many of those lawyers in leading the financial institution track in *Home Depot*. The Group also has good working relationships with the lawyers at King & Spalding defending Equifax as a result of having litigated with them in dozens of individual and class action cases going back decades—relationships that recently helped to resolve two other data

breach class actions (*Home Depot* and *Kmart*). These relationships support selection of the Barnes/Canfield slate in its entirety. *See generally* Duke Standards, Best Practice 4C(ii) ("The transferee judge should be mindful of the importance of harmony among the leadership team, and between the leadership team and both the court and opposing counsel.").

In short, because of their success working with each other in many cases of this sort, their longstanding relationships and experience with Equifax's counsel and the plaintiffs' lawyers seeking to lead the financial institution track, and the professional manner in which they have conducted themselves in many cases in this District, this Court has assurance that, if the Barnes/Canfield Group is selected, the litigation will be zealously and expeditiously pursued; handled in a collegial and ethical manner; and conducted efficiently and effectively, consistent with the Court's expectations and standards.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, the Barnes/Canfield Group respectfully requests that the Court appoint its entire slate to lead the consumer cases. A proposed order for the Court's consideration is attached as Exhibit 13.

DATED: February 2, 2018

*s/ Roy E. Barnes*
Roy E. Barnes
Georgia Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia  30060
Tel: (770) 227-6375
roy@barneslawgroup.com

***Proposed Liaison Counsel***

Respectfully submitted,

*s/ Kenneth S. Canfield*
Kenneth S. Canfield
GA Bar No. 107744
**DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1900
Atlanta, Georgia  30309
Tel: (404) 881-8900
kcanfield@dsckd.com

Amy E. Keller
**DiCELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois  60602
Tel: (312) 214-7900
akeller@dlcfirm.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri  64112
Tel: (816) 714-7100
siegel@stuevesiegel.com

***Proposed Co-Lead Counsel***

Andrew N. Friedman
**COHEN MILSTEIN, SELLERS &**
**TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, DC  20005
Tel: (202) 408-4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California  94612
Tel: (510) 350-9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW
Suite 650
Washington, DC  20006
Tel: (202) 540-7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS**
**GROSSMAN LLP**
One Penn Plaza, 19th Floor
New York, New York  10119
Tel: (212) 594-5300
atadler@milberg.com

John Yanchunis
**MORGAN & MORGAN**
**COMPLEX**
**LITIGATION GROUP**
201 North Franklin Street
7th Floor
Tampa Florida  33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

*Proposed Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG, P.C.**
235 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30303
Tel:  (404) 584-9777
rodney@gspclaw.com

*Proposed State Court Coordinating Counsel*

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2018, the foregoing document and its attachments were filed using the Court's CM/ECF system, which will automatically generate electronic service upon registered counsel for all parties.

_s/ Roy E. Barnes_____
Roy E. Barnes