# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) |

Case No.
1:17-MD-2800-TWT

## <u>DECLARATION OF CRAIG E. BERTSCHI</u>

I, Craig E. Bertschi, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a member in good standing of the State Bar of Georgia.  I am counsel of record for the plaintiff in *South Florida Federal Credit Union v. Equifax, Inc. et al.*, Civil Action No. 1:18-cv-00119-TWT, which is currently pending before this Court.  I make this declaration in support of the application to appoint Michael McGlamry and Ranse Partin as Co-Lead Counsel and their suggested leadership slate, including myself as a member of the Financial Institution Plaintiff Steering Committee.

2.      I began my legal career in August 1990 as an associate with the law firm of Kilpatrick & Cody.  I was elected to the partnership in January 1998 and remained with that firm, which is now known as Kilpatrick, Townsend & Stockton, LLP ("KTS"), until March 2015.  In 2015, I left KTS and formed my own law firm, which is known as McRae Bertschi & Cole LLC.

- 1 -

3.     During my 25 year tenure with KTS, I represented numerous banks, credit unions, community banks and other financial institutions that are undoubtedly members of the putative class in this case.   Those representations included both litigation and general advice on a broad range of issues such as commercial paper, secured transactions, bank deposits and collections, depositor contracts, garnishments, funds availability, fidelity bonds, loan underwriting, bank fraud, mortgage fraud, and identity theft.

4.     During the 17 years that I was a partner with KTS, my practice focused on the defense of class actions, primarily cases filed against consumer reporting agencies under the Fair Credit Reporting Act and similar consumer protection statutes.   Those cases included:

a.     *Hillis v. Equifax Consumer Services, Inc. et al.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:04-cv-3400-BBM, alleging violations of the Credit Repair Organizations Act.

b.     *Millett v. Equifax Credit Information Services, Inc. et al.*, United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:05-cv-02122-TCB, alleging violations of the Fair Credit Reporting Act.

c.     *Pike v. Equifax Information Services, LLC*, United States District Court for the Central District of California, Civil Action No. 8:05-cv-01172-DOC-MLG, alleging violations of the Fair Credit Reporting Act.

d.   *White v. Experian Information Solutions et al.* and *Hernandez v. Experian Information Solutions et al.,* United States District Court for the Central District of California, Civil Action No. 05-cv-01070-00C, alleging violations of the Fair Credit Reporting Act.

e.   *Harris v. Equifax Information Services, LLC*, United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:06-cv-582, alleging violations of the Fair Credit Reporting Act.

f.   *Harris v. Equifax Information Services, LLC,* United States District Court for the District of South Carolina, Anderson Division, Civil Action No. 6:06-cv-01810-GRA, alleging violations of the Fair Credit Reporting Act.

g.   *Premium Mortgage Corp. v. Equifax Information Services, et al.,* United States District Court for the Western District of New York, Civil Action No. 07-cv-6349, alleging misappropriation of trade secrets.

h.   *James D. Hinson Electrical Contracting Co., Inc. v. BellSouth Telecommunications, Inc.,* United States District Court for the Middle District of Florida, Jacksonville Division, Civil Action No. 3:07-cv-00598, alleging violations of Florida's Deceptive and Unfair Trade Practices Act and various common law claims.

i.   *Griffin v. Harley Davidson Credit Corporation and Eaglemark Savings Bank*, United States District Court for the District of South Carolina, Civil Action No. 8:08-cv-00466-HFF, alleging violations of the South Carolina Consumer Protection Code arising from certain late fees charged in connection with consumer finance contracts.

j.   *Black v. Winn-Dixie Stores, Inc.,* United States District Court for the Middle District of Florida, Jacksonville Division, Civil Action No. 3:09-cv-00502, alleging claims for violations of the Fair Credit Reporting Act.

k.   *Johnston v. Community Bank & Trust*, United States District Court for the Middle District of Alabama, Civil Action No. 2:10-cv-00774-MEF-SRW, alleging claims for violations of the Electronic Funds Transfer Act.

l.   *Jackson v. Metscheck, Inc.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:11-cv-022735-TWT, alleging claims for violations of the Fair Credit Reporting Act.

m.   *Wyatt v. Early Warning Services, LLC et al.*, United States District Court for the Eastern District of Virginia, Richmond Division, Civil Action No. 3:13-cv-00662, alleging claims for violations of the Fair Credit Reporting Act.

n.   *Steadman v. Bassett Furniture Industries, Inc. et al.*, United States District Court for the Southern District of California, Civil Action No. 3:13-cv-00308-JAH-RBB, alleging claims for violations of California's Song-Beverly Act.

5.   As a result of my experience representing financial institutions, financial services companies and consumer reporting agencies, I have extensive knowledge regarding (i) the types of data the financial institutions and other creditors provide to consumer reporting agencies, (ii) the manner in which that data is stored, (iii) data security, (iv) methods of identity theft, (v) the impact that identity theft has on consumers and their credit scores, (vi) remediation of identity theft and the costs associated therewith and (vii) the relationships between consumer reporting agencies and financial institutions.

6.   My knowledge of the foregoing issues and my many years of experience as defense counsel will be relevant to and helpful with (i) crafting

discovery requests, (ii) anticipating and amicably resolving discovery disputes, (iii) narrowing issues for litigation, (iv) identifying and vetting consulting and testifying experts, and (v) anticipating and responding to defenses to class certification that may be raised in this case, *e.g.* issues of ascertainability, superiority and commonality/predominance.

7.     While I was a partner at KTS, I also represented plaintiffs in class action litigation and served as class counsel in the following cases:

a.     *The Salt River Pima Maricopa Indian Community et al. v. The United States of America et al.*, United States District Court for the District of Arizona, Phoenix Division, Civil Action No. CV-08-1005-PHX ROS, alleging tort claims for unauthorized presence of power lines on tribal land.

b.     *Eloise Cobell et al v. Salazar et al.*, United States District Court for the District of Columbia, Civil Action No. 1:96-cv-01285-TFH, alleging breach of trust claims for mismanagement of tribal and individual assets, which resulted in a $3.4 billion settlement.

c.     *Eastmoor Estates Residents Association, et al. v. Glenn Miller et al.*, United States District Court for the District of Mississippi, Greenville Division, Civil Action No. 10-cv-00144, alleging violations of the Clean Water Act and various common law causes of action.

8.     Since leaving KTS and forming my own firm, I have continued to focus my practice on complex commercial litigation.  However, I now exclusively represent plaintiffs in class action litigation.  I was recently approved as class counsel by this Court in the case of *Johnson v. NCR Corporation et al.*, United

States District Court for the Northern District of Georgia, Atlanta Division, Civil Action No. 1:15-cv-02261-TWT, which alleged violations of the Fair Credit Reporting Act and has now been settled.

9.    I am AV® rated by Martindale-Hubbell and was recognized by *The Best Lawyers in America*® in 2014, 2015, 2016 and 2017 for Banking & Finance Litigation.

10.    I fully understand and appreciate the duties attendant to serving as class counsel in litigation of this sort and am prepared to fully perform those duties on behalf of the class for as long as necessary.

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare the foregoing is true and correct.

This 2nd day of February, 2018.

/s/ *Craig E. Bertschi*
Craig E. Bertschi