**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br><br>No.: 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS |

**APPLICATION OF ROBERT C. SCHUBERT OF SCHUBERT JONCKHEER & KOLBE LLP FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE FOR THE CONSUMER ACTIONS**

Pursuant to Case Management Orders 1 and 2, Robert C. Schubert ("Mr. Schubert") of the law firm of Schubert Jonckheer & Kolbe LLP (the "Schubert Firm") respectfully submits this application for appointment to Plaintiffs' Steering Committee for the Consumer Actions.

1. The Schubert Firm represents consumer plaintiff Asha Goldweber in this litigation. Plaintiff Goldweber filed a complaint captioned *Goldweber v. Equifax, Inc.*, No. 5:17-cv-05586-BLF in the U.S. District Court for the Northern District of California on September 26, 2017, asserting claims for violation of the California Data Breach Act, Cal. Civ. Code §§ 1798.80 *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and for Negligence and Negligence *Per Se*. By Conditional Transfer Order (CTO-1) dated December 18, 2017, the Judicial Panel transferred *Goldweber* to this Court.

2. In Case Management Order 1, the Court stated that the main criteria for appointment to a leadership position in this MDL would be (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. In Case Management Order 2, the Court stated that it would also consider the criteria for class counsel set forth in Rule 23(g). Those include (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's

2

experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.

3.  As explained below, Mr. Schubert satisfies these criteria and should be appointed to Plaintiffs' Steering Committee for the Consumer Actions.

4.  The Schubert Firm recently appeared before this Court as plaintiffs' counsel in a shareholder derivative action arising out of the massive 2014 data breach at The Home Depot, Inc. As the Court will recall, in the Home Depot breach, the names, credit and debit cards numbers, and personal information of millions of Home Depot customers were stolen by hackers. By Order dated January 20, 2016, the Court appointed the Schubert Firm as co-lead counsel in *In re: The Home Depot, Inc. Shareholder Derivative Litigation*, No. 1:15-cv-02999-TWT. *See* Docket No. 32. In that case, plaintiffs asserted derivative claims against certain officers and directors of Home Depot for their roles in failing to prevent the data breach.

5.  The Schubert Firm and co-counsel successfully resolved the action through settlement. In the course of the negotiations, the Schubert Firm, with the assistance of cybersecurity experts, met with Home Depot's Chief Information Security Officer (CISO), Senior Director of Information Security, and Director of Information Security to discuss Home Depot's data security practices and

procedures. The parties ultimately agreed on a settlement pursuant to which Home Depot must (1) document the duties and responsibilities of the CISO to provide clarity regarding the CISO's function; (2) periodically conduct Table Top Cyber Exercises to validate and test the company's data security procedures, create remediation plans, train personnel, and raise organizational awareness; (3) monitor and periodically assess key indicators of compromise on computer network endpoints; (4) maintain and periodically assess the company's partnership with a dark web mining service to search for potentially stolen Home Depot information; (5) maintain an executive level committee focused on the company's data security, and document its duties and responsibilities; (6) maintain an Incident Response Team and an Incident Response Plan; and (7) maintain membership in at least one Information Sharing and Analysis Centers (ISACs) or Information Sharing and Analysis Organizations (ISAOs). *See* Docket No. 82.

6. The Court approved the settlement of the Home Depot derivative action by order dated October 2, 2017. *See* Docket No. 84. Mr. Schubert respectfully submits that he and his firm's experience in the Home Depot data breach case, including their hands-on role in the development of corporate reforms and remediation to enhance data security, will benefit plaintiffs in the prosecution of the instant litigation. Indeed, in addition to cash for consumers, data security

reforms and remediation also play an important role in the resolution of data breach class actions like this one.

7. The Schubert Firm also has data breach experience in consumer class actions. The Schubert Firm is one of the counsel representing consumer plaintiffs in the data breach class action captioned *In re Anthem, Inc. Data Breach Litigation*, No. 5:15-md-02617-LHK (N.D. Cal.). In that case, consumer plaintiffs allege that Anthem failed to adequately protect patient data, leading to a cyberattack affecting approximately 79 million people. A proposed settlement of a $115 million fund and improvements to Anthem's data security practices and procedures is currently pending before Judge Lucy H. Koh. *See* Docket No. 903.

