FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 02 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| *In re Equifax, Inc., Customer Data Security Breach Litigation* | MDL Docket No. 17-md-2800-TWT<br>Hon. Thomas W. Thrash |

## MEMORANDUM OF LAW IN SUPPORT OF BURSOR & FISHER, P.A.'S APPLICATION FOR A POSITION ON THE STEERING COMMITTEE <u>FOR THE CONSUMER TRACK</u>

Dated:  February 2, 2018

**BURSOR & FISHER, P.A.**

Joseph I. Marchese
Joshua D. Arisohn
Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
         jarisohn@bursor.com
         pfraietta@bursor.com

*Attorneys for Plaintiff Victor Zamora*

# TABLE OF CONTENTS

**PAGE(S)**

I.     INTRODUCTION ........................................................................................... 1

II.    ARGUMENT.................................................................................................. 3

     A.    B&F's Identification And Investigation Of The Claims........................ 5

     B.    B&F's Experience In Handling Class Actions And Other
            Complex Litigation................................................................................ 7

     C.    B&F's Knowledge Of The Applicable Law ........................................ 10

     D.    Resources That B&F Will Commit To Representing The
            Class ................................................................................................... 12

III.   CONCLUSION............................................................................................. 14

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014) ................................................................. passim

*Flowers v. Here To Serve Restaurants, Inc.*,
2016 WL 10567195 (N.D. Ga. Jan. 12, 2016) ........................................................4

*In re Municipal Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) ............................................................................4

*Melgar v. Zicam, LLC*,
2014 WL 5486676, (E.D. Cal. Oct. 29, 2014) ................................................ 13, 14

*Reed-Murry v. Centene Corp.*,
2015 WL 9255552 (N.D. Ga. Dec. 18 ....................................................................4

*Schorr v. Countrywide Home Loans, Inc.*,
2015 WL 13402606 (M.D. Ga. Apr. 1, 2015) ........................................................5

## RULES

Fed. R. Civ. P. 23 .......................................................................................... 4, 7, 9

Fed. R. Civ. P. 23(g) ...............................................................................................3

Fed. R. Civ. P. 23(g)(1)........................................................................................4, 5

Fed. R. Civ. P. 23(g)(1)(A) ....................................................................................4

Fed. R. Civ. P. 23(g)(1)(A)(ii) ...............................................................................7

Fed R. Civ. P. 23(g)(1)(C)(i) ................................................................................12

Fed. R. Civ. P. 23(g)(2)(A) .....................................................................................3

Fed. R. Civ. P. 23(g)(3)............................................................................................3

## I.     INTRODUCTION

Pursuant to the Court's instruction at the January 9, 2018 Case Management

Conference, Plaintiff Victor Zamora, through his counsel Bursor & Fisher, P.A.

("B&F"), hereby submits this application to appoint B&F to the Steering

Committee for the consumer track.   In its December 8, 2017 Case Management

Order No. 1, the Court noted that it "intends to appoint plaintiffs' lead counsel

and a plaintiffs' steering committee, as well as plaintiffs' liaison counsel."

12/8/17 Order, ECF No. 23, at 5-6.  At the January 9, 2018 case management

conference, the Court stated "what I would suggest is that we have lead counsel,

liaison counsel and a steering committee for each of the two tracks, for the

consumer and financial institutions actions."  1/9/18 Hearing Tr. at 18:24-19:2.

Plaintiff Zamora and B&F agree with the Court that this leadership structure is

most appropriate for a complex action like this one.

B&F is deserving of a position on the Steering Committee for the consumer

track and will provide real value to the putative class.  B&F has substantial

experience in consumer class action litigation, including numerous successes in

data security and data privacy cases. *See, e.g.*, *In re Michaels Stores Pin Pad

Litig.*, No. 11-cv-00350, ECF No. 22 (N.D. Ill. June 8, 2011) (appointing B&F

class counsel to represent a putative nationwide class of consumers who made in-

store purchases at Michaels using a debit or credit card and had their private

financial information breached as a result); *Moeller v. American Media, Inc.*, No. 16-cv-11367, ECF No. 42 (E.D. Mich. Sept. 28, 2017) (appointing B&F as class counsel and approving classwide settlement of data privacy claims under Michigan law); *Taylor v. Trusted Media Brands, Inc.*, No. 16-cv-01812, ECF No. 87 (S.D.N.Y. Feb. 1, 2018) (same). In addition, B&F has a successful history in MDL proceedings. Most recently, B&F was appointed through a contested application process to the Plaintiffs' Executive Committee in *In re Blue Buffalo Company, Ltd., Marketing and Sales Practices Litigation*, No. 14-md-02562 (E.D. Mo. Dec. 23, 2014), where B&F, in collaboration with the other plaintiffs' counsel, successfully negotiated a $32 million nationwide consumer class action settlement within 2 years of filing the initial complaint.

Unique factors in this case also support B&F's appointment. First, B&F has already retained an expert witness, who is a leading expert in the fields of cybersecurity and forensic computing, and has been selected as a Court-appointed computer forensic expert in other federal district courts. Second, B&F employs an attorney, Ms. Sarah Westcot, who resides and works in Alpharetta, Georgia, and thus can attend court hearings with little travel costs and commuting time. B&F also has attorneys on both coasts in New York and California, who can efficiently cover depositions all across the country. Third, B&F has extensive knowledge about consumer class action litigation, particularly in the areas of data security and

data privacy, as evidenced by B&F having been appointed class counsel in 27 putative class actions since December 2010. *See* Ex. A (B&F Firm Resume). Indeed, B&F won 17 of 19 contested motions for class certification since 2006, including 4 such motions in 2017. *Id.* B&F also defeated defendants' summary judgment motions in 11 of 12 cases after class certification. *Id.*

For the reasons stated herein, the Court should appoint B&F to a position on the Steering Committee for the consumer track.

## II.   ARGUMENT

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class

3

during precertification activities." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted). Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. While neither Rule 23 nor the Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See, e.g., Reed-Murry v. Centene Corp.*, 2015 WL 9255552, at *2 (N.D. Ga. Dec. 18, 2015); *Flowers v. Here To Serve Restaurants, Inc.*, 2016 WL 10567195 at *2 (N.D. Ga. Jan. 12, 2016).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)     the work counsel has done in identifying or
>          investigating potential claims in the action;

4

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)   the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Schorr v. Countrywide Home Loans, Inc.*, 2015 WL 13402606, at *4 (M.D. Ga. Apr. 1, 2015). Each of these considerations, as detailed below, support the appointment of B&F to the Steering Committee.

