IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>ALL CASES |

## ORDER

This matter is before the Court on competing motions to appoint lead counsel, liaison counsel, and members of a steering committee submitted by various counsel for the Consumer Plaintiffs and the Financial Institution Plaintiffs. This Court, in Case Management Order No. 1 ("CMO No. 1"), set forth the main criteria it would consider in appointing leadership positions in this matter, including: (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Having considered all timely submissions in light of the criteria set forth in CMO No. 1, the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g), and having considered oral argument during the hearing held on February 9, 2018, the Court hereby appoints the following leadership:

T:\ORDERS\17\In re Equifax\leadershipmbr.wpd

### A. Consumer Plaintiffs

#### 1. Consumer Plaintiffs' Co-Lead Counsel

The Court appoints the following attorneys as the Consumer Plaintiffs' Co-Lead Counsel:

> **Kenneth S. Canfield**
> Doffermyre Shields Canfield & Knowles, LLC
> 1355 Peachtree Street, N.E.
> Suite 1600
> Atlanta, Georgia 30309
>
> **Amy E. Keller**
> DiCello Levitt & Casey LLC
> Ten North Dearborn Street
> Eleventh Floor
> Chicago, Illinois 60602
>
> **Norman E. Siegel**
> Stueve Siegel Hanson LLP
> 460 Nichols Road, Suite 200
> Kansas City, Missouri 64112

#### 2. Consumer Plaintiffs' Co-Liaison Counsel:

The Court appoints the following attorneys as the Consumer Plaintiffs' Co-Liaison Counsel:

> **Roy E. Barnes**
> Barnes Law Group, LLC
> 31 Atlanta Street
> Marietta, Georgia 30060
>
> **David J. Worley**
> Evangelista Worley LLC
> 8100A Roswell Road
> Suite 100
> Atlanta, Georgia 30350

### 3. Consumer Plaintiffs' Steering Committee

The Court appoints the following attorneys to the Consumer Plaintiffs' Steering Committee:

**Andrew N. Friedman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500
Washington, DC 20005

**Eric H. Gibbs**
Girard Gibbs LLP
505 14th Street
Suite 1110
Oakland, California 94612

**James Pizzirusso**
Hausfeld LLP
1700 K Street NW
Suite 650
Washington, DC 20006

**Ariana Tadler**
Milberg Tadler Phillips Grossman LLP
One Penn Plaza
19th Floor
New York, New York 10119

**John A. Yanchunis**
Morgan & Morgan Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602

**William H. Murphy III**
Murphy, Falcon & Murphy
1 South Street
23rd Floor
Baltimore, Maryland 21224

>**Jason R. Doss**
>The Doss Firm, LLC
>36 Trammell Street, Suite 101
>Marietta, Georgia 30064

### 4. Consumer Plaintiffs' State Court Coordinating Counsel

The Court appoints the following attorney as the Consumer Plaintiffs' State Court Coordinating Counsel:

>**Rodney K. Strong**
>Griffin & Strong P.C.
>235 Peachtree Street NE, Suite 400
>Atlanta, GA, 30303

### 5. Co-Interim Consumer Class Counsel

The Consumer Plaintiffs' Co-Lead Counsel and Co-Liaison Counsel are also hereby designated as Co-Interim Consumer Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." *See* FED. R. CIV. P. 23(g)(3).

## B. Financial Institution Plaintiffs

### 1. Financial Institution Plaintiffs' Co-Lead Counsel

The Court appoints the following attorneys as the Financial Institution Plaintiffs' Co-Lead Counsel:

>**Joseph P. Guglielmo**
>Scott+Scott, Attorneys at Law, LLP
>230 Park Avenue
>17th Floor
>New York, NY 10169

**Gary F. Lynch**
Carlson Lynch Sweet Kilpela & Carpenter, LLP
5th Floor
1133 Penn Avenue
Pittsburgh, PA 15222

### 2. Financial Institution Plaintiffs' Co-Liaison Counsel

The Court appoints the following attorneys as the Financial Institution Plaintiffs' Co-Liaison Counsel:

**Craig A. Gillen**
Gillen, Withers & Lake, LLC
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, GA 30305

**MaryBeth V. Gibson**
The Finley Firm, P.C.
Building 14, Suite 230
3535 Piedmont Road
Atlanta, GA 30305

**Ranse M. Partin**
Conley Griggs Partin, LLP
Building One, Suite 300
4200 Northside Parkway, NW
Atlanta, GA 30327

### 3. Financial Institution Plaintiffs' Steering Committee

The Court appoints the following attorneys to the Financial Institution Plaintiffs' Steering Committee:

