# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT<br><br>ALL ACTIONS |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 4
### (Discovery Protocol)

Pursuant to the agreement of the Parties and for good cause shown, the Court hereby enters the following order governing the conduct of discovery in this proceeding. As used in this order, the term "Party" refers to any one of the following: Equifax Inc., any affiliates or subsidiaries named as a defendant in the above-captioned litigation ("Equifax"), the plaintiffs in the consumer track, and the plaintiffs in the financial institution track (collectively, the "Parties"). The term "track" means either the consumer track or the financial institution track established by Case Management Order No. 2 (ECF No. 87).

## CONTENTS

I.    Applicability of Federal Rules ................................................................3

II.   General Principles Governing Discovery ...............................................3

III.  ESI Disclosures.........................................................................................4

IV.   ESI Search Methodology..........................................................................6

V.    Document Production................................................................................7

VI.   Interrogatories .........................................................................................8

VII.  Requests for Admission/Document Authentication ...............................9

VIII. Document Requests ................................................................................10

IX.   Service of Discovery Requests, Responses, and Objections ................10

X.    Depositions: Number and Timing..........................................................10

XI.   Deposition Protocol................................................................................11

XII.  Disputes Concerning Discovery.............................................................18

XIII. Stipulation and Agreement to be Bound ..............................................18

I.      **APPLICABILITY OF FEDERAL RULES**

Except as otherwise ordered, discovery will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court. The scope of this order applies to cases in both the consumer and financial institution tracks.

II.     **GENERAL PRINCIPLES GOVERNING DISCOVERY**

A.      The Parties are directed to cooperate with each other to facilitate discovery and resolve disputes. Further, the Parties are directed to coordinate their activities and avoid duplicative discovery. For example, counsel for the plaintiffs in the consumer and financial institutions tracks should cooperate and serve joint interrogatories and requests for production of documents on common issues.

B.      **E-Discovery Liaisons.** Each Party will identify an E-discovery Liaison who will be primarily responsible for meeting and conferring concerning ESI. Each E-discovery Liaison will:

1.      be knowledgeable about the respective Party's e-discovery efforts;

2.      be, or have reasonable access to those who are, familiar with their Party's electronic systems and capabilities in order to explain those systems and answer relevant questions; and

3.      be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document

storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

Each Party will notify the other of any changes of its designated E-Discovery Liaison.

     C.    **Production Protocol.** The Parties will negotiate a separate Production Protocol to govern the technical specifications for the production of hard copy documents and electronically stored information ("ESI").

## III.   ESI DISCLOSURES

     A.    By May 2, 2018, the Parties agree to exchange in writing the information listed in items (1) through (6) below. The Parties agree and understand that their respective responses are based on their knowledge and understanding as of the date of the response, and each Party agrees to amend or supplement its responses in a timely manner, throughout the course of discovery, if it learns that in some material respect its response is incomplete or incorrect:

       1.    A general description of any other systems for electronic communications and ESI storage ("non-custodial sources") that likely house potentially relevant data;

       2.    A general description or, at the Party's option, a copy of the Party's operative document retention policies, throughout the relevant time

4

period, pertaining to any electronic communications and or/ESI storage system(s) that likely house potentially relevant data;

3.      A description of the steps the Party has taken to preserve likely relevant ESI;

4.      A description of any potentially relevant ESI that the Party is aware of having been lost or destroyed, and description of the circumstances of such loss or destruction;

5.      A description of any likely relevant ESI that the Party contends is inaccessible or only of limited accessibility and, hence, not producible by that Party without undue burden and/or expense, including:

(a)     The general nature of such information (e.g., correspondence, presentation, report, financial planning, budget, etc.);

(b)     The reason(s) why the information is considered inaccessible or bears only limited accessibility.

No later than 21 days after the filing of the operative Consolidated Amended Complaint in the Consumer Track and Financial Institution Track, a list of custodians (including current employees, former employees and any other individuals) likely to have relevant information, including job title and a brief description of job responsibilities for each individual, and a general description of the devices and/or storage systems on which the custodian's ESI is located;

## IV.   <u>ESI SEARCH METHODOLOGY</u>

The Parties will discuss and attempt to reach an agreement on search methodologies. Agreement on a search methodology does not relieve a Party of its obligations under the Federal Rules of Civil Procedure to conduct a reasonable search and produce all relevant and responsive documents of which it is aware.

B.   <u>Search Terms</u>. If a producing Party intends to use search terms to (a) expand or limit the number of documents collected, (b) cull documents prior to reviewing documents for relevance and/or privilege, and/or (c) develop a "seed set" of documents for use in technology assisted review ("TAR"), the producing Party shall first confer in good faith with the requesting Party to determine the mutually agreeable search terms before using any search terms.

1.   Prior to implementing search terms, the producing Party should provide a list of proposed search terms to the requesting Party and the Parties will meet and confer regarding any additional terms proposed by the requesting Party.

2.   If the producing Party contends that terms proposed by the requesting Party would recall an excessive number of documents, the producing Party will provide a search term hit list or hit report after global de-duplication. The list or report should include the number of documents

that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list (including families).

C. **TAR**. If a producing Party intends to use TAR, the producing Party shall confer with the requesting Party, in good faith, in advance of implementation of TAR, to determine the mutually agreeable parameters for using TAR. In the event a seed set is used, all documents that are reviewed as a function of the seed set, coded relevant, aside from privileged documents, will be produced to the requesting Party pursuant to the protective order, to ensure that the documents identified and selected for TAR will likely yield relevant, responsive information.

D. **Search Validation.** The Parties agree to meet and confer to reach agreement as to search validation provisions.

## V. **DOCUMENT PRODUCTION**

E. **Document Productions**. Unless otherwise agreed by the Parties, all documents produced by Equifax in this proceeding shall be transmitted in electronic format to the E-Discovery Liaison for each track, and, if so directed, to retained E-Discovery service provider(s), with copies of the transmittal letters to co-lead counsel in each track. All documents produced by Plaintiffs shall be transmitted in electronic format to lead counsel for Equifax in each track, and if so

directed, to retained E-Discovery service provider(s). Unless otherwise agreed by the Parties, each Party shall bear the cost of and administer their own document depository.

F.      **Numbering System**. Counsel for the Parties shall each use a unique bates number prefix for identifying each Party that produces documents or other materials during the course of this litigation.

G.      **Rolling Production**. The Parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered. The Parties agree to meet and confer regarding a schedule for the production of different categories of documents.

H.      **Privilege Logs**. The parties shall meet and confer within the next 30 days regarding the form and schedule for production of privilege logs in this action.

## VI.    **INTERROGATORIES**

A.      Plaintiffs in the consumer and financial institution tracks may serve no more than 50 joint interrogatories, including all discrete subparts, in connection with matters that are common to the claims asserted in each track. Plaintiffs in each track may serve an additional 15 interrogatories, including all discrete subparts, provided these interrogatories are not duplicative of those served by plaintiffs in

the other track. (In other words, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 80 interrogatories).

B.     Equifax may serve no more than 40 interrogatories total, including all discrete sub-parts, in connection with matters that are common to the claims asserted in each track. Equifax may serve an additional 10 interrogatories, including all discrete subparts, on each named plaintiff in each track provided these interrogatories are not duplicative.

## VII.   REQUESTS FOR ADMISSION/DOCUMENT AUTHENTICATION

A.     Plaintiffs in the consumer and financial institution tracks may serve no more than 30 joint requests for admission, including all discrete subparts, in connection with matters that are common to the claims asserted in each track. Plaintiffs in each track may serve an additional 10 requests for admission, including all discrete subparts, provided these requests for admission are not duplicative of those served by Plaintiffs in the other track. In other words, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 50 requests for admission.

B.     Equifax may serve no more than 25 requests for admission, including all discrete subparts, in connection with matters that are common to the claims asserted in each track. Equifax may serve an additional five requests for admission,

including all discrete subparts, on each named Plaintiff in each track provided these requests for admission are not duplicative of other discovery served.

C.     The parties agree to meet and confer regarding provisions to govern the authentication of documents.

## VIII.  DOCUMENT REQUESTS

There are no limitations on the number of requests for production of documents that the parties may serve. However, this order does not limit any Party's right to object to or seek a protective order with respect to any request for production served.

## IX.     SERVICE OF DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS

All requests for and responses to discovery, including requests for production, interrogatories, and requests for admission, shall be served electronically by email, with copies sent by regular mail, directed to Plaintiffs' Lead Counsel, Defendant's Counsel, and their respective E-Discovery Liaison.

## X.      DEPOSITIONS: NUMBER AND TIMING

A.     Plaintiffs collectively may depose a total of 40 non-parties and Equifax witnesses, including employees and former employees. In addition, Plaintiffs, collectively, may take a maximum of 40 hours of Rule 30(b)(6) deposition testimony of Equifax corporate representatives. At the conclusion of

each 30(b)(6) deposition, the court reporter or videographer shall note on the record the amount of time used by each Party.

B.     Equifax may depose each named Plaintiff or, if applicable, each named Plaintiff's corporate designee, and may take a maximum of 15 depositions of non-parties without leave of court.

C.     Expert depositions do not count against the number of allowable depositions.

D.     The total number of depositions may be increased for good cause shown or by agreement of all Parties.

E.     The duration for each deposition will be governed by Federal Rule of Civil Procedure 30(d)(1). In the case of Rule 45 subpoenas for testimony, the Party that issues a subpoena shall be entitled to five of the seven hours available for such subpoena, unless otherwise agreed by the Parties.

F.     This Order does not limit any Party's right to object to or seek a protective order with respect to any deposition noticed in the litigation.

## XI.    DEPOSITION PROTOCOL

A.     Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony (notwithstanding the following paragraph)

shall be served on witnesses as required by law, but copies may be served electronically on all Parties.

B.      If a Party seeks to take the deposition of a former employee of another Party, the Party seeking to take the deposition must first notify, at least 10 days before the date scheduled for the deposition, in writing, the Party that formerly employed the witness.

1.      Within 7 days of receiving the written notification, the Party that formerly employed the witness shall inform the Party seeking to take the deposition whether its counsel will be representing the former employee in connection with the deposition.

2.      If the Party that formerly employed the witness will not represent the former employee in connection with the deposition, that Party shall provide the former employee's last date of employment and contact information (including last known address and telephone number) to the Party intending to depose the former employee. This written request shall not be deemed an "interrogatory" as that term is used in this order or the Federal Rules of Civil Procedure.

3.      At any time after the Party seeking to take the deposition notifies the Party that formerly employed the witness, the Party seeking to take the deposition may elect to subpoena the witness while awaiting a

response regarding the former employee's representation and contact information.

C.     At least 10 calendar days prior to formally serving a deposition notice, absent extraordinary circumstances, counsel for the noticing Party and counsel for a proposed deponent shall consult in an effort to schedule depositions at mutually convenient times and places.  If no agreement is reached after ten calendar days, nothing shall prevent a Party from issuing a formal notice of deposition.

D.     Counsel will mark exhibits sequentially within a particular deposition with the prefix being the name of the deponent.

E.     Each witness may be questioned by no more than one counsel from each Party, with the exception of depositions taken pursuant to Rule 30(b)(6) or depositions that take place over multiple days. With respect to Rule 30(b)(6) depositions, each designee may be questioned by no more than two counsel from each Party.

F.     Parties shall be deposed where they reside unless the Parties otherwise agree.

G.     To more efficiently handle the litigation and to reduce travel costs, the Parties shall cooperate to the extent practical to schedule and complete depositions so as to avoid repetitive trips to the same location.

H.     To minimize travel and related costs, counsel may participate in any deposition by telephone. Absent exceptional circumstances, counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 3 calendar days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line is available during the deposition. Any Party appearing by telephone shall be responsible any related costs. To the extent any counsel requests real-time video and/or text feed, that counsel is responsible for setting up and paying for the cost of that additional feature. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing by telephone or by other non-present means.

I.     All depositions shall be conducted in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law.

J.     Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties, and need not be repeated by another counsel to preserve that objection on behalf of such other counsel.

K.     All objections except as to the form of the question or foundation are reserved until trial or other use of the deposition transcript.

L.     The following stipulation will apply to all depositions taken in this proceeding and shall be included in each transcript by the court reporter:

Upon completion of the transcription of today's session, the completed transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the transcript, plus errata sheet, to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

Nothing in this paragraph prevents the Parties from entering into additional stipulations that they believe are necessary.

M.     The following provisions will apply to the handling and signing of transcripts:

1.     The court reporter will send the completed transcript by email to the deponent's counsel. In the case of a third party, the court reporter will also send a copy of the completed transcript to the third party, or, if applicable, counsel therefor, via overnight mail and will include with the transcript a postage-paid envelope with return to the court reporter.

2.      The witness will have 30 days from receipt to review the transcript, make any changes on an errata sheet provided by the court reporter, sign the transcript under penalty of perjury, and return it the court reporter.

3.      If the witness is not represented by counsel, the completed transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the completed transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness. Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

4.      Counsel for the deponent (or the court reporter in the case of an unrepresented witness) will serve a copy of a witness's errata via email no later than 30 days from receiving the completed transcript from the court reporter.

5.      Counsel for the noticing Party will maintain the original transcript and bring it to trial or upon request file it with the Court.

N.      The following provisions will apply to third-party depositions:

16

1.     Counsel will coordinate on: (i) scheduling, to avoid imposing undue burden on third parties; and (ii) resolution of any objections raised by the third party.

2.     Third-party witnesses subpoenaed to testify and to produce documents will be served with the subpoena *duces tecum* at least 21 days before the scheduled deposition.

3.     Each Party will designate a contact person to receive documents produced by third parties. Any counsel who receives documents produced by a third party in response to a subpoena *duces tecum* will produce copies of those documents to the designated contact persons for all other Parties as soon as possible, but no later than three business days after receiving the third-party documents or within one business day if the producing third-party's deposition is scheduled to be taken in less than three business days. The Parties will produce documents produced by third parties in the same format in which they were produced by the third party if the documents were produced in electronic format. If the documents were produced by the third party in hard copy, then the Parties will produce them in .pdf format. All counsel who receive documents produced by a third party will use best efforts to produce these documents to the contact persons by ftp or similar electronic means to avoid the delays involved in sending documents by mail.

## XII.   DISPUTES CONCERNING DISCOVERY

A.    To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before contacting the Court regarding discovery issues. The Court will hear discovery disputes at its regularly scheduled status conferences and, if the Court so determines, may request that the Parties submit letter briefs of no more than five pages setting forth their positions. If discovery disputes arise that require resolution before the next scheduled conference, the Parties shall jointly contact the Court, which, at its discretion, may hear the matter by telephone, direct that the Parties appear in person, invite written submissions, or take other appropriate action. No motions to compel, motions for protective order, or other motions seeking to resolve a discovery dispute may be filed until and unless this procedure has been followed and prior authorization to file the motion has been obtained from the Court.

B.    Any Party may move the Court to modify this order upon good cause shown.

## XIII.  STIPULATION AND AGREEMENT TO BE BOUND

By their signatures below, counsel for the Parties agree to be bound by the terms of this Order both before and after such Order is entered by the Court.

Respectfully submitted on
March 30, 2018

                                 */s/ Amy E. Keller*

Amy E. Keller
**DiCELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dlcfirm.com

Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1600
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

19

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison
Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS
GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court***
***Coordinating Counsel***

*-and-*

*/s/ Joseph P. Guglielmo (w/ permission)*
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT**
**LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com

Gary F. Lynch
**CARLSON LYNCH SWEET KILPELA**
**& CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel. 412.322.9243
glynch@carsonlynch.com

***Financial Institution Plaintiffs' Co-Lead***
***Counsel***

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, Georgia 30305
Tel. 404.842.9700
cgillen@gwllawfirm.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, Georgia 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300
Atlanta, Georgia 30327
Tel. 404.572.4600
ranse@onleygriggs.com

*Financial Institution Plaintiffs' Co-Liaison Counsel*

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel. 504.525.8100
amurray@murray-lawfirm.com

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Tel. 612.349.8500
sslaughter@robinskaplan.com

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, Georgia 30305
Tel. 404.261.7711
cvanhorn@bfvlaw.com

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, Arkansas 72201
Tel. 501.312.8500
acarney@cbplaw.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North
Suite 300
Minneapolis, Minnesota 55401
Tel. 612.339.7300
bbleichner@chestnutcambronne.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN
P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, Minnesota 55401
Tel. 501.812.5575
khriebel@locklaw.com

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, Arkansas 72223
Tel. 501.821.5575
karenhalbert@robertslawfirm.us

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel. 612.341.0400
brian.gudmunson@zimmreed.com

*Financial Institution Plaintiffs' Steering*
*Committee*

*-and-*

*/s/ S. Stewart Haskins II (w/ permission)*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 30th day of March 2018.

*/s/ Amy E. Keller*

**IT IS SO ORDERED.**

Date: _____, 2018          _____
                                       Thomas W. Thrash
                                       United States District Judge