## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT<br><br>ALL ACTIONS |

## STIPULATED PROTECTIVE ORDER

## I.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The information likely to be the subject of the disclosure and discovery activity in this action also may involve unique risks related to privacy, data security, data governance, and data management that will be greater than in most cases. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure

and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.   DEFINITIONS

A.   "**Appointed Counsel**" means those attorneys appointed by the Court to lead the litigation on behalf of the plaintiffs in the consumer and financial tracks (i.e., lead counsel, liaison counsel, and steering committee members, and the attorneys and staff at their firms), and counsel of record for Defendant Equifax, Inc. and their firms.

B.   "**Confidential Information**" means information:

1.   that may reveal a trade secret or other confidential research, development, financial, data security information, network security details and diagrams;

2.   that may reveal information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use;

3.   that contains information that reveals personally identifiable information, as defined below, or personal or private financial information (collectively "Sensitive Information");

4.   the disclosure of which is reasonably likely to result in unauthorized access of Sensitive Information; or

5.   any other material that is confidential pursuant to applicable law.

C.    "**Highly Confidential Information**" means a subset of extremely sensitive "Confidential Information," such as Sensitive Information, corporate network security details and other security information, competitively sensitive financial information, or any other information the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

D.    "**Personally Identifiable Information" (PII),** for purposes of this Order, includes, but is not limited to: payment card numbers, financial account numbers, social security numbers, addresses, phone numbers, e-mail addresses, driver's license numbers or other state identification numbers, employer identification numbers, tax identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

The parties recognize that other personal data (*e.g.*, name, citizenship, birth date, spousal and familial information), particularly in combination with one another, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with any other Sensitive Information.

E.    "**Producing Party" or "Designating Party"** means the party or third party that produced the Protected Material.

F.     **"Privileged Material"** means any document or information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the joint defense or common interest privilege.

G.     **"Protected Material"** means any document or information which has been designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order. Documents that quote, summarize, or contain Confidential Information or Highly Confidential Information (*e.g*., discovery responses, transcripts, and court filings) may be accorded status as Protected Material, but, to the extent reasonably feasible, shall be prepared in such a manner that the Confidential Information or Highly Confidential Information is provided separately from that not entitled to protection.

## III.   DESIGNATING PROTECTED MATERIAL

A.     The Producing Party has an obligation to stamp documents "Confidential" or "Highly Confidential" in good faith and must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents or testimony that

merit Confidential or Highly Confidential treatments are so designated. Either designation may be withdrawn by the designating Party.

B.     The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of production initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

C.     Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Highly Confidential" subject to the same protections, obligations, and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena or document request served on third parties in connection with this action. All documents produced by such third parties shall be treated as "Highly Confidential" for a period of 14 days from the date of their receipt, and during that period any party or the third party

may designate such documents as "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order.

## IV.   SCOPE

A.     The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, derivations, abstracts, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations or presentations by parties or their counsel that might reveal Protected Material.

B.     However, the protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

C.     Any use of Protected Material at trial shall be governed by a separate agreement or order.

D.     Nothing in this Protective Order diminishes the protections afforded to sensitive information by this Court's Standing Order No. 04-02. The Court has instructed the Parties that documents to be filed in this MDL are presumptively public, and handling of Protected Material, including sealed filing of such materials, imposes a burden upon the Court. Accordingly, the Parties shall only designate as "Confidential" or "Highly Confidential" information that is confidential under applicable law. The Court shall require an appropriate showing in order to justify any claim of confidentiality under existing law.

E.     The Court and the parties recognize that plaintiffs have alleged they were the victims of a data breach that exposed their Sensitive Information and, as a result, allege that they face a risk of future harm, including the alleged risk of future fraud and/or identity theft. Thus, the parties will exercise particular caution before publicly filing personal or financial information.

## V.     NON-DISCLOSURE OF PROTECTED MATERIAL

A.     Except with the prior written consent of the Producing Party, as provided in this Order, or as may be subsequently ordered by the Court, Protected Material may not be disclosed by a non-Producing Party to any person except as described below.

B.    Protected Material may be disclosed by a non-Producing Party only

to:

1.    The parties, their officers, directors, and employees only to the extent reasonably necessary to provide assistance with the litigation, and Appointed Counsel for the parties in all cases in MDL 2800, including the in-house lawyers of such parties and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, only to the extent reasonably necessary to render professional services in the litigation, and for use exclusively in these actions (and for no other purpose). "Parties" include named plaintiffs, class representatives and proposed class representatives. No Stamped Confidential Documents may be disclosed to putative class members other than the named plaintiffs, class representatives and proposed class representatives;

2.    Judges, the jury, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation;

3.    Persons shown on the face of the document to have authored or received it;

4.    Other persons who may be designated by written consent of the Producing Party or pursuant to Court order, but only for purposes of this litigation and for no other purpose;

5.    Witnesses during depositions and trial, who have previously been asked to sign the Acknowledgment of Confidentiality Designations and Agreement To Be Bound by Terms of Court Order attached as Exhibit A (the "Acknowledgement");

6.    Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to prepare such persons to testify, who have previously been asked to sign the Acknowledgment;

8

7.      Consultants or experts retained for the purpose of assisting Appointed Counsel in this litigation who have previously executed the Acknowledgment and who are not current employees of a competitor of a party and have not, at the time of retention, agreed to become an employee of a competitor of a party; and

8.      Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material who have previously executed the Acknowledgment.

C.      Protected Material designated as "Highly Confidential" may be disclosed by a non-Producing Party only to:

1.      Persons designated in paragraphs B(2)-(8), as well as Appointed Counsel, and the in-house lawyers of such parties and the partners, associates, contract attorneys, secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.

2.      Persons designated in paragraph B.1, not otherwise included in C.1., after they have signed the Acknowledgement and only to the extent it is reasonably necessary to prosecute their claims.

D.      Counsel for all persons receiving Confidential Information in accordance with paragraphs (B)(5)-(B)(8) shall be responsible for obtaining, prior to disclosure and as a condition thereof, an Acknowledgment executed by the person to whom the counsel discloses the Confidential Information. Each non-party witness to whom Confidential or Highly Confidential Information is disclosed shall be advised that the Court has entered a Protective Order to limit

disclosure of Confidential and Highly Confidential Information, be provided a copy of the Protective Order, and be asked to sign the Acknowledgment. If a non-party witness has refused to sign the Acknowledgment, advising the witness of the matters in the immediately preceding sentence on the record shall serve as a substitute for the signing of the Acknowledgment and shall permit examination of the witness regarding documents or other information containing Confidential or Highly Confidential Information. Notwithstanding a witness's refusal to sign the Acknowledgment, any Confidential or Highly Confidential Information disclosed to the witness and any discussion of that information at the deposition shall maintain their confidential status.

E.     A recipient of Protected Material shall keep the material in a secure area and shall exercise due care to restrict access to those persons described above. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as Confidential or Highly Confidential. A recipient shall not duplicate any Protected Material except for use as working copies and for filing in court.

## VI.   DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

A.    Any party may request a change in the designation of any information designated as "Confidential" or "Highly Confidential." Any Protected Material shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

B.    Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial fairness, unnecessary economic burdens or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

C.    The party challenging a confidentiality designation shall identify each challenged document by Bates number or otherwise specifically describe the document challenged and set forth the specific reasons why it does not believe the confidentiality designation is appropriate.

D.    Within 21 days of a challenge to a designation, the party asserting confidentiality must move the Court for relief. Counsel for each party shall meet

11

and confer within seven days of a challenge to limit the scope of any issues requiring resolution by the Court. To that end, the parties shall identify exemplar documents for the Court's review, a ruling on which will allow the parties to resolve their disputes concerning any similar documents for which a confidentiality designation has been challenged.

## VII.   CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION IN DEPOSITIONS

A.     If a party, the current employee of a party, or anyone represented by counsel for a party, is noticed for deposition, that party's counsel is responsible for providing a copy of this Order to the witness and obtaining the witness's signature on the Acknowledgment prior to the deposition. If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

B.     Parties and deponents may, within 30 days after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as Confidential or Highly Confidential by underlining or otherwise designating the portions of the pages that are confidential. (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation.) The parties and the court reporter shall thereafter mark such

12

pages in all copies of the transcript with the legend, "CONFIDENTIAL —

SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL —

SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any

such deposition the following legend: "Certain Designated Pages of this

Deposition are Confidential and Subject to a Protective Order." Until expiration of

the 30-day period, the entire deposition transcript will be treated as Highly

Confidential pursuant to this Protective Order.

## VIII.  SUBPOENAS OR LEGAL PROCESS CALLING FOR DISCLOSURE OF PROTECTED MATERIAL

If a party receives a subpoena or other legal process which calls for

disclosure of any Protected Material designated as Confidential or Highly

Confidential by another party, then the party from whom disclosure is sought shall

give prompt written notice (including a copy of such subpoena or other legal

process) to counsel for the Designating Party, and shall not, to the extent permitted

by applicable law, provide or otherwise disclose such documents or information

until 21 days after providing notice to the Designating Party.

## IX.  FILING AND USE OF PROTECTED MATERIAL FOR PRETRIAL PURPOSES

A.    Any document, material or other information entitled to protection

under this Order that is submitted to the Court in support of a pleading, or

introduced at a hearing, trial or other proceeding in this action must be designated as "PROVISIONALLY SEALED" and electronically filed in the CM/ECF electronic filing system as a "Provisionally Sealed" pleading in accordance with the following process:

1. Provisionally Sealed filings can only be made during the Court's normal business hours of 9:00 A.M. to 4:30 P.M. (EST). Provisionally Sealed filings cannot be made when the Court is closed.

2. Before the anticipated filing of a Provisionally Sealed document, and no later than one day prior to the filing, counsel responsible for submitting the electronic filing must contact one of the following individuals by telephone to receive clearance by advising that a party intends to submit a filing that should be designated by the Clerk as a Provisionally Sealed document, identifying the name of the CM/ECF filer, and disclosing the date such filing will be made:

   a. Margaret Callier: (404) 215-1675

   b. Denza Bankhead: (404) 215-1662

   c. Darrell Satterfield: (404) 215-1682

3. Counsel filing such information must affirmatively indicate in the appropriate CM/ECF menu system prompt that the filing is being submitted as a Provisionally Sealed pleading by first designating the filing as "Under Seal" and then following the remaining menu prompts to designate the filing as Provisionally Sealed.

4. All such filings shall bear a legend on the cover page and in the header of each page indicating that they are being designated as PROVISIONALLY SEALED under this order.

Any documents submitted to the Court as Provisionally Sealed will not be available for public viewing. These documents shall only be available for viewing by Court personnel and Appointed Counsel for the parties and shall be subject to the restrictions on Confidential and Highly Confidential documents under this order, as applicable. If a filing designated as "PROVISIONALLY SEALED" is submitted to the Court in support of a pleading, the filing party shall serve the document containing the information designated as Confidential or Highly Confidential on counsel for the opposing party. Such information shall maintain its Provisionally Sealed status for ten business days. During this ten-day period, the party asserting confidentiality may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The time period for this motion may be extended by agreement of the parties or by leave of Court. A copy of the motion must be delivered to chambers (or to a Special Master duly appointed by the Court to review such materials) and accompanied with appropriate markings to identify the text, materials or information for which continued protection is warranted. The motion for continued protection shall set forth the reasons why the information should not be disclosed in a public filing. Once a motion has been filed for continued protection, the filing shall retain its Provisionally Sealed status until the Court or Special Master rules

on the motion. Should the Court appoint a Special Master to review such materials, the cost of the Special Master shall be borne by the party seeking to continue the protected status of the materials. If the Designating Party does not timely file such a motion for continued protection, the Designating Party will be deemed to have waived its confidentiality designations for the Confidential or Highly Confidential information contained in the filed document, and the Provisionally Sealed status will be removed and the document will be available to the public. In the event the Court continues protection of Provisionally Sealed documents, such documents will be viewable only by Court personnel and Appointed Counsel for the parties and shall remain subject to the restrictions applicable to Confidential and Highly Confidential documents under this order, as applicable.

B.     Confidential or Highly Confidential material that contains Sensitive Information, or the disclosure of which is reasonably likely to result in unauthorized access of Sensitive Information, shall presumptively be entitled to continued protection until such time as determined otherwise by the Court.

C.     The parties are instructed to use their best efforts to limit the filing of Confidential or Highly Confidential material under seal to those situations where such filing is necessary to the resolution of a motion or other matter before the

Court. Filing Confidential or Highly Confidential material under seal imposes a burden on the Court and should be avoided wherever possible.

D.      A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. In light of the burden that the introduction of designated material imposes upon the Court, the parties are instructed to use their best efforts to limit the introduction of such material and the continued designation of such material as confidential in the event its introduction is necessary. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection. Unless expressly ordered to be "SEALED" by the Court, any materials entitled to protection from disclosure under this Order shall maintain their Provisionally Sealed status and, be viewable only by Court personnel and Appointed Counsel for the parties, and remain subject to the restrictions on Confidential and Highly Confidential documents under this order, as applicable.

E.      In the event any case is remanded, Protected Material shall be filed under seal in the transferor court according to the Electronic Case Filing procedures and other applicable rules of the transferor district and shall remain

restricted in the Clerk's office of the transferor court so long as they retain their status as Stamped Confidential Documents.

## X.   PROPER USE OF PROTECTED MATERIAL

Persons obtaining access to Protected Material pursuant to this Protective Order shall use the information in connection with this litigation only — including appeals and retrials — and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless otherwise required by applicable law.

## XI.   NON-TERMINATION

The provisions of this Protective Order shall not terminate at the conclusion of this MDL proceeding or any or all of the individual actions coordinated or consolidated therein.

Upon written request, within 90 days after final disposition of this or any related litigation, Protected Material and all copies of same (other than exhibits of record) and information integrated into work product shall be returned to the Producing Party or destroyed. Final disposition, for purposes of this Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Any return shipping done at the request of the Producing Party shall be done at the expense of the Producing Party. Notwithstanding the foregoing, counsel for all parties may keep one copy of any transcripts, pleadings and exhibits and shall maintain them in confidence. Upon written request, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 100 days after final termination of this and all related litigation.

## XII.  NON-WAIVER OF PRIVILEGES

A.     This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information ("Discovery Material") in this action, other than an intentional disclosure.  In order to allow for expeditious production of documents, a Producing Party may, at its sole option, produce such materials without detailed, or any, review to determine whether the production includes Privileged Material.

B.     In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material other

than the knowing and intentional disclosure of a document or information, shall not be deemed to waive—in this litigation or in any other federal or state proceeding — any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of inadvertent disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production.

      C.    If a Party identifies discovery material that appears on its face to be Privileged Material belonging to another Party or non-party, the identifying Party is under a good-faith obligation to notify that other Party or non-party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or non-party shall notify the receiving Party of its assertion of privilege within 7 calendar days of receiving the identifying party's notification of potentially Privileged Material. Nothing in this Stipulation and Order limits or otherwise modifies an attorney's

ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the disclosing Party that such Privileged Material has been produced.

D.     This Stipulation and Order does not preclude a Party from intentionally waiving any claims of privilege or protection.

E.     The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses Privileged Material or Protected information to support a claim or defense, when a Party uses Privileged Material or Protected Information during a deposition without the assertion of a contemporaneous objection, when a Party intentionally discloses Privileged Material or Protected Information to a third party, including the Court (e.g., in connection with or support of a filing), or when a Party makes selective disclosures of documents for any other purpose. This paragraph does not preclude a Party from arguing that waiver was made under any applicable rule of law.

F.     The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulation and Order.

## XIII.  CLAWBACK OF DISCLOSURE

A.     A Producing Party that determines that it made a disclosure of Confidential or Highly Confidential Information or Privileged Material in this

litigation shall promptly notify the Receiving Party following discovery of the

production, and the Receiving Party (the "Returning Party") shall:

1.  in the case of Privileged Material, (i) immediately cease the
    review and use of the disclosed document or information,
    except to the extent necessary to determine and/or contest the
    privilege or protection; (ii) if the Receiving Party does not
    challenge the assertion, return, sequester, or destroy the
    disclosed document or information forthwith, as well as any
    and all copies thereof; and (iii) if the Receiving Party does not
    challenge the assertion, destroy or sequester any references to
    the erroneously or inadvertently disclosed document or its
    contents, to the extent such references exist in other materials
    prepared by the Returning Party; or,

2.  in the case of a Confidential or Highly Confidential document,
    shall mark it and all copies "CONFIDENTIAL — SUBJECT
    TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL
    — SUBJECT TO PROTECTIVE ORDER" at the expense of
    the Producing Party and treat the document as Protected
    Material under the terms of this Order.  A party may sequester
    a Document if challenging a clawback request.[1]

Upon request of the disclosing Party, the Returning Party must provide to the

disclosing Party a certification of counsel that all of the disclosed discovery has

been returned, sequestered, or destroyed subject to the terms of this paragraph. The

Receiving Party is not required to return, sequester, or destroy any discovery item

---

[1]   Copies of disclosed Confidential Information, Highly Confidential
Information or Privileged Material that have been stored on electronic media that
are not reasonably accessible, such as disaster recovery backup media, are
adequately sequestered as long as they are not restored.  If such data is restored, the
Returning Party must take steps to re-sequester the restored disclosed Confidential
Information, Highly Confidential Information, or Privileged Material.

claimed to be Privileged Material if the Receiving Party intends to move the Court for a ruling that the document was never privileged or protected, unless and until the Court determines the document is privileged or protected.

If any produced Privileged Material, Confidential Information, or Highly Confidential Information has been provided to a non-party by a non-Producing Party, the non-Producing Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Confidential Information or Highly Confidential Information, including reminding the non-party of its obligation to adhere to the terms of this Protective Order that non-party agreed to by executing the Acknowledgement attached as Exhibit A.

B.     Notice of disclosure shall apply to all copies of the document disclosed.

C.     If a Receiving Party disputes the Producing Party's privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within 10 business days of receipt of the notification of produced Privileged Information. However, to the extent that a Producing Party seeks to claw back more than 100 documents within a 7-day period, the Receiving Party shall be provided an additional 10 business day to review such documents

and dispute the privilege claims asserted over them. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within 10 business days. In the event that the Producing Party and Receiving Party do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within 10 days of the determination that no resolution will be achieved. If such a motion is made, the moving party shall submit to the Court for *in camera* review a copy of the produced Privileged Information in connection with its motion papers.

D.    A Party is not precluded by this Stipulation and Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulation and Order.

E.    Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action (with the exception of a motion pursuant to Section XIII.C. of this Stipulated Protective Order), that a Producing Party does not claw back within 7 calendar days of its use, ("Used Document") shall not be eligible for clawback of that document under Sections XIII. A-C of this Stipulated Protective Order.  Such ineligibilty for clawback of that document under Sections XIII. A-C of this Stipulated Protective Order shall not result

in a subject matter waiver in any other state or federal proceeding. The Producing Party reserves its rights to utilize FRE 502(b) and the Receiving Party reserves its rights under FRE 502(b), including but not limited to establishing whether and to what extent a court order recognizing waiver of privilege under FRE 502(b) with respect to a document effects a subject matter waiver.

F.      Nothing in this Stipulation and Order is intended to preclude either party from seeking fees or expenses associated with the unreasonable or excessive Clawback of documents.

## XIV.  MODIFICATION PERMITTED

Any party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 16, 2018              /s/ *Kenneth S. Canfield*   *W/E/P*
                                            Kenneth S. Canfield

**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1600
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

Amy E. Keller
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dlcfirm.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Consumer Plaintiffs' Co-Lead Counsel*

Roy E. Barnes
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400

26

david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, DC 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, DC 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering*
*Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, GA 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court*
*Coordinating Counsel*

 /s/ *Joseph P. Guglielmo*  *W/E/P*
Joseph P. Guglielmo

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com

Gary F. Lynch
**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel. 412.322.9243
glynch@carsonlynch.com

*Financial Institution Plaintiffs' Co-Lead Counsel*

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, GA 30305
Tel. 404.842.9700
cgillen@gwllawfirm.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300

29

Atlanta, Georgia 30327
Tel. 404.572.4600
ranse@onleygriggs.com

***Financial Institution Plaintiffs' Co-Liaison
Counsel***

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel. 504.525.8100
amurray@murray-lawfirm.com

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue Suite 2800
Minneapolis, MN 612-349-8500
Tel. 612.349.8500
sslaughter@robinskaplan.com

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, GA  30305
Tel. 404.261.7711
cvanhorn@bfvlaw.com

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201
Tel. 501.312.8500
acarney@cbplaw.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North

Suite 300
Minneapolis, MN 55401
Tel. 612.339.7300
bbleichner@chestnutcambronne.com


Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Tel. 501.812.5575
khriebel@locklaw.com

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223
Tel. 501.821.5575
karenhalbert@robertslawfirm.us

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel. 612.341.0400
brian.gudmunson@zimmreed.com

***Financial Institution Plaintiffs' Steering Committee***


*-and-*


*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

31

David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

**IT IS SO ORDERED.**

Date: April 17, 2018                    **/s/Thomas W. Thrash**
                                        Thomas W. Thrash
                                        United States District Judge

## **ATTACHMENT A**

## **ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Protective Order dated _____, 2018, filed in *In re: Equifax, Inc. Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, currently pending in the United States District Court for the Northern District of Georgia. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such

documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential or Highly Confidential Information.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

This _____ day of _____, 2018.

_____
Signature

_____
Printed Name