**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT,

## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KATIUSHKA REBECA ACOSTA-SMITH, et. al. ASHLEY ABRAMSON, et. al., | ) Case No. 1:17-md-2800 (lead case) ) No. 1:18-CV-1467-TWT (Acosta-Smith) ) No. 1:18-CV-1466-TWT (Abramson) ) |
| Plaintiffs, | ) ) |
| v. | ) |
| EQUIFAX INC., and Does 1 through 100 inclusive, | ) **PLAINTIFFS' MOTION TO** ) **REMAND, POINTS AND** ) **AUTHORITIES IN SUPPORT** ) **THEREOF** ) Hearing Date: ) Department 2108 |
| Defendants. | ) Hon. Thomas W. Thrash, Jr. |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Plaintiffs Katiushka Rebeca Acosta-Smith and 49 other plaintiffs in 1:18-CV-1467-TWT and Ashley Abramson and 49 other plaintiffs in 1:18-CV-1466-TWT hereby move for an order remanding their cases to the Superior Court of the State of California, County of Orange on the grounds that this Court lacks diversity jurisdiction.

Said motion will be made on the grounds set forth in the

1

accompanying memorandum of law.  This motion will be based upon this notice, the points and authorities set forth below, the attached declaration(s), the separate statement filed herewith, and the complete files and records in this action.

DATED: April 26, 2018

Respectfully submitted,

By     ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ 1

TABLE OF AUTHORITIES ....................................................................................................... 1

STATEMENT OF CASE ............................................................................................................. 5

POINTS AND AUTHORITIES ................................................................................................ 6

ARGUMENT ................................................................................................................................. 6

   I.   THE MOTION TO REMAND SHOULD BE GRANTED BECAUSE THIS COURT HAS NO JURISDICTION. ............................................................................................. 6

     A. THE COURT SHOULD REMAND BECAUSE PLAINTIFFS PLED IN THE COMPLAINTS THAT THE DAMAGES AND FEES WERE LESS THAN $75,000 AND NOW FURTHER CLARIFY THAT LIMIT WAS INTENDED TO BE BINDING. 9

     B. EVEN IF THE DAMAGES CAPS ARE NOT DETERMINATIVE, DEFENDANT HAS FAILED TO MEET ITS BURDEN TO PROVE DAMAGES AND FEES ARE LIKELY TO EXCEED $75,000 AS TO ANY ONE PLAINTIFF. ................................. 16

CONCLUSION ............................................................................................................................ 26

CERTIFICATION OF FONT SIZE ....................................................................................... 27

# **TABLE OF AUTHORITIES**

## **Cases**

Adamson v. SmithKline Beecham Corp. (M.D. Ala., Dec. 27, 2011, No. 2:11-CV-898-WKW) 2011 WL 6778814 ................................................................. 9

Andrews v. Camping World Inc. (S.D. Ala., Nov. 16, 2015, No. CV15-00492-CG-N) 2015 WL 7770681 ............................................................................. 7

Bassett v. Toyota Motor Credit Corp. (S.D. Ala. 1993) 818 F.Supp. 1462 ......................... 7

Brooks v. Pre-Paid Legal Servs., Inc. (M.D.Ala. 2001) 153 F.Supp.2d 1299 .................... 14

1

<u>Burnette</u> v. <u>Regions</u> <u>Bank</u> (M.D. Fla., Apr. 26, 2016, No. 5:15-CV-567-OC-32PRL) 2016 WL 1644182 ............................................................................................. 7

<u>Burns</u> v. <u>Windsor</u> <u>Ins.</u> <u>Co.</u> (11th Cir. 1994) 31 F.3d 1092 ................................. 7, 8

<u>Design</u> <u>Center</u> of <u>the</u> <u>Americas,</u> <u>LLC</u> v. <u>Mike</u> <u>Bell</u> <u>Inc.</u> (S.D. Fla. 2014) 54 F.Supp.3d 1339 ............................................................................................... 17

<u>Diaz</u> v. <u>Sheppard</u> (11th Cir. 1996) 85 F.3d 1502 ............................................... 6

<u>Drew</u> v. <u>Equifax</u> <u>Info.</u> <u>Servs.,</u> <u>LLC</u> (N.D.Cal. Dec. 3, 2010, No. C 07-00726 SI) 2010 U.S. Dist.LEXIS 131643 ................................................................................ 23

<u>Federated</u> <u>Mut.</u> <u>Ins.</u> <u>Co.</u> v. <u>McKinnon</u> <u>Motors,</u> <u>LLC</u> (11th Cir. 2003) 329 F.3d 805 .... 10, 14

<u>Frisher</u> v. <u>Lincoln</u> <u>Benefit</u> <u>Life</u> <u>Company</u> (S.D. Fla., Aug. 19, 2013, No. 13-20268-CIV) 2013 WL 12092525 .................................................................................... 25

<u>Fuller</u> v. <u>Suntrust</u> <u>Mortg.,</u> <u>Inc.</u> (N.D. Ga., Aug. 6, 2014, No. 1:13-CV-3924-TWT) 2014 WL 3887916 ........................................................................................... 20

<u>Goodrich</u> v. <u>Fisher-Price,</u> <u>Inc.</u> (N.D. Ga., Dec. 15, 2016, No. 1:16-CV-3116-TWT) 2016 WL 9223893 ........................................................................................... 21

<u>Hardy</u> v. <u>Jim</u> <u>Walter</u> <u>Homes,</u> <u>Inc.</u> (S.D. Ala. June 28, 2007)  2007 WL 1889896 .......... 14

<u>Hogston</u> v. <u>Allis-Chalmers</u> <u>Corp.</u> (E.D. Pa. 2009) 672 F. Supp. 2d 705 ........................... 6

<u>In</u> <u>re</u> <u>Gen.</u> <u>Am.</u> <u>Life</u> <u>Ins.</u> <u>Co.</u> <u>Sales</u> <u>Practices</u> <u>Litig.</u> (8th Cir. 2004) 391 F.3d 907 ............... 6

<u>Jackson</u> v. <u>American</u> <u>General</u> <u>Financial</u> <u>Services,</u> <u>Inc.</u> (M.D. Ga., Apr. 17, 2006, No. 7:06-CV-19 (HL)) 2006 WL 997614 ...................................................................... 20

<u>Jackson</u> v. <u>Wilmington</u> <u>Trust,</u> <u>National</u> <u>Association</u> (N.D. Ga., Oct. 24, 2017, No. 1:17-CV-2616-CC-JKL) 2017 WL 8218941 ..................................................................... 10

<u>Jones</u> v. <u>Novartis</u> <u>Pharmaceuticals</u> <u>Co.</u> (N.D. Ala. 2013) 952 F.Supp.2d 1277 ............... 20

<u>Kipp</u> v. <u>Landscapes</u> <u>Unlimited,</u> <u>LLC</u> (N.D. Ga., Dec. 22, 2009, No. 109CV02778ODEAJB) 2009 WL 10669652 ................................................................... 21

<u>Land</u> <u>Clearing</u> <u>Co.,</u> <u>LLC</u> v. <u>Navistar,</u> <u>Inc.</u> (S.D. Ala., Jan. 24, 2012, No. CIV.A. 11-0645-WS-M) 2012 WL 206171 .......................................................................... 14

<u>Leaderman</u> v. <u>Quiktrip</u> <u>Corporation</u> (N.D. Ga., Jan. 10, 2017, No. 1:16-CV-3955-WSD) 2017 WL 83325................................................................................................ 8, 14

<u>Lever</u> v. <u>Jackson</u> <u>Nat.</u> <u>Life</u> <u>Ins.</u> <u>Co.</u> (D.S.C., Feb. 5, 2013, No. 3:12-CV-03108-MBS) 2013 WL 436210................................................................................................... 12

<u>Lowery</u> v. <u>Alabama</u> <u>Power</u> <u>Co.</u> (11th Cir. 2007) 483 F.3d 1184 ................................... 16, 23

<u>Pinel</u> v. <u>Pinel</u> (1916) 240 U.S. 594...................................................................... 7

<u>Platinum</u> <u>Prop.</u> <u>Mgt.</u> <u>Servs,</u> <u>LLC</u> v. <u>West-Pryor</u> (N.D. Ga. Sept. 25, 2013) 2013 WL 5361654................................................................................................... 24

<u>Ponce</u> v. <u>Fontainebleau</u> <u>Resorts,</u> <u>LLC</u> (S.D. Fla. 2009) 653 F.Supp.2d 1297...................17

<u>Pretka</u> v. <u>Kolter</u> <u>City</u> <u>Plaza</u> <u>II,</u> <u>Inc.</u> (11th Cir. 2010) 608 F.3d 744......................................16

<u>Rachel</u> v. <u>PNC</u> <u>Bank,</u> <u>NA</u> (S.D. Ala., Apr. 10, 2017, No. CV 16-00351-KD-MU) 2017 WL 1362034 ............................................................................................ 22, 23

<u>Roe</u> v. <u>Michelin</u> <u>North</u> <u>America,</u> <u>Inc.</u> (11th Cir. 2010) 613 F.3d 1058 ..............................20

<u>Saye</u> v. <u>UnumProvident</u> <u>Corp.</u> (N.D. Ga., Aug. 10, 2007, No. CIV.A. 107CV31TWT) 2007 WL 2331050 ............................................................................................ 25

<u>Smith</u> v. <u>American</u> <u>Medical</u> <u>Systems,</u> <u>Inc.</u> (N.D. Ala., Aug. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688480 ........................................................................... 25

<u>Spivey</u> v. <u>Fred's</u> <u>Inc.</u> (M.D. Ala. 2008) 554 F.Supp.2d 1271 ...............................................17

<u>St.</u> <u>Paul</u> <u>Mercury</u> <u>Indem.</u> <u>Co.</u> v. <u>Red</u> <u>Cab</u> <u>Co.</u> (1938) 303 U.S. 283 ..................................... 9

<u>Standard</u> <u>Fire</u> <u>Ins.</u> <u>Co.</u> v. <u>Knowles</u> (2013) 568 U.S. 558 .................................................... 9

<u>Thomas</u> v. <u>Countrywide</u> <u>Home</u> <u>Loans</u> (M.D. Ala., Feb. 17, 2012, No. 3:11-CV-399-WKW) 2012 WL 527482.......................................................................................... 14

<u>Weisler</u> v. <u>Safeco</u> <u>Insurance</u> <u>Company</u> <u>of</u> <u>Illinois</u> (S.D. Fla., Nov. 14, 2014, No. 14-CV-81107) 2014 WL 12452096........................................................................ 6

<u>Whaley</u> v. <u>Bay</u> <u>View</u> <u>Law</u> <u>Group,</u> <u>PC</u> (S.D. Ga., Sept. 30, 2014, No. CV 114-050) 2014 WL 4926458................................................................................................... 16

<u>Williams</u> v. <u>Best</u> <u>Buy</u> <u>Co.,</u> <u>Inc.</u> (11th Cir. 2001) 269 F.3d 1316 ........................................... 6

Wilson v. Chester Bross Const. Co. (S.D. Ala., Apr. 12, 2011, No. CA 11-0020-KD-C) 2011
WL 1380052 ........................................................................................................... 21

Zep, Inc. v. Wittenstein (N.D. Ga., Nov. 29, 2012, No. 1:12-CV-3008-ODE) 2012 WL
13018499 ...............................................................................................................17

## Statutes

28 U.S.C. § 1332 .................................................................................................... 6

28 U.S.C. § 1441 .................................................................................................... 6

28 USC § 1446 ................................................................................................. 7, 13

28 USC § 1447 ...................................................................................................... 6

PLAINTIFFS' MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

## STATEMENT OF CASE

One hundred individual plaintiffs filed two lawsuits in California State Court with fifty plaintiffs per lawsuit.  Both lawsuits were removed to federal court by Defendant.   The lawsuit led by Acosta-Smith was designated after removal as Central District of California Case No. 8:18-cv-00005-JLS (PJW) and redesignated in the Northern District of Georgia as 1:18-CV-1467-TWT.  The lawsuit headed by Abramson was designated after removal as Central District of California Case No. 8:17-cv-02201 JVS (KESx) and redesignated in the Northern District of Georgia as 1:18-CV-1466-TWT.

These 100 folks do not want to be in federal court and do not want to be part of any class action.  To that end, they specifically alleged that their compensatory and punitive damages and attorney's fees were capped at $74,000.  (18-1466 Doc. 1-4, ¶¶ 19, 29, 30, 31, 32, 37, 38, 43, 44, Prayer for Relief ¶¶ 1, 2, 4; 18-1477 Doc. 1-5, ¶¶ 19, 29, 30, 31, 32, 37, 38, 43, 44, Prayer for Relief ¶¶ 1, 2, 4.)

Plaintiffs previously moved to remand in the California federal courts.  Defendant filed oppositions and/or moved to stay the hearing on remand pending the MDL Panel's decision on transfer.  Defendant claimed the damages cap pled in the complaints was ambiguous and left open the possibility Plaintiffs would seek additional damages and injunctive relief.

Ultimately, both California district court judges stayed the motions to remand, which became moot after the MDL Panel ordered the matters to be transferred to this Court.  (18-1466 Doc. 10; 18-1467 Doc. 23.)  So, no court has ruled on the merits of any motion to remand and federal jurisdiction remains in doubt.

Plaintiffs were not required to submit individual written and signed stipulations as the state court complaints were very clear in limiting damages of all kinds to under $75,000 and did not seek injunctive relief or declaratory relief.  Nevertheless, Plaintiffs now submit written stipulations attached to these moving papers which further clarify that they mean what they pled—Plaintiffs do not seek and will not accept individual damages and attorney's fees in excess of $74,000 and no injunctive/declaratory relief is sought or will be accepted. (See attached stipulations).  Plaintiffs' counsel joins in those stipulations.

## POINTS AND AUTHORITIES

## ARGUMENT

## I.    THE MOTION TO REMAND SHOULD BE GRANTED BECAUSE THIS COURT HAS NO JURISDICTION.

These two lawsuits were transferred by the MDL panel from the Ninth Circuit.   This Court should apply federal procedural law as interpreted by the 11th Circuit, since that is where the transferee court sits.

(See, e.g., In re Gen. Am. Life Ins. Co. Sales Practices Litig. (8th Cir. 2004) 391 F.3d 907, 911  ("When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law."); Hogston v. Allis-Chalmers Corp. (E.D. Pa. 2009) 672 F. Supp. 2d 705, 708 ("With regard to matters of procedure, the Court will apply federal procedural law as interpreted by the Third Circuit, the circuit where the transferee court sits.")

A defendant may remove a state-court action to federal court on the basis of diversity of citizenship. (28 U.S.C. § 1441(b); see also 28 U.S.C. § 1332.) Diversity jurisdiction exists only where there is: (1) complete diversity between the citizenship of the plaintiffs and the defendants; and (2) a sufficient amount in controversy (more than $75,000). (28 U.S.C. 1332(a).) Where either of those elements of diversity are lacking, federal courts must remand the action to the state court. (28 USC § 1447(c). "[T]here is strong presumption against federal jurisdiction in the removal context."  (Weisler v. Safeco Insurance Company of Illinois (S.D. Fla., Nov. 14, 2014, No. 14-CV-81107) 2014 WL 12452096, at *1, citing Diaz v. Sheppard (11th Cir. 1996) 85 F.3d 1502, 1505.)  The removing party bears the burden of proving federal jurisdiction exists.  (Williams v. Best Buy Co., Inc. (11th Cir. 2001) 269 F.3d 1316, 1319.)

When there are multiple plaintiffs suing a common defendant, the claims of individual plaintiffs who do not share a common and undivided interest in some title or right cannot be aggregated and Defendant must establish that at least one of the plaintiff's claims meets the jurisdictional minimum.  (<u>Pinel</u> v. <u>Pinel</u> (1916) 240 U.S. 594, 596; <u>Bassett</u> v. <u>Toyota Motor Credit Corp.</u> (S.D. Ala. 1993) 818 F.Supp. 1462, 1465.)  Therefore, Defendant must prove at least one plaintiff's claim is worth more than $75,000.

The final threshold question is determining the correct burden of proof.  The 11th Circuit held in <u>Burns</u> v. <u>Windsor Ins. Co.</u> (11th Cir. 1994) 31 F.3d 1092, 1095, that when a plaintiff expressly limits the damages and attorney's fees to less than the $50,000 (now $75,000) jurisdiction threshold, the case must be remanded unless the defendant can prove to a legal certainty that plaintiff's claim must exceed $50,000.  However, the court held in <u>Burnette</u> v. <u>Regions Bank</u> (M.D. Fla., Apr. 26, 2016, No. 5:15-CV-567-OC-32PRL) 2016 WL 1644182, at *1, held that the "legal certainty" requirement was superseded by later amendment of 28 USC § 1446 and that the correct standard is the preponderance of the evidence.  (See also, <u>Andrews</u> v. <u>Camping World Inc.</u> (S.D. Ala., Nov. 16, 2015, No. CV15-00492-CG-N) 2015 WL 7770681, at *2, report and recommendation adopted (S.D.

Ala., Dec. 2, 2015, No. 15-0492-CG-N) 2015 WL 7776590.)

The 11th Circuit has not expressly abandoned the legal certainty test and it was recently applied by Judge Duffey of this district court in Leaderman v. Quiktrip Corporation (N.D. Ga., Jan. 10, 2017, No. 1:16-CV-3955-WSD) 2017 WL 83325, at *1.)

Even if the legal certainty standard no longer applies, the language from Burns, supra, about the significance of a damages cap in the prayer for relief is still controlling:

> So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." (Burns, supra, 31 F.3d at p. 1095.)

Thus, Plaintiffs' tactical decision to expressly limit the amount in controversy to less than $75,000 must be given considerable deference.

**A. THE COURT SHOULD REMAND BECAUSE PLAINTIFFS PLED IN THE COMPLAINTS THAT THE DAMAGES AND FEES WERE LESS THAN $75,000 AND NOW FURTHER CLARIFY THAT LIMIT WAS INTENDED TO BE BINDING.**

Defendant cannot meet its burden of proof in light of the Plaintiffs' stipulation that the damages and fees are less than $75,000 per plaintiff. (See e.g., Adamson v. SmithKline Beecham Corp. (M.D. Ala., Dec. 27, 2011,

No. 2:11-CV-898-WKW) 2011 WL 6778814, at *4 (Defendant unable to meet its burden where Plaintiff continuously maintained his $65,000 limitation on damages.)  Even though that court applied the legal certainty test, the reasoning is still sound.

There is no way for Defendant to get around the rule stated in St. Paul Mercury Indem. Co. v. Red Cab Co. (1938) 303 U.S. 283, 294, that if the plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." This rule was recently reaffirmed by the Supreme Court in Standard Fire Ins. Co. v. Knowles (2013) 568 U.S. 558, 595-596 with respect to individual lawsuits as opposed to class actions:

> **[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement.** That is so. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"). But the key characteristic about those stipulations is that they are legally binding on all plaintiffs. See 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1, p.

> 335 (4th ed. 2011) (federal court, as condition for remand, can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount" (emphasis added)). That essential feature is missing here, as Knowles cannot yet bind the absent class. (emphasis added)

The word "stipulating" can mean a formal stipulation, but it also means "specifying" or "setting down a requirement" such as "he stipulated certain conditions before marriage." (Oxford Dictionary, Oxford University Press) Although Defendant seems to envision the stipulation or affidavit must be in writing and signed by each plaintiff individually, there is no case law explicitly requiring a formal stipulation signed by the plaintiffs. Certainly, the Supreme Court has never imposed such a requirement nor has the Eleventh Circuit.

Thus, in <u>Federated Mut. Ins. Co.</u> v. <u>McKinnon Motors, LLC</u> (11th Cir. 2003) 329 F.3d 805, 808, the Court accepted a representation by plaintiff's counsel in the motion to remand that plaintiff did not seek and would not accept damages in excess of $74,000 exclusive of interest and costs.

The court in <u>Jackson</u> v. <u>Wilmington Trust, National Association</u> (N.D. Ga., Oct. 24, 2017, No. 1:17-CV-2616-CC-JKL) 2017 WL 8218941, at *4 recently surveyed the case law of the 11th Circuit on this point and concluded that a plaintiff's limitation of damages should be treated as

conclusive in requiring remand:

> Moreover, courts have regularly held that "[p]laintiffs who do not want to resolve their claims in federal court have the option of suing for less than the jurisdictional amount and thereby preventing the defendant from removing." Boyd v. Shelton, No. 1:09-CV-03502-JOF, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010) (citing St. Paul, 303 U.S. at 294, 58 S.Ct. 586); see also Hall v. Travelers Ins. Co., 691 F. Supp.1406, 1410 (N.D. Ga. 1988) (authorizing remand to state court provided the plaintiff file an affidavit agreeing to limit recovery "to the extent that an award ... when coupled with the balance of the amount in controversy, would not exceed $10,000"; upon that filing, the court held, the plaintiff would be judicially estopped from recovering more); Jefferson v. Wal-Mart Stores E., LP, 1:08-CV-3818-CAP, 2009 WL 10666071, at *2 (N.D. Ga. May 13, 2009) (remanding case for want of diversity jurisdiction upon plaintiff's affirmative response to defendant's request for admission that it would not be "ordered, adjudged or called upon to pay [p]laintiff a sum in excess of $75,000").

> Likewise, other district courts in the Eleventh Circuit agree that a plaintiff may limit her relief in order to prevent removal. Moss v. Voyager Ins. Cos., 43 F.Supp.2d 1298, 1304 (M.D. Ala. 1999) (when a "[p]laintiff has submitted a binding [s]tipulation in which she promises to neither seek nor accept damages in excess of $75,000," remand is warranted; any pursuit or acceptance of greater damages would result in "painful" sanctions.")4; McGhee v. Allstate Indem. Co., 928 F.Supp. 1102, 1104 (M.D. Ala. 1996) ("[S]hould the plaintiff hereafter disregard her prayer for less than $50,000 in damages and instead seek damages in excess of $50,000, that upon application to this court,

sanctions will be swift in coming and painful upon arrival."); Murphy v. AcuMed, LLC, 6:14-CV-1842-ORL-31, 2014 WL 6908456, at *1 (M.D. Fla. Dec. 8, 2014) ("Plaintiff may file a stipulation to the effect that at the time of removal the amount in controversy did not exceed $75,000.00 exclusive of interest and taxable costs and that Plaintiff will not accept an award in excess of $75,000.00.").

Although it is not in the Eleventh Circuit, the district court in the neighboring state of South Carolina held that where the complaint expressly limits damages to below $75,000, the court should not undertake "its own independent review of the amount in controversy."   (Lever v. Jackson Nat. Life Ins. Co. (D.S.C., Feb. 5, 2013, No. 3:12-CV-03108-MBS) 2013 WL 436210, at *2)

It is anticipated Defendant will argue Plaintiffs' damages limitation in the complaints fall short of a "binding stipulation." However, as stated above, it is not clear in the 11th Circuit that a binding stipulation requires a written document signed by the plaintiff.  Some of the cases cited above do not involve traditional written stipulations signed by the client and yet were deemed sufficiently "binding" on the plaintiff.

Plaintiffs' counsel affirms again in this motion that none of the Plaintiffs seek to recover, and will not accept, more than $74,000 in damages and attorney's fees, and further that no injunctive or declaratory relief is being sought.

Moreover, Defendant is protected against bad faith tactics by Plaintiffs.  If they try to seek more than $75,000 in damages or fees in the future, Defendant could remove again, and sanctions may even be justified then.  Further, if Plaintiffs waited more than a year so it was too late to remove, Defendant is protected by 28 USC § 1446 (c) (1), (c) (3)(B) because such tactic would be evidence of bad faith that removes the one-year limitation.

Finally, to further clarify this point, Plaintiffs have now attached written and electronically signed stipulations from all 100 plaintiffs in the two lawsuits.   These stipulations are frankly overkill but they should remove all doubt there is no jurisdiction in this Court.

Defendant will presumably argue this Court must disregard Plaintiffs counsel's affirmation of the damages cap in this motion as well as the attached stipulations since they were not presented prior to removal. However, in the 11th Circuit post-removal evidence clarifying the amount in controversy as demanded in the complaint is admissible and generally given weight by courts.

> But these authorities do not stand for the proposition that post-removal facts must never be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of

1
2
3
4
5
6
7
8
9

removal.   "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal."  Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal. (Land Clearing Co., LLC v. Navistar, Inc. (S.D. Ala., Jan. 24, 2012, No. CIV.A. 11-0645-WS-M) 2012 WL 206171, at *3 (citations omitted).)

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(See also, Thomas v. Countrywide Home Loans (M.D. Ala., Feb. 17, 2012, No. 3:11-CV-399-WKW) 2012 WL 527482, at *8 (court grants remand conditional upon plaintiff submitting affidavit clarifying her individual damages are less than $75,000); Hardy v. Jim Walter Homes, Inc. (S.D. Ala. June 28, 2007)  2007 WL 1889896, *3 & n. 6 (accepting plaintiffs' post-removal affidavits averring that they do not seek and will not accept more than $74,000 in damages); Federated Mut. Ins. Co., supra, 329 F.3d at p. 808 (crediting plaintiff's counsel's representation in motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount); Brooks v. Pre-Paid Legal Servs., Inc. (M.D.Ala. 2001) 153 F.Supp.2d 1299, 1300-01 (observing that courts routinely give effect to binding, post-removal stipulations).  A post-removal stipulation limiting damages were recently accepted by Judge Duffey of this court in Leaderman v. Quiktrip Corporation, supra) 2017 WL 83325, at *1.)

The post-removal stipulations clarify the intention of the plaintiffs at the time of filing the complaints in two ways.  First, Defendant claims the plaintiffs did not intend their damages cap to be "binding" and could rescind them later in the litigation.  It is now clarified that the plaintiffs intended them to be fully binding.  Second, Defendant claimed in the prior oppositions to remand that the plaintiffs sought injunctive relief even though the complaints do not mention injunctions at all.  That is points is now also clarified that the plaintiffs do not seek injunctive relief.

Therefore, this Court must accept Plaintiffs' stipulations that the damages and fees do not exceed $74,000 (per plaintiff) and grant remand on that basis.  That should end the inquiry and the motion to remand be granted.

**B. EVEN IF THE DAMAGES CAPS ARE NOT DETERMINATIVE, DEFENDANT HAS FAILED TO MEET ITS BURDEN TO PROVE DAMAGES AND FEES ARE LIKELY TO EXCEED $75,000 AS TO ANY ONE PLAINTIFF.**

Even if the Court finds the pre-removal stipulated damages/fees cap pled in the complaints and as clarified in the post-removal written stipulations are not conclusive, the "evidence" presented by Defendant falls fall short of meeting its burden of proof.  All Defendant offers is speculation about damages.

Eleventh Circuit courts have declined to uphold diversity jurisdiction based on speculation about damages, either based on results in other lawsuits or from limited facts about the injuries.  The court explained in Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F.3d 1184, 1210–1211:

> We note, however, that in situations like the present one—where damages are unspecified and only the bare pleadings are available—we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy. All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' third amended complaint. As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon.

In Pretka v. Kolter City Plaza II, Inc. (11th Cir. 2010) 608 F.3d 744, 753, the Court clarified that a removing defendant can support federal jurisdiction by making "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  However, "all doubts about the propriety of removal should be resolved in favor of remand."  (Whaley v. Bay View Law Group, PC (S.D. Ga., Sept. 30, 2014, No. CV 114-050) 2014 WL 4926458, at *2.)

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If speculation is not proper where the damages are unspecified in the complaint, then speculation is doubly improper where the complaint specifies the amount of damages is below the $75,000 threshold. (See also, Ponce v. Fontainebleau Resorts, LLC (S.D. Fla. 2009) 653 F.Supp.2d 1297, 1305 (rejecting defense reliance on results in prior lawsuits); Spivey v. Fred's Inc. (M.D. Ala. 2008) 554 F.Supp.2d 1271, 1275 (court refuses to speculate from testimony about medical treatment and need for future surgery that there is a quantifiable amount of damages which, when combined with damages for mental anguish and/or punitive damages, exceeds the jurisdictional amount); Zep, Inc. v. Wittenstein (N.D. Ga., Nov. 29, 2012, No. 1:12-CV-3008-ODE) 2012 WL 13018499, at *3 (evidence that defendant may have stolen between $0 and $250,000 in business from the plaintiff too speculative to support federal jurisdiction); Design Center of the Americas, LLC v. Mike Bell Inc. (S.D. Fla. 2014) 54 F.Supp.3d 1339, 1342 (court found removing defendant did not meet burden when its declaration claimed value of disputed property was $77,000 while opposing declaration valued same property at $25,000).)

Defendant argues in its notices of removal that the "average identity theft victim" loses $7,761 according to one federal study. Defendant further argues that emotional distress damages are available in "these types of

cases," and some juries have awarded up to $250,000.  Finally, Defendant notes that punitive damages of up to nine times the economic damages could be awarded.  Based on these "facts," Defendant concludes the amount in controversy is $127,610 per plaintiff.  (18-1466 Doc. 1, pp. 3-5; 18-1467 Doc. 1, pp. 3-5.)

However, the complaints do not allege Plaintiffs suffered identity theft and do not claim that any plaintiff incurred expenses of even as much as $7,000.  They only allege that the plaintiffs have been **placed at risk of suffering identity theft**.  (18-1466 Doc. 1-4, ¶ 16; 18-1477 Doc. 1-5, ¶ 16.) Since, Defendant has not presented any evidence of any plaintiff suffered actual identity theft, it cannot be assumed that economic damages associated with actual identity theft would be awarded.  Instead, any likely damages would be related to the costs and time involved in plaintiffs' monitoring their credit on a regular basis for signs of identity theft. Defendant is a credit bureau and it certainly could have presented evidence what it charges for credit-monitoring and security freezes, but it has not done so.

Even if the complaints had alleged actual identify theft occurred to at least one plaintiff, it would still be improper for the Court to rely on a "study" describing the average amount of economic loss in identity theft

cases.  Imagine if there were a study of the average economic loss from car accidents.  Accidents leading to fatalities or permanent impairment would result in economic loss of hundreds of thousands or millions of dollars and therefore would drive up the "average loss" well above what would be expected in fender bender cases.   That does not mean the Court can assume this inflated "average loss" would apply to any particular car accident.

Imagine this were a lawsuit over a car accident where a defendant's vehicle struck the plaintiff's vehicle.  However, from the allegations and evidence, all the Court knows is those limited facts.  The Court does not know the value of the plaintiff's car, the amount of damage caused to the car, whether plaintiff missed any work and what his salary was, whether plaintiff was physically injured and needed medical care or the value of such care, etc.  How could any court use such limited facts to assume that plaintiff suffered $7,000 in economic loss?

As for punitive damages, Plaintiffs allege up to $5,000 in punitive damages on the second claim for violation of the Consumer Credit Reporting Agencies Act.  (18-1466 Doc. 1-4, ¶ 32; 18-1477 Doc. 1-5, ¶ 32.) Those punitive damages can be considered in calculating the amount in controversy but fall far short of $75,000.  Any other form of punitive

PLAINTIFFS' MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

damages that might be awarded are impossible to estimate since the amount of economic loss is a matter of pure speculation given the limited facts presented to the Court.  The Court must decline Defendant's invitation to multiply the (unsupported figure for economic damages of) $7,000 by nine to predict the amount of punitive damages that might be awarded. (See Fuller v. Suntrust Mortg., Inc. (N.D. Ga., Aug. 6, 2014, No. 1:13-CV-3924-TWT) 2014 WL 3887916, at *8, n. 10 (This Court adopted Report and Recommendation of Magistrate Baverman finding there must be "evidence in the form of affidavits or similar cases" demonstrating that the amount of punitive damages combined with the other damages would more likely than not exceed $75,000); Jackson v. American General Financial Services, Inc. (M.D. Ga., Apr. 17, 2006, No. 7:06-CV-19 (HL)) 2006 WL 997614, at *3 (no basis for calculating amount of likely punitive damages).)

While a court may reasonably surmise the amount in controversy in a personal injury case is more than $75,000 when the complaint alleges wrongful death, Roe v. Michelin North America, Inc. (11th Cir. 2010) 613 F.3d 1058, 1066, or serious bodily injury combined with a prayer for unlimited punitive damages, as in Jones v. Novartis Pharmaceuticals Co. (N.D. Ala. 2013) 952 F.Supp.2d 1277, 1286 (fractures to two legs, three corrective surgeries, residual injuries) or this Court's own ruling in

Goodrich v. Fisher-Price, Inc. (N.D. Ga., Dec. 15, 2016, No. 1:16-CV-3116-TWT) 2016 WL 9223893, at *1 (seven week old baby suffered severe injuries requiring excruciating medical treatment that may have caused developmental issues), the facts in the intant complaints or other evidence before the court are a far cry from the facts in the cited cases.

On the other hand, in Wilson v. Chester Bross Const. Co. (S.D. Ala., Apr. 12, 2011, No. CA 11-0020-KD-C) 2011 WL 1380052, at *14, where the plaintiff had quantifiable medical expenses and lost wages of about $20,000, the court still refused to speculate that "plaintiffs' claims for punitive damages and damages for future medical expenses, pain, suffering and mental anguish takes the quantifiable expenses over the $75,000 threshold." (See also, Kipp v. Landscapes Unlimited, LLC (N.D. Ga., Dec. 22, 2009, No. 109CV02778ODEAJB) 2009 WL 10669652, at *4, report and recommendation adopted sub nom. Kip v. Landscapes Unlimited, LLC (N.D. Ga., Jan. 19, 2010, No. 1:09-CV-2778-ODE) 2010 WL 11508379 (plaintiff alleged $14,000 in lost wages, but court found it was not facially apparent the prayer for other compensatory and punitive damages would support another $61,000 in damages so as to meet jurisdictional requirement).)

In the instant cases, we don't have $20,000 or $14,000 or any

quantifiable amount in medical bills, wage loss or any other economic damages.  It would be clearly improper to posit an amount for punitive damages, that was not tethered to any particular amount of economic damages, would bring the amount in controversy to over $75,000.  (See, <u>Rachel</u> v. <u>PNC</u> <u>Bank,</u> <u>NA</u> (S.D. Ala., Apr. 10, 2017, No. CV 16-00351-KD-MU) 2017 WL 1362034, at *10, appeal dismissed sub nom. <u>Rachel</u> v. <u>PNC</u> <u>Bank,</u> <u>N.A.</u> (11th Cir., July 11, 2017, No. 17-12323-AA) 2017 WL 5667972 ("the court cannot say that the claims for punitive damages, without a clear picture of the dollar value of compensatory damages, or more facts describing the defendants' alleged conduct, will make this case worth more than $75,000.")

Additionally, Plaintiffs allege they suffered emotional distress, but Defendant has not presented any evidence of the extent of the emotional distress or whether any medical treatment was obtained by any plaintiff. Instead, Defendant suggests this Court should be swayed by the fact that some California juries have awarded substantial amounts in cases involving identity theft.  For example, Defendant points to a jury verdict of $315,000 for emotional distress that was awarded against Equifax after it was found to have willfully failed to reinvestigate disputed credit information. However, the evidence presented at that trial established that the plaintiff

suffered actual identity theft which was aggravated when Equifax willfully mishandled his reinvestigation request under federal credit reporting laws. Moreover, that plaintiff was undergoing treatment for what was thought to be a terminal disease at the time, and he presented expert medical testimony that he suffered from a psychological illness as a result of Equifax's conduct.   (Drew v. Equifax Info. Servs., LLC (N.D.Cal. Dec. 3, 2010, No. C 07-00726 SI) 2010 U.S. Dist.LEXIS 131643, at *28.)   The district court found the jury award was not grossly excessive.

That kind of example cannot be applied to the instant case.  It would be pure speculation to take a jury verdict in a case involving such egregious facts (actual identity theft, serious medical problems) and actual evidence of psychological harm and assume something remotely similar will be applicable to any of the plaintiffs in the instant cases.  As the 11th Circuit explained in Lowery, "evidence" in the form of the damages awarded in other mass tort cases tells the district court "nothing about the value of the claims" where the record was "bereft of detail" about whether the plaintiffs' complaint was similar to those other cases. (Lowery, supra, 483 F.3d at 1220–21.)   In any event, a vague allegation of emotional distress is too speculative to support any reasonable inference that the amount in controversy is more than $75,000.  (See, Rachel v. PNC Bank, NA, supra,

2017 WL 1362034, at *7; <u>Platinum</u> <u>Prop.</u> <u>Mgt.</u> <u>Servs,</u> <u>LLC</u> v. <u>West-Pryor</u> (N.D. Ga. Sept. 25, 2013) 2013 WL 5361654, *1 (although owner of foreclosed home had emotional and sentimental investment in his home that cannot be calculated, finding the amount in controversy exceeds $75,000 cannot be supported).

Finally, Plaintiffs anticipate that Defendant will argue in its opposition to remand that the value or cost of injunctive relief sought in the complaints must be considered in calculating the amount in controversy. If made, such argument must be rejected for two reasons. First, Plaintiff did not expressly seek any injunctive or declaratory relief. Those terms are not even in the complaints. Therefore, they contribute nothing to the determination of the amount in controversy.

Second, the notices of removal did not state that the value or cost of injunctive relief was a basis for finding the amount in controversy exceeded $75,000. All grounds for finding federal jurisdiction must be stated in the notice of removal which cannot be amended more than 30 days after service of the complaint. A defendant can amend the notice after that deadline "to set forth more specifically grounds for removal which were stated imperfectly in the original petition," because these are considered technical defects; however, the defendant may not make a late amendment

to "add missing jurisdictional allegation[s]." (<u>Smith</u> v. <u>American</u> <u>Medical</u> <u>Systems,</u> <u>Inc</u>. (N.D. Ala., Aug. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688480, at *2-3, report and recommendation adopted (N.D. Ala., Sept. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688481.)  This Court held in <u>Saye</u> v. <u>UnumProvident</u> <u>Corp</u>. (N.D. Ga., Aug. 10, 2007, No. CIV.A. 107CV31TWT) 2007 WL 2331050, at *3, that a removing defendant could not amend the Notice of Removal to change the citizenship of a party for purposes of determining diversity.  Adding a new basis for calculating the amount in controversy would be even more of a substantive amendment and is not permitted.[1]

Therefore, the motion to remand must be granted.

## **CONCLUSION**

For the above stated reasons, Plaintiffs respectfully urge the Court to grant the motion to remand the two cases.

DATED: April 26, 2018

Respectfully submitted,

---

[1]For the same reason, Defendant cannot now attempt to include the amount of attorney's fees in the determination of the amount in controversy since that ground was not included in the notices of removal. In any event, no evidence of the amount of attorney's fees incurred as of the time of removal has been set forth. (<u>Frisher</u> v. <u>Lincoln</u> <u>Benefit</u> <u>Life</u> <u>Company</u> (S.D. Fla., Aug. 19, 2013, No. 13-20268-CIV) 2013 WL 12092525, *4 (most courts in the 11th Circuit have found that "the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal.")

By     ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

## **CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document has been prepared with 14-point Georgia font in compliance with the requirements of Local Rule 5.1(C).

DATED: April 26, 2018

Respectfully submitted,

By     ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

PLAINTIFFS' MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Ashley Abramson*

By                          _____

Ashley Abramson

Print Name          _____

Apr 22, 2018

Date                       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____*Katiushka Acosta-Smith*_____

Katiushka Rebeca Acosta-smith

Print Name _____

Apr 24, 2018

Date _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Kimberly D. Alvarez*

By _____

Kimberly Dawn Alvarez

Print Name _____

Apr 21, 2018

Date _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Edwin Amador*

By _____

Edwin Jeffrey Amador

Print Name _____

Apr 23, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By    _Rebekah Leann Anderson_____

Rebekah Leann Anderson

Print Name    _____

Apr 21, 2018

Date    _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

_Jeffrey Wilens_

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*James Andrews*

By      _____

James Andrews

Print Name      _____

Apr 21, 2018

Date      _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Phyllis Andrews*

By _____

Phyllis Andrews

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By      *Shawna Michelle Antrim*

Shawna Michelle Antrim

Print Name  _____

Apr 21, 2018

Date  _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Ronnell Areta*

By       _____

Ronnell Areta

Print Name       _____

Apr 21, 2018

Date       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## <u>STIPULATION TO LIMIT DAMAGES AND FEES</u>

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Devin Xavier Bene'*

By          _____

Devin Xavier Bene'

Print Name      _____

Apr 22, 2018

Date         _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Kristina Ruidas-Bene*

By _____

Kristina Ruidas-bene

Print Name _____

Apr 22, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

*Jeffrey Wilens*

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Jeanette Bleckley*

By _____

Jeanette Ann Bleckley

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____
*Sherri Vernetta Bradley*

Print Name _____
Sherri Vernetta Bradley

Date _____
Apr 21, 2018

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By      _____

                             Jerad Russell Brannen

Print Name     _____

                             Apr 21, 2018

Date         _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Amy Burchett*

By      _____

Print Name      Amy M Burchett
_____

Date      Apr 21, 2018
_____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

*Jeffrey Wilens*

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Alene Ciampitti*

By _____

Alene Ciampitti

Print Name _____

Apr 22, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Anthony Clate

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Jeffery Coggins*

By                              _____

Jeffery Scott Coggins

Print Name                _____

Apr 24, 2018

Date                          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Print Name     Alejandrina Cortez
_____

Date     Apr 21, 2018
_____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Elizabeth Cortez*

By        _____

Print Name        Elizabeth Cortez
_____

Date        Apr 21, 2018
_____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Joaquin Antonio Cortez

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Yulissa Cortez

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Deborah Cresswell*

By          _____

                     Deborah Louise Cresswell

Print Name   _____

                          Apr 26, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Print Name    Mariacristina Cuason
_____

Date    Apr 21, 2018
_____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Tammy Deville*

By              _____

Tammy Tonette De Ville

Print Name      _____

Apr 25, 2018

Date            _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Isabel Decker*

By      _____

Isabel Holguin Decker

Print Name      _____

Apr 21, 2018

Date      _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Jaime Derderian*

By          _____

Jaime Lea Derderian

Print Name  _____

Apr 22, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Johann Manuel Diaz*

By          _____

Johann Manuel Diaz

Print Name          _____

Apr 21, 2018

Date          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Keymia evans*

By _____

Keymia Evans

Print Name _____

Apr 21, 2018

Date _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Valerie Everly*

By          _____

                     Valerie Anita Everly

Print Name    _____

                        Apr 21, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Lindsay Fore*

By _____

Lindsay Elisabeth Fore

Print Name _____

Apr 22, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*violet gallo*

By _____

Violet Gallo

Print Name _____

Apr 24, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Rosemary Gonzalez

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Laura Goode*

By          _____

Laura J Goode

Print Name          _____

Apr 21, 2018

Date          _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Rueben Grajeda*

By          _____

                    Rueben Grajeda

Print Name   _____

                    Apr 22, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Joyce Grogen*

By      _____

Joyce M Grogen

Print Name      _____

Apr 21, 2018

Date      _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Angela hall*

By          _____

Angela Michelle Hall

Print Name          _____

Apr 22, 2018

Date          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Donald Hamilton*

By          _____

            Donald Hamilton

Print Name  _____

            Apr 21, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Lilliana harte*

By        _____

Lilliana Harte

Print Name  _____

Apr 22, 2018

Date      _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Christopher L Hathaway

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Renee Hayes*

By                          _____

Renee Hayes

Print Name         _____

Apr 21, 2018

Date                       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By      _____

                  Darren Haylock

Print Name      _____

                  Apr 21, 2018

Date      _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Leonard Holguin*

By                              _____

                                   Leonard Phillip Holguin

Print Name            _____

                                   Apr 21, 2018

Date                         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Krista Itzhak*

By          _____

          Krista Itzhak

Print Name    _____

          Apr 22, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.


By _____

Kashmir A Jackson

Print Name _____

Apr 24, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By        _____

Lisa Niambi Jones

Print Name        _____

Apr 22, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Dave Kert*

By                         _____

                          David Earl Kert

Print Name                _____

                          Apr 21, 2018

Date                      _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Khampha Khamvongsa*

By           _____

Khampha Khamvongsa

Print Name     _____

Apr 21, 2018

Date         _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Sheneda Laforest

Print Name _____

Apr 22, 2018

Date _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By        _____

Jennifer Louise Leyrer

Print Name   _____

Apr 21, 2018

Date       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Alexandra Lynch*

By _____

Alexandra Elizabeth Lynch

Print Name _____

Apr 23, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Matthew C Mahutga*

By                          _____

Matthew Case Mahutga

Print Name          _____

Apr 21, 2018

Date                      _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Donald Malone*

By                      _____

Donald D Malone

Print Name       _____

Apr 24, 2018

Date             _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Keeya Malone*

By            _____

Keeya S Malone

Print Name   _____

Apr 22, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Anna Martinez*

By       _____

Anna Martinez

Print Name       _____

Apr 21, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By       _____

Paula Mayweather

Print Name       _____

Apr 21, 2018

Date       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Alyssa McArdle*

By          _____

Alyssa Mcardle

Print Name     _____

Apr 21, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Wakeelah Miller*

By              _____

            Wakeelah Miller

Print Name    _____

            Apr 23, 2018

Date          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Chris Mogelberg*

By _____

Chris Mogelberg

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Mahri Mollaie*

By          _____

Mahri Mollaie

Print Name   _____

Apr 21, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Antonio Monday*

By      _____

Antonio Barsonda Monday

Print Name   _____

Apr 21, 2018

Date    _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Pete Nelson*

By _____

Pete Nelson

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Tien Nguyen*

By                    _____

Tien Phi Nguyen

Print Name          _____

Apr 22, 2018

Date                _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Steven Ojeda*

By                    _____

Steve Ojeda

Print Name              _____

Apr 24, 2018

Date                  _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Michael S Orloff*

By                      _____

Michael Steven Orloff

Print Name          _____

Apr 21, 2018

Date                    _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*sharon s. oselin*

By       _____

Sharon Suzanne Oselin

Print Name       _____

Apr 21, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Anna Pacheco*

By          _____

Anna Pacheco

Print Name   _____

Apr 21, 2018

Date         _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Juan Pacheco*

By _____

Juan Pacheco

Print Name _____

Apr 23, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Bridget Patton*

By       _____

Bridget J Patton

Print Name       _____

Apr 22, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

*Jeffrey Wilens*

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Richard Pedroza*

By _____

Richard Pedroza

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Leo Placencia III*

By _____

Leo Placencia Iii

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Christina Platt*

By                              _____

                                         Christina Platt

Print Name            _____

                                         Apr 21, 2018

Date                       _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Charles Millard Porter

Print Name _____

Apr 22, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Steven Prescott*

By _____

Steven Robert Prescott

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Kevin Rainbolt*

By        _____

Kevin W Rainbolt

Print Name     _____

Apr 22, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Ronann Marie Robello

Print Name _____

Apr 23, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Nicolas Rodriguez*

By          _____

Nick Rodriguez

Print Name          _____

Apr 21, 2018

Date          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Tanya Rubio*

By          _____

Tanya Michelle Rubio

Print Name     _____

Apr 23, 2018

Date        _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Craig schur*

By       _____

W Craig Schur

Print Name       _____

Apr 21, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Hong Schur*

By          _____

            Hong Schur

Print Name  _____

            Apr 24, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Julianne Sekiya*

By                    _____

                              Julianne Sekiya

Print Name          _____

                              Apr 22, 2018

Date                _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*sharon shepard*

By _____

Print Name      Sharon Shepard
_____

Date      Apr 21, 2018
_____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*valerie sherriff*

By        _____

Valerie Elizabeth Sherriff

Print Name       _____

Apr 21, 2018

Date        _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Ametrius Sidney*

By      _____

Ametrius V Sidney

Print Name      _____

Apr 23, 2018

Date      _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Trina Sisk*

By      _____

                          Trina Marie Sisk

Print Name    _____

                          Apr 21, 2018

Date        _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Travis Smith*

By          _____

Travis Quintin Smith

Print Name          _____

Apr 21, 2018

Date          _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Ryan Spiking*

By     _____

               Ryan Spiking

Print Name     _____

               Apr 23, 2018

Date     _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Daphne Stewart*

By       _____

Daphne Stewart

Print Name       _____

Apr 21, 2018

Date       _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Leanne stewart*

By          _____

Leanne S Stewart

Print Name          _____

Apr 23, 2018

Date          _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Ryan Patrick Studer*

By          _____

Ryan Patrick Studer

Print Name  _____

Apr 21, 2018

Date        _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By _____

Print Name    Kaia Vilberg
_____

Date    Apr 23, 2018
_____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Retha Walker*

By                              _____

                              Retha Pearl Walker

Print Name                      _____

                              Apr 21, 2018

Date                            _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Oliver Ware Jr.*

By _____

Oliver Ware, Jr.

Print Name _____

Apr 21, 2018

Date _____

As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Allanna Warren*

By _____

Allanna Warren

Print Name _____

Apr 21, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Gary Wilens*

By       _____

Print Name       Gary Wilens
_____

Date       Apr 21, 2018
_____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Cory Wilson*

By _____

Cory Eugene Wilson

Print Name _____

Apr 24, 2018

Date _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## **STIPULATION TO LIMIT DAMAGES AND FEES**

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Valecia Wright*

By          _____

                                 Valecia Wright

Print Name    _____

                                 Apr 21, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Martin Zamora*

By          _____

Martin Zamora

Print Name  _____

Apr 22, 2018

Date        _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit. This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

*Mark Zeleznick*

By      _____

           Mark Zeleznick

Print Name    _____

           Apr 22, 2018

Date      _____

As counsel for Plaintiff, I join in the above stipulation. Signed on the above date by Jeffrey Wilens.

## STIPULATION TO LIMIT DAMAGES AND FEES

The undersigned Plaintiff hereby stipulates that with respect to his or her claims against Equifax, he or she does not seek or ask for, and hereby waives his or her right to recover or accept, an amount in excess of $74,000 in this lawsuit.  This amount includes all forms of damages including but not limited to special and general damages and punitive damages, as well as all attorney's fees.

Plaintiff further stipulates that no declaratory, injunctive or other equitable relief is sought or will be sought in this lawsuit.

This stipulation is valid as of the date of filing of the complaint in state court.

This stipulation does not apply to or bind other plaintiffs in the same lawsuit.

By  _____

Nicole Zeleznick

Print Name  _____

Apr 21, 2018

Date  _____


As counsel for Plaintiff, I join in the above stipulation.  Signed on the above date by Jeffrey Wilens.