IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

**DEFENDANT'S MOTION TO STAY BRIEFING DEADLINES OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

Defendant Equifax Inc. ("Equifax") requests that the Court stay its deadlines to respond to the motions filed by individual Plaintiffs in *Abramson v. Equifax Inc.*, Case No. 1:18-CV-1466-TWT and *Acosta-Smith v. Equifax Inc.*, Case No. 1:18-CV-1467-TWT (motions to remand) and *Casper v. Equifax Inc.*, Case No. 1:18-CV-1511-TWT (motion for attorneys' fees and costs) (collectively the "Individual Plaintiff Motions") until the Court can consider a proposed Case Management Order ("CMO") to uniformly govern the resolution of such motions.[1] Staying the Individual Plaintiff Motions until the Court can consider a proposed CMO would be in the interest of judicial efficiency and orderly case management,

---

[1] Equifax will confer with Plaintiffs' Lead Counsel in an effort to submit a joint CMO; in any event, Equifax will submit a proposed CMO for the Court's consideration within thirty (30) days of the filing of this motion.

1

and would enable the Court to address these and any subsequent similar motions in a coordinated fashion.

## BACKGROUND

There are currently over 350 cases pending in this MDL proceeding, over 300 of which are putative class action lawsuits. On April 4, 2018, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred the *Abramson*, *Acosta-Smith*, and *Casper* actions to this MDL for coordinated or consolidated pretrial proceedings with the hundreds of pending related cases, all of which arise out of the data security incident Equifax announced on September 7, 2017. *Abramson*, *Acosta-Smith*, and *Casper* are all individual-plaintiff actions, and are properly grouped within the Consumer Track.

Prior to transfer of the *Abramson*, *Acosta-Smith*, and *Casper* actions, the Court entered several CMOs to govern the hundreds of cases already pending in this MDL. On December 8, 2017, the Court entered CMO-1, which, among other things, (i) stayed Equifax's deadline to respond to any complaints and discovery; (ii) prohibited filing of any motions under Rule 11, 12, or 56 without leave of court; and (iii) vacated all orders of transferor courts imposing dates for pleading or discovery. Dkt. No. 23 at 4-5. Following the Court's appointment of Plaintiffs' Lead Counsel, the Parties proposed, and the Court approved, a discovery plan (*see* Corrected Joint Preliminary Report and Discovery Plan, Dkt. No. 255 at 16-20)

2

and a schedule governing the Consumer Plaintiffs' deadline to file a consolidated amended complaint and Equifax's response to that complaint (*see* CMO-3, Dkt. No. 248 at 2-3). Additionally, CMO-4 addresses potential discovery disputes between the Parties, and prohibits the Parties from filing discovery motions unless "prior authorization to file the motion has been obtained from the Court." Dkt. No. 261 at 18. The Joint Discovery Plan and CMOs currently in place, however, do not directly address whether other motions may be filed in this MDL, such as motions to remand and motions filed in *pro se* individual-plaintiff actions, and, if so, when such motions would be addressed.

On April 24, 2018, *pro se* Plaintiff Casper filed a motion for "attorneys' fees" and costs alleging, among other things, that he is entitled to $113,510 in "attorney's fees" and costs, as well as $100,000,000 in damages as a result of Equifax's purported failure to answer his complaint. *See Casper*, Dkt. No. 39. Although Equifax's deadline to answer Mr. Casper's complaint is stayed pursuant to CMO-1 (Dkt. No. 23 at 4), absent a stay or extension, Equifax's current deadline to respond to Plaintiff Casper's motion is May 7, 2018. On April 26, 2018, Plaintiffs in *Abramson* and *Acosta-Smith*[2] filed a joint motion to remand those cases to California state court. *See* Dkt. No. 350. Absent a stay or extension,

---

[2] The same counsel represents Plaintiffs in *Abramson* and *Acosta-Smith*.

Equifax's deadline to respond to the *Abramson* and *Acosta-Smith* Plaintiffs' motion is currently May 10, 2018.

## ARGUMENT

The Court should stay Equifax's deadlines to respond to the Individual Plaintiff Motions until after it has the opportunity to consider a proposed CMO to uniformly govern the resolution of such motions.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Ayers v. Harrison*, No. 2:10-CV-00032-RWS, 2013 WL 12091212, at *1 (N.D. Ga. July 1, 2013) (citation omitted).  Courts generally weigh three factors in determining whether a stay is warranted: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set.  *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).  These factors favor a stay of Equifax's deadline to respond to the Individual Plaintiff Motions until the Court has had the opportunity to consider and enter a proposed CMO establishing a uniform process for addressing these and similar motions that may be filed.

First, staying Equifax's response deadline would not unduly prejudice the Plaintiffs in question.  The JPML transferred these cases to this MDL proceeding

4

because they "involve common questions of fact with the actions previously transferred [to this Court]" and because transfer "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Dkt. No. 1 at 2. To promote the efficient and orderly administration of this MDL, the Parties have already agreed upon—and the Court has approved—a general case management schedule, which sets deadlines to file the Lead Plaintiffs' consolidated amended complaints, Equifax's motions to dismiss those complaints, and the course of discovery in this MDL. However, while the CMOs currently in place do not directly address the filing of motions to remand, motions in *pro se* cases, or other ancillary motions that may be filed in this proceeding, presenting such motions at this time is premature and inconsistent with the current case schedule. Indeed, permitting such motions to be filed and heard at this stage of the proceedings disrupts the case management schedule the Parties agreed upon and the Court approved. Establishing workable case management procedures is critical in MDL litigation, and it will not be prejudicial to these individual Plaintiffs to briefly stay proceedings on their motions.

Second, staying proceedings on the Individual Plaintiff Motions will serve to simplify the issues in the MDL and promote the just and efficient conduct of the litigation as a whole. Given the large volume of cases pending in this MDL, additional motions may be filed by plaintiffs in the coming months seeking to press

5

their individual agendas on the Parties and the Court. Rather than taking these motions up on an ad-hoc basis and disrupting the current schedule, they should be briefed and ruled upon in a coordinated fashion, consistent with the goals of § 1407 multidistrict litigation.

Finally, all three cases are at an early stage of litigation and have been included in this MDL for coordinated *pretrial* purposes. These cases have not proceeded to a point where a stay would be improper or prejudicial.

## **CONCLUSION**

The Court should stay Equifax's deadlines to respond to the Individual Plaintiff Motions until after the Court has had the opportunity to consider the forthcoming proposed CMO, to be submitted by the Parties or Equifax within thirty (30) days of the filing of this motion. In the alternative, should the Court decline to stay Equifax's deadlines, in order to afford Equifax adequate time to prepare responses, Equifax requests that the Court extend Equifax's deadlines to respond to the Individual Plaintiff Motions until 30 days after any order denying a stay.

A proposed order is attached for the Court's consideration.

Respectfully submitted this 7th day of May, 2018.

                                       */s/ S. Stewart Haskins II*
                                       **KING & SPALDING LLP**
                                       David L. Balser
                                       Georgia Bar No. 035835
                                       Phyllis B. Sumner
                                       Georgia Bar No. 692165
                                       S. Stewart Haskins II
                                       Georgia Bar No. 336104
                                       Elizabeth D. Adler
                                       Georgia Bar No. 558185
                                       John C. Toro
                                       Georgia Bar No. 175145
                                       1180 Peachtree Street, N.E.
                                       Atlanta, Georgia  30309
                                       Tel.:  (404) 572-4600
                                       Fax:  (404) 572-5140
                                       dbalser@kslaw.com
                                       psumner@kslaw.com
                                       shaskins@kslaw.com
                                       eadler@kslaw.com
                                       jtoro@kslaw.com

                                       *Counsel for Defendant Equifax Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Response was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 7th day of May, 2018.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II