**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT,**

**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| KATIUSHKA REBECA ACOSTA-SMITH, et. al. | Case No. 1:17-md-2800 (lead case) |
| | No. 1:18-CV-1467-TWT (Acosta-Smith) |
| ASHLEY ABRAMSON, et. al., | No. 1:18-CV-1466-TWT (Abramson) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST (DOC. 361) TO STAY OR CONTINUE BRIEFING ON PLAINTIFFS' MOTION TO REMAND (DOC. 350)** |
| EQUIFAX INC., and Does 1 through 100 inclusive, | |
| | Hearing Date: |
| | Department 2108 |
| Defendants. | Hon. Thomas W. Thrash, Jr. |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Plaintiffs Katiushka Rebeca Acosta-Smith and 49 other plaintiffs in 1:18-CV-1467-TWT and Ashley Abramson and 49 other plaintiffs in 1:18-CV-1466-TWT filed a motion to remand their cases to the Superior Court of the State of California, County of Orange on the grounds that this Court lacks diversity jurisdiction. (Doc. 350)

1

PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST TO STAY OR CONTINUE BRIEFING ON PLAINTIFFS' MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

There is no non-frivolous defense against this motion, so Defendant instead is asking this Court to delay the briefing schedule so that Equifax's counsel and "lead counsel" (not the moving plaintiffs' own counsel), can meet and confer and draft a proposed CMO to cover the timing of remand motions. (Doc. 361) If granted, this could lead to an indefinite delay as Equifax and this "lead counsel" may have their own agenda that is not consistent with the goals of the moving plaintiffs. If this Court lacks jurisdiction, and it does, it should move quickly to remove these cases from its inventory.

As explained in the moving papers, 100 California residents filed two lawsuits in state court in California in November 2017. Equifax removed both lawsuits to federal court. The plaintiffs moved promptly to remand, but Equifax convinced the California district courts to stay the remand motions pending transfer to the MDL Panel. Eventually, the MDL Panel transferred both cases to this Court, explaining that Plaintiffs would be able to bring their jurisdictional challenge here.

Now it is six months later, and lack of federal jurisdiction is absolutely clear. There are no federal questions and the amount in controversy has been stipulated in writing by each plaintiff to be less than $75,000. The Plaintiffs do not want to be stuck with the "federal class

actions" and they have limited their damages in a binding fashion to accomplish this.

Therefore, the Court should decline the suggestion to delay this jurisdictional challenge. There is no need for the "lead counsel" in the class actions to meet and confer with Equifax's counsel about the timing of remand motions. These are the only two remand motions listed on the PACER docket in this case. The "lead counsel" does not know anything about these motions, has "no dog in this jurisdictional fight" and has never contacted Plaintiffs' chosen counsel.

Instead, Equifax should be ordered to file its opposition to the remand motions forthwith as they are due May 10th.

DATED: May 8, 2018

       Respectfully submitted,

       By ___/s/ Jeffrey Wilens_____
         JEFFREY WILENS
         Attorney for Plaintiffs

## **CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document has been prepared with 14-point Georgia font in compliance with the requirements of Local Rule 5.1(C).

DATED: May 8, 2018

                Respectfully submitted,

                By    ___/s/ Jeffrey Wilens_____

                     JEFFREY WILENS
                     Attorney for Plaintiffs