IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC.<br>CUSTOMER DATA SECURITY BREACH<br>LITIGATION | MDL Docket No. 2800<br><br>Case No. 17-MD-2800<br><br>**TRACK UNASSIGNED**<br>*City of Chicago v. Equifax, Inc.*<br>Member Case No. 18-CV-01470 |

**PLAINTIFF CITY OF CHICAGO'S MOTION TO ESTABLISH
A SEPARATE TRACK FOR GOVERNMENTAL ENFORCEMENT ACTIONS**

Plaintiff City of Chicago ("Chicago"), by its Corporation Counsel, Edward N. Siskel, respectfully requests that this Honorable Court establish a separate track for governmental enforcement actions, which would include the lawsuit filed against Defendant Equifax, Inc. ("Equifax") by Chicago.[1] In support of this Motion, Chicago states as follows:

1. On December 6, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated certain pending lawsuits against Equifax regarding its customer data security breach into multidistrict litigation ("MDL") and transferred the matter to this Court.

2. On January 10, 2018, this Court established two separate tracks for the MDL: one track for consumer actions and one track for actions brought on behalf of financial institutions. *See In re Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:18-cv-00101-TWT, Dkt. No. 4 at 1-2 (N.D. Ga. Jan. 10, 2018). This Court also considered establishing a third track for small business plaintiffs, but declined to do so, given that counsel for both the small business plaintiffs and consumer plaintiffs agreed to include small business claims in any consolidated amended complaint. *Id.* at 2. This Court advised, however, that "[i]n the event

---

[1] Prior to transfer into the MDL on April 5, 2018, Chicago's case was pending in the U.S. District Court for the Northern District of Illinois in front of Judge Edmond Chang, as Case No. 17-CV-07798.

those [small business] claims are not included in any consolidated amended complaint, the small business plaintiffs may seek leave to establish a separate track for such cases." *Id*.

3. As of January 10, 2018 when this Court created separate tracks for unique plaintiff groups, no governmental enforcement action was included as part of this MDL.

4. On April 5, 2018, Chicago's governmental enforcement action against Equifax was transferred into this MDL. As of this filing, Chicago is the only governmental plaintiff consolidated into this MDL. While the Commonwealth of Massachusetts, by and through its Attorney General, and the San Francisco City Attorney have also brought governmental enforcement actions against Equifax, those matters are pending in their respective state courts and are not subject to consolidation.

5. On May 14, 2018, two separate amended consolidated complaints were filed for the consumer track: a 556-page consumer class action complaint, and a 117-page small business complaint. Chicago was not given the opportunity to contribute to or participate in the drafting of either complaint. Moreover, neither complaint asserts claims on behalf of Chicago, nor mentions Chicago as a plaintiff. *See In re Equifax*, 1:17-MD-2800-TWT, Dkt. Nos. 374, 375.

6. The amended consolidated complaint for the financial institution track is due to be filed May 30, 2018. That complaint will not assert claims on behalf of Chicago.

7. Chicago hereby requests that this Court establish a separate track for government enforcement actions, which would include Chicago's pending lawsuit against Equifax. Given the current structure of the MDL, Chicago's claims would not be included, and in fact have not been included, in either the consumer plaintiffs' or the financial institutions' consolidated amended complaint. *See In re Equifax*, Dkt. No. 4 at 2. In the alternative, Chicago requests that this Court allow Chicago to proceed on a separate complaint under the consumer track, as the

small business plaintiffs have done by their filing of a separate small business complaint under the consumer track.

8. In *In re EpiPen Marketing, Sales Prac., and Antitrust Litig.*, the federal district court created a separate track for one pending lawsuit brought by Sanofi, a competitor. Case No. 2:17-md-02785-DDC-TJJ, Dkt. No. 42 (D. Kan. Sept. 14, 2017). There, the MDL mostly consisted of cases filed by individual consumers or third party payors who purchased EpiPens. *Id*. at 1. Though all plaintiffs asserted antitrust claims, Sanofi asserted those claims as a competitor, not a consumer, and the court emphasized that Sanofi asserted no class action claims. Maintaining all cases on a single track, the court concluded, would produce inefficiencies, and thus the court designated a separate track for Sanofi. *Id*. at 2.

9. Likewise here, a separate track is warranted given the unique nature of Chicago's claims. *See In re McMormick & Co., Inc. Pepper Prods. Mktg. and Sales Prac. Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015). All of the cases included in the consumer and financial institution tracks are class actions, whereas Chicago's pending lawsuit is not. Rather, as a public enforcement action, Chicago's case is governed by different procedural rules, has different legal issues, and seeks a different kind of damages than class actions. The differences between the cases pending in the two established tracks and Chicago's action highlight the importance and resulting efficiency of creating a separate governmental enforcement action track.

10. A major area of dispute in the class actions will likely be Article III standing. Accordingly, it is safe to assume that this Court will devote a fair amount of focus in resolving the standing issues in the consumer and/or financial institution Master Consolidated Complaints. Establishing a separate track for enforcement actions will promote the efficient conduct of Chicago's lawsuit because Chicago is not required to show consumer injury as a threshold matter

3

for purposes of standing. *City of Chicago v. Purdue Pharma, L.P., et al.*, 211 F. Supp. 3d 1058, 1071 (N.D. Ill. 2016).

11. Class certification is another substantial hurdle for both the consumer action and the financial institution action tracks. Courts are called upon to complete a "rigorous analysis" early in the litigation to resolve this. Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time... the court must determine by order whether to certify the action as a class action"). The process of ruling on class certification can be prolonged by discovery and evidentiary hearings on the issue. *Mills v. Foremost Ins. Co.*, 511 F. 3d 1300, 1309 (11th Cir. 2008). Certification in data breach litigation can easily take years to get to a decision at the trial level despite courts' case management efforts. *See, e.g., In re Medical Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*, Case No. 15-MD-2667, Dkt. No. 36 (N.D. Ind. Feb. 2, 2016) (scheduling order allowed for class certification briefing through Apr. 26, 2017 where initial transfer occurred on Dec. 10, 2015); *In re Anthem, Inc. Data Breach Litig.*, Case No. 15-MD-02617, Dkt. No. 285 (N.D. Cal. Sept. 11, 2015) (scheduling certification hearing for May 4, 2017 where initial transfer took place June 12, 2015).

12. Moreover, Chicago's unique, enforcement-based claims against Equifax will not be adequately included in the Master Consolidated Complaint for either the consumer track or the financial institution track. Nor will Equifax's presumptive Rule 12(b) motion against Chicago's claims have any relevance to the claims asserted in either Master Consolidated Complaint. The scope of Chicago's home rule authority, and whether it has been exceeded, is a potentially dispositive issue specific to Chicago that will not arise in either of the established tracks. Establishing a separate track will allow Chicago's claims to be adequately represented in

this MDL while allowing this MDL as a whole to operate more efficiently.[2]

## CONCLUSION

WHEREFORE, for the reasons stated above, Chicago requests this Court to establish a separate track of the MDL for government enforcement actions, which would include Chicago's pending lawsuit against Equifax, in order to promote the efficient resolution not only of Chicago's case but for all cases consolidated herein.

Date: May 22, 2018                             Sincerely,

                                               */s/ Christie L. Starzec*
                                               Christie L. Starzec, Assistant Corporation Counsel
                                               Constitutional and Commercial Litigation Division
                                               City of Chicago Department of Law
                                               30 N LaSalle St., Suite 1230
                                               Chicago, Illinois 60602
                                               Phone: (312) 744-7864
                                               Email: Christie.Starzec@cityofchicago.org

                                               *Counsel for Plaintiff City of Chicago*

---

[2] Chicago also notes that, given the uniqueness of the issues presented by its Complaint (particularly regarding the extent of home rule authority under the Illinois Constitution), remand may be appropriate at some point in the future. *See In re EpiPen*, Dkt. No. 42 at 3.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 22, 2018, a copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of the filing to all counsel of record.

/s/ Christie L. Starzec
Christie L. Starzec
