**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT,

# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KATIUSHKA REBECA ACOSTA-SMITH, et. al. | Case No. 1:17-md-2800 (lead case) |
| | No. 1:18-CV-1467-TWT (Acosta-Smith) |
| ASHLEY ABRAMSON, et. al., | No. 1:18-CV-1466-TWT (Abramson) |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OBJECTION TO PROPOSED CASE MANAGEMENT ORDER NO. 5 (DOC. 393)** |
| EQUIFAX INC., and Does 1 through 100 inclusive, | |
| | Hearing Date: |
| | Department 2108 |
| Defendants. | Hon. Thomas W. Thrash, Jr. |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

On April 26, 2018, Plaintiffs Katiushka Rebeca Acosta-Smith and 49 other plaintiffs in 1:18-CV-1467-TWT and Ashley Abramson and 49 other plaintiffs in 1:18-CV-1466-TWT [hereinafter the 100 Plaintiffs] filed a motion to remand their cases to the Superior Court of the State of California, County of Orange on the grounds that this Court lacks diversity jurisdiction. (Doc. 350) They are still waiting for a ruling. This was

actually a refiling of the motion to remand, which was originally filed in the district court in California but never ruled upon due to the transfer to the MDL court.  So, in reality, they have been waiting for a ruling on jurisdiction for over six months now.

On May 21, 2018, this Court stayed the remand motion until it could consider a proposed Case Management Order.  (Doc. 382) The proposed CMO has now been submitted.  (Doc. 393) Although <u>counsel for the 100 Plaintiffs attempted to confer with lead counsel before this proposed CMO was submitted,</u> they ignored counsel and have completely disregarded the wishes of the 100 Plaintiffs.

Accordingly, the 100 Plaintiffs must object to the proposed CMO on the following grounds.  The CMO proposes that motions to remand should be filed by September 6, 2018 and any opposition would not be due until October 22, 2018.  There is no need for such a long delay, which would mean remand could not occur until late 2018.  The motion to remand by the 100 Plaintiffs has already been filed (actually refiled) in this Court. Defendant should be given a standard two weeks to file opposition, starting now.

If different plaintiffs want to file a motion to remand in the future, then the briefing schedule can be as suggested in the proposed CMO.

The Proposed CMO suggests a single briefing schedule is appropriate because of the need for "efficient and consistent treatment" of remand motions that might be brought.  But only these 100 Plaintiffs have filed a motion to remand against Equifax in this Court and it is unfair to make **them** wait for another five months for a ruling on their motion just because other plaintiffs <u>might</u> bring a motion to remand in the future.  In fact, jurisdiction can be challenged at any stage in these proceedings so any "deadline" on challenging federal jurisdiction is illusory.  Since there is no real deadline on challenging jurisdiction, the approach suggested by lead counsel makes no sense and is not fair.

Instead, Equifax should be ordered to file its opposition to the remand motions within 14 days.

DATED: June 1, 2018

                Respectfully submitted,

                By    ___/s/ Jeffrey Wilens_____

                        JEFFREY WILENS
                        Attorney for Plaintiffs

## **CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document has been prepared with 14-point Georgia font in compliance with the requirements of Local Rule 5.1(C).

DATED: June 1, 2018

                        Respectfully submitted,

                        By    ___/s/ Jeffrey Wilens_____

                             JEFFREY WILENS
                             Attorney for Plaintiffs