<b>BEFORE THE UNITED STATES JUDICIAL PANEL<br>ON MULTI-DISTRICT LITIGATION</b>

| | |
|---|---|
| IN RE:<br><br>**EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION**<br><br>**This Document Relates to:**<br>*Ward, et al. v. Equifax, Inc., et al.*,<br>D. Maryland, Civil Action No. 1:17-cv-03246 | MDL Docket No. 2800 |

<b><u>OBJECTION TO AND MOTION TO AMEND<br>PROPOSED CASE MANAGEMENT ORDER NO. 5 (DOC. 393)</u></b>

Proposed Case Management Order No. 5 (Doc. 393) requires Plaintiff Craig Ward and the four other plaintiffs in *Ward v. Equifax,* 1:17-cv-03246 (collectively, the "Ward Plaintiffs") to refile their pending remand motion and delays resolution of the remand motion until, in all likelihood, 2019. Because the Ward Plaintiffs' remand motion raises Article III standing issues identical to those the parties are likely to advance in the upcoming Rule 12(b) motion practice, the Ward Plaintiffs object to the Proposed Case Management Order No. 5 and move to amend it to allow all transferred motions in cases on the consumer class action track and raising Article III standing issues to be briefed and resolved on the same schedule already set for Rule 12(b) motions. This amendment would serve efficiency and

1

consistency, the two professed goals of Proposed Case Management Order No. 5 and avoid unnecessary and prejudicial delay.

On November 11, 2017 the Ward Plaintiffs filed a motion to remand their claims against Equifax to the Circuit Court of Baltimore County, Maryland, on the grounds that the federal court lacked subject matter jurisdiction, a position admitted on the face Equifax's removal papers. A series of cases of 4th Circuit cases addressing Article III standing requirements in data breach cases rendered it likely that the Ward Plaintiffs lack standing to maintain their Maryland claims in a federal court. *See, e.g., Beck v. McDonald,* 848 F.3d 262, 267-268 (4th Cir. 2017). That remand motion was transferred to this Court, and today, six months on, remains pending. [1]

Proposed Case Management Order No. 5 requires the Ward Plaintiffs to refile their remand motion that has been pending for six months, in direct contradiction to the preferred practice:

> "[i]f the transferor courts have not decided remand motions before the MDL Panel order is issued, the transferee court should try to resolve the remand motions promptly because they invariably affect federal

---

[1] This Court stayed the briefing of remand motions filed by the plaintiffs in *Abramson v. Equifax Inc.,* Case No. 1:18-CV-1466-TWT, and *Acosta-Smith v. Equifax Inc.,* Case No. 1:18-CV-1467-TWT, as well as a motion for attorneys fees filed by plaintiffs in *Casper v. Equifax Inc.,* Case No. 1:18-CV-1511-TWT, but did not address transferred and pending remand motions. Doc. 382. The *Acosta* and *Abramson* Plaintiffs have filed an objection to Proposed Case Management Order No. 5 (Doc. 394). The Ward Plaintiffs also join in those objections.

>subject-matter jurisdiction, and the failure to rule on them until a case is returned to the transferor court may result in unnecessary and prejudicial delay."

Manual for Complex Litigation, Fourth, §22.36.[2]  Proposed Case Management Order No. 5 sets a briefing schedule for the refiled remand motions that does not conclude until Thanksgiving, resulting in the earliest consideration of the Ward Plaintiffs' remand motion being a full year after it was originally filed and only after the consideration of Equifax's substantive Rule 12(b) motions.[3] Because such delay and consideration of substantive Rule 12(b) motions as to the Ward Plaintiffs' claims is inconsistent with this Court's limited jurisdiction, the Ward Plaintiffs object to Proposed Case Management Order No. 5.

The Ward Plaintiffs' pending motion could easily be considered along-side the upcoming Rule 12(b) motion practice[4] because the dispositive issue is likely to be a centerpiece of Equifax's position for dismissal: that some, or all, plaintiffs lack Article III standing. If Equifax asserts a position on Rule 12(b) motions that in

---

[2] Paragraph 2 of Proposed Case Management Order No. 5 provides that "any Plaintiff desiring to move forward with a motion to remand originally filed in a transferor court must refile a motion to remand with this Court…". Doc. 393.

[3] Paragraph 2 of Proposed Case Management Order No. 5 provides September 6, 2018 as the deadline for refiling of any pending remand motions, October 22, 2018 for response, and November 21, 2018 for any replies.  Any decisions likely would not be issued until 2019. Doc. 393.

[4] Case Management Order No. 3 specified that Rule 12(b) motions were due 45 days following filing of the consolidated consumer class action complaint. Doc. 18.  That complaint was filed on May 14, 2018. Doc. 374. The Ward Plaintiffs estimate that Rule 12(b) motions are due on or before June 28, 2018.

effect concedes the Ward Plaintiffs' pending remand motion, it is prejudicial and unfair to delay resolution of the motion until months later. For the Ward Plaintiffs, unlike the overwhelming majority of other MDL plaintiffs, Equifax's success on this issue does not mean dismissal; rather, it means remand to the state court from which Equifax improperly removed *Ward*. 28 U.S.C. § 1447(c).

At very least, the Court should resolve all motions involving standing issues at the same time. Efficiency and consistency is the professed goal of Proposed Case Management Order No. 5; therefore, it should allow all motions raising the same substantive Article III standing issue to be considered and resolved at the same time. As the Ward Plaintiffs are only one of five actions with transferred motions, not all of which address standing issues, doing so would not unreasonably delay or complicate the Rule 12 motions practice. To this end, Proposed Case Management Order No. 5 should be amended to allow all pending motions in cases on the consumer class action track and raising issues involving Article III standing to be briefed and resolved on the same schedule as is currently set forth for Rule 12(b) motions.

Respectfully submitted,

\_\_\_\_\_/s/_____
Michael Paul Smith, Esq. #23685
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
(410) 821-0070 / (410) 821-0071 (fax)
Email: mpsmith@sgs-law.com
*Counsel for Plaintiffs and Class Members*
*Case No. 1:17-cv-03246-RDB*