UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                         MDL No. 2800


**TRANSFER ORDER**


    **Before the Panel:** Plaintiffs in the two actions listed on Schedule A, both proceeding *pro se*, move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2800. The Equifax defendants[1] oppose the motions to vacate.

    After considering all arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and/or statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. Both actions before the Panel involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax data breach, and/or that defendants failed to inform the public of the data breach in a timely manner.

    Plaintiff in the Southern District of Indiana *Walton* action argues that her proposed second amended complaint asserts a unique claim under Indiana state law—a claim that is unrelated to the Equifax data breach. Equifax agrees that this claim does not belong in centralized proceedings, and should be separated and remanded should the court grant plaintiff's motion for leave to amend. But the operative *Walton* complaint arises entirely from the Equifax data breach, and transfer therefore is appropriate. If the transferee court grants plaintiff's motion for leave to amend her complaint to add claims that the transferee court determines are best remanded to the transferor court, procedures are available to accomplish this with a minimum of delay. *See* Panel Rules 10.1, 10.2.

    The *Walton* plaintiff also argues that she has a motion pending against Equifax in another action in the Southern District of Indiana that does not involve the Equifax data breach. This does not weigh in favor of excluding *Walton* from MDL No. 2800.

---

    [1]    Equifax Inc. (Equifax), Paulino do Rego Barros, and Russ Ayres.

-2-

Plaintiff in the Southern District of Texas *Forrest* action argues that his action involves only Texas state law and common law claims, while the MDL No. 2800 actions involve claims under federal law. The Panel has held that differing legal theories do not weigh against transfer where, as here, "the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Moreover, other MDL No. 2800 cases assert claims under Texas state law. And while plaintiff has sought leave to amend his complaint to remove his federal law claims, the current complaint asserts federal law claims like those pending in MDL No. 2800. Plaintiff also argues that federal jurisdiction is lacking, and a motion for remand to state court is pending. Jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION**        MDL No. 2800

## SCHEDULE A

<u>Southern District of Indiana</u>

WALTON v. EQUIFAX, INC., ET AL., C.A. No. 1:18-00225

<u>Southern District of Texas</u>

FORREST v. EQUIFAX INC., C.A. No. 2:18-00113