UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT<br><br>ALL ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**CONSUMER PLAINTIFFS' OPPOSITION TO
CITY OF CHICAGO'S MOTION TO ESTABLISH SEPARATE TRACK
FOR GOVERNMENTAL ENFORCEMENT ACTIONS**

On May 22, 2018, the City of Chicago filed a Motion to Establish a Separate Track for Governmental Enforcement Actions. (Doc. 385). Because the City of Chicago has not carried its burden to establish the need for a separate track, and because the establishment of a separate track would likely lead to a more cumbersome structure to the litigation, the Consumer Plaintiffs respectfully request that the City's Motion be denied.

The City of Chicago bases its motion to establish a separate track on the claim that the complaints filed in the Consumer Track do not assert "claims on behalf of Chicago, nor mention[] Chicago as a plaintiff." *See* Motion at ¶ 5. While this assertion is technically true, it misses the more salient point—the discovery to be pursued in the Consumer Track is the same discovery the City would

presumably need to prove its claims. Put another way, the City has not identified any discovery that would be unique to the City of Chicago's case that is not likely to be within the scope of discovery sought in the existing tracks.

This point is reinforced by the fact that the Consolidated Amended Complaint in the Consumer Track asserts claims on behalf of the very same plaintiffs as the City claims are "victims" of the breach in its complaint. The Consolidated Amended Complaint includes a nationwide class and subclass of all "All natural persons residing in Illinois whose Personal Information was compromised as a result of the data breach announced by Equifax on or about September 7, 2017, as identified by Equifax's records relating to that data breach." This class definition necessarily includes the "residents of Chicago" on whose behalf the City of Chicago asserts its claims. Planned discovery will therefore cover the breach and Equifax's conduct as it relates to these individuals.

To the extent that the City of Chicago asserts claims on its own behalf (*i.e.*, not on behalf of or for the direct benefit of the residents of the City of Chicago) there is no reason those claims must be prosecuted now. The City's primary claims in this regard assert that Equifax violated City of Chicago ordinances by failing to provide prompt notice of the breach, failing to safeguard personal information, and by compelling customers to individual arbitration. *See* City of Chicago Complaint at 21-25. Like the claims of the residents of Chicago, these issues are referenced in

the Consolidated Amended Compliant and will be the subject of forthcoming discovery.[1] Thus, there is no need for a separate track pursuing separate discovery in this matter. At the conclusion of discovery the City may pursue its unique claims either through this MDL or back in Cook County upon a motion to remand.

A separate track also would needlessly complicate the litigation. The parties have worked hard to develop a relationship that allows for the efficient prosecution and defense of this case with minimal Court intervention. Involvement within a separate track of the City of Chicago's counsel, even if well-motivated and first rate advocates, will necessarily disturb the existing decision-making processes. Another track also adds inefficiency to the case, meaning Consumer and Financial Institution Court-appointed leadership will need to spend more time coordinating with another set of lawyers for even routine procedural matters, increasing costs and fees in the case.

Finally, the existence of a third track and corresponding need to accommodate another set of lawyers could potentially increase the number of disputes requiring the Court's intervention, adding to the burdens on the Court and parties in other tracks; increase the scope of discovery or alternatively restrict the discovery available to Court-appointed counsel in the other tracks (for example,

---

[1] Plaintiffs' Counsel for the Consumer Track will certainly seek input from the City of Chicago to ensure that the underlying factual investigation may be used to pursue these claims.

either depositions would need to be longer to allow the City's counsel to ask their own questions or the time available to Court-appointed counsel would have to be shortened); and elevate the significance of the City's case, which without seeking to minimize its importance to those involved pales in comparison to the comprehensive claims by the nearly 150 million Americans and thousands of financial institutions in the existing tracks. The City has offered no compelling justification for why these additional burdens should be imposed on the other parties nor demonstrated any basis for believing its interests will be prejudiced if a new track is not created for its case.

      Because the City of Chicago has not met its burden to establish the need for a separate track, its motion should be denied.

Dated: June 12, 2018                    Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1900
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dlcfirm.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Consumer Plaintiffs' Co-Lead Counsel*

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

5

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

6

Ariana J. Tadler
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

>Rodney K. Strong
>**GRIFFIN & STRONG P.C.**
>235 Peachtree Street NE, Suite 400
>Atlanta, Georgia 30303
>Tel. 404.584.9777
>rodney@gspclaw.com
>
>*Consumer Plaintiffs' State Court Coordinating Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 12th day of June, 2018.

>*/s/ Norman E. Siegel*