# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF CHICAGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-7798** |
| | ) | |
| **EQUIFAX, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE
## IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

The City of Chicago ("City") opposes Equifax Inc.'s ("Equifax") Motion to Stay Or, In The Alternative, For An Extension Of Time To Respond To Complaint ("Motion" or "Motion to Stay").[1]   Contrary to Equifax's assertions, staying this case while the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") considers whether and to what extent to consolidate multiple actions for discovery and other pretrial purposes will neither promote judicial economy nor prevent prejudice to either party.  First, as further explained below, it is unlikely that the City's case will be transferred to multidistrict litigation ("MDL") given the uniqueness of its claims as compared with the class actions currently under consideration by the JPML.  But secondly, the stay requested by Equifax is unjustified *regardless* of whether the case is ultimately considered and chosen for inclusion in MDL because it would delay discovery and impede resolution of this case.  Moreover, Equifax would not be prejudiced by engaging in discovery prior to possible MDL transfer because it must respond to other cases brought by public entities which will remain in state court and will not be subject to the protracted schedule of any prospective MDL.  Indeed, Equifax has already embarked on similar discovery in its

---

[1] The City previously agreed, as noted in the Motion, to extend Equifax's deadline to answer or otherwise respond to the City's Complaint up to and including November 28, 2017.  The City stands by its prior agreement.  *See* Mot. at 3.

response to congressional investigations. A stay would not conserve the parties' resources or serve judicial economy, but instead would harm the City and forestall resolution; therefore Equifax's Motion to Stay should be denied.

**I.       A Stay In This Case Is Unjustified Regardless Of Whether An MDL Is Formed.**

**A.       The Entry Of A Stay Is Generally Disfavored.**

Federal district courts in the Northern District of Illinois disfavor stays "because they bring resolution of the dispute to a standstill." *New England Carpenters Health and Welfare Fund v. Abbott Labs.*, No. 12-C-1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013) (quoting *Coss v. Playtex Prods., LLC*, No. 08-C-50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009) (denying motion to stay discovery pending resolution of motion to dismiss). Indeed, "[w]here the Court finds that a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Tamburo v. Dworkin*, No. 04-C-3317, WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010). Indeed, the JPML has cautioned that its "experience indicates that the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable. Any discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered." *In re Penn Central Sec. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971). The stay requested by Equifax would not promote judicial economy and would significantly prejudice the City by bringing its lawsuit to a standstill. Unlike the discovery that will be conducted in the nationwide class actions, the discovery sought by the City will be tailored to City residents. On the other hand, Equifax will not be prejudiced even if the discovery sought by the putative class members will be the same as the discovery sought by the City.

**B.      A Stay In This Case Would Defeat The Purposes Of The MIDPP.**

Granting Equifax a stay would frustrate the purpose of the Mandatory Initial Discovery Pilot Project ("MIDPP"), in which the parties are engaged. The express goal of the MIDPP is to reduce the cost, burden, and delay of civil litigation. *See* U.S. District Court for Northern District of Illinois, Eastern Division, "District Court for Northern District of Illinois participates in Mandatory Initial Discovery Pilot Project," Court Information Release (May 22, 2017), *available at* http://www.ilnd.uscourts.gov/_assets/_news/MIDPILOT.pdf. Here, the stay requested by Equifax would slow down discovery in this case indefinitely, rather than expedite resolution of the case. While Equifax may "anticipate an order regarding transfer and consolidation in December 2017," Mot. at 1, Equifax has cited no basis for this anticipation and ignores many possibilities: that an MDL may not be created, that the City may not be subject to a Conditional Transfer Order ("CTO"), and that the City may successfully object to any CTO entered by the JPML. Each step in this process could take weeks, if not months; contesting MDL inclusion might prohibit the City from obtaining discovery exchanged within the MDL, and a stay would effectively exempt Equifax from complying with the MIDPP. In short, granting a stay would mean that the City would be unable to obtain or issue discovery for several months—the opposite of the intention of the MIDPP. Although the Standing Order Regarding MIDPP ("Standing Order") expressly exempts "cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation," (*Standing Order* at 1), the Standing Order does not exempt cases *potentially subject to* consolidation by the JPML. Up until this case is transferred into an MDL, the parties are required per the Standing Order to comply with the MIDPP. Therefore, the City does not believe that a stay is appropriate or justified regardless of whether an MDL is formed and/or ultimately includes this lawsuit.

3

## II. An MDL Has Yet To Be Created, And It Is Unlikely The City's Case Will Be Included.

Equifax's Motion to Stay is based on the assumption that this case will be consolidated for discovery in an MDL. However, Equifax significantly overstates the likelihood that the City's claims will be consolidated in an MDL, and significantly understates the length of time it will take for the JPML to complete its review of which actions to include.

### A. Equifax Has Overstated The Likelihood Of Inclusion In An MDL.

Although motions for transfer and consolidation are pending currently before the JPML, the pending motions are not as broad as Equifax represents and do not include the City's case. As Equifax notes, on September 11, 2017, plaintiffs in a putative class action against Equifax filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Equifax Inc. Customer Data Sec. Breach Litig.*, MDL No. 2800 (J.P.M.L. Sept. 11, 2017)("*In re Equifax*"). It is by no means a forgone conclusion that an MDL will be created. The burden is on the moving party to establish that centralization is warranted. *See In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.,* 483 F. Supp. 1343, 1345 (J.P.M.L. 1980). Even where one or more common questions of fact exist, the movant must show that the benefits of transfer outweigh the disadvantages. *Id.*

Even if an MDL is created, it almost certainly will not consist of all 250 class action lawsuits pending against Equifax. The JPML hearing on November 30, 2017 will consider transfer and consolidation of the 96 class actions against Equifax listed on the Notice of Hearing Session. *See In re Equifax*, Dkt. No. 342. Significantly, the City's lawsuit against Equifax will not be at issue in that hearing. In fact, while Equifax highlights five pending class action lawsuits filed in Illinois courts seeking to pursue claims under Illinois law, *see* Mot. at 2, only two cases pending in the Northern District of Illinois—*Neilan v. Equifax*, Case No. 17-cv-06508

(N.D. Ill.) and *Lang v. Equifax Information Services, LLC*, Case No. 17-cv-06519 (N.D. Ill.)—
are being considered for inclusion in the MDL. *See In re Equifax*, Dkt. No. 342. Significantly,
the City's lawsuit is distinguishable from the pending *Neilan* and *Lang* cases. *See Neilan v.
Equifax Inc.*, Case No. 1:17-cv-06508, Dkt. No. 1 (N.D. Ill. Sept. 8, 2017); *Lang v. Equifax Info.
Servs., LLC*, Case No. 17-cv-06519, Dkt. No. 1 (N.D. Ill. Sept. 10, 2017). Both *Neilan* and *Lang*
are putative class actions asserting claims pursuant to federal and Illinois statutes, and each
complaint seeks to establish a class pursuant to Federal Rule of Civil Procedure 23. In contrast,
the City's lawsuit is not a class action and thus does not involve allegations or discovery
pursuant to Rule 23. Nor does the City's lawsuit assert claims under federal or state statute;
rather, the City's Complaint relies upon a municipal ordinance.

###### B.    MDL Creation Will Take Several Months.

In presenting its Motion to Stay, Equifax paints an inaccurate picture for this Court in
terms of timing of the creation of an MDL. While the JPML is indeed hearing oral argument on
the motion for transfer and consolidation in *In re Equifax* on November 30, 2017, Equifax cites
no authority for its expectation of a December 2017 order regarding transfer and consolidation.
The creation of an MDL would likely take several months, after which the JPML may add
parties through CTOs. However, even then additional parties have an opportunity to oppose
transfer. Therefore, even assuming, *arguendo*, that the JPML does choose to issue a CTO
transferring this lawsuit into the MDL, the City then has 7 days to file a notice of opposition, and
14 days from the filing of said notice to file a motion to vacate the CTO, which the City plans to
do if faced with a CTO. Thereafter, the Clerk of the JPML would set the motion for the next
appropriate hearing session. *See* Rules of Procedure of the U.S. JPML, Rule 7.1(c), (f). In short,
Equifax is not asking for a "brief stay," but rather a stay of several months. Because such a

lengthy stay would prejudice the City in the prosecution of its lawsuit against Equifax and the absence of a stay will not prejudice Equifax, the Motion to Stay should be denied.

### C. This Case Is Unique And Should Not Be Subject To MDL.

The Motion to Stay should be denied because the City's causes of action against Equifax are unique and thus the instant lawsuit is not likely to be included in the proposed MDL at any stage. The City's lawsuit against Equifax, unlike the more than 250 putative class actions filed by consumers against Equifax, is not a class action complaint. The City does not purport to bring claims on behalf of a nationwide class of consumers. *See* Mot. at 2. Rather, the City's case involves unique claims brought on its behalf, as well as on behalf of Chicago residents, to hold Equifax liable for its deceptive and unfair business practices while conducting business in the City, in violation of the City's Consumer Fraud, Unfair Competition or Deceptive Practices Ordinance ("Ordinance"), Municipal Code of Chicago ("MCC"), § 2-25-090.

The JMPL will not include cases for MDL disposition merely because there are some overlapping claims against the same defendant. *See, e.g., In re: AT&T Mobility Wireless Data Servs. Sales Tax Litig*., 710 F. Supp. 2d 1378 (J.P.M.L. 2010) (excluding case deriving entirely from Texas state law as distinct from 28 other actions); *In re: Light Cigarettes Marketing and Sales Practices Litig*., 652 F. Supp. 2d 1379 (J.P.M.L. 2009) (excluding, among others, a unique New York-wide case from MDL); *In re: Qualcomm Antitrust Litig*., MDL No. 2773 (J.P.M.L. 2017) (excluding case from MDL, finding that "common discovery can be coordinated" and "inclusion . . . could significantly complicate the proceedings and cause delay or other inefficiencies.").

As all of the other cases under the pending motion to transfer are putative class actions, those cases will involve issues related to the plaintiffs' standing to bring suit, certification of a

nationwide class action under Federal Rule 23, as well as issues related to injury suffered by plaintiffs and class members.  Courts often labor to resolve these issues when dealing with a single class action (let alone over 250) by calling for discovery and even evidentiary hearings before allowing discovery on other issues.  *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008); *see also Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 700 (N.D. Ill. 1978) ("The Court's role in the midst of the procedural complexities of class certification is to assure that all the relevant data necessary for the fashioning of an informed decision be laid before the bench.  To achieve that goal an extensive period of discovery is vital").  None of these issues arise in the City's case, which is not a putative class action.[2]  In particular, the City's claims do not require that the City allege or prove actual injury or causation—standing issues that will almost certainly require early attention and resolution in the class action cases.  *See, e.g., City of Chicago v. Purdue Pharma L.P.*, 211 F. Supp. 3d 1058, 1071 (N.D. Ill. 2016).  Accordingly, the City does not believe that any purported benefits of its case being consolidated and transferred into the proposed MDL outweigh the stark disadvantages of such a transfer.

## III.  Consolidation Of The City's Case Will Not Conserve Resources, Serve Judicial Economy, Or Promote Dispute Resolution.

The JPML will consolidate and transfer pending cases if the transfer serves "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a) (West 2017).  Consolidation of the City's case into any potential MDL will not promote the efficient conduct of this matter nor will it serve the convenience of the parties.  As explained above, over 250 putative class actions have been filed against Equifax, and the pending motion for consolidation and transfer does not cover all 250.

---

[2] Indeed, Equifax has already indicated that it intends to bring a dispositive motion involving the City's home rule authority (Dkt. No. 15 at 3, n.2), which has no application whatsoever to any of the other cases in the proposed MDL.

The cases that are most closely analogous to the City's lawsuit—enforcement actions brought by other government entities—are not subject to consolidation in any JPML; therefore, Equifax will already be required to engage in similar discovery outside the context of a JPML. The Commonwealth of Massachusetts, by and through its Attorney General, has sued Equifax in Massachusetts state court asserting Massachusetts state law claims, and the San Francisco City Attorney has sued Equifax in California state court asserting violations of state law governing unfair, unlawful, and fraudulent business practices. Neither of these cases will be included in any MDL, and thus Equifax will have to respond to discovery requests, produce documents, and file motions on various schedules and may have to deal with inconsistent rulings from different courts in at least these cases—even if the MDL is ultimately created.

Not only will Equifax have to gather and produce these materials on numerous timelines and perhaps make duplicative disclosures and productions, but Equifax knew when it removed the City's case from state court to this Court that it would be subject to the MIDPP and its stringent requirements.

In short, excluding the City from the MDL and/or denying the Motion to Stay will not create an unreasonable burden for Equifax. Allowing this case to move forward with discovery while the JPML considers creating an MDL will not prejudice Equifax, which is proceeding in multiple other cases, including cases brought by other public entities.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the City respectfully requests that the Court deny Equifax's Motion and enter an order requiring Equifax to file its Answer along with any Rule 12(b) motion it seems appropriate, and to otherwise comply with the requirements set forth in the MIDPP.

Dated: November 14, 2017              Respectfully submitted,

                                      EDWARD N. SISKEL
                                      Corporation Counsel, City of Chicago


                                      BY:   /s/ John L. Hendricks

John L. Hendricks, Deputy Corporation Counsel
Thomas P. McNulty, Senior Counsel
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 N LaSalle St., Suite 1230
Chicago, IL 60602
312-744-6975, 742-0307
John.Hendricks@cityofchicago.org
Thomas.McNulty@cityofchicago.org

Fiona A. Burke, Chief Assistant Corporation Counsel
Michael C. Zumwalt, Assistant Corporation Counsel
Aviation, Environmental, Regulatory, and Contracts Division
City of Chicago Department of Law
30 N. LaSalle St., Suite 1400
Chicago, IL  60602
312-744-6929, 744-5218
Fiona.Burke@cityofchicago.org
Michael.Zumwalt@cityofchicago.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2017, I caused the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Stay, or, in the Alternative, for an Extension of Time to Respond to Complaint, to be filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

BY:   <u>/s/ **John L. Hendricks**</u>
            John L. Hendricks