**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br><br>Case No. 17-MD-2800<br><br>**TRACK UNASSIGNED**<br>*City of Chicago v. Equifax, Inc.*<br>Member Case No. 18-CV-01470 |

**PLAINTIFF CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS
MOTION TO ESTABLISH A SEPARATE TRACK
<u>FOR GOVERNMENTAL ENFORCEMENT ACTIONS</u>**

Plaintiff City of Chicago ("Chicago"), by its Corporation Counsel, Edward N. Siskel, respectfully submits this Reply in support of its Motion to establish a separate track for governmental enforcement actions, which would include the lawsuit brought against Defendant Equifax, Inc. ("Equifax") by Chicago. In support of this Motion and replying to Consumer Plaintiffs, Chicago states as follows:

On May 22, 2018, Chicago filed its Motion to Establish a Separate Track for Governmental Entities. Subsequently, on May 30 and 31, 2018, Defendant Equifax conferred with Chicago to obtain an extension of time to respond and Chicago agreed. Equifax filed its Motion to extend the deadlines of both Equifax and Chicago on June 4, 2018. On June 6, 2018, this Court granted Equifax's

1

motion stating that Equifax shall have up to and including June 12, 2018, to file its Response. Yet Equifax filed no response. However, on June 12, presumably to take advantage of the extension granted to Equifax, the Consumer Plaintiffs filed a response opposing Chicago's Motion. The response was electronically filed as a memorandum or brief on behalf of all Plaintiffs, but the actual title and content of the response states that it is brought only on behalf of Consumer Plaintiffs.

The response is untimely because the Consumer Plaintiffs were clearly not subject to the Court's Order allowing additional time for Equifax to respond, and they made no effort to seek an extension of time or even suggest they wanted to respond. Therefore the response should be stricken. Beyond that, the response provides no credible argument to support its claim that the City has not established good cause for this court to create a separate track.

## I.     Consumer Plaintiffs' Response Should Be Stricken.

Pursuant to Local Rule 7.1(B), "[a]ny party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion…." Chicago filed its Motion to establish a separate track for governmental enforcement actions on May 22, 2018, meaning that Consumer Plaintiffs were required to file their opposition by June 5, 2018. Consumer Plaintiffs missed this deadline and, without any notice to Chicago or any explanation for their overdue response, filed their

opposition on June 12, 2018.

Consumer Plaintiffs may point to this Court's June 6, 2018 Order (Dkt. No. 402), yet that Order does not apply to Consumer Plaintiffs. The June 6, 2018 Order granted the joint motion filed by Equifax and the City of Chicago, and allowed *Equifax only*—not Consumer Plaintiffs—until June 12, 2018 to respond to Chicago's Motion. *See* Dkt. No. 402 ("Equifax's deadline to respond to the City's Motion is extended through and including June 12, 2018…."). The June 6, 2018 Order, by its terms, did not grant Consumer Plaintiffs an extension for purposes of opposing Chicago's May 22, 2018 Motion. And significantly, Equifax has not filed any objection or opposition to Chicago's Motion to establish a separate track for government enforcement actions.

## II. Consumer Plaintiffs Make No Credible Argument To Deny Chicago's Request.

Even if Consumer Plaintiffs' opposition is not stricken as untimely, the response does not present any valid reason for denying Chicago's request to create a separate track within the multidistrict litigation. Consumer Plaintiffs' main complaint is that Chicago has not identified any discovery that would be unique to Chicago, and thus because discovery will be similar, a separate track is unwarranted. Consumer Plaintiffs mistake the purpose of a separate track with the purpose of consolidated multidistrict litigation in general. As this Court has already ordered, "the Court intends for the tracks to proceed on the same discovery

3

schedule and that counsel appointed to lead the separate tracks coordinate as closely as possible to avoid duplication of effort." Case Management Order No. 2, Dkt. No. 4 (Jan. 1, 2018), at 2. Thus, regardless of which track a lawsuit is assigned to, the purpose of a consolidated proceeding is to coordinate similar discovery in an efficient manner. Instead, the purpose of a separate track is to parse out distinct legal claims which will involve distinct legal issues. *See* Chicago's Motion, Dkt. No. 385 (May 22, 2018), at ¶¶ 7-12. As this Court has ordered, it intends that "pleadings and motions proceed separately in each track." Dkt. No. 4, at 2-3.

The Consumer Plaintiffs also complain that (1) a separate track would complicate the litigation, and (2) a third track could potentially increase the number of disputes. To the contrary, assigning Chicago to the Consumer Track and amending the existing Consumer Plaintiffs' Complaint to include Chicago's claims would result in far more complication procedurally than establishing a separate track. For example, requiring Chicago to coordinate with Consumer Plaintiffs' counsel on Chicago's response to an argument based on home rule authority under the Illinois Constitution would needlessly complicate the drafting process and waste Consumer Plaintiffs' counsels' time. Additionally, including Chicago's Ordinance-based claims in the Consumer Plaintiffs' Complaint would confuse and frustrate the current briefing schedule. Pursuant to Case Management

Order No. 3, Equifax's Motion to Dismiss the Consumer Plaintiffs' Complaint is due to be filed June 27, 2018, and Equifax has previously indicated it will move to dismiss Chicago's claims by contesting Chicago's home rule authority. Moreover, regardless of whether a third track will be created, Chicago expects to be fully included as a plaintiff within this MDL.

In fact, as explained in Chicago's opening Motion, creating a separate track would allow this Court to more efficiently address Chicago's claims with no impact or delay to adjudication of Consumer Plaintiffs' claims. While this Court will likely devote a fair amount of time to resolving standing issues for the Consumer, Small Business, and Financial Institution Plaintiffs, Chicago is not required to show consumer injury as a threshold matter for purposes of standing. Also, as Chicago's lawsuit is not a class action, it will be exempt from the class certification process that will be undertaken by this Court.

Moreover, of note for this Court, Consumer Plaintiffs do not oppose or otherwise respond to Chicago's request in the alternative to prepare and proceed on a separate Complaint under the Consumer Track, as the Small Business Plaintiffs have done by their filing of a separate small business complaint under the Consumer Track. *See* Motion, Dkt. No. 385, at ¶ 7.

## CONCLUSION

WHEREFORE, for the reasons stated above, Chicago requests this Court to establish a separate track of the MDL for government enforcement actions, which would include Chicago's pending lawsuit against Equifax, in order to promote the efficient resolution not only of Chicago's case but for all cases consolidated herein.

Date: June 26, 2018              Sincerely,

/s/ Christie L. Starzec
Christie L. Starzec, Assistant Corporation Counsel
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 N LaSalle St., Suite 1230
Chicago, Illinois 60602
Phone: (312) 744-7864
Email: Christie.Starzec@cityofchicago.org

*Counsel for Plaintiff City of Chicago*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 26, 2018, a copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of the filing to all counsel of record.

/s/ Christie L. Starzec
Christie L. Starzec
