# Exhibit 2

# CHART SUMMARIZING EQUIFAX'S ARGUMENTS APPLICABLE TO STATE DECEPTIVE-TRADE-PRACTICES STATUTES

Equifax's Memorandum of Law in Support of its Motion to Dismiss outlines all of Equifax's arguments regarding the state deceptive-trade-practices statutory claims. *See generally* Mem. of Law, Section III. Several of those arguments apply to all (or substantially all) of the deceptive-trade-practice Counts listed in the chart below. The below chart summarizes the Counts that should be dismissed because (1) Plaintiffs failed to meet heightened pleading requirements (*see* Mem. of Law, Section III.A.2); (2) Plaintiffs failed to allege a cognizable injury (*see id.*, Section III.A.4); (3) Plaintiffs failed to allege a requisite consumer transaction (*see id.*, Section III.A.5); (4) Plaintiffs failed to establish a duty to disclose as required (*see id.*, Section III.A.6); and (5) Plaintiffs have sued under statutes that prohibit or restrict class actions (*see id.*, Section I.E.4).

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Ala. Deceptive Trade Practices Act, Ala. Code §§ 8-19-1,** *et seq.* | 10 | Germany Davis (¶ 13); Sanjay Rajput (¶ 14) | | Ala. Code § 8-19-10(a) (requiring "monetary damage") | | | Ala. Code § 8-19-10(f) (prohibiting class actions) |
| **Alaska Consumer Protection Act, A.S. §§ 45.50.471,** *et seq.* | 12 | Aaron Bishop (¶ 15) | | Alaska Stat. § 45.50.531(a) (requiring an "ascertainable loss of money or property") | | | |

---

[1] The notation "No Contract Plaintiffs" indicates that no Contract Plaintiff resides in the state, and so the relevant Count must be dismissed in its entirety. *See* Mem. of Law, Section III.A.5.

1

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Ariz. Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.*** | 13 | Thomas W. Hannon (¶ 16); Benjamin Sanchez (¶ 17); David Sands (¶ 18) | *Silva v. Bank of N.Y. Mellon*, No. CV-14-02301, 2015 WL 12555858, at *2 (D. Ariz. May 13, 2015) ("Consumer fraud claims must also comply with the particularity requirements of Rule 9(b).") | *Ram Head Outfitters, Ltd. v. Mecham*, No. CV09-1382-PHX-MHM, 2011 WL 1429623, at *15 (D. Ariz. Apr. 14, 2011) (listing "consequent and proximate injury" as an element of a consumer fraud claim) | Ariz. Rev. Stat. § 44-1522 (must be "in connection with the sale or advertisement of any merchandise") | *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 778 (D. Ariz. 2012) (plaintiffs failed to state a claim for consumer fraud because "a CFA claim, like a common law fraud claim, can be based on an omission only 'when the law imposes a duty to disclose.'" (quoting *State ex rel. Horne v. Autozone Inc.*, 258 P.3d 289, 299 (Ariz. Ct. App. 2011)) | |
| **Ark. Deceptive Trade Practices Act, Ark. Code §§ 4-88-101, *et seq.*** | 14 | Richard Whittington II (¶ 19); Brenda King (¶ 20) | | Ark. Code § 4-88-113(f)(1)(A) (requiring an "actual financial loss") | | | Ark. Code § 4-88-113(f)(1)(B) (prohibiting class actions) |
| **Cal. Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*** | 16 | Grace Cho (¶ 21); Miche Sharp (¶ 22); Andrew Galpern (¶ 23); Nathan Alan Turner (¶ 24) | *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 990 (N.D. Cal. 2016) ("Claims stated under the fraud prong of the UCL are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).") | Cal. Bus. & Prof'l Code § 17204 (requiring "lost money or property") | | *Baba v. Hewlett-Packard Co.*, No. C 09–05946 RS, 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) (dismissing CLRA claim because "[plaintiff's] generalized allegations are insufficient to meet Rule 9(b)'s pleading requirements and cannot impute a duty to disclose on [defendant]") | |

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Cal. Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*** | 17 | Grace Cho (¶ 21); Miche Sharp (¶ 22); Andrew Galpern (¶ 23); Nathan Alan Turner (¶ 24) | | *Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 299 (Cal. 2009) (unlawful practice must cause damage) | Cal. Civ. Code § 1770 (requiring a "transaction") & § 1761 (defining "transaction") <br><br> No Contract Plaintiffs | *Baba v. Hewlett-Packard Co.*, No. C 09–05946 RS, 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) (dismissing CLRA claim because "[plaintiff's] generalized allegations are insufficient to meet Rule 9(b)'s pleading requirements and cannot impute a duty to disclose on [defendant]") | |
| **Colo. Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.*** | 19 | Nancy Rae Browning (¶ 25); Alvin Alfred Kleveno Jr. (¶ 26) | | *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Col. 2003) (requiring an injury in fact to a legally protected interest) | | | |
| **Del. Consumer Fraud Act, 6 Del. Code §§ 2513, *et seq.*** | 22 | Janelle Ferrell (¶ 28) | | *Johnson v. GEICO Cas. Co.*, 310 F.R.D. 246, 253 (D. Del. 2015), *aff'd*, 672 F. App'x 150 (3d Cir. 2016) (plaintiff must prove damages) | 6 Del. C. § 2513(a) (claim must be "in connection with the sale, lease or advertisement of any merchandise") <br><br> No Contract Plaintiffs | *Murphy v. Berlin Constr. Co., Inc.*, No. 98C-01-097 WTQ, 1999 WL 41633, at *4 (D. Del. Jan. 22, 1999) (granting motion for summary judgment on DCFA claim because "there was no duty to disclose" a commission received by a building contractor to plaintiff homebuyers) | |

3

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3904,** *et seq.* | 24 | Rodd Santomauro (¶ 29); Kathleen Holly (¶ 30) | *Jefferson v. Collins*, 905 F. Supp. 2d 269, 289 (D.D.C. 2012) (courts must apply Rule 9(b)'s standard to fraud based claims under the D.C. Consumer Protection Act) | *Jefferson v. Collins*, 905 F. Supp. 2d 269, 290 (D.D.C. 2012) (a plaintiff must allege a concrete injury-in-fact to demonstrate standing to pursue a claim) | D.C. Stat. § 28-3905(k) (requiring that an individual purchase a consumer good or service); *McCabe v. ConAgra Foods, Inc.*, 681 F. App'x 82, 85 (2d Cir. 2017) (affirming the district court's determination that "the statute requires a plaintiff to allege the purchase of a consumer good") | | |
| **Fla. Unfair and Deceptive Trade Practices Act, Fla. Stat. §§ 501.201,** *et seq.* | 25 | Gregg Podalsky (¶ 31); Jennifer J. Tweeddale (¶ 32); Maria Martucci (¶ 33) | | Fla. Stat. § 501.211 (requiring plaintiff to "suffer[] a loss" to recover "actual damages") | *Monsanto v. Campuzano*, 206 F. Supp. 2d 1239, 1251 (S.D. Fla. 2002) ("A private right of action for damages under the Act, however, cannot be maintained unless the alleged unfair or deceptive acts or practices complained of involve[d] a consumer transaction.") | | |
| **Ga. Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370,** *et seq.* | 27 | Wanda Paulo (¶ 34); Justin O'Dell (¶ 35); Michael Chase (¶ 36); John Simmons II (¶ 37); Sylvia Patterson (¶ 38) | | Ga. Code § 10-1-373 (requiring that plaintiff is "likely to be damaged") | | | |

4

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Haw. Unfair Practices and Unfair Competition Statute, Haw. Rev. Stat. §§ 480-1,** *et seq.* | 29 | Bruce Pascal (¶ 39) | | *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989, 998 (D. Haw. 2013) (listing injury as a an element of a UDAP claim) | Haw. Rev. Stat. § 480-2(d) ("no person other than a consumer … may bring an action …"); § 480-1 (defining "consumer") No Contract Plaintiffs | *Wright v. Wells Fargo Bank*, No. 11-00212-SOM/KSC, 2012 WL 6651879, at *6 (D. Haw. Dec. 20, 2012) (granting summary judgment for defendant on UDAP claim where plaintiffs "[did] not show that [defendant] had an affirmative duty to disclose this information") | |
| **Haw. Uniform Deceptive Trade Practice Act, Haw. Rev. Stat. §§ 481A-3,** *et seq.* | 30 | Bruce Pascal (¶ 39) | | Haw. Rev. Stat. § 481A-4 (requiring that plaintiff is "likely to be damaged") | | | |
| **Idaho Consumer Protection Act, Idaho Code §§ 48-601,** *et seq.* | 31 | Brett D. Lemmons (¶ 40) | | Idaho Code § 48-608(1) (requiring an "ascertainable loss of money or property") | Idaho Code § 48-608 (must be in connection with a purchase or lease of goods or services) No Contract Plaintiffs | *Craigmont Air Serv. v. Mills*, No. 79-3070, 1982 U.S. Dist. LEXIS 10140, at *13 (D. Idaho Apr. 23, 1982) (granting defendant's motion for summary judgment on "failure to disclose" claim under Idaho Consumer Protection Act because evidence did not support conclusion that statute "would require any such duty to warn or duty to disclose") | Idaho Code § 46-608 (limiting class action to actual damages or $1,000) |

5

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Ill. Consumer Fraud Act, 815 Ill. Comp. Stat. §§ 505/1,** *et seq.* | 33 | Eva Hitchcock (¶ 41); Kim Strychalski (¶ 42) | | *Cooney v. Chicago Public Schools*, 943 N.E.2d 23, 30–31 (Ill. App. 1st Dist. 2010) ("To support a Consumer Fraud Act claim, actual damages must arise from purely economic injuries.") (quotation marks omitted) | | | |
| **Ill. Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§ 510/2,** *et seq.* | 34 | Eva Hitchcock (¶ 41); Kim Strychalski (¶ 42) | | 815 Ill. Comp. Stat. § 510/3 (requiring that plaintiff is "likely to be damaged") | | | |
| **Ind. Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1,** *et seq.* | 35 | James David Sharp (¶ 43); Larry Frazier (¶ 44) | *McKinney v. State*, 693 N.E.2d 65, 71 (Ind. 1998) (claim must be pleaded with specificity if grounded in fraud) | Ind. Code § 24-5-0.5-4 (may bring an action for "damages actually suffered") | Ind. Code § 24-5-0.5-5 (noting an action must be in connection with a consumer transaction) | | |
| **Iowa Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H,** *et seq.* | 37 | Thomas E. Greenwood (¶ 45) | | Iowa Code § 714H.5 (requiring an "ascertainable loss of money or property") | Iowa Code § 714H.3 (must be "in connection with the advertisement, sale, or lease of consumer merchandise")<br><br>No Contract Plaintiffs | | Iowa Code § 714H.7 (prohibiting class actions unless first approved by the Attorney General) |

6

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Kan. Consumer Protection Act, K.S.A. §§ 50-623,** *et seq.* | 39 | Amie Louise Smith (¶ 46); Mark Carr (¶ 47) | *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1247 (D. Kan. 2007) ("Allegations of unfair trade practices under the KCPA must be pleaded with particularity in accordance with Rule 9(b).") | Kan. Stat. § 50-634 (must "suffer a loss" to bring a class action for damages) | Kan. Stat. § 50-626 (must be "in connection with a consumer transaction") <br><br> No Contract Plaintiffs | *In re Motor Fuel Temperature Sales Practices Litig.*, 867 F. Supp. 2d 1124, 1138–41 (D. Kan. 2012) (explaining that "willful omission claim," required that "plaintiffs … show that defendants had a duty to disclose the material fact") | Kan. Stat. § 50-634 (only injunctive relief is available in a class action unless there is a prior finding or the act is specifically prohibited by the statute) |
| **Ky. Consumer Protection Act, Ky. Rev. Stat. §§ 367.110,** *et seq.* | 41 | Bob Helton (¶ 48); Robert Benson (¶ 49) | | Ky. Rev. Stat § 367.220 (requiring an "ascertainable loss of money or property") | *Williams v. Chase Bank USA, N.A.*, 390 S.W.3d 824, 829 (Ky. Ct. App. 2012) (requiring privity of contract) <br><br> No Contract Plaintiffs | | *Arnold v. Microsoft Corp.*, No. 00–CI–00123, 2000 WL 36114007, at *6 (Ky. Cir. Ct. July 21, 2000) ("The Court also does not believe that KRS 367.170 was meant to be a vehicle for Class Action suits.") |
| **La. Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401,** *et seq.* | 43 | Cheyra Acklin-Davis (¶ 50); Jasmine Guess (¶ 51) | | La. Rev. Stat. § 51:1409 (requiring an "ascertainable loss of money or movable property") | | *Green v. Guidry*, No. 11–2466, 2012 WL 5507286, at *7 (E.D. La. Nov. 14, 2012) ("a party's failure to make a disclosure that they had no obligation to make does not give rise to a LUTPA violation") | La. Rev. Stat. § 51:1409(A) (precluding class actions for damages) |
| **Me. Unfair Trade Practices Act, 5 Me. Rev. Stat. §§ 205, 213,** *et seq.* | 44 | Michele Renee Archambault (¶ 52); Barry Napier (¶ 53) | | 5 Me. Rev. Stat. § 213 (requiring a "loss of money or property") | | | |

7

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Me. Uniform Deceptive Trade Practices Act, 10 Me. Rev. Stat. §§ 1212,** *et seq.* | 45 | Michele Renee Archambault (¶ 52); Barry Napier (¶ 53) | | 10 Me. Rev. Stat. § 1213 (requiring that plaintiff is "likely to be damaged") | | | |
| **Md. Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-301,** *et seq.* | 48 | Cathy Louise Henry (¶ 54); James McGonnigal (¶ 55) | *Kaswell v. Wells Fargo Bank, N.A.*, No. RDB–13–2315, 2014 WL 3889183, at *5 (D. Md. Aug. 6, 2014) ("An MCPA claim is subject to the heightened pleading standards of [FCRP] 9(b).") (quotation marks omitted) | Md. Code § 13-408 (a plaintiff "may bring an action to recover for injury or loss"); *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 319 (D. Md. 2014) (requiring actual injury). | | *Kaswell v. Wells Fargo Bank, N.A.*, No. RDB–13–2315, 2014 WL 3889183, at *5 (D. Md. Aug. 6, 2014) (dismissing MCPA omission claim where plaintiff "ha[d] not set forth in the Complaint any suggestion that [defendant] was under a duty to disclose the alleged omissions") | |
| **Mass. Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A, §§ 1,** *et seq.* | 49 | Emily Knowles (¶ 56); Dallas Perkins (¶ 57) | | Mass. Gen. Laws Ch. 93A, § 9(1) (requiring injury) | | | |

8

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Mich. Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.903**, *et seq.* | 51 | Justin Bakko (¶ 58); Jack Cherney (¶ 59) | *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011) ("'Claims under the MCPA for fraud or mistake must state the circumstances with [the] particularity' required by Rule 9(b).") (quoting *HRL Land or Sea Yachts v. Travel Supreme, Inc.*, No. 1:07-CV-945, 2009 WL 427375, at *8 (W.D. Mich. Feb. 20, 2009)). | Mich. Comp. Laws § 445.911 (must "suffer[] [a] loss" to recover actual damages in a personal action) | | *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 781 (W.D. Mich. 2006) (MCPA requires plaintiff to show "a duty to disclose [defendant's] specific data security measures (or lack thereof), as well as a violation of that duty which amounts to more than mere negligence") | Mich. Comp. Laws Ann. § 445.911 (requiring a prior finding or the act to be specifically prohibited by the statute) |
| **Minn. Consumer Fraud Act, Minn. Stat. §§ 325F.68 & 8.31**, *et seq.* | 52 | Robert J. Etten (¶ 60); Jennifer Ann Harris (¶ 61); Alexander Hepburn (¶ 62) | *E-Shops Corp. v. U.S. Bank Nat'l Ass'n.*, 678 F.3d 659, 665–66 (8th Cir. 2012) (plaintiff's MCFA claim failed for lack of particularity under Rule 9(b)'s heightened pleading standard) | Minn. Stat. § 8.31(3a) (requiring injury) | Minn. Stat. § 325F.69 (must be "in connection with the sale of any merchandise") | *Graphic Commc'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 850 N.W.2d 682, 685–86 (Minn. 2014) ("for an omission-based claim [under MCFA] to be actionable, there must be a … duty to disclose the omitted facts") | |
| **Minn. Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43**, *et seq.* | 53 | Robert J. Etten (¶ 60); Jennifer Ann Harris (¶ 61); Alexander Hepburn (¶ 62) | *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665–66 (8th Cir. 2012) (plaintiff's MUDTPA claim failed for lack of particularity under Rule 9(b)'s heightened pleading standard) | Minn. Stat. § 325D.45 (requiring that plaintiff is "likely to be damaged") | | | |

9

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Miss. Consumer Protection Act, Miss. Code §§ 75-24-1,** *et seq.* | 54 | Joseph Packwood (¶ 63); Terry Goza (¶ 64) | | Miss. Code § 75-24-15 (requiring an "ascertainable loss of money or property") | Miss. Code § 75-24-15 (must be in connection with a purchase or lease of goods or services)<br><br>No Contract Plaintiffs | | Miss. Code § 75-24-15 (prohibiting class actions) |
| **Mo. Merchandise Practices Act, Mo. Rev. Stat. §§ 407.010,** *et seq.* | 55 | Kayla Ferrel (¶ 65); Tabitha Thomas Hawkins (¶ 66) | *Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006) ("Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims.") | Mo. Rev. Stat. § 407.025 (requiring an "ascertainable loss of money or property") | Mo. Rev. Stat. § 407.020.1 (requiring the action to be "in connection with the sale or advertisement of any merchandise"); *DePeralta v. Dlorah, Inc.*, No. 11–1102–CV–SJ–ODS, 2012 WL 4092191, at *7 (W.D. Mo. Sept. 17, 2012) (same) | *DePeralta v. Dlorah, Inc.*, No. 11–1102–CV–SJ–ODS, 2012 WL 4092191, at *7 (W.D. Mo. Sept. 17, 2012) (an MMPA omission-based claim failed in part because "[c]ourt discern[ed] no duty to disclose such information") | |
| **Mont. Unfair Trade Practices and Consumer Protection Act, MCA §§ 30-14-101,** *et seq.* | 57 | Sabina Bologna (¶ 67); Margaret M. Henkel (¶ 68) | | Mont. Code § 30-14-133 (requiring an "ascertainable loss of money or property") | | | Mont. Code § 30-14-133 (prohibiting class actions) |
| **Neb. Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601,** *et seq.* | 58 | Aloha Kier (¶ 69) | | Neb. Rev. Stat. § 59-1609 (requiring injury) | | | |
| **Neb. Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301,** *et seq.* | 59 | Aloha Kier (¶ 69) | | Neb. Rev. Stat. § 87-303 (requiring that plaintiff is "likely to be damaged") | | | |

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Nev. Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903,** *et seq.* | 60 | Maria Schifano (¶ 70); Clara Parrow (¶ 71) | *Taddeo v. Taddeo*, No. 2:08–CV–01463–KJD–RJJ, 2011 WL 4074433, at *3 (D. Nev. Sept. 13, 2011) (claim must be pleaded with particularity under Rule 9(b)) | Nev. Rev. Stat. Ann. § 41.600 (must be a "victim"); *Picus v. WalMart Stores*, 256 FRD 651, 657 (D. Nev. 2009) (requiring damage) | | *Taddeo v. Taddeo*, No. 2:08–CV–01463–KJD–RJJ, 2011 WL 4074433, at *6 n.3 (D. Nev. Sept. 13, 2011) (granting motion to dismiss because "Plaintiffs must set forth facts showing that the allegedly omitted facts were true at the time Defendants had a duty to disclose them"). | |
| **N.H. Consumer Protection Act, N.H.R.S.A. §§ 358-A,** *et seq.* | 62 | Todd Heath (¶ 72) | | N.H. Rev. Stat. § 358-A:10 (requiring injury) | | | |
| **N.J. Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1,** *et seq.* | 64 | Christopher P. Dunleavy (¶ 73); Michael Getz (¶ 74) | *Castro v. Sorvan Self Storage, Inc.*, 114 F. Supp. 3d 204, 219 n.12 (D.N.J. 2015) (holding that claims brought under the New Jersey Consumer Fraud Act must satisfy the heightened pleading requirement of Rule 9(b)); *see also DeLuca v. CitiMortgage*, 543 F. App'x 194, 196 (3d Cir. 2013) (unpublished) (same) | *DiCuio v. Brother Int'l Corp.*, 653 F. App'x 109, 112 (3d Cir. 2016) (listing ascertainable loss as an element of the claim) | | | |

11

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **N.M. Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2,** *et seq.* | 65 | Dean Edward Armstrong (¶ 75) | | N.M. Stat. Ann. § 57-12-10(B) (requiring a "loss of money or property" for an action to recover damages) | | *Brooks v. Norwest Corp.*, 103 P.3d 39, 51 (N.M. Ct. App. 2004) ("To prove their [Unfair Practices Act] claim at trial, Plaintiffs must first establish that [defendant] had a duty to disclose material facts reasonably necessary to prevent any statements from being misleading."). | |
| **N.Y. General Business Law, N.Y. Gen. Bus. Law §§ 349,** *et seq.* | 67 | Thomas Patrick Schneider (¶ 76); Gerry Tobias (¶ 77); Josh Grossberg (¶ 78) | | *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) ("plaintiff must have sustained injury as a result" of the violation of § 349) | | | |
| **N.C. Unfair Trade Practices Act, N.C. Gen. Stat. Ann. §§ 75-1.1,** *et seq.* | 69 | James Gay (¶ 79) | | N.C. Gen. Stat. § 75-16 (requiring injury) | | | |
| **N.D. Unlawful Sales or Advertising Act, N.D. Cent. Code §§ 51-15-01,** *et seq.* | 71 | Thomas Edward Crowell (¶ 80) | | *A & R Fugleberg Farms, Inc. v. Triangle Ag, LLC*, No. 3:09-CV-07, 2010 WL 1418870, at *6 (D.N.D. Apr. 7, 2010) (plaintiff must be "aggrieved") | N.D. Cent. Code § 51-15-02 (must be "in connection with sale or advertisement of any merchandise") | | |

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq.*** | 72 | David L. Kacur (¶ 81) | | *Lilly, Jr. v. Hewlett-Packard Co.*, No. 1:05-cv-465, 2006 WL 1064063, at *5 (S.D. Ohio Apr. 21, 2006) (noting that "plaintiff must establish that his or her damages were proximately caused by the defendant's conduct") | Ohio Rev. Code § 1345.02(A) (must be "in connection with a consumer transaction")

No Contract Plaintiffs | | Ohio Rev. Code § 1345.09(B) (requiring a prior finding or act specifically prohibited by the statute) |
| **Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01, *et seq.*** | 73 | David L. Kacur (¶ 81) | | Ohio Rev. Code § 4165.03 (requiring plaintiff to be injured to seek actual damages) | | | |
| **Okla. Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751, *et seq.*** | 74 | Richard Dale Parks (¶ 82) | *Parks v. AT&T Mobility, LLC*, No. CIV-09-212-D, 2010 WL 830000, at *2 (W.D. Okla. March 4, 2010) (dismissing the plaintiff's claim because it was not pleaded with enough specificity) | Okla. Stat. Tit. 15, § 761.1 (plaintiff must be "aggrieved"); *Walls v. Am. Tobacco Co.*, 13 P.3d 626, 630 (Okla. 2000) ("a consumer must suffer some detriment or loss") | | *Woodrum v. Integris Health, Inc.*, No. CIV-05-1224-HE, 2006 WL 8436429, at *4 (W.D. Okla. Apr. 5, 2006) (dismissing plaintiffs' OCPA claim because there was no duty to disclose) | |
| **Or. Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.608, *et seq.*** | 76 | Donald Angelechio (¶ 83); Natasha Carr (¶ 84) | | Or. Rev. Stat. § 646.638(1) (requiring an "ascertainable loss of money or property") | | | Or. Rev. Stat. § 646.638 (statutory damages may only be recovered in a class action if the act is declared unlawful by the statute) |

13

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Pa. Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-3,** *et seq.* | 77 | Anthony Mirarchi (¶ 85); Joanne Klotzbaugh (¶ 86); Leah Lipner (¶ 87); Christy Adams (¶ 88) | | 73 Pa. Stat. § 201-9.2 (requiring an "ascertainable loss of money or property") | 73 Pa. Stat. § 201-9.2 (must be in connection with a purchase or lease of goods or services) | | |
| **R.I. Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1,** *et seq.* | 79 | Stephen Plante (¶ 89); John J. Pagliarulo (¶ 90) | | R.I. Gen. Laws § 6-13.1-5.2 (requiring an "ascertainable loss of money or property") | R.I. Gen. Laws § 6-13.1-5.2 (must be in connection with a purchase or lease of goods or services)<br><br>No Contract Plaintiffs | | |
| **S.C. Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10,** *et seq.* | 81 | Michael Louis Hornblas (¶ 91); Gregory Jacobs (¶ 92) | | S.C. Code Ann. § 39-5-140 (requiring an "ascertainable loss of money or property") | | | S.C. Code Ann. § 39-5-140 (prohibiting class actions for actual damages) |
| **S.D. Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1,** *et seq.* | 82 | Pete Swiftbird (¶ 93) | | S.D. Codified Laws § 37-24-31 (must be "adversely affected" by an unlawful practice) | S.D. Codified Laws § 37-24-6 (if brought under § 37-24-6(1), then must be "in connection with the sale or advertisement of any merchandise")<br><br>No Contract Plaintiffs | | |
| **Tenn. Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101,** *et seq.* | 84 | Jonathan Strausser (¶ 94) | *Bridgestone Am.'s Inc. v. Int'l Bus. Machines Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (claims under the TCPA are subject to Rule 9(b)) | Tenn. Code Ann. § 47-18-109(a)(1) (requiring "an ascertainable loss of money or property") | | | |

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Tex. Deceptive Trade Practices–Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41,** *et seq.* | 85 | Delitha J. May (¶ 95); Ricardo A. Clemente (¶ 96); John R. Hammond (¶ 97) | | Tex. Bus. & Com. Code Ann. § 17.50(a) (providing prohibited act must cause "economic damages or damages for mental anguish") | Tex. Bus. & Com. Code § 17.45(4) (defining "consumer") & § 17.50(a) (action may be brought only by a "consumer"); *Lara v. Lile*, 828 S.W.2d 536, 542 (Tex. App. 1992) ("[A] person who has no relationship to the sales transaction may not be a consumer of the goods or services under the DTPA.") | *Martin v. Ford Motor Co.*, No. CIV. A. G–95–225, 1995 WL 1554361, at *4 (S.D. Tex. Aug. 15, 1995) ("No duty to disclose arises under the DTPA if the seller fails to disclose information which is not known to him.") | |
| **Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1,** *et seq.* | 86 | Ana Solorio (¶ 98); Abby Lee Elliott (¶ 99) | | Utah Code Ann. § 13-11-19(4)(a) (plaintiff must suffer a loss) | Utah Code §§ 13-11-4 & 13-11-5 (must be "in connection with a consumer transaction")<br><br>No Contract Plaintiffs | | Utah Code § 13-11-19 (requiring a prior finding) |
| **Vt. Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, §§ 2451,** *et seq.* | 87 | David Bielecki (¶ 100) | | Vt. Stat. Ann. Tit. 9, § 2461 (must "sustain[] damages or injury"); *Knutsen v. Dion*, 90 A.3d 866, 871 (Vt. 2013) ("consumer must sustain damages or injury" to maintain claim) | 9 Vt. Stat. § 2461(b) ("any consumer who contracts for goods or services"); *Knutsen v. Dion*, 90 A.3d 866, 873 (Vt. 2013) (requiring "direct involvement in [a] consumer transaction")<br><br>No Contract Plaintiffs | | |

15

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **V.I. Consumer Fraud and Deceptive Business Practices Act, V.I. Code tit. 12A, §§ 301,** *et seq.* | 89 | NO NAMED PLAINTIFFS (but alleged in the complaint for the "Virgin Islands Subclass") | | V.I. Code tit. 12A, § 331 (requiring injury) | | | |
| **V.I. Consumer Protection Law, V.I. Code tit. 12A, §§ 101,** *et seq.* | 90 | NO NAMED PLAINTIFFS (but alleged in the complaint for the "Virgin Islands Subclass") | | V.I. Code tit. 12A, § 108 (must "suffer[] a loss") | | | V.I. Code tit. 12A, § 108 (requiring a prior finding) |
| **Va. Consumer Protection Act, Va. Code Ann. §§ 59.1-196,** *et seq.* | 92 | Bridgette Craney (¶ 101) | *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 657 (4th Cir. 2014) (affirming dismissal of plaintiff's claims for violations of the Virginia Consumer Protection Act because they were not pleaded with particularity and thus did not satisfy Rule 9(b)). | Va. Code Ann. § 59.1-204 (must suffer a loss) | Va. Code Ann § 59.1-200 (must be "in connection with a consumer transaction")<br><br>No Contract Plaintiffs | | |

16

| State Law | Count | Named Plaintiff(s) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem., § III.A.2) | Failure To Allege Cognizable Injury (Mem., § III.A.4) | Failure To Allege Requisite Consumer Transaction (Mem., § III.A.5)[1] | No Duty To Disclose (Mem., § III.A.6) | Class Action Not Permitted (or Limited) (Mem., § I.E.4) |
|---|---|---|---|---|---|---|---|
| **Wash. Consumer Protection Act, Wash. Rev. Code Ann. §§ 19.86.020,** *et seq.* | 94 | Kismet Harvey (¶ 102); Katie Van Fleet (¶ 103); Francine Campbell (¶ 104) | | Wash. Rev. Code Ann. § 19.86.090 (must be "injured in his or her business or property") | | *Nguyen v. Doak Homes, Inc.*, 167 P.3d 1162, 1166–67 (Wash. Ct. App. 2007) (affirming dismissal of CPA claim where plaintiff "has not identified any basis for her claim that [defendant] failed to comply with an obligation to disclose to her any material defects about the house") | |
| **W. Va. Consumer Credit and Protection Act, W. Va. Code §§ 46A-6-101,** *et seq.* | 95 | Debra Lee (¶ 105) | | W. Va. Code § 46A-6-106(a) & (b) (requiring an "actual out-of-pocket loss" and an "ascertainable loss of money or property") | W. Va. Code § 46A-6-106(a) (must in connection with a purchase or lease of goods or services)<br><br>No Contract Plaintiffs | | |
| **Wis. Deceptive Trade Practices Act, Wis. Stat. §§ 100.18,** *et seq.* | 97 | Kyle Olson (¶ 106); Robert Anderson (¶ 107) | | Wis. Stat. § 100.18(11) (must suffer "pecuniary loss") | Wis. Stat. § 100.18(1) (must be related to a "purchase, sale, hire, use or lease" of merchandise or service)<br><br>No Contract Plaintiffs | | |

17