# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br><br>Case No. 17-MD-2800<br><br>**TRACK UNASSIGNED**<br>*City of Chicago v. Equifax, Inc.*<br>Member Case No. 18-CV-01470 |

### REPLY TO EQUIFAX'S OPPOSITION TO PLAINTIFF'S MOTION TO ESTABLISH A SEPARATE TRACK FOR GOVERNMENTAL ENFORCEMEN ACTIONS

Plaintiff City of Chicago ("Chicago"), by its Corporation Counsel, Edward N. Siskel, respectfully submits this Reply in support of its Motion to establish a separate track for governmental enforcement actions, which responds to Equifax's opposition to said Motion.[1] In support of this Motion, Chicago states as follows:

**I. Chicago's Claims Are Not Included In The Consumer Plaintiffs' Consolidated Complaint.**

It is clear from the face of the Consumer Plaintiffs' Consolidated Complaint ("CPC") that none of Chicago's claims in form or substance are asserted or

---

[1] This is Chicago's second Reply in support of its Motion to establish a separate track for governmental enforcement actions. As explained in Chicago's clarification filed June 26, 2018 at Dkt. No. 424, Chicago never received an ECF notification or other service of Equifax's Response, which was filed June 12, 2018 as Dkt. No. 411. This Reply addresses Equifax's opposition, whereas Chicago's prior Reply, filed June 26, 2018 as Dkt. No. 423, only addressed Consumer Plaintiffs' opposition.

1

otherwise represented.  Equifax's claim that "all but one of the City's causes of action" arise out of violations of two Illinois statutes is incorrect.  Aside from seeking declaratory and injunctive relief in Count VI, each of Chicago's five causes of action arises under Chicago's Municipal Code, specifically Section 2-25-090 of the Code.  *See* First Amended Complaint, *City of Chicago v. Equifax*, 1:17-CV-07798, Dkt. No. 34 (N.D. Ill. Mar. 21, 2018).  Chicago has not brought any claims against Equifax under the Illinois Personal Information Protection Act or the Illinois Consumer Fraud and Deceptive Practices Act.  *See* Equifax's Response, *In re Equifax, Inc. Customer Data Security Breach Litig.*, 1:17-MD-02800-TWT, Dkt. No. 411 at 5-6 (N.D. Ga. Jun. 12, 2018).[2]

Equifax's recently-filed Motion to Dismiss also shows that Chicago's claims are not covered by the CPC.  *See* Equifax's Motion to Dismiss, Dkt. No. 425 (June 27, 2018).  Prior to the transfer of Chicago's case into this MDL, Equifax declared its intention to move, under Federal Rule of Civil Procedure 12(b), to dismiss Chicago's case on the basis that "the City has exceeded its home rule authority in its application of the City ordinance."  *City of Chicago v. Equifax Inc.*, Case No. 17-CV-07798, Dkt. No. 15 at 3, n.2 (N.D. Ill. Nov. 3, 2017); Dkt. No. 20 at 3 (N.D. Ill. Nov. 9, 2017).  Yet nowhere in Equifax's Motion to Dismiss the CPC does Equifax even mention Chicago's home rule authority—for the simple reason

---

[2] Equifax does not contest that Chicago is not identified as a plaintiff in either of the pending consolidated complaints.

that none of Chicago's claims are included in that consolidated complaint. To take Equifax's view that Chicago's municipal ordinance claims are, in fact, currently included in the CPC would mean that Equifax has waived its argument that Chicago has exceeded its home rule authority.

## II. Chicago's Governmental Enforcement Action Warrants A Separate Track.

Much like the Consumer Plaintiffs' opposition to Chicago's motion, Equifax's claim that Chicago's lawsuit is not unique enough focuses on discovery issues. Regardless of which track a case is assigned to, the purpose of consolidation is to coordinate discovery amongst all consolidated lawsuits. While Chicago has made similar arguments to avoid *consolidation*, the relief sought now—a separate track and/or separate complaint—is different.[3]

The creation of a third track for governmental enforcement actions is to parse out Chicago's distinct legal claims which will involve distinct legal issues. As explained in Chicago's opening Motion, creating a separate track would allow this Court to more efficiently address Chicago's claims with no impact or delay to adjudication of Consumer Plaintiffs' claims. While there may be, as Equifax

---

[3] Further, Equifax complains that Chicago's Motion came "nearly two months" after its case was transferred. Equifax's Response, Dkt. No. 411 at 5. Chicago would like to note for this Court that though its case was transferred into the MDL on April 5, 2018, undersigned counsel did not receive an ECF login or the ability to electronically file documents in the MDL until May 15, 2018, despite repeated efforts, and was informed by the clerk's office that there were technological issues preventing the creation of an ECF login.

alleges, over 40 non-class action cases pending in the Consumer Track that have been brought by individual Plaintiffs, this Court will have to analyze and assess whether those 40 individual plaintiffs have standing—a legal issue that Equifax does not deny Chicago's governmental enforcement action is exempt from. Thus, while Equifax bemoans a fourth complaint (though it had not objected to the filing of a third complaint), Chicago's Motion and subsequent Replies show that an additional complaint for governmental enforcement actions will lead to the more efficient resolution of Chicago's claims and of the MDL as a whole.

Moreover, while Equifax uses the creation of an additional briefing schedule as a reason to assign Chicago to the Consumer Track, the briefing schedule will have to be revised regardless of how this Court rules on Chicago's Motion. Including Chicago's claims under the Municipal Code of Chicago in the CPC would require amendment of the consolidated complaint and a new briefing schedule. As stated in Chicago's Reply to the Consumer Plaintiffs, regardless of whether a third track will be created, Chicago intends to be fully included as a plaintiff within this MDL and expects that its claims will be litigated.

## CONCLUSION

WHEREFORE, for the reasons stated above and in Chicago's May 22, 2018 Motion (Dkt. No. 385) and June 26, 2018 Reply (Dkt. No. 423), Chicago requests this Court to establish a separate track of the MDL for government enforcement

actions, which would include Chicago's pending lawsuit against Equifax, in order to promote the efficient resolution not only of Chicago's case but for all cases consolidated herein.

Date: June 29, 2018                Sincerely,

*/s/ Christie L. Starzec*
Christie L. Starzec, Assistant Corporation Counsel
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 N LaSalle St., Suite 1230
Chicago, Illinois 60602
Phone: (312) 744-7864
Email: Christie.Starzec@cityofchicago.org

*Counsel for Plaintiff City of Chicago*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 29, 2018, a copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF system, which will send a notice of the filing to all counsel of record.

/s/ Christie L. Starzec
Christie L. Starzec