IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This filing relates to:<br><br>*Craven Randall Casper v. Equifax Inc.*, Case No. 1:18-CV-1511-TWT | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

### EQUIFAX'S RESPONSE TO PLAINTIFF CASPER'S MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to Section Three of Case Management Order No. 5 (Dkt. No. 409), Defendant Equifax Inc. ("Equifax") respectfully submits this response to *pro se* Plaintiff Craven Randall Casper's Motion for Attorneys' Fees and Costs (Dkt. No. 39) in the matter *Craven Randall Casper v. Equifax Inc.*, Case No. 1:18-CV-1511-TWT, which is currently pending in this MDL.[1]  The Court should deny Plaintiff's motion because (i) Plaintiff is not an attorney and therefore cannot recover attorneys' fees under the statutes cited in his motion, and (ii) even if Plaintiff could

---

[1] The Judicial Panel on Multidistrict Litigation issued a conditional remand order ("CRO") for Plaintiff's case on June 8, 2018.  *See In re Equifax, Inc., Customer Data Security Breach Litig.*, MDL No. 2800 (J.P.M.L.), Dkt. No. 767.  However, because the CRO has not yet been finalized, Equifax submits this response in accordance with CMO-5.

1

recover attorneys' fees, he obviously has not prevailed on any of his claims as required to warrant an award of attorneys' fees.

### 1. Plaintiff Is Not An Attorney And Therefore Cannot Recover Attorneys' Fees.

Plaintiff's motion seeks over $100,000 in "attorneys' fees and costs incurred in having to institute and/or respond to this legal action" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3) ("FDCPA") and/or the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-16.1 ("UDTPA"). Dkt. No. 39, ¶¶ 5-6. Plaintiff is not an attorney, however, and the FDCPA does not permit *pro se* litigants to recover attorneys' fees. *See Zahedi v. McCalla Raymer, LLC*, No. 1:15-cv-525-WSD, 2016 WL 1064554, at *6 (N.D. Ga. Mar. 15, 2016) (dismissing *pro se* plaintiffs' claims for attorneys' fees under the FDCPA and finding plaintiffs "are not entitled to recover attorneys' fees because they are proceeding *pro se*"); *Bryant v. Deutsche Bank Nat'l Tr. Co.*, No. 1:15-CV-3433-TCB-LTW, 2016 WL 10568322, at *3 (N.D. Ga. Nov. 21, 2016) ("Plaintiff is not entitled to an award of attorney's fees [under the FDCPA] because he is proceeding pro se."), *R. & R. adopted*, No. 1:15-CV-3433-TCB, 2017 WL 5484697 (N.D. Ga. Jan. 26, 2017). Nor does North Carolina's UDTPA permit *pro se* parties to recover attorneys' fees. *See* N.C. Gen. Stat. Ann. § 75-16.1 (permitting judge to award attorneys' fees "to the *duly licensed attorney*

2

representing the prevailing party") (emphasis added); *see also Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, 747 F. Supp. 2d 568, 591 (W.D.N.C. 2010) (rejecting claim under UDTPA for fees of "project assistant" who had no "legal training or background").

Because Plaintiff is not an attorney, he cannot recover any attorneys' fees.

### 2. Plaintiff Has Not Prevailed On Any Claims.

Even if the FDCPA or North Carolina's UDTPA permitted a *pro se* litigant to recover attorneys' fees (and they do not), Plaintiff's motion would still fail because he has not prevailed on any claims and thus cannot be awarded attorneys' fees. A party must prevail under the FDCPA and North Carolina's UDTPA before attorneys' fees may be awarded. *See Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1996) (holding that party must first successfully prove actual damages arising from a violation of the FDCPA in order to receive attorneys' fees and costs); *Llera v. Sec. Credit Sys., Inc.*, 93 F. Supp. 2d 674, 677 (W.D.N.C. 2000) ("To qualify as a prevailing party under [the attorneys' fees provision of North Carolina's UDTPA], Plaintiff must prove: (1) an actual violation of [the UDTPA]; and (2) that she suffered an actual injury as a result of the violation.").

Here, the Judicial Panel on Multidistrict Litigation transferred Plaintiff's case to this MDL on April 5, 2018 (Dkt. No. 287 at 2), upon which Equifax's

3

deadline to respond to Plaintiff's complaint was suspended without date. *See* CMO-1, Dkt. No. 23 at 4; CMO-3, Dkt. No. 248 at 5.[2] Plaintiff's claims against Equifax are thus currently stayed, and he has not prevailed on any of those claims. Because Plaintiff is not a prevailing party, he cannot recover any attorneys' fees.

## **CONCLUSION**

The Court should deny Plaintiff's motion for attorneys' fees and costs.

Respectfully submitted this 11th day of July, 2018.

---

[2] Plaintiff's suggestions that Equifax "has failed to file an ANSWER," that "Summary Judgment . . . must be swiftly granted," and that he "should be awarded actual damages . . . in the amount of **one hundred million dollars**" are baseless for the same reason. *Casper*, Dkt. No. 39, ¶¶ 2, 3, 15; *see also Casper*, Dkt. No. 43 (Equifax's response to Plaintiff's "motion to compel" an answer).

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Defendant Equifax Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Response was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 11th day of July, 2018.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.  Additionally, *pro se* Plaintiff Craven Randall Casper was served with **EQUIFAX'S RESPONSE TO PLAINTIFF CASPER'S MOTION FOR ATTORNEYS' FEES AND COSTS** on July 11, 2018 by United States mail, postage prepaid, and addressed as follows:

Craven Randall Casper
LEGAL MAIL
P.O. Box 2311
Chapel Hill, NC 27515

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II