# Exhibit 1

# CHART SUMMARIZING EQUIFAX'S ARGUMENTS
# APPLICABLE TO STATE CONSUMER PROTECTION ACT CLAIMS

Equifax's Memorandum of Law in Support of its Motion to Dismiss outlines all of Equifax's arguments regarding Plaintiffs' claims under State consumer protection statutes. *See generally* Motion, Section V. Several of those arguments apply to all (or substantially all) of the consumer protection act Counts listed in the chart below. The below chart summarizes the Counts that should be dismissed because (1) Plaintiffs have sued under statutes that prohibit or restrict class actions (*see* Mem. of Law, Section V.A.4); (2) Plaintiffs failed to meet heightened pleading requirements (*see id.*, Section V.B.2.a); (3) Plaintiffs failed to allege a cognizable injury (*see id.*, Section V.B.2.c); (4) Plaintiffs failed to allege a requisite consumer transaction (*see id.*, Section V.B.2.d); (5) Plaintiffs have sued for damages under statutes that only provide for equitable relief (*see id.*, Section V.B.2.e).

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Ark. Deceptive Trade Practices Act, Ark. Code §§ 4-88-101,** *et seq.* | 5 | Alcoa Community Federal Credit Union (¶ 12); FNBC Bank (¶ 28) | Ark. Code § 4-88-113(f)(1)(B) (prohibiting class actions) | | Ark. Code § 4-88-113(f)(1)(A) (requiring an "actual financial loss") | | |
| **Colo. Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101,** *et seq.* | 6 | Aventa Credit Union (¶ 16) | | | *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining*, Inc., 62 P.3d 142, 147 (Colo. 2003) (requiring an injury in fact to a legally protected interest) | | |

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq*.** | 7 | Putnam Bank (¶ 42) | | *Lentini v. Fid. Nat'l Title Ins. Co. of New York*, 479 F. Supp. 2d 292, 298 n.2 (D. Conn. 2007) (explaining that to the extent that CUTPA claims "rely on affirmative statements or omissions involving fraud or mistake, Rule 9(b) applies") | Conn. Gen. Stat. § 42-110g(a) (requiring plaintiff to suffer an "ascertainable loss of money or property") | | |

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Fla. Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201,** *et seq.* | 8 | Suncoast Credit Union (¶ 52) | | | Fla. Stat. § 501.211 (requiring plaintiff to "suffer[] a loss" to recover "actual damages") | *Monsanto v. Campuzano*, 206 F. Supp. 2d 1239, 1251 (S.D. Fla. 2002) ("A private right of action for damages under the Act, however, cannot be maintained unless the alleged unfair or deceptive acts or practices complained of involve[d] a consumer transaction."); *In re Maxxim Med. Grp.*, 434 B.R. 660, 693 (Bankr. M.D. Fla. 2010) (finding that the company was not acting as consumer or purchaser of goods or services in its dealings, and therefore the company lacked standing to maintain claim under the Florida consumer protection statute). | |

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Ga. Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370,** *et seq.* | 9 | Peach State Federal Credit Union (¶ 39) | | | O.C.G.A. § 10-1-373 (requiring that plaintiff is "likely to be damaged") | | Ga. Code Ann. § 10-1-373 (providing only injunctive relief); *Willingham v. Glob. Payments, Inc.*, No. 1:12-CV-01157-RWS, 2013 WL 440702, at *16 (N.D. Ga. Feb. 5, 2013) ("Injunctive relief is the sole remedy under the UDTPA.") |
| **Ill. Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. §§ 505/1,** *et seq.* | 10 | Consumers Cooperative Credit Union (¶ 17); Durand State Bank, LSC (¶ 19); Services Credit Union (¶ 46) | | | *Cooney v. Chi. Pub. Sch.*, 943 N.E.2d 23, 30–31 (Ill. App. Ct. 1st Dist. 2010) ("To support a Consumer Fraud Act claim, actual damages must arise from purely economic injuries.") (quotation marks omitted) | *Lake Cty. Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc.*, 654 N.E.2d 1109, 1115–16 (1995) (Ill. Ct. App. 2d Dist., 1995) (the alleged unfair practice cannot relate to a contractual relationship between two businesses; but rather it must implicate consumer protection concerns). | |

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **La. Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401,** *et seq.* | 11 | ASI Federal Credit Union (¶ 14); Bank of Louisiana (¶ 36); Bank of Zachary (¶ 57) | La. Rev. Stat. § 51:1409(A) (precluding class actions for damages) | | La. Rev. Stat. § 51:1409 (requiring an "ascertainable loss of money or movable property") | | |
| **Mass. Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A, §§ 1,** *et seq.* | 12 | UMassFive College Federal Credit Union (¶ 54) | | | Mass. Gen. Laws Ch. 93A, § 9(1) (requiring injury) | | |
| **Minn. Consumer Fraud Act, Minn. Stat. §§ 325F.68 & 8.31,** *et seq.* | 13 | Firefly Credit Union (¶ 23) | | *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665–66 (8th Cir. 2012) (plaintiff's MCFA claim failed for lack of particularity under Rule 9(b)'s heightened pleading standard) | Minn. Stat. § 8.31(3a) (requiring injury) | Minn. Stat. § 325F.69 (must be "in connection with the sale of any merchandise"); *Kovatovich v. K-Mart Corp.*, 88 F. Supp. 2d 975, 985 n.4 (D. Minn. 1999) (finding a non-consumer plaintiff had no protections under the Minnesota statute and dismissing plaintiff's claims with prejudice) | |

5

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Minn. Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43,** *et seq.* | 14 | Firefly Credit Union (¶ 23) | | *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665–66 (8th Cir. 2012) (plaintiff's MUDTPA claim failed for lack of particularity under Rule 9(b)'s heightened pleading standard) | Minn. Stat. § 325D.45 (requiring that plaintiff is "likely to be damaged") | | Minn. Stat. § 325D.45(1) (providing only injunctive relief); *Nelson v. Am. Family Mut. Ins. Co.*, 262 F. Supp. 3d 835, 862 (D. Minn. 2017) ("The MDTPA also does not allow for the recovery of monetary damages, with the sole statutory remedy being injunctive relief.") |
| **Neb. Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601,** *et seq.* | 16 | First Nebraska Credit Union (¶ 26); Pinnacle Bancorp (¶ 41) | | | Neb. Rev. Stat. § 59-1609 (requiring injury) | | |
| **Neb. Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301,** *et seq.* | 17 | First Nebraska Credit Union (¶ 26); Pinnacle Bancorp (¶ 41) | | | Neb. Rev. Stat. § 87-303 (requiring that plaintiff is "likely to be damaged") | | Neb. Rev. Stat. § 87-303 (providing only injunctive relief); *Reinbrecht v. Walgreen Co.*, 742 N.W.2d 243, 247 (Neb. Ct. App. 2007) ("The UDTPA, specifically § 87–303, does not provide a private right of action for damages.") |

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-2**, *et seq.* | 18 | First Financial Credit Union (¶ 25) | | | N.M. Stat. Ann. § 57-12-10(B) (requiring a "loss of money or property" for an action to recover damages) | | |
| **N.Y. General Business Law, N.Y. Gen. Bus. Law §§ 349**, *et seq.* | 19 | SEFCU (¶ 49); The Summit Federal Credit Union (¶ 51); Hudson River Community Credit Union (¶ 33) | | | *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) ("plaintiff must have sustained injury as a result" of the violation of § 349) | *Small v. Lorillard Tobacco Co., Inc.*, 720 N.E.2d 592, 897 (N.Y. 1999) ("Generally, claims under the statute are available to an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising.") | |

7

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **N.C. Unfair Trade Practices Act, N.C. Gen. Stat. Ann. §§ 75‑1.1,** *et seq.* | 20 | Oteen VA Federal Credit Union (¶ 38) | | | N.C. Gen. Stat. § 75-16 (requiring injury) | *In re Brokers, Inc.*, 396 B.R. 146, 163-64 (Bankr. M.D.N.C. 2008) (holding that plaintiff brokers who were not acting as consumers were not "the sort of plaintiff intended to be protected" under the Minnesota consumer protection statute); *Bunting v. Perdue, Inc.*, 611 F. Supp. 682, 691-92 (E.D.N.C. 1985) (dismissing plaintiff's claim because they were not "consumers" and thus, not "deserving of the statute's protection" and also finding that the statute's intent was to "establish an effective private cause of action for aggrieved consumers") | |

8

| State Law | Count | Named Plaintiff(s) | Class Action Not Permitted (or Limited) (Mem. of Law, § V.A.4) | Failure to Meet Court-Recognized Heightened Pleading Requirements (Mem. of Law, § V.B.2.a) | Failure To Allege Cognizable Injury and/or Damages (Mem. of Law, § V.B.2.c) | Failure To Allege Requisite Consumer Transaction (Mem. of Law, § V.B.2.d) | Act Only Provides for Injunctive Relief (Mem. of Law, § V.B.2.e) |
|---|---|---|---|---|---|---|---|
| **Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. §§ 4165.01,** *et seq.* | 21 | Greater Cincinnati Credit Union (¶ 30); Wright-Patt Credit Union (¶ 56); Seven Seventeen Credit Union, Inc. (¶ 47) | | | Ohio Rev. Code Ann. § 4165.03 (requiring plaintiff to be injured to seek actual damages) | | |
| **Okla. Consumer Protection Act, Okla. Stat. tit. 15, §§ 751,** *et seq.* | 22 | Halliburton Employees' Federal Credit Union (¶ 31); Peoples National Bank (¶ 40) | | *Parks v. AT&T Mobility, LLC*, No. CIV-09-212-D, 2010 WL 830000, at *2, *4 (W.D. Okla. March 4, 2010) (dismissing the plaintiff's claim because it was not pleaded with enough specificity) | Okla. Stat. tit. 15, § 761.1 (plaintiff must be "aggrieved"); *Walls v. Am. Tobacco Co.*, 13 P.3d 626, 630 (Okla. 2000) ("a consumer must suffer some detriment or loss") | *CTI Servs. LLC v. Haremza*, 797 F. Supp. 2d 1257, 1263-64 (N.D. Okla. 2011) (granting summary judgment because business plaintiff was not an "aggrieved consumer") | |
| **Okla. Deceptive Trade Practices Act, Okla. Stat. tit. 78, §§ 51,** *et seq.* | 23 | Halliburton Employees' Federal Credit Union (¶ 31); Peoples National Bank (¶ 40) | | | Okla. Stat. tit. 78, § 54(A) (requiring a person to be "damaged" to recover "actual damages") | | |
| **Tenn. Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101,** *et seq.* | 24 | Bank of Ripley (¶ 43) | Tenn. Code Ann. § 47-18-109(g) ("No class action lawsuit may be brought to recover damages…") | *Bridgestone Am.'s Inc. v. IBM*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (claims under the TCPA are subject to Rule 9(b)) | Tenn. Code Ann. § 47-18-109(a)(1) (requiring "an ascertainable loss of money or property") | | |

9