# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                   MDL No. 2800

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Morgan*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2800. Defendant Equifax Inc. opposes the motion to vacate.

After considering all arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. The *Morgan* action involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach, and that defendants failed to inform the public of the data breach in a timely manner.

Plaintiff argues that her action is unique because she alleges that (1) she was victimized in two separate Equifax data breaches—the 2017 data breach that is at issue in MDL No. 2800 and a separate 2015 data breach, and (2) Equifax failed to comply with plaintiff's request that it cease all collection and distribution of her personally identifiable information and delete files connected to her. We find that plaintiff's allegation of some unique facts should not preclude transfer, as Section 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts . . . is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Furthermore, the MDL No. 2800 consumer class action plaintiffs' consolidated amended complaint contains allegations regarding previous Equifax data breaches to support their contention that Equifax had a history of inadequate data security practices. *See* Consol.

---

[*] Judge Sarah S. Vance and Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

Consumer Class Action Compl., MDL No. 2800, ECF No. 374, ¶¶ 166-182.  Therefore, discovery concerning several alleged previous Equifax data breaches will overlap.

Plaintiff also argues that transfer will cause her inconvenience and delay, and that she will be unable to travel to Georgia for trial.  While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole.  *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).  Moreover, Section 1407 transfer is for pretrial purposes only, and plaintiff's action would be remanded to the transferor court for trial.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Charles R. Breyer          Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                                      MDL No. 2800

## SCHEDULE A

<u>Eastern District of Virginia</u>

MORGAN v. EQUIFAX INC., C.A. No. 3:18-00173