**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 2800


**TRANSFER ORDER WITH SIMULTANEOUS**
**SEPARATION AND REMAND**


      **Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Iraheta*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2800 and simultaneously separating and remanding Counts III (violations of FCRA), IV (defamation of plaintiff's character), and VI (negligence). Defendant Equifax Information Services LLC opposes the motion to vacate.

      After considering all arguments, we find that Count V (gross negligence) of plaintiff's complaint involves common questions of fact with actions transferred to MDL No. 2800, and that transfer of this claim will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 involve factual questions arising from a cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. The *Iraheta* action involves allegations that defendants failed to correct inaccurate information on plaintiff's credit report, and that defendants failed to adequately safeguard consumers' personally identifiable information and timely notify consumers of data breaches experienced by defendants, including the 2017 Equifax data breach at issue in MDL No. 2800.

      Plaintiff argues that Count V of his complaint includes unique factual issues that are not common to the MDL No. 2800 actions, as it includes—in addition to allegations regarding the 2017 Equifax data breach—allegations regarding five data breaches suffered by both Equifax and defendant Experian Information Solutions Inc. We find these additional allegations should not prevent transfer. Section 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts . . . is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Moreover, the MDL No. 2800 consumer class action

---

      [*] Judge Sarah S. Vance and Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

plaintiffs' consolidated amended complaint contains allegations regarding previous Equifax data breaches to support their contention that Equifax had a history of inadequate data security practices. *See* Consol. Consumer Class Action Compl., MDL No. 2800, ECF No. 374, ¶¶ 166-182.  Therefore, discovery concerning several alleged Equifax data breaches will overlap.

Plaintiff also argues that the Western District of Louisiana has denied Equifax's request to sever Count V from plaintiff's complaint, finding severance would be a burden on plaintiff.  We are sympathetic to plaintiff's concerns, but are not bound by the transferor court's ruling.  In ruling on the request to sever, the court had before it only the *Iraheta* action, while we must consider not just the parties to *Iraheta*, but the parties in the more than 400 actions pending in MDL No. 2800.  While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole.  *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

Plaintiff finally argues that transfer violates his rights to due process, in that he will be unable to prosecute his claim without interference by MDL No. 2800 leadership counsel.  As an initial matter, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  Plaintiff's arguments are speculative and largely devoid of specifics, and we find they are without merit.  We have rejected similar arguments in the past.[1]  As in those instances, we find that transfer does not deny plaintiff the opportunity to meaningfully participate in pretrial proceedings before the transferee court.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] *See* Transfer Order, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, ECF No. 1561 at 3 (J.P.M.L. Aug. 9, 2013) (characterizing equal protection and due process challenges to transfer as "little more than a makeweight" and noting that "[w]hat has happened and what remains to happen in this MDL will inure to the substantial benefit of litigants in later-filed actions such as these.  Permitting plaintiffs, at this juncture, to go their own way and litigate outside the MDL would severely disrupt the ongoing proceedings, as well as threaten to undo much of the substantial progress achieved to date.").

-3-

IT IS FURTHER ORDERED that Counts III (violations of FCRA), IV (defamation of plaintiff's character), and VI (negligence) in *Iraheta* are simultaneously separated and remanded to the Western District of Louisiana.

PANEL ON MULTIDISTRICT LITIGATION

Marjorie O. Rendell
Acting Chair

Charles R. Breyer                Ellen Segal Huvelle
R. David Proctor                 Catherine D. Perry

**IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION**                    MDL No. 2800

## SCHEDULE A

<u>Western District of Louisiana</u>

IRAHETA v. EQUIFAX INFORMATION SERVICES LLC, ET AL., C.A. No. 5:17-01363