**SCOTT M. LESOWITZ (Calif. SBN 261759)**
scott@syversonlaw.com
**DEAN WEINREICH (Calif. SBN 169255)**
dean@syversonlaw.com
**SYVERSON, LESOWITZ & GEBELIN LLP**
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone:  (310) 341-3076
Facsimile:   (310) 341-3070


Attorneys for Plaintiff
Carson Block

# UNITED STATES DISTRICT COURT,

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br><br>Case No. 1:17-md-2800<br><br><br>CONSUMER TRACK<br>***Carson Block v. Equifax, Inc., et al***<br>Member Case No. 1:17-cv-05341 |

### PLAINTIFF CARSON BLOCK'S MOTION TO ESTABLISH A SEPARATE DISCOVERY TRACK; DECLARATION OF DEAN WEINREICH IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.........................................................................3

MOTION ..................................................................................................4

I.   EFFORTS TO RESOLVE INFORMALLY HAVE BEEN UNSUCCESSFUL.....5

II.  INTRODUCTION ................................................................6

III. THIS COURT HAS BROAD DISCRETION TO DESIGN A PRETRIAL PROGRAM TO ACCOMMODATE UNIQUE ISSUES IN MULTIDISTRICT LITIGATION...............................................................................10

IV. THERE ARE UNIQUE FACTORS IN THE BLOCK ACTION THAT NECESSITATE THE CREATION OF A SEPARATE DISCOVERY TRACK........12

V.  PLAINTIFF WILL SUFFER PREJUDICE IF THE COURT DOES NOT CREATE A SEPARATE DISCOVERY TRACK FOR THE BLOCK ACTION AND ANY LIKE CASES ..............................................................15

VI. REQUESTED MODIFICATIONS ...................................................18

VII. CONCLUSION ..............................................................19

# TABLE OF AUTHORITIES

## CASES

*In re Beef Industry Antitrust Litigation* 432 F.Supp. 211, 213 (J.P.M.L. 1977) .................................................................................................................11

*In re Caesar's Palace Securities Litigation*, 385 F. Supp. 1256 (J.P.M.L. 1974) .................................................................................................................10

*In re Cuisinart Food Processor Antitrust Litigation*, 506 F. Supp. 651 (J.P.M.L. 1981) ......................................................................................................10

*In re IBM Peripheral EDP Devices Antitrust Litigation* 375 F.Supp. 1376, 1407 (J.P.M.L. 1974) ...........................................................................11

*In re Merrill Lynch Auction Rate Securities Litigation* 2010 WL 2541227 (SDNY 2010) ......................................................................................................11

*In re Multi–Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L.1979) .......................................................................................................11

*In re Republic National-Realty Equities Securities Litigation* 382 F.Supp. 1403, 1405-1406 (J.P.M.L. 1974) .............................................................11

## STATUTES

28 U.S.C. § 1407 ........................................................................................................7

## RULES

FRCP 26(b)(1) .........................................................................................................17

## MOTION

Plaintiff Carson Block in case number 1:17-cv-05341-TWT hereby moves for an order to establish a separate track for himself, and to modify certain Case Management Orders as needed to accommodate the establishment of this new track. This motion is necessitated by the fact that the Carson Block lawsuit is unique and distinct from the other cases in this multidistrict litigation insofar as the Block suit names a multiplicity of individual defendants who are otherwise not parties to any of the cases that have been centralized in this multidistrict litigation, and are not parties to the Consolidated Consumer Class Action Complaint that was filed on May 14, 2018.[1] Accordingly, modification of Case Management Orders in this case by creating a separate discovery track for the Block action, as requested herein, will facilitate the just and efficient conduct of this litigation.

Specifically, Plaintiff Block requests that he be free to conduct discovery without reference to the number restrictions set forth in Case Management Order No. 4, dated April 4, 2018, specifically those restrictions contained in Section VI thereof (relating to the number of interrogatories permitted); Section VII thereof (relating to the

---

[1] Those individual defendants are Richard F. Smith; Susan Mauldin; Mary Hannan; Graeme Payne; Harold Boutin; Robert Friedrich; Vidya Sagar Jagadam; Lara Pearson; Shea Giesler; Cliff Barbier and Joe Sanders.

number of requests for admissions permitted); and Section X thereof (relating to the number of depositions permitted).

Block further requests he be allowed to serve such discovery requests as he deems necessary and appropriate, subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, as applicable, but subject to the time frames, deadlines and cut-off dates set forth in the Corrected Joint Preliminary Report and Discovery Plan, dated April 2, 2018, and other applicable Scheduling Orders and Case Management Orders in this case.

Furthermore, Block requests that he may propound discovery (including the taking of depositions) against any individual defendants without the restrictions otherwise imposed by the Order on Appointment of Lead Counsel, dated February 12, 2018, at p.10, otherwise requiring counsel not serving in leadership positions to obtain authorization from Co-Lead Counsel as a condition of conducting such discovery or undertaking such work.

This motion is being made on the grounds set forth in the ensuing sections of this brief, the attached Declaration of Dean Weinreich, and the complete files and records in this action.

## I.  EFFORTS TO RESOLVE INFORMALLY HAVE BEEN UNSUCCESSFUL

Counsel for Plaintiff Block has made reasonable good faith efforts to confer with Co-Lead Counsel for the Consumer Plaintiffs and with Counsel for Equifax by

sending an email to all such counsel on June 20, 2018, explaining the relief to be sought in this motion, and the factual and legal grounds therefor. Attorney Ken Canfield responded by email that same date, on behalf of the Consumer Plaintiffs, stating that the Consumer Plaintiffs would oppose this motion, and that there was no need for any further discussions. Counsel for Plaintiff Block responded, requesting that counsel for Equifax state their position. To date, Equifax has failed to respond to moving party's request to confer regarding the possibility of resolving the subject of this motion without resorting to the intervention of this Court. The whole of the email exchange between counsel described herein is attached hereto as Exhibit A.

## II. INTRODUCTION[2]

The Equifax, Inc., Customer Data Security Breach Litigation ("the MDL" or "the Equifax MDL" or "the Equifax Litigation") concerns the largest and potentially most damaging data breach in history. The security breach occurred as a result of Equifax's failure to patch a well-known security vulnerability on Equifax's consumer disputes web portal. Criminals exploited this vulnerability and gained access to Equifax's systems for months, during which time the criminals accessed approximately 148 million Americans' names, addresses, Social Security numbers, and/or birth dates.

---

[2] The opening paragraphs of this Introduction have been adapted and condensed, in part, from certain narrative sections of the Corrected Joint Preliminary Report in this case, dated April 2, 2018.

The victims of the breach suffered real and imminent harm as a direct consequence of this breach.

Hundreds of lawsuits were filed against Equifax, Inc. ("Equifax") and its affiliated entities, related to the aforesaid security breach on behalf of financial institutions, individuals, and small businesses. The Plaintiffs in those lawsuits (Consumers and Financial Institutions) brought those actions against Equifax for its failure to adequately secure and safeguard personally identifiable information and payment card data, and for failing to provide timely and adequate notice that the personal information had been stolen.

Initially, about 100 of the individual lawsuits against Equifax were transferred to the Northern District of Georgia by order of the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel") to centralize this litigation for pretrial proceedings, pursuant to 28 U.S.C. § 1407, on December 6, 2017. (See Initial Transfer Order in this case, dated December 6, 2017.) Over the ensuing months, another 300 or so security breach lawsuits against Equifax were transferred to this district for pretrial proceedings, by a series of conditional transfer orders. As of April 16, 2018, there were a total of 412 actions currently pending in this MDL. (See the MDL Statistics Report - Distribution of Pending MDL Dockets by District, dated April 16, 2018, which can be found at

http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-16-2018.pdf.)

In Case Management Order No. 2, dated January 10, 2018 ("CMO No. 2"), this Court divided the actions that have been consolidated in this MDL into two discrete categories: (1) Consumer Cases (including cases brought on behalf of individuals and small businesses) and (2) Financial Institution Cases. To manage the litigation most efficiently, the Court created two separate procedural and discovery tracks in this litigation, one for the consumer cases and one for the financial institution cases.

Plaintiff Carson Block filed his lawsuit against Equifax, Inc., and eleven individual defendants, in the Northern District of California, Case No. 17-5367, on September 15, 2017 (hereinafter, "the Block Action"). The JPML transferred the Block Action to the Northern District of Georgia to be centralized in this MDL, pursuant to Conditional Transfer Order No. 1 ("CTO-1"), dated December 18, 2017. The Block Action has been included in the Consumer Track. (See, Joint Preliminary Report and Discovery Plan – Exhibit A, under "Consumer Track Cases," at p. 3.)

In the Corrected Joint Preliminary Report in this case, dated April 2, 2018 (in the section entitled, "Plaintiffs' Statement of Legal Issues," at p. 8), the Report states as follows:

> While all of the lawsuits vary slightly, they allege—fundamentally—the same or similar claims against Equifax. Plaintiffs anticipate that, although their

consolidated amended complaints have not yet been filed, those complaints will contain similar causes of action already brought against Equifax in this MDL.

This characterization of the Plaintiffs' claims in this Equifax Data Security Breach Litigation is not entirely accurate, at least not as it concerns the Block Action. Although it is true that the Block Action shares common factual and legal issues with the other lawsuits that have been centralized in this case, there is one significant area in which the Block Action differs markedly from the overwhelming majority of its companion cases.

Specifically, the Block Action does not limit its claims to Equifax, Inc., and its affiliated companies. As noted above, the claims contained in the Block Action have been asserted against eleven individual defendants, in addition to Equifax. In the various Scheduling Orders and Case Management Orders that have been issued in this MDL, no provision has been made for Plaintiff Carson Block (or any other Plaintiffs who are similarly situated), to enable him to attend to his discovery needs vis-à-vis these individual defendants. This failure to take individual defendants into account is also found in the Consolidated Consumer Class Action Complaint, filed on May 22, 2018. In this pleading, individual defendants are not mentioned at all. The pleading identifies only three defendants: Equifax, Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC. (See Consolidated Complaint, at ¶¶ 109 to 112.)

Accordingly, this distinction requires, as a matter of justice and equity, that the Case Management Orders in this MDL be modified to create a separate discovery track for the Block Action, and possibly other actions that have been centralized in this Court, that share this unique characteristic, as will be discussed in greater detail below.

## III.  THIS COURT HAS BROAD DISCRETION TO DESIGN A PRETRIAL PROGRAM TO ACCOMMODATE UNIQUE ISSUES IN MULTIDISTRICT LITIGATION

There is ample authority for the proposition that the transferee court in multidistrict litigation has plenary power to craft whatever discovery program or case management orders are necessary for the most efficient handling of the case, and to accommodate transfer plaintiffs for any unique discovery needs or issues that are particular to the case. For example, in *In re Cuisinart Food Processor Antitrust Litigation*, 506 F. Supp. 651 (J.P.M.L. 1981), the Panel stated that a judge to whom cases are transferred for consolidated pretrial proceedings has authority to schedule discovery and other pretrial proceedings on any issue unique to the particular action or party to proceed in separate tracks concurrently with common pretrial proceedings. Likewise, in *In re Caesar's Palace Securities Litigation*, 385 F. Supp. 1256 (J.P.M.L. 1974), the Panel stated that where multidistrict litigation is transferred to a single district for a coordinated or consolidated pretrial proceeding, the transferee judge has

great flexibility in tailoring a pretrial schedule to accommodate the divergent interests of the parties in the separate actions.

See also, *In re IBM Peripheral EDP Devices Antitrust Litigation* 375 F.Supp. 1376, 1407 (J.P.M.L. 1974):

> The fact that in addition to common discovery there may be some specialized discovery necessary for each action is nothing unique to complex multidistrict litigation. If separate treatment of certain issues appears warranted, plaintiffs may address their arguments to the transferee judge who has the responsibility to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated.

Additionally, quoting the Panel in *In re Multi–Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L.1979), the court in *In re Merrill Lynch Auction Rate Securities Litigation* 2010 WL 2541227 (SDNY 2010), p. 2, stated:

> The transferee judge, of course, has the authority to group the pretrial proceedings on different discovery tracks according to the common factual issues or according to each defendant if necessary for the just and efficient conduct of the litigation, and to schedule any discovery unique to particular parties, actions or claims to proceed in separate discovery tracks concurrently with the common discovery, thus enhancing the efficient processing of all aspects of the litigation. Moreover, no party need participate in pretrial proceedings unrelated to that party's interests.

Moreover, "[t]he transferee judge has the broad discretion to design a pretrial program which will allow discovery on any unique issues to proceed concurrently with discovery on the common issues." *In re Republic National-Realty Equities Securities Litigation* 382 F.Supp. 1403, 1405-1406 (J.P.M.L. 1974). See also, *In re Beef Industry Antitrust Litigation* 432 F.Supp. 211, 213 (J.P.M.L. 1977).

Accordingly, it is clear that this Court has the power and discretion, if not the duty, to carve out a separate discovery track in this MDL for the Block Action, and all other cases associated with this MDL that have been named against individual defendants to enable those Plaintiffs to conduct discovery necessary for the just and equitable adjudication of their claims, and for the efficient conduct of this litigation.

## IV.  THERE ARE UNIQUE FACTORS IN THE BLOCK ACTION THAT NECESSITATE THE CREATION OF A SEPARATE DISCOVERY TRACK

As noted above, there are 412 lawsuits that are currently pending in this multidistrict litigation. Of the 95 lawsuits identified in the Initial Transfer Order, 80 are named only against a single Equifax entity, and not against any other defendants. (See Initial Transfer Order, dated December 6, 2017, Schedule A, pages A-1 through A-6.) Moreover, a random sampling of 15 "et al" cases associated with this MDL (i.e., cases that are ostensibly named against defendants besides Equifax, such as, e.g., *Highfield v. Equifax, Inc.*, *et al*), revealed that those additional defendants represented by the "*et al*" designation are either corporate entities that are affiliated with Equifax, or DOE Defendants. (Weinreich Declaration, at ¶ 4.) Not a single one of those randomly selected 15 "et al" cases named an *individual* defendant. (Ibid.) Given that the "et al" cases are a small minority of the transferred cases to begin with, this random sample of "et al" cases strongly suggests that very few of the 412 lawsuits that comprise this multidistrict litigation name individual defendants, unlike the Block

Action, which does name individual defendants. Moreover, the Consolidated Complaint as a whole does not make any mention of individual defendants and identifies three Equifax-related entities as the only defendants in this case. (See Consolidated Complaint, at ¶¶ 109 to 112.)

To verify that the Block Action is unique in that it names individual defendants in contradistinction to the other cases constituting this MDL, Plaintiff's counsel ran a party name query in PACER, searching for any lawsuits in the Northern District of Georgia to which any of the Block Action's eleven individual defendants have been named. (Id., at ¶ 5.) That search revealed that of the eleven individual defendants named in the Block Action, only two were named in other cases associated with this MDL. (Ibid.) Those two defendants were Richard F. Smith and Susan Mauldin. (Ibid.)

Moreover, of the 412 cases associated with this MDL, Defendant Smith was named in only three cases, aside from the Block Action. Those three cases are *Griffin v. Equifax*, Case No. 1:17-cv-04663, *Kuhns v. Equifax*, Case No. 1:17-cv-03463, and *Stewart v. Equifax*, Case No. 1:17-cv-05451. (*Griffin* and *Stewart* are *pro se* cases, and *Kuhns* is associated specifically with the Equifax Securities Litigation, Case No. 1:17cv3463-TWT, not the Equifax Data Security Breach Litigation, Case No. 1:17-md-2800-TWT.) (Weinreich Declaration, at ¶ 6.)

Similarly, of the 412 lawsuits associated with this MDL, Defendant Susan Mauldin has been named as a defendant in only one case (*Griffin*, *supra*) aside from having

been named as a defendant in the Block Action. None of the other nine individuals have been named as a defendant in any of the other 412 Equifax MDL cases. (Weinreich Declaration, at ¶ 7.)

Accordingly, it is clear from this analysis, that the Block Action is essentially in a class by itself. Having asserted his claims against these eleven individual defendants, Plaintiff Block must be afforded an opportunity to martial his evidence against these defendants or he will have been denied his day in court. Nine of the individuals named in the Block Action have not been named in any of the other 411 cases associated with this MDL. Of the two individual defendants (Smith and Mauldin) who do appear as defendants in other cases, they are shared by only three other cases, as noted above. This set of circumstances gives rise to pretrial and discovery needs on the part of the Block Action that do not apply to virtually any of the other 411 cases associated with this MDL. Nowhere in the Consolidated Complaint or any of the Scheduling Orders or Case Management Orders in this case, is there any mention whatsoever of any individual defendants, or how such discovery should be handled or accounted for amid the discovery endeavors of the Plaintiffs in this MDL.

## V. PLAINTIFF WILL SUFFER PREJUDICE IF THE COURT DOES NOT CREATE A SEPARATE DISCOVERY TRACK FOR THE BLOCK ACTION

Case Management Order No. 4 (Discovery Protocol), dated April 4, 2018 ("CMO No. 4" or "Order"), provides, in Section VI.A. (pp. 8-9), as follows:

> Plaintiffs in the consumer and financial institution tracks may serve no more than 50 joint interrogatories . . . in connection with matters that are common to the claims asserted in each track. Plaintiffs in each track may serve an additional 15 interrogatories, . . . provided these interrogatories are not duplicative of those served by plaintiffs in the other track. (In other Words, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 80 interrogatories).

This Order makes no accommodation for discovery against individual defendants. In fact, insofar as the Order *permits* a maximum combined total of 80 interrogatories to be propounded against the defendants, it perforce *forbids* any additional interrogatories against these defendants or any other defendants. It should be noted that virtually all of the thousands of Plaintiffs who are represented in these 412 Equifax lawsuits, as demonstrated above, are only suing Equifax and its affiliated entities. Insofar as the Order contemplates that these Plaintiffs must pool their resources together in crafting these 80 interrogatories, it is very unlikely that this army of Plaintiffs will be willing to set aside a few of those 80 interrogatories for Plaintiff Block to propound against his eleven individual Defendants. And even if this army of MDL Plaintiffs apportioned eleven interrogatories to Plaintiff Block (one for each of

his individual defendants), that would hardly suffice to permit Plaintiff Block to conduct discovery sufficient to enable him to prove his case when it comes to trial. In essence, this Order ties Plaintiff Block's hands behind his back, and effectively precludes him from conducting discovery.

> Similarly, Section VII.A. of CMO No. 4 (p. 10), provides:
>
> Plaintiffs in the consumer and financial institution tracks may serve no more than 30 joint requests for admission, including all discrete subparts, in connection with matters that are common to the claims asserted in each track. Plaintiffs in each track may serve an additional 10 requests for admission, including all discrete subparts, provided these requests for admission are not duplicative of those served by Plaintiffs in the other track. In other words, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 50 requests for admission.
>
> Similarly, Section X.A. of CMO No. 4 (p. 10) provides:
>
> Plaintiffs collectively may depose a total of 40 non-parties and Equifax witnesses, including employees and former employees. In addition, Plaintiffs, collectively, may take a maximum of 40 hours of Rule 30(b)(6) deposition testimony of Equifax corporate representatives.

This part of the Order is unclear as it relates to Plaintiff Block and his eleven individual defendants. As parties to the lawsuit, these eleven defendants presumably do not fall within the ambit of the 40 non-party deponents that are allotted to all of the MDL Plaintiffs, combined. Even if Plaintiff Block's eleven defendants did count towards the quota of 40 non-party deponents, it is unlikely that Plaintiff Block's vote to include his eleven defendants within that number would hold much sway over the thousands of other Plaintiffs who are only suing Equifax and have their own ideas about whom they wish to depose.

Conversely, if Plaintiff Block's depositions of his eleven individual defendants must be applied against the "maximum" of 40 deposition hours available for Equifax representatives, there is little doubt that the MDL Plaintiffs and their counsel would dictate how those 40 hours should be allocated.

In summary, the Discovery Protocol that is currently in force in this case, as reflected in CMO No. 4, and in keeping with the other Scheduling Orders and Case Management Orders in this case, affords no opportunity whatsoever for Plaintiff Block to conduct any discovery with regard to the eleven individual defendants in the Block Action. This state of affairs is unjust and deprives Plaintiff Block of his right of due process, and his right to obtain discovery. Every party in litigation has the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." (FRCP 26(b)(1).) CMO No. 4 effectively cuts off Plaintiff Block's right to discovery. If this Discovery Protocol is allowed to continue, it will essentially prevent Plaintiff Block from martialing his evidence and proving his case at trial. This can be remedied easily by certain slight modifications to the Case Management and Scheduling Orders in this case, as discussed in Section V of this Memorandum, below.

## VI.  REQUESTED MODIFICATIONS

Section XII.B. of CMO No. 4 (p. 18) provides that "[a]ny Party may move the Court to modify this order upon good cause shown." Having demonstrated such good cause hereinabove, Plaintiff Block respectfully requests that this Court modify the Discovery Protocol in this case by excepting Plaintiff Block from the discovery limitations set forth in CMO No. 4, at least with regard to any discovery that Plaintiff Block may wish to pursue vis-à-vis the individual defendants in the Block Action.

Plaintiff Block does not believe, and therefore does not request, that any changes need to be made to the Case Management Orders in this case as they relate to the time frames, deadlines or cut-off dates as set forth in the Corrected Joint Preliminary Report, dated April 2, 2018, or in any other orders of this Court.

Finally, the Order on Appointment of Lead Counsel, dated February 12, 2018, provides: "In order for their time and expenses to be compensable, those [counsel] not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation." (Order on Appointment of Lead Counsel, dated February 12, 2018, at p.10.) As a corollary to Plaintiff Block being excepted from CMO No. 4's limitations on the number of discovery requests to be propounded in this case as regards the individual defendants, Plaintiff Block further requests that he and his attorneys be released from the

obligation to seek authorization from Co-Lead Counsel prior to propounding any such discovery or taking depositions or undertaking any work in connection therewith.

## VII. CONCLUSION

For the above stated reasons, Plaintiff Block respectfully urges the Court to grant this Motion to Establish a Separate Track.  A Proposed Order Establishing a Separate Track for Actions Involving Individual Defendants is attached hereto as Exhibit B.

Date: August 12, 2018                    SYVERSON, LESOWITZ & GEBELIN, LLP

                                         /s/ *Scott M. Lesowitz*
                                         SCOTT M. LESOWITZ
                                         DEAN WEINREICH
                                         Attorneys for Plaintiff
                                         Carson Block

**DECLARATION OF DEAN WEINREICH IN SUPPORT OF PLAINTIFF
CARSON BLOCK'S MOTION TO ESTABLISH A SEPARATE TRACK FOR
ACTIONS INVOLVING INDIVIDUAL DEFENDANTS**

I, Dean Weinreich, declare as follows:

1.     I am an attorney licensed to practice law before all the courts of the State of California, and before the United States District Court for the Central District of California and the Northern District of California. I am associated with Syverson, Lesowitz & Gebelin, LLP, attorneys of record for Carson Block, Plaintiff in the matter of Carson Block v. Equifax, Inc., et al, Case No. 1:17-cv-05341-TWT ("the Block Action"), which is one of the constituent lawsuits associated with the Equifax, Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800 ("the MDL" or "the Equifax MDL" or "the Equifax Litigation").

2.     I have personal knowledge of the following, and if called as a witness I could and would competently testify thereto, except as to those matters stated on the basis of information and belief, and as to those matters, I believe them to be true.

3.     As indicated in the MDL Statistics Report - Distribution of Pending MDL Dockets by District, dated April 16, 2018, which can be found at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-16-2018.pdf, there are 412 lawsuits that are currently pending in this multidistrict litigation. There are 95 lawsuits identified in the Initial Transfer Order in this case, dated December 6, 2018. Having reviewed the Initial Transfer Order, I saw

that of those 95 lawsuits, 80 are named only against a single Equifax entity, and not against any other defendants. (See Initial Transfer Order in this case, dated December 6, 2017, Schedule A, pages A-1 through A-6.)

4.     I took a random sampling of 15 "et al" cases associated with this MDL and opened the case docket for each of those 15 cases on the PACER website for the Northern District of Georgia. In the course of my review of those case dockets, I ascertained that of those 15 cases (i.e., cases that are named against other defendants besides Equifax, such as, e.g., Highfield v. Equifax, Inc., et al), those additional defendants represented by the "et al" designation are either corporate entities that are related to Equifax, or DOE Defendants. Not a single one of those randomly selected 15 "et al" cases named an individual as a defendant in that case. This random sample strongly suggests that very few, if any, of the 412 lawsuits that comprise this multidistrict litigation name individual defendants, unlike the Block Action, which does name individual defendants.

5.     To verify that the Block Action is unique in that it names individual defendants in contradistinction to the other cases constituting this MDL, I ran a party name query in PACER, searching for any lawsuits in the Northern District of Georgia to which any of the Block Action's eleven individual defendants have been named. Based on those search queries, I determined that of the eleven individual defendants

named in the Block Action, only two were named in other cases associated with this MDL. Those two defendants were Richard F. Smith and Susan Mauldin.

6.     Of the 412 cases associated with this MDL, Defendant Smith was named in only three cases, aside from the Block Action. Those three cases are Griffin v. Equifax, Case No. 1:17-cv-04663, Kuhns v. Equifax, Case No. 1:17-cv-03463, and Stewart v. Equifax, Case No. 1:17-cv-05451. (Griffin and Stewart are pro se cases, and Kuhns is associated specifically with the Equifax Securities Litigation, Case No. 1:17-cv-3463-TWT, not the Equifax Data Security Breach Litigation, Case No. 1:17-md-2800-TWT.)

7.     Similarly, of the 412 lawsuits associated with this MDL, Defendant Susan Mauldin has been named as a defendant in only one case (Griffin, supra) aside from having been named as a defendant in the Block Action. To the best of my knowledge, none of the other nine individuals who are defendants in the Block Action have been named as a defendant in any of the other 412 Equifax MDL cases.

8.     I have made reasonable good faith efforts to confer with Co-Lead Counsel for the Consumer Plaintiffs and with Counsel for Equifax by sending an email to all such counsel on June 20, 2018, explaining the relief to be sought in this motion, and the factual and legal grounds therefor. Attorney Ken Canfield responded by email that same date, on behalf of the Consumer Plaintiffs, stating that the Consumer Plaintiffs would oppose this motion, and that there was no need for any further discussions. I

responded on behalf of Plaintiff Block, requesting that counsel for Equifax state their position. To date, Equifax has failed to respond to my request to confer regarding the possibility of resolving this motion without resorting to the intervention of this Court. A true and correct copy of the whole of the email exchange between counsel for the Consumer Plaintiffs, defense counsel and myself, is attached hereto as Exhibit A.

9.    A Proposed Order Establishing a Separate Track for Actions Involving Individual Defendants is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Date: August 12, 2018                SYVERSON, LESOWITZ & GEBELIN, LLP

                                     /s/ *Dean Weinreich*
                                     DEAN WEINREICH
                                     Attorneys for Plaintiff
                                     Carson Block

## EXHIBIT A



**Dean Weinreich <dean@syversonlaw.com>**

## EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION - "Meet & Confer" Request

**Dean Weinreich <dean@syversonlaw.com>**                                                    Wed, Jun 20, 2018 at 11:15 PM
To: Ken Canfield <kcanfield@dsckd.com>
Cc: "akeller@dlcfirm.com" <akeller@dlcfirm.com>, "alevitt@dlcfirm.com" <alevitt@dlcfirm.com>,
"siegel@stuevesiegel.com" <siegel@stuevesiegel.com>, "vahle@stuevesiegel.com" <vahle@stuevesiegel.com>,
"moore@stuevesiegel.com" <moore@stuevesiegel.com>, "dbalser@kslaw.com" <dbalser@kslaw.com>,
"psumner@kslaw.com" <psumner@kslaw.com>, "shaskins@kslaw.com" <shaskins@kslaw.com>, "eadler@kslaw.com"
<eadler@kslaw.com>, "jtoro@kslaw.com" <jtoro@kslaw.com>

Thank you for your prompt response. I gather from the silence of your colleagues that you have stated the position of
the Consumer Plaintiffs as a whole. If that is not the case, please clarify.

I would like to request that counsel for Equifax please apprise me of their position by the end of this week so that we
can include that information in our moving papers.

Very truly yours,

Dean Weinreich

On Wed, Jun 20, 2018 at 8:49 PM, Ken Canfield <kcanfield@dsckd.com> wrote:

> The Consumer Plaintiffs do not believe that an additional track of the sort you propose is appropriate or
> needed.  We also see no need for a telephone discussion on the subject.  If you chose to file your motion, we
> will oppose it.
>
>
> **From:** Dean Weinreich [mailto:dean@syversonlaw.com]
> **Sent:** Wednesday, June 20, 2018 10:48 AM
> **To:** akeller@dlcfirm.com; alevitt@dlcfirm.com; Ken Canfield; siegel@stuevesiegel.com;
> vahle@stuevesiegel.com; moore@stuevesiegel.com; dbalser@kslaw.com; psumner@kslaw.com;
> shaskins@kslaw.com; eadler@kslaw.com; jtoro@kslaw.com
> **Subject:** EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION - "Meet & Confer" Request
>
>
> Dear Counsel,
>
>
> I am an attorney with the law firm of Syverson, Lesowitz & Gebelin in Los Angeles, California. We represent Carson
> Block, a plaintiff in one of the lawsuits constituting the Equifax Customer Data Security Breach Mulitdistrict Litigation
> that is now pending before Judge Thrash in the Northern District of Georgia. (The Block suit is identified as Member
> Case No. 1:17-cv-05341.)
>
>
> Among all of the lawsuits that have been consolidated in this MDL, the Block action is unique in that it names a
> number of individual defendants. (Those individual defendants are Richard F. Smith; Susan Mauldin; Mary Hannan;
> Graeme Payne; Harold Boutin; Robert Friedrich; Vidya Sagar Jagadam; Lara Pearson; Shea Giesler; Cliff Barbier

and Joe Sanders.) The Consolidated Consumer Class Action Complaint that was filed a few weeks ago names only three defendants, all of whom are Equifax-related entities. Of the 412 or so constituent lawsuits, very few involve individual defendants. Accordingly, the presence of several individual defendants in our case gives rise to special discovery needs that have not been addressed in the discovery protocol that governs this case. In fact, the currently prevailing discovery protocol affirmatively harms the interests of our client in that it makes no provision whatsoever for Mr. Block to pursue discovery against the individual defendants. In order to remedy this situation, we intend to file a motion for an order establishing a separate discovery track for actions involving individual defendants.

Accordingly, I am sending this email to you, the Co-Lead Counsel for the Consumer Plaintiffs, and to Counsel for Defendant Equifax, Inc., in furtherance of my "meet and confer" obligations, as set forth in Case Management Order # 5, dated June 11, 2018 (at p. 4).

The specific relief that we will be requesting in this motion will be as follows:

1. That Plaintiff Block (and all similarly situated plaintiffs who have asserted claims against individual defendants) be free to conduct discovery as against the individual defendants without reference to the number restrictions set forth in Case Management Order No. 4, dated April 4, 2018, specifically those restrictions contained in Section VI thereof (relating to the number of interrogatories permitted); Section VII thereof (relating to the number of requests for admissions permitted); and Section X thereof (relating to the number [or duration] of depositions permitted).

2. That Plaintiff Block (and all similarly situated plaintiffs) who wish to propound or enforce discovery (including the taking of depositions) as against any individual defendants shall be relieved of any requirement (as stated in the Order on Appointment of Lead Counsel, dated February 12, 2018, at p.10), to obtain authorization from Co-Lead Counsel as a condition of conducting such discovery or undertaking such work.

If you are opposed to the creation of a separate track for plaintiffs such as Mr. Block, who have named individuals as additional defendants in their lawsuits against Equifax, please reply at your earliest opportunity and let me know when it would be convenient to speak by telephone to discuss your objections and any possible solutions for resolving our differences. Alternatively, if you would not be averse to such an order, please apprise me of your non-opposition, and we will proceed with the submission of our contemplated motion in due course. I can be reached at this email address, or at 310-742-3504.

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

Dean Weinreich

# **EXHIBIT B**

# UNITED STATES DISTRICT COURT,

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

|  |  |
|---|---|
| IN RE: EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800 Case No. 1:17-md-2800 CONSUMER TRACK ***Carson Block v. Equifax, Inc., et al*** Member Case No. 1:17-cv-05341 |

## [PROPOSED] ORDER ESTABLISHING A SEPARATE TRACK FOR ACTIONS INVOLVING INDIVIDUAL DEFENDANTS

Plaintiff Carson Block's motion to establish a separate track came on for hearing before this Court. After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, IT IS HEREBY ORDERED that plaintiff's motion is GRANTED. The Case Management Orders in this case are hereby modified in the following respects:

Plaintiff Carson Block shall be free to conduct discovery without reference to the number restrictions set forth in Case Management Order No. 4, dated April 4, 2018, specifically those restrictions contained in Section VI thereof (relating to the number of interrogatories permitted); Section VII thereof (relating to the number of requests for admissions permitted); and Section X thereof (relating to the number of depositions permitted).

Block may serve such discovery requests as he deems necessary and appropriate, subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, as applicable, but subject to the time frames, deadlines and cut-off dates set forth in the Corrected Joint Preliminary Report and Discovery Plan, dated April 2, 2018, and other Scheduling Orders and Case Management Orders in this case.

Plaintiff Block may propound discovery (including the taking of depositions) against any individual defendant without the restrictions otherwise imposed by the Order on Appointment of Lead Counsel, dated February 12, 2018, at p.10, otherwise requiring counsel not serving in leadership positions to obtain authorization from Co-Lead Counsel as a condition of conducting such discovery or undertaking such work.

SO ORDERED, this ___th day of _____, 2018.

_____
THOMAS W. THRASH, JR.
United States District Judge

## CERTIFICATION OF FONT SIZE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the

documents of the above Plaintiff Carson Block's Motion to Establish a Separate

Discovery Track have been prepared with 14-point Times New Roman font in

compliance with the requirements of Local Rule 5.1(C).

Date: June 29, 2018                    SYVERSON, LESOWITZ & GEBELIN, LLP

                                       /s/ *Scott M. Lesowitz*_____
                                       SCOTT M. LESOWITZ
                                       DEAN WEINREICH
                                       Attorneys for Plaintiff
                                       Carson Block

**CERTIFICATION OF COMPLIANCE WITH REQUIREMENT OF GOOD FAITH EFFORT TO RESOLVE MATTER NECESSITATING MOTION**

Pursuant to Section 3 of Case Management Order # 5, dated June 11, 2018, the undersigned counsel certifies that that the movant has conferred, or attempted to confer, with the Consumer Plaintiffs Co-Lead Counsel and defense counsel in a good faith effort to resolve this matter without court action in regards to Plaintiff Carson Block's Motion to Establish a Separate Discovery Track.

Date: June 29, 2018                    SYVERSON, LESOWITZ & GEBELIN, LLP

/s/ *Scott M. Lesowitz*
SCOTT M. LESOWITZ
DEAN WEINREICH
Attorneys for Plaintiff
Carson Block

## CERTIFICATION OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing documents, Plaintiff Carson Block's Motion to Establish a Separate Discovery Track, with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Scott M. Lesowitz*
SCOTT M. LESOWITZ
Attorneys for Plaintiff
Carson Block