## Appendix A

## Pleading Scienter under State Consumer Protection Statutes

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| Ariz. Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq*. | *Silva v. Bank of N.Y. Mellon*, 2015 WL 12555858, at *2 (D. Ariz. May 13, 2015) ("Consumer fraud claims must also comply with the particularity requirements of Rule 9(b)."). | Statute includes unfair prong, Ariz. Rev. Stat. § 44-1522 (prohibiting "deceptive or unfair act or practice"). <br><br> Omissions held to lower pleading standard. *See In re Banner Health Data Breach Litig.*, 2017 WL 6763548, at *7 (D. Ariz. Dec. 20, 2017) ("[A] plaintiff in a fraud-by-omission suit faces a slightly more relaxed burden, due to the fraud-by-omission plaintiff's inherent inability to specify the time, place, and specific content of an omission in quite as precise a manner."). |
| California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. | *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 990 (N.D. Cal. 2016) ("Claims stated under the fraud prong of the UCL are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)."). | Statute includes unlawful and unfair prongs, Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business act or practice"); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (where a plaintiff alleges "some fraudulent and some non-fraudulent conduct," then "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements") (discussing 9(b) in the context of UCL and CLRA). <br><br> Omissions held to lower pleading standard. *See Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) ("a fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim"). |

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3904, *et seq.* | *Jefferson v. Collins*, 905 F. Supp. 2d 269, 289 (D.D.C. 2012) (courts must apply Rule 9(b)'s standard to fraud based claims under the D.C. Consumer Protection Act). | Fraud-based CPPA claims are not subject to 9(b). *Frese v. City Segway Tours of Washington, DC, LLC*, 249 F. Supp. 3d 230, 236 (D.D.C. 2017) ("*Unlike a CPPA claim*, common-law fraud is governed by the heightened pleading standard imposed by Rule 9(b).") (emphasis added).<br><br>In the *Jefferson* case cited by Equifax, the court presumed 9(b) applied because neither party suggested otherwise. *Jefferson v. Collins*, 905 F. Supp. 2d 269, 289 (D.D.C. 2012) (citation omitted).<br><br>Statute includes unlawful and unconscionable prongs, *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 723 (D.C. 2003) ("Trade practices that violate other laws, including the common law, also fall within the purview of the CPPA. "); *In re Aggrenox Antitrust Litig.*, 2014 WL 4795688 (D. Conn.) (listing District of Columbia as among the jurisdictions with "unconscionable conduct prongs"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1126 (N.D. Cal. 2008) (because conduct "may violate the DCCPPA without being a deceptive practice, the Court also finds that plaintiffs are not required to meet a heightened pleadings standard") (quotation omitted). |
| Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq*. | *McKinney v. State*, 693 N.E.2d 65, 71 (Ind. 1998) (claim must be pleaded with specificity if grounded in fraud). | Statute includes unfair and abusive prongs, Ind. Code § 24-5-0.5-3(a) (prohibiting "unfair, abusive, or deceptive act, omission, or practice"). |

2

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| Kansas Consumer Protection Act, K.S.A. §§ 50-623, *et seq*. | *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1247 (D. Kan. 2007) ("Allegations of unfair trade practices under the KCPA must be pleaded with particularity in accordance with Rule 9(b)."). | More recent precedent contradicts Equifax's authority. *Sanchez v. Bank of Am., N.A.*, 2014 WL 5800203, at *6 (D. Kan. Nov. 7, 2014) ("the court concludes that plaintiff's deceptive acts or practices claim need not be pleaded with particularity").<br><br>Regardless, in the *Gonzalez* case cited by Equifax, the court held that plaintiffs satisfied Rule 9(b) by pleading: (a) by 1990, the defendants learned their products contained benzene; (b) defendants marketed their products in the national stream of commerce; and (c) defendants willfully failed to disclose the potential presence of benzene in their products. *See Gonzalez*, 489 F. Supp. 2d at 1247. Plaintiffs' allegations are even more specific than those in *Gonzalez*.<br><br>Statute includes unconscionable prong, Kan. Stat. § 50-627 (prohibiting "any unconscionable act or practice"); *Via Christi Reg'l Med. Ctr., Inc. v. Reed*, 314 P.3d 852, 868-69 (Kan. 2013) (evaluating separate claims for "violating the KCPA under both its deceptive acts and unconscionable acts provisions"); *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 932 (D. Kan. 2007) (stating that 9(b) applies to KCPA claims only if they "sound in fraud" and listing unconscionable acts and practices under KCPA "not involving misrepresentations or fraud"); *see also In re Kinderknecht*, 470 B.R. 149, 180 (Bankr. D. Kan. 2012) (under KCPA, unconscionable-prong claim "is more a matter of over-reaching than of deception"). |
| Maryland Consumer Protection Act, 13 Md. Comm. Code §§ 13-101, *et seq*. | *Kaswell v. Wells Fargo Bank, N.A.*, 2014 WL 3889183, at *5 (D. Md. Aug. 6, 2014) ("An MCPA claim is subject to the heightened pleading standards of 9(b)."). | A lower pleading standard applies to allegations involving concealment or omission of material facts. *See Ademiluyi v. PennyMac Mortg. Inv. Tr. Holdings I, LLC*, 929 F. Supp. 2d 502, 533 (D. Md. 2013) (holding that Rule 9(b) is "less strictly applied" with respect to such claims); *Piotrowski v. Wells Fargo Bank, N.A.*, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013) ("In cases involving concealment or omissions of material facts . . . meeting Rule 9(b)'s particularity requirement will likely take a different form."). |

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.903, *et seq*. | *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011) ("'Claims under the MCPA for fraud or mistake must state the circumstances with [the] particularity' required by Rule 9(b).") (quoting *HRL Land or Sea Yachts v. Travel Supreme, Inc.*, 2009 WL 427375, at *8 (W.D. Mich. Feb. 20, 2009)). | Split of authority. *Date v. Sony Elecs., Inc.*, 2010 WL 3702599, at *12-13 (E.D. Mich. Sept. 16, 2010) ("The MCPA is much broader than the common law tort of fraud, covering not only deceptive practices but also unfair and unconscionable conduct. Accordingly, [plaintiff] need not necessarily allege the elements of fraud and certainly need not plead a claim under the MCPA with the particularity required by Federal Rule of Civil Procedure 9(b)."). |
| Minnesota Consumer Fraud Act and Unfair Deceptive Trade Practices Act, Minn. Stat. §§ 325F.68 & 8.31, *et seq*. | *E-Shops Corp. v. U.S. Bank N.A.*, 678 F.3d 659, 665-66 (8th Cir. 2012) (plaintiff's MUDTPA claim failed for lack of particularity under Rule 9(b)'s heightened pleading standard). | To the extent Plaintiffs' allegations sound in fraud, "the degree of particularity required depends on the parties' relationship and the nature of the case," with the most important consideration being whether the "claims are sufficiently detailed to allow [the defendant] to respond to [the] allegations." *Kinetic v. Medtronic*, 672 F. Supp. 2d 933, 945 (D. Minn. 2009) (plaintiffs satisfied 9(b) by alleging the defendant continued selling medical devices after learning of a defect even though plaintiffs could not allege which employees sold the devices or their specific misrepresentations). |

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| Missouri Merchandise Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.* | *Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006) ("Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims."). | Statute includes unfair prong, Mo. Rev. Stat. § 407.020 (it is "an unlawful practice" to engage in "fraud," or "unfair practice"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 787 F. Supp. 2d 1036, 1046 (N.D. Cal. 2011) (for MMPA claim, "a plaintiff may choose . . . to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements"); *see also Zmuda v. Chesterfield Valley Power Sports, Inc.*, 267 S.W.3d 712, 716 (Mo. Ct. App. 2008) ("We determine whether fair dealing has been violated based upon the particular facts and circumstances of each case. It is not necessary to prove the elements of common law fraud in order to establish a violation of the MPA.") (citation omitted). |
| Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.* | *Taddeo v. Taddeo*, 2011 WL 4074433, at *3 (D. Nev. Sept. 13, 2011) (claim must be pleaded with particularity under Rule 9(b)). | To the extent Plaintiffs' allegations sound in fraud, "[a] pleading is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer.'" *Stover v. Findlay RV Ctr., Inc.*, No. 2:09-CV-01859-GMN, 2010 WL 3328068, at *7 (D. Nev. Aug. 20, 2010) (quotations omitted) (plaintiffs satisfied 9(b) by alleging the defendant knew it increased the price on an installment contract for motor home purchase without informing plaintiffs the price would be higher than sticker price). |

5

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* | *Castro v. Sorvan Self Storage, Inc.*, 114 F. Supp. 3d 204, 219 n.12 (D.N.J. 2015) (holding that claims brought under the New Jersey Consumer Fraud Act must satisfy the heightened pleading requirement of Rule 9(b)); *see also DeLuca v. CitiMortgage*, 543 F. App'x 194, 196 (3d Cir. 2013) (unpublished) (same). | *Castro* only applied 9(b) to "averments of fraud" under NJCFA, not all NJCFA claims; *DeLuca*, 543 F. App'x at 196 (same).<br><br>Statute includes unconscionable prong, N.J. Stat. § 56:8-2 (prohibiting "any unconscionable commercial practice, [or] deception"); *Katz v. Live Nation, Inc.*, 2010 WL 3522792, at *4 (D.N.J. Sept. 2, 2010) ("The NJCFA expressly provides for a stand-alone cause of action for unconscionable commercial practices."); *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) ("In respect of what constitutes an 'unconscionable commercial practice,' . . . unconscionability is an amorphous concept obviously designed to establish a broad business ethic.").<br><br>*Heindel v. Pfizer*, Inc., 381 F. Supp. 2d 364, 373 (D.N.J. 2004) (reliance is not an element of NCFA claim, and "[t]he New Jersey Supreme Court has taken pains to point out that [the causal-nexus] element is significantly distinct from the requirement of reliance in a common law fraud claim."). |
| Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751, *et seq.* | *Parks v. AT&T Mobility, LLC*, 2010 WL 830000, at *2 (W.D. Okla. March 4, 2010) (dismissing the plaintiff's claim because it was not pleaded with enough specificity). | In *Parks*, the court found the common law fraud claim failed to satisfy 9(b), but dismissed the OCPA claim under the 12(b) standard. *See Parks*, 2010 WL 830000, at *4 (dismissing the OCPA claim for failure to provide "sufficient" allegations to "state a claim for relief").<br><br>Statute includes unfair prong. *See Parks*, 2010 WL 830000, at *4 (noting that OCPA has an "unfair" prong, in addition to a "deceptive" prong, and that an unfair trade practice is "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"). |

6

| State Statute | Equifax's citation | Statute permits claims not sounding in fraud or heightened pleading standard not required |
|---|---|---|
| Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq*. | *Bridgestone Am.'s Inc. v. Int'l Bus. Machines Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (claims under the TCPA are subject to Rule 9(b)). | Statute includes unfair prong. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 298 (Tenn. 1997) (noting that TCPA prohibits "unfair" or "deceptive" practices and follows FTC definitions of those terms). |
| Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq*. | *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 657 (4th Cir. 2014) (affirming dismissal of plaintiff's claims for violations of the Virginia Consumer Protection Act because they were not pleaded with particularity and thus did not satisfy Rule 9(b)). | Omissions held to lower pleading standard. *See Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013) (sustaining claim under Virginia Consumer Protection Act and noting the relaxed standard for omissions: "Rule 9(b)'s particularity requirements are less formulaic with fraud claims based on omissions of material fact."). |