**Appendix B**

**Actionable Consumer Transactions under State Consumer Protection Statutes**

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Ariz. Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.* | *State ex rel. Woods v. Sgrillo*, 859 P.2d 771, 772 (Ariz. Ct. App. 1993) ("Defendants seek to avoid this conclusion by arguing that their acts were in aid of a sale by another entity. This is of no assistance because A.R.S. § 44-1522 forbids deceptive acts 'in connection with the sale' of any merchandise regardless of whether the deceiver is the seller."). <br><br> *Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 952-53 (Ariz. 2016) (rejecting argument that Consumer Fraud Act is not applicable where there was no direct merchant-consumer transaction). |
| Cal. Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* | *McAdams v. Monier, Inc.*, 182 Cal. App. 4th 174, 186 (2010) ("[A] cause of action under the CLRA may be established independent of any contractual relationship between the parties.") (citing *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144 (N.D. Cal. 2005) ("'Plaintiffs who purchased used cars have standing to bring CLRA claims, despite the fact that they never entered into a transaction directly with' defendant auto manufacturer who manufactured, sold, and distributed automobiles containing an allegedly defective engine part.")). |
| Del. Consumer Fraud Act, 6 Del. Code §§ 2513, *et seq.* | *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 658 (Del. Super. Ct. 1985) ("The Court, however, is not persuaded that it is necessary to interpret the phrase 'in connection with' as requiring that the plaintiff have been involved in the sale . . . or have relied on defendant's advertisements."). |

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3904, *et seq.* | *Howard v. Riggs Nat. Bank*, 432 A.2d 701, 709 (D.C. 1981) (CPPA permits claims beyond the actual seller of goods or services, and includes anyone "connected with the 'supply' side of a consumer transaction"). <br><br> *See also In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 898 (E.D. Pa. 2012) (indirect purchaser could bring CPPA claim); *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 104-05 (D.D.C. 2004) (lack of privity did not exempt defendant from potential CPPA liability). |
| Fla. Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* | *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1274-75 (S.D. Fla. 2005) (FDUTPA contains no requirement that the violation be "at the hands of a party who has provided goods or services to that individual" and holding "the relationship between the parties is irrelevant; the only relevant inquiry being whether the defendant's violation of the FDUTPA has harmed plaintiff"). |
| Haw. Unfair Practices and Unfair Competition Statute, Haw. Rev. Stat. §§ 480-1, *et seq.* | *Flores v. Rawlings Co., LLC*, 177 P.3d 341, 352, *opinion amended on reconsideration*, 196 P.3d 289 (2008) ("the statutory structure of HRS chapter 480 does not require that one be a 'consumer' of the *defendant's* goods or services, but merely a 'consumer'"). |
| Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1, *et seq.* | *In re Actiq Sales & Mktg. Practices Litig.*, 790 F. Supp. 2d 313, 326 (E.D. Pa. 2011) (holding that IDCSA does not require a direct transaction between the plaintiff and defendant). <br><br> *See also Schmidt Enterprises, Inc. v. State*, 354 N.E.2d 247, 253 (1976) (all who participated in a fraudulent scheme were "liable for the harm caused by the scheme— even if their part of the scheme [did] not entail making fraudulent representations"). |

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Iowa Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H, *et seq.* | *State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.*, 694 N.W.2d 518, 525-28 (Iowa 2005) (holding that Iowa Consumer Fraud Act prohibitions are not limited either to the parties to a consumer transaction or acts prior to or at the time of the transaction because the "in connection with" sweeps more broadly and "should be interpreted liberally"). |
| Kansas Consumer Protection Act, K.S.A. §§ 50-623, *et seq.* | *Cole v. Hewlett Packard Co.*, 84 P.3d 1047 (Kan. Ct. App. 2004) (consumer purchase of printer from her employer through employee purchase plan was a "consumer transaction" within the scope of the KCPA, in part because KCPA definition of "supplier" applies to entities "whether or not dealing directly with the consumer") (citing Kan. Stat. § 50-624(j)). |
| Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.110, *et seq.* | *Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 750-51 (W.D. Ky. 2014) (denying motion to dismiss plaintiffs' KCPA claims against manufacturer of allegedly defective medical devices under an "exception to the privity requirement when express representations are alleged"); *see also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 793 (W.D. Ky. 2003) (privity not required in every instance). |
| Minnesota Consumer Fraud Act, Minn. Stat. §§ 325F.68 & 8.31, *et seq.* | *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 11 (Minn. 2001) ("[A]s long as the plaintiff alleges an injury by conduct that violates one or more of the substantive statutes, it is not necessary under subdivision 3a to plead that it is a purchaser of the defendant's products. . . . The HMOs need not be actual purchasers of the tobacco companies' products in order to properly plead claims under [the Consumer Fraud Act]."). |

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Mississippi Consumer Protection Act, Miss. Code §§ 75-24-1, *et seq.* | Miss. Code § 75-24-3 (statute does not define "purchase or lease of goods or services" or otherwise indicate a privity requirement, but requires statutory construction to be guided by FTC interpretations of unfair or deceptive trade practices). |
| Missouri Merchandise Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.* | *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 415 (Mo. 2014) ("Given that the MMPA was enacted to supplement the common law definition of fraud, there is no compelling reason to interpret 'in connection with' to apply only when the entity engaged in the misconduct was a party to the transaction at the time the transaction was initiated"); *see also Jackson v. Barton*, 548 S.W.3d 263, 272 (Mo. 2018) (same). |
| North Dakota Unlawful Sales or Advertising Act, N.D. Cent. Code §§ 51-15-01, *et seq.* | *Ackre v. Chapman & Chapman, P.C.*, 788 N.W. 2d 344, 352 (2010) (business competitor, not in privity with defendant, could proceed with statutory consumer fraud claim in part because statute is not limited to consumer transactions); *see also* N.D.C.C. § 51-15-09 (stating that the North Dakota Unlawful Sales or Advertising Act "does not bar any claim for relief by any person against any person who has acquired money or property by means of any practice declared unlawful in this chapter."). |
| Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, *et seq.* | *Traxler v. PPG Indus., Inc.*, 158 F. Supp. 3d 607, 627 (N.D. Ohio 2016) (privity not required to bring consumer fraud claim). |

4

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq.* | *Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645-47 (1990), *aff'd*, 605 A.2d 798 (1992) ("[T]here is no express requirement that there be strict technical privity between the party suing and the party sued. . . . We conclude that strict technical privity was not intended by our legislature to be required to sustain a cause of action under 73 P.S. § 201-9.2.") *accord Adams v. Hellings Builders, Inc.*, 146 A.3d 795, 801 (2016) (individuals who purchased a home from a previous owner stated UTPCPL claim against original home builder based on misrepresentations about building quality, despite lack of privity between builder and second purchasers, because misrepresentation harming home owner was foreseeable). |
| Rhode Island Deceptive Trade Practices Law, R.I. Gen. Laws §§ 6-13.1, *et seq.* | *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 763 (E.D. Pa. 2014) (denying motion to dismiss claims by end-payor purchasers); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1130 (N.D. Cal. 2008) (denying motion to dismiss claims by indirect purchasers under R.I. Gen. Laws §§ 6-13.1-1, *et seq.*). |
| South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws, §§ 37-24-1, *et seq.* | *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 229 (S.D.N.Y. 2012) (denying motion to dismiss claims by indirect purchasers under South Dakota Deceptive Trade Practices Act). |

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Texas Deceptive Trade Practices-Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41, *et seq.* | *Kennedy v. Sale*, 689 S.W.2d 890, 892-93 (Tex. 1985) ("Privity between the plaintiff and defendant is not a consideration in deciding the plaintiff's status as a consumer under the DTPA. . . . A plaintiff establishes his standing as a consumer in terms of his relationship to a transaction, not by a contractual relationship with the defendant. The only requirement is that the goods or services sought or acquired by the consumer form the basis of his complaint."); *see also Flenniken v. Longview Bank & Tr. Co.*, 661 S.W.2d 705, 707 (Tex. 1983) (plaintiffs were not "required to seek or acquire goods or services *from [defendant]* in order to meet the statutory definition of a consumer"). <br><br> *Cf. Lara v. Lile*, 828 S.W.2d 536, 542 (Tex. App. 1992), *writ denied* (July 1, 1992) (cited by Equifax) (in wrongful death action, decedent construction worker was not a consumer for purposes of DTPA where he was accidentally killed by the defendant, a subcontractor also hired to perform construction work on the site; court nonetheless acknowledged that the DTPA does not require privity). |
| Utah Consumer Sales Practices Act, Utah Code §§ 13-11-1, *et seq.* | Utah Code § 13-11-3(6) (liability for unlawful sales practices in connection with consumer transactions can attach to a "Supplier" "whether or not he deals with the consumer"); *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1087 (S.D. Cal. 2017) (end payor purchasers plead viable claim). |
| Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9 §§ 2451, *et seq.* | *Elkins v. Microsoft Corp.*, 817 A.2d 9, 20 (Vt. 2002) (privity not a requirement for a VCFA claim); *cf. Knutsen v. Dion*, 90 A.3d 866, 873 (2013) (cited by Equifax) (real estate association lacked adequate involvement in a consumer transaction for CFA liability where it merely made a form sales contract available on its website to broker, who then selected allegedly deceptive contract language in executed contract with plaintiff). |

| State Statute | Law Regarding Consumer Transaction / Privity |
|---|---|
| Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.* | *Alexander v. Se. Wholesale Corp.*, 978 F. Supp. 2d 615, 622 (E.D. Va. 2013) (direct sale to a consumer is not required for the transaction to be covered by the VCPA). |
| West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6-101, *et seq.* | *Smith v. Collection Techs., Inc.*, 2016 WL 1169529, at *9-10 (S.D. W. Va. Mar. 22, 2016) (motion to dismiss WVCCPA claim against debt collector denied). |
| Wis. Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et seq.* | *Blitz v. Monsanto Co.*, 2018 WL 1785499, at *8 (W.D. Wis. Apr. 13, 2018) (indirect purchaser alleged viable claim against manufacturer). |