## Appendix C

## Duty to Disclose under State Consumer Protection Statutes

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| Ariz. Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq.* | Recognizes duty to disclose based on violation of statute itself. Equifax cites the appellate court decision in *Horne*, which was overruled by *State ex rel. Horne v. AutoZone, Inc.*, 275 P.3d 1278, 1281 (Ariz. 2012) (overruling appellate court's decision, and holding that "the CFA itself imposes the actionable duty" to disclose); *accord Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 830 (D. Ariz. 2016) (defendant "contends that a claim under the ACFA's omission clause must also show that the defendant was subject to a duty to disclose," but "this argument cannot be squared with the Arizona Supreme Court's decision in *Horne*," and where there is "a conflict between the Arizona Supreme Court and a federal district court on a question of Arizona law, the Arizona Supreme Court's decision is controlling"). |
| Cal. Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* | Recognizes duty to disclose based on half-truths. *See In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1229 (N.D. Cal. 2014) ("The California Courts of Appeal have held that there are four circumstances in which a duty to disclose may arise: (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; [or] (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed."). |
| Del. Consumer Fraud Act, 6 Del. Code § 2513, *et seq.* | Recognizes duty to disclose based on half-truths. *See AgroFresh Inc. v. MirTech, Inc.*, 257 F. Supp. 3d 643, 662 (D. Del. 2017) ("A party has an obligation to disclose 'information that if undisclosed will cause its partial statements of facts to be misleading.'") (citations omitted). |

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| Haw. Unfair Practices and Unfair Competition Statute, Haw. Rev. Stat. §§ 480-1, *et seq.* | Recognizes duty to disclose based on half-truths. *See Santiago v. Tanaka*, 366 P.3d 312, 324 (Haw. 2016) (stating that duty to disclose may arise from half-truth).<br><br>Equifax's chart (correctly) shows no "duty" requirement for Hawaii's Uniform Deceptive Trade Practice Act (UDTPA), which lists enumerated violations, in contrast to Hawaii's Unfair Practices and Unfair Competition Statute (UPUCS), which broadly prohibits *all* unfair and deceptive practices. Thus, an enumerated violation of the UDTPA is sufficient to give rise to a duty under the UPUCS. *See Kukui Nuts of Hawaii Inc. v. R. Baird & Co.*, 789 P.2d 501, 513 (Haw. Ct. App. 1990) (a failure to disclose a product's true geographic origin, in violation of the UDTPA, HRS § 481A-3(a)(4), by itself gives rise to a claim under UPUCS, HRS § 480-2), *disapproved on other grounds*, *Excelsior Lodge No. One, Indep. Order of Odd Fellows v. Eyecor, Ltd.*, 847 P.2d 652, 662 (Haw. 1992). |
| Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq.* | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Humphries v. Becker*, 366 P.3d 1088, 1096 (Idaho 2016) (duty arises "in order to prevent a partial statement of the facts from being misleading" or where a party has exclusive knowledge of a material fact upon which another party relies, if the party is aware that its knowledge is exclusive). |
| Kansas Consumer Protection Act, K.S.A. §§ 50-623, *et seq.* | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Great Plains Christian Radio, Inc. v. Cent. Tower, Inc.*, 399 F. Supp. 2d 1185, 1196 (D. Kan. 2005) ("a defendant who speaks is under a duty not to mislead by disclosing only a portion of the truth"); *Ensminger v. Terminix Int'l Co.*, 102 F.3d 1571, 1574 (10th Cir. 1996) (analyzing Kansas law) (where a party has "superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak"). |

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et seq*. | Recognizes duty to disclose based on half-truths and other enumerated factors. *See First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 401-02 (E.D. La. 2016) (party who "volunteers to speak" is "bound to disclose the whole truth" and "Louisiana courts have tended to impose a duty to speak when the circumstances are such that the failure to disclose would violate a standard requiring conformity to what the ordinary ethical person would have disclosed. Whether this duty exists is a legal question, with relevant factors including: . . . the importance of the fact not disclosed; the relationship of the parties; and the nature of the fact not disclosed.") (quotation omitted). |
| Maryland Consumer Protection Act, 13 Md. Comm. Code §§ 13-101, *et seq*. | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Lubore v. RPM Assocs., Inc.*, 674 A.2d 547, 556 (Md. Ct. Spec. App. 1996) (a party has a duty to speak when there is a "partial" or "fragmentary" disclosure that "misleads because of its incompleteness"); *Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 395 & n.9 (Md. Ct. Spec. App. 2008) (liability for fraud may arise under Maryland law where one party has "special knowledge" that the other party "could not discover . . . through the exercise of due diligence," creating "an independent duty to disclose"); *see also Green v. H & R Block, Inc.*, 735 A.2d 1039, 1058 (Md. Ct. App. 1999) (refusing to adopt a narrower definition of "duty to disclose" under the MCPA). |
| | For enumerated provisions of MCPA that make actionable a failure to disclose, there is no separate "duty" requirement. *See Golt v. Phillips*, 517 A.2d 328, 332 (Md. Ct. App. 1986) (without requiring a "duty to disclose," finding a violation of MCPA) (citing Md. Code, Com. Law § 13-301(3) (which states that a deceptive trade practice includes: "[f]ailure to state a material fact if the failure deceives or tends to deceive")); *Galante v. Ocwen Loan Servicing LLC*, 2014 WL 3616354, at *25 (D. Md. July 18, 2014) (requiring "duty" for common law fraud claim based on omissions, but not MCPA claim based on a violation of § 13-301(3)). |
| Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.903, *et seq*. | Recognizes duty to disclose based on half-truths. *See Celano v. Hofstra*, 2017 WL 4158127, at *3 (Mich. Ct. App. Sept. 19, 2017) (a "legal duty to make a disclosure" may come from a "misleadingly incomplete" representation); *Barclae v. Zarb*, 834 N.W.2d 100, 116 (Mich. Ct. App. 2013) (there is a duty to disclose "newly acquired information" that makes a prior statement "untrue or misleading"). |

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| Minnesota Consumer Fraud Act and Unfair Deceptive Trade Practices Act, Minn. Stat. §§ 325F.68 & 8.31, *et seq*. | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp*., 850 N.W.2d 682, 695 (Minn. 2014) (if the party chooses to speak, it has a duty to "say enough to prevent the words communicated from misleading the other party" and duty recognized when a party "has special knowledge of material facts to which the other party does not have access"). |
| Missouri Merchandise Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq*. | Recognizes duty to disclose based on half-truths, exclusive knowledge, and other enumerated factors. *See Constance v. B.B.C. Dev. Co*., 25 S.W.3d 571, 580 (Mo. Ct. App. 2000) (duty to disclose arises "from a partial disclosure of information"); *Hess v. Chase Manhattan Bank, USA, N.A*., 220 S.W.3d 758, 765 (Mo. 2007) ("duty to speak arises where one party has superior knowledge or information that is not reasonably available to the other"); *Blaine v. J.E. Jones Const. Co*., 841 S.W.2d 703, 707 (Mo. Ct. App. 1992) ("The formula developed by our courts to determine when to impose a duty to disclose . . . weighs significant factors. The formula is designed to set an operable standard of fair conduct in the marketplace. The list of factors is open-ended. Our courts, however, emphasize the relative intelligence of the parties to the transaction, the relation the parties bear to each other, the nature of the fact not disclosed, . . . the importance of the fact not disclosed and the respective knowledge and means of acquiring knowledge of the parties."). |
| Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903, *et seq*. | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See S. Nevada Shell Dealers Ass'n v. Shell Oil Co.*, 725 F. Supp. 1104, 1112 & n.14 (D. Nev. 1989) (describing circumstances under which a "partial disclosure" would give rise to a duty to disclose); *Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1156 (D. Nev. 2014) ("A duty to disclose arises where the defendant alone has knowledge of material facts which are not accessible to the plaintiff.") (citations and internal quotation marks omitted). |

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2, *et seq*. | Recognizes duty to disclose based on half-truths, exclusive knowledge, and violation of statute itself. *See Dollens v. Wells Fargo Bank, N.A.*, 356 P.3d 531, 537 (N.M. Ct. App. 2015) ("the UPA imposes an affirmative duty to disclose material facts reasonably necessary to prevent any statements from being misleading.") (citations and internal quotation marks omitted); *Matter of Monge*, 826 F.3d 250, 257 (5th Cir. 2016) (analyzing New Mexico law) (a duty to speak arises from "'superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence'") (citation omitted); *Azar v. Prudential Ins. Co. of Am.*, 68 P.3d 909, 928-89 (N.M. Ct. App. 2003) (noting that there is both a "statutory and common law duty to disclose," and holding that UPA, by itself, imposes a statutory duty to disclose) (citing NMSA § 57-12-2(D)(14), which defines "deceptive trade practice" to include: "failing to state a material fact if doing so deceives or tends to deceive")). |
| Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751, *et seq*. | Recognizes duty to disclose based on half-truths, exclusive knowledge, and other enumerated factors. *See Myklatun v. Flotek Indus., Inc.*, 734 F.3d 1230, 1234-35 (10th Cir. 2013) (analyzing Oklahoma law) ("the duty to disclose may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth") (internal marks omitted); *Citizens State Bank v. Fed. Deposit Ins. Corp.*, 639 F. Supp. 758, 762 (W.D. Okla. 1986) ("duty to disclose" can be premised on "superior knowledge"); *S.E.C. v. Cochran*, 214 F.3d 1261, 1265 (10th Cir. 2000) (analyzing Oklahoma law) (in deciding whether to find a duty to disclose, a court may consider: the "relation of the parties," the "nature of the subject matter" at issue, and the "peculiar circumstances of each particular case"); *Citizens State Bank v. Fed. Deposit Ins. Corp.*, 639 F. Supp. 758, 762-63 (W.D. Okla. 1986) ("the Supreme Court of Oklahoma noted that the parties' situation, matters dealt with, and subject-matter in hand must be considered in deciding whether a duty to disclose exists. Given this standard, dismissal before discovery would be inappropriate."). |

| State Statute | Circumstances Recognizing Duty to Disclose |
|---|---|
| Texas Deceptive Trade Practices-Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41, *et seq.* | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Four Bros. Boat Works v. Tesoro Petroleum Companies, Inc.*, 217 S.W.3d 653, 670-71 (Tex. Ct. App. 2006) ("when one voluntarily discloses information, he has a duty to disclose the whole truth"); *Jones v. Zearfoss*, 456 S.W.3d 618, 625 (Tex. Ct. App. 2015) (a party with exclusive knowledge of a material fact has a "duty to disclose" if the fact is "not discoverable by the exercise of ordinary care and diligence"). |
| | A duty to disclose also arises from DTPA itself for provisions that make omissions independently actionable. *See, e.g.*, Tex. Bus. & Com. Code § 17.46(b)(24) (formerly § (b)(23), which states that a deceptive practice includes: "failing to disclose information concerning goods or services which was known at the time of the transaction"); *Texas v. Am. Blast Fax, Inc.*, 159 F. Supp. 2d 936, 941 & n.7 (W.D. Tex. 2001) ("the DTPA does not require a 'duty to disclose' to impose liability" because it "specifically lists false representations of approval and failures to disclose material information as deceptive practices"); *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 502 (Tex. Ct. App. 2002) (stating that "[f]ormer Section 17.46(b)(23) required a plaintiff claiming non-disclosure under the DTPA to prove four elements," none of which includes a duty to disclose). |
| Washington Consumer Protection Act, Wash. Rev. Code §§ 19.255.010, *et seq.* | Recognizes duty to disclose based on half-truths and exclusive knowledge. *See Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1133 (W.D. Wash. 2010) (there is a duty to disclose "if necessary to prevent a partial or ambiguous statement of facts from being misleading" and where a party has "superior information" that is "not readily ascertainable" by another party). |