## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT  ALL ACTIONS |

## STIPULATION AND ORDER GOVERNING PRIVILEGE LOGS

Pursuant to Case Management Order No. 4 (ECF No. 261), the agreement of the Parties, and for good cause shown, the Court hereby enters the following stipulation and order governing the production of privilege logs in this proceeding. As used in this order, the term "Party" refers to any one of the following: Equifax Inc., any affiliates or subsidiaries named as a defendant in the above-captioned litigation ("Equifax"), the plaintiffs in the consumer track, and the plaintiffs in the financial institution track (collectively, the "Parties"). The term "track" means either the consumer track or the financial institution track established by Case Management Order No. 2 (ECF No. 87).

**A.**   **<u>Privilege Logs</u>**.   A Party, including any third party, who, relying on any privilege or on the work product doctrine, withholds otherwise responsive, discoverable documents from production to a requesting or subpoenaing party, must provide a privilege log.

      1.   A producing party will provide privilege logs within 45 days after each production, with a final log 60 days prior to the close of fact discovery, in active sortable Excel format. The Producing Party and the Receiving Party may modify the deadlines for submission of privilege logs by agreement.

      2.   To the extent a Party provides multiple privilege logs in the above-captioned MDL, each such privilege log should contain all previous privilege log entries, such that each privilege log can supersede all prior privilege logs, with any changes to previously produced privilege log entries clearly identified.

      3.   The privilege log shall identify the author, recipient(s), date, Bates or production number, attachments and number of attachments if any, privilege and/or doctrine relied upon, and provide a description of the document and/or document family by type and content (including a

description of the subject matter addressed in the document) consistent with the Federal Rules of Civil Procedure.

4.      Notwithstanding paragraph A.3. above, in order to reduce the potential burdens imposed by a document-by-document privilege log in this action, which involves high volumes of privileged material, Equifax may submit electronically generated logs of withheld documents involving communications with Equifax in-house counsel and legal staff (identified on the logs as "Equifax Legal"), outside counsel at King & Spalding LLP (identified on the logs as "King & Spalding"), or other outside counsel representing Equifax in connection with the security incident, and/or consultants retained by counsel to assist the Company and counsel in connection with the investigation or legal defense of the security incident publicly disclosed by Equifax on September 7, 2017, consisting of the following: Morphick Inc.; Edelman; Revere Agency; FireEye, Inc.; Mandiant; McGinn & Company; and PricewaterhouseCoopers LLP (each of which will be identified by name on the privilege log, as will the individual(s) from those entities who are parties to the document(s)).  Such logs will contain electronically obtained data associated with each withheld document, including identification of the number of pages of each

document, any attachments and number of attachments, the date, authors and recipients, the document type, a document description, and the privilege or protection being asserted.  Because email processing conventions capture the authors and recipients from the top (most recent) message in an email chain, Equifax will include a column on the log identifying any additional counsel or retained defense consultant names (including employees, when such information is available in the documents' metadata) in communications in the chain preceding the top message.

5.     The Parties are not required to log privileged or work product documents exchanged solely between the Parties and their counsel relating to the investigation or legal defense of the data security incident that were created on or after July 29, 2017.

6.     The Parties reserve their rights to request additional detail if necessary to evaluate or dispute a party's privilege log entries or privilege assertions and to object to such requests for additional detail.

7.     By agreement of the Parties or by the Court upon a showing of good cause, a Party may be required to log particular documents that otherwise would not have to be logged.

Respectfully submitted on
September 6, 2018

/s Kenneth S. Canfield
**DOFFERMYRE SHIELDS CANFIELD
& KNOWLES, LLC**
Kenneth S. Canfield
1355 Peachtree Street, N.E.
Suite 1600
Atlanta, Georgia 30309

Amy E. Keller
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

*Consumer Plaintiffs' Co-Lead Counsel*

Roy E. Barnes
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060

David J. Worley
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350

*Consumer Plaintiffs' Co-Liaison Counsel*

/s S. Stewart Haskins II
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175144
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Inc.*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &**
**TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, DC 20005

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, DC 20006

Ariana J. Tadler
**MILBERG TADLER PHILLIPS**
**GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119

John A. Yanchunis
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224

Jason R. Doss
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064

***Consumer Plaintiffs' Steering Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, GA, 30303

***Consumer Plaintiffs' State Court***
***Coordinating Counsel***


/s Joseph P. Guglielmo
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT**
**LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169

Gary F. Lynch
**CARLSON LYNCH SWEET KILPELA**
**& CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222

***Financial Institution Plaintiffs' Co-Lead***
***Counsel***

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, GA 30305

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, GA 30305

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300
Atlanta, Georgia 30327

*Financial Institution Plaintiffs' Co-Liaison Counsel*

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue Suite 2800
Minneapolis, MN 612-349-8500

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, GA  30305

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, AR 72201

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North

Suite 300
Minneapolis, MN 55401

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN
P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

***Financial Institution Plaintiffs' Steering
Committee***

**IT IS SO ORDERED.**

Date: _____, 2018          _____
                                      Thomas W. Thrash
                                      United States District Judge

## CERTIFICATION

The Undersigned hereby certifies, pursuant to Local Civil Rule 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Civil Rule 5.1C.

This 6th day of September, 2018.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 6th day of September, 2018,

the undersigned electronically filed the foregoing filing using the CM/ECF system,

which will automatically send email notification of such filing to all attorneys of

record in this case.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com
