# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In re: Equifax, Inc. Customer Data Security Breach Litigation** | **MDL Docket No. 2800** <br> **Case No.: 1:17-md-2800-TWT** |
| **This Document Relates to:** <br> *Ward, et al. v. Equifax, Inc., et al.*, D. Maryland, Civil Action No. 1:17-cv-03246 | **CONSUMER ACTIONS** |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' RENEWED MOTION TO REMAND

Dated: September 6, 2018

                                              Respectfully submitted,

                                              /s/  Michael Paul Smith
                                              Michael Paul Smith, Esq. #23685
                                              Smith, Gildea & Schmidt, LLC
                                              600 Washington Avenue, Suite 200
                                              Towson, MD 21204
                                              (410) 821-0070 / (410) 821-0071 (fax)
                                              Email: mpsmith@sgs-law.com
                                              *Counsel for Plaintiffs and Class Members*

## INTRODUCTION

Plaintiffs, Craig Ward, Mary and Todd Warren, and Teri Weatherly ("Plaintiffs"), by and through their undersigned counsel, following removal of this matter by Defendants Equifax, Inc., Equifax Information Services, LLC, and Equifax Consumer Services, LLC (collectively, "Equifax"), move pursuant to 28 U.S.C. § 1447(c) for remand of *Ward, et al. v. Equifax, Inc., et al.*, D. Maryland, Civil Action No. 1:17-cv-03246, to the Circuit Court for Baltimore County, Maryland on the finding that Equifax has failed to meet its burden of demonstrating federal subject matter jurisdiction over the action.

## PROCEDURAL BACKGROUND

On September 29, 2017, Plaintiffs filed suit against Equifax in a civil action entitled *Craig Ward, et al. v. Equifax, Inc., et al.,* Case No. 03-C-17-00944, in the Circuit Court for Baltimore County, Maryland (the "State Court Action"). The purely State Court Action alleges that Equifax, one of the country's largest credit reporting agencies, allowed hackers to gain access to Equifax's computer systems and obtain the names, Social Security numbers, birth dates, and addresses of more than one hundred million American consumers and, in some instances, their

driver's licenses and credit card numbers.  Plaintiffs' State Court Action alleged a class of only Maryland consumers and only state law causes of action.[1]

Plaintiffs served Equifax with the Complaint in the State Court Action on October 6, 2017.  On November 3, 2017, Equifax removed the State Court Action to the United States District Court for the District of Maryland, Baltimore Division, Case No. 1:17-cv-03246-RDB, invoking the minimal diversity jurisdiction requirements pursuant to the Class Action Fairness Act ("CAFA"). *Ward, et al. v. Equifax, Inc., et al.*, D. Maryland, Civil Action No. 1:17-cv-03246, Doc. #1, Not. of Removal, ¶ 18; 28 U.S.C. §1332(d).

Equifax's removal papers failed to sufficiently state the basis for the federal court's subject matter jurisdiction over Plaintiffs' State Court Action.  In fact, Equifax alleged that a critical component of Article III's standing requirements was missing because "…the Complaint contains only conclusory allegations concerning the speculative harm suffered by the putative class…" and "…**Plaintiffs have suffered no injury**…".  *Ward, et al. v. Equifax, Inc. et al,*1:17-cv-03246, Doc. #1, Not. of Removal, ¶ ¶ 31, 40 (emphasis added).  Equifax's allegations echoed controlling Fourth Circuit law which held that claims related to a data breach alleging injury from an increased risk of future identity theft do not

---

[1]  Plaintiffs' claims included negligence, negligent supervision, declaratory judgment, and violations of the Maryland Consumer Protection Act (MCPA), Md. Code. Ann., Comm. Law § 13-301, *et seq*., and Maryland Personal Information Protection Act (MPIPA), Md. Code Ann., Comm. Law §14-3501, *et seq.*

meet Article III's heightened standing requirements. *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017); *accord, Chambliss v. CareFirst Inc.,* 189 F. Supp. 3d 564 (D. Md. 2016).[2] Also applicable to this case, the Fourth Circuit held that certain damage claims were similarly insufficient to satisfy Article III's heightened standing requirement, such as monies and time spent by data breach victims to protect against future identity theft. *Beck,* 848 F.3d at 276.

Under this case law, Equifax's assertion that Plaintiffs' claims were speculative and did not state a cognizable federal claim compromised Equifax's ability to demonstrate subject matter jurisdiction over Plaintiffs' state law claims in the federal courts.[3] Plaintiffs immediately moved to remand, which motion was

---

[2] In *Hutton v. Nat'l Board Examiners in Optometry, Inc.*, 892 F.3d 613 (4th Cir. 2018), the Fourth Circuit reiterated its holding in *Beck,* finding that the Article III's heightened standing requirements were satisfied only on allegations and evidence that information compromised in a data breach was in fact used to open credit card and other financial accounts.

[3] Plaintiffs chose to file their claims in the Maryland Circuit Court for Baltimore County, a state court of general jurisdiction where "the constraints of Article III do not apply…". *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989); *see also, Sprye v. Ace Motor Acceptance Corp.*, 2017 U.S. Dist. LEXIS 67840 at *18-19 (D. Md. May 3, 2017). Maryland law does not recognize independent standing requirements analogous to those imposed by Article III, following instead the general rule that a party's ability to seek redress for damages is determined by the requirements of the causes of action that are alleged. *Superior Outdoor Signs, Inc. v. Eller Media Co.*, 150 Md. App. 479, 501 (2003)("just as an impact on a person's property interest affords a basis for standing, an impact on a person's interest arising out of contract, protecting from tortious invasion, or founded on a statute that confers a privilege likewise provides a basis for standing…".); *120 W. Fayette St., LLLP v. Mayor of Baltimore*, 407 Md. 253, 270-71 (2009) (standing is defined by the statute at issue); *News American v. State*, 294 Md. 30, 40 (1982) (the

pending at the time Plaintiffs' action was transferred, over Plaintiffs' objection, to this MDL court. *Ward, et al. v. Equifax, Inc., et al.,* 1:17-cv-03246, Doc. #17.

Plaintiffs file the instant Motion to Remand pursuant to Case Management Order – 5 because the jurisdictional issue raised by Equifax's removal papers has yet to be addressed and the statutory language is unequivocal: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). *In re: Equifax, Inc. Customer Data Breach Litigation*, 1:17-md-02800-TWT, Doc. #409, pp.2-3.  The same rule applies to actions removed pursuant to CAFA and binds this MDL court as it did the transferor court.  *Sprye v. Ace Motor Acceptance Corp.*, 2017 U.S. Dist. LEXIS 67840, *18 (D. Md. May 3, 2017)(citing *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

## ARGUMENT

### I. Equifax Must Prove Subject Matter Jurisdiction.

As the removing party (and the party invoking the limited subject matter jurisdiction of the federal courts) Equifax bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Strawn v. AT&T Mobility LLC,* 530 F.3d 293, 296-97 (4th Cir. 2008)*; Mirowski Family Ventures, LLC v.*

---

question for standing is "whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question") (quoting *Ass'n of Data Processing Serv. Org., Inc. v. Camp*, 397 U.S. 150, 153 (1970)).

7

*Boston Sci. Corp.*, 2014 U.S. Dist. LEXIS 77875, *12 (D. Md. June 5, 2014) (citing *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Similarly "…while CAFA was intended to open the doors of the federal courts to class action litigants, its statutory language did nothing to reverse the long-settled principle that a defendant seeking to invoke a federal court's removal jurisdiction bears the burden of demonstrating that jurisdiction would be proper." *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009); *see also, AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 390 (4th Cir. 2012) ("The burden of establishing federal jurisdiction for a class or mass action under CAFA is on the removing party").

In a class action, standing is determined on the claims of the named plaintiffs. *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). To carry its burden, Equifax must demonstrate this Court has subject matter jurisdiction, including Article III standing for the claims alleged in Plaintiffs' State Court Action Complaint.

Equifax will not be able to meet this burden because it plainly stated in its removal papers that Plaintiffs have "suffered no injury" and that Plaintiffs raise allegations of "only speculative harm." *Ward, et al. v. Equifax, Inc., et al.,* 1:17-cv-03246, Doc. #1, Not. of Removal, ¶¶ 31, 40. Equifax has continued to make the same assertions in their motions to dismiss filed in this Court, repeatedly asserting:

8

- "…Plaintiffs fail to allege facts showing that they have suffered a legally sufficient injury as a result of the data breach." MDL Docket No. 2800, No. 1:17-md02800-TWT, Doc. #425, p. 2

- Plaintiffs have not sustained a "legally cognizable harm." *Id.*, p.2

- "Plaintiffs' alleged injuries are not *legally cognizable harms*." *Id.*, p. 16 (emphasis in original).

- "Plaintiffs have failed to plead a cognizable injury at all…" *Id.*, pp. 19-20

- Plaintiffs' injuries are "theoretical." *Id.*, p.19

- "Plaintiffs allege no physical injury to themselves or their property." *Id.,* p. 32

- Plaintiffs "have failed to allege injury." *Id.*, p. 34

- "Plaintiffs have failed to allege sufficient facts demonstrating that they have suffered any cognizable injury…" *Id.*, p. 38

- "Plaintiffs have generally failed to allege any cognizable injury proximately caused by any act or omission of Equifax." *Id.*, p. 60

*In re: Equifax, Inc, Customer Data Security Breach Litigation*, MDL Docket No. 2800, No. 1:17-md02800-TWT, Doc. #425, Def. Mtn. to Dismiss.

Equifax's repeated assertions that Plaintiffs have not suffered a federally "cognizable injury" make it impossible for it to demonstrate that this Court has subject matter jurisdiction over Plaintiffs' State Court Action. Either Equifax must

9

demonstrate that Plaintiffs have sustained an injury sufficient to meet Article III's heightened standing requirements or this Court does not have and cannot exercise subject matter jurisdiction over Plaintiffs' State Court Action.

Equifax cannot have it both ways.

## II. Remand is Mandatory If Equifax Cannot Prove Subject Matter Jurisdiction.

Congress was clear that remand is the mandatory remedy when a federal court determines it lacks subject matter jurisdiction over a case removed from state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.")(emphasis added). This rule "applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Sprye,* 2017 U.S. Dist. LEXIS 67840 at *18 (quoting *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016)) (remanding plaintiffs' Maryland Wiretapping Act claim to the Circuit Court for Montgomery County).

*Khan v. Children's Natl. Health Sys.*, 188 F. Supp. 3d 524 (D. Md. 2016), is directly on point, originates from the same district court as this one did, and is controlling. *Khan* involved a data breach at a hospital, and state law claims similar to those alleged by Plaintiffs. *Khan,* 188 F. Supp. 3d at 527. The action was originally filed in the Circuit Court for Montgomery County, Maryland, and was removed by the defendant pursuant to CAFA. *Id.* Applying *Clapper,* the court

10

found the plaintiff's claims failed to meet Article III's heightened standing requirements and that it lacked subject matter jurisdiction. *Id.* at 533. Recognizing "[t]he plain language of 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject matter jurisdiction", the court remanded the case to the state court from which it had been removed. *Id.* at 534-35 (quoting *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996) (*quoting Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

Unless Equifax can carry its burden to demonstrate that Plaintiffs have suffered an injury sufficient to meet Article III's heightened standing requirements, remand is similarly mandated here and the case must, and should, return to the Plaintiffs' chosen state court forum in the Circuit Court for Baltimore County, Maryland. *Stephens v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 807 F. Supp. 2d 375 (D. Md. 2011) ("[o]n a motion to remand, a court must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'")(citing *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court determine whether subject matter jurisdiction exists, and, if subject matter

11

jurisdiction is found lacking, remand this matter back to the Circuit Court for Baltimore County, Maryland.

          Respectfully submitted,

          /s/ Michael Paul Smith
          Michael Paul Smith, Esq. #23685
          Smith, Gildea & Schmidt, LLC
          600 Washington Avenue, Suite 200
          Towson, MD 21204
          (410) 821-0070 / (410) 821-0071 (fax)
          Email: mpsmith@sgs-law.com
          *Counsel for Plaintiff and Class Members*