# Exhibit A-1
# (Elements of Unfair Practices Claims)

| Georgia Fair Business Practices Act, Ga. Code Ann. §§10-1-390, *et seq.* (Count 4) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | Suits brought under the GFBPA "must serve the public interest and implement the purpose of the [G]FBPA[—]the end to unfair or deceptive acts or practices in the public consumer marketplace." *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980). |
| **Test for Unfairness** | An "unfair" act is one that "would necessarily be attended by some [form of] reprehensible conduct on the part of the defendant." *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990).  However, the "question of whether a particular act or omission, or a series thereof, constitutes unfair or deceptive acts or practices within the meaning of [the GFBPA] generally is for jury resolution."  *Id.* |
| **Elements of a Claim** | A violation of the GFBPA has three elements: (1) a violation of the Act, (2) causation, and (3) injury.  *Zeeman*, 273 S.E.2d at 916. |
| **Refers to the FTC Act** | Yes.  The GFBPA is to be "interpreted and construed *consistently* with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act."  *Regency Nissan*, 391 S.E.2d at 470 (italics in original).[1] |

---

[1]   Unless otherwise noted, emphasis is added and internal citations are omitted.

1

| Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§42-110a, *et seq.* (Count 7) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "CUTPA claims can be based on either an 'actual deceptive practice' or an unfair practice—that is, a 'practice amounting to a violation of public policy.'" *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 95 F. Supp. 3d 284, 288 (D. Conn. 2015). Additionally, "the CUTPA standard for deceptive or unfair trade practices is broader than the standard for common law fraud, which does require proof of intent or scienter." *NCC Sunday Inserts, Inc. v. World Color Press, Inc.*, 692 F. Supp. 327, 330 (S.D.N.Y. 1988). |
| **Test for Unfairness** | "To determine whether an act or practice is unfair under CUTPA, Connecticut courts look to the following factors: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." *Langan*, 95 F. Supp. 3d at 288. Additionally, "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Greene v. Orsini*, 926 A.2d 708, 710 (Conn. Super. Ct. 2007). |
| **Elements of a Claim** | "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice.... Second, he [or she] must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." *Milford Paintball, LLC v. Wampus Milford Assocs., LLC*, 115 A.3d 1107, 1111 (Conn. App. Ct. 2015). |
| **Refers to the FTC Act** | Yes. "CUTPA also provides that courts interpreting the statute "shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act." *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 132, 143 (D. Conn. 2014); *see also* Conn. Gen. Stat. §42-110b(b). |

2

| **Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201, *et seq*. (Count 8)** ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "The Florida Deceptive and Unfair Trade Practices Act, enacted in 1973, declares illegal 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Casielles v. Taylor Rolls Royce, Inc.*, 645 F.2d 498, 501 (5th Cir. 1981) (quoting Fla. Stat. Ann. §501.204 (1980)). "A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *State, Office of Attorney Gen., Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC*, 946 So. 2d 1253, 1258 (Fla. Dist. Ct. App. 2007). |
| **Test for Unfairness** | While the Legislature does not define what "an unfair or deceptive act" is, it has mandated that FDUTPA is to be liberally construed. *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1985). "An unfair practice is 'one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."'" *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). |
| **Elements of a Claim** | "In order to prove a FDUTPA violation, the plaintiffs must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *NACM Tampa, Inc. v. Sunray Notices, Inc.*, No. 8:15-cv-1776-T-33TGW, 2017 WL 2209970, at *7 (M.D. Fla. Feb. 8, 2017). |
| **Refers to the FTC Act** | Yes. "[T]he Florida DUTPA defines a violation of that law to include violations of rules promulgated pursuant to the Federal Trade Commission Act." *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004). |

| Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. §§505/1, *et seq*. (Count 10) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "Recovery may be had for unfair as well as deceptive conduct." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). |
| **Test for Unfairness** | In determining whether a given course of conduct or act is unfair, the "factors [to determine unfairness] are (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers." *Toyota Motor*, 775 N.E.2d at 961 (citing 815 ILCS 505/2 (West 1992)). |
| **Elements of a Claim** | "The elements of a claim under the Act are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Toyota Motor*, 775 N.E.2d at 960. |
| **Refers to the FTC Act** | Yes. "In determining whether a given course of conduct or act is unfair, we observe the Consumer Fraud Act mandates that 'consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.'" *Toyota Motor*, 775 N.E.2d at 960 (citing 815 ILCS 505/2 (West 1992)). |

| **Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§51:1401, *et seq*. (Count 11)** ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "The Louisiana Unfair Trade Practices and Consumer Protection Law is set forth in La. R.S. 51:1401, *et seq.* It declares unfair methods of competition, as well as unfair or deceptive acts or practices in the conduct of any trade or commerce, to be unlawful. An act is not required to be both unfair and deceptive. What constitutes unfair and/or deceptive practices is not specifically defined, but is determined on a case-by-case basis." *Harris v. Poche*, 930 So. 2d 165, 171 (La. Ct. App. 2006). |
| **Test for Unfairness** | "Louisiana jurisprudence has left the determination of what is an unfair trade practice to the courts to decide on a case by case basis but have offered some limiting guidelines. 'Specifically, to establish that a defendant's business actions were "unfair," the plaintiff must demonstrate that they offended "established" public policy and were "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."'" *Waste Commanders, LLC v. BFI Waste Servs., LLC*, No. 14-938, 2015 WL 1089320, at *4 (W.D. La. Mar. 2, 2015). |
| **Elements of a Claim** | "To sustain a cause of action under LUTPA, two things must be proved: (1) an ascertainable loss was suffered; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *Carroll Insulation & Window Co. v. Biomax Spray Foam Insulation, LLC*, 180 So. 3d 518, 524 (La. Ct. App. 2015). |
| **Refers to the FTC Act** | Yes. "Because of the variety or possible unfair and deceptive practices, the Federal statute was intentionally *broadly written*, leaving the determination of individual violations to the Commission and the courts. Our legislature has expressed a similar intention in patterning our law so closely on the Federal statute. Therefore, we may and should consider interpretations of the Federal courts and of the Commission relative to such similar statutes to adjudge the scope and application of our own statute." *Morris v. Rental Tools, Inc.*, 435 So. 2d 528, 533 (La. Ct. App. 1983) (italics in original). |

| Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A, §§1, *et seq*. (Count 12) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "To allege a violation of the Massachusetts Consumer Protection Act ("Chapter 93A"), a plaintiff must show that the defendant engaged in trade or business and committed an unfair or deceptive practice, causing economic injury to the plaintiff." *Hanrahran v. Specialized Loan Servicing, LLC*, 54 F. Supp. 3d 149, 153 (D. Mass. 2014). |
| **Test for Unfairness** | "[T]o determine whether conduct is 'unfair' for purposes of Chapter 93A, courts consider several factors: (1) whether the practice is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers (or competitors or other businessmen) . . . Both the defendant's and the plaintiff's conduct, knowledge, and what they should have reasonably known may be factors in determining whether an act or practice is unfair." *Hanrahran*, 54 F. Supp. 3d at 154. |
| **Elements of a Claim** | "To allege a violation of Chapter 93A, a plaintiff must show that the defendant engaged in trade or business and committed an unfair or deceptive act, causing economic injury to the plaintiff." *Brown v. Bank of Am., N.A.*, 67 F. Supp. 3d 508, 514 (D. Mass. 2014). |
| **Refers to the FTC Act** | Yes. "[T]he courts are directed by the Legislature to be guided by the interpretations given by the Federal Trade Commission (FTC) and the Federal Courts to s 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s 45(a)(1) (1970) (Federal act)." *Slaney v. Westwood Auto, Inc*., 322 N.E.2d 768, 773 (Mass. 1975). |

6

| **Nebraska Consumer Protection Act, Neb. Rev. Stat. §§59-1601, *et seq*. (Count 16)** | |
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "The Nebraska CPA makes unlawful '[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Wines, Vines & Corks, LLC v. First Nat'l of Nebraska, Inc*., No. 8:14CV82, 2014 WL 12665802, at *4 (D. Neb. Aug. 20, 2014). |
| **Test for Unfairness** | "[I]n order to prove an 'unfair' practice when merchants have entered into a contract, the plaintiff must either prove that the practice: (1) fell within some common-law, statutory, or other established concept of unfairness or (2) was immoral, unethical, oppressive, or unscrupulous." *Raad v. Wal-Mart Stores, Inc*., 13 F. Supp. 2d 1003, 1014 (D. Neb. 1998). |
| **Elements of a Claim** | "To prove a violation of the NCPA a plaintiff must show that the defendant (1) 'engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce'; (2) that the defendant's 'conduct affected the public interest'; (3) that the plaintiff 'was injured in its business or property by [the defendant's] unfair method of competition or deceptive trade practice'; and (4) that plaintiff suffered damages." *Oriental Trading Co., Inc. v. Yagoozon, Inc*., No. 8:13CV351, 2016 WL 2859603, at *5 (D. Neb. May 16, 2016). |
| **Refers to the FTC Act** | Yes.  "We have stated that § 59-1602 mirrors the language of 15 U.S.C. § 45(a)(1)." *Salem Grain Co., Inc. v. Consol. Grain & Barge Co.*, 900 N.W.2d 909, 922 (Neb. 2017). |

7

| North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. §§75-1.1, *et seq*. (Count 20) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "'Unfairness' is a broader concept than and includes the concept of 'deception.'" *Walker v. Fleetwood Homes of N.C., Inc.*, 627 S.E.2d 629, 631-32 (N.C. Ct. App. 2006). |
| **Test for Unfairness** | "A practice is unfair when it offends established public policy, as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Fleetwood Homes*, 627 S.E.2d at 632. |
| **Elements of a Claim** | "A plaintiff must show '(1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business.'" *Fleetwood Homes*, 627 S.E.2d at 631. |
| **Refers to the FTC Act** | Yes. "Highly persuasive to us is the fact that the substantive provisions of the North Carolina act are reproduced *verbatim* from § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and that the North Carolina Supreme Court, consistent with that observation, had held that "[b]ecause of the similarity in language, it is appropriate for us to look to the federal decisions interpreting the FTC Act for guidance in construing the meaning of . . . § 75–1.1." *ITCO Corp. v. Michelin Tire Corp., Commercial Div.*, 722 F.2d 42, 48 (4th Cir. 1983), *on reh'g,* 742 F.2d 170 (4th Cir. 1984) (quoting *Johnson v. Phoenix Mut. Life Ins. Co.*, 266 S.E.2d 610, 620 (N.C. 1980). |

| | Oklahoma Consumer Protection Act, Okla. Stat. 15 §§ 751, *et seq*. (Count 22) |
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "The first element to be proved is that the defendant engaged in an unlawful practice under the OCPA. Unlawful practices are identified in § 753. Subsections (1)-(15) of § 753 declare a number of specific acts to be unlawful practices." *Patterson v. Beall*, 19 P.3d 839, 846 (OK 2000). |
| **Test for Unfairness** | "'Unfair trade practice'" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." 15 O.S. §752(14). |
| **Elements of a Claim** | "To state a claim under the OCPA, a plaintiff must show (1) that the defendant engaged in an unlawful practice as defined [under 15 O.S. § 753]; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Horton v. Bank of Am., N.A.*, 189 F. Supp. 3d 1286, 1291 (N.D. Okla. 2016). |
| **Refers to the FTC Act** | Yes. "It is the intent of the Legislature that in construing the Oklahoma Consumer Protection Act, courts shall be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C., Section 45(a)(1)), as from time to time amended." State of Oklahoma 2nd Session of the 53rd Legislature (2012) SENATE BILL 1521. |

| Tennessee Consumer Protection Act, Tenn. Code Ann. §§47-18-101, *et seq*. (Count 24) ||
|---|---|
| **Unfair Acts Are Distinct from Deceptive/ Fraudulent Acts** | "The coverage of the Tennessee Consumer Protection Act is far broader than the scope of common-law actions for deceit.  The Act applies to all unfair or deceptive acts or practices affecting trade or commerce that do not fit within one of the exceptions in Tenn. Code Ann. § 47–18–111."  *Johnson v. John Hancock Funds*, 217 S.W.3d 414, 420–21 (Tenn. Ct. App. 2006). |
| **Test for Unfairness** | "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *Johnson v. Beverly–Hanks & Assocs., Inc.*, 400 S.E.2d 38, 42 (N.C. 1991).  "If a party engages in conduct that results in an inequitable assertion of his power or position, he has committed an unfair act or practice."  *Miller v. Nationwide Mut. Ins. Co.*, 435 S.E.2d 537, 542 (N.C. Ct. App. 1993) |
| **Elements of a Claim** | "The TCPA provides a private right of action for any consumer who is the victim of 'unfair or deceptive' acts in the course of trade or commerce . . . Although there is some apparent conflict among courts in Tennessee as to whether the intent to deceive is a requirement under the TCPA, . . . we believe the more reasoned view is that intent is not required."  *Menuskin v. Williams*, 145 F.3d 755, 767–68 (6th Cir. 1998). |
| **Refers to the FTC Act** | Yes.  "The TCPA, like the little FTC acts of many other states, explicitly provides that it is to be interpreted and construed in accordance with interpretations of 15 U.S.C.A. § 45(a)(1) by the Federal Trade Commission and the federal courts.  Tenn. Code Ann. § 47–18–115."  *Tucker v. Sierra Builders*, 180 S.W.3d 109, 114–15 (Tenn. Ct. App. 2005). |

10