# Exhibit A-2
# (Elements of Deceptive Practices Claims)

| Georgia Fair Business Practices Act, Ga. Code Ann. §§10-1-390, *et seq.* (Count 4) | |
|---|---|
| **Elements of a Claim** | A violation of the GFBPA has three elements: (1) a violation of the Act, (2) causation, and (3) injury. *Zeeman v. Black*, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980). |
| **Test for Deceptiveness** | "It is in the public interest to prevent the sale of commodities by false and misleading statements. . . . [A] *deliberate effort to deceive is not necessary*." *Regency Nissan, Inc. v. Taylor*, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990) (emphasis in original).[1] |
| **Scienter** | The GFBPA "abandons the two elements of the common law [tort of misrepresentation] most difficult to prove, scienter (knowledge of the deception) and intent to deceive." *Regency Nissan*, 391 S.E.2d at 470. |
| **Reliance** | "Since the Act contemplates notice of the deception relied upon as the prerequisite to a suit for recovery of damages resulting from that deception, we construe Code Ann. s 106-1210 as incorporating the "reliance" element of the common law tort of misrepresentation into the causation element of an individual claim under the FBPA." *Zeeman*, 273 S.E.2d at 916; *see also Regency Nissan*, 391 S.E.2d at 470 (same). |
| **Heightened Pleading Standard** | "[T]he heightened particularity requirement of Rule 9(b) does not apply to [] Plaintiffs' GFBPA claim." *See In re Arby's Rest. Grp. Inc. Litig.*, 317 F. Supp. 3d 1222, 1224 (N.D. Ga. 2018). |

---

[1]     Unless otherwise noted, emphasis is added and internal citations are omitted.

## Arkansas Deceptive Trade Practices Act, Ark. Code §§4-88-101, *et seq*. (Count 5)

| | |
|---|---|
| **Elements of a Claim** | "The Arkansas Deceptive Trade Practices Act provides a private right of action to 'any person' who suffers actual damage or injury as a result of a violation of the Act. . . . The elements of such a cause of action are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act." *Forever Green Athletic Fields, Inc. v. Lasiter Const., Inc.*, 384 S.W.3d 540, 552 (Ark. Ct. App. 2011). |
| **Test for Deceptiveness** | The ADTPA generally prohibits "unconscionable, false, or deceptive act or practice in business, commerce, or trade."  Ark. Code. § 4-88-107(a)(10). "[A] deceptive consumer-oriented act or practice . . . is [one that is] misleading in a material respect."  *Forever Green*, 384 S.W.3d at 552. |
| **Scienter** | Plaintiffs bring claims under Ark. Code §4-88-107(a)(10) which does not require scienter, and § 4-88-107(a)(1) which does.  *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 776-77 (8th Cir. 2010) ("For several reasons, though, we conclude that claims pursuant to Arkansas Code §§ 4–88–107(a)(10) and 4–88–108(2) do not require knowing or intentional deception.  First, neither provision on its face requires an intent to deceive or knowledge that a representation is false.  The Arkansas legislature could easily have added the word "knowingly," "intentionally," or "willfully" to §§ 4–88–107(a)(10) and 4–88–108(2), just as it did under several portions of § 4–88–107(a)."). |
| **Reliance** | Case law is divided on this issue, and Equifax has provided no case law showing it is required.  *See In re Dial Complete Mktg. & Sales Pract. Litig.*, 312 F.R.D. 36, 58 n.9 (D.N.H. 2015) (noting the "case law on this topic is far from clear" on whether the ADTPA requires reliance and certifying a class despite potential reliance); *McCarty v. So. Farm Bur. Cas. Ins. Co.*, No. 5:12-CV-00148-BRW, 2013 WL 11456881, at *5 (E.D. Ark. May 31, 2013) (noting the uncertainty of whether the ADTPA requires reliance). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' ADTPA claim.  *See Jacobs v. Glob. Tel*Link Corp.*, No. 5:15-CV-5136, 2016 WL 5953128, at *7 (W.D. Ark. May 17, 2016) ("The Court is persuaded by these cases that Rule 9(b)'s heightened pleading standard does not apply to Plaintiffs' claim that Defendant violated Ark. Code Ann. § 4-88-107(a)(10)."). |

## Colorado Consumer Protection Act, Colo. Rev. Stat. §§6-1-101, *et seq*. (Count 6)

| | |
|---|---|
| **Elements of a Claim** | "To prove a private cause of action under the CCPA, a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). |
| **Test for Deceptiveness** | A defendant must have made "a misrepresentation or . . . a false representation [that] had the capacity or tendency to deceive, even if it did not." *Rhino Linings*, 62 P.3d at 148. |
| **Scienter** | Scienter is required under the CCPA. *See Gallegos v. Louisville Ladder Grp., LLC*, No. 03 CV 01683 TWN PAC, 2006 WL 650196, at *4 (D. Colo. Mar. 14, 2006) ( "Similarly, as the parties agree, proof of an unfair or deceptive trade practice under the Colorado Consumer Protection Act requires the same type of *scienter*.") (italics in original). |
| **Reliance** | Reliance is required under the CCPA. *See Rhino Linings*, 62 P.3d at 148 ("A misrepresentation, which is a false or misleading statement that induces the recipient to act or refrain from acting, is actionable when it is made 'either with knowledge of its untruth, or recklessly and willfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff.'") (citing *Parks v. Bucy*, 72 Colo. 414, 418, 211 P. 638, 639 (1922).). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) may apply to Plaintiffs' CCPA claim. *See Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985) ("Neither the Colorado courts nor the federal courts in this circuit have addressed the issue of whether Rule 9(b) should apply to allegations of deceptive trade practices under the Colorado Consumer Protection Act.  An examination of the Act reveals that claims under the Act are not precisely actions for fraud although the Act does require proof of many of the same elements as fraud.  I am persuaded that allegations of deceptive trade practices under the Act are subject to Rule 9(b)'s requirement of particularity."). |

4

## Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§42-110a, *et seq*. (Count 7)

| | |
|---|---|
| **Elements of a Claim** | "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he [or she] must establish that the conduct at issue constitutes an unfair or deceptive trade practice.... Second, he [or she] must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." *Milford Paintball, LLC v. Wampus Milford Assocs., LLC*, 115 A.3d 1107, 1111 (Conn. App. Ct. 2015). |
| **Test for Deceptiveness** | "It is well settled that in determining whether a practice violates CUTPA we have adopted the [following] criteria . . . : (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . ; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied." *Greene v. Orsini*, 926 A.2d 708, 710 (Conn. Super. Ct. 2007). |
| **Scienter** | "In keeping with the remedial purpose of the federal Unfair Trade Practices Act, other courts and commentators have interpreted the [CUTPA] not to require proof that the actor or declarant knew of the falsity of his statement or act." *Web Press Servs. Corp. v. New London Motors, Inc*., 525 A.2d 57, 68 (Conn. Super. Ct. 1987). |
| **Reliance** | "[U]nder CUTPA it was not necessary for a plaintiff to prove reliance or that [a] representation became part of the basis of the bargain." *Web Press Servs*., 525 A.2d at 67. |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' CUTPA claim if the claim is not based on fraud. "CUTPA claims brought in federal court only must satisfy Rule 9(b) if such claims are based on fraud allegations. . . . In this case, the court construes paragraph 22 of the Amended Complaint as alleging a deceptive practice short of fraud. Therefore, this claim need not satisfy Rule 9(b). . . ." *Tatum v. Oberg*, 650 F. Supp. 2d 185, 195 (D. Conn. 2009). |

## Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201, *et seq*. (Count 8)

| | |
|---|---|
| **Elements of a Claim** | "In order to prove a FDUTPA violation, the plaintiffs must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *NACM Tampa, Inc. v. Sunray Notices, Inc.*, No. 8:15-cv-1776-T-33TGW, 2017 WL 2209970, at *7 (M.D. Fla. Feb. 8, 2017). "FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud, and therefore, '[t]he plaintiff need not prove the elements of fraud to sustain an action under [FDUTPA].'" *State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005). |
| **Test for Deceptiveness** | "Deception occurs if there is a representation, omission, or practices that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Pract. Litig.*, 955 F. Supp. 3d 1311, 1331-32 (S.D. Fla. 2013). |
| **Scienter** | FDUTPA "constitutes a somewhat unique tortious act because, although it is somewhat similar to a claim in fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1380 (S.D. Fla. 2012). |
| **Reliance** | Reliance is not a requirement of a FDUTPA claim. *Davis v. Powertel, Inc.*, 776 So. 2d 971 (Fla. Dist. Ct. App. 2000). |
| **Heightened Pleading Standard** | Equifax concedes that Plaintiffs have satisfied the required pleading standard. Def's. Ex. 1 at 3. |

## Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§10-1-370, *et seq*. (Count 9)

| | |
|---|---|
| **Elements of a Claim** | "To state a claim and to establish standing under the UDTPA, Plaintiffs must allege that they are likely to be damaged in the future by an unfair trade practice."  *Collins v. Athens Orthopedic Clinic*, 815 S.E.2d 639, 646 (Ga. Ct. App. 2018).  "A plaintiff 'need not prove competition between the parties or actual confusion or misunderstanding' to prevail."  *T.V.D.B. Sarl v. Kapla USA, LP*, No. 4:12-cv-230, 2013 WL 6623186, at *8 (S.D. Ga. Dec. 16, 2013). |
| **Test for Deceptiveness** | "A person engages in a deceptive trade practice within the meaning of the Georgia Uniform Deceptive Trade Practices Act, when he . . .  misrepresents the standard, quality or grade of a product . . . by false or misleading representations of fact."  *Energy Four, Inc. v. Dornier Med. Sys., Inc*., 765 F. Supp. 724, 730 (N.D. Ga. 1991). |
| **Scienter** | Plaintiffs do not need to plead that defendants intended to mislead consumers in order to state a claim under GUDTPA.  *See ITT Corp. v. Xylem Grp., LLC*, 963 F. Supp. 2d 1309, 1326 (N.D. Ga. 2013) ("To obtain relief under Georgia Deceptive Trade Practices Act, O.C.G.A. § 10–1–372, the movant is 'not required to show that [it] suffered monetary damages or that the [defendant] intended to cause confusion or misunderstanding to the public.'"). |
| **Reliance** | Reliance is not required under the GUDTPA.  *Harney v. Associated Materials, LLC*, No.16-CV-1587, 2018 WL 468303, at *7 (D. Or. Jan. 18, 2018) ("Neither party cited, nor could the Court find, any case requiring a plaintiff to have relied on an omission by the defendant to state a claim under Ga. Code Ann. § 10–1–372."). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' GUDTPA claim.  Equifax concedes that Plaintiffs have satisfied the required pleading standard.  *See* Ex. 1, p.4. |

## Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. §§505/1, *et seq*. (Count 10)

| | |
|---|---|
| **Elements of a Claim** | "The elements of a claim under the Act are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). |
| **Test for Deceptiveness** | "An omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 595 (Ill. 1996). "The Illinois Consumer Fraud Act prohibits the 'misrepresentation or the concealment, suppression or omission of any material fact' in the conduct of trade or commerce." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570. 575 (7th Cir. 2001). |
| **Scienter** | "The difference between common law and statutory fraud is that the latter eliminated the requirement of scienter." *Azimi v. Ford Motor Co.*, 977 F. Supp. 847, 852 n.5 (N.D. Ill. 1996). |
| **Reliance** | "Plaintiff's reliance is not an element of statutory consumer fraud. . . ." *Connick*, 675 N.E.2d at 593. |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) may apply to Plaintiffs' ILFA claim. "[A] complaint alleging a violation of consumer fraud must be pled with the same particularity and specificity as that required under common law fraud." *Connick*, 675 N.E.2d at 593. |

## Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§51:1401, *et seq*. (Count 11)

| | |
|---|---|
| **Elements of a Claim** | "To sustain a cause of action under LUTPA, two things must be proved: (1) an ascertainable loss was suffered; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *Carroll Insulation & Window Co., Inc. v. Biomax Spray Foam Insulation, LLC*, 180 So. 3d 518, 524 (La. Ct. App. 2015). |
| **Test for Deceptiveness** | "A business action is 'deceptive' when it amounts to fraud, deceit, or misrepresentation." *Andretti Sports Mktg. La., LLC v. Nola Motorsports Host Committee, Inc.*, 147 F. Supp. 3d 537, 564 (E.D. La. 2015). |
| **Scienter** | "[T]the district court found that LUTPA does not require a misrepresentation or unethical conduct to be engaged in with the intent to obtain an unjust advantage or to cause a loss or inconvenience.  We agree." *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 921-22 (5th Cir. 2002). |
| **Reliance** | Reliance is required under the LUTPA.  *See Cargill, Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 674 (E.D. La. 2012). |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' LUTPA claim.  Equifax concedes that Plaintiffs have satisfied the required pleading standard.  Def's. Ex. 1 at 5. |

| Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. Ch. 93A, §§1, *et seq.* (Count 12) | |
|---|---|
| **Elements of a Claim** | "To allege a violation of Chapter 93A, a plaintiff must show that the defendant engaged in trade or business and committed an unfair or deceptive act, causing economic injury to the plaintiff."  *Brown v. Bank of Am., N.A.*, 67 F. Supp. 3d 508, 514 (D. Mass. 2014). |
| **Test for Deceptiveness** | "[C]onduct is 'deceptive' when 'it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently than they otherwise would have acted.'"  *Hanrahran v. Specialized Loan Servicing, LLC*, 54 F. Supp. 3d 149, 154 (D. Mass. 2014). |
| **Scienter** | No scienter requirement exists under the MCPA.  *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017) (discussing the elements of a MCPA claim). |
| **Reliance** | No reliance requirement exists under the MCPA.  *See Shaulis v. Nordstrom, Inc.*, 856 F.3d 1 (1st Cir. 2017) (discussing the elements of a MCPA claim and determining a real economic injury is sufficient). |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' MCPA claim.  Equifax concedes that Plaintiffs have satisfied the required pleading standard.  Def's Ex. 1 at 5. |

## Minnesota Consumer Fraud Act, Minn. Stat. §§325F.68 & 8.31, *et seq*. (Count 13)

| | |
|---|---|
| **Elements of a Claim** | "Under Minnesota's Private Attorney General Statute . . . , 'any person injured by a violation' of the CFA . . . may file suit and recover damages as well as costs and attorney fees. . . . To establish a cause of action under the CFA and FSAA, Plaintiffs must establish (1) a public benefit, and (2) a misrepresentation sufficient to violate the statutes." *Khoday v. Symantec Corp.*, 858 F. Supp. 2d 1004, 1016 (D. Minn. 2012). |
| **Test for Deceptiveness** | "The CFA . . . [is] 'broader than common law fraud and support[s] omissions as violations' when they are material and naturally affect consumers' conduct. . . . When a party provides misleading information, it may have the obligation to provide additional information to clarify that misrepresentation." *Khoday*, 858 F. Supp. 2d at 1018. |
| **Scienter** | The MCFA does not require that a misrepresentation be made knowingly. *See In re Prof'l Fin. Mgmt., Ltd.*, 703 F. Supp. 1388, 1397 (D. Minn. 1989) ("It is not necessary that the one who makes the misrepresentation knows that it is false. If an individual makes a statement which turns out to be false, and makes it of his own knowledge when in fact he does not know whether it is true or false, that is a misrepresentation. Even if a misrepresentation is made innocently, it would operate as a fraud upon plaintiff if made unqualified or as of the representor's own knowledge.") (citing *Cashman v. Allied Prods. Corp.*, 761 F.2d 1250, 1255 (8th Cir. 1985). |
| **Reliance** | Reliance is incorporated into the MCFA's causal nexus requirement. *See Wiegand v. Walser Auto. Grps., Inc.*, 683 N.W.2d 807, 812–13 (Minn. 2004) ("We have recognized that the Consumer Fraud Act's substantive misrepresentation in sales section—Minn. Stat. § 325F.69, subd. 1—eliminates elements of common law fraud, such as reliance on misrepresentations. . . . [R]eliance is a component of the causal nexus requirement for a private consumer fraud [act] class action under Minn.Stat. § 8.31, subd. 3a. But a private consumer fraud class action does not necessarily require the justifiable reliance standard of common law fraud."). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does apply to Plaintiffs' MCFA claim. *See Masterson Pers., Inc. v. The McClatchy Co.*, No. Civ. 05-1274RHKJJG, 2005 WL 3132349, at *4 (D. Minn. Nov. 22, 2005) ("Rule 9(b) applies to both common law and statutory fraud claims made under Minnesota law where 'the gravaman of the complaint is fraud.'"). |

## Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§325D.43, *et seq*. (Count 14)

| | |
|---|---|
| **Elements of a Claim** | "To establish its false advertising claims under the . . . . MDTPA, [plaintiff] must establish: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Insignia Sys., Inc. v. News Am. Mktg. In-Store, Inc.*, 661 F. Supp. 2d 1039, 1066 (D. Minn. 2009) |
| **Test for Deceptiveness** | "In order to make out a claim under the Act, the plaintiff must show some likelihood of confusion or misunderstanding." *Scott v. Mego Int'l, Inc.*, 519 F. Supp. 1118, 1137 (D. Minn. 1981). |
| **Scienter** | "Claims for deceptive trade practices under Minnesota statute require the same analysis as claims under federal Lanham Act," *Rainbow Play Sys., Inc. v. GroundScape Techs., LLC*, 364 F. Supp. 2d 1026, 1039 (D. Minn. 2005), and "there is no scienter requirement for Lanham Act infringement." *Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*, 457 F.3d 1269, 1278 (Fed. Cir. 2006). Therefore, MUDTPA does not require scienter. |
| **Reliance** | Reliance is not required to the extent a plaintiff seeks an injunction under Minnesota statutory law. *See Parkhill v. Minnesota Mut. Life Ins. Co.*, 188 F.R.D. 332, 344–45 (D. Minn. 1999), *aff'd*, 286 F.3d 1051 (8th Cir. 2002) ("[W]here a plaintiff seeks to recover damages under Minnesota's consumer protection statutes, reliance is necessary; however, where a plaintiff seeks only injunctive or other equitable relief, no reliance need be demonstrated."). The MUDTPA does not permit damages, only an injunction, *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1140 (D. Minn. 2016) ("[U]nder Minnesota law, the sole statutory remedy for [a Minnesota Deceptive Trade Practices Act (MDTPA) claim] is injunctive relief."), and therefore, reliance is not required. |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does apply to Plaintiffs' MUDTPA claim. *See Masterson Pers.*, 2005 WL 3132349, at *4 ("Rule 9(b) applies to both common law and statutory fraud claims made under Minnesota law where 'the gravamen of the complaint is fraud.'"). |

## Nebraska Consumer Protection Act, Neb. Rev. Stat. §§59-1601, *et seq.* (Count 16)

| | |
|---|---|
| **Elements of a Claim** | "To prove a violation of the NCPA a plaintiff must show that the defendant (1) 'engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce'; (2) that the defendant's 'conduct affected the public interest'; (3) that the plaintiff 'was injured in its business or property by [the defendant's] unfair method of competition or deceptive trade practice'; and (4) that plaintiff suffered damages. *Oriental Trading Co., Inc. v. Yagoozon, Inc.*, No. 8:13CV351, 2016 WL 2859603, at *5 (D. Neb. May 16, 2016). |
| **Test for Deceptiveness** | "[I]n order to prove a 'deceptive' practice when merchants have entered into a contract, the plaintiff must prove that the practice possessed the tendency or capacity to mislead, or created the likelihood of deception.  Fraud, misrepresentation, and similar conduct are examples of what is prohibited." *Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1014 (D. Neb. 1998). |
| **Scienter** | The NCPA requires some requirement that the defendant acted knowingly.  *See Wines, Vines & Cork,s LLC v. 1st Nat'l of Neb., Inc.*, No. 8:14CV82, 2014 WL 12665802, at *4 (D. Neb. Aug. 20, 2014) ("the plaintiff must 'show that the promisor had no intent to perform the promise when it was made.'"). |
| **Reliance** | Reliance is not an element of a NCPA claim.  *See Raad*, 13 F. Supp. 2d at 1010-14 (examining the elements of the NCPA and other similar statutes without applying a reliance requirement). |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' NCPA claim.  Equifax concedes that Plaintiffs have satisfied the required pleading standard. Def's. Ex. 1 at 6. |

## Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§87-301, *et seq*. (Count 17)

| | |
|---|---|
| **Elements of a Claim** | "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." *Gengenbach v. Hawkins Mfg., Inc.*, 785 N.W.2d 853, 857 (Neb. Ct. App. 2010) |
| **Test for Deceptiveness** | "The NUDTPA provides that a person engages in a deceptive trade practice when, in the course of his or her business, he or she does one of the following (among other things) . . . Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." *JDR Indus., Inc. v. McDowell*, 121 F. Supp. 3d 872, 890 (D. Neb. 2015). |
| **Scienter** | "There is no scienter requirement under the 'unfair' practices prong of many states' UDTPAs." *In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 99 (D. Mass. 2008) (examining state statutes including the NUDTPA). Additionally, NUDTPA does not require the defendant to have acted knowingly. *See* Neb. Rev. Stat. §87-303 ("Proof of monetary damage, loss of profits, or intent to deceive is not required."). |
| **Reliance** | NUDTPA appears to require reliance. The NUDTPA incorporates the elements of a Lanham Act claim, *Gallup, Inc. v. Talentpoint, Inc.*, No. CIV.A. 00-5523, 2001 WL 1450592, at *14 (E.D. Pa. Nov. 13, 2001), and the Lanham Act requires a deception to have a "material effect on purchasing decisions." *Atl. Nat'l Bank v. Atl. S. Bank*, No. CV 208-147, 2010 WL 5067412, at *2 (S.D. Ga. Nov. 23, 2010). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' NUDTPA claim. *See Alpharma, Inc. v. PennField Oil Co*., No. 8:03CV401, 2008 WL 2331019, at *2 (D. Neb. June 4, 2008) ("The heightened pleading requirements of Rule 9(b) do not apply to allegations of unfair and deceptive trade practices."). |

## New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§57-12-2, *et seq*. (Count 18)

| | |
|---|---|
| **Elements of a Claim** | "[F]our elements must be established to invoke the Unfair Practices Act. . . . First, the complaining party must show that the party charged made an 'oral or written statement, visual description or other representation' that was either false or misleading.  Second, the false or misleading representation must have been 'knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of credit or ... collection of debts.'  Third, the conduct complained of must have occurred in the regular course of the representer's trade or commerce.  Fourth, the representation must have been of the type that 'may, tends to or does, deceive or mislead any person.'" *Stevenson v. Louis Dreyfus Corp*., 811 P.2d 1308, 1311 (N.M. 1991). |
| **Test for Deceptiveness** | An "unfair or deceptive trade practice" includes any "false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person."  N.M. Stat. Ann. §57-12-2 (D). |
| **Scienter** | The NMUTPA requires scienter.  *See Stevenson*, 811 P.2d at 1311-12 ("The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading."). |
| **Reliance** | Under NMUTPA, "a claimant need not prove reliance upon a defendant's deceptive conduct . . . ." *Lohman v. Daimler-Chrysler Corp*., 166 P.3d 1091, 1098 (N.M. Ct. App. 2007). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' NMUTPA claim.  Equifax concedes that Plaintiffs have satisfied the required pleading standard.  *See* Def.'s Ex. 1 p.7. |

## N.Y. General Business Law, N.Y. Gen. Bus. Law §§349, *et seq*. (Count 19)

| | |
|---|---|
| **Elements of a Claim** | "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *In re FieldTurf Artificial Turf Mktg. & Sales Practices Litig*., No. 3:17-md-2779 (MAS)(TJB), 2018 WL 4188459, at *11 (D.N.J. Aug. 31, 2018). |
| **Test for Deceptiveness** | "The materiality element of a claim under GBL § 349 or GBL § 350 is 'objective'—that is, '[w]hether a representation or an omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Campbell v. Drink Daily Greens, LLC*, No. 16-CV-7176, 2018 WL 4259978, at *3 (E.D.N.Y. Sept. 4, 2018). |
| **Scienter** | Scienter is not required under N.Y. Gen. Bus. Law §349. *People ex rel. Schneiderman v. Credit Suisse Sec. (USA) LLC*, 47 N.Y.S.3d 236, 240 (N.Y. App. Div. 2016) ("[I]t is not merely the absence of scienter that distinguishes a violation of section 349 from common-law fraud; section 349 encompasses a significantly wider range of deceptive business practices that were never previously condemned by decisional law."). |
| **Reliance** | No reliance is required under N.Y. Gen. Bus. Law §349. *See Pelman ex rel. Pelman v. McDonald's Corp*., 396 F.3d 508, 511 (2d Cir. 2005) ("Unlike a private action brought under § 350, a private action brought under § 349 does not require proof of actual reliance."). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' claims under N.Y. Gen. Bus. Law §349. *Pelman*, 396 F.3d at 511 ("[B]ecause § 349 extends well beyond common-law fraud to cover a broad range of deceptive practices . . . and because a private action under § 349 does not require proof of the same essential elements (such as reliance) as common-law fraud, an action under § 349 is not subject to the pleading-with-particularity requirements of Rule 9(b), Fed.R.Civ.P., but need only meet the bare-bones notice-pleading requirements of Rule 8(a)."). |

| North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. §§75-1.1, *et seq.* (Count 20) | |
|---|---|
| **Elements of a Claim** | "A plaintiff must show '(1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business.'" *Walker v. Fleetwood Homes of North Carolina*, 627 S.E.2d 629, 631 (N.C. Ct. App. 2006). |
| **Test for Deceptiveness** | "A practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required." *Atl. Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 715 (4th Cir. 1983). |
| **Scienter** | "In practice, courts have applied the statute liberally.  Fraud is covered, of course, and negligent misrepresentation also has been deemed sufficient.  Even failure to disclose information has been considered deceptive when tantamount to misrepresentation."  *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996). |
| **Reliance** | Reliance is not a requirement of a NCUDTPA claim.  *Rucker v. Huffman*, 392 S.E.2d 419, 421 (N.C. Ct. App. 1990) ("[P]roof of actual deception is not required."); *Gilbane Bldg. Co.*, 80 F.3d at 903 ("[R]eliance is unnecessary" even if a "causal link between the violative conduct and the damages" is required.). |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' NCUDTPA.  Equifax concedes that Plaintiffs have satisfied the required pleading standard.  Def's. Ex. 1 at 8. |

| **Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. §§4165.01, *et seq*. (Count 21)** | |
|---|---|
| **Elements of a Claim** | "In order to succeed on a claim for false and misleading advertising under the Ohio Deceptive Trade Practices Act, the Plaintiff must show: (1) the defendant has made false or misleading statements of fact concerning his own product or another's; (2) the statement deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff."  *HER, Inc. v. RE/MAX First Choice, LLC*, 468 F. Supp. 2d 964, 979 (S.D. Ohio 2007). |
| **Test for Deceptiveness** | "In order to succeed on a claim for false and misleading advertising under the Ohio Deceptive Trade Practices Act, the Plaintiff must show . . . the defendant has made false or misleading statements of fact concerning his own product."  *See HER, Inc*., 468 F. Supp. 2d at 979; *see also 1st Choice Fed. Credit Union v. Wendy's Co*., No. 16-CV-0506, 2017 WL 9487086, at *4 (W.D. Pa. Feb. 13, 2017), *report and recommendation adopted*, 2017 WL 1190500 (W.D. Pa. Mar. 31, 2017). |
| **Scienter** | The Ohio DTPA incorporates some elements of a Lanham Act claim, and the Lanham Act does not require scienter.  *See Papa Ads, LLC v. GateHouse Media, Inc*., No. 5:10 CV 203, 2011 WL 13186119, at *4 n.11 (N.D. Ohio Mar. 22, 2011) ("The same legal analysis is employed to resolve the Lanham Act claims and the Ohio Deceptive Trade Practices Act (Ohio R.C. § 4165.02) claims."); *Syngenta Seeds*, 457 F.3d at 1278 ("[T]here is no scienter requirement for Lanham Act infringement."). |
| **Reliance** | Reliance is required under the Ohio DTPA.  *Wendy's*, 2017 WL 9487086, at *4 ("[A] plaintiff seeking relief under the ODTPA must allege reliance on the alleged misrepresentation which flowed directly into injury."). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' Ohio DTPA claim.  Equifax concedes the Ohio DTPA is not subject to a heightened pleading standard. Ex. 1 p.8.  Additionally, "district courts in this circuit [] have held that Rule 9(b) does not apply to false advertising claims under the Lanham Act," which the Ohio DTPA incorporates.  *N. Am. Med. Corp. v. Axiom Worldwide, Inc*., No. 1:06-CV-1678-JTC, 2008 WL 11338709, at *3 (N.D. Ga. Dec. 8, 2008). |

18

| Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 §§751, *et seq.* (Count 22) | |
|---|---|
| **Elements of a Claim** | "To state a claim under the OCPA, a plaintiff must show (1) that the defendant engaged in an unlawful practice as defined [under 15 O.S. § 753]; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Horton v. Bank of Am., N.A.*, 189 F. Supp. 3d 1286, 1291 (N.D. Okla. 2016). |
| **Test for Deceptiveness** | "An unlawful practice includes 'a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.'" *Supermarket No. 7 v. North Star Mut. Ins. Co.*, No. CIV-14-1129-M, 2015 WL 737006, at *4 (W.D. Okla. Feb. 20, 2015). |
| **Scienter** | The false or misleading representation must be made "knowingly." *Rogers v. Quiktrip Corp.*, 230 P.3d 853, 860 n.39 (Okla. 2010). |
| **Reliance** | Any reliance element is incorporated in the causal element of the act. *See Horton*, 189 F. Supp. 3d at 1291. |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does apply to Plaintiffs' OCPA claim. *See Parrish v. Arvest Bank*, No. CIV-15-0913-HE, 2016 WL 3906814, at *2 (W.D. Okla. July 14, 2016). |

**Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78 §§78-51, *et seq.* (Count 23)**

| | |
|---|---|
| **Elements of a Claim** | The Okla. DTPA incorporates the elements of a Lanham Act claim.  *Kimray, Inc. v. Norriseal-Wellmark, Inc.*, No. CIV-16-1167-D, 2017 WL 1906941, at *4 (W.D. Okla. May 8, 2017) ("A claim under § 53(A) is treated analogously to [a] Lanham Act claim[]" and is "governed by the same standard.").  The elements of a Lanham Act claim are: "(1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been—or is likely to be—injured as a result of the false advertising."  *Atl. Nat. Bank v. Atl. S. Bank*, No. CV 208-147, 2010 WL 5067412, at *2 (S.D. Ga. Nov. 23, 2010). |
| **Test for Deceptiveness** | "[A] deceptive trade practice . . . means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."  *Patterson v. Beall*, 19 P.3d 839, 847 n.12 (Okla. 2000). |
| **Scienter** | The Oklahoma DTPA incorporates some elements of a Lanham Act claim, and the Lanham Act does not require scienter.  *See Kimray*, 2017 WL 1906941, at *4; *Syngenta Seeds*, 457 F.3d at 1278 ("[T]here is no scienter requirement for Lanham Act infringement."). |
| **Reliance** | The Oklahoma DTPA requires that defendants acted "knowingly," thus requiring scienter.  *See* OK Stat. §78-53(A)(5), (7). |
| **Rule 9(b)** | The heightened particularity requirement of Rule 9(b) does not apply to Plaintiffs' ODTPA claim.  *See Integrated Bus. Techs., LLC v. Netlink Sols., LLC*, No. 16-CV-048-TCK-PJC, 2016 WL 4742306, at *3 (N.D. Okla. Sept. 12, 2016) (applying Rule 9(b) to the Lanham Act but not to Oklahoma DTPA claims).  At any rate, this Court does not apply Rule 9(b) to Lanham Act claims, *N. Am. Med. Corp.*, 2008 WL 11338709, at *3, and the Oklahoma DTPA is analogous to the Lanham Act.  *Kimray*, 2017 WL 1906941, at *4. |

| Tennessee Consumer Protection Act, Tenn. Code Ann. §§47-18-101, *et seq*. (Count 24) | |
|---|---|
| **Elements of a Claim** | "The scope of the TCPA is much broader than that of common-law fraud . . . In order to recover under the TCPA, the plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property . . . .'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn. Ct. App. 2005). |
| **Test for Deceptiveness** | "The concept of deceptiveness is a broader, more flexible standard of actionable merchant misconduct than the traditional remedy of common-law fraud.  A deceptive act or practice is one that causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact." *Tucker*, 18 S.W.3d at 116. |
| **Scienter** | "The TCPA provides a private right of action for any consumer who is the victim of 'unfair or deceptive' acts in the course of trade or commerce. . . . Although there is some apparent conflict among courts in Tennessee as to whether the intent to deceive is a requirement under the TCPA, we believe the more reasoned view is that intent is not required." *Menuskin v. Williams*, 145 F.3d 755, 767–68 (6th Cir. 1998). |
| **Reliance** | The TCPA does not include a reliance requirement, but requires that the injury "not [be] reasonably avoidable by consumers themselves." *Tucker*, 180 S.W.3d at 116. |
| **Heightened Pleading Standard** | The heightened particularity requirement of Rule 9(b) does apply to Plaintiffs' TCPA claim. *See Bell v. Infinity Data Corp.*, No. 05-2361 MA/V, 2006 WL 2323133, at *4 (W.D. Tenn. Aug. 9, 2006). |