# Exhibit A-3
# (Standing for Business Plaintiffs Under State Statutory Claims)

| | **Statutory Provisions Affording Businesses Standing to Sue Under the State Statute** | **Case Law Holding Businesses May Sue Under the State Statute** |
|---|---|---|
| Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201, *et seq*. (Count 8) | The FDUTPA defines "Consumer" as any "individual; child, by and through its parent or legal guardian; **business; firm; association; joint venture; partnership;** . . . **corporation; any commercial entity, however denominated** . . . ." Fla. Stat. §501.203 (7) (emphasis added).[1]  The purpose of the act is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition . . . ." *Id.* at §501.202 (2). | *S&B Invs., LLC v. Motiva Enters., LLC*, No. 03-CV-61993, 2004 WL 3250306, at *6 (S.D. Fla. Dec. 6, 2004) ("FDUTPA was substantially revised in 1993 and the Act now protects both individual consumers and 'legitimate business enterprises' from deceptive and unfair trade practices.  Since the statute was amended, courts have interpreted 'consumer' to mean one engaged in the purchase of good or services. . . . Plaintiff need only *allege* sufficient facts to show it was actually aggrieved by the unfair or deceptive act committed by Defendant in the course of trade or commerce.") (italics in original). |
| Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§505/1, *et seq*. (Count 10) | The ICFA defines a "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use . . . ." 815 ILCS §505/1(e).  "Person" includes "any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association . . . ." *Id.* at §505/1(c).  The act affords a private right of action to "[a]ny person who suffers actual damage as a result of a violation of [the ICFA]." *Id.* at §505/10a. | *Forth v. Walgreen Co.*, No. 17-cv-2246, 2018 WL 1235015, at *9 (N.D. Ill. Mar. 9, 2018) ("[Defendant] ignores the fact that 'person' [under the ICFA] is defined to include business entities, associations, and trusts.  And, under Illinois law, a business entity can sue for violations under the act if it can show 'a personal injury caused by the allegedly fraudulent or deceptive acts,' or if it is 'able to allege that the challenged conduct "involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns."'"). |
| Minnesota Consumer Fraud Act, Minn. Stat. §§325F.68 & 8.31, *et seq*. (Count 13) | The Minnesota Consumer Fraud Act defines "Person" as "any natural person or a legal representative, partnership, corporation (domestic and foreign), company, trust, business entity, or association . . . ." Minn. Stat. §325F.68, Subd. 3.  Moreover, "any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages . . . ." *Id.* at §8.31, Subd. 3a. | *La Parilla, Inc. v Jones Lang LaSalle Ams., Inc.*, Civ. No. 04-4080 (MJD/AJB), 2006 WL 2069207, at *6-7 (July 26, 2006) ("Minnesota courts have broadly construed the term 'consumer' to include corporations and businessmen like [Plaintiff]."). |

---

[1]   Unless otherwise noted, emphasis is added and internal citations are omitted.

| | | |
|---|---|---|
| New York General Business Law, N.Y. Gen. Bus. Law §§349, *et seq*. (Count 19) | N.Y Gen. Bus. Law §349(h) provides a right of action to "any person who has been injured by reason of any violation of this section . . . ." The act does not specifically define "person," but courts construe the act as affording a private right of action to corporations injured by a deceptive act. | *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 786 F. Supp. 182, 215 (E.D.N.Y.), *vacated on other grounds*, 973 F.2d 1033 (2d Cir. 1992) ("In addition to suits by individuals, corporate competitors now have standing to bring a claim under [GLB §349], so long as some harm to the public at large is at issue."). |
| North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. Ann. §§75-1.1, *et seq*. (Count 20) | The NCUDTPA expressly affords businesses a right of action: "If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action . . . ." N.C. Gen. Stat. Ann. §75-16. | *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 419 (E.D. Pa. 2010 ) ("Federal courts interpreting the NCUDTPA have allowed claims asserted by businesses against one another as long as the challenged practices affect commerce or the marketplace."). |
| Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§751, *et seq*. (Count 22) | The OCPA defines a "Person" as any "natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity," and defines a "Consumer transaction" as any "advertising, offering for sale or purchase, sale, purchase, or distribution of any services or any property . . . for purposes that are personal, household, or business oriented[.]" 15 Okl. St. Ann. §752(1)-(2). The Act affords any "aggrieved consumer" a right of action against any person who violated the act. *Id.* at §761.1(B). | *Lumber 2, Inc. v. Ill. Tool Works, Inc.*, 261 P.3d 1143, 1145 (Okla. 2011) (for a business to qualify as a consumer under the OCPA, "the purchase would have to involve goods which [the plaintiff] bought to use in its own business, not to resell to its customers."). |