# Exhibit A-4
# (Damages Under State Statutory Claims)

| Statute | Damages Provision | Case Law Finding Statutory Damages Provision Encompasses Out of Pocket Losses |
|---|---|---|
| Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, *et seq*. (Count 5) | Effective August 1, 2017, the Arkansas legislature amended §4-88-113(f) to require a plaintiff to plead "an actual financial loss," as opposed to "actual damage or injury." *Mounce v. CHSPSC, LLC*, No. 5:15-CV-05197, 2017 WL 4392048, at *6 (W.D. Ark. Sept. 29, 2017). Under Arkansas law, "[b]ecause the amendment is substantive, it should only be given prospective effect[.]" *Id*., at *7. Because Plaintiffs' legal rights under ADTPA vested prior to August 1, 2017 (*i.e.*, in May 2017, when the Data Breach occurred), the pre-amendment version of §4-88-113(f) should apply. *See Landgraf v. USI Film Prods*., 511 U.S. 244, 285 (1994); *Apex Oil Co., Inc. v. Jones Stephens Corp*., 881 F.3d 658, 662 (8th Cir. 2018). | *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publ'ns Co*., No. 4:07CV00730 SWW, 2008 WL 90022, at *3-4 (E.D. Ark. Jan. 7, 2008) (Claims of paying for a product that was "not at all what [defendant] represented" alleged sufficient facts to satisfy the ADTPA's actual damage requirement.).<br><br>Even if the amended version of §4-88-113(f) applies, Plaintiffs have alleged an out-of-pocket loss. *See* Ark. Model Jury Instr., Civil AMI 2900 (under the amendment, "the appropriate measure of damages is out-of-pocket loss"). |
| Connecticut Unfair Trade Practices Act, Conn. Gen. Stat., §§42-110a, *et seq*. (Count 7) | Conn. Gen. Stat. §42-110g(a) (requiring plaintiff to suffer an "ascertainable loss of money or property"). | Courts have held a number of types of economic damages to be recoverable as "actual damages" pursuant to CUTPA, including lost profits, *Capitol City Personnel Servs., Inc. v. Franklin*, 727 A.2d 1284, 1285-86 (Conn. App. Ct. 1999), the lost value of a business, *Westport Taxi Serv., Inc. v. Westport Transit Dist*., 664 A.2d 719, 736-38 (Conn. 1995), and out-of-pocket losses, *Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383, 1389-90 (Conn. App. Ct. 1994). |
| Florida Deceptive and Unfair Trade Practices Act, Fla. Stat., §§501.201, *et seq*. (Count 8) | Fla. Stat. §501.211 (requiring plaintiff to "suffer[] a loss" to recover "actual damages"). | *Coffey v. WCW & Air, Inc*., No. 3:17-cv-90-MCR-CJK, 2018 WL 4154256, at *7 (N.D. Fla. Aug. 30, 2018) (costs incurred based on defendant's misrepresentation that home water supply was unsafe constituted "actual damages"); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 3:12-cv-1366-HES-JBT, 2016 WL 7666179, at *4 (M.D. Fla. May 12, 2016) (out-of-pocket expenses incurred for the costs of repairs required as a result of defendant's misrepresentations |

2

| | | |
|---|---|---|
| | | were sufficient to allege actual damages). |
| Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§505/1, *et seq*. (Count 10) | 815 ILCS §505/10a (providing individual cause of action for violation resulting in "actual damage[s]"). | *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 830 (7th Cir. 2018) (finding that Illinois Supreme Court would not follow actual damages portion of *Cooney v. Chicago Public Schools*, 943 N.E.2d 23 (Ill. App. Ct. 2010), and holding that "[m]oney out of pocket is a standard understanding of actual damages[.]"). |
| Louisiana Unfair Trade Practices Act, La. Stat. Ann. §§51:1401, *et seq*. (Count 11) | La. Rev. Stat. §51:1409 (requiring an "ascertainable loss of money or movable property"). | Plaintiffs "alleged an ascertainable loss (loss of income, relevant market share, business reputation, goodwill, and attorneys' fees and costs), specific amounts to be determined during discovery/trial." *Green v. Garcia-Victor*, No. 2017-C-0695, 248 So. 3d 449, 456 (La. Ct. App. 2018). |
| New Mexico Unfair Practices Act, N.M. Stat. Ann. §§57-12-1, *et seq*. (Count 18) | N.M. Stat. Ann. §57-12-10(B) (requiring a "loss of money or property" for an action to recover damages). | *Porcell v. Lincoln Wood Prods., Inc.*, No. CIV-08-0617 MCA/LFG, 2010 WL 1541264, at *5 (D.N.M. Mar. 31, 2010) (out-of-pocket expenses to replace windows purchased based on defendant's misrepresentations constituted "loss of money"). <br><br> Plaintiffs do not need to show actual damages, or the actual loss of money or property to recover statutory damages. *See Lohman v. Daimler–Chrysler Corp.*, 166 P.3d 1091, 1099–100 (N.M. Ct. App. 2007) ("[T]he UPA does not require proof of actual monetary or property loss."). |
| New York General Business Law, N.Y. Gen. Bus. Law §§349, *et seq*. (Count 19) | N.Y. Gen. Bus. Law §349(h) (a plaintiff may "recover his actual damages or fifty dollars, whichever is greater"). | A party seeking compensatory damages must allege that the deceptive acts and practices at issue "caused actual, ***although not necessarily pecuniary***, harm." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995).[1] |

---

[1]  Unless otherwise noted, emphasis is added and internal citations are omitted.

| | | |
|---|---|---|
| Tennessee Consumer Protection Act, Tenn. Code Ann. §§47-18-101, *et seq*. (Count 24) | Tenn. Code Ann. §47-18-109(a)(1) (requiring "an ascertainable loss of money or property ... or any other ... thing of value") | "An ascertainable loss is a deprivation, detriment, or injury that is capable of being discovered, observed, or established." *Discover Bank v. Morgan*, 363 S.W.3d 479, 495 (Tenn. 2012). "A loss is ascertainable if it is measurable, even though the precise amount of the loss is unknown." *Id.* at 496. Ascertainable losses include both an "out-of-pocket loss or a loss of value." *Id.* |