UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                         MDL No. 2800


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A, all proceeding *pro se*, each move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2800. Defendants Equifax, Inc. and/or Equifax Information Services LLC oppose the motions to vacate.

After considering all arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which it is alleged the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. The actions before the Panel involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax data breach, and that defendants failed to inform the public of the data breach in a timely manner.

Plaintiffs argue that transfer will cause them inconvenience and delay. We are sympathetic to their concerns, but are unpersuaded that they justify exclusion of these actions from centralized proceedings. We have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

The remaining arguments asserted by plaintiffs are not persuasive. The Central District of California *Kerobyan* plaintiff argues that the overlap between her action and MDL No. 2800 is primarily legal in nature, but that is incorrect. Her complaint asserts allegations similar to those asserted in the other MDL No. 2800 actions and discovery certainly will overlap concerning how the

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

-2-

Equifax data breach occurred and Equifax's response to the breach.  The District of New Jersey *Potente* plaintiff argues that, if his action is excluded, there is no risk of duplicative proceedings because he has sued an Equifax subsidiary.  But the entity sued by plaintiff has been sued in many of the MDL No. 2800 actions, and the factual allegations in *Potente* mirror those in the MDL No. 2800 actions.

The Eastern District of New York *Lee* plaintiff argues that most of her claims arise under New York state law, rather than federal law.  But plaintiff does not dispute that she brings related federal claims.  Moreover, her state law claims arise from related allegations regarding the Equifax data breach, and we have held that "the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core."  *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).  And while plaintiff argues that the transferor court is more familiar with the laws of New York, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state."  *In re: CVS Caremark Corp. Wage & Hr. Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (quoting *In re: Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 407 F. Supp. 244 (J.P.M.L. 1976)).

The *Lee* plaintiff also argues that her case belongs in New York state court, but she has not moved for remand.  Similarly, the Southern District of Texas *Cowherd* plaintiff argues that removal was improper, but he filed his case in federal court.  Regardless, jurisdictional issues do not present an impediment to transfer, as plaintiff can present such arguments to the transferee judge.  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell       Lewis A. Kaplan
Ellen Segal Huvelle       R. David Proctor
Catherine D. Perry

**IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION**          MDL No. 2800

## SCHEDULE A

<u>Central District of California</u>

KEROBYAN v. EQUIFAX INC., ET AL., C.A. No. 2:18-05401

<u>District of New Jersey</u>

POTENTE v. EQUIFAX INFO. SERVICES, LLC, C.A. No. 2:18-10489

<u>Eastern District of New York</u>

LEE v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:18-03133

<u>Southern District of Texas</u>

COWHERD v. EQUIFAX, INC., C.A. No. 4:18-02230