# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to<br>CONSUMER TRACK<br>*Ward, et al. v. Equifax Inc., et al.*,<br>No. 1:17-cv-03246 (transferred from D. Md.) |

## EQUIFAX'S RESPONSE TO
## PLAINTIFFS' RENEWED MOTION TO REMAND

Plaintiffs' remarkable motion to remand skates right to the edge of admitting that they have not been injured by Defendants (Equifax), despite what they clearly alleged in their complaint. The remand motion is a transparent attempt to escape the consolidation of their claims in this multidistrict litigation. Plaintiffs' motion fails because they rest it on a supposed burden that Equifax does not bear—namely, establishing *for Plaintiffs* their Article III standing. And Plaintiffs raise a challenge they are estopped from making: removal is assessed based on their complaint, which itself constitutes a binding judicial admission that they believe themselves to have been harmed. They may not now bring that issue into question. Plaintiffs' renewed motion for remand to state court should be denied.

## BACKGROUND

Beginning in May 2017, malicious hackers gained unauthorized access to Equifax's computer network and stole personally identifying information—primarily the names, birthdates, addresses, and social security numbers of more than 140 million United States consumers.  *See* Memo. in Support of Mot. to Dismiss, ECF No. 425-1, at 5–10.  This case is one of more than 300 putative consumer class actions filed against Equifax in the wake of that incident.  35 of those cases were initially filed in state court and are in federal court after Equifax removed them.  As this Court is aware, to ensure fair, consistent, and orderly adjudication of these cases, all of which arise from the Equifax data-security breach, the Judicial Panel on Multidistrict Litigation (JPML) consolidated the cases in this Court.

On September 29, 2017, Plaintiffs filed their complaint in the Circuit Court for Baltimore County, Maryland.  Defendants' Notice of Removal, *Ward v. Equifax Inc.*, No. 1:17-cv-03246 (D. Md.) ECF No. 1 ("Notice of Removal"), at 1–2.  It asserted claims for negligence, negligent supervision, declaratory judgment, and violations of the Maryland Personal Information Protection Act and the Maryland Consumer Protection Act.  Complaint, *Ward v. Equifax Inc.*, No. 1:17-cv-03246 (D. Md.) ECF No. 2 ("*Ward* Complaint"), ¶¶ 73–125.  The *Ward*

Complaint repeatedly alleged that the *Ward* Plaintiffs had suffered harm. *Id.* ¶ 27 (alleging that "Plaintiffs suffered actual injury …."); ¶ 28 (alleging that "[a]dditionally, Plaintiffs suffered imminent and impending injury …."); ¶ 45 (enumerating alleged "economic damages and other actual harm"); ¶ 94 (enumerating alleged "damages"); ¶ 104 (same); ¶ 124 (same).

Equifax removed the case to the U.S. District Court for the District of Maryland. *See* Notice of Removal at 1. In its Notice of Removal, Equifax relied on the Class Action Fairness Act as the basis of the federal courts' subject-matter jurisdiction. *Id.* at 2. On the face of their complaint, Plaintiffs alleged a numerous, minimally diverse putative class, along with damages in excess of $5 million. *See Ward* Complaint, 28 U.S.C. § 1332(d)(2)(A) & (B)(i); *see generally* Notice of Removal.

The *Ward* Plaintiffs filed a motion to remand raising substantially the same issues their renewed motion raises. But the District of Maryland stayed the case before Equifax's response was due, and the case was subsequently transferred into the MDL in this Court.

On January 10, 2018, this Court ordered counsel for the lead plaintiffs in the MDL to file a "master consolidated complaint." Case Mgmt. Order No. 2 ("CMO 2"), Doc. 87, at 3. On May 14, 2018, lead counsel filed a consolidated consumer

class-action complaint (CCC). The complaint describes putative nationwide class and putative statewide subclasses (including for Maryland), consisting of "[a]ll natural persons residing in" the relevant jurisdiction "whose Personal Information was compromised as a result of the [Equifax] data breach." *See* CCC ¶¶ 296 & 297. The claims asserted in the CCC overlap with those in the *Ward* Complaint. *See* CCC ¶¶ 333–47 (negligence claim on behalf of nationwide class); *id.* ¶¶ 392–99 (declaratory judgment claim on behalf of nationwide class); *id.* ¶¶ 806–19 (Maryland Personal Information Protection Act claim on behalf of Maryland statewide subclass); *id.* ¶¶ 827–40 (Maryland Consumer Protection Act claim on behalf of Maryland statewide subclass).

## ARGUMENT

Plaintiffs do not dispute that CAFA vests this Court with jurisdiction over their suit. *See generally* Memorandum in Support of Renewed Motion to Remand, ECF No. 459-1. That alone is enough to deny their motion to remand. But rather than contest the existence of CAFA jurisdiction, Plaintiffs advance a novel theory that this Court should remand the case to state court because, they assert, (1) Fourth Circuit law provides an avenue under which Equifax might in the future seek to prove that it did not injure Plaintiffs, *id.* at 5–6; (2) Equifax bears the burden of demonstrating federal subject-matter jurisdiction, including Plaintiffs'

4

Article III injury-in-fact, "by a preponderance of the evidence," *id.* at 7, and (3) therefore, *unless* Equifax makes an affirmative showing that plaintiffs have been injured, this Court and other federal courts lack jurisdiction. *See generally id.*

That argument fails because (A) ) Equifax does not bear the burden of demonstrating *Plaintiffs*' standing, and (B) even if Equifax bore any burden, jurisdiction is decided on the allegations in the complaint at the time of removal, and the complaint here alleges that Plaintiffs have been harmed. Accordingly, Plaintiffs' motion should be denied.[1]

### A. Defendants Do Not Bear The Burden Of Establishing Plaintiffs' Standing.

The *Ward* Plaintiffs' remand motion should be denied because it is premised on a burden Equifax does not bear. While generally a removing party has the

---

[1] In Equifax's view, the CCC supersedes the *Ward* complaint. *E.g.*, *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 591 (6th Cir. 2013) (master complaint supersedes individual pleadings if court "fixed the deadline for the defendants to answer by looking at the date of the master complaint's filing" and "when arguing about or adjudicating the defendants' motion to dismiss, the parties and the court look[] only at the master complaint"); *see also Gelboim v. Bank of Am. Corp.*, 135 S.Ct 897, 904 n.3 (2015) (in an MDL, "[p]arties may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings"). The CCC asserts on its face a claim arising under a federal statute, CCC ¶¶ 314–32, vesting this Court with jurisdiction, 28 U.S.C. § 1331. And it does so on behalf of, among others, the same plaintiffs and purported class as in the *Ward* Complaint. *Compare* CCC ¶¶ 296–97 *with Ward* Complaint ¶¶ 11–14. This provides an independent reason for denying the *Ward* Plaintiffs' remand motion.

burden to establish jurisdiction, Equifax met that burden here by showing that CAFA applied—that the *Ward* complaint purports to represent a numerous, minimally diverse class and puts into controversy $5 million or more. *See* Notice of Removal at 12–13. Equifax did not bear Plaintiffs' burden of showing injury sufficient for Article III standing.

So it is no surprise that Plaintiffs cite no case requiring a defendant to establish that a plaintiff has suffered injury in fact sufficient to grant Article III standing. To the contrary, those courts that have considered the question of standing in the context of removal under CAFA have correctly placed the burden of showing Article III standing on the plaintiffs. *E.g.*, *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276 (4th Cir. 2008) (affirming dismissal for Plaintiffs' failure to show standing in case removed from state court); *A & M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 291 F. Supp. 3d 1318, 1335 (S.D. Fla. 2017) (in case removed under CAFA by defendant, "Plaintiff bears the burden of proving standing"); *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, No. 4:15-cv-517-RLW, 2017 WL 1064669, at *3 (E.D. Mo. Mar. 20, 2017) ("As an initial matter, the Court holds that [plaintiff] retains the burden to demonstrate standing, even though this action was removed."); *rev'd on other grounds*, 899 F.3d 500, 503–04 (noting that *plaintiff* was required—and had failed—"[t]o establish Article III standing").

Plaintiffs' motion to remand rests on the assumption that Equifax has a burden—to establish Plaintiffs' standing—that it does not have. *See Jones*, 301 F. App'x at 290; *Nomax*, 2017 WL 1064669, at *3. The motion should therefore be denied.

Nor does the federal policy embodied in CAFA support Plaintiffs' motion. Their argument suggests that Congress has opened the federal courts' doors to class-action defendants *only if* those defendants are willing to concede that they have injured plaintiffs. Not so. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (noting that where the complaint, read fairly, vested the court with jurisdiction, the defendant "did not have to confess liability in order to show" jurisdiction existed). In many cases—including this one—the question whether a plaintiff has been injured is a litigated dispute that goes to the merits of one or more claims. *Compare, e.g.*, Mot. to Dismiss Consumer Class Action Compl., ECF No. 425-1 at 16–20, *with* Consumer Plaintiffs' Mem. of Law Opp. Mot. to Dismiss Compl., ECF No. 452 at 19–24. The suggestion that Congress intended to handicap a defendant removing a case under CAFA by requiring it to admit an element of the plaintiff's merits case in order to seek review in a federal court is—at best—far-fetched.

Because Plaintiffs' motion is premised entirely on a burden Equifax does not bear, it should be denied.

### B.     Plaintiffs Have Conceded The Issue On The Face Of Their Complaint.

The motion to remand should be denied for another reason as well. Even if Equifax did, contrary to law and policy, bear the burden of showing that Plaintiffs have standing to establish removability, Equifax could satisfy that burden by simply pointing to Plaintiffs' complaint. At this stage of the litigation, that complaint governs removability, and because it constitutes a binding judicial admission, Plaintiffs are estopped from contending that they lack standing.

At the pleading stage, standing is determined primarily from the pleadings. *E.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Brill*, 427 F.3d at 449 (demonstration of jurisdiction "concerns what the plaintiff is claiming"). Similarly, removability is determined from the pleadings, or other later-filed papers amending them. *See* 28 U.S.C. § 1446(b)(3) (providing that even when "the case stated by the initial pleading is not removable," the case may be removed after service of "an amended pleading, motion, order or other paper from which it may … be ascertained that the case is one which is or has become removable").

It is important to note, first, that even after removal, Equifax retains the right to challenge whether Plaintiffs have suffered—or even sufficiently alleged—an injury. *See, e.g.*, *Mitchell v. Health Care Serv. Corp.*, 633 F. Supp. 948, 948–49 (N.D. Ill. 1986) ("[A] defendant's removal of a lawsuit from state court to federal

court does not preclude him from subsequently objecting to the federal court's subject matter jurisdiction."); *Hollingsworth v. City of Pueblo*, 494 F. Supp. 1039, 1040 (D. Colo. 1980) ("[Defendant's] removal of the state court action did not amount to a waiver of any objections to jurisdiction in the federal court.").

But, unlike Equifax, Plaintiffs are estopped from raising that question. It is black-letter law that the "status of the case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal." *St. Paul Mercury Indem. Co. v . Red Cab Co.*, 303 U.S. 283, 291 (1938) (emphasis added). What is more, the "[f]actual assertions in" Plaintiffs' complaint "are considered judicial admissions conclusively binding" on them. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 471 n.6 (2013); *see also Bright v. QSP, Inc.*, 20 F.3d 1300, 1305 (4th Cir. 1994) ("admissions in the pleadings are binding on the parties" that made them).

And Plaintiffs' complaint is replete with what they contend are allegations of harm. *Ward v. Equifax Inc.*, No. 1:17-cv-03246 (D. Md.) ECF No. 2, ¶ 27 (alleging that "Plaintiffs suffered actual injury …."); ¶ 28 (alleging that "[a]dditionally, Plaintiffs suffered imminent and impending injury …."); ¶ 45 (enumerating alleged "economic damages and other actual harm"); ¶ 94 (enumerating alleged "damages"); ¶ 104 (same); ¶ 124 (same). Although Equifax

may challenge whether those allegations are legally sufficient to state a claim (and has), Plaintiffs are stuck with them.  *Amgen*, 568 U.S. at 471 n.6; *Bright*, 20 F.3d at 1305.

In other words, Plaintiffs have made a binding concession that they believe they have been injured in a fashion sufficient to permit removal.  Their renewed remand motion nevertheless challenges federal jurisdiction on the presumed (but carefully unstated) ground that they have not been injured.  In effect, Plaintiffs seek the benefit of both sides of the same factual question:  they rely on the implication that they are *not* injured for standing and jurisdictional purposes, but contend that they *are* injured for the purpose of their substantive claims.  This Court need not countenance their Schrödinger's-cat argument.  Remand would be appropriate only if Plaintiffs amended their complaint to delete their allegations of injury.  *Amgen*, 568 U.S. at 471 n.6.  Such an amendment would, however, be an admission of another kind—that Plaintiffs' suit was merely a frivolous sham.

## CONCLUSION

For the foregoing reasons, Equifax requests that this Court deny the motion to remand.

DATED:  October 22, 2018                    Respectfully submitted,

/s/  *David L. Balser*
**KING & SPALDING LLP**
David L. Balser
  Georgia Bar No. 035835
Phyllis B. Sumner
  Georgia Bar No. 692165
S. Stewart Haskins II
  Georgia Bar No. 336104
Elizabeth D. Adler
  Georgia Bar No. 558185
John C. Toro
  Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1B.  This brief was prepared on a computer using the Times New Roman font (14 point).

DATED:  October 22, 2018

*/s/ David L. Balser*
David L. Balser

# **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing was served via the Court's ECF system this 22nd day of October, 2018, on counsel of record.

/s/ *David L. Balser*
David L. Balser
 Georgia Bar No. 035835
dbalser@kslaw.com

*Counsel for Equifax Defendants*