# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____ )
                                                                ) MDL Docket No. 2800
In re: Equifax, Inc. Customer              ) Case No.: 1:17-md-2800-TWT
Data Security Breach Litigation            )
                                                                )
                                                                )
_____ )

### DECLARATION OF NORMAN E. SIEGEL

I, Norman E. Siegel, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am a partner at Stueve Siegel Hanson LLP and Co-Lead Counsel for the Consumer Plaintiffs. I make this declaration in further support of Plaintiffs' Motion For Limited Relief From Discovery Stay and Entry of Order Relating to Interviews of Defendants' Former Employees. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. On August 31, 2018, consumer lead counsel wrote to defense counsel requesting that Equifax agree to limited relief from the current discovery stay to allow certain targeted discovery that would not impose an undue burden and would materially advance the litigation so that when full-bore discovery began the parties would not start from scratch.

1

3. On September 11, 2018, we again contacted counsel for Equifax to request a response to the outstanding request to produce certain documents previously provided to Congressional and other governmental entities. In a phone call on September 13, 2018, defense counsel declined the proposal.

4. During the September 13 call, Plaintiffs also pressed Equifax on another impediment they faced to advance the litigation and meet their obligations under this Court's case management orders, namely their inability to interview key former Equifax employees who would not talk because they are bound by non-disclosure agreements ("NDAs").

5. As set forth in the accompanying declarations of Steve Bursey and R. Lee Walters, in seeking to interview fact witnesses who are former employees of Equifax, Plaintiffs' investigators ran into an impenetrable roadblock created by Equifax's use of NDAs. In May of 2018, Plaintiffs' counsel made the decision to put further attempted interviews on hold and seek a resolution with Equifax and ultimately relief from the Court.

6. I first raised this issue with defense counsel by letter on May 16, 2018, seeking a solution that would allow the interviews to go forward while protecting Equifax's attorney-client privilege. The parties unsuccessfully engaged

in negotiations for an agreed protocol throughout the Summer of 2018 and have reached an impasse on this issue.

7. The September 13 meet-and-confer call did not resolve the dispute regarding NDAs because of Equifax's insistence that no interviews could take place unless Plaintiffs agreed in advance to identify each former employee they intended to interview, provide the date the interview would occur, and give Equifax a list of all questions to be asked. Those conditions are unacceptable to Plaintiffs because it would unnecessarily disclose work-product information and likely cause Equifax to contact these witnesses for the purpose of limiting Plaintiffs' efforts.

8. Immediately after the September 13 call, Plaintiffs informed the Court that they intended to seek limited relief from the discovery stay and an order facilitating their interviews of former Equifax employees at the next status conference.

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

Executed on this 22nd day of October, 2018, in Kansas City, Missouri.

*/s/ Norman E. Siegel*
Norman E. Siegel