# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

In re: Equifax, Inc. Customer ) MDL Docket No. 2800
Data Security Breach Litigation ) Case No.: 1:17-md-2800-TWT
 )
 )
 )
_____ )

**DECLARATION OF STEVE BURSEY**

1. I, Steve Bursey, have been an investigator working privately for a law firm for more than 21 years, first with Milberg LLP and now with Milberg Tadler Phillips Grossman LLP. Before joining Milberg LLP, I worked as an FBI special agent for 27 years. The majority of my time with the FBI was spent investigating white collar crime. This declaration is based upon my investigation in this case and my nearly 50 years of experience as an investigator and FBI special agent.

2. In February 2018, I was asked by Ariana Tadler, counsel for Plaintiffs and the putative class, to assist in the investigation of the facts relating to the Equifax data breach. In the course of and as a result of my investigation, I identified certain former employees who I believed might have information both relevant and helpful to developing the factual underpinning of the case against Equifax. The basis for my initial assessment of the value of developing and

obtaining information from these individuals was through the identification of each former employee's particular job responsibilities and duties while in the employ of Equifax.

3. None of the individuals that I identified to approach and interview were lawyers or had been employed in the legal department of Equifax. As is my practice, and as I was instructed, during any interview I would not ask for any privileged information, and if I thought a witness was going to reveal privileged information, I would ask them not to do so and terminate the interview.

4. In connection with my investigation of the Equifax data breach, six former Equifax employees expressly cited an NDA as their reason for refusing to speak with me.

5. Three other former employees who declined to speak with me also declined to state whether they were a party to an NDA when I inquired.

6. I terminated the conversations after the former employees declined to speak with me, and thus did not specifically inquire about the scope of the NDAs or the information the former employees would be willing to provide if not for those confidentiality agreements. However, one of the former employees volunteered that they would be willing to speak with me if not for the NDA and/or Equifax's directive not to speak about the data breach.

3

7. One former employee, who did not execute an NDA, declined to speak with me because the company explicitly told him/her not to discuss the data breach.

8. At least one former employee will not share the NDA itself, even under the condition that names and dates be redacted.

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

Executed on this 22nd day of October, 2018, in West Linn, Oregon.

*/s/ Steve Bursey*
Steve Bursey