# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 ) Case No. 1 17-md-2800-TWT ) ) ) ) |

## DECLARATION OF R. LEE WALTERS

1.    I, R. Lee Walters, am an investigator employed full time with the law firm of Morgan & Morgan, P.A.'s, Complex Litigation Group, and have been so for approximately four and one half years. I was previously employed as a Special Agent with the Federal Bureau of Investigation (FBI) from 1989 through 2012 and investigated a variety of violations of federal civil and criminal statutes. I received my initial training while attending New Agents Training at Quantico, Virginia, and received advanced training in investigating white collar crime, public corruption, foreign corrupt practices act violations, and numerous other in-services throughout my employment. I retired from the FBI in 2012.

2.    In March 2018, I was asked by John Yanchunis, counsel for Plaintiffs and the putative class, to assist in the investigation of the facts relating to the Equifax data breach. In the course of and as a result of my investigation, I

1

identified certain former employees who I believed might have information both relevant and helpful to developing the factual underpinning of the case against Equifax. The basis for my initial assessment of the value of developing and obtaining information from these individuals was through the identification of each former employee's particular job responsibilities and duties while in the employ of Equifax.

3       None of the individuals that I identified to approach and interview were lawyers or had been employed in the legal department of Equifax. As is my practice, and as I was instructed, during any interview I would not ask for any privileged information, and if I thought a witness was going to reveal privileged information, I would ask them not to do so and terminate the interview

4.      Upon my contact, multiple of these former employees stated they had signed a Non-Disclosure Agreement (NDA) that prohibited them from speaking to me.

5       Upon learning from each former employee that they had signed an NDA, I politely informed them that I would not ask any further questions and the calls were terminated.

6.      Before the call ended, one witness advised they would not mind speaking to me but for the existence of an NDA.

3

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

Executed on this __22nd__ day of October, 2018, in Huntington Beach, California.

R. Lee Walters