IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br><br>**CONSUMER CASES**<br>**SMALL BUSINESS CASES** |

**EQUIFAX'S RESPONSE TO CONSUMER AND SMALL BUSINESS PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In their recently-filed Notice of Supplemental Authority (ECF No. 483), the Consumer and Small Business Plaintiffs contend that the Eleventh Circuit's decision in *Muransky v. Godiva Chocolatier, Inc.*, --- F.3d ---, 2018 WL 4762434 (11th Cir. Oct. 3, 2018), supports their claims. It does not.

Beginning with the Consumer Plaintiffs' claims, *Godiva* (which alleged violations of the Fair and Accurate Credit Transactions Act (FACTA), not data breach claims) dealt only with a limited aspect of Article III standing in the context of affirming an order approving a class settlement. *Godiva* has no application here, as the Equifax Defendants did not challenge the Consumer Plaintiffs' Article III standing in their motion to dismiss the Consolidated Consumer Complaint. Nor

does *Godiva* support the Consumer Plaintiffs' contention that they alleged an injury sufficient to state a claim under Georgia tort law.  Not only is *Godiva* distinguishable on its facts, but an allegation of injury sufficient to get a plaintiff into federal court is judged under a different, lower standard than that required to establish a tort claim under Georgia law. As the Eleventh Circuit has explained, "[a] finding that a plaintiff has standing simply means that the plaintiff is entitled to 'walk through the courthouse door'; it is … conceptually distinct from whether the plaintiff is entitled to prevail on the merits."  *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1280 (11th Cir. 2001).

*Godiva* also does not support the claims of the Small Business Plaintiffs, whose standing Equifax has challenged.  Applying *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *Godiva* held that the violation of a federal statute—FACTA—constituted a "concrete injury," and that "in the context of FACTA" the plaintiff had suffered a concrete injury in "shouldering the cost of safely keeping or destroying [a] receipt" that a merchant had given him containing his untruncated credit card number.  2018 WL 4762434, at *5-6.  In other words, the court determined that the plaintiff had *already* experienced a concrete injury.[1]  The

---

[1] It bears noting that *Godiva* is first circuit court decision to hold that a FACTA violation, by itself, constituted sufficient injury to confer standing.  Other courts

standing inquiry in the Small Business suit, in contrast, does not involve an alleged violation of a federal statute.  *See* Small Business Complaint, ECF No. 375 (asserting no federal statutory claims).  And regardless, the harms alleged in *Godiva* bear no similarity to the Small Business Plaintiffs' alleged risk of speculative future harms.  *See id.*  ¶¶ 12-21.

DATED:  October 30, 2018                              Respectfully Submitted,

/s/  *David L. Balser*
**KING & SPALDING LLP**
David L. Balser
  Georgia Bar No. 035835
Phyllis B. Sumner
  Georgia Bar No. 692165
S. Stewart Haskins II
  Georgia Bar No. 336104
Elizabeth D. Adler
  Georgia Bar No. 558185
John C. Toro
  Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

---

have reached the opposite conclusion, *see, e.g.*, *Godiva*, 2018 WL 4762434, at *7 (citing cases), but the Eleventh Circuit stressed that the determination of Article III standing in FACTA cases is "'a case-and fact-specific' question." *Id.* at *8.

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1B.  This brief was prepared on a computer using the Times New Roman font (14 point).

DATED:  October 30, 2018

*/s/ David L. Balser*
David L. Balser

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ David L. Balser*
David L. Balser
