**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**Attorneys for Plaintiffs**

### UNITED STATES DISTRICT COURT,

### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KATIUSHKA REBECA ACOSTA-SMITH, et. al. | ) Case No. 1:17-md-2800 (lead case) |
| ASHLEY ABRAMSON, et. al., | ) No. 1:18-CV-1467-TWT (Acosta-Smith) |
| | ) No. 1:18-CV-1466-TWT (Abramson) |
| Plaintiffs, | ) |
| v. | ) **PLAINTIFFS' REPLY TO** |
| | ) **OPPOSITION TO MOTION TO** |
| EQUIFAX INC., | ) **REMAND, POINTS AND** |
| and Does 1 through 100 inclusive, | ) **AUTHORITIES IN SUPPORT** |
| | ) **THEREOF** |
| | ) Hearing Date: |
| | ) Department 2108 |
| Defendants. | ) Hon. Thomas W. Thrash, Jr. |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Plaintiffs Katiushka Rebeca Acosta-Smith and 49 other plaintiffs in 1:18-CV-1467-TWT and Ashley Abramson and 49 other plaintiffs in 1:18-CV-1466-TWT hereby respectfully submit this further argument and points and authorities in reply to Defendant Equifax's opposition to their motion to remand their cases to the Superior Court of the State of California,

County of Orange.

DATED: November 7, 2018

                          Respectfully submitted,

                          By     ___/s/ Jeffrey Wilens_____

                              JEFFREY WILENS
                              Attorney for Plaintiffs

2

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................1

TABLE OF AUTHORITIES...........................................................1

POINTS AND AUTHORITIES .....................................................1

ARGUMENT ....................................................................................1

I.    THE MOTION TO REMAND SHOULD BE GRANTED BECAUSE THIS COURT HAS NO JURISDICTION. ...................................................1

   A.    THE COURT SHOULD REMAND BECAUSE PLAINTIFFS PLED IN THE COMPLAINTS THAT THE DAMAGES AND FEES WERE LESS THAN $75,000 AND NOW FURTHER CLARIFY THAT LIMIT WAS INTENDED TO BE BINDING. ........................................................1

   B.    EVEN IF THE DAMAGES CAPS AND STIPULATIONS ARE NOT DETERMINATIVE, DEFENDANT HAS FAILED TO MEET ITS BURDEN TO PROVE DAMAGES AND FEES ARE LIKELY TO EXCEED $75,000 AS TO ANY ONE PLAINTIFF. ................................. 6

CONCLUSION ...........................................................................16

CERTIFICATION OF FONT SIZE .............................................16

# **TABLE OF AUTHORITIES**

## **Cases**

Adamson v. SmithKline Beecham Corp. (M.D. Ala., Dec. 27, 2011, No. 2:11-CV-898-WKW) 2011 WL 6778814................................................1

Burns v. Windsor Ins. Co. (11th Cir. 1994) 31 F.3d 1092 .................................1

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

Design Center of the Americas, LLC v. Mike Bell Inc. (S.D. Fla. 2014) 54 F.Supp.3d 1339 ............................................................. 8

Drew v. Equifax Info. Servs., LLC (N.D.Cal. Dec. 3, 2010, No. C 07-00726 SI) 2010 U.S. Dist.LEXIS 131643 ............................................. 10

Federated Mut. Ins. Co. v. McKinnon Motors, LLC (11th Cir. 2003) 329 F.3d 805 ............................................................................... 3

Fuller v. Suntrust Mortg., Inc. (N.D. Ga., Aug. 6, 2014, No. 1:13-CV-3924-TWT) 2014 WL 3887916 ....................................................... 13

Goodrich v. Fisher-Price, Inc. (N.D. Ga., Dec. 15, 2016, No. 1:16-CV-3116-TWT) 2016 WL 9223893 ....................................................... 14

Jackson v. American General Financial Services, Inc. (M.D. Ga., Apr. 17, 2006, No. 7:06-CV-19 (HL)) 2006 WL 997614 ......................... 13

Jackson v. Wilmington Trust, National Association (N.D. Ga., Oct. 24, 2017, No. 1:17-CV-2616-CC-JKL) 2017 WL 8218941 ....................... 3

Jones v. Novartis Pharmaceuticals Co. (N.D. Ala. 2013) 952 F.Supp.2d 1277 ............................................................................... 14

Kerner v. Superior Court (2012) 206 Cal.App.4th 84 .................................. 6

Kim v. BMW Financial Services NA LLC (9th Cir. 2017) 702 F. App'x 561 .. 11

Land Clearing Co., LLC v. Navistar, Inc. (S.D. Ala., Jan. 24, 2012, No. CIV.A. 11-0645-WS-M) 2012 WL 206171 .................................... 5

Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F.3d 1184 ............... 7, 10

Platinum Prop. Mgt. Servs, LLC v. West-Pryor (N.D. Ga. Sept. 25, 2013) 2013 WL 5361654 ..................................................................... 11

Ponce v. Fontainebleau Resorts, LLC (S.D. Fla. 2009) 653 F.Supp.2d 1297. 7

2

<u>Pretka</u> v. <u>Kolter</u> <u>City</u> <u>Plaza</u> <u>II</u>, <u>Inc</u>. (11th Cir. 2010) 608 F.3d 744..................7

<u>Roe</u> v. <u>Michelin</u> <u>North</u> <u>America,</u> <u>Inc</u>. (11th Cir. 2010) 613 F.3d 1058 ..........13

<u>Sloane</u> v. <u>Equifax</u> <u>Info.</u> <u>Servs</u>. (4th Cir. 2007) 510 F.3d 495....................11, 12

<u>Smith</u> v. <u>American</u> <u>Medical</u> <u>Systems,</u> <u>Inc</u>. (N.D. Ala., Aug. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688480 ...............................................15

<u>Spivey</u> v. <u>Fred's</u> <u>Inc</u>. (M.D. Ala. 2008) 554 F.Supp.2d 1271.........................8

<u>St.</u> <u>Paul</u> <u>Mercury</u> <u>Indem.</u> <u>Co</u>. v. <u>Red</u> <u>Cab</u> <u>Co</u>. (1938) 303 U.S. 283 ...............2

<u>Standard</u> <u>Fire</u> <u>Ins.</u> <u>Co</u>. v. <u>Knowles</u> (2013) 568 U.S. 558................................2

<u>Whaley</u> v. <u>Bay</u> <u>View</u> <u>Law</u> <u>Group,</u> <u>PC</u> (S.D. Ga., Sept. 30, 2014, No. CV 114-050) 2014 WL 4926458...........................................................................7

<u>Wilson</u> v. <u>Chester</u> <u>Bross</u> <u>Const.</u> <u>Co</u>. (S.D. Ala., Apr. 12, 2011, No. CA 11-0020-KD-C) 2011 WL 1380052...............................................................14

<u>Zep,</u> <u>Inc</u>. v. <u>Wittenstein</u> (N.D. Ga., Nov. 29, 2012, No. 1:12-CV-3008-ODE) 2012 WL 13018499 ...................................................................... 8

## **Statutes**

California Civil Code § 3295.......................................................................5, 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## POINTS AND AUTHORITIES

## ARGUMENT

**I.    THE MOTION TO REMAND SHOULD BE GRANTED BECAUSE THIS COURT HAS NO JURISDICTION.**

Plaintiffs expressly alleged in the complaints that each of their compensatory and punitive damages and attorney's fees were capped at $74,000.  Defendant concedes it has the burden of proving that the amount in controversy with respect to any one plaintiff exceeds $75,000.  While the parties disagree whether the "legal certainty" or "preponderance of evidence" standard applies (Plaintiffs argue the former pursuant to <u>Burns</u> v. <u>Windsor</u> <u>Ins</u>. <u>Co</u>. (11th Cir. 1994) 31 F.3d 1092, 1095), Defendant fails under either standard and Plaintiffs' tactical decision to expressly limit the amount in controversy to less than $75,000 must be given considerable deference.

**A. THE COURT SHOULD REMAND BECAUSE PLAINTIFFS PLED IN THE COMPLAINTS THAT THE DAMAGES AND FEES WERE LESS THAN $75,000 AND NOW FURTHER CLARIFY THAT LIMIT WAS INTENDED TO BE BINDING.**

Defendant cannot meet its burden of proof in light of the Plaintiffs' stipulation that the damages and fees are less than $75,000 per plaintiff. (See e.g., <u>Adamson</u> v. <u>SmithKline</u> <u>Beecham</u> <u>Corp</u>. (M.D. Ala., Dec. 27, 2011, No. 2:11-CV-898-WKW) 2011 WL 6778814, at *4 (Defendant unable to

1

meet its burden where Plaintiff continuously maintained his $65,000 limitation on damages.)  Even though that court applied the legal certainty test, the reasoning is still sound if the lesser preponderance standard applies.

Defendant argues that the damages cap pled in the complaints are not sufficiently "binding" as to damages being less than $75,000 and the post-removal stipulations cannot be considered, but Defendant is mistaken on both points.

First of all, it is not clear that a written signed formal stipulation is required.   The Supreme Court has not required it. In St. Paul Mercury Indem. Co. v. Red Cab Co. (1938) 303 U.S. 283, 294, the Court stated that if the plaintiff "does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." This rule was recently reaffirmed by the Supreme Court in Standard Fire Ins. Co. v. Knowles (2013) 568 U.S. 558, 595-596 with respect to individual lawsuits as opposed to class actions, when the plaintiffs entered into some kind of binding stipulation.

The word "stipulating" can mean a formal stipulation, but it also means "specifying" or "setting down a requirement" such as "he stipulated

certain conditions before marriage." (Oxford Dictionary, Oxford University Press) Although Defendant posits that the stipulation or affidavit must be in writing and signed by each plaintiff individually, there is no Supreme Court or 11th Circuit case law explicitly requiring a formal stipulation signed by the plaintiffs.

Thus, in <u>Federated</u> <u>Mut.</u> <u>Ins.</u> <u>Co.</u> v. <u>McKinnon</u> <u>Motors, LLC</u> (11th Cir. 2003) 329 F.3d 805, 808, the Court accepted a representation by plaintiff's counsel in the motion to remand that plaintiff did not seek and would not accept damages in excess of $74,000 exclusive of interest and costs. Defendant's only rebuttal to this clear holding is to observe that case involved a defendant's motion to dismiss a lawsuit filed in federal court on the grounds of lack of diversity jurisdiction (amount in controversy) and not a plaintiff seeking to remand for the exact same basis. That distinction makes no difference. The requirements for diversity jurisdiction and the amount in controversy apply in the exact same manner in both scenarios.

The court in <u>Jackson</u> v. <u>Wilmington</u> <u>Trust,</u> <u>National</u> <u>Association</u> (N.D. Ga., Oct. 24, 2017, No. 1:17-CV-2616-CC-JKL) 2017 WL 8218941, at *4 recently surveyed the case law of the 11th Circuit on this point and concluded that a plaintiff's limitation of damages should be treated as conclusive in requiring remand. The long quotation is included in the

moving papers, but the cases cited by the <u>Jackson</u> court make it clear that all that is required is that the limitation be expressed in some way that would be binding on the plaintiffs in the future.

Defendant argues that Plaintiffs' damages limitation in the complaints fall short of a "binding stipulation." However, as stated above, it is not clear in the 11th Circuit that a binding stipulation requires a written document signed by the plaintiff.  Some of the cases cited above do not involve traditional written stipulations signed by the client and yet were deemed sufficiently "binding" on the plaintiff.

In any event, to further clarify this point, after removal, Plaintiffs filed signed written stipulations from all 100 plaintiffs in the two lawsuits. These stipulations remove all doubt; there is no jurisdiction in this Court.

Defendant argues that the Court must disregard the stipulations since they were not presented prior to removal.  However, in the 11th Circuit post-removal evidence clarifying the amount in controversy as demanded in the complaint is admissible and generally given weight by courts.

> [T]he law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal. "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal."  Thus, if a plaintiff comes forward after removal and clarifies (as

opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal. (Land Clearing Co., LLC v. Navistar, Inc. (S.D. Ala., Jan. 24, 2012, No. CIV.A. 11-0645-WS-M) 2012 WL 206171, at *3 (citations omitted).)[1]

The post-removal stipulations do not alter or change any facts alleged in the complaints.   Instead, they merely **clarify** the intention of the plaintiffs at the time of filing the complaints in two ways.   First, the complaint already pled damages did not exceed $74,000 but Defendant argues the plaintiffs did not intend the damages caps in the complaints to be "binding" and could rescind them later in the litigation.   **It is now clarified that the plaintiffs intended them to be fully binding**. Second, although the complaints do not expressly seek any injunctive relief, Defendant argued the boilerplate prayer for "further relief as the court may deem proper" preserved the right to seek injunctive relief.   **The post-removal stipulations now clarify that plaintiffs did not and will not seek injunctive or other equitable relief**.

Finally, Defendant seems to argue the cap on punitive damages is not permitted by California Civil Code § 3295 (e), which states that "No claim for exemplary damages shall state an amount or amounts." That statute

---

[1]See additional cases cited in Motion to Remand (Doc. 350, p. 17 of 129.)

only prohibits a California plaintiff from pleading a **particular amount** of punitive damages.   There is no prohibition on pleading all damages including punitive damages are less than a certain amount. Subdivision (e) is part of § 3295, which contains other provisions to protect defendants from being pressured into settling unmeritorious cases.  (<u>Kerner</u> v. <u>Superior Court</u> (2012) 206 Cal.App.4[th] 84, 120, as modified (May 21, 2012).)  The rule against pleading a specific amount presumably serves this purpose by preventing a plaintiff from alleging a large amount of punitive damages in a publicly filed complaint in order to coerce a settlement.   Pleading or stipulating that all damages of any kind are less than $75,000 does not undermine this purpose. Defendant fails to cite any California case holding that an allegation that damages does not exceed a jurisdictional amount is prohibited by California Civil Code § 3295 (e).

Therefore, this Court must accept Plaintiffs' stipulations that the damages and fees do not exceed $74,000 (per plaintiff).  That should end the inquiry and the motion to remand be granted.

**B. EVEN IF THE DAMAGES CAPS AND STIPULATIONS ARE NOT DETERMINATIVE, DEFENDANT HAS FAILED TO MEET ITS BURDEN TO PROVE DAMAGES AND FEES ARE LIKELY TO EXCEED $75,000 AS TO ANY ONE PLAINTIFF.**

Even if the Court finds the pre-removal stipulated damages/fees cap

pled in the complaints and as clarified in the post-removal written stipulations are not conclusive, the "evidence" presented by Defendant falls fall short of meeting its burden of proof.  All Defendant offers is speculation about damages.

Eleventh Circuit courts have declined to uphold diversity jurisdiction based on speculation about damages, either based on results in other lawsuits or from limited facts about the injuries.  (Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F.3d 1184, 1210–1211.)  In Pretka v. Kolter City Plaza II, Inc. (11th Cir. 2010) 608 F.3d 744, 753, the Court clarified that a removing defendant can support federal jurisdiction by making "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  However, "all doubts about the propriety of removal should be resolved in favor of remand."  (Whaley v. Bay View Law Group, PC (S.D. Ga., Sept. 30, 2014, No. CV 114-050) 2014 WL 4926458, at *2.)

If speculation is not proper where the damages are unspecified in the complaint, then speculation is doubly improper where the complaint specifies the amount of damages is below the $75,000 threshold.  (See also, Ponce v. Fontainebleau Resorts, LLC (S.D. Fla. 2009) 653 F.Supp.2d 1297,

7

1305 (rejecting defense reliance on results in prior lawsuits); <u>Spivey</u> v. <u>Fred's</u> <u>Inc</u>. (M.D. Ala. 2008) 554 F.Supp.2d 1271, 1275 (court refuses to speculate from testimony about medical treatment and need for future surgery that there is a quantifiable amount of damages which, when combined with damages for mental anguish and/or punitive damages, exceeds the jurisdictional amount); <u>Zep,</u> <u>Inc</u>. v. <u>Wittenstein</u> (N.D. Ga., Nov. 29, 2012, No. 1:12-CV-3008-ODE) 2012 WL 13018499, at *3 (evidence that defendant may have stolen between $0 and $250,000 in business from the plaintiff too speculative to support federal jurisdiction); <u>Design</u> <u>Center</u> <u>of</u> <u>the</u> <u>Americas,</u> <u>LLC</u> v. <u>Mike</u> <u>Bell</u> <u>Inc</u>. (S.D. Fla. 2014) 54 F.Supp.3d 1339, 1342 (court found removing defendant did not meet burden when its declaration claimed value of disputed property was $77,000 while opposing declaration valued same property at $25,000).)

Defendant's speculative "damages analysis" quickly collapses.  First of all, Plaintiffs never alleged $7,761 in economic damages for even a single plaintiff.  Defendant just made that number up.  Plaintiffs never even alleged they suffered identity theft, just that they were at risk of it. Plaintiffs did not cite and are not relying on any DOJ report as "empirical data" to support a particular monetary award.  Since, Defendant has not presented any evidence of any plaintiff suffered actual identity theft, it

cannot be assumed that economic damages associated with actual identity theft would be awarded.  Even if the complaints had alleged identity theft, it would still be improper for the Court to rely on a "study" describing the average amount of economic loss in identity theft cases.  That would be like relying on a study that the average victim of a car accident suffers a certain amount of economic damages to prove a particular accident victim, whether the accident was a fender bender or caused a fatality, suffered that average amount of economic loss.  Without knowing the facts of a particular identity theft incident, any estimation of economic loss would be pure speculation.

Second, Defendant also argues at least one of the Plaintiffs who allegedly suffered emotional distress could recover hundreds of thousands of dollars.  However, the Court cannot rely on examples of verdicts in other cases presented by Defendant since the facts in those cases are not similar to those in the instant cases.

For example, Defendant points to a jury verdict of $315,000 for emotional distress that was awarded against Equifax after it was found to have willfully failed to reinvestigate disputed credit information.  However, the evidence presented at that trial established that the plaintiff suffered actual identity theft which was aggravated when Equifax willfully

9

mishandled his reinvestigation request under federal credit reporting laws. Moreover, that plaintiff was undergoing treatment for what was thought to be a terminal disease at the time, and he presented expert medical testimony that he suffered from a psychological illness as a result of Equifax's conduct. (<u>Drew</u> v. <u>Equifax</u> <u>Info</u>. <u>Servs</u>., <u>LLC</u> (N.D.Cal. Dec. 3, 2010, No. C 07-00726 SI) 2010 U.S. Dist.LEXIS 131643, at *28.) The district court found the jury award was not grossly excessive.

That kind of example cannot be applied to the instant case. It would be pure speculation to take a jury verdict in a case involving such egregious facts (actual identity theft, serious medical problems) and actual evidence of psychological harm and assume something remotely similar will be applicable to any of the plaintiffs in the instant cases.

As the 11th Circuit explained in <u>Lowery</u>, "evidence" in the form of the damages awarded in other mass tort cases tells the district court "nothing about the value of the claims" where the record was "bereft of detail" about whether the plaintiffs' complaint was similar to those other cases. (<u>Lowery</u>, <u>supra</u>, 483 F.3d at 1220–21.) In any event, a vague allegation of emotional distress is too speculative to support any reasonable inference that the amount in controversy is more than $75,000. (See, <u>Rachel</u> v. <u>PNC</u> <u>Bank, NA</u>, <u>supra</u>, 2017 WL 1362034, at *7; <u>Platinum</u> <u>Prop.</u> <u>Mgt.</u> <u>Servs,</u> <u>LLC</u> v.

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

West-Pryor (N.D. Ga. Sept. 25, 2013) 2013 WL 5361654, *1 (although owner of foreclosed home had emotional and sentimental investment in his home that cannot be calculated, finding the amount in controversy exceeds $75,000 cannot be supported).

Defendant also cites Kim v. BMW Financial Services NA LLC (9th Cir. 2017) 702 F. App'x 561, in which the Ninth Circuit upheld a jury verdict of $150,000 in noneconomic damages awarded to a victim of identity theft who claimed that the defendant insufficiently investigated a questionable credit account reporting on his file.  In that case, the plaintiff provided three denials of credit and reduced credit rating due to false information placed on his credit report by BMW.  In the instant case, there is no evidence of any false information on plaintiffs' credit reports or any denials of credit or reduced credit rating.

Defendant also cites Sloane v. Equifax Info. Servs. (4th Cir. 2007) 510 F.3d 495, but that case is also distinguishable.  In Sloane, Equifax argued a $245,000 jury award for general damages needed to be reduced to $25,000 (relying on jury verdicts that supported such a reduction). Of course, in the instant case Equifax takes exactly the opposite position.  In any event, Equifax's conduct in that Sloane case was much more egregious with respect to that particular plaintiff than what is alleged in the instant cases.

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT

In <u>Sloane</u>, <u>supra</u>, plaintiff reported to Equifax that false information was being published on her credit report due to the actions of an identity thief.  That plaintiff spent 21 months trying to get Equifax to correct its mistakes and suffered "repeated denials of credit and continuous problems."  She also presented evidence of physical symptoms like insomnia arising from the stress of dealing with Equifax's incompetence. (<u>Id</u>. at pp. 503-504.)  One example cited by the trial court of Equifax's cruel treatment of that plaintiff was that many months after she had notified Equifax of the identity theft, it sent her a letter bearing the name of the identity thief and warning the thief, not the plaintiff, that the thief's personal information was in peril.  (<u>Id</u>. at p. 502.)  Moreover, the jury also found that the plaintiff had suffered $106,000 in economic damages as result of Equifax's incompetence.  (<u>Id</u>. at p. 499.)  Despite these egregious facts and tangible evidence of distress, and despite the substantial financial loss, the appellate court still reduced the general damages award to $150,000.  (<u>Id</u>. at p. 507.)

Again, as with the other jury verdict relied upon by Equifax, the one in <u>Sloane</u> was not based on analogous facts to those alleged in the complaint.  There is no allegation of identity theft or significant economic damages.  Nor has Equifax taken 21 months or any prolonged period of

time to address the problem it created.

Third, Defendant claims punitive damages alone could be $63,000 per Plaintiff.  However, the Plaintiffs allege up to $5,000 in punitive damages on the second claim for violation of the Consumer Credit Reporting Agencies Act.  Those punitive damages can be considered in calculating the amount in controversy but fall far short of $75,000.  Any other form of punitive damages that might be awarded are impossible to estimate since the amount of economic loss is a matter of pure speculation given the limited facts presented to the Court.  The Court must decline Defendant's invitation to multiply the (unsupported figure for economic damages of) $7,000 by nine to predict the amount of punitive damages that might be awarded.  (See Fuller v. Suntrust Mortg., Inc. (N.D. Ga., Aug. 6, 2014, No. 1:13-CV-3924-TWT) 2014 WL 3887916, at *8, n. 10.); Jackson v. American General Financial Services, Inc. (M.D. Ga., Apr. 17, 2006, No. 7:06-CV-19 (HL)) 2006 WL 997614, at *3 (no basis for calculating amount of likely punitive damages).)

While a court may reasonably surmise the amount in controversy in a personal injury case is more than $75,000 when the complaint alleges wrongful death, Roe v. Michelin North America, Inc. (11th Cir. 2010) 613 F.3d 1058, 1066, or serious bodily injury combined with a prayer for

unlimited punitive damages, as in <u>Jones</u> v. <u>Novartis</u> <u>Pharmaceuticals</u> <u>Co.</u> (N.D. Ala. 2013) 952 F.Supp.2d 1277, 1286 (fractures to two legs, three corrective surgeries, residual injuries) or this Court's own ruling in <u>Goodrich</u> v. <u>Fisher-Price,</u> <u>Inc.</u> (N.D. Ga., Dec. 15, 2016, No. 1:16-CV-3116-TWT) 2016 WL 9223893, at *1 (seven week old baby suffered severe injuries requiring excruciating medical treatment that may have caused developmental issues), the facts in the intant complaints or other evidence before the court are a far cry from the facts in the cited cases.

On the other hand, in <u>Wilson</u> v. <u>Chester</u> <u>Bross</u> <u>Const.</u> <u>Co.</u> (S.D. Ala., Apr. 12, 2011, No. CA 11-0020-KD-C) 2011 WL 1380052, at *14, where the plaintiff had quantifiable medical expenses and lost wages of about $20,000, the court still refused to speculate that "plaintiffs' claims for punitive damages and damages for future medical expenses, pain, suffering and mental anguish takes the quantifiable expenses over the $75,000 threshold."

In the instant cases, we don't have $20,000 or $14,000 or any quantifiable amount in medical bills, wage loss or any other economic damages.  It would be clearly improper to posit an amount for punitive damages, that was not tethered to any particular amount of economic damages, would bring the amount in controversy to over $75,000.

Finally, Defendant argues in its opposition that the value or cost of injunctive relief sought in the complaints must be considered.  However, already explained, the complaints do not seek equitable relief, so the Court should not imagine some form of equitable relief that might have been sought and assign a monetary value to it.

In any event, the notices of removal did not state that the value or cost of injunctive relief was a basis for finding the amount in controversy exceeded $75,000. All grounds for finding federal jurisdiction must be stated in the notice of removal which cannot be amended more than 30 days after service of the complaint.  A defendant can amend the notice after that deadline "to set forth more specifically grounds for removal which were stated imperfectly in the original petition," because these are considered technical defects; however, the defendant may not make a late amendment to "add missing jurisdictional allegation[s]." (Smith v. American Medical Systems, Inc. (N.D. Ala., Aug. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688480, at *2-3, report and recommendation adopted (N.D. Ala., Sept. 25, 2009, No. 2:09-CV-168-TMP) 2009 WL 10688481.)  Adding the financial value of equitable relief would be adding a missing jurisdictional allegation and is not permitted.

Therefore, the motion to remand must be granted.

**CONCLUSION**

For the above stated reasons, Plaintiffs respectfully urge the Court to grant the motion to remand the two cases.

DATED: November 7, 2018

Respectfully submitted,

By    ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

**CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document has been prepared with 14-point Georgia font in compliance with the requirements of Local Rule 5.1(C).

DATED: November 7, 2018

Respectfully submitted,

By    ___/s/ Jeffrey Wilens_____

JEFFREY WILENS
Attorney for Plaintiffs

PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REMAND CASES TO STATE COURT 1:17-md-2800-TWT