# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br>ALL ACTIONS |

## **ORDER**

Plaintiffs wish to conduct ex parte interviews of unidentified former employees of Defendant Equifax Inc. ("Equifax") and have asked the Court to enter an order setting forth the conditions under which those interviews may take place (ECF No. 488). Equifax does not object to the interviews entirely but has submitted a competing list of proposed conditions it believes are necessary to prevent the disclosure of privileged or protected information (ECF No.___). Upon consideration of Plaintiffs' Motion and the competing proposals, the Court orders as follows:

Plaintiffs may conduct ex parte interviews of former Equifax employees, subject to the following conditions:

(1)   Before contacting any former employee individually, Plaintiffs' counsel shall send an agreed-upon letter to all former employees they wish

to interview. The parties shall negotiate the contents of the letter in good faith and reach an agreement on the same, or otherwise advise the Court the parties are unable to reach an agreement, no later than seven (7) days after the entry of this Order.

(2)     Upon contacting any former employee, Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall immediately identify himself or herself as an attorney or investigator representing Plaintiffs in the litigation against Equifax and specify the purpose of the contact.

(3)     Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall immediately determine if the former employee is represented by counsel related to the Equifax cybersecurity incident. If so, the contact with the former employee must terminate immediately.

(4)     Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall immediately advise the former employee that participation in the interview is not mandatory and immediately terminate the interview if the former employee does not wish to participate.

(5)     Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall advise the former employee to avoid disclosure of

attorney-client privileged and attorney work product information and materials, in particular with regard to the privileged investigation and response to the cybersecurity incident. In the course of the interview, neither Plaintiffs' counsel nor any investigator acting at the direction of Plaintiffs' counsel shall attempt to solicit privileged or protected information. If the former employee attempts to reveal information which may reasonably be considered protected by the attorney-client privilege, work product doctrine, or any other potentially applicable privilege, Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall terminate the conversation or interview immediately and shall notify Equifax in a timely manner of the issue and the nature of the protected information that was disclosed or attempted to be disclosed.

(6)     Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall advise the former employee (a) to avoid disclosure of confidential and trade secret information belonging to Equifax that is unrelated to issues regarding the cybersecurity incident or the Equifax information security program, and (b) not to disclose confidential information or trade secrets belonging to third parties, including information that third parties provided to Equifax that Equifax and its current and former

employees are obligated to treat as confidential. In the course of the interview, neither Plaintiffs' counsel nor any investigator acting at the direction of Plaintiffs' counsel shall attempt to solicit such confidential information. If the former employee attempts to reveal such confidential information, Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall terminate the conversation or interview immediately and shall notify Equifax in a timely manner of the issue and the nature of the confidential information that was disclosed or attempted to be disclosed.

(7) During the course of the interview, Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel shall use an agreed-upon script to provide the advice and warnings required by this Order. The parties shall negotiate the contents of the script in good faith and reach an agreement on the same, or otherwise advise the Court the parties are unable to reach an agreement, no later than seven (7) days after the entry of this Order.

(8) Plaintiffs shall create and preserve a list of all former employees contacted and the dates of contact, and shall maintain and preserve any and all statements or notes resulting from such contact, whether by phone or in person.

(9) If any former employees contact Equifax counsel regarding communications with Plaintiffs' counsel or any investigator acting at the direction of Plaintiffs' counsel, Equifax counsel shall neither encourage nor discourage such communications.

(10) All evidence derived from such interviews shall be treated as Confidential under the Protective Order entered in this matter.

(11) Plaintiffs shall not compensate or offer to compensate any former employees in any way for their participation in ex parte interviews relating to the cybersecurity incident or this litigation.

## **CONCLUSION**

Plaintiffs' motion for an order governing ex parte interviews (ECF No. 488) is granted in part and denied in part as set forth in this Order.

SO ORDERED this ___ day of _____, 201__.

_____
THOMAS W. THRASH, JR.
Chief United States District Judge