# Exhibit C

# Stueve · Siegel · Hanson LLP

**Norman E. Siegel**  
siegel@stuevesiegel.com

Phone: (816) 714-7112  
Fax:  (816) 714-7101

460 Nichols Road, Suite 200  
Kansas City, Missouri 64112

May 16, 2018

S. Stewart Haskins II  
King & Spaulding LLP  
1180 Peachtree Street N.E.  
Atlanta, Georgia 30309

Re:  *In re Equifax, Inc., Consumer Data Security Breach Litigation*

Dear Stewart:

I wanted to follow up on our recent discussions regarding the nondisclosure agreements signed by Equifax's former employees and our desire to interview those former employees as part of our ongoing investigation of the data breach. Our preference is to reach an agreement by way of a proposed order to be jointly submitted for Judge Thrash's consideration. However, if we are unable to reach an agreement, our intent is to flag this as an issue for the Court in advance of the next status conference and move for appropriate relief.

As I mentioned on the phone, our research shows that the Northern District of Georgia, like most federal district courts, permits a party to contact former employees of an opposing party *ex parte*. See *In re Domestic Air Transport. Antitrust Litigation*, 141 F.R.D. 556 (N.D. Ga. 1992); *Jones v. City of College Park*, 2009 WL 10666066 (N.D. Ga. 2009). The existence of a nondisclosure agreement signed by a former employee does not modify this general rule, particularly where the agreement might be construed as requiring an employee to withhold evidence relevant to litigation seeking to enforce federal statutory rights. *See, e.g., Hoffman v. Sbarro, Inc.*, 1997 WL 736703 (S.D.N.Y. 1997) (providing that nondisclosure agreements that suggest employees must withhold evidence are void). Because Plaintiffs here are seeking to enforce claims under the Fair Credit Reporting Act, there are good arguments to support the voiding of any nondisclosure agreement that purport to prohibit former employees from discussing facts relevant to this case.

Nevertheless, we recognize that Equifax may have a legitimate interest in protecting attorney-client privileged information and confidential information known to its former employees. With respect to the first point, we have no interest in discussing privileged matters with Equifax's former employees. Our proposed order would make clear that we are only seeking factual information related to the investigation of this case, and we will affirmatively advise former employees to avoid disclosure of privileged materials. On the second point, our proposal would make clear that all interviews would be presumptively treated as confidential under the Protective Order.



May 16, 2018
Page 2

We therefore propose to submit a joint motion for the entry of an order providing for Plaintiffs' contact with former Equifax employees under the following guidelines:

1. Upon contacting any Equifax former employee, Plaintiffs' counsel shall immediately identify herself as an attorney (or investigator) representing Plaintiffs in the instant suit against Equifax and specify the purpose of the contact.

2. Plaintiffs' counsel shall ascertain whether the former employee is represented by independent counsel related to the Equifax data breach. If so, the contact must terminate immediately.

3. Plaintiffs' counsel shall advise the former employee that participation in the interview is not mandatory. Counsel must immediately terminate the interview of the former employee if she or he does not wish to participate.

4. Plaintiffs' counsel shall advise the former employee to avoid disclosure of privileged materials. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit privileged information and shall terminate the conversation if the former employee attempts to reveal privileged matters.

5. Plaintiffs shall create and preserve a list of all former employees contacted and the dates of contact, and shall maintain and preserve any and all statements or notes resulting from such contact, whether by phone or in person.

6. If any former employees contact Equifax regarding communicating with Plaintiffs' counsel, Equifax shall neither encourage nor discourage such former employees from communicating with Plaintiffs' counsel and shall provide a copy of this Order.

7. All evidence derived from such interviews shall be treated as Confidential under the Protective Order.

We believe an order with these components strikes a fair balance between Plaintiffs' right to investigate the facts related to this case, while protecting Equifax from the disclosure of privileged communications.

Please let us know Equifax's position on this issue by May 23, 2018.

Sincerely,

Norman E. Siegel