# Exhibit D

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

S. Stewart Haskins
Direct Dial: +1 404 572 4687
Direct Fax: +1 404 572 5100
shaskins@kslaw.com

June 6, 2018

**VIA E-MAIL AND UPS**

Norman E. Siegel
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
siegel@stuvesiegel.com

Re: *In Re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800

Dear Norm,

I write in response to your May 16, 2018 letter regarding Plaintiffs' desire to conduct *ex parte* interviews of certain former Equifax employees, notwithstanding nondisclosure agreements between Equifax and those former employees which prohibit the sharing of confidential company information, as well as possible implication of the attorney-client and work product privileges.

While Plaintiffs cite some decisions allowing interviews of former company employees on topics relating to pending litigation, the propriety of such interviews has been heavily litigated, and other courts have prohibited them. *See, e.g., Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 658 (M.D. Fla. 1992) (holding that "[t]he corporation continues to have a vital interest in the employee's knowledge of privileged information and its potential release to opposing counsel in litigation after the employee leaves."). Additionally, some courts have found that even where contact with former employees is not *per se* improper, an "organization desiring to prohibit its employees from engaging in *ex parte* communications . . . after having ceased work for that organization has the option of devising an appropriate confidentiality agreement," which Equifax has done here. *Valassis v. Samelson*, 143 F.R.D. 118, 123 at n.8 (E.D. Mich. 1992). Moreover, virtually all courts that have allowed *ex parte* interviews of former employees have imposed specific conditions to protect unrepresented former employees and prevent the disclosure of any of the company's privileged information. Indeed, the decisions Plaintiffs cite imposed such conditions. *See Jones v. City of College Park, Georgia*, No. 1:05-CV-1797-JTC, 2009 WL 10666066, at *2 (N.D. Ga. Aug. 26, 2009) (requiring that plaintiffs' counsel inform the former employee they represent a party that is adverse to the employee's former employer, the former employee must consent to the interview, and plaintiffs' counsel must refrain from eliciting potentially privileged information); *Hoffman v. Sbarro, Inc.*, No. 97 CIV. 4484 (SS), 1997 WL 736703, at *2 (S.D.N.Y. Nov. 26, 1997)

June 6, 2018
Page 2

(prohibiting plaintiffs' counsel from seeking privileged information and requiring reporting to court of any instance in which potentially privileged information is divulged during an interview).

Although Equifax believes it could successfully move the Court to prohibit Plaintiffs' *ex parte* interviews of certain former Equifax employees, Equifax is willing to avoid such motion practice provided Plaintiffs agree to (i) the conditions proposed in your May 16, 2018 letter, and (ii) the additional conditions set forth below. In particular, Equifax has significant concerns about former employees potentially divulging privileged information of the company, including information that may be relevant to the pending litigation. Some of the former employees that Plaintiffs may seek to interview were employed by Equifax during the time period when the company and its outside counsel were investigating and responding to the data security incident. Therefore, in addition to being parties to privileged communications (or having knowledge of such privileged information), those former employees were also likely exposed to protected work product information "prepared in anticipation of litigation." *In Re Conagra Peanut Butter Prod. Liab. Litig.*, No. 1:07-MD-1845-TWT, 2009 WL 799422, at *2 (N.D. Ga. Mar. 24, 2009) ("A document is prepared in anticipation of litigation when [it] can fairly be said to have been prepared or obtained *because of* the prospect of litigation.") (emphasis added). Much of the information and many of the documents generated during the investigation of and response to the incident fall within the scope of work product protection. Indeed, such information and documents were created in anticipation of the present litigation, and Plaintiffs obviously cannot circumvent work product protection, the attorney-client privilege, or any other applicable privileges by simply interviewing employees who are no longer with the company.

Accordingly, Equifax will agree not to oppose Plaintiffs' interviewing of former Equifax employees if Plaintiffs agree to the following conditions, which would be submitted along with those set out in your May 16, 2018 letter in a proposed order for Judge Thrash's consideration:

1. Plaintiffs shall provide Equifax with a list of all former employees they intend to contact. After receiving the list, Equifax will identify any individuals represented by counsel and provide Plaintiffs with such counsel's contact information. Plaintiffs shall then correspond only with counsel for those represented individuals.

2. Prior to contacting any former employee individually, Plaintiffs' counsel shall send a written communication to all former employees they wish to interview advising those individuals that (i) Plaintiffs' counsel represent Plaintiffs in the instant litigation and are adverse to Equifax; (ii) while the individuals may choose to speak to Plaintiffs' counsel, they have no obligation to do so; and (iii) the individuals shall under no circumstances disclose any documents or information protected by the attorney-client privilege and/or work product doctrine. *See In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 556, 562 (N.D. Ga. 1992) (requiring that prior to contacting any former employees, plaintiffs' counsel deliver to the former employee "a letter informing her of the nature of the lawyer's role in the matter giving occasion for the contact, including the identity of the lawyer's client and the fact that the witness's former employer is an adverse party," and that "she has no obligation to talk with plaintiffs' counsel."). Before it is sent to any former employees, Plaintiffs' counsel agrees to provide Equifax the opportunity to review

June 6, 2018
Page 3

      and comment on the written communication, and the parties shall reasonably cooperate on the language.

3. If during the course of an interview a former employee discloses information which may reasonably be considered protected by the attorney-client privilege, work product doctrine, and/or any other potentially applicable privilege, Plaintiffs' counsel shall (in addition to promptly terminating the interview) notify Equifax in a timely manner of the issue and the nature of the protected information that was disclosed.

4. Plaintiffs shall not compensate or offer to compensate any former employees in any way for their participation in *ex parte* interviews relating to the litigation.

      Please let us know Plaintiffs' position once you have had an opportunity to consider this proposal. If Plaintiffs are agreeable to these additional conditions, Equifax will be glad to draft a proposed order for Plaintiffs' review.

                                                Sincerely,

                                                King & Spalding LLP

                                                */s/ S. Stewart Haskins*

                                                S. Stewart Haskins