# Exhibit F

**From:** Haskins, Stewart
**Sent:** Wednesday, September 19, 2018 7:27 PM
**To:** Siegel, Norm (siegel@stuevesiegel.com); Amy Keller; Ken Canfield
**Cc:** Balser, David; Sumner, Phyllis; Adler, Elizabeth
**Subject:** Plaintiffs' Interviews of Former Employee

Norm, Amy, and Ken,

We write to follow up on our previous discussions and prior correspondence regarding Plaintiffs' desire to conduct *ex parte* interviews of certain former Equifax employees.

Given the back and forth on this issue, I thought it would be helpful to review where we are as we attempt to reach a solution that works for both parties.

On May 16, 2018, Plaintiffs proposed *ex parte* interviews of former employees and offered some proposed guidelines for those interviews, including to insure that they took steps to determine whether the former employee is represented by counsel, to advise the former employee of the nature and purpose of the contact, to avoid disclosure of privileged information, and to treat all evidence derived from the interviews as Confidential under the Protective Order in this matter.

We responded on June 6, 2018 expressing our willingness to reach an agreement.

Following additional discussions on the issue, on July 17, 2018, Equifax provided Plaintiffs with a proposed "script" to use during interviews of former employees.

In response, on July 18, 2018, Plaintiffs provided proposed revisions to the script and also provided, for the first time, a proposed letter from Equifax's outside counsel to be sent to former employees prior to any interviews. The revisions to the script proposed by Plaintiffs and the proposed letter raised new areas of concern for Equifax, including language purporting to waive Equifax's nondisclosure agreements with its former employees. After reviewing Plaintiffs' proposed script and letter, Equifax emailed Plaintiffs on August 3, 2018 and offered to have a conference call to discuss issues of concern. The parties scheduled a meet and confer telephone conference on September 13, 2018 to discuss this and other issues during which time we advised that Equifax would provide Plaintiffs with comments on the proposed script and letter, and further explanation of its position, in the near future. This e-mail follows up on our conversation on that day.

Equifax has considered Plaintiffs' proposed script revisions and the draft letter and we are attaching our proposed changes to these documents. We also renew our prior request that Plaintiffs provide Equifax with a list of all the former employees they intend to contact and the dates of the proposed interviews. Equifax will then identify any individuals represented by counsel and for those that are not, Equifax will send the letter at least one week in advance of the date of the scheduled interview.

Our changes to these documents arise out of two principal concerns – to minimize the risk of disclosure of privileged or work product information and to insure that Equifax's and third parties' confidential information is not disclosed.

Some, if not many, of the former employees that Plaintiffs may seek to interview were employed by Equifax during the time period when the company and its outside counsel were investigating and responding to the data security incident. Those employees would be parties to privileged communications (or have knowledge of such privileged information) and much of the information and many of the documents generated during the investigation of and response to the incident fall within the scope of the work product protection. For this reason, questions that post-date the investigation that began on July 29, 2017 should be avoided.

In addition, because the nondisclosure agreements that former employees signed with Equifax prevent the disclosure of confidential and trade secret information belonging to Equifax or to third parties and shared with Equifax under conditions of confidentiality, Equifax remains concerned that interviews of these employees by Plaintiffs may divulge information that is properly deemed confidential and should not be disclosed.

Equifax does not contend that its agreements preclude discussion of information relevant to this matter – so long the information is not privileged, protected or confidential trade secrets, intellectual property or other such information owned by Equifax or entrusted to Equifax by third parties.  In light of this, we propose the following guidelines and safeguards regarding these interviews to protect confidential and/or privileged information in addition to those set forth in Equifax's letter of June 6, 2018 and those set forth in Plaintiffs' letter of May 16, 2018:

- *First,* the interviews should be limited in scope to any non-privileged, non-confidential information about events related to the data breach announced by Equifax on Sept. 7, 2017 that occurred prior to July 29, 2017, in order to limit the danger of inquiring into privileged and/or confidential information during the time when counsel were investigating and responding to the incident.

- *Second*, Equifax requests that Plaintiffs provide a list of questions that will be covered during any interviews of former employees.  This will ensure that the interviews do not disclose any information that is not directly relevant to the incident and this litigation.  Similar conditions have been suggested by the courts to parties who seek interviews in the face of appropriate nondisclosure agreements governing confidential information.  *See, e.g., In re Spectrum Brands, Inc.*, No. 1:05-CV-02494-WSD, 2007 WL 1483633, at *4 (N.D. Ga. May 18, 2007) (denying plaintiffs' request to limit scope of confidentiality agreements, in part, because plaintiffs failed to specify the questions sought that were allegedly precluded by the confidentiality agreement).

We remain willing to discuss these issues and concerns, as well as the attached drafts we have provided at your convenience.  We believe we should be able to find a mutually acceptable solution that protects Equifax's interests and allows Plaintiffs to properly investigate their claims.  We look forward to your thoughts on the foregoing proposal.

Stewart


**S. Stewart Haskins | King & Spalding LLP**
1180 Peachtree Street, NE | Atlanta, Georgia 30309
(404) 572-4          shaskins@kslaw.com