# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br>ALL ACTIONS |

## DECLARATION OF PHYLLIS SUMNER

I, Phyllis Sumner, declare as follows:

1. I am a partner at King & Spalding LLP, defense counsel for the Equifax Defendants in this MDL proceeding. I am competent in all respects to make this declaration. The facts stated in this declaration are within my personal knowledge and are true.

2. On October 22, 2018, Plaintiffs filed a Motion For Limited Relief From Discovery Stay and Entry of Order Relating to Interviews of Defendants' Former Employees. Dkt. No. 488.

3. One of the issues raised in Plaintiffs' motion is their proposal to conduct *ex parte* interviews of former Equifax employees. Prior to Plaintiffs filing their Motion, the parties had extensive meet and confer discussions relating to the proposed *ex parte* interviews, in particular how such interviews may implicate

1

privileged information, as well as confidential information subject to nondisclosure agreements ("NDAs") between the former employees and Equifax, and potentially between Equifax and certain third-parties.

4. Plaintiffs requested that Equifax produce examples of relevant NDAs that would likely apply to former employees that Plaintiffs may intend to interview, and at a September 26, 2018 status hearing the Court ordered that Equifax produce "four of the [NDAs] of employees that [Equifax] think[s] the [P]laintiffs are most likely to want to talk to." Sept. 26, 2018 Hearing Tr. 45:7-9.

5. Pursuant to the Court's order, on October 9, 2018, Equifax produced to Plaintiffs four example NDAs used between Equifax and its employees. Because Plaintiffs have not identified any specific former employees they intend to interview, Equifax provided sample NDAs which apply to various former employees.

6. Additionally, on October 15 and 18, 2018, Equifax produced to Plaintiffs examples of NDAs and confidentiality agreements between Equifax and certain third-parties.

7. It was not until Equifax produced to Plaintiffs on October 9, 2018 the sample NDAs with employees that Plaintiffs indicated, for the first time, that they were seeking examples of "NDAs specifically relating to the [data] breach" and

NDAs signed by employees "upon terminati[on of] their employment after the breach occurred." Dkt. No. 488-1 at 9.

8. During one of the parties' numerous meet and confer conferences on this issue on October 15, 2018, counsel for Equifax discussed with Plaintiffs that Equifax did not have employee NDAs which specifically cover the information relating to the data breach, nor has Equifax required employees terminated after the breach to sign NDAs specifically related to the data breach.

9. Moreover, because Plaintiffs refuse to identify the former employees they wish to interview, Equifax has been limited to providing examples of NDAs between Equifax and its employees, and between Equifax and third-parties, that it believes are representative of NDAs that may apply to the unidentified former employees.

10. Plaintiffs' Motion also concerns the parties' exchange of search term lists that may be used in discovery to identify documents relevant to the litigation.

11. Equifax produced a search term list to Plaintiffs on October 30, 2018.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

November 9, 2018   /s/ Phyllis Sumner
                   Phyllis Sumner