# Exhibit H

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Phyllis B. Sumner
Direct Dial: +1 404 572 4799
Direct Fax: +1 404 572 5100
psumner@kslaw.com

October 18, 2018

**VIA E-MAIL**

Kenneth S. Canfield
DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC
1355 Peachtree Street, N.E.
Suite 1900
Atlanta, Georgia 30309
kcanfield@dsckd.com

Re:   *In Re Equifax, Inc., Customer Data Security Breach Litigation,* MDL No. 2800

Dear Ken,

     I write to follow up on our conversation of October 15, 2018 and our previous discussions and correspondence regarding Plaintiffs' desire to conduct *ex parte* interviews of certain former Equifax employees. We continue to believe that we should be able to reach an agreement on this issue that protects Equifax's interests and allows Plaintiffs to properly investigate their claims and – to that end – make the proposal below and remain willing to discuss any counterproposals that you may have.

     To reiterate, Equifax has two primary concerns. *First*, these interviews risk the disclosure of attorney-client privileged and attorney work product information. As you know, some of the former employees that we anticipate Plaintiffs may seek to interview were employed by Equifax during the time period when the company and its outside counsel were conducting a privileged investigation and counsel was providing legal advice to Equifax concerning its response to the data security incident. *Second*, the interviews also risk the disclosure of confidential and trade secret information belonging not just to Equifax, but to third parties. The four sample employee nondisclosure agreements we provided to you, as well as the five sample third party confidentiality agreements provided both this week and enclosed with this letter, clearly reflect that former employees are prevented from disclosing confidential and trade secret information belonging to Equifax and to third parties who shared information with Equifax under conditions of confidentiality.

Page 2

To address the two concerns set forth above while attempting to compromise with Plaintiffs in good faith, Equifax will not oppose Plaintiffs' interviews of former Equifax employees subject to the conditions outlined below. You will see that, for the most part, these conditions were present in Plaintiffs' letter of May 16, 2018 and Equifax's response letter of June 6, 2018. In light of our recent discussions and in an effort to avoid motion practice on this issue, Equifax is willing to forgo the requests made in our September 19, 2018 correspondence regarding: (1) limiting the scope of the interviews to information and events occurring prior to July 29, 2017; and (2) the request for a list of questions to be covered in any interviews.

We note that these conditions, and more restrictive conditions, have been imposed by courts addressing this issue in order to prevent the disclosure of a company's privileged and confidential information.

(1)   Prior to contacting any former employee individually, and because Plaintiffs have not shared the names of the former employees they intend to contact, Plaintiffs' counsel shall send an agreed-upon letter to all former employees they wish to interview. The parties will negotiate the contents of that letter in good faith and we remain willing to discuss our most recent comments to the draft letter included in our correspondence of September 19, 2018.

(2)   Upon contacting any Equifax former employee, Plaintiffs' counsel shall immediately identify herself or himself as an attorney (or investigator) representing Plaintiffs in the litigation against Equifax and specify the purpose of the contact.

(3)   Plaintiffs' counsel shall immediately determine if the former employee is represented by counsel related to the Equifax data security incident. If so, the contact with the former employee must terminate immediately.

(4)   Plaintiffs' counsel shall immediately advise the former employee that participation in the inverview is not mandatory and immediately terminate the interview if the former employee does not wish to participate.

(5)   During the course of the interview, Plaintiffs' counsel shall use an agreed-upon script to guide the conversation which the parties shall negotiate (and already made significant progress in negotiating), that will include the advice regarding privileged and confidential information detailed below. We remain willing to discuss our most recent comments to the draft script included in our correspondence of September 19, 2018.

(6)   Plaintiffs' counsel shall advise the former employee to avoid disclosure of attorney-client privileged and attorney work product information and materials, in particular with regard to the privileged investigation and response to the data security incident. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit privileged information and shall terminate the conversation immediately if the former employee attempts to reveal information which may reasonably be considered protected by the attorney-client privilege, work product doctrine, or any other potentially applicable privilege and notify Equifax in a timely manner of the issue and the nature of the protected information that was disclosed.

Page 3

(7) Plaintiffs' counsel shall advise the former employee to avoid disclosure of confidential and trade secret information belonging to Equifax that is unrelated to issues regarding the cybersecurity incident or the Equifax information security program, and not to disclose confidential information or trade secrets of third parties, including information of third parties provided to Equifax which Equifax and its current and former employees are obligated to treat as confidential. In the course of the interview, Plaintiffs' counsel shall not attempt to solicit such confidential information and shall terminate the conversation immediately if the former employee attempts to reveal such information and notify Equifax in a timely manner of the issue and the nature of the protected information that was disclosed.

(8) Plaintiffs shall create and preserve a list of all former employees contacted and the dates of contact, and shall maintain and preserve any and all statements or notes resulting from such contact, whether by phone or in person.

(9) If any former employees contact Equifax counsel regarding communications with Plaintiffs' counsel, Equifax counsel shall neither encourage or discourage such communications with Plaintiffs' counsel.

(10) All evidence derived from such interviews shall be treated as Confidential under the Protective Order entered in this matter.

(11) Plaintiffs shall not compensate or offer to compensate any former employees in any way for their participation in *ex parte* interviews relating to the data security incident or this litigation.

We remain willing to discuss these issues at your convenience.

Sincerely,

Phyllis B. Sumner

cc:   Norman E. Siegel (siegel@stuevesiegel.com)
      Gary Lynch (glynch@carlsonlynch.com)
      Joseph P. Guglielmo (jguglielmo@scott-scott.com)
      Amy Keller (akeller@dlcfirm.com)
      David L. Balser
      S. Stewart Haskins
      Elizabeth D. Adler

Enclosures