# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## CONSUMER PLAINTIFFS' OPPOSITION TO PLAINTIFF CARSON BLOCK'S MOTION TO ESTABLISH A SEPARATE DISCOVERY TRACK

Consumer Plaintiffs, through their Court-appointed counsel, oppose Plaintiff Carson Block's pending Motion to Establish a Separate Discovery Track. Doc. 451-1. Block asks the Court to establish a separate discovery track for member cases that name as defendants individual employees of Equifax. The Court should deny the motion because Block has not carried his burden to establish the need for such a separate track, which is not only unnecessary but would needlessly disrupt the orderly administration of this MDL.

Block's main argument is that his case is "unique and distinct" because it "names a multiplicity of individual defendants" who are not named parties to the Consolidated Complaint. Doc. 451-1 at 4. However, that argument is without

merit. Block's case, as he acknowledges, is based on the same facts and asserts the same causes of action as were asserted in the scores of other class actions that were transferred to this Court by the Judicial Panel on Multidistrict Litigation. *See* Doc. 451-1 at 9 ("it is true that the Block Action shares common factual and legal issues with the other lawsuits"). Those facts and claims—and many more—are pleaded in the Consolidated Complaint. *Compare, e.g.*, Block Complaint, Doc. 1 in No. 1:17-cv-05341-TWT, at ¶¶ 42-60 (asserting claims for negligence and violation of California's UCL, Cal. Bus. & Prof. Code § 17200) *with* Consolidated Complaint, Doc. 374, at ¶¶ 333-347, 495-504 (same).

The only material difference for purposes of Block's motion between his complaint and the Consolidated Complaint filed by the lawyers appointed by this Court is that Block sued individual defendants. But that difference does not justify a separate track in this litigation. Block appears to have simply named as defendants a list of the officers and security employees of Equifax that Block believes may have participated in the events giving rise to this litigation.[1] *See Block* Complaint ¶¶ 10-20. He makes no attempt to show that his claims against

---

[1] Even in the sense that *Block* names individual defendants, the case is not unique—the pending motion identifies several other member cases that named individual employees. Block makes no effort to explain why *his counsel* should be tasked with leading a separate discovery track.

those defendants are not duplicative, that he cannot obtain full relief from the corporate defendants sued in the Consolidated Complaint, or that naming those defendants is the product of sound legal strategy. To the contrary, there are good reasons why the leadership appointed to lead the consumer cases by the Court did not sue any individual defendants, including among other reasons that naming them would have complicated the case without offering any substantial benefit to the consumer class.

Further, even assuming that claims should or will be pursued against the individual defendants named by Block in his complaint, a separate track is still unnecessary to obtain discovery relating to those claims. If *Block*'s individual defendants are material percipient witnesses, their actions and knowledge will be subject to discovery in the normal course under the Court's existing case management orders. Consumer Plaintiffs' document requests will not be limited to specific individuals, and when Equifax responds it will necessarily have searched the files of these material witnesses, who will be identified as custodians in any search protocol. And, if *Block*'s individual defendants have significant knowledge, they will be deposed.

Block has made no showing that he needs unique discovery that will not already be conducted in the consumer track. His interests in discovering the facts

will be protected by prosecution of the claims under the Consolidated Complaint, which do not conflict with Block's own theories of recovery. And Block has made no showing that he will be prejudiced if a separate track is not established. If, at the conclusion of discovery in the existing track, Block is able to point to any specific discovery that remains with regard to "his" individual defendants, he can ask the Court for permission to conduct it.

Setting aside that a separate track is not necessary, another track would create enormous problems for the existing litigation. Block's proposed order vividly illustrates the inefficiencies and management issues that would arise. Under the order, a single plaintiff and his counsel "shall be free to conduct discovery without reference to" CMO No. 4's carefully negotiated limits on the number of interrogatories, requests for admissions, and depositions. Doc. 451-2 at 2. Further, that proposal provides that Block can serve discovery and take depositions of any individual defendant—*i.e.*, the main Equifax-employee witnesses—without permission from or even consultation with the consumer leadership. *Id.* Such a roving commission is completely unworkable, and completely contrary to the Court's appointment order, which directs among other things that the consumer leadership: direct and manage briefing and argument of motions and all types of discovery proceedings; assure that pretrial activities are effective, efficient,

economical, and timely; employ experts; and coordinate settlement discussions. Doc. 232, § C.

The Court's appointment order assigns these duties and responsibilities to specific qualified counsel out of necessity. *See* Manual for Complex Litig., Fourth §§ 10.22−10.224 (the "Manual") (explaining purpose and necessity of designated counsel and a court's oversight thereof). In this MDL with approximately 400 member cases, the absence of centralized leadership of pretrial strategy and tactics would destroy any efficiency that otherwise could be gained from the MDL mechanism. Block's motion is a naked attempt to circumvent the MDL process and the Court's appointment order. And it is a tardy attempt—Block did not file a class case, did not allege the adequacy of his counsel, and did not apply for leadership under CMO No. 1 (Doc. 23, ¶ 6), but instead filed his pending motion *six months* after this Court appointed lead counsel, and *four months* after entry of the discovery protocol in CMO No. 4 that he now challenges (Doc. 261).

Block does not attempt to explain how his proposal would work in the real world: Will his individual complaint be subject to separate briefing on a motion to dismiss before his discovery track begins? Will he seek multiple depositions of witnesses who are deposed in the other tracks? Will his counsel decide whether discovery disputes about those witnesses are taken to the Court? Will Block have

his own liability experts? Will separate counsel for each of the 11 individual defendants be required to attend to every aspect of this MDL? Regardless of their answers, the existence of these questions and scores of others implicated by Block's proposal would inevitably add complexity and expense to this already monolithic pretrial litigation.

Finally, Block suggests without support that CMO No. 4 somehow violates his right to due process. Doc. 451-1 at 17. But while Block may ultimately have the right to pursue his individual claim on remand to the Northern District of California after this MDL has served its purpose, there is no question that this Court can manage discovery how it sees fit. The very purpose of the JPML's transfer order is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . , and conserve the resources of the parties, their counsel, and the judiciary." Doc. 550 at 2. As explained by the authorities cited in Block's motion, Doc. 451-1 at 10-11, this Court has broad plenary power to manage discovery in this MDL. *See also generally* Manual, §§ 11.422−11.423; Fed. R. Civ. P. 26(b). And, as noted above, if at the conclusion of the coordinated proceedings there is anything left for Block to pursue, he has the right to seek leave to conduct whatever discovery is needed to complete the factual record with regard to his

claims against any individual defendants. So, Block's claim that he somehow has a due process right to his own discovery track is unfounded.

Because Plaintiff Block has not met his burden to establish the need for a separate discovery track, the Court should deny the pending motion.

Dated: November 12, 2018                    Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1900
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dlcfirm.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIBBS LAW GROUP LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS
GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to L.R. 7.1D that the foregoing complies with the font and point selections permitted by L.R. 5.1C. This brief was prepared on a computer using the Times New Roman font (14 point).

*/s/ Norman E. Siegel*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 12th day of November, 2018.

*/s/ Norman E. Siegel*