## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT<br><br>This document relates to: CONSUMER ACTIONS<br><br>*Carson Block v. Equifax, Inc. et al.*, No. 1:17-cv-05341-TWT |

### EQUIFAX'S RESPONSE IN OPPOSITION TO PLAINTIFF BLOCK'S MOTION TO ESTABLISH A SEPARATE DISCOVERY TRACK

Defendant Equifax Inc., and seven Equifax employees named individually as defendants[1] (together, "Equifax"), submit this response in opposition to Plaintiff Carson Block's Motion to Establish a Separate Discovery Track (Dkt. No. 451). Plaintiff Block's case, like over 400 other member cases in this MDL, arises out of the data security incident Equifax announced on September 7, 2017. To facilitate the orderly and efficient handling of the MDL, this Court created two tracks—a Consumer Track and a Financial Institution Track—for the purposes of consolidated pretrial proceedings, including the filing of master consolidated complaints, Equifax's motions to dismiss those complaints, and—to the extent any

---

[1] Defendants Mary Hannan, Harold Boutin, Robert Friedrich, Vidya Sagar Jagadam, Lara Pearson, Shea Giesler, and Cliff Barbier.

claims survive Equifax's dispositive motions—consolidated discovery.  Grouping of similar discrete actions for purposes of pretrial proceedings is a vital tool in Section 1407 multidistrict litigation, "a breed of complex litigation where the whole is bigger than the sum of its parts."  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).

Plaintiff Block, however, seeks special treatment of his individual case—*during* the pendency of consolidated pretrial proceedings in this MDL—by requesting that the Court establish a "Carson Block Discovery Track."  According to Plaintiff Block, a separate track is necessary because his complaint names, in addition to Equifax Inc., a handful of current and former Equifax employees as defendants.  But Plaintiff Block's request for individualized treatment of his case at this early juncture, and his argument that he will be prejudiced if not allowed to pursue his own discovery, reflect a fundamental misunderstanding of the purposes of consolidated pretrial proceedings under Section 1407.  Indeed, granting the individualized relief Plaintiff Block seeks would instead prejudice the hundreds of other member cases by hampering the Court's ability to efficiently oversee these consolidated pretrial proceedings for the benefit of the MDL as a whole.  And regardless, Plaintiff Block fails to show why his case necessitates any individualized discovery that would not otherwise be taken by lead Consumer

Plaintiffs during consolidated discovery.   The Court should, therefore, deny Plaintiff Block's motion.

## **BACKGROUND**

Plaintiff Block filed his lawsuit in the United States District Court for the Northern District of California on September 15, 2017, asserting claims for negligence and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., premised on Equifax's alleged failure to protect his personal identifying information and to timely disclose the data security incident. On December 6, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created this MDL proceeding to "serve the convenience of the parties and witnesses and promote the just and efficient conduct" of the nationwide litigation arising out of the Equifax data security incident.  Dkt. No. 1 at 2.  Two days later, the JPML determined that Plaintiff Block's case "involve[s] questions of fact that are common to the actions" pending in this MDL, and issued a condition transfer order ("CTO") with respect to his case.  Dkt. No. 46.  Plaintiff Block did not move to vacate the CTO, and his case was transferred to this MDL on December 18, 2017.  *Id.*

After the JPML created the MDL, this Court began its efforts to efficiently manage the proceedings, including (i) staying all member cases transferred to this

Court (CMO-1); (ii) establishing the separate Consumer and Financial Institution Tracks (CMO-2); (iii) providing that master consolidated complaints be filed in each track, and setting out a briefing schedule for Equifax's motions to dismiss those complaints (CMO-3); (iv) appointing leadership counsel to act on behalf of all plaintiffs (Dkt. No. 232); and (v) approving a discovery protocol to govern all consolidated discovery in these proceedings (CMO-4).  In accordance with the Court's case management orders, lead Plaintiffs in the Consumer Track filed their master consolidated complaint on May 14, 2018.  Dkt. No. 374.

Counsel for Plaintiff Block did not seek appointment as leadership counsel, nor did Plaintiff Block file any objection to the case management orders put in place by the Court.  Indeed, it was not until June 20, 2018, over a month after the filing of the Consumer Plaintiffs' master consolidated complaint, that Plaintiff Block raised any concern regarding the structure the Court ordered to efficiently manage this MDL.  Then, on August 12, 2018, Plaintiff Block filed this motion seeking to undo the case management orders already entered by this Court, and to get individualized treatment in the form of a discrete "discovery track" specific to his case.

## <u>ARGUMENT</u>

The Court should deny Plaintiff Block's motion because it seeks individualized, case-specific relief that is inconsistent with the case management orders governing this MDL proceeding and the purposes of Section 1407 litigation. Furthermore, a "Carson Block"-specific discovery track would be unnecessary because his claims are covered by the Consumer Plaintiffs' master consolidated complaint, and therefore any discovery relevant to his claims will be carried out by the lead Consumer Plaintiffs in consolidated discovery proceedings.

## I. PLAINTIFF BLOCK'S REQUEST FOR INDIVIDUALIZED TREATMENT IS INCONSISTENT WITH THE COURT'S EFFICIENT MANAGEMENT OF THIS MDL.

Plaintiff Block's motion demonstrates a fundamental misunderstanding of the purposes of Section 1407 litigation.  Section 1407 provides for "coordinated or consolidated pretrial proceedings" among cases that "involv[e] one or more common questions of fact."  28 U.S.C. § 1407.  Here, Plaintiff Block cannot dispute that his case involves the same factual and legal issues as the hundreds of other cases pending in this MDL; indeed, he did not object to the JPML's transfer of his case.  And once cases sharing common issues are consolidated in a Section 1407 proceeding, the MDL judge is granted "broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line."  *In re*

*Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1232.

This Court exercised that broad discretion by assigning the hundreds of member cases to two separate tracks, and providing that the master consolidated complaints filed in each track would "supersede *all* earlier filed individual complaints," including Plaintiff Block's.   CMO-3 at 2 (emphasis added). Moreover, the Court "suspended without date" Equifax's time to answer or otherwise respond to any earlier filed individual complaints, *see id.*, and administratively closed all the individual cases, CMO-2 at 4.  This procedure of employing a master consolidated complaint to supersede individual complaints for purposes of pretrial proceedings is common in large MDLs like this one.  *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 n.3 (2015) (recognizing the use of "master complaint[s] . . . which supersede prior individual pleadings," and that "the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings."); *In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Practices Litig.*, No. 16-02709-MD-W-GAF, 2017 WL 3863866, at *4 (W.D. Mo. Aug. 3, 2017) (master complaint superseded previously-filed individual complaints in MDL).  Indeed, courts routinely reject attempts to revive earlier-filed individual complaints after a master consolidated complaint has been filed.  *See, e.g., In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586,

591 (6th Cir. 2013) (holding consolidated complaint superseded plaintiffs' individual complaints); *In re Katrina Canal Breaches Litig.*, 309 F. App'x 836, 838–39 (5th Cir. 2009) (per curiam) (same); *In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 664 F. Supp. 2d 752, 768–70 (E.D. Mich. 2009) (same).  Thus, Plaintiff's earlier filed individual complaint, which—like hundreds of other individual complaints—was superseded by the Consumer Plaintiffs' master consolidated complaint, provides no basis for separate discovery during these pretrial proceedings.

Granting Plaintiff Block's request would also prejudice this MDL proceeding as a whole to the detriment of thousands of other plaintiffs, including those who—like Plaintiff Block—are not named in the Consumer Plaintiffs' master consolidated complaint.  This Court appointed leadership counsel to represent *all* consumer plaintiffs in the MDL with respect to "[d]irecting and manag[ing] pretrial proceedings," including specifically "the conduct of all types of discovery proceedings," (Dkt. No. 232 at 7), and allowing an individual plaintiff to pursue a competing discovery track would thwart leadership counsel's ability to adhere to that directive.  At a minimum, establishing a Carson Block-specific discovery track would unduly complicate these proceedings, and undermine the efficiencies at the heart of Section 1407, by expanding discovery—including

additional depositions and written requests—and adding even more attorneys to the ranks for purposes of scheduling and meet-and-confer efforts.  This would entail significant additional time, costs, and efforts at the expense of efficiently completing discovery on *common* issues, a core reason for which this MDL was created.  Finally, giving individualized treatment to Plaintiff Block could open the door to thousands of other individual plaintiffs also seeking individualized treatment based on alleged differences between their claims and those in the Consumer Plaintiffs' master consolidated complaint, a result that would defeat the very purpose of this MDL proceeding.

Thus, "[a] multidistrict proceeding is not the appropriate mechanism for the conduct of case-specific discovery" because, "[b]y definition, that discovery is not of general interest to the parties in all of the individual cases which comprise the MDL." *In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 169 F.R.D. 632, 638 (N.D. Ill. 1996).  Such discovery is therefore typically allowed to proceed (if at all) *only after* the completion of discovery on common issues in an MDL, or otherwise after a case is remanded to the transferor court.  *See, e.g.*, *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *18 (N.D. Ohio June 4, 2010) (explaining that parties in an MDL "do not normally engage in case-specific discovery until a case is set for trial"); *see also In re Bard IVC Filters*

*Prods. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2018 WL 4279834, at *5 (D. Ariz. Sept. 7, 2018) (remanding cases to transferor courts for trial and explaining case-specific discovery should be completed upon remand).  Accordingly, even if Plaintiff Block's case involved any truly unique discovery issues that are not addressed in the course of MDL proceedings (it does not) and his claims are not terminated by dismissal or otherwise in this Court, those case-specific issues could be appropriately handled upon remand to the transferor court.  *See* 28 U.S.C. § 1407 (providing that any case not terminated during consolidated pretrial proceedings "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred.").[2]

In sum, permitting specialized treatment of Plaintiff Block—whose complaint has been *superseded* by the Consumer Plaintiffs' master consolidated complaint—is plainly at odds with this Court's prior orders and the purposes of MDL litigation.

---

[2] The cases cited by Plaintiff Block merely recognize a MDL court's broad discretion to manage MDL proceedings as it sees fit, a point Equifax does not dispute.  But he cites no cases to support his argument that any MDL plaintiff whose case deviates in *any* respect from a master consolidated complaint has a right to conduct individualized discovery on those distinct issues during the pendency of consolidated pretrial proceedings.

## II.   A CARSON BLOCK-SPECIFIC DISCOVERY TRACK IS ALSO UNNECESSARY BECAUSE HIS CLAIMS ARE ENCOMPASSED IN THE MASTER CONSOLIDATED COMPLAINT.

Even if the relief sought by Plaintiff Block was not precluded by this Court's case management orders and Section 1407, the claims in his individual complaint are encompassed entirely by the Consumer Plaintiffs' master consolidated complaint. The master consolidated complaint, like Plaintiff Block's, asserts claims against Equifax for common-law negligence and violations of California's Unfair Competition Law premised on Equifax's alleged failure to protect the Consumer Plaintiffs' personal information and to timely notify them of the data security incident. *See* Consumer Compl., Dkt. No. 374 ¶¶ 333–47, 495–504. Indeed, Plaintiff Block *is a member of the putative Consumer Class* as defined by the master consolidated complaint. *See id.* at 152 (defining class as "all natural persons residing in the United States" who allege their personal identifying information was compromised in the data security incident).

Accordingly, consolidated discovery in the Consumer Track will satisfy all of Plaintiff Block's discovery needs, making a separate discovery track unnecessary. And while Plaintiff Block's motion is premised on the fact that his complaint purports to assert claims against certain current and former Equifax employees, those individuals are defendants in name only. Plaintiff Block's

complaint contains no factual allegations explaining how any of those individuals caused or contributed to the data security incident or his alleged injuries; rather, the only allegations in his complaint about those individuals consist of general descriptions of their positions and job responsibilities at Equifax. *See* Block Compl. ¶¶ 10–20. Plaintiff Block's suggestion that these bare allegations somehow make his claims unique—so unique as to necessitate an entirely separate discovery track during the course of consolidated pretrial proceedings—cannot be taken seriously.

 In fact, the Court already denied a similar request at the February 22, 2018 status hearing by a group of plaintiffs who requested a separate discovery track because they asserted contractual claims against Equifax. Status Conf. Tr. 14:20–23, Feb. 22, 2018, Dkt. No. 98. The Court rejected the plaintiffs' suggestion that "discovery and everything will be different" for the contract claims, instead finding "sufficient overlap with the other consumer cases [such] that a separate track is not required." *Id*. at 18:5–9. The same result obtains here.

And even if Plaintiff Block had alleged more about the individual defendants named in his case, a separate discovery track would still be unnecessary because consolidated discovery proceedings will likely produce all of the relevant information. Although the Consumer Plaintiffs' master consolidated complaint

does not name any Equifax personnel as individual defendants, it is well-settled that "[a] corporation is . . . a legal fiction that cannot act at all except through its employees and agents." *Black v. Bank of Am.*, 35 Cal. Rptr. 2d 725, 728 (Ct. App. 1994); *see also Eckles v. Atlanta Tech. Grp.*, 485 S.E.2d 22, 24–25 (Ga. 1997) ("As an artificial person, a corporation 'can act, and does act, alone through [its] agents . . . . [I]t can deal with the world in no other way.'" (citation omitted)). And nine of the eleven defendants named in Plaintiff Block's case have been specifically identified to the Consumer Plaintiffs as custodians likely to have information relevant to this litigation. Thus, in the consolidated discovery contemplated by this Court's case management orders, the lead Consumer Plaintiffs will *necessarily* be seeking information about current and former Equifax personnel relevant to the data security incident and the common legal and factual issues underpinning the hundreds of cases in this MDL. And if any of the individual defendants named in Plaintiff Block's case are in fact relevant to this litigation and therefore the subject of Consumer Plaintiffs' discovery, permitting Plaintiff Block to propound duplicative discovery on those same individuals would impose undue burden and expense. Accordingly, Plaintiff Block's so-called "unique" discovery needs are illusory, and a separate Carson Block-specific discovery track is unnecessary.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff Block's motion.

DATED:  November 13, 2018                    Respectfully Submitted,


*/s/ David L. Balser*
**KING & SPALDING LLP**
David L. Balser
  Georgia Bar No. 035835
Phyllis B. Sumner
  Georgia Bar No. 692165
S. Stewart Haskins II
  Georgia Bar No. 336104
Elizabeth D. Adler
  Georgia Bar No. 558185
John C. Toro
  Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1B.  This brief was prepared on a computer using the Times New Roman font (14 point).

DATED:  November 13, 2018

*/s/ David L. Balser*
David L. Balser

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ David L. Balser*
David L. Balser