# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX INC. CONSUMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br><br>CONSUMER TRACK<br>*Block v. Equifax, Inc., et al.*<br>Member Case No. 1:17-cv-05341 |

## DEFENDANT RICHARD F. SMITH'S OPPOSITION TO PLAINTIFF CARSON BLOCK'S MOTION TO <u>ESTABLISH A SEPARATE DISCOVERY TRACK</u>

**TROUTMAN SANDERS LLP**
David M. Chaiken
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Steven G. Madison
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Michael E. Liftik
Meghan A. McCaffrey
1300 I Street NW, Suite 900
Washington, D.C. 20005

***Attorneys for Defendant Richard F. Smith***

## I.      INTRODUCTION

Defendant Richard F. Smith ("Mr. Smith") respectfully submits this opposition to Plaintiff Carson Block's ("Block['s]") request to establish a separate discovery track for case number 1:17-cv-05341-TWT.  (Dkt. 451.)

The individual defendants in this case will be subject to thorough discovery in connection with an MDL that now includes more than 400 cases alleging consumer data protection violations.  Nonetheless, Block demands multiple exemptions from the Court's carefully-engineered Discovery Protocol in order to take separate yet duplicative discovery from Mr. Smith and 10 other individuals—which will substantially and improperly increase the burden on Mr. Smith and these other individuals—on the sole grounds that Block's suit names Mr. Smith and those other individuals as defendants.

Block offers no reason this Court should open the door to bespoke discovery plans, much less in this case.  His 16-page complaint includes no allegations about any individual's role or participation in the events at issue, and his allegations about Mr. Smith are limited to identifying him and his position, and quantifying his compensation—none of which are in dispute.  And nowhere in his motion does Block specify a *single item of information* he will be unable to obtain through participation in the existing Discovery Protocol.  Indeed, if anything, the

allegations in the Consolidated Consumer Class Action Complaint ("CAC") about Mr. Smith are *more* detailed than those in Block's complaint. Block's demand for entirely separate sets of document requests, interrogatories, requests for admission, and even depositions are based purely on conclusory (and incorrect) speculation that he will otherwise be unable to prosecute his action.

For the foregoing reasons, and those specified below, Block's motion should be denied.

## II.   BLOCK'S INCLUSION OF INDIVIDUAL DEFENDANTS IN HIS COMPLAINT DOES NOT JUSTIFY MULTIPLE EXEMPTIONS FROM THE DISCOVERY PROTOCOL

Block's request for his own discovery track should be denied because (i) Block makes no meaningful argument that the Discovery Protocol will not provide him with sufficient discovery to prosecute his claims; and (ii) Block's claims against the individual defendants—which are the sole justification for his demand to proceed on a separate track—are invalid as a matter of law and will not survive a motion to dismiss.

### A.   Block Offers No Reason to Believe He Will Be Deprived of Discovery Sufficient to Prosecute His Claims

Block offers only conclusory assertions and speculation, devoid of references to specific allegations or information, in support of his claim that the Discovery Protocol will deprive him of needed discovery. *See, e.g.*, Br. at 14

("Having asserted his claims against these eleven individual defendants, Plaintiff Block must be afforded an opportunity to martial [*sic*] his evidence against these defendants or he will have been denied his day in court."); *id.* at 15 ("[I]t is very unlikely that this army of Plaintiffs will be willing to set aside a few of those 80 interrogatories for Plaintiff Block to propound against his eleven individual Defendants"); *id.* at 16 ("[I]t is unlikely that Plaintiff Block's vote to include his eleven defendants within that number would hold much sway over the thousands of other Plaintiffs who are only suing Equifax and have their own ideas about whom they wish to depose"); *id.* at 17 ("If this Discovery Protocol is allowed to continue, it will essentially prevent Plaintiff Block from martialing [*sic*] his evidence and proving his case at trial."). These unparticularized claims of harm are insufficient to justify multiple exemptions from the Discovery Protocol, much less multiplying the discovery burden on Mr. Smith.

It is telling that Block's only meaningful attempt to distinguish his case from the CAC relies upon a false statement. Block's brief repeatedly asserts that the CAC makes no mention of the individual defendants, including Mr. Smith. *See* Br. at 9 ("This failure to take individual defendants into account is also found in the Consolidated Consumer Class Action Complaint, filed on May 22, 2018. In this pleading, individual defendants are not mentioned at all."); *id.* at 13 ("Moreover,

3

the Consolidated Complaint as a whole does not make any mention of individual defendants . . . ."); *id.* at 14 ("Nowhere in the Consolidated Complaint or any of the Scheduling Orders or Case Management Orders in this case, is there any mention whatsoever of any individual defendants . . . .").

In fact, the CAC discusses Mr. Smith and events surrounding him in *greater detail* than Block's complaint. The CAC quotes Mr. Smith directly *on its caption page*, and includes numerous allegations that directly or indirectly implicate Mr. Smith, including: (1) Mr. Smith and Equifax viewed fraud as a business growth opportunity, Dkt. 374, ¶¶ 165, 205; (2) Equifax received a warning from the Department of Homeland Security's U.S. Computer Emergency Readiness Team ("CERT") regarding the Apache Struts vulnerability, *id.* ¶ 188; (3) Equifax's systems were infiltrated two months after the Apache Struts patch became available, *id.* ¶ 193; (4) Mr. Smith was notified of the breach before Equifax's board, *id.* ¶ 198; (5) when Equifax's security team noticed suspicious network traffic, *id.* ¶ 196; (6) what fraction of Equifax's budget was spent on cybersecurity, *id.* ¶ 216; (7) details of Equifax's post-breach announcement, *id.* ¶ 230; and (8) that Mr. Smith testified before the House Digital Commerce and Consumer Protection subcommittee concerning the breach, *id.* ¶ 253. The plaintiffs in the MDL, of whom Block is one, (the "Consumer Plaintiffs") will therefore be able to obtain

discovery concerning both the company and Mr. Smith. Indeed, it defies common sense that the Consumer Plaintiffs would seek discovery concerning Equifax itself, yet forgo any attempt to obtain information about the individuals at Equifax who allegedly caused, or failed to cause, Equifax to take the actions at issue in hundreds of complaints.

By contrast to the above alignment of allegations and interests between Block and the other Consumer Plaintiffs, Block identifies not a single item of information that he needs, but will be unable to obtain, through the Discovery Protocol. Block's belief, based on general assertions, that he must be afforded an entirely separate and complete slate of discovery devices, is not remotely sufficient to subject Mr. Smith (or any other individual defendant) to a substantially greater—and harassing—discovery burden.[1]

Finally, Block's demand would impair the main goal of an MDL—to "eliminate duplicative discovery . . . and conserve the resources of the parties, their counsel and the judiciary." *In re: Bill of Lading Transmission and Processing System Pat. Litig.*, 626 F. Supp. 2d 1341, 1342 (J.P.M.L. 2009); *see also In re*

---

[1] Block claims that even 11 separate interrogatories would be "in essence . . . [tying] Plaintiff Block's hands behind his back." Br. at 16. It is commonplace, however, for multiple plaintiffs to divide discovery devices—including interrogatories and depositions—among themselves.

*Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (M.D.L. 2004) ("Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."). By contrast, Block's attempt to extract fulsome discovery from Mr. Smith and 10 other individuals on the basis of no unique allegations would inevitably cause the very duplication and waste of resources an MDL seeks to eliminate. Block's separate protocol would also eliminate the efficiency by which defendants (and the Court) may communicate and coordinate the action through a single point of contact who speaks on behalf of the Consumer Plaintiffs. Indeed, Block asked specifically to operate *without* the need for authorization from lead counsel, which would inevitably lead to a separate track of discovery disputes on top of Block's personalized discovery protocol. *See* Br. at 18–19. Block again offers no reason that his case justifies creating inefficiencies and additional burdens and expense on the parties and the Court.

### B. Block's Claims against Mr. Smith Would Not Survive a Motion to Dismiss

Expending effort to craft a discovery protocol that applies solely to Block is a futile waste of judicial resources for the additional reason that Block fails to plead that Mr. Smith or any of the other individual defendants participated in,

6

authorized, or even *knew about* the events that lead to the alleged Data Breach. *See Baja Properties, LLC v. Mattera*, 812 S.E.2d 358, 362–63 (Ga. App. 2018) (holding that defendants were entitled to summary judgment dismissing negligence claims where plaintiff failed to allege negligence in their personal capacities and further failed to identify any specific negligent acts by defendants); *Beasley v. A Better Gas Co.*, 604 S.E.2d 202, 206 (Ga Ct. App. 2004) ("The general rule is that . . . an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein.") (quotation omitted); *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participated in the wrong or authorized it to be done."); *see also Dempsey v. Southeastern Indus. Contracting Co.*, 309 Ga. App. 140, 144 (2011) ("[M]ere fact that an injury occurred during a period when [a corporate officer] was responsible for employee training and dispatch is not sufficient to support an inference that the injury was caused by some actionable negligence on [the corporate officer's] part"); *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) ("[M]ere knowledge of tortious conduct by the

7

corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual.") (internal citation omitted).  Block's sole allegations concerning Mr. Smith are that he "was the Chairman of the Board and Chief Executive Officer of Equifax at the time of the Data Breach, where had [*sic*] had the responsibility for the operations of Equifax and failed to use his authority to strengthen Equifax's defenses against cybercrimes such as the Data Breach," Block Dkt. 1, ¶ 10, and his 2016 compensation.  *Id.* ¶ 28.  Such allegations are self-evidently insufficient to sustain tort claims against corporate directors or officers.

### III.   CONCLUSION

For the foregoing reasons, Mr. Smith respectfully requests that the Court deny Block's demand for a separate discovery track.

DATED:     November 13, 2018

        **TROUTMAN SANDERS LLP**

        */s/ David M. Chaiken*
        David M. Chaiken
        Georgia Bar No. 118618
        600 Peachtree Street NE, Suite 3000
        Atlanta, GA 30308
        404-885-3000
        404-885-3900 (Facsimile)
        Email: david.chaiken@troutman.com

        -and-

        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        Steven G. Madison
        (*pro hac vice* admission pending)
        865 S. Figueroa Street, 10th Floor
        Los Angeles, CA 90017
        202-538-8000
        Email: stevemadison@quinnemanuel.com

        Michael E. Liftik
        (*pro hac vice* admission pending)
        Meghan A. McCaffrey
        (*pro hac vice* admission pending)
        1300 I Street, Suite 900
        Washington, D.C. 20005
        Telephone: (202) 538-8000
        Email: michaelliftik@quinnemanuel.com
                meghanmccaffrey@quinnemanuel.com

        ***Attorneys for Defendant Richard F. Smith***

## **LOCAL RULE 7.1(D) CERTIFICATION**

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14 point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/David M. Chaiken*
David M. Chaiken
Georgia Bar No. 118618

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to counsel of record.

*/s/David M. Chaiken*
David M. Chaiken
Georgia Bar No. 118618
