IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 Case No.: 1:17-md-2800-TWT |
| This Document Relates to: *Ward, et al. v. Equifax, Inc., et al.*, D. Maryland, Civil Action No. 1:17-cv-03246 | CONSUMER ACTIONS |

## REPLY IN SUPPORT OF RENEWED MOTION TO REMAND FILED BY PLAINTIFFS CRAIG WARD, MARY AND TODD WARREN, AND TERI WEATHERLY

Plaintiffs Craig Ward, Mary and Todd Warren and Teri Weatherly (collectively, "the Ward Plaintiffs") do not claim that they have not been injured and do not disavow any allegation in their State Action Complaint. Instead, the Ward Plaintiffs are saying that in the 4th Circuit – from where this case was transferred – the type of injuries that the Ward Plaintiffs have alleged have not been, and are not likely to be, considered sufficient to meet Article III's heightened standing requirements. *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017); *Hutton v. Nat'l Bd. Exam'r in Optometry, Inc.*, 892 F.3d 613 (4th Cir. 2018). This is why the Ward Plaintiffs filed their action in the Circuit Court for Baltimore County, Maryland, and pled claims under *only* Maryland law.

1

## I. The Master Complaint provides no basis for removal of Plaintiffs' State Court Action.

Equifax argues that a federal claim asserted in the master complaint in the consumer track of these MDL proceedings provides a basis for the removal of Plaintiffs' State Court Action. *See* Doc. #486, Def. Equifax Resp. in Opp. To Mtn. to Remand (hereinafter, "Def. Resp.") at 5, n1. But removal cannot be justified on claims the plaintiff did not plead:

> the paramount policies embodied in the well-pleaded complaint rule -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court… But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (emphasis in the original). The Ward Plaintiffs' State Court Action stated claims under *only* Maryland law and it is that Complaint, and not the "master" complaint in the MDL proceeding, that governs remand of Plaintiffs' State Court Action.

2

## II. CAFA does not exempt Equifax from the constitutional requirements of Article III.

Equifax points to the factual allegations it made to meet the requirements of CAFA and claims that is all that is required to justify removal. Def. Resp. at 6. But, while necessary, Equifax's CAFA allegations are insufficient. The party seeking removal must plead facts to support the federal court's subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936). Article III standing is a part of the federal court's subject matter jurisdiction. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). Therefore, in addition to meeting the statutory requirements of CAFA, Equifax must also demonstrate the constitutional requirements of Article III if it wants the benefits of a federal court. This is consistent with the bedrock principle that Congress cannot override by statute provisions of the U.S. Constitution. *Summers v. Earth Island Inst.,* 555 U.S. 488, 497 (2009) (jurisdictional requirements of Article III "cannot be removed by statute").

Equifax claims that no court has placed on a defendant the burden of establishing Article III standing to justify removal.[1] Def. Resp. at 6-7. But this

---

[1] Equifax cites three cases in support of its position. *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.,* 291 F.3d 1318 (S.D. Fla. 2017) concluded that an insurance coverage defense went to the merits of a plaintiff's claim and was not a challenge to standing. *St. Louis Heart Ctr. Inc. v. Nomax Inc.,* No. 4:15-cv-517-RLW, 2017 WL 1064669 (E.D. Mo. Mar. 20, 2017) was reversed just a few months ago by the 8th Circuit, who remanded the case to the state court where it

position is not borne out by the case law. Most of the federal circuit courts of appeal that have wrestled with the issue have determined that when the defendant is the party seeking removal, the defendant has the burden to establish all parts of the court's subject matter jurisdiction. Those courts remanded the subject action to state court when that burden was not carried. *Me. Ass'n of Interdependent Neighborhood v. Comm'r Me. Dep't of Human Serv.,* 876 F.2d 1051 (1st Cir. 1989) (remanding); *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994) ("[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961) ("the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it."); *Cox, Cox, Filo, Camel & Wilson v. Sasol N. Am. Inc.,* 544 F. App'x 455 (5th Cir. 2013) (remanding); *Sollitt v. KeyCorp*, 463 F. App'x 471 (6th Cir. 2012) (remanding); *Wallace v. Conagra*

---

was originally filed because of a lack of Article III standing. *St. Louis Heart Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500, 505 (8th Cir. 2018). Similarly, *Jones v. Sears Roebuck & Co.* 301 F. App'x 276 (4th Cir. 2008) affirmed a district court's dismissal on determination that there was no live "controversy" because the credit card company at issue had admitted that it was not going to invoke the arbitration clause at issue. None of these cases provide any support for Equifax's position nor do any address the burden carried by parties on removal.

*Foods, Inc.,* 747 F.3d 1025 (8th Cir. 2014) (remanding); *Polo v. Innovations Intl, LLC,* 883 F.3d 1193 (9th Cir. 2016)(remanding).

Most directly on point is *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018).  In that case, the 7th Circuit held that "federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied" such that "[a]s the party invoking federal jurisdiction, SP Plus [the defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal." 889 F.3d at 896.  Because the defendant failed to introduce any evidence supporting standing other than the plaintiffs' state court complaint, defendants failed to carry their burden and remand was mandated. *Id.*

The 8th Circuit's decision in *Collier* is consistent with the U. S. Supreme Court's guidance on the relative burdens carried by the parties as prerequisites to the exercise of jurisdiction by a federal court:

> They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is

> properly in court. The authority which the statute vests in the court to enforce limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence.

*McNutt,* 298 U.S. at 189. Not only can this Court require Equifax to establish Article III standing for the claims in Plaintiffs' State Court Complaint, it must. Otherwise, remand is mandatory. 28 U.S.C. §1447(c).

Equifax's removal petition is notable because it goes further than simply failing to allege facts supporting subject matter jurisdiction, it pleads facts in opposition to subject matter jurisdiction. *Ward, et al. v. Equifax, Inc. et al,* 1:17-cv-03246, Doc. #1, Not. of Removal, ¶ ¶ 31, 40 (alleging "…the Complaint contains only conclusory allegations concerning the speculative harm suffered by the putative class…" and "…Plaintiffs have suffered no injury…"). There is no basis in law for a federal court to exercise jurisdiction over an action removed from state court when the allegations **by the removing defendant** are, in effect and substance, that the plaintiff's claims lack Article III standing.

### III. Under similar circumstances, other courts have remanded.

*Bercut v. Michaels Stores, Inc.*, No. 17-cv-01830-PJH, 2017 U.S. Dist. LEXIS 101373 (N.D. Cal. June 29, 2017) is substantively and procedurally similar to this case and instructive. That case involved claims under the Fair Credit Reporting Act ("FCRA") related to the Michaels Stores handling of information in job applicants' credit reports. 2017 U.S. Dist. LEXIS 101373 at *1-2. *Bercut* was filed in state court, removed by Michaels, the defendant, to federal court and then transferred shortly thereafter to an MDL in the District of New Jersey. *Id.* at *4-5. After the U.S. Supreme Court's decision in *Spokeo v. Robins,* 136 S. Ct. 1540 (2016), the MDL Court granted the defendant's motion to dismiss predicated on the plaintiffs' lack of Article III standing. *Id.* at *5-6. The MDL court remanded *Bercut* to its original state court venue because it was the only action in the MDL that had originated in a state court. *Id.* at *6. The other MDL plaintiffs in the MDL appealed the MDL court's dismissal to the 3rd Circuit. *Id.*

After remand, Michael's removed for a second time relying on its removal petition on a 9th Circuit case *Syed v. M-1 LLC,* 846 F.3d 1034 (9th Circ. 2017) which, in contrast to the law relied on by the MDL court, supported the conclusion that the claims in Bercut's state court complaint supported Article III standing. *Id.* at *6-7. But shortly after this second removal, the 9th Circuit withdrew and superseded the *Syed* opinion relied on by Michaels in its removal petition to

7

establish Article III standing. *Id.* at *7.  The superseding opinion supported the conclusion that the allegations in Bercut's state court complaint did not support Article III standing. *Id.* at *8-10.  Bercut moved to remand pursuant to 28 U.S.C. §1447(c).  *Id.* at 10.

The court **remanded**, stating unequivocally, "the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal", the "removal statute is strictly construed against removal jurisdiction", and "jurisdiction must be rejected if there is any doubt to the right of removal in the first instance." *Id.* at *11 (citing *Valdez v. Allstate Ins. Co.,* 372 F.3d 115, 117 (9th Cir. 2004) and *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

While recognizing the "unusual procedural history," the court rejected Michaels' attempt to "artificially divorce Article III standing and removal jurisdiction" because "standing is an element of federal subject matter jurisdiction." *Id.* at 4, 12 (citing *Cetacean Cmty. v. Bush,* 386 F.3d 1169, 1174 (9th Cir. 2004)). Remand was "required" because the harms alleged in the plaintiffs' complaint were no longer considered by the 9th Circuit to support Article III standing and "Article III standing is a required element of federal subject matter jurisdiction." *Id.* at 13.  "At very least," the court had "substantial doubts" as to whether it had subject matter jurisdiction.  *Id.*  Therefore, the court concluded,

"this case must therefore proceed, if at all, in a state court not bound by Article III." *Id.*

The same is true in this case, but even more so. Under *Beck v. McDonald*, 848 F.3d 262 (4th Cir. 2017) and *Hutton v. Nat'l Board Examiners in Optometry, Inc.*, 892 F.3d 613 (4th Cir. 2018), the injury and damage allegations in the Ward Plaintiffs' State Action Complaint are substantially likely not to support Article III's heightened standing requirements. Equifax has not only failed to offer any other justification for federal subject matter jurisdiction, its removal petition pleads facts in opposition to such jurisdiction. Equifax's petition makes the case for remand, not removal. Under these circumstances, the Ward Plaintiffs request this Court follow the plain language of 28 U.S.C. §1447(c) – "[i]f at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded."

## CONCLUSION

For the foregoing reasons, the Ward Plaintiffs respectfully request that the Court determine whether subject matter jurisdiction exists, and, if subject matter jurisdiction is found lacking, remand this matter back to the Circuit Court for Baltimore County, Maryland.

Respectfully submitted,

/s/ Michael Paul Smith
Michael Paul Smith, Esq. #23685
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, MD 21204
(410) 821-0070 / (410) 821-0071 (fax)
Email: mpsmith@sgs-law.com
*Counsel for Plaintiff and Class Members*