IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In re: Equifax, Inc. Customer Data Security Breach Litigation**<br><br>**This Document Relates to:**<br>*Ward, et al. v. Equifax, Inc., et al.*, D. Maryland, Civil Action No. 1:17-cv-03246 | MDL Docket No. 2800<br>Case No.: 1:17-md-2800-TWT<br><br>**CONSUMER ACTIONS** |

### REPLY IN OPPOSITION TO CONSUMER LEAD COUNSEL'S OPPOSITION TO RENEWED MOTION TO REMAND FILED BY PLAINTIFFS' CRAIG WARD, MARY AND TODD WARREN, AND TERI WEATHERLY

The Consumer Lead Counsel, on behalf of the named plaintiffs and putative classes represented in the consolidated consumer class action "master complaint," oppose the Ward Plaintiffs' Renewed Motion to Remand claiming it should be determined, if at all, after the Court's ruling on the motions to dismiss related to the consolidated consumer class action "master complaint". This position is in direct opposition to 28 U.S.C. §1477(c) which directs that the motion is ripe "any time before final judgment." When a remand motion implicates the court's subject matter jurisdiction, the court may even consider the motion *sua sponte* even if, as Consumer Lead Counsel intimates in this case, the parties or the defendant have

1

not raised the issue. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).

But the Court need not act sua sponte because the jurisdictional issue was first raised by Equifax in its removal petition. The Ward Plaintiffs immediately moved to address the issue by moving to remand. Whether Equifax has strategically raised the issue or not in the motions to dismiss related the "master complaint" has no relevance to the Ward Plaintiffs' motion to remand or this Courts obligation to remand if federal jurisdiction is lacking over the Ward Plaintiffs State Court Action.

The Ward Plaintiffs appreciate that the consolidated consumer class action "master complaint" contains some of the claims as appear in the Ward Plaintiffs' State Court Action. But there are notable exceptions. The Ward Plaintiffs pled negligence claims pursuant to Maryland law. Ex. 1, Ward Plaintiffs State Action Complaint, ¶¶73-95. The consolidated class action "master complaint" states a negligence claim but alleges it is controlled by Georgia, not Maryland, law. Doc. #374, Consolidated Class Action Compl., Count 2 -¶¶333-347, ¶308-313. The Ward Plaintiffs' State Action Complaint also stated a claim for negligent

supervision. Ex. 1, ¶¶96-105. That claim appears no where in the consumer consolidated class action "master complaint."

There was no basis for the Ward Plaintiffs' State Action to be removed from their chosen state court forum. Equifax failed to make the required jurisdictional allegations in its removal petition to support the federal court's subject matter jurisdiction and in fact alleged facts in opposition to federal subject matter jurisdiction. Now, the Ward Plaintiffs are prejudiced by a consolidate consumer class action master complaint by being stripped of claims and being subject to a foreign state's law.

The Ward Plaintiffs' motion to remand was filed more than a year ago. By any measure, it is ripe for determination.

Dated: November 21, 2018

                        Respectfully submitted,

                        /s/ Michael Paul Smith
                        Michael Paul Smith, Esq. #23685
                        Smith, Gildea & Schmidt, LLC
                        600 Washington Avenue, Suite 200
                        Towson, MD 21204
                        (410) 821-0070 / (410) 821-0071 (fax)
                        Email:
                        mpsmith@sgs-law.com
                        *Counsel for Plaintiffs and Class Members*