**SCOTT M. LESOWITZ (Calif. SBN 261759)**
scott@syversonlaw.com
**DEAN WEINREICH (Calif. SBN 169255)**
dean@syversonlaw.com
**SYVERSON, LESOWITZ & GEBELIN LLP**
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone:  (310) 341-3076
Facsimile:   (310) 341-3070


Attorneys for Plaintiff
Carson Block

# UNITED STATES DISTRICT COURT,

# NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2800<br>Case No. 1:17-md-2800<br><br>CONSUMER TRACK<br>***Carson Block v. Equifax, Inc., et al***<br>Member Case No. 1:17-cv-05341 |

## PLAINTIFF CARSON BLOCK'S CONSOLIDATED REPLY IN SUPPORT OF MOTION TO ESTABLISH SEPARATE DISCOVERY TRACK

Table of Contents

**I.  PLAINTIFF BLOCK'S REQUEST FOR A SEPARATE DISCOVERY TRACK IS NOT INCONSISTENT WITH THE COURT'S EFFICIENT MANAGEMENT OF THIS MDL**.................................................................4

   **A.  THE CREATION OF A SEPARATE DISCOVERY TRACK WOULD NOT UNDULY COMPLICATE THESE PROCEEDINGS**.............................4

   **B.  THE RELIEF SOUGHT IN THE MOTION IS NOT INCONSISTENT WITH THE EXISTENCE OF A MASTER COMPLAINT THAT SUPERSEDES THE INDIVIDUAL COMPLAINTS**.........................................10

   **C.  THE CREATION OF A SEPARATE DISCOVERY TRACK WILL NOT RESULT IN ARMAGEDDON** .................................................................12

   **D.  THE AUTHORITIES STATING THAT A MULTIDISTRICT PROCEEDING IS NOT THE APPROPRIATE MECHANISM FOR THE CONDUCT OF CASE-SPECIFIC DISCOVERY ARE INAPPOSITE** ...........12

**II.  THE FACT THAT BLOCK'S CLAIMS ARE SIMILAR TO THOSE OF THE MASTER COMPLAINT DOES NOT VITIATE THE NEED FOR THE CREATION OF A SEPARATE DISCOVERY TRACK** ........................................16

**III. LEAD COUNSEL'S OPINION AS TO WHAT CONSTITUTES "SOUND LEGAL STRATEGY" SHOULD HAVE NO BEARING ON PLAINTIFF BLOCK'S RIGHT TO PURSUE HIS RIGHTFUL CLAIMS BY MEANS OF A SEPARATE DISCOVERY TRACK**.................................................................19

**IV. ANY CLAIMED LACK OF SPECIFICITY IN PLAINTIFF BLOCK'S ALLEGATIONS DOES NOT MILITATE AGAINST THE CREATION OF A SEPARATE DISCOVERY TRACK**.......................................................21

**V.  ANY CLAIMED DEFICIENCY IN PLAINTIFF BLOCK'S ALLEGATIONS DOES NOT MILITATE AGAINST THE CREATION OF A SEPARATE DISCOVERY TRACK**.......................................................22

**VI. CONCLUSION**.................................................................................24

Table of Authorities

**CASES**

*Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010) ...............................................................................................20

*Baja Properties, LLC v. Mattera*, 812 S.E.2d 358, 362–63 (Ga. App. 2018) ...............................................................................................23

*Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 127 S.Ct. 1955, 1964 (2007)..............................................................................................22

*Erickson v. Pardus*, 551 US 89, 94, 127 S.Ct. 2197, 2200 (2007)......................23

*Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 n.3 (2015)...........................10

*Grubbs v. General Elec. Credit Corp.,* 405 US 699, 705, 92 S.Ct. 1344, 1349, fn. 2 (1972) .....................................................................20

*In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2018 WL 4279834, at 5 (D. Ariz. Sept. 7, 2018)....................................15

*In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) ..................................................................................12

*In re Merrill Lynch Auction Rate Securities Litigation* (SDNY 2010) 2010 WL 2541227 ............................................................................................18

*In re Multi–Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L.1979) ...................................................................................................18

*In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456 at *18 (N.D. Ohio June 4, 2010) .......................................14

*Inman v. C.I.R.*, 871 F.Supp. 1275, 1276 (ED CA 1994)....................................20

*Katz v. Realty Equities Corp. of New York* (2d Cir. 1975) 521 F.2d 1354, at 1359............................................................................................................11

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F2d 914, 917 (9th Cir. 1977) ........................................................................20

*Midwest Theatres Corp. v. IMAX Corp.*, 2009 WL 649701, at p.3 (D. Minn. 2009) ..................................................................................................17

*Silvas v. E\*Trade Mortg. Corp.*, 514 F3d 1001, 1003-1004 (9th Cir. 2008) .............................................................................................................23

*Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011).............................................22

*U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970) ..............................................................................................................22

*United Mine Workers of America v. Gibbs*, 383 US 715, 724, 86 S.Ct. 1130, 1138 (1966)......................................................................................20

## **RULES**

FRCP 20(a)(1) & (2)..............................................................................................20

## TEXT OF REPLY

Plaintiff Carson Block's Motion to Establish a Separate Discovery Track ("the Motion"), filed on August 12, 2018, evoked the filing of four separate Responses in opposition thereto: one on behalf of the Consumer Plaintiffs; one on behalf of individual defendant Richard F. Smith; one on behalf of individual defendants Susan Mauldin and Joe Sanders; and finally, one on behalf of Equifax[1] and individual defendants Mary Hannan, Harold Boutin, Robert Friedrich, Vidya Sagar Jagadam, Lara Pearson, Shea Giesler and Cliff Barbier (collectively, "Responding Parties"). Insofar as there is much overlap among the arguments advanced in the various Responses, Plaintiff Block has taken the liberty of submitting this instant Consolidated Reply in rebuttal to all four of these Responses.

## I. PLAINTIFF BLOCK'S REQUEST FOR A SEPARATE DISCOVERY TRACK IS NOT INCONSISTENT WITH THE COURT'S EFFICIENT MANAGEMENT OF THIS MDL

### A. THE CREATION OF A SEPARATE DISCOVERY TRACK WOULD NOT UNDULY COMPLICATE THESE PROCEEDINGS

The Responding Parties declare, each in their own words, that creating a separate discovery track would lead to great inefficiency. Equifax, e.g., argues that "establishing a Carson Block-specific discovery track would unduly complicate these proceedings, and undermine the efficiencies at the heart of Section 1407, by

---

[1] Initially capitalized terms used and not defined in this Reply Brief have the meanings given in the original Motion.

expanding discovery … and adding even more attorneys to the ranks for purposes of scheduling and meet-and-confer efforts." (Equifax Response, at pp.7-8.) Likewise, the Consumer Plaintiffs assert, for similar reasons, that "another track would create enormous problems for the existing litigation." (Consumer Plaintiffs' Resp., at p. 4.)

This feared expansion of discovery is typified by the false argument that Block "is seeking to undo the case management orders" (Equifax Response, at p. 4), and that Block "asks the Court to cast aside a comprehensive discovery framework." (Mauldin/Sanders Response, at p. 7.) These are distortions of what Plaintiff Block is seeking to accomplish by way of the Motion, and amounts to nothing more than hysteria. Block does not seek to uproot the discovery framework that has been established in this case, but only that it be modified. Block's Motion only contemplates creating a separate discovery track to pursue discovery vis-à-vis the eleven individuals, not vis-à-vis Equifax. Block has not requested that he be permitted to open a separate front to pursue discovery against any of the Equifax entities. The Responding Parties attempt to obscure this point by arguing that the Consumer Plaintiffs will invariably conduct discovery as to these individual defendants, thus rendering any discovery that Plaintiff Block might wish to pursue against these individuals completely unnecessary and redundant. For example, Defendants Mauldin and Sanders opine that the individual defendants are "highly likely to be the subjects of deposition testimony." (Mauldin/Sanders Response at p.7, fn. 2.) This begs the questions: Should Block's right to conduct discovery against the individual

defendants be denied on the ground that Mauldin and Sanders believe it is "highly likely" that their depositions will be taken by the Consumer Plaintiffs?

Equifax similarly asserts that "in the consolidated discovery contemplated by this Court's case management orders, the lead Consumer Plaintiffs will *necessarily* be seeking information about current and former Equifax personnel relevant to the data security incident and the common legal and factual issues underpinning the hundreds of cases in this MDL." (Equifax Response, at p. 12; emphasis in original.) Therefore, argues Equifax, "if any of the individual defendants named in Plaintiff Block's case are in fact relevant to this litigation and therefore the subject of Consumer Plaintiffs' discovery, permitting Plaintiff Block to propound duplicative discovery on those same individuals would impose undue burden and expense." (Ibid.) Equifax's argument, that the creation of a separate discovery track will perforce lead to duplication and inefficiency, rests on at least three speculative contingencies: First, that Consumer Plaintiffs' lead counsel will reckon, in their estimation, that all eleven individual defendants named in the Block Action have information relevant to this litigation. Second, that the Consumer Plaintiffs will actually take their depositions. And third, that the Consumer Plaintiffs will depose those individuals as fully, completely and forcefully as a zealous attorney would ordinarily so do regarding the taking of an opposing party's deposition. All these conditions are speculative, and we have no reason to believe that all of them, let alone any of them, will materialize in this case.

Even the Consumer Plaintiffs' lead counsel themselves were unable to state definitively that they intended to take the depositions of these eleven defendants, or any of them, merely stating, "if Block's individual defendants have significant knowledge, they will be deposed." (Consumer Plaintiffs' Response, p.3.) And even if all eleven of these individuals are deposed by the Consumer Plaintiffs (which is not at all certain to occur), that would only satisfy the two prior conditions, not the third condition set forth above. In other words, even if we were to accept arguendo that these eleven individual defendants' depositions will be taken by the Consumer Plaintiffs, there is a world of difference between taking the deposition of an individual *as a witness* versus taking the deposition of that person *as a party-defendant*. It is simply not just, right or equitable for Plaintiff Block to be required to rely on the motivations and capabilities of attorneys who do not represent him and who would not be approaching these depositions from the standpoint of a party seeking to assess liability and damages as to the deponent.

Moreover, it is simply incorrect to assert that permitting Plaintiff Block to pursue a separate discovery track against these individuals would "unduly complicate" the proceedings in this case. If it were to transpire that the Consumer Plaintiffs do take the depositions of the individual defendants, or any of them, Plaintiff Block can simply pose supplementary questions at the end of each deposition session. If it were to transpire that the Consumer Plaintiffs do not take those depositions, then Plaintiff

Block should be able to do so himself, and no one's ox will have been gored in the process.

The Consumer Plaintiffs protest that "Block's proposed order vividly illustrates the inefficiencies and management issues that would arise." (Consumer Plaintiff's Response, at p. 4.) Elaborating on this point, the Consumer Plaintiffs assert:

> Under the [proposed] order, a single plaintiff and his counsel "shall be free to conduct discovery without reference to" CMO No. 4's carefully negotiated limits on the number of interrogatories, requests for admissions, and depositions. Doc. 451-2 at 2. Further, that proposal provides that Block can serve discovery and take depositions of any individual defendant—i.e., the main Equifax-employee witnesses—without permission from or even consultation with the consumer leadership. Id. Such a roving commission is completely unworkable, and completely contrary to the Court's appointment order….

(Ibid.) Responding to this argument, Plaintiff Block wishes to emphasize that the primary thrust of the Motion is that Block be given the right and opportunity to have some input into the discovery that is directed towards the individual defendants only, insofar as they are defendants in relation to Block, but not in relation to the Consumer Plaintiffs. To the extent that the Consumer Plaintiffs' objection is based on the supposition that Plaintiff Block wishes to proceed with a "roving commission" (or that they wish to proceed, as the Mauldin/Sanders Response puts it, at p.2, as a "lone ranger plaintiff"), Plaintiff Block is not averse to modifying the language of the Proposed Order to accommodate any such concerns. The point of the Motion is not to ensure that Plaintiff Block be given free rein to do as he wishes, but rather, to

participate in the discovery as it relates to the individual defendants. If, as a result of that order, the Consumer Plaintiffs are required to yield some time to enable Block to ask gap-filling questions, it is difficult to see how such an accommodation would be devastating to the "carefully negotiated limits" on discovery in this case, or how this would place a "harassing" burden on the individual defendants. (Smith Response, at p. 5.) Accordingly, a modification of the Proposed Order to the extent that Plaintiff Block would be required to coordinate his discovery needs with Lead Counsel for Consumer Plaintiffs, should sufficiently address the Consumer Plaintiffs' concerns in this regard.[2]

It should be reiterated that Plaintiff Block is not seeking to involve himself in the discovery that will be pursued against Equifax, but only as to the individual defendants. Moreover, the fact that the individual defendants might be "the subject of Consumer Plaintiffs' discovery," as speculated by Equifax (Equifax Response, at p. 12), fails to address the point that the Consumer Plaintiffs' right to propound written discovery applies to Equifax only, but not to the individual defendants because they are nonparties to the Master Complaint. (Fed. R. Civ. P. 33(a)(1), 34(a) and 36(a)(1).)

---

[2] In their effort to illustrate how complicated this separate discovery track will be, the Consumer Plaintiffs (in their Response, at pp. 5-6) pose a series of ostensibly rhetorical questions. However, based on the discussion hereinabove, we will answer those questions presently: Will Block's individual complaint be subject to separate briefing on a motion to dismiss before his discovery track begins?  Answer: No. Will Block seek multiple depositions of witnesses who are deposed in the other tracks? Answer: No. Will Block's counsel decide whether discovery disputes about those witnesses are taken to the Court? Answer: No, not unilaterally. Will Block have his own liability experts? Answer: No. Will separate counsel for each of the 11 individual defendants be required to attend to every aspect of this MDL? Answer: No.

If Plaintiff Block is not permitted to conduct such discovery to the individual

defendants, no one else will have the inclination or even the right to do so.

### B.  THE RELIEF SOUGHT IN THE MOTION IS NOT INCONSISTENT WITH THE EXISTENCE OF A MASTER COMPLAINT THAT SUPERSEDES THE INDIVIDUAL COMPLAINTS

The Responding Parties contend that the creation of a separate discovery track for

Plaintiff Block would undermine the efficiency that the court sought to achieve by

consolidating all of the constituent pleadings into one Master Complaint.

In furtherance of their contention that it would be inefficient to create a separate

discovery track for the Block Action, Equifax argues that it would be impossible for

this court to do so because the Master Complaint "supersede[s] all earlier filed

individual complaints" (CMO No. 3 at p. 2), and that the court administratively closed

all the individual cases (as stated in CMO No. 2 at p. 4). Citing *Gelboim v. Bank of*

*Am. Corp.*, 135 S. Ct. 897, 904 n.3 (2015), Equifax further observes that the

procedure of employing a master consolidated complaint to supersede individual

complaints for purposes of pretrial proceedings is common in large MDLs like this

one. (Equifax Response, at p. 6.)

Plaintiff Block acknowledges that master complaints are common in MDLs and

that the individual complaints have been superseded by the Master Complaint in this

case. But these factors do not in any way detract from the appropriateness of the

Motion. If anything, it is these very factors that *necessitate* the Motion rather than to

provide a basis for denying it. In essence, Equifax's argument is circular. Equifax is arguing that the existence of the Master Complaint impedes the establishment of a separate discovery track for Plaintiff Block. Block's Motion, as it were, asks the court to remove that impediment, to which Equifax essentially responds, "the court cannot remove the impediment because it is an impediment." In other words, because the Master Complaint serves as a technical impediment to a separate discovery track (as the argument goes), there can be no establishment of a separate discovery track for Block regardless of the justice, equities and efficiencies of doing so.

Plaintiff Block readily acknowledges that "[d]irecting discovery to one complaint … avoids the possible confusion and the possible problems stemming from the situation where each plaintiff pursues his individual complaint … [and that] the use of a consolidated complaint promotes the desired objective." (*Katz v. Realty Equities Corp. of New York* (2d Cir. 1975) 521 F.2d 1354, at 1359.) However, there is no reason why granting the relief sought in the Motion would in any way undermine this consideration or would in any way necessitate reviving Block's individual complaint. Simply put, a separate discovery track permitting Block to pursue discovery in respect to the individual defendants can nevertheless be based on the claims and allegations that have been articulated in the Master Complaint. This concession should sufficiently neutralize any objection predicated on the assertion that the individual complaints have been superseded.

## C. THE CREATION OF A SEPARATE DISCOVERY TRACK WILL NOT RESULT IN ARMAGEDDON

Equifax goes on to argue that establishing a separate discovery track for Block:

… would entail significant additional time, costs, and efforts at the expense of efficiently completing discovery on common issues, a core reason for which this MDL was created. Finally, giving individualized treatment to Plaintiff Block could open the door to *thousands of other individual plaintiffs* also seeking individualized treatment based on alleged differences between their claims and those in the Consumer Plaintiffs' master consolidated complaint, a result that would defeat the very purpose of this MDL proceeding.

(Equifax Response, at p. 8; emphasis added.)

This Armageddon scenario described in the above passage is what is known in the vernacular as "scare tactics." There is no reason to suppose that "thousands" of other plaintiffs will seek "individualized treatment" based on any "alleged differences." Simply put, there are no differences between those individual cases and the Master Complaint that would justify creating a separate discovery track. As was explained in the Motion, there are 412 lawsuits associated with this MDL. Of those 412 lawsuits, only three have individual defendants common to the Block Action (Defendants Richard Smith and Susan Mauldin) and none of the other nine individual defendants in the Block Action have been named as a defendant in any of the other 412 Equifax MDL cases. Under these circumstances, it is highly improbable that there will be a stampede of plaintiffs running to create separate discovery tracks in this MDL.

## D. THE AUTHORITIES STATING THAT A MULTIDISTRICT PROCEEDING IS NOT THE APPROPRIATE MECHANISM FOR

**THE CONDUCT OF CASE-SPECIFIC DISCOVERY ARE INAPPOSITE**

Equifax cites to *In re Factor VIII or IX Concentrate Blood Prod. Litig.*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) for the proposition that "[a] multidistrict proceeding is not the appropriate mechanism for the conduct of case-specific discovery" because, "[b]y definition, that discovery is not of general interest to the parties in all of the individual cases which comprise the MDL." (Equifax Response, at p. 8.) The *In re Factor VIII* holding has no bearing on the facts or issues in the instant case.

*In re Factor VIII* was an MDL case involving numerous products liability claims asserted by or on behalf of hemophiliacs against pharmaceutical companies which had produced blood products resulting in exposure to HIV. The discovery schedule required the parties to designate expert witnesses. After the pharmaceutical companies designated a total of 137 common-issue expert witnesses, the plaintiffs requested an order limiting the number of witnesses. The District Court held, in relevant part, that a limit of 24 common-issue expert witnesses would be sufficient to allow companies to make effective presentation of their position on common issues at any trial. In deciding to limit the expert witness depositions from 137 to 24, the *Factor VIII* court stated that, "[a]dopting defendants' view of MDL proceedings would mean that discovery concerning the 'one or more common issues of fact' contemplated by § 1407 would not be completed, or perhaps even commenced, until the case-specific discovery was finished. This would prolong the MDL indefinitely, force the parties to

await the completion of discovery that would be of no relevance to their particular cases and frustrate the possibility of settling individual cases between completion of the common discovery and completion of case-specific discovery." (Ibid., at 638-639.)

These considerations simply don't apply to the case at bar. Plaintiff Block does not contemplate, and has not requested, the creation of a separate discovery track for the purpose of conducting 137 depositions, or anything remotely close to that number. Moreover, Block is not requesting the right to take any witness depositions at all, save for those eleven deponents whom he has named as defendants in his case. This is not the type of modification that would in any way prolong the discovery phase of this case. Moreover, although Block's approach to these depositions will be informed by the fact that these deponents are defendants rather than third-party witnesses, this is not the type of "case-specific discovery" that would not be of "general interest to the parties in all of the individual cases which comprise the MDL." (*Factor VIII*, supra, at 638.) Accordingly, the reasons that underlay the *Factor VIII* court's decision to preclude "case-specific discovery" do not apply to the circumstances of this case.

With respect to *In re Welding Fume Prods. Liab. Litig*., No. 1:03-CV-17000, 2010 WL 7699456 at *18 (N.D. Ohio June 4, 2010), it is correct, as quoted in the Equifax Response, that the court stated, "the parties do not *normally* engage in case-specific discovery." (Emphasis added.) But Equifax neglected to mention that there are

exceptions to this practice. As stated in *Welding Fume Prods.*, supra, at 18, "the order of remand probably will be entered only *after* this Court gives the parties deadlines for conducting at least some of their case-specific discovery." As the court further explained, "this Court may enter different case-specific discovery orders in different remanded *Welding Fume* cases, *depending on the circumstances of the case and the MDL*. The transferor court will then follow with any necessary pretrial orders to make the case fully trial-ready." (Id. at 18, fn. 97; emphasis added.) Accordingly, where the circumstances are appropriate, there is no obstacle to allowing case-specific discovery. In the instant case, circumstances are appropriate for this purpose because the "case-specific discovery" that is requested is that which is not wholly unrelated to issues that are of interest to the parties in the individual cases, and the discovery at issue concerns only a circumscribed number of parties who will be the subject of this discovery.

As for the third and final case cited by Equifax for this proposition, i.e., *In re Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2018 WL 4279834, at 5 (D. Ariz. Sept. 7, 2018), the court merely stated in passing that "any additional case-specific discovery in the mature cases should await their remand." The *In re Bard* case did not state any categorical rule that "case-specific discovery" should always await transfer back to the transferor court. In summary, to the extent that there may be a generalized preference for case-specific discovery to be handled upon remand to the transferor court, this is not by any means a hard-and-fast rule, and there

are certainly good reasons why this consideration should be disregarded in the case at bar, as discussed hereinabove.

## II. THE FACT THAT BLOCK'S CLAIMS ARE SIMILAR TO THOSE OF THE MASTER COMPLAINT DOES NOT VITIATE THE NEED FOR THE CREATION OF A SEPARATE DISCOVERY TRACK

Responding Parties argue that because Plaintiff Block is a member of the Consumer Class, "the Consumer Track will satisfy all of Plaintiff Block's discovery needs, making a separate discovery track unnecessary." (Equifax Response, at p.10; see also, Consumer Plaintiffs' Response, at p. 2; and see also, the Mauldin/Sanders' Response, at p. 2.) Equifax and the other Responding Parties argue that the fact that Block has asserted causes of action against eleven individual defendants does not give rise to unique discovery concerns or issues because "those individual defendants are in name only" (Equifax Response, p. 10) and the "Block complaint contains no factual allegations explaining how any of those individuals caused or contributed to the data security incident or his alleged injuries." (Id. at p. 11.) Responding Parties argue that Block's "bare allegations" as to the individual defendants are insufficient to make Block's claims unique. (Ibid.)

Plaintiff Block acknowledges that his case involves similar factual and legal issues as those set forth in the Master Complaint. However, what Responding Parties fail to appreciate is that the fact that Plaintiff Block has asserted his claims against the individual defendants, in contradistinction to nearly all the other lawsuits that have

been subsumed within the Master Complaint, renders the Block Action *ipso facto* unique in relation to the Master Complaint. Responding Parties counter that since at least nine of the individual defendants are "likely to have information relevant to this litigation," (Equifax Response, p.12), and since "[a] corporation is . . . a legal fiction that cannot act at all except through its employees and agents" (ibid., and see also, the Mauldin/Sanders Response, at p. 5-6), the lead Consumer Plaintiffs "will necessarily be seeking information about current and former Equifax personnel relevant to the data security incident and the common legal and factual issues underpinning … this MDL." (Ibid.) Accordingly, the Responding Parties are of one mind that there are no unique issues in the Block Action.

Furthermore, Block's claims are live claims that have not been dismissed pursuant to a Rule 12 motion.

The Responding Parties are dismissive of Block's argument that the issues in his case are unique due to the individual defendants. Specifically, the Responding Parties state that Block "has articulated no 'unique issues' peculiar to his case" and that "[t]acking on an assortment of … employees as defendants does not alter the reality that the 'issues' in this matter are precisely the same here as they are in the hundreds of other [MDL] cases …." (Mauldin/Sanders Response, at p. 2; see also, Equifax Response, at p. 9; Consumer Plaintiffs' Response, at pp. 1-2; and Smith Response, at p. 6.)

But the point cannot be denied. The nature of the proofs that will need to be adduced against each individual defendant in this case is not in any way coextensive with those of the corporate defendants, as the corporate defendants' liability is not dependent upon the liability of any single individual defendant. See, e.g., *Midwest Theatres Corp. v. IMAX Corp.*, 2009 WL 649701, at p.3 (D. Minn. 2009):

> CineMagic maintains that by asserting claims against IMAX it has stated claims against Atkins and Campbell. CineMagic, however, confuses corporate liability with individual liability. To assert a claim against a corporation based upon the actions of its employees, it may not be necessary for the complaint to identify every employee that committed every alleged wrongful act. …. To assert claims against individuals, however, a plaintiff must identify the individuals and their alleged tortious conduct. CineMagic's complaint does not make these required allegations.

In order to prove his case against the individual defendants, Plaintiff Block will be called upon to adduce evidence of their specific acts and omissions that led to the injuries that Block suffered in this case. Plaintiff Block will have no way of doing so other than by seeing to it that his discovery needs are being addressed. Although it is *possible* that the Consumer Plaintiffs will address some of these needs to some extent, there is simply no reason to believe, other than by a leap of faith, that the Consumer Plaintiffs will do so.[3]

---

[3] It bears repeating that the Responding Parties' contention that Block can simply trust the Consumer Plaintiffs to vigorously pursue discovery against the individual defendants is incorrect because (1) it is entirely speculative whether they will in fact do so as to any of them, let alone all eleven of them; (2) the Consumer Plaintiffs are precluded under the rules of discovery from propounding written discovery on the individual defendants because they are not parties to the Master Complaint; and (3) even if the Consumer Plaintiffs take depositions of all of the individual defendants, there is, as any first year law student knows, a big difference between deposing a person as a witness versus deposing a person as a party-defendant.

Responding Parties labor under the misapprehension that it is only unique *factual* issues that can ever justify the creation of a separate discovery track. But that is not the case. As stated in *In re Merrill Lynch Auction Rate Securities Litigation* (SDNY 2010) 2010 WL 2541227, at p. 2 (quoting *In re Multi–Piece Rim Prod. Liab. Litig.*, 464 F.Supp. 969, 974 (J.P.M.L.1979)):

> The transferee judge, of course, has the authority to group the pretrial proceedings on different discovery tracks according to the common factual issues ***or according to each defendant*** if necessary for the just and efficient conduct of the litigation, and to schedule any discovery unique to particular parties, actions or claims ***to proceed in separate discovery tracks*** concurrently with the common discovery, thus enhancing the efficient processing of all aspects of the litigation. Moreover, no party need participate in pretrial proceedings unrelated to that party's interests.

(Emphasis added.) Accordingly, both the JPML and the District Court in *Merrill Lynch*, supra, recognized that there was an inherent uniqueness to discovery issues as they pertain to different parties that is wholly distinct from any uniqueness that would inhere to the factual issues of the case. Therefore, Plaintiff Block, by his Motion, is not asking this Court to blaze a new trail in the management of MDL proceedings, but only to follow longstanding precedent regarding appropriate management of MDL cases.

## III. LEAD COUNSEL'S OPINION AS TO WHAT CONSTITUTES "SOUND LEGAL STRATEGY" SHOULD HAVE NO BEARING ON PLAINTIFF BLOCK'S RIGHT TO PURSUE HIS RIGHTFUL CLAIMS BY MEANS OF A SEPARATE DISCOVERY TRACK

The Consumer Plaintiffs argue that Block "makes no attempt to show that his claims against the individual defendants are not duplicative, that he cannot obtain full relief from the corporate defendants sued in the Consolidated Complaint, or that naming those defendants is the product of sound legal strategy. To the contrary, there are good reasons why the leadership appointed to lead the consumer cases by the Court did not sue any individual defendants, including among other reasons that naming them would have complicated the case without offering any substantial benefit to the consumer class." (Consumer Plaintiffs' Response, at pp. 2-3.)

Consumer Plaintiffs' assertion that Plaintiff Block's claims against the individual defendants are somehow "duplicative" and illegitimate because Block "makes no attempt to show that … he cannot obtain full relief from the corporate defendants" is extraordinary. It is Block's right as a plaintiff to join as defendants any person against whom he has asserted a right to relief, where that "right to relief arises out of the same transaction, occurrence or series of transactions or occurrences" and where any question of law or fact common to all parties joined will "arise in the action." (FRCP 20(a)(1) & (2); see *Grubbs v. General Elec. Credit Corp.,* 405 US 699, 705, 92 S.Ct. 1344, 1349, fn. 2 (1972); *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010); *Inman v. C.I.R.*, 871 F.Supp. 1275, 1276 (ED CA 1994) (citing text).) "As long as the 'transaction' and 'common question' requirements are satisfied (and federal subject matter jurisdiction exists, see ¶ 7:154), plaintiff may join any number of parties in an action. [See *Acevedo v. Allsup's Convenience Stores, Inc.*,

supra, 600 F3d at 521—coplaintiffs].” (O'Connell & Stevenson, Rutter Group Prac.

Guide: Federal Civil Procedure Before Trial ¶ 7:135 (2018), ["the Rutter Guide"].)

> The requirements governing permissive joinder are construed liberally in order to promote trial convenience and to expedite final determination of disputes: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of claims, parties and remedies is strongly encouraged.*" [*United Mine Workers of America v. Gibbs*, 383 US 715, 724, 86 S.Ct. 1130, 1138 (1966) (emphasis added); see also *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F2d 914, 917 (9th Cir. 1977); *Acevedo v. Allsup's Convenience Stores, Inc.*, supra, 600 F3d at 521]

(The Rutter Guide, supra, at ¶ 7:138.)

Accordingly, it is wholly inappropriate and unwarranted for Consumer Plaintiffs to contend that there is no basis to create a separate discovery track on the purported ground that Plaintiff Block's claims against the individual defendants are somehow illegitimate – they are not.

To suggest that Plaintiff Block's counsel exercised unsound legal judgment or unsound strategy in choosing to name the individuals as defendants in this case reeks of arrogance. We applaud the Consumer Plaintiffs for exercising their "sound legal judgment" in the manner that they did, but Block's counsel exercised their judgment differently, as is their right to so do. In any event, Block's counsel knows of no requirement that a plaintiff must demonstrate that his claims are not duplicative. Indeed, the opposite is true, as demonstrated by the authorities quoted above.

**IV. ANY CLAIMED LACK OF SPECIFICITY IN PLAINTIFF BLOCK'S
    ALLEGATIONS DOES NOT MILITATE AGAINST THE CREATION OF**

### A SEPARATE DISCOVERY TRACK

Responding Parties fault Plaintiff Block for failing to state "[s]pecifically what negligent acts or omissions these individuals allegedly engaged in." (Mauldin/Sanders Response, at p. 3; see also, Equifax Response, at pp. 10-11; and Smith Response, at p. 2.)[4] This is a peculiar argument. To the extent that the Block Complaint is lacking in specificity regarding the acts and omissions of the individual defendants, it is to that extent that Block is needful of a separate discovery track to build its case against the individual defendants. Moreover, the federal rules do not require a plaintiff to lay out his whole case against a defendant in exhaustive detail as a prerequisite for maintaining his action against that defendant. Rather, a complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." (*Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 127 S.Ct. 1955, 1964 (2007) (internal quotes omitted); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)).)

Additionally, the claims have not been dismissed pursuant to Rule 12.

### V. ANY CLAIMED DEFICIENCY IN PLAINTIFF BLOCK'S ALLEGATIONS DOES NOT MILITATE AGAINST THE CREATION OF A SEPARATE DISCOVERY TRACK

---

[4] Defendant Smith goes so far as to assert that Block's statement that "the Consolidated Complaint … does not make any mention of individual defendants" is "a false statement." (Smith Response, at p. 3.) Smith goes on to explain that the Consolidated Complaint does mention Mr. Smith a number of times. (Id., at pp. 3-4.) The obvious intent of Block's statement was that the Consolidated Complaint makes no mention of any individual defendants *as individual defendants*. Smith's mischaracterization of that statement to impute dishonesty to Plaintiff Block is in poor taste.

Responding Parties alternatively argue that Block's request for a separate discovery track should be denied because "Block's claims against the individual defendants … are invalid as a matter of law and will not survive a motion to dismiss." (Smith Response, at pp. 6-8; see also, Equifax Response, at p. 9.) In support of this contention, the Smith Response cites to cases that are wholly inapposite. For example, the Smith Response cites to *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970) for the proposition that "[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, *unless they participated in the wrong or authorized it to be done*." (Emphasis added.) This holding, which is typical of the other authorities cited in the Response, is wholly distinguishable from the Block Action which alleges that each of the individual defendants, along with Equifax, bore direct responsibility for the breaches of duty and damages that occurred in this case.[5] (Block Complaint, at ¶¶ 10-20.) Other cases cited in the Smith Response, such as *Baja Properties, LLC v. Mattera*, 812 S.E.2d 358, 362–63 (Ga. App. 2018), are summary judgment cases, and therefore have no bearing whatsoever on the adequacy of the Block allegations.

In any event, the reasoning underlying this line of argument is spurious for at least two reasons: First, Block's Motion, seeking the creation of a separate discovery track,

---

[5] Even if we were to concede, arguendo, that the allegations of the Block Complaint are insufficient to sustain tort claims against the individual defendants, any such insufficiency can be remedied easily enough by an amendment to the pleading.

is not the occasion for challenging the sufficiency of Block's allegations. This is not a Motion to Dismiss, and it is entirely inappropriate for Responding Parties to oppose the Motion on the basis of purported pleading deficiencies that are not properly before this Court. Second, even if this were the appropriate forum for attacking Block's complaint, allegations of material fact are taken as true and construed in the light most favorable to the pleader for purposes of determining the sufficiency of a pleading. (See *Erickson v. Pardus*, 551 US 89, 94, 127 S.Ct. 2197, 2200 (2007); *Silvas v. E\*Trade Mortg. Corp.*, 514 F3d 1001, 1003-1004 (9th Cir. 2008).) Accordingly, Responding Parties' argument to the effect that Block's complaint is subject to a motion to dismiss, is without merit and does nothing to advance Responding Parties' opposition to the Motion.

## VI.  CONCLUSION

For the above stated reasons, Plaintiff Block respectfully urges the Court to grant the Motion to Establish a Separate Track.

Date: December 6, 2018                    SYVERSON, LESOWITZ & GEBELIN, LLP

                                          /s/ *Scott M. Lesowitz*
                                          SCOTT M. LESOWITZ
                                          DEAN WEINREICH
                                          Attorneys for Plaintiff
                                          Carson Block

**CERTIFICATION OF FONT SIZE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document

has been prepared with 14-point Times New Roman font in compliance with the

requirements of Local Rule 5.1(C).


Date: December 6, 2018                SYVERSON, LESOWITZ & GEBELIN, LLP

                                      /s/ *Scott M. Lesowitz*
                                      SCOTT M. LESOWITZ
                                      DEAN WEINREICH
                                      Attorneys for Plaintiff
                                      Carson Block

## CERTIFICATION OF SERVICE

I hereby certify that on December 6, 2018, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send

notice of electronic filing to all counsel of record.


/s/ *Scott M. Lesowitz*
SCOTT M. LESOWITZ
Attorneys for Plaintiff
Carson Block