ATTEST: A TRUE COPY
CERTIFIED THIS

December 10, 2018

James N. Hatten
By: s/ Stephanie Pittman
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION

MDL No. 2800

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the actions listed on Schedule A each move under Panel Rule 7.1 to vacate our order conditionally transferring their actions to MDL No. 2800. Defendant Equifax, Inc., opposes the motions to vacate.

After considering all arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which it is alleged the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, and at least one government enforcement action have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. The actions before the Panel involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard consumers' personally identifiable information, which was compromised during the Equifax data breach, and that defendants failed to inform the public of the data breach in a timely manner.

Plaintiffs argue that transfer will cause them inconvenience and delay. As we have held, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

The remaining arguments asserted by plaintiffs are not persuasive. The Central District of California *Lamar* plaintiff, proceeding *pro se*, does not dispute that her action shares questions of fact and law with the actions in MDL No. 2800, though she argues that it goes "beyond the scope" of the MDL because she did not give Equifax express consent to use her personal information. Like the actions centralized in MDL No. 2800, plaintiff alleges that Equifax failed to adequately safeguard her personal information, which was compromised during the Equifax data breach. Transfer to MDL No. 2800, therefore, is consistent with the Panel's initial transfer order in this litigation. Plaintiff argues that she does not consent to a change of venue under 28 U.S.C. § 1404(a), but transfer by the

-2-

Panel under 28 U.S.C. § 1407 does not require plaintiff's consent. Plaintiff also incorrectly asserts that a default judgment is pending against Equifax in the transferor court.

The District of Puerto Rico *Commonwealth of Puerto Rico* plaintiff also does not dispute that this action shares factual questions with the MDL No. 2800 consumer class actions arising from the data breach, the state of Equifax's cybersecurity leading up to the breach, and Equifax's response to the breach. Rather, plaintiff argues that *Commonwealth of Puerto Rico* is unique because it is not a class action but instead is brought by plaintiff in its sovereign capacity on its own behalf and as *parens patriae* on behalf of the people of Puerto Rico. But the Panel recently transferred a similar government enforcement action to MDL No. 2800, over plaintiff's objections. *See* Transfer Order (*City of Chicago*), MDL No. 2800, ECF No. 713 (J.P.M.L. Apr. 5, 2018). Moreover, we have held that Section 1407 transfer "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Though there may be some differences between *Commonwealth of Puerto Rico* and the MDL No. 2800 consumer class actions, discovery between this action and the consumer class actions will overlap significantly, and inclusion likely will result in efficiencies.

The *Commonwealth of Puerto Rico* plaintiff argues that its action will be consolidated into and supplanted by the consolidated consumer class action complaint without proper representation of plaintiff's citizens, but the transferee judge can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently and fairly handle the government enforcement actions. And if the transferee judge determines that *Commonwealth of Puerto Rico* is best excluded from centralized proceedings, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

Plaintiff also argues that United States citizens in Puerto Rico are subjected to "continuing inequality" with regard to their representation in federal government, and they lack an ability to use "additional extra-judicial avenues of reproach against Equifax" that purportedly are available to other United States citizens. This argument is irrelevant to the Panel's determination of whether Section 1407 transfer is appropriate. Similarly, the Panel does not consider choice-of-law issues or differences in the substantive laws of different jurisdictions when deciding Section 1407 transfer. *See In re: Libor-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262, ECF No. 226, Transfer Order, at 2 (J.P.M.L. Jun. 6, 2013) (noting the Panel does not consider "[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention . . . in exercising its discretion under Section 1407") (quoting *In re: Glenn W. Turner Enterprises Litig.*, 368 F. Supp. 805, 806 (J.P.M.L. 1973)). Moreover, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." *In re: CVS Caremark Corp. Wage & Hr. Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1378 (J.P.M.L. 2010) (citation omitted).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                              MDL No. 2800

## SCHEDULE A

<u>Central District of California</u>

LAMAR v. EQUIFAX, INC., C.A. No. 5:18-01369

<u>District of Puerto Rico</u>

COMMONWEALTH OF PUERTO RICO v. EQUIFAX, INC., C.A. No. 3:18-01424