|  |  |
|---|---|
|  | ATTEST: A TRUE COPY CERTIFIED THIS |
| UNITED STATES JUDICIAL PANEL on MULTIDISTRICT LITIGATION | December 10, 2018<br><br>**James N. Hatten**<br>**By:** s/ Stephanie Pittman<br>**Deputy Clerk** |
| IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2800 |

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Bordelon*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring his action to MDL No. 2800. Defendant Equifax Information Services, LLC, opposes the motion to vacate.

After considering all arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which it is alleged the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. *Bordelon* involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach, and that certain Equifax employees improperly sold Equifax stock prior to publicly announcing the breach.

Plaintiff does not dispute that his action shares questions of fact and law with the actions in MDL No. 2800, or that his action arises out of the 2017 Equifax data breach. Plaintiff's complaint also includes allegations that Equifax failed to properly investigate and correct inaccurate information on his individual credit report. Against transfer, plaintiff argues that his action involves unique allegations and state law claims, and that he plans to amend his complaint to add additional parties and claims, but he states that he will consent to transfer of some claims to the MDL if the Panel separates and remands certain others that he asserts do not relate to the Equifax data breach. It appears though from the complaint that plaintiff's allegations regarding the data breach are involved in most, if not all, of his claims. In these circumstances, we find the most efficient course is to transfer the entire action at this time. If the transferee judge determines that certain claims in

---

[*]   Judge Sarah S. Vance took no part in the decision of this matter.

-2-

*Bordelon* (or in the amended complaint plaintiff has stated he intends to file) are best excluded from centralized proceedings, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3. Plaintiff's assertion that MDL No. 2800 does not already include state law claims is incorrect. Moreover, as we have stated, "the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

Plaintiff argues that transfer will cause him inconvenience, but we have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

Finally, plaintiff argues that Section 1407 transfer deprives him of due process. As an initial matter, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff's arguments are speculative and largely devoid of specifics, and we find they are without merit. We have rejected similar arguments in the past.[1] As in those instances, we find that transfer does not deny plaintiff the opportunity to meaningfully participate in pretrial proceedings before the transferee court.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] *See* Transfer Order, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, ECF No. 1561 at 3 (J.P.M.L. Aug. 9, 2013) (characterizing equal protection and due process challenges to transfer as "little more than a makeweight" and noting that "[w]hat has happened and what remains to happen in this MDL will inure to the substantial benefit of litigants in later-filed actions such as these. Permitting plaintiffs, at this juncture, to go their own way and litigate outside the MDL would severely disrupt the ongoing proceedings, as well as threaten to undo much of the substantial progress achieved to date.").

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Lewis A. Kaplan
Acting Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Karen K. Caldwell |
| Nathaniel M. Gorton | |

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                    MDL No. 2800

## SCHEDULE A

<u>Western District of Louisiana</u>

BORDELON v. EQUIFAX INFORMATION SERVICES LLC, C.A. No. 6:18-01137