UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                                              MDL No. 2800


**TRANSFER ORDER**


  **Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Smith*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring his action to MDL No. 2800. Defendant Equifax, Inc., opposes the motion to vacate.

  After considering all arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which it is alleged that the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). While the initial transfer order in MDL No. 2800 included only putative nationwide and statewide consumer class actions, actions brought by individual consumers, including *pro se* plaintiffs, have been included in centralized proceedings through Section 1407 transfer or direct filing in the transferee court. *Smith* involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach; failed to provide the public with timely notice of the breach; and that certain Equifax executives improperly sold Equifax stock before publicly announcing the breach.

  Plaintiff does not dispute that his action arises out of the 2017 Equifax data breach and shares questions of fact and law with the MDL No. 2800 actions. Against transfer, he argues that (1) transfer outside his home district would be inconvenient, (2) he has not consented to transfer under Section 1404(a), and (3) he has been granted permission to sue by the U.S. Department of Justice (DOJ).

  We have held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party. Moreover, Section 1407 transfer does not require plaintiff's consent. That the

---

  [*] Judge Sarah S. Vance took no part in the decision of this matter.

-2-

DOJ informed plaintiff he could file a lawsuit when it denied his Federal Tort Claims Act claim is not relevant to the Panel's determination under Section 1407.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Lewis A. Kaplan
Acting Chair

Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry          Karen K. Caldwell
Nathaniel M. Gorton

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION** MDL No. 2800

## SCHEDULE A

<u>Northern District of Alabama</u>

SMITH v. EQUIFAX INC., C.A. No. 2:18-01147