IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 15 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| In re: Equifax Customer Data Security Breach Litigation | MDL Docket No. 2800 |
| | No. 1:17-md-2800-TWT |
| This Document Relates To: | Case No. 1:18-cv-5611 |
| *Commonwealth of Puerto Rico*, Plaintiff, | Chief Judge Thomas W. Thrash, Jr. |
| v. | |
| *Equifax, Inc.*, Defendant. | |

**COMMONWEALTH OF PUERTO RICO'S JOINDER WITH
PLAINTIFF CITY OF CHICAGO'S MOTION TO ESTABLISH A
SEPARATE TRACK FOR GOVERNMENT ENFORCEMENT ACTIONS**

The Commonwealth of Puerto Rico ("Puerto Rico" or "the Commonwealth"), by its undersigned counsel, respectfully joins in Plaintiff City of Chicago's Motion to Establish a Separate Track for Government Enforcement Actions (Dkt. 385) ("Chicago's Motion") pursuant to Panel Rule 6.1(c) and requests that Puerto Rico be included in such a separate track. Courts tasked with the management of dockets involving both consumer class actions and government enforcement actions frequently establish separate tracks for those different types of cases to proceed in a coordinated fashion. Indeed, in transferring this case, the JPML noted that "the transferee judge can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently and fairly handle the

1

government enforcement actions." *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, MDL No. 2800, Dkt. 924 at 2 (J.P.M.L. Dec. 10, 2018). The Eastern District of Pennsylvania did just that on June 5, 2018 in the *In Re Generic Pharmaceuticals Pricing Antitrust Litigation*. Case No. 2:16-md-02724 (E.D. Pa.), Dkt. No. 603. In creating a separate track for government-enforcement actions in an MDL, the *Generics* Court rejected Defendants' arguments that separate tracks would prejudice them, and noted that "[t]he Court has no hesitation in making structural adjustments as the needs of the MDL evolve." *Id.* at 9. Such is the case here. The needs of the MDL have changed with the filing of complaints by Chicago and Puerto Rico, and the establishment of a separate government enforcement track is appropriate.

Chicago filed its Motion on May 22, 2018. Dkt. 385. Equifax did not seek to include Puerto Rico's Complaint in this multi-district litigation until July 30, 2018. *See* MDL 2800, Dkt. 824 (Defendant's Notice of Potential Tag-Along Action). Accordingly, the Commonwealth did not have opportunity to previously join Chicago's Motion or submit its position on the establishment of a separate track for government enforcement actions for the Court's consideration.

While Puerto Rico is committed to coordinating with Equifax and the consumer Plaintiffs wherever possible, if these government enforcement actions are required to proceed in lockstep with the consumer class actions they will be subjected to substantial delay associated with class certification-related discovery

2

that is irrelevant to the complaints filed by Chicago and Puerto Rico. Furthermore, including these government actions in the same track as the consumer class actions would significantly undermine the unique sovereign interests of the Commonwealth and of Chicago, and the ability of both to prosecute their respective government enforcement actions in the manner that they have determined (1) best fits the evidence uncovered and alleged in their respective governmental actions, and (2) best advances the respective public interest in the prompt and efficient enforcement of this massive data breach.

As part of this MDL, Puerto Rico recognizes that the Court is tasked with eliminating the potential for duplicative discovery, inconsistent pretrial rulings and conflicting discovery obligations. The creation of a separate government enforcement track does not offend any of those objectives.

As Chicago pointed out in its briefing, there is no substantial threat of duplicative discovery because the consumer and financial institution tracks are class actions, whereas the cases filed by Chicago and Puerto Rico are governed by different procedural rules (*e.g.* Federal Rule of Procedure 23, which sets forth the procedural requirements for class actions), implicate different legal issues, and seek different damages than the consumer class actions.

The creation of a separate government enforcement track will not result in duplicative discovery or conflicting discovery obligations imposed on Equifax

because Puerto Rico and Chicago will not seek class certification-related discovery. In fact, a separate government track will result in greater efficiency for the litigation overall because Puerto Rico and Chicago will be able to work through merits discovery-related issues while the consumer plaintiffs focus on class certification-related discovery, thereby streamlining the process for the litigation as a whole assuming the consumer plaintiffs prevail on their motions for class certification. Likewise, the cases filed by Puerto Rico and Chicago will not be forced to sit idly on the Court's docket while the consumer plaintiffs conduct class certification-related discovery.

Like Chicago, Puerto Rico is seeking to remedy past wrongdoing and deter future illegal conduct for the benefit of their respective citizens and the public interest at large. Unlike a class action, governments act for their respective sovereign interests and pursuant to local law. As representatives of these government entities, Chicago and Puerto Rico's chief legal officers[1] have fundamentally different responsibilities and objectives than the litigants seeking to advance the consumer class actions. Thus, the specific claims alleged by Chicago and Puerto Rico cannot and should not proceed in lockstep with the claims of private plaintiffs, nor can Chicago and Puerto Rico cede decision-making authority that would affect their

---

[1] Chicago's City Attorney and Puerto Rico's Secretary of Justice are the chief legal officers of Chicago and Puerto Rico, respectively.

4

cases to entities such as the consumer or financial plaintiffs' "steering committees" or designated lead counsel. Any order to the contrary could improperly and illegally infringe on the statutory, constitutional, and other legal authority vested in the chief legal officers of Chicago and Puerto Rico.

There are also fundamental differences between the class action plaintiffs and government enforcers. In a typical class action, one private litigant seeks to recover economic damages for herself and those similarly situated (and attorneys' fees for class counsel). By contrast, when a government pursues its own sovereign interest it is acting in furtherance of that interest in the economic health and well-being of its citizens as a whole. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 600-07 (1982). A state may, among other things, seek civil penalties to punish those who have violated the law and to deter those who might violate the law in the future. As described above, these interests and available remedies are distinct from those available to private plaintiffs and are likely to give rise to unique issues for the Court to address that are not relevant to the administration of the consumer class actions.

Finally, Puerto Rico represents its citizen consumers and victims as *parens patriae*. The distinction between a class action and a *parens patriae* action is critical to the consideration of the instant Motion. As the court explained in *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 217 (2d Cir. 2013), in a *parens patriae* action the representation is effective upon filing and, "[u]nlike private class representatives,

the Attorney General is not designated as a member of the class whose claim would be typical of the claims of class members. Instead, the Attorney General is granted statutory authority to sue in *parens patriae* and need not demonstrate standing through a representative injury or obtain class certification in order to recover on behalf of the citizens of the state." *Id.* (internal quotations and citations omitted). Puerto Rico, and for similar reasons Chicago, are uniquely situated and their cases should proceed on a separate procedural track than the consumer class actions.

During the hearing on Chicago's Motion, the consumer plaintiffs suggested that Chicago and Puerto Rico must wait to litigate its claims until "after" the consumer plaintiffs litigate class certification and other issues. Dkt. 476 at 53-54 ("Those cases [filed by Chicago and Puerto Rico] can be litigated to the extent there are things to litigate after our tracks have completed or moved down the road at least, but at this point the specific relief sought by the City should be denied."). There is no legal basis by which private counsel representing private individuals can usurp the right for sovereign entities like Chicago and Puerto Rico to control the litigation of their own claims. Puerto Rico respectfully submits that a Commonwealth and City, with a combined population exceeding six million people, should not be required to defer resolution of substantial government-enforcement claims while the 96 consumer plaintiffs litigate a putative class of which Chicago and Puerto Rico are not (and do not wish to be) members.

## **CONCLUSION**

For the foregoing reasons, Plaintiff the Commonwealth of Puerto Rico joins in Plaintiff City of Chicago's Motion to Establish a Separate Track for Government Enforcement Actions (Dkt. 385), and respectfully submits that its Motion should be granted. Puerto Rico respectfully requests the opportunity to present oral argument on this issue at the upcoming February 19, 2019 status conference should the Court decide that such argument would be beneficial.

Dated: February 14, 2019

Respectfully Submitted,

*/s Peter B. Schneider*
Wanda Vázquez-Garced
Attorney General

Denise Maldonado Rosa
Assistant Attorney General
USDC-PR 301108
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 729-2002
dmaldonado@justicia.pr.gov

Peter B. Schneider
William M. Hogg
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

whogg@schneiderwallace.com

Todd M. Schneider
Kyle G. Bates
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
kbates@schneiderwallace.com

Garrett W. Wotkyns
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 428-0145
Facsimile: (866) 505-8036
gwotkyns@schneiderwallace.com

Gregory A. Cade
ENVIRONMENTAL LITIGATION
GROUP, P.C.
2160 Highland Ave,
Birmingham, AL 35205
Telephone: (205) 328-9200
Facsimile: (205) 328-9456
GregC@elglaw.com

*Attorneys for the Commonwealth of Puerto Rico*