# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

## DEFENDANTS' ANSWER TO CONSOLIDATED CONSUMER CLASS ACTION COMPLAINT

Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC (collectively, "Defendants") jointly submit their Answer and Defenses to the Consumer Consolidated Class Action Complaint (the "Complaint").

## ANSWER

The cover page of the Complaint, the Table of Contents on pages i through xiv of the Complaint, and the first paragraph on page 1 of the Complaint do not contain allegations to which a response is required.  To the extent these portions of the Complaint contain any allegations to which a response is required, Defendants deny the allegations.  In response to the allegations in the numbered paragraphs of the Complaint, Defendants respond as follows:

# INTRODUCTION[1]

1.      With respect to the allegations in this paragraph, Defendants admit that they collect or maintain certain consumer data, including, in certain circumstances and depending on the Defendant, names, birthdates, Social Security numbers, and certain credit card information.  Defendants deny the remaining allegations in this paragraph.

2.      Defendants admit that on September 7, 2017, Equifax Inc. announced a cybersecurity incident (the "Cybersecurity Incident") potentially impacting approximately 143 million U.S. consumers.  Defendants further admit that on October 2, 2017, Equifax Inc. announced that approximately 2.5 million additional U.S. consumers were potentially impacted, for a total of 145.5 million.  On March 1, 2018, Equifax Inc. announced, as a result of ongoing analysis of data stolen in the Cybersecurity Incident, that the company confirmed the identities of U.S. consumers whose partial driver's license information was taken.  Through these additional efforts, Equifax Inc. was able to identify approximately 2.4 million U.S. consumers whose names and partial driver's license information were stolen, but who were not in the previously identified affected population discussed in the

---

[1] Though the headings used by Plaintiffs are not enumerated paragraphs of the Complaint, to the extent that they contain factual contentions or legal arguments, Defendants deny them.

company's prior disclosures about the incident. Defendants deny the allegations in this paragraph to the extent they are inconsistent with Equifax Inc.'s public disclosures, and Defendants deny any remaining allegations in this paragraph.

3. Defendants deny the allegations in this paragraph.

4. Defendants admit that Equifax Inc. made various public statements and submitted various public filings regarding the data elements stolen in the Cybersecurity Incident, including the report on Form 8-K that Equifax Inc. filed with the Securities and Exchange Commission on May 7, 2018. Defendants deny the allegations in this paragraph to the extent they are inconsistent with Equifax Inc.'s public disclosures, and Defendants deny any remaining allegations in this paragraph.

5. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

6. Defendants admit that Plaintiffs purport to be 96 individuals and that they purport to bring this action as a putative class action on behalf of themselves and others. Defendants deny that Plaintiffs have suffered damages and deny that they are liable to any Plaintiffs under any cause of action. To the extent this

paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

7.      With respect to the allegations in this paragraph, Defendants admit that the Court has general jurisdiction over them and that the Court has original jurisdiction over Plaintiffs' claims.  The remaining allegations in this paragraph contain legal conclusions that require no response, but to the extent a response may be required, Defendants deny those allegations.

8.      With respect to the allegations in this paragraph, Defendants admit that the Court has federal question subject-matter jurisdiction over Plaintiffs' claims based on the FCRA.  Defendants deny that they violated the FCRA, and Defendants note Plaintiffs' FCRA-based claims have been dismissed by the Court's January 28, 2019 Order [Dkt. 540].  Defendants deny any remaining allegations in this paragraph.

9.      Defendants admit that the Court has subject-matter jurisdiction, that at least one putative Class member is of diverse citizenship from one defendant, and that the Complaint seeks in excess of $5 million, exclusive of interest and costs. Defendants deny that they violated the FCRA, and Defendants note Plaintiffs'

FCRA-based claims have been dismissed by the Court's January 28, 2019 Order [Dkt. 540]. Defendants deny any remaining allegations in this paragraph.

10. Defendants admit that venue is proper in this District and Division and that each of Defendants' principal offices is located in Atlanta, Georgia. Defendants deny the remaining allegations in this paragraph.

## NAMED PLAINTIFFS

11. Defendants admit that Plaintiffs purport to bring this action as a putative class action on behalf of "themselves and those similarly situated both across the United States and within their State or Territory of residence." Defendants deny the remaining allegations in this paragraph.

12. This paragraph contains no allegations to which a response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## ALABAMA

13. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

14.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, seventh, and eighth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

**ALASKA**

15.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

**ARIZONA**

16.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

17.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

18.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

## ARKANSAS

19.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and sixth sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

20.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first and second sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## CALIFORNIA

21.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, and eighth sentences of this paragraph and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

22.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

23.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

24.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## COLORADO

25.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

26.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of

this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## CONNECTICUT

27.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## DELAWARE

28.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## DISTRICT OF COLUMBIA

29.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

30.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, seventh, and eight

sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## FLORIDA

31.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

32.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

33.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, and eighth sentences of this paragraph and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

## GEORGIA

34.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this

paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

35.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

36.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

37.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

38.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

**HAWAII**

39.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first and second sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## IDAHO

40.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## ILLINOIS

41.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

42.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## INDIANA

43.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

44.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## IOWA

45.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first and second sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## KANSAS

46.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

47.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## KENTUCKY

48.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

49.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## LOUISIANA

50.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

51.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MAINE

52.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

53.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MARYLAND

54.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

55.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MASSACHUSETTS

56.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

57.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MICHIGAN

58.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

59.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MINNESOTA

60.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, seventh, eighth, ninth, tenth, and eleventh sentences of this paragraph and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

61.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

62.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and ninth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MISSISSIPPI

63.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

64.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MISSOURI

65.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

66.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## MONTANA

67.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

68.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEBRASKA

69.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEVADA

70.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, seventh, and eighth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

71.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEW HAMPSHIRE

72.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEW JERSEY

73.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

74.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEW MEXICO

75.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NEW YORK

76.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

77.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

78.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NORTH CAROLINA

79.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## NORTH DAKOTA

80.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## OHIO

81.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## OKLAHOMA

82.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## OREGON

83.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

84.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## PENNSYLVANIA

85.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

86.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

87.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

88.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## RHODE ISLAND

89.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

90.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## SOUTH CAROLINA

24

91.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and eighth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

92.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## SOUTH DAKOTA

93.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## TENNESSEE

94.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## TEXAS

95.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

96.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, seventh, eighth, and ninth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

97.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## UTAH

98.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

99.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this

paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## VERMONT

100.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first and second sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## VIRGINIA

101.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## WASHINGTON

102.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

103.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of

this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

104.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## WEST VIRGINIA

105.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, fifth, and sixth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## WISCONSIN

106.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, fourth, and fifth sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

107.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, third, and fourth sentences of this

paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## WYOMING

108.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of this paragraph and therefore deny the allegations.  Defendants deny the remaining allegations in this paragraph.

## DEFENDANTS AND THEIR RELEVANT CORPORATE STRUCTURE

109.   Defendants admit that Equifax Inc. is incorporated in Georgia, that its principal place of business is located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309, and that its registered agent in Georgia is located at the same address.  Defendants deny that Shawn Baldwin is currently Equifax Inc.'s registered agent.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

110. Defendants admit that Equifax Information Services LLC is incorporated in Georgia, that its principal place of business is located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309, and that its registered agent in Georgia is located at the same address.  Defendants deny that Shawn Baldwin is currently Equifax Information Services LLC's registered agent.  To the extent this

paragraph contains other allegations to which a response is required, Defendants deny the allegations.

111.   Defendants admit that Equifax Consumer Services LLC is incorporated in Georgia, that its principal place of business is located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309, and that its registered agent in Georgia is located at the same address.   Defendants deny that Shawn Baldwin is currently Equifax Consumer Services LLC's registered agent.   To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

112.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

113.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants admit that Equifax Inc. is not a "consumer reporting agency," and Defendants deny any remaining allegations.

114.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

115.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants admit that Equifax Information Services LLC is a consumer reporting agency, and Defendants deny any remaining allegations.

116.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   The allegations in this paragraph also contain legal conclusions that require no response.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

117.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

118.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants admit that various members of Equifax Inc.'s management have been involved in Equifax Inc.'s response to the Cybersecurity Incident, and Defendants deny the remaining allegations.

119.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

120.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   The allegations in this paragraph also contain legal conclusions that require no response.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

121.   This paragraph contains no allegations to which a response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## STATEMENT OF FACTS

122.   Defendants admit that a consumer credit system allows consumers to borrow money or incur debt and to defer repayment of that money over time and that access to credit may enable consumers to buy goods or assets without having to pay for them in cash at the time of purchase.   Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny those allegations.

123.   Defendants admit that a system for evaluating the credit of consumers is required for a system of credit to be effective.   Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny those allegations.

124.   Defendants admit that computers allow CRAs to store and process large amounts of data and to more efficiently collect and provide credit information to consumer lenders.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny those allegations.

125.   Defendants admit that various creditors such as banks and mortgage companies loan money to consumers, track the consumers' payment history on the loan, and then may provide that information to one or more CRAs, which compile

certain reported information as part of a consumer credit file. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny those allegations.

126.   To the extent the allegations in this paragraph refer to consumer credit reporting files maintained by entities other than Equifax Information Services LLC, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny them. Defendants admit that a consumer's credit reporting file maintained by Equifax Information Services LLC may contain identifying information such as the consumer's name, date of birth, address, and Social Security Number (SSN), as well as payment information on past credit accounts, including the name of the lender, the original amount of the loan, the type of the loan, how much money the consumer still owes on that loan, details on the consumer's payment history, and information such as recent bankruptcy filings. Defendants deny that a consumer's credit reporting file maintained by Equifax Information Services LLC contains information regarding pending lawsuits or relating to tax liabilities. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations pertaining to "potential lenders" and therefore deny those allegations. Defendants deny any remaining allegations in this paragraph.

34

127.   Defendants admit that CRAs gather and store information, and that inaccurate information can lead to, among other things, uninformed credit decisions.  Defendants deny the remaining allegations in this paragraph.

128.   Defendants admit that Equifax Inc.'s predecessor company, Retail Credit Company, was founded in 1899, that between 1899 and the late 1960s, most of Retail Credit Company's operation was dedicated to gathering information for life, health, property and casualty insurers, and that such information may have included information on people's finances, health, moral beliefs, and vehicle use.  With respect to the allegations in the last two sentences of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in the last two sentences of this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny the alleged "assert[ions]" and any remaining allegations in this paragraph.

129.   Defendants admit that, by the mid-1960s, Retail Credit Company had nearly 300 branch offices and that Retail Credit Company sold stock to the public for the first time in 1965.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph

pertaining to the number of files Retail Credit Company maintained and therefore deny those allegations.  With respect to the allegations in the third sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in the last sentence of this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny any remaining allegations in this paragraph.

130.   Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

131.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

132.   Defendants admit that Alan Westin testified before a committee of Congress in March 1970, that Congress passed the FCRA in October 1970 and that Retail Credit Company automated its credit files in 1970.  Defendants state that Dr. Westin's testimony speaks for itself, and, to the extent the allegations in this paragraph misconstrue or mischaracterize that testimony, the allegations are

denied.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny those allegations.

133.   Defendants admit that Retail Credit Company changed its name to "Equifax Inc." in 1975.   Defendants deny the remaining allegations in this paragraph.

134.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that Equifax Information Services LLC aggregates data relating to consumers from various sources, compiles that data, and sells access to that data to lenders, financial companies, employers, and other entities that have a permissible purpose and may use that information in making decisions related to individuals transacting with their businesses.  Defendants deny the allegations in the first sentence of this paragraph as to Equifax Inc. and Equifax Consumer Services LLC, and Defendants deny any remaining allegations in the first sentence of this paragraph.  With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in the second sentence of this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.

Defendants deny the remaining allegations in the second sentence of this paragraph.

135.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that Equifax Consumer Services LLC and Equifax Information Services LLC may sell information directly to consumers, including information from a consumer's credit file.  Defendants deny any remaining allegations in the first sentence of this paragraph.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph and therefore deny the allegations.  With respect to the allegations in the third sentence of this paragraph, Defendants admit that Equifax Information Services LLC and Equifax Consumer Services LLC sell a number of credit-related products to consumers interested in monitoring their credit and that Equifax Information Services LLC sells credit-related products related to businesses interested in monitoring their credit. Defendants deny the remaining allegations in the third sentence of this paragraph.  Defendants deny the allegations in the fourth sentence of this paragraph.

136.   Defendants admit that Equifax Information Services LLC provides certain identity-verification services to the U.S. Social Security Administration. Defendants deny the remaining allegations in this paragraph.

137.   With respect to the allegations in this paragraph, Defendants state that the terms "its company" and "data sources" are vague and ambiguous, and, thus, Defendants are unable to respond to those portions of the allegations.  Defendants admit that Equifax Inc. has acquired companies, sometimes with the goal of expanding into new markets.  Defendants deny the remaining allegations in this paragraph.

138.   Defendants admit that, in 2002, Equifax Inc. acquired Naviant Inc. for $135 million and that, at that time, Naviant Inc.'s assets included a database of more than 100 million permission-based email addresses.  Defendants deny any remaining allegations in this paragraph.

139.   Defendants admit that, in 2007, Equifax Inc. acquired TALX Corporation in a transaction valued at approximately $1.4 billion.  Defendants deny the remaining allegations in this paragraph.

140.   Defendants admit that, in 2009, Equifax Inc. acquired IXI Corporation for $124 million.  With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote Equifax Inc.'s 2009 Annual Report, and Defendants deny the allegations in the second sentence of this paragraph to the extent that the description of the document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or

mischaracterize that document.  Defendants deny the remaining allegations in this paragraph.

141.   Defendants admit that, in 2010, Equifax Inc. acquired Anakam, Inc., a vendor of software for online identify verification, credentialing, and two-factor authentication.  Defendants deny the remaining allegations in this paragraph.

142.   Defendants admit that, in 2012, Equifax Inc. acquired certain business assets and the operations of Computer Sciences Corporation for $1 billion. Defendants deny the remaining allegations in this paragraph.

143.   Defendants admit that, in 2014, Equifax Inc. acquired TDX Group, a UK-based debt-management firm, for approximately $327 million and that, in 2016, Equifax Inc. acquired Veda Group Limited, a provider of credit information and analysis in Australia and New Zealand.   Defendants deny the remaining allegations in this paragraph.

144.   Defendants admit that Equifax Inc. is publicly traded on the New York Stock Exchange (ticker symbol EFX) and that Equifax Inc. reported operating revenue of $3.362 billion for FY2017.  Defendants deny the remaining allegations in this paragraph.

145.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the

allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny the remaining allegations in this paragraph.

146. With respect to the first sentence of this paragraph, Defendants admit that they are aware of the existence of data breaches and other cybersecurity threats. Defendants deny the remaining allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that, since 2013, Equifax Inc. acquired TrustedID and ID Watchdog. Defendants deny the remaining allegations in this sentence.

147. With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website. Defendants deny any remaining allegations in this paragraph.

148. With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs

from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.  Defendants deny any remaining allegations in this paragraph.

149.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.  Defendants deny any remaining allegations in this paragraph.

150.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.  Defendants deny any remaining allegations in this paragraph.

151.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote,

misconstrue, or mischaracterize that website.  Defendants deny any remaining allegations in this paragraph.

152.   This paragraph appears to purport to quote the Equifax Online Privacy Policy & Fair Information Principles (U.S. Only).  Defendants deny the allegations in this paragraph to the extent that the description of that document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or mischaracterize that document.  Defendants deny any remaining allegations in this paragraph.

153.   This paragraph appears to purport to quote the Equifax Online Privacy Policy & Fair Information Principles (U.S. Only).  Defendants deny the allegations in this paragraph to the extent that the description of that document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or mischaracterize that document.  Defendants deny any remaining allegations in this paragraph.

154.   This paragraph appears to purport to quote Equifax Inc.'s privacy policy pertaining to Personal Credit Reports.  Defendants deny the allegations in this paragraph to the extent that the description of that document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or

mischaracterize that document.  Defendants deny any remaining allegations in this paragraph.

155.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote Equifax Inc.'s 2016 and 2017 Form 10-Ks, and Defendants deny the allegations in this paragraph to the extent that the description of the documents differs from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize those documents. Defendants deny the remaining allegations in this paragraph.

156.  Defendants deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph appears to purport to quote the Broker Agreement for Resale of EQUIFAX Credit Information.  Defendants deny the allegations in the second sentence of this paragraph to the extent that the description of that document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or mischaracterize that document. Defendants deny the remaining allegations in this paragraph.

157.  This paragraph appears to purport to quote the Broker Agreement for Resale of EQUIFAX Credit Information.  Defendants deny the allegations in this paragraph to the extent that the description of that document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or

mischaracterize that document.  Defendants deny the remaining allegations in this paragraph.

158.   Defendants deny the allegations in the last sentence of this paragraph. With respect to the other allegations in this paragraph, Defendants admit that Equifax Inc.'s former Chief Information Security Officer Susan Mauldin gave the referenced interview in 2017.  Defendants deny the allegations to the extent that the description of that interview differs from the contents of the interview or to the extent the allegations misquote, misconstrue, or mischaracterize the contents of the interview.  Defendants deny the remaining allegations in this paragraph.

159.   Defendants admit that they are aware of breaches involving other companies.  Defendants deny the remaining allegations in this paragraph.

160.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

161.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

162.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

163.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

164.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

165.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph pertaining to the knowledge of "information technology ('IT') and security professionals across the country" and therefore deny the allegations.   Defendants deny the remaining allegations in this paragraph.

166.   Defendants deny the allegations in this paragraph.

167.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that, in 2010, certain tax forms mailed by Equifax Inc.'s payroll vendor had employee "control numbers" partially or fully viewable through the envelope's return address window and that, in some instances, the "control number" contained the employee's Social Security Number.   Defendants deny any remaining allegations in the first sentence of this paragraph.   With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

168.   With respect to the first four sentences of this paragraph, Defendants admit that Equifax Inc. acknowledged an intrusion of information pertaining to certain celebrities and high-profile figures.  Defendants further admit that Plaintiffs purport to cite and quote articles in this paragraph, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles.   Defendants deny any remaining allegations in this paragraph.

169.   Defendants admit that during the time period from April 2013 to January 31, 2014, a person associated with an IP address may have made unauthorized inquiries to Equifax credit reports and fraudulently ordered credit reports using sufficient personal information to meet Equifax's identity verification process, that on January 31, 2014, the Equifax security team discovered a suspicious pattern of inquiries associated with the IP address and blocked the IP address from any further access, and that as reflected in the cited letter from Equifax to the New Hampshire Attorney General, Equifax reported this suspicious activity to the FBI and offered affected individuals a free one-year subscription to Equifax Complete Premier Plan credit monitoring product.  Defendants deny the remaining allegations in this paragraph.

170.   Defendants deny the allegations in this paragraph.

171.   With respect to the first sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a letter, and Defendants deny the allegations in the first sentence of this paragraph to the extent that the description of the letter differs from the contents of the letter or to the extent the allegations misquote, misconstrue, or mischaracterize that letter.   With respect to the remaining sentences, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

172.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

173.   With respect to the allegations in this paragraph, Defendants admit that TALX Corporation (d/b/a Equifax Workforce Solutions) ("TALX") is an

48

indirect subsidiary of Equifax Inc. that maintains W-2 forms for certain companies and that, in May 2016, a cybersecurity incident involving TALX was discovered. Defendants further admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny any remaining allegations in this paragraph.

174.  With respect to the allegations in this paragraph, Defendants admit that, in 2016, MSCI, Inc. assigned Equifax Inc. an "ESIG" rating of "CCC." Defendants further admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny any remaining allegations in this paragraph.

175.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote articles, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles. Defendants further state that they are

without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph pertaining to actions by third-parties and deny those allegations on that basis. Defendants deny the remaining allegations in this paragraph.

176. With respect to the allegations in this paragraph, Defendants admit that Equifax Consumer Services LLC discovered that a LifeLock member was able to view another person's credit report. Defendants further admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny any remaining allegations in this paragraph.

177. Defendants deny the allegations in this paragraph.

178. With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote documents, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the documents differ from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize the documents. Defendants deny any remaining allegations in this paragraph.

179.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote documents, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the documents differ from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize the documents.  Defendants deny any remaining allegations in this paragraph.

180.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote documents, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the documents differ from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize the documents.  Defendants deny any remaining allegations in this paragraph.

181.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote documents, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the documents differ from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize the documents.  Defendants deny any remaining allegations in this paragraph.

182.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a document, and Defendants deny the allegations in this paragraph to the extent that the description of the document differs from the contents of the document or to the extent the allegations misquote, misconstrue, or mischaracterize the document.  Defendants deny any remaining allegations in this paragraph.

183.  Defendants admit that Equifax Inc. maintains an online consumer dispute web application where consumers can dispute the accuracy of information contained in their Equifax credit files, and that this online consumer dispute application uses Apache Struts, a programming framework for building Java web applications.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the alleged popularity of Apache Struts.  Defendants deny the remaining allegations in this paragraph.

184.  Defendants admit that Apache Struts is an open-source framework. Defendants further admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize the article.  Defendants deny the remaining allegations in this paragraph.

52

185.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote articles, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the causes of any vulnerability in Apache Struts, and Defendants deny that the cited articles support the general allegations in this paragraph pertaining to the scope of access upon exploitation of any Struts vulnerability.  Defendants deny the remaining allegations in this paragraph.

186.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and Defendants deny those allegations on that basis.  Defendants deny that the cited article supports the general allegation in this paragraph concerning the "IT world's" description of the discovery of the vulnerability.  Defendants deny the remaining allegations in this paragraph.

187.  Defendants admit, on information and belief, that on March 7, 2017, the Apache Software Foundation announced the Apache Struts CVE-2017-5638 vulnerability, summarized the anticipated impact of the vulnerability, and

recommended that Struts be upgraded to Struts 2.3.32 or Struts 2.5.10.1. Defendants deny the remaining allegations in this paragraph.

188. Defendants admit that on or about March 8, 2017 Equifax Inc. received an email from the Department of Homeland Security's U.S. Computer Emergency Readiness Team (US-CERT). That email speaks for itself, and Defendants deny the allegations in this paragraph to the extent the allegations misquote, misconstrue, or mischaracterize that email. Defendants deny the remaining allegations in this paragraph.

189. Defendants admit that on March 9, 2017, Equifax Inc. disseminated the U.S. CERT notification internally by email requesting, among other things, that persons responsible for an Apache Struts installation upgrade the software and noting that patching was required within 48 hours. Defendants further admit that the Struts CVE-2017-5638 vulnerability in the online consumer dispute web application was not identified or patched at that time in response to the March 9, 2017 GTVM Alert email. Defendants deny the remaining allegations in this paragraph.

190. Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants admit as a general matter that properly applying the available Apache

patch for the Struts CVE 2017 5638 vulnerability should remediate the vulnerability. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph pertaining to the number of companies that applied the patch and therefore deny the allegations. Defendants deny the remaining allegations in this paragraph.

191. With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote articles, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the extent of any reporting pertaining to the Struts CVE-2017-5638 vulnerability or any alleged uptick in attacks, and deny those allegations on that basis. Defendants deny the remaining allegations in this paragraph.

192. Defendants admit that on March 15, 2017, Equifax Inc. ran a scan to identify any externally-facing system that was vulnerable to the Struts CVE-2017-5638 vulnerability, and that this scan did not identify this vulnerability on its online consumer dispute web application. Defendants deny the remaining allegations in this paragraph.

193.   Defendants admit that Equifax Inc.'s former CEO, Richard Smith, stated in a written statement dated October 3, 2017 that based on Equifax Inc.'s investigation up to that date "it appears that the first date the attacker(s) accessed sensitive information may have been on May 13, 2017."  Defendants further admit that May 13, 2017 is roughly two months after the patch for the Struts CVE-2017-5638 vulnerability was made available.   Defendants deny any remaining allegations in this paragraph.

194.   Defendants deny the allegations in this paragraph.

195.   Defendants deny the allegations in this paragraph.

196.   With respect to the allegations in this paragraph, Defendants state that on July 29, 2017, Defendants' Security team observed suspicious network traffic associated with their U.S. online dispute portal web application.  In response, the Security team investigated and blocked the suspicious traffic that was identified. Defendants further admit that Plaintiffs purport to cite and quote testimony, and Defendants deny the allegations in this paragraph to the extent that the description of the testimony differs from the contents of the testimony or to the extent the allegations misquote, misconstrue, or mischaracterize the testimony.  Defendants deny any remaining allegations in this paragraph.

197.   With respect to the allegations in this paragraph, Defendants state that the Equifax Security team continued to monitor network traffic and observed additional suspicious activity on July 30, 2017.   In response, the company took offline the affected web application that day.   Defendants deny the remaining allegations in this paragraph.

198.   With respect to the allegations in this paragraph, Defendants state that Equifax Inc.'s former CEO Richard F. Smith was informed on July 31, 2017 that there was evidence of suspicious activity on the dispute portal and that it had been taken offline.   In addition, the Equifax Inc. Board of Directors was informed on August 24 and 25, 2017 of a cybersecurity incident involving unauthorized access to consumer information.   Defendants deny the remaining allegations in this paragraph.

199.   Defendants admit that John Gamble and Joseph Loughran sold shares of Equifax Inc. on August 1, 2017.   Defendants deny that Rodolfo Ploder sold shares of Equifax Inc. on August 1, 2017, and Defendants deny that Jun Ying sold shares of Equifax Inc. on August 25, 2017.   Defendants  further state that stock sales by John Gamble, Joseph Loughran, and Rodolfo Ploder are described in Statements of Changes in Beneficial Ownership ("Form 4s") filed with the Securities and Exchange Commission, and Defendants deny the allegations in this

paragraph to the extent they are inconsistent with those Form 4s.  Defendants deny any remaining allegations in this paragraph.

200.   Defendants admit that John Gamble's and Joseph Loughran's August 1, 2017 stock sales were not part of previously scheduled 10b5-1 trading plans. Defendants deny any remaining allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants state that, on November 3, 2017, Equifax Inc. issued a public statement, available at https://investor.equifax.com/news-and-events/news/2017/11-03-2017-124511096, concerning the conclusions of a Special Committee of its Board of Directors concerning certain stock sales, including sales by John Gamble, Joseph Loughran, and Rodolfo Ploder.  Defendants deny the allegations in the second sentence of this paragraph to the extent they are inconsistent with that public statement. Defendants deny any remaining allegations in this paragraph.

201.   With respect to the allegations in this paragraph, Defendants state that on August 2, 2017, Equifax Inc. informed the Federal Bureau of Investigation of the suspicious activity, that it contacted a leading, independent cybersecurity firm, Mandiant, to assist in conducting a privileged, comprehensive forensic review to determine the scope of the intrusion, including the specific data impacted, and that

it retained the law firm King & Spalding LLP.  Defendants deny all remaining allegations in this paragraph.

202.   Defendants admit that Mandiant assisted in conducting a privileged, comprehensive forensic review to determine the scope of the intrusion, including the specific data impacted.  Equifax Inc. subsequently issued a public statement regarding the completion of Mandiant's forensic investigation.  Defendants deny any description or characterization of the investigation that is inconsistent with that public statement.  Defendants deny the remaining allegations in this paragraph.

203.   Defendants admit the allegations in this paragraph.

204.   Defendants admit that Equifax Inc. designated its response to the Cybersecurity Incident internally as "Project Sierra."   Defendants deny the remaining allegations in this paragraph.

205.   With respect to the allegations in the first and second sentences of this paragraph, Defendants admit that, on August 10, 2017, Equifax publicly announced that it had acquired ID Watchdog.  Defendants deny the allegations in the first and second sentences to the extent they are inconsistent with Equifax's public announcement.  With respect to the allegations in the third sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description

of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize the article. Defendants deny any remaining allegations in this paragraph.

206. Defendants admit that by August 11, 2017, the forensic investigation had determined that, in addition to dispute documents from the affected U.S. online consumer dispute web application, the unidentified third party criminal actors may have accessed a database table containing a large amount of consumers' personal information, and potentially other data tables. Defendants deny the remaining allegations in this paragraph.

207. Defendants admit that Equifax Inc. learned through Mandiant that large volumes of consumer data had been accessed and stolen. Defendants deny the remaining allegations in this paragraph.

208. Defendants admit that employees, including some who were not informed of the Security Incident, changed administrative credentials for internal databases. Defendants deny the remaining allegations in this paragraph.

209. With respect to the allegations in this paragraph, Defendants state that, on September 7, 2017, a comprehensive support package was rolled out to consumers, which included a dedicated website where consumers could understand whether they were impacted, find out more information about the Cybersecurity

Incident, and find out how to enroll in the free credit file monitoring and identity theft protection product offered to all U.S. consumers, as well as a dedicated call center to assist consumers.  Defendants further admit that Equifax Inc. referred to this comprehensive support package internally as "Project Sparta."   Defendants deny any remaining allegations in this paragraph.

210.   Defendants admit the allegations in this paragraph.

211.   Defendants admit that the Global Consumer Solutions business unit ("GCS") develops and sells various consumer credit monitoring and identity protection products, and that GCS assisted with work related to Project Sparta. Defendants deny any remaining allegations in this paragraph.

212.   With respect to the first and second sentences of this paragraph, Defendants admit, consistent with Equifax Inc.'s public statements, that by September 4, 2017, Equifax Inc. had identified approximately 143 million U.S. consumers potentially impacted by the Cybersecurity Incident and that, after that date, it identified additional U.S. consumers potentially impacted by the incident. Defendants deny any remaining allegations in the first and second sentences of this paragraph.  With respect to the allegations in the third sentence of this paragraph, Defendants admit that, on May 7, 2018, Equifax Inc. filed a report on Form 8-K with the Securities and Exchange Commission attaching the company's May 4,

2018 statement for the record to multiple Congressional committees regarding the Cybersecurity Incident announced on September 7, 2017 (the "Statement for the Record").  Equifax Inc.'s May 7, 2018 Form 8-K and the May 4, 2018 Statement for the Record speak for themselves, and Defendants deny the allegations in the third sentence of this paragraph to the extent the allegations differ from the contents of the  May 7, 2018 Form 8-K and/or the May 4, 2018 Statement for the Record.  Defendants deny any remaining allegations in this paragraph.

213.   Defendants deny the allegations in this paragraph.

214.   Defendants deny the allegations in this paragraph.

215.   Defendants admit that, in February 2018, Senator Warren's office released a report concerning the Cybersecurity Incident.  That report speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report.  Defendants deny the remaining allegations in this paragraph.

216.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote,

misconstrue, or mischaracterize that report.  Defendants deny any remaining allegations in this paragraph.

217.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.  Defendants deny any remaining allegations in this paragraph.

218.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.  Defendants admit that the referenced report purports to identify six alleged weaknesses in Equifax Inc.'s cybersecurity. Defendants state that the report speaks for itself as to its content.  Defendants deny that the report defines endpoint security; deny that the report states that Equifax Inc. failed to secure its endpoints; and deny that the report referenced data segregation.  Defendants deny the remaining allegations in this paragraph.

219.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.   Defendants deny any remaining allegations in this paragraph.

220.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants admit that a web application firewall is generally capable of, among other things, analyzing HTTP requests.  Defendants further admit that, at the time of the Cybersecurity Incident, Equifax Inc.'s online consumer dispute web application did not use a web application firewall.  Defendants deny that the cited articles support the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

221.   Defendants admit that at the time of the Cybersecurity Incident Equifax Inc.'s online consumer dispute web application did not use a web application firewall.  Defendants deny the remaining allegations in this paragraph.

222.   Defendants deny the allegations in this paragraph.

223.   The first sentence of this paragraph contains no factual allegations to which a response is required.  To the extent a response to the allegations in the first sentence of this paragraph is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of this paragraph.

224.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what other unidentified third parties may have known, said, or lamented about, and deny those allegations on that basis.  Defendants deny that the cited articles support the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

225.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what other unidentified third parties may have said, and deny those allegations on that basis.  Defendants deny that the cited articles support the allegations in this paragraph. Defendants deny the remaining allegations in this paragraph.

226.   Defendants deny the allegations in this paragraph.

227.   Defendants admit that Equifax Inc. learned about the Struts CVE-2017-5638 vulnerability on March 8, 2017, that the first date the unidentified third party criminal actors accessed sensitive information is believed to have been on May 13, 2017, that Equifax Inc. first observed suspicious network traffic relating

to the Cybersecurity Incident on July 29, 2017, and that on September 7, 2017, Equifax Inc. publicly announced in a nationwide press release the Cybersecurity Incident.  Defendants deny the remaining allegations in this paragraph

228.   With respect to the allegations in this paragraph, Defendants state that the cited and quoted statement speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the statement differs from the contents of the statement.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

229.   Defendants deny the allegations in this paragraph.

230.   With respect to the allegations in this paragraph, Defendants state that the cited and quoted statement speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the statement differs from the contents of the statement.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

231.   With respect to the allegations in this paragraph, Defendants admit that Equifax Inc. established a dedicated website to help consumers, among other things, determine if their information had been potentially impacted.  That website contained a tool where consumers could understand whether they were impacted by inputting their last names and the last six numbers of their Social Security

numbers.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

232.  Defendants admit that, when it was launched on September 7, 2017, the "Am I Impacted?" search tool provided on the website provided information for U.S. consumers on whether they may have been impacted by the Cybersecurity Incident.  Defendants state that Equifax Inc. later provided a more definite impact response to U.S. consumers who took advantage of the "Am I Impacted?" search tool.  Defendants deny the remaining allegations in this paragraph.

233.  Defendants admit that Equifax Inc. offered one year of TrustedID Premier to all U.S. consumers.  Defendants deny that consumers were required to agree to arbitration or to a class-action waiver in connection with the Cybersecurity Incident.  As Equifax Inc. stated in its September 15, 2017 public statement, the company never intended for arbitration and class-action waiver clauses to apply to the Cybersecurity Incident.  The company clarified that those clauses do not apply to the Cybersecurity Incident or to the complimentary TrustedID Premier offering; and the company clarified that the clauses will not apply to consumers who signed up before the language was removed.  The company further clarified that no credit card information was required to sign up for the TrustedID product and that consumers would not be automatically enrolled or charged after the conclusion of

the complimentary year.   Defendants deny the remaining allegations in this paragraph.

234.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.   Defendants deny any remaining allegations in this paragraph.

235.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website and a report, and Defendants deny the allegations in this paragraph to the extent that the descriptions of those documents differ from the contents of the documents or to the extent the allegations misquote, misconstrue, or mischaracterize the documents.   Defendants deny any remaining allegations in this paragraph.

236.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote,

misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

237.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a letter, and Defendants deny the allegations in this paragraph to the extent that the description of the letter differs from the contents of the letter or to the extent the allegations misquote, misconstrue, or mischaracterize that letter.   Defendants deny any remaining allegations in this paragraph in the first sentence of this paragraph.   Defendants deny the allegations in the second sentence of this paragraph.

238.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

239.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants state that Equifax Inc.'s official Twitter feed briefly contained the

incorrect URL for the dedicated website and that the URL was corrected. Defendants deny all remaining allegations in the second sentence of this paragraph.

240.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the allegations.

241.   Defendants deny the allegations in this paragraph.

242.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite articles, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles.   Defendants deny any remaining allegations in this paragraph.

243.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph and therefore deny the allegations.  Defendants further state that the cited and referenced report in this sentence speaks for itself, and Defendants deny the allegations in the first sentence of this paragraph to the extent that the description of the report differs from the contents of the report.  With respect to the allegations in the second and third sentences of this paragraph, Defendants admit that Plaintiffs purport to cite articles, and Defendants deny the allegations in this paragraph to the extent that the

descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles.  Defendants deny any remaining allegations in this paragraph.

244.  Defendants admit that the Securities and Exchange Commission ("SEC") issued a press release on March 14, 2018 announcing that it was charging Jun Ying with insider trading.  The SEC's publicly available complaint in that proceeding speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the SEC's allegations differs from those set forth in the complaint against Jun Ying.  Defendants deny the remaining allegations in this paragraph.

245.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

246.  With respect to the allegations in this paragraph, Defendants admit that Equifax Inc. released a public statement on September 13, 2017.  That statement speaks for itself, and Defendants deny the allegations in this paragraph to

the extent that the description of the statement differs from the contents of the statement.   To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

247.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   With respect to the allegations in the remainder of this paragraph, Defendants admit that Equifax Inc. issued a public statement on September 15, 2017.  That statement speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the statement differs from the contents of the statement.  Defendants deny any remaining allegations in this paragraph.

248.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite a statement by Equifax Inc., and Defendants deny the allegations in this paragraph to the extent that the description of the statement differs from the contents of the statement or to the extent the allegations

misquote, misconstrue, or mischaracterize that statement.   Defendants deny any remaining allegations in this paragraph.

249.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that, on September 26, 2017, Equifax Inc. released a public statement concerning the retirement of its former CEO Richard Smith.  Defendants deny the allegations in the first sentence of this paragraph to the extent they differ from Equifax Inc.'s public statement.   To the extent the first sentence of this paragraph contains other allegations to which a response is required, Defendants deny the allegations.   With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

250.   With respect to the allegations in this paragraph, Defendants admit that Paulino do Rego Barros, Jr. was appointed as interim CEO of Equifax Inc. following the retirement of Richard Smith.  Defendants further admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article

or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

251.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that, on September 15, 2017, Equifax Inc. released public statement concerning the retirements of its former Chief Information Officer and Chief Security Officer.  Defendants deny the allegations in the first sentence of this paragraph to the extent they differ from Equifax's public statement.  To the extent the first sentence of this paragraph contains other allegations to which a response is required, Defendants deny the allegations.  With respect to the allegations in the second sentence of this paragraph, Defendants admit, on information and belief, that Ms. Mauldin has a bachelor's degree and a master of fine arts degree in music theory.   To the extent the second sentence of this paragraph contains other allegations to which a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence of this paragraph.

252.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that, on October 2, 2017, Equifax Inc. released a public statement concerning the number of U.S. consumers who were potentially impacted by the Cybersecurity Incident.  Defendants deny the allegations in the remainder of this

paragraph to the extent they differ from Equifax Inc.'s public statement. To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

253. Defendants admit the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article. Defendants deny any remaining allegations in this paragraph.

254. Defendants admit that, in October 2017, Richard Smith testified before the Senate Committee on Banking, Housing and Urban Affairs and before the Senate Committee on the Judiciary, subcommittee on Privacy, Technology, and the Law. That testimony speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the testimony differs from the contents of the testimony. Defendants deny the remaining allegations in this paragraph.

255. With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the

allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

256.  Defendants admit that, on March 1, 2018, Equifax Inc. released a public statement concerning U.S. consumers who were potentially impacted by the Cybersecurity Incident.  Defendants deny the allegations in the remainder of this paragraph to the extent they differ from Equifax Inc.'s public statement.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

257.  Defendants admit that, on May 7, 2018, Equifax Inc. filed a report on Form 8-K with the Securities and Exchange Commission attaching the company's May 4, 2018 Statement for the Record.  Equifax Inc.'s May 7, 2018 Form 8-K and the May 4, 2018 Statement for the Record speak for themselves, and Defendants deny the allegations in this paragraph to the extent the allegations differ from the contents of the May 7, 2018 Form 8-K and/or the May 4, 2018 Statement for the Record.  Defendants deny any remaining allegations in this paragraph.

258.  Defendants admit that Equifax Inc. made various public statements and submitted various public filings regarding the data elements stolen in the

Cybersecurity Incident, including the report on Form 8-K that Equifax Inc. filed with the Securities and Exchange Commission on May 7, 2018.  Defendants deny the allegations in this paragraph to the extent they are inconsistent with Equifax Inc.'s public disclosures, and Defendants deny any remaining allegations in this paragraph.

259.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants state that the statements of the FTC speak for themselves, and Defendants deny the allegations in the second sentence of this paragraph to the extent they differ with the FTC's statements.  To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

260.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.  Defendants deny any remaining allegations in this paragraph.

261.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

262.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.   Defendants deny any remaining allegations in this paragraph.

263.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that credit freezes may help to protect a consumer against identity theft and fraud in some circumstances.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations pertaining to "numerous consumer groups" and therefore deny the allegations.   Defendants deny

the remaining allegations in the first sentence of this paragraph.  With respect to the allegations in the remainder of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

264.   Defendants admit that Equifax Inc. agreed to waive fees for removing and placing security freezes beginning September 7, 2017.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations pertaining to Experian and TransUnion and therefore deny the allegations. Defendants deny the remaining allegation in this paragraph.

265.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

266.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

267.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

268.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to reference an article and to quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the article or of the website differs from the contents of the article or website or to the extent the allegations misquote, misconstrue, or mischaracterize that article or that website.  Defendants deny any remaining allegations in this paragraph.

269.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

270.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

271.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants state that Equifax Inc.'s 2009 Annual Report speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the 2009 Annual Report differs from the contents of the document.  Defendants deny the remaining allegations in this paragraph.

272.   With respect to the allegations in the first sentence of this paragraph, Defendants deny that they issued such a press release.   Defendants further state that any statement issued by any of Defendants speaks for itself, and Defendants deny any allegations pertaining to such a statement to the extent that the description of the statement differs from the contents of the statement.   Defendants deny the remaining allegations in this paragraph.

273.   Defendants deny the allegations in this paragraph.

274.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

275.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote,

misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

276.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote articles, and Defendants deny the allegations in this paragraph to the extent that the descriptions of the articles differ from the contents of the articles or to the extent the allegations misquote, misconstrue, or mischaracterize the articles.  Defendants deny any remaining allegations in this paragraph.

277.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.  Defendants deny any remaining allegations in this paragraph.

278.  With respect to the allegations in this paragraph, Defendants admit that Equifax Inc.'s former Chief Executive Officer Richard F. Smith submitted written testimony to the House Energy and Commerce Committee.  That testimony speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the testimony differs from the contents of the

testimony.   To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

279.   With respect to the allegations in the first sentence of this paragraph, Defendants admit that Plaintiffs purport to cite and quote an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote, misconstrue, or mischaracterize that article.   With respect to the allegations in the second sentence this paragraph, Defendants admit that Equifax Inc.'s former Chief Executive Officer Richard F. Smith testified before the U.S. Senate Committee on Banking.   That testimony speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the testimony differs from the contents of the testimony.   Defendants deny the remaining allegations in this paragraph.

280.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.   Defendants deny any remaining allegations in this paragraph.

281.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.  Defendants deny any remaining allegations in this paragraph.

282.  Defendants deny the allegations in this paragraph.

283.  Defendants deny the allegations in this paragraph.

284.  Defendants deny the allegations in this paragraph.

285.  Defendants deny the allegations in this paragraph.

286.  Defendants deny the allegations in this paragraph.

287.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.  Defendants deny any remaining allegations in this paragraph.

288.  With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a report, and Defendants deny the

allegations in this paragraph to the extent that the description of the report differs from the contents of the report or to the extent the allegations misquote, misconstrue, or mischaracterize that report.   Defendants deny any remaining allegations in this paragraph.

289.   With respect to the allegations in this paragraph, Defendants admit that Plaintiffs purport to cite and quote a website, and Defendants deny the allegations in this paragraph to the extent that the description of the website differs from the contents of the website or to the extent the allegations misquote, misconstrue, or mischaracterize that website.   Defendants deny any remaining allegations in this paragraph.

290.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny them.

291.   Defendants deny the allegations in this paragraph.

292.   Defendants deny the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, Defendants admit that Plaintiffs purport to cite an article, and Defendants deny the allegations in this paragraph to the extent that the description of the article differs from the contents of the article or to the extent the allegations misquote,

misconstrue, or mischaracterize that article.   Defendants deny any remaining allegations in this paragraph.

293.   Defendants admit that a cyber black market exists in which criminals illegally sell certain stolen information.  Defendants deny the remaining allegations in this paragraph.

294.   Defendants deny the allegations in this paragraph.

295.   Defendants deny the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

296.   Defendants admit that, as to certain claims in this action, Plaintiffs purport to bring this action as a putative class action on behalf of the "Nationwide Class" described.  Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claim is appropriate.  To the extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

297.   Defendants admit that, as to certain claims in this action, Plaintiffs purport to bring this action as a putative class action on behalf of the "Statewide Subclasses" described.   Defendants deny that Plaintiffs or the putative class members they purport to represent are entitled to relief and deny that class treatment of Plaintiffs' claim is appropriate.  To the extent this paragraph contains

additional allegations to which a response is required, Defendants deny the allegations.

298.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

299.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

300.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

301.   This paragraph contains no allegations to which a response is required.   To the extent a response is required, Defendants deny the allegations in this paragraph.

302.   Defendants deny the allegations in this paragraph.

303.   Defendants deny the allegations in this paragraph, including the allegations contained in each of the subparagraphs.

304.   Defendants deny the allegations in this paragraph.

305.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny them.

306.   Defendants deny the allegations in this paragraph.

307.   Defendants deny the allegations in this paragraph.

## CHOICE OF LAW FOR NATIONWIDE CLAIMS

308.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

309.   With respect to the allegations in this paragraph, Defendants admit that is principal place of business is located at 1550 Peachtree Street NE, Atlanta, Georgia.   The remaining allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

310.   Defendants admit that various corporate decisions by Equifax Inc. were made in Georgia, including decisions related to the Cybersecurity Incident.

To extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

311.   Defendants deny the allegations in this paragraph.

312.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

313.   The allegations in the first sentence of this paragraph contain legal conclusions that require no response.   To the extent a response is required to the first sentence of this paragraph, Defendants admit that Georgia law governs Plaintiffs' claims, and Defendants deny any additional allegations in the first sentence of this paragraph.   The allegations in the second sentence of this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, moreover, contain legal conclusions; therefore, no response is required.   To the extent a response to any allegations in the second sentence of this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NATIONWIDE CLASS

## COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. §§ 1681, *et seq.*

314.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

315.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

316.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

317.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

318.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

319.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

320.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

321.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

322.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

323.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

324. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

325. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

326. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

327. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

328.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

329.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

330.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

331.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

332.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 2

## NEGLIGENCE

333.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

334.   Defendants deny the allegations in this paragraph.

335.   Defendants deny the allegations in this paragraph.

336.   Defendants deny the allegations in this paragraph.

337.   Defendants deny the allegations in this paragraph.

338.   Defendants deny the allegations in this paragraph.

339.   Defendants deny the allegations in this paragraph.

340.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, moreover, contain legal conclusions; therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

341.   Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph contain legal

conclusions that require no response. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of this paragraph, including the bulleted list, appears to purport to quote the Broker Agreement for Resale of EQUIFAX Credit Information. That document speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the document differs from the contents of the document. To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations. To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

342. This paragraph appears to purport to quote the Broker Agreement for Resale of EQUIFAX Credit Information. That document speaks for itself, and Defendants deny the allegations in this paragraph to the extent that the description of the document differs from the contents of the document. To the extent this paragraph contains other allegations to which a response is required, Defendants deny the allegations.

343. Defendants deny the allegations in this paragraph.

344. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

96

345.   Defendants deny the allegations in this paragraph.

346.   Defendants deny the allegations in this paragraph.

347.   Defendants deny the allegations in this paragraph.

## COUNT 3

## NEGLIGENCE *PER SE*

348.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

349.   With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.   To the extent the first sentence of this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.   Defendants deny the allegations in the second sentence of this paragraph.

350.   Defendants deny the allegations in this paragraph.

351.   Defendants deny the allegations in this paragraph.

352.   Defendants deny the allegations in this paragraph.

353.   Defendants deny the allegations in this paragraph.

354.   Defendants deny the allegations in this paragraph.

## COUNT 4

## GEORGIA FAIR BUSINESS PRACTICES ACT

355.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

356.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

357.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

358.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

359.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

360.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

361.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

362.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

363   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

364.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

365. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

366. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

367. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

368. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

369.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

370.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

371.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

372.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

373.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

374.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

375.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

376.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

377.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

378. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

379. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

380. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

381. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 5

## UNJUST ENRICHMENT

382.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

383.   Defendants deny the allegations in this paragraph.

384.   Defendants deny the allegations in this paragraph.

385.   With respect to the allegations in this paragraph, Defendants state that protecting the security of information in their possession is a responsibility that they take seriously.  Defendants deny the remaining allegations in this paragraph.

386.   Defendants deny the allegations in this paragraph.

387.   Defendants deny the allegations in this paragraph.

388.   Defendants deny the allegations in this paragraph.

389.   Defendants deny the allegations in this paragraph.

390.   Defendants deny the allegations in this paragraph.

391.   Defendants deny the allegations in this paragraph.

## COUNT 6

## DECLARATORY JUDGMENT

392.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

393. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

394. Defendants admit that they deny Plaintiffs' specified allegations. Defendants deny the remaining allegations in this paragraph.

395. Defendants deny the allegations in this paragraph.

396. Defendants deny the allegations in this paragraph.

397. Defendants deny the allegations in this paragraph.

398. Defendants deny the allegations in this paragraph.

399. Defendants deny the allegations in this paragraph.

## CLAIMS ON BEHALF OF THE EQUIFAX CONTRACT SUBCLASS

## COUNT 7

## BREACH OF CONTRACT

400. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

401. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

402.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

403.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

404.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

405.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

406.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

407.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

408.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 8

## BREACH OF IMPLIED CONTRACT

409.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

410.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

411.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

412.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

413.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

414.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

415.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

416.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE FCRA DISCLOSURE SUBCLASS

## COUNT 9

## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681g(a)

417.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

418.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

419.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

420.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

421.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

422.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

423.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

424.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

425.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

426.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

427.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE ALABAMA SUBCLASS

## COUNT 10

### ALABAMA DECEPTIVE TRADE PRACTICES ACT, Ala. Code §§ 8-19-1, *et seq.*

428.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

429.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

430.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

431.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

432.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

433.   Defendants deny the allegations in this paragraph.

434.   Defendants deny the allegations in this paragraph.

435.   Defendants deny the allegations in this paragraph.

436.   Defendants deny the allegations in this paragraph.

437.   Defendants deny the allegations in this paragraph.

438.   Defendants deny the allegations in this paragraph.

439.   Defendants deny the allegations in this paragraph.

440.   Defendants deny the allegations in this paragraph.

441.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE ALASKA SUBCLASS

## COUNT 11

## PERSONAL INFORMATION PROTECTION ACT,
### Alaska Stat. §§ 45.48.010, *et seq.*

442.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

443.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

444.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

445.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

446.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

447.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

448.   Defendants deny the allegations in this paragraph.

449.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

450.   Defendants deny the allegations in this paragraph.

451.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 12

### ALASKA CONSUMER PROTECTION ACT,
### Alaska Stat. §§ 45.50.471, *et seq*.

452.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

114

453.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

454.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

455.   Defendants deny the allegations in this paragraph.

456.   Defendants deny the allegations in this paragraph.

457.   Defendants deny the allegations in this paragraph.

458.   Defendants deny the allegations in this paragraph.

459.   Defendants deny the allegations in this paragraph.

460.   Defendants deny the allegations in this paragraph.

461.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

## COUNT 13

## ARIZONA CONSUMER FRAUD ACT,
### A.R.S. §§ 44-1521, *et seq.*

115

462.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

463.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

464.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

465.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

466.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

116

467.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

468.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

469.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

470.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

471.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE ARKANSAS SUBCLASS

## COUNT 14

## ARKANSAS DECEPTIVE TRADE PRACTICES ACT,
### A.C.A. §§ 4-88-101, *et seq.*

472.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

473.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

474.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

475.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

476.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

477.   Defendants deny the allegations in this paragraph.

478.   Defendants deny the allegations in this paragraph.

479.   Defendants deny the allegations in this paragraph.

480.   Defendants deny the allegations in this paragraph.

481.   Defendants deny the allegations in this paragraph.

482.   Defendants deny the allegations in this paragraph.

483.   Defendants deny the allegations in this paragraph.

484.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE CALIFORNIA SUBCLASS

## COUNT 15

## CALIFORNIA CUSTOMER RECORDS ACT,
### Cal. Civ. Code §§ 1798.80, *et seq.*

485.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

486.   With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.   To the

119

extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

487. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

488. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

489. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

490. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

491. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

492. Defendants deny the allegations in this paragraph.

493. Defendants deny the allegations in this paragraph.

494.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 16

## CALIFORNIA UNFAIR COMPETITION LAW,
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

495.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

496.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

497.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

498.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

499.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

500.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

501.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

502.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

503.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

504.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 17

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT,
### Cal. Civ. Code §§ 1750, *et seq.*

505.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

506.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

507.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

508.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

509.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

510.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

511.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

512.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

513.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

514.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE COLORADO SUBCLASS

## COUNT 18

## COLORADO SECURITY BREACH NOTIFICATION ACT,
### Colo. Rev. Stat. §§ 6-1-716, *et seq.*

515.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

516.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

517.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

518.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

519.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

520.   Defendants deny the allegations in this paragraph.

521.   Defendants deny the allegations in this paragraph.

522.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 19

## COLORADO CONSUMER PROTECTION ACT,
### Colo. Rev. Stat. §§ 6-1-101, et seq.

523.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

524.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

525.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

526.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

527.   Defendants deny the allegations in this paragraph.

528.   Defendants deny the allegations in this paragraph.

529.   Defendants deny the allegations in this paragraph.

530.   Defendants deny the allegations in this paragraph.

531.   Defendants deny the allegations in this paragraph.

532.   Defendants deny the allegations in this paragraph.

533.   Defendants deny the allegations in this paragraph.

534.   Defendants deny the allegations in this paragraph.

535.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

### CLAIMS ON BEHALF OF THE CONNECTICUT SUBCLASS

### COUNT 20

### BREACH OF SECURITY REGARDING COMPUTERIZED DATA, C.G.S.A. § 36a-701b

536.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

537.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

538.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

539.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

540.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

541.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

542.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

543.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

544. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS

## COUNT 21

## DELAWARE COMPUTER SECURITY BREACH ACT,
### 6 Del. Code Ann. §§ 12B-102, *et seq.*

545. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

546. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

547. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

548.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

549.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

550.   Defendants deny the allegations in this paragraph.

551.   Defendants deny the allegations in this paragraph.

552.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 22

### DELAWARE CONSUMER FRAUD ACT,
### 6 Del. Code §§ 2513, *et seq.*

553.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

554.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

555.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

556.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

557.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

558.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

559.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

560.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

561.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

562.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE DISTRICT OF COLUMBIA SUBCLASS

## COUNT 23

## DISTRICT OF COLUMBIA CONSUMER SECURITY BREACH NOTIFICATION ACT,
### D.C. Code §§ 28-3851, *et seq.*

563.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

564.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

565.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

566.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

567.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

568.   Defendants deny the allegations in this paragraph.

569.   Defendants deny the allegations in this paragraph.

570.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 24

### DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT, D.C. Code §§ 28-3904, *et seq.*

571.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

572.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

573.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

574.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

575. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

576. Defendants deny the allegations in this paragraph.

577. Defendants deny the allegations in this paragraph.

578. Defendants deny the allegations in this paragraph.

579. Defendants deny the allegations in this paragraph.

580. Defendants deny the allegations in this paragraph.

581. Defendants deny the allegations in this paragraph.

582. Defendants deny the allegations in this paragraph.

583. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS

## COUNT 25

## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Fla. Stat. §§ 501.201, *et seq.*

584. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

585.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

586.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

587.   Defendants deny the allegations in this paragraph.

588.   Defendants deny the allegations in this paragraph.

589.   Defendants deny the allegations in this paragraph.

590.   Defendants deny the allegations in this paragraph.

591.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE GEORGIA SUBCLASS

## COUNT 26

## GEORGIA SECURITY BREACH NOTIFICATION ACT, O.C.G.A. §§ 10-1-912, *et seq*.

592.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

593.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

594.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

595.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

596.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

597.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

598. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

599. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 27

## GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. §§ 10-1-370, *et seq.*

600. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

601. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

602.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

603.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

604.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

605.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

606.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

607.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

608.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

609.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

610.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE HAWAII SUBCLASS

### COUNT 28

### HAWAII SECURITY BREACH NOTIFICATION ACT,
Haw. Rev. Stat. §§ 487N-1, *et seq.*

611.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

612.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

613.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

614.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

615.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

616. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

617. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

618. Defendants deny the allegations in this paragraph.

619. Defendants deny the allegations in this paragraph.

620. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations

### COUNT 29

### HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION ACT, Haw. Rev. Stat. §§ 480-1, *et seq*.

621. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

622. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

623. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

624. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

625. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

626. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

627.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

628.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

629.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

630.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

631.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 30

### HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT, Haw. Rev. Stat. §§ 481A-3, *et seq*.

632.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

633.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

634.   Defendants deny the allegations in this paragraph.

635.   Defendants deny the allegations in this paragraph.

636.   Defendants deny the allegations in this paragraph.

637.   Defendants deny the allegations in this paragraph.

638.   Defendants deny the allegations in this paragraph.

639.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE IDAHO SUBCLASS

## COUNT 31

## IDAHO CONSUMER PROTECTION ACT,
### Idaho Code §§ 48-601, *et seq*.

640.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

641.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

642.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

643.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

644.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

645.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

646.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

647.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

648.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

649.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

650.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS

## COUNT 32

## ILLINOIS PERSONAL INFORMATION PROTECTION ACT, 815 Ill. Comp. Stat. §§ 530/10(a), *et seq.*

651.  Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

652.  The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

653.  The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

149

654. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

655. Defendants deny the allegations in this paragraph.

656. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

657. Defendants deny the allegations in this paragraph.

658. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## COUNT 33

## ILLINOIS CONSUMER FRAUD ACT,
### 815 Ill. Comp. Stat. §§ 505, *et seq.*

659. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

660. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

661.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

662.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

663.   Defendants deny the allegations in this paragraph.

664.   Defendants deny the allegations in this paragraph.

665.   Defendants deny the allegations in this paragraph.

666.   Defendants deny the allegations in this paragraph.

667.   Defendants deny the allegations in this paragraph.

668.   Defendants deny the allegations in this paragraph.

669.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 34

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 Ill. Comp. Stat. §§ 510/2, *et seq.*

670.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

671.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

672.   Defendants deny the allegations in this paragraph.

673.   Defendants deny the allegations in this paragraph.

674.   Defendants deny the allegations in this paragraph.

675.   Defendants deny the allegations in this paragraph.

676.   Defendants deny the allegations in this paragraph.

677.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE INDIANA SUBCLASS

## COUNT 35

## INDIANA DECEPTIVE CONSUMER SALES ACT,
### Ind. Code §§ 24-5-0.5-1, *et seq*.

678.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

152

679. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

680. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

681. Defendants deny the allegations in this paragraph.

682. Defendants deny the allegations in this paragraph.

683. Defendants deny the allegations in this paragraph.

684. Defendants deny the allegations in this paragraph.

685. Defendants deny the allegations in this paragraph.

686. Defendants deny the allegations in this paragraph.

687. Defendants deny the allegations in this paragraph.

688. Defendants deny the allegations in this paragraph.

689. Defendants deny the allegations in this paragraph.

690. Defendants deny the allegations in this paragraph.

691. Defendants deny the allegations in this paragraph.

692. Defendants deny the allegations in this paragraph.

693.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

694.   Defendants deny the allegations in this paragraph.

695.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

696.   Defendants deny the allegations in this paragraph.

697.   Defendants deny the allegations in this paragraph.

698.   Defendants deny the allegations in this paragraph.

699.   Defendants deny the allegations in this paragraph.

700.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE IOWA SUBCLASS

## COUNT 36

## PERSONAL INFORMATION SECURITY BREACH PROTECTION LAW, Iowa Code § 715C.2

701.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

702.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

703.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

704.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

705.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

706.   Defendants deny the allegations in this paragraph.

707.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

708.   Defendants deny the allegations in this paragraph.

709.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 37

## IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT, Iowa Code § 714H

710.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

711.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

712.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

713.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

714.   Defendants deny the allegations in this paragraph.

715.   Defendants deny the allegations in this paragraph.

156

716.   Defendants deny the allegations in this paragraph.

717.   Defendants deny the allegations in this paragraph.

718.   Defendants deny the allegations in this paragraph.

719.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

720.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE KANSAS SUBCLASS

## COUNT 38

## PROTECTION OF CONSUMER INFORMATION,
### Kan. Stat. Ann. §§ 50-7a02(a), *et seq.*

721.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

722.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

723.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

724.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

725.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

726.   Defendants deny the allegations in this paragraph.

727.   Defendants deny the allegations in this paragraph.

728.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 39

## KANSAS CONSUMER PROTECTION ACT,
### K.S.A. §§ 50-623, *et seq*.

729.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

158

730.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

731.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

732.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

733.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

734.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

735. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

736. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

737. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

738. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

739.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

740.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

741.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

742.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

743.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

744.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS

## COUNT 40

## KENTUCKY COMPUTER SECURITY BREACH NOTIFICATION ACT, Ky. Rev. Stat. Ann. §§ 365.732, *et seq*.

745.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

746.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

747.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

748.  The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

749.  The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

750.  Defendants deny the allegations in this paragraph.

751.  Defendants deny the allegations in this paragraph.

752.  Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 41

## KENTUCKY CONSUMER PROTECTION ACT,
### Ky. Rev. Stat. §§ 367.110, *et seq*.

753.  Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

754.  The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

755.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

756.   Defendants deny the allegations in this paragraph.

757.   Defendants deny the allegations in this paragraph.

758.   Defendants deny the allegations in this paragraph.

759.   Defendants deny the allegations in this paragraph.

760.   Defendants deny the allegations in this paragraph.

761.   Defendants deny the allegations in this paragraph.

762.   Defendants deny the allegations in this paragraph.

763.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE LOUISIANA SUBCLASS

## COUNT 42

## DATABASE SECURITY BREACH NOTIFICATION LAW,
La. Rev. Stat. Ann. §§ 51:3074(A), *et seq*.

764.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

765. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

766. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

767. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

768. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

769. Defendants deny the allegations in this paragraph.

770. Defendants deny the allegations in this paragraph.

771. Defendants deny the allegations in this paragraph.

## COUNT 43

**LOUISIANA UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW,
La. Rev. Stat. Ann. §§ 51:1401, *et seq*.**

772.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

773.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

774.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

775.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

776.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

777. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

778. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

779. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

780. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

781. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

782.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

783.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

784.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MAINE SUBCLASS

## COUNT 44

## MAINE UNFAIR TRADE PRACTICES ACT,
### 5 Me. Rev. Stat. §§ 205, 213, *et seq*.

785.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

786.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

787.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

788.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

789.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

790.   Defendants deny the allegations in this paragraph.

791.   Defendants deny the allegations in this paragraph.

792.   Defendants deny the allegations in this paragraph.

793.   Defendants deny the allegations in this paragraph.

794.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal

conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 45

### MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 10 Me. Rev. Stat. §§ 1212, *et seq*.

795.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

796.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

797.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

798.   Defendants deny the allegations in this paragraph.

799.   Defendants deny the allegations in this paragraph.

800.   Defendants deny the allegations in this paragraph.

801.   Defendants deny the allegations in this paragraph.

802.   Defendants deny the allegations in this paragraph.

803.   Defendants deny the allegations in this paragraph.

804.   Defendants deny the allegations in this paragraph.

805.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS

## COUNT 46

## MARYLAND PERSONAL INFORMATION PROTECTION ACT, Md. Comm. Code §§ 14-3501, *et seq*.

806.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

807.   With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.   To the extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

808.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

809.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

810.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

811.   Defendants deny the allegations in this paragraph.

812.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

813.   With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.  To the extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

814.   With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.  To the

extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

815.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

816.   Defendants deny the allegations in this paragraph.

817.   Defendants deny the allegations in this paragraph.

818.   Defendants deny the allegations in this paragraph.

819.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 47

## MARYLAND SOCIAL SECURITY NUMBER PRIVACY ACT,
## Md. Comm. Code §§ 14-3401, *et seq*.

820.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

821.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

822. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

823. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

824. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

825. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

826.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 48

## MARYLAND CONSUMER PROTECTION ACT,
### Md. Comm. Code §§ 13-301, *et seq*.

827.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

828.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

829.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

830.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

831.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

832.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

833.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

834.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

835.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

836.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

837.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

838.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

839.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

840.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MASSACHUSETTS SUBCLASS

## COUNT 49

## MASSACHUSETTS CONSUMER PROTECTION ACT,
### Mass. Gen. Laws Ann. Ch. 93A, §§ 1, *et seq*.

841.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

842.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

843.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

844.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

845.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

846.   Defendants deny the allegations in this paragraph.

847.   Defendants deny the allegations in this paragraph.

848.   Defendants deny the allegations in this paragraph.

849.   Defendants deny the allegations in this paragraph.

850.   Defendants deny the allegations in this paragraph.

851.   Defendants deny the allegations in this paragraph.

852.   Defendants deny the allegations in this paragraph.

853.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS

## COUNT 50

## MICHIGAN IDENTITY THEFT PROTECTION ACT,
### Mich. Comp. Laws Ann. §§ 445.72, *et seq.*

854.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

855.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

856.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

857.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

858.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

859.   Defendants deny the allegations in this paragraph.

860.   Defendants deny the allegations in this paragraph.

861.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 51

## MICHIGAN CONSUMER PROTECTION ACT,
## Mich. Comp. Laws Ann. §§ 445.903, *et seq*.

862.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

863.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

864.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

865.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

866.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

867.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

868.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

869.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

870.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

871.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MINNESOTA SUBCLASS

## COUNT 52

## MINNESOTA CONSUMER FRAUD ACT,
## Minn. Stat. §§ 325F.68, *et seq*. and Minn. Stat. §§ 8.31, *et seq*.

872.  Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

873.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

874.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

875.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

876.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

877.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

878.  The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

879.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

880.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

881.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 53

### MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Minn. Stat. §§ 325D.43, *et seq*.

882.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

883.   Defendants deny the allegations in this paragraph.

884.   Defendants deny the allegations in this paragraph.

885.   Defendants deny the allegations in this paragraph.

886.   Defendants deny the allegations in this paragraph.

887.   Defendants deny the allegations in this paragraph.

888.   Defendants deny the allegations in this paragraph.

889.   Defendants deny the allegations in this paragraph.

890.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS

### COUNT 54

### MISSISSIPPI CONSUMER PROTECTION ACT,
### Miss. Code §§ 75-24-1, *et seq*.

891.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

892.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

893.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

894.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

895.   Defendants deny the allegations in this paragraph.

896.   Defendants deny the allegations in this paragraph.

897.   Defendants deny the allegations in this paragraph.

898.   Defendants deny the allegations in this paragraph.

899.   Defendants deny the allegations in this paragraph.

900.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

901.   Defendants deny the allegations in this paragraph.

902.   Defendants deny the allegations in this paragraph.

903.   Defendants deny the allegations in this paragraph.

904.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MISSOURI SUBCLASS

## COUNT 55

## MISSOURI MERCHANDISE PRACTICES ACT,
Mo. Rev. Stat. §§ 407.010, *et seq.*

905.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

906.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

907.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

908.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

909.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

910.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

911.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

912.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

913.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

914.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE MONTANA SUBCLASS

## COUNT 56

## COMPUTER SECURITY BREACH LAW,
### Mont. Code Ann. §§ 30-14-1704(1), *et seq.*

915.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

916.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

917.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

918.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

919.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

920.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

921.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

922.   Defendants deny the allegations in this paragraph.

923.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 57

### MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, M.C.A. §§ 30-14-101, *et seq*.

924.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

925.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

926.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

927.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

928.   Defendants deny the allegations in this paragraph.

929.   Defendants deny the allegations in this paragraph.

930.   Defendants deny the allegations in this paragraph.

931.   Defendants deny the allegations in this paragraph.

932.   Defendants deny the allegations in this paragraph.

933.   Defendants deny the allegations in this paragraph.

934.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEBRASKA SUBCLASS

## COUNT 58

## NEBRASKA CONSUMER PROTECTION ACT,
### Neb. Rev. Stat. §§ 59-1601, *et seq*.

935.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

936.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

937.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

938.   Defendants deny the allegations in this paragraph.

939.   Defendants deny the allegations in this paragraph.

940.   Defendants deny the allegations in this paragraph.

941.   Defendants deny the allegations in this paragraph.

942.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## COUNT 59

## NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT,
### Neb. Rev. Stat. §§ 87-301, *et seq.*

943.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

944.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

945.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

946.   Defendants deny the allegations in this paragraph.

947.   Defendants deny the allegations in this paragraph.

948.   Defendants deny the allegations in this paragraph.

949.   Defendants deny the allegations in this paragraph.

950.   Defendants deny the allegations in this paragraph.

951.   Defendants deny the allegations in this paragraph.

952.   Defendants deny the allegations in this paragraph.

953.   Defendants deny the allegations in this paragraph.

954.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

## COUNT 60

## NEVADA DECEPTIVE TRADE PRACTICES ACT,
### Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*

955.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

956.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

957.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

958.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

959.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

960.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

961.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

962.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

963.   The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEW HAMPSHIRE SUBCLASS

## COUNT 61

### NOTICE OF SECURITY BREACH,
N.H. Rev. Stat. Ann. §§ 359-C:20(I)(A), *et seq.*

964.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

965.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

966.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

967.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

968.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

969.   Defendants deny the allegations in this paragraph.

970.   Defendants deny the allegations in this paragraph.

971.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 62

## NEW HAMPSHIRE CONSUMER PROTECTION ACT, N.H.R.S.A. §§ 358-A, *et seq.*

972.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

973.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

974.   The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

198

975.   Defendants deny the allegations in this paragraph.

976.   Defendants deny the allegations in this paragraph.

977.   Defendants deny the allegations in this paragraph.

978.   Defendants deny the allegations in this paragraph.

979.   Defendants deny the allegations in this paragraph.

980.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS

## COUNT 63

## NEW JERSEY CUSTOMER SECURITY BREACH DISCLOSURE ACT, N.J. Stat. Ann. §§ 56:8-163, *et seq*.

981.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

982.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

983. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

984. With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied. To the extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

985. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

986. Defendants deny the allegations in this paragraph.

987. Defendants deny the allegations in this paragraph.

988. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## COUNT 64

### NEW JERSEY CONSUMER FRAUD ACT,
### N.J. Stat. Ann. §§ 56:8-1, *et seq*.

989.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

990.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

991.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

992.   The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

993.   Defendants deny the allegations in this paragraph.

994.   Defendants deny the allegations in this paragraph.

995.   Defendants deny the allegations in this paragraph.

996.   Defendants deny the allegations in this paragraph.

997.   Defendants deny the allegations in this paragraph.

998.   Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal

conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEW MEXICO SUBCLASS

## COUNT 65

## NEW MEXICO UNFAIR PRACTICES ACT, N.M. Stat. Ann. §§ 57-12-2, *et seq.*

999.   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1000. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1001. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1002. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1003. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1004. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1005. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1006. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1007. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1008. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1009. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

## COUNT 66

## INFORMATION SECURITY BREACH AND NOTIFICATION ACT, N.Y. Gen. Bus. Law § 899-aa

1010. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1011. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1012. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1013. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1014. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1015. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1016. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1017. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## COUNT 67

## NEW YORK GENERAL BUSINESS LAW,
### N.Y. Gen. Bus. Law §§ 349, *et seq.*

1018. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1019. Defendants deny the allegations in this paragraph.

1020. Defendants deny the allegations in this paragraph.

1021. Defendants deny the allegations in this paragraph.

1022. Defendants deny the allegations in this paragraph.

1023. Defendants deny the allegations in this paragraph.

1024. Defendants deny the allegations in this paragraph.

1025. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal

conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS
## COUNT 68

### NORTH CAROLINA IDENTITY THEFT PROTECTION ACT,
### N.C. Gen. Stat. §§ 75-60, *et seq.*

1026. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1027. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1028. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1029. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1030. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1031. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1032. Defendants deny the allegations in this paragraph.

1033. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1034. Defendants deny the allegations in this paragraph.

1035. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 69

## NORTH CAROLINA UNFAIR TRADE PRACTICES ACT,
### N.C. Gen. Stat. Ann. §§ 75-1.1, *et seq*.

1036. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1037. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1038. Defendants deny the allegations in this paragraph.

1039. Defendants deny the allegations in this paragraph.

1040. Defendants deny the allegations in this paragraph.

1041. Defendants deny the allegations in this paragraph.

1042. Defendants deny the allegations in this paragraph.

1043. Defendants deny the allegations in this paragraph.

1044. Defendants deny the allegations in this paragraph.

1045. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE NORTH DAKOTA SUBCLASS

## COUNT 70

## NOTICE OF SECURITY BREACH FOR PERSONAL INFORMATION, N.D. Cent. Code §§ 51-30-02, *et seq*.

1046. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1047. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1048. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1049. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1050. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1051. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1052. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1053. Defendants deny the allegations in this paragraph.

1054. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal

conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 71

## NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT, N.D. Cent. Code §§ 51-15-01, *et seq.*

1055. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1056. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1057. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1058. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1059. Defendants deny the allegations in this paragraph.

1060. Defendants deny the allegations in this paragraph.

1061. Defendants deny the allegations in this paragraph.

1062. Defendants deny the allegations in this paragraph.

1063. Defendants deny the allegations in this paragraph.

1064. Defendants deny the allegations in this paragraph.

1065. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE OHIO SUBCLASS

## COUNT 72

## OHIO CONSUMER SALES PRACTICES ACT,
### Ohio Rev. Code §§ 1345.01, *et seq*.

1066. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1067. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1068. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1069. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1070. Defendants deny the allegations in this paragraph.

1071. Defendants deny the allegations in this paragraph.

1072. Defendants deny the allegations in this paragraph.

1073. Defendants deny the allegations in this paragraph.

1074. Defendants deny the allegations in this paragraph.

1075. Defendants deny the allegations in this paragraph.

1076. Defendants deny the allegations in this paragraph.

1077. Defendants deny the allegations in this paragraph.

1078. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## COUNT 73

### OHIO DECEPTIVE TRADE PRACTICES ACT,
### Ohio Rev. Code §§ 4165.01, *et seq*.

1079. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1080. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1081. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1082. Defendants deny the allegations in this paragraph.

1083. Defendants deny the allegations in this paragraph.

1084. Defendants deny the allegations in this paragraph.

1085. Defendants deny the allegations in this paragraph.

1086. Defendants deny the allegations in this paragraph.

1087. Defendants deny the allegations in this paragraph.

1088. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

## COUNT 74

## OKLAHOMA CONSUMER PROTECTION ACT,
### Okla. Stat. Tit. 15, §§ 751, *et seq*.

1089. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1090. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1091. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1092. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1093. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1094. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1095. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1096. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1097. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1098. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1099. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1100. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required. To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE OREGON SUBCLASS

## COUNT 75

## OREGON CONSUMER IDENTITY THEFT PROTECTION ACT, Or. Rev. Stat. §§ 646A.604(1), *et seq*.

1101. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1102. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1103. With respect to the allegations in this paragraph, Defendants state that the quoted statute speaks for itself, and, to the extent the allegations misquote, misconstrue, or mischaracterize that statute, the allegations are denied.  To the extent this paragraph contains additional allegations to which a response is required, Defendants deny the allegations.

1104. Defendants deny the allegations in this paragraph.

1105. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1106. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1107. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1108. Defendants deny the allegations in this paragraph.

1109. Defendants deny the allegations in this paragraph.

1110. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1111. Defendants deny the allegations in this paragraph.

1112. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## COUNT 76

### OREGON UNLAWFUL TRADE PRACTICES ACT, Or. Rev. Stat. §§ 646.608, *et seq*.

1113. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1114. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1115. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1116. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1117. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1118. Defendants deny the allegations in this paragraph.

1119. Defendants deny the allegations in this paragraph.

1120. Defendants deny the allegations in this paragraph.

1121. Defendants deny the allegations in this paragraph.

1122. Defendants deny the allegations in this paragraph.

1123. Defendants deny the allegations in this paragraph.

1124. Defendants deny the allegations in this paragraph.

1125. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE PENNSYLVANIA SUBCLASS

## COUNT 77

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq*.

1126. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1127. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1128. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1129. Defendants deny the allegations in this paragraph.

1130. Defendants deny the allegations in this paragraph.

1131. Defendants deny the allegations in this paragraph.

1132. Defendants deny the allegations in this paragraph.

1133. Defendants deny the allegations in this paragraph.

1134. Defendants deny the allegations in this paragraph.

1135. Defendants deny the allegations in this paragraph.

1136. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE PUERTO RICO SUBCLASS

## COUNT 78

## CITIZEN INFORMATION ON DATA BANKS SECURITY ACT, P.R. Laws Ann. tit. 10, §§ 4051, *et seq.*

1137. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1138. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1139. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1140. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1141. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1142. Defendants deny the allegations in this paragraph.

1143. Defendants deny the allegations in this paragraph.

1144. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE RHODE ISLAND SUBCLASS

## COUNT 79

## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT, R.I. Gen. Laws §§ 6-13.1, *et seq.*

1145. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1146. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1147. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1148. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1149. Defendants deny the allegations in this paragraph.

1150. Defendants deny the allegations in this paragraph.

1151. Defendants deny the allegations in this paragraph.

1152. Defendants deny the allegations in this paragraph.

1153. Defendants deny the allegations in this paragraph.

1154. Defendants deny the allegations in this paragraph.

1155. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

## COUNT 80

## SOUTH CAROLINA DATA BREACH SECURITY ACT,
### S.C. Code Ann. §§ 39-1-90, *et seq.*

1156. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1157. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1158. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1159. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1160. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1161. Defendants deny the allegations in this paragraph.

1162. Defendants deny the allegations in this paragraph.

1163. Defendants deny the allegations in this paragraph.

## CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

## COUNT 81

### SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT,
### S.C. Code Ann. §§ 39-5-10, et seq.

1164. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1165. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1166. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1167. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1168. Defendants deny the allegations in this paragraph.

1169. Defendants deny the allegations in this paragraph.

1170. Defendants deny the allegations in this paragraph.

1171. Defendants deny the allegations in this paragraph.

1172. Defendants deny the allegations in this paragraph.

1173. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1174. Defendants deny the allegations in this paragraph.

1175. Defendants deny the allegations in this paragraph.

1176. Defendants deny the allegations in this paragraph.

1177. Defendants deny the allegations in this paragraph.

1178. Defendants deny the allegations in this paragraph.

1179. Defendants deny the allegations in this paragraph.

1180. Defendants deny the allegations in this paragraph.

1181. Defendants deny the allegations in this paragraph.

1182. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

**CLAIMS ON BEHALF OF THE SOUTH DAKOTA SUBCLASS**

**COUNT 82**

**SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT,**
**S.D. Codified Laws §§ 37-24-1, et seq.**

1183. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1184. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1185. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1186. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1187. Defendants deny the allegations in this paragraph.

1188. Defendants deny the allegations in this paragraph.

1189. Defendants deny the allegations in this paragraph.

1190. Defendants deny the allegations in this paragraph.

1191. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1192. Defendants deny the allegations in this paragraph.

1193. Defendants deny the allegations in this paragraph.

1194. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE TENNESSEE SUBCLASS

## COUNT 83

## TENNESSEE PERSONAL CONSUMER INFORMATION RELEASE ACT, Tenn. Code Ann. §§ 47-18-2107, *et seq.*

1195. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1196. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1197. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1198. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1199. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1200. Defendants deny the allegations in this paragraph.

1201. Defendants deny the allegations in this paragraph.

1202. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE TENNESSEE SUBCLASS

## COUNT 84

### TENNESSEE CONSUMER PROTECTION ACT,
Tenn. Code Ann. §§ 47-18-101, *et seq.*

1203. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1204. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1205. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1206. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1207. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1208. Defendants deny the allegations in this paragraph.

1209. Defendants deny the allegations in this paragraph.

1210. Defendants deny the allegations in this paragraph.

1211. Defendants deny the allegations in this paragraph.

1212. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1213. Defendants deny the allegations in this paragraph.

1214. Defendants deny the allegations in this paragraph.

1215. Defendants deny the allegations in this paragraph.

1216. Defendants deny the allegations in this paragraph.

1217. Defendants deny the allegations in this paragraph.

1218. Defendants deny the allegations in this paragraph.

1219. Defendants deny the allegations in this paragraph.

1220. Defendants deny the allegations in this paragraph.

1221. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE TEXAS SUBCLASS

## COUNT 85

## DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT, Texas Bus. & Com. Code §§ 17.41, *et seq.*

1222. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1223. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

232

1224. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1225. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1226. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1227. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1228. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1229. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1230. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1231. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1232. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1233. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1234. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1235. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1236. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1237. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1238. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

**CLAIMS ON BEHALF OF THE UTAH SUBCLASS**

**COUNT 86**

**UTAH CONSUMER SALES PRACTICES ACT,**
**Utah Code §§ 13-11-1,** *et seq.*

1239. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1240. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1241. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1242. Defendants deny the allegations in this paragraph.

1243. Defendants deny the allegations in this paragraph.

236

1244. Defendants deny the allegations in this paragraph.

1245. Defendants deny the allegations in this paragraph.

1246. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1247. Defendants deny the allegations in this paragraph.

1248. Defendants deny the allegations in this paragraph.

1249. Defendants deny the allegations in this paragraph.

1250. Defendants deny the allegations in this paragraph.

1251. Defendants deny the allegations in this paragraph.

1252. Defendants deny the allegations in this paragraph.

1253. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE VERMONT SUBCLASS

## COUNT 87

## VERMONT CONSUMER FRAUD ACT,
### Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

1254. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1255. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1256. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1257. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1258. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1259. Defendants deny the allegations in this paragraph.

1260. Defendants deny the allegations in this paragraph.

1261. Defendants deny the allegations in this paragraph.

1262. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1263. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1264. Defendants deny the allegations in this paragraph.

1265. Defendants deny the allegations in this paragraph.

1266. Defendants deny the allegations in this paragraph.

1267. Defendants deny the allegations in this paragraph.

1268. Defendants deny the allegations in this paragraph.

1269. Defendants deny the allegations in this paragraph.

1270. Defendants deny the allegations in this paragraph.

1271. Defendants deny the allegations in this paragraph.

1272. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE VIRGIN ISLANDS SUBCLASS

## COUNT 88

### IDENTITY THEFT PREVENTION ACT,
### V.I. Code tit. 14 §§ 2208, *et seq.*

1273. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1274. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1275. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1276. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1277. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1278. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1279. Defendants deny the allegations in this paragraph.

1280. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE VIRGIN ISLANDS SUBCLASS

## COUNT 89

## VIRGIN ISLANDS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, V.I. Code tit. 12A, §§ 301, et seq.

1281. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1282. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1283. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1284. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1285. Defendants deny the allegations in this paragraph.

1286. Defendants deny the allegations in this paragraph.

1287. Defendants deny the allegations in this paragraph.

1288. Defendants deny the allegations in this paragraph.

1289. Defendants deny the allegations in this paragraph.

1290. Defendants deny the allegations in this paragraph.

1291. Defendants deny the allegations in this paragraph.

1292. Defendants deny the allegations in this paragraph.

1293. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1294. Defendants deny the allegations in this paragraph.

1295. Defendants deny the allegations in this paragraph.

1296. Defendants deny the allegations in this paragraph.

1297. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.   The remainder of the allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE VIRGIN ISLANDS SUBCLASS

## COUNT 90

## VIRGIN ISLANDS CONSUMER PROTECTION LAW, V.I. Code tit. 12A, §§101, *et seq.*

1298. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1299. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1300. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1301. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1302. Defendants deny the allegations in this paragraph.

1303. Defendants deny the allegations in this paragraph.

1304. Defendants deny the allegations in this paragraph.

1305. Defendants deny the allegations in this paragraph.

1306. Defendants deny the allegations in this paragraph.

1307. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1308. Defendants deny the allegations in this paragraph.

1309. Defendants deny the allegations in this paragraph.

1310. Defendants deny the allegations in this paragraph.

1311. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

**CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS**

**COUNT 91**

**VIRGINIA PERSONAL INFORMATION BREACH NOTIFICATION ACT,**
**Va. Code. Ann. §§ 18.2-186.6, et seq.**

1312. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1313. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1314. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1315. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1316. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1317. Defendants deny the allegations in this paragraph.

1318. Defendants deny the allegations in this paragraph.

1319. Defendants deny the allegations in this paragraph.

## CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS

## COUNT 92

### VIRGINIA CONSUMER PROTECTION ACT,
### Va. Code Ann. §§ 59.1-196, et seq.

1320. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1320. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1322. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1323. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1324. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1325. Defendants deny the allegations in this paragraph.

1326. Defendants deny the allegations in this paragraph.

1327. Defendants deny the allegations in this paragraph.

1328. Defendants deny the allegations in this paragraph.

1329. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1330. Defendants deny the allegations in this paragraph.

1331. Defendants deny the allegations in this paragraph.

1332. Defendants deny the allegations in this paragraph.

1333. Defendants deny the allegations in this paragraph.

1334. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS

## COUNT 93

## WASHINGTON DATA BREACH NOTICE ACT,
### Wash. Rev. Code §§ 19.255.010, et seq.

1335. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1336. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1337. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1338. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1339. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1340. Defendants deny the allegations in this paragraph.

1341. Defendants deny the allegations in this paragraph.

1342. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal

conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS
## COUNT 94

## WASHINGTON CONSUMER PROTECTION ACT,
Wash. Rev. Code Ann. §§ 19.86.020, *et seq.*

1343. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1344. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1345. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1346. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.  To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1347. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1348. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1349. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1350. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore, no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

1351. The allegations in this paragraph pertain solely to claims that have been dismissed by the Court's January 28, 2019 Order [Dkt. 540] and, therefore,

no response is required.   To the extent a response to any allegations in this paragraph is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WEST VIRGINIA SUBCLASS

## COUNT 95

## WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT,
### W. Va. Code §§ 46A-6-101, *et seq.*

1352. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1353. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1354. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1355. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1356. The allegations in this paragraph contain legal conclusions that require no response.   To the extent a response is required, Defendants deny the allegations.

1357. Defendants deny the allegations in this paragraph.

1358. Defendants deny the allegations in this paragraph.

1359. Defendants deny the allegations in this paragraph.

1360. Defendants deny the allegations in this paragraph.

1361. Defendants deny the allegations in this paragraph.

1362. Defendants deny the allegations in this paragraph.

1363. Defendants deny the allegations in this paragraph.

1364. Defendants deny the allegations in this paragraph.

1365. Defendants deny the allegations in this paragraph.

1366. Defendants deny the allegations in this paragraph.

1367. Defendants deny the allegations in this paragraph.

1368. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1369. Defendants deny the allegations in this paragraph.

1370. Defendants deny the allegations in this paragraph.

1371. Defendants deny the allegations in this paragraph.

1372. Defendants deny the allegations in this paragraph.

1373. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WISCONSIN SUBCLASS

## COUNT 96

## NOTICE OF UNAUTHORIZED ACQUISITION OF PERSONAL INFORMATION,
## Wis. Stat. §§ 134.98(2), et seq.

1374. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1375. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1376. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1377. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1378. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1379. Defendants deny the allegations in this paragraph.

1380. Defendants deny the allegations in this paragraph.

1381. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WISCONSIN SUBCLASS

## COUNT 97

## WISCONSIN DECEPTIVE TRADE PRACTICES ACT, Wis. Stat. § 100.18

1382. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1383. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1384. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1385. Defendants deny the allegations in this paragraph.

1386. Defendants deny the allegations in this paragraph.

1387. Defendants deny the allegations in this paragraph.

1388. Defendants deny the allegations in this paragraph.

1389. Defendants deny the allegations in this paragraph.

1390. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1391. Defendants deny the allegations in this paragraph.

1392. Defendants deny the allegations in this paragraph.

1393. Defendants deny the allegations in this paragraph.

1394. The allegations in this paragraph contain legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

1395. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph. The remainder of the allegations in this paragraph contain legal

conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## CLAIMS ON BEHALF OF THE WYOMING SUBCLASS

## COUNT 98

## COMPUTER SECURITY BREACH; NOTICE TO AFFECTED PERSONS, Wyo. Stat. Ann. §§ 40-12-502(a), *et seq.*

1396. Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

1397. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1398. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1399. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1400. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1401. Defendants deny the allegations in this paragraph.

1402. Defendants deny the allegations in this paragraph.

1403. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## RECOVERY OF EXPENSES OF LITIGATION ON BEHALF OF ALL PLAINTIFFS

### COUNT 99

### O.C.G.A. § 13-6-11

1404. The allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

1405. Defendants deny the allegations in this paragraph.

1406. Defendants admit that Plaintiffs purport to seek the relief stated in this paragraph.  The remainder of the allegations in this paragraph contain legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF

The paragraphs under the heading "Request for Relief" on pages 554 through 556 of the Complaint, including the numbered and unnumbered paragraphs, do not contain allegations to which a response is required. To the extent these paragraphs of the Complaint contain any allegations to which a response is required, Defendants deny the allegations. Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants, including but not limited to the relief request the under the heading labeled "Request for Relief" on pages 554 to 556 of the Complaint.

Defendants deny all of the allegations in the Complaint that are not expressly herein admitted or that are neither admitted nor denied for lack of information or knowledge sufficient to form a belief as to the truth or falsity of the allegations.

## ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants plead the following defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs lack prudential standing to assert some of their claims.

## THIRD DEFENSE

Plaintiffs' claims fail because they have not suffered any actual, accrued injury or damage.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to exercise due care and diligence to avoid loss or minimize any damages allegedly sustained.

## FIFTH DEFENSE

The alleged damages suffered by Plaintiffs, if any, were caused by the acts of others for whose conduct Defendants were not responsible.

## SIXTH DEFENSE

Plaintiffs' claims are barred because any alleged harm is the result of the intervening and superseding criminal conduct of a third party, not Defendants.

## SEVENTH DEFENSE

To the extent Plaintiffs' damages, if any, were caused in part by Plaintiffs' negligence, Plaintiffs' claims are barred by the doctrine of contributory negligence.

## EIGHTH DEFENSE

Plaintiffs' recovery, if any, should be diminished by the proportion of Plaintiffs' own negligence or other fault, if any, under the doctrine of comparative fault.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of actual or proximate causation.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages, if any, were not reasonably foreseeable and to the extent that Plaintiffs' alleged damages are supported only with speculation and conjecture.

## ELEVENTH DEFENSE

Under applicable law, Defendants do not owe a common law duty of care to Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs' negligence claims are barred because any common law duty of care recognized by the Court cannot be applied retroactively to conduct that occurred before the duty existed or was recognized.

## THIRTEENTH DEFENSE

Plaintiffs' negligence claim is barred by the Due Process Clause of the United States Constitution because Defendants lacked notice of a common law duty of care.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

## FIFTEENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or unclean hands.

## SIXTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, to the extent necessary and indispensable parties to this action have not been joined under Federal Rule of Civil Procedure 19, prohibiting this action from proceeding in equity and good conscience among the parties presently before the Court. Defendants specifically reserve the right to implead such parties.

## SEVENTEENTH DEFENSE

Defendants at all times acted in good faith and in compliance with applicable laws and regulations.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, due to a lack of privity with Defendants.

## NINETEENTH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, such awards are prohibited here under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, the Complaint is devoid of facts sufficient to constitute a cause of action allowing for such an award.

## TWENTY-FIRST DEFENSE

Plaintiffs are barred from recovering in excess of $250,000 in punitive damages. *See* O.C.G.A. § 51-12-5.1(g).

## TWENTY-SECOND DEFENSE

Plaintiffs fail to identify a factual or legal basis for their claim for attorneys' fees.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims under foreign state consumer protection or deceptive trade practice laws are barred by the Dormant/Nascent Commerce Clause and the Due Process Clause of the United States Constitution.

## TWENTY-FIFTH DEFENSE

Some or all of Plaintiffs' claims under foreign state consumer protection or deceptive trade practice laws are barred because those laws do not apply to conduct occurring in Georgia.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims fail, in whole or in part, for failure to satisfy conditions precedent to suing under the laws on which Plaintiffs base some or all of their claims, including but not limited to Plaintiffs' failure to provide requisite written demands.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims fail in part to the extent Plaintiffs cannot maintain claims in a representative capacity under their state-law statutory causes of action.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims fail to the extent the statutes or regulations upon which Plaintiffs rely do not provide individuals with a private right of action, including but not limited to Section 5 of the Federal Trade Commission Act and any "similar

state statutes," which provide no private right of action or basis for any negligence *per se* claim.

### TWENTY-NINTH DEFENSE

To the extent Plaintiffs' claims require Plaintiffs to have engaged in consumer transactions, the claims fail in part because Plaintiffs did not engage in any consumer transactions with Defendants.

### THIRTIETH DEFENSE

Plaintiffs' Complaint fails to plead claims of fraud with particularity and fails to plead that Defendants acted with scienter.

### RESERVATION

Defendants expressly and specifically reserve the right to amend this answer to add, remove, or modify defenses based on legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiffs' positions in this litigation.

\*     \*     \*

**THEREFORE**, having fully answered Plaintiffs' Complaint, Defendants request that the Complaint be dismissed with prejudice; that judgment be entered in Defendants' favor; that costs be taxed against Plaintiffs; and that Defendants be awarded such additional relief as the Court deems just and proper.

Respectfully submitted this 25th day of February, 2019.

/s/ David L. Balser
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

<u>/s/ David L. Balser</u>
David L. Balser
Georgia Bar No. 035835