IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br><br>CONSUMER CASES |

**EQUIFAX DEFENDANTS' OPPOSITION TO THE
ABRAMSON, ACOSTA-SMITH, AND WARD PLAINTIFFS' MOTIONS
TO VACATE ORDERS ADMINISTRATIVELY CLOSING THEIR CASES
AND FOR A RULING ON THEIR MOTIONS TO REMAND**

The Court should deny the Abramson, Acosta-Smith, and Ward Plaintiffs' (collectively, the "Movants") motions to vacate the Court's orders administratively closing their cases (the "Closing Orders") and for rulings on their motions to remand (Dkt. Nos. 565 & 568). The Court should not vacate the Closing Orders because administrative closure orders are just that—administrative—and do not prevent the Court from ruling on pending motions or prejudice the Movants' rights in any way. This Court has broad discretion to manage this MDL proceeding, including the discretion to address the Movants' remand motions at a time it deems appropriate.

## BACKGROUND

In Case Management Order No. 2 ("CMO-2"), the Court established that this MDL would have two tracks—a Consumer Track and a Financial Institutions Track—and directed the Lead Plaintiffs in those tracks to file "master consolidated complaint[s]." CMO-2 at 2–3, Dkt. No. 87. CMO-2 further advised that "[n]o pleadings, motions, or other documents" should be filed on "any of the dockets that have been established for the individual cases that are part of" the MDL and that the Court intended to "administratively close" those individual cases after the master consolidated complaints were filed. *Id.* at 4.

After the Movants' cases were transferred to the MDL, and consistent with Case Management Order No. 5 ("CMO-5," Dkt. No. 409), the Movants filed renewed motions to remand (Dkt. Nos. 350 & 459), which are now fully briefed.

On February 20, 2019, the Court directed the Clerk to "ADMINISTRATIVELY CLOSE all the individual civil actions" that are part of this MDL, including the Movants' cases, but excluding the actions brought by the City of Chicago and the Commonwealth of Puerto Rico. Dkt. No. 563.

The Movants now ask the Court to vacate the Closing Orders and to rule on their motions to remand.

## ARGUMENT

First, the Court should deny the Movants' motions to vacate the Closing Orders because the Court's administrative closure of the Movants' cases was appropriate. An MDL "transferee judge has broad discretion to employ any number of pretrial techniques . . . [to] efficiently manage the various aspects" of the litigation. *In re Deepwater Horizon Oil Rig Oil Spill*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Included within that discretion is the power to administratively close cases. *See, e.g.*, *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, No. ML-02668-BRO (JEMx), 2016 WL 6768841, at *3 (C.D. Cal. May 23, 2016) (ordering the plaintiffs to file a consolidated complaint on the MDL docket and directing the clerk to administratively close the individual cases within the MDL).

The Movants contend that the Closing Orders should be vacated because their motions to remand are pending. But the Movants' motions to remand are unaffected by the administrative closure of their individual cases. The Movants filed their renewed motions to remand on the *MDL docket* in accordance with CMO-5. *See* CMO-5 at 2–3; *see also* Dkt. Nos. 350, 459. Regardless, administrative closure orders do not prevent courts from ruling on pending motions or "prejudice the rights of the parties to litigation in any manner." *Sessions v.*

*Barclays Bank Del.*, 276 F. Supp. 3d 1349, 1352 n.1 (N.D. Ga. 2017); *see Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("[A]n administrative closing has no effect other than to remove a case from the court's active docket[.]" (alterations added) (quoting *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999))). Accordingly, that Movants' motions to remand are pending does not warrant vacating the Closing Orders.[1]

Second, the Court should deny the Movants' request for immediate rulings on their remand motions. District courts already have "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001), and "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings," *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). With regard to motions to remand in particular, a decision to "defer consideration of . . . jurisdictional challenges . . . is comfortably within the bounds" of a MDL judge's discretion to manage its docket. *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 127 (2d Cir. 2010) (Kaplan, J.

---

[1] Because the administrative orders have no bearing on the Movants' pending motions to remand, the Abramson and Acosta-Smith Plaintiffs' suggestion that Equifax somehow "failed to bring [the pending motions] to th[e] Court's attention," Dkt. No. 565 at 2, is unfounded.

4

concurring). After all, "[d]eciding each motion [to remand] prior to addressing other issues common to all or most cases . . . could require a significant expenditure of judicial time and resources, derailing the progress of the litigation as a whole." *Id.* at 128.

The Court, therefore, has broad discretion to defer ruling on the Movants' motions to remand, and the Movants' motions for immediate rulings on their jurisdictional challenges should be denied.

## CONCLUSION

For these reasons, the Court should deny the Movants' motions to vacate the Closing Orders and their requests for immediate rulings on their remand motions.

DATED:  March 7, 2019

Respectfully Submitted,
*/s/ David L. Balser*
**KING & SPALDING LLP**
David L. Balser
  Georgia Bar No. 035835
Phyllis B. Sumner
  Georgia Bar No. 692165
S. Stewart Haskins II
  Georgia Bar No. 336104
Elizabeth D. Adler
  Georgia Bar No. 558185
John C. Toro
  Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com

psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1B. This brief was prepared on a computer using the Times New Roman font (14 point).

DATED:  March 7, 2019

*/s/ David L. Balser*
David L. Balser

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ David L. Balser*
David L. Balser
