**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| _____ | ) MDL Docket No. 2800 |
| In re: Equifax, Inc. Customer | ) Case No.: 1:17-md-2800-TWT |
| Data Security Breach Litigation | ) |
| | ) **ALL CASES** |
| | ) |
| _____ | ) |

**PLAINTIFFS' NOTICE OF FURTHER SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION FOR ENTRY OF ORDER RELATING
TO INTERVIEWS OF DEFENDANTS' FORMER EMPLOYEES**

On October 22, 2018, Plaintiffs in the Consumer and Financial Institution Tracks filed a motion seeking limited relief from the discovery stay and entry of an order addressing Plaintiffs' ability to interview Equifax's former employees who entered into non-disclosure agreements with the company. [Doc. 488]. Plaintiffs no longer need relief from the discovery stay, which will soon be lifted as a result of the ruling on Equifax's motion to dismiss, but continue to have a need for an order addressing the circumstances under which they can interview former Equifax employees with NDAs. At the last status conference, the Court indicated that it will enter an order related to the NDAs and has before it competing proposals from the parties. This Notice presents additional information that supports Plaintiffs' need for relief and the entry of their proposed order.

Last Thursday, after an extensive investigation, the Permanent Subcommittee on Investigations of the U.S. Senate Committee on Homeland Security and Governmental Affairs released a report entitled "How Equifax Neglected Cybersecurity and Suffered a Devastating Data Breach." (Hereinafter the "Report," a copy of which is attached as Exhibit 1.)[1]  The report details 18 major "findings of fact" supporting the Subcommittee's conclusions that Equifax's response to the "vulnerability that facilitated the breach was inadequate and hampered by Equifax's neglect of cybersecurity" and that "Equifax's shortcomings are long-standing and reflect a broader culture of complacency toward cybersecurity preparedness." Report at 6.

Significantly, however, the Subcommittee stated that it "lacks a full understanding of the breach" because it could not obtain complete records of Equifax's relevant internal communications. *Id.* at 6.  That is because the Equifax employees who discovered and responded to the breach talked among themselves using Microsoft Lync, an internal messaging platform.  However, despite this fact, the company did not preserve the employees' discussions during the critical six-week period from July 29, 2017, when the breach was first discovered, until

---

[1] The report is also available online through the committee's website at https://www.hsgac.senate.gov/imo/media/doc/FINAL%20Equifax%20Report.pdf.

September 15, 2017, a week after the breach was publicly announced.

The Executive Summary of the Report summarizes the relevant facts as follows:

> **Equifax Failed to Properly Preserve All Documents Related to the Breach.** Several current and former Equifax employees stated that they regularly used an internal chat system, Microsoft Lync, to communicate with other Equifax employees throughout the company. These individuals told the Subcommittee they used Microsoft Lync to communicate real-time findings related to the breach once they discovered the suspicious activity. They also told the Subcommittee they used Lync to discuss subsequent response efforts. While the company's document retention policy defines a 'record' to include any document written in the course of company business, Equifax considers these Lync types of chats to be disposable records. While the legal hold was issued on August 22, 2017, Equifax did not begin to preserve Lync chats until September 15, 2017. Therefore, the Subcommittee does not have a complete record of documents concerning the breach.

*Id.* at 11. The body of the report discusses the facts in much greater detail, describing how the Subcommittee learned that Equifax's employees routinely used the Lync platform, the Subcommittee's subsequent request that Equifax produce the Lync communications relating to the breach, and Equifax's response that "the chats that took place before September disappeared" even though a litigation hold was in place. Report at 62-67.

Setting aside the issue of potential spoliation of evidence the Subcommittee's discovery raises,[2] Equifax's use of a communication system that allowed its employees to talk to each other regarding the data breach without taking necessary steps to preserve such communications is consistent with other steps taken by the company to make it more difficult for others – whether Congressional investigators or Plaintiffs' counsel – to uncover what happened.  These other steps, as described in Plaintiffs' motion for limited discovery, included directing Equifax employees to use code words such as "Project Sierra" and "Project Sparta" to hide from others their communications about the breach and requiring employees who worked on the breach to sign NDAs to prevent them from discussing the relevant facts.  Under the circumstances, it is especially important that Plaintiffs be able to utilize all of the methods available to them under the rules to discover the facts needed to prove their claims.

---

[2] Plaintiffs' counsel first learned of the missing documents upon reading the Subcommittee's report last week.  Before then, Plaintiffs' counsel understood from Equifax that the Lync messages had been preserved.  In its ESI Disclosures prepared pursuant to CMO 4 [Doc. 261, §III], Equifax described the Lync messaging system, acknowledged that it likely housed relevant data, and stated that the messages had been preserved.  Equifax did not inform Plaintiffs that the Lync instant messages for this critical time period were not maintained and that, as a result, relevant evidence was lost. Pursuant to the Stipulated Protective Order [Doc. 298], Defendants' ESI disclosures were marked as highly confidential.  As the Protective Order discourages the filing of materials under seal except where "necessary to the resolution of a motion or other matters before the court," (*id.*, ¶IX(C), at 16-17), Plaintiffs are not

One of the methods available to Plaintiffs is interviewing former Equifax employees who are willing to talk about non-privileged matters relating to the breach outside the purview of the company and its lawyers. While Plaintiffs have the ability to depose these witnesses, the number of depositions and the time allowed for them is limited by the Court's Case Management Orders. Moreover, depositions are not an adequate substitute for a host of reasons.  For example, the former employees may be less forthcoming while being videotaped in a formal settling involving Equifax's lawyers, particularly about matters which they believe may be true but are less than certain about.  Plaintiffs' counsel will be better prepared and more efficient with the benefit of a pre-deposition interview.   And, depositions are far more expensive.

Plaintiffs' proposed order regarding Equifax's NDAs, while meeting every relevant legal and ethical requirement, will afford Plaintiffs the best opportunity to conduct interviews under circumstances where the former employees feel comfortable cooperating and do not fear retribution.  In contrast, Equifax's proposed order imposes conditions that are likely to deter its former employees from talking with Plaintiffs and otherwise interfere with the discovery of information relevant to Plaintiffs' claims.

---

filing the ESI Disclosures at this time, but will do so at the Court's direction.

Especially in light of the Subcommittee's disclosures last week about Equifax's failure to preserve its employees' internal instant messages, Plaintiffs request that the Court enter their proposed order so that they can move forward with interviews of former Equifax employees who are bound by NDAs.

Respectfully submitted this 11th day of March, 2019.

| | |
|---|---|
| */s/ Amy E. Keller* | */s/ Kenneth S. Canfield* |
| Amy E. Keller | Kenneth S. Canfield |
| Adam J. Levitt | Georgia Bar No. 107744 |
| **DiCELLO LEVITT & CASEY LLC** | **DOFFERMYRE SHIELDS** |
| Ten North Dearborn Street | **CANFIELD & KNOWLES, LLC** |
| Eleventh Floor | 1355 Peachtree Street, N.E. |
| Chicago, Illinois 60602 | Suite 1900 |
| Tel. 312.214.7900 | Atlanta, Georgia 30309 |
| akeller@dlcfirm.com | Tel. 404.881.8900 |
| alevitt@dlcfirm.com | kcanfield@dsckd.com |

*/s/ Norman E. Siegel*
Norman E. Siegel
Barrett J. Vahle
J. Austin Moore
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com
vahle@stuevesiegel.com
moore@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

Roy E. Barnes
John R. Bevis
J. Cameron Tribble
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com
bevis@barneslawgroup.com
ctribble@barneslawgroup.com

David J. Worley
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
David M. Berger
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com
dmb@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS
GROSSMAN LLP**
One Penn Plaza, 19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN
COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

<u>**AND**</u>

| | |
|---|---|
| */s/ Joseph P. Guglielmo* | */s/ Gary F. Lynch* |
| Joseph P. Guglielmo | Gary F. Lynch |
| **SCOTT+SCOTT ATTORNEYS AT LAW LLP** | **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP** |
| 230 Park Avenue, 17th Floor | 1133 Penn Avenue, 5th Floor |
| New York, New York 10169 | Pittsburgh, Pennsylvania 15222 |
| Tel. 212.223.6444 | Tel. 412.322.9243 |
| jguglielmo@scott-scott.com | glynch@carlsonlynch.com |

*Financial Institution Plaintiffs' Co-Lead Counsel*

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, Georgia 30305
Tel. 404.842.9700
cgillen@gwllawfirm.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, Georgia 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300
Atlanta, Georgia 30327
Tel. 404.572.4600
ranse@conleygriggs.com

*Financial Institution Plaintiffs' Co-Liaison Counsel*

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel. 504.525.8100
amurray@murray-lawfirm.com

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Tel. 612.349.8500
sslaughter@robinskaplan.com

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, Georgia 30305
Tel. 404.261.7711
cvanhorn@bfvlaw.com

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, Arkansas 72201
Tel. 501.312.8500
acarney@cbplaw.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North
Suite 300
Minneapolis, Minnesota 55401
Tel. 612.339.7300
bbleichner@chestnutcambronne.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, Minnesota 55401
Tel. 501.812.5575
khriebel@locklaw.com

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, Arkansas 72223
Tel. 501.821.5575
karenhalbert@robertslawfirm.us

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel. 612.341.0400
brian.gudmunson@zimmreed.com

*Financial Institution Plaintiffs' Steering Committee*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its

CM/ECF service, which will send notification of such filing to all counsel of record

this 11th day of March, 2019.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com