**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>ALL ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**CONSUMER PLAINTIFFS' OPPOSITION TO COMMONWEALTH OF PUERTO RICO'S JOINDER WITH CITY OF CHICAGO'S MOTION TO ESTABLISH A SEPARATE TRACK FOR GOVERNMENTAL ENFORCEMENT ACTIONS**

Consumer Plaintiffs oppose the Commonwealth of Puerto Rico's attempt to create an additional litigation "track" in this MDL. (Doc. 561). Consumer Plaintiffs previously stated their opposition (Doc. 410) to the City of Chicago's similar motion (Doc. 385), and incorporate those same arguments here. The Commonwealth has not advanced any other good grounds for its motion. Because the Commonwealth has not carried its burden to establish the need for a separate track, and because such a track would needlessly complicate and likely delay the resolution of this litigation, the Consumer Plaintiffs respectfully request that the Commonwealth's Motion be denied for the reasons set forth below.

*First*, the growing multiplicity of requests for separate tracks illustrates why the Court should maintain the litigation structure and associated Plaintiffs' leadership it established more than a year ago. In addition to the Commonwealth and the City of Chicago's requests to pursue claims in a separate track, additional plaintiffs now seek another separate track for claims of Indian Tribal Governments. (Doc. 577).[1] Yet another plaintiff wants a separate track for those member cases that also name individual employees of Equifax as defendants. (*See* Plaintiff Carson Block's Mot. to Establish a Separate Discovery Track, Doc. 451-1, and Consumer Plaintiffs' Br. in Opp'n, Doc. 505).

Adding any one of these tracks, let alone all of them, would be unworkable. Depositions, for example, would inevitably devolve into a battle for allocation of questioning time. If the Court imposed a seven-hour deposition limit of a key Equifax executive, Consumer Plaintiffs, Financial Institution Plaintiffs, Governmental Entities, Indian Tribal Governments, Plaintiff Carson Block, and Equifax itself (to say nothing of the parties in the securities and derivatives cases) would all jockey for their hour or two of time on the record. This would create a chaotic setting that is neither consistent with the purpose of the MDL, nor consistent with effective and efficient management of this litigation. Instead, the

---

[1] Consumer Plaintiffs will oppose that motion on the schedule set by the Court.

Court should allow this MDL to proceed, as it has to date, in an orderly fashion, with long-appointed and accountable counsel for Consumer Plaintiffs and Financial Institution Plaintiffs coordinating as appropriate and in good-faith consultation with defense counsel, with whom the undersigned have an established professional relationship.

*Second*, as with the City of Chicago, the Commonwealth has not identified any discovery that would be unique to its case that is not likely to be within the scope of discovery sought in the existing tracks. The Consolidated Amended Complaint in the Consumer Track asserts the same claims on behalf of the same persons as asserted in the Commonwealth's Complaint.[2] Planned discovery will therefore cover the breach and Equifax's conduct as it relates to citizens of Puerto Rico. If, at the end of that process, the Commonwealth believes important discovery has not been developed that is necessary to pursue its claims, it is free to address additional discovery needs with the Court.

---

[2] The Commonwealth's Complaint asserts a single *parens patriae* claim—for negligence on behalf of "natural persons in Puerto Rico whose personal, confidential information was compromised as a result of the [Equifax data breach]." (Doc. 1, ¶¶ 65, 66-86, 1:18-cv-05611-TWT). Consumer Plaintiffs' Consolidated Amended Complaint pleads multiple claims—already tested by a Rule 12(b)(6) motion—on behalf of a nationwide class, and a subclass of "[a]ll natural persons residing in Puerto Rico whose Personal Information was compromised as a result of the [Equifax data breach]." (Doc. 374, ¶¶ 296, 297, 1137-44).

*Third*, the foundational premise of the Commonwealth's motion—that it needs separate discovery because Consumer Plaintiffs' discovery will focus only on class certification—is incorrect. (*See* Mot. at 2-4) (suggesting that the Commonwealth would separately engage in merits discovery while Consumer Plaintiffs deal with class certification). Discovery in this matter is not bifurcated between class certification and merits discovery. Consumer Plaintiffs (in coordination with the Financial Institution Plaintiffs) are conducting fulsome merits-based discovery right now, developing a comprehensive record of the facts and circumstances surrounding the Equifax data breach.[3]

*Fourth*, a lot of work has already been done by the existing leadership teams appointed by the Court since this multi-district proceeding began in December, 2017. For example, the existing leadership teams have been coordinating among

---

[3] Adding another track under the circumstances evidently envisioned by the Commonwealth—one in which it and the City of Chicago would be given responsibility for discovery relating to the merits while the existing lawyers are relegated to class certification discovery—would be especially disruptive and inefficient. There is no clear cut line between class certification and merits discovery, which the current case management orders recognize. To attempt to divide responsibilities for discovery around such a line would almost by definition either result in immense overlapping discovery or endless disputes between counsel as to what discovery falls within their areas of responsibility. Further, unless the Commonwealth has substantial experience in major data breach litigation, giving it responsibility for merits discovery will cause additional delay and inefficiency. Whether the Commonwealth or the private lawyers it has retained have such experience is not addressed in its motion.

themselves on interrogatories, document requests, and third-party discovery. The existing teams have also been working with defense counsel in negotiating the case management orders the Court has entered and conducting numerous meet and confer sessions. As a result of this work, the existing teams have developed a great deal of case-specific knowledge and come to extensive informal understandings with defense counsel. In contrast, the Commonwealth would be starting afresh, compelling the existing leadership to spend substantial time bringing the new lawyers up to speed and potentially turning over to them tasks that the existing leadership has been handling if the Commonwealth succeeded in being assigned responsibility for merits discovery.

*Fifth*, establishing a new track will inevitably cause significant delay and duplication. The complaints filed by the City and Commonwealth have not yet been tested by motions to dismiss, which presumably Equifax would want an opportunity to file before it answers. Regardless of whether dismissal motions are filed, a lot of work will need to be done in the new track to catch up with what has been done in the existing tracks. Among other things, case management orders would have to be negotiated with Equifax; additional interrogatories and document requests would have to be served; the infrastructure needed to handle a matter of this size, such as a document repository and contracts with e-discovery vendors,

would have to be created; and the new lawyers would need time to process and review documents that the existing leadership team is already reviewing.

*Sixth*, substantial discovery is already taking place. The existing leadership has scheduled the first deposition of a key former Equifax employee for April 16, has asked Equifax for dates to schedule the deposition of another former employee, and is about to issue a 30(b)(6) notice directed to Equifax. Document production and review is ongoing. And, more than 50 subpoenas have already been served on third-parties, who have been negotiating with the existing leadership about production and compliance issues. It makes little sense to bring these discovery efforts to a halt until the proposed new governmental track has been created so that the Commonwealth's lawyers can participate.[4] Conversely, if the discovery can proceed without their participation, the rationale for the proposed track is undercut.

*Seventh*, the simple fact of adding more lawyers into the mix will inevitably complicate and delay the proceedings. And the complications and delay will increase exponentially with each new set of lawyers that is added. Scheduling a deposition or a meet and confer session, for instance, will require finding a date

---

[4] The Commonwealth's proposal to be given responsibility for merits discovery would create additional problems for the ongoing discovery, which goes directly to the merits. Does the Commonwealth envision it would take over and begin from scratch the meet and confer process with Equifax and the third-parties? Setting aside the inconvenience for Equifax and the third-parties, delay is almost assured.

6

that works for that many more people and thus make it that much harder. The depositions and meet and confer sessions themselves will likely take that much longer. More parties and lawyers likely will also mean more discovery disputes and more complicated status conferences. And, the creation of separate tracks would mean more *Daubert* motions and motions for summary judgment and therefore more work for the Court.

*Eighth*, the Commonwealth has only advanced one substantial reason to justify causing all of these complications and delay, namely that its "unique sovereign interests" entitle it to an enhanced status. But the Commonwealth does not explain how those interests override the interests in efficiency that led to the creation of this multidistrict proceeding or why the interests of one jurisdiction (first asserted long after this proceeding was created) take precedence over the interests of the more than 140 million Americans from jurisdictions other than Puerto Rico who were also victimized by the Equifax data breach. Certainly, as it points out, the Commonwealth may have the right to impose civil penalties on Equifax through an administrative process, as the federal government and many state attorneys general are contemplating, or if it is so-inclined to seek emergency relief under its laws to prevent another data breach from occurring. But that is not what the Commonwealth is seeking to do here. The Commonwealth simply has

brought duplicative claims for money damages in its capacity as *parens patriae* for its residents that are already being sought in this proceeding.

In any event, Consumer Plaintiffs do not seek to usurp the Commonwealth's claim. The Commonwealth retains the ability to prosecute its claims in accordance with its peculiar interests after coordinated discovery taken by the existing leadership teams has been completed. If the coordinated effort fails to discover some unique information the Commonwealth believes it needs, the Commonwealth will have ample opportunity to ask the Court for permission to do that discovery later pursuant to procedures that are available in any multi-district proceeding. For example, the Manual for Complex Litigation, Fourth ("Manual") § 11.453 sets forth a procedure for deferred supplemental depositions. After the coordinated depositions are taken, the Commonwealth can obtain the transcript and move for leave to ask additional questions if more testimony on particular points is necessary. Similarly, at the completion of coordinated discovery, the Court has discretion to allow any additional discovery needed for specific cases. *See* Manual § 11.422 (describing court's broad power to prioritize and sequence discovery by subject matter and by party). These common-sense procedures achieve the efficiencies that are the goal of the MDL mechanism and Federal Rule of Civil Procedure 1, while preserving the right of all plaintiffs to pursue their claims.

Because the Commonwealth has not met its burden to establish the need for a separate governmental track, its request should be denied.

Dated: March 15, 2019                                Respectfully submitted,

/s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

/s/ Amy E. Keller
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

/s/ Norman E. Siegel
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Consumer Plaintiffs' Co-Lead Counsel*

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 15th day of March, 2019.

/s/ Norman E. Siegel