**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT This document relates to: CONSUMER TRACK |

**EQUIFAX'S RESPONSE TO PUERTO RICO'S JOINDER WITH
CHICAGO'S MOTION TO ESTABLISH A SEPARATE TRACK**

Defendant Equifax Inc. ("Equifax") opposes the Commonwealth of Puerto Rico's Joinder With Plaintiff City of Chicago's Motion To Establish A Separate Track For Government Enforcement Actions (Dkt. No. 561). Like the City of Chicago, Puerto Rico suggests that its desire to control the litigation of its residents' claims against Equifax warrants creating a separate "government enforcement" track in this MDL proceeding. But, like the City of Chicago's claims, Puerto Rico's claims are entirely subsumed in the earlier-filed Consolidated Consumer Class Action Complaint ("Consol. Compl.," Dkt. No. 374), and are being prosecuted by Lead Consumer Plaintiffs' Counsel appointed by this Court. Chicago's and Puerto Rico's requests for specialized treatment are incompatible with the just and efficient management of complex Section 1407 litigation involving hundreds of cases arising

out of a nationwide data security incident.  For the reasons explained below and in Equifax's opposition to Chicago's earlier motion (Dkt. No. 411), the Court should deny Puerto Rico's motion and decline to establish a separate track solely for the Chicago and Puerto Rico lawsuits.

## BACKGROUND

Puerto Rico filed its complaint on June 28, 2018 in the United States District Court for the District of Puerto Rico.  Purporting to act in its *parens patriae* capacity, Puerto Rico asserts a single common law negligence claim against Equifax on behalf of Puerto Rico consumers whose personal information was impacted in the security incident.  *See generally* Puerto Rico's Complaint ("PR Compl.") at Exhibit A.

On July 25, 2018, Equifax noticed Puerto Rico's case to the U.S. Judicial Panel on Multidistrict Litigation ("JPML") as a potential tag-along action appropriate for inclusion in this MDL.  After the JPML entered a conditional transfer order ("CTO"), Puerto Rico moved to vacate it, but the JPML denied that motion and transferred Puerto Rico's case to this Court on December 6, 2018.  *See* Transfer Order, Dkt. No. 527.  The JPML determined that while "there may be some differences between [Puerto Rico's case] and the [*In re Equifax* MDL] consumer class actions, discovery between th[e] [Puerto Rico] action and the consumer class

actions will overlap significantly, and inclusion likely will result in efficiencies." *Id*. at 2.

Over five months before Puerto Rico filed its case, this Court had entered Case Management Order No. 2 ("CMO-2," Dkt. No. 87), which established two tracks—a Consumer Track and a Financial Institution Track—"to manage this multidistrict proceeding most efficiently."  CMO-2 at 2.  The Court established the Consumer Track to include all claims asserted by or on behalf of U.S. consumers, "including the 145.5 million individuals who [the Consumer] Plaintiffs allege had their personal information compromised in the breach."  *Id*. at 1.  Further, the Court appointed a team of experienced attorneys to represent the Consumer Plaintiffs (Dkt. No. 232), and ordered them to file a "master consolidated complaint" in the Consumer Track "to facilitate the efficient handling of this multidistrict litigation" (CMO-2 at 3).

In accordance with the Court's case management orders, the Consumer Plaintiffs filed the Consolidated Complaint on May 14, 2018, (Dkt. No. 374), over a month before Puerto Rico filed its own complaint.  The Consolidated Consumer Complaint asserts numerous claims—including the negligence claim asserted in Puerto Rico's Complaint—on behalf of a putative nationwide class that includes all impacted Puerto Rico consumers.  *Id*. ¶ 296.  The Consolidated Complaint also asserts state and territorial claims on behalf of numerous individual subclasses,

including a putative class of "[a]ll natural persons residing in [Puerto Rico] whose Personal Information was compromised as a result of the [2017 data security incident]." *Id*. ¶ 297.

Following transfer, the Court assigned Puerto Rico's lawsuit to the Consumer Track in accordance with the provisions of CMO-2. In support of its claim for negligence, Puerto Rico makes allegations *identical* to those made in the Consolidated Consumer Complaint. Both complaints allege, for example, that (i) Equifax owed consumers a duty "to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting" their personal information (Consol. Compl. ¶ 334 & PR Compl. ¶ 66); (ii) Equifax breached its duty by "failing to exercise reasonable care and implement adequate security systems, protocols, and practices" (Consol. Compl. ¶ 345 & PR Compl. ¶ 72); and (iii) as a result of Equifax's negligence, the plaintiffs suffer a "continued risk of exposure . . . of their Personal Information" (Consol. Compl. ¶ 347) or an "increased risk of identity theft or fraud" (PR Compl. ¶ 10).

Puerto Rico's complaint, moreover, requests categories of relief expressly sought in the Consolidated Complaint: (i) monetary damages, (ii) disgorgement, (iii) and attorneys' fees—and it seeks no other forms of relief. *Compare* PR Compl. Prayer for Relief *with* Consol. Compl. Request for Relief.

On January 28, 2019, the Court denied Equifax's motion to dismiss the Consumer Plaintiffs' negligence claim (Dkt. No. 540), and fact discovery will commence on that claim and other Consumer Plaintiffs' claims on March 29, 2019.

On February 15, 2019, over two months after its case was transferred to this MDL—and just before fact discovery is set to begin—Puerto Rico requests that the Court establish a separate track for "government enforcement actions."

## ARGUMENT

Puerto Rico makes two main arguments for a separate track.  First, it argues that it would be inefficient to keep its case in the Consumer Track because there are differences between its claims and those that the Consumer Plaintiffs assert.  Second, Puerto Rico suggests that allowing its claims to proceed in the Consumer Track will undercut its sovereign interests in prosecuting its claims in a *parens patriae* capacity. Neither of these arguments warrants creating a separate track.

### I.    Puerto Rico's Claims Properly Belong in the Consumer Track.

Puerto Rico incorrectly contends that including its case in the Consumer Track will cause procedural issues and inefficiencies.  It argues that its claims "are governed by different procedural rules," "implicate different legal issues, and seek different damages than the consumer class actions."  Mot. at 3.  These differences,

according to Puerto Rico, will cause delays and inefficiencies unless a separate track is carved out for its and Chicago's cases.  Puerto Rico's arguments lack merit.

To begin, Puerto Rico incorrectly asserts that its case involves "different legal issues" and seeks "different damages" than the Consolidated Consumer Complaint. As noted, Puerto Rico's negligence suit was filed after—and is fully subsumed by— the negligence claim asserted in the Consolidated Consumer Complaint. That Complaint requests all the categories of relief sought by Puerto Rico and more. *Compare* PR Compl. Prayer for Relief *with* Consol. Compl. Request for Relief.

Puerto Rico's reliance on *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-02724 (E.D. Pa.), is thus readily distinguishable.  The court there established a separate state attorneys general track where (i) 44 states, the District of Columbia, and Puerto Rico brought claims against numerous defendants; (ii) the investigation by the attorneys general into the defendants' alleged misconduct began over two years *before* the MDL proceeding was established; and (iii) the attorneys general—*unlike* other plaintiffs in that MDL—asserted a unique "overarching conspiracy" claim that was incompatible with the MDL court's existing case management procedures (which only allowed claims to be filed on a drug-by-drug basis).  No. 2:16-md-02724-CMR (E.D. Pa. June 5, 2018), ECF No. 603 at 3.

6

Here, in contrast, only Puerto Rico and the City of Chicago seek a "government enforcement" track, and the Consumer Plaintiffs' earlier-filed negligence claim subsumes Puerto Rico's lawsuit. Unlike in *In re Generic Pharmaceuticals*, the needs of this MDL have *not* changed so as to warrant creating a separate track for Puerto Rico's negligence claim, and in fact creating a separate track would create significant inefficiencies (*e.g.*, another round of motion to dismiss briefing and related discovery delays in the newly established track).

Nor does the fact that Puerto Rico filed a *parens patriae* suit—instead of a putative class action—warrant a separate track. CMO-2 does not limit the Consumer Track to putative class actions (and, in fact, the Consumer Track already includes over 60 non-class action lawsuits). Rather, every suit asserted by or on behalf of a consumer is to proceed within the Consumer Track. *See* CMO-2 at 1-3.[1] Because Puerto Rico's complaint expressly seeks to "recover damages on behalf of its population" of impacted consumers (PR Compl. ¶ 86), the Court properly assigned Puerto Rico's case to the Consumer Track, where it should remain.

---

[1] This Court's decision to group all consumer claims within a single Consumer Track falls squarely within its "broad discretion to employ any number of pretrial techniques . . . [to] efficiently manage the various aspects" of this MDL. *In re Deepwater Horizon Oil Rig Oil Spill*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010).

Additionally, Puerto Rico's argument that a separate track will enable it "to work through merits discovery-related issues while the [C]onsumer [P]laintiffs focus on class certification-related discovery" (Mot. at 4) is illogical—the Court has not bifurcated class certification and merits discovery.  Contrary to Puerto Rico's contention, permitting it to conduct separate discovery on a common law negligence claim would result in duplicative discovery and an undue burden on the parties and witnesses.  Puerto Rico's argument amounts to nothing more than a desire to control the prosecution of its own case, which—if allowed—would thwart any efficiencies to be gained by coordinated proceedings under Section 1407 and undermine the Court's appointment of lead counsel to represent affected consumers.[2]

## II.    Puerto Rico's Sovereign Interests Do Not Override This Court's Authority to Manage the MDL.

Puerto Rico is also incorrect that its sovereign interests prohibit this Court from assigning its case to the Consumer Track.  Regardless of Puerto Rico's authority to assert claims in a *parens patriae* capacity, this Court has "great[] discretion to organize, coordinate and adjudicate its proceedings," including by

---

[2] Puerto Rico's arguments in this regard mirror those of Plaintiff Block, who has also moved the Court to establish an individualized track for him to control discovery relating to his own claims. *See* Dkt. No. 451-1. These requests for special treatment run afoul of the case management protocols this Court adopted.

creating and assigning cases to separate tracks.  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

Puerto Rico cites *no* authority for its contention that allowing Lead Counsel for the Consumer Plaintiffs to represent the interests of Puerto Rico consumers would "improperly and illegally infringe on the statutory, constitutional, and other legal authority vested in the chief legal officers of . . . Puerto Rico." Mot. at 5.  To the contrary, MDL courts have properly denied motions to establish separate government tracks premised on similar arguments.  *See*, *e.g.*, *In re Deepwater Horizon Oil Rig Oil Spill*, No. 2:10-md-2179-CJB-JCW (E.D. La. Jan. 27, 2011), ECF No. 1076 (denying State of Louisiana's motion to create separate government track).

Not only does the Court have the authority to keep Puerto Rico's case in the Consumer Track, there is no reason not to do so.  Puerto Rico asserts that it has "fundamentally different responsibilities and objectives than the litigants seeking to advance the consumer class actions" (Mot. at 4).  That contention is not true—both the Consumer Plaintiffs and Puerto Rico seek similar relief for affected consumers.

Regardless, Puerto Rico fails to explain how its supposedly "different responsibilities and objectives" make including its case in the Consumer Track problematic.  Puerto Rico's sole cause of action is a common law negligence claim

identical to the Consumer Plaintiffs' negligence claim.  The Court has appointed Lead Counsel to prosecute the Consumer Plaintiffs' negligence claim on behalf of a putative nationwide class, and Puerto Rico has not identified any legitimate reason why the Consumer Plaintiffs and their counsel cannot adequately represent the claims of Puerto Rico consumers, especially since the Consumer Plaintiffs seek all the relief sought in Puerto Rico's complaint.  Further, Puerto Rico has made no showing that its *parens patriae* lawsuit is a superior method of litigating its citizens' claims arising out of the security incident.  Nor could it—the Court has appointed experienced Lead Counsel who have prosecuted claims in other data breach cases, including claims brought under Puerto Rico law on behalf of Puerto Rico citizens.[3]

\*      \*      \*

Puerto Rico offers reasons why it—presumably like hundreds of other plaintiffs—would *prefer* to control the prosecution of its claims, but it points to no authority holding that this Court should (or must) create a separate "government enforcement track" for two plaintiffs' claims, particularly since those claims are

---

[3] For example, three attorneys appointed as Consumer Plaintiffs' leadership counsel in this case (Norman Siegel, David Worley, and John Yanchunis) previously prosecuted Puerto Rico consumers' claims in the *In re The Home Depot, Inc.* data breach MDL in this Court, and two others (Andrew Friedman and Eric Gibbs) prosecuted claims on behalf of Puerto Rico consumers in the *In re Anthem, Inc.* data breach MDL in the Northern District of California.

contained in the Consolidated Consumer Complaint.  Section 1407 vests this Court

with broad discretion to create and assign cases to different tracks, and there is every

reason to keep Puerto Rico's case in the Consumer Track of this MDL.

## CONCLUSION

For these reasons, the Court should deny Puerto Rico's motion for a separate

track.

Respectfully submitted this 15th day of March, 2019.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
  Georgia Bar No. 035835
Phyllis B. Sumner
  Georgia Bar No. 692165
S. Stewart Haskins II
  Georgia Bar No. 336104
Elizabeth D. Adler
  Georgia Bar No. 558185
John C. Toro
  Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Defendant Equifax Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by Local Rule 5.1B.  This brief was prepared on a computer using the Times New Roman font (14 point).

DATED:  March 15, 2019

_/s/ S. Stewart Haskins II_
**KING & SPALDING LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
