IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>ALL CASES |
| KATIUSHKA REBECA ACOSTA-SMITH, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br><br><br>EQUIFAX INC., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:18-CV-1467-TWT |
| ASHLEY ABRAMSON, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br><br><br>EQUIFAX INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:18-CV- 1466-TWT |

**ORDER**

These are two cases transferred to this Court by the Judicial Panel on Multidistrict Litigation as part of the Equifax MDL proceeding. Each of the cases are filed on behalf of 49 plaintiffs. The cases were originally filed in state court in California and were removed by the Defendant to federal court prior to their transfer here. They are before the Court on the Plaintiffs' Motion to Remand [Doc. 350].

Each of the Plaintiffs specifically alleged that their compensatory and punitive damages and attorney fees were limited to $74,000.00. The Plaintiffs have submitted written stipulations that they do not seek and will not accept individual damages and attorney fees in excess of $74,000.00, and that no injunctive or declaratory relief is sought or will be accepted. A defendant may remove a state-court action to federal court on the basis of diversity of citizenship.[1] Diversity jurisdiction exists only where there is: (1) complete diversity between the citizenship of the plaintiffs and the defendants; and (2) a sufficient amount in controversy (more than $75,000).[2] Where either of those elements of diversity are lacking, federal courts must remand the action to the state court.[3] The Plaintiffs contend that their actions must be

---

[1]  28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1332.

[2]  28 U.S.C. § 1332(a).

[3]  28 U.S.C. § 1447(c).

remanded to state court because the amount in controversy is less than the jurisdictional amount of $75,000.00. The statute provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--(A) the notice of removal may assert the amount in controversy if the initial pleading seeks--(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).[4]

The Court looks to the law of the Eleventh Circuit to determine the presence or absence of subject matter jurisdiction. "When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law."[5]

The Eleventh Circuit suggests that deference should be given to a lawyer's pleading when an amount less that the jurisdictional amount is sought:

> Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel

---

[4] 28 U.S.C. § 1446(2).

[5] *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004).

has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.[6]

Any uncertainties are resolved in favor of remand.[7] A party is entitled to avoid federal court by seeking less than the jurisdictional amount.[8] The post-removal stipulations clarify the intentions of the Plaintiffs at the time of filing the Complaints to seek less than $75,000.00 and no injunctive or declaratory relief. The Defendant cannot meet its burden of proof in light of the Plaintiffs' stipulation that the damages and fees are less than $75,000 for each plaintiff.[9] The Plaintiffs' Motion to Remand [Doc. 350] is GRANTED. These actions are REMANDED to the Superior Court of Orange County, California. Any discovery in these cases will be duplicative of

---

[6] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[7] *Id.*

[8] *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement.").

[9] *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 (11th Cir. 2003).

4

discovery taken in this proceeding. I will be happy to discuss with the Superior Court judges assigned to these cases ways and means to avoid duplicative discovery and undue burden and expense to everyone involved.

SO ORDERED, this 18 day of March, 2019.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge