IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>CARSON BLOCK<br>an individual,<br><br>  Plaintiff,<br><br>  v.<br><br><br>EQUIFAX, INC., et al.,<br><br>  Defendants. | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>ALL CASES<br><br><br><br><br><br>CIVIL ACTION FILE<br>NO. 1:17-CV-5341-TWT |

**ORDER**

This is one of the actions arising out of the Equifax data breach transferred to this Court by the MDL Panel. It is before the Court on the Plaintiff Block's Motion to Establish Separate Discovery Track [Doc. 451]. The Plaintiff Carson Block seeks an order to establish a separate track for himself, and to modify certain Case Management Orders as needed to accommodate the establishment of this new track. He contends that this motion is necessitated by the fact that the Carson Block lawsuit

T:\ORDERS\17\In re Equifax\blockdisctrack.docx

is unique and distinct from the other cases in this multidistrict litigation insofar as the Plaintiff Block names a multiplicity of individual defendants who are otherwise not parties to any of the cases that have been centralized in this multidistrict litigation, and are not parties to the Consolidated Consumer Class Action Complaint that was filed on May 14, 2018. Specifically, the Plaintiff Block requests that he be free to conduct discovery without reference to the number restrictions set forth in Case Management Order No. 4, dated April 4, 2018, specifically those restrictions contained in Section VI thereof (relating to the number of interrogatories permitted); Section VII thereof (relating to the number of requests for admissions permitted); and Section X thereof (relating to the number of depositions permitted). The Plaintiff Block further requests he be allowed to serve such discovery requests as he deems necessary and appropriate, subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, as applicable, but subject to the time frames, deadlines and cut-off dates set forth in the Corrected Joint Preliminary Report and Discovery Plan, dated April 2, 2018, and other applicable Scheduling Orders and Case Management Orders in this case. Furthermore, the Plaintiff Block requests that he may propound discovery (including the taking of depositions) against any individual defendants without the restrictions otherwise imposed by the Order on Appointment of Lead Counsel, dated February 12, 2018, at p.10, otherwise requiring counsel not

2

serving in leadership positions to obtain authorization from Co-Lead Counsel as a condition of conducting such discovery or undertaking such work.

Everyone but the Plaintiff Block thinks that this is a terribly bad idea. The Consumer Plaintiffs say that the Plaintiff Block has not carried his burden to establish the need for such a separate track, which is not only unnecessary but would needlessly disrupt the orderly administration of this MDL. They say that the only material difference for purposes of the Plaintiff Block's motion between his complaint and the Consolidated Complaint filed by the lawyers appointed by this Court is that the Plaintiff Block sued individual defendants. But that difference does not justify a separate track in this litigation. The Plaintiff Block appears to have simply named as defendants a list of the officers and security employees of Equifax that the Plaintiff Block believes may have taken part in the events giving rise to this litigation. He makes no attempt to show that his claims against those defendants are not duplicative, that he cannot obtain full relief from the corporate defendants sued in the Consolidated Complaint, or that naming those defendants is the product of sound legal strategy. The Plaintiff Block has made no showing that he needs unique discovery that will not already be conducted in the consumer track. I agree.

Equifax says the Plaintiff Block's request for individualized treatment of his case at this early juncture, and his argument that he will be prejudiced if not allowed

to pursue his own discovery, reflect a fundamental misunderstanding of the purposes of consolidated pretrial proceedings under Section 1407. Indeed, granting the individualized relief the Plaintiff Block seeks would instead prejudice the hundreds of other member cases by hampering the Court's ability to efficiently oversee these consolidated pretrial proceedings for the benefit of the MDL as a whole. I agree.

Life is too short to go on with all of the additional reasons why this is a terribly bad idea. The Plaintiff Block's Motion to Establish Separate Discovery Track [Doc. 451] is DENIED.

SO ORDERED, this 20 day of March, 2019.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge