**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:  Equifax Customer Data Security Breach Litigation | MDL Docket No. 2800 |
| | No. 1:17-md-2800-TWT |
| This Document Relates To: | Case No. 1:18-cv-5611 |
| *Commonwealth of Puerto Rico,* Plaintiff, | Chief Judge Thomas W. Thrash, Jr. |
| v. | |
| *Equifax, Inc.*, Defendant. | |

**COMMONWEALTH OF PUERTO RICO'S REPLY IN SUPPORT OF ITS
JOINDER WITH
PLAINTIFF CITY OF CHICAGO'S MOTION TO ESTABLISH A
<ins>SEPARATE TRACK FOR GOVERNMENT ENFORCEMENT ACTIONS</ins>**

The responses to Puerto Rico's Motion filed by the Consumer Plaintiffs (at Dkt. 642) and Equifax (at Dkt. 643) underscore the very reason for Puerto Rico and Chicago's request for a separate track for governmental enforcement actions: Equifax and the Consumer Plaintiffs will not protect the rights of Puerto Rico and Chicago under the current system.  It is important to remember that the MDL process is one of pre-trial coordination, not wholesale relegation of certain cases in favor of others.  "The purposes of this transfer or 'centralization' process are to avoid duplication of discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties, their counsel and the judiciary. Transferred actions not

terminated in the transferee district are remanded to their originating transferor districts by the Panel at or before the conclusion of centralized pretrial proceedings." Jud. Panel on Multidistrict Litig., *Overview Of Panel*, *available at* https://www.jpml.uscourts.gov/overview-panel-0 (last visited Mar. 20, 2019).

The separate track sought by Puerto Rico and Chicago is vastly different from the proposal made by Plaintiff Carson Block. *See, e.g.* Order, Dkt. No. 649 (Mar. 20, 2019). Plaintiff Block, an individual, sought to establish a separate track to pursue discovery in excess of the limits set forth in the Case Management Orders in this MDL because Mr. Block named certain individuals as defendants in his complaint. *Id.* at 2. That is precisely the ***opposite*** of what Puerto Rico and Chicago seek to accomplish. Puerto Rico and Chicago seek to proceed with discovery in conformity with the limits of the Case Management Orders in this case, but seek only the opportunity to do so in a sequence that allows them to protect their sovereign interests.

The Consumer Plaintiffs have made it explicitly clear to Puerto Rico that they do not intend to allow Puerto Rico to participate, in any way, in the course of discovery and they do not intend to even allow Puerto Rico to ***access*** any information that is gained during discovery. The Consumer Plaintiffs propose to let Puerto Rico decide, at the end of the process, what additional discovery it wants to move for leave to pursue. Equifax did not even go that far. It is also important to note that

the sovereign interests bound up in the pursuit of Puerto Rico and Chicago's cases are, of course, fundamentally different than those of the class of individuals including Mr. Block.

Equifax and the Consumer Plaintiffs are inviting the Court to endorse a course of action by which whatever group of lawyers seeks to represent the biggest group of plaintiffs first can control, *in toto*, the progress of the entire litigation for all parties and for all time.  This extreme interpretation of the noble purpose of the MDL process is misguided and should not be countenanced.

## I.   Without A Separate Track, Discovery Will Be Needlessly Expensive And Time-Consuming.

Efficiency is one of the primary tenets of the MDL process, and no parties involved in the briefing on the instant motion disagree about that.  The disagreement, apparently, is on how to accomplish it.

Puerto Rico, like Chicago, simply wants to make sure that it has access to the discovery it needs to prove its case.  Puerto Rico has no desire to do any duplicative or unnecessary work in doing so.   However, and without the opportunity to contribute to discovery in real time, discovery in this already-complex MDL will be plagued with exactly the kind of duplication, expense and delay that pre-trial coordination is designed to avoid.

Puerto Rico asked counsel for the Consumer Plaintiffs simply for ***access*** to the written discovery requests they propounded to Equifax and the 30 subpoenas

they served on various third parties.  Counsel for the Consumer Plaintiffs refused to share such information.  *See* **Exh. 1** to the Declaration of Kyle G. Bates (E-mail Corr. Fr Norman Siegel dated Mar. 7, 2019).  Indeed, counsel for the Consumer Plaintiffs refused to coordinate in any way with Puerto Rico unless and until the pending motion for a separate track for government enforcement actions is granted. *Id.*

The Consumer Plaintiffs have told Puerto Rico that if it wants to participate in ***any*** discovery, it has to do so on its own.  When Puerto Rico asked to see the written discovery requests propounded by the Consumer Plaintiffs in order to "avoid subsequent duplicative requests by Puerto Rico," the Consumer Plaintiffs refused to provide them.

This kind of exclusive, opaque approach to discovery presents Puerto Rico and, by the same token, Chicago, with two choices:  1) Sit on the sidelines and allow private plaintiffs' counsel[1] who represent 96 individuals to conduct all of the discovery in the case without being allowed to see it, or 2) wait until the end of discovery and then, if the Consumer Plaintiffs decide to share whatever discovery they have obtained with Puerto Rico, Puerto Rico will then be forced at that point to take any additional discovery necessary to prosecute its claims.  This kind of

---

[1] The Consumer Plaintiffs make much of the fact that, at some prior points in time, certain of the lawyers representing the Consumer Plaintiffs have advanced claims in other cases on behalf of citizens of Puerto Rico and/or that arise under Puerto Rico law.  That is, of course, no substitute for an engagement by the Commonwealth of Puerto Rico to litigate claims in this case on its behalf.

staggered information asymmetry is perhaps the least efficient way possible to proceed with discovery.[2]

Additionally, the Consumer Plaintiffs have one significant issue about which they need to take discovery but that Puerto Rico and Chicago do not:  class certification.  If the Consumer Plaintiffs' proposed plan of action is adopted, Chicago and Puerto Rico will have to wait until ***all*** discovery is complete and ***all*** briefing on class certification to see what if any additional discovery they would need to "move for leave" to obtain.  It makes more sense, for all parties and the Court, for Puerto Rico and Chicago to have real-time access to discovery so that any additional discovery that is necessary for the prosecution of their cases can be incorporated into the process as it is occurring rather than at some as-yet-undetermined time in the future.

Finally, without any visibility into any of the discovery that is taking place in the case there is no possibility that Puerto Rico or Chicago could meaningfully explore the resolution of their claims.  For these reasons, a separate track for

---

[2] Equifax argues that this Court should follow the Eastern District of Louisiana's example in *In Re Deepwater Horizon Oil Rig Oil Spill*, in which the Eastern District denied the state of Louisiana's motion for leave to file a motion seeking the establishment of a separate track.  *Equifax's Response* at 9.  Equifax cites that opinion for the proposition that "MDL courts have properly denied motions to establish separate government tracks premised on similar arguments." The single-page order denying Louisiana's *motion for leave* to file a motion for separate track, and the order is devoid of any explanation or reasoning for the court's denial of Louisiana's motion for leave to file a motion for separate track. Moreover, as the Court is aware, creation of separate tracks in an MDL is a matter of judicial discretion to address the unique demands of an MDL on a case by case basis. Whether one district court denied a motion for leave in a completely unrelated case eight years ago does not mean a separate government track is unwarranted here.

government enforcement action will achieve the universally-agreed goal of efficient prosecution of this MDL.

**II. Equifax And The Consumer Plaintiffs Mischaracterize The State Of These Proceedings And The Nature Of Puerto Rico's Complaint.**

The arguments made by Equifax and the Consumer Plaintiffs against a separate track for government enforcement actions miss the mark, and are in some cases even internally inconsistent.

Equifax incorrectly argues that the claims of Puerto Rico and Chicago are being prosecuted by counsel for the Consumer Plaintiffs, and that Puerto Rico and Chicago's cases have been "assigned to the Consumer Track." Equifax's Response to Puerto Rico's Joinder With Chicago's Mot. to Establish a Separate Track, Dkt. 643 (Mar. 15, 2019) [hereinafter *Equifax's Response*] at 7. Not so. Puerto Rico's case was transferred to this Court by order of the JPML on December 6, 2018 (Dkt. No. 527). Appropriately, Puerto Rico's case has not been assigned to the Consumer Track.

Worse yet, Equifax paraphrases three pages of Case Management Order No. 2 for the proposition that "every suit asserted by or on behalf of a consumer is to proceed within the Consumer Track." *Id.* Not only does the Order (which was filed nearly one year before Puerto Rico's case was transferred to this Court) not say that, it explicitly contemplates the establishment of additional tracks as appropriate. "In the event those claims are not included in any consolidated amended complaint, the

small business plaintiffs may seek leave to establish a separate track for  such  cases.
. . .  If and when additional actions are filed in or transferred to this Court, the actions
will be assigned to the appropriate track."  Case Mgmt. Order No. 2, Dkt. No. 87, at
2.

Equifax also wrongfully implies that because the Consumer Track "already
includes over 60 non-class action lawsuits," that Puerto Rico and Chicago's claims
are therefore appropriately included therein as well.  *Equifax's Response* at 7.  The
"60 non-class actions" to which Equifax refers are *pro se* lawsuits filed by
individuals (who, to wit, fall within the Consumer Plaintiffs' class definition)—they
are clearly not the same as the sovereign complaints filed by Puerto Rico and
Chicago on behalf of their almost 6 million citizens.

The Consumer Plaintiffs' arguments fare no better.  Strangely the Consumer
Plaintiffs suggest that Equifax "presumably" will want to move to dismiss Puerto
Rico's complaint before answering.  Consumer Pls. Opposition to Puerto Rico's
Joinder With Chicago's Mot. to Establish a Separate Track, Dkt. No. 642 (Mar. 15,
2019) [*hereinafter Consumer Plaintiffs' Response*] at 5.  That statement, made
strangely enough by the Consumer Plaintiffs on Equifax's behalf, is itself
inconsistent with Equifax's own argument that "all the relief" sought by Puerto Rico
is contained within the Consumer Plaintiffs' complaint.  If true, then Equifax has

already had an opportunity to dismiss those claims and the Court has already ruled upon that motion.

The Consumer Plaintiffs also misrepresent the scope of relief that Puerto Rico seeks.  The Consumer Plaintiffs argue that "the foundational premise of the Commonwealth's motion—that it needs separate discovery because Consumer Plaintiffs' discovery will focus only on class certification—is incorrect." *Consumer Plaintiffs' Response* at 4. The Consumer Plaintiffs also incorrectly assert that Puerto Rico and Chicago propose "to be given responsibility for merits discovery[.]" *Id.* at 6.  Puerto Rico did not argue that the Consumer Plaintiffs will only focus on discovery related to class certification or that the government entities will be given exclusive responsibility for merits discovery. It is simply a practical reality that discovery and motion practice concerning issues related to class certification will take significant time and effort, and will necessarily take place during discovery or before discovery is complete.  There is, undoubtedly, discovery that can be taken on common issues that are relevant to both the claims of Puerto Rico and Chicago on the one hand and the claims of the Consumer Plaintiffs on the other.  The Consumer Plaintiffs would like to keep Puerto Rico and Chicago from advancing the progress of any of those common issues in favor of allowing the Consumer Plaintiffs to decide when and how to address those issues.  But the Consumer Plaintiffs will necessarily have to contend with discovery and issues relating to class certification while doing

so.  It would be incredibly inefficient for Puerto Rico and Chicago to sit idly by while the Consumer Plaintiffs litigate their class action, and all of the unique issues that such a mechanism presents, until such time as the Consumer Plaintiffs decide to share whatever merits discovery they have obtained with Puerto Rico and Chicago. Then, at the very end of the discovery process, Puerto Rico and Chicago will be forced to come to the Court and seek the opportunity to engage in discovery that could have been accomplished concurrently with the Consumer Plaintiffs' efforts. This is the gravamen of Chicago's Motion and Puerto Rico's joinder thereto.

### III.    In The Alternative, The Court Should Order The Consumer Plaintiffs To Share Any Discovery Propounded Or Obtained With Puerto Rico and Chicago.

Even if the Court is not inclined to create a separate track for government enforcement actions, the Court should require the Consumer Plaintiffs to share copies of written discovery requests that are made and the materials received in response thereto.  This will allow Puerto Rico and Chicago to promptly notify the Court if there are any discovery issues that uniquely impact Puerto Rico or Chicago that may require the Court's intervention as they arise.

Similarly, the Court should require the Consumer Plaintiffs to give Puerto Rico and Chicago advance notice of any depositions and the opportunity to seek leave to participate therein.  Again, this will afford Puerto Rico and Chicago the opportunity to raise any issues that require the Court's attention in real time.  Such

cooperation has contributed to the efficiency of complex cases that are distinct but related, such as direct purchaser and indirect purchaser antitrust cases related to *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS ("FOREX"). Although Puerto Rico respectfully submits that the establishment of a separate track will allow Puerto Rico and Chicago to advance their cases and the common issues between their cases and the Consumer Plaintiffs' without the Court's intervention, at least the requirement of advance notice will allow Puerto Rico and Chicago to bring issues that arise in discovery to the Court's attention in a timely manner.

## CONCLUSION

For the reasons that follow, as well as those stated in Puerto Rico's Motion, the Court should establish a separate track for government enforcement actions like those of Puerto Rico and Chicago. Puerto Rico will be prepared to further discuss the instant motion at the April 3, 2019 status conference if the Court would find it helpful to do so.

Dated: March 22, 2019

Respectfully Submitted,

*/s Peter B. Schneider*
Wanda Vázquez-Garced
Attorney General

Denise Maldonado Rosa
Assistant Attorney General

USDC-PR 301108
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 729-2002
dmaldonado@justicia.pr.gov

Peter B. Schneider
William M. Hogg
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com
whogg@schneiderwallace.com

Todd M. Schneider
Kyle G. Bates
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
kbates@schneiderwallace.com

Garrett W. Wotkyns
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona  85253
Telephone: (480) 428-0145
Facsimile: (866) 505-8036
gwotkyns@schneiderwallace.com

11

Gregory A. Cade
ENVIRONMENTAL LITIGATION
GROUP, P.C.
2160 Highland Ave,
Birmingham, AL 35205
Telephone: (205) 328-9200
Facsimile:  (205) 328-9456
GregC@elglaw.com

*Attorneys for the Commonwealth of Puerto Rico*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B. This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted this 22nd day of March, 2019.

*/s Peter B. Schneider*
Peter B. Schneider

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s Peter B. Schneider*
Peter B. Schneider
