UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>ALL ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**CONSUMER PLAINTIFFS' OPPOSITION TO
MOTION TO ESTABLISH A SEPARATE TRACK
FOR TRIBAL GOVERNMENTS ACTIONS**

As have several others, Plaintiffs Fond du Lac Band of Lake Superior Chippewa, St. Croix Chippewa Indians of Wisconsin, and Red Cliff Band of Lake Superior Chippewa (collectively, "Moving Tribal Governments") ask that the Court create for them a separate litigation track in this MDL. (Docs. 577, 577-1). Because the Moving Tribal Governments have not carried their burden to establish the need for a separate track and because such a track would needlessly complicate and likely delay the resolution of this litigation, the Consumer Plaintiffs respectfully request that the Court deny the motion.

The arguments against creating any new litigation tracks in this proceeding generally have been well developed. The Court recently rejected the creation of a

separate track for plaintiffs who named individual defendants in addition to Equifax. (Doc. 649). Much of the Court's reasoning in doing so applies equally here. Further, both Equifax and the Consumer Plaintiffs previously briefed the reasons why a separate track should not be created for government enforcement actions in opposing motions for such a track by the City of Chicago and the Commonwealth of Puerto Rico. (Docs. 410, 411, 642, 643). For the same reasons, yet another governmental track focused on claims by tribes should not be created. Under the circumstances, Consumer Plaintiffs do not wish to belabor the point, but will respond briefly to several specific arguments made by the Moving Tribal Governments.

*First*, the coordinated discovery already underway pursuant to this Court's case management orders will broadly cover the facts and circumstances of the Equifax data breach, the company's response to the breach, and the harm caused to consumers nationwide. When concluded, this coordinated discovery can be used by all plaintiffs, including the Moving Tribal Governments, to prosecute their claims. The Moving Tribal Governments have not identified any unique discovery they need for their claims that will not otherwise be done as part of the coordinated effort, let alone a sufficiently large amount of such unique discovery to justify the burden of establishing a separate track. This lack of any unique discovery needs is

fatal to their position. *See, e.g.*, Order, Doc. 649 at 3 ("The Plaintiff Block has made no showing that he needs unique discovery that will not already be conducted in the consumer track.").

The Moving Tribal Governments' failure to identify any unique discovery needs undoubtedly flows from the fact that there is nothing unique about their claims. They assert *parens patriae* claims for negligence, violations of the Fair Credit Reporting Act, violations of Minnesota and Wisconsin consumer protection statutes, and breach of implied contract relating to payment card information. *See generally St. Croix Chippewa Indians of Wisconsin v. Equifax, Inc., at al.*, No. 1:18-cv-04258-TWT (Doc. 2, filed July 17, 2018); *Fond du Lac Band of Lake Superior Chippewa v. Equifax, Inc., et al.*, No. 1:18-cv-04257-TWT (Doc. 1, filed Aug. 14, 2018); *Red Cliff Band of Lake Superior Chippewa v. Equifax, Inc.*, No. 1:19-cv-00420-TWT (Doc. 1, filed November 1, 2018).[1] These claims all fall within the scope of the consolidated consumer complaint and fit within the Court's analysis in denying Equifax's motion to dismiss.

---

[1] The Moving Tribal Governments also state that they are seeking to represent a class of all "similarly situated, federally recognized Indian Tribes and Nations and their individual Members." *See, e.g.*, *St. Croix* Complaint ¶ 14; *see also* ¶ 16 ("The Plaintiff St. Croix Tribe contemplates that all Tribes and Nations will unite in their efforts to obtain justice as against the Defendants named herein for the claims and allegations herein.").

While the Moving Tribal Governments assert their claims "present unique factual issues," (Doc. 577-1 at 13-15), they offer only general statements that Native Americans are vulnerable to data breaches, which "produce greater financial hardship among Indian tribal members already living in poverty," and that identity theft makes it harder for "Native people . . . to protect their heritage and culture." (*Id.* at 14). Assuming these statements are correct, the Moving Tribal Governments do not explain why these statements are material to their claims or point to any need for discovery to prove the statements that must developed immediately and is of a quantum sufficient to justify an entirely new track. At the conclusion of the coordinated discovery effort, the Court can address whether any additional discovery is needed by the Moving Tribal Governments and, if necessary, allow time for them to do that specific discovery before remanding their claims. *See* Manual for Complex Litigation, Fourth § 11.422 (describing court's broad power to prioritize and sequence discovery by subject matter and by party); § 11.453 (setting forth a procedure for deferred supplemental depositions).

The establishment of a separate track for tribal governments in the *Opioids* litigation is of little help to the Moving Tribal Governments here. *Opioids* is a personal injury MDL involving a multitude of individualized claims, damages, defendants, and factual scenarios, not a nationwide consumer class case stemming

from a single data breach at one company. Further, unlike here, the request for a separate track in *Opioids* identified various categories of specific factual issues unique to the Tribes and their members, such as facts "related to distribution of prescription opioids by the U.S. Indian Health Service," and "evidence of damages and injunctive relief gleaned from . . . [the] U.S. DHHS Indian Health Service National Committee on Heroin, Opioids, and Pain Efforts . . . ." Ex. A, Doc. 503 at 4-8, in *In re National Prescription Opiate Litig.*, No. 1:17-md-02804-DAP (N.D. Ohio). Moreover, the *Opioids* docket does not reveal the court's reasoning behind its decision to create a separate track and provides no basis for comparing the circumstances of that case to this one in terms of whether a separate Tribal track would foster or defeat the interests of efficiency in resolving the entire proceedings.

*Second*, the Moving Tribal Governments support their request for a separate track with an extended description of their "unique sovereignty," long history of advocating for self-determination, and the various constitutional and statutory provisions under which they exist. (Doc. 577-1 at 2-13, 15-18). Consumer Plaintiffs have no dispute whatsoever with this description, but it misses the relevant point. The claims asserted by the Moving Tribal Governments are fundamentally consumer claims, and a track already exists to develop the evidence

for such claims. The legal history and regulatory policy applicable to the Tribes are matters of law, not fact, and are largely irrelevant to the broader purposes of an MDL such as this one. *See* 28 U.S.C. § 1407(a) (providing that an MDL is appropriate to coordinate multiple "actions involving one or more common questions of fact," for the "convenience of parties and witnesses," and to "promote the just and efficient conduct" of pretrial proceedings.). Any unique legal issues can be decided after coordinated discovery, either in this MDL, or more likely on remand by district courts in Wisconsin and Minnesota. *See* 28 U.S.C. § 1407(a). In any event, that some unique legal issues may have to be decided down the road does not justify a separate litigation track and its ensuing complications.

*Third*, the relief sought by the Moving Tribal Governments, like the separate track sought by Plaintiff Block, is even more burdensome to the administration of the MDL as a whole than the separate track requested by Chicago and Puerto Rico, which itself would unduly complicate and delay the resolution of this MDL for the reasons previously briefed. The Moving Tribal Governments seek entry of an entirely new case management order and appointment of a new leadership structure more than a year after the Court appointed lead counsel in the consumer track. The proposed new leadership (presumably comprised of the lawyers who filed cases on behalf of the Moving Tribal Governments in late 2018) will unilaterally pursue

"specialized" (but unidentified) discovery and "case development steps"; prosecute unique (but unidentified) legal theories; coordinate "where possible" on common discovery; develop bellwether cases through discovery and trial; and control any settlement negotiations. (Doc. 577 at 2). For all the reasons stated in opposition to other requests for new tracks and in the Court's order denying Plaintiff Block's request, this proposal is unnecessary, inefficient, and unworkable within an expeditious timeline.

The consumer track, as presently constituted, is in no way a threat to tribal self-determination or self-governance. Nor does *status quo* pretrial litigation infringe on the Tribes' right to their own counsel, to litigation autonomy, or to independently resolve their own claims. (Doc. 577-1 at 19). Instead, the Court's case management orders implement a statutory and Rules-based procedural mechanism explicitly designed to encourage efficient discovery for all parties, which would otherwise be impossible given the scope of this litigation.

As the Court noted in denying Block's motion, an additional litigation track should not be created when it would "prejudice the hundreds of other member cases by hampering the Court's ability to efficiently oversee these consolidated pretrial proceedings for the benefit of the MDL as a whole." (Order, Doc. 649 at 4). That, in fact, is what would happen if a separate track for tribal governments is

created. More lawyers would become involved, more time would have to be spent coordinating between competing plaintiff groups, the quality of discovery would likely diminish, the Court would likely be called on to decide more discovery disputes and other motions, virtually everything would take longer, and the proceeding would otherwise become more complicated and inefficient.

Because the Moving Tribal Governments have not met their burden to establish the need for a separate track, the Court should deny the pending motion.

Dated: April 1, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Kenneth S. Canfield
　　　　　　　　　　　　　　　　　　Kenneth S. Canfield
　　　　　　　　　　　　　　　　　　Ga Bar No. 107744
　　　　　　　　　　　　　　　　　　**DOFFERMYRE SHIELDS**
　　　　　　　　　　　　　　　　　　**CANFIELD & KNOWLES, LLC**
　　　　　　　　　　　　　　　　　　1355 Peachtree Street, N.E.
　　　　　　　　　　　　　　　　　　Suite 1725
　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309
　　　　　　　　　　　　　　　　　　Tel. 404.881.8900
　　　　　　　　　　　　　　　　　　kcanfield@dsckd.com

　　　　　　　　　　　　　　　　　　/s/ Amy E. Keller
　　　　　　　　　　　　　　　　　　Amy E. Keller
　　　　　　　　　　　　　　　　　　**DICELLO LEVITT GUTZLER LLC**
　　　　　　　　　　　　　　　　　　Ten North Dearborn Street
　　　　　　　　　　　　　　　　　　Eleventh Floor
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　Tel. 312.214.7900
　　　　　　　　　　　　　　　　　　akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Consumer Plaintiffs' Co-Lead Counsel*

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

9

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

>Jason R. Doss
>Ga. Bar No. 227117
>**THE DOSS FIRM, LLC**
>36 Trammell Street, Suite 101
>Marietta, Georgia 30064
>Tel. 770.578.1314
>jasondoss@dossfirm.com
>
>*Consumer Plaintiffs' Steering Committee*
>
>Rodney K. Strong
>**GRIFFIN & STRONG P.C.**
>235 Peachtree Street NE, Suite 400
>Atlanta, Georgia 30303
>Tel. 404.584.9777
>rodney@gspclaw.com
>
>*Consumer Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 1st day of April, 2019.

>*/s/ Norman E. Siegel*