ATTEST: A TRUE COPY
CERTIFIED THIS

s/ Stephanie Pittman

**James N. Hatten**
**By:** 06/11/2019
**Deputy Clerk**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                                  MDL No. 2800

## TRANSFER ORDER

    **Before the Panel:** Plaintiff in the action listed on Schedule A (*Luciano*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring his action to MDL No. 2800. Defendant Equifax Information Services, LLC (Equifax) opposes the motion to vacate.

    After considering all arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which it is alleged that the personally identifiable information of more than 145 million consumers was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322 (J.P.M.L. 2017). *Luciano* involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach; failed to provide the public with timely notice of the breach; and that certain Equifax executives sold Equifax stock before publicly announcing the breach.

    Plaintiff does not dispute that his action arises out of the 2017 Equifax data breach and shares questions of fact and law with the MDL No. 2800 actions. Against transfer, he argues that (1) Equifax's guilt is established, and (2) transfer to MDL No. 2800 for pretrial proceedings and remand for trial would be a waste of time and resources. Equifax does not concede liability in the MDL No. 2800 actions. And while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                MDL No. 2800

## SCHEDULE A

<u>Eastern District of New York</u>

LUCIANO v. EQUIFAX INFORMATIONAL SERVICES, LLC, C.A. No. 1:19-00437