```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION


IN RE:  EQUIFAX, INC., CUSTOMER  )    Case Number
DATA SECURITY BREACH LITIGATION  )
                                 )    1:17-md-2800-TWT
                                 )
_____)
                                 )
                                 )
IN RE:  EQUIFAX SECURITIES       )    Case Number
LITIGATION                       )
                                 )    1:17-cv-3463-TWT
                                 )
_____)
                                 )
                                 )
IN RE:  EQUIFAX DERIVATIVE       )    Case Number
LITIGATION                       )
                                 )    1:18-cv-317-TWT
                                 )
_____)
```

Transcript of a status conference before the

Honorable Thomas W. Thrash, Jr., Chief Judge

June 12, 2019; 10:05 a.m.

Atlanta, Georgia

(Appearances on page two)

Proceedings recorded by mechanical stenography, transcript produced by computer.
_____

Diane Peede, RMR, CRR, CRC
Federal Official Court Reporter
75 Ted Turner Drive, SW, Suite 2194
Atlanta, Georgia   30303-3309

```
 1   Appearances:

 2   Counsel for Plaintiffs:     James A. Harrod
                                 H. Lamar Mixson
 3                               Joseph H. Weiss
                                 Joshua Rubin
 4

 5
     Counsel for Defendants:     Michael R. Smith
 6                               B. Warren Pope
                                 Benjamin Lee
 7                               April M. Elliott
                                 Timothy Perla
 8                               Scott N. Sherman
                                 David M. Chaiken
 9
```

```
 1                    P R O C E E D I N G S
 2              (Call to the order of the Court.)
 3              THE COURT:  All right.  This is the case of In re:
 4    Equifax Securities Litigation, Case Number 17-cv-3463, and In
 5    re:  Equifax, Inc., Derivative Litigation, Case Number
 6    18-cv-317.
 7              First, let me ask counsel for the parties to
 8    identify yourselves for the record and the parties you
 9    represent, beginning with the Plaintiffs.
10              MR. HARROD:  Good morning, Your Honor.  James
11    Harrod from Bernstein Litowitz Berger and Grossman, for lead
12    Plaintiff, Union Asset Management AG.
13              THE COURT:  Good morning, Mr. Harrod.
14              MR. HARROD:  Good morning, Your Honor.
15              MR. MIXSON:  "Mickey" Mixson, for the same.
16              THE COURT:  Good morning, Mr. Mixson.
17              MR. MIXSON:  Good morning, Your Honor.
18              MR. WEISS:  Good morning, Your Honor.  Joseph Weiss
19    of WeissLaw, on behalf of the Derivative Plaintiffs.
20              THE COURT:  Good morning, Mr. Weiss.
21              MR. RUBIN:  And Joshua Rubin from WeissLaw.
22              THE COURT:  Mr. Rubin.
23              MR. SMITH:  Good morning, Your Honor.  Michael
24    Smith from King and Spaulding, for Equifax.
25              THE COURT:  Good morning, Mr. Smith.
```

```
 1            MR. POPE:  Good morning, Your Honor.  Warren Pope
 2   for Equifax in the Securities Litigation and Derivative
 3   Litigation.
 4            THE COURT:  Good morning, Mr. Pope.
 5            MR. LEE:  Good morning, Your Honor.  Benjamin Lee,
 6   for the same parties.
 7            THE COURT:  Good morning, Mr. Lee.
 8            MR. CHAIKEN:  Good morning, Your Honor.  Dave
 9   Chaiken from the Troutman Sanders law firm, for Defendant
10   Richard Smith.
11            THE COURT:  Good morning, Mr. Chaiken.
12            MR. PERLA:  Good morning, Your Honor.  Timothy
13   Perla from Wilmer Hale, for Derivative Defendant Elane Stock.
14            THE COURT:  Good morning, Mr. Perla.
15            MS. ELLIOTT:  Good morning, Your Honor.  April
16   Elliott from Wilmer Hale, also for Derivative Defendant Ms.
17   Stock.
18            THE COURT:  Good morning, Ms. Elliott.
19            DEFENSE COUNSEL:  Good morning, Your Honor.  Scott
20   Sherman from Nelson Mullins, also for Derivative Defendant
21   Elane Stock.
22            THE COURT:  All right.  This is a status conference
23   being held at my request.  I think I'll do the Securities
24   Litigation case first.
25            So, Mr. Harrod or Mr. Mixson.
```

1   MR. HARROD:  Good morning, Your Honor.  We have a
2   couple of things on the joint agenda I think that should be
3   pretty quick and easy to address.  The first is the class
4   certification schedule.
5           We filed our motion for class certification in
6   March.  In about the middle of May, the Defendants met with
7   us regarding our clients' production of documents and about
8   dates for the deposition of a representative of the lead
9   Plaintiff and for our expert.
10          Due to some complications with everyone's
11  schedules, we weren't able to land on dates this month to
12  conduct those depositions.  So they're going to be pushed out
13  a bit.
14          So we're working with counsel for the Defendants to
15  come to a stipulated order to extend the schedule so that we
16  can take those depos and then move the accommodating or
17  following briefing dates back to get all of that in.  So I
18  think we should have an agreement on that within the next
19  week, and we'll submit something, consented to, to Your Honor
20  to that effect.  So we wanted to let you know that that was
21  happening.
22          I don't know if counsel for Equifax --
23          MR. POPE:  Mr. Pope on behalf of Equifax.  Nothing
24  to add, Your Honor.  We expect to submit a consented-to
25  schedule.

1      THE COURT: Okay. Fine.

2      MR. HARROD: On the status of discovery, we're
3 happy to report we were able to reach agreement on the
4 protocol for search terms and custodians. I think everyone
5 has agreed to reserve their rights, subject to what the
6 Defendants are going to produce and what comes out of that
7 process. But we're all, I think, very pleased not to have to
8 be here today arguing a motion regarding rather complicated
9 and arcane search terms for E.S.I.

10     I'm told that on the parts of the protocol that had
11 been agreed to earlier, probably dating back to May, that the
12 Defendants will begin a rolling production of that stuff, I
13 think, by the and of this month. So that process is ongoing.

14     The only issue that I wanted to flag to Your Honor
15 that has come up recently is that we've subpoenaed a number
16 of third parties, and in that process one of the parties that
17 we had sought documents from is the firm Fireeye, which owns
18 the Mandiant firm that was the consultant that has come up in
19 the Complaint and in some of the subsequent motion practice.

20     Mandiant has told us that there are some issues
21 related to work product protection and privilege arising from
22 not only the engagements that are specifically identified in
23 our Complaint but also in prior engagements.

24     So we're meeting and conferring with King and
25 Spaulding about the scope of the protections and privileges

1  that effectively, in my understanding now, belong to Equifax
2  and how we're going to work through that.
3          I think the first step is they're going to review
4  the engagement letters with their consultant and then,
5  hopefully, produce those to us, and from that we can
6  hopefully figure out what the contours of this are.
7          My concern and the reason why I'm raising it today
8  is because I believe that the volume of information that
9  Mandiant has regarding these engagements is vast, and if
10 there will be motion practice regarding whether or not that
11 information is subject to a protection and can't be produced,
12 we want -- I think I'm going to want to bring that to the
13 Court's attention as soon as possible because, as Your Honor
14 knows, there's a schedule for discovery which provides for
15 substantial completion of production in September, I believe.
16         So we're going to want to make sure that we get in
17 front of that issue and work on it.  But so far, there's
18 nothing beyond that to report and, hopefully, we'll be able
19 to work it out.
20         So that's what I have on those two items for today.
21 Thank you.
22         THE COURT:  Mr. Pope.
23         MR. POPE:  Mr. Pope on behalf of the company.
24 Nothing to report, Your Honor.  We continue to meet and
25 confer.  I'm hopeful that we'll be able to work out an

1   agreement.  Thank you.

2           THE COURT:  WELL, I'm glad, obviously, that y'all

3   have worked out something on the e-discovery issue because

4   that, as I probably said in this case, although I've said it

5   in so many cases that I can't remember, has the potential to

6   be a huge problem and cause for delay in getting a case

7   moving.  So I'm glad to hear that.

8           The third item on the agenda is the motion to

9   certify questions for interlocutory review.  Who's going to

10  talk about that?

11          MR. SMITH:  Your Honor, Michael Smith for Equifax.

12          THE COURT:  All right.

13          MR. SMITH:  Your Honor, as noted, Equifax has filed

14  a motion under 1292(b) for a certificate for -- to seek an

15  interlocutory appeal.  I'll briefly address that argument

16  here this morning.

17          So, as Your Honor is well aware, a certificate

18  under 1292(b) is appropriate when there is a controlling

19  question of law as to which there's a substantial ground for

20  difference of opinion on issues that may materially advance

21  the ultimate termination of the litigation.

22          As set forth in our papers, Equifax contends that

23  Your Honor's motion to dismiss ruling is certainly eligible

24  and should be certified so that we can seek an interlocutory

25  appeal on some pivotal and critical issues.

1     I'm going to focus here today on the prime issue
2  that we raised in our brief based on the important Second
3  Certificate Court of Appeals decision that came down a month
4  or so after Your Honor's motion to dismiss ruling.
5     We believe that this ruling, which is the Singh
6  versus Cigna Corp. decision from the Second Circuit, really
7  points out how Your Honor's order is eligible for and should
8  be certified for an interlocutory appeal, particularly on the
9  issues of whether the general statements of commitment to
10 cybersecurity compliance with or devoting resources to
11 facilitate compliance with cybersecurity rules and
12 regulations, Your Honor's ruling that those were material
13 misrepresentations of fact or at least adequately alleged to
14 be so.
15    Just quickly to recap that portion of Your Honor's
16 motion to dismiss ruling, the Court appeared to take a
17 holistic view of the statements rather than look at them on a
18 statement by statement --
19    THE COURT:  Well, Mr. Smith, I'm not going to
20 listen to argument on the motion.  I haven't read the papers.
21 I don't know what grounds are stated in your motion, and I'm
22 not prepared to rule today.  So this is just a waste of time.
23    MR. SMITH:  Your Honor, I'm happy to argue it now,
24 but if you'd like to reschedule that, we're happy to do that
25 as well, or you can rule on the papers as you see fit.

1    THE COURT:  Well, I don't know what I'm going to do
2 because I haven't read them.
3    MR. SMITH:  Okay.  Well, I'm happy to summarize
4 that argument, if you will, or if you feel like --
5    THE COURT:  It's a waste of time because I'm not
6 going to do anything until I've read your motion and the
7 papers.  And this is just a waste of time.
8    MR. SMITH:  All right.  Then we will defer further
9 argument, on the Court's wishes.
10    THE COURT:  Okay.  Thank you.
11    Do you want to be heard on this, Mr. Harrod?
12    MR. HARROD:  No, Your Honor.  All I would say is if
13 you would like oral argument on this, we'd be happy to appear
14 when it's an appropriate time for the Court to hear that.
15    THE COURT:  I really won't know whether that will
16 be helpful until I've read them, and I haven't done that.
17    MR. HARROD:  Certainly.
18    THE COURT:  I'm not going to do anything until I've
19 read the papers.
20    Is there anything else we need to talk about today?
21    MR. HARROD:  Not for Plaintiffs, Your Honor.
22    THE COURT:  In the Securities case.
23    MR. POPE:  No, Your Honor.
24    THE COURT:  All right.  Then we'll go on to the
25 Derivative case.

1       Mr. Weiss.

2       MR. WEISS: Thank you, Your Honor. Since our last
3 status conference, Your Honor, we, together with our expert,
4 met with the chief information security officer, the CISO, of
5 Equifax who was put into place. He was hired after the
6 breach in order to go through the various cybersecurity
7 issues and strengthening cybersecurity of the company, and we
8 had a lengthy discussion concerning what the company has
9 done, what it is doing, and concerning what we and our expert
10 believe it should do.

11      In addition, we met with the Demand Review
12 Committee of Equifax in St. Louis and had a discussion with
13 them concerning things that we thought should be done in
14 terms of corporate governance, in terms of, I guess, the
15 internal processes within the company and particularly
16 relating to cybersecurity. We thought it was a good
17 production -- a good discussion, and subsequently we started
18 putting it all together in writing, working with Equifax's
19 counsel as well as with counsel for the Demand Review
20 Committee.

21      I'm pleased to report, and the Defendants can tell
22 you on their own, that we've made substantial progress in
23 that regard. We think that we're coming up with things
24 that'll be very helpful to Equifax, that are material, and
25 hopefully will prevent this kind of breach from occurring in

1    the future.
2           In addition, we've been going through the really
3    massive amount of documents produced by Equifax, and we've
4    been informed that there's going to be an additional
5    production to us relatively soon.  So we're making -- I don't
6    know if slow but steady progress is the right way to do it,
7    but I definitely can say that we are making progress, Your
8    Honor.
9           That's all I have to report.
10          THE COURT:  Thank you, Mr. Weiss.
11          MR. WEISS:  Thank you, Your Honor.
12          MR. POPE:  Mr. Pope on behalf of the company.
13   Nothing to add, Your Honor.
14          THE COURT:  All right.
15          Is there anything else we need to talk about in
16   either of the cases today?
17          MR. HARROD:  Your Honor, the only thing that I
18   would suggest -- and I know Your Honor's schedule is quite
19   busy -- I do think it has been helpful to the parties to have
20   a status conference on the calendar so that we have sort of a
21   date by which we want to bring things to conclusion or to
22   dispute, if necessary.  So I would just ask that if that's
23   something we should consider now, I think it might be a good
24   idea.
25          THE COURT:  Well, my preference is to continue

```
 1   having them.  I mean, it may not look like we've accomplished
 2   much today, but just seeing where we are is helpful to me.
 3   But I don't want to waste y'all's time.
 4           So my suggestion would be that we schedule another
 5   status conference toward the end of July.  I've got a two- or
 6   three-week long criminal case that I start on August the 1st
 7   and then an eight-week long criminal case that I start on
 8   September the 2nd.
 9           So if we don't do it before August, it's going to
10   be extremely difficult to find a time when I'll be available,
11   unfortunately.
12           So when I leave the bench, y'all come up and talk
13   to Ms. Diggs and see if you can find -- I'm on vacation, I
14   think, the week of July the 15th.  So if we could schedule it
15   for maybe the third or fourth week in July, before I have to
16   start that criminal case in August, that would be my
17   preference.
18           And, Mr. Weiss, I appreciate your diligence in
19   always attempting to appear in person in these matters, but
20   if you want to appear by phone for the July status
21   conference, that'll be fine.
22           MR. WEISS:  Thank you, Your Honor.
23           THE COURT:  Everybody else is more or less local.
24   So if you want to appear by phone, that's fine.
25           MR. WEISS:  Thank you, Your Honor.  When I can, I
```

```
 1   obviously prefer to be in person.
 2           THE COURT:  I understand, and that was the
 3   representation you made to me when I appointed you as lead
 4   counsel.  So I appreciate that.
 5           MR. WEISS:  Thank you, Your Honor.  Thank you.
 6           THE COURT:  All right.  Is there anything else,
 7   gentlemen?
 8           MR. HARROD:  No, Your Honor.
 9           MR. POPE:  No, Your Honor.
10           THE COURT:  Thank you very much.  That concludes
11   the status conference.
12           Court's in recess until 11:00.
13           (Proceedings concluded at 10:21 a.m.)
14                       - - - - - - - -
15                    Reporter's Certification
16   I certify that the foregoing is a correct transcript from the
17   record of proceedings in the above-entitled matter.
18                           s/Diane Peede, RMR, CRR, CRC
                             Official Court Reporter
19                           United States District Court
     Date:  July 10, 2019    Northern District of Georgia
20
21
22
23
24
25
```