# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800<br>) Case No.: 1:17-md-2800-TWT<br>)<br>) CONSUMER ACTIONS<br>)<br>) |

## ORDER DIRECTING NOTICE

Before the Court is the Consumer Plaintiffs' unopposed motion to permit issuance of class notice of the proposed class action settlement. Having reviewed the proposed settlement agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed settlement satisfies the criteria of Federal Rule of Civil Procedure 23(e) such that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate, and that issuance of notice of the proposed settlement in accordance with the proposed notice plan is appropriate. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### The Settlement Class and Class Counsel

(1)   As set forth more fully herein, the Court finds that giving notice of the proposed settlement is justified pursuant to Federal Rule of Civil Procedure

23(e)(1). The Court finds that it will likely be able to approve the proposed settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the following settlement class for purposes of judgment on the settlement:

> The approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax on September 7, 2017.[1]

(2)     For settlement purposes, the Court determines the proposed settlement class meets all the requirements of Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class, as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

---

[1] Excluded from the settlement class are: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the settlement class.

(3)     The Court appoints the named plaintiffs identified in Exhibit 10 as representatives of the proposed settlement class.

(4)     The following lawyers are designated as settlement class counsel pursuant to Rule 23(g): Kenneth S. Canfield of Doffermyre Shields Canfield & Knowles, LLC; Amy E. Keller of DiCello Levitt & Gutzler, LLC; Norman E. Siegel of Stueve Siegel Hanson LLP; and Roy Barnes of Barnes Law Group, LLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

**Preliminary Evaluation of the Proposed Settlement**

(5)     Upon preliminary review, the Court finds the proposed settlement provides a recovery for the class that is within the range of what could be approved as fair, reasonable, and adequate, taking into account all of the risks, expense, and delay of continued litigation; is the result of numerous good faith and arm's-length negotiations that took place under the auspices of a prominent national mediator; is not otherwise deficient; otherwise meets the criteria for approval; and thus warrants issuance of notice to the settlement class.

(6)     In making this determination, the Court has considered the substantial monetary and non-monetary benefits to the class; the specific risks faced by the class in prevailing on Consumer Plaintiffs' claims; the stage of the proceedings at

which the settlement was reached; the effectiveness of the proposed method for distributing relief to the class; the proposed manner of allocating benefits to class members; and all of the other factors required under Rule 23.

## Approval Hearing

(7)   An approval hearing shall take place before the Court on December 19, 2019, at 10 a.m. in Courtroom 2108 of the United States District Court for the Northern District of Georgia, located at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3309 to determine whether: (a) the proposed settlement class should be certified for settlement purposes pursuant to Rule 23; (b) the settlement should be approved as fair, reasonable, and adequate and, in accordance with the settlement's terms, this matter should be dismissed with prejudice; (c) class counsel's application for attorneys' fees and expenses should be approved; and (d) the application for the class representatives to receive service awards should be approved. Any other matters the Court deems necessary and appropriate will also be heard.

(8)   Any settlement class member who has not timely and properly excluded themselves from the settlement class in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed settlement; provided, however, that

no class member who excluded themselves from the class shall be entitled to object or otherwise appear, and, further provided, that no class member shall be heard in opposition to the settlement unless the class member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration and CAFA Notice

(9) JND Legal Administration is appointed as the settlement administrator, with responsibility for claim submissions, certain notice functions, and administration pursuant to the terms of the settlement agreement. The claim form attached to the settlement agreement is approved, as are versions derived therefrom to be used during the extended claims period and for claims by minors, as described in the motion for this order directing notice. The settlement administrator may, where necessary, require individuals to provide, through written, electronic, or other means, certain personal information including (without limitation) full name, address, year of birth, email address, phone number, and last six (6) digits of Social Security number in order to verify an individual's status as a class member and/or eligibility for any benefits under the settlement, in addition to any other purposes consistent with the settlement administrator's responsibilities under the settlement agreement. The settlement administrator's fees, as approved by the parties, will be paid from the settlement fund pursuant to the settlement

agreement.

(10)  Within 10 days after the filing of the motion to permit issuance of notice, Defendant shall serve or cause to be served a notice of the proposed settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## Notice to the Class

(11)  Signal Interactive Media LLC is appointed as the notice provider, with responsibility for effectuating class notice in accordance with the proposed notice plan. The notice provider's fees, as approved by the parties, will be paid from the settlement fund pursuant to the settlement agreement.

(12)  The notice plan set forth in the settlement agreement and the forms of notice attached as exhibits to the settlement agreement satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The notice provider is directed to carry out the notice program in conformance with the settlement agreement and to perform all other tasks that the settlement agreement requires.

(13)  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a)

constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by settlement class members.

**Appointment of Experian for Monitoring and Restoration Services**

(14)   The Court appoints Experian as the provider of monitoring services to eligible Settlement Class Members as set forth in the Settlement Agreement. The Court directs that Experian effectuate the Settlement Agreement in coordination with Settlement Class Counsel, Equifax, and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

**Exclusions from the Class**

(15)  Any settlement class member who wishes to be excluded from the settlement class must mail a written notification of the intent to exclude themselves to the settlement administrator at the address provided in the notice, postmarked no

later than November 19, 2019 (the "opt-out deadline"). Each written request for exclusion must identify this action, set forth the name of the individual seeking exclusion, be signed by the individual seeking exclusion, and can only request exclusion for that one individual.

(16)   The settlement administrator shall provide the parties with copies of all opt-out notifications, and, within 14 days after the opt-out deadline, a final list of all that have timely and validly excluded themselves from the settlement class. The final list of exclusions as well as a final list of those in the class should be filed with the Court before the approval hearing.

(17)   Any settlement class member who does not timely and validly exclude themselves from the settlement shall be bound by the terms of the settlement. If final judgment is entered, any settlement class member who has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the settlement and final judgment.

(18)   All those settlement class members who submit valid and timely notices of exclusion shall not be entitled to receive any benefits of the settlement.

### Objections to the Settlement

(19)   A settlement class member who complies with the requirements of

this Order may object to the settlement, Class Counsel's request for fees and expenses, or the request for service awards to the class representatives.

(20) No settlement class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any settlement class member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the objection deadline; or (b) mailed to the settlement administrator at the address listed in the Long Form Notice available on the settlement website, and postmarked by no later than the objection deadline. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection must be in writing and shall set forth:

 (a) The name of this action;

 (b) The objector's full name and current address;

 (c) The objector's personal signature on the written objection (an attorney's signature is not sufficient);

 (d) A statement indicating the basis for the objector's belief that he or she is a member of the settlement class;

 (e) A statement of whether the objection applies only to the objector, to a specific subset of the settlement class, or to the entire settlement class;

(f) A statement of the objector's grounds for the objection, accompanied by any legal support for the objection;

(g) A statement identifying all class action settlements objected to by the objector in the previous five (5) years; and

(h) A statement as to whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number, and four dates between the Objection Deadline and December 5, 2019 during which the objecting settlement class member is available to be deposed by counsel for the Parties.

(21) In addition to the foregoing, if the objector is represented by counsel and such counsel intends to speak at the Fairness Hearing, the written objection must include:

(a) A detailed statement of the specific legal and factual basis for each and every objection; and

(b) A detailed description of any and all evidence the objector may offer at the Fairness Hearing, including copies of any and all exhibits that the objector may introduce at the Fairness Hearing.

(22) In addition to the foregoing, if the objector is represented by counsel, and such counsel intends to seek compensation for his or her services from anyone other than the objector, the written objection must include:

    (a)    The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

    (b)    A statement identifying all instances in which the counsel or the counsel's law firm have objected to a class action settlement within the preceding five (5) years, giving the style and court in which the class action settlement was filed;

    (c)    A statement identifying any and all agreements that relate to the objection or the process of objecting—whether written or oral—between the objector, his or her counsel, and/or any other person or entity;

    (d)    A description of the counsel's legal background and prior experience in connection with class action litigation; and

    (e)    A statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought; the

factual and legal justification for any fees to be sought; the number of hours already spent by the counsel and an estimate of the hours to be spent in the future; and the attorney's hourly rate.

(23) Any settlement class member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, may have their objection stricken from the record, and may lose their rights to appeal from approval of the settlement. Any such class member also shall be bound by all the terms of the settlement agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the settlement agreement if final judgment is entered.

### Claims Process

(24) The settlement agreement establishes a process for claiming benefits under the settlement, including reimbursement for out-of-pocket losses relating the breach; reimbursement for time spent remedying issues relating the breach; free credit monitoring services; and alternative cash payments for those settlement class members who already have some form of credit monitoring. If money remains in the settlement fund after the initial claims period, an "extended claims period" will go into effect for an additional 4 years (or until the fund is exhausted, whichever

occurs first) which will permit settlement class members to submit claims for reimbursement of out-of-pocket losses or time spent remedying issues relating the breach after the initial claims period if certain conditions are met. The settlement agreement also sets forth a detailed disputes and appeals process for settlement class members whose claims are denied in whole or part. The Court approves this claims process and directs that the settlement administrator effectuate the claims process according to the terms of the settlement agreement.

### Termination of the Settlement and Use of this Order

(25) This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is not approved by the Court or is terminated in accordance with the terms of the settlement agreement, all subject to the cure provisions set forth in the settlement agreement. In such event, the settlement and settlement agreement shall become null and void and be of no further force and effect, and neither the settlement agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

(26) This Order shall be of no force or effect if final judgment is not entered or there is no effective date under the terms of the settlement agreement;

shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

## **Continuance of Final Approval Hearing**

(27) The Court reserves the right to adjourn or continue the approval hearing and related deadlines without further written notice to the settlement class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website.

## **Summary of Deadlines**

(28) The settlement agreement shall be administered according to its terms pending the Approval Hearing. Deadlines arising under the settlement agreement and this Order include but are not limited to the following:

| **EVENT** | **TIMING** |
| --- | --- |
| Deadline for Defendant to disseminate CAFA notices | August 1, 2019 |

| EVENT | TIMING |
|---|---|
| Deadline for Defendant to provide settlement class list to settlement administrator | July 27, 2019 |
| Notice date | September 20, 2019 |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | October 29, 2019 |
| Deadline for Class Counsel to file motion for final approval of settlement and responses to any timely submitted settlement class member objections | December 5, 2019 |
| Objection deadline | November 19, 2019 |
| Opt-out deadline | November 19, 2019 |
| Initial claims deadline | January 22, 2020 |
| Extended claims deadline | January 22, 2024 |
| Final approval hearing | December 19, 2019 |

IT IS SO ORDERED this 22nd day of July, 2019.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge

15