UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:  EQUIFAX, INC., CUSTOMER  )     Case Number
DATA SECURITY BREACH LITIGATION  )
                                 )     1:17-md-2800-TWT
_____)

Transcript of an excerpt (the Court's ruling)

of a telephone conference call before

The Honorable Thomas W. Thrash, Jr., Chief Judge

July 30, 2019; 4:06 p.m.

Atlanta, Georgia

(Appearances on page two)

   Proceedings recorded by mechanical stenography,
transcript produced by computer.
_____

Diane Peede, RMR, CRR, CRC
Federal Official Court Reporter
75 Ted Turner Drive, SW, Suite 2194
Atlanta, Georgia  30303-3309

```
 1   Appearances:

 2   Counsel for Plaintiffs:      Kenneth S. Canfield
                                  Amy E. Keller
 3                                Roy E. Barnes
                                  J. Cameron Tribble
 4                                Barrett Vahle

 5


 6   Counsel for Defendant:       David L. Balser
                                  Phyllis B. Sumner
 7                                Robert D. Griest
                                  Michelle Kisloff
 8                                Edith Ramirez

 9
     Counsel for the Bureau
10     of Consumer Financial
       Protection:                Jenelle M. Dennis
11                                P. Solange Hilfinger-Pardo
                                  Emily Mintz Sachs
12                                Akash Desai

13

14   Counsel for the Federal
       Trade Commission:          Jacqueline K. Connor
15                                Tiffany George
                                  Cathlin Tully
16

17   Counsel for Illinois
       Attorney General's
18     Office:                    Matthew Van Hise
                                  Elizabeth Blackston
19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2   *****
 3              THE COURT:  Well, I think this is a situation,
 4   number one, that should be dealt with immediately.
 5              Two, I did not anticipate the nature of the
 6   publicity that the settlement received, some of which I think
 7   was not necessarily productive in terms of promoting an
 8   orderly, honest and non-fraudulent claims process.
 9              I've had at least a dozen people ask me, some
10   facetiously, some quite seriously, "When do I get my $125
11   check?"
12              So I believe it is a serious situation that needs
13   to be addressed before we go forward with what I hope will be
14   an orderly, fair, just and non-fraudulent claims process.
15              So I approve the Plaintiffs' proposal as to how to
16   deal with the issue.  Number one, to notify the class, to
17   change the website, to modify the e-mail notice, to modify
18   the call center script, to notify class members that in order
19   to claim alternative compensation, they must provide the
20   administrator with the name of their credit-monitoring
21   service.
22              Second, I approve the proposed amendment to the
23   claim form requiring claimants to furnish the name of their
24   credit-monitoring service and attest that they will have it
25   for six months.
```

1          And, third, I approve the Plaintiffs' proposal to
2  notify existing claimants that they must submit an amended
3  claim which includes the name of their credit-monitoring
4  service; and that if they choose, they may choose rather than
5  alternative compensation, to elect instead credit-monitoring
6  services from Equifax.
7          I don't believe that changes the deal.  I'm not
8  persuaded that it significantly changes Equifax's risk.  And
9  I think that's the most appropriate way of ensuring that all
10 members of the class are notified of the same alternatives in
11 terms of what they can obtain through the claims process
12 procedure.
13         So do you have any questions about what I've
14 decided, Mr. Canfield?
15         MR. CANFIELD:  I don't have any questions about it,
16 Judge.  The only -- about what you said.  The only question
17 is whether it's the Court's preference to enter a formal
18 order.
19         We're not convinced that a formal order is
20 necessary, particularly given that the settlement agreement
21 allows some non-material changes to the settlement documents,
22 and we don't think that these are really material changes.
23         I'm not quite sure what Equifax's position is on
24 whether an order is required.
25         We're certainly willing to have the Court enter an

order, if that's its preference; but we think with the Court's rulings today, that the parties will be able to work these issues out without a further order of the Court. If that proves to be a mistaken impression, then, obviously, we can come back. But we're willing to do this whatever way the Court feels is appropriate.

THE COURT: Mr. Balser, any questions about what I've held or comments on the need for a formal written order?

MR. BALSER: No, Your Honor. I think your order on the transcript, I think, is sufficiently clear and binding such that a written order would not be necessary for purposes of the record. So I don't think we need a formal order, with the understanding that what you have just articulated is, in fact, an order of the Court and that you are directing the parties to proceed as you've outlined.

THE COURT: I am so ordering the parties to proceed, Mr. Balser.

MR. BALSER: Thank you. And we'll work with Mr. Canfield to finalize the language on these various points and get the changes implemented swiftly.

THE COURT: Do any of the regulators want to comment on my order or directions, whatever it is you want to call it?

MS. DENNIS: This is Jenelle Dennis from the CFPB, Your Honor. No. Thank you very much for allowing us to

1  participate today.

2         THE COURT: All right. I believe that concludes

3  the conference call, and thank you very much, counsel. And

4  I am terminating the call.

5         (Proceedings concluded at 5:04 p.m.)

6         - - - - - - - -

7         Reporter's Certification

8  I certify that the foregoing is a correct transcript from the

9  record of proceedings in the above-entitled matter.

10        s/Diane Peede, RMR, CRR, CRC
    Official Court Reporter
11     United States District Court
Date: July 31, 2019    Northern District of Georgia