| | |
|---|---|
| | ATTEST: A TRUE COPY CERTIFIED THIS |
| UNITED STATES JUDICIAL PANEL on MULTIDISTRICT LITIGATION | 08/08/2019 |
| | James N. Hatten By: s/ Stephanie Pittman Deputy Clerk |
| IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 2800 |

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Joshpe*) moves under Panel Rule 7.1 to vacate our order conditionally transferring his action to MDL No. 2800. Defendant Equifax Information Services LLC (Equifax) opposes the motion to vacate.

After considering the parties' arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers allegedly was compromised. *See In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1324-25 (J.P.M.L. 2017). *Joshpe* involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach, and failed to provide the public with timely notice of the breach.

Plaintiff does not dispute that his action arises out of the 2017 Equifax data breach or that it shares questions of fact and law with the MDL No. 2800 actions. Instead, he argues that (1) the questions of fact that are common to the MDL No. 2800 actions are undisputed and, therefore, not sufficiently complex to warrant transfer; (2) he alleges a unique New York state law claim; and (3) transfer will cause him inconvenience. As the Panel already determined when centralizing this docket, allowing common discovery to proceed in a coordination fashion will promote the just and efficient conduct of the litigation. While it is undisputed that a data breach occurred, discovery still will be necessary into, for instance, how the breach occurred, what Equifax could have done to prevent it, and the facts surrounding Equifax's decision on when to announce the breach. Plaintiff argues that unique factual questions will include how each specific victim's personally identifiable information was compromised, the lack of remedial action taken by defendants with respect to specific plaintiffs, and the precise ramifications and damages associated with each victim. But this is true of many individual plaintiffs in the MDL and does not weigh against transfer. *See, e.g., In re BP Sec., Derivative & Emp't Ret. Income Sec. Act (ERISA) Litig.*, 734 F. Supp. 2d 1380, 1383 (J.P.M.L. 2010) ("Section 1407 does not require a complete identity or even a majority of common factual and legal issues as a prerequisite to centralization."). Plaintiff's state law claim is included

-2-

in the consolidated consumer class action complaint in MDL No. 2800 and, therefore, it is not unique. Moreover, plaintiff asserts a claim under the Fair Credit Reporting Act, which also is included in the MDL No. 2800 consolidated consumer class action complaint. Finally, the Panel has held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION**                                MDL No. 2800

## SCHEDULE A

<u>Southern District of New York</u>

JOSHPE v. EQUIFAX INFORMATION SERVICES LLC, C.A. No. 1:19-03146