# Exhibit A

| | |
|---|---|
| **From:** | Balser, David <DBalser@KSLAW.com> |
| **Sent:** | Wednesday, March 20, 2019 7:38 PM |
| **To:** | Sheila_Sewell@gand.uscourts.gov; K Canfield |
| **Cc:** | Amy Keller; Tony Cochran (alc@cclblaw.com); Gary Lynch; J Guglielmo; Sumner, Phyllis; Haskins, Stewart; S Siegel |
| **Subject:** | RE: Equifax Discovery Issue |

Ms. Sewell:

Thank you for your note below.  Per your email, Equifax will be prepared to discuss the dispute about the subpoena Plaintiffs served on former Equifax employee Graeme Payne (the "Payne Subpoena") at the upcoming status conference on April 3, 2019.  And, as set forth in Case Management Order No. 4 ("CMO-4"), Equifax will submit a letter brief in support of its position if the Court directs it to do so.  *See* CMO-4 at 18 (calling for letter briefs only as directed by the Court).

In addition to procedural matters, Mr. Canfield's email also contains argument to which I am compelled to briefly respond in advance of the April 3 status conference.

*First*, Equifax objects to the Payne Subpoena to the extent it seeks the compilation of documents that Equifax's counsel provided to Mr. Payne to help prepare him to testify before various government regulators.  That compilation of documents is attorney work product.  Producing or identifying those documents, which Equifax's counsel selected from tens of thousands of other documents and assembled in anticipation of litigation and adversarial proceedings, would reveal Equifax's counsel's mental impressions, conclusions, opinions, and legal theories.  *See, e.g.*, *U.S. ex rel. Bibby v. Mortgage Investors Corp.*, No. 1:12-CV-4020-AT, 2016 WL 10999266, at *1 (N.D. Ga. Mar. 2, 2016) (explaining that "attorney's selection of documents may be protected work product because it tends to reveal mental impressions").  To be sure, Equifax does not object to producing the documents themselves.  In fact, Equifax has already produced most—and, by the April 3, 2019 status conference, will have produced all—of these documents to Plaintiffs' counsel, except for one document that is publicly available.

*Second*, Equifax has not waived its right to assert a work-product objection by not serving written objections to the Payne Subpoena.  The 14-day time limit set out in Rule 45(d)(2)(B), by its terms, applies only to the person commanded by the subpoena to produce documents or tangible things.  *See Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-cv-3577, 2017 WL 4585582, at *4 (N.D. Ala. Apr. 25, 2017) ("It is well established that [a non-recipient is] not required to raise its privilege or file a motion to quash within 14 days of [service of a] subpoena.").  CMO-4 outlines the procedures for resolving discovery disputes in this MDL, and calls for such disputes to be heard, in the first instance, at the regularly schedule status conferences.  Thus, Equifax could properly and timely raise an objection during the parties' discussions regarding the agenda for the upcoming status conference, which has not yet occurred.

*Third*, Equifax did not waive work-product protection by providing the document compilation to Mr. Payne.  Work-product protection is not waived merely by disclosure to third parties.  *Lone Star Fund V (US), L.P. v. UFCW Consol. Pension Fund*, No. 1:09-CV-2886-RLV-JFK, 2012 WL 13071967, at *4 (N.D. Ga. Apr. 27, 2012).  Mr. Payne's and Equifax's interests were not adverse when Equifax's counsel provided Mr. Payne with the document compilation.  Among other reasons, Mr. Payne and Equifax had resolved any dispute regarding Mr. Payne's termination by that time, and Equifax's and Mr. Payne's interests were substantially aligned with respect to the government investigations in which Mr. Payne provided testimony.

We look forward to discussing this matter with the Court at the upcoming status conference, and would be happy to submit letter briefing if directed by the Court.  We appreciate your assistance with this matter.

Sincerely,

David Balser

---

**David L. Balser**
*Partner*

T: +1 404 572 2782  |  E: dbalser@kslaw.com  |  www.kslaw.com

BIO  |  vCARD

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

**KING & SPALDING**

**From:** Sheila_Sewell@gand.uscourts.gov <Sheila_Sewell@gand.uscourts.gov>
**Sent:** Wednesday, March 20, 2019 12:26 PM
**To:** K Canfield <kcanfield@dsckd.com>
**Cc:** Amy Keller <akeller@dlcfirm.com>; Tony Cochran (alc@cclblaw.com) <alc@cclblaw.com>; Balser, David <DBalser@KSLAW.com>; G Lynch <glynch@carlsonlynch.com>; J Guglielmo <jguglielmo@scott-scott.com>; Sumner, Phyllis <PSumner@KSLAW.com>; Haskins, Stewart <SHaskins@KSLAW.com>; S Siegel <siegel@stuevesiegel.com>
**Subject:** Re: Equifax Discovery Issue

The proposal to place this issue on the agenda for conference on April 3 is acceptable to Judge Thrash.

Sheila Sewell
Courtroom Deputy Clerk for
Judge Thomas W. Thrash
United States District Court
404-215-1555

---

| | |
|---|---|
| From: | Ken Canfield <kcanfield@dsckd.com> |
| To: | "Sheila_Sewell@gand.uscourts.gov" <Sheila_Sewell@gand.uscourts.gov> |
| Cc: | "Tony Cochran (alc@cclblaw.com)" <alc@cclblaw.com>, Norm Siegel <siegel@stuevesiegel.com>, Amy Keller <akeller@dlcfirm.com>, "Joseph P. Guglielmo" <jguglielmo@scott-scott.com>, Gary Lynch <glynch@carlsonlynch.com>, "David Balser (dbalser@kslaw.com)" <dbalser@kslaw.com>, "Phyllis B Sumner (psumner@kslaw.com)" <psumner@kslaw.com>, "Stewart Haskins (shaskins@kslaw.com)" <shaskins@kslaw.com> |
| Date: | 03/19/2019 04:50 PM |
| Subject: | Equifax Discovery Issue |

---

Ms. Sewell:

A discovery matter has arisen that has some time sensitivity to it, causing us to reach out to the Court for direction.  I am writing jointly on behalf of counsel for the plaintiffs in the consumer and financial institutions tracks and Tony Cochran, who represents Graeme Payne, a former Equifax employee.

On February 26, plaintiffs noticed the deposition of Mr. Payne for April 16 and issued him a subpoena requiring the production of certain documents.  On March 7, Mr. Payne objected to the subpoena.  A copy of the objection is attached.  For our purposes, the entirety of the objection is as follows:

"Mr. Payne is in possession of documents responsive to the Subpoena that were provided to him by counsel for Equifax.  Mr. Payne has been asked by counsel for Equifax to assert a work product objection  on  behalf  of Equifax's counsel and Equifax. Mr. Payne is

honoring their request by submitting this Objection within the time allowed by law."

Equifax itself has not filed an objection to the subpoena.

Plaintiffs believe that the objection asserted by Mr. Payne on behalf of Equifax is not well taken.  The objection does not meet the specificity requirements of Rule 45.  Mr. Payne lacks standing to assert Equifax's objection.   Equifax has waived any objection by failing to file one.  And, the work product objection lacks merit.

Plaintiffs have met and conferred with Mr. Cochran as required by Section XII of CMO No. 4.  Mr. Cochran says that he cannot negotiate with us regarding the objection because "his hands are tied" by a separation agreement between Equifax and Mr. Payne that requires he make and stand by the objection.

The documents in question are business records selected by Equifax for Mr. Payne's review during sessions with Equifax's counsel and Mr. Payne's counsel in preparation for him being interviewed by various state and federal government regulators concerning the data breach.  A set of the documents were given to both Mr. Cochran and Mr. Payne.  Mr. Payne does not have a common interest or joint defense agreement with Equifax.  Mr. Payne was fired by Equifax approximately one month after the breach was announced.  The next day, former Equifax CEO Richard Smith, effectively told Congress that the breach was caused by Mr. Payne's negligence, although he did not identify Mr. Payne by name at that time.  Plaintiffs assert Mr. Payne's interests are adverse to Equifax and that the company intentionally tried to make him the scape goat for the breach, assertions supported by the House Committee report issued in December that states:  "A senior Equifax official [Mr. Payne] was terminated for failing to forward an email – an action he was not directed to do – the day before former CEO Richard Smith testified in front of Congress. This type of public relations-motivated maneuver seems gratuitous against the back drop of all the facts."  The documents at issue were given to Mr. Payne long after he was fired.

Plaintiffs intend to go forward with Mr. Payne's deposition, even if the requested documents have not been produced, to establish facts demonstrating that the work product objection is unsustainable and because his information is important to Plaintiffs' ability to meet and confer about search terms and custodians.  However, if the deposition proceeds without documents and the Court later orders that the documents be produced, there is a substantial likelihood he will need to be deposed a second time.  Plaintiffs and Mr. Payne would like to resolve the objection before the deposition takes place to avoid this eventuality.

We intend to put this issue on the agenda for the upcoming status conference on April 3.  However, we believe that the Court would benefit from written presentations in advance with each side having the right to submit a letter brief of up to 5 pages.  With the Court's permission, we propose that Mr. Payne file his letter brief by next Monday, March 25 and Plaintiffs submit their letter brief by April 1.

Please let us know if this proposal is acceptable to Judge Thrash.

 [attachment "0624. (03-07-2019) OBJECTION re [572] Notice to Take Deposition and for ....pdf" deleted by Sheila Sewell/GAND/11/USCOURTS]

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

This email has been scanned for spam and viruses. Click here to report this email as spam.