**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

In re: Equifax Inc. Customer
Data Security Breach Litigation

MDL Docket No. 2800
No. 1:17-md-2800-TWT

CONSUMER ACTIONS

Chief Judge Thomas W. Thrash, Jr.

**PLAINTIFFS' RESPONSE TO MOTION FOR
COURT ORDER SETTING DEADLINE TO PAY
SETTLEMENT FEE TO PETITIONING PARTIES**

On August 6, 2019, four purported members of the settlement class filed a motion requesting that the Court enter an order that would either: (1) direct the Settlement Administrator to issue and mail checks in the amount of $125 to each movant within five days of the order; or (2) direct the Settlement Administrator to pay each of the movants $125 within a reasonable time and allow the movants the option to withdraw their claim and file their own individual lawsuit against Equifax. (Doc. 789 at 2) Neither of the orders Movants request is appropriate or even within the authority of the Court. Movants ask the Court to simply disregard the terms of the Settlement Agreement, treat them in a manner different than all other class members, and order they be paid sums to which they have no present

entitlement and to which they may never be entitled.  Accordingly, as discussed in more detail below, the motion must be denied.

(1)     Until the proposed settlement is finally approved by the Court and the Effective Date as defined in the settlement has passed, no class member has any entitlement to receive any compensation.  The settlement has not been finally approved and the final approval hearing will not take place until December, 2019. Moreover, the Effective Date will not occur until after the settlement is finally approved and any appeal resolved.  So, Movants have no right to be paid anything at this time.

(2)     The Settlement Agreement requires that all class members be treated equitably.  Indeed, if the settlement did not do so, it likely would not pass muster and would not merit final approval under Rule 23(e).  Movants have provided no explanation for why they should be put at the front of the line and receive their compensation long before any other class member.  Granting Movants the relief they seek would thus violate a fundamental principle of Rule 23 and class action jurisprudence.

(3)     The proposed Settlement Agreement sets forth a comprehensive process that governs when and how claims are to be made by class members, the review of those claims by the Settlement Administrator to ensure their validity, the

determination of the amounts due class members who have filed valid claims, the funding by Equifax of the Consumer Restitution Fund, and the timing of payments to class members. Movants ignore that process, each step of which must be completed before any class members are paid.

(4) Currently, there is no money in the Consumer Restitution Fund to pay class member benefits. The only money now in the fund is allotted to pay notice and administration costs. Equifax is not required to pay any more money into the fund until after the Effective Date of the Settlement Agreement. Consequently, even if Movants had shown any entitlement to be paid immediately, which they have not, money will not be available to pay their claims until after the Effective Date has passed and Equifax pays into the Consumer Restitution Fund the sum required to pay benefits to the class.

(5) Movants' alternative request for an order directing they be paid within a reasonable time and that they be afforded the opportunity to file an individual lawsuit against Equifax is similarly without merit for the reasons discussed above. Further, it is unclear exactly what relief Movants are requesting. To the extent they are seeking both payments under the settlement and an opportunity to file their own lawsuit against Equifax, it is apparent that Movants misunderstand the nature of a class action lawsuit. As clearly explained in the

notice approved by this Court, Movants had the option of filing claims for benefits or opting out.  They cannot do both.

Movants' motion thus should be denied.

Respectfully submitted this 22d day of August, 2019.

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*

Roy E. Barnes

Ga. Bar No. 039000

**BARNES LAW GROUP, LLC**

31 Atlanta Street

Marietta, Georgia 30060

Tel. 770.227.6375

roy@barneslawgroup.com

David J. Worley

Ga. Bar No. 776665

**EVANGELISTA WORLEY LLC**

8100A Roswell Road Suite 100

Atlanta, Georgia 30350

Tel. 404.205.8400

david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman

**COHEN MILSTEIN SELLERS & TOLL PLLC**

1100 New York Avenue, NW

Suite 500

Washington, D.C. 20005

Tel. 202.408.4600

afriedman@cohenmilstein.com

Eric H. Gibbs

**GIRARD GIBBS LLP**

505 14th Street

Suite 1110

Oakland, California 94612

Tel. 510.350.9700

ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**MILBERG TADLER PHILLIPS GROSSMAN LLP**
One Penn Plaza
19th Floor
New York, New York 10119
Tel. 212.594.5300
atadler@milberg.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this pleading has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 22d day of August, 2019.  In addition, I have caused a copy of the foregoing to be placed in the U.S. Mail, postage pre-paid, addressed to:

> Peter J. LaBreck
> Elizabeth A. Simons
> Joshua D. Simons
> Gregory A. Simons
> 9100 Island Drive
> Clay, Michigan 48001

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield