# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation<br><br>This document relates to:<br><br>FINANCIAL INSTITUTION CASES | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>Chief Judge Thomas W. Thrash, Jr. |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 6

On April 4, 2018, the Court entered Case Management Order No. 4 (Doc. 261) ("CMO No. 4") setting out the protocol to govern discovery between the Parties to this litigation. CMO No. 4 also created a protocol for the issuance of third-party subpoenas and instructed the Parties to contact the Court concerning any discovery disputes. CMO No. 4 at 16-18. Since CMO No. 4 was entered, Plaintiffs served discovery subpoenas on third parties nationwide. While CMO No. 4 provided general guidance as to third-party subpoenas, the Parties request that the Court, subject to the consent of a third-party or if the Court finds exceptional circumstances exercise its authority under 28 U.S.C. § 1407 to centralize proceedings regarding the enforcement of third-party subpoenas issued in connection with this MDL. *See* Fed. R. Civ. P. Rule 45(f); *see also*, 28 U.S.C.

1

§ 1407; *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 469 (6th Cir. 2006) ("We agree . . . that the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas."); *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (Section 1407 "authorizes the transferee district court to exercise the authority of a district judge in any district: The transferee court may hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district. Though the statutory language refers to 'pretrial depositions,' the statute wisely has been interpreted to embrace document production subpoenas as well."). However, nothing within this Case Management Order No. 6 shall restrict or otherwise prohibit a third party's ability to challenge or otherwise contest a subpoena by filing a motion to quash in the local district court where the deposition is to be held.

Based on the agreement of the Parties to this action, and for good cause shown, the Court enters the following Case Management Order No 6:

Except as modified herein, the discovery protocols in the MDL (Doc. 261) remain in effect and will continue to govern discovery in the respective cases.

The Parties agree, and the Court orders, that motion practice and other

proceedings relating to the enforcement of third-party subpoenas issued in connection with this MDL are centralized. *See* 28 U.S.C. § 1407(b).

Any motions to quash or modify or motions to enforce subpoenas issued in connection with this MDL that are filed by the Parties to this MDL shall be the responsibility of the MDL Court and any filings related to such motions shall be filed directly in the MDL. In addition, any motions to quash or modify or motions to enforce subpoenas issued in connection with this MDL that are filed by third-parties may be filed directly in the MDL and, if so filed, shall be the responsibility of the MDL Court.

In the event a third-party files a motion to quash or modify or motion to enforce a subpoena issued in connection with the MDL in a U.S. District Court other than the MDL Court, no party shall oppose any other party's motion to transfer resolution of such proceedings to the MDL Court.

Attorneys are permitted to make limited appearances for the purposes of contesting or seeking to enforce a subpoena without being deemed to otherwise consent to the jurisdiction of this Court.

To avoid unnecessary discovery disputes, the parties are directed to meet and confer before contacting the Court regarding a dispute concerning a third-party subpoena. The Court will hear such disputes at its regularly scheduled status

conferences. If the issues are unable to be resolved at the time of the status conference, in lieu of filing motions to compel or motions to quash or modify, the Court will direct the parties as follows:

- The moving parties shall submit letter brief(s) setting forth their position as to why a subpoena should be quashed or modified or a production compelled. The letter briefs shall not exceed five (5) pages and shall be filed on the docket and served on all parties of record as well as the third-party recipients of the subpoena at issue.
- Any parties opposing the relief requested in the opening letter brief shall have fourteen (14) days to send a responsive letter brief. The responsive letter brief also shall not exceed five (5) pages, shall be filed on the docket and served on all parties of record as well as the third-party recipients of the subpoena at issue.
- Upon the close of letter briefing, the Court may either issue a ruling on the basis of the parties' submissions or set a telephone conference to discuss the parties' positions.

In lieu of filing a motion to quash or modify a subpoena, any third-party who so desires may also avail itself of the above procedures for resolving disputes related to any subpoena it receives that has been issued in connection with the MDL.

SO ORDERED, this ___ day of August, 2019.

Thomas W. Thrash
United States District Judge

August 27, 2019                    Respectfully submitted,


                                        */s/ Joseph P. Guglielmo (with permission)*
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com

Gary F. Lynch
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel. 412.322.9243
glynch@carsonlynch.com

*Financial Institution Plaintiffs' Co-Lead Counsel*

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, Georgia 30305
Tel. 404.842.9700
cgillen@gwllawfirm.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, Georgia 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300
Atlanta, Georgia 30327
Tel. 404.572.4600
ranse@onleygriggs.com

*Financial Institution Plaintiffs' Co-Liaison Counsel*

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel. 504.525.8100
amurray@murray-lawfirm.com

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Tel. 612.349.8500
sslaughter@robinskaplan.com

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, Georgia 30305
Tel. 404.261.7711
cvanhorn@bfvlaw.com

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, Arkansas 72201
Tel. 501.312.8500
acarney@cbplaw.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North
Suite 300
Minneapolis, Minnesota 55401
Tel. 612.339.7300
bbleichner@chestnutcambronne.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, Minnesota 55401
Tel. 501.812.5575
khriebel@locklaw.com

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, Arkansas 72223
Tel. 501.821.5575
karenhalbert@robertslawfirm.us

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel. 612.341.0400
brian.gudmunson@zimmreed.com

*Financial Institution Plaintiffs' Steering Committee*


*/s/ David L. Balser*
David L. Balser

Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record in the Actions this 27th day of August 2019.

<u>/s/ David L Balser</u><br>
David L. Balser