# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>ALL ACTIONS |

and

| | |
|---|---|
| IN RE EQUIFAX INC. SECURITIES LITIGATION | CONSOLIDATED CASE NO.<br>1:17-cv-03463-TWT |

## [PROPOSED] COORDINATED DISCOVERY ORDER

To maximize efficiency and reduce the burdens of discovery on the parties, third parties, and the Court, discovery in the matters pending before the Court as *In re Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800 TWT (the "MDL") and *In re Equifax Inc. Securities Litigation*, Case No. 1:17-cv-03463-TWT (the "Securities Litigation") (together, the "Actions") shall be coordinated per the terms of this Order.

1. This Order applies to all cases in the MDL (as defined in MDL ECF No. 87), as well as to the Securities Litigation.

1

2. Except as modified herein, the discovery protocols in the MDL and the Securities Litigation shall remain in effect and will continue to govern discovery in the respective cases. The provisions of this Order do not govern expert depositions, which are not required to be coordinated between the Actions and shall remain subject to the Parties' respective discovery protocols.

3. As used in this Order, the term "Party" refers to any one of the following: Equifax Inc. and any affiliates or subsidiaries of Equifax Inc. named as a defendant in the MDL or the Securities Litigation (collectively, "Equifax"), any current or former employees of Equifax named as a defendant in the MDL or the Securities Litigation, the Plaintiffs in the financial institution track of the MDL through designated Lead Counsel, and the Lead Plaintiff in the Securities Litigation through designated Lead Counsel (collectively, the "Parties"). No other participant in the MDL or Securities Litigation shall have the right to notice a deposition without leave of Court.

4. The Parties shall cooperate with each other and with counsel for the witnesses, to the extent practicable, to coordinate all scheduling, noticing, and taking of depositions. No Party shall unilaterally schedule and notice a deposition without first consulting in good faith with the other Parties and counsel for the witness, as applicable. Parties shall have three (3) business days to respond to a request from

any other Party to consult on the scheduling and notice of a deposition, including concerning an appropriate allocation of time for questioning between the noticing and cross-noticing parties.

5. To ensure that all Parties have an opportunity to question witnesses for the Actions, depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and such notices shall be served electronically on counsel of record for all Parties in the Actions at least fourteen (14) days in advance of the scheduled deposition, unless otherwise agreed by the Parties. Such notices shall be served only after the Parties have conferred as required by Paragraph 4 above.

6. Counsel for Equifax is directed to create a list-serve that will contain email addresses for counsel of record for all Parties in the Actions, which shall be used for serving deposition notices in the Actions.

7. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on counsel of record for all Parties in the Actions.

8. If a deposition notice is initially served in only one of the Actions, any Party seeking to question the applicable witness for the other Action shall cross-notice the deposition and serve such cross-notice on counsel of record for all Parties

in the Actions as soon as reasonably practicable, but in no event less than seven (7) days before the scheduled deposition.

9. Only counsel for Parties that have noticed or cross-noticed a deposition are entitled to question deponents; provided, however, that any Party defending a deposition also may question the witness in response to questioning by other Parties, and Equifax may question its current or former employees in response to questioning by other Parties, without needing to serve a notice or cross-notice for such depositions.

10. The Parties, and if necessary, counsel for the deponent, will cooperate in good faith in an effort to allocate time for questioning among counsel for each Party serving a notice or cross-notice for a deposition. Except for those depositions covered by Paragraph 13, the time limit for each deposition in the Actions will be nine (9) hours of on-record time unless otherwise agreed or allowed by the Court. The noticing and cross-noticing Parties shall cooperate in good faith in an effort to allocate time for questioning within this nine (9) hour limit. Unless otherwise agreed by the noticing and cross-noting Parties, the Party noticing the deposition shall be entitled to five (5) hours of the allotted deposition time and the cross-noticing Party (or cross-noticing Parties combined if there are more than one) to four (4) hours of

allotted deposition time.  Notwithstanding the foregoing, the Parties shall engage in best efforts to complete all deposition testimony as efficiently as possible.

11.　　Except as provided in Paragraph 13, no witness shall be deposed more than once in the Actions without leave of Court or agreement among counsel for all Parties in the Actions and counsel for the applicable witness. Provided, however, that this limitation does not apply to Rule 30(b)(6) depositions, which may occur on multiple occasions but are limited by the total hour restrictions set forth in the Case Management Orders governing discovery in the MDL (ECF No. 261) and the Securities Litigation.

12.　　Depositions taken in either of the Actions will count towards the deposition limits in both Actions for any Party that (i) noticed the deposition, (ii) cross-noticed the deposition, or (iii) questioned the witness; provided, however, that any Party defending a deposition may question the witness in response to other Parties' questioning for up to one (1) hour without that deposition counting towards the defending Party's deposition limit, and subject to the provisions of paragraph 9 above, Equifax also may question witnesses in response to other parties' questioning for up to one (1) hour without that deposition counting towards Equifax's deposition limit.  Any questioning by the defending party or Equifax pursuant to this paragraph

will not count towards the 9-hour time limit provided for by paragraph 10 above, or other agreed-upon or Court-ordered time limit for a deposition.

13.     Notwithstanding any other provision of this Order, and in order to preserve the Parties' ability to address distinctions among the Actions, Lead Counsel for Plaintiffs in the MDL and the Securities Litigation may each identify up to ten (10) deponents to be deposed in each of the Actions at different times (i.e., to be separately noticed by Plaintiffs in the MDL or the Securities Litigation).  Such deponents' depositions will not be subject to the cross-notice procedures set forth above in paragraph 8. Each of the depositions taken pursuant to this paragraph will be governed by Federal Rule of Civil Procedure 30(d)(1) unless otherwise agreed among counsel for those Parties that are participating in each of the depositions and counsel for the applicable witness.

14.     Each witness may be questioned by no more than one counsel from each Party, with the exception of depositions taken pursuant to Rule 30(b)(6) or depositions that take place over multiple days. With respect to Rule 30(b)(6) depositions, each designee may be questioned by no more than two counsel from each Party.

15.     Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties (and non-parties for non-party depositions), and

need not be repeated by another counsel to preserve that objection on behalf of such other counsel.

16. All objections except as to the form of the question or foundation are reserved until trial or other use of the deposition transcript.

17. Witnesses shall be deposed where they reside unless counsel for all Parties intending to participate in the deposition and counsel for the applicable witness agree otherwise.

18. To more efficiently handle the litigation and to reduce travel costs, the Parties shall cooperate to the extent practical to schedule and complete depositions so as to avoid repetitive trips to the same location.

19. The final transcripts for all depositions noticed by any Party shall be made available to every other Party within five (5) days after the completion of the final transcript. If designated as Confidential, such transcripts will be subject to the confidentiality provisions in each of the Actions. Any deposition taken pursuant to this Order may be used in either of the Actions.

20. The Parties shall meet and confer in an effort to resolve any discovery dispute relating to the provisions of this Order prior to raising such dispute with the Court.

21. This Order does not limit any Party's right to object to or seek a protective order with respect to any deposition noticed in either of the Actions.

22. Any Party may move the Court to modify this order upon good cause shown.

SO ORDERED, this ___ day of August, 2019.

_____
Thomas W. Thrash
United States District Judge

August 29, 2019

Respectfully submitted,

*/s/ Joseph P. Guglielmo (with permission)*
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, New York 10169
Tel. 212.223.6444
jguglielmo@scott-scott.com

Gary F. Lynch
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel. 412.322.9243
glynch@carsonlynch.com

*Financial Institution Plaintiffs' Co-Lead Counsel*

Craig A. Gillen
**GILLEN WITHERS & LAKE, LLC**
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, Georgia 30305
Tel. 404.842.9700
cgillen@gwllawfirm.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, Georgia 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com

Ranse Partin
**CONLEY GRIGGS PARTIN LLP**
4200 Northside Parkway
Building One, Suite 300
Atlanta, Georgia 30327
Tel. 404.572.4600
ranse@onleygriggs.com

*Financial Institution Plaintiffs' Co-Liaison Counsel*

Arthur M. Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Tel. 504.525.8100
amurray@murray-lawfirm.com

Stacey P. Slaughter
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Tel. 612.349.8500
sslaughter@robinskaplan.com

Charles H. Van Horn
**BERMAN FINK VANHORN P.C.**
3475 Piedmont Road, Suite 1100
Atlanta, Georgia 30305
Tel. 404.261.7711
cvanhorn@bfvlaw.com

Allen Carney
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, Arkansas 72201
Tel. 501.312.8500
acarney@cbplaw.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
17 Washington Avenue North
Suite 300
Minneapolis, Minnesota 55401
Tel. 612.339.7300
bbleichner@chestnutcambronne.com

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, Minnesota 55401
Tel. 501.812.5575
khriebel@locklaw.com

Karen S. Halbert
**ROBERTS LAW FIRM, PA**
20 Rahling Circle
P.O. Box 241790
Little Rock, Arkansas 72223
Tel. 501.821.5575
karenhalbert@robertslawfirm.us

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Tel. 612.341.0400
brian.gudmunson@zimmreed.com

*Financial Institution Plaintiffs' Steering Committee*

*/s/ David M. Chaiken (with permission)*
David M. Chaiken
**TROUTMAN SANDERS LLP**

600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
404-885-3000
404-885-3900 (Facsimile)
Email: david.chaiken@troutman.com

Steven G. Madison (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
202-538-8000
Email: stevemadison@quinnemanuel.com

Michael E. Liftik (*pro hac vice*)
Meghan A. McCaffrey (*pro hac vice*)
1300 I Street, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Email: michaelliftik@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

***Attorneys for Defendant Richard F. Smith***


*/s/ David L. Balser*
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
**KING & SPALDING LLP**

1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Inc. in the MDL*

/s/ *Michael R. Smith (with permission)*
Michael R. Smith
Georgia Bar No. 661689
B. Warren Pope
Georgia Bar No. 583723
Benjamin Lee
Georgia Bar No. 443082
Brandon R. Keel
Georgia Bar No. 300303
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309
Tel.: (404) 572-4600
Fax: (404) 572-5100
mrsmith@kslaw.com
wpope@kslaw.com
blee@kslaw.com
bkeel@kslaw.com

*Counsel for Equifax Inc. in the Securities Litigation*

/s/ *James A. Harrod (with permission)*
James A. Harrod
Abe Alexander
Brenna Nelinson

13

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212 554-1444
jim.harrod@blbglaw.com
abe.alexander@blbglaw.com
brenna.nelinson@blbglaw.com

*Counsel for Lead Plaintiff Union Asset Management Holdings AG and Lead Counsel for the Class in the Securities Litigation*

H. Lamar Mixon
Georgia Bar No. 514012
Amanda Seals Besinger
Georgia Bar No. 502720
**BONDURANT MIXSON & ELMORE LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, Georgia 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
mixson@bmelaw.com
bersinger@bmelaw.com
 *Local Counsel for Lead Plaintiff Union Asset Management Holdings AG*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record in the Actions this 29th day of August 2019.

*/s/ David L Balser*
David L. Balser
