IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br>*City of Chicago v. Equifax, Inc.*<br>No. 1:18-cv-1470-TWT<br><br>Chief Judge Thomas W. Thrash, Jr. |

**MEMORANDUM IN SUPPORT OF PLAINTIFF CITY OF CHICAGO'S MOTION FOR RECONSIDERATION**

The Court denied Plaintiff City of Chicago's motion for a separate track based on the notion that claims asserted in the Consumer Complaint "subsume" Chicago's claims because Chicago seeks relief "on behalf of the very same" Chicago residents who are plaintiffs in the Consumer Track. (ECF 784 ("Order") at 1.) Chicago respectfully submits that this ruling was clearly erroneous. Chicago's complaint seeks to enforce a municipal ordinance to recover civil fines on behalf of Chicago itself, not on behalf of Chicago residents who are plaintiffs in the Consumer Track. Chicago should therefore be permitted to litigate its distinct government-enforcement claims.

1

The Order creates several problematic results. First, the Order contradicts rulings of the MDL court presiding over cases arising out of the Marriott data breach, where the court placed Chicago's similar action on a "Government Track" distinct from a Consumer Track that seeks relief on behalf of (among others) Chicago residents. Second, the Order is contrary to case law allowing Chicago to prosecute claims under its ordinance despite separate suits seeking damages for Chicago residents based on the same conduct. Third, the Order's reasoning would seemingly preclude enforcement actions by other governmental entities where private plaintiffs assert claims on behalf of individuals residing within the relevant governmental jurisdiction. Finally, to the extent the Order could be read to suggest that the Settlement Agreement between the Consumer Plaintiffs and Equifax releases Chicago's claims, that would contravene the Agreement itself and would unjustly prevent Chicago from litigating its government-enforcement claims.

## ARGUMENT

Although motions for reconsideration should not be filed "as a matter of routine practice" (LR 7.2(E)), this Court has stated that "[a] motion for reconsideration should be granted if it is necessary to correct a clear error or to prevent manifest injustice." *Frascona v. Minn. Mut. Life Ins. Co.*, 53 F. Supp. 2d 1282, 1283 (N.D. Ga. 1998). Reconsideration is warranted under either prong.

2

## I.     Reconsideration Is Necessary To Correct A Clear Error.

The Order clearly erred in ruling that the Consumer Plaintiffs' claims "subsume" Chicago's claims because Chicago asserts claims "on behalf of the very same" Chicago residents who are Plaintiffs in the Consumer Track. (Order at 1.) In fact, Chicago "seek[s] relief against Equifax on behalf of Chicago **and** its residents." (*City of Chi. v. Equifax Inc.*, Case No. 18-1470, ECF 1-1 at p. 1 (N.D. Ga. Oct. 30, 2017) ("Chi. Compl.") (emphasis added).) Chicago's complaint seeks two monetary remedies: civil fines and restitution. (*Id.* ¶¶ 10, 90-91, 99-100, 108-09, 115-16, 124-25.) Because the Consumer Plaintiffs have recovered restitution for Chicago residents (ECF 739-2 § 3), Chicago withdraws its request for restitution. What remains is a government-enforcement suit in which Chicago seeks civil fines that would go to the City's coffers, not to individual City residents. *See* 65 Ill. Comp. Stat. § 5/1-2-8 ("All fines, penalties, and forfeitures for the violation of ordinances ... shall be paid into the treasury of the municipality, at such times and in such manner as may be prescribed by ordinance.").

The Consumer Plaintiffs' claims do not subsume Chicago's government-enforcement claims seeking civil fines. First, Chicago asserts its claims under a municipal ordinance that the Consumer Plaintiffs cannot enforce. Chicago asserts five claims under Municipal Code of Chicago ("MCC") § 2-25-090 (the

3

"Ordinance") as well as a claim seeking "a judgment declaring that Equitable has violated the Ordinance." (Chi. Compl. ¶¶ 82-131.) The Consumer Complaint does not assert claims under the Ordinance. Nor could it: the Ordinance states that the City "shall be charged with enforcement of this section." MCC § 2-25-090(b).

The Illinois Consumer Plaintiffs instead assert claims under, among other laws, the Illinois Consumer Fraud Act ("ICFA") and Personal Information Protection Act ("PIPA"). (Consumer Compl. ¶¶ 651-69.) To be sure, as Equifax has noted (ECF 411 at 5-8), the Ordinance incorporates the ICFA and PIPA. But that does not mean that the Consumer Plaintiffs' claims subsume Chicago's claims. As an Illinois court explained in upholding Chicago's Ordinance-based claims arising out of another data breach, "[t]he City may properly pursue claims under the Ordinance regardless of whether it could assert independent claims under the ICFA or PIPA." Order at 4, *City of Chi. v. Uber Techs., Inc.*, Case No. 17 CH 15594 (Ill. Cir. Ct. July 16, 2018) (attached as Exhibit 1).

Second, Chicago requests relief that the Consumer Plaintiffs do not and cannot seek. Chicago seeks civil fines for violations of the Ordinance. (Chi. Compl. ¶¶ 10, 90, 99, 108, 115, 124.) Because only Chicago may enforce the Ordinance, only Chicago may recover civil fines for Ordinance violations. The Illinois

4

Consumer Plaintiffs thus do not seek civil fines; they seek damages for themselves, not for Chicago. (*E.g.*, Consumer Compl. ¶¶ 658, 669.)

Third, the Order contradicts case law allowing Chicago to enforce the Ordinance to recover relief for the City despite separate suits seeking damages for Chicago residents based on the same conduct. For example, Chicago filed similar claims under the Ordinance arising out of the Marriott data breach. (*City of Chi. v. Marriott Int'l, Inc.*, Case No. 19-cv-654, ECF 1 (D. Md. Feb. 14, 2019).) The MDL judge placed Chicago's claims against Marriott on a "Government Track," distinct from a "Consumer Track" that (like the Consumer Track here) seeks damages for Chicago residents. (*In re Marriott Int'l Inc. Customer Data Sec. Breach Litig.*, Case No. 19-md-2879, ECF 279 at 1 (D. Md. June 10, 2019).)

Other courts have likewise allowed Chicago to pursue government-enforcement claims under the Ordinance despite the existence of separate suits seeking damages for Chicago residents arising out of the same conduct. *E.g.*, *City of Chi. v. Uber*, *supra*, Exhibit 1 (upholding Chicago's claim that Uber violated Ordinance arising out of data breach); *City of Chi. v. Purdue Pharma L.P.*, 211 F. Supp. 3d 1058, 1070-71 (N.D. Ill. 2016) (upholding Chicago's "public-enforcement action[]" alleging that opioid manufacturers violated Ordinance); *see also City of Chi. v. BCC Distrib. Inc.*, Case No. 2019 CH 01756 (Ill. Cir. Ct., Cook Cnty.

Chancery Div. Aug. 29, 2019) (alleging that e-cigarette retailers violated Ordinance by marketing e-cigarettes to minors).

Fourth, the Order's reasoning would bar other government-enforcement actions where private plaintiffs challenge the same conduct—including in this litigation. For example, the State of Illinois filed a complaint against Equifax that sought civil penalties under the ICFA and PIPA. (*See Ill. v. Equifax, Inc.*, Case No. 2019 CH 259, Complaint for Injunctive and Other Relief at pp. 9, 11 (Ill. Cir. Ct., Sangamon Cnty.).) Illinois settled its claims in exchange for, among other remedies, Equifax's agreement to make a monetary payment to the State. (*See id.*, Agreed Final Judgment and Consent Decree ¶ 65.) If the Order were correct, the Consumer Plaintiffs' claims under the ICFA and PIPA would subsume Illinois' claims under those same statutes.

Similarly, Puerto Rico sued Equifax arising out of the data breach and joined Chicago's motion for a separate track in this MDL. (ECF 561.) In opposing Puerto Rico's joinder, Equifax stated: "like the City of Chicago's claims, Puerto Rico's claims are entirely subsumed in the earlier-filed Consolidated Consumer Class Action Complaint." (ECF 643 at 1.) This Court nevertheless later entered a judgment requiring Equifax to make a monetary payment to Puerto Rico. (*P.R. v. Equifax, Inc.*, Case No. 18-5611, ECF 28 ¶ 62 (N.D. Ga. July 25, 2019).) Under the Order, Puerto

Rico could not have recovered this relief through litigation. But that is not the law. Governments may enforce their own laws to recover relief for themselves, regardless of whether private plaintiffs seek relief arising out of the same conduct.[1]

## II. Reconsideration Is Necessary To Prevent Manifest Injustice.

The Order's conclusion that Chicago's claims are "subsume[d]" within the Consumer Complaint might be read to suggest that the Settlement Agreement entered into by the Consumer Plaintiffs and Equifax releases Chicago's claims. But the Settlement Agreement does not release Chicago's claims. To the contrary, the Settlement Agreement identifies the 390 existing "Actions" that the Agreement resolves. (ECF 739-2 §§ 2.1, 2.41, Exhibit 1.) Chicago's case is not among them.

Moreover, the Consumer Plaintiffs sued "on behalf of all natural persons" affected by the data breach. (ECF 374 ¶ 6.) The Settlement Agreement thus defines the "Settlement Class" to mean "the approximately 147 million U.S. consumers ... whose personal information was compromised" as a result of the Equifax data

---

[1] The Order also stated that "Chicago has not identified any discovery that was not sought by the Consumer Plaintiffs that is unique to its claims." (Order at 1.) As Puerto Rico noted, however, the Consumer Plaintiffs refused to provide discovery to litigants that (like Chicago and Puerto Rico) were outside the Consumer Track. (ECF 667 at 3-4 & Exhibit 1.) Chicago therefore does not know whether the Consumer Plaintiffs obtained the discovery that Chicago needs. Regardless, the fact remains that Chicago has its own claims that have yet to be resolved.

breach. (ECF 739-2 § 2.43.) This definition excludes governments and other entities, so the Agreement cannot release Chicago's claims.

In sum, it would be manifestly unjust to bar Chicago from having its day in court based on a misunderstanding about the nature of the City's government-enforcement claims.

## CONCLUSION

Plaintiff City of Chicago respectfully requests that the Court reconsider the Order and allow Chicago to prosecute its claims, either in this Court or on remand to the Northern District of Illinois.

Dated: September 3, 2019                Respectfully submitted,

<u>/s/ Stephen J. Kane</u>
Stephen J. Kane
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, IL 60602
Tel: 312-744-6934
Fax: 312-744-5185
stephen.kane@cityofchicago.org

*Counsel for Plaintiff City of Chicago*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I certify that the foregoing complies with the font and point selections permitted by Local Rule 5.1(B). This brief was prepared on a computer using the Times New Roman 14-point font.

/s/ Stephen J. Kane

## CERTIFICATE OF SERVICE

I certify that on September 3, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Georgia using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Stephen J. Kane