ATTEST: A TRUE COPY
CERTIFIED THIS

s/ Stephanie Pittman

James N. Hatten
By: 10/7/2019
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                          MDL No. 2800

### TRANSFER ORDER

**Before the Panel:** Plaintiff in the action listed on Schedule A (*Johnston*), proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order conditionally transferring his action to MDL No. 2800. Defendant Equifax Inc. (Equifax) opposes the motion to vacate.

After considering the parties' arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers allegedly was compromised. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1324-25 (J.P.M.L. 2017). *Johnston* involves allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information, which was compromised during the Equifax data breach.

Plaintiff does not dispute that his action arises out of the 2017 Equifax data breach or that it shares questions of fact and law with the MDL No. 2800 actions. Instead, he argues that he was harmed in New Mexico and that federal question jurisdiction is lacking. Neither argument persuades us to exclude this action from MDL No. 2800. The Panel has held that jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge. The Panel also has held that, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                    MDL No. 2800

## SCHEDULE A

<u>District of New Mexico</u>

JOHNSTON v. EQUIFAX, C.A. No. 2:19-00485