IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

**EQUIFAX'S RESPONSE TO PLAINTIFF CITY OF CHICAGO'S MOTION FOR RECONSIDERATION**

Plaintiff City of Chicago's request for reconsideration of this Court's Order declining to establish a separate MDL track for "governmental enforcement actions" should be denied.

*First*, the City repeats the arguments it made in its earlier motion for a separate track, apparently hoping the Court will change its mind. A party cannot use a motion for reconsideration to repeat arguments that were already made and rejected.

*Second*, the City's motion does not directly challenge the Court's actual ruling: that a separate "governmental enforcement" track is not appropriate because it would "unnecessarily complicate" these proceedings. That determination falls comfortably within the Court's broad discretion under Section 1407 to effectively manage this MDL. The Court can and should deny the City's

1

request for reconsideration because of its failure to challenge this basis for the Court's Order.

*Third*, rather than addressing the Court's actual ruling on the *procedural* issue of whether to create a separate track for its claims, the City focuses instead on how it thinks certain language in the Order might affect its *substantive* rights to assert municipal enforcement claims (in this litigation and elsewhere). But these misplaced concerns fail to establish that the Court's decision not to create a separate track constituted "clear error" or resulted in "manifest injustice," as required to justify reconsideration.

## BACKGROUND

The City filed its lawsuit against Equifax on September 28, 2017 in Illinois state court. Citing the 2017 data breach perpetrated against Equifax, the City brought claims premised upon Equifax's alleged failure to safeguard Chicago consumers' personally identifiable information ("PII"), failure to promptly notify Chicago consumers after discovering the breach, and allegedly deceptive practices relating to Equifax's credit monitoring offers in the wake of the breach.

After Equifax removed the City's action to the Northern District of Illinois, the Judicial Panel on Multidistrict Litigation ("JPML") transferred it—over the City's objection—to this MDL. Dkt. No. 287. The JPML determined that, despite

2

any "preliminary legal issues that are unique to [the City's case]," "inclusion of the action [in the MDL] is likely to promote the just and efficient conduct of the litigation." *Id*. at 2.

In May 2018, the City moved to establish a separate MDL "track" for "governmental enforcement actions," arguing that (i) the City's claims are "unique" from other claims in this MDL in that they are not asserted on a class basis and involve "different legal issues" and "different kinds of damages"; (ii) the City's claims were not included in the Consumer Plaintiffs' Consolidated Complaint ("Consolidated Complaint"); and (iii) other MDL courts have established separate tracks for different types of claims. Dkt. No. 385.

Both Equifax and the Consumer Plaintiffs opposed the City's motion, arguing that establishing a separate track for the City's case would unnecessarily complicate these proceedings and undermine the goals of efficiency at the heart of MDL consolidation. *See* Dkt. No. 410 (Consumer Plaintiffs' opposition) and Dkt. No. 411 (Equifax's opposition). Consumer Plaintiffs and Equifax explained that the City's claims *are* represented in the Consolidated Complaint, as it asserts Illinois law claims on behalf of a putative Illinois subclass. Additionally, Equifax noted that any differences between the City's claims and the Consumer claims (*e.g.*, the absence of Rule 23 issues) do not justify a separate track. The Consumer

Plaintiffs also noted that, "[t]o the extent that the City . . . asserts claims on its own behalf," those claims may be pursued *after* the conclusion of pretrial proceedings on the issues common to the City's and Consumers' claims.  Dkt. No. 410 at 2.

On August 6, 2019, this Court denied the City's request for a separate track.  It reasoned that a separate track "would needlessly complicate the litigation," and that the City had failed to offer any "compelling justification for why additional burdens should be imposed on the other parties [in the MDL]" or "any basis for believing its interests will be prejudiced if a new track is not created."  Dkt. No. 784.  The Court also noted that the City's claims are "subsume[d]" in the Consolidated Complaint.  *Id.*

The City filed its motion for reconsideration on September 3, 2019.  Dkt. No. 805-1.  It contends that the Court incorrectly ruled that its claims are "subsumed" by the Consolidated Complaint.  *Id*. at 3.  The City also cites the *In re Marriott* data breach MDL court's creation of a "government track" to support its argument that this Court erred in declining to create such a track here.  *Id*. at 5.

4

## ARGUMENT

This Court's Local Rules provide that "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." *See* LR 7.2E.  Motions for reconsideration are "generally disfavored" and should not be used to ask a court to "give it another try." *Microwave Vision, S.A. v. Ets-Lindgren Inc.*, No. 1:14-CV-1153-SCJ, 2016 WL 4111361, at *1 (N.D. Ga. Feb. 2, 2016); *see Brightharbour Consulting, LLC v. Docuconsulting, LLC*, No. 1:12-CV-4050-TWT, 2014 WL 11858160, at *1 (N.D. Ga. Apr. 17, 2014) (Thrash, J.) ("[A] party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.") (quotation omitted).

A party seeking reconsideration must meet the high bar of establishing (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *See Green v. Premier Telecomm. Servs., LLC*, No. 1:16-CV-0332-LMM, 2017 WL 6994888, at *1 (N.D. Ga. Nov. 9, 2017).  Here, the City seeks reconsideration only under the third prong, but it has failed to show any "clear error" or "manifest injustice" in the

Court's decision not to create a separate "governmental enforcement" track. Reconsideration is therefore not warranted.

### 1. The City's Repackaging Of Its Prior Arguments Does Not Warrant Reconsideration.

The City's motion seeking a separate track argued that its claims are "unique," involve "different legal issues," and "seek[ ] different kinds of damages" than the consumer claims; that the Consolidated Complaint failed to include the City's claims; and that other MDL courts have established separate tracks for "unique" claims. Dkt. No. 385 at ¶¶ 7-9. The City's motion for reconsideration does nothing more than repackage these same arguments. For example, by contending that the Court incorrectly ruled that its claims are "subsumed" in the Consolidated Complaint, the City is once again arguing that its claims are "unique" and that it seeks different forms of relief. *Compare id*. at ¶ 9 (characterizing its suit as a "public enforcement action" seeking "a different kind of damages" than the Consumer Plaintiffs) *with* Dkt. No. 805-1 at 3 (arguing that its claims are distinct because they seek "civil fines" and are brought "under a municipal ordinance that the Consumer Plaintiffs cannot enforce"). Likewise, the City already pointed to orders in other MDL proceedings to argue that this Court should create a separate track here. Dkt. No. 385 at ¶¶ 8-9.

6

The City's reconsideration motion should thus be denied because it simply "repackage[s] familiar arguments to test whether the Court will change its mind." *Brightharbour Consulting, LLC*, 2014 WL 11858160 at *1 (quotation omitted); *see also Godby v. Electrolux Corp.*, No. CIV. 1:93-CV-126-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994) ("[a] motion for reconsideration should not be used to reiterate arguments that have previously been made" or "to ask the Court to rethink what the Court [has] already thought through—rightly or wrongly") (internal quotation omitted); *Archer v. Holmes*, No. 1:17-CV-2051-TWT, 2018 WL 3454899, at *1 (N.D. Ga. Apr. 9, 2018) (denying motion for reconsideration where it "raise[d] nothing new").

### 2. The City Has Not Shown Any Need To "Correct A Clear Error Or Prevent Manifest Injustice."

Even if the Court elects to once again consider the same arguments it previously rejected, the City's motion still fails because it does not show that there is any need to "correct a clear error or prevent manifest injustice."

#### *a. The City does not contest the Court's broad discretion to effectively manage these proceedings.*

The City's motion for reconsideration fails because it does not address—much less show any "clear error" or "manifest injustice" caused by—the Court's holding that a separate track would "needlessly complicate" these MDL

proceedings. Dkt. No. 784 at 1. The Court's Order expressly found that creating a separate track would impose unwarranted "additional burdens . . . on the other parties" and that the City had not "demonstrated any basis for believing its interests will be prejudiced if a new track is not created." *Id*. at 1-2.

The City does not challenge this part of the Court's Order. Nor could it—this Court has significantly broad discretion under Section 1407 to "employ any number of pretrial techniques . . . to efficiently manage this litigation." *In re Deep Vein Thrombosis Litig.*, 323 F. Supp. 2d 1378, 1380 (J.P.M.L. 2004); *see In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011) ("There is much, of course, that an MDL court can do in its sound discretion in order to manage multidistrict litigation effectively. . . . In discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak."); *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 1:14-CV-01748, 2018 WL 6258898, at *2 (N.D. Ill. June 11, 2018) ("MDL courts have even greater discretion to organize, coordinate and adjudicate [their] proceedings.") (quotation omitted). Further, that the District of Maryland in *In re Marriott International Customer Data Security Breach Litigation* chose to create a "government track" under the specific circumstances in those proceedings does nothing to undermine this Court's broad discretion not to do so here. And other MDL courts have also

found a separate government track to be unwarranted under the circumstances. *See*, *e.g.*, *In re Deepwater Horizon Oil Rig Oil Spill*, No. 2:10-md-2179-CJB (E.D. La. Jan. 27, 2011), ECF No. 1076 (denying State of Louisiana's motion to create separate government track).

Accordingly, because the Court denied the City's motion for a separate track based on its determination that it would "needlessly complicate" this MDL—and the City fails to challenge that part of the Court's Order—the City's request for reconsideration should be denied. *See Galardi v. City of Forest Park*, No. 1:09-CV-965-AT, 2011 WL 13214217, at *6 (N.D. Ga. Aug. 30, 2011) (finding that plaintiffs' motion for reconsideration ignored "two separate and independent reasons" given in the court's order, and denying the motion because it did "not even address th[ose] rulings, much less show that they were in error"); *Goodrich v. Bank of America*, No. 1:13-cv-00239-RGV, 2015 WL 11199165, at *2 n.4 (N.D. Ga. July 23, 2015) (holding that the plaintiff's failure to address an independent basis for the challenged order warranted denial of her motion for reconsideration).

> **b. The City's motion mistakenly focuses on issues not decided in the Court's Order.**

Instead of addressing the Court's decision on the *procedural* issue of whether a separate "governmental enforcement" track is appropriate in this MDL, the City's motion for reconsideration focuses on its purported *substantive* rights.

9

The City registers disagreement with certain language in the Court's Order about the similarities between the City's and Consumer Plaintiffs' claims.  Seizing on the Court's observation that the Consolidated Complaint subsumes the City's claims, the City's motion strays far afield, suggesting that the Court has misapplied the law concerning the City's enforcement powers.  *See*, *e.g.*, Dkt. No. 805-1 at 6 ("[T]he Order's reasoning would bar other government-enforcement actions where private plaintiffs challenge the same conduct . . . .").  The City also hypothesizes that language in the Court's Order "might be read to suggest that the Settlement Agreement entered into by the Consumer Plaintiffs and Equifax releases Chicago's claims." *Id*. at 7.[1]

None of these points, however, has anything to do with the Court's actual ruling in denying the City's motion for a separate track.  Again, all the Court's Order did was decline to carve out a separate MDL track for the City's claims.  The Order did not address the City's municipal enforcement powers.

---

[1] The City has stated that it "withdraws its request for restitution," acknowledging that the proposed Settlement Agreement with the Consumer Plaintiffs will—if approved—provide restitution for Chicago residents.  *See* Dkt. No. 805-1 at 3.  While it is immaterial to ruling on the instant motion, Equifax notes that any consideration of the proposed Consumer Settlement Agreement's impact on the City's other claims (or portions thereof) is premature.  If the Settlement is approved, whether any of the City's claims remain after approval can be addressed at that time.

10

In short, the City fails to show—and cannot show—that the Court's *denial of a separate track* was "clear error" or will create "manifest injustice." Its motion should therefore be denied.

## CONCLUSION

For these reasons, Equifax respectfully requests that the Court deny the City's motion for reconsideration.

Respectfully submitted this 10th day of October, 2019.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Defendant Equifax Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Response was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 10th day of October, 2019.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II
