# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br>*City of Chicago v. Equifax, Inc.*<br>No. 1:18-cv-1470-TWT<br><br>Chief Judge Thomas W. Thrash, Jr. |

**DECLARATION OF EVE-LYNN J. RAPP**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an adult over the age of 18. I am an attorney admitted to practice before the Supreme Court of Illinois, and have been admitted *pro hac vice* in the Northern District of Georgia for purposes of this MDL. I am entering a declaration in support of the Reply in Support of Plaintiff City of Chicago's Motion for Reconsideration. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify as to the matters stated herein, I could and would competently do so.

2. I am a Partner at Edelson PC, which was formally retained on October 1, 2019 to represent Plaintiff City of Chicago in this matter.

3.	Attached hereto as Exhibit 1-A is a true and accurate copy of an October 10, 2019 email correspondence between me and Amy Keller.

4.	Attached hereto as Exhibit 1-B is a true and accurate copy of an October 10, 2019 email I sent to counsel for Defendant Equifax, Inc., to which I did not receive a reply.

*	*	*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of October, 2019 at San Francisco, California.


/s/ Eve-Lynn J. Rapp

# Exhibit 1-A



## Equifax - City of Chicago

**Amy Keller** <akeller@dicellolevitt.com>                                                                                   Thu, Oct 10, 2019 at 4:32 PM
To: ERapp <erapp@edelson.com>
Cc: Jay Edelson <jedelson@edelson.com>, "Benjamin H. Richman" <brichman@edelson.com>, sjanzen <sjanzen@edelson.com>, Ken Canfield <kcanfield@dsckd.com>, SIegel <siegel@stuevesiegel.com>, Cam Tribble <ctribble@barneslawgroup.com>, "roy@barneslawgroup.com" <roy@barneslawgroup.com>

Eve,

Nice seeing you, too.  I am looping in the rest of co-lead class counsel on my response so that we're all on the same page.

As a preliminary matter, there should be no confusion regarding our position.  Our goal in responding to the original motion was to ensure that there were no potentially overlapping claims for the same individuals in the class.  Because the City has now abandoned any claim for restitution in light of the settlement (ECF No. 805-1 at 3), and only seeks civil fines for the benefit of the City coffers, we will not affirmatively oppose the City's motion.  As we see it, the issue now is one of case management, which is obviously in the sound discretion of the Court.  To answer your specific questions:

1. We agree that we don't represent the City.
2. We don't believe the settlement releases the City's claims brought on behalf of the City for the City's benefit (and don't believe we have the power to do that, anyway).
3. We don't have a position on the viability of the City's claims for civil fines.
4. As explained above, the stay of the City's claims are a case management issue that is within the purview of the Court to decide.  We do not have a position on whether the City has met the standard for reconsideration of the Court's prior order.

Hope this answers your questions. We are happy to discuss further if needed.

Thanks and take care,

Amy



Amy E. Keller

**DICELLO LEVITT GUTZLER**

312.214.7900

This transmission may contain privileged and confidential information meant for the intended
recipient only. If you have received this email in error, please notify the sender and

permanently delete this email and any attachments.


**From:** Eve-Lynn Rapp <erapp@edelson.com>
**Sent:** Thursday, October 10, 2019 12:17 PM
**To:** Amy Keller <akeller@dicellolevitt.com>
**Cc:** Jay Edelson <jedelson@edelson.com>; Benjamin H. Richman <brichman@edelson.com>; sjanzen <sjanzen@edelson.com>
**Subject:** Equifax - City of Chicago


Amy,

Good seeing you last week.

We are now representing the City of Chicago in the Equifax matter and wanted to follow up with you on a few issues.

Specifically, we understand that Lead Counsel intends to take "no position" on the City's recent motion, which asks Judge Thrash to reconsider his earlier ruling that the Consolidated Amended Consumer Complaint "subsumes" Chicago's claims, and ultimately, denied the City's right to proceed on a separate track. This is confusing to us because you previously told Ben that Lead Counsel does not represent the City (and never has), and that the settlement does not (and could not) effect the City in any way. Given that, we wanted to get a clear understanding of your position on a few related issues so the City can move forward accordingly.

Specifically, we'd like to understand:

1) Whether Lead Counsel believes that it represents the City in this matter? The City's position is that it does not, and if you agree, we'd ask that you make that clear to the Court rather than taking "no position" on the City's pending motion, which suggests otherwise.

2) Assuming your answer is no, does Lead Counsel believe that the proposed settlement released the City's claims? Our view is that it of course does not, as the City has separate and distinct claims from the consumers, its government interests have not been adequately represented by the Consumer Plaintiffs, and the City has never been consulted on its views of the settlement (or otherwise throughout the litigation), despite the significant monetary value of its claims.

3) Assuming the answer to the above question is also no, do you believe that the proposed settlement in any way ends the City's case? We, again, believe it does not.

4) And finally, if you agree with us on questions 2 & 3, is Lead Counsel taking the position that the City's claims are indefinitely stayed while the settlement approval process is pending? As you are no doubt aware, this process could likely take years, and if that is Lead Counsel's view, we'd like to better understand your thinking.


We look forward to hearing from you on these issues.


Thanks,


Eve



--

Eve-Lynn J. Rapp | Edelson PC

123 Townsend Street, Suite 100

2/3

San Francisco, California 94107
1.415.234.5262 (direct) |1.415.212.9300 (firm) | 1.415.373.9435 (fax)
erapp@edelson.com | www.edelson.com

**Admitted to the State Bar of Illinois Only

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

[Quoted text hidden]

# Exhibit 1-B



# Equifax - City of Chicago

**Eve-Lynn Rapp** <erapp@edelson.com>  Thu, Oct 10, 2019 at 12:17 PM
To: dbalser@kslaw.com
Cc: Jay Edelson <jedelson@edelson.com>, "Benjamin H. Richman" <brichman@edelson.com>, Sydney Janzen <sjanzen@edelson.com>

David:

We are now representing the City of Chicago in the Equifax matter and wanted to follow up with you on a few issues.

Specifically, we understand that Equifax is not in agreement with the City's recent motion, which asks Judge Thrash to reconsider his earlier ruling that the Consolidated Amended Consumer Complaint "subsumes" Chicago's claims, and ultimately, denied the City's right to proceed on a separate track. Given that, we wanted to better understand Equifax's position on the following related issues so the City can move forward accordingly.

Specifically, can you please let us know:

1) Whether Equifax is taking the position that the proposed settlement released the City's claims? Our view is that it of course does not, as the City has different interests than the Consumer Plaintiffs and the City was never consulted about the settlement prior to its execution.

2) Assuming the answer is no, do you believe that the proposed settlement in any way ends the City's case? We, again, believe it does not.

3) And finally, if you agree with us on the above, is Equifax taking the position that the City's claims are indefinitely stayed while the settlement approval process is pending? As you are no doubt aware, this process could likely take years, and if that is Equifax's view, we'd like to better understand its thinking.

We look forward to learning your position on these issues so we can figure out the most appropriate path forward. If you prefer to jump on a call, just let us know.

Thanks,

Eve
--
Eve-Lynn J. Rapp | Edelson PC
123 Townsend Street, Suite 100
San Francisco, California 94107
1.415.234.5262 (direct) |1.415.212.9300 (firm) | 1.415.373.9435 (fax)
erapp@edelson.com | www.edelson.com

**Admitted to the State Bar of Illinois Only

  

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.