# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
|  | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. |  |

## DECLARATION OF DAVID R. WATKINS

I, David R. Watkins, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. My address is 2769 Sommet Drive, Salt Lake City, Utah 84117.

3. I am a class member in this matter. I object to the settlement and class counsel's fee request on behalf of the entire class, and also specifically to the members of the settlement class with state-law statutory damages claims, for the reasons in my objection filed by my attorneys.

4. I plan to appear at the Fairness Hearing through my counsel Melissa A. Holyoak, Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006. Her phone number is (573) 823-5377. Melissa Holyoak is my sister.

**My class membership**

5. Through the assistance of counsel, I verified on the settlement website, www.equifaxbreachsettlement.com, that I was a class member by entering my last name and the last six digits of my social security number and submitted a claim form on the settlement website on October 9, 2019. My claim number is P489M-X27GD.

6. I chose to receive a cash payment instead of credit monitoring. On my claim form I mistakenly indicated that my credit monitoring is with American Express. Instead, I have credit monitoring with Credit Journey through my Chase Bank credit card. I intend to have it for at least six months.

7. At the time of the September 7, 2017 Equifax data breach, I was residing at 2769 Sommet Drive, Salt Lake City, Utah 84117 and was a citizen of Utah.

8. I am available for deposition in Salt Lake City, Utah on November 20, 21, 22 and December 4.

9. I have not objected to any other class-action settlements in the last five years.

10. I bring this objection in good faith. I have no intention of settling this objection for any sort of side payment. Unlike many objectors who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, it is my understanding and belief that CCAF does not engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

11. Thus, if contrary to CCAF's practice and recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by plaintiffs' attorneys or the defendant(s) paid to me or any person or entity related to me in any way without court approval, I hereby irrevocably waive any and all defenses to a motion seeking disgorgement of any and all funds paid in exchange for dismissing my objection or appeal.

12. The specific grounds of my objection are identified in my objection filed by my attorney. I am not an attorney, and I am relying on my attorneys for their understanding of the legal specifics, but I find the settlement objectionable because it is my understanding that I have claims under Utah

law for statutory damages of $2,000 that I am giving up even though I am receiving the same relief as all other class members, while the class action attorneys are seeking tens of millions of dollars of payments above their normal hourly rates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2019, in Chicago, Illinois.

David R. Watkins

4