```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION


IN RE:  EQUIFAX, INC., CUSTOMER  )      Case Number
DATA SECURITY BREACH LITIGATION  )
                                 )      1:17-md-2800-TWT
                                 )
                                 )
                                 )      FINANCIAL INSTITUTION
                                 )      ACTIONS
_____)


            Transcript of a status conference before

        The Honorable Thomas W. Thrash, Jr., Chief Judge

               November 26, 2019; 10:39 a.m.

                        Atlanta, Georgia



   Appearances:

   Counsel for Plaintiffs:      Joseph P. Guglielmo
                                Gary F. Lynch
                                MaryBeth V. Gibson
                                Ranse M. Partin



   Counsel for Defendant:       David L. Balser
                                Phyllis B. Sumner
                                Natasha Moffitt


        Proceedings recorded by mechanical stenography,
   transcript produced by computer.
_____

                  Diane Peede, RMR, CRR, CRC
                  Federal Official Court Reporter
               75 Ted Turner Drive, SW, Suite 2194
                    Atlanta, Georgia   30303-3309
```

```
 1                    P R O C E E D I N G S
 2              (Call to the order of the Court.)
 3              THE COURT:  All right.  This is the case of In re:
 4    Equifax Inc. Customer Data Security Breach Litigation, Case
 5    Number 17-md-2800.
 6              First, let me ask counsel for the parties to
 7    identify yourselves for the record and the parties you
 8    represent, beginning with the Plaintiffs.
 9              MR. GUGLIELMO:  Good morning, Your Honor.  Joseph
10    Guglielmo with Scott and Scott, on behalf of the Financial
11    Institution Plaintiffs.
12              THE COURT:  Good morning, Mr. Guglielmo.
13              MR. LYNCH:  Good morning, Your Honor.  Gary Lynch
14    on behalf of the Financial Institution Plaintiffs.
15              THE COURT:  Good morning, Mr. Lynch.
16              MS. GIBSON:  Good morning, Your Honor.  MaryBeth
17    Gibson at The Finley Firm, on behalf of the Financial
18    Institution Plaintiffs.
19              THE COURT:  Good morning, Ms. Gibson.
20              MR. PARTIN:  Good morning, Your Honor.  Ranse
21    Partin at Conley Griggs Partin, on behalf of the Financial
22    Institution Plaintiffs.
23              THE COURT:  Good morning, Mr. Partin.
24              MR. BALSER:  Good morning, Your Honor.  David
25    Balser, King and Spalding, on behalf of Equifax.
```

```
1                THE COURT:  Mr. Balser.
2                MS. SUMNER:  Good morning, Your Honor.  Phyllis
3    Sumner, King and Spalding, on behalf of Equifax.
4                THE COURT:  Good morning, Ms. Sumner.
5                MS. MOFFITT:  Good morning, Your Honor.  Natasha
6    Moffitt with King and Spalding, also on behalf of Equifax.
7                THE COURT:  Good morning, Ms. Moffitt.
8                All right.  This is a status conference being held
9    at my request.  I've received the Joint Proposed Agenda, and
10   my intention is simply to go through those items in the order
11   you presented them.
12               The first item is the general status of discovery
13   directed at Equifax.
14               Who's going to speak for the Plaintiffs on that,
15   Mr. Guglielmo?
16               MR. GUGLIELMO:  I will, Your Honor.
17               THE COURT:  All right.
18               MR. GUGLIELMO:  Good morning, Your Honor. Again,
19   Joseph Guglielmo with Scott and Scott.
20               The parties are in the midst of meeting and
21   conferring over Plaintiffs/the Financial Institutions'
22   request for production of documents.  We have received the
23   governmental productions that Equifax provided to both the
24   consumer and financial institution track.
25               We are meeting and conferring currently over search
```

1  terms and custodians and exchanging correspondence on that.
2  So at this point, we don't have any disputes to present to
3  Your Honor, we're just meeting and conferring and attempting
4  to meet this Court's deadline of substantial completion for
5  February of this upcoming year.
6          THE COURT:  All right.  Mr. Balser, do you want to
7  add anything to that?
8          MR. BALSER:  I don't think we have anything to add.
9  I think that accurately summarizes where things are.
10         THE COURT:  All right.  Next is the status of
11 deposition discovery.
12         MR. GUGLIELMO:  I might as well -- I'll stay up
13 here, Your Honor, unless you tell me to sit down.  Joseph
14 Guglielmo again.
15         Your Honor, we had jointly issued a number of
16 deposition notices with the Securities Plaintiffs.  To date,
17 we have taken two depositions:  one of Frances Finley and one
18 of Graeme Payne.
19         We have a number of depositions scheduled into the
20 new year.  We are going to schedule and reschedule certain
21 depositions in light of, I guess, certain production document
22 issues, and, again, working cooperatively and collaboratively
23 with the counsel for Equifax to get those depositions
24 scheduled.
25         We're also dealing with some service issues of

```
 1  certain former employees, but other than that, Your Honor, we
 2  have nothing else to report as to that issue.
 3          THE COURT:  Well, I'm sure you've noticed that the
 4  Securities Plaintiffs' lawyers are not here.
 5          MR. GUGLIELMO:  Yes.
 6          THE COURT:  All right.
 7          MR. GUGLIELMO:  We're aware that they are not
 8  participating in these depositions.  So in light of that,
 9  because they had scheduled a number of them, we're going to
10  work with counsel for Equifax to move some of them away from
11  the holidays because we have some that are scheduled, for
12  example, next week, some scheduled over the Christmas
13  holiday.  So we think it would be more appropriate to move
14  those into next year.
15          THE COURT:  Do you want to add anything, Mr.
16  Balser?
17          MR. BALSER:  No, Your Honor.
18          THE COURT:  All right.  Next is Equifax's
19  objections to the Plaintiffs' Rule 30(b)(6) Notice of
20  Deposition.
21          MR. GUGLIELMO:  Your Honor, likewise, like the
22  other discovery matters, we're in the midst of meeting and
23  conferring over Equifax's objections.
24          We have no ripe disputes at this time.  To the
25  extent we have any disputes, we will present them to Your
```

1    Honor.

2             The deposition is tentatively scheduled for January
3    16th and the 17th in Atlanta.  That's all we have to report
4    as to that issue presently.

5             THE COURT:  All right.

6             The next item is pending motions.  The Plaintiffs'
7    motion to compel documents.

8             MR. GUGLIELMO:  Your Honor, as to all of the
9    motions that are listed there in item two, the only thing
10   that we wanted to identify is these motions are pending.
11   Unless the Court has any specific questions or any specific
12   issues the Court wishes to raise with us, we would rest on
13   our papers as to the motions that are currently pending.

14            THE COURT:  Okay.  Have these motions all been
15   fully briefed?

16            MR. GUGLIELMO:  Yes.

17            THE COURT:  And how long is the first motion to
18   compel?  When was that filed?

19            MR. GUGLIELMO:  In August, Your Honor.

20            THE COURT:  All right.  Well, I know this is going
21   to sound like just a lame excuse, but I spent all of
22   September and half of October trying a criminal RICO case,
23   and then spent the rest of October and most of November
24   trying to climb out a hole that I got in as a result of that
25   criminal case.

1  So normally I try to address discovery dispute
2  motions in a more timely fashion, but, obviously, I haven't
3  done it here.
4         MR. GUGLIELMO:  We appreciate the Court's time.
5  And, again, by noting them, we're not indicating, Your Honor,
6  anything other than we just wanted to let the Court know
7  that, at least as to Plaintiffs, we rest on the papers.  We
8  don't believe argument is necessary as to any of these
9  pending motions.
10         THE COURT:  What do you say, Mr. Balser?
11         MR. BALSER:  Your Honor, with respect to the motion
12  to compel documents produced by Equifax to former Equifax
13  employee Graeme Payne, it would be our contention that, based
14  on the fact that the Plaintiffs took a seven-hour deposition
15  of Mr. Payne yesterday, that that motion is now moot.
16         That deposition was -- they made an election to
17  proceed with that deposition before getting a ruling on the
18  motion.
19         As Your Honor may recall, this relates to a
20  notebook of documents.  There were 35 documents in the
21  notebook that were provided to Mr. Payne by King and Spalding
22  and Equifax to prepare Mr. Payne for testimony before
23  Congress and for other related legal matters.  It was our
24  contention that the selection of those documents reflected
25  our mental impressions and work product.

1	Some of those documents were actually introduced
2	yesterday in the deposition.  Mr. Lynch took that deposition
3	and asked Mr. Payne several times whether documents that were
4	identified had been in the notebook.
5	So it's our view that by electing to proceed and
6	taking a full deposition, seven hours, more than 30
7	deposition exhibits, that the Court need not spend time
8	wading through the various arguments and ruling on a motion
9	that we contend is now moot.
10	THE COURT:  What do you say, Mr. Guglielmo?
11	MR. GUGLIELMO:  Mr. Lynch is going to address the
12	specifics, Your Honor.
13	THE COURT:  All right.
14	MR. LYNCH:  Your Honor, quite to the contrary, the
15	fact that we've now taken the deposition of Mr. Payne and
16	have ascertained, at least with respect to the documents that
17	we were fortunate enough to have selected to use as exhibits
18	in the deposition and present to Mr. Payne and ask him, "Was
19	this one of the documents that were in the binder that you
20	received," and he answered yes or no as to several of the
21	documents that we showed him yesterday, to the contrary of
22	what Mr. Balser has indicated, I think that actually
23	establishes our entitlement to the entire binder at this
24	point.
25	No objection was made to any of those questions.

```
 1    So defense counsel sat there and let me ask document by
 2    document.
 3              So all we're talking about now is just a raw
 4    impediment to us finding out which documents were in that
 5    binder.
 6              Like I said, if we pulled the document out
 7    coincidentally or happenstance and asked him, we got the
 8    answer.
 9              So we don't know what else is in there.
10              The other point that I would make is he reviewed
11    the entire binder in anticipation of that deposition and in
12    preparation of that deposition, and he testified as such as
13    well yesterday.
14              THE COURT:  All right.
15              Mr. Balser, I'll give you until noon a week from
16    Friday to file a supplemental brief, no more than ten pages
17    long, containing your argument that the motions are moot.
18              And I'll give Mr. Lynch until noon on the following
19    Friday to file a response, no more than ten pages long.
20              MR. BALSER:  Thank you, Your Honor.
21              THE COURT:  All right.  Is there anything I need to
22    know about the Reading Room motion?
23              MR. GUGLIELMO:  No, Your Honor.  I believe
24    everything that Financial Institution Plaintiffs set forth is
25    accurate and current.
```

1    THE COURT: Okay. I knew the issue came up with
2 the Securities Plaintiffs and I received letter briefs, but
3 I, frankly, hadn't looked at them. But the motion is fully
4 briefed by you here?
5    MR. GUGLIELMO: Yes, Your Honor.
6    THE COURT: All right. Is there anything else I
7 need to know about the Plaintiffs' motion to amend your
8 Complaint?
9    MR. BALSER: Your Honor, very briefly -- Joe, do
10 you want to say anything else?
11    MR. GUGLIELMO: No. Go ahead.
12    MR. BALSER: Okay.
13    The only thing I would say about this --
14    THE COURT: The court reporter can hear you better
15 if you come up to the podium, Mr. Balser.
16    MR. BALSER: The only thing I would say about the
17 motion for leave to amend is I think the parties would both
18 benefit from a ruling on that motion sooner rather than
19 later. The reason I say that is, just to refresh the Court's
20 recollection, the Court dismissed what we call the ecosystem
21 claims from the original Complaint based on standing grounds.
22    Plaintiffs elected to refile those claims in state
23 court in Pennsylvania, and those claims are now pending.
24 We've got the equivalent of a motion to dismiss that's been
25 filed in the state court in Pennsylvania.

1   It's our contention, based on the briefing -- and I
2   don't want to argue this motion now, but that the proposed
3   Amended Complaint is really just a motion to reconsider the
4   Court's prior ruling on the ecosystem claims.  And I think
5   just for clarity and to help us just kind of understand what
6   the landscape is going to be like in state court, I think
7   both parties would benefit from a ruling on that motion.
8   Thank you.
9              THE COURT:  Well, I'll try to get to it as quickly
10  as I can, Mr. Balser, but I go back into the black hole of
11  the Gangster Disciples case in January for another two- to
12  three-week-long trial.  So I'll get to it as quickly as I
13  can.
14             MR. BALSER:  Thank you, Your Honor.
15             MR. GUGLIELMO:  Your Honor, may I briefly respond?
16             THE COURT:  All right.
17             MR. GUGLIELMO:  Your Honor, again, Joseph
18  Guglielmo, Financial Institution Plaintiffs.
19             I think in response to this Court's order granting
20  in part and denying in part the motion to amend, we
21  specifically addressed, we believe, the issues that you had
22  as to the Financial Institution Plaintiffs' standing and that
23  they hadn't alleged an actual harm that they had suffered.
24             We believe -- again, we've set forth a redline
25  complaint and the actual Complaint.  So in addition to our

1  briefing, we set forth the allegations in redline that we
2  added that address, we believe, the issues that you raised,
3  Your Honor, with respect to Article III standing.
4          As to the state court claim, Your Honor, we are
5  proceeding with claims this Court held were not subject to
6  this Court's jurisdiction under Article III.  And so what we
7  did is we believe we've amended the Complaint to allege those
8  claims that belong here in federal court, and to preserve our
9  clients' rights to proceed with certain claims, we filed
10 complaints -- we filed one in Pennsylvania, for example, Your
11 Honor -- and we're proceeding with those claims this Court
12 dismissed.
13         We didn't try to re-allege or re-argue things, Your
14 Honor.  And, in fact, that's why we filed that Complaint, and
15 we're working on a briefing schedule.  Obviously, the motion
16 is not due to be heard until February in the Pennsylvania
17 case.
18         But to answer the question or to respond to the
19 issue that Mr. Balser raised, we divided up those claims,
20 Your Honor.  The ones that you previously said are not
21 subject to Article III are in state court, and we believe
22 that we've amended correctly and in compliance with your
23 Court's order with respect to the federal claims.
24         THE COURT:  All right.
25         Well, again, I'll get to them as soon as I can.  I

```
 1   start the third Gangster Disciples criminal trial January the
 2   13th.  Do y'all want to have a status conference in this case
 3   the preceding week?
 4           MR. GUGLIELMO:  Your Honor, I think we can
 5   confer -- I don't believe a status conference the preceding
 6   week would be necessary, but we're happy to confer with the
 7   parties and consult with Your Honor's clerk to determine a
 8   future status conference, if that's necessary.
 9           THE COURT:  Okay.  Fine.
10           Then in February I start the AndroGel trial.  So
11   y'all get with Ms. Diggs and schedule a status conference
12   sometime in March.
13           MR. BALSER:  Thank you, Your Honor.  We will.
14           MR. GUGLIELMO:  Thank you, Your Honor.
15           THE COURT:  Is there anything else we need to talk
16   about today?
17           MR. GUGLIELMO:  No, Your Honor.
18           MR. BALSER:  Nothing further from Equifax.
19           THE COURT:  Okay.  Thank you very much.
20           That concludes the status conference.  Thank you
21   very much.
22           (Proceedings concluded at 10:55 a.m.)
23                   - - - - - - - -
24
25
```

1                    Reporter's Certification

2    I certify that the foregoing is a correct transcript from the

3    record of proceedings in the above-entitled matter.

4                               s/Diane Peede, RMR, CRR, CRC
                                Official Court Reporter
5                               United States District Court
     Date:   November 26, 2019  Northern District of Georgia