UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
MOTION TO STRIKE KLONOFF DECLARATION**

Plaintiffs submitted in support of their motion for fees, expenses, and service awards a comprehensive declaration from Professor Robert Klonoff, one of the nation's leading experts on class actions. (Doc. 858-2). Professor Klonoff has previously testified as an expert – and his opinions have been cited and expressly relied upon by courts – in numerous major class actions, including the *Deepwater Horizon* MDL, *Volkswagen "Clean Diesel" Marketing* MDL, the *Syngenta GMO Corn* MDL, the *AT&T Mobility Wireless Data Services Sales Tax* MDL, and the *Wells Fargo Unauthorized Accounts* litigation. (*Id.*, ¶¶ 10-12).

Nonetheless, Shiyang Huang, a *pro se* objector, has moved to strike Professor Klonoff's declaration on the ground it allegedly fails to pass muster under *Daubert*. The motion lacks merit and thus should be denied because neither the Federal Rules

of Evidence nor *Daubert* in particular apply at the final approval stage of a class action settlement. Regardless, Professor Klonoff's testimony satisfies all *Daubert* requirements.

**I.       *Daubert* Does Not Apply at this Stage of the Proceedings**

A fundamental premise underlying Mr. Huang's argument – a premise for which he cites no supporting legal authority – is that *Daubert* applies in connection with final approval of a class action settlement. In fact, *Daubert* does not apply at the final approval stage, including in connection with the consideration of a proposed fee to class counsel provided under a settlement. *See, e.g., Int'l Union, United Auto., Aerospace and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 637 (6th Cir. 2007) ("*UAW v. GMC*"); *In re NFL Players Concussions Injury Litig.*, 821 F.3d 410, 443 (3rd Cir. 2016); *In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liab. Litig.*, 2019 WL 6118267, at *2-3 (W.D. Okla. Nov. 18, 2019); *American Int'l. Group, Inc. v. ACE INA Holdings, Inc.,* 2012 WL 651727, at *1 n. 4 and *20 (N.D. Ill. Feb. 28, 2012), *appeal dismissed*, 710 F.3d 754 (7th Cir. 2013) ("The Federal Rules of Evidence and the requirements of *Daubert* and its progeny do not apply at a fairness hearing – *and similarly do not apply at a hearing on fees and costs…*") (emphasis added).

There is a basic difference between trial and approval of a class action settlement. In trial, a court must screen expert opinions for relevance and reliability because a jury often has difficulty assessing such evidence. *See UAW v. GMC*, 497 F.3d at 636-37. On the other hand, at the final approval stage, no jury is involved and the court does not resolve factual disputes, but merely decides questions of fairness and reasonableness. *See Id.*; *American International Group, Inc.*, 2012 WL 651727, at *1 n. 4; *In re Samsung*, 2019 WL 6118267, at *3. In so doing, a court has authority to use whatever is necessary in reaching an informed decision and has broad discretion over whatever evidence will be considered. *See, e.g., In re Samsung*, 2019 WL 6118267, at *3; *UAW v. GMC*, 497 F.3d at 635. Motions to strike expert declarations on *Daubert* grounds at the final approval stage thus are routinely denied. *See, e.g., American International Group, Inc.*, 2012 WL 651727 at *1 n. 4 and *20; *In re Samsung*, 2019 WL 6118267, at *3; *In re Regions Morgan Keegan Securities, Derivative and ERISA Litig.,* 2012 WL 12840260, at *6 (W.D. Tenn. Jan. 4, 2012).

In any event, because no jury is involved, there is no reason for this Court to act as a proverbial *Daubert* gatekeeper with regard to Professor Klonoff's testimony. This Court is perfectly capable of deciding for itself what weight to give his testimony and, unlike a jury, does not need the protections that *Daubert* affords. *See*

3

*Regions Morgan Keegan Securities*, 2012 WL 12840260, at *6 (declining to strike an expert's declaration that allegedly contained improper legal argument because the court was competent to disregard any such argument and give weight only to the expert's proper and relevant opinions).

## II. Professor Klonoff's Declaration Satisfies All *Daubert* Requirements

Even if *Daubert* applied at this stage of the proceedings, which it does not, Professor Klonoff's declaration easily passes muster. In this Circuit, to be admissible under *Daubert*, expert testimony must satisfy a three-part test into whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004); *see also, e.g.*, *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1245 (11th Cir. 2018). Professor Klonoff's testimony satisfies each of these criteria.

*First,* Professor Klonoff's expertise is beyond dispute. *See generally In re AT&T Mobility Wireless Data Services Sales Tax Litig.,* 789 F. Supp. 2d 935, 956 (N.D. Ill. 2011) (finding that Professor Klonoff is "an expert on class actions"). Among other credentials, he is a prominent law professor and teacher of civil procedure, former Assistant to the U.S. Solicitor General, the author of academic

4

publications and the leading casebooks on class actions and multi-district litigation, and a frequent expert witness on class action issues, including the reasonableness of attorneys' fee requests. In addition, he has personally handled more than 100 class actions and litigated fee disputes in private practice; was the Associate Reporter for the American Law Institute's class action project; and was appointed by Chief Justice Roberts for two three-year terms as the sole academic member to the Advisory Committee on the Rules of Civil Procedure, a position in which he took the lead on the proposed amendments to Rule 23 that became effective on December 1, 2018. (Doc. 858-2, ¶¶ 4-12).

*Second,* Professor Klonoff used a reliable methodology. After reviewing the underlying facts and record, class counsel's billing records, and other pertinent material (*see* Doc. 858-2, Appx. B), he applied the relevant criteria in light of his substantial knowledge and experience to opine on such matters as the reasonableness of class counsel's hours and rates, the reasonableness of the requested fee in comparison to the settlement's benefits, and the applicability of the *Johnson* factors. He also explained in detail the basis for each of his opinions.

This methodology is more than sufficient to satisfy *Daubert. See, e.g., Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999) (recognizing that a district court has "broad latitude" to allow an expert whose testimony is based on

"professional studies or personal experience"); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 561-63 (5th Cir. 2004) (affirming admission of testimony from a fee expert, stating the "fair and reasonable compensation for the professional services of a lawyer can certainly be ascertained by the opinion of members of the bar who have become familiar through experience and practice with the character of such services"); *Freed by Freed v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 2005 WL 8156040, at *2-3 (S.D. Fla. Aug. 2, 2005) (rejecting *Daubert* challenge to an expert who testified as to the reasonableness of an attorneys' fee based on his experience as a litigator, finding the methodology was reliable); *Yowell v. Seneca Specialty Ins. Co.*, 117 F. Supp. 3d 904, 910-11 (E.D. Tex. 2015) (declining to strike an affidavit from a fee expert because it satisfied *Daubert* requirements).

*Finally*, Professor Klonoff's testimony should be helpful to the Court in evaluating the reasonableness of class counsel's fee application. *See generally* W. Rubenstein, "Using Law Professors as Expert Witnesses in Class Action Litigation," 6 BNA Expert Evidence Report 561, 562 (October 23, 2006) ("courts have generally accepted law professor experts in class actions" and "[p]erhaps the most important use of expert testimony is in supporting plaintiffs' fee request"). Indeed, courts regularly consider expert opinion regarding the reasonableness of fees sought by class counsel, *see, e.g., In re Enron Corp. Securities, Derivative and ERISA Litig.*,

586 F. Supp. 2d 732, 741 (S.D. Tex. 2008), and have specifically accepted and relied extensively upon Professor Klonoff's opinions regarding proposed attorneys' fee awards and other class action issues.  *See, e.g., In re Syngenta AG MIR162 Corn Litigation*, 357 F. Supp. 3d 1094, 112, 115 (D. Kan. 2018); *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032 n.3, 1034–35, 1037, 1040, 1042 (N.D. Ill. 2011); the *National Football League Players Concussion Injury* MDL; the *Chinese-Manufactured Drywall* MDL; and the *Deepwater Horizon* MDL.  (Doc. 858-2, ¶ 10).

For example, in the *Syngenta* case, Judge John Lungstrum cited Professor Klonoff's two declarations on attorneys' fees issues numerous times, crediting his opinions over the contrary opinions of five experts retained by objectors.  *See generally In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094; *In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380, at *4 (D. Kan. Dec. 31, 2018), *reconsideration denied,* 2019 WL 3202256 (D. Kan. July 16, 2019); (*see also* Doc. 858-2, *¶* 11).  In the *AT&T Mobility* MDL, Judge Amy St. Eve (now on the Seventh Circuit) cited his declarations more than 20 times in approving a settlement and awarding attorneys' fees.  *See In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 956 (N.D. Ill. 2011); *Id.,* 792 F. Supp. 2d 1028 (N.D. Ill. 2011); (*see also* Doc. 858-2, *¶* 11).  In the *Volkswagen "Clean Diesel"* MDL,

Judge Charles Breyer repeatedly cited and quoted his two declarations in three decisions. (Doc. 858-2, ¶ 11). And, in the *Deepwater Horizon* MDL, Judge Carl Barbier cited and quoted Professor Klonoff's declarations more than 60 times in two opinions. (Doc. 858-2, ¶ 11); *see e.g.*, *In re Oil Spill by Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 133, n. 12 (E.D. La. 2013) (while "the Court underscores that at all times it has exercised its independent legal judgment … it remains significant that [Professor Klonoff and other notable legal scholars], from their various perspectives, support this Settlement in positive terms and believe that it is readily certifiable").

In contrast, Mr. Huang has not cited a single case in which a declaration from an attorneys' fee expert has failed to survive a *Daubert* challenge; nor has he provided any expert testimony that contradicts that of Professor Klonoff. Moreover, his specific objections – *e.g.,* that Professor Klonoff was paid to render his opinions, his opinions are based upon an allegedly "fictitious" $380.5 million settlement fund, and his conclusions fail "on the merits" – do not justify excluding Professor Klonoff's testimony, but rather go to the weight that the testimony should be given. *See, e.g., Primrose Operating Co.*, 382 F. 3d at 563 ("[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration"); *In re Disposable Contact Lens Antitrust Litig.*, 329 F.R.D. 336, 373-

74 (M.D. Fla. 2018) (criticisms of the factual foundations of an expert's opinions "bear more on the weight of the evidence than its admissibility").

## CONCLUSION

For the reasons set forth in this brief, Mr. Huang's motion to strike Professor Klonoff's declaration should be denied.

Dated: November 26, 2019      Respectfully submitted,

/s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E., Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

/s/ Amy E. Keller
Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

/s/ Norman E. Siegel
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com
*Consumer Plaintiffs' Co-Lead Counsel*

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com
*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com
*Consumer Plaintiffs' Steering Committee*

11

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com
*Consumer Plaintiffs' State Court*
*Coordinating Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion and the accompanying memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 26th of November, 2019.

                                           */s/ Roy E. Barnes*
                                           **BARNES LAW GROUP, LLC**
                                           31 Atlanta Street
                                           Marietta, Georgia 30060
                                           Tel. 770.227.6375
                                           roy@barneslawgroup.com