# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. | |

## FRANK AND WATKINS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO STRIKE
## THE DECLARATION OF PROFESSOR ROBERT H. KLONOFF

## INTRODUCTION

Plaintiffs' use of Professor Klonoff's declaration to support their fee motion is lipstick on a pig. Plaintiffs' fee request of $78.75 million exceeds a reasonable request by more than $60 million. *See* Objection of Frank and Watkins ("Frank Objection"), Dkt. 876 at 17-25. To support their excessive request, class counsel rely on the "expert" declaration of Professor Robert H. Klonoff. *See* Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards ("Fee Request"), Dkt. 858 at 22. Professor Klonoff declares that the fee request is "reasonable." Decl. of Professor Robert H. Klonoff ¶ 34 ("Klonoff Decl."), Dkt. 858-2. But whether a fee request is reasonable is a legal question left to the Court. *Cf. Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 775 (11th Cir. 1991). Klonoff's declaration violates Federal Rule of Evidence 702 by opining on legal matters impermissibly. *See Freund v. Butterworth*, 165 F.3d 839, n.34 (11th Cir. 1999). Plaintiffs' argument (Dkt. 887) that the Federal Rules of Evidence do not apply to fairness hearings contradicts the Federal Rules of Evidence. Fed. R. Evid. 1101. Accordingly, this Court should strike Professor Klonoff's declaration.

## ARGUMENT

This Court is the gatekeeper for expert testimony. *See, e.g., Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 597 (1993); *see also* Fed. R. Evid. 702 Advisory Committee Notes. The Court has broad discretion to exclude expert opinion. *Hibiscus Assocs. v. Board of Trustees of the Policemen & Firemen Retirement Sys.*, 50 F.3d 908, 917 (11th Cir. 1995). The burden to prove

admissibility of expert testimony "is on the party offering the expert." *Chapman v. P&G Distrib., LLC*, 766 F.3d 1296, 1312 (11th Cir. 2014) (affirming summary judgment and exclusion of expert opinion).

***First***, Federal Rule of Evidence 702 applies to these proceedings. Another objector in this case, Shiyang Huang, filed a motion to strike Professor Klonoff's declaration. Dkt. 872. Plaintiffs' response in opposition to that motion argues that *Daubert* does not apply to final approval of a class action settlement. Dkt. 887 at 2. Contrary to plaintiffs' argument, courts recognize that the Federal Rules of Evidence apply to fairness hearings; those that do not are in error, because Rule 1101(b) explicitly states that the Rules apply to all civil cases, with limited exceptions that do not include fairness hearings.

***Second***, Klonoff's declaration violates Federal Rule of Evidence 702 by opining on legal conclusions impermissibly. *See Freund v. Butterworth*, 165 F.3d 839, n.34 (11th Cir. 1999). Professor Klonoff's declaration is merely an extension of class counsel's brief, offering argument why their fee request is "reasonable," Klonoff Decl. ¶ 34, but Professor Klonoff's opinion on legal matters is improper under Rule 702.

## I.     Federal Rules of Evidence Apply at the Fairness Hearing.

Federal Rule of Evidence 101 require the application of the Rules of Evidence in "proceedings in United States courts … with exceptions [] set out in Rule 1101." Fed. R. Evid. 101(a). Rule 1101(b) states that the Federal

Rules of Evidence "apply in … civil cases and proceedings." Fed. R. Evid. 1101(b). Rule 1101(d) then lists specific exceptions for the Rules' application including 104(a) preliminary fact determinations, grand-jury proceedings, extradition, warrants, sentencing and probation. Fed. R. Evid. 1101(d). None of those exceptions apply.

In *Zuniga v. Bernalillo Cnty.*, 319 F.R.D. 640, 659 (D.N.M. 2016), the court held that the Rules of Evidence apply to class certification proceedings because they did not fall under any of the exceptions listed in Rule 1101(d):

> Hence, if the Federal Rules of Evidence do not apply, class certification hearings must fit within one of the exceptions. All of the exceptions specifically listed in rule 1101(d)(2) and (d)(3) are criminal; only rule 1101(d)(1) clearly covers civil cases – and it covers criminal cases, as well. Rule 1101(d)(1) encompasses the common-sense rule that the court can consider inadmissible hearsay for the limited purpose of determining, under rule 104(a), "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." A class certification hearing is not a hearing to decide the admissibility of evidence, but whether the case should proceed as a class under rule 23; in that sense, it is more like a hearing under rule 12(b)(6) or rule 56 than one to determine admissibility under the rules of evidence.

*Zuniga*, 319 F.R.D. at 659 n.5; *see also Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 114 (S.D.N.Y. 2015) (finding Federal Rules of Evidence applicable to class certification proceedings and that none of the 1101(d) exceptions applied). Similarly, the fairness hearing is a civil proceeding that

does not fall into any of the Rule 1101(d) exceptions. The fairness hearing is not deciding a preliminary question on whether evidence is admissible, but instead, is adjudicating the final certification of the class and final approval of the settlement and fee request. This final adjudication of absent class members' rights is more akin to Rule 12 or Rule 56 than a preliminary factual determination under 104 and thus, the Rules of Evidence apply.

The Seventh Circuit stated in *Mars Steel Corp. v. Continental Bank N.A.* that "[f]airness hearings conducted under Fed. R. Civ. P. 23(e) are not among the proceedings excepted from the Rules of Evidence. No case of which we are aware holds that Rule 1101(d) suspends the usual rules of evidence for fairness hearings." 880 F.2d 928, 938 (7th Cir. 1989); *cf. Fears v. Keystone Petro. Transp., LLC*, 2012 U.S. Dist. LEXIS 191775, *29 n. 23 (N.D. Ga. Feb. 21, 2012) ("A plain reading of these rules suggests that the Federal Rules of Evidence apply to the instant motion [to strike defendant's answer] and, consequently, that the Court should not consider hearsay in making its determination."). No Circuit has held that Rule 1101(d) suspends the Rules of Evidence for fairness hearings.

In fact, several courts have applied the Federal Rules of Evidence to fairness hearings. In *Carter v. Forjas*, the Eleventh Circuit affirmed a class action settlement and attorneys' fee award, rejecting the objectors' challenge to the qualifications and methodology of the expert that opined on the value of the settlement. 701 Fed. Appx. 759, 768 (11th Cir. 2017) (unpublished). *Carter* found that the district court did not abuse its discretion, noting that

judge's have "considerable leeway" in deciding whether "expert testimony is reliable." Carter, 701 Fed. Appx. at 768 (quoting *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 808 (11th Cir. 2017)). If the Rules of Evidence did not apply, *Carter* could have dismissed the objector's challenge out of hand, without relying on *Knight's* Rule 702 analysis.

In *Dewey v. Volkswagen AG*, the Third Circuit held that the district court correctly applied *Daubert* by excluding portions of the expert's calculations it found unreliable. 681 F.3d 170, n.18 (3d Cir. 2012); *cf. In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 807 (3d Cir. 1995) (gainsaying the reliability and methodology of plaintiffs' witness in valuing the settlement relief); *cf. also In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 584 (3d Cir. 1984) ("Plainly, therefore, the hearing on a fee application in an equitable fund case requires compliance with those procedural rules which assure fair notice and an adequate opportunity to be heard. Equally plainly, the requirement of an evidentiary hearing demands the application in that hearing, of the Federal Rules of Evidence."); *see also Dumont v. Charles Schwab & Co.*, 2000 U.S. Dist. LEXIS 10906, *27 & n.18 (E.D. La. July 21, 2000) (excluding inadmissible affidavits and holding that "[t]he Court has found no authority for suspending application of the Rules of Evidence in connection with fairness hearings.")

Relatedly, "[m]ost courts that have addressed the issue have concluded that the *Daubert* test does apply" to the "class certification stage." *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 114 (S.D.N.Y. 2015) (citing

*Sher v. Raytheon Co.*, 419 F. App'x 887, 890-91 (11th Cir. 2011); *American Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010)); *see also In re Processed Egg Prods. Antitrust Litig.*, 81 F. Supp. 3d 412, 415 (E.D. Pa. 2015) ("general consensus appears to be that the Court should subject expert witnesses to *Daubert* scrutiny at the class certification stage of the litigation").[1]

In *Sher*, the Eleventh Circuit agreed with the Seventh Circuit that "when an expert's report or testimony is critical to class certification..., a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." 419 F. App'x at 890 (quoting *American Honda*, 600 F.3d at 815-16). The *Sher* court found that the district court had failed to conduct a *Daubert* review of the expert's qualifications, as well as "not sufficiently evaluating and weighing conflicting expert testimony on class certification." 419 F. App'x

---

[1] *See also Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129 (E.D. Va. 2014) ("A motion for class certification is, without doubt, [] a proceeding" in which the Rules of Evidence apply); *Pecover v. Elec. Arts Inc.*, No. C08-2820 VRW, 2010 U.S. Dist. LEXIS 140632, *7-8 (N.D. Cal. Dec. 21, 2010) ("There seems to be nothing in the Federal Rules of Evidence or in the Federal Rules of Civil Procedure to suggest that class action certification proceedings present an exception to FRE 1101 or that the Federal Rules of Evidence carry different meaning in the class action certification context than elsewhere."); *Lewis v. First Am. Title Ins. Co.*, 265 F.R.D. 536, 544 (D. Idaho 2010) (same); McLaughlin on Class Actions § 3:14 (10th ed.) ("When conducting its rigorous analysis of whether a class should be certified, the Court should apply the Rules of Evidence.").

at 890.

Indeed, courts weighing the split in cases regarding application of the Federal Rules of Evidence to class certification proceedings, tip in favor of applying the Rules of Evidence based on the Supreme Court's instruction regarding class action analysis. *See, e.g., Chen-Oster*, 114 F. Supp. 3d at 114; *Processed Egg Prods.,* 81 F. Supp. 3d at 415. Because the Supreme Court has directed district courts to conduct a "rigorous analysis" in class certification proceedings,[2] "relaxed evidentiary standards would be inconsistent with this prescription." *Id.* (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). Moreover, "the Supreme Court itself has expressed skepticism at the suggestion that *Daubert* would not apply to expert testimony at the class certification stage." *Chen-Oster*, 114 F. Supp. 3d at 114 (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "While the Supreme Court's observation was plainly dicta, a district court is well-advised to heed it." *Id.* (citing *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 108 (2d Cir. 2010) (finding Supreme Court dicta to be persuasive authority)).

In the Preliminary Approval Order, this Court held that it "will likely be able to certify" the defined class. Dkt. 742 at 2. At the fairness hearing, the Court will "determine whether … the proposed settlement class should be

---

[2] That this is a settlement class means the court's analysis requires even *greater* scrutiny. To protect absent class members, district courts should "demand undiluted, even heightened, attention in the settlement context." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

certified." *Id.* at 4. If the Rules of Evidence apply to class certification proceedings, *a fortiori*, the Rules apply to the fairness hearing where the court will make a final determination on class certification, as well as the fairness and reasonableness of the proposed settlement and fee request. Further, class counsel rely heavily on the legal conclusion of Professor Klonoff that their fee request is reasonable, Dkt. 858 at 22, the adjudication of which will affect absent class members' rights and recovery if the Court certifies the class. *See* Frank Objection, Dkt. 876 at 24. Thus, the Court should apply *Daubert* to Professor Klonoff's declaration.

The cases cited by class counsel are unpersuasive. The Sixth Circuit case, *UAW v. GMC*, does not hold that the Federal Rules of Evidence do not apply to a fairness hearing. 497 F.3d 615, 637 (6th Cir. 2016). Noting the difference between trial and a fairness hearing, the Sixth Circuit held that the *Daubert* screening requirement is a "flexible one." *Id.* The Court concluded that "the objectors simply have not shown how the district courts abused their discretion in considering these financial reports," given that the district court found the expert's "methodology" to satisfy *Daubert* and that the reports "would be admissible because they [were] relevant and reliable." *Id.* at 637. If the Rules of Evidence did not apply, the Sixth Circuit would have simply affirmed the district court's decision without determining whether the district court properly exercised its discretion under *Daubert*.

*In re NFL Players Concussions Injury Litig.*, 821 F.3d 410, 443 (3rd Cir. 2016) also does not hold that the Rules of Evidence do not apply to fairness

hearings. The Third Circuit held that the objectors had waived their argument regarding *Daubert*, but in *dicta*, noted that *UAW v. GMC* had rejected the objectors' *Daubert* challenge. 821 F.3d at 443. Indeed, *NFL Players*' *dicta* directly contradicts its own precedent in *Dewey*, where the Third Circuit affirmed *Daubert*'s application in fairness hearings. 681 F.3d at n.18. More importantly, it makes no mention of Fed. R. Evid. 1101(b) or why it does not control.

*In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liab. Litig.*, 2019 U.S. Dist. LEXIS 199641 (W.D. Okla. Nov. 18, 2019) and *American Int'l. Group, Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) similarly fail to discuss the plain language of the rules and the numerous authorities supporting application of the Federal Rules of Evidence to fairness hearings.

## II. Professor Klonoff's Declaration is Impermissible Opinion on Legal Matters.

The Court should strike Professor Klonoff's Declaration as impermissible legal conclusion. Even if a witness is qualified as an expert, Rule 702 requires the Court to determine if the expert opinion would help the factfinder. *See* Fed. R. Evid. 702. "Opinion testimony is not helpful to the fact-finder if it is couched as a legal conclusion. The requirement of 'helpfulness' assures against admitting opinions which would in essence tell the fact-finder what result to reach." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987). This requirement "holds just as true when the finder

10

of fact is the court, if not more so; the court is well equipped to instruct itself on the law." *Stobie Creek Invs., LLC v. United States*, 81 Fed. Cl. 358, 364 (Ct. Fed. Cl. 2008), *aff'd* 608 F.3d 1366 (Fed. Cir. 2010). "Each courtroom comes equipped with a 'legal expert' called a judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

Purely legal arguments should be excluded. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018) ("questions of law are not subject to expert testimony"). It is well established that "that expert testimony by lawyers, law professors, and others concerning legal issues is improper." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). "This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) ("longstanding rule that expert testimony on issues of domestic law is not to be considered").

*First*, the majority of Professor Klonoff's declaration is devoted to reviewing case law regarding fees. *See* Klonoff Decl. ¶¶ 80-88. His declaration "reads more like a legal brief than an expert report." *Pinal Creek Grp.*, 352 F. Supp. 2d at 1044. "Expert testimony" which simply surveys the law ought to be excluded under Rule 702. *See Lukov v. Schindler Elevator Corp.*, 2012 WL 2428251, at \*2 (N.D. Cal. June 26, 2012); *Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1260 & n.23 (C.D. Cal. 2003) (striking

"interpretations of case law"). Professor Klonoff's declaration is merely an extension of class counsel's fee request, cherry-picking cases where fees were approved. *See* Klonoff Decl. ¶¶ 80-88. If class counsel wanted additional legal fodder to support their fee request, they should have requested a page-extension, and not dressed it up as expert opinion.

*Second*, Professor Klonoff's declaration is "replete with legal opinion" that "invade[s] the court's exclusive prerogative." *Commodores Entm't Corp.*, 879 F.3d at 1129. Professor Klonoff declares that the fee request is "reasonable," analyzing the *Johnson* and *Camden* factors. Klonoff Declaration ¶ 40-89. But whether a fee request is reasonable—based on the application of the *Johnson* and *Camden* factors—is a legal question left to the Court. *See Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 775 (11th Cir. 1991) ("district court's reasoning should identify all factors upon which it relied and explain how each factor affected its selection of the percentage of the fund awarded as fees").

A question of law "is not a matter subject to expert testimony." *Freund v. Butterworth*, 165 F.3d 839, n.34 (11th Cir. 1999). "[I]t would not matter if [plaintiffs] could assemble affidavits from a dozen attorneys swearing" to the reasonableness of the fee request. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). "The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony. It is a question of law to be decided by the state courts, by the district court, and by this Court, each in its own turn." *Id.; accord Stathakos v. Columbia Sportswear*, No. 15-cv-

04543, 2018 WL 1710075, at *5 n.6 (N.D. Cal. Apr. 9, 2018) (striking paragraphs of declaration containing "improper legal opinions" on topic of reasonable fees).

Indeed, the Court owes a fiduciary duty to absent class members in making the fee decision. *Cf.* Brian Wolfman, *Judges! Stop Deferring to Class-Action Lawyers*, 2 U. MICH. J.L. REFORM 80 (2013) (concluding that that judges must not defer to lawyers' presentation at fairness hearing but act as fiduciary to protect absent class members); *see also* 2003 Advisory Committee Notes to Rule 23(h) ("active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process").

Finally, class counsel cites cases where courts have relied on Professor Klonoff's opinion regarding fees in other cases. Dkt. 887 at 7. But those courts did not address whether Klonoff's declarations constituted improper legal opinion in violation of Rule 702. *See In re Syngenta AG MIR162 Corn Litigation,* 357 F. Supp. 3d 1094, 1112, 1115 (D. Kan. 2018); *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032 n.3, 1034–35, 1037, 1040, 1042 (N.D. Ill. 2011).

## CONCLUSION

The Court should strike the Declaration of Professor Robert H. Klonoff (Dkt. 858-2).

Dated: December 2, 2019.                /s/ Melissa A. Holyoak
                                        Melissa A. Holyoak, (DC Bar No. 487759)
                                        Hamilton Lincoln Law Institute
                                        1629 K Street, NW Suite 300
                                        Washington, DC 20036
                                        Phone: (573) 823-5377
                                        Email: melissa.holyoak@hlli.org

                                        *Attorneys for Objectors David R. Watkins
                                        and Theodore H Frank*

## CERTIFICATE OF FONT

I hereby certify that this Motion and Memorandum in Support has been prepared in compliance with Local Rules 5.1 and 7.1.


Dated: December 2, 2019.                                    /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: December 2, 2019.                                        /s/ Melissa A. Holyoak