IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC - 2 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 1:17-md-2800-TWT<br><br>CONSUMER CASES |

# REPLY[1] IN SUPPORT TO STRIKE KLONOFF DECL. [Doc. 858-2]

Plaintiffs realized a fatal mistake—"settlement is relevant to a class certification"[2], and their **greedy and abusive** attorney fee request backfired. In their panicking opposition to save case-law-filled, straw-man brief, Settlers forgot to even *service* the absentee movant—again—just like how absentees are forgotten to serve class members in this legislative Amchem copycat proposal. CM/ECF only notifies "all counsel of record"[3], but Pro Se, non-attorney movant cannot register on CM/ECF, and no counsel on record represented absentees' interests as fiduciary to the class. "The reality is…this settlement gives preferential treatment to class counsel while only perfunctory relief to unnamed class members."[4]

---

[1] CERTIFICATION OF SERVICE: I certify a copy of this motion is served to this Court, and CM/ECF users in the case will be served by CM/ECF of this Court.
[2] Amchem Prods. v. Windsor, 521 US 591, 619 (1997)
[3] ECF 887 (Plaintiffs' Opposition to Strike Klonoff Decl.) at 14
[4] In re Dry Max Pampers Litig. 724 F.3d 713, 718 (6th Cir. 2013)

# ARGUMENTS

## I. DAUBERT MOTION APPLIES TO CLASS CERTIFICATION

Settlers wished "in settlement-only class actions the procedural protections...of absent class members during litigation are never invoked in an adversarial setting."[5] But "Ortiz teaches that short-cuts in the class certification process are not permissible."[6] "[M]oment of [settlement-class] certification requires "heightene[d] attention,"...because certification effectively concludes the proceeding save... fairness hearing."[7] "The party seeking class certification has the burden of proof"[8] and must "prove ... adequacy of representation"[9].

Plaintiffs are *now* voluntarily striking their expert's *unpaid* papers instead— "Eleventh Circuit has followed American Honda, finding that the district court erred in refusing to apply Daubert at the class certification stage."[10] Clearly, their own "legal witness" cannot even swallow Plaintiffs' nonsense arguments. Supreme Court also voiced their *dicta* in Wal-Mart Stores v. Dukes, 131 S. Ct. 2551 (2011).

---

[5] Ortiz v. Fibreboard Corp., 527 US 815, 847 (1999)
[6] Spano v. The Boeing Co., 633 F.3d 574, 591 (7th Cir. 2011)(citing Ortiz)
[7] Ortiz, 527 US at 849 (citing Amchem, 521 US at 620)
[8] Brown v. Electrolux Home Prods., Inc., 817 F.3d 1225, 1233-34 (11th Cir. 2016)
[9] Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013)
[10] Klonoff, R. The Decline of Class Actions, 90 Wash. U. L. Rev. 729, 759 (2013) (citing Sher v. Raytheon Co., 419 F. App'x 887, 890–91 (11th Cir. 2011))

Supreme court rebuked Plaintiffs' made-up notions. "The District Court concluded that Daubert did not apply to expert testimony at the certification stage of class-action proceedings…***We doubt that is so***" Id. at 2553-54. Even for Eighth Circuit's interpretation, still requires a version of "focused Daubert" at class certification[11] (instead of Eleventh Circuit's "full Daubert" precedents[12]). Eighth Circuit also concluded that "district court did not err by… scrutiniz[ing] the reliability of the expert testimony" even when the judge is the ultimate decision-maker.

More importantly, Rule 23(a)(4) bars conflicted wannabe class counsels from harming absentees."[A]dequacy heading also factors in competency and conflicts of class counsel."[13] Attorneys with only zeal in fees are, conflicted.

## II.   THIS COURT ALREADY HAS A HONORABLE JUDGE

Plaintiffs' Amchem legislative adventure got too far into replacing district judge's Art. III power—with paid legal opinion in a nonjusticiable settlement— "How immoral to impose it on them, if they were to be used as the instruments, and the knowing instruments, for violating what they swear to support!" [14]

---

[11] In re Zurn Pex Plumbing Prod. Liab. Litig., 644 F.3d 604, 613 (8th Cir. 2011)
[12] Local 703 v. Regions Financial Corp., 762 F.3d 1248, 1258 n.7 (11th Cir. 2014) (quoting Am. Honda Motor Co. v. Allen, 600 F.3d 813, 815-16 (7th Cir.2010)
[13] Amchem, 521 US at 626 n.20 (citation omitted)
[14] Marbury v. Madison, 5 US 137, 179 (1803)(Art. III judge's oath to Constitution)

"Expert testimony" with **bait-and-switch** into **legal conclusions** is forever inadmissible. All circuits would exclude "mock judge" Klonoff's legal conclusions:

11th Cir: "district court did not abuse its discretion in excluding expert testimony from an attorney who proffered only legal conclusions"[15]. "[T]he district court must take "adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion."[16].
D.C. Cir: "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone…on the relevant legal standards."[17]
1st Cir: "Expert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect"[18]
2nd Cir: "legal knowledge of the judge makes the witness' testimony superfluous."[19]
3rd Cir: "an expert witness is prohibited from rendering a legal opinion."[20]
4th Cir: "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."[21]
5th Cir: "Such testimony is a legal opinion and inadmissible."[22]
6th Cir: "It was not proper for the witness to testify as to a legal conclusion"[23]
7th Cir: "legal conclusion [is] that an expert witness is not allowed to draw"[24]
8th Cir: "expert testimony on legal matters is not admissible"[25]
9th Cir: "[A]n expert witness cannot give an opinion as to her legal conclusion"[26]
10th Cir: "expert witness exceeded… bounds… regarding his legal conclusions"[27]

---

[15] Commodores Ent. Corp. v. McClary, 879 F. 3d 1114, 1121 (11th Cir. 2018)
[16] Id. (quoting United States v. Herring, 955 F.2d 703, 709 (11th Cir. 1992))
[17] Burkhart v. WMATA, 112 F.3d 1207, 1213 (D.C. Cir. 1997)
[18] Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 100 (1st Cir. 1997)
[19] Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 509-10 (2d Cir. 1977)
[20] Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006)
[21] US v. McIver, 470 F.3d 550, 562 (4th Cir. 2006)
[22] Askanase v. Fatjo, 130 F.3d 657, 673 (5th Cir. 1997)
[23] United States v. Zipkin, 729 F. 2d 384, 387 (6th Cir. 1984)
[24] West v. Waymire, 114 F.3d 646, 652 (7th Cir. 1997)(Posner, C.J.)
[25] US v. Benton, 890 F.3d 697, 717 (8th Cir. 2018)
[26] US v. Boulware, 558 F.3d 971, 975 (9th Cir. 2009)
[27] US v. Richter, 796 F.3d 1173, 1196 (10th Cir. 2015)

Plaintiffs' *pointlessly* cited <u>UAW v. Gen. Motors Corp.</u>, 497 F.3d 615, 636-37 (6th Cir. 2007), but in any case, <u>Daubert</u> motion was on "financial and actuarial analysis". <u>Id.</u> <u>***Not inadmissible legal opinions like here.***</u> Plaintiffs' botched effort shows desperation to cite "unrelated issues…taken out of context… to substitute citations for analysis"[28]. But this *legal opinion* needs to be STRICKEN.

### III. REBUTTAL TO PLAINTIFFS' REMAINDER REMARKS

"[W]hen a judge is being urged by both adversaries to approve the class-action settlement that they've negotiated, he's at a disadvantage in evaluating the fairness of the settlement to the class."[29] But Plaintiffs seem happy to make Art. III judge's job to be even harder. Plaintiffs attempted to cite a myriad of District Court cases to legitimize an inadmissible legal opinion. But their hope is remote. **First**, "district court cases, which, as we tirelessly but futilely remind the bar, are not precedents."[30] **Second**, courts should not rely on class-action settlement orders, because those cases are **not adjudicated** during settlement—No precedential value.

**To Conclude**, Unreliable Klonoff Decl. [Doc. 858-2] should be STRICKEN.

Dated: November 27, 2019                    Respectfully Submitted,

                                            Shiyang Huang (*Pro Se*)

---

[28] <u>Harzewski v. Guidant Corp.</u>, 489 F.3d 799, 806 (7th Cir. 2007)(Posner, J.)
[29] <u>Eubank v. Pella Corp.</u>, 753 F. 3d 718, 720 (7th Cir. 2014)(Posner, J.)
[30] <u>Harzewski,</u> supra

5