**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In Re: Equifax Inc. Customer Data Security Breach Litigation*<br><br>STATE OF INDIANA,<br>Amicus Curiae. | MDL No. 17-2800-TWT<br>Chief Judge Thomas W. Thrash, Jr. |

## STATE OF INDIANA'S AMICUS CURIAE BRIEF IN OPPOSITION TO THE PROPOSED SETTLEMENT

The Indiana Attorney General submits this brief as *amicus curiae* to safeguard its sovereign and exclusive authorities to enforce Indiana law. While class plaintiffs asserted claims pursuant to the Indiana Deceptive Consumer Sales Act, related to the 2017 Apache Struts data breach that impacted more than 147 million Americans, including nearly 3.9 million Hoosiers, the State of Indiana has filed its own action seeking to enforce violations of Indiana law that include Equifax's violations of the Indiana Deceptive Consumer Sales Act.  Indiana's suit also includes claims under the Indiana Disclosure of Security Breach Act, and requests injunctive relief, consumer restitution, and requests for fines that can be exclusively pursued by the Attorney General. The proposed release language in the MDL class action settlement improperly seeks to limit recovery by the State of Indiana on behalf of aggrieved consumers in its pending state court litigation. Because the proposed release

1

language is overbroad, unless the parties agree to modify the release language, the settlement should not be approved as fair, reasonable and adequate.

**Introduction**

Attorneys General have an obligation to review proposed class action settlements pursuant to the Class Action Fairness Act of 2005, and to provide feedback to the Court when necessary to safeguard the interests of their citizens. 28 U.S.C. §§ 1711-1715 (Pub. L. No. 115-281); see also S. REP. 109-14, 2005 U.S.C.C.A.N. 3, 6 (requirement "that notice of class action settlements be sent to appropriate state and federal officials," exists "so that they may voice concerns if they believe that the class action settlement is not in the best interest of their citizens.").

Indiana voices relevant concerns here and requests that the Court reject the settlement as drafted due to the overbroad release language included, which purports to limit the ability of the Indiana Attorney General to pursue full remedies under the law. In its case against Equifax, Inc., Equifax Information Services, LLC, and Equifax Consumer Services, LLC, the State of Indiana seeks civil penalties, injunctive relief, and restitution, pursuant to the Indiana Disclosure of Security Breach Act, Ind. Code § 24-4.9-3-1 *et. seq.* and the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et. seq.* *State of Indiana v. Equifax Inc. et al;* Cause No. 49D01-1905-PL-018398. (Marion Co. Ind. 2019). The State of Indiana's

ability to pursue its own consumer restitution relief is even more imperative where, as here, the purported private class action relief will be insufficient to account for the claims raised by Indiana. Indiana does not seek double recovery for impacted consumers, but Indiana has the ability to pursue full restitution to make its citizens whole.

The settlement as proposed should not be approved because the release language as drafted runs contrary to Eleventh Circuit Precedent. In addition, the language impedes upon the sovereignty of the states to pursue remedies for their citizens. As set forth in detail below, the Court should order the settlement agreement language modified as follows:

a. The definition of "Released Claim" at § 2.38 shall expressly exclude civil monetary penalties, restitution, and broad injunctive relief in any law enforcement action;

b. The definition of "Unknown Claims" at § 2.50 shall expressly exclude civil monetary penalties, restitution, and broad injunctive relief in any law enforcement action; and

c. The release at § 16.1 shall expressly exclude government agencies or sovereign states acting in a law enforcement or *parens patriae* capacity and not be intended to prohibit cooperation by Class Members with law enforcement.

Alternatively, and if the parties refuse to carve out the appropriate enforcement authorities of sovereign states that have not released their claims, the Court should reject the settlement.

**Argument**

In the Plaintiffs' Memorandum in Support of the Motion for Direct Notice, the release language is mentioned only in a cursory manner, stating "[t]he class will release Equifax from claims that were or could have been asserted in this case and in turn Equifax will release the class from certain claims." Doc. 739-1, at 12. However, the language of the Settlement Agreement and Release proposed by the parties includes claims made by "any other person purporting to claim on their behalf." Settlement Agreement and Release, Doc. 739-2, filed 7/22/19, at 36, §16.1. This extremely broad release is also effectuated in the definition of "Released Claim" and "Unknown Claims". *Id.* at §§ 2.38; 2.50.

The Court should reject the settlement unless the parties modify this release because Eleventh Circuit precedent does not permit private party settlements to bar enforcement actions by government actors, and because the actions of the parties make it clear this language was intended to inappropriately act as a restraint on the remaining two state enforcement actions against Defendants.

> *1. Eleventh Circuit precedent dictates that this class action cannot impede a separate action by government actors acting in an enforcement capacity.*

Eleventh Circuit precedent is clear that where an enforcement mechanism exists that includes interests beyond those litigated by private parties, a private settlement does not bar a governmental entity's actions to enforce its independent authority. In *Herman v. South Carolina Nat. Bank*, 140F.3d 1413 (11th Cir. 1998), the Court considered the question of whether a private plaintiffs' settlement could bar an ERISA enforcement action by the Secretary of Labor under a theory of res judicata. In determining that there was no bar to the Secretary's independent action, the Court analyzed the purpose of the enforcement authority granted to the Secretary of Labor, and found that "the [private plaintiffs'] settlement does not further the broader national public interests represented by the Secretary and reflected in Congress's delegation of ERISA enforcement powers to the Secretary." *Id.*, at 1426.

This Court has recently applied *Herman* to an independent action brought by the Federal Trade Commission in *Federal Trade Commission v. Hornbeam Special Situations, LLC* 308 F. Supp. 3d. 1280 2018-1 Trade Cases P 80, 352 (N.D. Ga. April 16, 2018). Noting that the Ninth Circuit has found that res judicata applies in circumstances where the government action is "wholly duplicative of the claims of a prior class-based action and the [government entity] is seeking monetary compensation *on behalf of* injured person in the class," this Court followed the

precedent set in *Herman* to affirm that the FTC's claims in the case could proceed. This Court emphasized the "FTC's broader interest in deterrence, full recompense, and enforcement of the law." *Id.*, at 1292.

The same interests apply to the authority of the Indiana Attorney General to enforce the Deceptive Consumer Sales Act. As to deterrence, the Attorney General has exclusive remedies for fines that can be leveraged to discourage deceptive conduct. "The attorney general, acting in the name of the state, has the exclusive right to petition for recovery of such a fine, and this fine may be recovered only in an action brought under section 4(c) of this chapter." Ind. Code § 24-5-0.5-8. Indiana has a strong interest in obtaining full relief for its citizens, which fits with the overarching purposes of the DCSA. The Indiana General Assembly clearly intended that the Deceptive Consumer Sales Act "be liberally construed and applied to promote its purposes and policies," which include protecting "consumers from suppliers who commit deceptive and unconscionable sales acts." Ind. Code § 24-5-0.5-1. Finally, the Indiana Attorney General has a strong sovereign interest in ensuring enforcement of the state's laws. This interest was recently raised by thirty-seven Attorneys General in a District Court of Minnesota action, where the parties seek to enjoin the pending action by Minnesota in state court. *See* Exhibit 1, *In Re: Centurylink Sales Practices and Securities Litigation*, Cause No. 0:17-md-02795-MJD-KMM (D. MN. 2019), *Brief of Attorneys General of Delaware et. al.*, Doc.

No. 498 filed November 22, 2019, at Section III, pp. 34-39 (asserting the Attorneys General's interest in sovereignty, and noting the potential for diminished recoveries for fraud victims, and undermining the deterrent effect of restitution in enforcement actions.).

Indiana's interest in pursuing the claims in its own pending action is more imperative where, as here, the proposed relief will not provide complete restitution for the claims raised by Indiana. Pursuant to Eleventh Circuit precedent, the release language included in the settlement agreement should be rejected.

*2. Indiana requests that its claims be treated similarly to the other governmental entities that chose to release their claims.*

The multi-district litigation was announced simultaneously with settlements with the Federal Trade Commission, the Consumer Financial Protection Bureau, and 50 Attorneys General offices. The Defendants entered separate settlement agreements with the governmental entities in order to effectuate those agreements. Each governmental entity must have the ability to determine how its own claims will be pursued. The settlements announced by Equifax on July 22, 2019 were not joined by two Attorneys General that have active ongoing cases against Defendants: Indiana and the Commonwealth of Massachusetts. Equifax recognized this with their July 22, 2019 Form 8-K filing, which noted "the Consumer Settlement will only resolve the U.S. Consumer Litigation (this MDL action) and the investigations

7

of the FTC, CFPB, MSAG (the Multistate Attorneys General) and NYDFS (New York Department of Financial Services). All other legal proceedings . . . remain ongoing." Form 8-K filed to United States Securities and Exchange Commission, https://www.sec.gov/Archives/edgar/data/33185/000119312519198584/d734596d8k.htm, filed 7/22/19, last accessed on November 25, 2019.

As noted above, the memorandum framed the settlement in this MDL as releasing those claims that could have been brought in this action. Indiana and Massachusetts' claims could not have been brought in this action. Nor could the claims of the other 50 Attorneys General. Indeed, the settlements with other regulators and government parties included release language for those parties' claims for consumer restitution that were negotiated and resolved *in separate agreements*. *See* Exhibit 2, Form 8-K exhibits 10.2, 10.3 and 10.4, filed with the SEC on July 22, 2019, https://www.sec.gov/Archives/edgar/data/33185/000119312519198584/0001193125-19-198584-index.htm last accessed on November 25, 2019.

The parties have acknowledged the principle urged by Indiana in this brief – that sovereign enforcement actions are claims that could not have been raised in this action – through their separate releases with the governmental entities for similar claims. In this case, efforts by the Indiana Attorney General to obtain clarification from the settling parties that the release language was not intended to reach Indiana's

8

claims were unsuccessful. Counsel for the Class and Defendants indicated that the settling parties were not willing to modify the release language.

Indiana requests that the release be tailored to the claims before this Court. This separate action must not be permitted to purportedly impede the State's enforcement claims. The parties' intent as to the extent of consumer relief was provided to the Court in the Plaintiffs' Motion to Direct Notice, stating that "the fund in this case – as originally negotiated by Class Counsel and as supplemented by relief the regulators obtained – will be the vehicle for *all consumer redress necessitated by the breach*." Pl. Mem. in support of Motion to Direct Notice, Doc. 739-1, filed 7/22/19, p. 2 (emphasis added). This statement makes plain that the parties seek to stifle the pending claims by Indiana and the Commonwealth of Massachusetts for consumer relief. As noted above, Eleventh Circuit precedent dictates another result, and Indiana acts here to secure its rights and to avoid future unnecessary litigation of the issue.

**Conclusion**

Indiana respectfully requests the Court reject the settlement as drafted due to the overbroad release, which would allow the parties to improperly seek to impede the State of Indiana's interests in pursuing its independent claims against Defendants. The Court should order the settlement agreement language modified as follows:

d.  The definition of "Released Claim" at § 2.38 shall expressly exclude civil monetary penalties, restitution, and broad injunctive relief in any law enforcement action;

e.  The definition of "Unknown Claims" at § 2.50 shall expressly exclude civil monetary penalties, restitution, and broad injunctive relief in any law enforcement action; and

f.  The release at § 16.1 shall expressly exclude government agencies or sovereign states acting in a law enforcement or *parens patriae* capacity and not be intended to prohibit cooperation by Class Members with law enforcement.

Alternatively, if the parties refuse to carve out the appropriate enforcement authorities of sovereign states that have not released their claims, the Court should reject the settlement.

Respectfully submitted,

Curtis T. Hill, Jr.,
Attorney General of Indiana
Atty. No. 13999-20

By:    */s/Douglas S. Swetnam*_____
Douglas S. Swetnam
Deputy Attorney General
Atty. No. 15860-49
p: (317) 232-6294
Douglas.Swetnam@atg.in.gov

By:    */s/ Corinne Gilchrist*_____
Corinne Gilchrist
Deputy Attorney General
Atty. No. 27115-53
p: (317)233-6143
Corinne.Gilchrist@atg.in.gov

Office of Indiana Attorney General Curtis Hill, Jr.
302 West Washington St., 5th Floor
Indianapolis, IN 46204
f:  (317) 233-4393

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Amicus Brief has been prepared in compliance with Local Rules 5.1 and 7.1

>                             */s/ Douglas S. Swetnam*
>                             Douglas S. Swetnam
>                             Deputy Attorney General
>                             *Counsel for State of Indiana*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 5th day of December, 2019.

                                              */s/ Douglas S. Swetnam*
                                              Douglas S. Swetnam
                                              Deputy Attorney General
                                              *Counsel for State of Indiana*

OFFICE OF THE INDIANA ATTORNEY GENERAL
302 West Washington Street, 5th Floor
Indianapolis, IN 46204-2770
Telephone: (317) 232-6294
E-mail: Douglas.Swetnam@atg.in.gov