# Exhibit B - 1

September 18, 2019

I object to the proceeding In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT. My name is Barton Hagerty Lynch and I live at 1425 S Eads St. Apt 1609 Arlington VA 22202. My data was leaked in this breach ~~and~~ which will never be undone. This settlement provides much too little money for those forever impacted by this breach and is not impactful enough on Equifax. They must be fined more and more of that must go to victims. I have not objected to class actions in the past and will not attend the fairness hearing.

Barton Lynch

Received
SEP 23 2019
by JNDLA


Barton Lynch
1425 S Eads St
Apt 1609
Arlington, VA 22202
CAP DISTRICT
MD 207
19 SEP '19
PM
UNITED STATES POSTAGE
PITNEY BOWES
$000.50⁰
02 1P
0000725532 SEP 18 2019
MAILED FROM ZIP CODE 20001
SEP 23 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418
98111-941818

Received
AUG 09 2019
by JNDLA

# Objection to Settlement

## Regarding Equifax Data Breach Lawsuit

I am writing to formally object to the Equifax settlement, in particular the $31 million claim cap on Alternate Reimbursement Compensations. The fund is inadequate to provide even a small fraction of class members with the quoted $125 reimbursement compensation or the $25/hour time spent claim.

According to equifaxbreachsettlement.com, my personal data was leaked during the data breach, making me a member of the settlement. This is the first class action settlement I have objected to in the past five years. I will not appear at the Fairness Hearing.

Many class members, myself included, receive free credit monitoring through one or more services, and so are eligible for the cash alternative reimbursement compensation. If all 147 million class members were to claim the cash option, the payment would be only five cents per class member, rather than the nominal one hundred and twenty five dollars. Put another way, the $31 million fund is only sufficient to pay 250,000 people, which is 0.16% of class members.

Well over that fraction of class members already have credit monitoring through credit cards by default. The fund, as provided, is insufficient to provide the claimed benefit to those class members who already have credit monitoring.

Class members who have spent time protecting themselves face the same issue. The $25 per hour rate quoted in the settlement is fair, but since that money comes from the same $31 million pool, those members are unlikely to receive anywhere near fair compensation for their time.

Both the FTC and the Settlement Administrator are aware that the fund is undersized:

https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement
*(Previously, a cash payment was identified as an option, but there are limited funds available. See FAQ 5 for details.)*

https://www.equifaxbreachsettlement.com/faq
*payments of these benefits likely will be substantially lowered and will be distributed on a proportional basis if the settlement becomes final.*

Given the magnitude of the Equifax leak – names, social security numbers, birthdates, and addresses – offering class members with credit monitoring a few dollars is insufficient.

In summary, I believe the $125 alternate compensation and $25 per hour for time spent are fair rates, but that the $31 million fund is inadaquate to reimburse class members, and that the FTC was aware of the fund's inadaquacy prior to opening claims.

Signed,

Benjamin Nitkin
6971 S Quince St
Centennial, CO

Ben Nitkin
6971 S Quince St
Centennial, CO 80112

DENVER CO 802
06 AUG 2019 PM 3 L




Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o/ JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

12/

AUG 0 9 2019

98111-941818




Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

September 17, 2019

RE: Equifax Inc. Customer Data Security Breach Litigation, **Case No. 1:17-MD-2800-TWT**

I am a member of the Equifax breach settlement class. **My claim number is PP72QDCG4M.**

I object to the settlement because the settlement is unfair and inadequate, given the millions of people whose information was compromised. The settlement is also deceiving because if each person affected by the data breach is compensated, the amount of compensation per person amounts to less than $1. The protection of personal information is paramount and compensation should reflect the importance of keeping personal information secure.

In addition, Equifax has sent emails to victims intended to weed out those who don't respond to the emails, even if they are entitled to compensation, so Equifax doesn't have to pay them. The heading of an email dated September 8, 2019 states "**Your Equifax Claim: You Must Act by October 15, 2019 or Your Claim for Alternative Compensation Will Be Denied.**"

I have not objected to any class action settlements within the last 5 years.

Sincerely,

Beth Ann Stasiowski

Beth Ann Stasiowski
1923 Oden Court
Eldersburg, MD 21784

Received
SEP 23 2019
by JNDLA

1923 OBEN CT.
ELDERSBURG, MD 21784

PITTSBURGH PA 150
19 SEP 2019 PM 1

USA FOREVER

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN.
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

SEP 23 2019

98111-941818

22215 SW Jaquith Road
Newberg, Oregon 97132

September 18, 2019

Received
SEP 23 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

***In re: Equifax Inc. Customer Data Security Breach Litigation,*** **Case No. 1:17-md-2800-TWT**

I am writing to inform you that I find the proposed settlement in the above referenced case to be unfair, unreasonable and inadequate.

My full name and address:
Billy J. Sheets (Bill Sheets)
22215 SW Jaquith Road
Newberg, Oregon 97132

I became aware of the case and proposed settlement from the news media and utilized the website associated with the case to verify my data was included in the breach and that I am a member of the settlement class. I also used the website to file my claim.

I am objecting to the proposed settlement for several reasons. First, the amount set aside for payments to individuals is insufficient. According to information in the press, if every eligible person requests cash reimbursement it will result in a payment of approximately $0.21 per person rather than the $125 initially estimated. Second, the option of long term credit monitoring service provided by the company responsible for the breach is ludicrous. Why would anyone assume the company responsible for a data breach is capable of monitoring anything? Third, Equifax will just use the credit monitoring service as a marketing tool for other services requiring payments. Fourth, the attorneys who filed the suit will make millions of dollars while those who suffer as the result of the breach basically get nothing for the harm caused to them.

I have never objected to any class action settlement at anytime, including within the last 5 years. I have no attorney and I do not plan to appear at the fairness hearing.

Thank you for your consideration,

Billy J Sheets

Billy Sheets
22215 SW Jaquith Rd
Newberg, OR 97132-9409

PORTLAND OR 972
23 SEP 2019 PM 2 L




Equifax Class Action Settlement Admin.
Attn: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 23 2019

98111-941818

Received
AUG 08 2019
by JNDLA

Brian Rudo-Hutt
66 Morris St #303
Jersey City, NJ 07302

August 3, 2019

The Honorable Thomas W. Thrash Jr.
or to Whom it May Concern

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT
Equifax Data Breach Lawsuit

Per the tool provided by Equifax at the time of the breach and also the equifax data breach settlement tool, I am a member of the settlement class for the above class action lawsuit. I am writing to strenuously object to the terms of the settlement as outlined at https://www.equifaxbreachsettlement.com. I have never previously objected to any settlement.

I believe the settlement is grossly unfair to the class of people impacted by Equifax's negligent security practices. This class of people was forced to do business with Equifax in order to obtain ordinary credit to live a normal life, as ordinary individuals have no control over what credit agency credit-providing companies such as banks choose. Nevertheless, Equifax allowed intensely personal information to be leaked to hackers for almost 150 million people. Every one of these people, through no fault of their own is now exposed to criminals or foreign agents targeting their identities. There is no time limit for this impact as it is not possible to change the basic identifiers of one's life, so citizens will be feeling this impact for years to come, whether through direct financial harm via identity theft, to even more nefarious harm such as political micro-targeting or foreign spying, such as Russia did during the 2016 election. As constituted, the settlement provides almost no relief for the extant harm such as time and money spent learning about the breach, setting up fraud reports, freezing credit, etc, even if one has not had credit opened in one's name already. To make matters worse, the money set aside for such restitution only provides the face amount for a paltry 248,000 claims, or only 1.6% of the class. Even if the $125 were indeed enough money to compensate victims for this wrongdoing (which it is not), it is not mathematically possible for each victim to receive it. The only other option provided is to use additional services provided by Equifax, which no doubt will require surrendering even more personal identifying information to Equifax to be mismanaged, and would only be free for a limited amount of time, while the harm lasts for the victim's life.

For the crime of mishandling hundreds of millions of sensitive records, it is laughable that Equifax could get away with such a minimal fee, and even more laughable that so little would actually go to the victims. The fact that Equifax is a large corporation should not absolve them from the requirement to make right the damage they have caused. And this company's profit alone in 2018 was almost 5 times the total amount in the settlement, or almost 115 times the proposed amount to make right the damages to victims. This is not a small corner store that will go out of business, but rather a multibillion dollar company that can easily afford to provide proper recompense. Unlimited credit reports and credit monitoring need to be free for life for each person impacted, in addition to cash payments and additional money set aside for future losses, as a bare minimum. Please do not approve the settlement as-is – it is simply not enough. Hundreds of millions of people will be dealing with the fallout of this for the rest of their lives.

It is impractical for me to appear at the Fairness Hearing due to my location in New Jersey and other responsibilities, and I am not represented by a lawyer in this matter.

Brian Rudo-Hutt


Anna Rudo-Hutt
# 303
66 Morris St
Jersey City, NJ 07302
05 AUG 2019 PM 3 L
forever
USA
Mister Rogers
AUG 08 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA
98111-9418
98111-941818

Brian Michael Watson
20410 137th Ave SE
Kent, WA 98042

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Data Breach Litigation, Case Number 1:17-md-2800-TWT

As one of the millions who personal information was exposed by the egregious breach of data improperly maintained by Equifax, I consider myself a member of the settlement class.

I object to the settlement. The Equifax breach upended my life for several months subsequent to that event. I needed to thoroughly review all credit activity, sign up for credit monitoring, change all of my myriad passwords, and adopt far stricter monitoring protocols for all my financial activity. To think that the gross negligence on the part of a company that controls so much of our lives, including but not limited to how much we pay in auto loan interest or home loan interest, assuming that Equifax even deems us worthy of such a loan in the first place, as well as how much we pay in insurance, could be allowed to occur with an insulting settlement for those whose lives were profoundly effected is preposterous. Equifax was seriously wronged its consumers and the settlement must reflect that for there to be any shred of justice in this case.

I have objected to no other class action settlements in the past five years.

I have no legal representation and do not intend to be present at the Fairness Hearing.

Aggrievedly,

Received
SEP 23 2019
by JNDLA

Briza Watson
20410 134th Ave SE
Kent WA 98042

SEATTLE WA 980
20 SEP 2019 PM 6 L



Equifax Data Breach Class Action Settlement Admin.
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 23 2019

98111-941818



9/17/19

To: Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

***In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT**

To Whom It May Concern:

I am part of the 2017 Equifax Data Breach and am writing to express my dissatisfaction with how the process has gone, and my objection to the settlement.

I am disappointed to learn that there is not enough money set aside for all 147 million victims to receive the touted (and frankly, measly) $125 settlement amount. Furthermore, the emails to sign up for the settlement have seemed so illegitimate I almost did not open them out of fear that they were spam.

I have been the victim of identity theft and several data breaches in my lifetime. I am, at the time of this letter, 31 years old.

As data breaches become more common in this age of technology, I hope that settlements like these will be better handled.

I do not intend to be present at the Fairness Hearing. What about this has been fair to the victims?

Sincerely,

Received
SEP 23 2019
by JNDLA

Britt Olsen-Ecker
328 Whitridge Avenue
Baltimore, MD 21218

olsenecker@gmail.com 203-219-5687

B. Olsen-Ecker
328 Whitridge Ave
Baltimore, MD 21218




BALTIMORE MD 212
20 SEP 2019 PM 5 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 23 2019

98111-941818

SUGAR CANE ENVELOPES
Quality Park Products Item #90076

PARK PRESERVE

Alan Sinclair
2395 Delaware Ave #39
Santa Cruz, CA 95060
(831) 295-3581

September 17 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I am Alan Donald Sinclair, of 2395 Delaware Ave spc 39 Santa Cruz California, a member of the settlement class because my personally identifying information was mishandled and hacked; from the equifaxbreachsettlement.com eligibility website: "*Based on the information you provided, our records indicate your personal information was impacted by this incident.*"

I object to the proposed settlement as being totally inadequate, first on the basis that it is wholly insufficient to deter future similar malfeasance by Equifax or other similar companies, and second on the basis that the damages being awarded are ridiculously small when distributed among those harmed by the data breach.

I have objected to no other class action settlements in the past; this is my first and only objection.

I do not propose to appear at the Fairness Hearing in person but am willing to do so if so required. I would be available on any day from 11/19/2019 to 12/05/2019. I do not have my own legal representative in this matter.

[signature]

Alan Sinclair 9/17/19


Sinclair
2391 S Delaware Ave #39
Santa Cruz CA 95060
SAN JOSE CA 950
18 SEP 2019 PM 3 L
CHILE RELLENO
FOREVER USA
Equifax Data Breach Class Action Settlement Administrator
Attn: OBJECTION
c/o JND Legal Administration
PO BOX 91318
SEATTLE WA
98111-9418
SEP 23 2019
98111-941818

Alexander Manter
1325 13TH ST NW, APT 001
Washington, DC 20005

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Administrator:

I am writing to object to the settlement reached in the Equifax Data Breach Lawsuit. I know I am a member of the affected settlement-class after verifying my eligibility through the breach settlement website (https://eligibility.equifaxbreachsettlement.com/en/eligibility). I object to the settlement on the grounds that the restitution available to the victims is insufficient, given the potential damage, and unfairly onerous to secure.

The settlement offers the choice between credit monitoring service and a share of the settlement, up to $125. It is utterly laughable to think that the damage inflicted by Equifax's negligence could be alleviated with credit-monitoring service; the lesson I've learned is that credit-monitoring services can hardly be trusted as responsible gatekeepers for personal financial information. Giving a credit-service greater access to my personal information and more responsibility for protection from fraud seems like hiring extra foxes to protect the henhouse. I have never voluntarily provided these credit companies with my information and am utterly loathe to become more deeply intertwined.

The offer of cash payment is also contrived and insufficient. A mere $31 million of the $700 million settlement was reserved for consumer claims, or $0.21 for each of the estimated 147 million affected people. It is hard for me to understand how less than a quarter is anywhere near sufficient compensation. Equifax's negligent safekeeping of involuntarily acquired information spits in the face of the entire credit-industrial complex and I cannot imagine ever feeling confident in my financial security again. Of course, with the payment available only to those who already have credit monitoring in place, many people will be deprived even of this pittance.

The initial settlement was misleading at best; I find it deceptive and grossly insufficient. I request you reject the settlement and revisit the terms to find something more beneficial to the tens of millions of victims.

I do not intend to appear at the Fairness Hearing. I have not objected to any other class action settlements in the past five years. Thank you for your time and attention.

Sincerely,

Alexander Manter


Alexander Manter
1325 13th ST NW; APT 001
Washington, DC 20005
CAP DISTRICT
MD 207
18 SEP '19
PM 2 L
B72602.06
$1.00 0
US POSTAGE
FIRST-CLASS
062S0008922886
20036
SEP 2 3 2019
Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
98111-941818

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
AUG 07 2019
by JNDLA

Alexander C Utter
5554 Coral Drive #102
Hawthorne, CA 90250

**In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

To whom in may concern,

I am a member of the settlement class, and my claim number is PV8RT-QB7K6.

I object to the settlement terms because they do not provide adequate relief for class members. Simply put: I already have nearly indefinite credit monitoring because I have been (and continue to be) impacted by numerous large-scale data breeches. (Including the Office of Personnel Management breech, the Target breech, the Georgia Institute of Technology breech, etc.)

Somehow, the culturally-ingrained response to such breeches has been to provide a brief subscription to a credit-monitoring service. However, these services are needlessly difficult to use, provide little value, and their coverage terminates after only a few months or years. It is simpler and more effective to place a security freeze with the big-three credit monitoring agencies. Regardless of the market cost of monitoring services, the incremental value to me from yet another brief subscription is nearly zero. I struggle to understand why the justice system considers this an acceptable remedy to a breech of trust of such magnitude, especially in the case of the Equifax breach.

As such, I would much rather have the $125 direct reimbursement. However, for reasons unclear to me, this portion of the settlement terms was woefully underfunded. As a result, I will likely be getting mere pennies. Nevertheless, I have opted to receive this pitiful amount because is still more valuable to me than the credit monitoring service.

I beg the court to block the settlement unless:

- It is restructured to meet the clear and overwhelming demand for direct reimbursement.
- It allows class members to bar Equifax from collecting or retaining their personal information.

I have not objected to any other class action settlement in the last five years. I will not attend the fairness hearing. If required, I am available for deposition on November 24/25/30 or on December 1.

Sincerely,

Alexander C Utter



Alexander Utter
5554 Coral Dr Unit 102
Hawthorne, CA 90250




SANTA CLARITA CA 913
03 AUG 2019 PM 1 L



AUG 07 2019

EQUIFAX DATA BREACH CLASS SETTLEMENT ADMIN.
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

Alex Neumann
870 Beech Valley Rd
Lithia Springs GA 30122



Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear sir or ma'am,

Due to their burdensome IT bureaucracy resulting in an inability to keep Apache Struts up to date, I am an individual who has had his personal details exposed to unauthorized hackers by Equifax.

The current terms of the settlement re: Equifax only having to spend $XX million in disbursement costs to settlement class members for 'alternative cash claims', whilst claiming to have spent an additional $XXX million in credit monitoring offers is inadequate.

It will cost Equifax far less than that amount to provide its 6 years of credit monitoring as it will not be charging its costs of providing that service at the same rate it charges members of the public. Equifax paying Experian for 4 years of the latter's coverage may cost Equifax more than their own monitoring, but is still inadequate since it ends after only 4 years. The current method by which settlement class members are forced to have credit checks performed, and are thus exposed to fraudsters, have not significantly changed in decades, so the lasting damage of Equifax' actions will not be adequately mitigated or resolved.

Equifax should either increase their disbursement accounts such that all claimants can receive a real settlement for their increased exposure to the aftermath of credit card fraud (popularly touted as 'identity theft'), or invest in an open source process of reporting and monitoring credit that is secure and gives consumers direct, free, control over how their information is used, without using unchangeable verification information previously exposed to fraudsters such as current addresses, social security numbers, or security questions like "what is your mother's maiden name" which are literally on record at county courthouses and thus not private information at all.

I have not to my recollection objected to any other class-action settlements in the past 5 years.

I do not expect to be at the Fairness Hearings dated between 11/19/2019 and 12/05/2019.

Thank you for your time reading this letter,

x [signature]

Alex Neumann

Received
SEP 19 2019
by JNDLA


Alex Neumann
870 Beech Valley Rd
Lithia Springs GA
30122-252670
United States of America
ATLANTA METRO 300
17 SEP 2019 PM 9 L
USA FOREVER
SEP 20 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o: JND Legal Administration
P.O. Box 91318
Seattle WA 98111-9418
98111-941818

September 17, 2019




Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

***Attention:*** **Honorable Thomas W. Thrash Jr.**
***re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT**
**Claimant Number: PTM9N8WSZF**

I am writing to assert my objection to how the settlement for the above settlement is being distributed to those affected. I am one of those affected as identified in the original claim form and I am writing as a private citizen without legal representation on this matter. I have never filed an objection on this or any previous legal matter.

Equifax violated the privacy of millions of people and were rightfully sued. They were not punished near harshly enough, nor were their highest ranking officers, who received bonuses and buyouts in the meantime. The company should not get to dictate nor change the methods that the affected parties are compensated. We are instead being sent emails that look suspicious asking us to prove that we have this product or that or forgo the settlement. The last email I received on September 8, 2019, required that I identify all credit monitoring, and while I do have it, I shouldn't be required to provide such proof as none was required when the claim was originally filed. This stipulation has been added later in an effort to dodge payment to the affected parties.

Besides settling for far too low a dollar amount given the amount of damage Equifax has done to American citizens, requiring those affected to jump through hoops never previously disclosed in an effort to force those affected to opt for 10 years of credit monitoring in lieu of the $125.00 payment, a laughably small amount given the damage this incident caused, I might add. Not only should each and every individual affected by paid the $125 payment, if there is not enough in the fund to make these payments, the settlement should be adjusted accordingly so that each of the 147 million affected gets paid exactly $125.00.

I submitted my claim form for the $125.00 payment, a small fraction of what that company owes me and the others affected by their carelessness, and I am expecting to receive not a penny less than $125.00.

Sincerely,

091719

Amy Dickey
Claimant Number: PTM9N8WSZF
9031 Pilot Avenue
Saint Louis, MO 63123


DICKEY
9031 Pilot Ave
St Louis MO 63123
U.S. POSTAGE PITNEY BOWES
ZIP 63103 $ 006.80
02 1W
0001372476 SEP. 17. 2019
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL
7016 1370 0002 1106 3552
Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
SEP 20 2019

**STATEMENT OF OBJECTION**

Received
SEP 23 2019
by ;NDLA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

---------------------------------------------------------x
In re EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION : No. 1:17-md-2800-TWT
---------------------------------------------------------x

Statement of Objection

I am a member of the plaintiff class in the case called *In re Equifax Inc. Customer Data Security Breach Litigation*. I verified my status as an impacted party via the website expressly provided for this purpose, eligibility.equifaxbreachsettlement.com.

I object to the settlement in this matter. My reasons for objecting are:

1. **The settlement funds are so inadequate as to make the offered relief illusory**. The $31,000,000 earmarked for plaintiffs who opt for cash compensation is only enough to provide the full settlement amount of $125 to 248,000 plaintiffs. The data breach exposed the personal information of 147,000,000 people. A compensation fund that allows for less than two-tenths of one percent of the class to receive a full cash settlement is grossly unjust.
2. **Even if every plaintiff were to receive the full settlement amount, the proposed amount is insufficient.** Even if every plaintiff were to receive $125 (an outcome that is already impossible based on FTC reports of the number of plaintiffs electing cash compensation), this amount is insufficient to compensate plaintiffs for the harm caused by the data breach.
3. **The alternate option of free credit monitoring is largely worthless.** Many individuals, including the undersigned, already benefit from credit monitoring via a bank, credit card company, or other provider. Furthermore, the ready availability in the market of quality free or low-cost credit monitoring makes the settlement option of free credit monitoring worthless to most plaintiffs.

I have been the victim of identity theft, including criminal impersonation, on at least five separate occasions in the past two years. I have spent and continue to spend considerable time, effort, and money attempting to remedy the damage and prevent additional fraud. These attacks have caused me significant stress.

**I respectfully request that the court reject the proposed settlement.**

I have not objected to any other class action settlements in the previous five years.

Signed,
Amy E. Zinser

Amy E. Zinser, J.D.
Admitted to practice law in CT and NY
50 Mariomi Road
New Canaan, CT 06840

Dated: September 18, 2019


Amy E. Zinser
50 Mariomi Road
New Canaan, CT 06840
WESTCHESTER NY 105
19 SEP 2019 PM 2 L
forever USA
Mister Rogers
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA
98111-9418
SEP 23 2019
98111-941818

Andrew Chon
2109 Voorhees Ave Unit B
Redondo Beach, CA 90278

Received
SEP 20 2019
by JNDLA

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re: Objection to Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To whom it may concern:

I am writing you in order to object to the Equifax Data Breach settlement.

I've checked that I am a member of the settlement class using the tool provided here: https://eligibility.equifaxbreachsettlement.com/en/Eligibility

Equifax (and the other two credit bureaus) are charged with one main purpose, and that is protect and secure consumer financial data. In 2017, a hack compromised the data of more than 147 million people. Four years of credit monitoring service is far from adequate in addressing this breach of security and ultimately the Americans' trust in the financial and credit system in the U.S.

Additionally, as described in detail in the New York Times article "Equifax Doesn't Want You to Get Your $125. Here's What You Can Do." (https://www.nytimes.com/2019/09/16/opinion/equifax-settlement.html), getting access to the settlement is too onerous and difficult and will prevent a large number of consumers from benefiting from the settlement.

I object to this settlement and propose something that would go much further: offer lifetime credit monitoring services at all three bureaus (Equifax, Experian, TransUnion), including a service that fixes cases of identity theft, with insurance to back everything up. These services should kick in ***automatically*** and should require no intervention or action from the plaintiffs.

I have never objected to any class action settlement, and therefore have not objected to a class action settlement in the previous 5 years.

I will not be appearing at the Fairness Hearing.

Sincerely,

Andrew Chon


Andrew Chan
2109 Voorhees Ave Unit B
Redondo Beach, CA 90278
LOS ANGELES CA
17 SEP 2019 PM
USA FIRST-CLASS FOREVER
Equifax Data Breach Class Action Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
SEP 20 2019
98111-941818

1168 Elbur Ave.
Lakewood, Ohio 44107
September 19, 2019

Received
SEP 23 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

My wife, Barbara Hueter, and I both have filed claims for $125 for costs incurred in the 2017 Equifax data breach.

We are writing to object to the settlement because we do not think the amount set aside to pay claims like ours is inadequate. The terms of the settlement are misleading because while they invite claims of up to $125 as compensation in cases similar to ours, they subsequently clarify that amounts less than $125 may be paid, depending on the number of claims filed.

This is unfair. We were exposed to possible harm due to the Equifax breach and we had to take time-consuming actions to protect ourselves. We did not have luxury of acquiring that protection with an expenditure of time less than what was required to take the steps described below.

We made our claims after being notified that our information was impacted by the breach. We subsequently confirmed this by checking the database on the breach settlement website.

We meet the requirement to have credit monitoring in place for at least 6 months following our claim filing, though we think that this requirement, too, is unfair because it seems to be a way of reducing financial liability for consumer expenditures in response to the breach.

Our costs were primarily the time needed to check our credit reports and other financial records for suspicious activity, freeze our credit with the three reporting agencies, and create and then freeze credit files with those agencies for a minor child. We also had to pay $5 each to Trans Union for its freeze.

In addition, we had to unfreeze our credit to acquire new credit cards and purchase a car, and subsequently refreeze those files. Finally, we find ourselves spending time writing this letter and figuring out the process for putting it before the court.

Please consider our objections and require a larger sum to be set aside as compensation for the breach.

Andrew Zajac
1168 Elbur Ave.
Lakewood, Ohio 44107

Barbara Hueter
1168 Elbur Ave.
Lakewood, Ohio 44107

1168 Elbur Ave
Lakewood, Ohio 44107

CLEVELAND OH 440
20 SEP 2019 PM 1 L

love
FOREVER·USA

Equifax Data Breach Class Action Settlement Administrator
attn. OBJECTION
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 23 2019

98111-941818

Anita Bernstein
1610 Foster Avenue
Brooklyn, New York 11230
abernste@gmail.com

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 20 2019
by JNDLA

Re: *Equifax Inc. Customer Data Security Breach Litigation*

Dear Administrator:

I write to say that I am among the many recipients of the announced settlement regarding the egregious data breach that Equifax committed who are horrified by the news. I object strenuously to its terms.

Like some other potential class members, I was led to clicking by a tweet by Representative Alexandria Ocasio-Cortez that urged readers to "go get [their] check from Equifax." As you know, Representative Ocasio-Cortez later had to retreat from this jubilant announcement. I don't blame her for what I learned after checking out the deal: It is worthless.

Not to everyone, I guess. Some people like credit monitoring. Fine, whatever floats your boat. Buy whatever you want to buy; sign up for spam and online attentions if you're into them. But anything less than cash money (AOC: "$125 is a nice chunk of change" that lets recipients "pay off a bill, sock it away, take a day off") delivers poor compensation for this wrong. I want this company, which seems to have all the morals of a garter snake, up in my business less not more. Quick googling also indicates that although credit monitoring might not be a scam, it raises the risk that the monitored person will get billed for this dubious commodity with no notice after the supposedly free period ends.

The deal reminds me of coupons and other bogus instruments that corporate wrongdoers fob off on their victims in lieu of cash when courts let them. Like a coupon, credit monitoring could well end up making this remiss business richer rather than poorer. I'd literally rather have nothing than what this settlement gives us consumers.

Thank you for your kind attention.

Sincerely yours,

Anita Bernstein


Anita Bernstein
250 Joralemon St
Brooklyn, NY 11201
NEW YORK NY 100
17 SEP 2019 PM 7 L
MARVIN GAYE
SEP 20 2019
Equifax Data Breach Class Action
Settlement Administrator
attention: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle WA 98111-9418

Anna Segur
3741 Cedarlodge St.
Boulder, CO 80301

Received
SEP 20 2019
by JN

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

September 17, 2019

Dear Equifax Data Breach Class Action Settlement Administrator,

As an individual who was informed that my data had been compromised in the Equifax breach and who has filed to receive settlement benefits, I am writing to object to the terms of the Equifax Data Breach Settlement (*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT). I object to the terms for the following two reasons:

1. Equifax exposed my personal financial information, was sued by the government and settled. A cash reward alternative of up to $125 for victims was publicized without ensuring enough money had been set aside for all affected parties. The government backtracked on their statement and the Equifax settlement team sent a spammy looking email which added a new hurdle for victims to claim their money. Therefore, I feel that the terms of the settlement were not clearly established and communicated to all affected parties and the changing settlement process created unnecessary barriers to affected parties.
2. Equifax and numerous other companies have experienced data breaches. In fact, in the past year, I have been informed that my data, or my children's data has been breached by three separate companies – Yahoo, Pearson, and Equifax (the actual number of breaches of my data is likely much higher but most companies only disclose breaches when they have no other options to continue a cover-up). The conclusion I reach is that entering your information online puts you at risk of a breach, and the solution should not be to force people to put more information online in the form of forced credit monitoring. The terms of the settlement are contingent upon forcing people to document that they are signed up for credit monitoring services in order to receive settlement compensation. I feel that it is unacceptable and unethical to force consent to acquire credit monitoring from a third party that could leave them further exposed to risk of a breach. The only way to avoid credit breaches is to avoid entering one's data online and it is a fallible assumption that third party credit monitoring is a protection rather than a risk. It should be every Settlement Class Member's personal decision whether they want to further share their data or not (in the form of signing up for credit monitoring) and the settlement should not be based on forcing them to share their data and put themselves at risk of further breaches.

For these reasons, as a Settlement Class Member, I think that the Court should deny the settlement as it currently stands. For the record, I would like to state the following:

- I have never objected to a class action settlement before.
- I do not intend to appear at the Fairness Hearing.

**Thank you,**

**Anna Segur**

ANNA SEGUR
3741 CEDARLODGE ST
BOULDER CO 80301

DENVER CO 802
17 SEP 2019 PM 1

SEP 20 2019

EQUIFAX DATA BREACH CLASS SETTLEMENT ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
PO BOX 91318
SEATTLE WA 98111-9418

98111-941818

ARLENE HOROWITZ

September 17, 2019




Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

On July 26, 2019, after a review of the Equifax website, I learned that I am a member of the settlement class. I submitted the attached claim for by U.S. mail on that date. A couple of weeks ago, I received a vague email asking me to reaffirm my interest in receiving a settlement. I was supposed to type in a claim number on their website and indicate credit monitoring status.

Since I mailed the claim, I had no such claim number. Only the persons who filed electronically have such numbers. I returned to the website to ask for a claim number but to date received no response.

As for credit monitoring, I had the monitoring initially offered by Equifax until it expired, but I also have been a regular subscriber to CreditKarma for at least a decade. I have no need for additional monitoring. I want the cash payout, but obviously Equifax would rather the settlement class take monitoring because of all these ridiculous hoops.

It appears that Equifax hopes we will just get tired and give up. They are not the aggrieved party. I am. I am entitled to the small pittance offered by law.

Further, I have never objected to any class action settlement in my lifetime. I am unable to appear at the Fairness Hearing as I am disabled and find travel difficult.

Sincerely,

2077 CENTER AVENUE, #6K, FORT LEE, NEW JERSEY 07024
201/461-0754
AMBIMOM@YAHOO.COM

**Please note that Settlement benefits will be distributed after the Settlement is approved by the Court and final.**

## Your Information

*We will use this information to contact you and process your claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by emailing info@EquifaxBreachSettlement.com.*

| | | | |
|---|---|---|---|
| **1. NAME (REQUIRED):** | First<br>Arlene | Middle Initial<br>I | Last<br>Horowitz |
| **2. ALTERNATIVE NAME(S) (IF ANY):** | | | |
| **3. MAILING ADDRESS (REQUIRED):** | Street Address<br>2077 Center Avenue | | |
| | Apt. No.<br>6K | | |
| | City<br>Fort Lee | | |
| | State<br>New Jersey | | |
| | Zip<br>07024 | | |
| **4. PHONE NUMBER:** | 201/461 0754 | | |
| **5. EMAIL ADDRESS:** | ambimom@yahoo.com | | |
| **6. YEAR OF BIRTH (REQUIRED)** | 1946 | | |

## Credit Monitoring: Free Service or Cash Payment

***You may be eligible to receive free credit monitoring or up to $125 if you already have credit monitoring.***

You can receive free, three-bureau credit monitoring at all three national credit reporting agencies (Equifax, Experian, and TransUnion). Experian will provide this service for at least four years. You can also enroll in free, single-bureau credit monitoring of your Equifax credit file, provided by Equifax, for up to six years after the Experian service ends.

**Or**, if you have credit monitoring services that you will keep for at least six months, you can request a cash payment of $125.

*Please select either Option 1 or Option 2 below, but not both.*

☐ **Option 1, Credit Monitoring**: I want to receive free, three-bureau credit monitoring.

*If you select this option, you will be sent instructions and an activation code after the settlement is final to your email address or home address. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

If You selected Option 1, would you like to sign-up for Equifax's free, one-bureau credit monitoring service for up to 6 more years after the initial, three-bureau credit monitoring services expire?

☐ Yes.

*If you select "yes" for this option, you will be sent instructions to your email address or your home address before your three-bureau credit monitoring expires. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

☑ **Option 2, Cash Payment**: I want a cash payment of $125. I certify that I have credit monitoring and will have it for at least 6 months from today.

*If you select this option, you cannot also enroll in the free, three-bureau credit monitoring service offered through this Settlement.*

## Cash Payment: Time Spent

If you spent time trying to recover from fraud or identity theft caused by the data breach, or if you spent time trying to avoid fraud or identity theft because of the data breach (placing or removing credit freezes on your credit files or purchasing credit monitoring services), complete the chart below. You can be compensated $25 per hour for up to 20 hours.

If you claim **10 hours or less**, you **must** describe the actions you took in response to the data breach and the time each action took.

If you claim **more than 10 hours total**, you **must** describe the actions you took in response to the data breach *and* include supporting documents showing fraud, identity theft, or other misuse of your personal information.

*By filling out the boxes below, you are certifying that the time you spent doesn't relate to other data breaches.*

| Loss Type and Examples of Documents | Amount and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Equifax breach) |
|---|---|---|
| Costs for freezing or unfreezing your credit report on or after 9/7/2017<br>*Examples: Receipts, notices, or account statements reflecting payment for a credit freeze* | $<br>Date: | |
| Credit monitoring and identity theft protection purchased between 9/7/2017 and the date of your claim submission<br>*Examples: Receipts or statements for credit monitoring services* | $<br>Date: | |
| Costs incurred for an Equifax credit or identity theft monitoring subscription products I had between 9/7/2016 and 9/7/2017<br>*Equifax will check its records and these claims will be paid without documentation if Equifax's records match your claim. You may still submit receipts of statements for Equifax credit monitoring services to support your claim* | $<br>Date: | |
| Costs, expenses, and losses due to identity theft, fraud, or misuse of your personal information on or after 05/13/2017<br>*Examples: Account statement with unauthorized charges highlighted; police reports; IRS documents; FTC Identity Theft Reports; letters refusing to refund fraudulent charges; credit monitoring services you purchased* | $<br>Date: | |
| Professional fees paid to address identity theft on or after 5/13/2017<br>*Examples: Receipts, bills, and invoices from accountants, lawyers, or others* | $<br>Date: | |

ARLENE HOROWITZ
2077 Center Avenue, #6K
Fort Lee, New Jersey 07024

18 SEP 2019 PM 4 L

SEP 23 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Barbara L Braid
5520 Chaparral Drive
Laramie, WY 82070

September 17, 2019

RE: Equifax Date Breach Lawsuit

Received
SEP 23 2019
by JNDLA

To Whom It May Concern:

I am a member of the class action lawsuit against Equifax for the data breach and I am disappointed by the bait and switch of the settlement.

I have credit monitoring (All Clear ID) through the Anthem Blue Cross breach and signed up for the $125 award. (By the way, Equifax had one job to do and they failed miserably. So to "make it up to me" I get a measly $125? I understand that the attorneys in this matter will be receiving $80 million. Does this seem fair?)

Soon after signing up for the $125 news articles were written that class member would receive much less than the $125 and, perhaps, would only receive $.21 if all the class members chose the $125 settlement. I did receive an email asking for proof of credit monitoring, and I suppose this was to induce those who chose the cash settlement to change their minds. Very sneaky, by the way. Between us, really now, you had no intention of paying anyone anything did you?

This settlement is an abomination and should be changed. Everyone affected by the breach should have free choice between the credit monitoring and the cash settlement: The choice should be made by the affected individual alone. Additionally $125 is a paltry sum and needs to be re-thought. The stress of having your data breached is worth more than $125.

Thank you for your time and attention. This is the first time I have objected to a class action settlement. Neither I nor my attorney will be attending any hearings.

Sincerely,

Barbara L Braid

Barbara L Braid

5520 Chaparral Dr
Laramie, WY 82070

CHEYENNE WY 820
18 SEP 2019 PM 1 T



SEP 2 3 2019

Equifax Data breach classaction Settlement
administrator
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle WA 98111-9418

98111135418

1168 Elbur Ave.
Lakewood, Ohio 44107
September 19, 2019

Received
SEP 23 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

My wife, Barbara Hueter, and I both have filed claims for $125 for costs incurred in the 2017 Equifax data breach.

We are writing to object to the settlement because we do not think the amount set aside to pay claims like ours is inadequate. The terms of the settlement are misleading because while they invite claims of up to $125 as compensation in cases similar to ours, they subsequently clarify that amounts less than $125 may be paid, depending on the number of claims filed.

This is unfair. We were exposed to possible harm due to the Equifax breach and we had to take time-consuming actions to protect ourselves. We did not have luxury of acquiring that protection with an expenditure of time less than what was required to take the steps described below.

We made our claims after being notified that our information was impacted by the breach. We subsequently confirmed this by checking the database on the breach settlement website.

We meet the requirement to have credit monitoring in place for at least 6 months following our claim filing, though we think that this requirement, too, is unfair because it seems to be a way of reducing financial liability for consumer expenditures in response to the breach.

Our costs were primarily the time needed to check our credit reports and other financial records for suspicious activity, freeze our credit with the three reporting agencies, and create and then freeze credit files with those agencies for a minor child. We also had to pay $5 each to Trans Union for its freeze.

In addition, we had to unfreeze our credit to acquire new credit cards and purchase a car, and subsequently refreeze those files. Finally, we find ourselves spending time writing this letter and figuring out the process for putting it before the court.

Please consider our objections and require a larger sum to be set aside as compensation for the breach.

Andrew Zajac
1168 Elbur Ave.
Lakewood, Ohio 44107

Barbara Hueter
1168 Elbur Ave.
Lakewood, Ohio 44107

1168 Elbur Ave.
Lakewood, Ohio 44107

CLEVELAND OH 440
20 SEP 2019 PM 1 L



Equifax Data Breach Class Action Settlement Administrator
attn. OBJECTION
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA
98111-9418

SEP 23 2019

98111-941818

49565 Powell Rd
Plymouth, MI 48170
Sept. 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re: Equifax Inc. Customer Data Security Breach Litigation Case No. 1:17-md-2800-TWT

I received a notice from Equifax that I am included in this case and I have filed a form for the breach settlement. I object to the settlement because the amount Equifax is providing is woefully short of the harm they have caused the people affected. I had no choice in Equifax having my information but through their own negligence, they exposed my information. In exchange for them being criminally careless with my very precious information, they want to give me no more than $125 (probably much, much less) or provide me with credit monitoring. Why on earth would I trust them to monitor the data that they exposed?

I feel the settlement should require them to proactively monitor the data of every single person for whom they have information and take action if they detect a breach. Why should I have to pay for credit monitoring to get a chance at a pittance of a settlement. I consider their offer of credit monitoring to be worthless, since they created this problem.

This is the first time I have ever objected to a class action settlement but this is such a significant issue I felt I must make the court aware of my concerns. While I am unable to appear at the Fairness Hearing, I wish I could be there to tell you in person of the damage Equifax has caused me.

Now Equifax has created one more hurdle for claimants to overcome, to fill out yet another form telling them about the credit monitoring I have. While I have completed the form, I really do not want to give them any more information about me. I do not trust them and I feel they owe consumers much more that this settlement requires them to pay.

Received
SEP 23 2019
by JNDLA

Sincerely

[signature]

Barbara Korte

I do not trust the parties in this settlement and I don't believe I will ever see anything as a result. Equifax will find some loophole, they will continue on as before and I will still have lost my information.


K
Ms. Barbara L. Korte
49565 Powell Rd.
Plymouth, MI 48170-2817
METROPLEX MI 480
19 SEP 2019 PM 15 L
FOREVER / USA
SEP 23 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
98111-013948