# Exhibit B - 2

5600 7 LKS West
West End, NC 27376
9/17/2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 9811-9418

Received
SEP 23 2019
by JNDLA

Hello,

I think that I was involved in the Equifax breach. I have never been involved in a class action lawsuit.

I think Equifax is responsible for this data breach. I have received many calls and e-mails asking me if I need to make loans, get money, etc.

I also object the Equifax won't compensate the people including me who were affected by this breach.

Please consider giving me the compensation. I think if would show Equifax and other companies who are supposed to protect information that they should and could do a better job.

Sincerely,

Cheryl Luc

CLuC...
5600 7 Lks W
West End, NC
27376

GREENSBORO NC 274
PIEDMONT TRIAD AREA
19 SEP 2019 PM 4 L

FOREVER

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
ATTN: Objection
c/o JND Legal Administrator
P.O. Box 91318
Seattle, WA 9811-9418

98111-9418

Received
SEP 03 2019
by JNDLA

**UNITED STATES DISTRICT COURT**

In re: Equifax Inc. Customer Data Security Breach Litigation

NO. 1:17-md-2800-TWT

**CLASS MEMBER OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**

COMES NOW class member Chris King and hereby objects to the proposed class action Settlement, Plan of Allocation, and Lead Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses per Federal Rule of Civil Procedure No.23. As set forth below, the proposed Settlement, Plan of Allocation, and Lead Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses are not fair, reasonable, or adequate. In addition, the class notice is defective for several reasons: the notice gives a misleading statement of what class members are releasing, the notice fails to apprise class members of the exact amount of attorney fees being sought, and the notice improperly requires class member objectors to provide evidence of their class member status, to provide information not relevant to the class action or the proposed Settlement, Plan of Allocation, and Lead Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses, and to sign the objection.

**I. Objecting Class Member's Information**

(a) Chris King, PO Box 20671, Las Vegas, NV 89112, 702-900-7561.

(b) Class member's objections are set forth below.

(c) Class member, upon belief and information, https://www.EquifaxBreachSettlement.com indicated I am a class member.

(d) Class member is not represented by counsel.

(e) Class member does not plan to attend the Settlement Hearing.

(f) Class member will not have counsel appear at Settlement Hearing.

(g) Class member has filed one class action settlement objection in the previous five years.

**II. The Relief Provided By The Settlement Is Not Fair, Reasonable, and Adequate.**

A court may approve a class action settlement "only if it is fair, reasonable and adequate." *Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013). This Court must also evaluate substantive fairness. *Id.*

In the instant matter, the class notice states that class contains 147,000,000 members, and the proposed settlement is 380,500,000. If the class counsel receives 77,500,000 in legal fees that leaves 303,000,000 for the class members, or close to $2 per class member. However, a class member could receive up to $20,000. Since the plan of allocation is not clearly articulated, the result appears to be that the first 15,150 class members to make a claim will get $20,000 and the other 146,984,850 will receive $0. As such the, proposed settlement and Plan of Allocation would compensate 0.01% of the class members and the remaining 99.99% would receive nothing.

That is, in exchange for a tiny fraction of the damages the class members suffered, defendants are purchasing *res judicata* wholesale, including claims for punitive damages. The proposed Settlement and Plan of Allocation do not provide any meaningful compensation to the class members, but do release the

defendants at the cheapest price and provide a large, albeit unstated, payout for the class counsel. The only ones not benefiting from the proposed Settlement and Plan of Allocation are the class members.

**III. The Class Notice Is Fatally Defective.**

Due process requires that absent class members receive adequate notice in order for their rights to be protected during settlement. Proper notice should describe the action and class members' rights in it. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). Furthermore, the average class member must be able to understand the notice. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005). Here, the class notice failed to satisfy these requirements because it did not clearly convey what the class members were giving up or how much the class counsel seeks in attorney fess.

Not only does the notice fail to explain to the average class member what their damages are or what could be recovered from a judgment against the defendants, it conveys the false impression that each class member will receive $125. As such, the offer may appear to be reasonable to the average class member. The parties appear to be colluding to provide a notice to class members that obfuscates the facts and the extent of damages that the class members could obtain at trial.

Furthermore, the notice must indicate the amount of class counsel fees that is being requested. *Rule 23 of the Federal Rules of Civil Procedure.* However, the notice only states that class counsel will request up to $77,500,000, leaving it unclear exactly how much will be awarded, how much will be left for the class members, and whether the estimated award will be further decreased by the award of attorney's fees. Again, the average class member is left to draw their own conclusions without a clear understanding of the final class award.

In *Carlson v. Xerox Corp.*, 355 Fed. Appx. 523 (2d Cir. 2009), the notice to class members stated that class counsel would move for an award of attorney's fees "not to exceed 20% of the gross settlement fund." The Court held that the notice failed to apprise the class members of the amount of the fee application, as does the instant notice.

**IV. The Objection Procedure Improperly Discourages Objections.**

The notice contains objection procedures that are unnecessarily burdensome and calculated to discourage objections. Specifically, objectors are required to provide their personal contact information, prove that they are class members, provide confidential financial information, provide a history of class action objections, and sign the objection regardless of whether they are represented by counsel.

These requirements are contrary to the right to file an objection to a proposed class action settlement provided by Rule 23 of the Federal Rules of Civil Procedure by making the process to do so burdensome and intimidating class members with demands for private and confidential information. As such, the notice is improper and these requirements should not be allowed.

**V. CONCLUSION**

For the above reasons, Class Member Chris King asks the Court to reject the proposed class action Settlement, Plan of Allocation, and Lead Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses.

DATED: 8/28, 2019. Respectfully Submitted,

[signature]

Class Member Chris King
PO Box 20671
Las Vegas, NV 89112
(702) 900-7561

PO Box 20671
Las Vegas, NV
89112

CERTIFIED MAIL®

7019 0700 0001 5737 4405

UNITED STATES POSTAL SERVICE®

1020

98111

U.S. POSTAGE PAID
FCM LETTER
LAS VEGAS, NV
89121
AUG 30, 19
AMOUNT
$4.05
R2304E105151-7

Equitax Data Breach Class Action
Settlement Administrator
Attn: Objection
PO Box 91318
Seattle, WA 98111

SEP 0 3 2019

98111-941818

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT,

Christiana Mara Wilson
728 Kensington Dr.
Newport News, VA 23602
September 19, 2019

Dear Sirs and/or Madams,

Several months ago, I logged onto the Equifax Data Breach website and found out that I was a victim of the Equifax data breach. Thus, I am a member of the settlement class. After finding out that my personal data had been let out into the wild, I checked my credit score at my own expense and verified my identity had not been stolen through my credit card identity theft prevention program. This cost me many hours of time and a small amount of money.

I object to the settlement based on the minuscule payout of $700M. The payout only give $5 to every victim, before accounting for fines and lawyers. The payout amount is not sufficient to punish Equifax. Not only are we forced to be customers of Equifax, we cannot trust that this gigantic corporation, with huge purse strings, to keep our data secure and be honest with us when there is an issue with our data. On top of that, I understand there is $31M cap on settlement claims which drops the cash settlement to each victim to 22 cents. Is that really a restitution? Is Equifax really being punished? It appears the victims are the ones being punished and denied restitution. I hope the court will take this letter into consideration.

I have not objected to any class actions in the last five (5) years.

I do not intend to appear at the Fairness Hearing.

With Kind Regards,

[signature]

Christiana Wilson

Received
SEP 23 2019
by JNDLA



Ms. Christiana Wilson
728 Kensington Dr
Newport News, VA 23602-6556

RICHMOND VA 230
19 SEP 2019 PM 3 L

SEP 2 3 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Sept. 19, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Christine Gavlin
4246 Howard Avenue
Western Springs, IL 60558

I am a member of the settlement class because Equifax verified that my personal information was exposed by their actions.

I object to the settlement because it will not adequately compensate me for the time I will have to spend fixing this situation if/when my information is used improperly in a way which will affect my credit and my financial future. The class is so large that we will not all get even the $125 which was proposed by the time all eligible register. This settlement is inadequate for the harm caused to so many.

I will not be appearing at the Fairness Hearing.

Thank you,

Christine Gavlin

Received
SEP 23 2019
by JNDLA


Ms. Christine Gavlin
4246 Howard Ave.
Western Springs, IL 60558
S SUBURBAN IL 604
20 SEP 2019 PM 6 L
SEP 23 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
98111-941818

Received
SEP 16 2019
by JNDLA

*Cindy Mason*
*9203 Claxton Drive, Austin Texas 78736*

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

My personal information was impacted by the Equifax data breach.

I object to the Settlement because the data that was stolen in this breach is permanently out there for criminals to exploit. The additional six years should cover credit monitoring of all three major bureaus — Equifax, Experian and TransUnion being that

Also, the lawyers fees are disproportionate to the amount set aside for restitution.

I have never objected to a class action suit before, but this settlement is unfair.

I will not be able to appear at the Fairness Hearing and cannot afford a lawyer to represent me.

Respectfully,

Cindy Mason

ROUND ROCK
Auto Group

P.O. Box 1568
Round Rock, TX 78680

AUSTIN TX 787
RIO GRANDE DISTRICT
12 SEP 2019 PM 3 L




EQUIFAX DATA BREACH CLASS ACTION ADMIN
ATTN: OBJECTION
c/o JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE WA 98111

98111-931818

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Your Honor,

As a confirmed member (via equfaxbreachsettlement.com) of the class action suit in reference I feel deceived by the terms of the settlement. I must object to the paltry sum that has been set aside for restitution of those who already have credit monitoring. With only $31M for claims the amount is no where near the amount needed to provide the $125/ person that Equifax owes for their gross failure to protect the data which they collect without consent. This paltry sum represents $0.21/ person who was affected by the data breach.

I will not be at the fairness hearing. I appreciate Your Honor's time in reviewing my objection.

Clarence J. Anglin
3401 Edenborn Avenue #216
Metairie, LA 70002

Received
SEP 23 2019
by JNDLA

Clarence Anglin
3414 Elenison Ave #216
Metairie, LA 70002

NEW ORLEANS LA 700
18 SEP 2019 PM 2 L

FOREVER / USA
National Museum of African American History and Culture

Equifax Data Breach Class
Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 23 2019

98111-941818

Clare Willis
818 Sanchez Street
San Francisco, CA 94114

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

September 17, 2019

To Whom It May Concern:

I am a member of the settlement class in the proceeding *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, as I received information from Equifax stating that my information had been compromised in their data breach. I am writing to formally object to the proposed settlement. I have never objected to a class action settlement prior to this.

The settlement amount that the government agreed to was ridiculous, as it served neither to make the victims whole nor provide a deterrent to the gargantuan company that allowed the breach to occur. If the cash reward was supposed to be $125 for every person who already had security monitoring (as I and my husband did, because we had been victims of previous data breaches from other giant entities that failed to protect our date, including Target and Blue Cross Blue Shield) then the settlement should have provided that money to every person who applied for it, not up until the arbitrary amount of 31 million was reached, an amount that everyone clearly knew was not going to be sufficient to compensate all the victims.

Equifax needs to provide a cash payment to every victim of their data breach, even if it drives the company bankrupt, because if it cannot compensate us it should cease to exist after failing to in its most fundamental task.

I also object because $125 is not nearly sufficient. Lifelock costs between $10 and $30 *per month*, and my family will need our credit protected for the foreseeable future because our credit data will be on the dark web for the foreseeable future.

Sincerely,

Clare Willis

Clare G. Willis
818 Sanchez Street
San Francisco, CA 94114

SAN FRANCISCO CA 940
19 SEP 2019 PM 3 1



SEP 23 2019

Equifax Settlement Administrator
Attn: Objection
C/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

98111-941818

Claudia Moncagatta
2508 Warren Ave N
Seattle, WA 98109




September 18, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re: Objection to Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To whom it may concern:

I am writing you in order to object to the Equifax Data Breach settlement.

I've checked that I am a member of the settlement class using the tool provided here: https://eligibility.equifaxbreachsettlement.com/en/Eligibility

Equifax (and the other two credit bureaus) are charged with one main purpose, and that is protect and secure consumer financial data. In 2017, a hack compromised the data of more than 147 million people. Four years of credit monitoring service is far from adequate in addressing this breach of security and ultimately the Americans' trust in the financial and credit system in the U.S.

Additionally, as described in detail in the New York Times article "Equifax Doesn't Want You to Get Your $125. Here's What You Can Do." (https://www.nytimes.com/2019/09/16/opinion/equifax-settlement.html), getting access to the settlement is too onerous and difficult and will prevent a large number of consumers from benefiting from the settlement.

I object to this settlement and propose something that would go much further: offer lifetime credit monitoring services at all three bureaus (Equifax, Experian, TransUnion),


2508 WARREN AVE N
SEATTLE, WA 98109
USA
FOREVER
EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111
SEP 23 2019
98111-941818

Sept 17, 2019

Received
SEP 23 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I am a member of the above referenced settlement class. I confirmed this in the Equifax website that stated my data had been breached. I object to the settlement as I understand it:

- $125 to members of the settlement class IF there is enough money available. It is currently estimated at 21 cents per person based on the number of people who applied or
- credit monitoring service.

Equifax committed a gross violation of public trust and privacy.

In January 2006, ChoicePoint, Inc. agreed to pay $15-million to settle Federal Trade Commission charges that the data warehouser's security and record-handling procedures violated consumers' privacy rights , affecting over 163,000 customers at an average of $92 per security breach.

In October 2003, Victoria's Secret, a division of Limited Brands, paid a $50,000 settlement to the State of New York for a breach of privacy on their website between August and November 2002, revealing the name, addresses, and orders of 560 customers at an average of $90 per security breach.

The security breach caused by Equifax will, for the rest of my life, impact my privacy and leave my identity out there on the black market. The only job they had was to protect its customers identity and they did not do that. It is a slap in the face for all their customers to receive as little as 21 cents for the damage they caused.

I have been a member of similar types of class action suits in the past where I received minimal compensation for an aggrieved action. I do not plan on attending the Fairness Hearing.

Sincerely,

Corinne Eisenstein
554 Westchester Pl SW
Ocean Isle Beach, NC 28469

Corinn Eisenstein
554 Westchester Pl
Ocean Isle Beach, NC 28469

CHARLOTTE NC 282
19 SEP 2019 PM 4 L

USA FOREVER

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

98111-941818

Received
SEP 23 2019
by JNDLA

Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To whom it may concern:

My name is Caleb Olin Scarlett and I currently live at 515 Robert Daniel Drive, Charleston, SC 29492. I am writing the court because I believe I am a member of the class action lawsuit against Equifax. I discovered this information through the online tool provided at https://eligibility.equifaxbreachsettlement.com/en/Eligibility. I would like to lodge my objection to this settlement on the grounds that it unequivocally does NOT compensate for the loss of blameless individuals' personal data. Social security numbers are (due to the lack of a dedicated federal identification program or bureaucracy) the de facto method of identifying individuals to all manner of American organizations, from employers to schools, to just about every municipal, county, state, or federal bureaucracy in existence. The loss of this personal identifiable information (PII) represents a grave threat of identity theft, fraud, or exploitation to the consumers filing this suit, who themselves are innocent of any wrongdoing. I am 22 years old. This data breach comes with a risk of identity fraud for the *rest of my life*. $125 is a pittance for my assumption of those risks. Furthermore, the fact that so many people have filed means that the plaintiffs will receive *nowhere close* to that already low number. Equifax has allowed the information equivalent of a major industrial disaster (think Bhopal) to occur right under its nose. Yet instead of actually compensating people fairly for its criminal negligence (as US courts would require of major industrial corporations in the event of such negligence and consequences), Equifax seems to just be waltzing away from actual justice, throwing a pittance at the ordinary people who will be affected for the remainder of their lives. In *government*, employees are constantly trained and reminded that PII *must* be protected for the safety of those whose data are handled by the bureaucracies. Equifax, clearly, has no regard for this sort of approach, instead opting to run its system with a minimum of forethought and attention to possible consequences. For this they should be forced to make up for the harm they have caused and will continue to cause as the consequences of the breach manifest themselves in the coming years and decades. The court has an opportunity here to side with the *people affected* rather than the company that *caused the harm*. I urge you to consider the effects of this breach on the working people of this nation and to come up with a settlement amount that will ensure that the plaintiffs will receive an amount compensating them for the loss of their personal information.

I do not plan on attending the Fairness Hearing, nor do I retain a lawyer for that purpose.

Cordially,

Caleb Scarlett

Caleb Scarlett
515 Robert Daniel Dr.
APT 5309
Charleston, SC 29492

CHARLESTON
SC 294
18 SEP '19
PM 3 L




SEP 23 2019

Equifax Data Breach Class
Action Settlement Administrator
Attn: Objection
C/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

98111-941818

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

I object to the settlement of this proceeding: *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT; aka "Equifax Data Breach Lawsuit".

My name and address: Candace Engelsen, 2001 McAllister St. #327, San Francisco, CA 94118

Equifax identified me as a member of the settlement class.

I object because of the actions I have needed to take to attempt to mitigate potential injury from the Equifax data breach. Specifically, because credit monitoring is equivalent to reporting an injury after it has occurred, I have removed the obstacle that could potentially cause me injury, by freezing all my credit reporting accounts. This required multiple steps, and use of my valuable time:

- I examined all 3 credit service reports for any problems;
- I researched each of the 3 credit agency accounts for methods to freeze my accounts;
- I implemented freeze instructions for each of them.

In the future, if I want to apply for a new credit instrument, I will have to repeat the freeze activity in reverse, closely monitor credit activity in each of the 3 accounts during the application process, and then refreeze each of them immediately after the new credit application is approved.

My time should not be FREE. I merit the $125 payment in full, which will not even adequately compensate my time expenditure to reduce the risk from the Equifax data breach.

This is the first class action settlement to which I have objected, ever.

I do not plan to attend the Fairness Hearing in person or through a lawyer.

Thank you for consideration.

Candace Engelsen

Candace Engelsen

Received
SEP 23 2019
by JNDLA




Candace Engelsen
2001 McAllister St Apt 327
San Francisco, CA 94118

SAN FRANCISCO CA 940
18 SEP 2019 PM 2 L

USA FOREVER

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 23 2019

98111-941818

**Scott & Katie Hall**
**18160 Cottonwood Road, PMB 459**
**Sunriver, OR 97707**

Tuesday, September 17, 2019

Received
SEP 20 2019
by JND LA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

TO WHOM IT MAY CONCERN

Re: *In re: Equifax Inc. Customer Data Security Breach Litigation*

I am a member of this class action suit. I have had credit monitoring by 3 different vendors for several years, and thus have opted for the $125.00 payment from Equifax. After filing a claim, I received an email demanding proof of Credit Monitoring if I want payment, and I now read that the payment will be nowhere near $125.00. I do not know if $125.00 if appropriate compensation for this breach. However, I do know that pennies are certainly not appropriate reimbursement.

Equifax's revenue is $3+ billion per year; they have completely failed in their work; and they should be made to face severe consequences. I strongly object to the terms of this settlement and urge you to reconsider the terms.

I have never objected to a class action settlement.

I will not be able to attend the Fairness Hearing.

Respectfully,

Catherine A. Hall



all
8160 Cottonwood Road
PMB 459
Sunriver, OR 97707
EUGENE OR 974
17 SEP 2019 PM 3 L
FOREVER / USA
SEP 2 0 2019
Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
98111-941818

Catherine Sancimino
295 West 11th Street, Apt. 4D
New York, NY 10014
(415) 680-4449
CSancimino@gmail.com

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

September 17, 2019

In re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To Equifax Data Breach Class Action Settlement Administrator,

I am writing this letter to the Court to object to the terms of the Equifax settlement. I am a member of the settlement class because my personal information was compromised as a result of the Equifax data breach (as confirmed by the Equifax Data Breach Settlement website https://www.equifaxbreachsettlement.com). I have not objected to any class action settlements in the past.

As a result of the data breach, I spent more than 20 hours of my own time monitoring my credit, including but not limited to calling all major credit card companies to ensure that no credit cards were fraudulently opened in my name; freezing my credit through Experian, TransUnion, and Equifax; changing passwords for all online accounts; reviewing and reporting thousands of spam e-mails; developing a new e-mail address and changing my online accounts to my new e-mail address, to increase the security of my personal information; and repeatedly checking my credit cards and online accounts as well as searching for my personal information online to ensure that no fraudulent activity occurred within my accounts or with the use of my name.

I object to the settlement because the terms for monetary compensation are not fair. Because of my own meticulous surveillance of my credit and my online accounts, as well as loss of faith in the security of online credit programs, I did not seek to use a credit monitoring service, beyond freezing my credit.

I object to the settlement because I should not be required to use a credit monitoring service to receive monetary compensation through the Equifax settlement. It is in bad faith that the Equifax settlement requires Settlement Class Members to sign up for credit monitoring services in order to be eligible for payment through the settlement, when it is Equifax's own operational errors that caused the data breach to occur.

A class member should not be required to entrust their personal information to a credit monitoring company in order to be compensated for the errors made by another credit monitoring company. This is unfair and biased against people who suffered the loss of privacy and time and thus made the decision not to entrust their personal information with the type of company that compromised their personal information in the first place.

Thank you for your consideration of my objection.

Sincerely,

Catherine Sancimino

Dr. Catherine R. Sancimino
295 W 11th St Apt 4D
New York, NY 10014

NEW YORK NY 100
19 SEP 2019 PM 13 L




SEP 2 3 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Charles C. Hoffmeyer
326 Lamson Street
Grand Ledge, MI 48837

September 17th, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

RE: Case No. 1:17-md-2800-TWT, "Equifax Data Breach Lawsuit"

Dear Chief Judge Thomas W. Thrash, Jr:

I am writing to express my objection to the settlement in the "Equifax Data Breach Lawsuit".

I am a member of the Settlement Class, as my personal data was impacted in the breach. This has been verified by the Settlement Administrator's website and I have submitted a claim on the Settlement Administrator's website.

The defendant's business is based on collecting, retaining, and selling access to an individual's most sensitive personal information. The data breach, caused by the defendant's failure to adequately protect our highly sensitive data, impacted 147 Million individuals in the United States that had filed disputes through their online portal. The defendant required individuals to file disputes related to the accuracy of their personal information online through this portal. The personal information that the defendant required, and subsequently lost, included names, social security numbers, birthdates, addresses, and driver's license numbers.

This information is key personally identifying information and this information cannot be changed by the individual; this loss potentially has a life-long impact to the members of the settlement class, and the class members cannot be made whole with a few years of credit monitoring, nor a few dollars in restitution.

The technology used on the online portal had a known security vulnerability, which was resolved by the software vendor in March 2017; the vendor did a public disclosure of the vulnerability and encouraged its customers to immediately update their software. Equifax failed to update their software in response to this known vulnerability in a timely manner. Instead they continued using the software until the breach occurred in their system on July 29th, 2017. On August 1st, three executives used their inside knowledge of the breach to sell $1.8 million dollars' worth of Equifax stock; the public was not notified until September 7th, 2017.

In 2016, Equifax's revenue was $3.1 billion; In 2017, $3.3 billion; In 2018, $3.4 billion. The defendant had a responsibility to use a small portion of their massive revenue each year to ensure that the highly sensitive personal data that they collect is secured in a way that no unauthorized person could access it. Instead they failed to keep their technology up to date, in favor of continued revenue growth.

The settlement should be significant in dollar amount to ensure that the defendant, and others in the same industry, take immediate action to properly protect personally identifying information, and to ensure that a breach of this scale would never occur again. I do not feel that the current settlement does this, and as such I submit my objection to the court.

I have not objected to any class action settlements in the previous five years.

I do not intend to appear at the Fairness Hearing.

Respectfully,

Charles C. Hoffmeyer

Charles C. Hoffmeyer
326 Lamson Street
Grand Ledge, MI 48837

GRAND RAPIDS
MI 495
18 SEP '19
PM 2 L


FOREVER
972390812192013




SEP 2 3 2019

Equifax Data Breach Class Action Settlement Administrator
ATTN: OBJECTION
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

17 September 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Sir or Madam:

I am writing to object to the settlement proposed for *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. Personal information regarding my financial situation was exposed by Equifax through the data breach announced in September of 2017. I have been notified via email by Equifax that my personal information was included in the data breach. The requirements dictated for receipt of a settlement are cumbersome and deceptive. It is obvious the goal is to obstruct, obfuscate, and prevent those like me from receiving restitution for the difficulties caused. We must count on the courts for protection.

I have not participated in a class action suit within the last five years and, unfortunately, I am not in a position to attend the Fairness Hearing. I do already have credit monitoring through Credit Karma.

Sincerely,

Charles C. Justice
105 Kingsfield Close
Easley, SC 29640

Received
SEP 20 2019
[illegible]DLA

Mr. & Mrs. Charles C. Justice
105 Kingsfield Close
Easley, South Carolina 29640

GREENVILLE SC 296
SEP 2019 PM 4 L

AIRMAIL EST. 1918 UNITED STATES FOREVER

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 2 0 2019

98111-941818

1000 North Randolph Street
Apt #303
Arlington, Virginia 22201
September 18, 2019

Received
SEP 23 2019
by JNDLA

The Honorable Thomas W. Thrash Jr.
United States District Court for the
Northern District of Georgia
Courtroom 2108
Richard B. Russell Federal Building
75 Ted Turner Dr. SW
Atlanta, GA 30303

Dear Judge Thrash:

I am writing to object to the settlement with Equifax. The formal name for the proposed settlement is In re: Equifax Inc. Customer Data Security breach Litigation, Case No 1:17-md-2800-TWT.

I think I am a member of the settlement class because when the news of the breach occurred I went on the website that identified parties whose information may have been taken and I was listed as someone whose information was compromised because of the negligence of Equifax.

I object to the settlement for two reasons. One, the amount set aside is woefully inadequate to compensate for my loss of privacy. Second, I feel deceived by the press release that Equifax issued suggesting that I would receive $125.00 as compensation for the theft of my information because of Equifax's negligence.

I have never objected to a class action settlement in the past. This is the first time I have done so. I do not intend to appear at the Fairness Hearing because I do not live in proximity to the hearing and traveling to Georgia would constitute a hardship for me.

Thank you for considering my objections to the Equifax data breach and I look forward to your judgement and hope that it will be a fair one for all of us who were misled and whose trust was breached by Equifax.

Sincerely

Charles Ole Moore

C. Moore
1000 N. Randolph St.

Charles Moore
1000 N. Randolph St., Apt. 303
Arlington, VA 22201

~~901 E Street, NW, 10th Floor, Washington, DC 20004~~

NOVA 220
19 SEP 2019 PM 3 L

SEP 23 2019

Equifax Data Breach Class Action Settlement Administrator
Att: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle, Washington 98111-9418

September 17, 2019

Received
SEP 20 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: *Equifax Inc. Customer Data Security Breach Litigation*
Case No. 1:17-md-2800-TWT

To the Court,

I have received electronic communication stating that I am a member of the settlement class, pending proof of ongoing credit monitoring.

I object to the settlement because of the onerous requirement of explicitly proving that I have credit monitoring in place for a specified period of time before I become eligible for a cash payment from the settlement. I have two credit cards and one bank account with every possible type of "alert" established that notify me of every single activity on these accounts moment by moment. The same is true for my mortgage. I have "freezes" in place at all three credit reporting agencies, including Equifax, plus one other associated with public utilities. In addition, I monitor all activities regarding my credit rating by visiting all of these rating agencies monthly, at a minimum.

In order to participate in this legal process it was necessary for me to communicate with Equifax through its website in such a manner that Equifax is now subjecting me to regular, unsolicited emails. I had the same communication with the other credit reporting agencies, and have not been subjected to regular, unsolicited emails from them. Those emails from Equifax inform me that I have free credit reports available, that I have a security freeze in place, that I have a fraud alert in place, and how to file a dispute regarding my credit report. When I sign in to look at any of those things I discover that I cannot actually get my numeric credit rating without paying for it. Equifax adds insult to injury.

The fact that these breaches happened and that this lawsuit exists is evidence enough that this agency cannot be trusted with my data, and yet I am told that I must trust them with doing the monitoring required in order to receive a settlement as a result of their own incompetence.

It is inappropriate for the credit agencies or the court to assume that all members of the settlement class are incapable of monitoring all activities associated with their accounts.

While I am aware that the banks associated with my credit cards include a certain level of credit monitoring, the requirement that I, as an individual, must prove and demonstrate that fact with appropriate legal documents is onerous in the extreme when considering that the settlement is for a mere $125. Having to write this letter is onerous in the extreme.

It is clear and evident that the defendants in this case, Equifax, has succeeded in establishing formal and legal requirements of any individual wishing to receive this pittance of a settlement, that such requirements will prevent Equifax from having to pay anything more than a small portion of what they should have to pay.

I have never objected to a class action settlement before this case. I will not appear at the Fairness Hearing. I am not an attorney.

I demand my $125.

Angrily,

Charles F Peterson
510 N. Franklin St.
Colorado Springs, CO 80903

Email: cfp@mcn.org


Charles Peterson
510 N Franklin St
Colorado Springs, CO 80903
DENVER CO 802
17 SEP 2019 PM 5 L
EDITH PIAF
FOREVER
SEP 20 2019
Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 20 2019
by JNDLA

**September 17, 2019**

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To: United States District Court for the Northern District of Georgia:

I want to object in the strongest possible terms to the settlement proposed for the Equifax data breach. Attached is the complaint I filed with the Consumer Financial Protection Bureau two years ago (September 13, 2017) with each of the three credit bureaus, all of whom are complicit in the data breach. It provides details on the substance of my objections, and validates my membership in the settlement class.

The terms of the settlement published so far are beyond ridiculous, and do absolutely nothing to prevent or deter future behaviors from all of the credit bureaus. The settlement amount should be increased by several orders of magnitude, and require Equifax to provide the court proof of the technological improvements it has implemented.

I have objected to no previous class action settlements, and I do not intend to appear at the Fairness Hearing.

Sincerely,

Charles W. Reed
1101 Walnut St., Unit 1704
Kansas City, MO 64106
816-914-8199
cwmreed@yahoo.com



(https://www.consumerfinance.gov/)



# 170913-2442769

CLOSED

## Submitted

STATUS

Submitted to the CFPB on 9/13/2017

PRODUCT

Credit reporting, credit repair services, or other personal consumer reports

ISSUE

Credit monitoring or identity theft protection services

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

YOUR COMPLAINT

I am writing to express my outrage not just at the recent security breach at Equifax, but about the criminal situation in the credit bureau business as a whole. Why is there still no government oversight or regulation of an industry that controls the personal data of nearly every American without their choice or input? Credit bureaus have been uncooperative players and effectively anti-consumer for years. Everyone has stories of how difficult it is to correct a credit report that has somehow become inaccurate. And once identity theft became an issue, they all have made billions by selling "identity protection". In the wake of the security breach they have redoubled those profit making efforts at the expense of their own customers. The situation (at Equifax at least) is evolving due to the public outcry, and they are now offering a free credit freeze, but only for 30 days! They are also exploring

multi-bureau locks across the three major bureaus. Note that they never mentioned these services before the breach; note also that there is an additional fee to unfreeze your credit report. However, I have no doubt that the charges will return very quickly (TransUnion and Experian have not offered a free freeze at all, and TransUnion doesn't even mention the price before your credit card is charged), and the fees mount up rapidly. Prior to the recent data breach, freezing credit at all 3 bureaus using the product they recommend would cost approximately $20 per month, per bureau, per person. There are no family discounts. That's $60 a month for protecting information it is their business to protect! That means that for my wife, my 92-year-old mother, and me fees would total $2,160 annually for full "protection." Sound familiar? It should, because organized crime has run protection rackets for years, and the credit bureaus are in the same business. "We have your information, we'll give you very limited access, your livelihood and credit rating depends on it, and, oh, by the way, if you want to keep that information really safe (wink, wink) that will be $20 per month per person." Anywhere else, that situation would be called EXTORTION.

View full complaint ⊕

## Sent to company

**STATUS**

Sent to company on 9/13/2017

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## Company responded

**STATUS**

Company responded on 9/26/2017

**RESPONSE TYPE**

Closed with explanation

### Company's Response

"Thank you for contacting Equifax. We remain focused on consumer protection and committed to providing outstanding service and support. Protecting the security of the information in our possession is a responsibility we take very seriously and we apologize for the concern and frustration this cybersecurity incident causes. We have developed a comprehensive portfolio of services to support all U.S. consumers. Please refer to our dedicated website, https://www.equifaxsecurity2017.com, for the latest information and updates or contact our dedicated call center at 866-447-7559. The call center was set up to assist consumers and is open every day (including weekends) from 7:00 a.m. - 1:00 a.m. Eastern time. "

## Feedback provided

**STATUS**

Feedback provided on 9/26/2017

### Your feedback

Now your CEO has resigned, as have the CFO and chief of security after trading over $1MM in stock and claiming "we didn't know" about the security breach which occurred weeks before their resignation. We still don't know if it was criminal or incompetence, but we also have no way of knowing if anything at all has changed or will change within Equifax. I have written my representatives urging legislation be passed to provide strict government oversight of this entire crooked industry.

---

### What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).
- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.
- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on that process. Both are important to us and consumers who may have similar issues and concerns.



## Closed

The CFPB has closed your complaint.



**ADDITIONAL TOOLS AND RESOURCES**

Credit reports and scores (https://www.consumerfinance.gov/consumer-tools/credit-reports-and-scores)

Privacy Act Statement

OMB #3170-0011

Have a question? ¿Preguntas?

(855) 411-2372

An official website of the United States Government

Reed
1101 Walnut #1704
KCMO 64106

KANSAS CITY 640
17 SEP 2019 PM 2 L

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN.
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
PO BOX 91318
SEATTLE, WA 98111-9418

SEP 2 0 2019

98111-941818