# Exhibit B - 3

Donald Richard Stubbs
2301 Home Farm Ct
Gambrills, MD 21054

Date: August 25, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
AUG 29 2019
by JNDLA

"Objection"

To whom it may concern:

I, Donald Richard Stubbs, who resides at 2301 Home Farm Ct, Gambrills, MD 21054, **Object** to
the class action settlement re Equifax Inc. Customer Data Survey Breach Litigation, Case no
1:17-md-2800-TWT.  I believe I am a member of the settlement class based on submitting my
name to the Equifax web site and being told that I am.

I find the settlement totally inadequate.  The monetary amount $125 (and shrinking daily) is
absurd.  It is an afront to the people they have placed in an economically dangerous situation.
It tells companies they do not have to worry about securing their data (which we never
authorized them to have) since they essentially will not be held accountable.  Average cost to a
family to straighten out identity theft issues is over $1500 not to take into account time and
frustration.

The security monitoring offer is appalling since a sane person would wait the monitoring time
period before using the information.  They need to offer free credit monitoring for life!

I have never objected to a class action suit prior to this one.  I do not intend to appear at the
Fairness Hearing, either in person or through a lawyer.

Donald Richard Stubbs

Donald and Diane Stubbs
2301 Home Farm Ct
Gambrills, MD 21054

BALTIMORE MD 212

26 AUG 2019 PM 6 L

AUG 2 9 2019

Equifax Data Breach Class Action Settlement Administrator

ATTN: OBJECTION

c/o JND Legal Administration

P.O. Box 91318

Seattle, WA 98111 - 9418

98111-941810

RICHARD AND DONNA BARTLETT-MAY
10760 EUREKA ROAD
SPRING VALLEY, CA  91978

Equifax Data Breach Class Action Settlement Administrator
Attention:  Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

*(stamp) Received SEP 2 3 2019*

In Re:   Equifax Inc. Customer Data Security Breach Litigation
         Case No. 1:17-md-2800-TWT

We are Richard and Donna Bartlett-May living at the above address and we are members of this settlement class.

Equifax failed spectacularly  in their promise and duty to protect our personal information.  No other organization is allowed to collect this much personal information without permission.

We have not been involved in other class action cases because they rarely provide any real relief to the victims – the attorneys suck up most of the funds.

We cannot be at the settlement hearing but we would like our objections to this paltry fine Equifax is being required to pay.  This settlement is not fair, adequate or reasonable.  Notification of the breach was delayed by Equifax which is inexcusable.

Now, Equifax is doing all it can to make it difficult for persons in the settlement class to collect any settlement money and we are being told instead of the $125 we were originally told we qualify for, we may receive 10 cents because so many people may apply for the settlement funds.  It was known how many people were affected by the breach and would qualify for the settlement when this fine was decided.

We also have not seen any information on what Equifax has done to prevent this type of breach from happening again.   WE OBJECT TO THIS SETTLEMENT.

*(signature)* Richard & Donna Bartlett-May
Richard and Donna Bartlett-May

*(stamp) Received SEP 2 3 2019 by JNDLA*



SAN DIEGO
CA 920
18 SEP '19
PM 2 L

FOREVER

8567908231016d0

Bartlett-May
10760 Eureka Road
Spring Valley, CA 91978

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
Attention: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

98111-9418

**Donna Hay**

16301 Royal Hills Drive
Encino, CA   91436
(818) 905-6249
**DonnaLHay@gmail.com**

September 18, 2019
*re: Equifax Inc. Customer Data Security Breach Litigation*
Case No. 1:17-md-2800-TWT

Received
SEP 2 3 2019
JNDLA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Dear Sirs:

I wish to state my opinion that the settlement reached with
Equifax in regard to the 2017 data breach is woefully inadequate.

I went online when the Equifax 2017 website allowed customers
to check if they were part of the breach, and was informed that I
was.  The extent of my data breached requires my life-long
vigilance to insure my financial safety.  For my lifetime concern
and vigilance, I think $125 per person is woefully inadequate, and
is especially galling in light of the amount of money that Equifax
has made off of my data.  Moreover it galls me more that I have
no option but to let Equifax and the other credit bureaus collect
my data, have limited control over the selling of my data (even
"permanent" freezes last seven years only), and no control over
their securing of all my most personal financial data.

I have not been a member of any (other) class action suit in the
past five years (to my knowledge). I will not be in Atlanta
November 19 - December 5, 2019 for the Fairness Hearings as I
live in Los Angeles.  For your information, I also emailed
complaints to Congressional Representatives  Representatives
Walden and Latta on September 17, 2017.

Sincerely,

Donna L. Hay



16301 ROYAL HILLS DR
ENCINO CA 91436

SEP 2 3 2019

ATTN: OBJECTION

EQUIFAX DATA BREACH CLASS
ACTION SETTLEMENT ADMINISTRATOR
c/o JND Legal Administration
P.O. BOX 91318
Seattle WA 98111-9418

17 September 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received

SEP 23 2019

by JNDLA

Equifax Data Breach Lawsuit

(*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Equifax has identified me as one whose personal data that was collected and held by Equifax
that had personal data disclosed to others as a result of the data security breach at Equifax.

I have reviewed the proposed settlement for class members and am disappointed at the
proposed failure to treat the security breach as a serious result from negligence by Equifax.
The data breach has allowed high quality and very complete personal information to be lost and
the personal consequences for those whose data was not protected by Equifax appear likely to
be very large.

Such a significant failure by Equifax in a core part of its business suggests to me that a very
significant penalty would have been more appropriate than what appears to be a token penalty
for a company of its size and profitability.  Equifax has competitors and it is not necessary to
impose modest penalties to be certain that Equifax remains in business without having to make
substantive and costly changes to its policies and procedures.  The absence of more severe
penalties alerts other companies that failure to protect the personal information held by them will
not be punished severely and any penalties should be considered merely to be an acceptable
cost of business.  If the Court agrees that such a message is compatible with the legal aspects
of the case, I will accept the Court's decision but continue to think that our legal system has
failed to protect the individual in this case.  I am not relieved to learn that the attorney's in the
case will be well compensated while the victims in the case will not be.

I have never objected to any class action settlements before this.

I will not attend the Fairness Hearing either in person or through a lawyer.

Douglas Karo

95 Wiswall Road

Durham, NH 03824



MANCHESTER NH 030

18 SEP 2019 PM 3 L

KARO
95 WISWAL RD
Durham, NH 03824

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 23 2019

98111-941818

Received
SEP 1 6 2019
by JNDLA

September 12, 2019

<u>To:</u> Equifax Data Breach Class Action Settlement Administrator

<u>Re:</u> Objection to Settlement

<u>From:</u> Douglas Kasle 930 Rosedale Ave #2 Capitola, CA 95010

I am writing this letter to verify that I object to the settlement of Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT as noted on the settlement website and summarized in the email sent to me. I believe I am a claimant as I was sent the email with the summary indicating I am eligible for a claim and with the link to the settlement website.

The reason for my objection is that the rewards for the claim do not satisfy compensation to each claimant sufficient in my mind and in fact seem to remain in the proxy of Equifax business model and services. The options given were to receive monetary compensation if loss of money from the breech of data is substantiated or if a claimant already receives credit protection service from Equifax. For those not in either of those categories the only option is to receive services from Equifax. This last option is insufficient in that it demands a level of trust with Equifax in opposition to the company's poor security of data. Further, there is no option for compensation free of trusting Equifax for claimants who did not recently directly seek the company's services. In my case, I did not seek their service but via this settlement found my data was nonetheless breached by Equifax's business actions; and yet there is no compensation to me for Equifax having mis-used my personal information other to trust in their future credit monitoring services. The totality of these options and scenarios places burden of trust still upon the claimant and not enough cost to Equifax.

I write this letter never having objected to a class action settlement before.

I do not intend to appear at the Fairness Hearing, but wanted my objection and view known as a private citizen whose personal data was breeched and feel I have no adequate recourse.

Sincerely,

Douglas Kasle



SAN JOSE CA 950

12 SEP 2019 PM 1 1

Douglas Kasle
930 Rosedale Ave., Spc. 2
Capitola, CA 95010

Equifax Data Breach class Action Settlement Admin.
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 16 2019
by JNDLA

98111-941818

Daniel J. Boyd
4701 Charles Pl. #228
Plano, TX 75093

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

> Received
>
> SEP 23 2019
>
> by JNDLA

September 16, 2019

To whom it may concern:

I received notification that my personal information was included in the Equifax Data Breach and that, like all members of this class, I was entitled to compensation in the form of up to $125 or free credit monitoring. Equifax was negligent in its role as custodian of my personal information and, while, **to be clear**, $125 is not adequate compensation relative to the damage I incurred, I nevertheless opted to receive that instead of credit monitoring services which 1) I don't care about, and 2) I already have.

I subsequently learned that Equifax was only required to allocate $31M towards these reimbursements which, if every member of the class opted as I did, would result in every individual receiving a mere 21 cents – or exactly 0.14% of $125 ("up to" indeed!). This is absurd and I strongly object to the court and the state allowing Equifax to pay us so little. Furthermore, the original settlement was highly misleading considering that the court knew the very large size of this class and that only $31M had been allocated towards compensation. It would have been much more honest had it promised "at least 21 cents" rather than "up to $125."

I and every other class member should be entitled to the full $125. It is the least we should require of Equifax after they were so negligent in protecting the personal information of millions of Americans.

Yours sincerely,

Daniel J. Boyd

**U.S. ENERGY** Development Corporation

1521 NORTH COOPER STREET
SUITE 700
ARLINGTON, TX 76011

UNITED STATES POSTAGE
PITNEY BOWES

02 1P        $ 000.500
0000924229   SEP 16 2019
MAILED FROM ZIP CODE 76011

N TEXAS 750
DALLAS 79

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

SEP 23 2019

98111-941818

Received

SEP 1 2 2019

by JNDLA

September 7, 2019

To whom it may concern,

    As per the Equifax Data Breach Settlement website, "If you are a Settlement Class Member, you have the right to tell the Court what you think of the settlement. You can object to the settlement if you don't think it is fair, reasonable, or adequate, and you can give reasons why you think the Court should not approve it."

    I am writing to express my objection to the proposed settlement agreement. I do not think the Court should approve it, for the reasons that I have enumerated in my statement below.

**1. The name of this proceeding:**

   *In re: Equifax Inc. Customer Data Security Breach Litigation*

   Case No. 1:17-md-2800-TWT

**2. Your full name and current address:**

   Daniel Benjamin Gilbert

   48 Parsons St Unit 6

   Easthampton, MA 01027

**3. Your personal signature:**

   9/7/2019

September 7, 2019

**4. A statement indicating why you think that you are a member of the settlement class:**

I was contacted directly about the proposed settlement agreement. Also, shortly after the data breach occurred, I used the website provided by the defendant to determine that my data was affected by the breach. Furthermore, I also used the current settlement agreement website to determine that my data was affected by the breach.

**5. A statement with the reasons why you object:**

The settlement agreement offers $125.00 in "Alternative Reimbursement Compensation" for each eligible class member. According to the settlement agreement, Paragraph 7.5, "Up to thirty-one million United States Dollars ($31,000,000) of the Consumer Restitution Fund will be used to provide Alternative Reimbursement Compensation to Settlement Class Members under this provision. If payments for Alternative Reimbursement Compensation under this provision exceed the cap set forth in the preceding sentence, then payments for such Alternative Reimbursement Compensation shall be distributed pro rata to those making valid claims for Alternative Reimbursement Compensation."

There are a total of 147 million eligible class members. As such, if every eligible class member were to claim the minimum benefit to which they are entitled under this settlement, then **each member would receive approximately $0.21 in compensation**. This amount is ludicrous and insultingly small.

Likewise, the settlement agreement offers $25.00 per hour for "time spent taking Preventative Measures and time spent remedying fraud, identity theft, or other misuse of a Settlement Class Member's personal information that is fairly traceable to the Data Breach."

September 7, 2019

According to the settlement agreement, Paragraph 6.2.6, "Up to thirty-one million United States Dollars ($31,000,000) of the Consumer Restitution Fund will be used to compensate Settlement Class Members for time under this Section that is claimed during the Initial Claims Period. If the settlement payments for time claimed during the Initial Claims Period exceed this amount, then payments for time shall be distributed pro rata to those making valid claims for time during the Initial Claims Period." Similar to the situation described in the previous paragraph, if every eligible class member were to claim the allowed 10 hours of Self-Certified time, then **each member would receive approximately $0.02 per hour in compensation**. As above, this is a ridiculously unreasonable and unacceptable amount of compensation.

I strongly object to these terms of the settlement agreement. Specifically, I object to the aforementioned caps on the total amount to be allocated to each of the above situations. If the defendant has agreed to compensate plaintiffs according to a specific payment schedule, as they have done in this case, then I believe the total number of claims should have no bearing on the amount that any individual plaintiff receives in compensation.

Furthermore, I strongly object to the manner in which notification of the proposed settlement agreement has been made:

- As of July 30, 2019, the front page of the settlement agreement website (https://www.equifaxbreachsettlement.com/) read, "You can get free credit monitoring services. Or, if you already have credit monitoring services, you can request a $125 cash payment."

- However, this wording was subsequently changed. As of September 7, 2019, the same sentence now reads, "You can get free credit monitoring services. Or, if you

September 7, 2019

already have credit monitoring services, you can request a cash payment of ***up to***
$125" (emphasis added). The words "up to" were strategically inserted in several
places only after widespread critical media coverage.

In addition, the following two sentences were also subsequently added to the front page
of the website. These sentences did not appear at all on the front page of the website as of July
30, 2019. However, they do appear on the front page as of September 7, 2019:

- "If you request or have requested a cash benefit, the amount you receive may be
  significantly reduced depending on how many valid claims are ultimately
  submitted by other class members. Based on the number of potentially valid
  claims that have been submitted to date, payments for time spent and alternative
  compensation of up to $125 likely will be substantially lowered and will be
  distributed on a proportional basis if the settlement becomes final. Depending on
  the number of additional valid claims filed, the amount you receive may be a
  small percentage of your initial claim."

- "The amount that you receive may be substantially less than $125, depending on
  the number of claims that are filed."

It is possible, and in fact very likely, that many individuals who filed claims shortly after
the settlement agreement was announced would have been under the reasonable impression that
their valid claims would be paid in full, based on the statements made on the front page of the
website at that time, unless those individuals had also carefully read the complete text of the
295-page proposed settlement agreement.

Page 4 of 5

September 7, 2019

For the ordinary individuals whose sensitive data was breached, who had to spend their precious time and resources proactively protecting themselves from financial harm, the proposed settlement adds insult to injury. It is designed to provide maximum public relations benefit to the defendant while providing literal *pocket change* to the 147 million Americans who had their personal financial information negligently leaked to hackers and identity thieves.

The Court has an ethical obligation to reject this woefully unreasonable settlement.

**6. A statement identifying all class action settlements to which you have objected in the previous five (5) years:**

I have not objected to any other class action settlements within this time period.

**7. A statement as to whether you intend to appear at the Fairness Hearing:**

I am intrigued by the idea of appearing at the scheduled Fairness Hearing, but because I live and work in the state of Massachusetts, and because I don't have the extra time nor the financial means to travel to Atlanta, it is extremely unlikely that I would be able to attend the Fairness Hearing in person, unless special accommodations are made somehow.

Thank you for your time and consideration.

Sincerely,

Daniel Gilbert

Page 5 of 5




U.S. POSTAGE PAID
EAST HAMPTON, MA
01027
SEP 09, 19
AMOUNT
**$6.85**
R2304M113482-03

98111

1000



DANIEL GILBERT
48 PARSONS ST UNIT 6
EASTHAMPTON, MA 01027

EQUIFAX DATA BREACH
CLASS ACTION SETTLEMENT ADMINISTRATOR
ATTN: OBJECTION
c/o JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

981113S418-BS00



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

7019 1640 0000 5159 8859

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To whom it may concern/your Honor,

I am a person whose credit records were breached in the Equifax case mentioned above, as verified on the settlement website. I have objected to no other class action settlements in the last 5 years. I don't attend to appear at the Fairness Hearing. I am not represented by a lawyer.

Based on the July 2019 settlement, I expected to receive $125 (since I already have credit monitoring through my credit card). However, I recently learned that the settlement for the 147 million victims of this data breach only allocates $31 million for claims. This is not enough to give victims even one dollar for the breach of some of the most important financial information in their lives, the consequences of which could extend for years.

I ask that the court deny the settlement as it is, for the purpose of review and later approval of an adequately funded settlement—one sufficient to fund the $125 award per person already covered by credit monitoring. This would mean actually delivering on the terms of the July 2019 settlement, rather than deceiving and short-changing those affected.

I hope the court will take the former course.

Kind regards,

*Daniel Talero*

Daniel Talero

634 Tantra Dr.
Boulder CO 80305
daniel.e.talero@gmail.com

Received
SEP 2 0 2019
by JNDLA



J. Tacco
624 Tantra Dr
Boulder CO 80305

SEP 20 2019

Equifax data breach Class Action
Settlement administrator

Attn: Objection
c/o JND legal Administration
PO Box 91318
Seattle, WA 98111-9418

DENVER
CO 802
17 SEP 2019
PM 0 1

USA
FOREVER
9326904041517124

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Daniel G Terk
10 Sheldon Hill Drive
Leominster, MA 01453

[stamp: ...ived SEP 2 0 2019 ...LA]

To Whom it May Concern:

I find the terms of this settlement unfair and inadequate. Equifax was charged with keeping our data safe and protecting the public. The same company that lost my trust is now offering to monitor our credit for free, rather than provide financial reimbursement. This does not seem logical to me. I think all people affected should be compensated, but the current settlement does not allow for all affected citizens to be adequately compensated.

I have never objected to any other class action settlements in the past.

I do not intend to appeal at the fairness hearing.

Thank you for your time,

Daniel G Terk
September 16, 2019



leTK
10 Sheldon Hill Dr
Ledminster MA 01453

BOSTON MA 021

17 SEP 2019 PM8 L

SEP 20 2019

98111-541818

Equifax Data Breach Class Action SeH Adm
Attn: Objection
C/o JND Legal Admin
PoBox 91318
Seattle WA 98111-9418

*David Bratslavsky*
*151 Calle San Francisco, 200*
*San Juan, PR 00901*

*September 16, 2019*

*Subject: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To Whom It May Concern:

I am a member of the settlement class of the subject case.  It is nice to see that Equifax was ordered to pay restitution for its data breach that leaked my private information along with millions of others.  However, there is undue burden placed on victims of this data breach to collect what they are due in the class action settlement.  Victims must provide various documents that shows their account status at the time of the breach, which is information Equifax already has.  The undue burden on victims to provide information that is readily available is intended to discourage victims from collecting what they are owed.  As a result, the courts can claim they upheld justice and the class action lawyers can collect their big payouts but the real victims are left unpaid because most people don't have the time to jump through the unnecessary hoops.  As a result, I object to the settlement because it is unfair to those on whose behalf the settlement is supposedly made.  Please consider the victims when settling such a case and do not create an undue burden for victims to collect what they are owed.

Sincerely,

David Bratslavsky

Received

SEP 2 3 2019

by JNDLA



David Wislousky
151 Calle San Francisco #200
San Juan PR 00901

NEW YORK NY 1100
28 SEP 2019 PM 7 L

SEP 2 3 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administrator
PO Box 91318
San Juan PR 00801-9418

Received
SEP 16 2019
by JNDLA

David D. Brown
2 Gage St
Billerica, MA 01821

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT
September 8, 2019

Your Honor,

I am a member of the class in the Equifax Data Breach lawsuit.  I have maintained credit accounts at a variety of financial institutions so I suspected my information would have been affected when I first heard of the scale of the Equifax hack and I have since spent significant time taking steps to mitigate the potential impact to myself.  Upon learning of the settlement from a news article in July 2019 I visited https://www.equifaxbreachsettlement.com/ and confirmed my membership using the provided web tool.

**I object to this settlement** because a subset of class members are not receiving enough relief for the injury they've suffered, the settlement notice did not provide enough timely information for the same subset, the settlement unreasonably requires Equifax to transmit my private data to Experian, and in light of all these deficiencies the plaintiffs' attorneys are being paid too much.  **I therefore request that you deny this settlement.**

I am a member of a subset of the class who already have credit monitoring service.  When I first visited the settlement notice website and submitted my claim I was given an option to request $125 in lieu of Experian credit monitoring.  Already having credit monitoring in place I elected this option.  This is a small portion of the on-going cost to maintain credit monitoring as any data released is released for life.  However the release of data from Equifax while extremely large, and disturbing in the lack of security precautions, does not exist in a vacuum so I am sure there will be other releases of my data.  Thus I would agree that $125 is a fair portion of the cost. However, **despite a multi-million member class only $31M was allocated to fund this subset of the settlement. The end result is the expected settlement for this subset of the class is now not enough relief for the injury suffered.**

And this has been made worse by the settlement notice.  When I first submitted my claim to the settlement notice website.  I read the information provided.  I have included in this letter a screenshot of the website as it appeared then, see Figure 1.  The website summarized the key points yet neglected to mention the small size of the allocated fund for the $125 cash payment.  I received an email today that provided an update on this point.  The email was titled "Your Equifax Claim: You Must Act by October 15, 2019 or Your Claim for Alternative Compensation Will Be Denied" so clearly it was intended first and foremost to communicate that new documentation was required but buried in the body was a note that would be easy to miss:

> The amount you receive in connection with your alternative compensation claim may be significantly reduced depending on how many valid claims are ultimately submitted by other class members for this relief. Based on the number of potentially valid claims that have been submitted to date, payments of these benefits likely will be substantially lowered and will be distributed on a proportional basis if the settlement becomes final. Depending on the number of valid claims that are filed, the amount you receive for alternative compensation may be a small percentage of your initial claim. Please note that if you do not take action by October 15, 2019, your claim for alternative compensation will be denied.

OBJECTION FROM  D. D. BROWN
DB

This is important information that should have been conveyed A) sooner and B) in its own message with a matching subject line.  Additionally I take issue with the deadline of Oct 15, though as you would expect of someone who cares enough to write you a letter I will be able to meet it.  I do not understand how it is fair for all members in this subset of the class that one could wait until January 22, 2020 to file an original claim yet if a claim is already submitted this updated documentation must be provided by Oct 15 or face automatic denial.  This could easily cause some members of the class to be improperly denied.  **There are serious procedural flaws in the settlement notice that are likely to confuse and befuddle many members and hurt the fairness of this settlement.**

I am concerned in the reasonableness of Equifax transmitting data to Experian for the purpose of credit monitoring.  This is a concern for myself, but potentially others in the class share the same concern.  The settlement agreement states **"7.3 ... Equifax will provide its data necessary to carry out these services to Experian free of charge."**  Equifax has demonstrated they are irresponsible custodians of my data.  Even if I did not already have credit monitoring I would not want this version of credit monitoring because of this provision. **I do not want Equifax to transmit my data to other parties.**  There is no option in this settlement for me to specify that.  **This will increase the number of parties who hold that data and the pipes it is pushed through which increases the risk of further unauthorized access and dissemination.**

Upon examining the deficiencies in the settlement and the settlement notice I cannot help but be a bit cynical that the plaintiffs' attorneys may be perfectly content with this flawed process and obviously inadequate relief since the approval of the settlement is likely to result in a $77M+ payment for their services.  From this cynical point of view the intent was to offer up credit monitoring to placate a large portion of the class and then offer a large nominal payment to those that might have no need for credit monitoring services and who might otherwise object to a settlement whose primary offer is a credit monitoring service.  Meanwhile hide the information that what is listed as a large nominal payment is only funded to pay pennies on the dollar of that claim.  I do not find the negotiated settlement to be a reasonable set of relief nor do I find the information delivered by notice to be fair to the class.  And **I urge you to discount the opinion of my class' attorneys as you consider these important issues as their financial interests at this stage of the settlement do not align with my interests nor the interests of the rest of the class.**

Though I understand at this stage the question before you is simply whether to approve or deny the settlement.  What I would want out of any settlement or ultimately any lawsuit, more than any monetary compensation, is an ability, going forward, to control the storage and use of my personal data by Equifax.  It is first and foremost ridiculous that Equifax could endanger 147 M people to identity theft.  And almost as equally **ridiculous that they could remove their liability from that for this measly settlement. This settlement fails to give me adequate relief and fails to be fair to the subset of the class with existing credit monitoring.  You should deny the settlement.**

As I understand these statements are required in an objection letter (from the FAQ of the settlement notice website).  I have not objected to any class action settlements in the previous five years and due to the remote distance from my home I do not intend to appear at the fairness hearing.


Very Respectfully,

David D. Brown

DB

In September of 2017, Equifax announced it experienced a data breach, which impacted the personal information of approximately 147 million people. A federal court is considering a proposed class action settlement submitted on July 22, 2019, that, if approved by the Court, would resolve lawsuits brought by consumers after the data breach. Equifax denies any wrongdoing, and no judgment or finding of wrongdoing has been made.



If you are a class member, you can use this website to claim the benefits described below.

*Please note that none of these benefits will be distributed or available until the settlement is finally approved by the Court.*



**1. Free Credit Monitoring or $125 Cash Payment.** You can get free credit monitoring services. Or, if you already have credit monitoring services, you can request a $125 cash payment.

- At least 4 years of three-bureau credit monitoring, offered through Experian. You can also get up to 6 more years of free one-bureau credit monitoring through Equifax.
- If you already have credit monitoring services that will continue for at least 6 more months, you may be eligible for a cash payment of $125.



**2. Other Cash Payments.** You may also be eligible for the following cash payments up to $20,000 for:

- **the time you spent** remedying fraud, identity theft, or other misuse of your personal information caused by the data breach, or purchasing credit monitoring or freezing credit reports, up to 20 total hours at $25 per hour.
- **out-of-pocket losses** resulting from the data breach.
- **up to 25% of the cost of Equifax credit or identity monitoring** products you paid for in the year before the data breach announcement.



**3. Free Identity Restoration Services:** You are eligible for at least 7 years of free assisted identity restoration services to help you remedy the effects of identity theft and fraud.

FIND OUT IF YOUR INFORMATION WAS IMPACTED

If so, you are eligible to make a claim.

*Figure 1:  Screenshot of Notice Website As It Appeared In July 2019 with Misleading Info on $125 Payment!*

OBJECTION FROM  D. D. BROWN   DB



David P. Brown
2 Gage St
Billerica, MA 01821

Equifax Data Breach Class Action Settlement Admin.
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

BEDFORD MA 01730
SEP 12 2019
USPS

Received
SEP 16 2019
by JNDLA

S01113S418 B050

9/20/19

EQUIFAX DATA BREACH SETTLEMENT
        ADMINISTRATOR
C/O  JND  LEGAL  ADMINISTRATION
PO  BOX  91318
SEATTLE, WA   98111-9418

Received

SEP 2 3 2019

by JNDLA

RE: EQUIFAX INC. CUSTOMER DATA SECURITY
        BREACH LITIGATION, CASE NO. 1:17-MD-2800-
        TWT

TO  WHOM  IT  MAY  CONCERN:

        FROM  WHAT  I  HAVE  BEEN  READING  THIS
PROPOSED  SETTLEMENT  IS  UNFAIR  TO  AFFECTED
EQUIFAX  CUSTOMERS.  I  STRONGLY  OPPOSE
THE  SETTLEMENT  AS  IT  NOW
STANDS.
        I  HAVE  SPENT  MANY  HOURS  ON  THE  3
MAJOR  CREDIT  BUREAU  WEBSITES  STOPPING  NEW
CREDIT  ON  MY  ACCOUNTS.  THEY  DO  NOT  MAKE
IT  EASY  TO  DO  THIS.  I  HAVE  ALSO  UTILIZED  THE
FREE  CREDIT  REPORT  LAW  IN  THE  PAST  SO
I  KNOW  EXPERIAN  HAS  MY  CREDIT  INFORMATION.
        I  HAVE  NOT  BEEN  A  PARTICIPANT  IN  ANY
CLASS  ACTION  SUITS  SUCH  AS  THIS  THAT  I  HAVE
OBJECTED  TO  IN  THE  PAST  5  YEARS.
        I  DO  NOT  INTEND  TO  APPEAR  IN  PERSON  OR
THROUGH  REPRESENTATION  AT  THE  FAIRNESS  HEARING.
        LASTLY  I  BELIEVE  THE  MYRIAD  OF  LEGAL
HOOPS  ONE  HAS  TO  JUMP  THROUGH  TO  RECEIVE
A  MONETARY  SETTLEMENT  IS  EXTREME  &
VERY  UNFAIR  TO  AFFECTED  EQUIFAX  CUSTOMERS.
                                        (OVER)

DAVID L. FULKSIGHT
6077 OLD ALTON EDWARDSVILLE ROAD
EDWARDSVILLE, IL.
            62025

SAINT LOUIS MO 630

20 SEP 2019  PM 7 L

Thinking

U.S.A
FOREVER

SEP 2 8 2019

EQUIFAX DATA BREACH SETTLEMENT ADMINISTRATOR
C/O JND LEGAL ADMINISTRATION
PO BOX 91318
SEATTLE 98111-9918 WA

David Andrew Hannum
3470 Garnet St., Apt. 150
Torrance, CA 90503

Received

AUG 29 2019

by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT,

To my knowledge, I believe that I belong to the settlement class of this case. Following news of the data breach, I verified that I was among those affected by the breach by visiting Equifax's alert website (www.equifaxsecurity2017.com). Then I placed a security freeze on my credit reports with Equifax, Experian, and TransUnion (at a cost of $10). Three days after that, someone tried to open a bank account in my name using my social security number at Central National Bank (CNB) of Waco, Texas. Sean Farmer of CNB advised me that it was likely an identity theft situation. This led me to file a report with my local police department (City of Torrance, Case # 170048901) and place extended fraud victim alerts on my credit reports.

I object to the settlement on the grounds that it is inadequate. The full $575 million settlement is a small fraction of profit that Equifax realizes annually from the personal data of the victims. James Grimmelmann, a professor of law at Cornell Tech and Cornell Law School, finds the $31 million set aside for the victims to be too low:

"Even a single-digit percentage claim rate for this one would have exhausted the $31 million 50 times over," he says. "It was negligent on the part of the FTC not to expect that more victims would choose the cash payment in a case this prominent and this egregious, instead of the worthless credit monitoring."*

The scale of the Equifax data breach is unmatched in history. Nearly every single person in America who relies on credit was made vulnerable to identity theft for the rest of their life as a result of the breach. Yet the "laughable" compensation for the victims amounts to "pennies", in the words of Oregon Senator Ron Wyden:

"With just $31 million to be divided up by all the Americans who filed to receive their $125 check, Americans have the choice of receiving pennies for having their credit details spilled out online, or receiving virtually worthless credit monitoring," he said. "Another clear failure by the FTC."*

The time and money required to educate myself on the data breach, place credit freezes, file and obtain a copy of a police report of identity theft, and place extended fraud victim alerts on my credit reports will not be adequately compensated with the settlement as it presently structured. I ask the court to deny the settlement.

I don't intend to appear at the Fairness Hearing.
I previously objected to *Mark William Thomas et al. v. Equifax Information Services, LLC, Case No. 3:18-cv-00684-MHL, United States District Court for the Eastern District of Virginia.* I mixed up that case with this one (*Case # 1:17-md-2800-TWT*). I withdrew my objection to Case # *3:18-cv-00684-MHL* after realizing my error.

Sincerely,

David Hannum        8/23/2019

David Hannum

*Source: https://www.vice.com/en_us/article/d3agv7/the-equifax-settlement-is-a-cruel-joke



David Hamnum
3470 Garnet St., Apt. 150
Torrance, CA 90503

AUG 2 9 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**DAVID N. SIMON**
**3449 W. Bryn Mawr Avenue**
**Chicago, IL 60659**
**773-583-2427**
davidnsimon@aol.com

```
Received
SEP 06 2019
by JNDLA
```

September 3, 2019

Equifax Data Breach
Class Action Settlement Administrator
Attn: Objection
c/o JND Legal administration
P.O. Box 91318
Seattle, WA 98111-9418

Sub: *In re: Equifax Inc. Customer Data security Breach Litigation, Case No. 1:17-md-2800TWT*
Re: [Equifax Data Breach Lawsuit]

To Whom It May Concern,

1. The name of this proceeding is Equifax Data Breach Lawsuit.  Case No is in the subject line above.

2. My [claimant] name and current address [letterhead] is David Nathaniel Simon, 3449 W. Bryn Mawr Avenue, Chicago, Il 60659-3438.

3. My original signature is at the bottom of this letter.

4. I submitted my claim to Equifax online September 2, 2019, on its claim form which accepted the answers I provided as a prospective claimant. My 9/2/19 Claim Summary is attached hereto.  Claim Number is PTBG6-5J732. I received an annual credit report [latest November 2018] from Equifax which heretofore is acceptable.

5. I entered on my Equifax Claim Form for "Current Credit Monitoring Service:"
        "Security freeze is on all three credit agencies"

   I have current security freeze PINs assigned by Equifax [10/13/17], Experian [9/14/17] and Transunion [9/15/17]. [1]

   **I object** to the "credit monitoring" as the only option in connection with the $125.00 check reimbursement settlement offered by Equifax because:

1 / 2                                            ... / ...

---

[1] A **security freeze** prevents prospective creditors from accessing your **credit** file. Creditors typically won't offer you **credit** if they **can't** access your **credit** reporting file, so a **security freeze**, also called a **credit freeze**, prevents you or others from opening accounts in your name.

Equifax Data Breach
Class Action Settlement Administrator
Attn: Objection
September 3, 2019
Page 2

      a)  The security freeze I have in place obviates the need for credit monitoring in my situation [only 1 AX card]; and

      b)  Your JND Administrator call center person [Isaac] and FAQ list, fail to identify the 3rd party contractor[s] responsible for "credit monitoring" and what comprises "credit monitoring"; and

      c)  I do my own credit monitoring by requesting the free annual credit reports [2] and by reading my monthly AX card statement; and

      d)  I trust unknown and unidentified 3rd party so-called "credit monitoring" agencies as far as I can throw them.  And, that means I do not trust them at all with my personal information, which in their suspicious hands, can be breached the same way as in the instant Equifax matter.

6.  There are no class action settlements that I objected to in the last five [5] years.

7.  I do not intend to appear at the Fairness hearing.

8.  I represent myself in the instant matter.  I do not have any lawyer representing me.

Sincerely,

*David N. Simon*

David N. Simon
Att: Equifax Claim Summary September 2, 2019

2 / 2

---

[2] Latest reports from all 3 credit agencies were received in November 2018.



CAROL STREAM IL 600
03 SEP 2019 PM 2

SEP 0 6 2019

Equifax Data Breach
Class Action Settlement Administrator
Attn: Objection
c/o JND Legal administration
P.O. Box 91318
Seattle, WA 98111-9418

9811344901 8800

David N. Simon
3449 W. Bryn Mawr Avenue
Chicago, IL 60659-3438

**DAVID WEINTRAUB**

848-219-1077                 September 16, 2019
david@weintraub

Received
SEP 2 0 2019
by JNDLA

120 Highland Avenue
Edison NJ 08817

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-
md-2800-TWT

I was identified as a member of this class by Equifax Inc., and was told I could have
either $125 in compensation or ten years of "credit monitoring services". Since
these types of breaches have been common place, and the settlement usually
includes credit monitoring,  I have had "credit monitoring service" on my credit
history for the last several years. The latest was due to a data breach at the
Starwood Hotel chain that started at the end of last year or the beginning of this
year.Also at the beginning of this breach, Equifax is also monitoring my credit history.
I suspect I'll continue to have this type of free credit monitoring for years to come.

I object to the settlement and the limited funds Equifax has set aside for paying the
damage they have caused by their own carelessness and irresponsibility.

Equifax, without my permission has built a credit history on my various financial
transactions. Without my permission, they have information on my bank accounts,
credit cards, where I have lived, my mortgage, my addresses, my emails, my social
security number, and other aspects of my credit history that could allow someone
else to open up an account in my name, and force me to prove that I am not liable
for any spending on these fraudulent accounts.

Equifax gathered this financial and credit history for their business benefit and not
necessarily mine. They did this without my permission. I understand that this is
considered acceptable, and there might be some benefit for me if I happen to apply
to a company for credit.

However, Equifax was careless with handling this important information, and they
hid this information. In March 2018, Forbes reported that Equifax hid the breach
from their own employees. In March, of 2018, according to Consumers Reports,
Equifax claimed only 2.4 million accounts were breached, and later in November, it
turned out that over 500 million accounts were breached.

In October 3, 2017, in TechCrunch, Equifax's CEO claimed the breach was due to a
single employee "not doing their job". In December or 2018, the House Oversight
Committee concluded that Equifax could have prevented this breach if they had

bothered to take basic security measures such as updating their system software and patched known vulnerabilities. Instead, Equifax in the name of saving money had a vulnerable web server servicing a five decade old system. They also found that the data was not encrypted or protected in any way, and that the system responsible for monitoring data extractions had not been active for 19 months.

Equifax needs to be held to account, and monetary payment to the harmed parties is the best way to do that. I realize that Equifax may be on the hook for billions of dollars due to the size and scope of the breach, but I never asked to be a customer of Equifax, and Equifax was careless with my data, did not patch to known vulnerabilities, and did not have their monitoring system running to catch a possible breach like this.

I was offered a mere $125 for my inconvinience and possible damage to my ability to obtain credit due to Equifax's liability. I took the offer in good faith, and now I find out Equifax is trying to get out of paying this small amount to everyone they have harmed due to their incompetence and maliciousness.


Sincerely yours,

David Weintraub
120 Highland Avenue
Edison NJ 08817



DW DANIELS NJ 080

17 SEP 2019 PM 10 3

SEP 2 0 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
Po Box 91318
Seattle WA 98111-9418

98111-941818



Mr. David Weintraub
120 Highland Ave
Edison NJ 08817-2930

SEP 2 0 2019

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

**September 17, 2019**

**David F. Williams**
**4153 E 44 ST**
**TULSA, OK 74135**

```
Received

SEP 23 2019

by JNDLA
```

**RE:** *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I object to the terms of the proposed settlement.  Specifically, I don't like being told that I am not comptentent to decide which is in my best interest, $125 or free credit monitoring.  I want the money and I want Equifax to hurt and pay for their incompetence.  Furthermore, I already have credit monitoring per the attached which demonstrate I had it before and after the date I sumbited my claim for $125.  Additionally, this leave a bad taste in my mouth as to who is looking after my interests and having to document to info@equifaxbreachsettlement.com that I indeed do have credit monitoring. I don't trust them and doubt I'll get a dime though I've done nothing wrong.

I am representing myself, I do not have counsel.

Please see the attached for what I sent them in support of receiving the payment.

David F. Williams

 Gmail                                                                   David Williams <dfw918@gmail.com>

## PL9CXTQRS6
1 message

**David Williams** <dfw918@gmail.com>
To: info@equifaxbreachsettlement.com

per your email of 9/7/2019 I am responding to indicate that the credit monitoring service i had when I filed the claim is Equifax.

I receive a monthly status report from them.  I believe I meet the requirements for the $125 cash settlement.

Here is an example from November 22, 2018 which precedes the date of my claim:

### Equifax ID Patrol® alert        Inbox

**Member.Benefits@equifax.com** <Member.Benefits@equifax.com>
to me



**Dear David Williams,**

This e-mail is to notify you that the following changes have occurred on your credit file:

- an account balance decreased by a specified percentage
- an account balance decreased by a specified amount

To view the details of this notification, please click on the link below to log in.

**http://myservices.equifax.com/efx1_dashboard**

To update your alert preferences, please click on Edit Alert Preferences on the Alerts tab in the Member Center.

As always, thank you for your business.

Your Equifax Customer Care Team.

NOTE: We kindly ask that you DO NOT REPLY to this e-mail. If you need assistance on this or any other Equifax products, email us at gcid.creditwatch@equifax.com or call us at 1-866-252-4576.

Here is an example from 8/22/2019

### Equifax ID Patrol® alert

**Member.Benefits@equifax.com** <Member.Benefits@equifax.com>
to me



**Dear David Williams,**

This e-mail is to notify you that the following changes have occurred on your credit file:

- an account balance decreased by a specified amount
- an account balance decreased by a specified percentage

To view the details of this notification, please click on the link below to log in.

**http://myservices.equifax.com/efx1_dashboard**

To update your alert preferences, please click on Edit Alert Preferences on the Alerts tab in the Member Center.

As always, thank you for your business.

Your Equifax Customer Care Team.

---

NOTE: We kindly ask that you DO NOT REPLY to this e-mail. If you need assistance on this or any other Equifax products, email us at gold.creditwatch@equifax.com or call us at 1-866-252-4576.

4153 E 44 ST
TULSA, OK
74135

TULSA OK 741
18 SEP 2019 PM 2 L

Equifax DataBreach Class Acten

ATTN: OBJECTION

C/O JND LEGAL ADMINISTRATION            SEP 23 2019

PO Box 91316

SEATTLE, WA

98111-9416

98111-941816

In re: Equifax Inc. Customer Data Security
Breach Litigation
Case No: 1-17-md-2800-TWT

Dean Patterson
182 E 7th St. Ny, Ny 10009
Apt 35

Dean Patterson

Received
SEP 20 2019
by JNDLA

Objection Letter-
To the Court or To Whom It May Concern,

My name is Dean Patterson - claim # PvP
B32MT5S - of the Equifax Class action lawsuit
I am one of the tens of millions of Americans
whose personal information was collected by
the credit company without my express consent,
i.e through a third party, and then profited
off of JIs. I am to be used as a commodity,
having my financial records collected and sold
without my permission, I'd at least hope the
dunces could keep the information safe. Alas, they're
porous like cheese cloth and lost almost half
of Americans private financial info which is (according
to tech blog Gawker) still very much for sale by
the thieves on the internet. Good thing the class
action offers help with identity theft - I love
when the arsonist owns the fire engines.
Anyway, I'm pleased Equifax has been somewhat
held accountable after nearly 2 years of litigation
I'm disgusted however by the outcome of the
litigation

1) The method of communicating to potential liti-
ants to collect restitution was to hope they
saw the settlement in the news. Half of American
adults, virtually everyone with some kind of credit
or debt were effected. Many will face deep conseq-
uences by having their identities stolen with
incalculable stress and significant financial lo-

With literally tens of millions ~~that~~ cheated, this is a national harm. It's the responsibility of the legal team that litigated the suit and frankly ① the FTC and the Feds to actively inform possible suit members and to collect and disperse payments on their behalf. The elderly, the disabled, soldiers, and others without computer or news access will, once again, be left behind.

2) The greatest joke is for the settlement to offer ① both $125 and an extended period of "credit monitoring" and expect people to ① take the latter. For one, the credit companies just failed us, why trust their product? Two, the concept is completely Myopic (i.e. what the service even does). Anyone ~~other than~~ would take the cash, especially the working class who are the greatest harmed.

3) Which is why the greatest insult is to not set aside enough money to pay everyone out. This goes without saying; a spit in the face "you profit off of our information, lose it, then ① LIE about monies available! Equifax ought to be required to pay out $125 in full to all litigants who qualify, as promised in the choice of restitutions immediately presented in July - August of this year. Not a fraction, or a few dollars as some have speculated. Any rational person can see the insult added ~~all~~ if they are allowed to do this.

4) Finally, the process in which a SECOND email, sent during the work week, that was so sketchy the FTC had to warn people if it was legitimate and that notified litigants they were REQUIRED to have credit monitoring and must now confirm they do to receive $125 is a ~~~~ serpentine trickster gambit.

Not only is the requirement new information to most litigants, the name of a credit monitoring service could have been collected the first time. The timing and nature of the email (again used form of communication for many) show that whoever is responsible wants to shrink the pool of litigants Offer Justice to as few as possible It is not that they believe credit monitoring is the greater good, it is that they don't want to pay out. Further, it's not their right to decide what form of restitution People deserve. Equifax committed a great social wrong they owe restitution in any way individuals see fit.

In my opinion, the company ought to be publicly taken over and Credit Monitoring becomes a free service - it is our financial data and its in everyones collective interest that we are all aware of where we stand.

At least though, I hope the court mandates Equifax pays $125 to all litigants, regardless of Credit Monitoring Status and new affected litigants are pursued and informed of their rights aggressively.

Best,

Deag Patterson
182 B 7th St Ny, Ny 10009
Apt 3S

PS - I've now read I can't "ask" the court to order a larger settlement" which I guess I'm doing. So I instead, for the reasons above, ask the court to DENY the settlement.

P.S.S. - Apparently there's more I must say

1) I've never objected or been a/part of a class action before this

2) I won't be at the fairness hearing, as I live on the other side of America.

Best to you,
Dean Patterson



USA
NON-MACHINEABLE SURCHARGE

NEW YORK NY 100
17 SEP 2019 PM 14 L

Equifax Data Breach Class Action Settlement
Administrator
Attn: OBJECTION
C/O JND Legal Administration
P.O Box 91318
Seattle, WA 98111 - 9418

SEP 2 0 2019

Dean Patterson
182 E 7th St. Apt 3S
Ny, Ny 10009

98111-941818

TO:       Presiding Judge over *Equifax Inc. Customer Data Security Breach Litigation*,
          Case No. 1:17-md-2800-TWT

FROM:   Dr. Deborah A Santiago
        112 Cormorant Ct
        Fernandina Beach, FL 32034
        706.407.9039
        delealb@gmail.com

RE:       *Equifax Inc. Customer Data Security Breach Litigation*,
          Case No. 1:17-md-2800-TWT: **Objection to the settlement.**

DATE:   September 16, 2019

According to the website (https://www.equifaxbreachsettlement.com), once I entered my
personal identifying information, I am considered a part of this class action lawsuit.

I hereby object to the following settlement benefit: *At least 4 years of three-bureau credit
monitoring, offered through Experian. You can also get up to 6 more years of free one-bureau
credit monitoring through Equifax.*

I object because my personal information can be used at any point in time during my life. If
Equifax monitors my credit for the proposed 4 years and then, at my request, six additional
years, will they not be liable beyond this time since my information will continue to be available
to any crook for the duration of my life and beyond? Therefore, I propose that Equifax provide
free monitoring for all those affected for the duration of their lives.

I have NOT objected to any class action settlements in the previous five (5) years; and I will
NOT be able to appear at the Fairness Hearing.

Dr. Deborah A. Santiago



112 Cormorant Ct
Fernandina Bch, FL
32034

FOREVER USA

JACKSONVILLE FL 320

15 SEP 2019 PM 2 1

SEP 18 2019

Equifax Data Breach Class Action
Settlement Admin
Attn: Objection
C/o JND Legal Admin
PO Box 91318
Seattle, WA 98111-9418

Deven Hubbard
5176 Bootlegger Ave
Las Vegas NV 89141

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
    C/O JND Legal Administration
    P.O. Box 91318
    Seattle, WA 98111-9418

Received

SEP 2 0 2019

by JNDLA

RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Sir/Ma'am:

I am a member of the class because I have been informed by the Equifax Class Action administrator that I am a member which was also verified thru the claims website that I am a member of said class.

I have not objected to any class action settlements in the previous 5 years (actually never).

I do not intend to attend personally, or be represented at the Fairness Hearing.

My initial claim was for the receipt of the $125 option, which I believe summarizes the criteria of my circumstances.

**I believe the settlement should be rejected:**

1) The settlement manipulates victims of Equifax to now be customers of Equifax, or to take apparently an almost worthless pro-ration of a $125. Insulting at first, and of great financial benefit to Equifax as the free monitoring expires and victims continue with a paid subscription.

2) Monitoring is zero cost to Equifax: The cost to Equifax to provide monitoring services is the cost of adding a record to an automated 'robotic' software routine which is incrementally zero cost to Equifax.

3) Zero incremental cost (as noted in #2) does not disincentive the behavior addressed in the settlement, nor does a pro-ration of $125, nor monitoring services make victims whole or reasonably compensated.

4) $125 does not represent the value of my stolen data. The apparently more likely value of the settlement of pennies undermines any incentive whatsoever for Equifax or other entities to make diligent attempts to protect data.

5) The settlement simply does not satisfy basic expectations of any lawsuit which is to make the victims whole, or provide some reasonable compensation.

Your consideration on this matter is appreciated.

Deven Hubbard



LAS VEGAS NV 8990

Deven Hubbard
5176 Bootlegger Ave
Las Vegas NV 89141

SEP. 2 0 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
JUN 1 3 2019
by JNDLA

RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

My information:
Devin Scott Calcut
5276 W Racquet Rd. Unit 14
Rathdrum, ID 83858

My statement:
I am a member of the settlement class. I received both a letter in the mail and an email stating I may be a member of the settlement class. I checked the web site and verified my information had been included in the data breach and filed a claim. My claim number is PBC7KY3G2W.

My objection:
I object to the settlement on the grounds that it provides little or no compensation to victims over what I already have. I was the victim of a previous data breach and have credit monitoring and insurance already. The monetary compensation of $125.00, while paltry, was at least something. Now we are told we will receive a fraction of this already insulting amount. This agreement does nothing to compensate the victims fairly and further victimizes us. The lawyers get their money, Equifax gets off for a fraction of their yearly income and the consumer loses. This is a disgrace and the negotiations were handled in an incompetent manner by those representing the victims.

Past objections to class actions:
I have not objected to any other class actions in the last 5 years.

I do not intend to appear at the Fairness Hearing, either in person or through a lawyer.

I am available on 11/19/2019, 11/25/2019, 11/26/2019 and 12/2/2019 to be deposed by counsel for the Parties.

Devin S Calcut

SPOKANE WA 990

10 SEP 2019 PM 3 L

Received
JUN 13 2019
by JNDLA

Mr. & Mrs. Devin Calcut
5276 W. Racquet Rd.
Unit 14
Rathdrum, ID 83858

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418