# Exhibit B - 4

**Scott & Katie Hall**
18160 Cottonwood Road, PMB 459
Sunriver, OR 97707

Tuesday, September 17, 2019

Received
SEP 2 0 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

TO WHOM IT MAY CONCERN

Re:     *In re: Equifax Inc. Customer Data Security Breach Litigation*

I am a member of this class action suit.  I have had credit monitoring by 3 different vendors for several years, and thus have opted for the $125.00 payment from Equifax.  After filing a claim, I received an email demanding proof of Credit Monitoring if I want payment, and I now read that the payment will be nowhere near $125.00.  I do not know if $125.00 if appropriate compensation for this breach.  However, I do know that pennies are certainly not appropriate reimbursement.

Equifax's revenue is $3+ billion per year; they have completely failed in their work; and they should be made to face severe consequences.  I strongly object to the terms of this settlement and urge you to reconsider the terms.

I have never objected to a class action settlement.

I will not be able to attend the Fairness Hearing.

Respectfully,

Ivan S. Hall, MD

EUGENE OR 974

17 SEP 2019 PM 3 L

FOREVER /

Hall
18160 Cottonwood Road
PMB 459
Sunriver, OR 97707

SEP 20 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Ed Coleman
29A Forest Dr.
Springfield, NJ 07081

<u>Via First Class Mail</u>

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 10 2019
by JNDLA

Re: *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Your Honor,

I write to object to the proposed Equifax Data Breach Lawsuit Settlement. I believe I am a member of the settlement class because I went to the settlement website, (equifaxbreachsettlement.com) and entered my personal information. The website stated that based on the information I provided, records indicate that my personal information was impacted by the "incident."

I object to this settlement because it is clearly inadequate to compensate the individuals whose data was breached due to Equifax's negligence. The notice regarding the settlement stated claimants could opt to receive a $125 payment, however, it quickly became apparent that the amount of the proposed settlement would never be able to provide such amounts to all of the individuals who opted for the cash. The propaganda from the settlement proponents argue that it is far better to opt for the free credit monitoring option, as it has a higher market value. First, the fact that people overwhelmingly chose the cash option obviously places considerable doubt as to the claimed market value of this option. The "market" seems to have spoken and overwhelmingly disagrees that this option is worth more than $125, no matter how much the three companies that form the credit monopoly in this country wish to charge for such services. Second, it is a slap in the face to offer as compensation for a data breach a credit monitoring service by the entity that was breached. The farmer whose chickens were slaughtered doesn't pay the fox to provide more foxes to guard the henhouse going forward.

Equifax, along with the other two companies that control the entire credit reporting system in our country, does not compensate people for amassing and selling their data. We are not customers of these companies, we are commodities. They have a vice grip on every aspect of our lives, whether it is applying for housing, car loans, or even obtaining a job. Equifax and the other companies take our information and reap billions in profits selling the info to businesses. They are unaccountable and their methods are purposefully opaque. Now, we have learned that they cannot even keep our most personal and important information secure.

This settlement is underfunded and does not adequately compensate victims for having their personal information stolen. The information is out there in the ether and there is no way to get it back. People will face years of vulnerability to identity theft and we are meant to rely on the same companies to "monitor" the situation. It is ridiculous and I strenuously object.

I have not objected to any class action settlement in the past five years, nor have I ever objected to a class action settlement.

I cannot appear at the Fairness Hearing in person and I cannot afford to retain a lawyer to represent me for this purpose. I can only voice my objection, for whatever good that will do in a legal system designed to allow bad corporate actors to continue to make windfall profits from exploiting people. Capitalism ain't broken, it's fixed.

September 6, 2019                                      Sincerely,

Edward A. Coleman



E. OCCHAN
264 FOREST DR.
SPRINGFIELD, NJ 07081

RN: DANIELS NJ 070
07 SEP 2019 PM4L

SEP 1 0 2019

SEP 1 0 2019

EQUIFAX DATA BREACH CLASS ACTION ADMINISTRATOR
ATTN: OBJECTION
c/o JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111 - 9418

98111-941818

Received

AUG 0 1 2019

by JNDLA

July 30, 2019

Equifax Data Breach Class Action Settlement Administrator
Attention: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

Re: In re: Equifax Inc. Customer Data Security Breach Litigation, Case 1:17-md-2800-TWT

Sir or Madam:

I am a member of this settlement class and strenuously object to this paltry settlement.  This settlement fails to adequately hold Equifax responsible for the devastation of privacy for which **Equifax had not only adequate warning to address security vulnerabilities, but then proceeded to set its own settlement amount**.  By contrast, the fines for Wells Fargo was $1B last year, and Facebook is paying $5B.

Attackers siphoned data out of Equifax's computer systems over the course of months, ***through a known software vulnerability that inadvertently went unpatched***. Who stole the data remains unknown — the company and law enforcement officials have not publicly attributed the crime, and cybersecurity experts have not seen the data surface in the kinds of online forums where stolen personal data is often bought and sold. (NYT 7/19/19)

The company was widely criticized in the days after it revealed its data breach for its slow and haphazard response, which included ***accidentally pointing people toward a fake version*** of its own information website on the breach and struggling to keep up with the volume of messages and phone calls from outraged consumers. In a series of fiery hearings on Capitol Hill, lawmakers blasted the company, including Richard Smith, who was its chief executive at the time of the breach, for its missteps. (ibid)

Further, this settlement does not adequately address the risks and vulnerabilities of bad actors who might just wait things out.

Law enforcement and cybersecurity experts have not detected direct fraud against ***consumers as a result of Equifax's lapse, but the risk will linger.***

"It really doesn't matter that no one has owned up to this," Mr. Mierzwinski said. "The information is out there. ***Your financial DNA is like gold. It can sit in a thieves' vault for years and still be valuable."***

Despite the fact that Equifax data has not ***yet*** appeared on any dark web sites, their claims are specious given their poor stewardship of involuntary data for which they obviously determined their own fine.

I have not objected to any settlement in any case in the last 5 years.

I do not intend to appear at the Fairness Hearing.

Very truly yours,

Edmund C. Sutton



SEATTLE WA 980

30 JUL 2019 PM 2 L

Received
AUG 0 1 2019
by JNDLA

Equifax Data Breach Administration
Objection
JND Legal Administration
PO Box 91318
98111-9418 Seattle WA 98111-9418

Sutton
1420 Fifth Avenue
Suite 1700
Seattle, WA 98101

CBRE

To whom it may concern,

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, I am
a member of the settlement class as indicated in an email to me from
info@equifaxbreachsettlement.com notifying me of my personal claim number PDFB3EN46R.

I object to this settlement.  The initially communicated settlement of $125 per claimant was
insufficient but palatable. However, Equifax's earmarking of only $31 million (0.1% of their
market cap) for these claims is insufficient both as a deterrent against future similar behavior
and as restitution to make victims whole. Offering credit monitoring as an alternative is
insufficient as monitoring cannot in itself is of limited use prevention of misuse of credit
information and therefore limited in its attempt at restitution. As Equifax is offering this service
themselves it will be completely ineffective as a deterrent against similar future behavior.

As an information security professional, I am familiar with the situation of the Equifax breach
and while the breach was clearly committed by criminals, Equifax's protections of consumer
data amounts to gross negligence. They ignored well established industry best practices for the
initial protection of the data, ignored best practices when informed of this, and flouted best
practices around communication to consumer of discovered security issues and breaches. This
is not equivalent to someone robbing a house with a flimsy lock. This is equivalent to someone
robbing a bank due to the value of what's inside, with the bank vault having a publically well
known master combination, with the bank staff being aware that the combination is public.

Equifax did not protect their data because they believed that any financial legal consequences
would be dwarfed by the savings on their security infrastructure. They put half of Americans at
risk because they believed that they could pay the fine and still come out ahead. This settlement
affirms their belief and so they will continue to put **all** Americans at risk. I object to this
settlement and will object to future settlements unless the financial consequences are dire
enough to be a deterrent against this negligent behavior.

I have objected to no other class action settlements of which I have been a part. I will not be
able to attend the Fairness Hearing, not will I be able to send a lawyer to represent me in this
matter.

Sincerely,

Eldridge Alexander
2502 Packard St. #4509
Ann Arbor, MI 48106
eldridgea@gmail.com

Received
SEP 2 3 2019
by JNDLA

BA
2502 Pulnird St.
#4801
Ann Arbor MI 4804

SEP 23 2019

Equifax Data Breach Settlement Administrator
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

METROPLEX MI 480

17 SEP 2019 PM 4 L

58iiii-S4i8i0

**In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

Elizabeth Boden
228 Lionel Rd
Riverside, IL 60546

Received
SEP 2 3 2019
by JNDLA

I am writing this letter in order to object to the Equifax Data Breach Settlement which is currently before the court. I am a class member because my data was stolen as part of the breach.

After the Equifax Data Breach came to light, I spent time researching credit bureaus. No American citizen has the ability to grant permission to credit bureaus to collect their data – or to ever revoke that permission. The information credit bureaus collect has an extreme effect on people's life and financial freedom. When identity theft occurs, a large majority of the headache of dealing with it is because of the affect the theft has on a person's credit score, and the results that come from that in regards to moving, making a big purchase, etc.

The *absolute least* we could hope for is for the credit bureaus to keep our information safe. Equifax's breach was foreseeable and egregious. The punishment as outlined in this settlement is woefully inadequate. This data breach will stay with me and with every other member of the settlement class for our entire lives. Our social security numbers won't ever change, and now they're available to bad actors forever. Also, it's worth noting that Equifax handled the aftermath abominably – I know because I spent hours attempting to freeze my credit with them.

Of course, there was also the false promise of $125, and the offer of credit monitoring. I initially chose the $125 (though I always believed it to be inadequate) because I have frozen my credit, I already have credit monitoring, and because credit monitoring is not particularly useful since it only alerts you to a theft after the fact. After the fact, I'd still have to spend hours dealing with it with the very same credit monitoring companies who caused it. It's nice to have identity theft insurance- but then you have to deal with the insurance company who may or may not decide your claim is valid. That's why my credit is frozen and will remain that way, though that has its own inconveniences.

When I found out that the monetary settlement would actually only be pennies, I decided to take the credit monitoring after all. But I'm angry I was already angry. Now I feel lied to, too.

I don't need credit monitoring – I need a guarantee my data won't be stolen. I need the company to be held responsible for what it did in a way that will actively discourage other companies from similar irresponsible and foreseeable errors in the future, and not tell them that it's fine because they'll just get a slap on the wrist. I need the company not to make thousands and thousands of dollars off my data and then offer me nothing but peanuts when they lose it. I need some form of actual restitution. Also, my frustration is not unique. Multiply my needs by 140 million people. **I urge the court to reject this settlement. It is inadequate to the offense.**

I do not have a lawyer and I will not be attending the Fairness Hearing. I have never before objected to a class settlement.

Thank you for your attention.

*Elizabeth Boden*
Elizabeth Boden

Elizabeth Bola
226 Lionel Rd.
Riverside, IL 60546

S. SUBURBAN IL 604
19 SEP 2019 PM 3 L

FOREVER / USA

Equifax Data Breach Class Action Settlement Administrator
ATTN: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

SEP 2 3 2019

98111-941818

September 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To whom it may concern:

The settlement in this case is not enough. Not nearly enough. Especially since I was never notified by Equifax that I was entitled to be part of the lawsuit. I had to read about it in the newspaper and then go online and remember and verify on Equifax's website that my data was breached. And no, there was no notification in my spam folder either.

I understand that if everyone who is affected by the breach were to request the offered $125, we would each only recoup 22 cents. This is outrageous. $125 is barely enough.

I've never written a letter like this. I've never been part of a class action lawsuit. This was one that I could get my hands around. And the negligence on the part of Equifax is so egregious - and the directions on how to write this letter so clear -- that I finally stood up for myself.

I live in Idaho and will not be able to appear before the court for the Fairness Hearing, unfortunately, to testify on my behalf. This letter will have to suffice.

My name and current address:
Elizabeth Kate Rodgers
2855 North Mountain Road
Boise, ID 83702

Please keep me informed.

Many thanks,

Elizabeth Rodgers

Received
SEP 2 3 2019
by JNDLA



Equifax Data Breach Class Action
Settlement Plan
Attn: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle WA

SEP 2 3 2019

2855 N. MTN RD
Boise ID 83702

September 16, 2019

Received

SEP 2 0 2019

by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Sir or Madam,

I am writing to object to the settlement terms for the proceeding *re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT.

My Social Security Number was affected by the aforementioned breach. I have since frozen my credit file with Equifax, which is even better than credit monitoring because I control when and for how long my credit file is open, and this prevents fraudulent activity in my credit file.

For the settlement, my only option was to choose the $125.00 cash payout or free credit monitoring.  Since I do not need credit monitoring, I chose the $125.00 cash payout.  I indicated that I have a credit freeze on my Equifax credit file when I was asked, via email, to confirm that I have credit monitoring in place.

Equifax was careless with my sensitive personal information, and the $125.00 should serve as fair compensation for violating that trust, and not just to compensate for real damages that may have been incurred.

My objection to this settlement is simple – every consumer who responds to the settlement and asks for the $125.00 cash payout instead of credit monitoring should receive it.  That would be fair.

Furthermore, I have not objected to any class action settlements in the previous five (5) years, and I do not intend to appear at the Fairness Hearing.

Thank you for your consideration,

*Ellen M. Bagnato*

Ellen M Bagnato

13951 Crestone Circle

**Bagnato Family**
13951 Crestone Circle
Broomfield, CO 80023



FOREVER / USA

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Admin.
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

98111-941818

Erin Estes
4616 Southhampton Drive
Island Lake, IL 60042

August 3, 2019

Honorable Thomas W. Thrash Jr.
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309



Received
AUG 0 9 2019
by JNDLA

Your Honor,

This letter is to voice my objection of the settlement in the case of *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. Many people, including myself, have spent hours online and on the phone to freeze credit lines, dispute fraudulent activities, and research the consequences of identity theft. I do not approve of the Equifax Data Breach Settlement because I think the current settlement is unfair and inadequate to fully compensate the 147 million people whose personal information have been and could be used for fraudulent activity.

I have not objected to a class action settlement over the past five years, and I do not intend to appear at the Fairness Hearing.

Sincerely,

Erin Estes



CAROL STREAM IL 601

05 AUG 2019 PM 3 L

Erin Estes
4616 Southhampton Dr
Island Lake, IL 60042

AUG 09 2019

Equifax Data Breach Class
Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9416

98111-941818

Received
SEP 2 3 2019
by JNDLA

September 20, 2019

To Whom it May Concern,

I am writing to express my concern regarding the promised settlement amount in the *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. When I first learned of the data breach, I immediately made sure we were signed up for credit monitoring services, and spent several hours changing passwords and adding two step verification to secure all my financial accounts. When I read in the news that Equifax would be required to compensentate all victims of the data breach a minimum of $125, I felt like that was an adequate amount. I immediately signed myself and my husband up, and was relieved that our time and stress would at least be compensated somewhat.

I was dismayed to read in the news just a few days later that our compensation would likely be reduced to as little as $0.27. The additional email sent in September 2019 asking us to confirm again our participation in the settlement was also troubling. I feel like Equifax has been deceitful and not forthcoming in this case.

I have never objected to a class action settlement before, however I felt compelled to write a letter today to voice my concerns. I do not intend to appear at the Fairness Hearing, and am not represented by a lawyer.

Thank you for your time. Sincerely,

Esther Fredrickson
551 Lagunitas Lane SW
Albuquerque, New Mexico 87105

Esther Fredrickson
Claim Number PSL5ZNCE8Y

Kenneth DeLapp (spouse)
Claim Number P3ZX7H826C



Esther Fredrickson
551 Loguritas Lane SW
Albuquerque, NM 87105

SEP 23 2019

Equifax Data Breach Class Action
        Settlement Administrator

Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Sept 19, 2019

Evan Goldfine
23 Pine Brook Drive
Larchmont NY 10538
917-543-8109

Received
SEP 23 2019
by JNDLA

To the Court overseeing *In re: Equifax Inc. Customer Data Security Breach Litigation*,
Case No. 1:17-md-2800-TWT:

I was one of the millions of people whose information was compromised by the negligence of
Equifax. I thought the $125 per user cash settlement was fair compensation me and the other
affected class members.

I thought it was absurd that there was an updated demand letter designed to discourage
customers from receiving their cash settlement. I expect that in this scenario, even after Equifax
weeds out people who don't update their letters, I'll only end up with a few pennies because of
this breach. It seems like the attorneys are lining their pockets and the class is getting the short
end of the stick. I urge the Court to reject this settlement on behalf of the class, as Equifax
seems to be gaming the system to its advantage at the expense of the people whose personal
information was not safeguarded. (I have never before objected to a class action settlement,
and I do not intend to attend the fairness hearing.)

Sincerely,

Evan Goldfine

US
FOREVER

THINKING
OF YOU

WESTCHESTER NY 105

US SEP 2019 PM 4 1

SEP 23 2019

Equifax Data Breach Class Action Settlement Admin.

Attn: Objection

c/o JND Legal Administration

PO Box 91318

Seattle WA 98111 ~ 9418

90111-S41818

Mr Evan Goldfine
23 Pinebrook Dr
Larchmont, NY 10538-2609

9/18/19

# EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMINISTRATOR

Attn: Objection

c/o JND Legal Administration

P.O. BOX 91318
SEATTLE, WA 98111-9418

```
Received
SEP 2 3 2019
by INDLA
```

To Whom it May Concern,

This is a formal objection to the settlement approved for *Equifax Inc. Customer Data Security Breach Litigation,* Case No. 1:17-md-2800-TWT, otherwise known as the "Equifax Data Breach Lawsuit." I believe, as a victim of the data breach (claim #P86GUQRBT9), my leaked and stolen data is worth, at the very least, $125 promised by the settlement. However, Equifax now says that it may not provide the full $125 settlement to each identified victim due to overwhelming response. The other option in the settlement, of data monitoring, is an unacceptable option. This is because the very company that poorly guarded my personal data would be responsible for yet again holding and using my data in order to perform this task. Why should I trust Equifax to do this job, and to do it reasonably well, after the data leak?

Per the requirements of this objection, I provide the following information:

    (1) Full name: Faith Louise Martin

    (2) Current address: 8651 Minnehaha Ln, Kansas City, MO 64114

    (3) I have not objected to any class action settlements in the previous 5 years

8651 Minnehaha Ln | Kansas City, MO | 64114



Faith Martin
8661 Minnekahda Ln
Kansas City, MO 64114

SEP 2 3 2019

KANSAS CITY
MO 640
23 SEP '19
PM 2 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Received
SEP 2 0 2019
by JND-LA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

September 18, 2019

FROM:    Keith Allen Comess
         Frances Anne DeRook
         3641 NE Couch Street
         Portland, OR 97232

RE:      *Equifax Inc. Customer Data Security Breach Litigation*, Case No.
         1:17-md-2800-TWT

We are writing to object to the Equifax Customer Data Security Breach Settlement:

1. We believe we are members of this settlement class. We received
   notification from Equifax that our data was stolen in the "hack" of the
   company's servers. We were advised by Equifax to take appropriate action.
   This included cancelling existing credit cards, notifying automatic billing
   services of change of accounts and regularly monitoring our credit standing
   online. For these reasons, we believe we are members of this settlement
   class.
2. We object to this settlement as it fails to provide appropriate restitution for
   the time, inconvenience and both actual/potential harm we may have or will
   incur as a result of this data theft. The amount appropriated for the
   settlement, when distributed over the Equifax consumer base, amounts to
   less than $1.00.
3. We have not participated in any previous class action settlements nor have
   we formally objected to any such during the previous five (5) years; and
4. We do *not intend* to appear at the Fairness Hearing, either in person or
   through a lawyer



PORTLAND OR 972

18 SEP 2019 PM 3 L

EQUIFAX DATA BREACH ACTION
SETTLEMENT ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WASHINGTON 98111-9418

98111-941818

SEP 2 0 2019

COMESS/DEROOK
5641 N.E. COUCH STREET
PORTLAND, OR
25726

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Gary Golnik
13 Gove Drive
Newburyport MA 01950

Received
SEP 2 0 2019
JNDLA

I am a member of the settlement class by virtue of emails with valid claim numbers.

**Your Claim Number: P5J9M3HPR4**

**Your Claim Number: PCK95S3X6Z**

I object to the settlement because it benefits the attorneys involved more than those who were actually affected. In light of the harm suffered by members of the class and the extent of the defendant's wrongdoing, the proposed settlement is not fair, reasonable, and/or adequate. The terms of the settlement were deceptive, and amending the settlement after the attorneys realized that only pennies on the dollar could be paid was a clear attempt to deceive the members of the class.  Attempting to force members to prove that they had credit monitoring (often provided by the very party being sued) is an egregious wrong in the settlement. Theodore H. Frank, et al., Petitioners v. Paloma Gaos, Individually and on Behalf of All Others Similarly Situated, et al. (U.S. Supreme Court) provides support for my position (please advise if the citation is inadequate due to procedural issues such as an improper reference).

Most of the settlement's value would flow to nonclass members in the form of credit monitoring services that are thinly disguised advertising promotions for paid credit monitoring and other "value-added" services. The value is disproportionally accrued to the very company guilty of the breach. This serves as a promotional opportunity for the defendant.   Class counsel would receive fees that were disproportionate to the overall benefit to the class. Case No. 1:17-cv-01530, Dkt. No. 103 (N.D. Ill. Feb. 15, 2019). Named plaintiffs would receive disproportionately preferential treatment compared to the class and class counsel would receive attorneys' fees disproportionate to the value to the class. Case No. 1:16-cv-01114, Dkt. No. 134 (N.D. Ohio June 6, 2018).

I have objected to no class action settlements in the last five years.

I do not intend to appear at the Fairness Hearing, I am available to be deposed by counsel for the Parties on 11/24, 11/28, 11/29, or 12/1 at 13 Gove Drive, Newburyport MA 01950. No procedural mistakes or absence of proper terminology shall be construed as providing any reasons for objecting to this claim.  I am a lay person and not an attorney, and request that the Court provide guidance if any legal objections are raised.

Sincerely,

Gary Golnik
978-290-2812
ggolnik@comcast.net
9/16/2019



SEP 2 0 2019

BOSTON MA 021

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Gary Golnik
13 Gove Drive
Newburyport, MA  01950

Received
SEP 2 0 2019
by JNDLA

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

Dear Sir or Madam:

Equifax has notified me that I am a member of the class action in the above case. I object to the amount of the settlement  ($31 million) directed to claims. If all 147 million people affected by the breach filed a claim, this would result not in the "up to $125" promised by Equifax, but rather $0.21 each. While I suppose $0.21 is between $0 and $125, it certainly doesn't seem reasonable for such a significant privacy breach affecting so many people.

For your information, I have never before objected to any class action settlement.

While I do not intend to appear personally at the Fairness Hearing, I hope this letter serves as my proxy to not uphold the amount of the total settlement set aside for members of the class.

Best,

Gary B. Kushner
8581 Colony Lane
Kalamazoo, MI  49009



GRAND RAPIDS MI 494
17 SEP 2019 PM 5 L

8581 Colony Lane
Kalamazoo, MI 49009

SEP 2 0 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

*September 17, 2019*

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I'm writing to express my objection to the Equifax Breach Settlement. I feel the settlement doesn't do enough to make amends for the victims of the breach and rather caves to the desires of a company that carelessly neglected its sole responsibility of keeping the information of millions of Americans safe. I never opted into Equifax. I never knowingly gave them my social security number, my birthdate, my name and my home address. I never consciously decided to trust this company with the information that makes me a fully formed citizen in the 21st century – and yet they had it all, and gave it all away. In the years since the breach, I've closely monitored and locked my credit. I filed for a $125 "reward" (a truly pathetic amount, really) claiming, rightfully, that I have credit monitoring, and still received an email from Equifax saying the onus is on me (the victim, I remind you) to provide this company worth billions (that's once more making profits, congratulations) with proof in order to receive this small sum. I will submit this proof, if only to extract from them the little I can.

So as not to have my letter rejected in the same fashion that I'm sure Equifax would like to reject my claim, please find answers to the required questions listed on the Equifax Breach Settlement website in italics below:

1. The name of this proceeding (*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, or similar identifying words such as "Equifax Data Breach Lawsuit"); *You can find it at the top of the page, and also here.*
2. Your full name and current address; *Gillian Spear, 341 S. 4th St, Apt 2R, Brooklyn, NY 11211 (if you need my SSN, may I direct you to Equifax)*
3. Your personal signature (an attorney's signature is not enough); *please find it below*
4. A statement indicating why you think that you are a member of the settlement class; *I state that my information was stolen in the breach.*
5. A statement with the reasons why you object, accompanied by any legal support for your objection; *Please find that above.*
6. A statement identifying all class action settlements to which you have objected in the previous five (5) years; and *I have not participated in any.*
7. A statement as to whether you intend to appear at the Fairness Hearing, either in person or through a lawyer, and if through a lawyer, identifying your lawyer by name, address, and telephone number, and four dates between **11/19/2019** and **12/05/2019** during which you are available to be deposed by counsel for the Parties. *I will not.*

Sincerely,

Gillian Spear

Received
SEP 2 3 2019
by JNDLA

Gillian Spear
341 S. 4th St.
#2R
Brooklyn, NY 11211

NEW YORK NY 100
18 SEP 2019 PM 9 L

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Received
AUG 0 6 2019
by JNDLA

To:
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

From:
Heather Case, Class Member
2300 Norkenzie Rd Apt 24
Eugene, OR 97401


Regarding:

*In re: Equifax Inc. Customer Data Security Breach Litigation*
Case No. 1:17-md-2800-TWT
Equifax Data Breach Lawsuit


Dear Administrator:

I am urging the court to deny the current settlement, and wish to lodge objection to the settlement proposed as a class member. I believe I am a member of the settlement class for two reasons: 1.) I was notified by Equifax that my personal data may have been compromised approximately two months after the breach, and was offered initial, free credit monitoring services through Equifax, and 2.) Before filing a claim on the settlement website, I used their "Check Your Eligibility" tool on the website (https://eligibility.equifaxbreachsettlement.com) and that tool also informed me my information was impacted by the breach incident.

My objection applies to the entire class. Specifically, I object to this settlement because the relief provided for the class is not adequate. FRCP 23(e)(2)(C). Due to the size of the class and the widespread media coverage of this breach, the number of class members filing claims on this settlement amount will likely be higher than a "usual" amount of claims on other class action settlements. Thus, the quoted estimate of $125 base compensation for each class member filing a claim is likely inaccurate. I do not believe the initial settlement amount of 380.5 million dollars (for the consumer restitution fund only) is adequate in the first place, but due to reports that more class members are filing claims than initially estimated, this number becomes even more inadequate to compensate class members in a fair way for the damage that the class has faced. The additional 125 million dollars for out of pocket losses will not be able to pay out of pocket losses and cover the additional money needed in the Consumer Restitution Fund.

The class is particularly vulnerable in this case, as there is little to no way to move our business to another company. Because of the reasons above, the vulnerability of the class, and the size of the company in question, this settlement is not adequate.

I have not objected to any class action settlements in the previous five (5) years. I do not intend to appear at the fairness hearing. I am not currently represented by an attorney. Neither myself, nor anyone associated with me is receiving compensation for filing this objection.

Thank you,

Heather Case

EUGENE OR 974

02 AUG 2019 PM 3 L

Ms. Heather Case
2300 Norkenzie Rd., Apt. 24
Eugene, OR 97401-1759

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

98111-941818

09/17/2019

# In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

United States District Court
Courtroom 2108
75 Ted Turner Dr., SW,
Atlanta, GA 30303-3309

Received

SEP 2 3 2019

by JNDLA

As a Class Member, I object to the settlement in EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION, CASE NO. 1:17-MD-2800-TWT.

I find the proposed settlements as I understand them:

• One hundred and twenty five dollars ($125)  (actual amount substantially less)

Or

• 4 years of three-bureau credit monitoring, offered through Experian and or also 6 more years of free one-bureau credit monitoring through Equifax.

to be inadequate given Equifax gross extended breach of privacy and breach of the public trust.

I feel that Equifax will ultimately not be affected and will continue business as usual. I also feel that this settlement will indemnify Equifax against future legal actions regarding this massive, extended breach of privacy which will result in identity theft to millions of Americans for many years to come.

125 Francesca Dr, Oceanside, CA 92057

As a victim of identity theft at around the time of the breach, I feel I was directly impacted and do not agree with the terms of the settlement as presented. I object to the settlement because the $700 million payout figure was not intended to compensate victims since less than 5 percent will actually be used for victim compensation. That's a mere $31 million, which divided by 147 million Americans is far, far less than $125 per person. In fact, it's roughly 21 cents.

I hereby request that compensation should at least be the actual $125 dollars as promoted by the settlement and that free credit monitoring should be extended to all victims.

I have not objected to any other class settlement in the last five years. I do not plan on attending the Fairness Hearing, either in person or through a lawyer.

Sincerely,

HORACIO GURROLA
125 FRANCESCA DR
OCEANSIDE, CA 92057

CLAIM NUMBER#
PJU6ZVR9KQ

125 Francesca Dr, Oceanside, CA 92057

FOREVER USA

9204909181855640

Horacio Garrola
125 Francesca Dr
Oceanside, CA 92057

SAN DIEGO CA 920
18 SEP '19
PM 3 L

SEP 2 3 2019

EQUIFAX DATA BREACH CLASS Action
Settlement Administrator
Attn: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

# Hugh K. Higgins, Jr.  CPA

*8115 East Court*
*Austin, Texas 78759*
*512-345-5508/512-775-9872*
*1Bull.Writer@gmail.com*

AUG 2 3 2019

### Monday, August 19, 2019

Equifax Data Breach Class Action Settlement Administrator
Att: Objection
C/O JND Legal Administration
Post Office Box 91318
Seattle, WA 98111

In re: Equifax Inc. Data Breach Lawsuit
Case No. 1:17-md-2800-TWT

Dear Administrator:

I have been separately informed/confirmed that I am a member of the settlement class in this litigation.

I strongly object to the amount of funds set aside for the settlement of this litigation.   Equifax knew, or should have known, that the meager amount provided was overtly unreasonable and would be totally inappropriate for the large number of members in this case.

I hereby state that I have never before objected to any class settlement proposals, ever.

I do not plan to appear or be represented at the Fairness Hearing, whenever it is held.   However, I shall be pleased to answer any questions regarding this protest.

Sincerely,





AUSTIN TX 787
RIO GRANDE DISTRICT
19 AUG 2019 PM 4 L

**Higgins**
8115 East Court
Austin, Texas 78759

Equifax Data Breach Class Action Settlement Administrator
Att: Objection
C/O JND Legal Administration
Post Office Box 91318
Seattle, WA 98111

AUG 2 3 2019

98111-941818