# Exhibit B - 5

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Kevin Murphy.  12112 Greenwick Court, Glen Allen, VA 23059

Received
SEP 2 3 2019
by JNDLA

I confirmed I am a member of the settlement class by going to the Equifax-provided website (https://eligibility.equifaxbreachsettlement.com/en/eligibility) and *Equifax* confirmed it.

The settlement is another egregious exhibit of too big to fail.  The banks wronged all their customers in 2008 and paid some chump-change fines compared to the profits reaped.  The executives responsible paid no prices at all.  In this instance, Equifax (and no individuals) is *supposedly* responsible for up to $700 million.  Afffected customers are *supposedly* eligible to receive up to $125 each.  As weak as that penalty is, the court should at least make them adhere to it.  As it stands, Equifax looks like they will walk away, and essentially only have to pay their lawyers.  It's unconscionable.  Can any justice ever be meted out when a big company does wrong?

I have not participated in any other class action suits in the past 5 years.

I will not be at the Fairness Hearing and I will have no lawyer at the Fairness Hearing.



murphy
12112 Greenwick Ct
Glen Allen, VA 23059

RICHMOND VA 230
19 SEP 2019 PM 7 L

Equifax Data Breach Class Action
Settlement Administrator

Attn: Objection
c/o IND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

SEP 2 3 2019

Sept 17, 2019

Equifax Data Breach Class Action Settlement Administator
Attn:  Objection
c/o JND Legal Adnminitration
PO Box 91318
Seattle, WA  98111-9418


Re: Equifax Data Breach Settlement

Kim White
1827 N. Avenue 56
Los Angeles, CA  90042
323-550-8910
My Claim #P3ZHP-7ERUT

> Received
> SEP 2 3 2019
> by JNDLA

I object to the settlement.  It is not fair, reasonable or adequate.

I am a member of the settlement class.

Equifax had/has a duty to protect my private information from being hacked.  And they did NOT!  They are incompetent.  And now I may not even get the pittance of $125 to compensate me for it.   This pittance should be paid to EACH person they let down and who's privacy is permanently compromised.  For the court to put a ceiling on the total payout is unconcionable!  I may not even get a dime now because of this loophole you have allowed them.  And even worse, now the court is allowing Equifax to make me prove I have credit montoring to get the pittance of that payout.  What?!   This is to make it too difficult for anyone to claim their pittance.

Change the terms of the settlement please.  Each and every customer who's privacy is now permanancy compromised must get the pittance of $125 with no expection.  I want my $125!  And this pittance SHOULD actually be much more to make this incompetent company really."pay" for this.  Everyone should get $1,000 or more!

I do not intend to appear at the Fairness Hearing and I do not have a lawyer.  I have never been a part of a class action suit in the past (that I am aware of).

Kim White

Kimuchik
11271 N. Avenue 52
LA CA 96042-1130

SEP 2 3 2019

Equifax Breach Class Action
Administrator
Attn: Objection
C/o JND Legal Admin:
PO Box 91318
Seattle WA

Jacqueline Britt Cheney
414 3rd St., Apt. 2R, Brooklyn, NY 11215

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

Re: *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Administrator:

I write to **register my objection to the settlement** reached in this case. I know that **I am a member of the settlement class** because I entered my Social Security number into the settlement website, which informed me that my information was compromised by Equifax's lax security. **I have not objected to any other settlements within the past 5 years. I cannot appear at the Fairness Hearing**.

I believe the Federal Trade Commission has done a poor job of advocating for the interests of affected consumers, and it appears that neither the FTC nor Equifax has been honest with consumers about the terms of the settlement. Equifax has not set aside a remotely adequate amount of money to compensate affected consumers; I understand that if every one of the 147 million people affected by Equifax's negligence were to file a claim for the $31 million that Equifax has earmarked, we would each receive 21 cents. This will not compensate consumers in any remotely meaningful way.

Furthermore, the information initially presented on the settlement website was misleading. I was led to believe that if I filed a legitimate claim, I would receive $125. Now it appears this amount was simply the maximum any single consumer could receive without documenting additional expenses but that the vast majority of claimants will receive much less (according to my calculations, possibly as little as **0.168% of the initially stated amount**). I'm troubled that incorrect information was presented. I would like an explanation as to why that occurred.

I was also appalled by the follow-up email I received recently demanding additional information from me and threatening that I would otherwise be dropped from the settlement. Again, I would like an explanation as to why that information was not required from the start and why Equifax is now creating additional roadblocks for consumers that make it much less likely we will be compensated at all, let alone for 0.168% of the amount we were initially promised. Furthermore, I would like to know why the FTC is allowing this to happen.

As the victim of multiple instances of lax corporate data security resulting in my personal information being compromised, I'm already receiving free identity theft monitoring courtesy of another corporation that put profits above decency. I'm extremely concerned that the government is neglecting its duty to protect all of us and impose enough cost on negligent companies to make them take necessary precautions with our data.

I strongly object to the current settlement. It is inadequate and unfair, and the injustice of the settlement has been compounded by a lack of honesty with the public about its terms.

Thank you for all you do to protect consumers and the integrity of our personal information, as well as to hold businesses accountable for negligence and indifference to the public welfare and maintain the integrity of our judicial and regulatory systems. I truly hope you will not approve this farce of a settlement.

Sincerely,

Jacqueline Britt Cheney

US POSTAGE
$ 00.46⁵
FIRST CLASS
Mailed From 11201
09/18/2019
041A 0005180341

J. Cheney
414 3rd Street #2R
Brooklyn, NY 11215

SEP 23 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

98111-941818

Jacqueline Door
5204 Louisiana Ave N
Crystal, MN 55428
jackieldoor@gmail.com


Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

September 17, 2019


I am a member of the settlement class per https://www.equifaxbreachsettlement.com.

I object to this settlement because after completing the initial opt-in procedure where I was led to believe that I would receive $125 it has now become apparent that the settlement will be significantly less (if any at all) and I am now being required to complete *more* steps in order to be included that were not part of the initial claim. I am now required to prove that I have credit monitoring—a requirement not previously reported. Victims of this breech continue to have to jump through hoops to get our portion of the settlement when we did nothing wrong and shouldn't have to prove our reasoning behind our decisions. Additionally, it has been widely reported that this settlement is significantly short of fulfilling restitution for the numerous victims of this breach and now we are left to wonder if there will be anything received for it at all or if we just have to hope this breach doesn't affect our lives in any impactful way.

I do not attend to appear in person at the Fairness Hearing.



Sincerely,

Jacqueline Door

---

Received

SEP 2 3 2019

by JNDLA



MINNEAPOLIS MN 554

18 SEP 2019   PM 5 L

SEP 2 3 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Jacqueline Door
5204 Louisiana Ave N
Crystal, MN 55428

James R. Bridges
1427 100TH St. SW
Unit 115
Everett, WA  98204-1105
September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 2 0 2019
by JNDLA

**Re:  Equifax Data Breach Lawsuit Settlement**

Dear Sir:

I am a claimant in the above action.  By using an internet tool located at
https://eligibility.equifaxbreachsettlement.com/en/eligibility, I discovered by entering my last name
and last six digits of my social security number that my data had been hacked and stolen.  As instructed,
I filed a complaint, with the understanding that I could receive up to $125 reimbursement for my
troubles.  Several weeks ago, I received a letter from the company stating that I had to prove that I had a
financial monitoring service protecting me to qualify for payment; otherwise, I could receive financial
monitoring for several years for free.  That is not what was originally stated.  Nevertheless, I notified the
company that I had monitoring then through Norton 360, which provides an identity check.  Additionally
Chase Bank provides credit monitoring via my Visa Credit Card issues through JP Morgan Chase.

I object to this proposed settlement, in that the millions of consumers who were impacted are receiving
a pittance for the turmoil which has been created in their lives.  The company ought to be able to
guarantee that personal information is secure, but they don't.  It is a massive invasion of privacy and
theft of personal information.  A one time payment of $125 per individual  is miniscule, considering what
they allowed to happen.  Then worse, adequate provisions for paying consumers who were abused were
not established, and it now appears that most claimants will receive mere pennies.  To me, that is
terribly wrong.

This is the first time I have ever objected to a class action lawsuit settlement in my life, and I am 73 years
old.  This whole deal seems like a sham.

I do not intend to appear at the Fairness Hearing, given that I live in Washington State and the hearing is
in Georgia, or at least I assume it will be there!  As to when I can be deposed by the parties involved, I
can be available on Nov. 19, Nov. 26, Dec. 3 between 9 a.m. and 4 p.m.  I can also be deposed on Dec. 4
between the hours of 1:30 p.m. until 6 p.m.  in Everett WA at my residence.

Sincerely,

*James R. Bridges*

SEATTLE WA 980

18 SEP 2019 PM 7 L

JAMES R BRIDGES
1427 100TH ST SW UNIT 115
EVERETT WA 98204-1105

SEP 2 0 2019

EQUIFAX DATA BREACH CLASS ACTION
ATT: OBJECTION
C/O JND LEGAL ADMINISTRATION
PO BOX 91318
SEATTLE WA 98111-9418

98111-941818

James Foster
909 S. Westmoor Dr.
Sioux Falls, SD
57104
9/17/2019
*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received

SEP 23 2019

by JNDLA

Dear Sir or Madam,

I am writing to tell the court that I find the settlement with Equifax not only unsatisfactory, but absurd. I have never been a client of Equifax. I have never wanted to be a client of Equifax. I never want to be a client of Equifax. They have made money using my data without my explicit consent. (Yes, by having a credit card, bank account, and mortgage I'm sure I *de jure* consented at some point, but if the only way to *not* consent to having Equifax use your data is to live without using the modern banking and finance system, then there really is no choice.)

The settlement is absurd on three levels.

First, as far as I know, Congress has not mandated that anyone buy credit monitoring. Why, then, am I required to have had credit monitoring to receive compensation for my data being stolen on account of Equifax's shoddy privacy practices? Why should I be required to foot the bill for their past and future mistakes?

Second, even if I wanted credit monitoring, why would I accept monitoring from the service *which just allowed my data to be stolen*. If a taxi driver crashed into my car, and then offered me free rides as compensation, I would decline. Why? Because he or she is a terrible driver who *just crashed into my car*.

Third, by advertising a cash settlement which is functionally impossible to collect – even if I had credit monitoring, the FAQ tells me that that so many people are opting for the cash settlement that they are likely to get pennies on the dollar – Equifax is getting unearned positive publicity.

I humbly ask the court to require Equifax to pay the full cash settlement to anyone who wants it. One hundred and twenty five dollars is not much to any one individual, but perhaps having to actually compensate victims will encourage Equifax not to be a dumpster fire in future.

Sincerely,

James J. Foster
Associate Professor of Philosophy and Theology
University of Sioux Falls

FOREVER / USA

SIOUX FALLS SD 570

18 SEP 2019 PM 3 L

James Foster
909 S Westmoor Dr
Sioux Falls, SD 57104-4420


University of
Sioux Falls

Equifax Data Breach Class Action Settlement Administration
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA
98111-9618

SEP 23 2019

1206 Brook Road
Milton, MA 02186

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



RE: **Equifax Data Breach Lawsuit**

Dear Sir or Madam,

I'm writing to express my extreme displeasure with the Equifax settlement process. I fell feel deceived by the terms of the settlement. The Equifax approach appears to be a bait and switch maneuver.

Equifax exposed personal financial information of 147 million people, was sued by the Government, and settled. The Federal Government publicly touted a cash reward of up to $125 to each victim without ensuring enough money had been set aside to guarantee the maximum amount for every possible person affected.  Now, the Equifax settlement team has added a new hurdle for me to claim my claim with their request that I verify that I have credit monitoring.

I strongly urge you to increase the available pool of money in the settlement to cover $125 to all victims of this data breach.

Sincerely,

James Griffin

Received
SEP 2 3 2019
by JNDLA

cc:     The Honorable Maura T. Healey
        Attorney General of Massachusetts

FOREVER / USA

BOSTON MA 021

19 SEP 2019 PM 10 L

GRIFF, N

BROWN
BROTHERS
HARRIMAN

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN
ATTN: OBJECTION
C/O JND ADMINISTRATION
P.O. BOX 91348
SEATTLE, WA 98111 - 9448

SEP 23 2019

98iii-941818

Brown Brothers Harriman & Co.

40 WATER STREET, BOSTON, MA 02109-3661

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 2 0 2019
by JNDLA

Dear Equifax Breach Settlement Administrator

I am a class member of the Equifax Breach Settlement. My Claim Number is PQEY7-TD2U3.  I have
enclosed a letter and supporting documentation regarding my detailed objections to the current terms
of the settlement. I have also submitted a copy of the enclosed letter and documentation to
Hon. Thomas W. Thrash, Jr., the judge overseeing the settlement.

I request that you review my concerns and follow up with me at your earliest convenience.  I can be
reached at jamie.benvenutti@gmail.com or the mailing address below.

Sincerely,

_____          9/18/2019
Signature                          Date


Jamie Benvenutti
1426 Prospect Avenue
Lawrence, KS 66044


ENCLOSURE

Received
SEP 2 0 2019
by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Equifax Settlement Administrator,

I am a class member of the Equifax Breach Settlement. My claim number is <u>PQEY7-TD2U3</u>.
According to Equifax's records, my personal information was included in the breach that affected over 140 million people. On July 27, 2019, I submitted a claim online for the $125 cash compensation option via <u>equifaxbreachsettlement.com</u>. I certified that I already had free credit monitoring and will have free credit monitoring through another provider for 6 months.  Both of these conditions apply to me. I did have credit monitoring at the time I submitted my claim for $125, and I will continue to have free credit monitoring service for at least 6 months from the time I submitted.

This will be my first time objecting to a settlement in which I am a class member. I do not intend to appear at the fairness settlement hearing either in person or through a lawyer.

I have several objections to the terms in the following communication I received September 6, 2019:
SENDER: <u>info@equifaxbreachsettlement.com</u>
SUBJECT*: Your Equifax Claim: You Must Act by October 15, 2019 or Your Claim for Alternative Compensation Will Be Denied.* (SEE ATTACHED COMMUNICATION)

OBJECTIONS

1.  I object to the <u>October 15, 2019</u> deadline referred to in the Sept 6, 2019 communication. According to FAQ 18 on the Equifax Settlement Website, the published deadline to file a claim is <u>01/22/2020</u>.  It isn't fair to require some class members to respond 90+ days before all other class members.

(01/22/2020 deadline underlining included in original FAQ 18. Source:
<u>https://www.equifaxbreachsettlement.com/faq</u> (SEE ATTACHED FAQ 18 SCREENSHOT)

<u>I request that the October 15, 2019 deadline be removed, and that the published 01/22/2020 claim filing deadline apply equally to all class members, regardless of when they filed their original claims or whether they will be amending or verifying their original claims.</u>


2. I object to the following condition <u>introduced to me </u>in the Sept 6, 2019 communication:

-------------------------------------------------------------------------------------------------------------------------
*You must either verify or amend your claim by October 15, 2019. If you do not, your claim for alternative compensation will be denied…Please note that if you do not take action by October 15, 2019, your claim for alternative compensation will be denied.*
-------------------------------------------------------------------------------------------------------------------------

This condition was <u>not</u> mentioned in the terms I agreed to when I submitted my claim on July 27, 2019. Furthermore, I already took action as a class member by submitting a claim on July 27, 2019.  I should not be required to act again on relatively short notice in order to receive compensation for harm I suffered due to Equifax's data breach, and for which Equifax has been determined to be legally responsible.

1

3.  I object to the statement in the September 6, 2019 communication that I *"filed a claim for alternative compensation of up to $125."* The terms I agreed to on July 27th did not include the language "up to." Here are the terms I agreed to on July 27, 2019:

-------------------------------------------------------------------------------------------------------------------

*Option 2. Cash Payment: I want a cash payment of $125. I certify that I have credit monitoring and will have it for at least 6 months from today.*  (SEE ATTACHED CLAIM SUMMARY)

-------------------------------------------------------------------------------------------------------------------

4.  I object to the terms of my compensation being reduced after I had already accepted the terms presented to me by equifaxsettlementbreach.com on July 27, 2019.  When I submitted my claim for $125 cash compensation on July 27, 2019 there was no mention that the award could or would be reduced based on the number of claims submitted.  (SEE ATTACHED CLAIM SUMMARY)

I request that all responsible parties be held accountable to the terms that were presented via equifaxsettlementbreach.com and agreed to by every class member who claimed the alternative cash option when the agreed upon terms were "cash payment of $125."

If there are insufficient funds currently set aside to fund the promised payout of $125 to all class members who agreed to these terms, I request that sufficient funding be made available to cover all claims for the $125 alternative cash option from the $125,000,000 amount mentioned in FAQ 16 on the Equifax Settlement Website (https://www.equifaxbreachsettlement.com/faq) text below:

-------------------------------------------------------------------------------------------------------------------

*16. What happens if the Consumer Restitution Fund runs out of money?*

*If the payments described in FAQ 6 use up the Consumer Restitution Fund, Equifax will add up to $125,000,000 as needed to pay valid claims for Out-of-Pocket Losses.*

-------------------------------------------------------------------------------------------------------------------

If after the addition of the $125,000,000 there are still insufficient funds in the current settlement to cover the terms of all valid claims, I request that the current settlement be rejected.

As a company with projected 2019 revenue between $3.425 and $3.525 billion, Equifax should be required to provide enough restitution to fully meet its obligation to every class member it has harmed.

(*2019 Projected Revenue Source: July 24, 2019 2nd Quarter Report: 2nd bullet point under heading: "Third Quarter and Full Year Guidance"* https://investor.equifax.com/news-and-events/news/2019/07-24-2019-221313586)

5.  I object to the demand for the name of my credit monitoring provider in order to be compensated for Equifax's breach of my personal data. This breach not only subjected my personal information to fraud and abuse, but also subjected to fraud and abuse personal information of family members and reportedly the personal information of 140+ million other people -- including minor children.

What bearing does the identity of class members' credit monitoring providers have on Equifax's legal responsibility to compensate us for Equifax's wrongdoing? Since the breach occurred, I do not trust Equifax with safeguarding my personal information. As a class member who has already suffered harm due to Equifax's negligence, I should not be required to provide additional personal information in this settlement process that could foreseeably be made available to an entity who has betrayed my trust.

In addition, If I were to give the name of my credit monitoring provider, I would be providing customer information about an Equifax competitor. This information could potentially be very valuable to Equifax, information for which the September 6, 2019 communication asserts I should expect very little if any compensation.

If only 1% of the 140+ million class action members identified their credit monitoring providers as demanded in the condition introduced in the September 6th communication, Equifax could have access to a list of 1.4 million customers of competitors --at no additional cost to Equifax. Equifax could then use this list to its benefit, and to the harm of its competition. Equifax harmed me, my family, and 140+ million other people because of the breach. Equifax should not be able to benefit from this harm and Equifax should not be allowed to cause additional harm to its competition by having access to competitor information as a condition of the settlement.

To minimize any potential harm to Equifax competitors, I request that notice be sent to all credit monitoring providers who have been identified/will be identified through any stage of the Equifax settlement process that their customer information has been reported to the Equifax Settlement Administrator.

I and 140+ Million other class members have already suffered harm via the Equifax breach. I feel very strongly that those of us who submitted claims for the alternative cash option when the terms were "cash payment of $125" are being taken advantage of by the conditions in the September 6th notice.

I will not be amending my claim at this time, but I reserve the right to amend my claim until the published claim submittal deadline of 01/22/2020.

I also repeat my request that the October 15, 2019 deadline be removed and that the published 01/22/2020 claim filing deadline apply equally to all class members, regardless of when they filed their original claims or whether they will be amending or verifying their original claims.

I request a follow up response as soon as possible. My preferred contact is: jamie.benvenutti@gmail.com. I can also be reached at the mailing address below.

Sincerely,

----------------------------------------------------------         9/18/2019
Signature                                                          ----------------------
                                                                   Date

Jamie Benvenutti
1426 Prospect Avenue
Lawrence, KS 66044                                                 ENCLOSURE

3

Gmail - Your Equifax Claim: You Must Act by October 15, 2019 or Your Claim for Alternative Compensation Will Be Denied

 Gmail

Jamie Benvenutti <jamie.benvenutti@gmail.com>

## Your Equifax Claim: You Must Act by October 15, 2019 or Your Claim for Alternative Compensation Will Be Denied

1 message

**Equifax Breach Settlement Administrator** <info@equifaxbreachsettlement.com>   Fri, Sep 6, 2019 at 1:58 PM
Reply-To: donotrespond@equifaxbreachsettlement.com
To: jamie.benvenutti@gmail.com

### Your Claim Number: PQEY7TD2U3

According to our records, you filed a claim for alternative compensation of up to $125 in connection with the Equifax data breach settlement and certified on the claim form that you had some form of credit monitoring or protection in place and will continue to have the credit monitoring in place for a minimum of six months from the date of your claim filing.

**You must either verify or amend your claim by October 15, 2019.**

*If you do not, your claim for alternative compensation will be denied.*

- To **verify** your claim for alternative compensation, you must provide the name of your credit monitoring service that you had in place when you filed your claim.

*- OR -*

- You can **amend** your claim to request free credit monitoring instead of alternative compensation.

The easiest way to verify or amend your claim is by visiting the official Settlement Website here.

The amount you receive in connection with your alternative compensation claim may be significantly reduced depending on how many valid claims are ultimately submitted by other class members for this relief. Based on the number of potentially valid claims that have been submitted to date, payments of these benefits likely will be substantially lowered and will be distributed on a proportional basis if the settlement becomes final. Depending on the number of valid claims that are filed, the amount you receive for alternative compensation may be a small percentage of your initial claim.

**Please note that if you do not take action by October 15, 2019, your claim for alternative compensation will be denied.**

You can also verify or amend your claim by sending us a letter stating either the name of the credit monitoring service you had in place when you filed your claim or that you wish to amend your claim to select credit monitoring instead. Please include your full name, claim number from the top of this email, and zip code to the address below:

<div align="center">

In re Equifax Data Breach Settlement
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

</div>

Further information about your rights and options, including the right to exclude yourself from the settlement, is available at www.EquifaxBreachSettlement.com.

*This email is from the Court-appointed settlement administrator, not Equifax. Please do not contact Equifax with questions. To contact the settlement administrator, click here.*

### *Email Disclaimer*

*The Equifax Data Breach Settlement Administrator will never ask you to provide sensitive information, such as, your Social Security Number or Tax ID, Bank Account Number, Credit Card Number, Driver's License or Passport Number, or Password, etc. via email. All email communications sent by the Equifax Data Breach Settlement Administrator OR on behalf of the settlement administrator will originate from info@equifaxbreachsettlement.com, the official email address of the settlement. If you receive an email which you suspect to be fraudulent, do not reply or do anything it instructs you to do, but immediately forward it to abuse@equifaxbreachsettlement.com.*

<div align="center">

To unsubscribe, please click on the following link: unsubscribe

</div>

FAQ 16 & 18  -- https://www.equifaxbreachsettlement.com/faq   (last accessed September 18, 2019. )

equifaxbreachsettlement.com/faq

– 16. What happens if the Consumer Restitution Fund runs out of money?

If the payments described in FAQ 6 use up the Consumer Restitution Fund, Equifax will add up to $125,000,000 as needed to pay valid claims for Out-of-Pocket Losses.

equifaxbreachsettlement.com/faq

– 18. How do I file a claim for Credit Monitoring Services, Time Spent, or Out-of-Pocket Losses?

To obtain Credit Monitoring Services or to file a claim for reimbursement for Time Spent or Out-of-Pocket Losses fairly traceable to the Data Breach, you will need to file a claim form.

**There are two options for filing claims:**

1. **File Online**: You may fill out and submit the claim form online here. This is the quickest way to file a claim.

2. **File by Mail**: Alternatively, you may simply fill out the claim form included with the notice and mail it to the address on the form with supporting documentation, if any.

   You can download a hard copy of the claim form here, or ask the Settlement Administrator to mail a claim form to you by calling 1-833-759-2982 or emailing them at info@EquifaxBreachSettlement.com.

Fill out your claim form, and mail it to:

Equifax Data Breach Litigation Claims
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

The deadline to file a claim is **01/22/2020** (this is the last day to file online and the postmark deadline for mailed claims).

To fill out and submit a claim form during the Extended Claims Period (see FAQ 13), you will need to access and submit the Extended Claims Period claim form online; or contact the Settlement Administrator and request a hard copy of the Extended Claims Period claim form that can be filled out and returned by mail.

7/27/2019                                                              Submit a Claim

# EQUIFAX DATA BREACH SETTLEMENT

## Your Claim Summary

## Your Information

| | |
|---|---|
| First Name | Jamie |
| Last Name | Benvenutti |
| Middle Initial | |
| Alternative Name | |
| Mailing Address | 1426 Prospect Avenue |
| Apt No | |
| City | Lawrence |
| Country | United States of America |
| State | Kansas |
| Zip Code | 66044 |
| Phone Number | ██████████ |
| Email Address | jamie.benvenutti@gmail.com |
| Year of Birth | ██████ |

## Credit Monitoring: Free Service or Cash Payment

☑ Option 2, Cash Payment: I want a cash payment of $125. I certify that I have credit monitoring and will have it

for at least 6 months from today.

---

## Cash Payment: Time Spent

⊘ No spent time                                                              Privacy · Terms

7/27/2019                                    Submit a Claim

## Cash Payment: Money You Lost or Spent

⊘ No money lost or spent

## Supporting Documents

⊘ No documents selected

## How Would You Like to Receive Your Cash Payment

☑ Pre-Paid Card

## Your Signature

Your claim will not be received by the Settlement Administrator until you click the submit button after your electronic signature. For security reasons, once you hit submit, you **will not** be able to make any changes to your claim form through this portal, however, you will still be able to go into the portal to upload supporting documentation if you haven't done so. If you later decide you need to change any of the information on your claim form, you will need to reach out to the Settlement Administrator directly.

☑

I affirm under the laws of the United States that the information I have supplied in this claim form and any copies of documents that I am sending to support my claim are true and correct to the best of my knowledge.

☑

I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

Jamie Benvenutti

Date    July 27, 2019

SUCCESS ✔

Privacy • Terms

Your claim form has been submitted successfully

Your claim number is:  **PQEY7-TD2U3**

PRIORITY
FLAT RA
POSTAGE RE

PRESS FIRMLY TO SEAL

FROM: J BANKQUIT
With Respect to
Lawrence FS LLC

TO:

EQUIFAX DATA BREACH
CLASS ACTION SETTLEM
ATTN: OBJECTION
C/O JND LEGAL ADM
P.O. BOX 91318
SEATTLE, WA 98111

SEP 20 2019

To schedule free
Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**Retail**

**UNITED STATES**
**POSTAL SERVICE.**

**P**

US POSTAGE PAID
Origin: 66044
09/18/19
1950160584-45

**$7.35**

PRIORITY MAIL 2-DAY ®

0 Lb 3.10 Oz

**1006**

EXPECTED DELIVERY DAY: 09/20/19

**B900**

SHIP
TO:
PO BOX 91318
SEATTLE WA 98111-9418

**USPS TRACKING NUMBER**

9505 5158 7326 9261 2904 63

■ Pick up available.*
■ Order supplies online.*
■ When used internationally, a customs
declaration label may be required.

* Domestic only

EP14F Oct 2018

This envelope is made from post-consumer waste. Please recycle - again.

## OBJECTION TO PROPOSED SETTLEMENT

RE: Equifax Data Breach Lawsuit

I was notified by Equifax that my personal information was included in their data breach.

I object to the proposed settlement as not being fair, reasonable, and adequate and ask the Court to reject it. The amount set aside for cash settlements with individuals is likely to be tremendously inadequate to provide anything close to the $125 per person amount that has been advertised. As such, I feel the settlement is deceptive.

I have not objected to any class action settlements in the past five years. I am not represented by an attorney. I do not intend to attend the Fairness Hearing for this settlement.


Jeffrey P. Brown
5012 Torida Way
Yorba Linda, CA 92886

Received
SEP 2 3 2019
by JNDLA

SANTA ANA CA 926

19 SEP 2019 PM 5 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

SEP 2 3 2019

The Brown Family
5012 Torida Way
Yorba Linda, CA 92886

Jeffrey Walters
390 Stovall St SE
Apt 3407
Atlanta, GA 30316

Received
SEP 2 0 2019
by JNDLA

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

As a class member, I object to the settlement proposed Case No. 1:17-md-2800-TWT.

I find the proposed settlement as I understand it:

Equifax will pay at least $380,500,000 into a Consumer Restitution Fund. The Consumer Restitution Fund will be used to:

- Make cash payments for Out-of-Pocket Losses and Time Spent;
- Purchase Credit Monitoring Services;
- Pay cash Alternative Reimbursement Compensation to Settlement Class Members who already have their own credit monitoring or identity protection coverage before making a claim
- Make cash payments for Subscription Product Reimbursement;
- Purchase Restoration Services for all Settlement Class Members, regardless of whether they make a claim;
- Pay the costs of notifying Settlement Class Members and administering the settlement;
- Pay service awards to the Settlement Class Representatives, as approved by the Court;
- Pay attorneys' fees, costs, and expenses, as approved by the Court.

I have confirmed that I am a class member by using the tool provided at https://www.equifaxbreachsettlement.com. While initially registering I was led to believe that I would receive a cash compensation of $125. I found the verbiage listed on the site as deceitful with the current compensation earmarked for class members inadequate. A punitive fine for another data company that was assessed at a similar time by the FTC was an amount ten times this settlement. Furthermore, I declined the option of credit monitoring since I have services provided by my financial institution as well as offers from previous settlements such as a 2015 voter data breach in my home state of Georgia. Credit monitoring is not nearly as effective as simply freezing one's credit, which I have already done, since it is reactive instead of proactive, and a cash compensation for a company losing data collected without my consent should be preferable to most class members.

I have not objected to any other settlement in the previous five years. I do not intend to appear in person on the fairness hearings.

Thank you for your consideration

Sincerely,

Jeffrey Walters



ATLANTA METRO 300

17 SEP 2019 PM5 L

JEFF WALTERS
390 STOVALL ST SE
APT 3407
ATLANTA, GA 30316

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941810

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I am a member of this settlement class because I received a letter from Equifax stating that my personal data had been compromised and confirmed this on their website.

I object to this settlement due to an insufficient dollar amount for the number of affected persons. My right to have my personal information safeguarded by these companies is worth far more than the twenty one cents that I could potentially receive. Forcing credit monitoring should only be an additional requirement to a fair payout. This settlement does little to deter more of the same inadequate protections from this company and others like it.

I have not objected to any settlement in the last five years.

I do not intend to appear at the Fairness Hearing. I am not represented by a lawyer.

Thank you,

Jeffry A. Jenkins
PO Box 879584
Wasilla, AK 99687

Received
SEP 2 3 2019
by JNDLA



ALASKAN FRONTIER
995-997
30 SEP 2019 PM 3 L

Jenkins
PO Box 879584
Wasilla, AK 99687

Equifax Data Breach Class Action Administrator
PO Box 91318
Seattle, WA 98111—9418

SEP 2 3 2019

Attn: Objector c/o JND Legal Admin.

98111—541818

9/17/19

To Whom it May Concern:

Equifax and the settlement website (https://eligibility.equifaxbreachsettlement.com/en/eligibility) have both confirmed that my personal data was compromised. The confirmation from Equifax's website and Equifax representatives by telephone was late, inconsistent, and only after repeated requests after the data breach became news.

Because my personal data was made public by Equifax's negligence, two credit cards and a checking account were opened in my name. I spent hours on the phone with the issuing financial institutions and with representatives from all three major credit reporting agencies, including Equifax. I was charged by all the credit reporting companies to freeze my records so new credit cards, loans, or other instruments could not be opened in my name. My social security number, home address, previous addresses, credit card account information, previous employers, and any other information Equifax had is now public information. I live under the constant fear that someone will use that information and out me and my family's financial and physical safety at risk.

The settlement referenced above does very little for the actual victims of Equifax's negligence and is not a sufficient deterrent for other agencies or organizations in a similar position who make millions of dollars handling the personal information on consumers without their consent or control.

I also object to the requirement that victims of this data breach need to "request" exclusion versus opt-in for representation and that this exclusion request needs to be sent by mail while opting-in to the lawsuit can be done much more easily on line. More paperwork and hurdles for victims by the very lawsuit that is claiming to have scored a victory for them. I understand sometimes written legal documents are required, but docusign and similar services make this something that could be done online.

I have never objected to a class action lawsuit. The charade of this settlement compelled me to respond for the first time.

Unfortunately, by appearing at the Fairness Hearing, I would incur more expenses and more time away from work than I have already suffered as a result of Equifax allowing its systems and data to be compromised.


Regards,

Joe Manuel Cardador
5407 Neosho Ln.

Received
SEP 2 0 2019
by JNDLA



KANSAS CITY 640

17 SEP 2019 PM 4 L

Alabama
1819

J. Cardador
5407 Neosho Ln
Fairway, KS 66205

Equifax Data Breach Class Act Settlement Admin.

SEP 2 0 2019  ATTN: Objections
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-9418

**Objection to Proposed Settlement,**
**In re: Equifax Inc. Customer Data Security Breach Litigation,**
**Case No. 1:17-md-2800-TWT**

To:
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
AUG 06 2019
by JNDLA

From:
Joel Aaron May
9701 NE 21st St.
Vancouver, WA 98664-2903

Joel May

**Statement Indicating Why I Think That I Am A Member of The Settlement Class**

The "Check Your Eligibility" tool on the Settlement Website (https://eligibility.equifaxbreachsettlement.com/eligibility) reports "...our records indicate your personal information was impacted by this incident." I believe this to be true, as my credit history started years before the 2017 data breach.

**Reasons Why I Object**

*Cash Amount Is Too Small*

The settlement amount is too low to appropriately cover the damage done and compensate people for their time and lifelong elevated risk of identity theft. The Settlement Website advertised up to $125 for people who have credit monitoring. According to the FTC, "...each person who takes the money option is going to get a very small amount. Nowhere near the $125..." (https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement). For the people who have credit monitoring, this is unfair, because the credit monitoring is worthless to them and their only other option within this Settlement is to take a "disappointing" amount of cash.

As many other people in this class, I already have credit monitoring bundled into services I use. In my case, I have credit monitoring from TrueIdentity (part of TransUnion), IDnotify (part of Experian), Experian credit monitoring, LastPass, and Credit Karma. I also have "ID Theft Protection" from Mastercard's Identity Theft Alerts service, which covers some gaps in the aforementioned credit monitoring services. I have no desire for another credit monitoring service. I have desire to financial restitution for the lifelong elevated risk of identity theft that will take my time to recover from, whether or not I have identity theft insurance.

So, with the credit monitoring option ruled out of my choice, I'm left with whatever I can get of the cash settlement. The FTC did not provide exact numbers, but by some quick calculations on the "millions of people" visiting the site in the first week and a total of $31 million, it seems that people with credit monitoring should expect about $30 or less. $30 is much less than a fair compensation for the personal information compromised, especially when $125 was advertised on the homepage of the Settlement Website. This settlement should be rejected, allowing for a settlement that's fairer and properly estimates for the public response.

(continued on reverse side)

Furthermore, the total amount being paid by Equifax is very small in consideration of their $17 billion net worth (according to MacroTrends for 2019-07-24). Equifax deserves a penalty that hurts their bottom like in accord with how much they affected nearly half of the United States' population by exposing sensitive personal information.

*Class Members Who Take No Action Are Bound by This Arbitration with No Benefit*

Class members who take no action receive no compensation whatsoever but are bound by this arbitration that prevents any future lawsuit against Equifax from those members. This is unfair to the majority of people who do not take the time to read the details of this Settlement. If class members who take no action are to be prevented from any further lawsuits against Equifax, they should receive fair warning or compensation. Class members should not be excluded from further lawsuits, unless they are plainly made aware of their need to exclude themselves from this Settlement, such as by sending letters to each class member informing them of their rights they are forfeiting with no benefit by taking no action.

I request that this Settlement be rejected for the unfairness to the average class member who does not understand the complete ramifications of not taking any action.

**All Class Action Settlements to Which I Have Objected in the Previous Five Years**

I have not objected to any class action settlements in the past five years.

**Whether I Intend to Appear at the Fairness Hearing**

I do not intent to appear at the Fairness Hearing, either in person or through a lawyer.


Signed, Joel May, 2019-08-02.



PORTLAND OR 972

02 AUG 2019 PM 4 L

Joel May
9701 NE 21st St.
Vancouver, WA 98664-2903

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Received
AUG 0 6 2019
by JNDLA

John Walthall
183 Robert Quigley Dr № 1
Scottsville, NY 14546

*In re: Equifax Inc. Customer Data Security Breach Litigation*

Case № 1:17-md-2800-TWT

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
℅ JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

8/1/2019

TO WHOM IT MAY CONCERN:

I object to the proposed settlement in this case.

This settlement is so grossly inadequate as to shock the morals. No reasonable person would think that a settle-ment involving paying only a few cents per-person across the entire class is just. Even the aggregate amount is too small to deter, it will simply be the cost-of-doing-business.

According to the FTC:

> 5. I thought I could choose $125 instead of free credit monitoring. What happened?
>
> The public response to the settlement has been overwhelming. Millions of people have visited this site in just the first week. Because the total amount available for these alternative payments is $31 million, each person who takes the money option is going to get a very small amount. Nowhere near the $125 they could have gotten if there hadn't been such an enormous number of claims filed.
>
> https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement#FAQ5

These settlements just compound scam upon scam. Settlements like these are sadly all too common and perpet-uate a very justified perception that justice does not exist once you get rich enough and that courts and regulatory bodies of our country have been captured and subverted by these depraved interests.

Furthermore: the court should not have permitted a situation in which, as the settlement website puts it:

> Equifax denies any wrongdoing, and no court or other judicial entity has made any judgment or other determination of any wrongdoing.

The lawsuits should conclude normally, and not be settled. It is important for society to ascertain whether Equifax did any wrongdoing. The court *should* make 'a judgement or other determination' of wrongdoing or lack of it.

I was identified as a class member by the website "equifaxbreachsettlement.com"

(please turn to the next page)

I will not appear at the fairness hearing in any capacity. There are two reasons for this.

1. It is utterly futile
2. While the offer as given is inadequate, reasonable and adequate compensation would likely be less than the cost of taking time off work and flying to Atlanta, a city which is hundreds of miles away.

I have never objected to any class action settlement before.

Sincerely

John Walthall



FOREVER / USA

ROCHESTER NY 144

02 AUG 2020 PM 1 1

818145-111186



John Balzar
1399 Canterbury Way
Potomac, MD 20854
Equifax claim: PJQ4R-AD6VL

Received
SEP 20 2019
by JNDLA

Sept. 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

To the Administrator:

My family and I feel deceived.
The "settlement" in the Equifax case is turning out much less than the press releases
suggested. Credible news accounts and public discussions leave us convinced that $125
settlement was a PR diversion and little else. The court, I believe, should not be party to this.
I have verified that my information was among the millions put at risk by Equifax. I filed the claim
for reimbursement to the best of my ability.
The latest indignity was an email asking for the name of the credit monitoring service I have.
Here, the company that failed to protect my private information now asking that I hire a third-
party at $10-$30 per month to "protect" my financial information? This should not be part of any
settlement. It's just not fair. Not just.
I have a years' long record, maintained in writing, of personally monitoring my credit, ten and
more times per month, utilizing my banks, credit reports, credit card accounts and investment
accounts. This has served me well – far better than Equifax has handled my family's financial
information. I replied to the latest email with this information.
I fear that that this process will only feed public cynicism about our justice system. There has
been a regulatory failure by the FTC in bringing this kind of settlement to this court. You are the
last hope here.
I will not be attending hearings on this matter, and I have not retained counsel. I am, however,
available as the court may request. And I wish you well moving forward.
I would ask (1) that my personal financial monitoring over the years satisfy the requirement for
credit monitoring, and (2) that the court take whatever steps available to transform this
settlement into something more fair to millions of us Americans who are otherwise powerless
against an unaccountable third-parties like Equifax.

Sincerely,

John Balzar



CAPITAL DISTRICT 206

17 SEP 2019 PM 3 L

FOREVER / USA

EQUIFAX BREACH CLASS ACTION ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

SEP 2 0 2019

Mr. John R Balzar
1399 Canterbury Way
Potomac, MD 20854

John & Mary Fleischman
1338 Paxton Ave, #2,
Cincinnati, OH 45208
fleischmanink@icloud.com/513-706-0212

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

> Received
>
> SEP 2 0 2019
>
> L...INDLA

September 17, 2019

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Settlement Administrator,

We write to object to the proposed settlement in the Equifax Data Breach Class Action. As we understand it, the proposed offer of credit monitoring or a fast shrinking cash payment offered by Equifax is deceptive, self-dealing, and borderline fraudulent. The company has failed in its fundamental obligation to protect our personal and confidential data, leaving it exposed to criminal intrusion.

After we were informed by Equifax that our confidential data had been exposed to cyber intruders, we filed a claim for monetary compensation. Our claim number is **PTVJZ8X7LG.** Next we were informed that our claim would be disallowed if we could not demonstrate that we had credit monitoring coverage. We have verified our credit monitoring service active on the indicated date and submitted it before the arbitrary deadline set by Equifax.

We object on the grounds that this settlement is totally one-sided, that it has been set forth in a deceptive, secretive, and self-serving manner. It would establish a dangerous precedent in law and public policy, allowing a corporation to self-appoint itself as keeper of the nation's private and valuable information and then fail in its most fundamental duty to keep it secure. Equifax now contends that the cost of such negligence should be minor, at least to itself, and the substantial damage is better born by ordinary Americans.

Our names and our address are listed above. John W. Fleischman was a party to the class action suit, Literary Works in Electronic Databases Copyright Litigation, settled in 2018. We sign our names below. We will not be able to attend any hearing.

Signed,

*John Fleischman*

John Fleischman

*Mary Fleischman*

Mary Fleischman



CINCINNATI OH 452

17 SEP 2019 PM 2 L

John & Mary Fleischman
1338 Paxton Ave, #2,
Cincinnati, OH 45208

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-641818

Jonathan Hammer
140 Cutlers Farm Rd, Monroe CT, 06468

```
Received
SEP 2 0 2019
by JNDLA
```

To Whom It May Concern,

      Regarding *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, I am a settlement member, as informed by Equifax's equifaxbreachsettlement.com.

I was informed on July 29, 2019, that my information was breached, and I filed a claim through their portal; on September 17, 2019, I opted out of receiving any compensation or credit monitoring from Equifax, as I feel this settlement is a disgrace to the American people and financial ethics overall.

      I have not objected to any other class action settlements in the past 5 years, but I object to this settlement. I believe most, if not all, victims would agree with the below:

1. $125, with an additional $25/hr for breach-related work, is substantially lower compensation for any damages than those that could occur from the breach;

2. Of the $650 million Equifax may pay out, a $31 million cash compensation cap for victims 4.7% of settlement allocation for roughly 50% affected Americans. Ethically, $300 million are supposed to go to damages, which makes $31 million paltry;

3. If all victims of the breach were awarded cash compensation, they would (on average) receive 21 cents each, which is simply insulting;

4. Subjectively, a company who was hacked that is now providing free credit monitoring as an alternative to cash does not provide me comfort;

5. Equifax waited 1 month to disclose a 76-day breach, meaning that information was at risk for at least 106 days (3.5 months) before the American public knew;

6. The American public has an ethical responsibility to hold its corporations accountable for their actions — and the courts must support when privacy is breached, or else there is no justice.

Mankind is gravely ill prepared for the consequences of its actions in the digital age, and accordingly, the decisions our societal leaders make are more important than ever. Accordingly, in a democracy, the standards we hold those leaders to when they fail to act ethically should be objectively dealt with, otherwise, there are hollow values functioning as the foundation of our society. Please make the right decision.

If any legal information or evidence is required in connection with my objection, please advise. Proof of my opting in and opting out are attached as images in the following pages below.

Proof of Opt-In:

☑ Check

## Your Signature

Your claim will not be received by the Settlement Administrator until you click the submit button after your electronic signature. For security reasons, once you hit submit, you **will not** be able to make any changes to your claim form through this portal, however, you will still be able to go into the portal to upload supporting documentation if you haven't done so. If you later decide you need to change any of the information on your claim form, you will need to reach out to the Settlement Administrator directly.

☑
I affirm under the laws of the United States that the information I have supplied in this claim form and any copies of documents that I am sending to support my claim are true and correct to the best of my knowledge.

☑ I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

Jonathan Hammer

Date   July 29, 2019

## SUCCESS ✔

Your claim form has been submitted successfully
Your claim number is:  **PM3LF-2EQ8R**

### Supporting Documents

Experian Credit Freeze - Proof of Account Creation.png          upload failed ⊗

You May Print These Details And Keep A Copy For Future Reference By Clicking The Print Button

PRINT



U.S. POSTAGE >> PITNEY BOWES

ZIP 06902
02 4W $ 000.50⁰
0000356424

Jonathan Hammer
140 Cutlers Farm Rd.
Monroe, CT 06468

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

Joseph J. Ferri
16 Windswept Way
Long Valley, NJ 07853

September 17, 2019

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Received

SEP 23 2019

by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I have been identified by Equifax as a class member of the above captioned litigation, having receive multiple written and electronic communications from them. I have responded by first petitioning for the cash settlement, and then amending the claim (feeling coerced to do so from the defendant).

I strongly object to the settlement terms, in that insufficient funds have been earmarked for class members. Additionally, it is my opinion that bad faith has been displayed and a mockery made of the due process.

I have never before objected to a class action settlement; this is one that I find so egregious that I find that I am compelled to object to it.

I am not represented by counsel in this matter, and at this time do not intend to appear at a hearing.

Joseph J. Ferri



Joshua D. Hyrman
1533 Cellars Ave
Vancouver, WA 98661
jhyrman@gmail.com

Received
SEP 03 2019
by JNDLA

August 2, 2019

Honorable Judge Thomas W. Thrash Jr.
Judge of the United States District Court for the Northern District of Georgia
75 Ted Turner Dr., SW
Atlanta, GA 30303

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Judge Thrash,

I am writing to ask the Court to deny the settlement as it is. Because of several other data breaches in recent years, I am already receiving credit monitoring and will be for at least six more months. These other breaches have likely affected a substantial number of the 147 million consumers who were also affected by this Equifax breach. Because most of the 147 million members of this settlement class already have credit monitoring and will continue to have credit monitoring for at least six months, I believe that a majority of the settlement class will opt to receive a cash settlement rather than the offer of credit monitoring. If this does happen, it will significantly dilute the proposed settlement fund. For these reasons, I am asking the Court to deny the settlement as it is.

I am a member of the settlement class because my personal identifying information was impacted by the EquiFax data breach.

I have not objected to any class action settlements in the last five years.

I do not intend to appear at the Fairness Hearing.

Respectfully,

Joshua D. Hyrman



HYLMAN
219 W FOWLER AVE
WEST LAFAYETTE, IN 47906

Equifax Data Breach Class Action Settlement Administrator
ATTN: OBJECTION
c/o JND LEGAL ADMINISTRATION
P.O. Box 91318
Seattle WA 98111-9418

SEP 0 3 2019

98111-941818

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

To Whom It May Concern:

My personal data was exposed in the Equifax data breach, and now I hear that the settlement amount is not large enough to cover all the claimants, and that is why Equifax has started a second round of "application" procedures for those of us who were harmed, apparently hoping that enough people will be daunted by the process that they – Equifax – will not have to pay us all what they are supposed to pay. It is exhausting to find that at every turn big corporations are protected and coddled while regular people are treated like commodities.

I have not participated in or objected to any other class action settlements in the previous five (5) years; as I travel only by bicycle or foot and I work full-time, I will not be appearing at the hearing itself. I am not represented by a lawyer.

In 2017, I had to mobilize against identity theft perpetrated by an outfit called Debt Recovery Solutions. I also had someone who lived in a vacant lot in Connecticut try to take out a credit card in my name. I have to keep a careful eye on all transactions to my accounts, and it is fatiguing. For this, $125 is little enough; but I want at least the whole thing. Equifax must pay.

It is a shame that these big companies that we can hardly avoid doing business with are so cavalier with our data.

Please help see that justice is served in this case,

Sincerely,

Judith M. Swann
329 Hook Place
Ithaca, NY   14850

Received
SEP 23 2019
by JNDLA

ROCHESTER NY 144

19 SEP 2019 PM 2 L

Sueann
329 Hook Place
Ithaca, NY
14850

SEP 2 3 2019

Equifax Data Breach Action Settlement Administration
ATTN: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA
98111-9418

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn. Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To Whom It May Concern;

Per Equifax inquiry my sensitive information was part of the breach and was in fact
compromised.  This was confirmed on two occasions using the tools provided by Equifax.

I object to this settlement due to fears of the long-term implications caused by this breach.  It can
be decades before those of us who are affected will know for certain we are not at risk.  Until
there is a better long-term solution to their failure to protect my information, I will not settle.

I have not been involved in any other class action lawsuit in my entire life, therefore I have no
settlements pending.  I do not intend to appear at the Fairness Hearing due to travel limitations.

Respectfully,

Julie Engel, CEcD
President/CEO
Greater Yuma EDC
7883 East 36th Place
Yuma AZ 85365

Received
SEP 2 3 2019
by JNDLA

# Greater Yuma
ECONOMIC DEVELOPMENT CORP

899 E. Plaza Circle, Ste. 2
Yuma, Arizona 85365

SEP 23 2019

Equifax Data Breach
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



Hasler
09/26/2019
US POSTAGE $00.50

FIRST-CLASS MAIL
FIRST-CLASS MAIL
ZIP 85365
011D10631686

Received
SEP 20 2019
by JNTNA

In re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To whom it may concern,

My name is Karan Goel and I'm a proud resident in Seattle, WA. Like every single person working or living in the USA I have a Social Security Number (that I did not opt into but was legally mandated), and hence all my personal and financial information resides in the premises owned, maintained and/or operated by Equifax Inc (among other credit bureaus). All of that information was part of Equifax Inc. hack that was caused by gross incompetence, negligence, and greed of the Equifax executives.

That makes me a member of the settlement class. I have not objected to any class-action lawsuits in the last five years. I do not intend to appear at the Fairness Hearing, either in person or through a lawyer.

I strongly object to this settlement. In the fiscal years 2016-2018, Equifax earned a net profit of over $1.3 billion dollars. Most of it from the personal information of the American people. It should have been their number one priority to safeguard that information. They definitely had the money to do so. However, due to gross incompetence, negligence, and greed of the Equifax executives, perpetrators were able to access the most private information on over 145 million people. I object to the settlement because the pool set aside for cash payments to those affected is too small. Even if half of the people filed valid claims, my share of the $31 million dollar would only cover the postage for this mail. Meanwhile, the top five named executives cleared over $11 million in combined compensation in 2018 alone.

Accepting this settlement is a message to the corporate world that they can literally harm the entire population of the USA, and only be liable for a slap on the wrist.

Please reject this settlement, please make the corporation and its leaders pay. Please make the country whole.

Sincerely,
Karan Goel
09/17/2019



Karoun Geo|
2901-15ᵗ Ave #1014
Seattle WA 98121

SEP 20 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Karen T. Ferri
16 Windswept Way
Long Valley, NJ 07853

September 17, 2019

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Received

SEP 23 2019

by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I have been identified by Equifax as a class member of the above captioned litigation, having receive multiple written and electronic communications from them.  I have responded by first petitioning for the cash settlement, and then amending the claim (feeling coerced to do so from the defendant).

I strongly object to the settlement terms, in that insufficient funds have been earmarked for class members.  Additionally, it is my opinion that bad faith has been displayed and a mockery made of the due process.

I have never before objected to a class action settlement; this is one that I find so egregious that I find that I am compelled to object to it.

I am not represented by counsel in this matter, and at this time do not intend to appear at a hearing.

Karen T. Ferri



SEP 23 2019

ON DANIELS NJ PM 7 L
15 SEP 2019 PM 7 L

Mr. & Mrs. Joseph J. Ferri
16 Windswept Way
Long Valley, NJ 07853-3272

98111-S41818

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Kate Peeler
10028 Gothic Avenue
North Hills, CA 91343


I am a member of this settlement class because I was notified by Equifax that my privacy had been compromised.

I object to this settlement, as it is misleading and ultimately nowhere near adequate compensation for my social security number and identification being compromised.

Equifax earmarked only $31 million for claims, meaning that if all 147 million people affected by the breach filed a claim, everyone would get just 21 cents. Many consumers already have credit monitoring through their AAA membership or credit card companies, so credit monitoring is not an adequate remedy in this situation.

I had to spend my own time to freeze my credit, and in some cases, had to pay other credit monitoring companies to freeze it. When I needed to make a car purchases at a later date, I had to take the time to unfreeze my credit in order to move on with the sale.

I lost my time and money due to Equifax's gross negligence. I deserve more than $125, and most definitely more than 21 cents.

I have not objected to any class action lawsuits in the last five years.

I do not attend to appear the Fairness hearing.


Sincerely,

Kate Peeler

Received
SEP 23 2019
by JNDLA





Equifax Data Breach Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818



KATE & KEVIN
10028 GOTHIC AVENUE
GRANADA HILLS, CA
91343

SEP 23 2019

Sept 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Kathleen Reynolds
26314 Metolius Meadows Dr
Camp Sherman OR 97730

In re:  Equfax Inc. Customer Data Security Breach Litigation, Case NO. 1:17-md-TWT

I am a member of the settlement class and have been notified of such by email.

I object to this class action settlement on the basis that it is inadequate to compensate me for the loss of my private information.  My whole life is monitored and tracked by Equifax for the profit of them and other entities.  Then, when that information is not adequately protected by them, I am offered a pittance in compensation that I may not be eligible for if I did not go through their 'hoops'.  Others may profit from this settlement and perhaps Equifax will learn a lesson in business ethics.  But I have learned only that – again – my losses are not consequential enough to deserve a significant compensation.

I have not previously objected to any class settlements.

I do not intend to appear at the Fairness Hearing.

Sincerely,

*[signature]*

Kathleen V. Reynolds



Equifax Data Breach Settlement Administrator
Attn: Objection
c/o JND Legal Administrator SEP 2 0 2019
P.O. Box 91318
Seattle WA 98111 - 9418

John S. Reynolds
26314 SW Metolius Meadows Dr.
Camp Sherman, OR 97730

Received
SEP 20 2019
by JND LA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

September 18, 2019

**FROM:**   **Keith Allen Comess**
          **Frances Anne DeRook**
          **3641 NE Couch Street**
          **Portland, OR 97232**

*Keith Allen Comess*
*Frances DeRook*

**RE:**   *Equifax Inc. Customer Data Security Breach Litigation*, Case No.
        **1:17-md-2800-TWT**

We are writing to object to the Equifax Customer Data Security Breach Settlement:

1. We believe we are members of this settlement class. We received notification from Equifax that our data was stolen in the "hack" of the company's servers. We were advised by Equifax to take appropriate action. This included cancelling existing credit cards, notifying automatic billing services of change of accounts and regularly monitoring our credit standing online. For these reasons, we believe we are members of this settlement class.

2. We object to this settlement as it fails to provide appropriate restitution for the time, inconvenience and both actual/potential harm we may have or will incur as a result of this data theft. The amount appropriated for the settlement, when distributed over the Equifax consumer base, amounts to less than $1.00.

3. We have not participated in any previous class action settlements nor have we formally objected to any such during the previous five (5) years; and

4. We do *not intend* to appear at the Fairness Hearing, either in person or through a lawyer



PORTLAND OR 972

18 SEP 2019 PM 3 L

USA FOREVER

EQUIFAX DATA BREACH ACTION
SETTLEMENT ADMINISTRATOR

ATTN: OBJECTION

C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WASHINGTON 98111-9418

98111-941818

SEP 2 0 2019

CONESS/DeROOK
5641 N.E. COUCH STREET
PORTLAND, OR
9772

Kevin Patrick Graham
39114 Augusta Ave.
Sterling Heights, MI 48313
September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



To the court with jurisdiction in re: Equifax Inc. Customer Data Security Breach Litigation, Case
No. 1:17-md-2800-TWT:

I'm writing to this court tonight as a member of the class affected by the Equifax data breach
occurring in September 2017. I confirmed at the time that my information was included in the
data breach using the website set up by Equifax. I've never objected to a lawsuit settlement in the
past. I won't be attending the fairness hearing in person or through an attorney.

Given this standing as an affected party, I would like to formally raise an objection to the terms
of this settlement on the grounds that the terms are misleading at best and disingenuous at worst.
I initially opted for the $125 settlement offer, partly on the basis that I already have free credit
monitoring through at least four different providers off the top of my head. Every major financial
institution gives you access to free credit report information without even mentioning the sites
that specialize in giving consumers access to this information in a free and easily digestible
format. The fact is that if one signs up for the right services, you could get information for all
three credit bureaus for free.

The fact that only $31 million for the cash option is ludicrous given the abundance of free credit
monitoring options available. Also, the cash penalty provides some measure of restitution. The
entire business model of Equifax, and indeed all the credit bureaus, relies on getting very
personal financial data which includes Social Security numbers. We don't get a choice in the
matter. Given the position they hold as an intermediary within all sorts of financial transactions,
Equifax holds a high degree of responsibility to the public. I don't think this settlement
adequately compensates consumers for the breach of public trust.

Sincerely,

KEVIN GRAHAM

Kevin Graham



Kevin Graham
39114 Augusta Ave.
Sterling Heights, MI 48313

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

283 Concord Avenue
Lexington, Massachusetts   02421

August 4, 2019

Received
AUG 09 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
Attn: Objection

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Administrator,

I am a member of the settlement class because when I first visited equifaxbreachsettlement.com and entered the first six digits of my social security number, I was prompted to submit a claim.

I object to the class settlement of because the amount of less than $125 doesn't compensate me sufficiently for the permanent insecurity of my personal information, particularly my social security number, which can now be used by identity thieves at any time until and even after my death. I've read that it's unrealistic to expect that I'd be able to get a new social security number, and that if I did, I'd have to rebuild my good credit score.

I haven't objected to any other class action settlements in the past five years.

I don't intend to appear at the fairness hearing.

I'm available to be deposed in the Boston area on November 20, 21, 22, 25, and 26.

I'm not represented by a lawyer in this matter.

Sincerely,

Kevin Johnson
283 Concord Ave.
Lexington, MA 02421
Phone: 339-970-0595
email: krj@pobox.com



BOSTON MA 021

05 AUG 2019 PM 8 L

AUG 09 2019

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418
Attn: Objection

**Kevin Johnson**
**283 Concord Avenue**
**Lexington, MA 02421**

