# Exhibit B - 7

8/2/19

Received

AUG 0 6 2019

by JNDLA

To:     Equifax Data Breach Class Action Settlement Administrator
        Attn: Objection
        c/o JND Legal Administration
        P.O. Box 91318
        Seattle, WA 98111-9418

From:   Robert P. Ritner
        231 Avenida Serra, Apt. B
        San Clemente, CA 92672

Re:     *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To Whom it May Concern:

I am a member of the affected class as confirmed by the Equifax Data Breach website. I have not objected to any class settlements in the past 5 years and will not be able to attend the Fairness Hearing because of the expense involved. I am writing to object to the above referenced settlement and am requesting that the settlement be rejected for the following reasons:

1.  The settlement option for Credit Monitoring requires that we use Equifax Credit Monitoring and only allows for only 4 years of 3-agency monitoring, with up to 6 additional years of single agency monitoring. This proposal is woefully inadequate and does not provide the same protection that Identity Theft Monitoring would provide.

    A.   Credit monitoring is a passive approach that may detect unauthorized activity only after it has happened, requiring the consumer to spend even more resources to clear up the issue after the fact.

    B.   Identity Theft Monitoring is a comprehensive, active approach that even identifies even the trading of personal information on the Dark Web, new cell service activations, change of address and other services, providing a warning that unauthorized activity may occur and allowing the consumer to take preventative action. The cost of this service is at least $300 per year and would amount to $3,000 over 10 years. The $125 that is being offered is a fraction of the real cost to victims to properly manage the threat.

    C.   The credit monitoring offered is managed by Equifax; the company that lost my information in the first place. Placing them in charge of monitoring my credit is unconscionable. The monitoring should be done by a qualified 3rd party.

    D.   4 years of 3-agency monitoring is inadequate, given that once stolen, my personal information is out there for eternity. Less than one year after the breach, I had 3

fraudulent charges to a card I keep locked in a cabinet and rarely use, so my firsthand experience is that I will be dealing with this for quite a while and the threat is very real.

2. Equifax collects my information without my consent and offers it for sale. The information they hold is comprehensive and sensitive; involving all of my credit accounts. Therefore, their standard of care should be extremely high. Any breach exposes much more of my personal information than, say, a retail chain store breach. The people in power at Equifax did not take this duty seriously enough as evidenced by delayed public notification, delayed patching of a known weakness in their security, insider trading stock sales and other well documented, very questionable and illegal actions.

3. The offered settlement is not at all reflective of the damage (current and future), dollars and time spent by me. Even if victims were able to claim every dollar of the $700 million settlement, it would amount to less than $7 per person for something that I may well be dealing with for a very long time.

4. The overwhelming victim response to the settlement for cash payment renders the FTC's $31 million dollar cash pool for persons already purchasing credit monitoring useless. Based on the number of claims submitted the pool will not even pay for a few months of credit monitoring for persons that have already incurred almost 2 years of monitoring costs.

Regards,

Robert P. Ritner

SANTA ANA CA 925.

02 AUG 2019 PM 8 L

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN.
ATTN: OBJECTION
C/O JND LEGAL ADMIN.
P.O. BOX 91318
SEATTLE, WA. 98111-9418

98111-941818

Robert Jr P. Ritner
231 Avenida Serra # B
San Clemente, CA 92672

Robert H. Zirker IV

9815 East Gypsy Lane Road

Bowling Green Ohio, 43402

September 17th, 2019

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection

c/o JND Legal Administration

P.O. Box 91318

Seattle, WA 98111-9418

> Received
> SEP 23 2019
> by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation,*

Case No. 1:17-md-2800-TWT

My claim number is PKWLPUVCSZ. My data has been used and recorded by Equifax to generate a credit score since at least 2014 when I took my student loans. This means that my data was at risk during the 2017 data breach.

I object to the settlement for two reasons:

1. Offering free credit monitoring is not valuable compensation. Free credit monitoring is widely available already. I had such a credit monitoring service in place and will continue to use it.
2. Offering compensation *up to* some amount is not an honest or just manner of providing compensation. Creative wording should not be able to remove Equifax's obligation to care for its consumers.

I have not objected to any class action settlements in the past five years.

At the moment, I do not intend to appear at the Fairness Hearing, I hope this letter will adequately express my concerns with the proposed settlement.

I urge the court to consider if the proposed settlement provides fair compensation to the many people that trusted Equifax with their data. I ask that the court consider a settlement that will meaningfully compensate people for the effort of securing their data by changing passwords, verifying credit reports, checking credit monitoring services, etc. and for the worry of having a trusted and integral part of the American financial industry mishandle their personal data.

I am happy to communicate further with the court and settlement team in pursuit of just compensation for the American people.

Thank you for your consideration,

Robert H. Zirker IV

USA

King Eider

METROPLEX MAIL

26 SEP 2020 PM 17 L

7013 E. Gypsy Lane Rd.
Bowling Green Ohio, 43402

SEP 23 2019

Equifax Data Breach Class Action Settlement Administrator
ATTN: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941318

# Roger M. Loeb

September 13, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*Received
SEP 17 2019
by JNDLA*

Dear Sir:

By this letter I hereby object to the Equifax Data Breach Lawsuit Settlement (*In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT*) on the grounds that (1) the actual damages are not yet known and may not be known for an unforeseeable time and (2) that the terms of the settlement are unfair and unreasonable.

My full name is Roger Martin Loeb and my current address is 4673 Moonshine Ridge Trail, Parker, CO 80134-5145.

In this matter I am not represented by an attorney.

In 2017 I objected to the TrueSteam Humidifier Settlement (*LEACH v. HONEYWELL INT'L INC., Case No. 1:14-cv-12245 (D. Mass.)*) but later withdrew that objection.

I do not intend to appear at the Fairness Hearing.

I assert that I am a member of the class based on the response from the web site at *https://eligibility.equifaxbreachsettlement.com/en/eligibility*, which reported "Based on the information you provided, our records indicate your personal information was impacted by this incident."

My credentials for objecting to this settlement:

- I have been fully engaged in the information management field since 1965, initially as a computer programmer and system architect, then as an executive directing technical computing efforts, and most recently as a consultant.
- For the past 35 years I have been the owner and principal of a management consulting company whose current focus is on information risk management, i.e., security, primarily advising senior corporate executives on strategies to reduce the risks from various threats to their information assets.
- In the 1990s I was senior technical consultant to a company performing pre-underwriting of direct mail offers for automobile insurance. I worked directly with detailed credit reporting data, in this case from TransUnion, to understand how it could be effectively and legally utilized for assessing underwriting risk. Prior to this I had 25 years of experience in matching and aggregating name and address data across disparate data sources.

- From 2003 until 2009 I was contracted to the IBM Corporation with the title of Executive Consultant, Strategic Transformation, held a top secret security clearance, and represented IBM in multiple, classified projects across several agencies within the Intelligence community and the DoD.  I cannot discuss the details of those assignments, but I became quite familiar with how a threat actor might implement an attack on various types of secure enclaves, the difficulty in absolutely preventing those intrusions, and the potential value of exfiltrated information.

My first objection to the settlement is based on my belief that the full extent of the actual damages to the effected individuals is very much unknown and not likely to be understood for quite some time, if ever.  I base this assertion on several elements:

1. The exfiltrated data has, thus far, not appeared on the "dark web," at least not insofar as multiple, experienced observers have been able to find.  This is concerning, because thieves who obtain this type of data quickly attempt to monetize it, before the victims are even aware of the theft.  The fact that the data has not appeared in the usual markets is made even more concerning by the substantial delay from the time of the theft to the time when Equifax publicly revealed it.  The result is informed speculation that the exfiltration was performed by or on behalf of a nation-state actor.  (See, for example, *https://www.cnbc.com/2019/02/13/equifax-mystery-where-is-the-data.html.*)

2. Equifax has publicly announced that the stolen data consisted of full names, Social Security numbers, birth dates, addresses, and, in some cases, driver's license numbers.  In addition, credit card numbers for about 209,000 U.S. consumers was collected, as were dispute documents containing "personal identifying information" for another 182,000 U.S. consumers.  Equifax has not stated publicly whether the individuals who credit card numbers or dispute records were exposed were directly notified of those specifics.

3. Based on my experience with credit reporting files and my repeated engagement as a database architect, I am concerned that Equifax has not disclosed that other data elements may also have been exfiltrated, since it would be very unusual, and functionally limiting, for a database to contain only name, Social Security number, birth date, address, and a limited number of driver's license numbers.

4. The possibility that the Equifax data is in the possession of a nation-state actor should be of particular concern, since it could easily be utilized to quickly disrupt the economy of the United States.  For example, if a threat actor meticulously opened a large number of new accounts, including some with synthetic identities (a combination of personal data from multiple people, blended together to create a "new" person) and then, within just a few days, incurred charges against those accounts, perhaps from an array of businesses specifically established for this purpose and spread across the globe, the resulting "fraud storm" would likely paralyze a financial system that is almost totally dependent upon credit card transactions.  (This is intentionally a far-fetched and somewhat awkward example, intended to convey the concept but not the details of threat exploits that have been discussed in confidential or classified forums.)

5. Even in the possession of a non-nation-state actor, the exfiltrated data will remain valuable, if used carefully, for many years to come, particularly when combined with other personally-identifiable data, which is readily available from the many marketing companies that collect and maintain it.  Over time the victims of this data theft, myself included, will gradually reduce their vigilance, possibly leading to complex thefts that acquire entire bank accounts, redirect electronic transactions, modify public records regarding property or crimes, or alter medical records.  (For more examples in this vein, see *https://money.cnn.com/2017/09/11/technology/equifax-identity-theft/index.html*)

My second objection to the settlement is that the Federal Trade Commission representatives who negotiated the arrangement were apparently unqualified for that role, as evidenced by the foolish agreement to provide either a cash reimbursement, limited to a total of $31 million, or credit monitoring.  The response to date, as reported by multiple media, will result in a trivial cash reimbursement because the FTC was ignorant of the vast number of people who already have credit monitoring services as a consequence of myriad other data breaches or who realize just how useless credit monitoring is.  A $31 million reimbursement spread across 147 million victims is unconscionable, unfair, and unreasonable, amounting to about 21 cents per victim, which is ludicrous when compared to the value of the data.  I am not qualified to support the allegation with legal references, but this would appear to be negligence on the part of the FTC's legal representatives.

I request that this settlement be rejected and sent back to the parties to negotiate more equitable terms.


Most sincerely,

Roger M. Loeb



DENVER CO 802

14 SEP 2019 PM8 L

Roger Nell
4673 Moonshine Ridge Trail
Parker, CO 80134-5185

SEP 17 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-0418

SS1118S418 ES00

September 19, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 2 3 2019
by JNDLA

Dear Settlement Administrator,

I am writing to object to the proposed settlement of the Equifax Inc. Customer Data Security Breach
Litigation, Case No. 1:17-md-2800-TW.

I am a consumer whose data has been exposed by the breach, as indicated by the "Check your
eligibility" page on the Settlement Administrator website
(https://eligibility.equifaxbreachsettlement.com/en/Eligibility)

I object to the settlement, first, because the settlement sets aside only $31 million for claims for "Time
Spent" and funds expended for credit monitoring services. I believe that an amount much larger should
be available for people who may have been harmed by this breach. The publicity that consumers may
receive only a small amount of compensation could discourage consumers from submitting claims. This
settlement proposes an insufficient remedy in such a way that consumers are discouraged from seeking
redress.

I object to the settlement, second, because it requires having made a purchase of credit monitoring
services in order to apply for "Time Spent" claims. Alternatively, a prudent and responsible consumer
could have immediately frozen his/her credit as a way to protect himself/herself after the breach, rather
than relying on after-the-fact notices from credit monitoring services. I do not believe that
compensation for "time spent" should be linked to a credit monitoring purchase requirement.

I object to this settlement, third, because it does not provide a strong enough financial penalty to
Equifax to deter it from future apse of responsibility.

I have not submitted an objection to any other class action settlements in the previous 5 years.

I do not intend to appear at the Fairness Hearing, but I hope these sentiments are aired.

Sincerely,

Roger Mitchell

102 Juniper Ct
Carrboro, NC 27510



Mitchell
102 Juniper Ct
Carrboro, NC 27510

SEP 2 3 2019

Equity Data Breach Class Action
Settlement Administrator
Attn: objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**Ruth Zamoyta**
**84 Spring St**
**Millburn, NJ 07041**
**woodthrush@gmail.com**

Received
SEP 23 2019
by JNDLA

September 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*Re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To Whom it may concern:

The Equifax settlement is unfair. I de facto have no choice but to allow Equifax to hold and disclose information about me that, in the wrong hands, could spell my doom. Because of Equifax's negligence, that information could now be in the hands of malicious self-serving people willing to bankrupt me for their own gain. It has been two years since the breach, but these people will have my identifying information forever. They could use it to my ruin five, ten, twenty years from now.

And Equifax is suggesting that $125 is fair compensation for having put me in this danger. This is extremely incommensurate to the fault and danger. Furthermore, it is insulting and arrogant.

For poor, unpowerful people like me, you courts are our only hope. Please stand up to Equifax on our behalf. Shut it down for its negligence and let the directors, managers, and C-suites reimburse everyone whose finances are compromised, now or five, ten, twenty years from now, with their own money. Let THEM lose their houses. Let THEM lose their jobs. Let THEM lose their college savings. Let THEM default on their medical bills. This is gross negligence. They don't care about us and they think they can get away with it. Don't let them or it will keep happening.

Again, we measly citizens are weak and powerless. We rely on you for justice. Please help.

Sincerely,

PS: I have not objected to any other class action lawsuits ever. Unfortunately I cannot appear at t a hearing because I am a single mother and need to be home and available to care for my child. I am not represented by a lawyer.

US POSTAGE
$00.50
First-Class
Mailed From 07079
09/17/2019
032A 0061856906

DV DANIELS
NJ OXO
18 SEP'19
PM 2 L

RUTH

# SOPAC

SOUTH ORANGE
PERFORMING ARTS CENTER

One SOPAC Way
South Orange, NJ 07079

R E D E F I N I N G   A   G R E A T

*Arts*  E X P E R I E N C E

SEP 23 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111—941818

Nathan Przybylo
1309 Nicolet Blvd
Neenah WI 54956
(847) 331-3669
nprzybylo@gmail.com

Received

SEP 23 2019

by JNDLA

September 17, 2019

To whom it may concern:

I am writing to express my objection to the Equifax Data Breach Lawsuit class action settlement (Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT). I was one of the 147 million people whose personal data and privacy has been carelessly stolen. I find the initial terms of the settlement not large enough, and the actions since by Equifax and the FTC regrettable.

The initial terms set out by the settlement included $700 million to be put up by Equifax. While a seemingly large number, that equates to under five dollars per person. Is this how anyone values their privacy? I certainly put the intangible cost of my information much higher, which is why I try to protect it and expect Equifax to do the same. I am not interested in ten years of credit monitoring, Equifax has already shown it has no capacity to protect my data, and I hope it won't even be around in ten years. This five dollars is woefully less than the purported $125 mentioned in the lawsuit.

If this wasn't unsettling enough, the follow-up action by Equifax and FTC are even more repugnant. It turns out that Equifax only set aside $31 million for claims, representing twenty-one cents per person. Additionally, it changed the layout of the settlement from having each affected person who wanted a payout to provide proof of credit monitoring instead of just an attestation of it. This is an undue burden, why should the affected people in this privacy breach have to give up additional personal information? As so happens, I do have idNotify through Experian, along with credit freezes for all three bureaus and Innovis which took a not-insignificant amount of time and resources to set up.

One would think that at this point the FTC would come down harshly on Equifax. Instead, the FTC confirmed the paltry amount Equifax has committed to the lawsuit and urged consumers to instead take the 10 years of credit monitoring. As stated above I am not interested in credit monitoring and doubt the effectiveness of it in light of past circumstance. I find it appalling that only $31 million is the estimated cost to Equifax for this unprecedented breach of virtually every adult American. What kind of precedent does this send to the inevitable future cases of privacy breaches?

This is the only class action lawsuit I have been involved in for the last five years, and I do not intend to appear at the Fairness Hearing.

Signed,

Nathan Przybylo

MILWAUKEE WI 530

18 SEP 2019 PM6 L

1309 Nicolet Blvd
Neenah WI 54956

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 23 2019

98111-941818

PATRICIA R. PENGRA

17 September 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418



Re: Equifax Inc Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Sir or Madam:

I was notified that my personal data was compromised by the Equifax breach. I received the offer of $125 as restitution or free credit monitoring. I chose instead to freeze my credit, which makes me ineligible for either form of restitution.

I object to this limitation as individuals obtaining my compromised data have, in the past, used it to illegally withdraw funds from my accounts and use my credit cards.

I urge the court to expand the settlement to include those who chose to freeze their credit rather than use credit monitoring as eligible for the $125 restitution payment.

I have not objected to any class action settlements in the previous 5 years.

I do not intend to appear at the Fairness Hearing. I am not represented by an attorney.

Sincerely,

*Patricia R. Pengra*

Patricia R. Pengra

1215 EAST WOODBURY ROAD
PASADENA, CALIFORNIA 91104
PHONE: 301-412-2844

SANTA CLARITA, CA  913

13 SEP 2019 PM 4 L

Richard Fullerton & Trish Pengra
1215 East Woodbury Road
Pasadena, CA 91104-1339

SEP 2 0 2019

Equifax Data Breach Class
Action Settlement Admin.
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Breach, Case: 1:17-md-2800-TWT

My name is Patrick Baggett. I checked using Equifax's tools, an indeed, they indicated that I have been affected by this breach. As a member of this settlement, I OBJECT to the proposed settlem

The proposed remedy to Equifax's negligent handling of my data is to simply have them offer me services, which costs them objectively little. The personal information lost will be a problem for me for the rest of my life. I cannot change my birthdate, nor, without undue burden, my social security number. These "identifiers" are both unique to me, and now available to criminals online all over the world. In a world where such "identifiers" are assumed to be secrets, the wholesale loss of hundreds of millions is a grave threat that will cost law enforcement and Americans billions over their lifetimes, as the uncorrectable problem of immutable personal information is effectively ~~held is~~ what our entire system of trust is based on. Anyone can now be Patrick Baggett on the internet now.

As if to throw salt into a hideously deep gash, Equifax now requires that I must prove I have credit monitoring before they would deign to compensate me for the lifetime of trouble I will face, should I wish to have a paltry $125. Such is the madness of large corporations. But even worse, should everyone in this class action decide to request a cash payment, Equifax decided to earmark just $31 million dollars. Hilariously, this amounts to, as the New York Times reports, to about 21 cents per person; barely worth the paper such a check would be printed on.

Data breaches will remain as frequent as ever if weak-willed negotiators allow such garbage to pass as "victim compensation". Equifax clearly has won should this come to pass, but more than that, the criminals who will harass me for the rest of my life will continue to find new and exciting ways to break into companies who are treated with kid gloves by our top federal attorneys. I ask the court today to reject this settlement. It will have no meaningful impact to victims of this breach, nor Equifax. It sacrifices common sense on the altar of ~~corporate~~ corporate greed. Again.

Signed   09/16/2019

Received
SEP 2 0 2019
by JNDLA

Patrick Baggett

(See reverse for required objection information)



MORTH TEXAS TX P&DC
DALLAS TX 750
17 SEP 2019 PM 1 L

Patrick Baggett
1321 Edinboro Ln.
Carrollton, TX 75006



SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administrator.
Attn: Objection
c/o JND Legal Administration
P. O. Box 91318
Seattle, WA 98111-9418

98111-941818

9/17/19

Letter of Objection, regarding Equifax Inc. Customer Data Security Breech Litigation,
Case No. 1:17-md-2800-TWT

I object to the agreed upon settlement against the Defendant (Equifax, Inc.) as being too small
for the following reason:

Establishment of Credit and subsequent Credit history valuation as held by the Defendant is
fundamental to my financial wellbeing and others who are participating in the Settlement
Action. Credit history valuations establish the basis for 'Life, Liberty, and the Pursuit of
Happiness' accorded to each American citizen, as outlined in the Constitution of the United
States. The Defendant has taken a casual attitude and careless approach regarding the privacy
of these Credit history valuations. This careless attitude amounts to nothing less than
malpractice. The only reason for the existence of Equifax Inc., is to maintain and keep private,
such Valuations as this is their sole responsibility. The Defendant has had many years to
establish proper privacy protocols and procedures and has failed to do so.
As a result of this breach of fiduciary duty, Equifax has placed my financial wellbeing in jeopardy
by allowing others to obtain and falsify my personal credit valuation status through
impersonation and false witness.
In essence, the Defendant has denied me the right to 'Life, Liberty, and the Pursuit of
Happiness' through their careless and negligent actions. Not only is my financial wellbeing in
jeopardy but harassment via unwanted email and phone solicitations have begun.

I allow that mistakes happen but I firmly believe that the Defendant was negligent in their
actions. I respectfully ask that the Court take my statement into consideration and reconsider
the lenient punishment previously agreed to.

I am a member of the Settlement Action because I was able to confirm that my Social Security
Number and Credit history valuation was among those items stolen in the recent data breach.

I have not submitted an Objection regarding any other Class Action Settlement within the last
five years.

I am unable to attend the Fairness Hearing in person or through Counsel.

Thank you and Regards,

Paul Carlberg
970 S. Telluride St.
Aurora, Colorado, 80017

Received
SEP 2 3 2019
by JNDLA



DENVER CO 802

18 SEP 2019 PM 9 L

970 S. TELLURIDE St.
AURORA, CO. 80017

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
ATTN: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, Washington
98111-9418

# Paul & Helen Hoyer

2019-09-19

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318.
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

Dear Administrator,

This settlement is not in the public interest. Each lawyer should receive no more than each documented victim. The amount designated for the public is too small. I don't want to trust the companies that failed me to continue to provide monitoring services without unlimited liability and real time, unlimited professional telephone assistance for not less than 10 years.

Alternatively, I am a professional who has spent hours over past and future years checking and rechecking my online financial information. I ask to be compensated at my usual hourly rate for $225 for time spent.

Sincerely yours,

Paul J. Hoyer



PHILADELPHIA PA 191

20 SEP 2019 PM 4 L

**Paul & Helen Hoyer**
2114 Spruce Street
Philadelphia, PA 19103-6596

SEP 2 3 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318.
Seattle, WA 98111-9418

98111-941818

Paul Schreiber
480 State Street, Apt 1S
Brooklyn NY 11217
paulschreiber@gmail.com
415-449-1420

Received
SEP 20 2019
by JND

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Sir or Madam —

I am a member of the settlement class. I confirmed this via the settlement administrator's website and received a claim number.

I write to object to the proposed settlement in this case. Given the small amount of funds put aside to pay claims, it is very likely that I will not receive the $125 I expect. According to news reports, I could receive as little as a few cents.

It is unreasonable that (a) Equifax pay such a small amount (b) that the lawyers and named plaintiffs are the sole meaningful beneficiaries of this agreement. A *cy pres* settlement would also be inappropriate. Credit monitoring service is not a substitute for financial compensation.

Please increase the settlement amount to ensure enough cash is available to pay *all* class members the full cash compensation amounts they could claim.

I have not objected to any class action settlements in the past five years.

I do not intend to appear at the fairness hearing, either in person, or through a lawyer.

Sincerely,



FOREVER USA

NEW YORK
NY 100
17 SEP '19
FM 6 L

EQUIFAX DATA BREACH CLASS ACTION
ATTN OBJECTION
c/o JND LEGAL ADMIN
PO BOX 91318
SEATTLE WA 98111-9418

SEP 2 0 2019

Paul Schreiber
480 State St
Apt 1S
Brooklyn, NY 11217-5104

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

```
┌─────────────────────┐
│     Received         │
│   SEP 23 2019        │
│    by JNDLA          │
└─────────────────────┘
```

Cc:  Xavier Bacerra, California Attorney General

Dear Administrator:

I am writing to comment on the Equifax Data Breach Settlement.  I was impacted by a data breach, as some unknown person attempted to hijack my retirement account.  Fortunately, I was able to stop them.  I had to change all my account numbers at Fidelity, and put a credit lock on all accounts.  I also initiated credit monitoring for myself and my wife with Credit Karma.  I also get credit monitoring from credit cards and AAA membership.

I did opt in for compensation through this settlement, accepting the financial compensation in lieu of credit monitoring, since I already monitor my credit and I have locked my credit file.  I was disappointed to learn that the settlement does not allocate sufficient funds from Equifax to pay the promised $125 dollars to affected parties.  I think the settlement did not allocate sufficient financial commitment from Equifax to honor this promise.

To be clear, I do not object to the amount of the settlement, but the fact that the actual compensation will apparently be insultingly low.

I hope that this review process can increase the financial commitment from Equifax to honor the spirit of this settlement.

I have not objected to a previous class action settlement.  I will not attend the hearing in person.

Thank you for your attention to this letter.

*Peter Bell.*

Peter Bellin
706 Cornwall Drive
Oxnard, CA 93035



SANTA BARBARA CA 931

18 SEP 2019 PM 3 L

USA FIRST-CLASS FOREVER

SEP 23 2019

Mr. Peter Bellin
706 Cornwall Dr
Oxnard, CA 93035



SPLC

Equifax Data Breach Class Action
Settlement Administrator
Attn. Objection
c/o IND Legal Administraton
Po Box 91318
Seattle WA 98111 - 9418

98111-941818

Peter Maureemootoo
208 Vista Ridge Ct
Roseville CA 95661

September 17, 2019

Received

SEP 2 3 2019

by JNDLA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Re*: Equifax Inc. Customer Data Security Breach Lit*, Case No. 1:17-md-2800-TWT

Dear Settlement Administrator,

**I OBJECT** to this settlement. I applied for the $125 settlement because my credit file was exposed by Equifax Inc. I believe that the final predicted payout is $0.17.

I am someone who carefully guards my information and I would expect any organization that is trusted by my bank to do the same.

My Assigned settlement Claim Number is PYXM2VF349 which Equifax provided to me when they certified that my information was compromised. I am unable to attend the Fairness Hearing in person because of the additional (and uncompensated) costs associated with this. I have never objected to a class action lawsuit before this (or in the last 5 years), but the insult of $0.17 compensation has forced my conscience this time.

I would expect Equifax to maintain adequate **CYBER SECURITY INSURANCE** to cover such breaches and therefore I see no reason why the court would agree to allow the compensation to be reduced from the already TOO LOW sum of $125, to pay me $0.17.

The costs and time that I am incurring to clean up the mess of Equifax's negligence and incompetence should entitle me to more than $0.17.

Thank you for your consideration in this,

Peter Maureemootoo.

208 VISTA RIDGE CT, ROSEVILLE CA 95661

Peter Maursemootoo
208 Vista Ridge Ct
Roseville CA 95661

SEP 2 3 2019

SACRAMENTO CA 957

18 SEP 2019 PM 3 L

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818




**Peter W. Rooney**
**138 North Carolina Ave., SE**
**Washington, DC 20003**
**(202) 547-5895 • pwrooney@icloud.com**

September 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 2 0 2019
by JNDLA

Re:   *Equifax Inc. Customer Data Security Breach Litigation*
      Case No. 1:17-md-2800-TWT

Dear Administrator:

As one of the nearly 150 million Americans whose personal information was exposed by Equifax Inc., despite the fact that I have no voluntary commercial or customer relationship with this company, I object to the settlement agreement. The nature of Equifax's business requires it to be particularly vigilant with regard to protecting the vast amount of personal information it collects and aggregates. To say that Equifax Inc. was negligent on this score would be an understatement.

According to the eligibility verification tool available on the Equifax Breach Settlement website, I am a Settlement Class Member who was impacted by the Equifax data breach. I do not plan to attend any fairness hearing on the settlement, nor will I be represented by counsel at any such hearing. I do, however, wish to register my opposition to the settlement. I have never objected to any settlement before.

The current implementation of the agreement between Equifax Inc. and the U.S. Federal Trade Commission (FTC) amounts to an egregious bait and switch for those of us harmed by Equifax Inc.'s dereliction. I do not believe the follow-on eligibility requirements communicated by both Equifax Inc. and the FTC represent a fair process for those of us who are injured parties. I feel as though I was deceived by Equifax Inc.'s initial description of the terms of the settlement.

The data breach experienced by Equifax Inc. was extremely serious with potentially large long-term consequences for those affected. Of course, Equifax Inc. was the victim of a crime or a potential crime, but the company is responsible for business processes that gather personal information on citizens, without their express permission for the full scope of that collection and the end uses of the data collected. At a minimum, the collection of this information imposes responsibility on Equifax Inc. to protect such data to the fullest extent possible. It is clear the company did not do this. In fact, it is still not at all clear today that the data they hold now is adequately protected, despite all that has occurred.

For all of these reasons, I strongly oppose this settlement.

Sincerely,

Peter W. Rooney

$0.50
US POSTAGE
FIRST-CLASS

071M00785211
20036

00008566

www.endicia.com

CAP DISTRICT
MD 207
17 SEP 19
PM 9 L

SEP 2 0 2019

Rooney
138 N. Carolina Ave, SE
Washington, DC 20003

Equifax Data Breach Class Action Administrator
Attn: OBJECTION
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941810

Quentin Lineberry
306 Cardinal Dr
Franklin, KY 42134
September 18, 2019

Received
SEP 2 3 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Equifax Data Breach Class Action Settlement Administrator:

I am writing to voice my concerns regarding this settlement.

I filed my claim (PP5TD-CRKB4) on August 12, 2019 following the terms at the time.  I provided receipts for my out of pocket expenses and put in the time that I had spent dealing with the Equifax data breach.  Since I have credit monitoring through one of my credit cards and also through My ID Care as a result of a data breach at Georgia institute of Technology, I chose the cash option, which was presented as $125.  Now, I've read articles that tell me that the terms were changed to include me having to now prove that I have credit monitoring.  I can provide that proof but I feel misled that the terms were apparently changed after I had filed my claim.  I also feel misled that the cash payment may be less. I understand the math of the situation, but I feel that Equifax should have to pay each respondent the full amount regardless of the number of claims.

I emailed info@equifaxbreachsettlement.com to get clarification.  Actually, I just received an auto-reply back from the info@equifaxbreachsettlement.com account (ticket # 216401) acknowledging receipt of my email requesting clarification if I now must provide proof of credit monitoring. Of course, I'm now having to spend more time writing to you to deal with this data breach and the subsequent settlement, which I feel is trying to bait and switch me away from what I thought I was getting as restitution for this fiasco.  I could care less if the lawyers get paid—the people whose data was stolen are the only ones really owed money, but they are supposed to get what is left over after everyone else is paid.  That just doesn't seem fair.

Thank you for taking the time to read this letter.

Sincerely,

Quentin Lineberry

NASHVILLE TN 370

19 SEP 2019 PM 4 L

Quentin Lineberry
306 Cardinal Dr.
Franklin, KY 42134

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

SEP 2 3 2019

98111-941818

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I, Rachel Naylor, residing at 2014 E 2200 N Layton Utah 84040, believe I am a member of the settlement class of the Equifax Data Breach Lawsuit. According to Equifax, my data was exposed in the breach. I object to the settlement terms because it is way too lenient. Equifax made a gross error in protecting my data and in this settlement they only are obligated to pay $31 million dollars to those victims, including myself. This amounts to a paltry 21 cents per person if everyone affected files a claim. This is simply too low of an amount for the gravity of this situation and needs to be raised to better compensate the victims, who could face financial repercussions for years.

I have not objected to any other class action settlements in the last 5 years.

I will not be at the Fairness Hearing in person or through a lawyer.

Sincerely,
Rachel Naylor

Rachel Naylor

Received
SEP 20 2019
NDLA



Rachel Naylor
2014 E 2200 N
Layton UT 84040-8716

SALT LAKE CITY UT 840

17 SEP 2019 PM 3 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 2 0 2019

Received
SEP 19 2019
by JNDLA

September 17, 2019

RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

TO: U.S. District Court for the Northern District of Georgia

FROM: Rafael Zimberoff, 6123 Oakhurst Road, Seattle WA, 98118


Honorable Judge and Members of the Court,

Thank you for considering this letter in objection to the proposed Settlement.

According to the web site "www.equifaxbreachsettlement.com" I am a member of this class.

This settlement is not sufficient for the following reasons:

1) Reliable analysts indicate that it is extremely unlikely that I will be able to receive even the established $125

2) The $125 pales in comparison to all the time I have spent managing this issue.
-- I now must manage secure identities on multiple credit reporting agency web sites.
-- I now have to log in to each site a few times a year to manage security options, and confirm security of my credit information.
-- In daily life, any time I need to use my credit report (e.g. to make a big purchase, or co-sign on a child's apartment lease), I have manage equifax credentials and deal with briefly unlocking the account

3) There is much more, but the point is that the hassle in my life, every day, forever, is drastically complicated by the equifax breach. The cost of this grows over time.

I have not objected to any other class action settlements in the

pg 1/2

past five years.

I do not intend on appearing either in person or via representation at the Fairness Hearing.

From my chair, every affected member should be compensated at least $500, and it should be proactively sent to all affected members of the class.

Sincerely,

Rafael Zimberoff

Pg 2/2



SEATTLE WA 980

17 SEP 2019 PM 21

SEP 19 2019

Ms. Amya R. Zumberoff
6124 Oakhurst Rd S
Seattle, WA 98118

Equifax Data Breach Classification Settlement Admin
Attn: Objection
% JND Legal Administration
P.O. Box 91318
Seattle WA  98111-9418

98111-941818

Ralph F. Grove, Jr.
229 W. Bute St, #802
Norfolk, VA 23510

September 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received

SEP 2 3 2019

by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I am a member of the settlement class for this lawsuit because my personal data was exposed by the
Equifax data breach at issue in the case.

I would like to object to the settlement, in particular, to the provisions that will reduce payouts to
individual members of the settlement class based on the number of claims. In my opinion, since
Equifax has harmed every member of the settlement class, every member should be fully compensated,
and Equifax should be made to pay sufficient damages to settle every claim to the full amount of $125.

I have not filed objections to any class action lawsuits within the last 5 years.

I do not intend to appear at the Fairness Hearing.

_____            9-16-19
Ralph F Grove, Jr.                 Date



SEP 2 3 2019

Equifax Data Breach Class Action Administrator

Attn: Objection

c/o JND Legal Administration

PO Box 91318

Seattle, WA 98111-9418

Received

SEP 03 2019

by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

August 25, 2019

Raymond LeBlanc
PO Box 724
Aiea HI  96701

Subject : Equifax Data Breach Lawsuit Settlement Objection

To whom it may concern:

This letter is written to formally object to the proposed settlement in the case of *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT.

I am a member of this class, having checked with Equifax and been informed by them that my data was compromised.

I feel that the proposed settlement is inadequate to cover potential costs that may be incurred by this data breach for even a fraction of the 145 million individuals affected. Furthermore, it provides only a mere 'slap on the wrist' whereas significant punitive damages are warranted for Equifax's lax security and to send a message to myriad other companies that collect and/or sell personal information.  I feel that an equitable settlement should be on the order of 20% of Equifax's net worth, minimum.  Based on current reporting, that would be a minimum of $3.5 billion.

I have not objected to any class action settlements in the previous five (5) years, or ever for that matter.

I will not appear at the Fairness Hearing, scheduled for later this year, either in person or through a lawyer.

Sincerely,

*Raymond LeBlanc*

Raymond LeBlanc

USA

HONOLULU HI 968

28 AUG 2019 PM 2 L

SEP 0 3 2019

PO Box 724
G6701

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA   98111-9418

98111-941818

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



Received
SEP 2 3 2019
by JNDLA

Rebecca Kirsch
4140 Vinton Avenue
Culver City, CA 90232

In re: Equifax Inc. Customer Data Security Breach Litigation,
Case No. 1:17-md-2800-TWT
Equifax Data Breach Lawsuit

September 19th 2019

To Whom It May Concern,

My name is Rebecca Kirsch, and I am one of the 147 million Americans
whose financial information and identity were compromised by the
spectacular failings of Equifax in their 2017 security breach.

Thank you for your efforts to pursue justice for those *millions* of us
who have been affected by this experience. Identity privacy is one of
the great dangers of the modern digital era, and identity theft has the
ability to ruin lives and put the victims in personal danger. Women,
persons of color, members of the LGBTQIA+ communities, and
historically underrepresented communities are at even greater risk of
personal harm when our names, addresses, and personal information
are leaked to the internet and accessible by criminals and predators,
and these communities in particular are often the least able financially
to fight this terrifying violation to protect themselves and their
families. I am grateful to you for fighting to protect us.

I am writing to object to 1) the unprofessional and misleading manner
in which Equifax is handling financial restitution with the public
regarding their lawsuit settlement, and 2) the amount of the
settlement. Equifax's emails to those victimized by their actions have
been inappropriately confusing and labyrinthine in order to prevent
citizens from claiming the $125 that we are owed – an amount that is
paltry when compared with the thousands and often tens of thousands

of dollars victims of identity theft must pay in order to reclaim their lives.

I encourage the court to please consider reprimanding Equifax for their deceptive tactics in handling out that settlement, and to reconsider the amount of the settlement to be more appropriate with the real life costs of rectifying identity theft.

I believe I am required to state the following:
1) I have not objected to a class action settlement in the last five years, or ever.
2) I do not intend to appear at the Fairness Hearing either in person or through a lawyer.

Thank you for your time, and your efforts.

Sincerely,

Rebecca Kirsch                September 19 2019



Rebecca Kirsch
4140 Vinton Ave.
Culver City, CA 90232-3420

LOS ANGELES CA 900

19 SEP 2019 PM 12 L

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMINISTRATOR

ATTN: OBJECTION

C/o JND Legal Administration

P.O. Box 91318

SEATTLE, WA 98111-9418

SEP 2 3 2019

RICHARD AND DONNA BARTLETT-MAY
10760 EUREKA ROAD
SPRING VALLEY, CA  91978

Equifax Data Breach Class Action Settlement Administrator
Attention:  Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

In Re:   Equifax Inc. Customer Data Security Breach Litigation
         Case No. 1:17-md-2800-TWT

We are Richard and Donna Bartlett-May living at the above address and we are members of this settlement class.

Equifax failed spectacularly  in their promise and duty to protect our personal information.  No other organization is allowed to collect this much personal information without permission.

We have not been involved in other class action cases because they rarely provide any real relief to the victims – the attorneys suck up most of the funds.

We cannot be at the settlement hearing but we would like our objections to this paltry fine Equifax is being required to pay.  This settlement is not fair, adequate or reasonable.  Notification of the breach was delayed by Equifax which is inexcusable.

Now, Equifax is doing all it can to make it difficult for persons in the settlement class to collect any settlement money and we are being told instead of the $125 we were originally told we qualify for, we may receive 10 cents because so many people may apply for the settlement funds.  It was known how many people were affected by the breach and would qualify for the settlement when this fine was decided.

We also have not seen any information on what Equifax has done to prevent this type of breach from happening again.    WE OBJECT TO THIS SETTLEMENT.

Richard and Donna Bartlett-May

5567908231016640

FOREVER

SAN DIEGO
CA 920
18 SEP 2019
PM 2 L

Equifax Data Breach Class Action Settlement
Administrator
Attention: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

98111-941818

SEP 2 3 2019

Bartlett-May
10760 Eureka Road
Spring Valley, CA  91978

Equifax Data Breach Class Action Settlement Administrator          September 18, 2019
Attn: Objection
c/o JND Legal Administration
P.O.Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation
Case No. 1:17-md-2800-TWT

```
Received
SEP 23 2019
by JNDLA
```

Your Honor,

My wife and I are objecting to the settlement because the company is making it so challenging to get even a small amount of money ($125) given the extraordinary exposure to all our private financial and personal information.  And now we learn that the company has actually set aside enough money to pay each filer for relief an average of $.27 (acknowledged by the FTC), not the $125 the FTC and Equifax originally said we can get (albeit meeting certain criteria, which we do). As soon as we became aware of the breach and our exposure, we froze each of our accounts at the three main credit bureaus. And we alerted our bank and investment company of our exposure.

We were customers of Equifax for 4 or 5 years or more, I can't find exactly when we started but I've not been able to talk to anyone from the company. We received notification from Equifax long after the breach and certainly much longer after the patch was made known to the company.

We have not been part of any class action suit that we're aware of in the last 5 years, nor have we objected to any.

We do not plan to appear at the Fairness Hearing either in person or by representation.

Thank you for your consideration,

*Richard Skillman Jr.*

Richard Skillman Jr.
Sherene Zolno
25900 Pillsbury RD SW
Vashon, WA 98070



Skillman Zolon
25900 Pillsbury RD SW
Vashon, WA 98070

**Equifax Data Breach Class Action Settlement**
**Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O.Box 91318**
**Seattle, WA 98111-9418**