# Exhibit B - 9

445 Westview Drive
Athens, Georgia 30606
September 18, 2019

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 23 2019

JAMES N. HATTEN, Clerk
By: Deputy Clerk

U.S. District Court, Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

To: Justices of the Court

From Bert O. Richmond

I have learned recently that I am one of the persons whose records held by Equifax were hacked and presumably available to anyone who gains access to the results of this hacking. I was provided information that I(and my wife ,Kay Richmond) each might file to receive $125.00 from Equifax because of their failure to protect our credit records.

Both my wife and I filed the appropriate claims for this reimbursement from Equifax but were quickly then informed that we must have had a credit monitoring service in order to claim this meager recompense for their failure to protect our records. The irony of their request is baffling. Equifax and the other so-called credit reporting corporations obtain our credit information without written consent and then when they fail to protect information about our credit they claim they have no responsibility for maintaining privacy of our information because we did not monitor our credit through another credit monitoring service. These corporations accumulate billions of dollars from the credit records of millions of Georgians and others yet they have no responsibility for monitoring and maintaining the privacy of our credit record information?

To add to this irony in our case, we have had our records frozen for many years, are far past 65 years of age, and have had no loans for many years. Perhaps irony is not the appropriate word to use in this instance but malfeasance on the part of Equifax seems more relevant in describing their lack of concern for the millions of persons whose records they co-opt to make –in my opinion—unearned profits.

We request that you consider this entire matter of Equifax, their failure to monitor records appropriately, and their opportunistic efforts to blame the victim for their failure to provide protection for all of our credit records.

Thank you for your willingness to consider this important issue for many Georgians as well as for other victims throughout the U.S.

Bert O. Richmond

Kay Richmond



Mr. Bert Richmond
445 Westview Dr.
Athens, GA 30606



CLEARED
SEP 23 2019
U.S. Marshal

U.S. District Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, GA. 30303



ATLANTA METRO 300
18 SEP 2019 PM 5 L

CLARION RIVER

## Letter of Objection
### Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

September 30, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



Dear JND Legal Administration,

My names is Booker Fulmore Jr. of 6123 Spring knoll Dr. Harrisburg, PA 17111, and I am a settlement class member to the Equifax Data Breach Litigation, Case No. 1:17-md-2800-TWT.  I would like to express my objection to a specific aspect of this settlement.  I am registering this objections and have not previously participated in any previous class action settlements to which I have objected. In spite of this objection, I do not intend to appear at the Fairness Hearing either in person or through a lawyer.  Thank you for your consideration in this matter.

My first objection is with respect to the manner of notification of this class action.  I do not recall receiving any notice via US mail regarding this settlement. Instead, I received an email notification. Typically as a matter of best practices when online, I do not open unsolicited or unexpected email messages. In this particular case, fortunately I decided to read the email notice.  However,  who was to say that this is may primary email account or that it still belonged to me. So my concern is for all those who may be eligible under the class action but who may never received notification.

Second, a statement in the settlement says "If you do nothing, you.... will not be entitled to any other benefits provided under the settlement." referring to monitoring services. I object to this part of the settlement document first for the reason noted above regarding the method of notification. Additionally, I object to the provision because of the nature of a data breach which poses additional risk that are outside of the control of those affected. Just as we did not give explicit permission allowing the credit monitoring services to collect and track our personal information, I believe in this situation it is incumbent upon the credit services to be required to monitor the credit of anyone who's data has been breached, whether the breach was the fault of Equifax directly or the fault of an authorized third party working on their behalf.

Generally, I am of the position that no one should be registered or enrolled in any program without giving their express consent.  Similarly, I object to having to take action to be excluded  from a settlement.  However, the nature of data breaches gives my pause in standing by such convictions. I believe situations of this nature warrants an exception to my position. Just as we are part of the class action by default, and just as the credit agency are allowed by law to collect our information regardless of our consent.  I believe Equifax should be required to monitor the credit of anyone who was effected by this breach, even if they "do nothing" to respond. There should be no default option to not provide monitoring services.

Respectfully,

Booker Fulmore, Jr.

6122 Spring Knoll Dr
H36, Pa 17111

OCT 18 2019

Equifax Data Breach Class Action Settlement Administrator
P.O. Box 91318
Seattle, WA 98111-9418

Attn: Objection
c/o JND Legal Administration

HARRISBURG PA 171
15 OCT 2019 PM 3 L



Oct. 7, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection   c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re: In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT
To the Honorable Thomas W. Thrash Jr.:

I am filing this OBJECTION to the proposed settlement in the Equifax Data Breach Lawsuit, listed above.

To confirm that my personal data was accessed, I entered my name and identifying information on the settlement website and it indicated that my personal information was inappropriately released, therefore I am a member of the settlement class.

I object to the proposed settlement, in part, because it is not fair, reasonable, or adequate. I believe Equifax has acted in bad faith in order to limit its financial liability, despite agreeing to compensate victims of its inadequate security systems. I elected to receive a cash payment but Equifax has indicated it has put aside only $31 million to pay claims, meaning that if all 147 million people affected by the breach file a claim, each claimant would receive just 21 cents. This from a corporation with profits of $3.4 BILLION last year. *They* now added new, onerous conditions in order *Equifax* to claim any compensation at all.

I have not been involved in any class action settlements in the past five (5) years.

Though I do not intend to appear at the Fairness Hearing, either in person or through a lawyer, please do not dismiss my objection.

I respectfully request you summarily reject this proposed settlement. It is an insult to the legal system, a dishonorable manipulation by Equifax, and in opposition to basic fairness.

Thank you.

Sincerely,

*Bradley A. Kukuk*

Bradley Kukuk
4505 Kling Drive  (formerly 203 Skyhill Road)
Alexandria, VA 22312
b. Kukuk@verizon.net

Received
OCT 11 2019
by JND LA

11 th. RUKWM
4505 Kings Dr.
Alex. VA 22312

OCT 11 2019

Equifax Data Breach Class Action - Settlement Admin.
Attn: Objection - c/o JND Legal Admin.
P.O. Box 91318
Seattle WA 98111-9418

98111-941818

Brendon Binder
3733 Hermansau Dr
Saginaw, MI 48603
11/02/2019



To Whom It May Concern:

I am writing to object to the settlement proposed for Case No. 1:17-md-2800-TWT (Equifax Data Breach Lawsuit). I believe I am a settlement class member as Equifax has reported my personal information was impacted by the data breach. I have gotten this information from https://eligibility.equifaxbreachsettlement.com/en/eligibility.

I am objecting for the following reason:

Individuals like myself have no ability to opt out of data collection by Equifax. The negligence in securing personal data that led to this breach needs to be strongly punished to disincentivize credit bureaus from similar behavior. The proposed settlement of up to $700 million USD is not sufficient to achieve this. On July 22, 2019 during a press conference regarding the Equifax breach, Maneesha Mithal (Associate Director, Division of Privacy and Identity Protection, Bureau of Consumer Protection) stated that the FTC didn't ask Equifax to pay more because they wanted to avoid bankrupting the company and hampering its ability to invest in cybersecurity (paraphrased). This essentially states Equifax should have been fined more, but due to the risk of the company folding it could not be fined more. In the event an individual cannot pay the lump sum of a settlement their wages can be garnished and assets can be seized. The same can be applied here; Equifax can have its revenue garnished at a level that does not bankrupt the company until the settlement amount has been paid. The current settlement amount should then be rejected since it does not sufficiently disincentivize this negligence securing personal data in the future.

I have not objected to any class action settlements in the last 5 years.

I do not intend to appear at the Fairness Hearing either in person or through a lawyer.

Sincerely,

Brendon Binder

Brendon Binder
3733 Homosau Dr
Saginaw, MI 48603

NOV 0 5 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

METROPLEX MI 480

02 NOV 2019 PM 2 L

FOREVER USA

WORLD WAR I
TURNING-THE-TIDE

Received
SEP 24 2019
by INDLA

I am a Settlement Class Member, and under the terms of the agreement I have the right to tell the Court what I think of the settlement. I object to the settlement as I don't think it is *fair, reasonable, or adequate*, and I have provided the reasons why I think the Court should not approve the settlement as noted below along with the required information per the settlement agreement.

1. The name of this proceeding: ***Equifax Inc. Customer Data Security Breach Litigation***, Case No. 1:17-md-2800-TWT,
2. Your full name and current address; **BRIAN JOHNSON PETER (8705 Jones Mill Road, Chevy Chase, MD 20815)**
3. Your personal signature:

   *[signature]* 9/20/19

   **BRIAN JOHNSON PETER**

4. A statement indicating why you think that you are a member of the settlement class;

   **I have been notified by both Equifax and the settlement court that I could be impacted by the improper disclosure of my personal information.**

5. A statement with the reasons why you object, accompanied by any legal support for your objection;

   **I object to the agreement. From as early as March 2013, I had paid Equifax a premium for additional services including ID protection (over $482). The settlement allows 25% of the fees for one year preceding the breach of my account. This amounts to a penalty of approximately $72.50 for their failure to perform their service.**

   **In addition, when the breech took place, *no notice was provided to me as an account holder* for the ID Protection. I had to find out about the breech at the same time as the public from the new media. I was not notified through my ID Protection account a much later time which was a fundamental breech of service I was paying Equifax to provide.**

   **Settlement at this time is premature as there is no time limit as to when the improper use of my information by criminals could impact me.**

6. A statement identifying all class action settlements to which you have objected in the previous five (5) years; **NONE**

7. A statement as to whether you intend to appear at the Fairness Hearing, either in person or through a lawyer, and if through a lawyer, identifying your lawyer by name, address, and telephone number, and four dates between **11/19/2019** and **12/05/2019** during which you are available to be deposed by counsel for the Parties: **I will not be attending a Fairness Hearing as this process is fundamentally unfair and my attendance would only support a contradictory assumption.**



Chevy Chase MD
20815

SEP 24 2019

Equifax Data Breach Class Action
Settlement Communications
ATTN: Objection
C/o JND Legal Administration
PO Box 91318
SEATTLE WA

SANTA ANA CA 926
23 SEP 2019 PM 4 L

FOREVER / USA

November 2, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT or
"Equifax Data Breach Lawsuit"

Brian Witt
3332 King St
Berkeley CA 94703
Claim #: PNQEUYJB94

I have previously been notified I am a member of the settlement class.

Why I object to this settlement and feel it should be rejected:

According to this settlement, the very same company which was entrusted with my personal
information and through its own negligence lost my information, should now be rewarded with
the opportunity to monitor future access to my personal information.

The credit monitoring is for a limited duration, after which I will still feel the effects from the
breach (since my personal information is out there and cannot be changed) but will not be
covered by the benefits of the settlement.

Or, there is an option to receive up to $125, depending on how many people file claims and say
they already have credit monitoring. At first this was presented as $125, but as more and more
people file claims, the amount is getting smaller.

This amount is intended to cover any and all losses suffered by me for the rest of my life, since
my personal information cannot be changed and I will be forever needing to watch my credit
reports for signs for fraudulent activity as a result of this breach. This amount is insufficient to
cover that.

Meanwhile attorneys receive exorbitant legal fees of up to $77,500.000 and reimbursement for
costs and expenses up to $3,000,000 to be paid from the Consumer Restitution Fund. This
amount is too much for the work done on behalf of the class.

I feel deceived by the terms of the settlement, and it is unfair, unreasonable, and inadequate.

.

I have not objected to any other class action settlements in the last 5 years.

I do not intend to appear in any of the proceedings.

I truly hope that this settlement is rejected and a more equitable settlement is reached. Thank you for doing your part to see that justice is served!

Sincerely,

Brian Witt

## Catalina Cabuang

| | |
|---|---|
| **From:** | Stanley Harris |
| **Sent:** | Wednesday, November 6, 2019 2:13 PM |
| **To:** | Mail Inbound |
| **Subject:** | FW: Letter of Objection to the Equifax Data Breach Lawsuit Settlement |
| **Attachments:** | Equifax Data Breach Settlement Objection Letter 20191102.pdf |

Project: EFX

Name Number: DFJWZ-35QTX

Objection Letter

Stanley Harris
JND Legal Administration
www.jndla.com | LinkedIn.com

CONFIDENTIALITY NOTICE: This email transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner.

-----Original Message-----
From: Brian Witt <brianwitt@gmail.com>
Sent: Saturday, November 2, 2019 3:07 PM
To: info@equifaxbreachsettlement.com
Subject: Letter of Objection to the Equifax Data Breach Lawsuit Settlement

Hi,

Please see my letter of objection to the Equifax Data Breach Lawsuit Settlement, attached.

Thanks,
Brian

John P. Liska
1219 S. Lamar Blvd, Apt #503
Austin, TX 78704
john.p.liska@protonmail.com

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



In re: **Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

To Whom It May Concern:

I am currently a member of the Equifax Data Breach Lawsuit referenced above; my claim number from Equifax is P9UHY-T3JRG.

I am writing to object to the settlement that is being proposed. I believe that it was at best misleading, or at worst outright deceptive. Equifax initially proposed a $125.00 payment for every person who participated in this settlement, assuming they did not take the alternative compensation of up to 10 years of free credit monitoring. However, Equifax only earmarked $31 million for such claims. That means that if all ~147 million people affected by the breach filed a claim, each person would only receive ~$0.21. Given the seriousness of this particular data breach – considering the information that Equifax collects about individuals – this settlement process is grossly unfair to those of us affected.

I have not objected to any previous class action settlements in the last five (5) years.

Thank you.

Sincerely,

John P. Liska

Received
SEP 23 2019
by JNDLA



FOREVER     USA

909309092015S234

AUSTIN
TX 787
20 SEP '19
PM 9 L

SEP 23 2019

Equifax Data Breach Settlement Administrator

ATTN: Objection

c/o JND Legal Administration

P.O. Box 91318

Seattle, WA 98111-9418

98111-941818



Mr. John P. Liska
1219 S Lamar Blvd Apt 503
Austin, TX 78704

Received

AUG 2 2 2019

by JNDLA

Ronald L Gilliland

6384 Sneath Road
Alexandria, PA  16611
814 669-9018
ronald.gilliland@gmail.com

August 19, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn:  Objection
℅ JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

Honorable Thomas W. Thrash Jr.
United States District Court for the Northern District of Georgia

Dear Judge Thrash:

I am requesting that you deny the Equifax Settlement for reasons given below.  The
remainder of this letter provides the required information as stated in the FAQs (no. 25)
at equifaxbreachsettlement.com.

1.   *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT.

2.   My full name and current address is in this letter header, upper right.

3.   My personal signature will close this letter.

4.   I think that I am a member of this settlement class from having provided identifying
     information at the Equifax claim site (equifaxbreachsettlement.com) which confirmed
     that I am.  I believe that I also have standing through an identity theft that occurred a
     few months after the Equifax data breach that seems traceable to that breach.

5.   I have two objections to this proposed settlement.

 **First.**  This is an unusual class action lawsuit given both the scale with some 147 million
settlement class members, and the amount of attention given this case by the press and
government representatives.  Although Equifax Inc. is admitting no wrong doing as part
of this settlement the case supporting negligence seems strong.  The scale of this
settlement, some $700 million in a global sense is insufficient punishment for the careless
handling of such a vast amount of personally identifying information exhibited by
Equifax.  This will not serve as a meaningful warning to other companies as should follow
in this egregious, high profile case.  More importantly the amount of funding reserved for
victims of the breach, and those with follow on identity thefts is dramatically insufficient.

An option of $125 cash payout is offered, albeit inappropriately tied to needing to provide proof of existing credit monitoring. (The FTC claims the portal breached at Equifax included their platform for credit freezes and credit monitoring/reports. Why should victims of Equifax in the first place now have to provide them with yet more information of what we use for credit monitoring? Why should we be required to choose credit monitoring through Experian if not opting for the cash? The choice for victims between cash and monitoring shouldn't include proving we carry credit monitoring.) The current FTC web site dated July 2019 at ftc.gov/equifax notes that there was overwhelming response and interest during just this preliminary phase in victims claiming the cash option. Only a relatively trivial number of the 147 million victims can claim the $125 before an imposed limit of $31 million in aggregate is reached which would then result in *pro rata* reductions. Specifically fewer than 1 of 600 settlement class members attempting to opt for the cash would trigger the reductions. It's easy to imagine rewards in reality being reduced to a few dollars only. Similarly the pot of funds allocated to offsetting time and costs incurred by those with actual identity theft traceable to this data breach is limited to the same paltry $31 million. Those two pots of money reserved for victims don't even equal the $80.5 million nominally set aside for the class action lawyers.

The primary positive that might result from these settlement terms becoming reality is that a vastly oversubscribed award pool would receive a great deal of negative attention; an embarrassment to the FTC, court and system that thinks offering free credit monitoring is a meaningful offset to damage done the victims through data breaches.

Compounding this, the FTC, in the current web page dated July 2019, encourages in the strongest possible terms that settlement class members choose the credit monitoring option of four years for all three bureaus, since it has a market value of "hundreds of dollars" per year. The court settlement document assures us that Equifax and Experian, who will implement the proposed credit monitoring for Equifax, have no mutual financial or other relationship. Therefore the cost to Equifax in purchasing credit monitoring to mollify victims of its breach establishes market value of the credit monitoring. It is not hard from the settlement document to work out an upper limit of $8.50 per year per person that Equifax would pay Experian for the credit monitoring. (The $300 million pool minus the two pots of $31 million, then divided by the up to 7,000,000 claimants of credit monitoring for 4 years yields the $8.50.) Other things like administrative costs also have to come out of that $300 million which covers cash payouts to victims and the credit monitoring, so in reality the cost is probably more like $5-6 per year. Surely you know, or could know the actual number. That some individuals may pay hundreds of dollars per year for credit monitoring reflects some combination of corporate greed and customer fear and gullibility. There are also free options for credit monitoring that approximate the proposed monitoring through this settlement. The FTC is falsely representing the value of the proposed credit monitoring.

**Second.** The 93 Settlement Class Representatives as a result of these settlement terms are not in fact good representatives for the larger class of 147 million victims of the

2

Equifax data breach. Each of these Class Representatives is reserved a cash payment of $2500, critically this is not subject to any *pro rata* reduction as almost surely will come into play very strongly for those Settlement Class Members attempting to recover money through the settlement. Payment of a greater sum to the Class Representatives is in general reasonable. However, given their fixed reserve of $2500 cash settlement, those representatives have no incentive to hold out for fair treatment of the larger set. Given the likelihood claims made by Class Members will be reduced *pro rata* by very large factors the logic that these representatives can effectively stand in for the vastly larger set is invalid. If the Class Representatives award had been tied to the same *pro rata* reductions Class Members will face, then this could have been seen as fair.

6. I have not objected to any other class action settlements in the previous 5 years.

7. I will not appear at the Fairness Hearing, either in person or through a lawyer.

8-14. Not applicable since I am not represented by a lawyer.

In summary this proposed class action settlement for the Equifax data breach is faulty and should be summarily rejected by the court.

Sincerely yours,

Ronald L Gilliland

JOHNSTOWN PA 159

19 AUG 2019 PM 2 T

USA FOREVER

BIOLUMINESCENT LIFE

Equifax Data Breach Class Action Settlement Administration
Attn: Objection
c/o JND Legal / Administration
P.O. Box 91318
Seattle, WA 98111-9418

Ronald Gilliland
6304 Sneath Rd.
Alexandria, PA 16611



# Alan James

510 Ashton Place
Lititz, PA 17543-9050
717-560-9195



October 13, 2019

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Proceeding : Equifax Data Breach Lawsuit

I am writing to object to the proposed Settlement in this case. Equifax exposed personal financial information (including mine which Equifax acknowledged in Claim Number PXKUFNCMPB), was sued by the government and settled. The government publicly touted a cash reward alternative of up to $125 to victims without ensuring enough money had been set aside to guarantee the max amount for every possible person affected; the government backtracked on its statement; eventually, the Equifax settlement team sent a mid-weekend email adding a new hurdle for victims to claim their money. In that email Equifax now says I must prove that I have a credit monitoring service or else my claim will be denied. They were fine with not requiring such a service before they exposed my personal information but now require it or switch to a credit monitoring with the same people who couldn't keep my information secure in the first place. Whether I have a credit monitoring service should have no effect on Equifax's liability for their inability to safeguard the information.

Secondly, I am objecting to the government agreeing to a settlement amount which is inadequate to compensate all who were affected by this data breach. Seems like once again the Government is looking out for corporations rather than those harmed by the actions of those corporations.

The settlement should be rejected.

I have not objected to any class action settlements in the previous 5 years.

Alan M James
510 Ashton Place
Lititz, PA 17543
amjames510@gmail.com

A. James
510 Ashton Place
Lititz, PA 17543

OCT 18 2019

HARRISBURG PA 171
15 OCT 2019 PM 2 L



Illinois1818

98111-94188

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

October 7, 2019

Re: Not fair, reasonable, nor adequate; *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

*Dear Madam or Sir:*

This paper-letter, sent via USPS for emphasis, is in reference to Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT. My full name and current address is: Alexi Sanchez de Boado, living at 3110 Lancer Drive, Hyattsville MD 20782 USA. I feel compelled to write to the court with respect to this paltry settlement, a settlement which is neither fair, reasonable, nor adequate. It's nothing more than theatre.

I am a member of the settlement class as indicated by my Claim Number P3S7W-UF9AH which you can verify online.

I object to the terms of this class action settlement for the most obvious reason; we are not being guaranteed any remuneration for the publication of our most confidential and personal information. Shame on Equifax for holding and using my personal information for their own profit-making purposes, only to lose control of that information and then have my family live with the risk for the rest of our lives, while they offer to pay a measly $125. A $125 which isn't event guaranteed.

Equifax is mocking settlement members and the court. If the court intends for this to be a deterrent to sloppy data management by banks, the other two credit agencies or the government, it has already failed. $125 or a limited number of years of credit monitoring is sad recompense given what malicious actors will be able to do with this information for the duration of my life.

I have not objected to a class action in the previous five (5) years.

At this time I do not intend to appear at the Fairness Hearing, either in person or through a lawyer, unless an opportunity exists to do so in the Washington DC metro region, where I reside.

Thank you for taking the time to consider my concerns.

Mr. Alexi Sanchez de Boado

3110 Lancer Drive, Hyattsville, MD 20782

703.403.7158 (mobile phone)

Received
OCT 15 2019
by JNDLA



FOREVER

EASTERN DISTRICT COURT

US DCT JUG PM 31

OCT 1 5 2019

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT
ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

Mr. Alexi Sanchez de Boado
3110 Lancer Drive
Hyattsville, MD 20782

**ALISON FIELDS**    2737 Devonshire Place NW
Apt. 226
Washington, DC 20008

T 202-667-2836
F 202-667-2840
af@alisonfields.com

October 21, 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Sir or Madam:

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I have been accepted as a member of the settlement class (see attachment).

I object to the fact that the amount of money being set aside as redress is only $31,000,000.  As there have been many data breaches and I, like many others, already have Free Credit Monitoring  from previous incidents.  Therefore I potentially stand to gain very little from Equifax's data breach.

This is unfair to innocent victims of this serious exposure of our personal information and I petition the court to increase the amount of the $300,000,000 to $425,000,000 that is set aside for redress of those victims who already have credit monitoring.  Otherwise we are extremely likely to received little or no compensation despite misleading statements from Equifax that we would receive $150 if we already had credit monitoring.  This is definitely bait and switch behavior that should not be allowed.  It definitely appears to be a decision to protect Equifax and not its victims.

I have never objected to a class action settlement before but this is egregious.


Sincerely yours,

*Alison Fields*

Alison Fields

Received
OCT 2 4 2019
by JNDLA



**ALISON FIELDS**

2737 Devonshire Place NW
Apt. 226
Washington, DC 20008

98111-941818

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
OCT 2 4 2019
by JNDLA

CAPITAL DISTRICT 200/219
21 OCT 2019 PM 21

Amita Seshadri
725 Fell St. #8,
San Francisco, CA 94117
Claim #P46WC-3DZUY

*In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT*

To whom it may concern,

I am a member of the settlement class because the Equifax settlement site indicates that my personal and financial data was a part of the data breach (https://eligibility.equifaxbreachsettlement.com/en/Eligibility).

I object strongly to this settlement as it is not fair, reasonable, or adequate to compensate for the damages done to Equifax's "customers" (though none of us have chosen for Equifax to collect our data), nor is it any kind of deterrent for similar companies so that this doesn't happen again. Whether willful or through incompetence, the penalties for this kind of failure should be incredibly steep because the 148 million people impacted will be dealing with the repercussions of this for the foreseeable future.

I absolutely feel deceived by the terms of the settlement. The idea that offering members of this settlement class credit monitoring by Equifax, the same company whose shoddy security practices led to this massive failure, could be adequate or appropriate is moronic. That this isn't accompanied by financial recompense is insulting. The number of hoops I had to jump through to prove to the same company that lost my data that I had appropriately taken steps to protect myself from them is idiotic. And the fact that a $425 million settlement comes to just $2.87 per victim is frankly unacceptable.

I have not objected to any class action settlements previously and I do not intend to appear at the Fairness Hearing, either in person or through a lawyer, and if through a lawyer.

I truly hope that this ridiculous settlement is rejected and a more equitable settlement is reached.

Sincerely,

Amita Seshadri

Received
OCT 15 2019
by JNDLA

JOSH MURPHY
725 FELL ST #8
SAN FRANCISCO, CA 94117

SAN FRANCISCO CA 940

11 OCT 2019 PM 3 L

OCT 1 5 2019

OCT 15 2019

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT
ADMIN
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

Equifax data breach lawsuit
*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Amy Berg
24 S. Court St. #3
Providence, RI 02906

To Whom It May Concern:

I am a member of the Equifax data breach settlement class; I believe this to be true because when I enter my personal information at https://eligibility.equifaxbreachsettlement.com, I am notified that I was affected by the data breach.

I am writing to object to the terms of the settlement. Equifax has misled consumers. First, Equifax advertised that the settlement would grant all members of the settlement class $125, when, in fact, the final number is likely to be much lower. Second, Equifax did not initially advertise that members of the settlement class would be required to prove that they already have credit monitoring in order to receive a cash settlement. Both of these steps make it more cumbersome and less remunerative to join the settlement. In my view, this is no accident—Equifax is trying to reduce the total penalty it must pay. Companies should be held liable when their shoddy privacy practices affect consumers; accordingly, the terms of the settlement should make it easy for members of the settlement class to collect the full amount they are due, without having to jump through previously unadvertised hoops.

To the best of my knowledge, I have not objected to any class action settlements in the previous five years.

I do not intend to appear at the Fairness Hearing. If applicable, I am available to be deposed on 11/29/2019, 11/30/2019, 12/1/2019, and 12/5/2019.

Sincerely,

Amy Berg

Amy Berg

Received
OCT 22 2019
by JNDLA

JAS
243 S. Court St. #3
Providence, RI 02906

OCT 2 2 2019

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN.
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
PO BOX 91318
SEATTLE, WA 98111-9418

98111S9418 B900

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*Received*
*SEP 2 4 2019*
*by JNDLA*

September 17, 2019

To the Settlement Administrator:

I wish to object to the proposed settlement in the case of *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT.  As has been explained to me, there is insufficient money put aside in this settlement to allow each and every person injured by the data breach to collect the promised amount of money ($125).

As a consumer, when I sign a contract, I am expected to pay my bill in its entirety.  It is unfair for a corporation, especially one whose sole purpose is to protect electronic security and has spectacularly failed, to evade this responsibility.

Because of the data breach, I have expended time and effort to ensure that my data security has not been compromised, and the settlement is supposed to be just compensation.  Amounts less than the $125 would be insufficient.

I have verified on the eligibility website https://eligibility.equifaxbreachsettlement.com/en/eligibility that my data was breached, and I am eligible for this settlement.

To my knowledge, I have been a participant in only one other class action lawsuit in the past 5 years (Gap Factory and Banana Republic).  I am not currently planning on attending the Fairness Hearing.  If necessary, I am available to be deposed on the following dates: November 26 and 27, December 2 and 3.

Please contact me at the address below should you have any questions or concerns regarding this letter.

Sincerely,

Andrew Sucov

7 Norwood Avenue

Cranston, RI 02905



Sarai
7 Norwood Ave
Cranston, RI 02905

SEP 24 2019 AT

Equifax Data Breach Settlement
Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9318

PROVIDENCE RI 028
20 SEP 2019 PM 4 L

Alabama 1819

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV - 4 2019

JAMES N. HATTEN, Clerk
By: ~~~~~~ Deputy Clerk

327 Cranberry Meadow Road
Berwick, Maine 03901-2441
October 28, 2019

Clerk of Courts
United States District Court
Northern District of Georgia
15 Ted Turner Drive SW
Atlanta, Georgia 30303

Re: In Re Equifax Inc. Customer Data Security
Breach Litigation Case No. 1:17-md-2800-TWT
(N.D.Ga.)

Dear Madam or Sir:

Enclosed please find materials that I have relating to my correspondence from and to Equifax as a result of the breach occurring in the Fall of 2018. I do so at the recommendation of Charlie Warzel, Opinion Writer of the New York Times, in the lead editorial of September 18, 2019. I enclose a copy of that opinion piece.

I document the time and other costs that I incurred in attempting to receive corrective action and remuneration for losses incurred as a result of the Equifax breach. I filed my letter with Equifax, containing supporting documentation, which I have not included here, in efforts to communicate with the companies providing credit services. I am willing to provide those documents if requested.

I enclose a copy of the certified mail to you as well, along with a copy of the letter receiving no confirmation of Equifax's receipt. However, I have since received a copy of Equifax Data Beach class Action Settlement.

I appreciate your and the Court's attention to this issue.

Respectfully submitted,

*Anne Vaughan*

Anne Vaughan

Enc.



RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV - 4 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

327 Cranberry Meadow Road
Berwick, Maine 03901
September 11, 2019

Equifax Data Breach Settlement
C/O JND Legal Administration
PO Box 91318
Seattle, WA 98111

> Re: Request for Settlement Payment as a
> Result of Breach of the Private Credit
> Details of Anne Vaughan in Her Account
> with Equifax

To Whom It May Concern:

I am seeking restitution at the hourly rate owing to the hours spent in my efforts to correct the matters that led to my initial loss of my private consumer information through your errors, and to the subsequent errors and delays caused by Equifax.

I note that reports relating to my credit account list several names for me. Please note however that the only name that is appropriately mine for all purposes  is Anne Vaughan and is correctly spelled Anne Vaughan, not Vaughn, as your correspondence had it. Nor am I Anne Vaughan Vaughn, again as your correspondence had it.  (I note the credit reports include other names. While my maiden name's initial is D and both the Social Security Administration and the State of Maine Driver's License system uses that, I do not routinely do so. But I never use the last name of my husband, which is Schore).

I document these matters, detailing the times and measures that your error required I take.  I provide copies, although I know that you must have the details in your files. As a retired attorney (Tempie Law

1

1985) I recognize that legal systems may work slowly, nonetheless, these hours that I now seek compensation for include the initial hours spent during the year and three quarters that I have waited for corrective compensation while what appears to be your delay resisting the many plaintiffs' claims. That delay adds to the need for expanded recompense.

July 27, 2019   Began this letter and the settlement form, after retrieving materials from storage and reviewing them.

The following itemized and otherwise numerous documents are copied and enclosed along with the estimated time I spent deciphering and responding to Equifax, TransUnion, and Experian.

Your Notice of Data Breach 10/13/17, received and reviewed.

My Letter requesting security freezes (2 pages) to Equifax, Experian, and Transunion, 10/21/17 :                          1 hour

18 page Letter from Experian 11/7/17 seeking additional information. Reviewed and answered and identifying information provided, copy enclosed of driver's license and Medicare card (numbers removed).                    _____

My Letter to TransUnion 11/15/17 to a different address, caused by Equifax giving me the incorrect address of same in its earlier correspondence.                         _____

Second Letter 11/15/17 with returned envelope to TransUnion seeking corrective action, necessitated by Equifax's incompetence and misinformation about Transunion's address.

Envelope of Letter to TransUnion returned 11/17/17 owing to wrong address, provided by Equifax.

2

Letter with $10 check to Experian 11/21/17 and instruction sheet from Experian

Response received addressed to Anne Vaughan Vaughn from Equifax 11/25/17 Confirmation # 7329048833. 3 pages. The letter states "the results of the dispute you recently filed with Equifax are complete". The letter continues with

"The results of our Reinvestigation We have reviewed your concerns and our conclusions are : The disputed address PO Box 2000 chester PA 19016 is currently not reporting on the Equifax credit file."

Response received addressed to Anne D Vaughn from Experian Consumer Fraud Assistance stating that this request has been processed and the check (from Anne Vaughan) was not being necessary was shredded. 2 pages. 11/29/17

Letter received addressed to Anne D Vaughn from Experian confirming placement of a security freeze on that personal credit report from Experian and providing a personal identification number (number deleted). The letter contained instructions as to how to remove a security freeze. 11/29/17. 4 pages.

TransUnion Consumer Relations, undated communication, 5 pages, confirmation of a freeze ordered 11/27/17, #15FFE83CF9C804

TransUnion Security Freeze confirmation online. Printouts reviewed and answered to ensure secure results of freeze so I could receive my pin number (deleted). Questions required were user name, password, secret question (what is your father's middle name?) Received 11/27/17.

Experion's report, also enclosed, received as a consequence of the breach, shows us to always have been in good financial standing.

3

Daily Monitoring of my credit card, loan and bank accounts since October 13, 2017 @ an hour per week for the 96 weeks following notice of the breach is 96 hours.  This daily monitoring was for the most part provided by my husband, Niles Schore, whose affidavit is attached hereto and incorporated herein by reference. This amount assessed is eminently reasonable, considering that it addresses only the past two years, although the threat of future harm and the need for ongoing monitoring continues to date.

At $20 per hour that amounts to :

|  |  |
| --- | --- |
|  | $1920. |
| Copying documents at least 1 hour: $20. | $20. |
| Postage estimated | $15. |

Time estimated to review, compile, maintain, document, and correct the actions of the agencies involved at $20 per hour, at least 15 hours:                                                    $300

| Damages Claimed | $.2255. |
| --- | --- |

In closing, please understand that I remain angered by this horrific act of indifference to my financial security and its potential for adverse fiscal consequences to my younger husband and my 4 daughters and their families including 4 grandchildren. Your company, with its vast staff and multiple levels of researchers, storage systems and supervising personnel, with corporate agents in receipt of large salaries, attendant benefits and stock advantages, has violated me and made my life insecure. While your efforts to claim criminality are no doubt correct as far as they go, your corporate complicity is most likely

4

discoverable or alternatively apparent in the ease with which so much data for so many was lifted from you.

The greater part of my work life has been devoted to low income communities and individuals, as an attorney for Legal Services programs in Georgia and Pennsylvania. The many poverty issues that my clients endured were I trust treated with care and professionally and with zeal. This care appears not to be understood by you, in your disregard of the credit issues and the funds of those you were authorized to serve honestly.

That your agency has displayed its indifference to my needs, as well as those of the millions whose losses are also undoubtedly multiplied by that same carelessness and willful disregard of standards of care, is scarcely recompensed by a measly reward to your victims, of $125. I seek the maximum dollar amount from you that these facts above stated can give me. I note that the daily monitoring referenced above continues by my husband, and the continuing cause for concern might provide a  potential legal action against you, since you acknowledge there is no identification of the hacking agent who likely still possesses it through your inaction to secure my private information.

I am 83 years old and I should never have had to go through this, but especially at my age.  But without a doubt, the anxiety that I have incurred is not being recognized in your settlements. You screwed up, and you should have to pay.

Please feel free to contact me with any questions at annenile@comcast.net or 207 715 0246.

Respectfully submitted,

5

discoverable or alternatively apparent in the ease with which so much data for so many was lifted from you.

The greater part of my work life has been devoted to low income communities and individuals, as an attorney for Legal Services programs in Georgia and Pennsylvania. The many poverty issues that my clients endured were I trust treated with care and professionally and with zeal. This care appears not to be understood by you, in your disregard of the credit issues and the funds of those you were authorized to serve honestly.

That your agency has displayed its indifference to my needs, as well as those of the millions whose losses are also undoubtedly multiplied by that same carelessness and willful disregard of standards of care, is scarcely recompensed by a measly reward to your victims, of $125. I seek the maximum dollar amount from you that these facts above stated can give me. I note that the daily monitoring referenced above continues by my husband, and the continuing cause for concern might provide a potential legal action against you, since you acknowledge there is no identification of the hacking agent who likely still possesses it through your inaction to secure my private information.

I am 83 years old and I should never have had to go through this, but especially at my age. But without a doubt, the anxiety that I have incurred is not being recognized in your settlements. You screwed up, and you should have to pay.

Please feel free to contact me with any questions at annenile@comcast.net or 207 715 0246.

Respectfully submitted,

5

Case 1:19-cv-02488-CWT Document 999 Filed 12/05/19 Page 43 of 77

# What to Do to Get Justice From Equifax

**Charlie Warzel**

EQUIFAX had one job — keep its vast trove of personal financial information on millions of Americans secure. In 2017, the company failed spectacularly at that job when a hack compromised the information of more than 147 million people.

This July, Equifax settled a lawsuit with the Federal Trade Commission in response to that failure for up to $700 million. A settlement website was created to allow those who had their information exposed by Equifax to file a claim to receive either free three-bureau credit monitoring for up to 10 years or up to $125 if they already had credit monitoring, no documentation necessary.

News spread. Millions listened and inundated the settlement site with claims. A week later, I reported on some fine print in the settlement suggesting that Equifax had earmarked only $31 million for claims, meaning that if all 147 million people affected by the breach filed a claim, they would each get just 21 cents. Two days later, the F.T.C. admitted this and urged victims instead to take the free credit monitoring. Activists and politicians, including Elizabeth Warren, excoriated the F.T.C., calling the initial settlement "misleading."

**Millions of consumers whose data was exposed have made claims for $125. Now they're getting demands for more paperwork.**

Last weekend, victims looking for their $125 faced yet another indignity in the form of an email from the Equifax settlement team. The email — which looked so spammy the F.T.C. had to post an assurance on its website that it was legitimate — said that people looking for a cash reward must verify they have credit monitoring in place by Oct. 15, or their claims would be denied.

As one of the 147 million who had their personal information exposed (my weekend email was helpfully buried in the purgatory of Gmail's "Promotions" tab), the settlement high jinks are enraging to me. Worse yet, the bungled payouts may have long-term repercussions for the way Americans think about privacy.

"This deal makes me sick," Jay Edelson, a class-action lawyer who specializes in privacy cases, told me last week. "This is going to be most Americans' experience with privacy class-action suits. And their view is going to be, I assume, 'We were promised a lot and we're going to get nothing and that's how it'll always be.'"

Fortunately, experts say there are still things you can do if you feel frustrated and misled.

**RESPOND TO THAT EQUIFAX SETTLEMENT EMAIL.** This may seem obvious, but the best thing you can do is make sure you find, open and respond to the Equifax email. Theodore H. Frank, a lawyer who specializes in class-action suits, told me this week that only 3 percent of the people who get class-action emails respond. But responding is important, because it shows real consumer interest in restitution.

You'll need to show proof that you have credit monitoring to be eligible for a cash settlement. But there's a chance you might have credit monitoring active even if you aren't aware of it. Many major credit cards actually provide a form of credit monitoring, so it's worth checking with your credit card company. If your company offers such monitoring, it's a loophole that might allow you to receive your piece of the settlement.

Granted, this requires some legwork. But giving up is exactly what the settlement team is hoping for when it sends out a suspect-looking email, Mr. Frank argued. "Boycotting this unfair settlement isn't doing anything. The settlement attorneys will still get paid, even if you don't," he said.

**WRITE A LETTER TO THE COURT.** Before anyone can get his money, the court — specifically, the United States District Court for the Northern District of Georgia — has to approve the settlement. This, two class-action lawyers told me, is where victims have some real power to exert some influence. According to one lawyer familiar with the settlement, one of the factors the court looks at are objections in letters from victims.

These objections can come in many forms — you can find information on how to object in the FAQ section of the settlement website — and you can simply write a standard onepage letter. No legalese or lawyers necessary. "Courts actually read all the objections," one attorney said. Because most people are too intimidated to write in, a small percentage can go a long way. "Even if it's just 1,000 or 2,000 people, that can send a big message," the attorney said. The letter should be brief and outline the process, stressing that you feel deceived by the terms of the settlement — if you do.

Another option is to write your state attorney general to complain about the settlement. Multiple class-action lawyers I spoke with noted that a number of state attorneys general were part of this settlement and that inundating them with letters could ratchet up the pressure for them to push back.

The difficulty of this approach in most class-action suits is that people usually don't realize a settlement is unfair right away. Often, it's not until years later, when a check for a few cents arrives, that they'll realize they've been baited and switched, and then it's too late. Here, though, it's already obvious that the settlement is falling short.

**FILE A FORMAL, LEGAL OBJECTION.** Then there's the heavy-lift option, which involves class-action lawyers like Mr. Frank. This process is likely to take time, as the objection will cite case law and make a formal argument to the settlement judge. Once these formal objections are filed, other victims can join them without needing to do as much legwork.

There are some serious downsides to filing a formal objection, according to Mr. Frank. Those who do could face long, aggressive depositions from Equifax's lawyers. Their financial records could be subpoenaed as well.

"The lawyers take these objections very personally," he said. "They have $80 million in fees at stake. It's going to be really ironic when the lawyers who were fighting for the privacy of the class will harass them and invade their privacy to keep their money."

But, Mr. Frank argues, if people come out in droves with formal objections, it may lessen the burden for all victims. "It's like that meme where if 10,000 people storm Area 51, the government won't shoot them all," he said. "If enough people object, they probably won't get deposed. And if they do, well, you can look at it as a once-in-a-lifetime experience."

If all of this sounds elaborate, it is. But if you care about the future of privacy, the impact could be meaningful.

As Mr. Frank notes, this is ultimately about sending a message on behalf of millions of victims that protecting privacy does matter and that those who expose entrusted personal information owe victims real compensation. Not some bait-and-switch news release.

*CHARLIE WARZEL is an Opinion writer at large.*



RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV - 4 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

327 Cranberry Meadow Road
Berwick, Maine 03901
October 6, 2019

Equifax Data Breach Settlement
C/O JND Legal Administration
PO Box 91318
Seattle, WA 98111

Re: Request for Settlement Payment as a
Result of Breach of the Private Credit
Details of Anne Vaughan in Her Account
with Equifax  filed September 11, 2019

To Whom it May Concern:

On September 11, 2019, I filed a request for payment with you as a result of breach. I mailed it certified, but have received no acknowledgement from you. I enclose a copy of the certified forms. Please respond and let me know the status, if you have received my documents. I thank you for your attention to this matter.

Sincerely,

Anne Vaughan

Anne Vaughan

Enc.



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

SEATTLE WA 98111

OFFICIAL USE

| Certified Mail Fee | $3.50 | | 0073 |
| | | | 10 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $ $0.00
☐ Return Receipt (electronic)   $ $0.00     Postmark
☐ Certified Mail Restricted Delivery $ $0.00   Here
☐ Adult Signature Required      $ $0.00
☐ Adult Signature Restricted Delivery $

Postage
$                    $2.20

Total Postage and Fees        09/11/2019
$          $5.70

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

Certified
  (USPS Certified Mail #)                        $3.50
  (70190700000129655372)

Total                                            $5.70

- - - - - - - - - - - - - - - - - - - - - - -
Cash
Change                                           $20.00
                                                ($14.30)
- - - - - - - - - - - - - - - - - - - - - - -

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1 800-222-1811.

         Preview your Mail
        Track your Packages
        Sign up for FREE @
      www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

     HELP US SERVE YOU BETTER

   TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

            Go to:
   https://postalexperience.com/Pos

   840-5040-1365-003-00036-19534-02

     or scan this code with
       your mobile device:

     or call 1-800-410-7420.

     YOUR OPINION COUNTS

Receipt #: 840-50401365-3-3619534-2
Clerk: 10



P.O. Box 105054
Atlanta, GA 30348

000003932 FEBROD01101517113345 01 000000

Anne Vaughan Vaughn
327 Cranberry Meadow Rd
Berwick, ME 03901-2441

October 13, 2017



**NOTICE OF DATA BREACH**

Dear Anne Vaughn:

This letter follows up on the cybersecurity incident Equifax announced on September 7, 2017. At Equifax, our priorities with regard to this incident are transparency and continuing to provide timely, reassuring support to every consumer. You are receiving this letter because you are one of the 2.5 million additional potentially impacted U.S. consumers that has personal information that was potentially exposed, as described below.

## What Happened

On July 29, 2017, Equifax discovered that criminals exploited a U.S. website application vulnerability to gain access to certain files. Upon discovery, we acted immediately to stop the intrusion. The company promptly engaged a leading, independent cybersecurity firm which has been conducting a comprehensive forensic review to determine the scope of the intrusion, including the specific data impacted. Equifax also reported the criminal access to law enforcement and continues to work with authorities. Based on the company's investigation, the unauthorized access occurred from mid-May through July 2017.

On September 7, 2017 Equifax notified U.S. consumers of the data security incident, including that approximately 143 million U.S. consumers were impacted. On October 2, 2017, following the completion of the forensic portion of the investigation of the incident, Equifax announced that the review determined that approximately 2.5 million additional U.S. consumers were potentially impacted. To minimize confusion, you are receiving this letter because you are one of the 2.5 million additional potentially impacted U.S. consumers.

## What Information Was Involved



Most of the consumer information accessed includes names, Social Security numbers, birth dates, addresses, and in some instances, driver's license numbers. In addition to this notice, Equifax will send you a direct mail notice if your credit card number was impacted. We have found no evidence of unauthorized access to Equifax's core consumer or commercial credit reporting databases.

**Must be postmarked
or submitted online
NO LATER THAN
January 22, 2020**

EQUIFAX DATA BREACH SETTLEMENT
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111
WWW.EQUIFAXBREACHSETTLEMENT.COM

**EFX**

# Equifax Data Breach Claim Form For Class Members Who Were Minors on May 13, 2017

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

This claim form can be used to submit a claim on behalf of a class member whose personal information was impacted by the Equifax data breach announced on September 7, 2017, and who was under the age of 18 **on May 13, 2017** ("Impacted Minors").

Use this claim form if one of the following circumstances applies to you:

- If your child was impacted by the data breach, and is still under the age of 18 on the date this claim form is submitted. Parents or legal guardians must submit claim forms on behalf of individuals who are still minors.
- If you were impacted by the data breach, and you are now over the age of 18 on the date you submit this claim form. If you are over the age of 18, only you or your authorized representative can submit a claim form on your behalf.

If you were over the age of 18 on May 13, 2017, and wish to file a claim form, visit www.EquifaxBreachSettlement.com. Do not use this claim form.

**You may submit a claim for one or more of these benefits**:

**Credit monitoring or $125 Cash Payment**: Use the claim form to request free credit monitoring services. Or, if you or your child already have credit monitoring services, you can request a $125 cash payment.

**Cash Reimbursement**. Use the claim form to request money for one or more of the following:

1. **Reimbursement for Time Spent.** If you or your child spent time trying to avoid or recover from fraud or identity theft because of the Equifax data breach, you can get $25 per hour for up to 10 total hours, or up to 20 total hours if you provide supporting documents.

2. **Reimbursement for Money You Spent.** If you or your child spent money trying to avoid or recover from fraud or identity theft because of the Equifax data breach, you can be reimbursed up to $20,000. You must submit documents supporting your claim.

3. **Up to 25% Reimbursement for Equifax Credit Monitoring Subscriptions.** If you or your child had an Equifax credit monitoring or identity theft protection subscription between 9/7/2016 and 9/7/2017, you can get a payment of 25% of the amount you paid.

# Cash Payment: Time Spent

If you or your child spent time trying to recover from fraud or identity theft caused by the data breach, or if you spent time trying to avoid fraud or identity theft because of the data breach (placing or removing credit freezes on your credit files or purchasing credit monitoring services), complete the chart below. You can be compensated $25 per hour for up to 20 hours.

If you claim **10 hours or less**, you must describe the actions you took in response to the data breach and the time each action took.

If you claim **more than 10 hours total**, you must describe the actions you took in response to the data breach *and* include supporting documents showing fraud, identity theft, or other misuse of your personal information.

*By filling out the boxes below, you are certifying that the time you spent doesn't relate to other data breaches.*

| Explanation of Time Spent (Identify what you did and why) | Approx. Date(s) | Number of Hours and Minutes | Supporting Documentation? (Y/N) |
|---|---|---|---|
| All attached letter and its attachments *Anne Vaughan* 9/11/19 | | | |

Questions? Visit www.EquifaxBreachSettlement.com or call 1-833-759-2982

Page 4 of 7

| | |
|---|---|
| **5. YOUR PHONE NUMBER:** | 2 0 7 · 7 1 5 - 0 2 4 6 |
| **6. YOUR EMAIL ADDRESS:** | annenile @ comcast. net |
| **7. YEAR OF BIRTH (REQUIRED)** | Enter your year of birth if filling out for yourself or enter your child's year of birth if filling out this form on behalf of a minor.<br><br>February 21, 1936 |

## Credit Monitoring: Free Service or Cash Payment

*You may be eligible to receive free credit monitoring or up to $125 if you already have credit monitoring.*

An Impacted Minor can receive free monitoring services provided by Experian for at least four years. **While an Impacted Minor is under the age of 18, the services will be child monitoring services.** Once an Impacted Minor has turned 18, the services will be the same three-bureau monitoring at all three national credit agencies (Equifax, Experian, and TransUnion) offered to adults. An Impacted Minor can also receive free monitoring services provided by Equifax for up to fourteen years after the Experian service ends. Again, while an Impacted Minor is under the age of 18, the services will be child monitoring services tailored to minors. Once an Impacted Minor has turned 18, the services would be the same single-bureau monitoring offered to adults.

**Or**, if the Impacted Minor has credit monitoring services that the Impacted Minor will keep for at least six months, you can request a cash payment of $125.

*Please select either Option 1 or Option 2 below, but not both.*

☐ **Option 1, Credit Monitoring**: I want to receive free, three-bureau credit monitoring for myself or my child.

*If you select this option, you will be sent instructions and an activation code after the settlement is final to your email address or home address. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

If You selected Option 1, would you like to sign-up for Equifax's free, one-bureau credit monitoring service for up to 14 more years after the initial, three-bureau credit monitoring services expire?

☐ **Yes.**

*If you select "yes" for this option, you will be sent instructions to your email address or your home address before your three-bureau credit monitoring expires. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

☐ **Option 2, Cash Payment**: I want a cash payment of $125. I certify that I have credit monitoring for myself or my child and will have it for at least 6 months from today.

*If you select this option, you cannot also enroll in the free, three-bureau credit monitoring service offered through this Settlement.*

## Cash Payment: Money You Lost or Spent

If you or your child lost or spent money trying to prevent or recover from fraud or identity theft caused by the Equifax data breach and have not been reimbursed for that money, you can receive reimbursement for up to $20,000 total.

It is important for you to send documents that show what happened and how much you lost or spent, so that you can be repaid (except for money you may have spent on Equifax subscription products as explained below). If they are the same as the documents you attached in the section above, you do not need to send them again.

To look up more details about how cash payments work, visit **www.EquifaxBreachSettlement.com** or call toll-free 1-833-759-2982. You will find more information about the types of costs and losses that can be paid back to you, what documents you need to attach, and how the Settlement Administrator decides whether to approve your payment.

| Loss Type and Examples of Documents | Amount and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Equifax breach) |
|---|---|---|
| **Costs for freezing or unfreezing your credit report on or after 9/7/2017** *Examples: Receipts, notices, or account statements reflecting payment for a credit freeze* | $ Date: | |
| **Credit monitoring and identity theft protection purchased between 9/7/2017 and the date of your claim submission** *Examples: Receipts or statements for credit monitoring services* | $ Date: | *See attached it's letter & attachments Anne Varghese 9/11/19* |
| **Costs incurred for an Equifax credit or identity theft monitoring subscription products I had between 9/7/2016 and 9/7/2017** *Equifax will check its records and these claims will be paid without documentation if Equifax's records match your claim. You may still submit receipts of statements for Equifax credit monitoring services to support your claim* | $ Date: | |

## Signature

I affirm under the laws of the United States that the information I have supplied in this claim form and any copies of documents that I am sending to support my claim are true and correct to the best of my knowledge.

Check one:

\_\_\_ I affirm that I am the parent or legal guardian of the child listed below, and that I am filing a claim on his or her behalf.

Child's Name: _____

OR

✓ I am filling out this claim form on my own behalf, and I am over the age of 18.

I understand that I may be asked to provide more information by the claims administrator before my claim is complete.

| Signature: *Anne Vaughan* | Dated: 9/11/19 |
|---|---|
| **Print Your Name:** *Anne Vaughan* | |

| | | |
|---|---|---|
| Costs, expenses, and losses due to identity theft, fraud, or misuse of your personal information on or after 05/13/2017<br><br>*Examples: Account statement with unauthorized charges highlighted; police reports; IRS documents; FTC Identity Theft Reports; letters refusing to refund fraudulent charges; credit monitoring services you purchased* | $<br><br><br>Date: | _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Professional fees paid to address identity theft on or after 5/13/2017<br><br>*Examples: Receipts, bills, and invoices from accountants, lawyers, or others* | $<br><br><br>Date: | see attached letter o attachment<br>Bruce Vaughan 9/11/19 |
| Other expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges related to the data breach<br><br>*Examples: Phone bills, receipts, detailed list of places you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled* | $<br><br><br>Date: | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |

## How You Would Like to Receive Your Cash Payment

If you made a claim for a cash payment in this claim form, you can elect to receive your payment either by check or pre-paid card to your mailing address.

Checks must be cashed within 90 days. If you select a pre-paid card, the card never expires.

Which do you prefer?

☒ Check

☐ Pre-Paid Card

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV - 4 2019

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## Affidavit

I, Niles Schore, retired attorney, aver as follows:

1. I am the husband of Anne Vaughan.

2. I consistently on a daily basis monitored the status of our funds and searched for, tracking the existence of, any damages to our mutual accounts caused by the breach of my wife's personal credit information by Equifax that led to the efforts which my wife has had to undertake and which she has outlined in her letter of September 11, 2019.

3. The amount of time I spent weekly is correct, to September 11, 2019.

4. The modest monetary value I assign to the monitoring work is based on my experience.

4. My monitoring effort of the Equifax breach consequences to my wife's personal credit information continues to this day and will continue indefinitely.

_____
Niles Schore

1



Anne Vaughan
327 Cranberry Meadow Rd
Berwick, ME 03901



SO. MAINE
WED 30 OCT 2019

ELLSWORTH KELLY

POST OFFICE MURALS / FOREVER

Clerk of Courts
United States District Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta
Georgia
30303



CLEARED
NOV - 4 2019
U.S. Marshals

4220 Montgomery St, #106
Oakland, CA. 94611
November 18, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn:  Objection
c/o JND Legal Administration
POB 91318
Seattle, WA.  98111-9418

Received

NOV 2 2 2019

by JNDLA

**Re:  The Equifax Inc. Security Breach Litigation Case No 1:17-md-2800-TWT**

**I, Arlinda Jane Befort, at the above address, was affected by the Equifax data breach** according to Equifax website when I first became aware sometime after the breach was first exposed.  Most recently, I found out about the settlement and verified this at the Equifax Breach Settlement website.  I am an affected party.

**My concerns regarding Equifax Inc. Security Breach Litigation Case No 1:17-md-2800-TWT pending settlement are as follows:**

- Myself and everyone I know that was affected by the Equifax data breach were NEVER notified by either Equifax or the administrators of the Equifax Settlement Breach Settlement.  If we learned about it at all, it was from the media.   I only recently learned about the pending settlement.  Thus, like many, I am not prepared to make a fully informed decision by November 19, 2019.   It is NOT proper to hold us to limiting suit against Equifax given we were NOT notified by the administrators of the settlement or Equifax.
- Credit/Dark Web Monitoring Services and Insurance Costs covering related ID theft/fraud are limited to 4 years.  (Equifax covers an additional six if one opts in.)
- $125 as an alternative to free credit monitoring is inadequate.  Costs are greater.
- Identity Restoration Services are limited to 7 years
- The time to freeze/unfreeze credit files will continue to accumulate for a lifetime as the affected must keep them frozen to minimize risk.  This requires that the affected unfreeze and refreeze credit files each time a line of credit or a loan is applied for.

**How I would like to see these concerns corrected before a settlement is finalized:**

- All affected parties need to be notified by either Equifax or the administrators of the Equifax Settlement Breach.  In order to do this and allow affected parties to make informed decisions, the settlement dates for action need to be extended, allowing for a comment period once all are notified.  It is important that all affected parties are properly notified and given adequate time to consider their options.
- Since this data breach could well have impacts any time during our lifetimes, I would like to see credit/dark web monitoring services, insurance cost covering ID/fraud, and Identity Restoration

<u>Services extended cover each affected individuals' lifetime.</u>  Otherwise, each will have to cover him or herself out of pocket once the settlement terms expire.

- The $125 allowance for alternative credit/dark web monitoring services is inadequate. Many of us have already engaged such services at much greater cost.  We were led to believe via media that Equifax would retroactively cover these costs.  Such individuals should be able to <u>submit their bills for such services initiated after the breach even if they elect to take the credit/dark web monitoring services offered by Equifax going forward.</u>

- I would also like to <u>see some allowance for the inconvenience caused by this data breach in terms of actions and expense needed to continue to protect credit files</u> which include unfreezing/refreezing credit files over the course of a lifetime.  Since this is not necessarily done every year, assuming a cost of $25/hour, I think it is reasonable for these costs to be averaged out to about $5 per year, using average gender life expectancies as of 2019, to come up with individual totals.

**I have NOT objected to any class action settlements in previous five years**.

**I do NOT intend to appear at the Fairness Hearing**.  I wish to thank you in advance for working on our behalf.  Equifax could have prevented this data breach by applying a security patch in a timely manner.  Equifax's negligence is the cause of our dilemma now.  Equifax needs to do better to address the risk, additional expense, and inconveniences this breach has put us through and will continue to into the future.

**Thank you** for your consideration.

Sincerely,

*Arlinda Jane Befort*

Arlinda Jane Befort, RN

H.J. BEACH
4220 MONTGOMERY ST. #06
Oakland, CA. 94611

NOV 2 2 2019

EQUIFAX DATA BREACH CLASS ACTION
SETTLEMENT ADMINISTRATOR
ATTN: Objection
C/o JND Legal Administration
P.O.B. 91318
Seattle, Washington





Austin Douglas



Received
SEP 2 4 2019
by JNDLA

1542 W 7th Ave

Columbus, OH 43212


*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT


Your Honor,


I have verified I am member of the class using https://www.equifaxbreachsettlement.com and after reviewing the proposed settlement I don't find it sufficient.  In light of the harm suffered by members of the class and the extent of the defendant's wrongdoing the proposed settlement is not adequate.  I respectfully request that you deny the settlement.


I have not objected to any class action settlements in the previous five years.  I do not intend to attend the fairness hearing.


Regards,

Austin Douglas



THE OHIO STATE UNIVERSITY
WEXNER MEDICAL CENTER
The Richard M. Ross Heart Hospital
Ross 5
452 West 10th Avenue
Columbus, OH 43210

98073.H10000.61801.00000000000000.00000.000000

SEP 2 4 2019

COLUMBUS
OH 430
20 SEP '19
PM 4 L



US POSTAGE PITNEY BOWES

ZIP 43210
02 4W
0000343313SEP 20 2019

$ 000.50⁰

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection

c/o JND Legal Administration

Po Box 91318

Seattle, WA 98111 - 9418

Received

NOV 2 1 2019

by JNDLA

# In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I, Austin Lowell, am one of the almost half of all Americans affected by the data breach, as verified by the service set up at equifaxbreachsettlement.com. I write this letter of my own accord, exercising my right as a member of the settlement to express my opinion in the form of an objection. I have not objected to any class action settlements in the past. I do not intend to appear at the fairness hearing, nor do I plan to have an attorney represent me at said hearing. Engaging in either of the aforementioned acts concerning the hearing would be financially burdensome for me at the time. I do, however, desire to have this letter presented at said hearing, so those involved in this settlement will hear my objections.

As an American citizen who uses American financial institutions, I have very little choice as to where my financial data goes. Equifax is one of three major credit Bureaus trusted by financial institutions to maintain the personal and confidential information of citizens such as myself. Financial records are essential for life in the modern world, and as such, I, and the other hundreds of millions of Americans, have little choice but to trust these Bureaus.

Equifax fundamentally violated that trust in the largest and most profound data breach in American history. Data security is a hard thing to get exactly right. As cofounder of a small tech company and a holder of a Computer Science degree from Purdue University, I will be the first to admit this. But Equifax is not a small business, nor are they playing with trivial data from a small group of people. Equifax is a massive corporation trusted with the data security of hundreds of millions of Americans. They have an obligation to the citizens of this country to maintain the highest standards of data security.

And they failed to uphold that obligation. This was not a small breach due to an unforeseen security issue. Reputable technology news outlets such as Wired and Techcrunch, as well as mainstream news outlets such as CBS have all reported that Equifax's breach was entirely preventable if they had properly patched their systems. This breach was caused solely by the negligence of Equifax.

In addition, in the aftermath of the breach, the website they created to check whether a person had been affected by the breach was run on a wordpress server with a standalone domain name. This non-standard way of alerting customers was falsely flagged as a phishing site by many consumers' browsers, adding to confusion and misinformation. Since the breach, Equifax has also been caught using default usernames and passwords on secure databases storing similar information to what was exposed in the breach. Clearly, Equifax has shown and continues to show a tremendous amount of incompetence in data security. And since they are a company whose foundation and financial value is the integrity of their data, they have failed to do the one thing they are tasked with.

And as is the case with many data breaches, it is difficult and even impossible for a consumer to prove much of the damages they incur. Equifax leaked the data of 147 million Americans. Data leaked could sit in malicious databases for years before it ever sees the light of day. The effects to Americans could expand for decades. And none of that could ever be

proven, because they would never know that information pertinent to their livelihood was sitting out there. The website created to inform users of the details of this settlement does not even inform a class member of the specific information of theirs that was leaked. How can a victim of this breach even attempt to prove that they have been affected if they do not even know where to start looking?

Finally, and most egregious of all violations, such a breach of Equifax's systems, as well as their continued incompetence, means that information stored on such systems cannot be trusted. As such, any information Equifax provided to any company, lender, or other entity, personal or professional, cannot be verified to be accurate. The backbone of the entire financial system in America is dependent, at least in part, on the accuracy of said information. The implication of this is astounding: the damages caused by this breach echo throughout America, and cannot be measured solely by the loss of personal information. The interest rate of every loan, the decision to grant every credit card or bank account, and the credit score of every citizen that at all used any of Equifax's systems has been affected.

As such, Equifax is liable for much more than just the theft of information. It is liable for the loss of the reputation of the entire financial system of America, and all of the financial implications this has.

This settlement is, quite frankly, a spit in the face for those affected. If every member of the current class filed a claim for a cash payment, the amount paid out to each member would be less than 25 cents. This sum is not even close to enough to cover the cost of credit monitoring that the settlement claims to be for, much less the astounding additional impacts mentioned above. And Equifax has shown in recent months that they intend to make it difficult for rightful members of the suit to claim even the paltry amount they are owed.

In conclusion: Equifax violated the trust of almost 150 million Americans who did not choose to have their data stored. The financial impact to class members is miles beyond that of credit monitoring, and the existing settlement amount does not even reasonably cover what it claims to. The recompense must match the severity of the damage, and this settlement does not even come close.

Sincerely,
Austin T. Lowell
1559 W 350 N Apt. 7
West Lafayette, IN 47906

Austin J. Lowell
1559 V 350 N Apt 7
West Lofayette, IN 47906

NOV 2 1 2019

INDIANAPOLIS IN 461
19 NOV 2019 PM 5 L

Equifax Data Breach Class Action Settlement
Attn: Objection                              Administrator
C/O JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Barbara Franken
160 Lyndsey Drive
Montgomery, TX 77316

October 3, 2019

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

By this letter I am objecting to the adequateness of the Equifax Security Breach Settlement.  This
objection is due to the fact that by selecting the remedy of a cash payout of $125 instead of the offered
credit monitoring, I have been advised by Equifax that I may not be receiving the full $125. Equifax
states that this is because so many injured parties have responded and there will not be enough monies
to cover all the claims.

As per the Equifax Breach Settlement website verification link, I am a verified Settlement Class Member
and am eligible to file a claim.

I have not previously objected to any class action settlements.

I will not be attending the Fairness Hearings.

Respectfully,

Barbara Franken

Received
OCT 11 2019
by JNDLA



Govert Franken
160 Lyndsey Dr
Montgomery TX 77316-6835

OCT 11 2019

98111~941818



Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

0000 566373 (2000/Case Rev 02)

Before You Seal This Envelope
Please Write the Account No. on Your Payment
and Ensure the Remit Address Appears in the Window
Thank You

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
OCT 07 2019
by JNDLA

Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To the Equifax Class Action Settlement Administrator,

I'm a member of the above-mentioned settlement class, Claim # PZMBH-DNXPU, in the proposed Case settlement.

I strongly object to the meager cash set aside by the defendant to reimburse millions of victims of their massive data breach. The settlement's $125 per victim was never adequately funded as defendants grossly underestimated the vast number of victims who would prefer $125 cash over Credit Monitoring, particularly when such monitoring was being offered by the very organization entrusted to safeguard those victims' credit credentials.

In my own case, having had some of our data previously compromised when Marriott Corporation was hacked, upon learning of Equifax's data breach, I quickly Froze all my credit reporting accounts at Equifax, Experian & TransUnion. On multiple occasions since, I've had to selectively release those Frozen accounts* in order to obtain credit in the open market.

I spent many weeks afterwards changing passwords to all my strategic accounts. I cancelled credit cards and had new ones issued by VISA & MasterCard.

The amount of time I have committed, and will continue to commit, to protect and to continuously monitor my personal data deserves appropriate compensation. Surely $125 per victim is a reasonable minimum for such personal efforts as outlined above; efforts necessary solely due to Equifax's failure to adequately protect that personal data.

Due to limited resources, I'm unable to appear before you in person, or through an attorney. As this letter expresses my testimony, I do not wish to be deposed by counsel for the Parties.

I've been a member of settlement classes before, but have never objected to any settlements in the previous 10 years or beyond.

Truly yours,

Barbara A. McCormick

94 Bellevue Avenue, Montclair NJ 07043

---

* I have not, and will not, release the Equifax Frozen account upon principle alone. Also, to the best of my recollection, I have not released the TransUnion Frozen account because of their non-negotiable $5 fee. I have released and reapplied the Freeze on my Experian account because they waived the fee when I needed to apply for various credit lines.



Equifax Data Breach Administrator
Attn: OBJECTION
c/o JND Legal Administration
PO Box 91318
SEATTLE WA 98111-9418

OCT 07 2019

KEVIN & BARBARA McCORMICK
94 BELLEVUE AVEN
UPPER MONTCLAIR, NEW JERSEY 07043

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 27 2019
by JNDLA

Dear Sir or Madam,                                                    September 18, 2019

I am writing in reference to Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT.  After being made aware of the data breach, I verified on the website https://eligibility.equifaxbreachsettlement.com/en/Eligibility that my information was taken.  I immediately signed up for the credit monitoring.  I suspected that with the number of people being impacted, the very low amount of $125 would never actually be paid out to each person.

I object to the settlement for several reasons.  My concern is that my information was stolen from a company that I never gave permission to collect in the first place.  Secondly, the $125 will only cover monitoring for a short time.  It could take years before my information is sold and used.  When that inevitably happens, it could cost me thousands of dollars and countless hours to rectify, not to mention ruining my excellent credit score.  Equifax should have some responsibility in helping me repair the damage, if necessary.  Lastly, I object to the fact that Equifax will be allowed to continue "business as usual" when this is settled.

I have never participated in a class action lawsuit and truly hope I never have to in the future. I do not intend to go to the Fairness Hearing. I only wanted to express my sincere concerns.

Thank you for taking the time to read my letter.

Becky Carpenter

Becky Carpenter
658 Basingstoke Ct.
Kissimmee, Florida  34758

658 Basingstoke Ct
Kissimmee FL 34758

SEP 27 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
C/O JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

B

Page **1** of **2**

Benjamin Last
6037 6th Ave NW
Seattle, WA, 98107

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

September 24, 2019

To Whom It May Concern,

I am a member of the settlement class. Equifax shows me to be a member of the settlement class in their online lookup located at: https://eligibility.equifaxbreachsettlement.com/en/Eligibility.

I object to the settlement for multiple reasons:

1. I never consented to have Equifax collect and monetize my personal data, and I cannot opt out of having Equifax collect my information.
2. Equifax has had annual gross revenues of over $3 billion dollars a year since 2016. This revenue comes from selling the information of people who never consented to have Equifax collect their information. https://www.macrotrends.net/stocks/charts/EFX/equifax/revenue
3. Equifax acted extremely poorly in regards to the breach:
    a. Equifax failed to protect the data of roughly ½ of the US population despite Homeland Security alerting them of a critical vulnerability over months before the breach (CVE-2017-5638 vulnerability which was announced along with a fix on March 6th, Equifax did not patch the issue until July 30th, the day after it learned of the breach.) https://securestrategy.co.nz/2017/10/01/what-equifax-did-wrong/
    b. Equifax failed to protect permanent, identifying information including (but not limited to) names, social security numbers, birth dates, address history, and drivers' license numbers.
    c. This was not Equifax's first breach, Equifax has a history of being breached (Equifax was breached at least twice between March and May 2017 alone). https://www.bloomberg.com/news/articles/2017-09-18/equifax-is-said-to-suffer-a-hack-earlier-than-the-date-disclosed
    d. Equifax waited over a month to alert the public that there had been a data breach (Equifax learned of the breach on July 29th and made its first announcement on September 7th)
    e. Four executives including the Chief Financial Officer and President of US Information Solutions, sold stock in the company after the company had discovered the breach, but before the company alerted the public
    f. Equifax attempted to force consumers who were impacted by the breach into arbitration as a condition of their initial credit monitoring offer

1

g. Equifax lobbied to limit liability for credit reporting companies that suffer breaches. Equifax conducted some of this lobbying during the month between when it learned of the breach and alerted the public.

h. Equifax directed the public to a fake website for information on the breach at least 8 times via Twitter (securityequifax2017.com instead of equifaxsecurity2017.com). https://www.securityweek.com/equifax-sent-breach-victims-fake-website

4. Equifax directly profited from the breach both by consumers taking actions to protect themselves in response to the massive breach. Consumers signed up for third party credit monitoring services that purchase credit monitoring services from Equifax and by consumers paid Equifax to institute a credit freeze. https://www.phoenixnewtimes.com/news/lifelock-still-relying-on-equifax-after-hack-9786222, https://www.cnbc.com/2017/09/15/heres-what-it-costs-to-freeze-your-credit-after-equifax-breach.html

5. The settlement is absurdly small given Equifax's actions. The Alternative Reimbursement pool is only $31 million dollars which is:

a. less than 1% of Equifax's 2018 gross revenue

b. $0.21 per person based on Equifax's current estimate of 147 million people being impacted by the breach

c. Roughly, 1/3 of the $90 million dollar payout the CEO at the time of the breach received upon his retirement https://fortune.com/2017/09/26/equifax-ceo-richard-smith-net-worth/

6. Damage to those impacted by the breach is ongoing. We are at risk of having our identities stolen for the rest of our lives. The risks of identity theft include people purchasing home in our names, opening credit cards in our names, opening bank accounts in our names, etc. Even catching those items without any financial loss can lead to our credit scores being negatively impacted which can in turn impact our ability to get hired for a job, get an apartment, home ownership, vehicle ownership, etc.

In summary, Equifax collected, and continues to collect, massive amounts of data on individuals without their consent, failed to take reasonable steps to protect the data it collected, failed to notify the public of the breach in a timely fashion, and directly profited from the breach

I have not objected to any other class action settlements within the last 5 years.

I will not appear at the fairness hearing due to the hearing being scheduled to take place in a different state from where I reside. I am willing to be deposed via a conference call or in-person in Seattle, WA on November 20th, November 26th, November 27th, or December 2nd.

Sincerely,

Benjamin Joshua Last
6037 6th Ave NW
Seattle, WA, 98107

2



U.S. POSTAGE PAID
FCM LETTER
SEATTLE, WA
98107
SEP 27 '19
$4.05
AMOUNT
R2304H108064-14

98111

SEP 3 0 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
C/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

Last
6C37 6th Ave NW
Seattle WA 98107

7019 0160 0000 2351 9006

98111~98181818

7019 0160 0000 2351 9006

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Equifax Data Breach Class Action Settlement Administrator

ATTN: Objection

C/O JND Legal Administration

P.O. Box 91318

Seattle, WA. 98111-9418

Received
NOV 1 2 2019
by JNDLA

To Whom it may concern:

I am writing this letter to inform you that I am extremely unhappy with the Equifax settlement. Equifax has made billions of dollars off the use of people's personal data. This is data that we haven't necessarily given them permission to collect and sell. This information is vital to people's personal and financial security. The punishment given was not great enough for the crime they committed.

To remind you, Equifax makes money off collecting and storing personal data. This company's data is the difference between a 3% and 10% mortgage interest. This data is data used by employers to determine if a person can gain employment or stay employed. This is life blood data. As a company that makes money off collecting and selling this data, they have a duty to protect that very same data.

Equifax allowed for millions of people's data to be exposed. These are everyday people who can't afford to pay thousands of dollars to restore their credit when it is ruined by Equifax's disastrous actions. Equifax took over seven months to tell anyone that their information was stolen; in the meantime, they continued to evaluate people's credit worthiness and even took in information on new accounts opened on behalf of a customer (presumably thousands opened as a result of their failure to protect our data).

It is highly likely that thousands of new accounts were opened and impacting people's credit within that seven-month period. Outside of just credit worthiness and fraudulent accounts is the physical security of millions of people. Giving criminals our addresses and personal identifying information that can be used for thousands of impersonation crimes. Think about the person that will be put in jail or the person who is hiding from someone that wants to physically hurt them and who's address is now compromised. Think about the child that is checked out of school by a person using this very information to claim they are the parent. How about the person that applies for employment and is told "we have gone with another candidate;" all because Equifax didn't protect that person's information. Equifax's action has compromised the very opportunity to put food on the table. The impacts of this breach and Equifax's failure to quickly inform will go far beyond the time Equifax is allowed to wipe its hands of this.

Equifax has shown that it is incapable of putting our security over their profits. In return they are given an easy-out to settle their abhorrent crime. The United States had slapped Equifax on the hand when they should be closing them down and indicting people within their organization. This company above all other companies should have the highest responsibility to invest in technology and security to safeguard people's information. They should have told us immediately and placed everyone on credit monitoring for the rest of their lives. Equifax continues to make money off monitoring people's credit

and doesn't even have the decency to provide individuals free monitoring service without having to jump through hoops.

Equifax's actions are indefensible and the equivalent of an everyday person failing to report a felony they have witnessed. That everyday person would be in jail and Equifax is let off with a punishment equivalent to a speeding ticket. Equifax should have to give free credit monitoring for the rest of each person's life and they should be responsible for the full cost of repairing and correcting any issue, now or 15 years in the future, that was caused by their failure to protect data and their failure to report the breach in a timely manner.

We are truly disappointed in the outcome of this settlement and the ability of the United States Justice Department to hold Equifax accountable for their actions.

Sincerely,

Trinity Tuttle & Benjamin Reynoso

(Claim # PPD7S94TQX & PKMU4PVYHC)

1804 Garnet Ave #317

San Diego, CA. 92109

Ph: 702-994-3830

TUTTLE/ REYNOSO
1804 GARNET AVE
#317
SAN DIEGO, CA 92109

NOV 1 2 2019

98111-941818

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT
ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

SAN DIEGO
07 NOV 2019 PM 5 L



**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**



*Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I am a member of the settlement class – I logged onto the website which showed that my data was leaked, and I opted for the monetary payment.

I object to the settlement. It simply does not seem fair to me that the amount that Equifax would have to pay was determined prior to determining the number of people who need remuneration. It is totally disheartening to hear that we will not even be paid the amount that we are supposed to be paid.

Furthermore, even after the settlement, Equifax has done an absolutely horrible job of fixing the situation. I tried to set up a freeze on my account – that took 6 weeks, and about 7 hours on the phone simply because of incompetency on Equifax's part. Equifax kept on repeatedly asking me to send in the same information, over and over. Even after the freeze was put into place, Equifax has set up a website my.equifax.com which is supposed to make it easy to start and stop freezes. However, after another couple more hours on the phone, I still cannot access the website. Today talking with a company representative, they said that they are experiencing 'technical issues' and that many people are facing this same problem. In sum, Equifax's incompetence caused **more harm** than had already caused at the time of the data breach, and everyone affected should be fully reimbursed for our time wasted on dealing with cleaning up their mess. The initial settlement was too small to begin with, and clearly does not cover the additional harm caused by their incompetence after the fact.

I have never objected to a class action settlement in the past.

I do not intend to appear at the Fairness Hearing because I do not live near seattle.

Sincerely,
Benjamin Margolin Rottman
261 Fisk St, Apt 2, Pittsburgh, PA, 15201



PITTSBURGH PA 150

27 SEP 2019 PM 3 L

SEP 30 2019

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMINISTRATOR

ATTN: OBJECTION

C/O JND LEGAL ADMINISTRATION

P.O. BOX 91318

SEATTLE WA 98111-9418

98111-541818

BEN ROTTMAN
261 FISK ST #2
PITTSBURGH PA 15201