# Exhibit B - 12

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
OCT 1 0 2019
by JNDLA

October 7, 2019

Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To Whom It Concerns:

The Courts, their entire bureaucracy, the network of seven-figure settlement attorneys, including
your six-figure bonuses, will be paid handsomely, even as we are not.

You are working to find ways to exclude those of us who, by your own standards, have already
been qualified for the measly $125.00 payout – the result of your client's Global breach of
millions and millions of individual's private data,  that had been entrusted to your client.

The Settlement amount has already been determined. It has already been divided into the paltry
$125.00 portions, also determined, for each member in the settlement suit.

My name is in the Equifax Data Breach website pages among the many names of those whose
data has been globally exposed. I have submitted your required information electronically.

I have sent a copy of this letter to:

Arizona State Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
602.542.5025

Enjoy My $125 Toward Your Celebratory Whores & $10,000 Dollar Bottles of Champagne,

Grace Fryberger
Grace Fryberger
3250 East Lee Street
Tucson, Arizona 85716

3350 East Lee St.
Tucson, Az. 85716

PHOENIX AZ 852

03 OCT 2019 PM 10 L

Equifax Data Breach -
Class Action Settlement Administrators
% JND Legal Administration
P.O. Box 91318
Seattle, WA. 98111 - 9418

Attn: Objection - P.S. A P.O. Box ?

98111-941818

HAS OBJECT

DATE

OCT 10 2019

USA FOREVER

FROM THE DESK OF

# GREGORY MARK KIELIAN

4763 Sylvia Lane, Erie CO 80516

September 18, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

re: Equifax Inc. Customer Data Security Breach Litigation
Case No. 1:17-md-2800-TWT

I object to the proposed settlement.

Based on the results of entering my name and SSN into the eligibility web page, I find
that my "…personal information was impacted by this incident", which makes me a
member of the settlement class.

My objection is based in the fact that my personal information, as collected by Equifax,
will remain at large far beyond the proposed credit monitoring period. The damage
done is permanent and the only viable solution is permanent credit monitoring.

I have never objected to any class action settlement.

I do not intend to appear at the Fairness Hearing.

Sincerely yours,

Received
SEP 2 6 2019
by JNDLA

4763 SYLVIA LANE, ERIE, ,CO 80516



DENVER CO 802

23 SEP 2019 PM 3 L

SEP 2 6 2019

USA FOREVER

Kielian
4763 Sylvia Ln
Erie, CO 80516

Equifax Data Breach Class Action Settlement Administrator
Attn: OBJECTION
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

Gregory Pomrehn                                                September 26, 2019
3827 25th Ave S
Seattle, WA 98108

```
┌─────────────────────────┐
│      Received           │
│    SEP 30 2019          │
│    by JNDLA             │
└─────────────────────────┘
```

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

RE:  *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Equifax Data Breach Class Action Settlement Administrator:

I am one of approximately 147,000,000 members of the settlement class based on information provided on the website https://eligibility.equifaxbreachsettlement.com/ that "our records indicate your personal information was impacted by this incident." I am writing to object to the adequacy of this settlement. This is the only class action settlement to which I have objected in the previous 5 years.

I did not choose to be a customer of Equifax, but Equifax has been profiting off of my personal information for almost 20 years. In 2017, the year they allowed my personal information to be stolen, Equifax had approximately $3,362,200,000 in revenue with gross profits of $2,151,500,000 (Ref. 1). The following year in the aftermath of the data breach, Equifax gross profits only fell approximately 9% to $1,971,700,000.

The proposed class settlement offers a choice between 1) receiving Equifax credit monitoring services for a length of time free of charge or 2) receiving up to $125. According to the FTC (Ref. 2) the "market value" of option 1 is "hundreds of dollars per year." Also according to the FTC, if I chose option 2, "[I] will be disappointed with the amount [I] receive and [I] won't get the free credit monitoring." Given the settlement cap of $31,000,000 for alternative compensation, that is approximately $0.22 per claimant. Quite disappointing indeed.

I do not want to be an Equifax customer whether it is free or not. Equifax has demonstrated an inability to secure my personal data. I would like to be compensated on the same order of magnitude that Equifax has been benefiting from my information. With gross profits of almost $2,000,000,000 in 2018, Equifax can afford to allocate more than 1.5% of these profits to the 144,000,000 people affected.

I do not intend to appear at the Fairness Hearing due to the difficulty to traveling across the country. I would be available locally and by phone if requested.

Sincerely,

Gregory Pomrehn

References:
[1] https://finance.yahoo.com/quote/EFX/financials?p=EFX)
[2] https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement

CC: Bob Ferguson, Attorney General of Washington State

SEATTLE WA 980
27 SEP 2019 PM 6 L

Equifax Data Breach Class
Action Settlement Admin.
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9416

POMREHN
3827 25TH AVENUE S
SEATTLE. WA 98108

SEP 30 2019

98111-941618

Gregory Uselmann
W281N7092 Huntington Ct. N
Hartland, WI 53029
(262) 366-2604
Bagmann60@gmail.com

Received
SEP 27 2019
by JNDLA

September 22, 2019

Honorable Thomas W. Thrash Jr.
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re:  *Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Judge Thrash;

I am writing to object to the above referenced settlement. I have enclosed verification that I am a member of the settlement class.

I object to the settlement for the following reasons:

Unfair: Equifax failed in its primary responsibility to safeguard the personal data of millions of people who are unable to opt out of their substandard financial product. The settlement amount will not put a miniscule dent in their financial performance. There is nothing here to encourage greater safeguarding of customer data. The executives who shirked their responsibility for data security escaped unscathed in this debacle.

Unreasonable: I see nothing in this settlement dictating continuous improvement, accountability in security process improvement or oversight of Equifax. They continue to wield all the power and operate with impunity.  Citizens (we cannot be considered customers since we cannot opt out of their product) have very little recourse if they fail again.

Inadequate: There is not enough money set aside in the settlement to compensate all of the victims the $125 settlement amount. Our digital data will live somewhere forever and can be used maliciously well beyond 10 years of credit monitoring.

I have never objected to a class settlement before.

If The Court feels it is valuable, and I am able to be excused from my employment responsibilities, I would be willing to appear before the Fairness Hearing.

Respectfully,

Gregory Uselmann

# EQUIFAX DATA BREACH SETTLEMENT

## Your Claim Summary

## Your Information

| | |
|---|---|
| First Name | Gregory |
| Last Name | Uselmann |
| Middle Initial | L |
| Alternative Name | |
| Mailing Address | W281N7092 Huntington CT N |
| Apt No | |
| City | Hartland |
| Country | United States of America |
| State | Wisconsin |
| Zip Code | 53029 |
| Phone Number | (262) 366-2604 |
| Email Address | bagmann60@gmail.com |
| Year of Birth | 1960 |

## Credit Monitoring: Free Service or Cash Payment

☑ Option 2, Cash Payment: I want a cash payment of up to $125. I certify that I have credit monitoring and will

have it for at least 6 months from today.

Current Credit Monitoring Service: ALLClear ID

## Cash Payment: Time Spent

⊘ No spent time

# Cash Payment: Money You Lost or Spent

⊘ No money lost or spent

## Supporting Documents

⊘ No documents selected

## How Would You Like to Receive Your Cash Payment

☑ Check

## Your Signature

Your claim will not be received by the Settlement Administrator until you click the submit button after your electronic signature. For security reasons, once you hit submit, you **will not** be able to make any changes to your claim form through this portal, however, you will still be able to go into the portal to upload supporting documentation if you haven't done so. If you later decide you need to change any of the information on your claim form, you will need to reach out to the Settlement Administrator directly.

☑ I affirm under the laws of the United States that the information I have supplied in this claim form and any copies of

documents that I am sending to support my claim are true and correct to the best of my knowledge.

☑ I understand that I may be asked to provide more information by the Settlement Administrator before my claim is

complete.

gregory uselmann

Date    September 21, 2019

SUCCESS 

Privacy - Terms

Your claim form has been submitted successfully

Your claim number is:  **P5L2W-ZJAP6**



W291/08
Heather LWI 53029

SEP 27 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

COE170  20150301
OCSSRE0000001113



September 17, 2019


RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 24 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

United Stated District Court – Northern District of Georgia
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To whom it may concern,

I am a member of the settlement class. I was notified by EQUIFAX that my personal information on their database was breached, and I confirmed this by identifying myself on the website provided after the breach.

I don't think, given the nature of the breach, with the short and long-term implications, and that an insufficient amount of money was allocated to compensate the number of individuals in the class, that it is fair, reasonable, or adequate, and I don't think the Court should approve it.

I have not objected to any class action settlements in the previous five (5) years.

I do not intend to appear at the Fairness Hearing, either in person or through a lawyer.

Respectfully,

EDWARD W. FRANK
646 Saddlehorn Drive
Incline Village, NV 89451
Tel: 775-831-1251



RENO NV 895

23 SEP 2019 PM 3 T

U.S. DISTRICT COURT

RICHARD B. RUSSELL BLDG.

2211 UNITED STATES COURTHOUSE

75 TED TURNER DR. SW

ATLANTA GA 30303-3309



CLEARED

SEP 2 4 2019

U.S. DISTRICT

September 25, 2019



RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT -1 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

United States District Court for the Northern District of Georgia

The Honorable Judge Thrash,

Your Honor,

It is my understanding that this court is charged with the mediating the settlement involving the privacy breach at Equifax. While I have little belief in Equifax truly being sorry for the loss of not only my privacy but that of that of the rest of my family I have heard that writing a letter may exact a "little" more in damages from Equifax. So here it goes.

My identity is not just what Equifax chose to so poorly keep safe or in the case private. It's not just my credit score, name, address, telephone, email, social security and all those other numbers they could not keep confidential. My identity is mom, wife, nurse, character, uniqueness, status and integrity. All of those are wrapped up in my identity and each of my family's unique identities. So here is the rub in the number of $125 dollars cash. My family in this case my children namely are now exposed to all kinds of damages and fraud. They are asked once more to opt into a settlement they really never had the chance to opt out of in the first place. My youngest graduating from high school that year wanted to know how Equifax got his info in the first place. Did I give it to them? We try to teach fair and decent will receive respect yet in this case that is just plain not the truth. I know it's hard to swallow when you've made a mistake. It's even harder when you think it might ruin you to make it right.

On a personal note it stresses me to no end to pay way more than $125.00 dollars for a block on all our credit. For a family of four it is $9.99/month per person for LifeLock. It increases to $14.99/person per month after the first year and that really only gets you reimbursement when your identity is stolen nothing more. Those are numbers that just don't match math wise with the settlement as is. I mean it really is aggravating that someone could steal my identity and make hundreds of thousands of dollars behind my back. I think it annoys me more because I currently have my identity and can't figure out how to do that. But if it does happen I will be on the hook for way more than that $125.00 number.

Sincerely,

*Elizabeth Harding Estes*

Elizabeth Harding-Estes

Birmingham AL

Estes
1805 Shades Crest Rd
Vestavia Hills, AL 35216

BIRMINGHAM AL 350

26 SEP 2019 PM 5 L

US District Court Northern District of Georgia
Richard B Russell Federal Bldg
2311 United States Court house
75 Ted Turner Drive SW
Atlanta GA 30303 - 3309

CLEARED
OCT 2 - 2019
U.S. Marshal



September 20, 2019

Received
SEP 2 4 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear U.S. District Court,

I object to the settlement under consideration in the Equifax Data Breach Lawsuit.  I was affected by the data breach in 2017 because my personal information was among the millions of other peoples that was impacted.

I am concerned that the total settlement amount is insufficient to provide reasonable compensation to all of the affected parties.  While I do not know much about class action lawsuits – and hopefully never need to – simple math indicates that $31 million (which I understand is the amount set aside for claims like mine) is too little for 147 million people whose data was not protected sufficiently.  The result may be mere pennies and nothing close to the $125 that both Equifax and the US government are describing in the settlement materials that I have received thus far.  I spent hours securing data in the wake of the data breach and I resent the threat of being shortchanged.

I was a claimant in the recent Volkswagen diesel class action lawsuit settlement and I was very satisfied with how that worked.  The settlement made it easy for me to return my illegally polluting car to Volkswagen and provided me with reasonable financial compensation for the hassle.

I do not intend to appear at the Fairness Hearing for this case.  I am not represented by an attorney.

Sincerely,

Elizabeth Leigh Kalies
2125 N Lakeshore Drive
Chapel Hill, NC 27515

LIZ KALIES
2125 N LAKESHORE DRIVE
CHAPEL HILL NC 27514

SEP 2 4 2019

RALEIGH
NC 275
21 SEP '19
PM 1 L

US POSTAGE
$ 000.50°
PITNEY BOWES
SEP 20 2019
ZIP CODE 27514
02 1P
0001200263
MAILED FROM ZIP CODE 27514

FIRST-CLASS

EQUIFAX CLASS ACTION SETTLEMENT ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

Dear Chief Judge Thrash,

I am writing to request that you deny the settlement proposed by Equifax for their data breach. Like many Americans, my data was stolen in the breach. Like many Americans, I have applied for compensation. And, like many Americans, I am appalled — although not surprised — that the compensation offered by Equifax is both underfunded and entirely insufficient for the damage they caused due to their security failures.

The settlement, as written, is terrible for American citizens. It is terrible because the computer illiterate (including my grandparents) cannot easily apply for compensation. It is terrible because the credit monitoring service offered by Equifax (including a 'call center' (!) and boasting about a 'step by step process' to help victims of identity theft contact companies and officials on their own) is one which reviewers rate poorly compared to other services and, in the wake of millions of Americans being added to their rolls, will almost certainly be understaffed & underfunded. And it is terrible because cash-based compensation will almost certainly be paid with pennies to the dollar.

Equifax's behavior must be penalized, if only to dissuade others from similar lapses. I request you insist upon a fully funded, more sufficient settlement.

Sincerely, Beth Moscato, Ph.D. (Indianapolis, IN)

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 30 2019

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

PS. In reviewing Equifax's FAQ, the company alleges I
must provide the following information:

1.) This is regarding In re: Equifax Inc. Customer
Security Breach Litigation.

2.) My full name is Elizabeth Moscato-Goodpaster
(Beth Moscato). My address is 888 E 66th St
#413, Indianapolis, IN 46220.

3.) B Moscato

4.) As someone with a social security #, my data was
likely stolen. Equifax's website suggests this is the
case.

5.) My objections are detailed above.

6.) I have objected to no class action lawsuit
before.

7.) I do not live in GA, or else I would attend
the hearing.

Moscato
8828 E. 96th St #413
Indeanapolis, IN
46220

Georgia Northern District Court
Re: Equifax Data Breach Claim
75 Ted Turner Drive
Atlanta, GA 30303

29 SEP 2019 PM 5 t

SEP 30 2019

U.S. Marshals
Atlanta Ga
SEP 20 2019

*In re: Equifax Inc. Customer Data Security Breach Litigation,*
**Case No. 1:17-md-2800-TWT**

1. My full name and current address: Ellen Lang, 601 S
   Forest St Apt 102, Glendale CO 80246
2. I am a member of the settlement class because Equifax
   compromised my personal information.
3. I object to the proposed settlement because the stated
   offer of $125 is not an accurate number for what I will
   actually receive, and the settlement offer is misleading.
4. I have never objected to any other class action settlement
   at any time, including during the past 5 years.
5. I do not intend to appear at the Fairness Hearing, either in
   person or through a lawyer.

Received
OCT 01 2019
by JNDLA

*Ellen F Lang*

Ellen F Lang

signed on 9/20/2019

OCT 01 2019

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

SG1113910 BSC0



Ms. Ellen F. Lang
601 S. Forest St., Apt. 102
Denver, CO 80246-1633

*Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Emma Britton 713 Sykes Circle Dayton, OH 45433

I am a member of this settlement class because I am one of the 147 million people whose data was stolen during the Equifax Data Breach. It has been verified through the Equifax verification website letting people know whose data they let get stolen.

I object to the current settlement. Equifax is one of the three largest credit monitoring agencies with the sole purpose of monitoring people's credit. The one thing that the company is supposed to do, it failed to accomplish. For a detailed timeline of events prior to, during, and after the breach please see https://en.wikipedia.org/wiki/Equifax#2016_advance-warnings_of_insecure_systems To sum up, Equifax knew that they could be breached back in December 2016 and did nothing about it. They were breached beginning in March 2017 where they did not inform any of the people whose data was stolen. They were breached again from May to July 2017 where they refused to inform anyone that their credit information was stolen. I will point out that the job of a credit monitoring company is to monitor their customer's credit and let them know when it has been stolen. They did not do this. In fact, they covered it up, and the people responsible sold their stocks a month prior to them announcing the breach and retiring.

They were found guilty of insider trading and were fined a few hundred thousand dollars of the millions they made. They lied and covered it up for months. The settlement that we are expected to receive for this is a joke. Compared to various other entities involved in this case, average people are being offered a pittance as monetary compensation. Alternatively, we are offered "free" credit monitoring. This day and age, everyone with a bank, credit union, credit card, finance app, debit card, already has access to credit monitoring service. It's also very easy to do on your own. Basically, if you have money with any financial institution, you have credit monitoring, and it's free. Why is it free? Because it's easy to do.

My proposed settlement is that everyone, all 147 million, gets enough money to purchase their own credit monitoring service for the next ten years at no less than $10,000 per person. That's $1000 every year for 10 years for every person affected. This is paid in cash only. This money will be tax free from all levels of government that levy a tax.

I have not objected to any other settlements in the past 5 years.
I do not intend to appear at the Fairness Hearing.

Signed Emma Britton

Received

OCT 22 2019

by JNDLA

713 Sykes Cir.
Dayton, OH 45433

OCT 2 2 2019

17 OCT 2019 PM 4 L

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

FOREVER / USA

# Eric Einstein
**111 4th Avenue Apartment 9E**
**New York, NY 10003**

OCT 08 2019

October 4, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
OCT 08 2019
by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To whom it may concern,

I am a consumer whose data has been compromised in the Equifax security breach as shown on the website set up to determine such. I also now use credit monitoring services as a result of the breach. While I do not intend to appear at the Fairness Hearing, I would like you to know that I object to the terms of the settlement reached in this case. I have not participated in any class action lawsuits in the last five years.

As an American who interacts with banks, shops, and other parts of our modern economy I did not and do not have any say whatsoever in my data being reported to Equifax. It would be nigh impossible to live without having my information in their databases. Their negligence in not adequately protecting this data is harmful and offensive to me.

The monetary component to Equifax's settlement in this case is too small and I worry that I will not receive the $125 to which they originally agreed. The bait-and-switch tactics of the government which announced that all affected parties would receive the full $125 was changed in back room negotiations after the fact and was hushed up. This does not even touch on the fact that the new settlement lets this company off the hook quite easily for their terrible behavior. How will this slap on the wrist persuade Equifax and other companies to invest in better data security? Please reject this settlement and either reinstate the original one or send the parties back to the table.

Yours truly,

Eric Einstein



NEW YORK NY 100

05 OCT 2019 PM

OCT 08 2019

Equifax Data Breach Class Settlement
Attn: Objection
c/o JND Legal Admin
PO Box 91318
Seattle, WA 98111-9418

98111-941818

1129 37th Ave
Seattle, WA 98122
September 19, 2019

> Received
> **SEP 27 2019**
> by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I hereby object to the terms of the Equifax Breach Settlement.
I have confirmed that I am a member of the settlement class via the online tool.

I object to the terms of the Settlement for several reasons. First of all, the settlement <u>does not include a fund adequate</u> to cover all potential claimants who were affected by the breach. All US Consumers must use Equifax and the other two credit reporting bureaus for credit-based decisions and the FTC must therefore hold them to an equal or higher standard than other companies holding personal information where the consumer might have a choice. The number of people whose information was released and may have suffered additional harm in cleaning up and recovering control of their personal information is significant, and Equifax should be <u>punished in a manner commensurate with the scale of their negligence</u>.

Secondly, the settlement website implied that I would receive $125 by rejecting ongoing credit monitoring. However, I now learn from the fine print that it will be less than that depending how many members of the class chose that option. This is a complete <u>bait and switch</u>. Most consumers will not bother to read the fine print.

Finally I object to the secondary online step required to confirm that I was already enrolled in a monitoring service in order to be eligible for the settlement payment. My enrollment was indicated in my original certification as a claimant! This is <u>clearly an attempt to avoid ~~any~~ paying any claimants who are unwilling to take these additional steps</u>.

I have not objected to any other class action settlements in the past 5 years.
I do not intend to appear at the Fairness Hearing, but am willing to be deposed by counsel for the Parties on 11/25, 11/26, 11/27 or 12/2 as needed.

Sincerely,

*Eric R Jensen*

Eric R. Jensen

Jensen   SAN FRANCISCO
1129 37th Av. SW
Seattle WA 98122

SEP 27 2019

Equifax Settlement Administrator
Attn: Objection
c/o JND Legal Administration
Po Box 91318
Seattle WA 98111-9418

FOREVER

825S602 02Z207 12

Received
SEP 27 2019
by JNDLA

Eric Robinson
4320 SW Corbett AVE; APT 205
Portland, OR 97239

September 22, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

Dear Administrator:

I am writing to object to the settlement reached in the Equifax Data Breach Lawsuit. I believe myself to be included in the settlement class after verifying my eligibility through the breach settlement website (https://eligibility.equifaxbreachsettlement.com/en/eligibility).

I think the settlement is grossly insufficient and will certainly fail to promote better security practices. I think the credit industry is poorly regulated and the settlement fails to adequately publicize the issue and redress the criminal deficiencies. I think credit monitoring is worthless; I am capable of monitoring my own credit. The only reason I might need credit monitoring is because of Equifax's negligence in the first place! I think $31 million set aside for **120+ million** victims is utterly indefensible; my social security and credit information will never be fully secure nor private for the rest of my life. Many consumer advocates have similarly decried the impotence of this settlement. I respectfully urge you to reject the settlement and find a more equitable outcome.

I will not be able to appear at the Fairness Hearing. I have not objected to any other class action settlements in the past five years.

Sincerely,

Eric Robinson

Eric Robinson
4320 SW Corbett AVE. APT 205
Portland, OR 97239

SEP 27 2019

PORTLAND
OR 972
25 SEP 2019
PM 6 L

$1.000
US POSTAGE
FIRST-CLASS
0625000892286$
20036

98111-941818

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



Received
SEP 27 2019
by JNDLA

September 23rd, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Attn: Honorable Thomas W. Thrash Jr.
*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT,

Dear Judge Thrash:

This is a letter of objection to the proposed settlement agreement in the above matter. To dispense with some of the required formalities besides the name of the action, which is given above, my name and address are:

Eugene R Mannacio
428 Alameda de la Loma
Novato, CA 94949

My personal signature can be found at the end of this letter of objection. I believe that I am a member of the settlement class because I have entered my name and Social Security number at the website and it confirms my class membership. I have not filed any objections to class action settlements in the last 5 years or, indeed, ever. I do not intend to appear at the fairness hearing either personally or represented by counsel and, finally, the objections listed below, with only the noted exceptions, apply to the entire settlement class.

**Pre-Approval Requirements**

The administrator is reportedly informing class members that they need to have enrolled in alternative credit monitoring services by Oct. 15, 2019 in order to be eligible for the cash payment capped at $125. Given that the settlement agreement has not yet been approved by the court, and the stipulated date is not in the proposed agreement, this arbitrary action should not be sanctioned. Furthermore, this action is even more problematic given that communication with the class members has not been nearly as effective as the proposed settlement expected it to be as detailed below.

**Notice Methods Ineffective**

On July 22, 2019 the Plaintiffs moved to Direct Notice. The 60 day Initial Notice Period identified in the Notice Plan, Exhibit 6 of the proposed settlement would have ended on September 20 and yet only two persons of the six I know who are class members have received email notification informing them of their class membership and its implications. And among these six just two were previously aware of the settlement or their status as a consequence of the social media, news, and other advertising. Notice is especially important if class members are being held to a deadline just over 3 weeks away to show they already have credit monitoring.. And of course,

they would have other rights under the proposed settlement and should be properly informed of the decisions they must make in ample time in advance of the date by which they must do so.

Although, for previous class actions where I was a member, I have always received notification by U.S. Mail I certainly understand why this is less than cost effective when there are so many class members. Still, email is far less than "the best notice that is practicable" (Rule 23(c)2B) when relied upon to the extent it was here considering it can be hacked (a reason why medical providers avoid it), and it is not clear that those who get many emails will not accidentally delete it. This is why the Advisory Committee cautioned against over dependence on email and social media. The "best notice" could, have been achieved in the following way:

1. Emails can be sent with a delivery and a read receipt and this should have been done.
2. Those who have been contacted by email should register by phone or on the web as further confirmation.
3. Those who didn't confirm receipt or register should get a legal robocall asking for confirmation.
4. Those who cannot be reached by either phone or email should be sent a letter.

The above method would assure maximum awareness at the lowest overall cost. I urge the court to adopt this approach identified as "Supplemental Notice Measures" (item 6) as part of Extended Claims Period Notice Activities to be put into action for three months after actual settlement date. (Advisory Committee Note on Amended Rule 23 applies.)

**Credit Monitoring Incomplete Protection**

The proposed settlement offers class members free 3 bureau credit monitoring for 4 years and 1 bureau credit monitoring for 6 years after that. Most independent firms, like Consumer Reports, recommend a credit freeze over credit monitoring. The latter only reports on problems that already have occurred and is something like the expression "closing the barn door after the horse has bolted". Both my wife and I have chosen a credit freeze for this reason. This section is most relevant to me, my wife, and others who have chosen security freeze as the superior option.

Since the option we have chosen makes identity theft less likely (though other types of frauds cannot be excluded) our approach mitigates damages to Equifax both now and in the future. It seems inequitable that such a choice would rule out any compensation in this settlement beyond the free freezes and unfreezes offered in 4.2 and already required by law in many states.. Despite the credit freeze we could, of course, request credit monitoring though the service would be essentially valueless to us. But there is no reason we should have to do so. Rather, those who have frozen their credit should be considered a subclass which represents about 13% of those affected (Rule 23(c)5) And, for those whose credit is frozen, I propose a cash in lieu option. The suggested amount for cash a cash in lieu option will be discussed further below.

One addition I also propose is adherence to an earlier California law in which a consumer who requested a temporary lift of their freeze to obtain credit could specify the firm(s) that would be allowed to pull credit during the lift. This aspect of the California law has never been properly implemented or enforced but this may be considered an opportunity to do so, at least for Equifax, and the result would be a much higher level of security for anyone who chooses the credit freeze option. ( Rule 23(e)2Cii should apply.)

## Ambiguities of Settlement Language

Sections 8.3 and 8.4 provide for restitution for losses suffered by class members which are "fairly traceable to the data breach". However the meaning of this phrase is not covered in the definition section and Section 8.3.1 provides guidance that only helps to identify situations which clearly could not be the fault of Equifax, specifically, losses that occurred before the data breach. What to include, on the other hand, is conspicuously absent.  Rather, we are told that the Settlement Administrator has sole responsibility to make this decision which can be appealed under terms specified in 8.5.2.

The problem is, at least in part, the wording used.  There are thousands of data breaches every year, though most not as serious as this one.  Nevertheless, security experts tell us that it is most likely our social security numbers were breached before the Equifax data breach.   Certainly, this does not make Equifax blameless but it does mean that, for anyone hoping for a recovery under the proposed settlement the burden to prove their damages were the direct fault of Equifax and not the result of another data breach will fall to them.  In most cases such proof is impossible.  Perhaps this was not the intent, and I hope so, for if it were, Equifax would pay nothing at all to those damaged by identity theft.  I think it is important that the meaning be clarified so we are sure that those with legitimate damage claims are not left out in the cold.  When other breaches that also exposed critical information occurred quite a while ago, or essential elements are missing from those breaches, this should factor in to determining the extent of damage Equifax caused and explicitly be part of the decision-making process with comparative liability offered as one of the alternatives.

## Forced Out

The changes to Rule 23, made many years ago, which replaced opt-in with opt-out were well intentioned but imputed class members still must file a claim for compensation. The all too frequent consequence is that only a small fraction of the class receives any compensation at all.  Though I personally benefited from the low percentage of claim filing in the Target breach I do not endorse it and believe that one of the responsibilities of the court under Rule 23(e)2Cii is to minimize the extent to which the very nature of a settlement  would reduce the participation of class members.  Unfortunately, the proposed settlement does exactly that.  One instance where the proposed settlement reduces participation, cited above, applies to class members who have chosen to freeze their credit over the use of credit monitoring and can, therefore, receive no restitution.  Then, of course, there is the requirement (not even fully funded) to have credit monitoring in place in order to ask for a cash settlement.   Everyone else that is part of the class can only choose free credit monitoring (Section 7.1)– whether they want it or need it, or not.  This manner of channeling class members will clearly reduce participation and is therefore, in my opinion, in violation of Rule 23(e)2Cii.

What makes the channeling most flagrant is that Equifax certainly does have a cost implied in providing free credit monitoring The costs they expect to incur are implied by Section 7.9 which tells us that costs for monitoring may exceed $256,500,000 if there are more than 7 million subscribers to the service.  This works out to $36.64 per person.  If this is what it will cost Equifax there is no reason they should not be willing to pay this amount in cash in lieu to any class member that does not need or want monitoring.  No reason except, perhaps, to discourage participation.

Another factor which discourages participation is found in section 8.1 which defines the Initial Claims Period to be 6 months from the date of the Order Permitting Issuance of Notice.  By my estimate this means the Initial Claims Period would end on January 22, 2020 which is less than two months after the Fairness Hearing and the decision the court makes based on that hearing.  Once again, the Settlement proposes that class members begin making decisions based on a Settlement that has not yet been approved.  This is unconscionable.

## Attorney and Class Representative Compensation

The above issues should also highlight an apparent conflict of interest. If the intent of Rule 23 was being adhered to the Attorneys for the class should consider it important that as many of the class members as possible receive compensation representing the damages they incurred. As such, settlements with short dates for submitting claims and with questionable alternatives to cash compensation should be abhorrent. The court could help address the problem with sliding scale compensation. The attorneys would get a 22% base fee plus 1% more for each 5% of class participation up to a maximum of 35%. Their fee to be determined and paid only after class member claims had all been submitted.

Class Representatives, if they truly represent class members, should be interested in settlements which award an amount they think represents the damages of an average class member which should not be diluted when participation rises. As such, their reward should be their actual expenses plus $5 for each day they have served as a class member plus 30 times the average cash compensation to class members. The supplement over the per diem is meant to encourage strong advocacy for the class.

## Equity Across State Lines

I understand that Massachusetts and Indiana have made, or are about to make, separate settlement arrangements with Equifax but I do no have access to these documents. Before the proposed agreement is endorsed by the court I think it should be compared to those with these other two states. It would be unfortunate if there were significant disparities based only on state of residence. (Rule 23(e)2D may apply.)

## New Opportunity

Since class members will not know whether relevant changes they have requested to this agreement are made until after the Fairness Hearing under Rule 23(e)4 there should be a new opportunity to be excluded from the class.

Sincerely,

Eugene R. Mannacio

MANNACIO
428 Alameda De La Loma
Novato, CA 94949

SEP 27 2019

SAN FRANCISCO CA 940
24 SEP 2019 PM 5 L

Equifax Data Breach Class Action Settlement Administration
Attn: Objection
c/o JND Legal Administration
P.O. Box   91318
Seattle, WA 98111-9418

98111-941818



Ezra L Tucker
3939 SW Bond Ave, Apt 403
Portland, OR 97239
(206)-595-7759

10/21/2019

Subject: Objection to *In re: Equifax Inc. Consumer Data Security Breach Litigation,* Case No.
1:17-md-2800-TWT.

Dear Judge Thrash:

I was informed by Settlement Administrator's website at
*eligibility.equifaxbreachsettlement.com* that I am a member of the settlement class. I wish to
object to the proposed settlement, which is unfair to consumers.

First, the cash settlement of up to $125 and offer of 10 years of credit monitoring and
identity theft insurance will not provide adequate relief to an individual who experiences identity
theft as a result of the data breach. Media reports as recently as February of this year indicate the
stolen data has not yet been located, so the 10 year offer of identity theft insurance may well
expire before criminals attempt to use the data. The Bureau of Justice Statistics in their *Victims
of Identity Theft, 2016* report published in January 2019 reports that the average cost to identity
theft victims for misuse of personal information is $3530.

Second, the settlement amount of $700 million is only 20% of Equifax's $3.4 billion
revenue, listed on their 2018 Form 10-K, and therefore will not provide an effective deterrent to
future negligent behavior with respect to data security.

Third, Equifax's handling of the breach was unconscionable. At the time Equifax
discovered the data breach, in September 2017, I was a resident of New Hampshire, which
requires by RSA 359-C:20 direct notification of affected individuals of such a breach. I never
received notice, and was only informed that my information was affected by visiting Equifax's
informational website regarding the breach, and entering my information to determine if I was
affected. I was not informed of the existence of this website by any communication from Equifax
in a timely manner; I was directed to it by the news media.

In light of these considerations, I urge the court reject the proposed settlement as unfair. I
have not objected to any class action settlements in the previous 5 years, and I neither plan to
appear at the Fairness Hearing nor send a lawyer to appear on my behalf.

Respectfully,

Ezra Tucker

Received
OCT 25 2019
by JNDLA

Received
OCT 25 2019
by JNDLA



E. Tucker
3939 SW Bond Ave #403
Portland OR 97239

US. POSTAGE PAID
FCM LETTER
PORTLAND, OR
OCT 23, 19
AMOUNT
$3.50
R2305E125048-8

7019 2280 0000 3025 3099

Equifax Data Breach Class Action Settlement Admin.
ATTN: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111 - 9418

Received
OCT 25 2019
by JNDLA

98111-941818

Objection to the Terms of the Settlement

September 19, 2019

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT
IE: Equifax Data Breach Lawsuit

Farrah Lee Bauer
1225 Armstrong Circle
Escondido, CA 92027

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

To whom it may concern,

Per an email I received from Equifax which informed me that my personal information was included in the Equifax Data Security breach, I signed up via the Equifax website to receive $125 in compensation for the breach of my personal data and their negligence to fully secure personal information. I opted out of the credit monitoring offer as I already currently have installed a credit monitoring service.

The reason for my letter is that I am objecting to the terms of the settlement on the basis that the Equifax settlement is massively under-compensating people for exposing their personal information. Despite the $700 million payout figure touted by the FTC, barely any of that money was ever intended to compensate victims. Less than 5 percent will actually be used for victim compensation. That's a mere $31 million, which divided by 147 million Americans is far less than $125 per person. In fact, it's roughly 21 cents. This is unacceptable and the reason for my objection.

I have never objected to any class action settlements before in the past five years.

Unfortunately due to my work schedule I will be unable to make an appearance at the Fairness Hearing either in person or through a lawyer.

Regards,

Farrah Lee Bauer
1225 Armstrong Circle
Escondido, CA 92027
Tel:760-839-0841
Email: equifaxbreachsettlement.adef14@tryninja.io

Received
SEP 26 2019
by JNDLA



neopost
FIRST-CLASS MAIL
$000.50⁰
09/19/2019 ZIP 9205
042M14842100
US POSTAGE

SAN DIEGO
CA 920
20 SEP '19
PM 5 L

SEP 2 6 2019

FANNIE BROWN
1225 ARMSTRONG CR
ESCONDIDO CA 92027

**Equifax Data Breach Class Action Settlement**
**Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

98111-941818

**Nancy and Gary Banks**
**890 Elmore Mountain Rd.**
**Morrisville, VT 05661**

**Tel:  617-835-5426**

Received

NOV 1 9 2019

by JNDLA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Dear Administrator,

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Equifax's job is to collect massive amounts of data so they can assess the credit worthy of each of us – so a determination can be made as to whether any of us can get loans or other credit services.  Part of that deal is that Equifax is supposed to protect the data and on that job – they failed.  In response a settlement was reached, until it was determined it would cost too much money.  And so we were given 30 days – a deadline that I missed to prove new facts. (Yes I do have credit monitoring)

Who exactly is this settlement designed to help?  The customers who were injured or protect Equifax?  Now it becomes my job to check and double-check all my credit to ensure that no one is using my data incorrectly.  <u>That is simply wrong</u>.  It is time that the companies who take our data so easily take responsibility for ensuring its safety.  A company like Equifax is happy to sell itself to businesses around the world making millions.  I am happy they do this, but there are costs associated with this service and I do not feel that I am the one who should absorb this cost.  Equifax should.

Equifax made a deal. It is up to them to live with the deal they made.  If it was fair in round 1, it should be fair today.  I urge you to reject this settlement. I might also note this is the first objection I have made in a case. It is only by making settlements actually painful behaviors will change.

Thank you for your consideration,

*Nancy Banks* /11/14/19
/11/14/19

Nancy and Gary Banks

Banks
840.Elmore Mtn. Rd.
Morrisville, VT
05661

NOV 19 2019

7019 1120 0000 9642 2738

Equifax Data Breach settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



1000



98111

U.S. POSTAGE PAID
FCM LG ENV
MORRISVILLE, VT
05661
NOV 16, 19
AMOUNT
$6.85
R2303S1100624-07

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

GARY BRAININ

Received

SEP 2 7 2019

by JNDLA

687 SHEARTON DRIVE
SAN JOSE, CALIFORNIA 95117

September 21, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re:   *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-
2800-TWT

Dear Honorable Thomas W. Thrash Jr.:

I am writing to complain regarding the recent changes in the settlement claim
procedures in the above-referenced case.  Per the settlement website, I am also including
the other information requested.

1-3: My full name, address, and signature are found herein.

4: I believe I am a member of the settlement class because I was so informed
while making a claim on the settlement website.

**5: I object to the settlement as being inadequate.**

**As originally announced, the options for class members were "at least" four
years of credit monitoring or "up to" $125.  Like, apparently, too many Americans
affected by this negligence on Equifax's part, I selected the latter option.**

**I have recently been informed by the settlement administrator that a) I need
to "verify" that I am (and was) already receiving credit monitoring in order to
qualify for a cash payment, and b) that the cash payment could be "a small
percentage of [my] initial claim."**

**It appears that more people than expected chose the cash option.  Rather
than taking the obvious implication—that the proposed fund for cash payments was
woefully inadequate and needed to be increased—the parties involved in the
settlement decided to make it more difficult to pursue a cash claim.**

**I respectfully request that the Court take the obvious implication on behalf of
the people actually damaged in this matter, irrespective of the position of our
nominal counsel.  We have stated, in large numbers, that we would prefer a
(relatively small, considering the damage done) cash payment to "credit
monitoring," and that preference ought to be respected, both in the type of
compensation and the amount.**

One other matter, in the interest of full disclosure.  My "credit monitoring" is
provided by me.  I have had full credit freezes at all three bureaus since shortly after the
Equifax breach was publicized, and I regularly monitor both my credit reports and score.
For this reason, commercial "credit monitoring" services are nearly valueless to me,
irrespective of their market price (and, apparantly, many other class members agree with

me on this point). If my claim is denied on this ground, I wish to object most strenuously: first, because nowhere in the claim documentation have I ever seen a requirement that the qualifying credit monitoring be provided by a commercial third-party service, and second because it is manifestly unfair to require that I take a settlement in a form that has no value to me.

I would also like to note that the result of this case has implications for the future of Americans' data privacy in general. If Equifax is forced to pay damages commensurate with the damage they have done, then they and every other company will increase their spending on data security proportional to the potential loss. If they are allowed to get by with an inadequate settlement, the opposite will be true.

6: I have never objected to a class action settlement before.

7: I do not intend to appear at the Fairness Hearing.

8-14: Not applicable, as I am not represented by separate counsel in this matter.

Thank you for your time and consideration.

Very truly yours,

Gary Bramin

cc:   Class counsel
      Representative Anna Eshoo

      Senator Dianne Feinstein

      Senator Kamala Harris

Gary Brainin
687 Shearton Drive
San Jose, CA 95117

SEP 27 2019

SAN JOSE
CA 950
24 SEP '19
PM 4 L

Equifax Data Breach class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818



UNITED STATES POSTAGE
$000.500
PITNEY BOWES
02 1P
0000747782  SEP 24 2019
MAILED FROM ZIP CODE 95051



Gary Brainin
887 Shearton Drive
San Jose, CA 95117

60602-420911

Amy E. Keller
DiCELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, 11th Floor
Chicago, IL 60602

SAN JOSE
CA 950
24 SEP '19
PM 3 1



02 1P
0000747782   SEP 24 2019
MAILED FROM ZIP CODE 95051

UNITED STATES POSTAGE
$000.50⁰
PITNEY BOWES

## GARY BRAININ

687 SHEARTON DRIVE
SAN JOSE, CALIFORNIA 95117

September 21, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re:   *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Honorable Thomas W. Thrash Jr.:

I am writing to complain regarding the recent changes in the settlement claim procedures in the above-referenced case.  Per the settlement website, I am also including the other information requested.

1-3: My full name, address, and signature are found herein.

4: I believe I am a member of the settlement class because I was so informed while making a claim on the settlement website.

**5: I object to the settlement as being inadequate.**

**As originally announced, the options for class members were "at least" four years of credit monitoring or "up to" $125.  Like, apparently, too many Americans affected by this negligence on Equifax's part, I selected the latter option.**

**I have recently been informed by the settlement administrator that a) I need to "verify" that I am (and was) already receiving credit monitoring in order to qualify for a cash payment, and b) that the cash payment could be "a small percentage of [my] initial claim."**

**It appears that more people than expected chose the cash option.  Rather than taking the obvious implication—that the proposed fund for cash payments was woefully inadequate and needed to be increased—the parties involved in the settlement decided to make it more difficult to pursue a cash claim.**

**I respectfully request that the Court take the obvious implication on behalf of the people actually damaged in this matter, irrespective of the position of our nominal counsel.  We have stated, in large numbers, that we would prefer a (relatively small, considering the damage done) cash payment to "credit monitoring," and that preference ought to be respected, both in the type of compensation and the amount.**

One other matter, in the interest of full disclosure.  My "credit monitoring" is provided by me.  I have had full credit freezes at all three bureaus since shortly after the Equifax breach was publicized, and I regularly monitor both my credit reports and score.  For this reason, commercial "credit monitoring" services are nearly valueless to me, irrespective of their market price (and, apparantly, many other class members agree with

me on this point). If my claim is denied on this ground, I wish to object most strenuously: first, because nowhere in the claim documentation have I ever seen a requirement that the qualifying credit monitoring be provided by a commercial third-party service, and second because it is manifestly unfair to require that I take a settlement in a form that has no value to me.

I would also like to note that the result of this case has implications for the future of Americans' data privacy in general. If Equifax is forced to pay damages commensurate with the damage they have done, then they and every other company will increase their spending on data security proportional to the potential loss. If they are allowed to get by with an inadequate settlement, the opposite will be true.

6: I have never objected to a class action settlement before.

7: I do not intend to appear at the Fairness Hearing.

8-14: Not applicable, as I am not represented by separate counsel in this matter.

Thank you for your time and consideration.

Very truly yours,

Gary Bramin

cc:    Class counsel
        Representative Anna Eshoo

        Senator Dianne Feinstein

        Senator Kamala Harris

Gary Love
6251 38th Ave NE
Seattle, WA 98115
garylove@gmail.com
10/1/2019

To whom it may concern:

I'm writing in regard to the Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT, aka the "Equifax Data Breach Lawsuit".

I am a member of the proposed settlement class, with the claim number: PXWTB5CJAR.  I was amongst the millions of people that were put under increased risk due to Equifax soliciting then negligently handling my personal data.

I object to the proposed settlement due to these factors:

- Equifax has exposed my data to a long-term threat of identity threat and financial harm.
- Equifax solicited, then negligently handled personally identifiable information that goes far beyond name and address information that lesser breaches might have contained.
- The proposed settlement defaults to a service that Equifax itself offers.  Providing the negligent party with promotion of their services, creating a false belief that monitoring services are a remedy to identity loss/theft, and asking claimants to trust services that match the same profile as the service that exposed their information initially.

This is the first objection that I've ever been moved to file regarding a proposed settlement.  My fear is that if I didn't speak up that services like Equifax would continue to see the financial advantage to soliciting sensitive information, while not properly securing it.

Thank you for your attention,

Gary Love

Received
OCT 15 2019
by JNDLA

Gary Love
6251 38th Ave NE
Seattle, WA 98115

SEATTLE WA 980

11 OCT 2019 PM 7 L

USA
FOREVER

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration          OCT 1 5 2019
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Your claim form has been submitted successfully

Your claim number is: **PSYTP-26ZKD**

FILED IN CLERK'S OFFICE
U.S.D C. - Atlanta

SEP 3 0 2019

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# **USA Group**
## InternatIonal
### 15 Stark Street, Manchester, NH 03101 USA

**Ambassador (Ret.) George Bruno**
General Counsel & Managing Director

T. 603.867.4322
GBruno1@aol.com

September 25, 2019

US District Court
Northern District of Georgia
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

Subject: Equifax settlement

### OBJECTION

Please note my objection to the Equifax settlement as being unfair to those of us who are involuntary victims to Equifax's gross carelessness, and far to generous to Equifax.

Also, please consider penalties to be applied to Equifax management and board of directors for violation of its fiduciary duties. This should include termination of employment and removal from the board, along with barring such individuals from serving in any policy capacity of any public corporation for the next 10 years. Criminal prosecution should also be considered.

Respectfully,

George Bruno

Equifax settlement

30303-33186 i

US District Court
Northern District of Georgia
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

MANCHESTER NH 030

27 SEP 2019 PM 1 L

# GEORGE W. COCHRAN
## Attorney at Law

Cochran Professional Building
1385 Russell Drive
Streetsboro, Ohio 44241

Telephone: 330.607-2187
Facsimile: 330.230.6136
Email: lawchrist@gmail.com

November 19, 2019

> Received
> NOV 1 8 2019
> by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Re:   In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-
      md-2800-TWT (Notice of Objection)

Dear Sir or Madam:

According to online claims link on the settlement website, I am a class member whose
information has been compromised by Equifax's data breach. I hereby object to the
proposed settlement and fees on the following grounds:

1. The amount of the settlement is grossly inadequate to compensate for the
   potential loss that may be sustained by the class.
2. Studies show that hackers often uses the compromised information years after
   the damages claims period under the settlement has expired.
3. The proposed attorneys' fees are excessive because most of the pretrial activity
   in the brief lifespan of this case was spent on settlement negotiations and
   confirmatory discovery. Consequently, I do not believe the Court should add a
   multiplier to class counsel's lodestar.

To the best of my recollection, I have not objected to another class action settlement
in which I am a class member during the last five years. I am not represented by an
attorney. Neither do I plan on attending the fairness hearing in this matter.

Respectfully Submitted,

George W. Cochran
Objecting Class Member

C & C

COCHRAN & COCHRAN
ATTORNEYS

Cochran Professional Bldg
1385 Russell Drive, Suite A
Streetsboro, Ohio 44241

NOV 18 2019

Equifax Data Breach Class Action Settlement Administration
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



Govardus Franken
160 Lyndsey Drive
Montgomery, TX 77316

October 3, 2019

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**RE: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

By this letter I am objecting to the adequateness of the Equifax Security Breach Settlement.  This objection is due to the fact that by selecting the remedy of a cash payout of $125 instead of the offered credit monitoring, I have been advised by Equifax that I may not be receiving the full $125. Equifax states that this is because so many injured parties have responded and there will not be enough monies to cover all the claims.

As per the Equifax Breach Settlement website verification link, I am a verified Settlement Class Member and am eligible to file a claim.

I have not previously objected to any class action settlements.

I will not be attending the Fairness Hearings.

Respectfully,

*Govardus Franken*

Govardus Franken

Received
OCT 11 2019
by JNDLA



Barbara E. Franken
160 Lyndsey Dr.
Montgomery, TX 77316

OCT 11 2019

77311-941818

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

00085316

FOREVER / USA