# Exhibit B - 15

Received

NOV 25 2019

⋅ NDLA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

In re: Equifax Inc. Customer Data
Security Breach Litigation

MDL No. 17-2800-TWT

CONSUMER ACTIONS

Chief Judge Thomas W. Thrash, Jr.

## CLASS MEMBER KIMBERLY WEBSTER'S OBJECTION TO PROPOSED
## SETTLEMENT AND CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES

Per the enumerated requirements of the Preliminary Approval (Dkt. 742):

1.–3.  See the caption above and the address and signature information below.

4.   I know I am a member of the settlement class because I checked the website set up for

people to determine if their data had been exposed in the Equifax breach.

5.   I object to both the settlement and to the requested lodestar multiplier for largely the same

reasons outlined by Melissa A. Holyoak (Dkt. 876). Duplicating her legal research would

not be an efficient use of anyone's time, and my Westlaw subscription does not cover the

11th Circuit anyway. I will only add the following facts and arguments:

I graduated from law school in 2014. I am admitted to practice in New York, New Jersey, and SDNY, and am in good standing with all three.

My first job following graduation and obtaining bar admission was as an associate at a firm whose practice consists exclusively of class and collective action litigation and arbitration brought under the Fair Labor Standards Act (FLSA) and other claims as applicable. Although as a junior associate I was not a counsel of record in any matters, while working at that firm I contributed to litigation and/or arbitration of about nine class and collective actions. I also worked on several class actions as a third-year law school student. Many or most of those cases have included several hundred or more class members and end in seven- or eight-figure settlements.

The proposed settlement in this matter is, in my opinion, the worst I have seen. It is clear to me that I am not alone in feeling that the settlement provides inadequate compensation for the anxiety and time-consuming remedial measures the breach caused.

I have discussed this proposed settlement with many people, attorneys and non-attorneys alike. In all of these interactions over several months I cannot recall one instance where a class member expressed anything positive about the proposed terms. If a Special Master or other neutral expert were assigned to conduct a scientific poll of class member sentiment about the proposed settlement—with members fully informed that they may receive under one dollar—I am confident the results would largely mirror what I have described.

Equifax's negligence exposed the personally-identifiable information of nearly 150 million people, or roughly three quarters of the adult population of the United States. Because the class is so large it would be difficult to overstate the impact this one case has had—and will continue to have—on the public's perception of class action

2

litigation. My concern is that poorly-received settlements like the one proposed here can have an insidious effect on the ability of large groups to vindicate their rights because they may erode the public's trust in the utility of class action litigation. Fewer would-be named plaintiffs may decide that coming forward is worth the risk and hassle.

Although I have not litigated class actions in a few years I am currently evaluating a matter that could be filed as a putative class action. I do not wish to have my ability to help large numbers of people together in the same action eroded by mistrust of this (sometimes-)valuable form of litigation.

Furthermore, as an employment lawyer, this is how I view the facts: Equifax makes a significant portion of its profit through selling individuals' information. Individuals are compelled to work—expend their time, effort, and sometimes their own money—to ensure that the information Equifax sells is accurate. That is because inaccuracies—like those resulting from identity theft—can block access to credit. That access is, in turn, necessary for most Americans to fully participate in today's economy.

Equifax benefits from this compelled work. Even if the Fair Credit Reporting Act (FCRA) did not exist, Equifax would still be adequately motivated to provide its customers (e.g. banks and other prospective creditors) with accurate data—Equifax's customers can choose to switch to one of Equifax's competitors if they have reason to believe that the competitors' data are more accurate than Equifax's data.

Data breaches put victims at an increased risk of identity theft. Even in the absence of identity theft breaches still impose additional monitoring work and costs on victims. Equifax's data breach imposed additional compelled work on nearly 150 million people, and their additional work will continue indefinitely.

Per FLSA, to "suffer or permit" someone to work is to "employ" that person. 29 U.S.C. § 203(g). That broad definition can lead to some unusual results. *See, e.g., Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 291–92 (1985) (holding that volunteers who engage in commercial activities for a religious non-profit are "employees" under FLSA); *Schumann v. Collier Anesthesia, P.A.*, Case No: 2:12-cv-347-FtM-29CM, 2016 WL 6276846 (M.D. Fla. Oct. 27, 2016) (denying defendant summary judgment on issue of whether unpaid interns were employees under FLSA; plaintiff won at trial); *Carver v. State*, 26 N.Y.3d 272, 275–76 (2015) ("We hold that petitioner, who performed work for the City of New York in exchange for cash public assistance and food stamps, is protected by the federal minimum wage provisions of the Fair Labor Standards Act"). Because Equifax knows that its data breach imposes additional monitoring work on victims, and that work benefits Equifax because it helps them improve the accuracy of their product, there is an argument that Equifax "suffer[s] or permit[s]" the data breach victims' work, and consequently owes them wages for that work.

Forced labor may also have been a viable claim. There have been at least a few class and collective actions brought on behalf of truckers who advanced forced labor claims and collected handsome settlements. In those cases, the trucking companies and/or their affiliates or subsidiaries leased trucks to for their workers to drive as ostensible "independent contractors" or "owner-operators." Due to a variety of factors, such as the workers having to make truck lease payments, many did not make minimum wage and some even lost money. The trucking companies often compelled the workers to remain performing that work by pointing out that leaving the job would mean violating their truck lease and by extension ruining their credit for several years. I

4

worked on one of these cases, *Cilluffo et al. v. Central Refrigerated et al.*, litigated in the Central District of California (5:12-cv-00886) and arbitrated in AAA. The case settled on favorable terms, supporting the notion that the forced labor claim was strong. Similar cases include, *e.g.*, *Van Dusen et al. v. Swift Transportation Co., Inc.*, 10-cv-00899 (D. Ariz. Mar. 11, 2019) ($100 million settlement for nearly 20,000 truckers who had bought forced labor claims); *Carter v. Pashall Truck Lines, Inc.*, 324 F.Supp.3d 900 (W.D. Ky. 2018) (denying motion to dismiss plaintiffs' forced labor claim). Because Equifax also causes and compels work under the pain of ruined credit and it benefits from that compelled quality-assurance work, a forced labor claim may have been viable here as well.

To be clear, I am aware that class counsel brought an unjust enrichment claim that was dismissed. That result makes me wonder if that claim was litigated with adequate vigor.

In terms of fees, the requested lodestar is very high, especially for delivering what may turn out to be a dollar or less to most of the class members. Class counsel did not, as claimed, achieve an "extraordinary" result. Class counsel makes much of the "risk" it has undertaken. As someone who takes matters on contingency I can certainly empathize, but I still think the more appropriate word is "uncertainty." Offhand I can think of exactly one class action where the class, having lost in summary judgment, collected nothing. At the risk of stating the obvious, most cases settle—the main questions are when and for how much. Class actions are hardly an exception.

6.  I have never objected to a class (or collective) action settlement in my life.

7.  I would like to leave the potential option of (")attending(") the Fairness Hearing open,

    although I doubt it would be practical for me to travel 900 miles each way to show up in

    person. An option to appear by phone would be appreciated, even if probably only to listen.

8.  et seq.   Not applicable.


November 19, 2019                          Kimberly Webster
                                           18 Mulberry Street
                                           New Paltz, NY 12561
                                           845-366-0777
                                           ksw@kswebsterlaw.com



PRIORITY
★ MAIL ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

NOV 2 5 2019

PS00001000014

EP14F July 2013
OD: 12.5 X 9.5

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

UNITED STATES
POSTAL SERVICE®

Click-N-Ship®

11/19/2019

$7.35
US POSTAGE
Flat Rate Env

9405 5036 9930 0169 7344 25 0073 5000 0069 8111

P

PRIORITY MAIL 2-DAY™

0004

Mailed from 12561

Expected Delivery Date: 11/22/19

B900

KIMBERLY WEBSTER
18 MULBERRY ST
NEW PALTZ NY 12561-1421

Ship
To:   EQUIFAX BREACH SETTLEMENT ADMIN
      JND LEGAL ADMINISTRATION ATTN OBJECTION
      PO BOX 91318
      SEATTLE WA 98111-9418

Carrier -- Leave if No Response

USPS TRACKING #

9405 5036 9930 0169 7344 25

Electronic Rate Approved #038555749

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

Krista Donaldson
568A Missouri St
San Francisco, CA 94107


23 September 2019


**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**


Dear Madam or Sir:


I am writing to object as to how the settlement for *Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT*.


I am objecting because Equifax exposed my husband and my personal financial information, the government required a payment $125 to every possible person affected. It is not the fault of the victims that the government or Equifax did not set aside enough money. The payment should be made to all victims as promised, even if that means Equifax goes bankrupt and the government pays the difference. Equifax is not a service most Americans voluntarily sign up for, yet they make profits from us and our data. The settlement was poorly conceived and makes additional work for the victims. Most seriously, if Equifax is allowed to renege on promised payments, it sets a terrible example for how corporations in the United States can continue to poorly manage private data and not have to deal with the repercussions.


I have not objected to other class settlements before. I will not attend the Fairness Hearing, but felt strongly enough about this issue to write to the court.

Sincerely,

K. Donaldson

Krista Donaldson


Received
SEP 2 6 2019
by JNDLA

SAN FRANCISCO CA 940

27 SEP 2019 PM 2 H

SEP 2 6 2019

**Donaldson/Fringer**
568A Missouri St.
San Francisco, CA 94107 USA

Equifax Data Breach Class Action Settlement Administrator
ATTN: Objection
C/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

98111-941818

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**



Received
SEP 30 2019
by JNDLA

9/21/19

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

As a member of the settlement class, I object to the Equifax settlement because it is deceptive, insufficient, and sets an anti-consumer precedent.

Victims of the breach – including myself, per the Equifax settlement website, which says my data was breached – were promised $125 as alternative compensation for the loss of our personal data, but in fact, no one will be receiving $125. There is literally not enough money in the settlement to provide $125 to every victim.

The "standard" offer of 4 years of credit monitoring is insufficient given that many Americans receive this benefit already, for free, from their credit cards or other institutions they do business with (or stemming from one of many other data breaches they may have been part of). In fact, Equifax should give this out IN ADDITION TO cash compensation, not instead of.

That a company can be so careless with so many people's valuable information and that the victims receive next to no compensation is unconscionable. In a just world, Equifax executives would be forced to pay the promised $125 out of their own pockets until all claimants have been compensated. In this world, the settlement should be rejected and resettled for a much, much higher amount so that victims can receive the $125 they were promised (or even more) and companies that handle sensitive data would know that there is a steep price to pay for carelessness.

Please reject this settlement. Traditionally, large companies feared class action lawsuits because they stood to lose substantial money if wronged customers banded together. When a toothless settlement like this happens, the power of the class action lawsuit is diminished, to the detriment of consumers, who have few – if any – other alternatives to holding companies accountable for the real harms they cause.

I have objected to no other class action settlements in the past 5 years. I am available anytime between Nov. 29 and Dec. 5 to be deposed by counsel for the Parties.

Respectfully submitted,

*Kristin Ann Oechslin*

Kristin Ann Oechslin

1609 Pecan Ave.

Charlotte, NC 28205

703-622-2669

krissyo@gmail.com



CHARLOTTE NC 282

24 SEP 2019 PM 5 L

Kristin Oechslin
1609 Pecan Ave.
Charlotte, NC 28205

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 30 2019

98111-941818

From

Kannan Srikanth
22 E Tulane Rd
Columbus OH 43202

Received

NOV 2 0 2019

by JNDLA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Ref: *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

1. I am a member of this settlement class since my personal information was stolen in the equifax data breach.
2. I object to the settlement made in this case, since adequate provision is not made for payment to the victims of this breach. I object for the following reasons:
3. $125 as compensation for victims is a woefully inadequate amount as settlement.
    a. This does not penalize the business enough for their appalling lack of data security.
    b. Such a mild punishment encourages business to underinvest in data protection leading to further massive breaches of this kind.
4. In addition, adequate money is not set aside for each of the victims to make a claim.
    a. In case all victims in this data catastrophe claimed compensation, the amount actually paid dwindles to a few cents.
    b. This is my opinion is unacceptable.
5. I believe the court has a duty to impose a punitive sanction that is serious enough to make executives take data protection issues more seriously
    a. Lack of an adequate sanction sends the message that businesses can get away with not securing their customers data.
    b. In an increasingly digital world, this begs the data thief to steal data and extort/punish innocent consumers, since businesses all but abandon their custodian role of protecting data.

I have not objected to any class action lawsuit settlements in the last 5 years.

I will not be able to attend the fairness hearing in person, or through a lawyer.

Sincerely

*K Srikanth*

Kannan Srikanth

10/2/2019

COLUMBUS OH 432

NOV 2 0 2019

EQUIFAX DATA BREACH CLASS ACTION
SETTLEMENT ADMINISTRATOR
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE WA 98111-9418

COLUMBUS OH 432

19 NOV 2019 PM 3 L

USA
FOREVER

NOV 2 0 2019

517 S Polk Dr
Sarasota, FL 34236
October 5, 2019

Received
OCT 11 2019

Received
OCT 11 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn:  Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

RE:  Equifax Inc. Consumer Data Security Breach Litigation
Case No. 1:17-md-2800-TWT

Dear sir;

I am writing to object to the proposed settlement in the above matter.  I do not believe that it is fair, reasonable or adequate given the number of people who have been affected by Equifax's conduct.

My credit information was maintained by Equifax and I was notified that my data was among the information impacted by the breach.  Because I have been adversely affected by other previous data breaches, I already have credit monitoring through My ID Care.  Therefore, I opted for the cash settlement.

I have not objected to a class action settlement in the past five years.  I do not intend to appear in person at the fairness hearing.  I am not represented by an attorney.

Sincerely yours,

Karen A Wehner

Karen A Wehner



Ms. Karen Wehner
517 S Polk Dr
Sarasota, FL 34236

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection

c/o JND Legal Administration

PO Box 91318

Seattle, WA 98111-9918



98111-941818



TAMPA FL 335
SAINT PETERSBURG FL
09 OCT 2019 PM 1 L

OCT 11 2019

Katherine Pena
644 Minorca Avenue
Coral Gables, FL 33134

September 16, 2019
Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

In Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT
("Equifax Data Breach Lawsuit")

Dear Equifax Data Breach Class Action Settlement Administrator:

I am writing in reference to the Equifax Data Breach Lawsuit. I believe I am a member of the settlement class because I have been notified that my information was compromised in the data breach of which the Equifax Data Breach Lawsuit is subject.

I object to the settlement because providing free credit monitoring does not provide adequate compensation to me and to any person whose data was breached. A maximum of $125 in cash is barely adequate, token compensation to those who have had the safety of their data compromised. I am not asking for the Court to order a larger settlement, but I am protesting the fact that instead of being given $125 each, plaintiffs are being offered a credit monitoring service, which will be purchased by Equifax and provided by Experian, a rival company that also has obligations pertaining to personal data. There are already free credit monitoring services in place and I use one of them, Credit Karma. This offer of free credit monitoring is of no value to me. I am personally offended that Equifax is trying to avoid giving those who were harmed cash compensation. Please consider rejecting the terms of this settlement.

I have not objected to any class action settlements in the previous five years and I do not intend to appear at the Fairness Hearing. I am not represented by an attorney in this matter.

Sincerely,

Katherine Pena
Claim Number PR9Q8HMYVG



1044 Minorca Avenue
Coral Gables, FL 33134

SEP 2 3 2019

USA
FOREVER

MIAMI
FL 331
18 SEP '19
PM 4 L

Equifax Data Breach Class Action
Settlement Administrator
Attn : Objection c/o JND Legal
Administration PO Box 91318
Seattle, WA 98111-9418

November 14, 2019

**Request for Exclusion**
**And Objection to Settlement**

Received
NOV 2 2 2019
by JNDLA

Honorable Thomas W. Thrash Jr.
United States District Court for the Northern District of Georgia
Courtroom 2108
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Dr., SW, Atlanta, GA 30303-3309

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Judge Thrash,

I object to the settlement in this case because it is unfair. I understand that I am a member of the class because when I heard about this settlement, I went to the claims administration website to select the manner and amount of settlement I would receive, and I was allowed to do so.

Unfortunately, I later learned that the claims administrators of this settlement had no intention of actually paying $125 in settlement to each of the members of this class and were shocked to learn that so many class members selected this settlement option. I also learned that there was not nearly enough money in the settlement pool to provide for more than pennies on the dollar to the members of the class. This is the reason that I am now objecting to this settlement.

Credit monitoring is worthless. Americans have been subject to so many data breaches that free credit monitoring is ubiquitous as a "remedy," but there is no reason to believe it is an effective to counter the harm these breaches cause. Furthermore, many credit cards and other services now offer free credit monitoring as a free perk, which further demonstrates the low value of such services. But ultimately the fact that so many victims of this breach selected the cash amount rather than the supposedly more valuable credit monitoring proves how little worth this option merits.

I urge the Court to consider how little the settlement actual does for the victims of the breach and the necessity of sending a message to not only Equifax, but the other credit bureaus and other holders of American's sensitive personal information that data breaches should not be "business as usual" from which they can easily financially recover.

I am not represented by an attorney (though I am an attorney myself), and I do not intend to speak at the Fairness Hearing. This is the first time I have objected to a class action settlement.

Respectfully,

Kathleen Lu
1732 California St.
Berkeley, CA 94703



Kathleen Lu
1732 California St
Berkeley, CA 94703-1263

NOV 2 2 2019

Equifax Data Breach Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111—94181 8

SAN FRANCISCO CA 940

19 NOV 2019 PM 2 L



Kathleen Schroeder
61283 Kristen St
Bend Oregon 97702

September 26, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 30 2019
by JNDLA

Re: *Equifax Inc. Customer Data Security Breach Litigation*
Case No. 1:17-md-2800-TWT

I am a member of the Settlement Class in the above referenced case because my personal information was impacted by the Equifax Data Breach. I am writing to object to the proposed Settlement in the matter and ask the Court to find that the terms of the Settlement Agreement are unfair, inadequate and unreasonable. I have never before objected to a class action settlement and I do not intend to appear at the Fairness Hearing, as it is more than 2,000 miles from my home.

The current Settlement does not provide adequate financial compensation for all affected consumers. Instead it structured in a way that intentionally creates hurdles for consumers to make a claim, cynically hoping that we will find the effort is not worth the outcome and give up. We were told that we could make a claim for $125. Then we were told the more people who make a claim, the less each claimant would get; nowhere near the amount originally promised because the Settlement inexplicably does not set aside enough money to pay the promised amount.  Then we were told that we had to prove we have credit monitoring to make a claim for the cash. We are now suddenly obligated to accept the worthless credit monitoring being offered instead of the cash we were promised. Equifax' behavior in this breach was shameful but this claim process has treated the consumer like guilty, complicit parties instead of victims of criminal corporate behavior.

This Settlement is deceitful. It is obviously offered as a press release for Equifax and not a sincere attempt to make restitution. If this Settlement is approved, we can expect Equifax to continue as they were and treat the expense of settling claims as a cost of doing business rather than a reason to change how they operate. Privacy does matter, consumers do matter, and any Settlement in this case should reflect that

Sincerely,

*Kathleen Schroeder*

Kathleen Schroeder



EUGENE OR 974

27 SEP 2019 PM 4 L

Kathleen Schroeder
61203 Kristen St
Bend OR 97702

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
% JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

SEP 30 2019

98111-941818

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 23 2019

JAMES N. HATTEN, Clerk
Deputy Clerk
By:

445 Westview Drive
Athens, Georgia 30606
September 18, 2019

U.S. District Court, Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

To: Justices of the Court

From Bert O. Richmond

I have learned recently that I am one of the persons whose records held by Equifax were
hacked and presumably available to anyone who gains access to the results of this
hacking. I was provided information that I(and my wife ,Kay Richmond) each might file
to receive $125.00 from Equifax because of their failure to protect our credit records.

Both my wife and I filed the appropriate claims for this reimbursement from Equifax but
were quickly then informed that we must have had a credit monitoring service in order to
claim this meager recompense for their failure to protect our records. The irony of their
request is baffling. Equifax and the other so-called credit reporting corporations obtain
our credit information without written consent and then when they fail to protect
information about our credit they claim they have no responsibility for maintaining
privacy of our information because we did not monitor our credit through another credit
monitoring service. These corporations accumulate billions of dollars from the credit
records of millions of Georgians and others yet they have no responsibility for
monitoring and maintaining the privacy of our credit record information?

To add to this irony in our case, we have had our records frozen for many years, are far
past 65 years of age, and have had no loans for many years. Perhaps irony is not the
appropriate word to use in this instance but malfeasance on the part of Equifax seems
more relevant in describing their lack of concern for the millions of persons whose
records they co-opt to make –in my opinion—unearned profits.

We request that you consider this entire matter of Equifax, their failure to monitor
records appropriately, and their opportunistic efforts to blame the victim for their failure
to provide protection for all of our credit records.

Thank you for your willingness to consider this important issue for many Georgians as
well as for other victims throughout the U.S.

*Bert O. Richmond*

*Kay Richmond*



Mr. Bert Richmond
445 Westview Dr.
Athens, GA 30606

CLEARED
SEP 23 2019
U.S. Marshal

ATLANTA METRO 300
19 SEP 2019 PM 5 L

U.S. District Court
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Ga. 30303

CLARION RIVER
CLARION RIVER USA

Equifax Data Breach Class Action Settlement Administrator
P.O. Box 91318
Seattle, WA 98111-9418

September 18, 2019

Received
SEP 2 4 2019
by JNDLA

Kenneth Wong
1805 Elm St.
Alhambra, CA 91803-2945

To Whom It May Concern,

As a member of the settlement class confirmed by the Equifax Settlement website, I object to the settlement in the Equifax Data Breach Lawsuit. This is the first class action in which the settlement appears so inadequate that I feel compelled to write the court. I do not intend to appear at the Fairness Hearings either in person or through a lawyer.

First, the FTC gravely misjudged the public's interest and potential claims in such a prominent case when they announcement $125 was available per person. The fund is capped at $31,000,000 and the FTC estimates the class size at 147,000,000 amounting to 21 cents per person. Even if the full $700,000,000 in fines were available, class members would receive $4.76. It would cost Equifax $18,375,000,000, more than 5 times their 2018 profits of $3,400,000,000, in order to pay each class member $124. In reality only 0.08% of the class (1,176,000) could be paid the full $125 under this settlement.

Secondly, an offer of credit monitoring has become the de facto response to the loss of personal information. Given the increasing number of breaches, it is common for people to already have multiple monitoring services in use. I already have monitoring services provided from the 2015 US Office of Personnel Management breach, 2014 Home Depot breach, and 2013 Target breach. The 2018 Capital One breach has also offered me additional monitoring. Offering this type of service has become the bare minimum. Monitoring should be provided to class members at minimum rather than an alternative to financial compensation.

Federal law has granted the ability to freeze our credit at no cost allowing people to take preventative measures against identity theft. Credit monitoring is a reactive measure in alerting a person to suspicious activity already in progress. It appears that legislation may be the only lasting benefit I receive. My credit is frozen at the major credit bureaus which renders the credit monitoring offered to me nearly useless even though I already have multiple monitoring services in effect. The Assisted Identity Restoration Services offered by Equifax expires after 7 years but my stolen data will remain in the hands of bad actors indefinably. I and many other class members fully expect little to no compensation under this settlement. Equifax will continue profiting from the same data they failed to secure with no choice to but allow Equifax to continue collecting our data. This settlement does not appear to be remotely fair or adequate.

Respectfully,

Kenneth Wong



Kenneth Wong
1805 Elm St.
Alhambra, CA 91803-2945

SEP 2 4 2019

SANTA ANA CA 926
21 SEP 2019 PM 3 L

U S A F O R E V E R

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Equifax Data Breach Class Action Settlement Administrator

Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

```
Received
OCT 07 2019
by JNDLA
```

Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

To the Equifax Class Action Settlement Administrator,

I'm a member of the above-mentioned settlement class, Claim # PXN89-UZ4FG, in the proposed Case settlement.

I strongly object to the meager cash set aside by the defendant to reimburse millions of victims of their massive data breach. The settlement's $125 per victim was never adequately funded as defendants grossly underestimated the vast number of victims who would prefer $125 cash over Credit Monitoring, particularly when such monitoring was being offered by the very organization entrusted to safeguard those victims' credit credentials.

In my own case, having had some of our data previously compromised when Marriott Corporation was hacked, upon learning of Equifax's data breach, I quickly Froze all my credit reporting accounts at Equifax, Experian & TransUnion. On multiple occasions since, I've had to selectively release those Frozen accounts* in order to obtain credit in the open market.

I spent many weeks afterwards changing passwords to all my strategic accounts. I cancelled credit cards and had new ones issued by VISA & MasterCard.

The amount of time I have committed, and will continue to commit, to protect and to continuously monitor my personal data deserves appropriate compensation. Surely $125 per victim is a reasonable minimum for such personal efforts as outlined above; efforts necessary solely due to Equifax's failure to adequately protect that personal data.

Due to limited resources, I'm unable to appear before you in person, or through an attorney. If necessary, however, I'm available most days from 11/19/2019 to 12/05/2019 at the mobile number listed below to be deposed by counsel for the Parties.

I've been a member of settlement classes before, but have never objected to any settlements in the previous 10 years or beyond.

Truly yours,

Kevin J. McCormick 973.818.3833

94 Bellevue Avenue, Montclair NJ 07043

* I have not, and will not, release the Equifax Frozen account upon principle alone. Also, to the best of my recollection, I have not released the TransUnion Frozen account because of their non-negotiable $5 fee. I have released and reapplied the Freeze on my Experian account because they waived the fee when I needed to apply for various credit lines.

Barn Swallow

FOREVER
USA

KEVIN & BARBARA McCORMICK
94 BELLEVUE AVENUE
UPPER MONTCLAIR, NEW JERSEY 07043

OCT 07 2019

Equifax Data Breach Administrator
Attn: OBJECTION
c/o JND Legal Administration
PO Box 91318
SEATTLE WA 98111-9418

98111-941818

