# Exhibit B - 17

Margaret McLane
182 Dewitt Ave.
Belleville, NJ 07109

Received
OCT 07 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**In re: Equifax Inc. Customer Data Security Breach Litigation**
**Case No. 1:17-md-2800-TWT**

September 27, 2019

To Whom It May Concern:

    I am a member of the Equifax Settlement class. I used the online tool to check whether I had been affected by the Equifax breach, saw that I had been affected, and accordingly signed up for compensation.

    I am writing this letter to object to the way in which the settlement has been handled so far. I feel that the information about the Equifax settlement has been misleading, and ultimately, will not fairly compensate class members whose personal information was compromised by the data breach. When I applied for compensation from the Equifax settlement, the information on the website indicated that if I already had credit monitoring services, I would receive alternative compensation of $125. Since I do already have credit monitoring, I applied for the alternative, monetary compensation.

    However, several weeks after I applied, I received a surprise e-mail from the Equifax settlement administrator telling me that I had to reapply for the monetary compensation, this time providing proof that I have credit monitoring services. Moreover, this e-mail told me that even if I responded, confirmed that I have credit monitoring, and am found to be eligible for monetary compensation, that I almost certainly will not receive the $125 I was initially promised.

    I have never before objected to a class action settlement, and I do not plan to appear in person or through a lawyer at the fairness hearing. I understand that the settlement fund is not unlimited. However, as a class member, my personal information was compromised, and the entire process to try to secure some kind of compensation for Equifax's loss of my private information has been misleading and unfair to class members.

Sincerely,

Margaret McLane

OCT 07 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Margaret E. Peters
3822 Albright Ave.
Los Angeles, CA 90066

Equifax Data Breach Class Action Settlement Administrator
Atten: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received

SEP 30 2019

by JNDLA

September 17, 2019

Re: *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Equifax Data Breach Administrator,

I write to object to the current settlement by Equifax. I had my information stolen in the data breach and therefore am a member of the class. I have never objected to a settlement before. I do not intend to appear at the Fairness Hearing. I do not have a lawyer.

I object to the process of obtaining a settlement. The first information on the procedure to gain compensation said that you could either take the credit monitoring or up to $125 (if you already had credit monitoring, no documentation necessary). Now, the rules have changed and you must show that you have credit monitoring already in place. It also appears that Equifax does not have the money set aside for all those affected. Equifax should honor the original settlement procedures. Further, it should set aside additional money for the settlement to ensure that all are adequately compensated.

Sincerely,

Margaret E. Peters

K Jms
UNIVERSITY OF CALIFORNIA, LOS ANGELES
DEPARTMENT OF POLITICAL SCIENCE
4289 BUNCHE HALL
BOX 951472
LOS ANGELES, CALIFORNIA 90095-1472

LOS ANGELES, CA 900

26 SEP 2019 PM 12 L

USA
FOREVER

SEP 3 0 2019

Equifax Data Breach Class Aotn Settlmnt Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

Received
SEP 24 2019
by JNDLA

September 19, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

In re: Equifax Inc. Customer Data Security Breach Litigation,
Case No. 1:17-md-2800-TWT

Full Name and Current Address: Mark T. Mansfield, 628 Ravenwoods Dr.,
Chesapeake, VA 23322

Personal Signature: *[signature]*

I feel that I am a member of the settlement class. I checked the Equifax
online site and it indicates that I am an effected customer/member of the
settlement class. I filed an online claim on July 26, 2019. My claim number
is PL3SY-MKG8B

I feel deceived by the terms of the cash payout for those of us who already
have credit monitoring services in that we will receive only pennies on the
dollar amount of the claim. I updated my claim online earlier today to
indicate that my existing crediting monitoring services are with Identity
Theft Guard Solutions, LLC which includes a comprehensive suite of credit
monitoring services.

I have not objected to any class action settlements within the past 5 years.

I do not intend to appear at the Fairness Hearing.

Sincerely,

*[signature]*
Mark T. Mansfield

Mark Mansfield
628 Ravenwoods Dr.
Chesapeake VA 23322

SEP 2 4 2019

RICHMOND VA 230
21 SEP 2019 PM 2 L

FOREVER / USA

(1) Equifax Data Breach Class Action Settlement Admin
Attn: Objection c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

TO:  United States District Court for the Northern District of Georgia:


RE: (*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, or similar identifying words such as "Equifax Data Breach Lawsuit");


DATE: September 17, 2019

STATEMENT:

- I, Matthew James Laudato Esq. (New York Bar Association), am a member of the settlement class in relation to the above-named proceeding and object to the settlement.
- I know I am a member of the affected class because I searched the database of affected individuals on https://eligibility.equifaxbreachsettlement.com/en/eligibility; using my name and last 6 digits of my social security number, I received a positive result:



Thank You

Based on the information you provided, our records indicate your personal information was impacted by this incident. For more information, visit the FAQ page.

FILE A CLAIM

- My personal address:   7300 Beijing Pl, Box 0620

  Dulles, VA 20189-7300

- I object to the settlement because the amount Equifax is obligated to compensate the victims is outrageously minor in relation to the harm caused to millions of Americans. The restitution that Equifax is set to provide is grossly disproportionate to the mere 75 cents each class member would receive under the current settlement. Equifax will hardly, as a business, register the settlement amount as significant in any way such that it will deter similar reckless behavior in the future. Millions of Americans had our most private information (that we did not even affirmatively provide to Equifax) revealed against our will, where it will be available indefinitely for those who want to use it for nefarious purposes—in perpetuity. It is absurd that Equifax could act with such negligence and expect that 75 cents (barely the cost to send this letter in the post) could possibly provide the aggrieved with any sort of restitution. Moreover, as large companies are routinely reckless with our personal data, many of us (including me) have already availed ourselves of credit reporting services. I have been using Credit Karma for over three years as a result of another massive data breach; not only is the notion that I should be satisfied with free credit monitoring (when Equifax already committed the harm) is not only insulting, it is redundant and unhelpful. Moreover, why would I trust Equifax with looking out for my best interests when clearly the company only looks after its own?
- I have never objected to a class action settlement prior to this one.
- I will be unavailable to attend the Fairness Hearing in November/December 2019 because I am currently serving my country at the US Embassy in Beijing, China.


Sincerely,

*[signature]*

Matthew James Laudato

Received

OCT 30 2019

by JNDLA

LAUDATO
UNIT 7500 BOX 0620
DPO, AP 96521 - 0620

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

9811189418 BSC0

Received
OCT 30 2019
by JNDLA

Matthew C. North
410 Roane Drive
Hampton, VA 23669
(757) 621-2051
Mattnorth418@yahoo.com

November 15, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

```
┌─────────────────────┐
│     Received        │
│   NOV 1 8 2019      │
│    by JNDLA         │
└─────────────────────┘
```

Re:   Objection
      *In re: Equifax Inc. Customer Data Security Breach Litigation*
      Case No. 1:17-md-2800-TWT

Dear Sir or Madam:

    I believe I am a member of the settlement class in the above referenced matter because I have had problems with my credit since the date covered by the Equifax data breach. I also received a notice saying I am a member of the class. I am mad because the amount to be paid by Equifax is totally in adequate. I also believe it is irrelevant whether I already had credit protection services or not. Unless I can prove my claim, I am only going to get pennies from the settlement fund, which is unfair. I have never objected to a class settlement before. I recently asked to be excluded from the Yahoo, Inc customer data security breach litigation. Neither I nor any lawyer who I might hire intends to appear at the fairness hearing or offer any evidence there.

Very truly yours,

*Matthew C North*

Matthew C. North

470 Roane St
Hampton VA
23669

NOV 18 2019

RICHMOND VA 230
15 NOV 2019 PM 8 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

4 obj.

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. | |

---

## DECLARATION OF DAVID R. WATKINS

---

I, David R. Watkins, declare as follows:

1.     I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     My address is 2769 Sommet Drive, Salt Lake City, Utah 84117.

3.     I am a class member in this matter. I object to the settlement and class counsel's fee request on behalf of the entire class, and also specifically to the members of the settlement class with state-law statutory damages claims, for the reasons in my objection filed by my attorneys.

4.     I plan to appear at the Fairness Hearing through my counsel Melissa A. Holyoak, Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006.  Her phone number is (573) 823-5377. Melissa Holyoak is my sister.

## My class membership

5.     Through the assistance of counsel, I verified on the settlement website, www.equifaxbreachsettlement.com, that I was a class member by entering my last name and the last six digits of my social security number and submitted a claim form on the settlement website on October 9, 2019. My claim number is P489M-X27GD.

6.     I chose to receive a cash payment instead of credit monitoring. On my claim form I mistakenly indicated that my credit monitoring is with American Express. Instead, I have credit monitoring with Credit Journey through my Chase Bank credit card. I intend to have it for at least six months.

7.     At the time of the September 7, 2017 Equifax data breach, I was residing at 2769 Sommet Drive, Salt Lake City, Utah 84117 and was a citizen of Utah.

8.     I am available for deposition in Salt Lake City, Utah on November 20, 21, 22 and December 4.

9.     I have not objected to any other class-action settlements in the last five years.

10.     I bring this objection in good faith. I have no intention of settling this objection for any sort of side payment. Unlike many objectors who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, it is my understanding and belief that CCAF does not engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

11.     Thus, if contrary to CCAF's practice and recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by plaintiffs' attorneys or the defendant(s) paid to me or any person or entity related to me in any way without court approval, I hereby irrevocably waive any and all defenses to a motion seeking disgorgement of any and all funds paid in exchange for dismissing my objection or appeal.

12.     The specific grounds of my objection are identified in my objection filed by my attorney. I am not an attorney, and I am relying on my attorneys for their understanding of the legal specifics, but I find the settlement objectionable because it is my understanding that I have claims under Utah

law for statutory damages of $2,000 that I am giving up even though I am receiving the same relief as all other class members, while the class action attorneys are seeking tens of millions of dollars of payments above their normal hourly rates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2019, in Chicago, Illinois.

David R. Watkins

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
|  | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. |  |

## DECLARATION OF MELISSA A. HOLYOAK

I, Melissa A. Holyoak, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      My business address is Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006. My telephone number is (573) 823-5377. My email address is melissa.holyoak@hlli.org.

3.      I represent class members David R. Watkins and Ted Frank in this matter. David R. Watkins and Ted Frank executed retainer agreements with HLLI setting forth the terms of their representation.

4.      I plan to appear at the Fairness Hearing on behalf of my clients. I intend to rely on this Objection and accompanying declarations at the Fairness Hearing, and reserve the right to rely on any evidence submitted on the record.

### Legal background and class action experience

5.      I graduated Order of the Coif from the University of Utah S.J. Quinney College of Law in May 2003. I began working in 2003 as an associate in the Washington, D.C. office of O'Melveny & Myers LLP. While at O'Melveny, I managed complex commercial and financial services litigation, argued before the Fifth Circuit Court of Appeals and other federal and state courts, deposed witnesses, and authored various motions and briefs in state and federal trial and appellate courts. From 2008 until 2012, I was engaged as a consultant by professional services firms relating to strategic planning, as well as financial services related projects. In addition, from December

Case 1:17-md-02800-TWT Document 976-3 Filed 12/05/19 Page 2 of 34

2010 through April 2012, I worked as a contract attorney for Gunster, Yoakley & Stewart, P.A., in West Palm Beach, Florida on complex financial services litigation matters. I was engaged to analyze contracts, develop defenses and draft responses relating to secondary mortgage market investor repurchase demands for large financial services clients involving origination, servicing and fraud allegations.

6.     I joined the non-profit Center for Class Action Fairness ("CCAF"), a 501(c)(3) non-profit public-interest law firm based out of Washington, DC, in 2012. In 2015, CCAF merged into the non-profit Competitive Enterprise Institute ("CEI") and became a division within their law and litigation unit. In January 2019, CCAF became part of the Hamilton Lincoln Law Institute ("HLLI"), a new non-profit public-interest law firm founded in 2018. I am the President and General Counsel of HLLI.

7.     CCAF's mission is to litigate on behalf of class members against unfair class action procedures and settlements. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (praising CCAF's work); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (describing CCAF's client's objections as "numerous, detailed and substantive") (reversing settlement approval and certification); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C. 2013) (describing CCAF's client's objection as "comprehensive and sophisticated" and noting that "[o]ne good objector may be worth many frivolous objections in ascertaining the fairness of a settlement") (rejecting settlement approval and certification.)

8.     The Center has won over 200 million dollars for class members and received national acclaim for its work. *See, e.g.*, Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES, Aug. 13, 2013 ("the leading critic of abusive class action settlements"); Roger Parloff, *Should Plaintiffs Lawyers Get 94% of a Class Action Settlement?*, FORTUNE, Dec. 15, 2015 ("the nation's most relentless warrior against class-action fee abuse"); The Editorial Board, *The Anthem Class-Action Con*, WALL ST. J., Feb. 11, 2018 (opining "[t]he U.S. could use more Ted Franks" while covering CCAF's role in exposing "legal looting" in the Anthem data breach MDL).

9.     The Center has been successful, winning reversal or remand in over a dozen federal appeals decided to date. *E.g., Frank v. Gaos*, 139 S. Ct. 1041 (2019); *In re Lithium Ion Batteries Antitrust Litig.*, 777 Fed. Appx. 221 (9th Cir. 2019) (unpublished); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316 (3d Cir. 2019); *In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018); *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); *In re EasySaver Rewards Litig.*, 599 Fed. Appx. 274 (9th Cir. 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer*

*Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). A number of these appeals centered around class certification issues similar to the ones raised in this objection. *E.g.*, *Lithium*; *Dewey*. While, like most experienced litigators, we have not won every appeal we have litigated, CCAF has won the majority of them.

10.     I joined CCAF in 2012 and have authored numerous district court and appellate briefs, reviewed and analyzed numerous settlements, reviewed and edited objections and other briefs, conducted legal research, and appeared on behalf of CCAF in federal district and appellate courts in multiple cases, including arguments in the Seventh Circuit, Eighth Circuit and Ninth Circuit.

### CCAF Class-Action Objections

11.     CCAF and HLLI have represented clients (or CCAF and HLLI attorneys have appeared *pro se*) in the following objections to settlements or fee requests, which I color-code as green for successful or partially successful; red for unsuccessful; and white for pending without interim success. The Preliminary Approval Order requires a "[s]tatement identifying all instances in which the counsel or the counsel's law firm have objected to a class action settlement within the preceding five (5) years," I have not limited this list to

the preceding five years because of the burden such winnowing would impose and the risk of potentially excluding cases in which I or other CCAF attorneys appeared that were appealed or otherwise proceeded without our active participation within the specified time period. Note that some cases involve multiple objections to multiple iterations of the settlement. Unless otherwise indicated, we did not receive payment. This list does not include class action settlement cases where we were appointed or sought amicus status on behalf of class interests without representing an objecting class member, or cases where we sought to be appointed guardian ad litem on behalf of the class.

| Case | Result |
|---|---|
| *In re Bluetooth Headset Products Liability Litigation*, Case No 2:07-ML-1822-DSF-E (C.D. Cal.) | District court approved the settlement and fee request. On appeal, the Ninth Circuit vacated, 654 F.3d 935 (9th Cir. 2011). On remand, the district court approved the settlement and reduced fees from $800,000 to $232,000. We did not appeal again, and received no payment. |
| *In re TD Ameritrade Account Holder Litigation*, Case No C 07-2852 VRW (N.D. Cal.) | The objection was successful and the district court rejected the settlement. 2009 U.S. Dist. LEXIS 126407 (N.D. Cal. Oct. 23, 2009). A substantially improved settlement was approved. |
| *Fairchild v. AOL*, Case No 09-cv-03568 CAS (PLAx) (C.D. Cal.) | The trial court approved the settlement and fee request. The Center appealed and in November, 2011, the Ninth Circuit reversed, sustaining the Center's objection to the improper *cy pres*. *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). On remand, the parties cured the abusive *cy pres*. |

| Case | Result |
|---|---|
| *In re Yahoo! Litigation,* Case No 06-cv-2737 CAS (FMOx) (C.D. Cal.) | The district court approved the settlement and fee request. Ted Frank withdrew from representations of my clients during the appeal, and the clients chose to voluntarily dismiss their appeal. CCAF received no payment. The appeal was meritorious and would have prevailed; the plaintiffs' tactic of buying off CCAF's clients at the expense of the class was unethical. |
| *True v. American Honda Motor Co.,* Case No. 07-cv-00287 VAP (OPx) (C.D. Cal.) | The objection was successful and the district court rejected the settlement. 749 F. Supp. 2d 1052 (C.D. Cal. 2010). The parties negotiated a substantially improved settlement in California state court, winning the class millions of dollars more in benefit. CCAF attorney Frank Bednarz appeared for the objector *pro hac vice.* |
| *Lonardo v. Travelers Indemnity*, Case No. 06-cv-0962 (N.D. Ohio) | The parties in response to the objection modified the settlement to improve class recovery from $2.8M to $4.8M while reducing attorneys' fees from $6.6M to $4.6M and the district court approved the modified settlement and awarded CCAF about $40,000 in fees. 706 F. Supp. 2d 766 (N.D. Ohio 2010). The "Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving." *Id.* at 804. We did not appeal, and received no payment beyond that ordered by the court. |

| Case | Result |
|---|---|
| *In re Motor Fuel Temperature Sales Practices Litigation*, Case No. 07-MD-1840-KHV (D. Kan.) | We objected to the settlement with Costco; the district court rejected the settlement, but approved a materially identical one after our renewed objection. The district court approved several other settlements that CCAF objected to (including several with me as the objector). The Tenth Circuit affirmed and denied our petition for rehearing *en banc*. |
| *Bachman v. A.G. Edwards*, Cause No: 22052-01266-03 (Mo. Cir. Ct.) | The district court approved the settlement and fee request, and the decision was affirmed by the intermediate appellate court. The Missouri Supreme Court declined further review. |
| *Dewey v. Volkswagen*, Case No. 07-2249(FSH) (D.N.J.) | We objected on behalf of multiple class members, including a law professor. The district court approved the settlement, but reduced the fee request from $22.5 million to $9.2 million. CCAF appealed and the settling parties cross-appealed the fee award. On appeal, the Third Circuit sustained CCAF's objection to the Rule 23(a)(4) determination and vacated the settlement approval. 681 F.3d 170 (3d Cir. 2012). On remand, the parties modified the settlement to address CCAF's objection and make monetary relief available to hundreds of thousands of class members who had been frozen out by the previous settlement. The district court awarded CCAF $86,000 in fees. Other objectors appealed and we defended the district court's settlement approval on appeal. The Third Circuit affirmed the settlement approval and the Supreme Court denied *certiorari*. We received no payment beyond that authorized by the court. |

| Case | Result |
|---|---|
| *In re Apple Inc. Securities Litig.*, Case No. C-06-5208-JF (N.D. Cal.) | As a result of CCAF's objection, the parties modified the settlement to pay an additional $2.5 million to the class instead of third-party *cy pres*. The district court awarded attorneys' fees to CCAF and approved the settlement and fee request. We did not appeal and received no payment beyond that authorized by the court. |
| *Robert F. Booth Trust v. Crowley,* Case No. 09-cv-5314 (N.D. Ill.) (Rule 23.1) (*pro se* objector) | The district court denied our motion to intervene and dismiss abusive shareholder derivative litigation that sought $930,000 in fees, and then rejected the proposed settlement. On appeal, the Seventh Circuit agreed (1) that the motion to intervene should have been granted and (2) the motion to dismiss should have been granted, and remanded with orders to dismiss the litigation. 687 F.3d 314 (7th Cir. 2012). As a result, Sears shareholders saved $930,000 in attorneys' fees. CCAF was awarded a few hundred dollars in costs. |

| Case | Result |
|---|---|
| *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ (W.D. Wash.) | We objected on behalf of law professor Michael Krauss. The district court granted CCAF's objection and rejected the settlement. The parties proposed an improved settlement, and the district court sustained our renewed objection to the settlement. The parties modified the settlement again to pay class members over $2 million more than the original settlement, and the district court agreed with CCAF that the fee request was excessive, reducing the fee request from $1.05 million to $800,000. The district court praised CCAF's work and sanctioned plaintiffs $100,000 (awarded to the class) for its abusive discovery of objectors. 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012). CCAF did not appeal and did not receive any payment. |
| *Ercoline v. Unilever*, Case No. 10-cv-1747 (D. N.J.) (*pro se* objector) | The district court approved the $0 settlement and fee request and Mr. Frank did not appeal. Mr. Frank and CCAF did not receive any payment. |
| *In re HP Inkjet Printer Litigation*, Case No. 05-cv-3580 (N.D. Cal.) (*pro se* objector) | The district court approved the settlement and reduced the fee request from $2.3 million to $1.5 million. On appeal, the Ninth Circuit vacated the settlement approval and fee award. 716 F.3d 1173 (9th Cir. 2013). On remand, the district court again approved the settlement and reduced the fee request to $1.35 million. We did not appeal, and received no payment. |

| Case | Result |
|---|---|
| *In re HP Laserjet Printer Litigation,* Case No. 8:07-cv-00667-AG-RNB (C.D. Cal) (*pro se* objector) | The trial court approved the settlement, while lowering the attorneys' fees from $2.75M to $2M. We did not appeal, and received no payment. |
| *In re New Motor Vehicles Canadian Export Antitrust Litigation,* No. MDL 03-1532 (D. Me.) (Ted Frank was objector represented by CCAF counsel Dan Greenberg) | The trial court agreed with Mr. Frank's objection that the *cy pres* was inappropriate, and the parties modified the settlement to augment class recovery by $500,000. The court affirmed the fee request, but awarded CCAF about $20,000 in fees. |
| *Sobel v. Hertz Corp.,* No. 06-cv-545 (D. Nev.) (CCAF attorney Dan Greenberg) | The district court agreed with our objection and refused to approve the coupon settlement. The parties litigated, and the district court granted partial summary judgment in the amount of $45 million, and awarded CCAF fees of $90,000. Hertz won reversal on appeal, and CCAF received nothing. |
| *Cobell v. Salazar,* Case No. 1:96-cv-1285 (TFH) (D.D.C.) | The district court approved the settlement, but reduced the requested fees from $224 million to $99 million, and reduced the proposed incentive award by several million dollars, creating over $130 million of additional benefit to the class. On appeal, the D.C. Circuit affirmed the settlement approval. 679 F.3d 909. CCAF's client retained other counsel and petitioned the Supreme Court to hear the case. The Supreme Court denied the writ of certiorari. We received no payment. |

| Case | Result |
|---|---|
| *Stetson v. West Publishing*, Case No. CV-08-00810-R (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained our objection and rejected the coupon settlement. The parties proposed a modified settlement that improved class recovery by several million dollars. We did not object to the new settlement, and neither sought nor received payment. |
| *McDonough v. Toys "R" Us* and *Elliott v. Toys "R" Us*, Case Nos. 2:06-cv-00242-AB, No. 2:09-cv-06151-AB (E.D. Pa.) | The district court approved the settlement and fee request. CCAF appealed, and the Third Circuit vacated the settlement approval and fee award. *In re Baby Prods Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). On remand, the parties negotiated an improved settlement that improved class recovery by about $15 million. We did not object to the settlement but objected to the renewed fee request. The district court awarded CCAF $742,500 in fees and reduced class counsel's fees by the same amount. CCAF appealed, but voluntarily dismissed the appeal without receiving any payment beyond what was ordered by the court. |
| *Trombley v. National City Bank,* Case No. 10-cv-232 (JDB) (D.D.C.) | We objected to an excessive fee request of ~$3000/hour for every partner, associate, and paralegal in a case that settled in a reverse auction shortly after a complaint was filed; we further objected to an arbitrary allocation process that prejudiced some class members at the expense of others. The district court approved the settlement and fee request. CCAF did not appeal, and received no payment. Later, CCAF won appeals in the Third and Seventh Circuits on some of the issues we raised in this case. |

| Case | Result |
|---|---|
| *Blessing v. Sirius XM Radio Inc.,* Case No. 09-cv-10035 (S.D.N.Y.) | The district court approved the settlement and fee request, and the Second Circuit affirmed in an unpublished order. CCAF petitioned for *certiorari*. The Supreme Court denied *certiorari*, but Justice Alito wrote separately to indicate that, while *certiorari* was inappropriate, the Second Circuit erred in holding CCAF's client did not have standing to challenge the improper class counsel appointment. *Martin v. Blessing,* 134 S. Ct. 402 (2013). |
| *Weeks v. Kellogg Co.,* Case No. CV-09-08102 (MMM) (RZx) (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained CCAF's objection and refused settlement approval. The parties modified the settlement to largely address CCAF's concerns, creating extra pecuniary benefit to the class. The Center sought and was awarded attorneys' fees as a percentage of the benefit conferred, and received no other payment beyond that awarded by the court. |
| *In re Dry Max Pampers Litig.,* Case No. 1:10-cv-00301 TSB (S.D. Ohio) | The district court approved the settlement and fee request. On appeal, the Sixth Circuit vacated both orders. 724 F.3d 713 (6th Cir. 2013). On remand, plaintiffs dismissed the meritless litigation, benefiting the class that would not have to pay the higher costs from abusive litigation. We received no payment. |
| *In re Mutual Funds Investment Litig.,* No. 04-md-15862 (D. Md.) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |

| Case | Result |
|------|--------|
| *Barber Auto Sales, Inc. v. UPS*, No. 5:06-cv-04686-IPJ (N.D. Ala.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Brazil v. Dell*, No. C-07-1700 RMW (N.D. Cal.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF appealed. After CCAF filed its opening brief in the Ninth Circuit, the trial court modified its opinion approving the settlement and fee award. CCAF chose to voluntarily dismiss its appeal and received no payment. |
| *Fogel v. Farmers*, No. BC300142 (Super. Ct. Cal. L.A. County) | The trial court approved the settlement and reduced the fees from $90M to $72M. The Center was awarded fees and expenses for its objection, and did not appeal, and received no payment beyond what the court ordered. |
| *Walker v. Frontier Oil*, No. 2011-11451 (Harris Cty. Dist. Ct. Tex.) | The trial court approved the settlement and fee award. On appeal, the Texas Court of Appeals agreed that the $612,500 fee award violated Texas law, saving shareholders $612,500. *Kazman v. Frontier Oil,* 398 SW 3d 377 (Tex. App. 2013). We neither sought nor received payment. |
| *In re MagSafe Apple Power Adapter Litig.*, No. C. 09-1911 JW (N.D. Cal.) | We objected on behalf of law professor Marie Newhouse. The trial court approved the settlement and fee award. On appeal, the Ninth Circuit in an unpublished decision vacated both orders and remanded for further proceedings. The Center renewed its objection and the district court approved the settlement but reduced fees from $3 million to $1.76 million. We did not appeal, and received no payment. |

14

| Case | Result |
|---|---|
| *In re Online DVD Rental Antitrust Litig.,* No 4:09-md-2029 PJH (N.D. Cal.) | Mr. Frank was the objector. The district court approved the settlement and fee award, and the Ninth Circuit affirmed. 779 F.3d 934 (9th Cir. 2015). On remand, class counsel attempted to distribute over $2 million to *cy pres*. We objected to the *cy pres* proposal, and the court agreed and ordered distribution to the class. We did not seek attorneys' fees. |
| *In re Nutella Marketing and Sales Practices Litig.,* No 11-1086 (FLW)(DEA) (D. N.J.) (CCAF attorney Dan Greenberg) | The district court approved the settlement, but reduced the fee award by $2.5 million. We did not appeal, and received no payment. |
| *In re Groupon, Inc., Marketing and Sales Practices Litig.,* No. 3:11-md-2238-DMS-RBB (S.D. Cal.) (*pro se* objection; separately retained in private capacity on appeal) | The district court sustained the objection to the settlement; the parties presented a materially identical settlement and the district court approved that settlement and fee award. Mr. Frank did not appeal and received no payment. Other objectors appealed. After briefing was complete, Mr. Frank was retained by one of the appellants in his private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. On remand, the parties proposed a new settlement, and we did not object. |

| Case | Result |
|------|--------|
| *In re Johnson & Johnson Derivative Litig.*, No. 10-cv-2033-FLW (D.N.J.) | The district court approved the settlement. CCAF appealed and successfully moved to stay the appeal while the fee request was litigated. The district court reduced the fee request from $10.45 million to about $5.8 million, saving shareholders over $4.6 million. CCAF voluntarily dismissed its appeal, and received no payment. |
| *Pecover v. Electronic Arts Inc.*, No. C 08-02820 CW (N.D. Cal.) (Mr. Frank objected, represented by CCAF attorney Melissa Holyoak) | The district court honored our objection to the excessive *cy pres* and encouraged modifications to the settlement that addressed my objection. As a result of the Center's successful objection, the class recovery improved from $2.2 million to $13.7 million, an improvement of over $11.5 million. The Center did not appeal the decision. The district court awarded $33,975 in attorneys' fees to the Center. The Center received no payment not ordered by the Court. |

| Case | Result |
|---|---|
| *In re EasySaver Rewards Litigation*, No. 3:09-cv-2094-AJB (WVG), No. 3:09-cv-2094-BAS (S.D. Cal.) | The district court approved the settlement and the fee request. On appeal, the Ninth Circuit vacated the settlement approval and remanded for further consideration. We renewed our objection, and the district court approved the settlement and fee request again. On appeal, the Ninth Circuit vacated and remanded the fee award, but affirmed the settlement approval. We sought *certiorari* on the settlement approval, but a defendant obtained a bankruptcy stay, and the Supreme Court denied *certiorari* after plaintiffs argued that *certiorari* should be denied because of the stay. Our client objected to the renewed fee request, and the district court upheld the objection, denying the motion without prejudice. A new fee request is pending in the district court subject to the bankruptcy stay, and our client will likely object to that one as well. |
| *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS) (S.D.N.Y.) (*pro se* objection; then represented by CCAF attorneys) | The parties agreed to correct the defective notice. Upon new notice, we restricted the objection to the excessive fee request. The district court agreed to reduce the fee request (and thus increase the class benefit) by $26.7 million. 965 F. Supp. 2d 369 (S.D.N.Y. 2013). We were awarded costs. We appealed the fee decision, but voluntarily dismissed the appeal without further payment. Our objection to the *cy pres* proposal was overruled and we won a stay of the *cy pres* order and appealed. While the appeal was pending, in 2017, class counsel agreed to distribute the proposed *cy pres* to the class, and the appeal was remanded to district court after a Rule 62.1 indicative ruling. The district court granted our request for attorneys' fees. |

| Case | Result |
|---|---|
| *City of Livonia Employees' Retirement System v. Wyeth*, No. 1:07-cv-10329 (RJS) (S.D.N.Y.) | The district court approved the settlement and reduced fees (and thus increased class benefit) by $3,037,500. Though the court ultimately agreed in part with our objection to fees, it was critical of our objection, though it mischaracterized the argument we made. The district court criticized the objection as "frivolous" but the First Circuit recently held in a non-CCAF case that the issue of a minimum distribution threshold does indeed make a settlement problematic. We did not appeal, and received no payment. |
| *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y.) (Ted Frank objected, represented by CCAF attorney Adam Schulman) | Upon Mr. Frank's objection, the parties modified the settlement to provide for direct distribution to about a million class members, increasing class recovery from about $0.5 million to about $5 million. The district court agreed with our objection to one of the *cy pres* recipients, but otherwise approved the settlement and the fee request. CCAF was awarded attorneys' fees. We did not appeal, and neither Mr. Frank nor CCAF received any payment not awarded by the court. |

| Case | Result |
|------|--------|
| *In re Southwest Airlines Voucher Litig.*, No. 11-cv-8176 (N.D. Ill.) (Greg Markow objected, represented by CCAF attorneys Melissa Holyoak, Ted Frank and Frank Bednarz) | The district court approved the settlement, but reduced fees by $1.67 million. We appealed, and the plaintiffs cross-appealed; the Seventh Circuit affirmed, but reduced fees further. On remand, class counsel asserted rights to additional fees, and we objected again. The court denied the fee request in part, and, on motion for reconsideration, vacated the fee order on the grounds notice was required. We negotiated a settlement that tripled relief to the class. We moved for attorneys' fees, which the district court denied. We appealed the denial and won reversal and attorneys' fees. |
| *Fraley v. Facebook, Inc.*, No. 11-cv-01726 (RS) (N.D. Cal.) (*pro se* objection) | The district court approved the settlement, which was modified after our objection by increasing class distributions by 50%. The district court further reduced fees by $2.8 million, which increased the *cy pres* distribution by the same amount. We did not appeal the settlement approval or fee award, and did not receive any payment. Our request for attorneys' fees was denied, and our appeal of that decision was denied. We did not seek *certiorari*. |

| Case | Result |
|------|--------|
| *Pearson v. NBTY*, No. 11-CV-07972 (N.D. Ill) (Ted Frank objected, represented by CCAF attorneys Melissa Holyoak and Frank Bednarz) | The district court approved the settlement, but reduced fees by $2.6 million. On appeal, the Seventh Circuit reversed the settlement approval, praising the work of the Center. 772 F.3d 778 (7th Cir. 2014). On remand, the settlement was modified to increase class recovery from $0.85 million to about $5.0 million. The second settlement was approved, and CCAF was awarded attorneys' fees of $180,000. Other objectors appealed; we cross-appealed to protect our rights. When the other objectors dismissed their appeals, we dismissed our cross-appeal without any payment beyond that ordered by the court. We moved the district court for relief requiring other objectors who received under-the-table payments to be required to disgorge those payments to the class, an action that was covered by the *Wall Street Journal*. The district court held it did not have jurisdiction over the action, and we appealed that decision and won in the Seventh Circuit. The district court denied the motion to disgorge extortionate objector fees, and our appeal of that decision is pending. |
| *Marek v. Lane,* 134 S. Ct. 8, 571 US – (2013). | In 2013 an objector retained the Center to petition the Supreme Court for a writ of *certiorari* from *Lane v. Facebook.*, 696 F.3d 811 (9th Cir. 2012), *rehearing denied* 709 F.3d 791 (9th Cir. 2013), a case we had not previously been involved in. Although the Supreme Court declined to hear the case, Chief Justice Roberts wrote an opinion respecting denial of *certiorari* declaring the Court's interest in the issue of *cy pres* that has been influential in improving many settlements for class members. |

| Case | Result |
|---|---|
| *Dennis v. Kellogg, Inc.*, No. 09-cv-01786 (IEG) (S.D. Cal.) | On remand from a Ninth Circuit decision, the district court approved a modified settlement and the fee request. Law professor Todd Henderson was the objector. CCAF did not appeal or receive any payment. |
| *Berry v. LexisNexis.*, No. 11-cv-754 (JRS) (E.D. Va.) (CCAF attorney Adam Schulman *pro se*) | The district court approved the settlement and the fee request. The Fourth Circuit affirmed, and the Supreme Court denied *certiorari*. |
| *In re BankAmerica Corp. Secs. Litig.*, No. 13-2620 (8th Cir.) | CCAF was retained as appellate counsel on behalf of a class representative objecting to a *cy pres* distribution and supplemental fee award, and prevailed. 775 F.3d 1060 (8th Cir. 2015). As a result, the class will receive an extra $2.6 to $2.7 million, plus any proceeds from pending collateral litigation against third parties. CCAF did not seek or receive any payment beyond costs. |
| *Redman v. Radioshack Corp.*, No. 11-cv-6741 (N.D. Ill.) (Michael Rosman objected, represented by CCAF attorneys Melissa Holyoak and Ted Frank) | The district court approved the settlement and the fee request. On appeal, the Seventh Circuit reversed, upholding our objection. 768 F.3d 622 (7th Cir. 2014). The case is pending on remand, but is presumably extinguished by RadioShack's bankruptcy. We were awarded costs. |

| Case | Result |
|---|---|
| *Richardson v. L'Oreal USA,* No. 13-cv-508-JDB (D.D.C.) (Melissa Holyoak objected, represented by CCAF attorney Adam Schulman) | The district court sustained our objection to the settlement. 991 F. Supp. 2d 181 (D.D.C. 2013). We received no payment. |
| *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436 (S.D. Ohio) | We represented law professor Josh Blackman. The district court approved the settlement and fee request. The Sixth Circuit affirmed in a 2-1 decision, and denied *en banc* review. The Supreme Court denied *certiorari*. |
| *Steinfeld v. Discover Financial Services*, No. 3:12-cv-01118-JSW (N.D. Cal.) | We withdrew the objection upon assurances from the parties about the interpretation of some ambiguous settlement terms. We received no payment. |
| *In re Aetna UCR Litigation*, No. 07-3541, MDL No. 2020 (D.N.J) (Ted Frank was a *pro se* objector with assistance from local counsel) | While our objection was pending, the defendant invoked its contractual right to withdraw from the settlement. The litigation is pending. |
| *Poertner v. The Gillette Co.*, No. 6:12-cv-00803 (M.D. Fla.) (Ted Frank objected, represented by CCAF attorney Adam Schulman) | The district court approved the settlement and the fee award, and the Eleventh Circuit affirmed in an unpublished order, and the Supreme Court denied *certiorari*, despite the circuit split with *Pearson*. |

| Case | Result |
|------|--------|
| *In re Google Referrer Header Privacy Litigation*, No. 10-cv-04809 (N.D. Cal.) (Ted Frank was a *pro se* objector and also represented HLLI attorney Melissa Holyoak) | The district court approved the settlement and the fee award. The Ninth Circuit affirmed in a 2-1 decision. On April 30, 2018, the Supreme Court granted *certiorari* for the October 2018 Term in *Frank v. Gaos*, No. 17-961. Ted Frank argued the case in the Supreme Court October 31, 2018. In 2019, the Supreme Court vacated the decision and remanded for consideration of the question of Article III standing. The Ninth Circuit remanded to the district court. The case is pending in the district court. |
| *Delacruz v. CytoSport, Inc.*, No. 4:11-cv-03532-CW (N.D. Cal.) (Ted Frank was a *pro se* objector) | Ted Frank joined in part the *pro se* objection of William I. Chamberlain. The district court approved the settlement and the fee award. We did not appeal, and received no payment. |
| *In re American Express Anti-Steering Rules Antitrust Litigation*, No. 11-md-2221 (E.D.N.Y.) | We objected and the district court rejected the settlement. We have neither sought nor received payment. |

| Case | Result |
|---|---|
| *In re Capital One Telephone Consumer Protection Act Litigation*, 12-cv-10064 (N.D. Ill.) (Objector Jeffrey Collins represented by CCAF attorney Melissa Holyoak) | Our objection was only to the fee request, and the district court agreed to a reduction of about $7 million in fees. We appealed seeking further reductions, but plaintiffs offered to pay our client $25,000 to dismiss his appeal, and he accepted the offer against our recommendation and his earlier promise to us. Ethics rules prohibited us from interfering with the client's decision. CCAF received no payment. Seventh Circuit law requires the court to investigate before granting a motion to voluntarily dismiss an appeal of a class action settlement approval, but no investigation was performed, despite extensive press coverage of our protest of class counsel's unethical behavior. |
| *Lee v. Enterprise Leasing Company-West*, LLC, No. 3:10-cv-00326 (D. Nev.) (CCAF attorney Melissa Holyoak) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. |
| *Jackson v. Wells Fargo*, No. 2:12-cv-01262-DSC (W.D. Pa.) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. CCAF attorney Adam Schulman represented the objector. |
| *In re Transpacific Passenger Air Transp. Antitrust Litig.,* No. 3:07-cv-05634-CRB (N.D. Cal.) | The district court approved the settlement, but reduced the Rule 23(h) request for fees and expenses by over $5.1 million, for the benefit of the class. The district court awarded CCAF fees. In a 2-1 decision, the Ninth Circuit affirmed settlement approval. CCAF attorney Anna St. John argued at the district court and appellate level. |

| Case | Result |
|---|---|
| *Careathers v. Red Bull N. Am., Inc.*, No. 1:13-cv-0369 (KPF) (S.D.N.Y.) (Ted Frank objected, represented by CCAF attorney Erin Sheley) | The district court approved the settlement, but reduced the fee request by $1.2 million. We did not appeal, and received no payment. |
| *In re Riverbed Securities Litigation*, Consolidated C.A. No. 10484-VCG (Del. Ch.) | CCAF assisted *pro se* objector Sam Kazman, a CEI attorney, before CCAF merged with CEI. The court approved the settlement and reduced the fee request. |
| *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.) (CCAF attorney Melissa Holyoak) | The district court denied our objection. We successfully appealed to the Eighth Circuit. On limited remand, the district court denied our objection again. We appealed to the Eighth Circuit, which ordered supplemental briefing, and then affirmed. |
| *In re Polyfoam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio) (CCAF attorney Anna St. John) | We objected to the fees and the *cy pres* proposal, and the district court reduced fees and rejected plaintiffs' proposed *cy pres* recipient. We did not appeal and received no payment. Our request for attorneys' fees was denied, and we did not appeal. |

| Case | Result |
|------|--------|
| *Hays v. Walgreen Co.*, No. 14-C-9786 (N.D. Ill.) (Objector Jon Berlau represented by CCAF attorneys Melissa Holyoak and Ted Frank) | We objected to a $0 settlement that provided only worthless disclosures to the shareholder class. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |
| *In re Subway Footlong Sandwich Mktg. & Sales Pract. Litig.*, No. 2:13-md-2439-LA (E.D. Wisc.) | Ted Frank objected, represented by CCAF attorney Adam Schulman. The district court approved the settlement and fee request over my objection. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |
| *In re Colgate-Palmolive SoftSoap Antibacterial Hand Soap Mktg. & Sales Pract. Litig.*, No. 12-md-2320 (D.N.H.) | CCAF attorney Anna St. John objected *pro se*. The district court approved the settlement and fee request over her objection. She filed an appeal to the *cy pres* provision of the settlement and dismissed the appeal without payment once the *cy pres* issue became moot. |
| *Doe v. Twitter, Inc.*, No. CGC-10-503630 (Cal. Sup. Ct. S.F. Cty.) | The district court approved the settlement over our objection, but reduced attorneys' fees. We did not appeal and received no payment. |
| *Rodriguez v. It's Just Lunch Int'l*, No. 07-cv-9227 (SHS)(SN) (S.D.N.Y.) | CCAF attorney Anna St. John successfully represented an objector to an abusive settlement; the court rejected the settlement. The litigation is pending, and our client will likely object to the improved settlement. |

| Case | Result |
|------|--------|
| *Rougvie v. Ascena Retail Group,* No. 15-cv-724 (E.D. Pa.) | CCAF attorney Adam Schulman appeared on behalf of two objectors; the parties modified the settlement in part, and district court agreed with our objection that CAFA applied and governed attorneys' fees. We did not appeal, but other objectors appealed. The appeals were voluntarily dismissed. We were ultimately awarded $78,000 in attorneys' fees for our work improving the settlement that provided $702,640 in additional class benefit. |
| *Allen v. Similasan Corp.*, No. 3:12-cv-0376-BAS (JLB) (S.D. Cal.) | CCAF's objection on behalf of an objector to a $0 settlement was upheld. The parties negotiated a new settlement proposing to pay about $500,000 to the class. We did not object to the new settlement, and neither sought nor received payment. |
| *In re PEPCO Holdings, Inc., Stockholder Litig.*, C.A. No. 9600-VCMR (Del. Ch.) | In response to our proposed objection on *Walgreen* grounds, class counsel voluntarily dismissed the lawsuit and proposed settlement, saving the shareholders a substantial amount of money. We were awarded attorneys' fees by the Court. |
| *In re Pharmacyclics, Inc. Shareholder Litig.*, No. 1-15-CV-278055 (Santa Clara County, Cal.) | Law professor Sean J. Griffith, an objector with an unsuccessful objection to a $0 shareholder settlement, retained CCAF for the appeal, which is pending in the California Court of appeal. |
| *Williamson v. McAfee, Inc.*, No. 5:14-cv-00158-EJD (N.D. Cal.) | CCAF attorney Anna St. John represented an objector. After we objected, the parties disclosed that the settlement claims rate was higher than we anticipated, and the district court approved the settlement. We did not appeal, and did not receive any payment. |

| Case | Result |
|---|---|
| *Edwards v. National Milk Producers Fed'n*, No. 11-cv-04766-JSW (N.D. Cal.) | CCAF attorney Anna St. John represented an objector who objected to fees only. The district court reduced the requested fees by over $4.3 million, to be distributed to the class. We were awarded attorneys' fees by the court. We did not appeal; another objector's appeal is pending. |
| *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-MD-2358 (D. Del.) | Td Frank objected in this case, represented by CCAF attorney Adam Schulman. The district court overruled our objection to the settlement, but reduced attorneys' fees. Our appeal to the Third Circuit was successful, vacating the settlement and remanding. The case is pending in district court. |
| *Saska v. The Metropolitan Museum of Art*, No. 650775/2013 (Sup. Ct. N.Y. Cty., N.Y.) | CCAF attorney Anna St. John objected *pro se*. The court approved the settlement and attorneys' fee award over her objection. We did not appeal, and have neither sought nor received payment. |
| *Birbrower v. Quorn Foods, Inc.*, No. 2:16-cv-01346-DMG (AJW) (C.D. Cal.) | Ted Frank objected on behalf of a class member to a claims-made settlement and fee request. The district court approved the settlement and fee award over the objection. We did not appeal, and received no payment. |
| *Aron v. Crestwood Midstream Partners L.P.*, No. 16-20742 (5th Cir.) | An unsuccessful *pro se* objector retained us to prosecute his appeal of approval of a $0 settlement where the court refused to follow *Walgreen*. The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because the objector filed his objection past the deadline in the district court. |

| Case | Result |
|---|---|
| *Kumar v. Salov N. Am. Corp.*, No. 14-cv-02411-YGR (N.D. Cal.) | Represented by CCAF attorneys, Ted Frank objected to a lop-sided settlement and fee request. The district court approved the settlement. CCAF attorney Melissa Holyoak argued the case on appeal and the Ninth Circuit affirmed. |
| *Campbell v. Facebook, Inc.*, No. 13-cv-5996-PJH (N.D. Cal) | Former CCAF attorney William Chamberlain represented a class member, CCAF attorney Anna St. John, objecting to an abusive settlement and fee request. The district court overruled the objection and approved the settlement. Our appeal to the Ninth Circuit was argued by Adam Schulman and is pending. |
| *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO (N.D. Cal.) | CCAF represented a class member objecting to a settlement and fee request. The district court approved the settlement but agreed with us that fees should be awarded only after the redemption rate of the coupon relief was known. We objected to the resubmitted attorney fee request and won a reduction in attorneys' fees. |

| Case | Result |
|------|--------|
| *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 YGR (DMR) | On behalf of class member Frank Bednarz, CCAF objected to a settlement and fee request. The court overruled the objection and approved the settlement, but reduced the attorneys' fees. We appealed the class certification and settlement approval to the Ninth Circuit and won remand. The parties have improved the settlement, but have not yet moved for preliminary approval. We objected to the attorneys' fees in a third tranche of settlements; the district court approved the fee request; we did not appeal, but other objectors did. We joined one objector in a Rule 62.1 motion for an indicative ruling vacating the fee award in the wake of the Ninth Circuit's decisions. |
| *Ma v. Harmless Harvest, Inc.*, No. 16-cv-7102 (JMA) (SIL) (E.D.N.Y.) | CCAF attorney Adam Schulman appeared on behalf of objector Anna St. John to a $0 settlement. The district court rejected the settlement. The litigation is pending. |
| *In re Anthem Inc. Data Breach Litigation*, 15-md-02617-LHK (N.D. Cal) | Ted Frank represented an objector, CCAF attorney Frank Bednarz, who objected to fees and asked the court to investigate overbilling. The district court agreed and appointed a special master to investigate, and ultimately reduced fees. In response to our objection to *cy pres* provisions in the settlement, the parties agreed to increase recovery to the class. We did not seek fees and did not appeal. |
| *Leung v. XPO Logistics, Inc.*, No. 15-cv-03877 (N.D. Ill.) | On behalf of a class member, CCAF attorney Frank Bednarz objected to the fee request. The district court reduced fees slightly. We did not appeal. |

| Case | Result |
|---|---|
| *Cannon v. Ashburn Corp*, No. 16-cv-1452 (D.N.J.) | On behalf of an objector, CCAF attorney Adam Schulman objected to an abusive settlement through local counsel. The parties agreed to modify the settlement to improve class recovery, and the district court rejected the modified settlement. |
| *Farrell v. Bank of Am., N.A.*, No. 3:16-cv-00492-L-WVG (S.D. Cal.) | CCAF represents an objector who objected to fees, a *cy pres* provision, and the class certification in the alternative. The attorneys reduced their fee request in response to our objection, and the court approved the modified fee request and settlement. Our appeal to the Ninth Circuit is pending. |
| *In re Petrobras Securities, Litigation*, No. 14-cv-9662 (S.D.N.Y.). | CCAF represented an objector who objected to fees and class certification. The district court reduced fees by over $96 million and affirmed the settlement. We did not appeal. CCAF requested attorneys' fees, which were granted in part and denied in part. We appealed the denial of our attorneys' fees in the Second Circuit and won. On remand, the court again granted in part CCAF's request for fees, which we appealed to the Second Circuit; that appeal is pending. |
| *Berni v. Barilla*, No. 16-cv-4196 (E.D.N.Y.) | CCAF attorney Adam Schulman objected *pro se* to a $0 class-action settlement. The district court approved the settlement, and Schulman's appeal to the Second Circuit is pending. |

| Case | Result |
|---|---|
| *In re Domestic Airline Travel Antitrust Litigation*, No. 15-mc-1404 (D.D.C.) | CCAF attorney Ted Frank represented class members and CCAF attorneys Ted Frank and Frank Bednarz in objecting to the lack of a distribution plan and a class notice suggesting that the settlement proceeds would go to *cy pres*. The district court approved the settlement and deferred any ruling on fees. Our appeal to the D.C. Circuit is pending. |
| *Cowen v. Lenny & Larry's*, No. 17-cv-1530 (N.D. Ill.) (Ted Frank objected, represented by CCAF attorney Frank Bednarz) | CCAF attorney Frank Bednarz represented class member and CCAF attorney Ted Frank in objecting to the disproportion in this coupon settlement. The parties modified the settlement to make relief more proportional to attorneys' fees, providing $537,950 more to the class (over original cap of $350,000) and mooting our objection. The district court granted our motion for $20,000 in attorneys' fees on August 20, 2019. |
| *In re Samsung Top-Load Washing Machine Marketing Sales Practices and Prod. Liability Litig.*, No. 17-ml-2792-D (W.D. Okla.) | CCAF attorney Frank Bednarz represented a class member objecting to the disproportion attorneys' fees and actual relief, which consists of duplicative injunctive relieve and a claims-made settlement that provides only coupons to most class member. The fairness hearing was held October 7, 2019 and our objection is pending. |
| *Littlejohn v. Ferrara Candy Co.*, No. 17-cv-1530 (S.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this $0 settlement. The district court approved the settlement. Our appeal to the Ninth Circuit is pending. |

| Case | Result |
|------|--------|
| *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (N.D. Cal.) | CCAF attorney Ted Frank objected to the fee request on behalf of a class member. The fairness hearing was held August 1, 2019 and our objection is pending. |
| *In re Stericycle Securities Litigation*, No. 16-cv-7145 (N.D. Ill.) | CCAF attorneys represent a shareholder class member objecting to the fee request in this settlement. The fairness hearing was held on July 22, 2019 and our objection is pending. |
| *In re Volkswagen Clean Diesel MDL*, No. 3:15-md-02672-CRB (N.D. Cal.) | HLLI attorneys objected to the settlement and fee request on behalf of a client in this case; the district court approved both. We appealed the fee award, but did not appeal the settlement approval. The Ninth Circuit dismissed the appeal on the grounds that our client's acceptance of the benefits of the settlement included the signature of a release that released him from any further claims and deprived him of appellate standing, and we did not appeal further. |
| *In re ConAgra Foods, Inc.*, No. 2:11-cv-05379-CJC-AGR (C.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to the disproportion attorneys' fees and actual relief including worthless injunctive relief. The district court approved the settlement. Our appeal to the Ninth Circuit is pending. |
| *Mckinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-cv-6450-MMC (N.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this coupon settlement. Our objection is pending. |

12. HLLI attorneys M. Frank Bednarz, Adam Schulman, Ted Frank and I have worked on this objection; HLLI attorney Anna St. John may work on this objection in the future.

13. In addition to the work described above, in terms of counsel's skill and experience, M. Frank Bednarz graduated 2009 from the University of Chicago Law School. He worked from 2010 to 2016 as an associate at Goodwin Procter LLP, where he practiced patent litigation including Hatch-Waxman litigation and litigation before the International Trade Commission. He joined CCAF in May 2016.

14. Adam Schulman is a 2010 graduate of Georgetown University Law Center. Unlike many attorneys his age, he has made first-chair court appearances in the United States Courts of Appeals for the Third and Sixth Circuits, as well as numerous such appearances in district court. *See, e.g., In re Dry Max Pampers Litig.* 713 F.3d 724, (6th Cir. 2013).

15. Anna St. John is a 2006 graduate of Columbia Law School, where she was a James Kent Scholar. After law school, she served as a law clerk for the Honorable Rhesa H. Barksdale on the U.S. Court of Appeals for the Fifth Circuit, and then worked as an associate in the Washington, D.C., office of Covington & Burling LLP. While at Covington, she managed complex insurance litigation on behalf of policyholders and white collar investigations, in connection with which she engaged in nearly all forms of written and document discovery, deposed and defended witnesses, and authored various motions and briefs in state and federal courts.

**Potential Fee Request**

16.    The Preliminary Approval Order ("PAO") requires detailed information regarding objectors' counsel who intend to seek compensation. While CCAF is funded entirely through charitable donations and court-awarded attorneys' fees, the possibly of a fee award never factors into the Center's decision to accept a representation or object to an unfair class-action settlement or fee request.

17.    CCAF's history in requesting attorneys' fees reflects this approach. Despite having made dozens of successful objections and having won over $200 million on behalf of class members, CCAF has not requested attorneys' fees in the majority of its cases or even in the majority of its appellate victories. CCAF regularly passes up the opportunity to seek fees to which it is legally entitled. In *Classmates*, for example, CCAF withdrew its fee request and instead asked the district court to award money to the class; the court subsequently found that an award of $100,000 "if anything" "would have undercompensated CCAF." *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 WL 3854501, at *11 (W.D. Wash. June 15, 2012). In other cases, CCAF has asked the court for a fraction of the fees to which it would be legally entitled based on the benefit CCAF achieved for the class and asked for any fee award over that fractional amount be returned to the class settlement fund. In *Petrobras*, despite winning tens of millions of dollars for the class, we requested less than $200,000 in fees.

18.     Whether CCAF seeks fees in this case depends on what it achieves for the class. If CCAF is successful in reducing class counsel's fee request and returning that excess to the class, CCAF may seek fees on a percentage of recovery basis. *In re Southwest Airlines Voucher Litigation*, 898 F. 3d 740, 745-46 (7th Cir. 2018) (finding CCAF's request for 10% of benefit as modest). I cannot estimate the amount of fees CCAF would seek without knowing the benefit.

19.     I have spent approximately 55 hours to date on this matter. It is difficult to estimate the additional time I will spend because it is unknown what discovery or motion practice we may have to respond to. I estimate that M. Frank Bednarz has spent approximately 1-5 hours and that Adam Schulman has spent 5-10 hours. While Ted Frank has also spent time on this matter, we will not seek fees based on his time.

20.     My hourly rate is $500 per hour. M. Frank Bednarz's hourly rate is $400 per hour and Adam Schulman's hourly rate is $375 per hour. Anna St. John's hourly rate is $450.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2019, in Salt Lake City, Utah.

_____
Melissa A. Holyoak

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. | |

## FRANK AND WATKINS' OBJECTION TO SETTLEMENT AND TO MOTION FOR ATTORNEYS' FEES

This settlement flunks basic Rule 23 class-certification and 23(e) fairness requirements designed to protect absent class members because it creates a single class despite fundamental intraclass conflicts between subgroups: some class members have valuable statutory-damages claims while others have none, yet all receive the same benefits under the settlement. Such conflicts require subclassing and separate legal representation. Further, class counsel unfairly structured the settlement and claims process to deter legitimate objections and throttle monetary claims. The Court should deny approval of the settlement, but at a minimum, class counsel's fee request should be reduced because it exceeds a reasonable percentage in a megafund case and overestimates their minimal risk. Class counsel's inflated lodestar includes time from 60 law firms but no billing

records to permit objectors to determine the extent of the duplication.

## I.    Frank and Watkins are class members and intend to appear through non-profit counsel at the fairness hearing.

Objectors Theodore H. Frank and David R. Watkins (collectively "Frank") are members of the settlement class. Frank's mailing address is 1629 K Street NW, Suite 300, Washington, D.C. 20006, and he was a citizen of Washington, D.C. at the time of the data breach. *See* Declaration of Theodore H. Frank (attached at Ex. 1) ¶ 7. Watkins's mailing address is 2769 Sommet Drive, Salt Lake City, Utah 84117. *See* Declaration of David R. Watkins (attached at Ex. 2) ¶ 2. Both Frank and Watkins verified on the settlement website that their information was impacted and both submitted a claim form. Frank Decl. ¶ 5; Watkins Decl. ¶ 5. Frank and Watkins are thus class members. Frank's objection applies to the entire settlement class, and also specifically to the members of the settlement class with state-law statutory damages claims. *See* Watkins Decl. ¶ 3; Frank Decl. ¶ 3.

Frank's counsel, Melissa A. Holyoak of the non-profit 501(c)(3) Hamilton Lincoln Law Institute ("HLLI") will appear at the Fairness Hearing, currently scheduled for December 19, 2019, at 10:00 a.m. Frank reserves the right to cross-examine any witnesses put forward in support of the settlement. Frank intends to rely on this Objection and accompanying declarations at the fairness hearing, and reserves the right to rely on any evidence submitted on the record; he joins any objections not inconsistent with this one. Frank objects to any provisions of the settlement purporting to

limit appellate rights of class members or create new burdens beyond those imposed in Federal Rules of Appellate Procedure 7 or 8.

The Center for Class Action Fairness ("CCAF"), a program housed within HLLI, represents class members *pro bono* against unfair class-action procedures and settlements, and has won hundreds of millions of dollars for class members. Frank Decl. ¶¶ 11-13. As commentators recognize, CCAF has "develop[ed] the expertise to spot problematic settlement provisions and attorneys' fees." Elizabeth Chamblee Burch, *Publicly Funded Objectors*, 19 THEORETICAL INQUIRIES IN LAW 47, 55-57 & n.37 (2018); *see also, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (praising Frank).

The Preliminary Approval Order (Dkt. 742, "PAO") in this case requires objectors to identify all class action settlements objected to by the objector in the previous five years. PAO at 10-11. Watkins has not previously objected to a class action settlement. *See* Watkins Decl. ¶ 9. Frank, however, is CCAF's Director of Litigation and has objected or assisted in objections to dozens of settlements. *See* Frank Decl. ¶ 16. The attached declaration of Frank satisfies this listing requirement. *See id.* Complying with the listing requirement took several hours and was unduly burdensome, particularly because the requested information is publicly available. *See infra*, Section III.A.

The PAO also requires detailed information regarding objectors' counsel who intend to seek compensation. *See* PAO at 11-12. CCAF does not consider the possibility of fees when deciding whether to object to a class action settlement. Frank Decl. ¶ 35. In other cases, CCAF has asked the

court for a fraction of the fees to which it would be legally entitled based on the benefit CCAF achieved for the class. *See id.* ¶ 36. Thus, whether CCAF seeks fees in this case depends on what it achieves for the class. Based on the possibility that CCAF will seek fees, however, the attached declaration of the undersigned Melissa A. Holyoak satisfies this burdensome request for information, most of which is publicly available. *See* Declaration of Melissa A. Holyoak ¶¶ 5-20 (attached at Exhibit 3). Further, to preempt any possibility of a false accusation of objecting in bad faith and seeking to extort class counsel, Watkins and Frank are willing to stipulate to an injunction prohibiting them from accepting compensation in exchange for the settlement of this objection. *See* Frank Decl. ¶ 19; Watkins Decl. ¶¶ 10-11.

Finally, as required by the PAO, Frank and Watkins state that they are available for deposition in Salt Lake City, Utah on November 20, 21, 22, and December 4. *See* Watkins Decl. ¶ 8; Frank Decl. ¶ 8. Frank and Watkins object to the depositions, *see* Section III.A, but agree to make themselves available upon an agreement of reciprocal depositions of Professor Klonoff and a sample of class representatives identified by Frank and Watkins, and upon receiving a request complying with Fed. R. Civ. P. 26(g)(1). Frank and Watkins further reserve all rights under Fed. R. Civ. P. 26(g)(3) and 45.

## II. The settlement class cannot be certified because intraclass conflicts preclude Rule 23(a)(4) adequacy of representation and flunk settlement fairness under Rule 23(e)(2)(D).

"Class-action settlements are different from other settlements." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013). "[T]he district

court cannot rely on the adversarial process to protect the interests of the persons most affected by the litigation—namely, the class." *Id.* at 718. Instead, "[c]areful scrutiny by the court is necessary to guard against settlements that may benefit the class representatives or their attorneys at the expense of the absent class members." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983) (quotation omitted). "[T]he district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate' and that the fee awarded plaintiffs' counsel is entirely appropriate." *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985) ("*Piambino II*"). This duty is "akin to the high duty of care that the law requires of fiduciaries." *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1320 (S.D. Fla. 2007) (quoting *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006)).

This judicial duty to vouchsafe the rights of the absent plaintiffs extends to the class certification decision, obliging district courts to conduct a "rigorous analysis" to ensure compliance with Rule 23 certification prerequisites. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The burden of proving these prerequisites resides with certification proponents. *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003). Aside from trial manageability concerns, that burden is no lighter for a settlement-only class certification. Rule 23(a) and (b)(3) requirements are "designed to protect absentees by blocking unwarranted or overbroad class definition" and "demand undiluted, even heightened,

attention in the settlement context." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997); *accord Pampers*, 724 F.3d at 721.

A court cannot certify a class action unless it determines that the class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order to proceed as a class action, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Dukes*, 131 S. Ct. at 2550 (cleaned up). The purpose of Rule 23(a)(4) is to assure that the absent class members' interests are represented in the litigation so as to make it fair to bind them to the release and settlement of the action. *Amchem*, 521 U.S. at 621. The Rule 23(a)(4) adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Id*. at 625. Here, Rule 23(a)(4) adequacy is lacking because there are fundamental intraclass conflicts regarding statutory-damages claims that require separate subclassing and separate counsel.

The Settlement here ccontemplates a single settlement class: "[t]he approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax on September 7, 2017." PAO at 2. This Court found that plaintiffs could proceed with data breach claims from 25 states, the District of Columbia, Puerto Rico and the Virgin Islands, and consumer-protection statutes from 33 states, the District of Columbia and the Virgin Islands. Order Granting Motion to Dismiss in Part, Dkt. 540 at 63-65,

69-75. Rule 23(a)(4) requires class members with different statutory claims to be subclassed with separate representation so that a group of class members' claims are not favored at the expense of another's.

*In re Literary Works* is directly on point. 654 F.3d 242 (2d Cir. 2011). In that case, class counsel attempted to negotiate compensation from Google for three separate "categories" of class members (labeled A, B, and C) in a single settlement class. *Id.* at 246. Each category had a different statutory claim and each received a different damages formula. *Id.* There was no dispute that each category had differently valued claims, nor that the compensation for the different categories was unequal. Instead, the problem was that the class representatives were generally representing all subgroups—class representatives had claims in categories A, B, and C—but were incentivized to favor their more exclusive category A and B claims. *Id.* at 251, 252 (citing *Amchem*, 521 U.S. at 627). The Court found that "the interests of class members who hold only Category C claims ***fundamentally conflict*** with those of class members who hold Category A and B claims." *Id.* at 254 (emphasis added).

The Second Circuit explained that "[a]lthough all class members share[d] an interest in maximizing the collective recovery, their interests diverge[d] as to the distribution of that recovery because each category of claim is of different strength and therefore commands a different settlement value." *Id.* The Court struck the settlement on Rule 23(a)(4) grounds: the class representatives "cannot have had an interest in maximizing

compensation for *every* category." *Id.* at 252 (emphasis in original).

Recently, the Eleventh Circuit adhered to these principles in *W. Morgan-East Lawrence Water & Sewer Auth. v. 3M Co.*, 737 Fed. Appx. 457 (11th Cir. 2018) (unpublished). Confronting a settlement of claims alleging defendant manufacturers had contaminated a water supply, the court found it impermissible to lump both water purchasers and the water authority into a single class with unitary representation. *Id.* at 464-66. Purchasing class members "asserted claims for monetary damages addressing individualized harms such as mental anguish—claims not shared by the Water Authority." *Id.* at 464; *cf. also Lyons v. Georgia-Pacific Corp. Salaried Emples. Ret. Plan*, 221 F.3d 1235, 1252-1254 (11th Cir. 2000) ("We cannot expect Lyons to assert with 'forthrightness and vigor' those interests of other class members that he does not share and in which he has no stake.").[1]

Moreover, class members are entitled to both unconflicted named representatives and unconflicted *class attorneys*. "Only the creation of subclasses, and the advocacy of an attorney representing each subclass, can ensure that the interests of that particular subgroup are in fact adequately

---

[1] *See also Dewey v. Volkswagen AG*, 681 F.3d 170, 188 (3d Cir. 2012) (finding that representative plaintiffs' "interest in excluding other plaintiffs from the reimbursement group" was "precisely the type of allocative conflict of interest that exacerbated the misalignment of interests in *Amchem*."); *Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) ("Conflicts of interest may arise when one group within a larger class possesses a claim that is neither typical of the rest of the class nor shared by the class representative.").

represented." *Literary Works*, 654 F.3d at 252. The Second Circuit explained why separate legal counsel is necessary to resolve an intraclass conflict:

> ***The rationale is simple: how can the value of any subgroup of claims be properly assessed without independent counsel pressing its most compelling case?*** It is for this reason that the participation of impartial mediators and institutional plaintiffs does not compensate for the absence of independent representation. Although the mediators safeguarded the negotiation process, and the institutional plaintiffs watched out for the interests of the class as a whole, no one advanced the strongest arguments in favor of Category C's recovery.

654 F.3d at 253 (emphasis added); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999) (holding that intraclass conflict "requires division into homogeneous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel"); *Piambino II*, 757 F.2d at 1145 n.88 (11th Cir. 1985) (ordering designation of a separate subclass "with the right to have separate counsel unbeholden to Lead Counsel").

This case is worse than *Literary Works*. Rather than just three competing subgroups like *Literary Works*, this case involves dozens of competing statutes that vary significantly in the amount of statutory damages available. For example, the Complaint seeks damages under New York General Business Law that permits recovery of $50 in statutory damages. *See* Complaint, Dkt. 374 ¶¶ 1018-25 (citing N.Y. Gen. Bus. Law §§ 349, *et seq*.). But the Complaint also sought statutory damages of $2,000 for Utah class members like Objector Watkins and $1,500 for class members like

Objector Frank from Washington, D.C. *See* Complaint, Dkt. 374 ¶¶ 571-583 (D.C. Code § 28-3904, *et seq.*), ¶¶ 1239-53 (Utah Code §§ 13-11-1, *et seq.*). And, the settlement includes class members from other states where *no* statutory claims are available. *See, e.g.,* Order, Dkt. 540 at 63 (dismissing 17 of the state consumer-fraud statutory claims because statutes did not impose liability for omission unless duty to disclose). The fact that all class members had a mutual interest in maximizing recovery from defendant is not sufficient. *Ortiz*, 527 U.S. at 857 (discrediting "common interest in securing contested insurance funds for the payment of claims"); *In re GMC Pickup Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 797 (3d Cir. 1995).

In *Juris v. Inamed Corp.*, the Eleventh Circuit echoed the importance of independent counsel when faced with such intraclass conflicts. 685 F.3d 1294, 1323 (11th Cir. 2012). *Juris* involved a settlement without formal subclasses, but the court had appointed representatives "who understood that their role was to advocate on behalf of their respective subgroups." *Id.* at 1324. Further, the district court had appointed independent counsel for these subgroups, providing the necessary structural assurances of adequacy: "even prior to provisional certification of the class, the interests of those claimants with unmanifested injuries were ***represented and given a separate seat at the negotiation table through qualified and independent counsel***." *Id*. at 1324 (emphasis added).

Unlike *Juris*, the competing subgroups in this case have no separate counsel. Notably, the Complaint refers to the Utah class members as a

"subclass," the District of Columbia class members as a "subclass," as well as subclasses for the 49 other states, Puerto Rico and Virgin Islands. Dkt. 374 ¶¶ 428-1396. But class counsel abandoned any pursuit of certifying or seeking separate counsel for those subclasses when it sought preliminary approval of the settlement. Dkt. 739-1 at 8. Instead, the *same* counsel went to the negotiating table representing class members from states with valuable statutory-damages claims like Frank and Watkins ($1,500 and $2,000, respectively), class members from states with low-value statutory-damages claims (*e.g.*, $50), and class members from states with *no* statutory-damages claims. The dangers of having no separate representation[2] were realized for Frank and Watkins: without separate counsel to help press their most compelling case, their respective subgroups could not maximize the litigation values of their statutory claims. Instead, Frank and Watkins receive the same relief under the settlement as other class members and still waive all of

---

[2] There were named plaintiffs from Utah and the District of Columbia, *see* Dkt. 374 at 17, 64, but nothing suggests those representatives assumed any role "to advocate on behalf of their respective subgroups." *Juris*, 685 F.3d at 1324. Further, those class representatives, who have never been deposed, will each receive $2,500 service awards that are not available to other class members. Fee Request at 31-32 "[W]here representative obtain more for themselves by settlement than they do for the class for whom they are obligated to act as fiduciaries, serious questions are raised as to the fairness of the settlement to the class." *Holmes v. Cont'l Can. Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983). The class representatives have no incentive to fight for the statutory-damages claims of the absent class members.

their statutory-damages claims. Settlement, Dkt. 739-2 § 2.38. The statutory damages claims have been litigated and survived a motion to dismiss; the settlement waives them for literally nothing extra.

For that same reason, not only is Rule 23(a)(4) adequacy not satisfied, but the settlement is also unfair under Rule 23(e). When assessing the fairness of a class action settlement, Rule 23(e)(2)(D) requires the district court to consider whether the settlement "treats class members equitably relative to each other." This recent amendment to Rule 23 addresses concerns whether "the apportionment of relief among class members takes appropriate account of differences among their claims." Advisory Committee Notes on 2018 Amendments to Rule 23. Class members like Frank and Watkins and the tens of millions of others with live statutory damages claims should not be bound by a settlement with these fundamental intraclass conflicts: this settlement class requires subclassing with separate representation.

Finally, the Rule 23(b)(3) opt-out right does not correct for these issues. (Indeed, *Amchem* involved an opt-out class.) Opt-out "does not relieve the court of its duty to safeguard the interests of the class and to withhold approval from any settlement that creates conflicts among class members." *In re GMC*, 55 F.3d at 809; *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309 (11th Cir. 2013) (vacating settlement that had been approved partially based upon ability of class members' to opt out).

## III. The settling parties artificially burdened the right of objection and throttled the number of cash claims.

"One hallmark of a reasonable settlement agreement is that it makes participation as easy as possible, whether class members wish to make a claim, opt out, or object." *McClintic v. Lithia Motors*, No. C11-859RAJ, 2012 WL 112211, 2012 U.S. Dist. LEXIS 3846, at *17 (W.D. Wash. Jan. 12, 2012). Together, the hurdles imposed on objection and claims submission in this settlement do not appropriately respect class members' Rule 23 rights.

### A. The threat of deposition and unduly burdensome requirements were devised to unnecessarily depress objections; class representatives should be made available to test adequacy.

The PAO here has 16 separate requirements to permit an absent class member to object, and if the objector fails to comply, she "will waive and forfeit any and all rights [she] may have to object." PAO at 10-12. Many of these requirements are unduly burdensome and purposefully designed to decrease the number of objections to the settlement.

*First*, the PAO requires that any objector appearing at the Fairness Hearing through a lawyer must identify "four dates between [11/19/2019] and December 5, 2019 during which the objecting settlement class member is available to be deposed by counsel for the Parties." PAO at 10. Including this provision unnecessarily discourages objections and courts routinely reject such a requirement. *See, e.g., Bennett v. Boyd Biloxi, LLC*, No. 14-cv-0330, 2016 U.S. Dist. LEXIS 62217, at *19 n.12 (S.D. Ala. May 11, 2016) ("The Court has difficulty imagining why such discovery would be necessary in this case or why such a draconian sanction should be applied."); *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 320 (C.D. Cal. 2010) ("[T]he party seeking

the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class members.").

But this settlement's threat of deposition is particularly egregious because it requires objectors to reserve four days in a two-week span around the Thanksgiving holiday. In seeking preliminary approval, class counsel offered no reason why such depositions were necessary. *See* Dkt. 739-1. Equifax knows the identity of every class member. This threat of deposition was designed simply to depress the number of objections and impose additional costs on good-faith objectors.

Frank and Watkins agree to make themselves available subject to an agreement for reciprocal discovery of their subclass representatives and experts Professor Klonoff and Harold T. Daniel, Jr. Class counsel described class representatives' participation as providing documents, but there is no indication that *any* of the 96 class representatives were ever deposed. *See* Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards ("Fee Request"), Dkt. 858-1 at 4, 31-32. Frank and Watkins challenge the adequacy of the class representatives because the settlement includes subgroups with separate statutory-damages claims that were not properly represented. *See* Section II. Equifax never tested the adequacy of the representatives and at least the Utah and D.C. representatives should be made available for deposition by objectors.

*Second*, the PAO places additional unnecessary restrictions on objectors by requiring objectors to identify all class actions objected to by the objector in the past five years. PAO at 10. And if the objector retains counsel who intends to seek compensation, the objector must include his attorney's

experience with class actions including all class actions objected to in the past five years, all agreements with objector, and a statement regarding whether fees to be sought will be calculated on the basis of a lodestar, contingency, or other method; an estimate of the amount of fees to be sought, hours spent, an estimate of future hours and the attorneys' hourly rate. *See* PAO at 11-12.

Such requirements do not prevent bad-faith objections (and are unnecessary given Rule 23(e)(5)(B) protections) but create an additional hurdle for objectors to jump. "No settlement can fairly move forward with these procedures." *Bronson v. Samsung Elecs. Am., Inc.,* 2019 U.S. Dist. LEXIS 169395, 2019 WL 4738232 (N.D. Cal. Sept. 29, 2019). Courts should avoid notice language that places "burdensome hurdles" for "free exercise of rights, such as onerous requirements to submit a 'satisfactory' objection or opt-out request." Fed. Jud. Cent., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, 3 (2010).[3]

*Third*, an objector who has retained counsel must still sign the objection personally. Dkt. 742 at 9. This requirement is surplus to counsel's Rule 11 obligations and is unduly burdensome as it places a higher standard on objectors than other parties. "[U]nless a rule or statute specifically state otherwise, a pleading need not be verified." Fed. R. Civ. P. 11(a) & (b).

*Finally*, when burdens deter objections, the Court loses the benefit of valuable adversarial perspectives that objectors can bring to the evaluation of a settlement's fairness. *See Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277,

---

[3] Available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (last visited Nov. 11, 2019).

286 (7th Cir. 2002) ("It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally."). The Court should draw no inference in favor of the settlement from the number of objections, especially given the vociferousness of the objectors that do appear. *See In re GMC*, 55 F.3d at 812-13; *Redman v. Radioshack Corp.*, 768 F.3d 622, 628 (7th Cir. 2014) (describing it as "naïve" to infer assent from silence). Not only do the hurdles constitute a reason to reject the settlement in this case, they provide an added reason to discredit any argument that a low number of objectors signals the class members' approval of the settlement.

### B. Realizing that class members would not receive $125 cash, the settling parties added additional burdens to throttle the number of cash claims submitted.

The email and long form notice attached to the Settlement told consumers: "Free Credit Monitoring or **$125 Cash Payment**. You can get free credit monitoring services. Or, if you already have credit monitoring services, you can request **a $125 cash payment**." Settlement, Dkt 739-2 at 142, 266. But after the settlement website went live, millions of claims were filed for cash compensation and it became clear that claimants could receive nowhere near $125. Dkt. 858-1 at 16. The settling parties decided to take "corrective action." *Id.* Whatever was represented to the Court in sealed proceedings (Dkt. 781), that corrective action included attempts to throttle the number of cash claims.

As covered in the *New York Times*, the settling parties sent a follow-up email to claimants: "The email—which looked so spammy the F.T.C. had to assure readers on its website that it was legitimate—said that people looking

for a cash reward must verify they had credit monitoring in place by Oct. 15, 2019, *or their claims would be denied*." Charlie Warzel, *Equifax Doesn't Want You to Get Your $125. Here's What You Can Do.*, N.Y. TIMES (Sept. 16, 2019) (emphasis added). But according to a recent FTC study, only 3% of class members actually respond to emails regarding class action settlements. *See* FTC Staff Report, *Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns*, 11 (Sept. 2019). Millions of class members who previously submitted legitimate claims likely ignored the follow-up emails demanding a response within a short window.

The class notice never informed these class members that perfecting their claim would require providing additional information. *See* Long Form Notice, Dkt. 739-2 at 266; *cf. Custom LED, LLC v. eBay, Inc.*, 2013 U.S. Dist. LEXIS 122022, *20 (N.D. Cal. Aug. 27, 2013) (rejecting approval because notice failed to provide "crucial information" about how to receive payment). With no notice of this new requirement, the settling parties deny millions of class members the settlement share they validly claimed. *Cf. Pierce v. Visteon Corp.*, 791 F.3d 782, 787 (7th Cir. 2015) ("it is unfathomable that the class's lawyer would try to sabotage the recovery of some of his own clients.").

## IV. Even if the settlement class is certifiable, class counsel's fee request should be reduced, returning the excess to the class.

If the Court disagrees and concludes that the settlement class should be certified, then it should still reduce class counsel's excessive fee request.

### A. 10% is a reasonable fee percentage of this megafund.

While class counsel improperly calculates the fee percentage, *see* Section B below, even employing counsel's methodology, the 20.36% request

is grossly excessive because it is over twice the median percentage awarded in megafund settlements of this size:

> In megafund cases where extraordinarily large class recoveries of $75-$200 million and more are recovered, courts most stringently weigh the economies of scale inherent in class actions in fixing an appropriate per cent recovery for reasonable fees. Accordingly, ***fees in the range of 6-10% and even lower are common in this large scale context***.

*In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 351 (N.D. Ga. 1993) (emphasis added) (awarding 5.25% of $305 million common fund). Because of economies of scale, a reasonable fee award should utilize sliding scale percentage to prevent a windfall for plaintiffs' attorneys at the expense of the class. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). "It is generally not 150 times more difficult to prepare, try and settle a $150 million case than it is to try a $1 million case." *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 486 (S.D.N.Y. 1998).

"The existence of a scaling effect—the fee percent decreases as class recovery increases—is central to justifying aggregate litigation such as class actions. Plaintiffs' ability to aggregate into classes that reduce the percentage of recovery devoted to fees should be a hallmark of a well-functioning class action system." Theodore Eisenberg & Geoffrey P. Miller, Attorney Fees and Expenses in Class Action Settlements: 1993–2008, 7 J. EMPIRICAL LEGAL STUD. 248, 263 (2010). Empirical research shows that in class action settlements over $175 million, the median fee award was 10.2% and the

mean was 12.0%. *Id*. at 265 tbl. 7.

Given the limited risk involved here, awarding class counsel the median 10% is more than fair. This case involved much less risk as demonstrated by the ***over 40 applications for appointment*** to serve as class counsel. *See* Dkts. 130-202. Had there been competitive bidding for the lead counsel role, there is no chance that the winner would not have agreed to a fee less than the requested 20%. That so many qualified firms sought to take part of this case reflects the minimal risk involved. *See, e.g., In re Anthem Inc. Data Breach Litig*., 2018 WL 3960068, at *27 (N.D. Cal. Aug. 17, 2018) (fact that court received 18 motions to serve as lead counsel evidenced the lack of risk). Competitive bidding would have resulted in a much lower billing rate to the class than the thousands of dollars an hour sought here— and likely better recovery to the class.

To support their fee request, class counsel relies on the declaration of Professor Robert Klonoff who cherry-picks larger percentage awards from megafund cases in state and mostly out-of-circuit cases. *See* Dkt. 858-2 at 62-67. And rather than demonstrating special circumstances for an upward departure, the in-circuit cases he cites support a *downward* departure. *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991). For example, Klonoff cites *Allapattah Servs. v. Exxon Corp*., 454 F. Supp. 2d 1185 (S.D. Fla. 2006). *See* Dkt. 858-2 at 62-63. After fourteen years of contentious litigation, the *Allapattah* plaintiffs "prevailed on every claim and overcame every defense at trial and on appeal" with "[f]ull and complete recovery [] achieved on behalf of the entire Class and every individual Class Member."454 F. Supp. 2d at 1205.

By contrast, the available relief here after fees and expenses is an estimated $0.57 per class member. *See* Section IV.B below. The vast majority of the class relief will be in-kind, rather than cash compensation. *See* Section IV.B. Hardly an "extraordinary result" as plaintiffs claim, *see* Fee Request 2. And while the settlement may be the "largest data breach settlement in history," that is only because of the class size. *Id.* at 17. The settlement is instead a classic instance of leveraging of a large class size rather than achieving a good value. *Cf. Murray v. GMAC Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) (Easterbrook, J.) (finding settlement a "sellout" where class members receive 1% of minimum statutory award). If anything, the dimes per class member that this nuisance settlement provides directs that the fee award should depart even further from the typical megafund cases. *Cf. Il Fornaio (Am.) Corp. v. Lazzari Fuel Co., LLC*, 2015 WL 2406966, at *3 (N.D. Cal. May 20, 2015) (finding downward departure because results were "neither exceptional nor hard-fought"). Here, a 10% fee award would be more than reasonable.

**B. Class counsel's fee should be calculated based on the actual results achieved by class counsel, which is overstated by more than $200 million.**

Class counsel seeks fees based on a $380.5 million fund, but that overstates the results achieved for purposes of calculating the fee award by over $200 million for several reasons. *See* Fee Request at 17. *First*, class counsel's fee should not be based on the $70.5 million that the FTC obtained. As class counsel observes, the term sheet reflecting the $310 million settlement between plaintiffs and defendant was executed in March 2019. *See* Fee Request, Ex. 1 at 73. When the parties shared those terms with the FTC,

it was the *FTC* that increased the fund from $310 to $380.5 million. *See* Fee Request at 6. Class counsel should be paid based on the benefit *they* achieved for the class, not the government agency.

"Allowing private counsel to receive fees based on the benefits created by public agencies would undermine the equitable principles which underlie the concept of the common fund…" *In re Prudential Ins. Co. America Sales Practices Litig.*, 148 F.3d 283, 337 (3d Cir. 1998) (internal quotation omitted). "[C]lass counsel's compensation must be proportioned to the ***incremental*** benefits they confer on the class, not the total benefits." *Reynolds*, 288 F.3d at 286 (emphasis added); *see also Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1272 (D.C. Cir. 1993) (same). To award fees without regard to incremental class recovery is to misalign the interests of class counsel and its clients. "[C]ourts need to consider the level of direct benefit provided to the class in calculating attorneys' fees." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 170 (3d Cir. 2013). Only the benefit created by class counsel should be considered when calculating attorneys' fees. The ink was dry on the term sheet well before the FTC required an additional $70.5 million for consumers and thus, class counsel's fee should not be based on that increase.

*Second*, the notice and administration costs should be excluded for purposes of calculating attorneys' fees. The notice and administration costs are paid out of the $380.5 million Consumer Restitution Fund, but the total amount of those costs is hidden from class members. Settlement 739-2 § 9.1. Those costs will likely be no less than $25 million. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617-LHK, Dkt. 1047 at 15 (N.D. Cal. Aug. 16, 2018) (notice and administration costs of $23 million). Courts have

recognized that the best approach is to calculate percentage-of-recovery *after* expenses have been deducted from the settlement. In *Redman v. RadioShack*, the Seventh Circuit explained:

> But the roughly $2.2 million in administrative costs should not have been included in calculating the division of the spoils between class counsel and class members. ***Those costs are part of the settlement but not part of the value received from the settlement by the members of the class***. The costs therefore shed no light on the fairness of the division of the settlement pie between class counsel and class members.

768 F.3d at 630 (emphasis added); *Pearson*, 772 F.3d at 781 (such expenses are "costs, not benefits").

Settlement notice is a benefit to the defendant, because without it, the defendant does not meet due-process standards for enforcing the settlement release. *See e.g., Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1226-29 (11th Cir. 1998). Put simply, attorneys' fees should be calculated based on the class benefit and "fees paid to the settlement administrator—do[] not constitute a benefit to the class members." *Myles v. AlliedBarton Security Svcs., LLC*, No. 12-5761 JD, 2014 WL 6065602, at *5 (N.D. Cal. Nov. 12, 2014); *Teachers' Ret. Sys. v. A.C.L.N.*, Ltd., No. 01-CV-11814 (MP), 2004 WL 1087261, at *7 (S.D.N.Y. May 14, 2004) (same). Indeed, if notice and administration expenses are included when calculating attorneys' fees, class counsel is being awarded a commission on those costs. *See Kmiec v. Powerwave Tech.*, No. 12-00222-CJC, 2016 WL 5938709, at *5 (C.D. Cal. Jul. 11, 2016); *Redman*, 768 F.3d at 630. The settling parties should disclose the total amount of notice and administration costs, *see* Fed. R. Civ. P. 23(e)(2)(C)(iv), and class counsel

should not be awarded a commission on those costs.

*Third*, the $385 million value that class counsel uses mistakenly treats the credit monitoring as cash. Quite the opposite: "compensation in kind is worth less than cash of the same nominal value." *In re Mexico Money Transfer Litig.*, 267 F.3d 743, 748 (7th Cir. 2001). Indeed, the $385 million covers the "costs" of credit monitoring. Settlement 739-2 §§ 5.1, 7.1. But the "the standard [under Rule 23] is not how much money a company spends on purported benefits, but the value of those benefits to the class." *In re Bluetooth Headset Prods. Liab. Litig*, 654 F.3d 935, 944 (9th Cir. 2011) (cleaned up). Nor is the actual value to class members equal to the $1,920 "retail price" that class counsel estimates. *See In re Anthem*, 2018 WL 3960068, at *7 (rejecting "retail price" for valuing nonmonetary credit monitoring). Instead, the actual value is no more than $5. The fact that class members chose cash *even after* learning it would be "a very small amount"[4] reveals that class members value the credit monitoring at no more than a few dollars—not surprising given that many credit card companies offer credit monitoring for free, and many other large data breach settlements have already given class members credit monitoring. And many of the credit monitoring recipients did not want credit monitoring. *See* Section III.B above. If class members valued credit monitoring at retail price, they would have already purchased it.

For purposes of calculating attorneys' fees, the value is $38M (cash for

---

[4] *See* FTC Equifax Data Breach Settlement FAQ No. 5 *available at* https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement#FAQ5.

out-of-pocket) + \$31M (alternative cash) + \$15M (credit monitoring at \$5 x 3M class members, Fee Request at 12) + \$78.74M requested fees = \$162.74M.[5] (Another \$125M is hypothetically available in Settlement § 3.2, but class counsel do not claim any of this money will be actually given to class members.) Class counsel should be awarded 10% of the \$162.7 million or \$16.27 million in fees and expenses, returning \$62 million to class members. Yes, this number is less than the purported lodestar, but (1) the lodestar is greatly inflated by the inefficiency of the litigation (see Section IV.C below) and the settlement value of less than \$1-\$2/class member reflects the *size* of the class rather than an excellent result. The class is compromising its claims dramatically (such that over 90% of the class will receive no pecuniary compensation) and surrendering its statutory damages claims entirely, yet class counsel is seeking an enormous multiplier of an inflated lodestar.

## C. The Fee Request lacks basic information; the lodestar is inflated with 60 law firms; the Court should not award a multiplier.

The Fee Request lacks basic information including who did what and who seeks what. *In re High Sulfur Content Gasoline Prod. Liab. Litig.,* 517 F.3d 220, 227 (5th Cir. 2008) (court must ensure that "fees are reasonable and divided up fairly among plaintiffs' counsel"). The four-page lodestar submitted by class counsel includes only total hours by firm and hourly rates for *some* of the timekeepers. Class Counsel Supp. Decl, Dkt. 858-1 at 83-84,

---

[5] The \$1 billion cybersecurity investment is properly excluded because it benefits Equifax. *See Koby v. ARS Natl. Services, Inc.*, 846 F.3d 1071, 1079 (9th Cir. 2017) (injunctive relief of business practices was "presumably to avoid further litigation risk" and had no real settlement value).

86-87. But without any billing records, class members are "handicapped in objecting." *Redman*, 768 F.3d at 638; *see Martin v. Global Mktg. Research Servs.,* 2016 U.S. Dist. LEXIS 101898 (M.D. Fla. Aug. 3, 2016). This showing cannot even satisfy the bare minimum of "identify[ing] the general subject matter of [their] time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983); *see also* N.D. Ga. L. Civ. R. 54.2(A)(2) ("The movant shall file and serve a detailed specification and itemization of the requested award…"). "Generalized statements that the time spent was reasonable or unreasonable are not particularly helpful and not entitled to much weight." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

Billing records are particularly important here to assess the duplication and overstaffing given that the lodestar outrageously includes time for ***60 law firms*** totaling $20.9 million. Dkt. 858-1 at 83-84. Data-breach cases seem to be especially prone to back-scratching overbilling like this. Editorial Board, *The Anthem Class-Action Con*, Wall St. J. (Feb. 11, 2018). And based on the minimal risk and inferior results, *see* Section IV.A, class counsel cannot show "exceptional circumstances" to justify a multiplier greater than one. *See Perdue v. Kenny A.*, 130 S. Ct. 1662, 1669 (2010).

Class counsel also asks for $6 million in fees for future administration. This is similarly unfounded: administration should be done by administrators, not by attorneys getting a blank check.

## CONCLUSION

The Court should deny approval. If it were to approve the settlement, the Court should reduce fees to no more than 10% of the cash benefits actually delivered to class members and return any reduction to the class.

Dated: November 19, 2019.    /s/ Melissa A. Holyoak

                                    Melissa A. Holyoak, (DC Bar No. 487759)
Hamilton Lincoln Law Institute
1629 K Street, NW Suite 300
Washington, DC 20036
Phone: (573) 823-5377
Email: melissa.holyoak@hlli.org

*Attorneys for Objectors David R. Watkins
and Theodore H Frank*

I, David R. Watkins, personally attest that I have discussed the foregoing Objection with my counsel and I have fully reviewed and endorse the Objection.

Dated: November 18, 2019.

DAVID R. WATKINS
*Objector*

I, Theodore H. Frank, personally attest that I have discussed the foregoing Objection with my counsel and I have fully reviewed and endorse the Objection.

Dated: November 18, 2019.

THEODORE H. FRANK
*Objector*

## CERTIFICATE OF FONT

I hereby certify that this Objection has been prepared in compliance with Local Rules 5.1 and 7.1.


Dated: November 19, 2019.                    /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: November 19, 2019.                    /s/ Melissa A. Holyoak

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. | |

# DECLARATION OF THEODORE H. FRANK

I, Theodore H. Frank, declare as follows:

1.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      My business address is Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006. My telephone number is (703) 203-3848. My email address is ted.frank@hlli.org. I request that my attorney and I be served any discovery requests electronically, as it is the quickest way to reach us, as we are frequently outside of Washington, D.C.

3.      I am a class member in this matter. I object to the settlement and class counsel's fee request on behalf of the entire class, and also specifically to the members of the settlement class with state-law statutory damages claims, for the reasons stated in the accompanying filing.

4.      I plan to appear at the Fairness Hearing through my counsel Melissa A. Holyoak, Hamilton Lincoln Law Institute, 1629 K St. NW, Suite 300, Washington, DC 20006.  Her phone number is (573) 823-5377.

### My class membership

5.      I      verified      on      the      settlement      website, www.equifaxbreachsettlement.com, that I was a class member by entering my last name and the last six digits of my social security number. I signed up for the TrustedID service in 2017, and submitted a claim form on the settlement website on October 4, 2019. My claim number is P38CX-G7RUN.

6.      I elected to receive a cash payment instead of credit monitoring because I currently have credit monitoring with Chase Credit Journey and I

intend to have it for at least six months. In addition, I elected to receive a cash payment for time spent addressing the Equifax data breach. I estimate that I spent over ten hours taking Equifax-specific preventative measures regarding the data breach. In September and October 2017, I spent time determining whether my personal information had been compromised by the Equifax data breach, reviewing TrustedID terms and conditions before agreeing to the TrustedID service, and signing up for TrustedID. From November 2017 through February 2019, I also spent time reviewing and responding to multiple emails from Equifax, recovering passwords, and reviewing TrustedID account credit alerts.

7.     I registered my current Houston residential address when I made a claim on the Equifax data breach settlement website, but at the time of the September 7, 2017 Equifax data breach, I was residing at 2700 Woodley Road, Apt. PH5, Washington, D.C. 20008, and at the time of the breach, I was a citizen of Washington, D.C.

8.     The Preliminary Approval Order requires me to identify four dates between November 19, 2019 and December 5, 2019 when I am available to be deposed. I will make myself available for deposition in Salt Lake City, Utah on November 21, 22, 23, and December 4, upon an agreement for reciprocal discovery. I am agreeing to make myself available for deposition in Salt Lake City because that is where my fellow objector, David Watkins, and my attorney, Melissa Holyoak, reside; Ms. Holyoak has small children, and it is more convenient for me to fly to her than vice versa. Melissa Holyoak will

be defending both of our depositions; my deposition and Mr. Watkins's deposition would need to be scheduled at different times. Our agreement to be deposed is subject to an agreement of reciprocal depositions of Professor Klonoff and a sample of class representatives identified by the objectors, and upon receiving a request complying with Fed. R. Civ. P. 26(g)(1). In addition to the dates identified above, I am also willing to make myself available for deposition on another mutually-agreed upon date, subject to the reciprocal discovery discussed above. However, we object to any depositions as unduly burdensome and harassing: there is no legitimate dispute that I am a class member.

9.      Many class members contacted me and other CCAF attorneys directly or through a third party about the possibility of objecting. We ultimately chose to use Melissa's brother and me as the objectors to minimize the logistical difficulties of defending depositions and the burdens created by the preliminary approval order to objecting and to minimize the risk that harassment through discovery would cause an objector to choose to withdraw his or her objection.

### Center for Class Action Fairness

10.      I founded the non-profit Center for Class Action Fairness ("CCAF"), a 501(c)(3) non-profit public-interest law firm based out of Washington, DC, in 2009. In 2015, CCAF merged into the non-profit Competitive Enterprise Institute ("CEI") and became a division within their law and litigation unit. In January 2019, CCAF became part of the Hamilton

Lincoln Law Institute ("HLLI"), a new non-profit public-interest law firm founded in 2018.

11.     CCAF's mission is to litigate on behalf of class members against unfair class action procedures and settlements. *See, e.g., Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (praising CCAF's work); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 716-17 (6th Cir. 2013) (describing CCAF's client's objections as "numerous, detailed and substantive") (reversing settlement approval and certification); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C. 2013) (describing CCAF's client's objection as "comprehensive and sophisticated" and noting that "[o]ne good objector may be worth many frivolous objections in ascertaining the fairness of a settlement") (rejecting settlement approval and certification.) The Center has won over 200 million dollars for class members and received national acclaim for its work. *See, e.g.*, Adam Liptak, *When Lawyers Cut Their Clients Out of the Deal*, N.Y. TIMES, Aug. 13, 2013 ("the leading critic of abusive class action settlements"); Roger Parloff, *Should Plaintiffs Lawyers Get 94% of a Class Action Settlement?*, FORTUNE, Dec. 15, 2015 ("the nation's most relentless warrior against class-action fee abuse"); The Editorial Board, *The Anthem Class-Action Con*, WALL ST. J., Feb. 11, 2018 (opining "[t]he U.S. could use more Ted Franks" while covering CCAF's role in exposing "legal looting" in the Anthem data breach MDL).

12.     The Center has been successful, winning reversal or remand in over a dozen federal appeals decided to date. *E.g., Frank v. Gaos*, 139 S. Ct.

1041 (2019); *In re Lithium Ion Batteries Antitrust Litig.*, 777 Fed. Appx. 221 (9th Cir. 2019) (unpublished); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316 (3d Cir. 2019); *In re EasySaver Rewards Litig.*, 906 F.3d 747 (9th Cir. 2018); *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017); *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); *In re EasySaver Rewards Litig.*, 599 Fed. Appx. 274 (9th Cir. 2015) (unpublished); *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015); *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014); *In re MagSafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014) (unpublished); *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013); *In re HP Inkjet Printer Litigation*, 716 F.3d 1173 (9th Cir. 2013); *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Dewey v. Volkswagen*, 681 F.3d 170 (3d Cir. 2012); *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012); *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). A number of these appeals centered around class certification issues similar to the ones raised in this objection. *E.g.*, *Lithium*; *Dewey*. While, like most experienced litigators, we have not won every appeal we have litigated, CCAF has won the majority of them.

13.    CCAF has won more than $200 million dollars for class members by driving the settling parties to reach an improved bargain or by reducing

outsized fee awards. Andrea Estes, *Critics hit law firms' bills after class-action lawsuits*, BOSTON GLOBE (Dec. 17, 2016) (more than $100 million at time). *See also, e.g., McDonough v. Toys "R" Us*, 80 F. Supp. 3d 626, 661 (E.D. Pa. 2015) ("CCAF's time was judiciously spent to increase the value of the settlement to class members") (internal quotation omitted); *In re Citigroup Inc. Secs. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing fees, and thus increasing class recovery, by more than $26 million to account for a "significantly overstated lodestar"); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) (parties nullify objection by eliminating *cy pres* and augmenting class fund by $2.5 million).

### CCAF Class-Action Objections

14.     In 2008, before I started CCAF, I objected pro se (after dismissing the attorney I initially retained) to the class action settlement in *In re Grand Theft Auto Video Game Consumer Litigation*, No. 1:06-md-1739 (SWK) (S.D.N.Y.) because of the disproportionate recovery it gave to class counsel against the class. The district court refused to certify the class and approve the settlement. 251 F.R.D. 139 (S.D.N.Y. 2008).

15.     The highly-publicized success of my *Grand Theft Auto* objection caused class members victimized by other bad class action settlements to contact me to see if I could represent them. I started the Center for Class Action Fairness in 2009 to respond to this demand.

16.     HLLI attorneys Melissa Holyoak, M. Frank Bednarz, and Adam Schulman have worked on this objection; HLLI attorney Anna St. John may work on this objection in the future. CCAF and HLLI have represented clients (or CCAF and HLLI attorneys have appeared pro se) in the following objections to settlements or fee requests, which I color-code as green for successful or partially successful; red for unsuccessful; and white for pending without interim success. While the Preliminary Approval Order requires an objector to include a "[s]tatement identifying all class action settlements objected to by the objector in the previous (5) years" I have not limited this list to the preceding five years because of the burden such winnowing would impose and the risk of potentially excluding cases in which I or other CCAF attorneys appeared that were appealed or otherwise proceeded without our active participation within the specified time period. Note that some cases involve multiple objections to multiple iterations of the settlement. Unless otherwise indicated, we did not receive payment. In the interests of disclosure, I am identifying all objections where HLLI and CCAF attorneys have appeared as counsel or pro se even if those attorneys have not yet worked on this objection. This list does not include class action settlement cases where we were appointed or sought amicus status on behalf of class interests without representing an objecting class member, or cases where we sought to be appointed guardian ad litem on behalf of the class.

| Case | Result |
|---|---|
| *In re Bluetooth Headset Products Liability Litigation*, Case No 2:07-ML-1822-DSF-E (C.D. Cal.) | District court approved the settlement and fee request. On appeal, the Ninth Circuit vacated, 654 F.3d 935 (9th Cir. 2011). On remand, the district court approved the settlement and reduced fees from $800,000 to $232,000. We did not appeal again, and received no payment. |
| *In re TD Ameritrade Account Holder Litigation*, Case No C 07-2852 VRW (N.D. Cal.) | The objection was successful and the district court rejected the settlement. 2009 U.S. Dist. LEXIS 126407 (N.D. Cal. Oct. 23, 2009). A substantially improved settlement was approved. |
| *Fairchild v. AOL*, Case No 09-cv-03568 CAS (PLAx) (C.D. Cal.) | The trial court approved the settlement and fee request. The Center appealed and in November, 2011, the Ninth Circuit reversed, sustaining the Center's objection to the improper *cy pres*. *Nachshin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011). On remand, the parties cured the abusive *cy pres*. |
| *In re Yahoo! Litigation*, Case No 06-cv-2737 CAS (FMOx) (C.D. Cal.) | The district court approved the settlement and fee request. I withdrew from representations of my clients during the appeal, and my former clients chose to voluntarily dismiss their appeal. I received no payment. I believe the appeal was meritorious and would have prevailed and that the plaintiffs' tactic of buying off my clients at the expense of the class was unethical. |
| *True v. American Honda Motor Co.*, Case No. 07-cv-00287 VAP (OPx) (C.D. Cal.) | The objection was successful and the district court rejected the settlement. 749 F. Supp. 2d 1052 (C.D. Cal. 2010). The parties negotiated a substantially improved settlement in California state court, winning the class millions of dollars more in benefit. CCAF attorney Frank Bednarz appeared for the objector *pro hac vice*. |

| Case | Result |
|---|---|
| *Lonardo v. Travelers Indemnity*, Case No. 06-cv-0962 (N.D. Ohio) | The parties in response to the objection modified the settlement to improve class recovery from $2.8M to $4.8M while reducing attorneys' fees from $6.6M to $4.6M and the district court approved the modified settlement and awarded CCAF about $40,000 in fees. 706 F. Supp. 2d 766 (N.D. Ohio 2010). The "Court is convinced that Mr. Frank's goals are policy-oriented as opposed to economic and self-serving." *Id.* at 804. We did not appeal, and received no payment beyond that ordered by the court. |
| *In re Motor Fuel Temperature Sales Practices Litigation*, Case No. 07-MD-1840-KHV (D. Kan.) | We objected to the settlement with Costco; the district court rejected the settlement, but approved a materially identical one after our renewed objection. The district court approved several other settlements that CCAF objected to (including several with me as the objector). The Tenth Circuit affirmed and denied our petition for rehearing *en banc*. |
| *Bachman v. A.G. Edwards*, Cause No: 22052-01266-03 (Mo. Cir. Ct.) | The district court approved the settlement and fee request, and the decision was affirmed by the intermediate appellate court. The Missouri Supreme Court declined further review. |

| Case | Result |
|---|---|
| *Dewey v. Volkswagen*, Case No. 07-2249(FSH) (D.N.J.) | We objected on behalf of multiple class members, including a law professor. The district court approved the settlement, but reduced the fee request from $22.5 million to $9.2 million. CCAF appealed and the settling parties cross-appealed the fee award. On appeal, the Third Circuit sustained CCAF's objection to the Rule 23(a)(4) determination and vacated the settlement approval. 681 F.3d 170 (3d Cir. 2012). On remand, the parties modified the settlement to address CCAF's objection and make monetary relief available to hundreds of thousands of class members who had been frozen out by the previous settlement. The district court awarded CCAF $86,000 in fees. Other objectors appealed and we defended the district court's settlement approval on appeal. The Third Circuit affirmed the settlement approval and the Supreme Court denied *certiorari*. We received no payment beyond that authorized by the court. |
| *In re Apple Inc. Securities Litig.*, Case No. C-06-5208-JF (N.D. Cal.) | As a result of CCAF's objection, the parties modified the settlement to pay an additional $2.5 million to the class instead of third-party *cy pres*. The district court awarded attorneys' fees to CCAF and approved the settlement and fee request. We did not appeal and received no payment beyond that authorized by the court. |

| Case | Result |
|------|--------|
| *Robert F. Booth Trust v. Crowley,* Case No. 09-cv-5314 (N.D. Ill.) (Rule 23.1) (*pro se* objector) | The district court denied my motion to intervene and dismiss abusive shareholder derivative litigation that sought $930,000 in fees, and then rejected the proposed settlement. I appealed. On appeal, the Seventh Circuit agreed (1) that my motion to intervene should have been granted and (2) my motion to dismiss should have been granted, and remanded with orders to dismiss the litigation. 687 F.3d 314 (7th Cir. 2012). As a result, Sears shareholders saved $930,000 in attorneys' fees. CCAF was awarded a few hundred dollars in costs. |
| *In re Classmates.com Consolidated Litigation*, Case No. 09-cv-0045-RAJ (W.D. Wash.) | We objected on behalf of law professor Michael Krauss. The district court granted CCAF's objection and rejected the settlement. The parties proposed an improved settlement, and the district court sustained our renewed objection to the settlement. The parties modified the settlement again to pay class members over $2 million more than the original settlement, and the district court agreed with CCAF that the fee request was excessive, reducing the fee request from $1.05 million to $800,000. The district court praised CCAF's work and sanctioned plaintiffs $100,000 (awarded to the class) for its abusive discovery of objectors. 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 15, 2012). CCAF did not appeal and did not receive any payment. |
| *Ercoline v. Unilever*, Case No. 10-cv-1747 (D. N.J.) (*pro se* objector) | The district court approved the $0 settlement and fee request. I did not appeal, and neither I nor CCAF received any payment. |

| Case | Result |
|------|--------|
| *In re HP Inkjet Printer Litigation*, Case No. 05-cv-3580 (N.D. Cal.) (*pro se* objector) | The district court approved the settlement and reduced the fee request from $2.3 million to $1.5 million. On appeal, the Ninth Circuit vacated the settlement approval and fee award. 716 F.3d 1173 (9th Cir. 2013). On remand, the district court again approved the settlement and reduced the fee request to $1.35 million. We did not appeal, and received no payment. |
| *In re HP Laserjet Printer Litigation*, Case No. 8:07-cv-00667-AG-RNB (C.D. Cal) (*pro se* objector) | The trial court approved the settlement, while lowering the attorneys' fees from $2.75M to $2M. We did not appeal, and received no payment. |
| *In re New Motor Vehicles Canadian Export Antitrust Litigation*, No. MDL 03-1532 (D. Me.) (I was objector represented by CCAF counsel Dan Greenberg) | The trial court agreed with my objection that the *cy pres* was inappropriate, and the parties modified the settlement to augment class recovery by $500,000. The court affirmed the fee request, but awarded CCAF about $20,000 in fees. |
| *Sobel v. Hertz Corp.*, No. 06-cv-545 (D. Nev.) (CCAF attorney Dan Greenberg) | The district court agreed with our objection and refused to approve the coupon settlement. The parties litigated, and the district court granted partial summary judgment in the amount of $45 million, and awarded CCAF fees of $90,000. Hertz won reversal on appeal, and CCAF received nothing. |

| Case | Result |
|---|---|
| *Cobell v. Salazar*, Case No. 1:96-cv-1285 (TFH) (D.D.C.) | The district court approved the settlement, but reduced the requested fees from $224 million to $99 million, and reduced the proposed incentive award by several million dollars, creating over $130 million of additional benefit to the class. On appeal, the D.C. Circuit affirmed the settlement approval. 679 F.3d 909. CCAF's client retained other counsel and petitioned the Supreme Court to hear the case. The Supreme Court denied the writ of certiorari. We received no payment. |
| *Stetson v. West Publishing*, Case No. CV-08-00810-R (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained our objection and rejected the coupon settlement. The parties proposed a modified settlement that improved class recovery by several million dollars. We did not object to the new settlement, and neither sought nor received payment. |
| *McDonough v. Toys "R" Us* and *Elliott v. Toys "R" Us*, Case Nos. 2:06-cv-00242-AB, No. 2:09-cv-06151-AB (E.D. Pa.) | The district court approved the settlement and fee request. CCAF appealed, and the Third Circuit vacated the settlement approval and fee award. *In re Baby Prods Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013). On remand, the parties negotiated an improved settlement that improved class recovery by about $15 million. We did not object to the settlement but objected to the renewed fee request. The district court awarded CCAF $742,500 in fees and reduced class counsel's fees by the same amount. CCAF appealed, but voluntarily dismissed the appeal without receiving any payment beyond what was ordered by the court. |

| Case | Result |
|---|---|
| *Trombley v. National City Bank,* Case No. 10-cv-232 (JDB) (D.D.C.) | We objected to an excessive fee request of ~$3000/hour for every partner, associate, and paralegal in a case that settled in a reverse auction shortly after a complaint was filed; we further objected to an arbitrary allocation process that prejudiced some class members at the expense of others. The district court approved the settlement and fee request. CCAF did not appeal, and received no payment. Later, CCAF won appeals in the Third and Seventh Circuits on some of the issues we raised in this case. |
| *Blessing v. Sirius XM Radio Inc.,* Case No. 09-cv-10035 (S.D.N.Y.) | The district court approved the settlement and fee request, and the Second Circuit affirmed in an unpublished order. CCAF petitioned for *certiorari*. The Supreme Court denied *certiorari*, but Justice Alito wrote separately to indicate that, while *certiorari* was inappropriate, the Second Circuit erred in holding CCAF's client did not have standing to challenge the improper class counsel appointment. *Martin v. Blessing,* 134 S. Ct. 402 (2013). |
| *Weeks v. Kellogg Co.,* Case No. CV-09-08102 (MMM) (RZx) (C.D. Cal.) (CCAF attorney Dan Greenberg) | The district court sustained CCAF's objection and refused settlement approval. The parties modified the settlement to largely address CCAF's concerns, creating extra pecuniary benefit to the class. The Center sought and was awarded attorneys' fees as a percentage of the benefit conferred, and received no other payment beyond that awarded by the court. |

| Case | Result |
|---|---|
| *In re Dry Max Pampers Litig.*, Case No. 1:10-cv-00301 TSB (S.D. Ohio) | The district court approved the settlement and fee request. On appeal, the Sixth Circuit vacated both orders. 724 F.3d 713 (6th Cir. 2013). On remand, plaintiffs dismissed the meritless litigation, benefiting the class that would not have to pay the higher costs from abusive litigation. We received no payment. |
| *In re Mutual Funds Investment Litig.*, No. 04-md-15862 (D. Md.) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Barber Auto Sales, Inc. v. UPS*, No. 5:06-cv-04686-IPJ (N.D. Ala.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF did not appeal, and received no payment. |
| *Brazil v. Dell*, No. C-07-1700 RMW (N.D. Cal.) (CCAF attorney Dan Greenberg) | The trial court approved the settlement and fee award. CCAF appealed. After CCAF filed its opening brief in the Ninth Circuit, the trial court modified its opinion approving the settlement and fee award. CCAF chose to voluntarily dismiss its appeal and received no payment. |
| *Fogel v. Farmers*, No. BC300142 (Super. Ct. Cal. L.A. County) | The trial court approved the settlement and reduced the fees from $90M to $72M. The Center was awarded fees and expenses for its objection, and did not appeal, and received no payment beyond what the court ordered. |

| Case | Result |
|---|---|
| *Walker v. Frontier Oil*, No. 2011-11451 (Harris Cty. Dist. Ct. Tex.) | The trial court approved the settlement and fee award. On appeal, the Texas Court of Appeals agreed that the $612,500 fee award violated Texas law, saving shareholders $612,500. *Kazman v. Frontier Oil,* 398 SW 3d 377 (Tex. App. 2013). We neither sought nor received payment. |
| *In re MagSafe Apple Power Adapter Litig.*, No. C. 09-1911 JW (N.D. Cal.) | We objected on behalf of law professor Marie Newhouse. The trial court approved the settlement and fee award. On appeal, the Ninth Circuit in an unpublished decision vacated both orders and remanded for further proceedings. The Center renewed its objection and the district court approved the settlement but reduced fees from $3 million to $1.76 million. We did not appeal, and received no payment. |
| *In re Online DVD Rental Antitrust Litig.,* No 4:09-md-2029 PJH (N.D. Cal.) | I was the objector. The district court approved the settlement and fee award, and the Ninth Circuit affirmed in an appeal I briefed and argued. 779 F.3d 934 (9th Cir. 2015). On remand, class counsel attempted to distribute over $2 million to *cy pres*. I objected to the *cy pres* proposal, and the court agreed with my objection and ordered distribution to the class. We did not seek attorneys' fees. |
| *In re Nutella Marketing and Sales Practices Litig.*, No 11-1086 (FLW)(DEA) (D. N.J.) (CCAF attorney Dan Greenberg) | The district court approved the settlement, but reduced the fee award by $2.5 million. We did not appeal, and received no payment. |

17

| Case | Result |
|---|---|
| *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 3:11-md-2238-DMS-RBB (S.D. Cal.) (pro se objection; separately retained in private capacity on appeal) | The district court sustained the objection to the settlement; the parties presented a materially identical settlement and the district court approved that settlement and fee award. I did not appeal and received no payment. Other objectors appealed. After briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. On remand, the parties proposed a new settlement, and I did not object. |
| *In re Johnson & Johnson Derivative Litig.*, No. 10-cv-2033-FLW (D.N.J.) | The district court approved the settlement. CCAF appealed and successfully moved to stay the appeal while the fee request was litigated. The district court reduced the fee request from $10.45 million to about $5.8 million, saving shareholders over $4.6 million. CCAF voluntarily dismissed its appeal, and received no payment. |
| *Pecover v. Electronic Arts Inc.*, No. C 08-02820 CW (N.D. Cal.) (I objected, represented by CCAF attorney Melissa Holyoak) | The district court honored our objection to the excessive *cy pres* and encouraged modifications to the settlement that addressed my objection. As a result of the Center's successful objection, the class recovery improved from $2.2 million to $13.7 million, an improvement of over $11.5 million. The Center did not appeal the decision. The district court awarded $33,975 in attorneys' fees to the Center. The Center received no payment not ordered by the Court. |

| Case | Result |
|---|---|
| *In re EasySaver Rewards Litigation*, No. 3:09-cv-2094-AJB (WVG), No. 3:09-cv-2094-BAS (S.D. Cal.) | The district court approved the settlement and the fee request. On appeal, the Ninth Circuit vacated the settlement approval and remanded for further consideration. We renewed our objection, and the district court approved the settlement and fee request again. On appeal, the Ninth Circuit vacated and remanded the fee award, but affirmed the settlement approval. We sought *certiorari* on the settlement approval, but a defendant obtained a bankruptcy stay, and the Supreme Court denied *certiorari* after plaintiffs argued that *certiorari* should be denied because of the stay. Our client objected to the renewed fee request, and the district court upheld the objection, denying the motion without prejudice. A new fee request is pending in the district court subject to the bankruptcy stay, and our client will likely object to that one as well. |
| *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (SHS) (S.D.N.Y.) (*pro se* objection; then represented by CCAF attorneys) | The parties agreed to correct the defective notice. Upon new notice, I restricted my objection to the excessive fee request. The district court agreed to reduce the fee request (and thus increase the class benefit) by $26.7 million. 965 F. Supp. 2d 369 (S.D.N.Y. 2013). I was awarded costs. I appealed the fee decision, but voluntarily dismissed my appeal without further payment. My objection to the *cy pres* proposal was overruled; I won a stay of the *cy pres* order and appealed. While the appeal was pending, in 2017, class counsel agreed to distribute the proposed *cy pres* to the class, and the appeal was remanded to district court after a Rule 62.1 indicative ruling. The district court granted our request for attorneys' fees. |

| Case | Result |
|---|---|
| *City of Livonia Employees' Retirement System v. Wyeth*, No. 1:07-cv-10329 (RJS) (S.D.N.Y.) | The district court approved the settlement and reduced fees (and thus increased class benefit) by $3,037,500. Though the court ultimately agreed in part with our objection to fees, it was critical of our objection, though it mischaracterized the argument we made. The district court criticized the objection as "frivolous" but the First Circuit recently held in a non-CCAF case that the issue of a minimum distribution threshold does indeed make a settlement problematic. We did not appeal, and received no payment. |
| *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC) (JMA) (E.D.N.Y.) (I objected, represented by CCAF attorney Adam Schulman) | Upon my objection, the parties modified the settlement to provide for direct distribution to about a million class members, increasing class recovery from about $0.5 million to about $5 million. The district court agreed with my objection to one of the *cy pres* recipients, but otherwise approved the settlement and the fee request. CCAF was awarded attorneys' fees. I did not appeal, and neither I nor CCAF received any payment not awarded by the court. |

| Case | Result |
|---|---|
| *In re Southwest Airlines Voucher Litig.*, No. 11-cv-8176 (N.D. Ill.) | The district court approved the settlement, but reduced fees by $1.67 million. We appealed, and the plaintiffs cross-appealed; the Seventh Circuit affirmed, but reduced fees further. On remand, class counsel asserted rights to additional fees, and we objected again. The court denied the fee request in part, and, on motion for reconsideration, vacated the fee order on the grounds notice was required. We negotiated a settlement that tripled relief to the class. We moved for attorneys' fees, which the district court denied. We appealed the denial and won reversal and attorneys' fees. |
| *Fraley v. Facebook, Inc.*, No. 11-cv-01726 (RS) (N.D. Cal.) (*pro se* objection) | The district court approved the settlement, which was modified after our objection by increasing class distributions by 50%. The district court further reduced fees by $2.8 million, which increased the *cy pres* distribution by the same amount. We did not appeal the settlement approval or fee award, and did not receive any payment. Our request for attorneys' fees was denied, and our appeal of that decision was denied. We did not seek *certiorari*. |

| Case | Result |
|------|--------|
| *Pearson v. NBTY*, No. 11-CV-07972 (N.D. Ill) (I objected, represented by CCAF attorneys Melissa Holyoak and Frank Bednarz) | The district court approved the settlement, but reduced fees by $2.6 million. On appeal, the Seventh Circuit reversed the settlement approval, praising the work of the Center. 772 F.3d 778 (7th Cir. 2014). On remand, the settlement was modified to increase class recovery from $0.85 million to about $5.0 million. The second settlement was approved, and CCAF was awarded attorneys' fees of $180,000. Other objectors appealed; we cross-appealed to protect our rights. When the other objectors dismissed their appeals, we dismissed our cross-appeal without any payment beyond that ordered by the court. We moved the district court for relief requiring other objectors who received under-the-table payments to be required to disgorge those payments to the class, an action that was covered by the *Wall Street Journal*. The district court held it did not have jurisdiction over the action, and we appealed that decision and won in the Seventh Circuit. The district court denied the motion to disgorge extortionate objector fees, and our appeal of that decision is pending. |
| *Marek v. Lane,* 134 S. Ct. 8, 571 US – (2013). | In 2013 an objector retained the Center to petition the Supreme Court for a writ of *certiorari* from *Lane v. Facebook.*, 696 F.3d 811 (9th Cir. 2012), *rehearing denied* 709 F.3d 791 (9th Cir. 2013), a case we had not previously been involved in. Although the Supreme Court declined to hear the case, Chief Justice Roberts wrote an opinion respecting denial of *certiorari* declaring the Court's interest in the issue of *cy pres* that has been influential in improving many settlements for class members. |

| Case | Result |
|---|---|
| *Dennis v. Kellogg, Inc.*, No. 09-cv-01786 (IEG) (S.D. Cal.) | On remand from a Ninth Circuit decision, the district court approved a modified settlement and the fee request. Law professor Todd Henderson was the objector. CCAF did not appeal or receive any payment. |
| *Berry v. LexisNexis.*, No. 11-cv-754 (JRS) (E.D. Va.) (CCAF attorney Adam Schulman *pro se*) | The district court approved the settlement and the fee request. The Fourth Circuit affirmed, and the Supreme Court denied *certiorari*. |
| *In re BankAmerica Corp. Secs. Litig.*, No. 13-2620 (8th Cir.) | CCAF was retained as appellate counsel on behalf of a class representative objecting to a *cy pres* distribution and supplemental fee award, and prevailed. 775 F.3d 1060 (8th Cir. 2015). As a result, the class will receive an extra $2.6 to $2.7 million, plus any proceeds from pending collateral litigation against third parties. CCAF did not seek or receive any payment beyond costs. |
| *Redman v. Radioshack Corp.*, No. 11-cv-6741 (N.D. Ill.) | The district court approved the settlement and the fee request. On appeal, the Seventh Circuit reversed, upholding our objection. 768 F.3d 622 (7th Cir. 2014). The case is pending on remand, but is presumably extinguished by RadioShack's bankruptcy. We were awarded costs. |
| *Richardson v. L'Oreal USA*, No. 13-cv-508-JDB (D.D.C.) (CCAF attorney Adam Schulman) | The district court sustained our objection to the settlement. 991 F. Supp. 2d 181 (D.D.C. 2013). We received no payment. |

| Case | Result |
|---|---|
| *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436 (S.D. Ohio) | We represented law professor Josh Blackman. The district court approved the settlement and fee request. The Sixth Circuit affirmed in a 2-1 decision, and denied *en banc* review. The Supreme Court denied *certiorari*. |
| *Steinfeld v. Discover Financial Services*, No. 3:12-cv-01118-JSW (N.D. Cal.) | We withdrew the objection upon assurances from the parties about the interpretation of some ambiguous settlement terms. We received no payment. |
| *In re Aetna UCR Litigation*, No. 07-3541, MDL No. 2020 (D.N.J) (I was a *pro se* objector with assistance from local counsel) | While our objection was pending, the defendant invoked its contractual right to withdraw from the settlement. The litigation is pending. |
| *Poertner v. The Gillette Co.*, No. 6:12-cv-00803 (M.D. Fla.) (I objected, represented by CCAF attorney Adam Schulman) | The district court approved the settlement and the fee award, and the Eleventh Circuit affirmed in an unpublished order, and the Supreme Court denied *certiorari*, despite the circuit split with *Pearson*. |

| Case | Result |
|---|---|
| *In re Google Referrer Header Privacy Litigation*, No. 10-cv-04809 (N.D. Cal.) (I was a *pro se* objector and also represented HLLI attorney Melissa Holyoak) | The district court approved the settlement and the fee award. The Ninth Circuit affirmed in a 2-1 decision. On April 30, 2018, the Supreme Court granted *certiorari* for the October 2018 Term in *Frank v. Gaos*, No. 17-961. I argued the case in the Supreme Court October 31, 2018. In 2019, the Supreme Court vacated the decision and remanded for consideration of the question of Article III standing. The Ninth Circuit remanded to the district court. The case is pending in the district court. |
| *Delacruz v. CytoSport, Inc.*, No. 4:11-cv-03532-CW (N.D. Cal.) (I was a *pro se* objector) | I joined in part the *pro se* objection of William I. Chamberlain. The district court approved the settlement and the fee award. We did not appeal, and received no payment. |
| *In re American Express Anti-Steering Rules Antitrust Litigation*, No. 11-md-2221 (E.D.N.Y.) | We objected and the district court rejected the settlement. We have neither sought nor received payment. |

| Case | Result |
|---|---|
| *In re Capital One Telephone Consumer Protection Act Litigation*, 12-cv-10064 (N.D. Ill.) | Our objection was only to the fee request, and the district court agreed to a reduction of about $7 million in fees. We appealed seeking further reductions, but plaintiffs offered to pay our client $25,000 to dismiss his appeal, and he accepted the offer against our recommendation and his earlier promise to us. Ethics rules prohibited us from interfering with the client's decision. CCAF received no payment. Seventh Circuit law requires the court to investigate before granting a motion to voluntarily dismiss an appeal of a class action settlement approval, but no investigation was performed, despite extensive press coverage of our protest of class counsel's unethical behavior. |
| *Lee v. Enterprise Leasing Company-West*, LLC, No. 3:10-cv-00326 (D. Nev.) (CCAF attorney Melissa Holyoak) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. |
| *Jackson v. Wells Fargo*, No. 2:12-cv-01262-DSC (W.D. Pa.) | The district court approved the settlement and the fee request. CCAF did not appeal, and received no payment. CCAF attorney Adam Schulman represented the objector. |
| *In re Transpacific Passenger Air Transp. Antitrust Litig.,* No. 3:07-cv-05634-CRB (N.D. Cal.) | The district court approved the settlement, but reduced the Rule 23(h) request for fees and expenses by over $5.1 million, for the benefit of the class. The district court awarded CCAF fees. In a 2-1 decision, the Ninth Circuit affirmed settlement approval. CCAF attorney Anna St. John argued at the district court and appellate level. |

| Case | Result |
|------|--------|
| *Careathers v. Red Bull N. Am., Inc.*, No. 1:13-cv-0369 (KPF) (S.D.N.Y.) (I objected, represented by CCAF attorney Erin Sheley) | The district court approved the settlement, but reduced the fee request by $1.2 million. We did not appeal, and received no payment. |
| *In re Riverbed Securities Litigation*, Consolidated C.A. No. 10484-VCG (Del. Ch.) | CCAF assisted *pro se* objector Sam Kazman, a CEI attorney, before CCAF merged with CEI. The court approved the settlement and reduced the fee request. |
| *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (PAM/JJK) (D. Minn.) | The district court denied our objection. We successfully appealed to the Eighth Circuit. On limited remand, the district court denied our objection again. We appealed to the Eighth Circuit, which ordered supplemental briefing, and then affirmed. |
| *In re Polyfoam Antitrust Litig.*, No. 10-MD-2196 (N.D. Ohio) (CCAF attorney Anna St. John) | We objected to the fees and the *cy pres* proposal, and the district court reduced fees and rejected plaintiffs' proposed *cy pres* recipient. We did not appeal and received no payment. Our request for attorneys' fees was denied, and we did not appeal. |
| *Hays v. Walgreen Co.*, No. 14-C-9786 (N.D. Ill.) | We objected to a $0 settlement that provided only worthless disclosures to the shareholder class. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |

| Case | Result |
|------|--------|
| *In re Subway Footlong Sandwich Mktg. & Sales Pract. Litig.*, No. 2:13-md-2439-LA (E.D. Wisc.) | I objected, represented by CCAF attorney Adam Schulman. The district court approved the settlement and fee request over my objection. Our appeal in the Seventh Circuit was successful, and plaintiffs voluntarily dismissed their case on remand. |
| *In re Colgate-Palmolive SoftSoap Antibacterial Hand Soap Mktg. & Sales Pract. Litig.*, No. 12-md-2320 (D.N.H.) | CCAF attorney Anna St. John objected *pro se*. The district court approved the settlement and fee request over her objection. She filed an appeal to the *cy pres* provision of the settlement and dismissed the appeal without payment once the *cy pres* issue became moot. |
| *Doe v. Twitter, Inc.*, No. CGC-10-503630 (Cal. Sup. Ct. S.F. Cty.) | The district court approved the settlement over our objection, but reduced attorneys' fees. We did not appeal and received no payment. |
| *Rodriguez v. It's Just Lunch Int'l*, No. 07-cv-9227 (SHS)(SN) (S.D.N.Y.) | CCAF attorney Anna St. John successfully represented an objector to an abusive settlement; the court rejected the settlement. The litigation is pending, and our client will likely object to the improved settlement. |
| *Rougvie v. Ascena Retail Group,* No. 15-cv-724 (E.D. Pa.) | CCAF attorney Adam Schulman appeared on behalf of two objectors; the parties modified the settlement in part, and district court agreed with our objection that CAFA applied and governed attorneys' fees. We did not appeal, but other objectors appealed. The appeals were voluntarily dismissed. We were ultimately awarded $78,000 in attorneys' fees for our work improving the settlement that provided $702,640 in additional class benefit. |

| Case | Result |
|---|---|
| *Allen v. Similasan Corp.*, No. 3:12-cv-0376-BAS (JLB) (S.D. Cal.) | CCAF's objection on behalf of an objector to a $0 settlement was upheld. The parties negotiated a new settlement proposing to pay about $500,000 to the class. We did not object to the new settlement, and neither sought nor received payment. |
| *In re PEPCO Holdings, Inc., Stockholder Litig.*, C.A. No. 9600-VCMR (Del. Ch.) | In response to our proposed objection on *Walgreen* grounds, class counsel voluntarily dismissed the lawsuit and proposed settlement, saving the shareholders a substantial amount of money. We were awarded attorneys' fees by the Court. |
| *In re Pharmacyclics, Inc. Shareholder Litig.*, No. 1-15-CV-278055 (Santa Clara County, Cal.) | Law professor Sean J. Griffith, an objector with an unsuccessful objection to a $0 shareholder settlement, retained CCAF for the appeal, which is pending in the California Court of appeal. |
| *Williamson v. McAfee, Inc.*, No. 5:14-cv-00158-EJD (N.D. Cal.) | CCAF attorney Anna St. John represented an objector. After we objected, the parties disclosed that the settlement claims rate was higher than we anticipated, and the district court approved the settlement. We did not appeal, and did not receive any payment. |
| *Edwards v. National Milk Producers Fed'n*, No. 11-cv-04766-JSW (N.D. Cal.) | CCAF attorney Anna St. John represented an objector who objected to fees only. The district court reduced the requested fees by over $4.3 million, to be distributed to the class. We were awarded attorneys' fees by the court. We did not appeal; another objector's appeal is pending. |

| Case | Result |
|------|--------|
| *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-MD-2358 (D. Del.) | I objected in this case, represented by CCAF attorney Adam Schulman. The district court overruled our objection to the settlement, but reduced attorneys' fees. Our appeal to the Third Circuit was successful, vacating the settlement and remanding. The case is pending in district court. |
| *Saska v. The Metropolitan Museum of Art*, No. 650775/2013 (Sup. Ct. N.Y. Cty., N.Y.) | CCAF attorney Anna St. John objected *pro se*. The court approved the settlement and attorneys' fee award over her objection. We did not appeal, and have neither sought nor received payment. |
| *Birbrower v. Quorn Foods, Inc.*, No. 2:16-cv-01346-DMG (AJW) (C.D. Cal.) | I objected on behalf of a class member to a claims-made settlement and fee request. The district court approved the settlement and fee award over the objection. We did not appeal, and received no payment. |
| *Aron v. Crestwood Midstream Partners L.P.*, No. 16-20742 (5th Cir.) | An unsuccessful *pro se* objector retained us to prosecute his appeal of approval of a $0 settlement where the court refused to follow *Walgreen*. The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because the objector filed his objection past the deadline in the district court. |
| *Kumar v. Salov N. Am. Corp.*, No. 14-cv-02411-YGR (N.D. Cal.) | Represented by CCAF attorneys, I objected to a lop-sided settlement and fee request. The district court approved the settlement, and the Ninth Circuit affirmed. |

| Case | Result |
|------|--------|
| *Campbell v. Facebook, Inc.*, No. 13-cv-5996-PJH (N.D. Cal) | Former CCAF attorney William Chamberlain represented a class member, CCAF attorney Anna St. John, objecting to an abusive settlement and fee request. The district court overruled the objection and approved the settlement. Our appeal to the Ninth Circuit was argued by Adam Schulman and is pending. |
| *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO (N.D. Cal.) | Another CCAF attorney and I represented a class member objecting to a settlement and fee request. The district court approved the settlement but agreed with us that fees should be awarded only after the redemption rate of the coupon relief was known. We objected to the resubmitted attorney fee request and won a reduction in attorneys' fees. |
| *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 YGR (DMR) | On behalf of class member Frank Bednarz, I objected to a settlement and fee request. The court overruled the objection and approved the settlement, but reduced the attorneys' fees. We appealed the class certification and settlement approval to the Ninth Circuit and won remand. The parties have improved the settlement, but have not yet moved for preliminary approval. We objected to the attorneys' fees in a third tranche of settlements; the district court approved the fee request; we did not appeal, but other objectors did. We joined one objector in a Rule 62.1 motion for an indicative ruling vacating the fee award in the wake of the Ninth Circuit's decisions. |
| *Ma v. Harmless Harvest, Inc.*, No. 16-cv-7102 (JMA) (SIL) (E.D.N.Y.) | CCAF attorney Adam Schulman appeared on behalf of objector Anna St. John to a $0 settlement. The district court rejected the settlement. The litigation is pending. |

| Case | Result |
|---|---|
| *In re Anthem Inc. Data Breach Litigation*, 15-md-02617-LHK (N.D. Cal) | I represented an objector, CCAF attorney Frank Bednarz, who objected to fees and asked the court to investigate overbilling. The district court agreed and appointed a special master to investigate, and ultimately reduced fees. In response to our objection to *cy pres* provisions in the settlement, the parties agreed to increase recovery to the class. We did not seek fees and did not appeal. |
| *Leung v. XPO Logistics, Inc.*, No. 15-cv-03877 (N.D. Ill.) | On behalf of a class member, CCAF attorney Frank Bednarz objected to the fee request. The district court reduced fees slightly. We did not appeal. |
| *Cannon v. Ashburn Corp*, No. 16-cv-1452 (D.N.J.) | On behalf of an objector, CCAF attorney Adam Schulman objected to an abusive settlement through local counsel. The parties agreed to modify the settlement to improve class recovery, and the district court rejected the modified settlement. |
| *Farrell v. Bank of Am., N.A.*, No. 3:16-cv-00492-L-WVG (S.D. Cal.) | I represent an objector who objected to fees, a *cy pres* provision, and the class certification in the alternative. The attorneys reduced their fee request in response to our objection, and the court approved the modified fee request and settlement. Our appeal to the Ninth Circuit is pending. |

| Case | Result |
|------|--------|
| *In re Petrobras Securities, Litigation*, No. 14-cv-9662 (S.D.N.Y.). | CCAF represented an objector who objected to fees and class certification. The district court reduced fees by over $96 million and affirmed the settlement. We did not appeal. CCAF requested attorneys' fees, which were granted in part and denied in part. We appealed the denial of our attorneys' fees in the Second Circuit and won. On remand, the court again granted in part CCAF's request for fees, which we appealed to the Second Circuit; that appeal is pending. |
| *Berni v. Barilla*, No. 16-cv-4196 (E.D.N.Y.) | CCAF attorney Adam Schulman objected *pro se* to a $0 class-action settlement. The district court approved the settlement, and Schulman's appeal to the Second Circuit is pending. |
| *In re Domestic Airline Travel Antitrust Litigation*, No. 15-mc-1404 (D.D.C.) | CCAF attorney Ted Frank represented class members and CCAF attorneys Ted Frank and Frank Bednarz in objecting to the lack of a distribution plan and a class notice suggesting that the settlement proceeds would go to *cy pres*. The district court approved the settlement and deferred any ruling on fees. Our appeal to the D.C. Circuit is pending. |
| *Cowen v. Lenny & Larry's*, No. 17-cv-1530 (N.D. Ill.) (I objected, represented by CCAF attorney Frank Bednarz) | CCAF attorney Frank Bednarz represented class member and CCAF attorney Ted Frank in objecting to the disproportion in this coupon settlement. The parties modified the settlement to make relief more proportional to attorneys' fees, providing $537,950 more to the class (over original cap of $350,000) and mooting our objection. The district court granted our motion for $20,000 in attorneys' fees on August 20, 2019. |

| Case | Result |
|---|---|
| *In re Samsung Top-Load Washing Machine Marketing Sales Practices and Prod. Liability Litig.*, No. 17-ml-2792-D (W.D. Okla.) | CCAF attorney Frank Bednarz represented a class member objecting to the disproportion attorneys' fees and actual relief, which consists of duplicative injunctive relieve and a claims-made settlement that provides only coupons to most class member. The fairness hearing was held October 7, 2019 and our objection is pending. |
| *Littlejohn v. Ferrara Candy Co.*, No. 17-cv-1530 (S.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this $0 settlement. The district court approved the settlement. Our appeal to the Ninth Circuit is pending. |
| *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 3:16-cv-05541-JST (N.D. Cal.) | CCAF attorney Ted Frank objected to the fee request on behalf of a class member. The fairness hearing was held August 1, 2019 and our objection is pending. |
| *In re Stericycle Securities Litigation*, No. 16-cv-7145 (N.D. Ill.) | CCAF attorneys represent a shareholder class member objecting to the fee request in this settlement. The fairness hearing was held on July 22, 2019 and our objection is pending. |
| *In re Volkswagen Clean Diesel MDL*, No. 3:15-md-02672-CRB (N.D. Cal.) | HLLI attorneys objected to the settlement and fee request on behalf of a client in this case; the district court approved both. We appealed the fee award, but did not appeal the settlement approval. The Ninth Circuit dismissed the appeal on the grounds that our client's acceptance of the benefits of the settlement included the signature of a release that released him from any further claims and deprived him of appellate standing, and we did not appeal further. |

| Case | Result |
|---|---|
| *In re ConAgra Foods, Inc.,* No. 2:11-cv-05379-CJC-AGR (C.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to the disproportion attorneys' fees and actual relief including worthless injunctive relief. The district court approved the settlement. Our appeal to the Ninth Circuit is pending. |
| *Mckinney-Drobnis v. Massage Envy Franchising, LLC,* No. 16-cv-6450-MMC (N.D. Cal.) | CCAF attorney Ted Frank represented a class member objecting to this coupon settlement. Our objection is pending. |

17.     In the six cases which I list below, I was retained in my private capacity to represent appellants or objectors in cases where CCAF did not have a client. In each case, my retainer was for a flat fee with a right to a percentage of court-awarded fees, and if the lead attorney or client chose to settle an appeal or objection, I received no additional payment. I would only accept the work if I believed the appeal was meritorious. I have a 2-0 record in these cases where my clients chose to see the appeal through to its conclusion. One of these appeals was in the *Groupon* case in the Ninth Circuit listed above.

| Case | Result |
|---|---|
| *Eubank v. Pella Corp.,* 753 F.3d 718 (7th Cir. 2014). | I was retained on a flat-fee basis for briefing and argument of the appeal. The Seventh Circuit reversed settlement approval and ordered the reinstatement of defrocked class representatives. On remand, the settlement was substantially improved. I retained counsel to seek fees on my behalf, and the court awarded me fees in 2019. |

| Case | Result |
|---|---|
| *In re Toyota Motor Corp. Unintended Acceleration Litigation*, Nos. 13-56458 (L), 13-56468 (9th Cir.) | I was retained on a flat-fee basis to participate in the appeal and assist with the successful opposition to a motion for an appeal bond. The objecting client chose to voluntarily dismiss his appeal in response to a settlement offer, and I withdrew from representation before the dismissal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious, and the arguments that I planned to make on behalf of the objector were later adopted by the Eighth Circuit in *BankAmerica Corp.* |
| *In re Deepwater Horizon Economic and Property Settlement Appeals* (No. 13-30095) and *In re Deepwater Horizon Medical Settlement Appeals* (No. 13-30221) (5th Cir.) | I was retained by counsel for five appellants on a flat-fee basis while the appeals were pending. After oral argument in 13-30095 and after briefing in 13-30221, three of the appellants retained new counsel who voluntarily dismissed their appeals; I do not know what deal they made, and I received no payment. The two remaining appellants chose to move to voluntarily dismiss their appeals without recompense. I received no payment from the plaintiffs or defendants or objectors. I believe the appeals were meritorious, and many of the arguments I made in the briefing were adopted by the Seventh Circuit in *Eubank*. |

| Case | Result |
|------|--------|
| *In re CertainTeed Fiber Cement* (No. 14-1882) (3d Cir.) | I was retained on a flat-fee basis to work on the appeal after assisting counsel for the objector in the district court on an hourly basis. (In response to the district-court objection, the parties modified the settlement to bar reversion to the defendant, which was worth some amount of money to the class, but the district court denied a motion for attorneys' fees for the objector.) As cross-motions were pending in the Third Circuit, the parties settled, and I withdrew from representation, and the objectors dismissed their appeal. I received no payment from the plaintiffs or defendants. I believe the appeal was meritorious because the district court failed to comply with *Baby Products Antitrust Litigation*'s requirement to determine the actual payment to the class. The settlement approved by the district court was akin to that rejected by the Seventh Circuit in *Eubank*. |
| *Fladell v. Wells Fargo Bank*, No. 13-cv-60721 (S.D. Fla.) | I was retained on an hourly-fee basis to provide a draft objection to the attorneys for a pair of objectors, and then a declaration in support of the objection. After I submitted the declaration, a current CCAF client contacted me and suggested that I had a conflict of interest, and asked me to withdraw from the *Fladell* case. I disagreed that there was a conflict of interest, but received permission to withdraw to avoid any collateral dispute with my clients, and waived my hourly fee. I believe the objection was meritorious, and the district court's decision approving the settlement and overruling objections without determining actual benefit to the class contradicted *In re Baby Products* and *Pearson v. NBTY*, among other decisions. I did not participate in the appeal, and did not receive any money from its settlement. |

| Case | Result |
|------|--------|
| *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 3:11-md-2238-DMS-RBB (S.D. Cal.) | Discussed above. After appellate briefing was complete, I was retained by one of the appellants in my private capacity to argue the appeal on a flat-fee basis, and the Ninth Circuit agreed with me in an unpublished order that the district court's settlement approval applied the wrong standard of law, and vacated and remanded. |

18.     There were several other cases where CCAF did not have a client where I consulted in my private capacity with attorneys representing objecting class members in cases about legal strategy for objections on an hourly basis or flat-fee basis, sometimes providing draft objections or outlines or draft briefs or draft responses to motions for appeal bonds or sanctions, sometimes providing copies of relevant public filings I had previously made, sometimes recommending that no objection be pursued. Because I did not file an objection as either counsel or objector in those cases, because I had no attorney-client relationship with the objector, because I was not the ultimate legal decisionmaker in those cases, because the ultimate legal decisionmaker in those cases did not always follow my advice or keep me apprised of the status of the case, because I withdrew from continued participation in several pending cases in June 2015, and because of contractual confidentiality obligations, I do not list them in this declaration. I similarly do not list numerous cases where objectors or attorneys or settling parties or experts have discussed pending settlements, client representations, objections, appeals, or collateral litigation with me and/or I have provided copies of

public CCAF filings as a favor without payment or creating an attorney-client relationship. State attorneys general offices and the Department of Justice occasionally telephone me or meet with me from time to time to discuss class-action settlements or certifications, and I do not track or list those cases either.

19. I no longer accept paid representation in such cases in my private capacity with attorneys who do not agree to avoid dismissing appeals for quid pro quo payment because CCAF engages in litigation to create precedent requiring objectors and their counsel to equitably disgorge payments received without court approval for withdrawing objections or appeals, and I want to avoid conflicts of interest while CCAF engaged in such litigation. I note that it would be simple enough for the settling parties to stipulate to settlement procedures definitively deterring bad-faith objectors by including an order forbidding payment to objectors without disclosure and court approval. Instead they have imposed abusively burdensome requirements on objection that will do little to deter bad-faith objectors while forcing attorneys for good-faith objectors to waste untold hours on a declaration of dozens of pages. Both HLLI and David Watkins have expressed a willingness to be bound by an injunction barring us from settling this objection for payment without court approval if there is any doubt as to our good-faith intentions in objection to an unfair settlement and fee request.

20. A website purporting to list other cases where I acted as an attorney or objector is inaccurate, listing me in several cases where I had no

role, made no appearances, and had no attorney-client relationship with the objector; and falsely attributing to me filings I had nothing to do with. The website is further inaccurate in omitting dozens of my successful objections, falsely characterizing successful objections as having been overruled entirely, and misrepresenting the substance of court filings and testimony. Though I have notified the website of its errors, and though I frequently submit declarations such as this one providing a full resume of my cases and results, they refuse to provide accurate information about my record.

21.    A number of objectors I have no affiliation with have filed briefs plagiarizing my work or CCAF's work in other cases without consulting with me. At least one objector has incorrectly represented to a court that I have agreed to represent him before a retainer agreement was signed.

22.    HLLI pays me on a salary basis that does not vary with the result in any case. HLLI and CCAF attorneys do not receive a contingent bonus based on success in any case, a structure that would be contrary to I.R.S. restrictions.

### Pre-empting Ad Hominem Attacks

23.    In my experience, class counsel often responds to CCAF objections by making a variety of *ad hominem* attacks, often wildly false. The vast majority of district court judges do not fall for such transparent and abusive tactics. In an effort to anticipate such attacks and to avoid collateral litigation over a right to file a reply, I discuss and refute the most common

ones below. If the Court is inclined to disregard the *ad hominem* attacks, it can avoid these collateral disputes entirely.

24.     Class counsel often try to tar CCAF as "professional objectors," and then cite court opinions criticizing for-profit attorneys who threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees. But this is not the non-profit CCAF's *modus operandi*, so the court opinions class counsel rely upon to tar CCAF are inapposite. *See* Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U. CHI. LEGAL F. 403, 437 n. 150 (public interest groups are not professional objectors); Paul Karlsgodt & Raj Chohan, *Class Action Settlement Objectors: Minor Nuisance or Serious Threat to Approval*, BNA: Class Action Litig. Report (Aug. 12, 2011) (distinguishing CCAF from professional objectors). CCAF refuses to engage in *quid pro quo* settlements, and has never withdrawn an objection in exchange for payment. Instead, it is funded entirely through charitable donations and court-awarded attorneys' fees. The difference between a for-profit "professional objector" and a public-interest objector is a material one. As the federal rules are currently set up, "professional objectors" have an incentive to file objections regardless of the merits of the settlement or the objection. In contrast, a public-interest objector such as myself has to triage dozens of requests for pro bono representation and dozens of unfair class action settlements, loses money on every losing objection (and most winning objections) brought, can only raise charitable donations necessary to remain afloat by demonstrating success,

and has no interest in wasting limited resources and time on a "baseless objection." CCAF objects to only a small fraction of the number of unfair class action settlements and fee requests it sees.

25.    While one district court called me a "professional objector" in a broader sense, that court stated that it was not meant pejoratively, and awarded CCAF fees for a successful objection and appeal that improved the settlement for the class. *Dewey v. Volkswagen*, 909 F. Supp. 2d 373, 396 n.24 (D.N.J. 2012). Similarly, the Seventh Circuit in *In re Subway Footlong Mktg. Litig.*, 869 F.3d 551 (7th Cir. 2017) referred to me non-pejoratively as a "professional objector" in an opinion agreeing with my objection and reversing a settlement approval and class certification.

26.    Indeed, CCAF feels strongly enough about the problem of bad-faith objectors profiting at the expense of the class through extortionate means that it has initiated litigation to require such objectors to disgorge their ill-gotten gains to the class. *See Pearson v. Target Corp.*, No. 17-2275 (7th Cir.); *see generally* Jacob Gershman, *Lawsuits Allege Objector Blackmail in Class Action Litigation*, WALL ST. J., Dec. 7, 2016.

27.    Before I joined CEI, I had a private practice unrelated to my non-profit work. One of my former clients, Christopher Bandas, is a professional objector who has settled objections and withdrawn appeals for cash payments. I withdrew from representation of Mr. Bandas in 2015 when he undertook steps that interfered with my non-profit work. Mr. Bandas was criticized by the Southern District of New York after I ceased to represent

him, and class counsel in other cases often cites that language and attempts to attribute it to me. Class counsel in multiple cases, using boilerplate language, has tried to make it seem like my paid representation of Mr. Bandas was somehow scandalous, using language like "forced to disclose" and "secret." The sneering is false: my representation of Mr. Bandas was not secret, as I filed declarations in my name on his behalf in multiple cases, noting under oath that I was being paid to perform legal work for him; I filed notices of appearances in cases where he had previously appeared; and my declaration in the *Capital One* case ending the relationship was filed voluntarily at great personal expense to myself, as I had been offered and refused to take a substantial sum of money to accede to a Lieff Cabraser fee award of over $3400/hour. I only worked for Mr. Bandas in cases where I believed there was a meritorious objection to be made, had no role in any negotiations he made to settle appeals, and my pay was flat-rate or by the hour and not tied to his ability to extract settlements. I argued two appeals for Mr. Bandas, and won both of them. There is nothing scandalous about that, unless one believes it is scandalous for an attorney to be paid to perform successful high-quality legal services for a client. CCAF had no attorney-client relationship with Mr. Bandas, and Mr. Bandas never paid CCAF, other than for his share of printing expenses when he was an independent co-appellant representing clients unrelated to CCAF.

28. Firms whose fees we have objected to have previously cited to *City of Livonia Employees' Ret. Sys. v. Wyeth*, No. 07 Civ 10329 (RJS), 2013

WL 4399015 (S.D.N.Y. Aug. 7, 2013), in efforts to tar CCAF. While the *Wyeth* court did criticize our client's objection (after mischaracterizing the nature of that objection), it ultimately agreed with our client that class counsel's fee request was too high, and reduced it by several million dollars to the benefit of shareholder class members.

29.     Class counsel frequently cite a nine-year-old case, *Lonardo v. Travelers Indemnity C*o., 706 F. Supp. 2d 766, 804 (N.D. Ohio 2010), where the district court criticized a policy-based argument by CCAF as supposedly "short on law"; however, CCAF ultimately was successful in the Seventh and Ninth Circuits on that same argument. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) (agreeing that reversionary clauses are a problematic sign of self-dealing); *Pearson v. NBTY, Inc*., 772 F.3d 778 (7th Cir. 2014) (same). Moreover, the court in *Lonardo* stated its belief that "Mr. Frank's goals are policy-oriented as opposed to economic and self-serving" and even awarded CCAF about $40,000 in attorneys' fees for increasing the class benefit by $2 million. *Lonardo*, 706 F. Supp. 2d at 813-17.

30.     CCAF has no interest in pursuing "baseless objections," because every objection we bring on behalf of a class member has the opportunity cost of not having time to pursue a meritorious objection in another case. We are confronted with many more opportunities to object (or appeal erroneous settlement approvals) than we have resources to use, and make painful decisions several times a year picking and choosing which cases to pursue,

and even which issues to pursue within the case. CCAF turns down the opportunity to represent class members wishing to object to settlements or fees when CCAF believes the underlying settlement or fee request is relatively fair.

31. While I am often accused of being an "ideological objector," the ideology of CCAF's objections is merely the correct application of Rule 23 to ensure the fair treatment of class members. Likewise, I have often seen class counsel assert that I oppose all class actions and am seeking to end them, not improve them. The accusation—aside from being utterly irrelevant to the legal merits of any particular objection—has no basis in reality. I have been writing and speaking about class actions publicly for nearly a decade, including in testimony before state and federal legislative subcommittees, and I have never asked for an end to the class action device, just proposed reforms for ending the abuse of class actions and class-action settlements. That I oppose class action abuse no more means that I oppose class actions than someone who opposes food poisoning opposes food. As a child, I admired Ralph Nader and consumer reporter Marvin Zindler (whose autographed photo was one of my prized childhood possessions), and read every issue of Consumer Reports from cover to cover. I have focused my practice on conflicts of interest in class actions because, among other reasons, I saw a need to protect consumers that no one else was filling, and as a way to fulfill my childhood dream of being a consumer advocate. I have frequently confirmed my support for the principles behind class actions in declarations under oath,

interviews, essays, and public speeches, including a January 2014 presentation in New York that was broadcast nationally on C-SPAN and in my briefing in *Frank v. Gaos*. On multiple occasions, successful objections brought by CCAF have resulted in new class-action settlements where the defendants pay substantially more money to the plaintiff class without CCAF objecting to the revised settlement. And I was the putative class representative in a federal class action, represented by a prominent plaintiffs' firm. *Frank v. BMO Corp., Inc.*, No. 4:17-cv-870 (E.D. Mo.).

32.    On October 1, 2015, after consultation with its board of directors and its donors, CCAF merged with the much larger Competitive Enterprise Institute ("CEI"). Prior to its merger with CEI, CCAF never took or solicited money from corporate donors other than court-awarded attorneys' fees. CEI, which is much larger than CCAF, does take a percentage of its donations from corporate donors. As part of the merger agreement, I negotiated a commitment that CEI would not permit donors to interfere with CCAF's case selection or case management. In the event of a breach of this commitment, I was permitted to treat the breach as a constructive discharge entitling me to substantial severance pay. CCAF attorneys made several filings in several cases opposed by CEI donors.

33.    CEI was willing to merge with CCAF because it supported CCAF's pro-consumer mission and success in challenging abusive class-action settlements and fee requests. But it is a large organization affiliated with dozens of scholars who take a variety of controversial positions. Neither I nor

CCAF's clients agree with all of those positions, and they should not be ascribed to me, my clients, or this objection, any more than my support for a Pigouvian carbon tax should be ascribed to CEI scholars who have publicly opposed that position.

34.    CCAF has since left CEI, and are now part of the Hamilton Lincoln Law Institute, which receives no corporate funding. We did not consult any of our donors about our objection to the *Equifax* settlement.

35.    Some class counsels have accused us of improper motivation because CCAF has on occasion sought attorneys' fees. While CCAF is funded entirely through charitable donations and court-awarded attorneys' fees, the possibly of a fee award never factors into the Center's decision to accept a representation or object to an unfair class-action settlement or fee request.

36.    CCAF's history in requesting attorneys' fees reflects this approach. Despite having made dozens of successful objections and having won over $200 million on behalf of class members, CCAF has not requested attorneys' fees in the majority of its cases or even in the majority of its appellate victories. CCAF regularly passes up the opportunity to seek fees to which it is legally entitled. In *Classmates*, for example, CCAF withdrew its fee request and instead asked the district court to award money to the class; the court subsequently found that an award of $100,000 "if anything" "would have undercompensated CCAF." *In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 WL 3854501, at *11 (W.D. Wash. June 15, 2012). In other cases, CCAF has asked the court for a fraction of the fees to which it would be

legally entitled based on the benefit CCAF achieved for the class and asked for any fee award over that fractional amount be returned to the class settlement fund. In *Petrobras*, despite winning tens of millions of dollars for the class, we requested less than $200,000 in fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2019, in Houston, Texas.

Theodore H. Frank

Dr. Michael E. Bauer
250 Brandon Street
Apartment 314
San Jose, CA 95134
443-465-3699

Received
OCT 07 2019
by JNDLA

October 3, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Cc: Honorable Ro Khanna
Representative California 17th Congressional District
3150 De La Cruz Blvd
Suite 240
Santa Clara, CA 95054

Cc: Honorable Kamala Harris
US Senator California
333 Bush Street
Suite 3225
San Francisco, CA 94104

Cc: Honorable Dianne Feinstein
US Senator California
One Post Street
Suite 2450
San Francisco, CA 94104

To Whom It May Concern:

I am writing to formally object to the settlement reached in the Equifax class action lawsuit, *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. I confirmed that I am a member of the class participating in this lawsuit by visiting this website (https://eligibility.equifaxbreachsettlement.com/en/eligibility) and entering my information to confirm I was impacted by the data breach. This is my first objection to a class action lawsuit in the previous five years. I am distributing carbon copies of this letter to my representatives in Congress so they may observe the effects that such breaches have on average citizens and may provide better regulatory oversight of the Federal Trade Commission (FTC) when negotiating such settlements in the future.

I believe the compensation that I am being offered in this settlement completely fails to account for the injury that I have suffered, and will continue to suffer in the future, as a result of Equifax's negligent behavior. Equifax collected detailed personal information about my identity, whereabouts, and financial transactions without my knowledge or express permission, solely for the purpose of commercial profiteering. They then further neglected to implement even the most basic of computer security protocols (e.g. storing it only in computers not connected to the Internet) to protect this data from being accessed by malicious actors.

As a consequence of their negligent behavior, I now must keep all of my credit accounts permanently frozen at the four major credit bureaus, and explicitly spend my limited time and money to unfreeze and refreeze them for every major financial transaction I make for the remainder of my life (I am 33 years old, so it's reasonable to assume I will be dealing with these ramifications for at least the next 40 years). Furthermore, I am now personally responsible for continuously monitoring all uses of my identity throughout the entire world to ensure that no fraudulent behavior is undertaken on my behalf for which I might ultimately be held responsible on the same timescale of the duration of my life. There is no insurance policy that I can purchase to indemnify me against the consequences of their laxity regarding basic computer security procedures, as no insurance company will even attempt to price the magnitude of such effects.  Please use this opportunity to reconsider both the price and the value of an individual's personal information and the effects that such breaches truly create beyond the narrow view presented by profit-driven companies, such as Equifax, who are attempting to minimize their liability.

I do not plan to appear at the fairness hearing as I do not wish to spend any more time than I already have, and will continue to spend in the future, dealing with the ramifications of Equifax's negligent behavior.


Sincerely,

Dr. Michael E. Bauer, PhD

SAN JOSE CA 950

04 OCT 2019 PM 4 1

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

OCT 07 2019

98iii—94i8i8

M. Bauer
250 Brandon St.
Apt 314
San Jose, CA 95134

Michael L. Brown
5019 Woodhaven Drive
Galena, OH 43021
November 11, 2019

Received
NOV 15 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Sir/Madam:

I request that the court disapprove the proposed settlement in the Equifax class action complaint. I was notified that my identifying information as lost by Equifax. Upon checking their website, I found that my data had been compromised. My loss of data and its potential for misuse lasts a lifetime yet the proposed settlement only lasts a few years. Any settlement should last as long as I do…a lifetime!

I have not been involved in any class action settlements in the previous five years. I do not intend to appear at the Fairness Hearing or through an attorney.

Thank you for your thoughtful consideration of my input.

Sincerely,

Michael L. Brown



Michael Brown
5019 Woodhaven Dr
Galena, OH 43021-9345

ATTN: OBJECTION)

NOV 1 5 2019

COLUMBUS OH 431

15 NOV 2019 PM 5 L

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMINISTRATOR
C/O JND LEGAL ADMINISTRATION
P. O. BOX 91318
SEATTLE, WA
98111-9418

98111-941818



*In re: Equifax Inc. Customer Data Security Breach Litigation*
Case No. 1:17-md-2800-TWT
Claim #: PP3EY-XL5TV

Received
NOV 15 2019
by JNDL

NOV 15 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

To the court:

I am a member of the settlement class based on communication I have received from the Equifax Breach Settlement Administrator. My claim number is PP3EY-XL5TV.

I object to the settlement. It is unfair. The settlement does not provide adequate relief for those people who have actually suffered harm. Of the $700 million payout, less that 5% will be used for victim compensation. That massive under-compensation is unjust. And, it's clear that Equifax has been making it more difficult for victims to receive compensation.

This settlement appears to be another example of how government agencies announce large settlements that mostly have little to no effect on the business involved and provide little to no relief for the people who actually suffered harm.

I hope the court will rule based on the interests of those of us who have suffered harm (many people have spent much time dealing with the results of the data loss), and Equifax should provide adequate relief for the harm done to millions. This settlement does not provide that relief.

I have not received any class action settlements in the previous five years. I am not able to appear at the Fairness Hearing, either in person or through a lawyer.

Regards,

Michael Cantrell
344 Milledge Circle
Athens, GA 30606

Michael Cantrell
344 Milledge Circle
Athens, GA 30606

NOV 1 5 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Michael Damewood
11059 W Saratoga Pl
Littleton, CO 80127

September 17, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

Received

SEP 2 0 2019

by JND LA

To the Honorable Thomas W. Thrash Jr. and the US District Court for the Northern District of Georgia,

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I am writing you today to object to the settlement between the FTC and Equifax. I was notified by Equifax my information might have been impacted and verified that it was on the website provided. I have not objected to any other class action settlements in the previous five years. I do not intend on appearing at the hearing nor sending legal representation, however I did want to write and give cause as to why the settlement is not in the best interest of me or the American public.

The amount set aside for damages to the people actually impacted by the data breach is ridiculous and all parties know this. The number of victims hurt by Equifax's negligence was 157 million people. The cost to an individual who has their identity stolen can run up to $20,000 in correcting errors, closing fraudulent accounts, and time wasted by the general public.

Obviously not all 157 million people will have their identities stolen and abused, but if even 1% of the population has their identity stolen and their costs are a fraction of that amount (say $2,000 conservatively), the actual damages would be closer to $3,140,000,000. Not the $700 million decided by the parties to the case and nowhere close to the actual payout of $31 million that is available for compensation.

As a person affected by the data breach, I ask the court to reject the current settlement and tell the parties that they must go back and come up with a more equitable settlement for the damage affecting many millions of Americans. Otherwise, I fear companies will continue to abuse the American public because there are never any real repercussions to their actions.

Thank you,

*Michael Damewood*

Michael Damewood

DENVER CO 802

17 SEP 2019 PM 5 L

Michael Damcusco D
11059 W Saratoga Pl
Littleton, CO 80127

SEP 2 0 2019

Equifax Data Breach Class Action Settlement Administration
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

98111-941818

Copy



Mara Rockliff
319 Nevin St
Lancaster, PA 17603



Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I was notified by Equifax that I am a member of the settlement class in the Equifax Data Breach
Lawsuit. I filled out the form for the $125 compensation. I received a statement that "Because of
the number of individuals who have selected the alternative compensation cash payment, the
amount you receive may be substantially less than $125." (See attached.)

I object to this settlement, which fails either to adequately punish Equifax or compensate the
victims. Equifax knowingly put aside insufficient funds to pay the promised $125, which was
already a very inadequate compensation for failing to protect personal information that none of
us chose to share with Equifax in the first place. The company should not be allowed to evade
paying the promised compensation.

I have not objected to any class action settlement in the past. I will not appear at the Fairness
Hearing. I can be contacted for dates when I'm available to be deposed by counsel.

Please defend
Pennsylvania victims
of the Equifax data
breach and unfair
settlement!



COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**

BUREAU OF CONSUMER PROTECTION
1600 Arch Street, Ste. 300
Philadelphia, Pennsylvania 19103
215-560-2414
September 25, 2019

Equifax Data Breach Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

     Re:   Mara Rockliff
          BCP-19-05-019191

Dear Sir/Madam:

    Enclosed please find a copy of a consumer complaint that was filed with the Bureau of Consumer Protection.  Our office would like to assist you and this consumer in bringing this matter to a mutually satisfactory conclusion. To aid us in our mediation efforts, please provide a response to the consumer's complaint.

    A complaint is sometimes caused by a mistake or misunderstanding that a business is eager to learn about and correct.  In other instances, a complaint can often be addressed with an explanation of the circumstances behind the transaction or other information which responds to the consumer's concerns.  In either case, by responding to a consumer complaint you can usually preserve "goodwill" for your business.

    We request that you provide a prompt written reply so that we may amicably resolve this complaint.  Please respond within twenty-one (21) days from the above date.

                  Very truly yours,

                  Ann-Marie Hannam
                  Agent Supervisor
                  ahannam@attorneygeneral.gov

mh
Enclosure
21

date or Amend Your Claim: Alternative Compensation Cash Payment or Credit Monitoring          Claim Number: PXMS6-V7ZQT

our claim to be considered, you must provide the name of your credit monitoring service and certify that you will have it for at least the 6 months from the date you submitted your claim.

*use of the number of individuals who have selected the alternative compensation cash payment, the amount you receive may be substantially than $125.*

☑ Click this box if you want to keep the alternative compensation cash payment. Your payment may be substantially lowered, depending on the number of valid claims filed.

*In order to verify your claim, please provide the name of your credit monitoring service that you will have for at least the next six months:*

**Credit Monitoring Service (required)**

Capital One Credit Tracker

OR

☐ Click this box if you would like to amend your claim to get at least 4 years of free credit monitoring, instead, which monitors your credit file at all three bureaus—Equifax, TransUnion, and Experian—at no cost to you.

OR

☐ Click this box if you wish to select neither alternative compensation cash payment nor free credit monitoring.



Office of Attorney General
Commonwealth of Pennsylvania
Bureau of Consumer Protection
1600 Arch Street, Suite 300
Philadelphia, PA 19103

PHILADELPHIA
PA 191
25 SEP '19
PM 9 L

UNITED STATES POSTAGE
$ 000.50⁰
02 1P
0000862079    SEP 25 2019
MAILED FROM ZIP CODE 19103
PITNEY BOWES

SEP 30 2019

98111—941818

Received

OCT 07 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

OCT 07 2019

Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

October 4, 2019

To Whom It May Concern:

I am a member of the group impacted by the Equifax Data Breach, as confirmed by the response on the
Equifax Data Breach Settlement website upon my submission of the last 6 digits of my Social Security
number.  In addition, I currently have two years of credit monitoring through Transunion's
MyTrueIdentity.com service due to still another data security breach that I was subject to as a holder of a
Capital One credit card.  That breach occurred on July 29, 2019.

I am submitting this letter to vigorously object to the Equifax Data Breach Class Action Settlement on the
grounds that:

1) The proposed settlement's Fund falls far short of offering adequate relief to the 147 million people
   whose privacy has been compromised by the careless and negligent inadequacy of Equifax's
   cybersecurity efforts.  Should all of those 147 million individuals file a claim, the proposed settlement
   would result in roughly $.21 per claim.  Outrageous!
2) The proposed settlement's Fund provides little to no incentive for Equifax and other entities
   entrusted with protecting the privacy of millions of individuals to change their behavior.
3) The proposed settlement's offer to affected consumers and the administration of that offer has, in
   effect, been handled as a bait-and-switch attempt to minimize the financial impact of Equifax's
   dereliction of duty and the amount of compensation to those who have suffered because of that
   negligence.

Note that I have not objected to any other class action settlements within the past five years, nor do I intend
to appear at the Fairness Hearing.

Yours truly,

Marcella LaBelle
146 Porter Street
Manchester, CT 06040

La Belle
146 Porter St.
Manchester, CT
06040

OCT 07 2019

EQUIFAX DATA BREACH CLASS ACTION
SETTLEMENT ADMINISTRATOR

C/O JND Legal Administration
PO BOX 91318
Seattle, Washington 98111-9418
98111-9418

HARTFORD CT 061
04 OCT 2019 PM 5 L