# Exhibit B - 19

Received
OCT 02 2019
by JNDLA

Sept 27, 2019

In re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I am a party to this settlement.

Name: Sallie Tisdale   Claim # P9VUXHGLCS     971 - 227 - 8501 cell
Current address: 5632 NE Sandycrest Terrace, Portland, Or. 97213

Objection: The settlement offered was a kind of "bait and switch." I asked for the $125 payout in lieu of monitoring. It now becomes clear that I won't receive $125, but I am not being given a chance to accept monitoring instead. What was I *actually* offered? An unknown but *lesser* financial settlement, or monitoring. A legitimate settlement offer cannot include unknowns, requiring the recipient to guess at an outcome.

I have not objected to any other class action settlement.

I am able to be deposed on Nov. 19, Nov. 20, Nov 25 or Nov 26.



Ms Sallie Tisdale
5632 NE Sandycrest Ter
Portland, OR 97213

PORTLAND
OR 972

30 SEP 2019
PM 3 L


FOREVER
950190905135049



Equifax Data Breach Class Action
      Settlement Administrator
Attn: Objection
C/o JND Legal Administrator
P O Box 91318
Seattle, WA 98111-9418

Received
OCT 02 2019
by JNDLA

98111$9418 B900



Received

SEP 2 4 2019

by JNDLA

Samuel Cox
1639 Winton Way
Signal Mountain, TN, 37377
423-637-2110
whathehuh@gmail.com
9/20/19

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT:

I am a concerned member of the settlement class. I am a member of the settlement class by virtue of my personal information being compromised in Equifax's 2017 data breach. As such, I have had to obtain credit monitoring services and spend several hours working to protect myself from hostile actions. My information was stolen from a company that collected that information without my consent or the option to opt out. Whether I ever used Equifax's services or not, I had no choice in whether my information was lost.

This is the first class action lawsuit I have objected to, but given the circumstances, I felt I must make my voice heard. With less than 5% of the settlement going to the victims of the data breach, I feel the restitution I am entitled to is much, much higher. My data has been compromised, and this is not something that will go away after a year or two, it is something that will hang over me for the rest of my life. The fact that the maximum compensation is $125 per individual in the class is, on the face of it, ridiculous. What is more ridiculous is that if all members of the class were to apply for that compensation, the payout would be around twenty-one *cents*. Of course, not all members of the class will ask for compensation, but even those who opt for the credit monitoring services will only receive *five years* of credit monitoring services for a life-long problem.

Equifax has profited from my data, then mishandled it. As a member of the affected class, I and my fellow class members, deserve full compensation for the damages that will follow us for the rest of our lives.

Not mere pennies.

Equifax brings in more than three *billion* in revenue per *year* using the class member's stolen data. The settlement of 700 million is less a slap on the wrist and more a warm breeze, especially when

Equifax Data Breach Class Action Settlement Administrator
9/20/19
Page 2

taken into consideration that the class members have a paltry 31 million set aside for compensation.

Equifax needs to be held accountable by the courts, because they still have my data, and without proper incentives to protect the class members, the question of the next breach is not "if" but "when."

Sincerely,

Samuel Cox

NASHVILLE TN 370

21 SEP 2019 PM 4 L

Samuel Cox
1639 Winton Ln
Signal Mountain, TN 37377

SEP 2 4 2019

Equifax Data Breach Class Action Settlement Admin
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

*Equifax Data Breach Lawsuit*

Nov 19, 2019

Received
NOV 22 2019
by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Sandra Lee Haney Brough

Address: 131 Smugglers Way, PO Box 501, Greensboro,MD 21639-0501

I am a member of this settlement class as I have logged on to Equifax.com and upon entering my information, the Equifax site clarified that my data had been compromised.

I am objecting to the current class action settlement because I feel strongly that it does not address long term effects of the data breach. I believe that monitoring service should be provided for the individual impacted for their lifetimes. I also would like that any person including me in the settlement class have the option to choose which monitoring service they would like to use. (i.e. Lifelock, Experian, etc., not only Equifax, the company that had the data breach.

So to conclude my objection, I am requesting:

1) That the  class action stipulate that my personal data be monitored by a reputable company such as Lifelock or a company of my choice and paid for by Equifax for my lifetime.
2) That I have a choice as to which monitoring service I would like to use.

This is the first objection to a class action that I have ever submitted in my lifetime.

I do not intend to appear at the fairness hearing.

Best regards,

Sandra Brough

P.O. Box 501
Greensboro, MD
21639

NOV 2 2 2019

7019 0700 0000 7283 2042





U.S. POSTAGE PAID
FCM LETTER
GREENSBORO, MD
NOV 19 '19
AMOUNT
$4.05
98111
R2305K142947-05

1000

Equifax Data Breach Class Action Settlement
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**Sarah C. Benedict**
**83 Frist Center**
**Princeton, New Jersey 08544**

October 1, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

**In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

Dear Chief Judge Thrash:

I am a student at Princeton University and my current mailing address is noted at the top of this letter.

I object to the terms of the Equifax data breach settlement.

My personal information was revealed by Equifax and I know I am a member of the class because I entered my last name and the last 6 digits of my Social Security Number on the "Check My Eligibility" tool at the Equifax website https://eligibility.equifaxbreachsettlement.com/en/Eligibility, and the site told me that I was impacted.

I object to the settlement. It is clearly an insufficient amount to pay all of the claimants.  I am upset that the Federal Trade Commissions announced the settlement and suggested that each class member would be eligible to receive up to $125.  This is ridiculously misleading. Given the 147 million people whose information was exposed, and the huge numbers of people like myself who filed for relief, the amount Equifax agreed to pay to settle the matter is woefully low, and is in no way a deterrent to Equifax or the other credit monitoring bureaus to ensure that they prevent future data breaches.  The settlement should be rejected because it is not high enough to send a signal to the C-suite of Equifax that the American public is sick and tired of its failures.  Equifax had one job – to safeguard my private financial data – and it utterly failed.  Equifax profits off of my personal financial data and they should be held accountable for their failures in meaningful way – meaningful to them and to me and the other members of the class.

I have not objected to any class action settlement in the previous five (5) years.

I do not intend to appear at the Fairness Hearing, either in person or through a lawyer.

I hope that the Court will make note of my objection and reject the settlement, so that the FTC will come to a new settlement agreement that sufficiently compensates me and the other class members and sends a signal to the leadership of Equifax that data breaches have serious consequences.

Sincerely,

*Sarah Catherine Benedict*

Received
OCT 15 2019
by JNDLA

FOREVER

TRENTON NJ 085
11 OCT 2019 PM 5 L

OCT 1 5 2019

Equifax Data Breach Class Action Settlement
Attn.- OBJECTION
c/o JND Legal Administration
PD Box 91318
Seattle     WA
98111-9418




83 Frist Center
Princeton University
Princeton, New Jersey 08544

Sarah J. Crotts
101 Tall Oaks Drive
Apt. 2C
Greensboro, NC 27455

August 13, 2019

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To the Court,

According to the Equifax "Check Your Eligibility" page (linked to by the FTC's Equifax Data Breach Settlement statement) found here: https://eligibility.equifaxbreachsettlement.com/en/eligibility, my personal information was impacted by the breach, and I am therefore a member of the settlement class.

I object to the settlement with Equifax, and believe it should be rejected on the basis that it is not fair, reasonable, or adequate. The potential financial consequences of Equifax's negligence on my life, are, to put it lightly, MUCH MORE THAN $125. The fact that I and the other members of the settlement class will likely never even see that already insultingly low amount is outrageous, and I demand that Equifax be held to a higher standard of accountability. I am not interested in "free credit monitoring" from a company that has proved themselves incompetent at monitoring their own data.

I have objected to zero class action settlements in the previous five years.

I do not intend to appear at the Fairness Hearing, either in person or through a lawyer.


Thank you,


Sarah J. Crotts



101 Tail Oats Drive
Apt. 2C
Greensboro, NC 27455

RALEIGH NC 276
Research Triangle Region
19 AUG 2019 PM 5 L

Equifax Data Breach Class Action Settlement Administrator
Attn.: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Received
NOV 2 5 2019
by JNDLA

In re: Equifax Inc. Customer
Data Security Breach Litigation

MDL Docket No. 2800
No. 1:17-md-2800-TWT

CONSUMER ACTIONS

Chief Judge Thomas W. Thrash, Jr.

## OBJECTION

I, Queen Algie Tiye Searles, hereby object to the changes made to this settlement requiring that Class Action Members now be required to submit proof of credit monitoring service or be precluded from receiving the $125.00 settlement, which is miniscule relative to the potential damage to ones' credit. This objection is made on the basis of the original claim filed in which Class Action Members were required to sign a statement certifying that they already have credit monitoring. It is the Objectors, contention that the Class Action Settlement Administrator intended for certification under selecting Option 2, Cash Payment on the online Long form qualifies as truthfully *Federal Rule of Evidence 902(11)* **(See Exhibit A).** To burden Class Action members with submitting additional information is unfair and gives the appearance that there is a lack of integrity on the part of all involved in initiating this additional requirement and is a means to avoid making cash payments as agreed. As Exhibit B demonstrates, Objector has credit monitoring but did not have time to submit the documentation and believes that others may have the same issue.

**DATED NOVEMBER 19, 2019**

Respectfully Submitted,

Queen Searles

Queen Searles
(213) 842-6126
Queessearlesrocketmail.com
P.O. Box 6935
Burbank, CA 91510

1

**Or**, if you have credit monitoring services that you will keep for at least six months, you can request a cash payment of $125.

*Please select either Option 1 or Option 2 below, but not both.*

☐ **Option 1, Credit Monitoring**: I want to receive free, three-bureau credit monitoring.

*If you select this option, you will be sent instructions and an activation code after the settlement is final to your email address or home address. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

If You selected Option 1, would you like to sign-up for Equifax's free, one-bureau credit monitoring service for up to 6 more years after the initial, three-bureau credit monitoring services expire?

☐ Yes.

*If you select "yes" for this option, you will be sent instructions to your email address or your home address before your three-bureau credit monitoring expires. You won't be "upsold" any services by enrolling or otherwise asked to submit any payment for these services now or in the future.*

☐ **Option 2, Cash Payment**: I want a cash payment of $125. I certify that I have credit monitoring and will have it for at least 6 months from today.

*If you select this option, you cannot also enroll in the free, three-bureau credit monitoring service offered through this Settlement.*

**EXHIBIT A**



**EXHIBIT B**

2



**Queen Searles**
Po Box 6935
Burbank, CA 91510-6935

NOV 2 5 2019

MDL Docket No. 2800 MDL No. 1:17-md-2800-TWT

Equifax Data Breach CLASS ACTION SETTLEMENT
Administrator
ATTN: Objection
Care of: JND Administrator
P.O. Box 91318
Seattle, WA 98111-9419



U.S. POSTAGE PAID
ECM PREFER
BURBANK, CA
91505
NOV 19, 19
AMOUNT
**$0.55**
R2304M115438-5

1000
98111



Tuesday, August 13, 2019

Qunay Marshall
3580 Pall Mall Drive
   Apt. 602
Jacksonville, FL 32257

Received
AUG 16 2019
by JNDLA

### Equifax Data Breach Lawsuit

Hello,

I am writing this letter to say that I object the $31 million settlement stemming from the Equifax data breach. I do not think it is fair, reasonable or adequate. The Court should not approve it.

Nearly 150 million people were impacted by the Equifax data breach. How would $31 million be enough to properly compensate victims, like myself? I found out that I qualified for the settlement by using the "Equifax data breach" link, which is listed on the Federal Trade Commission's website. I entered my last name and the last six digits of my Social Security number and confirmed that I am a member of the settlement class.

I understand that not everyone would accept the money... but if 10% of the victims (of the data breach) were to receive a FULL payment of $125 that would require a settlement with a nearly $2 billion price tag. A breakdown of the math is listed below.

A.) 147,000,000 x .10 = 14,700,000
14,700,000 x 125 = 1,837,500,000
              ≈ 2,000,000,000

PAGE 1



The $31 million ordered by the court is a literal insult to injury.

Then, the company, that allowed the breach has the nerve to offer a free service of years of credit monitoring when they didn't catch the initial breach themselves. How does that truly help me as a victim of the Equifax data breach? Why should I trust Equifax? What has Equifax gotten right thus far?

Furthermore — how the hell does $125 equate to the damage that this credit bureau caused to millions of Americans? Is Equifax truly being held accountable? Who decided $125 is the dollar value for the long-term effects of having my information compromised?

But wait, there's more —
After some extensive research on the breach, I've learned that Equifax had access to my personal information, which I've never personally authorized. Equifax allowed a data breach to occur... putting my information at risk. The company's "solution" was to offer free credit monitoring or a measly $125 to the victims, which will actually amount to a few cents (because that's $31 million split between 147 million people), AND the company STILL has access to all of my info? Am I suppose to be appreciative of this?

I, Qunay Marshall, object these so-called remedies. It seems that, at end of the day — the victims end up with ALL of the damage with no true form of

PAGE 2



resolution / compensation. I understand that there's a Fairness Hearing slated for 12/19/2019 in Georgia. Even that's shitty. Not only would I have to use my PTO time to attend the Thursday hearing, but with the hearing JUST DAYS BEFORE CHRISTMAS, I'm sacrificing time with my family and friends to handle something I had no control over.

It appears that the victims of the Equifax data breach are being shortchanged, stepped on and fucking disrespected.

My work schedule will determine if I'm able to attend the Fairness Hearing.

Why am I being punished for Equifax's fuck up? I object the $31 million settlement and that weak ass free credit monitoring option.

Livid consumer,

Qunay A. Marshall




PAGE 3

JACKSONVILLE FL 3220

13 AUG 2019 PM 1 L

Quincy Marshall
3580 Pail Mall Drive
Apt. 602
Jacksonville, FL 32257

Received
AUG 16 2019
by JNDLA

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418



9/19/19

Received
OCT 07 2019
by JNDLA

     I am writing to you with regards to the Equifax Data Breach Lawsuit (*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT). I am a member of the settlement class because my personal information was breached when Equifax's data was hacked. I was particularly disturbed and frustrated by this data breach (even more so than other companies' data breaches due to hacking) because prior to the hack, I never willingly chose to share that same information with Equifax or chose to be a customer of Equifax. Because they are a credit-monitoring company, they had access to my personal information without my specific consent to begin with – so for them to irresponsibly allow that information to be hacked and fail to respond quickly to that personal information being hacked is especially egregious. It is insulting that to this day Equifax continues to make money off people's sensitive information without people's permission, despite having have proven that as a company they value profit over people's privacy given their failure to immediately disclose the hack.

     I have never objected to a class action settlement before, but I felt motivated to write to the court about this settlement because I have experienced significant stress as a result of the data breach. The amount of the settlement is not reasonable or adequate. The amount of stress this had added to my life far exceeds the meager amount the settlement states I am eligible to receive – and I am well aware that I likely won't receive that token amount due to the amount of people eligible and claiming their settlement. Even worse, a significant portion of people victimized by the hack and Equifax's negligence in responding quickly do not have the time, awareness, or resources to jump through the hurdles necessary to file a claim. The poorest and least privileged victims of this data breach are the least likely to get any of its benefits; and Equifax will continue to make money all the while. Upon hearing that my information was included in the data hacked, I felt both powerless and outraged – realizing that my information was already in the hands of hackers and had been for more than a month, and that the burden of response would fall on me personally to take defensive actions to monitor and freeze my credit, again despite the fact that I never willingly entrusted Equifax to begin with. A company that greedily profits from people's personal information without their consent should have an even higher standard to protect that information and react immediately and dramatically to any breaches, and Equifax has failed in the extreme.

     I do not intend to appear at the Fairness Hearing, as I do not have the resources to travel and take time off of work for this matter.

Sincerely,

Rachel Wise
rachwise@gmail.com
415 Fairview Avenue, North Wales, PA 19454



PHILADELPHIA PA 190

03 OCT 2019 PM 1

USA FOREVER

OCT 07 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND
PO Box 91318
Seattle WA 98111-9418

98111-941818

Rachel Wise
415 Fairview Ave
North Wales, PA 19454

Received

NOV 0 4 2019

by JNDLA

EQUIFAX SETTLEMENT OBJECTION LETTER

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT
Filed by Professor Randall S. Thomas, Vanderbilt Law School, 21st Avenue South, Nashville, TN 37203


Dear Judge Thrash:

I am a member of the settlement class in this action. I learned this by inputting my name into the Equifax website and finding that both my wife and I's personal information had been disclosed in the data breach. I am writing to object to certain aspects of the settlement based on factual information that I read in a recent New York Times article (the "Article") titled, "What to do to get Justice from Equifax."

My wife and I both filled out the claim form provided to us by Equifax and mailed it in on a timely basis to the address indicated on the form. To the best of my recollection, this form did not indicate that we needed to disclose who provided our credit monitoring services or to otherwise verify who we used for those services. In fact, we use Equifax's credit monitoring service and have done so for many years (even prior to the data breach). According to the Article, there was a subsequent email from Equifax's settlement team stating that claims without such verification would be invalid. We did not receive this email and now the date for filing this information has passed.

My first objection to the settlement is that, at least in our case, Equifax already knows that we are active clients of its monitoring service. Given the initial lack of notice of this additional requirement for making a claim in the settlement, and the use of an email we did not receive to provide it subsequently, I think that Equifax itself ought to be required to provide any necessary verification of monitoring services for us and more broadly for all of its own clients. It would seem to be a trivial thing for them to do and would correct their own mistake in providing the original claims forms without asking for that information.

My second objection concerns the misleading statements that were made about the terms of the cash settlement option. As I am sure you know, the initial disclosures about the settlement stated that claimants would receive up to $125 per claimant or up to 10 years for free credit monitoring. Based on that information, many people may have been misled into taking the cash settlement option, which the Article states the FTC admitted was in fact likely to be worth only a tiny fraction of the $125 amount. In making my own choice to take the cash option, I was not aware of the FTC disclosures. If the cash settlement option is as small as the FTC disclosures suggest, I would have preferred to take the 10 years of credit monitoring services. While absolute precision is impossible, these disclosures seem seriously flawed to me. My suggestion is that the Court ask the parties to calculate the potential cash value option based on a range of potential claims being made, and then disclose that range of potential payoffs to the class along with an option for class members to change their minds and elect credit monitoring services if they are dissatisfied with the likely cash options.

My final objection is to the overall structure of the settlement. As a student and frequent author of articles about class actions in the corporate and securities areas, I am sympathetic to the arguments in favor of allowing class actions in many circumstances, but also well aware of some of the abuses that occur (for documentation about this point, see my web page: https://law.vanderbilt.edu/bio/randall-thomas). The Article states that the original disclosures concerning the settlement stated the case was settled for $700 million dollars, but that subsequently there were statements in the settlement agreement

that Equifax had only set aside $31 million dollars for claims. If this is true, and I cannot independently verify that it is, this is egregiously misleading disclosure about some very material information. To make matters worse, there will likely be a very large attorneys' fee award proposed to the Court, which may well exceed $31 million.

Based on the information above, I would request that the Court not approve an attorneys' fee award that exceeds the amount of cash that is going to be paid to the class. The Court has a lot of discretion in making the fee award determination and this is a good case in which to exercise it. This is not your typical consumer case where the claims are tiny and relatively unimportant. People have suffered a real loss here, their privacy, which may well turn into further loss, identity theft, at some point in the near future. If the facts in the Article are correct, the plaintiffs' lawyers ought to be quick to agree not to take a larger fee than what the class receives in cash.

Thank you for taking my objections into consideration. To complete the required disclosures, I have not objected to any class action settlements in the past, and I am not seeking a fee for myself or any attorney for making this objection. I do not intend to attend the fairness hearing in person or by attorney. I trust the Court to make the right decision about approving the settlement and any fee award it determines is appropriate. I have signed this letter below.

Signed by: _____

Randall S. Thomas

Dated: _____ October 25, 2019 _____

2

**VANDERBILT**
Law School

Randall S. Thomas
Professor of Law

131 21st Avenue South
Nashville, Tennessee 37203-1181

NASHVILLE TN 370

30 OCT 2019 PM 5 L



Equifax Data Breach Class Action Settlment Administrator
ATTN:  Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA  98111-9418

NOV 0 4 2019

98111-941818

5

Reed Felderman
1425 Marbee Dr #4
Omaha, Nebraska 68124

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Your Honor,

I have verified I am member of the class using https://www.equifaxbreachsettlement.com and after reviewing the proposed settlement I don't find it sufficient.  In light of the harm suffered by members of the class and the extent of the defendant's wrongdoing the proposed settlement is not adequate.  I respectfully request that you deny the settlement.

147 million Americans have been confirmed so far to be affected by the Equifax data breach. As it is an information collection system that most are involuntarily put into, it is unacceptable for Equifax to risk any loss of data. The settlement includes only $31 million for victim compensation and will provide very little comfort to any individual person.

I have not objected to any class action settlements in the previous five years.  I do not intend to attend the fairness hearing.

Regards,

*Reed F Felderman*

Reed Felderman

Received
OCT 15 2019
by JNDLA

OMAHA NE 680

12 OCT 2019 PM 4 1

OCT 1 5 2019

Equifax Data Breach Class Action Settlement Admin
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

4/20/2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 30 2019
by JNDLA

To whom it may concern:

I am writing to express my objections to the settlement proposed In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT, or similar identifying words such as "Equifax Data Breach Lawsuit").

I am: Richard P. Brummel and reside at 30 West 69th Ter., Kansas City, MO 64113.

I believe I am a member of the settlement class based on communication from the Equifax Breach Settlement Administrator and alerts I have received from my identity protection provider several services such as haveibeenpwnd.com.

The reasons why I object to the settlement are:

- I do not believe the size of the settlement to be reasonable. Based on readings I have done, it appears that, based on its size and likely number of claimants, the individual payments will be a small percentage of the stated $125 amount.

- I do not believe the settlement to be fair given the degree of negligence demonstrated by Equifax in protecting my information and that of the rest of class and damage and inconvenience we have suffered and will continue to suffer as our personal information is sold and re-sold.
- I do not believe the settlement is reasonable given that Equifax' annual revenue is estimated to be over $3.3 Billion and market capitalization in excess of $17 Billion even after the announcement of the breach.

I have not objected to any class action settlements in the previous five (5) years.

I do not intend to appear at the Fairness Hearing.

Respectfully,

Richard Brummel



KANSAS CITY 640

25 SEP 2019 PM 1 L

SEP 3 0 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Richard Brummel
30 W 69th Ter
Kansas City MO 64113
United States

*Equifax Data Breach Class Action Settlement Administrator*
*Attn: Objection*
*c/o JND Legal Administration*
*P.O. Box 91318*
*Seattle, WA 98111-9418*

Received
NOV 1 2 2019
by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT ("Equifax Data Breach Lawsuit")

Richard Schumacher
POBox 835526
Richardson, TX 75083-5526

8 NOV 2019

My membership in the affected class was confirmed at the website:

https://eligibility.equifaxbreachsettlement.com/en/eligibility

I object to the settlement because it is a grossly inadequate punishment of Equifax for their negligence. It provides neither significant disincentive to the credit industry nor adequate recompense to the injured.

In the previous five years I have not objected to any class action settlements.

I will not attend the Fairness Hearing either in person or through a lawyer.



Mr. Richard Schumacher
PO Box 835526
Richardson, TX 75083

NOV 1 2 2019

N TEXAS
DALLAS 750
'08 NOV '19
PM S L

Equifax Breach Class Action
Settlement Administrator
ATTN: OBJECTION
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

90709043014t2435    FOREVER USA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case
No. 1:17-md-2800-TWT

Received

OCT 07 2019

by JNDLA

Rik Farrow
160 HOHOKAM CIR
SEDONA, AZ 86336

I object to the Equifax settlement. Equifax lost my entire credit
record, everything needed to steal my identity. They did this through
poor computer practices, leaving free software that they were using
unpatched for four months.

While the settlement offers credit monitoring, that's like having an
alarm that goes off after your house has been robbed, not even during
the event. What I've had to do was freeze my credit at all three of the
credit monitoring bureaus.

Until recently, this cost $15 for each credit agency, and involved a
complicated process (still true) that took about 30 minutes for each
agency and a total of $45. That was time I could have been working at
$50/hour. Now I realize I need to do this again for my wife's accounts,
another hour of my time, as I hope things will go smoother this time.

Equifax has done harm to me and 190 million others, and the settlement
offers me nothing, in that I already have credit monitoring. I prefer
to be paid back for time spent, or, at a minimum, money spent freezing
accounts to cover Equifax's poor business practices.

I have not objected to any other class action settlements in the previouse
five years, and do not plan to appear at the Fairness Hearing.

Rik Farrow
October 1, 2019



DCT 07 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Rik Farrow
160 Hohokam Cir
Sedona, AZ  86336

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Robert M. Krasny
383 Amalfi Drive
Santa Monica, CA 90402

To Whom It May Concern:

I am writing the court to object to the Equifax settlement (re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT).  I have enrolled as a member of the affected class in this case and have complied with Equifax and the court's online forms regarding damage queries, current credit theft coverage, etc.  I have never written a letter such as this before for any class action settlement I have been a part of.

I believe the settlement amount per claimant without additional itemized damages is far too low. There should be adequate funds to cover all legitimate claimants at the agreed upon amount of $125.  My understanding is that that amount will be greatly reduced if even a fraction of those affected by the massive data breech make a claim.  Please address this concern as you review the settlement that has been agreed upon.  I am not intending on appearing at the settlement hearing.

Robert M. Krasny MD

Received
OCT 15 2019
by JNDLA



LOS ANGELES CA 900

19 OCT 2019 PM 9 L

OCT 1 5 2019

Robert Krasny
383 Amalfi Drive
Santa Monica, CA 90404

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

**REQUEST FOR EXCLUSION**

**November 15ᵗʰ, 2019**

**To:**

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Received
DEC 0 2 2019
by JNDLA

**To Whom it may Concern:**

**Regarding:**

*Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT know as the Equifax Data Breach Lawsuit

I am on the list of people exposed by the security breach:

Rob Francis

1924 Carmel Dr. Plano Tx 75075

I do not believe this settlement is reasonable.  I have spent a lifetime preparing for retirement and with my social security number and associated personal information that was exposed in this breach could cost me all those assets.  This settlement does not address that risk.

Should I lose my retirement assets because someone uses my personal information to access my retirement accounts, I do reserve the right to expect Equifax to make me whole.  I never gave them approval to accumulate my personal information.  They accumulated my information for their profit and without my approval and then they were negligent and allowed that information to be distributed.

There are no other class action law suits that I have object to, but this one has way too much potential damage to accept a settlement that limits Equifax's exposure, while exposing me.

I do not intend to appear at the fairness hearing.  Expecting me to take that time only furthers my losses because of Equifax's negligence.  If I encounter actual losses, I do expect Equifax to make me whole.

Rob Francis



Francis
1924 Carmel Dr
Plano TX 75075

DEC 0 2 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

DEC 0 2 2019

RETURN RECEIPT

9514 8065 7826 9322 1488 51

USPS CERTIFIED MAIL®

U.S. POSTAGE
FCM LETTER
$5.65
75075 0000
Date of Sale
11/18/19
06    25SK
11486430SSK
896591118161758

FOLD HERE

PLACE THIS LABEL TO THE LEFT OF THE POSTAGE

10/15/2019

Received

NOV 0 4 2019

bv JNDLA

Ronald D Capron
2414 West Olive Way
Chandler, Arizona 85248

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT, or similar identifying words such as "Equifax Data Breach Lawsuit"

To whom it may concern;

My name is Ron Capron. I believe I am part of the settlement class because I am among the approximately 147 million U.S. consumers identified by Equifax whose personal information was impacted by the Equifax Data Breach.

I object to the proposed settlement because I believe the proposed settlement is **not reasonable or prudent**. The current price of identity and fraud protection service averages ($20/month * 12) $240/yr. The amount of information stolen would allow someone to steal my identity at least 15 yrs. from now. I feel identity and fraud protection should be available, at Equifax expense, for no less than 25 years.

I have not been part of any other class action objections in the previous 5 years.

Sincerely;

Ronald D Capron
2414 West Olive Way
Chandler, Arizona 85248

602-705-2034

2479 W Vine way

Chandler AZ 85248

United Data Breach Class Ation Settlement Administrator
Attn: Objection
C/O JND Legal Admin
P.O. Box 91318
Seattle, WA 98111-9418

98111-541810

PHOENIX
AZ 852
31 OCT '19
PM 11 L



FOREVER

USA

846991031115739

2047 Estrada Parkway
APT. 215
Irving, Texas 7506-1284

Received
SEP 2 4 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

21 September 2019

Dear Honorable Thomas W. Thrash Jr:

This letter intends to express my objection to the proposed Equifax Data Breach Class Action Settlement. It is understood and agreed upon by most that the collection and use of personal data by such firms Equifax is not voluntary by consumers. Yet, Equifax's use of sensitive personal and financial information for its profit, has a determinative effect on the ability of consumers to act financially in pursuit of their own good. As it is unlikely, given the current configuration of the consumer financial structure in the United States, that consumers will have the choice whether to participate willingly in the surrender of personal and financial information, it is incumbent that these firms protect this information from breaches. It is the minimum expectation if there be any pretense of justice in such a system.

Equifax failed to meet this minimum expectation. Then, in an attempt to settle justifiable claims against it, Equifax offered a sum of money $125 to individuals who can demonstrate harm. The total amount of money offered in this settlement will be grossly inadequate to satisfy the claims of all claimants. There will be people who will be paid--legal representatives--and there will be a company who will pay less than it rightfully should--Equifax--, but the consumer who has been harmed through the negligence and indifference of Equifax will have little, if any, compensation. For these reasons, I strongly oppose the proposed settlement.

Sincerely,

Ronald E. Scrogham

Ronald E. Scrogham

Ron E. Scrogham
2047 Estrada Parkway
APT 215
Irving, Texas 75061-1284

SEP 2 4 2019

NORTH TEXAS TX P&DC
DALLAS TX 750
21 SEP 2019 PM 7 L

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

1969
First Moon Landing
Forever/USA

*September 23ʳᵈ, 2019*

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

Received
OCT 07 2019
by JNDLA

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT or
"Equifax Data Breach Lawsuit"

Ronald D. Williamson, 218 Hastings Ave, Endwell, NY 13760 Claim #: **P4PW85G2CT**

I have previously been notified I am a member of the settlement class.

Why I _**vehemently**_ object and feel this settlement should be **REJECTED!**:

This settlement smells of decomposing moral standards & festering corruption!

In essence – this negligent company Equifax – which was entrusted with my personal information – and
through its _**own negligence**_ LOST my information should now, by this esteemed court's reasoning, be
_**rewarded**_ with the opportunity to monitor future access to my personal information????

## I don't think so.

OH – but you say, I have the option to get the $125 dollars (very nominal indeed)… But not really,
apparently. So this is America – and I have to PROVE that I have some other credit monitoring service to
be eligible for the $125 as compensation for damages???…. Because….., oh - there it is! – **not enough
of the settlement dollars have been set aside for the actual victims!**

### No – this is NOT RIGHT!

I have an idea – why doesn't the court reward the class action lawyers with FREE LIFETIME credit
monitoring – and allocate _their_ ridiculously exorbitant fees to the victims? What do you _**clowns in black
gowns**_ think of that???

No way am I giving additional personal information to this company and agreeing to use them for credit
monitoring services! The swamp sure does run deep – and you are most certainly a big part of it! Get a
backbone and do the right thing today – _**I dare you**_….

I have NOT objected to any other class action settlements in the last 5 years. (And now I feel as if I
should have!)

I do _**not**_ intend to appear in any of these circus proceedings – such as the "Fairness" Hearing.

Sincerely & Respectfully,   Ronald D. Williamson
P.S. – The respectfully part is obviously sarcastic!

SYRACUSE NY 130

04 OCT 2019 PM 3 L

Chip Williamson
Covenant Wealth Advisors
37 Front St
Binghamton, NY 13905

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

OCT 07 2019

Rosa Ramirez-Coleman
1631 Autumn Way
Lodi, CA 95242

17 September 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Sir/Madam:

In re: Equifax Inc. Customer Data Security Breach Litigation
Case No. 1:17-md-2800-TWT

I am a member of the settlement class because I visited the eligibility website
(https://eligibility.equifaxbreachsettlement.com/en/eligibility) which indicated that my personal data had been
compromised. I filed a claim and was given the claim number PW57DMSUHX.

I object to the terms of this settlement because I believe them to be inadequate and deceptive. I do
not believe anyone will receive the $125 cash settlement due to the number of claims submitted, and
any credit/identity theft caused by the data breach will likely end up costing more than $125 to fix.
Additionally, the information provided initially said no documentation of existing credit monitoring
service was required (even though I do have it) in order to receive the $125, then the terms changed
and we were told that documentation *is* required.

I have not objected to any class action settlements in the previous five (5) years.

I cannot attend the Fairness Hearing due to work obligations.

Sincerely,

Rosa Ramirez-Coleman

Received
OCT 22 2019
by JNDLA

1631 Autumn Way
Lodi CA 95242

OCT 2 2 2019

SACRAMENTO CA 957

18 OCT 2019 PM 5 L

98111-941818

Equifax Data Breach Class Action Settlement Admin
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

Received

NOV 0 7 2019

by JNDLA

November 3, 2019

To whom it may concern,

I am writing to express my objection to the settlement in the case captioned In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT. According to the "Check Your Eligibility" feature on www.equifaxbreachsettlement.com, company records indicate my personal information was impacted by this incident.

As has been widely reported in the media, the settlement documents indicate that Equifax set aside only $31 million to settle claims related to a breach that impacted 147 million people, meaning that if all those affected filed a claim, they would each receive only 21 cents. Equifax's initial statements that those affected could receive up to $125 were clearly misleading.

I've opted to seek the credit monitoring offered in lieu of a cash payment. But I feel that a settlement for such a massive breach of extremely sensitive data should provide real compensation to the victims of Equifax's negligence. Moreover, a settlement should have an actual, painful impact on Equifax to send the company a message that it must do a better job of protecting customer data. This settlement falls far short in both respects and should be reconsidered.

I will not be appearing at the fairness hearing, but I wanted to make views known to the court. This is the first time I've ever objected to a class action settlement when I've been notified that I am a class member, but the scope of the Equifax breach and the possibility that the settlement will be little more than a slap on the wrist for the company inspired me to object to this one.

Thank you for your consideration.

Sincerely,

Ryan Thomas Davis
112 Nagle Ave., Apt. 4B
New York, NY 10040



Ryan T. Davis
APT 4B
112 Nagle Ave.
New York, NY 10040

NOV 07 2019

Equifax Data Breach Class Settlement Administrator
Attn: Objection
C/O JND Legal Administration
Po Box 91318
Seattle, WA 98111 - 9418

September 18, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT*

I submit this letter to object to the settlement agreement in the above referenced matter that is before Court for approval.

I confirmed my membership in the settlement class by entering my name and the last five digits of my social security number at https://eligibility.equifaxbreachsettlement.com/en/Eligibility, the website offered by Equifax to determine whether my information was part of the data breach. I received a report stating that indeed my data was breached.

My objection is based on information I have seen in news reports suggesting that the settlement fund is insufficient and will not provide reasonable compensation for victims of this breach (some reports suggest that victims may receive as little as 21 cents). If the information in news reports is accurate, the members of this class have been misled and will not be fairly compensated. The form I used to file my original claim stated that I would receive free credit monitoring or a payment of $125 if I already had credit monitoring; there was no language stating that the payment would be $125 **or less**. The attorneys involved in crafting this settlement knew, or should have known, that the funding set aside for victims of this data breach would be insufficient. In this case, unlike other settlement classes in cases where the numbers of potential victims may be difficult to estimate, the maximum numbers of victims of this data breach is, and was, a known and finite number. Consequently, the agreement could, and should, have set aside sufficient funds to compensate that maximum number and included provisions for distribution of funds remaining in the 'set aside' due to claimants who would be required to receive credit monitoring rather than a payment.

I urge the Court to refuse to accept this settlement which is so blatantly designed to limit Equifax's financial liability at the expense of victims of this data breach.

I have never previously submitted an objection to a class action settlement.

I do not intend to appear at the Fairness Hearing either in person or through a lawyer.

Sincerely,

Sallie Foster
4811 Beaumont Ave.
Philadelphia, PA 19143

Received
SEP 2 3 2019
by JNDLA

cc:
Honorable Thomas W. Thrash Jr.
USDC for the Northern District of Georgia
Riichrd B. Russell Federal Building and U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA 30303-3309



Sallie Fowler
4811 Beaumont Ave
Philadelphia, Pennsylvania 19143

PHILADELPHIA PA 191

19 SEP 2019 PM 6 L

FOREVER / USA

SEP 23 2019 Equifax Data Breach Class Action
Settlement Administrator

Attn: OBJECTION
SEP 23 2019 c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 – 9418

98111–941818

September 17, 2019
4607 King William Rd
Richmond, VA 23225

Administrator
Equifax Data Breach Class Action Settlement
c/o JND Legal Administration
P. O. Box 91318
Seattle, WA 98111-9418



Attn: Objection

Dear Sir:

I object to the settlement of the Equifax Data Breach lawsuit (*Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT). I was notified by Equifax that I was one of the people whose data was stolen from Equifax. Equifax then notified me that I had a choice between a monetary settlement and a credit-monitoring offer. I selected the monetary option because why should I chose Equifax to monitor my credit when they can't keep my data secure?

I then find out that the settlement under consideration does not include nearly enough money to reimburse each victim the full amount proposed ($125). By simple arthimetic, that fact should have been discovered early on, and, certainly, the settlement should not now be approved when it is clear that enough money has not been allocated for the number of people whose privacy was violated. Each individual victim should not be penalized for the size of Equifax's blunder.

I have not objected to any class action settlements ever. I will not be able to appear at your Fairness Hearing, and I have no lawyer representing me. I am available on 11/20/19, 11/22/19, 12/3/19, 12/4/19 for a deposition.

Sincerely,

Sallie Boineau Freeman



RICHMOND VA 230
28 SEP 2019 PM 3 L

OCT 01 2019

Administrator
Equifax Data Breach Class Action Settlement
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Ms. Sallie B. Freeman
4607 King William Rd.
Richmond, VA 23225-3247