8. In the *Anthem* case, the Schubert Firm performed extensive review and analysis of Anthem's confidential cybersecurity documents. Due to the high quality of their work product, the firm's attorrneys were assigned important quality control responsibilities. In the course of the review, the Schubert Firm conducted comparisons of historical versions of highly-technical information security policies that Anthem published during the relevant timeframe. And as the case progressed, the Schubert Firm drafted several critical memoranda in advance of key depositions, including a detailed study on the investigation conducted by, and the report drafted by, Anthem's post-breach security firm—one of the most important documents in the entire case. The Schubert Firm also reviewed

Anthem's privilege logs for vague or over-broad claims of privilege and numerous other additional discrete tasks.

9.  As set forth in the firm résumé, attached hereto as Exhibit A, the Schubert Firm's attorneys are highly experienced in complex litigation and have successfully prosecuted class actions for decades in many fields, including securities, antitrust and consumer protection law. For example, in *In re Google Adwords Litigation*, No. 5:08-cv-03369-EJD-RJD (N.D. Cal.), the Schubert Firm, as sole lead counsel for a nationwide class of advertisers, obtained a $22.5 million settlement with Google on behalf of over one million class members. In *Google*, plaintiffs alleged that Google placed their ads on low-quality parked domains and error pages in violation of California's false advertising laws. The Schubert Firm defeated Google's motion to dismiss the complaint, completed all merits discovery—including review of almost one million pages of documents as well as depositions of Google's key witnesses and experts, and litigated a hard-fought class certification motion. Although class certification was initially denied by the district court, the Schubert Firm successfully petitioned the the U.S. Court of Appeals for the Ninth Circuit for permission to appeal the order and won reversal in an important decision setting the standard for evaluating damages questions at the class certification stage. To date, the Ninth Circuit's decision has been cited over 60 times. *See Pulaski & Middleman, LLC v. Google, Inc.*, 802 F. 3d 979 (9th

Cir. 2015). The Schubert Firm then successfully opposed a petition for rehearing en banc and a petition for certiorari in the U.S. Supreme Court. Both were denied. After 9 years of litigation against a formidable, well-financed defendant, the Schubert Firm reached a settlement in the action, which was approved by Judge Edward J. Davila on August 7, 2017. *See* Docket No. 384.

10. Similarly, in *Tucker v. Scrushy*, No. CV-02-5212 (Ala. Cir., Jefferson Cty.), the Schubert Firm was co-lead counsel in a shareholder derivative action on behalf of HealthSouth Corporation alleging breaches of fiduciary duty and insider trading arising from a restatement of financial results. Plaintiffs won partial summary judgment against former CEO Richard Scrushy for restitution to HealthSouth of $47.8 million. Plaintiffs also settled HealthSouth's claims against additional HealthSouth directors and officers for $100 million and against its investment banker for an additional $133 million. At trial against Mr. Scrushy on additional claims, plaintiffs obtained a $2.9 billion judgment, which was later upheld by the Alabama Supreme Court.

11. And in *Pfeiffer v. Toll*, No. 4140-VCL (Del. Ch.), the Schubert Firm served as primary counsel in a shareholder derivative action alleging breaches of fiduciary duty and insider trading arising out of missed earnings projections. Plaintiff recovered $16.25 million for the company and obtained a key legal ruling

rejecting the argument that Delaware's leading insider trading precedent should be overruled. *Pfeiffer v. Toll*, 989 A.2d 683 (Del. Ch. 2010).

12.     Moreover, Mr. Schubert, as the Senior Partner at the Schubert Firm, is abundantly qualified to serve on the Plaintiffs' Steering Committee for the Consumer Actions. Mr. Schubert received a B.S. degree from the New York State School of Industrial and Labor Relations at Cornell University in 1966, where he graduated first in his class. He received his J.D. *cum laude* from Harvard Law School in 1969, after which he taught law at Columbia University and Golden Gate University. He has actively practiced law at both the trial and appellate levels, specializing in complex litigation, including consumer class actions and shareholder derivative suits. Since 1971, Mr. Schubert has arbitrated numerous disputes for the Federal Mediation and Conciliation Service. He is also the author of several published articles and lectures on class actions at the University of California Hastings College of the Law.

13.     Details of the Schubert Firm's successful prosecution of numerous other complex class actions and shareholder derivative actions, as well as the qualifications of its other attorneys, are set forth in Exhibit A, attached hereto.

14.     In sum, Mr. Schubert's credentials combined with the firm's demonstrated record of tenacious prosecution of complex class actions demonstrate that Mr. Schubert satisfies the criteria established by the Court for a position on

Plaintiffs' Steering Committee for the Consumer Actions. In addition, Mr. Schubert and the Schubert Firm possess the requisite substantive knowledge, experience, and expertise in data breach litigation, as exemplified before this Court in the Home Depot derivative data breach action.

15. If appointed to the Plaintiffs' Steering Committee for the Consumer Actions, Mr. Schubert pledges to commit all necessary time and resources to the litigation and to work cooperatively with all plaintiffs' counsel to pursue an excellent result for the class.

Dated: February 2, 2018				**SCHUBERT JONCKHEER & KOLBE LLP**

						By:	/s/ Robert C. Schubert

						Robert C. Schubert
						Willem F. Jonckheer
						Noah M. Schubert
						**Schubert Jonckheer & Kolbe LLP**
						Three Embarcadero Center, Suite 1650
						San Francisco, California 94111
						Ph:	415-788-4220
						Fx:	415-788-0161
						rschubert@sjk.law
						wjonckheer@sjk.law
						nschubert@sjk.law

						*Counsel for Plaintiff Asha Goldweber*

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018 , I electronically filed

APPLICATION OF ROBERT C. SCHUBERT OF SCHUBERT JONCKHEER & KOLBE LLP FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE FOR THE CONSUMER ACTIONS

with the Clerk of Court using the CM/ECF system, which will automatically send

email notification of such filing to all attorneys of record.

Dated: February 2, 2018   **SCHUBERT JONCKHEER & KOLBE LLP**

By:   /s/ Robert C. Schubert

Robert C. Schubert
Willem F. Jonckheer
Noah M. Schubert
**Schubert Jonckheer & Kolbe LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Ph:   415-788-4220
Fx:   415-788-0161
rschubert@sjk.law
wjonckheer@sjk.law
nschubert@sjk.law

*Counsel for Plaintiff Asha Goldweber*

# EXHIBIT A

## SCHUBERT JONCKHEER & KOLBE LLP

Together with its predecessor firms, Schubert Jonckheer & Kolbe LLP has been in operation for over thirty-five years. In addition to prosecuting cases in California federal and state courts, the firm has been actively involved in securities, antitrust, unfair competition, and employment class actions throughout the United States. Schubert Jonckheer & Kolbe has served as Lead Counsel or Co-Lead Counsel in class actions and shareholder derivative actions that have produced recoveries valued at over $850 million.

- ***Tucker v. Scrushy***, No. CV-02-5212 (Ala. Cir., Jefferson Cty.). Co-Lead Counsel in shareholder derivative action on behalf of HealthSouth Corporation alleging breaches of fiduciary duty and insider trading arising from a restatement of financial results. Plaintiffs won partial summary judgment against former CEO Richard Scrushy for restitution to HealthSouth of $47.8 million. Plaintiffs also settled HealthSouth's claims against additional HealthSouth directors and officers for $100 million and against its investment banker for an additional $133 million. At trial against Mr. Scrushy on additional claims, Plaintiffs obtained a $2.9 billion judgment, which was later upheld by the Alabama Supreme Court.

- ***In re Google AdWords Litigation***, No. 08-CV-3369-EJD (N.D. Cal.). Lead Counsel for nationwide class of advertisers alleging Google placed their ads on low-quality parked domains and error pages in violation of California's false advertising laws. We obtained a $22.5 million settlement on behalf of over one million class members, which was finally approved in the Northern District of California.

- ***Poertner v. The Gillette Company***, No. 12-CV-803 (M.D. Fla.). Co-Lead Counsel in nationwide consumer class action alleging false and misleading advertising of certain Duracell batteries regarding the batteries' longevity, in violation of various state laws. We obtained a settlement valued at approximately $50 million on behalf of approximately 7.26 million class members.

- ***In re The Home Depot, Inc. Shareholder Derivative Litigation***, No. 15-CV-2999-TWT (N.D. Ga.). Co-Lead Counsel in shareholder derivative action alleging breaches of fiduciary duty against certain officers and directors concerning The Home Depot 2014 data breach. We successfully resolved the litigation through settlement by causing The Home Depot to enact comprehensive corporate governance reforms and structural improvements to its data security protocols.

- ***Marsh & McLennan Companies, Inc. Derivative Litigation***, No. 753-VCS (Del. Ch.). As co-counsel, we helped obtain a $205 million settlement in a shareholder derivative action brought on behalf of Marsh & McLennan Companies ("MMC"). The complaint alleged that MMC, the world's largest insurance broker, failed to adequately disclose that it was paid commissions to steer insurance business to favored companies. When the practices were revealed, MMC paid huge fines, to the detriment of its shareholders.

- ***3M Transparent Tape Cases***, No. 00-2810-CW (N.D. Cal.). Co-Lead Counsel in nationwide antitrust class action on behalf of purchasers of 3M transparent tape. Plaintiffs claimed that 3M maintained an unlawful monopoly in the market for invisible and transparent tape designed to restrict the availability of lower-priced comparable products to consumers and maintain supracompetitive prices for its own retail products. We obtained a settlement valued at approximately $42 million.

- ***Bonneville Pacific Corporation Securities Litigation***, No. 92-C-181-S (D. Utah). Co-Lead Counsel in securities class action involving fraudulent financial statements by a power cogeneration company. We obtained settlements totaling $26 million for the class, which recovered 100% of its damages, in one of the largest securities fraud cases in Utah history. We also obtained an important decision from the Utah Supreme Court holding that plaintiffs need not plead or prove reliance under the Utah Uniform Securities Act.

- ***Qwest Communications International, Inc. Derivative Litigation***, No. 02-CV-8188 (Colo. Dist. Ct., Denver). Co-Lead Counsel in shareholder derivative action alleging breaches of fiduciary duty and insider trading arising out of the telecommunications company's earnings restatement. We obtained a $25 million settlement on the company's behalf.

- ***Pfeiffer v. Toll***, No. 4140-VCL (Del. Ch.). Primary counsel in shareholder derivative action alleging breaches of fiduciary duty and insider trading arising out of missed earnings projections. We recovered $16.25 million and obtained a key legal ruling rejecting the argument that Delaware's leading insider trading precedent should be overruled. *Pfeiffer v. Toll*, 989 A.2d 683 (Del. Ch. 2010).

## CURRENT COURT-APPOINTED LEADERSHIP POSITIONS

- ***In re Arris Cable Modem Consumer Litigation***, No. 17-cv-1834-LHK (N.D. Cal.). Lead Counsel for nationwide class of consumers who purchased allegedly defective cable modems in violation of numerous state laws.

- ***Fisher v. United States***, No. 13-CV-608-MMS (Fed. Cl.). Lead Counsel in shareholder derivative action on behalf of Fannie Mae alleging unconstitutional taking of private property against U.S. government based on net worth sweep of all profits.

- ***Pozar et al. v. Seagate Technology LLC***, No. CGC-15-547787 (Cal. Super. Ct.). Class Counsel for California class of consumers who purchased allegedly defective hard disk drives in violation of California consumer protection and false advertising laws.

- ***In re Zynga Shareholder Derivative Litigation***, No. CGC-12-522934 (Cal. Super. Ct.). Lead Counsel in shareholder derivative action alleging insider trading and breaches of fiduciary duty by certain officers and directors in connection with Zynga's IPO.

- *In re Fitbit, Inc. Stockholder Derivative Litigation,* C.A. No. 2017-402-JRS (Del. Ch.). Co-Lead Counsel in shareholder derivative action alleging unlawful insider trading and breaches of fiduciary duty against certain of Fitbit, Inc.'s officers and directors.

- *Nally v. Reichental*, No. 16-cv-2995-MGL (D.S.C.). Co-Lead Counsel in shareholder derivative action alleging breaches of fiduciary duty against certain of 3D Systems Corporation's officers and directors.

## Attorneys

**Robert C. Schubert** received a B.S. degree from the New York State School of Industrial and Labor Relations at Cornell University in 1966, where he graduated first in his class. He received his J.D. *cum laude* from Harvard Law School in 1969, after which he taught law at Columbia University and Golden Gate University. He has actively practiced law at both the trial and appellate levels. He specializes in complex litigation, particularly securities and antitrust class actions and shareholder derivative suits. He is a member of the state and federal bars of California, Massachusetts, and New York. Since 1971, he has also arbitrated numerous disputes for the Federal Mediation and Conciliation Service. He is the author of several published articles and lectures on class actions at the University of California Hastings College of the Law.

**Willem F. Jonckheer** received his B.A. degree from Colgate University in 1990. He was awarded his J.D. degree in 1995 from the University of San Francisco School of Law. Mr. Jonckheer was a law intern with the Pacific Stock Exchange and the U.S. Securities & Exchange Commission. He was admitted to the State Bar of California in 1995.

**Miranda P. Kolbe** received her B.A. from Hamilton College. She was awarded her J.D. degree from the University of California at Berkeley, Boalt Hall, where she won the Prosser Prize in Civil Procedure and the Moot Court Advocacy Award. She served as an Instructor for Boalt's Legal Research and Writing class and interned at the Prison Law Office in San Quentin, California. She later served as a legal researcher in the Civil Division of the San Francisco Superior Court. Ms. Kolbe has participated in numerous continuing litigation programs as an expert on consumer class actions.

**Dustin L. Schubert** received his B.A. from the University of California at Berkeley in 2003. He was awarded his J.D. degree in 2007 from Vanderbilt University Law School. Mr. Schubert was admitted to the State Bar of California in 2007. He previously interned with the San Francisco Superior Court for the Hon. A. James Robertson II and for Bay Area Legal Aid.

**Noah M. Schubert** received his J.D. *cum laude* from the University of San Francisco School of Law in 2011, where he served as Editor-in-Chief of the USF Law Review. Mr. Schubert authored a comment titled *Replacement Justice on the U.S. Supreme Court: The Use of Temporary Justices to Resolve the Recusal Conundrum*, 46 U.S.F. L. Rev. 215 (2011), and was awarded Best Oral Argument in the Moot Court Program. Mr. Schubert received his B.A. from the University of California at Berkeley in 2003.

**Kathryn Y. Schubert** received her B.A. from Cornell University in 2006. She was awarded her J.D. degree from Harvard Law School in 2009, where she served as an executive editor of the Harvard International Law Journal. Ms. Schubert was admitted to the State Bar of California in 2009 and the State Bar of New York in 2012. She served as a judicial extern with the Santa Clara Superior Court for the Hon. J. Kleinberg. Ms. Schubert previously worked for Kirkland & Ellis LLP and Satterlee Stephens Burke & Burke LLP, where she represented public and private entities in corporate transactions.

**Cassidy Kim** received her B.A. from the University of California at Berkeley in 2010. She was awarded her J.D. degree in 2016 from the University of California Hastings College of the Law. Cassidy was previously a legal extern with the California Department of Justice, Office of the Attorney General where she worked on statewide privacy and technology matters. She later worked on emerging tech, privacy and data issues as a legal intern with the Center for Democracy & Technology. Cassidy was admitted to the State Bar of California in 2017.