## A.    B&F's Identification And Investigation Of The Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

B&F's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class.  For example, B&F performed the following work thus far:

a)  Conducted an extensive investigation of potential claims arising from the data breach;

b)  Corresponded with and interviewed Class members regarding the damages sustained as a result of the data breach;

c)  Investigated the adequacy of potential named plaintiffs;

d)  Reviewed public documentation, studies, reviews and articles about data breach, data security, and data privacy;

e)  Retained a cybersecurity and computer forensic expert to assist in performing forensic computing and with litigating this case;

f)  Drafted and filed the Complaint in *Zamora v. Equifax, Inc., et al.*, No. 17-cv-07085 (D.N.J.);

g)  Participated in the preparation of the January 5, 2019 preliminary statement; and

h)   Attended the January 9, 2018 Case Management Conference by telephone.

6

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

B&F's thorough investigation into the claims will enable them to more than adequately handle future discovery and related motion practice. And B&F is prepared and able to commit to this time-consuming and costly litigation, especially since our sole MDL case, *Blue Buffalo*, recently concluded with final approval of a $32 million consumer class action settlement.

## B. B&F's Experience In Handling Class Actions And Other Complex Litigation

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). B&F has substantial experience handling consumer class actions, including data security and data privacy cases. *See, e.g.*, *In re Michaels Stores Pin Pad Litig.*, No. 11-cv-00350, ECF No. 22 (N.D. Ill. June 8, 2011) (appointing B&F class counsel to represent a putative nationwide class of consumers who made in-store purchases at Michaels using a debit or credit card and had their private financial information breached as a result); *Moeller v. American Media, Inc.*, No. 16-cv-11367, ECF No. 42 (E.D.

7

Mich. Sept. 28, 2017) (appointing B&F as co-class counsel and approving

classwide settlement of data privacy claims under Michigan law); *Taylor v.*

*Trusted Media Brands, Inc.*, No. 16-cv-01812, ECF No. 87 (S.D.N.Y. Feb. 1,

2018) (same).  And the firm's attorneys have represented both plaintiffs and

defendants in more than 100 class action lawsuits in state and federal courts

throughout the United States.  *See* Ex. A (B&F Firm Resume); *see also Ebin v.*

*Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014) (Rakoff, J.) ("Bursor &

Fisher, P.A., are class action lawyers who have experience litigating consumer

claims.  …  The firm has been appointed class counsel in dozens of cases in both

federal and state courts, and has won multi-million dollar verdicts or recoveries in

five class action jury trials since 2008.").

Moreover, B&F has a successful history in MDL proceedings.  For example,

B&F was appointed to the Plaintiffs' Executive Committee in *In re Blue Buffalo*

*Company, Ltd., Marketing and Sales Practices Litigation*, No. 14-md-02562, ECF

No. 35, at 1-2 (E.D. Mo. Dec. 23, 2014) ("Upon review and consideration, the

Court finds that appointment of … an Executive Committee comprised of … and

Joseph I. Marchese of Bursor & Fisher, P.A., will best serve the interests of the

putative class.").  As Judge Sippel held, B&F "made a significant investment in

investigating and prosecuting this litigation, ha[s] sufficient resources to

vigorously protect the interests of the class in future litigation, and ha[s] [a]

8

background[] of success as Class Counsel in national consumer class actions, among other actions." *Id.* The same is true here.

B&F's experience in *Blue Buffalo* also demonstrates its ability to work in collaboration with other counsel. There, B&F collaborated with the other plaintiffs' counsel, and together, achieved a nationwide class settlement that created a $32 million dollar cash settlement fund within 2 years of filing the complaint. *See In re Blue Buffalo*, No. 14-md-02562, ECF No. 214.

In addition, the attorneys of B&F have been appointed lead or co-lead class counsel to three of the largest classes ever certified. *See id.* They also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). *Id.* These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id.* Moreover, in *Hendricks v. StarKist Co.*, B&F crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions. *Id.*

The lawyers of B&F also have an active civil trial practice, having won multi-million dollar verdicts or recoveries in five of five civil jury trials since 2008. *Id.* For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor

9

of the plaintiff and class on a CLRA claim. *Id.* In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.*

Finally, B&F also has prior experience working with defense counsel in this case, King & Spalding LLP, and particularly Mr. Stewart Haskins, II, who is one of the counsel of record for Defendants here. Most recently, B&F has worked in a collegial manner opposite Mr. Haskins in *In re Scotts EZ Seed* and in *Dzielak*.

## C.    B&F's Knowledge Of The Applicable Law

B&F are also knowledgeable about the law applicable to instant claims, as demonstrated by their experience litigating other multi-state class actions. As set forth above, the attorneys of B&F have substantial experience litigating and resolving data security and data privacy cases.

For example, B&F was appointed class counsel in *In re Michaels Stores Pin Pad Litig.*, No. 11-cv-00350 (N.D. Ill.). There, B&F represented a nationwide class of consumers who made in-store purchases at Michaels using a debit or credit card and had their private financial information stolen as a result. *See id.* ECF No. 107. In that case, B&F, working in collaboration with co-counsel, successfully opposed the Defendant's motion to dismiss that addressed many of the same legal issues that Defendants will likely argue here. *See id.* ECF No. 56. B&F also engaged in extensive discovery, including coordinating with experts. *See id.* ECF

No. 101 at ¶¶ 51-55.  Ultimately, B&F successfully secured a nationwide class settlement on behalf of hundreds of thousands of consumers within 2 years after filing the complaint.  *See id.* ECF No. 107.

B&F was also appointed co-class counsel in *Moeller v. American Media, Inc.*, No. 16-cv-11367 (E.D. Mich.).  There, B&F represented a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act who allegedly had their personal information disclosed to third parties without their consent.  *See id.* ECF No. 42.  In that case, B&F, working in collaboration with co-counsel, successfully opposed the Defendants' motion to dismiss that addressed many of the same legal issues that Defendants will likely argue here, including Article III standing.  *See id.* ECF No. 23.  Ultimately, B&F successfully secured a $7.6 million class settlement on behalf of hundreds of thousands of consumers within one year of filing the complaint.  *See id.* ECF No. 42.

Additionally, B&F was appointed class counsel in *Taylor v. Trusted Media Brands, Inc.*, No. 16-cv-01812 (S.D.N.Y.).  Again, B&F represented a class of over one million magazine subscribers under the Michigan Preservation of Personal Privacy Act who allegedly had their personal information disclosed to third parties without their consent.  *See id.* ECF No. 87.  In that case, B&F successfully secured an $8.225 million class settlement on behalf of millions of consumers within one year of filing the complaint.  *See id.*

11

B&F has a distinguished record of success fighting for consumer data security and data privacy. Most recently, B&F has commenced lawsuits against major online retailers for allegedly intercepting consumers' keystrokes and browsing activity in violation of the Federal Wiretap Act. *See, e.g., Cohen v. Casper Sleep Inc., et al.*, No. 17-cv-09325 (S.D.N.Y. Nov. 28, 2017); *Allen v. Quicken Loans Inc., et al.*, No. 17-cv-12352 (D.N.J. Dec. 1, 2017).

### D.     Resources That B&F Will Commit To Representing The Class

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports B&F's appointment. B&F is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions. B&F employs an attorney, Ms. Sarah Westcot, who resides and works in Alpharetta, Georgia, and thus can attend court hearings with little travel costs and commuting time. B&F also has attorneys on both coasts in New York and California, who can attend third party depositions all across the country. As a result, the firm can fully and effectively litigate this matter while minimizing attorneys' fees and costs, including for travel to court hearings in Atlanta and depositions whether in Atlanta or elsewhere. B&F has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed

12

class, including, for example, by already retaining a qualified expert witness in this case. The firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class. B&F's ability to draw from this well-developed repository of relevant work-product from similar cases will also allow it to streamline this litigation.

Notably, other courts have recently opined on the resources and commitment of B&F in representing clients in class action cases. For instance, in appointing B&F as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG) (S.D.N.Y. Nov. 14, 2011), Judge Gardephe recognized that Bursor & Fisher is a "well-established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale class action litigation." *See id.* at 3. Judge Gardephe further noted that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.* Additionally, Chief United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, 2014 WL 5486676, (E.D. Cal. Oct. 29, 2014). Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id.* at *2. Judge England further commented that "Bursor & Fisher is a well-

13

established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.* (citation omitted). And in *In re Blue Buffalo*, No. 14-md-02562 (E.D. Mo.) Judge Rodney Sippel appointed B&F to the Plaintiffs' Executive Committee and stated that B&F "made a significant investment in investigating and prosecuting this litigation, ha[s] sufficient resources to vigorously protect the interests of the class in future litigation, and ha[s] [a] background[] of success as Class Counsel in national consumer class actions, among other actions." ECF No. 35, at 2 (E.D. Mo. Dec. 23, 2014).

The same is true with respect to this action. As a member of the Steering Committee for the consumer track, B&F will continue to commit the same resources and effort to this case as they have committed to their other, successful consumer class action litigations.

## III.    CONCLUSION

In the interest of judicial economy and for the reasons set forth above, the Plaintiff Victor Zamora, through counsel B&F, respectfully requests that the Court appoint B&F as a member of the Steering Committee for the consumer track.

14

Dated:  February 2, 2018

Respectfully submitted,

By: _____
Joseph I. Marchese

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Joshua D. Arisohn
Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
           jarisohn@bursor.com
           pfraietta@bursor.com

*Attorneys for Plaintiff Victor Zamora*

15

**EXHIBIT A**

# BURSOR & FISHER

P.A.

www.bursor.com

888 SEVENTH AVENUE
NEW YORK, NY 10019

1990 NORTH CALIFORNIA BLVD.
WALNUT CREEK, CA 94596

## FIRM RESUME

With offices in New York and California, BURSOR & FISHER lawyers have represented both plaintiffs and defendants in state and federal courts throughout the country.

The lawyers at our firm have an active civil trial practice, having won multi-million dollar verdicts or recoveries in five of five civil jury trials since 2008. Our most recent trial victory came in August 2013 in *Ayyad v. Sprint Spectrum L.P.*, in which Mr. Bursor served as lead trial counsel and won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc. (II)*, we obtained a $50 million jury verdict in favor of a certified class of 150,000 purchasers of the Avacor Hair Regrowth System. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009, and the largest in any class action.

The lawyers at our firm have an active class action practice and have won numerous appointments as class counsel to represent millions of class members, including customers of Verizon Wireless, AT&T Wireless, Cingular Wireless, Sprint, T-Mobile, General Electric, Haier America, and Michaels Stores as well as purchasers of Avacor™, Xenadrine™, and Sensa™ products. Since 2014, our lawyers have certified seven consumer classes pursuant to contested class certification motions (*see Ebin, Forcellati, In re EZ Seed Litig., Dei Rossi, Melgar, Hart, Dzielak, infra*). Since December 2010, Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

    i.   *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

    ii.   *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

    iii.   *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

    iv.   *Loreto v. Coast Cutlery Co.* (D.N.J. Sep. 8, 2011) to represent a certified nationwide class of purchasers of knives or tools made by Coast Cutlery,

    v.   *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

vi.   *Avram v. Samsung Electronics America, Inc., et al.* (D.N.J. Jan. 3, 2012), to represent a proposed nationwide class of purchasers of mislabeled refrigerators from Samsung Electronics America, Inc. and Lowe's Companies, Inc.,

vii.   *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012), to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

viii.   *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012), to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

ix.   *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012), to represent a certified nationwide class of purchasers of Sensa weight loss products,

x.   *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers of Sinus Buster products,

xi.   *Scott v. JPMorgan Chase & Co., et al.* (S.D.N.Y. May 30, 2013) to represent a proposed nationwide class of Chase customers who were allegedly unilaterally enrolled into Chase's Overdraft Protection service and charged unauthorized fees,

xii.   *Podobedov v. Living Essentials, LLC* (C.D. Cal. Nov. 8, 2013) to represent a proposed nationwide class of purchasers of 5-hour Energy products,

xiii.   *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xiv.   *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

xv.   *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xvi.   *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015), to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

xvii.   *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015), to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

xviii.   *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

xix.   *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015), to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards, and

xx.   *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products.

xxi.   *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016), to represent a nationwide class of purchasers of Trader Joe's tuna products.

xxii.   *In re Welspun Litigation* (S.D.N.Y. January 26, 2017), to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products.

*xxiii.*    *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act.

*xxiv.*    *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers.

*xxv.*    *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act.

*xxvi.*    *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products.

*xxvii.*    *Gregorio v. The Clorox Company* (N.D. Cal. Nov. 9, 2017) to represent a proposed nationwide class of purchasers of household cleaning prodcuts.

## SCOTT A. BURSOR

Mr. Bursor has an active civil trial practice, having won multi-million verdicts or recoveries in five of five civil jury trials since 2008. Mr. Bursor's most recent victory came in August 2013 in *Ayyad v. Sprint Spectrum L.P.*, in which he served as lead trial counsel and won a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

In *Thomas v. Global Vision Products, Inc.* (2009), the jury returned a $50 million verdict in favor of the plaintiff and class represented by Mr. Bursor. The legal trade publication VerdictSearch reported that this was the second largest jury verdict in California in 2009.

Class actions are rarely tried to verdict. Other than Mr. Bursor and his partner Mr. Fisher, we know of no lawyer that has tried more than one class action to a jury. Mr. Bursor's perfect record of five wins in five class action jury trials, with recoveries ranging from $21 million to $299 million, is unmatched by any other lawyer. Each of these victories was hard-fought against top trial lawyers from the biggest law firms in the United States.

Mr. Bursor graduated from the University of Texas Law School in 1996. He served as Articles Editor of the Texas Law Review, and was a member of the Board of Advocates and Order of the Coif. Prior to starting his own practice, Mr. Bursor was a litigation associate with Cravath, Swaine & Moore (1996-2000) and Chadbourne & Parke LLP (2001), where he represented large telecommunications, pharmaceutical, and technology companies in commercial litigation.

Mr. Bursor is a member of the state bars of New York, Florida, and California, as well as the bars of the United States Court of Appeals for the Second Circuit, United States Court of Appeals for the Third Circuit, United States Court of Appeals for the Fourth Circuit, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Ninth Circuit, United States Court of Appeals for the Eleventh Circuit, United States District Courts for the Southern and Eastern Districts of New York, United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the United States District Courts for the Southern and Middle Districts of Florida, and the United States District Court for the Eastern District of Michigan.

BURSOR&FISHER

### *Representative Cases*

Mr. Bursor was appointed lead or co-lead class counsel to the largest, 2nd largest, and 3rd largest classes ever certified.  Mr. Bursor has represented classes including more than 160 million class members, roughly 1 of every 2 Americans.  Listed below are recent cases that are representative of Mr. Bursor's practice:

Mr. Bursor negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and 2nd largest classes ever certified).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  These settlements are believed to be the most significant legal development affecting the telecommunications industry since 1968, when the FCC's Carterfone decision similarly opened up AT&T's wireline telephone network.

Mr. Bursor was the lead trial lawyer in *Ayyad v. Sprint Spectrum, L.P.* representing a class of approximately 2 million California consumers who were charged an early termination fee under a Sprint cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims.  After a five-week combined bench-and-jury trial, the jury returned a verdict in June 2008 and the Court issued a Statement of Decision in December 2008 awarding the plaintiffs $299 million in cash and debt cancellation.  Mr. Bursor served as lead trial counsel for this class again in 2013 during a month-long jury trial in which Sprint asserted a $1.06 billion counterclaim against the class.  Mr. Bursor secured a verdict awarding Sprint only $18.4 million, the exact amount calculated by the class's damages expert.  This award was less than 2% of the damages Sprint sought, less than 6% of the amount of the illegal termination fees Sprint charged to class members, and ensured that the class would recover in excess of $275 million.

Mr. Bursor was the lead trial lawyer in *White v. Cellco Partnership d/b/a Verizon Wireless* representing a class of approximately 1.4 million California consumers who were charged an early termination fee under a Verizon cellphone contract, asserting claims that such fees were unlawful liquidated damages under the California Civil Code, as well as other statutory and common law claims.  In July 2008, after Mr. Bursor presented plaintiffs' case-in-chief, rested, then cross-examined Verizon's principal trial witness, Verizon agreed to settle the case for a $21 million cash payment and an injunction restricting Verizon's ability to impose early termination fees in future subscriber agreements.

Mr. Bursor was the lead trial lawyer in *Thomas v. Global Visions Products Inc.*  Mr. Bursor represented a class of approximately 150,000 California consumers who had purchased the Avacor® hair regrowth system.  In January 2008, after a four-week combined bench-and-jury trial. Mr. Bursor obtained a $37 million verdict for the class, which the Court later increased to $40 million.

Mr. Bursor was appointed class counsel and was elected chair of the Official Creditors' Committee in *In re Nutraquest Inc.*, a Chapter 11 bankruptcy case before Chief Judge Garrett E. Brown, Jr. (D.N.J.) involving 390 ephedra-related personal injury and/or wrongful death claims, two consumer class actions, four enforcement actions by governmental agencies, and multiple

BURSOR&FISHER

adversary proceedings related to the Chapter 11 case.  Working closely with counsel for all parties and with two mediators, Judge Nicholas Politan (Ret.) and Judge Marina Corodemus (Ret.), the committee chaired by Mr. Bursor was able to settle or otherwise resolve every claim and reach a fully consensual Chapter 11 plan of reorganization, which Chief Judge Brown approved in late 2006.  This settlement included a $12.8 million recovery to a nationwide class of consumers who alleged they were defrauded in connection with the purchase of Xenadrine® dietary supplement products.

Mr. Bursor was the lead trial lawyer in *In re: Pacific Bell Late Fee Litigation*.  After filing the first class action challenging Pac Bell's late fees in April 2010, winning a contested motion to certify a statewide California class in January 2012, and defeating Pac Bell's motion for summary judgment in February 2013, Mr. Bursor obtained final approval of the $38 million class settlement.  The settlement, which Mr. Bursor negotiated the night before opening statements were scheduled to commence, provides for a $20 million cash payment to provide refunds to California customers who paid late fees on their Pac Bell wireline telephone accounts, and includes an injunction that will reduce late fee charges by $18.6 million over 28 months.

### L. TIMOTHY FISHER

L. Timothy Fisher has an active practice in consumer class actions and complex business litigation and has also successfully handled a large number of civil appeals.

Mr. Fisher has been actively involved in numerous cases that resulted in multi-million dollar recoveries for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and consumer fraud. With his partner Scott A. Bursor, Mr. Fisher has tried four class action jury trials, all of which produced successful results. In *Thomas v. Global Vision Products*, Mr. Fisher obtained a jury award of $50,024,611 — the largest class action award in California in 2009 and the second-largest jury award of any kind.

Mr. Fisher also has significant experience in multidistrict litigation proceedings. Currently, he serves as co-lead counsel in *In re 5-Hour Energy Marketing and Sales Practices Litigation*, MDL No. 2438 and is a member of the executive committee in *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2705.

Mr. Fisher was admitted to the State Bar of California in 1997. He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern and Eastern Districts of California. Mr. Fisher taught appellate advocacy at John F. Kennedy University School of Law in 2003 and 2004.  In 2010, he contributed jury instructions, a verdict form and comments to the consumer protection chapter of Justice Elizabeth A. Baron's California Civil Jury Instruction Companion Handbook (West 2010). In January 2014, Chief Judge Claudia Wilken of the United States District Court for the Northern District of California appointed Mr. Fisher to a four-year term as a member of the Court's Standing Committee on Professional Conduct.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and

BURSOR&FISHER

participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science.  Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council."  He is also a member of Phi Beta Kappa.

### *Representative Cases*

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court).  Mr. Fisher litigated claims against Global Vision Products, Inc. and other individuals in connection with the sale and marketing of a purported hair loss remedy known as Avacor.  The case lasted more than seven years and involved two trials.  The first trial resulted in a verdict for plaintiff and the class in the amount of $40,000,000.  The second trial resulted in a jury verdict of $50,024,611, which led to a $30 million settlement for the class.

*In re Cellphone Termination Fee Cases* - Handset Locking Actions (Alameda County Superior Court).  Mr. Fisher actively worked on five coordinated cases challenging the secret locking of cell phone handsets by major wireless carriers to prevent consumers from activating them on competitive carriers' systems.  Settlements have been approved in all five cases on terms that require the cell phone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions.  The settlements fundamentally changed the landscape for cell phone consumers regarding the locking and unlocking of cell phone handsets.

*In re Cellphone Termination Fee Cases* - Early Termination Fee Cases (Alameda County Superior Court and Federal Communications Commission).  In separate cases that are a part of the same coordinated litigation as the Handset Locking Actions, Mr. Fisher actively worked on claims challenging the validity under California law of early termination fees imposed by national cell phone carriers. In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million.  In a second case, which was tried to verdict, the Court held after trial that the $73 million of flat early termination fees that Sprint had collected from California consumers over an eight-year period were void and unenforceable.

### *Selected Published Decisions*

*In re 5-hour Energy Marketing and Sales Practices Litigation*, 2017 WL 385042 (C.D. Cal. January 24, 2017) (denying motion for summary judgment in case alleging that 5-hour Energy made false and misleading statements regarding its energy drinks).

*Strumlauf v. Starbucks Corp.*, 2016 WL 3361842 (N.D. Cal. June 17, 2016) (denying motion to dismiss case alleging underfilling of Starbucks lattes).

*Melgar v. Zicam LLC*, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) (certifying 10-jurisdiction class of purchasers of cold remedies, denying motion for summary judgment, and denying motions to exclude plaintiff's expert witnesses).

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015) (denying motion for summary judgment).

*Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484 (E.D. Cal. Apr. 27, 2015) (certifying California class of purchasers of refrigerators that were mislabeled as Energy Star qualified).

*Bayol v. Zipcar, Inc.*, 78 F.Supp.3d 1252 (N.D. Cal. 2015) (denying motion to dismiss claims alleging unlawful late fees under California Civil Code § 1671).

*Forcellati v. Hyland's, Inc.*, 2015 WL 9685557 (C.D. Cal. Jan. 12, 2015) (denying motion for summary judgment in case alleging false advertising of homeopathic cold and flu remedies for children).

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) (denying motion to transfer venue pursuant to a forum selection clause).

*Forcellati v. Hyland's Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) (certifying nationwide class of purchasers of homeopathic cold and flu remedies for children).

*Hendricks v. StarKist Co.*, 30 F.Supp.3d 917 (N.D. Cal. 2014) (denying motion to dismiss in case alleging underfilling of 5-ounce cans of tuna).

*Dei Rossi v. Whirlpool Corp.*, 2013 WL 5781673 (E.D. Cal. October 25, 2013) (denying motion to dismiss in case alleging that certain KitchenAid refrigerators were misrepresented as Energy Star qualified).

*Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155 (C.D. Cal. 2012) (denying motion to dismiss complaint alleging false advertising regarding homeopathic cold and flu remedies for children).

*Podobedov v. Living Essentials, LLC*, 2012 WL 2513458 (C.D. Cal. March 22, 2012) (denying motion to dismiss in case alleging false and misleading advertising by 5-hour Energy).

*Clerkin v. MyLife.com*, 2011 WL 3809912 (N.D. Cal. August 29, 2011) (denying defendants' motion to dismiss in case alleging false and misleading advertising by a social networking company).

*In re Cellphone Termination Fee Cases*, 186 Cal.App.4th 1380 (2010) (affirming order approving $21 million class action settlement).

*Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571 (2007) (affirming order denying motion to compel arbitration).

### ***Selected Class Settlements***

*In Re NVIDIA GTX 970 Graphics Chip Litigation* (Northern District of California) - $4.5 million class action settlement of claims alleging that a computer graphics card was sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.* (Northern District of California) – $12 million class action settlement of claims alleging that 5-ounce cans of tuna were underfilled.

*In re Zakskorn v. American Honda Motor Co.* Honda (Eastern District of California) – nationwide settlement providing for brake pad replacement and reimbursement of out-of-pocket expenses in case alleging defective brake pads on Honda Civic vehicles manufactured between 2006 and 2011.

*Correa v. Sensa Products, LLC* (Los Angeles Superior Court) - $9 million settlement on behalf

of purchasers of the Sensa weight loss product.

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court) - $38.6 million settlement on behalf of Pac Bell customers who paid an allegedly unlawful late payment charge.

*In re Haier Freezer Consumer Litigation* (Northern District of California) - $4 million settlement, which provided for cash payments of between $50 and $325.80 to class members who purchased the Haier HNCM070E chest freezer.

*Thomas v. Global Vision Products, Inc.* (Alameda County Superior Court) - $30 million settlement on behalf of a class of purchasers of a hair loss remedy.

*Guyette v. Viacom, Inc.* (Alameda County Superior Court) - $13 million settlement for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with its subscribers.

### JOSEPH I. MARCHESE

Joseph I. Marchese is a Partner with Bursor & Fisher, P.A. Joe focuses his practice on consumer class actions, employment law disputes, and commercial litigation. He has represented corporate and individual clients in a wide array of civil litigation, and has substantial trial and appellate experience.

In 2015, Joe was defense trial counsel for a law firm and several of its partners in a sexual harassment case brought by a former associate of that firm. The plaintiff's complaint sought $22 million in compensatory and punitive damages. After a 3-week trial in federal court in New York, the jury returned a verdict of not liable for the federal and state law claims. During the trial, the judge also granted defendants' motion for judgment as a matter of law on the plaintiff's claims for retaliation and defamation. The jury found liability solely under New York City's human rights law, awarding only $140,000 in damages.

Joe has significant experience in multidistrict litigation proceedings. Most recently, he served on the Plaintiffs' Executive Committee in In Re: Blue Buffalo Company, Ltd. Marketing And Sales Practices Litigation, MDL No. 2562, which resulted in a $32 million consumer class settlement.

Joe also has substantial experience in successfully litigating and resolving consumer class actions involving claims of mislabeling, false or misleading advertising, privacy violations, and data breach claims.

Joe is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York, the Eastern District of New York, and the Eastern District of Michigan, as well as the United States Court of Appeals for the Second Circuit.

Joe graduated from Boston University School of Law in 2002 where he was a member of The Public Interest Law Journal. In 1998, Joe graduated with honors from Bucknell University.

BURSOR&FISHER
P.A.

### *Selected Published Decisions:*

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. Sept. 7, 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. June 17, 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*Boelter v. Advance Magazine Publishers Inc.*, 210 F. Supp. 3d 579 (S.D.N.Y. 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

*In re Michaels Stores Pin Pad Litigation*, 830 F. Supp. 2d 518 (N.D. Ill. 2011), denying retailer's motion to dismiss its customers' state law consumer protection and privacy claims in data breach putative class action.

### *Selected Class Settlements:*

*Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) – final approval granted for $8.225 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) – final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

BURSOR&FISHER
P. A.

*In Re: Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016) – final approval granted for $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*Rodriguez v. Citimortgage, Inc.*, Case No. 11-cv-4718-PGG (S.D.N.Y. 2015) – final approval granted for $38 million class settlement to resolve claims of military servicemembers for alleged foreclosure violations of the Servicemembers Civil Relief Act, where each class member was entitled to $116,785 plus lost equity in the foreclosed property and interest thereon.

*O'Brien v. LG Electronics USA, Inc., et al.*, Case No. 10-cv-3733-DMC (D.N.J. 2011) – final approval granted for $23 million class settlement to resolve claims of Energy Star refrigerator purchasers for alleged false advertising of the appliances' Energy Star qualification.

### JOSHUA D. ARISOHN

Joshua D. Arisohn is a Partner with Bursor & Fisher, P.A. Josh has litigated precedent-setting cases in the areas of consumer class actions and terrorism. He participated in the first ever trial to take place under the Anti-Terrorism Act, a statute that affords U.S. citizens the right to assert federal claims for injuries arising out of acts of international terrorism. Josh's practice continues to focus on terrorism-related matters as well as class actions.

Josh is admitted to the State Bar of New York and is a member of the bars of the United States District Courts for the Southern District of New York and the Eastern District of New York.

Josh previously practiced at Dewey & LeBoeuf LLP and DLA Piper LLP. He graduated from Columbia University School of Law in 2006, where he was a Harlan Fiske Stone Scholar, and received his B.A. from Cornell University in 2002. Josh has been honored as a 2015 and 2016 Super Lawyer Rising Star.

### *Selected Published Decisions:*

*Perez v. Monster Inc.*, 149 F. Supp. 3d 1176 (N.D. Cal. 2016), denying defendants' motion to dismiss claims that manufacturer and retailer of HDMI cables fraudulently represented the need for high bandwidths.

*Morris v. SolarCity Corp.*, 2016 WL 1359378 (N.D. Cal. Apr. 4, 2016), denying defendant's motion to dismiss claims that solar company illegally called consumers using an artificial or prerecorded voice and an automatic telephone dialing system.

*Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016), denying defendant's motion to dismiss and finding that the Michigan Video Rental Privacy Act does not violate the First Amendment.

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016), denying defendant's motion dismiss and rejecting its argument that providing a class representative with a cashier's check for his individual damages mooted his individual and class claims.

BURSOR&FISHER
P.A.

### *Selected Class Settlements:*

*Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (N.D. Cal.) - final approval granted for $15 million class settlement to resolve claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JOEL D. SMITH

Joel D. Smith is a partner with Bursor & Fisher, P.A.  Joel's practice focuses on consumer class actions and complex litigation.  He has substantial experience in trial and appellate courts across the nation.

Prior to joining Bursor & Fisher, Joel was a litigator at Crowell & Moring, where he represented Fortune 500 companies, privately-held businesses, and public entities in commercial litigation and nationwide class actions.  While at Crowell & Moring, Joel litigated some of the firm's most high-profile matters, including several class actions alleging deceptive sales practices with respect to Apple iPhones and iPads, and a class action seeking to hold U.S. energy companies accountable for global warming.

Joel received both his undergraduate and law degrees from the University of California at Berkeley.  While at Berkeley School of Law, he was a member of the California Law Review, received several academic honors, externed for the California Attorney General's office and published an article on climate change policy and litigation.

Joel is admitted to the State Bar of California, as well as the United States Courts of Appeals for the Second, Third and Ninth Circuits, and the Northern, Central, Southern and Eastern Districts of California.

### *Selected Published Decisions:*

*In re 5-Hour ENERGY Marketing & Sales Practices Litig.*, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017), denying motion for partial summary judgment in putative class action against the makers of 5-Hour ENERGY® products.

*Mbazomo v. Etourandtravel, Inc.*, 2016 WL 7165693 (E.D. Cal. Dec. 8, 2016), denying motion to dismiss in putative class action alleging unlawful calls under the Telephone Consumer Protection Act.

*Brenner v. Procter & Gamble, Co.*, 2016 WL 8192946 (C.D. Cal. Oct. 20, 2016), denying motion to dismiss in putative class action alleging false and misleading labeling on Pampers baby wipes.

## SARAH N. WESTCOT

Sarah N. Westcot is an Associate with Bursor & Fisher, P.A.  Ms. Westcot focuses her practice on complex business litigation and consumer class actions.  Prior to joining Bursor &

Fisher, Ms. Westcot litigated civil actions as an attorney with Bay Area Legal Aid in San Jose, CA.

Ms. Westcot served as trial counsel with Mr. Bursor in *Ayyad v. Sprint Spectrum L.P.*, and helped to win a jury verdict defeating Sprint's $1.06 billion counterclaim and securing the class's recovery of more than $275 million in cash and debt relief.

Ms. Westcot is admitted to the State Bar of California and is a member of the bars of the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California.

Ms. Westcot received her Juris Doctor from the University of Notre Dame Law School in 2009. During her third year of law school, Ms. Westcot worked as a law clerk with the local public defender's office representing juvenile clients in criminal hearings. She graduated with honors from the University of Florida in 2005.

## NEAL J. DECKANT

Neal J. Deckant is an Associate with Bursor & Fisher, P.A. Neal focuses his practice on complex business litigation, consumer class actions, and employment law disputes. Prior to joining Bursor & Fisher, Neal counseled low-income homeowners facing foreclosure in East Boston.

In 2015, Neal was defense trial counsel for a law firm and several of its partners in a sexual harassment case brought by a former associate of that firm. The plaintiff's complaint sought $22 million in compensatory and punitive damages. After a 3-week trial in federal court in New York, the jury returned a verdict of not liable for the federal and state law claims. During the trial, the judge also granted defendants' motion for judgment as a matter of law on the plaintiff's claims for retaliation and defamation. The jury found liability solely under New York City's human rights law, awarding only $140,000 in damages.

Neal is admitted to the State Bar of New York and is a member of the bars of the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the bars of the United States Courts of Appeals for the Second and Ninth Circuits.

Neal received his Juris Doctor from Boston University School of Law in 2011, graduating cum laude with two Dean's Awards. During law school, Neal served as a Senior Articles Editor for the Review of Banking and Financial Law, where he authored two published articles about securitization reforms, both of which were cited by the New York Court of Appeals, the highest court in the state. Neal was also awarded Best Oral Argument in his moot court section, and he served as a Research Assistant for his Securities Regulation professor. Neal has also been honored as a 2014 and 2015 Super Lawyers Rising Star. In 2007, Neal graduated with Honors from Brown University with a dual major in East Asian Studies and Philosophy.

BURSOR&FISHER

### *Selected Published Decisions:*

*Duran v. Obesity Research Institute*, LLC, 204 Cal. Rptr. 3d 896 (Cal. Ct. App. 2016), reversing and remanding final approval of a class action settlement on appeal, regarding allegedly mislabeled dietary supplements, in connection with a meritorious objection.

*Marchuk v. Faruqi & Faruqi, LLP*, et al., 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*In Re NVIDIA GTX 970 Graphics Chip Litigation*, Case No. 15-cv-00760-PJH (N.D. Cal. Dec. 7, 2016) – final approval granted for $4.5 million class action settlement to resolve claims that a computer graphics card was allegedly sold with false and misleading representations concerning its specifications and performance.

*Hendricks v. StarKist Co.*, 2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) – final approval granted for $12 million class action settlement to resolve claims that 5-ounce cans of tuna were allegedly underfilled.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014) – class action claims resolved for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy, following claims that its olive oil was allegedly sold with false and misleading representations.

### *Selected Publications:*

Neal Deckant, X. Reforms of Collateralized Debt Obligations: Enforcement, Accounting and Regulatory Proposals, 29 Rev. Banking & Fin. L. 79 (2009) (cited in Quadrant Structured Products Co., Ltd. v. Vertin, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014)).

Neal Deckant, Criticisms of Collateralized Debt Obligations in the Wake of the Goldman Sachs Scandal, 30 Rev. Banking & Fin. L. 407 (2010) (cited in *Quadrant Structured Products Co., Ltd. v. Vertin*, 16 N.E.3d 1165, 1169 n.8 (N.Y. 2014); *Lyon Village Venetia, LLC v. CSE Mortgage LLC*, 2016 WL 476694, at *1 n.1 (Md. Ct. Spec. App. Feb. 4, 2016); Ivan Ascher, Portfolio Society: On the Capitalist Mode of Prediction, at 141, 153, 175 (Zone Books / The MIT Press 2016)).

BURSOR&FISHER

## YITZCHAK KOPEL

Yitzchak Kopel is an Associate with Bursor & Fisher, P.A. Yitz focuses his practice on consumer class actions, employment law disputes, and complex business litigation. He has represented corporate and individual clients before federal and state courts, as well as in arbitration proceedings.

In 2015, Yitz was plaintiffs' counsel in a certified class action in the United States District Court for the Southern District of New York in a false advertising action against an olive oil manufacturer. After the Defendant's motion for summary judgment was denied, the parties entered into a multi-million dollar class settlement.

Yitz also provides pro bono representation for refugees in deportation proceedings.

Yitz is admitted to the State Bars of New York and New Jersey, the bar of the United States Court of Appeals for the Eleventh Circuit, and the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, Eastern District of Missouri, and District of New Jersey.

Yitz received his Juris Doctorate from Brooklyn Law School in 2012, graduating cum laude with two Dean's Awards. During law school, Yitz served as an Articles Editor for the Brooklyn Law Review and worked as a Law Clerk at Shearman & Sterling. In 2009, Yitz graduated cum laude from Queens College with a B.A. in Accounting.

### *Selected Published Decisions:*

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014), denying online job board's motion to dismiss its subscribers' allegations of consumer protection law violations in putative class action.

*Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217 (E.D.N.Y. 2015), denying diet pill manufacturers' motion to dismiss its purchasers' allegations for breach of express warranty in putative class action.

*In re Scotts EZ Seed Litigation,* 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Marchuk v. Faruqi & Faruqi, LLP, et al.*, 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

BURSOR&FISHER
P. A.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

## FREDERICK J. KLORCZYK III

Frederick J. Klorczyk III is an Associate with Bursor & Fisher, P.A. Fred focuses his practice on complex business litigation, consumer class actions, and employment law disputes.

In 2014, Fred served on the litigation team in Ebin v. Kangadis Food Inc. At class certification, Judge Rakoff adopted Fred's choice of law fraud analysis and research directly into his published decision certifying a nationwide fraud class. Fred was also an instrumental member of the litigation team led that challenged this defendant's Chapter 11 filing as a sham. After contesting plan confirmation in the bankruptcy court, the class action claims were resolved for $2 million as part of a Chapter 11 plan of reorganization.

Fred is admitted to the State Bars of New York and New Jersey, the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, and District of New Jersey, and the bar of the United States Court of Appeals for the Second Circuit.

Fred received his Juris Doctor from Brooklyn Law School in 2013, graduating magna cum laude with two CALI Awards for the highest grade in his classes on criminal law and conflict of laws. During law school, Fred served as an Associate Managing Editor for the Brooklyn Journal of Corporate, Financial and Commercial Law and as an intern to the Honorable Alison J. Nathan of the United States District Court for the Southern District of New York and the Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut. In 2010, Fred graduated from the University of Connecticut with a B.S. in Finance.

### *Selected Published Decisions:*

*Porter v. NBTY, Inc.*, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to whey protein content.

*Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d. 282 (S.D.N.Y. 2015), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to a homeopathic cold product.

*In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), granting class certification of false advertising and other claims brought by New York and California purchasers of grass seed product.

*Marchuk v. Faruqi & Faruqi, LLP*, et al., 100 F. Supp. 3d 302 (S.D.N.Y. 2015), granting individual and law firm defendants' motion for judgment as a matter of law on plaintiff's claims for retaliation and defamation, as well as for all claims against law firm partners, Nadeem and Lubna Faruqi.

BURSOR&FISHER

*Ebin v. Kangadis Food Inc.*, Case No. 13-4775 (2d Cir. Apr. 15, 2015), denying olive oil manufacturer's Rule 23(f) appeal following grant of nationwide class certification.

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014), granting nationwide class certification of false advertising and other claims brought by purchasers of purported "100% Pure Olive Oil" product.

*Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014), denying distributor's motion for summary judgment against nationwide class of purchasers of purported "100% Pure Olive Oil" product.

### *Selected Class Settlements:*

*In Re: Blue Buffalo Marketing And Sales Practices Litigation*, Case No. 14-MD-2562-RWS (E.D. Mo. 2016), granting final approval of $32 million class settlement to resolve claims of pet owners for alleged false advertising of pet foods.

*In re: Kangadis Food Inc.*, Case No. 8-14-72649 (Bankr. E.D.N.Y. Dec. 17, 2014), resolving class action claims for $2 million as part of a Chapter 11 plan of reorganization, after a corporate defendant filed for bankruptcy following the certification of nationwide claims alleging that its olive oil was sold with false and misleading representations.

### <u>YEREMEY O. KRIVOSHEY</u>

Yeremey O. Krivoshey is an Associate with Bursor & Fisher, P.A.  Yeremey focuses his practice on class actions involving false advertising, fraud, illegal fees in consumer contracts, invasion of privacy, and unlawful debt collection practices.  He has represented clients in a wide array of civil litigation, including appeals before the Ninth Circuit.

Yeremey is admitted to the State Bar of California.  He is also a member of the bars of the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Central, Southern, and Eastern Districts of California.

Yeremey graduated from New York University School of Law in 2013, where he was a Samuel A. Herzog Scholar.  Prior to Bursor & Fisher, P.A., Yeremey worked as a Law Clerk at Vladeck, Waldman, Elias & Engelhard, P.C, focusing on employment discrimination and wage and hour disputes.  In law school, he has also interned at the American Civil Liberties Union and the United States Department of Justice.  In 2010, Yeremey graduated *cum laude* from Vanderbilt University.

### *Selected Published Decisions:*

*Bayol v. Zipcar, Inc.*, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014), denying enforcement of forum selection clause based on public policy grounds.

*Bayol v. Zipcar, Inc.*, 78 F. Supp. 3d 1252 (N.D. Cal. Jan. 29, 2015), denying car-rental company's motion to dismiss its subscriber's allegations of unlawful late fees.

*Brown v. Comcast Corp.*, Case No. 5:16-cv-264-AB-SP (C.D. Cal. Aug. 12, 2016), denying internet service provider's motion to compel arbitration of claims alleged under the Telephone Consumer Protection Act.

*Brown v. Comcast Corp.*, Case No. 5:16-cv-264-AB-SP (C.D. Cal. Oct. 20, 2016), denying internet service provider's motion to stay litigation pending appeal of denial of motion to compel arbitration.

*Horanzy v. Vemma Nutrition Co.*, Case No. 15-cv-298-PHX-JJT (D. Ariz. Apr. 16, 2016), denying multi-level marketer's and its chief scientific officer's motion to dismiss their customer's fraud claims.

*Salazar v. Honest Tea, Inc.*, 2015 WL 7017050 (E.D. Cal. Nov. 12. 2015), denying manufacturer's motion for summary judgment as to customer's false advertising claims.

### ***Selected Class Settlements:***

*Retta v. Millennium Prods., Inc.*, Case No. 15-cv-1801-PSG-AJW (C.D. Cal. Jan. 31, 2017) granting preliminary approval for $8.25 million settlement to resolve claims of bottled tea purchasers for alleged false advertising.

### **PHILIP L. FRAIETTA**

Philip L. Fraietta is an Associate with Bursor & Fisher, P.A. Phil focuses his practice on data privacy, complex business litigation, consumer class actions, and employment law disputes.

In 2015, Phil was a member of a defense trial team for a law firm and several of its partners in a sexual harassment case brought by a former associate of that firm. The plaintiff's complaint sought $22 million in compensatory and punitive damages. After a 3-week trial in federal court in New York, the jury returned a verdict of not liable for the federal and state law claims. During the trial, the judge also granted defendants' motion for judgment as a matter of law on the plaintiff's claims for retaliation and defamation. The jury found liability solely under New York City's human rights law, awarding only $140,000 in damages.

Phil also has significant experience in litigating consumer class actions, particularly those involving data privacy claims.

Phil is admitted to the State Bars of New York and New Jersey, the bars of the United States District Courts for the Southern District of New York, Eastern District of New York, the District of New Jersey, the Eastern District of Michigan and the United States Court of Appeals for the Second Circuit. Phil was a Summer Associate with Bursor & Fisher prior to joining the firm.

Phil received his Juris Doctor from Fordham University School of Law in 2014, graduating cum laude. During law school, Phil served as an Articles & Notes Editor for the Fordham Law Review, and published two articles. In addition, Phil received the Addison M. Metcalf Labor Law Prize for the highest grade in his graduating class in the Labor Law course,

BURSOR&FISHER
P.A.

and received the highest grade in his Anti-Discrimination Law & Policy course.  In 2011, Phil graduated cum laude from Fordham University with a B.A. in Economics.

### *Selected Published Decisions:*

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017), granting plaintiff's motion for partial summary judgment on state privacy law violations in putative class action.

*Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*Boelter v. Advance Magazine Publishers Inc.*, 210 F. Supp. 3d 579 (S.D.N.Y. 2016), denying publisher's motion to dismiss its subscriber's allegations of state privacy law violations in putative class action.

*Porter v. NBTY, Inc.*, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016), denying supplement manufacturer's motion to dismiss consumers' allegations of false advertising relating to whey protein content.

### *Selected Class Settlements:*

*Moeller v. American Media, Inc.*, Case No. 16-cv-11367-JEL (E.D. Mich. 2017) – final approval granted for $7.6 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

*Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018) – final approval granted for $8.225 million class settlement to resolve claims of magazine subscribers for alleged statutory privacy violations.

## THOMAS A. REYDA

Thomas Reyda is an Associate with Bursor & Fisher, P.A.  Thomas focuses his practice on complex business litigation and consumer class actions.

Thomas is admitted to the State Bar of California and is a member of the bar of the United States District Court for the Northern District of California.

Thomas received his Juris Doctorate from Berkeley Law School in 2016.  During law school Mr. Reyda worked as a Law Clerk at Kershaw Cutter & Ratinoff, LLP.  In 2012, Mr. Reyda graduated from the Colorado College with a B.A. in International Political Economy.

## ALEC M. LESLIE

Alec Leslie is an Associate with Bursor & Fisher, P.A.  He focuses his practice on consumer class actions, employment law disputes, and complex business litigation.

BURSOR&FISHER
P.A.

Alec is admitted to the State Bar of New York and is a member of the bar of the United States District Courts for the Southern and Eastern Districts of New York.  Alec was a Summer Associate with Bursor & Fisher prior to joining the firm.

Alec received his Juris Doctorate from Brooklyn Law School in 2016, graduating *cum laude*.  During law school, Alec served as an Articles Editor for Brooklyn Law Review.  In addition, Alec served as an intern to the Honorable James C. Francis for the Southern District of New York and the Honorable Vincent Del Giudice, Supreme Court, Kings County.  Alec graduated from the University of Colorado with a B.A. in Philosophy in 2012.

### BLAIR REED

Blair Reed is an Associate with Bursor & Fisher, P.A. She focuses her practice on complex business litigation and consumer class actions.

Blair is admitted to the State Bar of California and is a member of the bar of the United States District Court for the Northern District of California.

Blair received her Juris Doctorate from the University of San Francisco School of Law in 2017, where she was a Dean's Scholar and served as a staff member for USF Law Review. During law school, Blair worked as a Law Clerk at a Bay Area law firm with a focus on wage and hour class actions. In addition, she worked as a Law Clerk at the Santa Cruz County District Attorney's Office. In 2013, Blair graduated from the University of San Francisco where she played on the Women's Tennis Team and studied Communications.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.