**Arthur M. Murray**
Murray Law Firm
650 Poydras Street
Suite 2150
New Orleans, LA 70130

**Stacey P. Slaughter**
Robins Kaplan, LLP
Suite 2800
800 LaSalle Plaza
Minneapolis, MN 55402

**Charles Hale Van Horn**
Berman Fink Van Horn, P.C.
3475 Piedmont Road, N.E.
Suite 1100
Atlanta, GA 30305

**Joseph Henry (Hank) Bates, III**
Carney Bates & Pulliam, PLLC
Suite 510
2800 Cantrell Road
Little Rock, AR 72202

**Bryan L. Bleichner**
Chestnut Cambronne, PA
Suite 300
17 Washington Avenue North
Minneapolis, MN 55401

**Karen H. Riebel**
Lockridge Grindal Nauen P.L.L.P
100 Washington Avenue South
2200 Washington Square
Minneapolis, MN 55401

**Karen S. Halbert**
Roberts Law Firm, P.A.
P.O. Box 241790
20 Rahling Circle
Little Rock, AR 72223

**Brian C. Gudmondson**
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402

### C. Duties of Co-Lead Counsel

The Co-Lead Counsel for the Consumer Plaintiffs and the Financial Institution Plaintiffs shall, along with the Co-Liaison Counsel for the Consumer Plaintiffs and the Financial Institution Plaintiffs, have the following responsibilities:

a. Direct and manage pretrial proceedings on behalf of all Consumer Plaintiffs and all Financial Institution Plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

b. Delegate work responsibilities to other Plaintiffs' counsel, and monitor the activities of all Plaintiffs' counsel to assure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

c. Consult with and employ consultants or experts, as necessary;

d. Coordinate with other members of the Steering Committees in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a plaintiffs' document depository, *see* Manual for Complex Litigation, Fourth, section 40.261;

e. Coordinate settlement discussions or other dispute resolution efforts on behalf of the Consumer Plaintiffs and the Financial Institution

Plaintiffs, under the Court's supervision, if and as appropriate;

f. Enter into stipulations with other parties as necessary for the conduct of the litigation;

g. Prepare and distribute to the parties periodic status reports;

h. Maintain adequate time and disbursement records covering services as appointed counsel; and

i. Perform such other duties as may be incidental to proper coordination with the Steering Committees of the Consumer Plaintiffs' and Financial Institution Plaintiffs' pretrial activities or as authorized by further Order of the Court.

**D. Duties of Co-Liaison Counsel:**

Co-Liaison Counsel for the Consumer Plaintiffs and the Financial Institution Plaintiffs shall have the following responsibilities concerning the consumer cases:

a. Communicate with the Court, on behalf of Co-Lead Counsel, concerning scheduling and other administrative matters;

b. Maintain an up-to-date, comprehensive Service List and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

c. Receive and distribute to Plaintiffs' counsel, as appropriate, Orders notices, and correspondence from the Court, to the extent such documents are not electronically filed; and

d. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel that are not electronically filed.

### E. Duties of Steering Committees

The Steering Committees shall meet and confer as needed regarding the completion of the Plaintiffs' pretrial and trial activities. The Steering Committees may establish subcommittees to aid in the effective and efficient conduct of this litigation. The Steering Committees shall participate in the determination of any significant matters that arise in the litigation.

### F. Duties of Consumer Plaintiffs' State Court Coordinating Counsel

The State Court Coordinating Counsel shall monitor any ongoing litigation in the state courts of Georgia and as appropriate work with the Consumer Plaintiffs' Co-Liaison Counsel to coordinate with state-court cases to foster efficiency, minimize duplicative discovery, and avoid management difficulties. The State Court Coordinating Counsel shall report to the Consumer Plaintiffs' Co-Lead Counsel, and the Court as requested, material developments in the state court proceedings to ensure the efficient coordination of the litigation.

### G. Other Responsibilities

1. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation, and must report on a monthly basis their expenses and hours worked to Co-Lead and Co-Liaison Counsel. Co-Lead

and Co-Liaison Counsel will make such records and reports available to other members of the Steering Committees upon request. In order for their time and expenses to be compensable, those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

2. On a quarterly basis, beginning on April 30, 2018, and thereafter on the last business day of each July, October, January, and April, Co-Lead and Co-Liaison Counsel shall submit to the Court *in camera* reports reflecting hours billed in this matter by all Plaintiffs' counsel. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

SO ORDERED, this 12 day of February, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge