# Exhibit B - 20

Received
NOV 2 1 2019
by JNDLA

Steven Franklyn Helfand

1400 SW 137th Avenue, F112

Pembroke Pines, FL 33027

954.447.3315

1400steven.helfand@gmail.com

November 16, 2019

Equifax Data Breach Class Action Settlement Administrator Attn: Objection

c/o JND Legal Administration

P.O. Box 91318

Seattle, WA 98111-9418

Dear Judge Thrash:

I wanted to voice my strong support for the proposed settlement. It is a wonderful proposed settlement for class members, like me, who have been repeatedly victimized by what seems to be the never-ending hapless misconduct from credit reporting agencies. Routinely, in the past, settlements only offered minimalistic, if not illusory, monitoring services, but never presented any genuine and meaningful opportunity for obtaining lost time and expense, let alone the damages occasioned by these data breaches. By the same token, prior proposed settlements were not designed to be consumer friendly and the claim's process has been made so difficult to comprehend much less complete, most class members simply took a pass.

The amount of time and the agony of dealing with reporting agencies that give short-shrift to consumers and operate from a standpoint of being, at least according to them,

infallible, know matter how egregious their misconduct, means that getting a fair hearing, let alone, due, or any, process, virtually, impossible. All of this combined makes data thefts so devastating to class members, such as myself. Being able to get made, partially whole or, perhaps, here, entirely whole, is a very significant benefit and achievement. The precedent set may even be more important, so as to raise the bar for proposed settlements across the spectrum, but especially in data breach cases.

The website designed by the class action attorneys is simple to use and easy to complete - and allows submittals later, recognizing not all documentary materials are available to class members and supplementation is appropriate as new information becomes available. I cannot say enough about the simplicity of the website, the ease to provide information and its accessibility. Its design was carefully made to bring in claims and not defeat or stymie them. I believe the website is so well-done it is worthy of mention and should the court find any real or imagined defects with this proposed settlement, it must all be carefully balanced against any harm to the class by reshaping something that appears to be exceptionally well crafted.

As to my claim, I will be trying to gather documents and have some but not all materials I need at this point, and will be presenting them at the appropriate time after pulling them all together upon final review. I am optimistic that after years of phony and contrived class action settlements, this is finally one that shall get class members reimbursed for the malfeasance of a credit bureau which has been running "totally out of control" for years. It is about time they are reigned in. Thank you.

I fully support a very large award of fees paid to class counsel. However, at this point I am concerned that $79 million is just too much, especially in this flat economy. Moreover, it would be tone-deaf in an action involving credit reporting for hourly rates to exceed $500. Courts must begin to impose some limits; with most ordinary people earning minimum wage or less than $20 an hour, it is simply unfair in a mass consumer class action for the hourly rates to be structured at such exorbitant levels. It strikes me as too large and too much - but I am open to revising / withdrawing this objection after reviewing the work further. I just learned of the settlement on November 16, 2019 and submitted a claim, PEL7N-WQZJX. Based on the website and the overall contours of the deal, an award of at least $25 million to $30 million seems more than valid and highly appropriate, not withstanding very real and genuine concerns about hourly rates. I may

revise this to support the entire award once I sift over the countless pages that in fairness shows, at least as to the limited materials I have reviewed, extraordinary and exemplary work. Indeed, from what appears so far, work must be rewarded and the class should not be able to reap a windfall on the backs of solid attorneys for outstanding results. Any award exceeding $45 million certainly strikes me as excessive and fails to take into account that the class could have conducted a reverse auction to obtain legal counsel.

I have objected to class action settlements in the past five years. It would be more than twenty cases, at minimum. I can get you this information later if pertinent but do not have any of my records available due to a massive casualty that has wrecked all my personal contents. It will take me some time to get these. However, I do not believe this letter should be disqualified because of my late notice of this proposed settlement. I did not receive a notice; but this is simply because it is likely notice passed me as a result of an address change I made and then the casualty. I likely shall not be appearing at the hearing unless there is any thing that requires my appearance.

I am available for deposition, if the parties need me to give one. Simply contact me via email and we can arrange a date. I can be available any day and time for the week of November 18th. If a deposition is to be set, please set it in Fort Lauderdale, Florida, if possible. Service of any subpoena is waived.

Sincerely,

Steven F. Helfand

S. Helland
1400 SW 137th Ave, #112
Pembroke Pines, FL 33027

NOV 2 1 2019

Equifax Data Breach Class Action Settlement Admin
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

MIAMI FL 331

US NOV 2019 PM 5 L

Seattle, WA 98111-9418



**STEVEN S. KLOTZ**
2115 North 14th Terrace       Hollywood, FL 33020-2520
*ph/fax* 954 921 3330       *mob* 954 309 3522
klotz@bellsouth.net       ssklotz@gmail.com

Received
OCT 07 2019
by JNDLA

September 27, 2019

TO:   Equifax Data Breach Class Action Settlement Administrator
      Attn: Objection
      c/o JND Legal Administration
      P.O. Box 91318
      Seattle, WA 98111-9418

Re:   *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Pursuant to FAQ # 25 on the Equifax Data Breach Settlement page (https://www.equifaxbreachsettlement.com/faq#q-25), I provide the following data to object to the terms of the proposed settlement.

1. The name of this proceeding (*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT, or similar identifying words such as "Equifax Data Breach Lawsuit");

2. Your full name and current address;

(Please see above)

3. Your personal signature (an attorney's signature is not enough);

(Please see below)

4. A statement indicating why you think that you are a member of the settlement class;

When I received notification that I might be eligible, I filed a claim and received confirmation and claim # PSD6MCYLHA. Other related forms identify this claim number in somewhat alternative format: PSD6M-CYLHA (further indication of sloppiness and lack of concern for consumers, as described in #5, below).

5. A statement with the reasons why you object, accompanied by any legal support for your objection;

a. The total dollar amount of the settlement is ludicrously small when weighed against the size of the plaintiff class. One calculation (NYT) determined that if all 147 million people affected by the data breach were to file a claim, the share of each would be $0.21.

b. The settlement itself provides for insufficient punitive damages against any officer or responsible stakeholder in the penalized company.

c. The settlement seems incommensurate not only with the damage inflicted on consumers, but with the callous conduct Equifax exercised when the breach was discovered.  E.g., Equifax did not inform the public of the breach for over a month after its discovery. In the CohenMillstein Complaint, it is alleged that *"Equifax's wrongful conduct includes failing to take adequate and reasonable measures to ensure its data systems were protected, failing to take available steps to prevent and stop the breach from ever happening, failing to disclose the material facts that it did not have adequate computer systems and security practices to safeguard consumers' financial and personal data, and failing to provide timely and adequate notice of the data breach."*

d. The condition for a cash settlement specifying that claimants must have credit monitoring in place by 10/15/19 seems fanciful, irrelevant, and unnecessary. Furthermore, this condition seems to have been appended as an afterthought: I do not recall seeing it in the original settlement determination.

e. The settlement process itself thus far, sloppy and disingenuous, reveals utter disregard for consumers generally, let alone those harmed by Equifax's astonishing incompetence and casual concern for privacy and protection of precious data.

6. A statement identifying all class action settlements to which you have objected in the previous five (5) years; and

None: I have objected to zero class action suits in the previous five years.

7. A statement as to whether you intend to appear at the Fairness Hearing, either in person or through a lawyer, and if through a lawyer, identifying your lawyer by name, address, and telephone number, and four dates between **11/19/2019** and **12/05/2019** during which you are available to be deposed by counsel for the Parties.

I do not intend to appear at the Fairness Hearing, either in person or through legal counsel.

## Additional Information

Originally, I filed for a one-time payment of $125. When information became available indicating the unlikelihood of actually receiving that amount, I determined to revise my claim, requesting t reimbursement for 10 hours (@$25/each) for time spent managing accounts affected by the breach, providing a spreadsheet detailing time and activities. However, the form provided to revise one's claim does not offer this specific alternative – more deceptive practices by Equifax? – and the link provided to access the file/amendment website no longer works:

http://email.equifaxbreachsettlement.com/c/eJx9jssKgzAURL_GLENu0jUustCqUGhXddFdifE
GpVH7uMXSr2--0DDM4jAcZjAWwVrNJiMFFKIQORSZFpIDb0Dlla6hrCtdtaVKU0GP9-Ttp3-
ideMLiQLOuBB368xG06cO5U6onciKAb2z0gMq6bUcMugVsGBGonuiykS2Mdu28T_GuMAllo1
gcMFOM3uaW1jpG5_0GMJrfdPIFyRGpmkv1_2xPJyuXXPuf0SwRN0

The choices presented at the link provided to amend one's initial claim does not include the option noted above (10 hours @ $25) each):
https://secure.equifaxbreachsettlement.com/en/amendclaim

I used the on-line option to contact administrators for guidance, but a week has passed with neither automated acknowledgment or substantive response.

Therefore, I hereby respectfully request guidance from the Administrator as to how to proceed with amending my claim.

Thank you.



MIAMI FL 331

OTH OCT 2019 PM 2 L

FOREVER
USA

Mr. Steven Klotz
2115 N. 14th Ter.
Hollywood, FL 33020

Equifax Data Breach Class Action Settlement Administration

OCT 07 2019

Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

98105-11586

September 26, 2019

Received
SEP 30 2019
by JNDLA

Steven C. Theodore
336-338 Bay Ave. #704
Ocean City, NJ. 08226

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

To Whom It May Concern:

I, Steven C. Theodore, of the above address in Ocean City, NJ, believe that I am a member of the settlement class. I confirmed this on the Equifax Data Breach Settlement web site using my Social Security Number.

This letter is to inform you that I strongly object to the settlement.  It provides no realistic form of compensation since I was already covered by a credit monitoring company (Lifelock) and plan on continuing my relationship with them.   The option of a $125  financial settlement would in reality provide me with a pittance, at most, given the amount available to the total class.  It is insulting to those of us who were negatively affected by the negligent behavior of Equifax.

I have not objected to any other class settlement in the past five years.  I will not appear at the Fairness Hearing, and do not have a lawyer representing me in this matter.

Sincerely,

Steven C. Theodore

SOUTH JERSEY NJ 080

26 SEP 2019 PM 5 L

FOREVER / USA

SEP 1 4 2019

Steven C Theodore
336-338 Bay Ave. #704
Ocean City, NJ 08226

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

Dr. Subrata Goswami
800 S. Abel St., #200
Milpitas, CA 95035



Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Ref: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT,

You Honor,

I am objecting to the settlement for the Equifax data breach. The root cause I think is callousness and greed. They should have used the necessary amount of resources to prevent such childish lapse. To strengthen my point, the way they are making it difficult and avoid paying even the $125 per customer is atrocious. I hear companies paying billions for lesser data breaches ( e.g. Facebook paid $5B for a much lesser lapse). I would encourage the judge to throw away this settlement and levy a much higher penalty on Equifax, or better shut down the company. I do not think anoy one can clean up a culture of greed and deceit

Sincerely

S. Goswami



Subrata Goswami
Unit 200
800 S Abel St
Milpitas, CA 95035-8694

NOV 26 2019

To Equifax Data Breach
Class Action Settlement Admin
Attn. Objection
c/o JND Legal Admin
P.O. Box 91318
Seattle WA 98111-9418

RETURNED FOR POSTAGE

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 20 2019

JAMES N. HATTEN, Clerk
                    Deputy Clerk
By: _____

United States District Court for the Northern District of Georgia
United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303-3361

Your Honor,

Equifax notified me that they had allowed all of my personal and financial information to be stolen from their database.

I applied online for the $125 that the Federal Trade Commission had specified that Equifax should pay to every one of their victims.

Now Equifax is saying that I will receive 21 cents, because they set aside an insignificant amount for the settlement.

I request that you reject this settlement and force Equifax to pay a commiserate amount to compensate for the damage done from their data breach.

Respectfully,
Susan Judkins  Susan Judkins
19730 SW 49th Avenue
Tualatin, Oregon 97062

Susan Judkins
19730 SW 49th Avenue
Tualatin, OR 97062-8778

PORTLAND OR 972

17 SEP 2019 PM 3 L

United States District Court
Northern District of Georgia
United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303-3361

30303-331661



October 8, 2019

```
Received
NOV 0 4 2019
by JNDLA
```

To Whom It May Concern:

We are writing to express our displeasure at the Equifax Data Breach Settlement. /LAWSUIT Both of us had our data breached, and although to date we haven't suffered any financial loss as a result, our data is still being misused for email phishing scams, and we are constantly vigilant about checking our banking and credit card accounts for fraudulent activity. We feel that consumers have been deceived by the terms of the settlement – first being told we could claim $125 reimbursement, then finding out there is not enough money in the settlement to cover all the claims, and then most recently learning that we have to take yet another step to secure either a monetary claim or the alternative option of several years' worth of credit monitoring.

It appears that yet again, the American consumer is at the mercy of the large corporation. This settlement is neither fair nor reasonable, amounting to a slap on the wrist for Equifax, which was entrusted with our most intimate information. As consumers we deserve much better.

Susan Kurtz
Terry Holbrook
6839 Marrowback Road
Conesus, NY 14435

*We have not objected to any other class action settlements in the previous 5 year. We do not intend to appear at the Fairness Hearing.*

CC: NYS Attorney General
    Consumer Financial Protection Bureau
    Federal Trade Commission
    US District Court for Northern Georgia
    Equifax Data Breach Settlement Administrator

Pull here to open ▽▽▽

▷▷▷ Pull here to open

Susan M Kurtz
6839 Marrowback Rd
Conesus, NY 14435-9567

ROCHESTER NY 144
01 NOV 2019 PM 1 L

FOREVER / USA

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMINISTRATOR
Attn: OBJECTION
c/o JND LEGAL ADMINISTRATION
PO Box 91318
SEATTLE WA 98111-9418

98111-941818

**Susan Manian**
2207 Vista Del Mar  San Mateo, CA 94404  |  646.567.3145  |  suemanian@gmail.com

24 September 2019

Received
SEP 27 2019
by JNDLA

**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Sirs:

In 2017, I entered my social security number on the Equifax site and found I was one of the 150 million people affected by the Equifax data security breach, and I therefore am a member of this settlement. (claim # PX6UKL2HY5)

I am writing to you today to let you know that I feel deceived by the terms of this settlement and not think it should be approved by the court. Equifax clearly did not allocate enough resources to fairly compensate all affected persons and they are counting on an apathetic public not standing up for what is their due.

Each affected member is entitled to the $125 figure stated in the settlement. Any lower settlement would be unfair, unreasonable and inadequate and I do not feel the court should approve a settlement that would award members pennies on the dollar.

Please be aware that I have not objected to any other class action settlement within the past 5 years. Additionally, I will not be appearing at the Fairness Hearing, either in person or through a lawyer.

Sincerely,

*Susan Manian*
**Susan Manian**



Ms. Susan Manian
2207 Vista Del Mar
San Mateo, CA 94404

SEP 27 2019

EQUIFAX DATA BREACH CLASS ACTION SETTLEMENT ADMIN
ATTN: OBJECTION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

SAN FRANCISCO CA 940

24 SEP 2019 PM 5 L



FOREVER / USA



Susan Schomburg
917 West Sunnyside Avenue, Apt. 2S
Chicago, IL 60640



Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

October 25, 2019

Re: Objection to Proposed Settlement of *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

I am a member of the Equifax Data Breach Settlement class. I was one of the 148 million Americans whose sensitive credit information was compromised due to Equifax's negligence in the largest data breach in history. I write today because the current settlement is not fair, reasonable, or adequate, and should be rejected.

From the raw numbers alone, we can see that this is not a sufficient settlement. If everyone affected by the breach made a claim only for the $125 credit monitoring reimbursement, the payout would total nearly $18.4 billion. The FTC has also indicated that the total pool for this alternative compensation is only $31 million[1]—meaning that the people who take this option assuming they will get $125 for the lifetime of headaches they're facing, would actually get closer to 20 cents each. The FTC is walking back the initial $125 figure due to "overwhelming" public response, and pushing people toward free credit monitoring services instead. Of course the public response has been overwhelming; so was the scale of the breach.

The meager "up to" $425 million that has actually been earmarked for the 148 million people whose data was exposed would average out to between two and three dollars each, assuming every claim was identical—and again, most people will likely see much less than this, taking into account those who were more severely impacted by identity theft and financial losses stemming from Equifax's negligence.

That is nowhere near adequate compensation for having your sensitive, *permanent* financial data exposed. The information Equifax failed to keep secure—names, social security numbers, and dates of birth—typically do not change. They stay the same for the lifetime of that individual, which means that once that information has been stolen, it is out of your control forever. You are vulnerable to financial predation *forever*. There is no way to reel that information back in, and no way to replace it. People can only do their best to stay vigilant, hope that no bad actors attempt to use their information, and try to mitigate the damage if and when they do.

Credit bureaus non-consensually gather this data about consumers in the first place, mostly at no cost to the bureaus, then package and sell it. The reason they gather this sensitive permanent data is specifically *because* it is permanent. It follows the consumer, and thus provides financial institutions, landlords, and others, valuable information about an individual consumer's financial behavior. There is no way for

---

[1] Federal Trade Commission, "Equifax Data Breach Settlement", Sept. 2019,
https://www.ftc.gov/enforcement/cases-proceedings/refunds/equifax-data-breach-settlement

1

consumers to opt out of this system, or to protect the privacy of their sensitive financial data. For credit bureaus, the consumer *is* the product, and credit bureaus make billions of dollars every year by aggregating and selling individuals' most personal financial information.

Credit bureaus have a duty to keep this data secure—that should be the absolute bare minimum standard that they should meet in order to be allowed to conduct business at all, and they're certainly making enough money to be able to meet this obligation. Yet, in Equifax's case, they did not take even basic steps to fix *known vulnerabilities* in their system when it was first disclosed to them in March 2017.[2] If Equifax had acted on this information as soon as they had it, hackers would not have been able to have ongoing access to Equifax's system data months later, from May to July 2017. Had Equifax taken simple steps to secure their system, this breach simply would not have happened. Nearly half of Americans would not be facing a *lifetime* of monitoring their credit reports, jumping through hoops to freeze and unfreeze their reports in order to be able to transact business, and sorting out the nightmare of identity theft and other fraud when it occurs.

Equifax's behavior after they discovered the breach was even worse. Equifax waited an additional *six weeks* to disclose the breach to the public. That is six weeks that American consumers did not know their data was compromised, and that they were vulnerable to identity theft. Equifax also initially attempted to force consumers into their terms of service (which includes a forced arbitration agreement) in order to try to protect themselves from a problem that Equifax itself caused. They have also revised-up the estimated total number of affected consumers at least twice since the initial disclosure.[3]

Two years on, it's safe to say that Equifax has not suffered any lasting damage—if any at all. After all, their customers are businesses and banks, not the consumers who have been forced into this system, and whose data they failed to keep secure. Had the FTC been able to levy fines, they would have amounted to $1.5 billion for this breach; only one year after its delayed disclosure to the public of the biggest data breach in history, Equifax reported quarterly revenues of $877 million, and had earned $145 million.[4] The proposed $700 million total settlement is a drop in the bucket for Equifax, and unlikely to motivate them or the other major credit bureaus to treat consumer information with the care it deserves.

Equifax's most recent quarterly report was released this week. They paid out dividends of $47.2 million to shareholders in the quarter ending September 30, 2019.[5] That is over one and a half times *more* than the amount allocated for alternative compensation. In the first nine months of 2019, they paid dividends of $141.4 million to shareholders—roughly a third to a half of the total amount earmarked for victims of the breach.[6] Shareholders made a choice to buy into Equifax, presumably knowing the risk of investment, including risk of loss, while the 148 million American consumers whose data was mishandled and lost by Equifax had no choice in the matter. They will see a fraction of the sum Equifax routinely pays to its own

[2] Lily Hay Newman, *Wired*, "Equifax Officially Has No Excuse", Sept. 14, 2017, https://www.wired.com/story/equifax-breach-no-excuse/

[3] Paul Davidson, *USA Today*, "Equifax finds an additional 2.4 million Americans impacted by 2017 data breach", March 1, 2018, https://www.usatoday.com/story/money/personalfinance/2018/03/01/equifax-finds-additional-2-4-million-americans-impacted-2017-breach/384381002/

[4] Glenn Fleishman, *Fortune*, "Equifax Data Breach, One Year Later: Obvious Errors and No Real Changes, New Report Says", Sept. 7, 2018, https://fortune.com/2018/09/07/equifax-data-breach-one-year-anniversary/

[5] Zacks Equity Research, "Equifax (EFX) Beats Q3 Earnings Estimates, Cuts '19 EPS View", Oct. 24, 2019, https://www.nasdaq.com/articles/equifax-efx-beats-q3-earnings-estimates-cuts-19-eps-view-2019-10-24

[6] PRNewswire, "Equifax Releases Third Quarter Results", Oct. 23, 2019, https://investor.equifax.com/news-and-events/news/2019/10-23-2019-215048462

shareholders, while facing a lifetime of stress, inconvenience, and financial risk. 148 million people will, at minimum, have to monitor their credit and jump through hoops to keep unauthorized users from abusing their financial data for the rest of their lives, while Equifax will skip away unscathed from a problem they caused.

I strongly urge you to reject this settlement. It is in no way fair, reasonable, or adequate compensation for the permanent damage done to the staggering number of consumers affected. Nor does it sufficiently punish Equifax for their negligence, nor deter other bureaus from similarly mishandling sensitive consumer information in the future.

Thank you,

Susan Schomburg

cc: Illinois Attorney General Kwame Raoul
100 W. Randolph St.
Chicago, IL 60601

3

R. HOMBURG
917 W. SUNNYSIDE AVE # 2S
CHICAGO, IL 60640

NOV 2 1 2019

NOV 18 2019 PM 5 L

S SUBURBAN IL 604

EQUIFAX DATA BREACH CLASS ACTION
SETTLEMENT ADMINISTRATOR
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91318
SEATTLE, WA 98111-9418

98111-941818

Sari McConnell
1378 Desoto Avenue
Burlingame, CA  94010

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received
SEP 23 2019
by JNDLA

September 18, 2019

Re: **Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**

Dear Administrator,

I am writing you to object to the Equifax Data Breach Class Action Settlement. Both my husband and I are members of the settlement class because we have had to freeze our credit scores indefinitely due to the Equifax Data Breach caused by Equifax's lax internal controls and external security measures.  This has created considerable inconvenience to use as we try to lease a car, refinance a mortgage, and each time we have to unfreeze and refreeze our scores so they do not get abused by outside parties who gain access to Equifax's database containing our personal information.  Equifax's primary business is to collect and keep safe this information, without our direct permission I might add,  and they did not take adequate measures to protect us.  We deserve compensation.

I have never objected to a class action settlement.

This settlement seems especially egregious.  I was entitled to a payout as a result of this settlement to compensate me for the inconvenience.  Equifax is now telling me I must **prove** I have credit protection (which I do) and also does not guarantee that they will pay out the amount they committed to paying its customers when I first filed as part of this settlement class.  This does not sound like a settlement to me.

I do not intend to appear at the Fairness Hearing in person or through a lawyer, but if someone would like to schedule a deposition with me by phone between 11/19/2019 and 12/05/2019, I will make myself available.

Too many people have been harmed by Equifax, and deserve more adequate compensation.

Sincerely,

Sari McConnell

SAN FRANCISCO CA 940

19 SEP 2019  PM 5 L

USA FOREVER

Equifax Data Breach
Class Action Settlement Administrator
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

SEP 2 3 2019

98111-941819

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT
Re: Equifax Data Breach Lawsuit

From: Seth Offenbach
4901 Henry Hudson Parkway West
Apt 6E
Bronx NY 10471

To: The Court and Judge

I am a member of the settlement class in the Equifax Data Breach and I object to the settlement. Equifax took my personal information without my consent, they allowed it to be stolen through (in my opinion) criminal negligence, they refused to be open and honest with myself about why and when this happened, when I went to get information from them I was on hold for an exceptionally long time, when I went to use their website it was either not working or slow (for several weeks), and the corporation was never forthright with myself or the public. Making matters worse, they settled for what amounts to basically nothing. Perhaps, if few Americans claim their settlement money, I will get $125 plus a few dollars for the hours spent figuring this out. But more likely it will be a lot less money which I receive. I would never trade my identity for approximately $125. This is not a fair settlement. If there are any doubts, please see what has happened to Equifax in the years since the breach occurred. The company is doing just fine, but all of my personal information has been exposed and I get *maybe* $125? This is ridiculously unfair. Please reject the settlement.

Please note that my claim number is **PM4XDZPAKG.** I know am a member of the class because I received several emails from Equifax, confirmed it on their website they set up, and have the claim number.

Please also note that I have never opposed any class action settlements in my life (or in my previous 5 years). I do note plan to appear at the Fairness Hearing nor do I plan on hiring a lawyer for this objection.

Sincerely

Seth Offenbach
sethoffenbach@gmail.com

Received
SEP 2 6 2019
by JNDLA

NEW YORK, NY 100

21 SEP 2019 PM 13 L

SEP 2 6 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

98111-941818

Seth Offenbach
4901 Henry Hudson Pkwy W Apt 6E
Bronx, NY 10471

November 6, 2019

VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Equifax Data Breach Class Action
Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

> Received
> NOV 0 8 2019
> by JNDLA

Re:  Equifax Data Breach Lawsuit Case No. 1:17-md-1800-TWT
     Objection Letter

Dear Settlement Administrator:

I am a member of the settlement according to www.equifaxbreachsettlement.com.  Attached is my completed claim form which I understand will not be affected by my objection.

The following is in response to the questions you ask in the objection instructions:

•   Why do I object?  Well, let me ask you this.  1) Why is Equifax still in business with full access to any information about my existence?  Equifax is a Credit Bureau.  They have all the information about all the people for all the time.  Protecting privacy is their wheelhouse.  Equifax is not Neiman Marcus whose expertise is fall fashion colors.  Equifax is fundamentally unfit for the job by orders of magnitude.  2) Why is credit monitoring by Equifax an option?  It has no value and may cause probable harm.  Would you let the surgeon who botched your operation do the repair surgery?  3) Why isn't free credit monitoring for life (by another credit bureau) being offered? The risk to victims is lifelong.  4)  Why shouldn't this be tried before a jury of average citizens?   We need a national conversation about the standard of care individual people should be afforded by "corporate persons".  *Those with the most power have the most responsibility and the higher standard of conduct, not the most privilege.*

•   Legal support for my objection:  Common sense and fairness to what should be the spirit of any law.

•   Class action settlements I have objected to since the beginning of time:  None.

•   I do not intend to appear at the Fairness Hearing or send an attorney.  Why?  Fixed income.

"Corporate personhood" is a legal fiction.  A cat can have kittens in the oven, but that does not make them biscuits.  You cannot jail or execute corporations for crimes they commit.  You slap the people who run them on the wrist as you're doing with Equifax.  Often those people form other corporations and continue on, or go to other corporations and continue on.  Can an individual who commits a crime and then legally changes their name or job continue on?  Can they do that without a criminal record or other consequence?  Equifax is not being dissolved.  Is Equifax too incompetent to fail?  Is the *Peter Principle* a legal defense now?  The sole purpose of our government is to protect and defend the individual (U.S. Const. pmbl.), not the corporations.  Equifax will continue on because, apparently corporations are more equal than people (*Animal Farm* reference).

Sharon Barbera
14557 N. 91st Street
Scottsdale, AZ 85260

SB/hs
encl.  Original Completed Claim Form

**USAA FEDERAL SAVINGS BANK**
10750 McDermott Freeway
San Antonio, Texas 78288



Ms. Sharon G. Barbera                                             October 30, 2019
14557 North 91st Street
Scottsdale, AZ 85260-7040

Dear Ms. Barbera:

Your letter addressed to Stuart Parker regarding your credit check monitoring was shared with me for review. I hope you find the following information helpful.

We confirmed that you have been enrolled in the CreditCheck® and ID Monitor service provided through Experian since September 15, 2017. You paid for the service in September of each year for the full year rather than being billed monthly. You most recently paid for another year of service in September 2019.

Ms. Barbera, please be assured that in addition to the credit report, your enrollment also includes the monitoring service. If you have any additional questions, Robert Casiano, of our staff, remains available to assist you and can be reached at (210) 531-USAA (8722), or (800) 531-8722, Extension 26292. We appreciate the opportunity to assist you with this matter.

Sincerely,

*Michael J. Rodriguez*

Michael J. Rodriguez
Manager, Advocacy and Member Relations
USAA Federal Savings Bank

👤 Account    Contact    Logout    ( Back to USAA )

# Thank you for Upgrading!

*First year*

## 1-Bureau Report Monthly Membership

*Experian CreditCheck*

Thank you for upgrading your membership. You are now eligible for one updated Experian® Credit Report & Score per month. Your next Experian® Credit Report & Score will be available on Sunday, October 15th 2017.

| New Report - 09/15/2017 | Dashboard |

## Customer Care

 Call us toll-free at 877-735-7785    *Experian*
Phone Hours
Mon – Fri 7:30am – 9:00pm,
Sat 10:00am – 6:00pm, Central Time

*Experian
for USAA
= 866 751 1320*

## Secure Website

 We value your security and privacy, and will actively protect what you share with us.

 (https://www.entrust.net/customer/profile.cfm?domain=usaa.experiandirect.com)

 (https://www.mcafeesecure.com/RatingVerify?ref=usaa.experiandirect.com)

👤 Account    Contact    Logout    Back to USAA

# Membership Upgrade



*First Year*
*9-15-2017*

## Select Your Report

⦿ 1-Bureau Monthly Membership

○ 3-Bureau Monthly Membership

*12 X $7.95 = $95.40 year*

$12.95

> Get the benefit of a monthly Experian® Credit Report and Score, Score updates and Alerts twice a month that notify you of changes to your Score Rank, along with a monthly summary and features like Card Replacement, Identity Monitoring and ChildSecure.

## Your Information

SHARON BARBERA
14557 N 91ST ST
SCOTTSDALE, AZ 85260

## Payment Method

○ Use Existing Card

⦿ Add New Card

## Credit/Debit Card

[redacted] 

## Expiration Date

October

2018

## Preferred Billing Option

○ Monthly $7.95

⦿ Annually $95.40

## Summary

1-Bureau Monthly Membership:     $95.40
Total:                           $95.40

## Payment Information

The credit card you select will be charged $95.40 today, and each year that you continue your membership once you submit your order below. You can cancel your membership by contacting us (/member#/settings/contactus) at any time and stop the billing. Prorated refunds of your current year's paid



Account | Contact | Logout | Back to USAA

# Purchase Credit Reports

As part of your membership, your next Report will be available on Sunday, October 15th 2017.

## Select Your Report

○ Experian Credit Report and Score      $9.95

◉ 3-Bureau Credit Report and Score      $24.95

## Your Information

SHARON BARBERA
14557 N 91ST ST
SCOTTSDALE, AZ 85260



## Payment Method

◉ Use Existing Card          ○ Add New Ca...

## Credit/Debit Card

XXXXXXXXXXXX3097

## Expiration Date

October 2018

## Summary

| | |
|---|---|
| 3-Bureau Credit Report and Score | $24.95 |
| Total: | $24.95 |

## Payment Information

When you click **Submit Secure Order** your credit card on file will be charged $24.95 once we deliver your 3-Bureau Credit Report. If we can't provide this Report, we won't charge your credit card. This transaction is non-refundable.

Click "Submit Secure Order" to accept the Terms and Conditions (/terms-and-conditions), acknowledge receipt of our Privacy Policy (/privacy-policy) and Ad Targeting Policy (/ad-targeting-policy) and agree to the terms, and confirm your authorization for Consumerinfo.com, Inc., an Experian® company, to obtain your credit score(s) and credit report(s) and submit your secure order.

Click "Submit Secure Order" to accept the Terms and Conditions (/terms-and-conditions), acknowledge receipt of our Privacy Policy (/privacy-policy) and Ad Targeting Policy (/ad-targeting-policy) and agree to the terms, and confirm your authorization for Consumerinfo.com, Inc., an Experian® company, to obtain your Credit Score(s) and Credit Report(s) and submit your secure order.

**Submit Secure Order**

*2nd year*

**Capital One®**

Visa Signature Account Ending in ▓▓
Sep. 16, 2018 - Oct. 15, 2018 | 30 days in Billing Cycle

## Transactions

Visit ▓▓▓▓ to see detailed transactions

### SHARON BARBERA #▓▓▓: Payments, Credits and Adjustments

| Date | Description | Amount |
|------|-------------|--------|
| Sep 26 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 28 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Oct 2 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |

### SHARON BARBERA #▓▓▓: Transactions

| Date | Description | Amount |
|------|-------------|--------|
| Sep 15 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 18 | Experian   *CreditReport 866-7511320 CA | $95.40 |
| Sep 19 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 21 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 21 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 22 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 22 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 25 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 26 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 27 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Sep 28 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |
| Oct 5 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ▓▓ |

| | | |
|------|-------------|--------|
| SHARON BARBERA ▓▓▓ Total | | ▓▓ |
| Total Transactions for This Period | | ▓▓ |

## Fees

| Date | Description | Amount |
|------|-------------|--------|
| **Total Fees for This Period** | | **$0.00** |

## Interest Charged

| | |
|--|--|
| Interest Charge on Purchases | $0.00 |
| Interest Charge on Cash Advances | $0.00 |
| Interest Charge on Other Balances | $0.00 |
| **Total Interest for This Period** | **$0.00** |

## Totals Year-to-Date

| | |
|--|--|
| **Total Fees charged** | **$0.00** |
| **Total Interest charged** | **$0.00** |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|-----------------|------------------------------|----------------------------------|-----------------|
| Purchases | 19.65% P | $0.00 | $0.00 |
| Cash Advances | 26.65% P | $0.00 | $0.00 |

P,L,D,F = Variable Rate. See reverse of page 1 for details.

300084



**Stay on top of your credit score.**
Monitor your credit score with CreditWise®,
built right into the Capital One® mobile app.

Text ONE to 80101 to download the app. Messaging & Data rates may apply.

**CapitalOne®**

**Visa Signature Account Ending in**
Sep. 16, 2019 - Oct. 15, 2019   |   30 days in Billing Cycle



## Transactions

Visit www.capitalone.com to see detailed transactions.

**SHARON BARBERA #7928: Payments, Credits and Adjustments**

| Date | Description | Amount |
|------|-------------|--------|

**SHARON BARBERA ▮▮▮ Transactions**

| Date | Description | Amount |
|------|-------------|--------|
| Sep 18 | Experian® Credit Report 866-7511320CA | $95.40 |

**SHARON BARBERA ▮▮▮ Total**

**Total Transactions for This Period**

## Transactions Continued

### Fees

| Date | Description | Amount |
|------|-------------|--------|
| | **Total Fees for This Period** | **$0.00** |

### Interest Charged

| | |
|---|---|
| Interest Charge on Purchases | $0.00 |
| Interest Charge on Cash Advances | $0.00 |
| Interest Charge on Other Balances | $0.00 |
| **Total Interest for This Period** | **$0.00** |

### Totals Year-to-Date

### Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate(APR) | Balance Subject to Interest Rate | Interest Charge |
|-----------------|------------------------------|----------------------------------|-----------------|
| Purchases | 19.65% P | $0.00 | $0.00 |
| Cash Advances | 26.65% P | $0.00 | $0.00 |

P,L,D,F = Variable Rate. See reverse of page 1 for details.

300084



**Stay on top of your credit score.**
Monitor your credit score with CreditWise®
built right into the Capital One® mobile app.

Text ONE to 80101 to download the app. Messaging & Data rates may apply.



City of Scottsdale Public Libraries

8/16/2019 2:08:30 PM

Print Release Terminal:   HP600G40167
        Receipt Number:   -10743


Job Number:      112565          0.25
        Printer:   Black & White
        Pages:   1 @ 0.25

Job Number:      112569          0.50
        Printer:   Black & White
        Pages:   2 @ 0.25

Job Number:      112566          0.25
        Printer:   Black & White
        Pages:   1 @ 0.25

TOTAL                            1.00
            (Total Pages: 4)

**Payment Information**

Payment Method:              Credit Card
Total Amount Paid:           1.00
===Credit Card===
Amount Paid:                 1.00


Transaction Reference Number   833919270
Transaction Id                 ff8080816b8ada51016c9c42aa9606d8

City of Scottsdale Public Libraries

8/19/2019 2:17:46 PM

Print Release Terminal:   HP600G40167
Receipt Number:   -10773

| Job Number: | 112645 | 0.25 |
| Printer: | Black & White | |
| Pages: | 1 @ 0.25 | |

| Job Number: | 112644 | 0.25 |
| Printer: | Black & White | |
| Pages: | 1 @ 0.25 | |

| Job Number: | 112643 | 0.25 |
| Printer: | Black & White | |
| Pages: | 1 @ 0.25 | |

| Job Number: | 112642 | 0.25 |
| Printer: | Black & White | |
| Pages: | 1 @ 0.25 | |

| Job Number: | 112641 | 0.25 |
| Printer: | Black & White | |
| Pages: | 1 @ 0.25 | |

TOTAL                                     1.25

(Total Pages: 5)

**Payment Information**

| Payment Method: | Credit Card |
| Total Amount Paid: | 1.25 |
| ===Credit Card=== | |
| Amount Paid: | 1.25 |

| Transaction Reference Number | 851119663 |
| Transaction Id | ff8080816b8ada51016cabbe39ad0754 |

City of Scottsdale Public Libraries

8/21/2019 3:35:34 PM

Print Release Terminal:   HP600G40167
Receipt Number:   -10791

Job Number:   112681          0.25
        Printer:   Black & White
        Pages:   1 @ 0.25

Job Number:   112688          0.25
        Printer:   Black & White
        Pages:   1 @ 0.25

Job Number:   112682          0.25
        Printer:   Black & White
        Pages:   1 @ 0.25

TOTAL                         0.75
              (Total Pages: 3)

## Payment Information

Payment Method:              Credit Card
Total Amount Paid:           0.75
===Credit Card===
Amount Paid:                 0.75


Transaction Reference Number     862559790
Transaction Id               ff8080816b8ada51016cb6522c7107aa



U.S. POSTAGE PAID
SCOTTSDALE, AZ
NOV 05, 19
AMOUNT
$7.60
R2304N117504-44

98111

1000

NOV 0 8 2019

7019 1120 0000 7590 3665

CERTIFIED MAIL

Shay Barbra
14557 N. 91st Street
Scottsdale, AZ 85260

Equifax Data Breach Class Action
Attn: Settlement Administrator
c/o JND Legal Administration
P.O. Box 91318
Seattle WA 93111-9418

133 Bradshaw Drive, #312
Prescott, AZ 86303
November 15, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

```
Received

NOV 1 8 2019

by JNDLA
```

Re: *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Administrator:

I am an Equifax Settlement Class Member and wish to exercise my right to tell the Court what I think of the proposed settlement. I object to the settlement because I don't think it is fair, reasonable, or adequate.   My reasons are provided below as to why I believe the Court should not approve it. I ask the Court to deny the settlement as it is.

Equifax has confirmed via telephone that my personal information was included in the Equifax Security Breach and I am therefore a member of the settlement class.

I object to the proposed settlement because according to information at the www.equifaxbreachsettlement.com;
   It is **unfair** to victims in the following ways:
      - proposed compensation does not begin to recompense me for all the time spent attending to the personal and financial emergency caused by the negligence of Equifax; i.e. trying to get reputable information from any and all entities related to this fiasco which was stressful,  infuriating and extremely time consuming;
      - my cash compensation should not be determined by the number of victims; it should be  determined by the value of the damage or prospective damage;
      - the choice of cash compensation for credit monitoring does not begin to make victims make whole;
      - this settlement appears to be protecting Equifax not Equifax's victims

   It is **inadequate** in the following ways:
      - time limits for Credit Monitoring Services and Identity Restoration Services do not adequately reflect the reality of unknown future cost and damages related to identity theft and fraud; my identity is at risk for the rest of my life due to Equifax's negligence; this causes considerable anxiety and stress
      - Credit Monitoring Services offered are not adequate protection for victims;
      - the Consumer Restitution Fund appears to be inadequately funded to pay all appropriate claims

   It is **unreasonable** for the following reasons:
      - the requirement for documentation is unduly burdensome for some; the time around the  announcement of the breach was a hectic and stressful time; the priority for me was to try to get credible information about exactly  what happened, how it might impact me and how to protect myself; I was not in a state of mind to keep detailed records of time spent researching, calling, writing and reviewing correspondence
      -it appears that too high a portion of the settlement is allocated to non-victims
      - in my case, free credit monitoring isn't of value as I have been forced by this breach to put a freeze on my credit report from each of the three agencies.

I have not been involved in or objected to any class action settlements in the previous five (5) years.

I do not intend to attend the Fairness Hearing due to health and financial considerations.

Shea R. Richland           *Shea Richland*                    11-15-19
                                                              Date



Shea Richland
133 Bradshaw Drive, #312
Prescott, AZ 86303

NOV 18 2019

PHOENIX AZ 852

15 NOV 2019 PM 4 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

FOREVER USA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

```
┌─────────────────────┐
│   Received          │
│                     │
│   OCT 0 8 2019      │
│                     │
│   by JNDLA          │
└─────────────────────┘
```

**In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT**


To whom it may concern,

   I am a member of the referenced settlement as confirmed by the Settlement Administrator's website. I am writing to tell the Court that I object to the settlement and believe it to be woefully inadequate. There were 147,000,000 victims in this breach, to even propose a cash settlement of $125 indicates that it was believed only 248,000 victims would select the cash option ($31 million settlement divided by $125), 0.17% of the total number of victims. As such, the offer of $125 cash settlement was clearly not realistic (perhaps even offensive) and never should have been proposed, given only $31 million was put aside to cover the payments. The damage incurred by this breach to people's privacy and security has been enormous; the settlement doesn't come close to addressing that. I have not objected to any class action settlements in the previous 5 years. I do not intend to appear at the Fairness Hearing.


Thank you for your consideration,


Simon Ogden
214 E 25th St, Apt 4RW
New York, NY 10010



USA
FOREVER
87509050612225

NEW YORK,
NY 100
'05 OCT '19
3PM 13 L

J. Lyner
214 E 23rd St, 4RW
New York, NY 10010

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
C/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111 - 9418

OCT 08 2019

98111-941810

Sonali Talsania, MD
3250 NE 1st Ave
Miami, FL 33137

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

Received
AUG 1 2 2019
by JND

To Whom It May Concern,

In re: Equifax Inc. Customer Data Security Breach Litigation

I am a member of the settlement class in this case, I have verified by checking the data breach settlement website that I was in fact impacted.

I object to the class action settlement as it currently stands. The information lost in the hack of this data, specifically the social security information, plus those affected at risk for an entire lifetime. I have to assume for the rest of my life someone could use my social security number. The offered compensation of up to 10 years of credit monitoring is not at all adequate, as it is completely possible that the stolen information could be sold to another party and abused 20 or 40 years in the future. In addition, no matter what the credit monitoring services provide even for the 10 years covered by the settlement, there will be still be a risk during those years of identity theft which could cost on average $600 and over 200 hours of work according to information Experian itself provides. People whose data was exposed will require a lifetime of credit monitoring, which means that by allowing this data breach, Equifax has actually created 147 million customers who will be paying them for their services for an unspecified time. Instead of being punished for its failings, Equifax will eventually be rewarded for its mistake of losing our data. Equifax should be required to spend time and money in this settlement working with the government to create a system to ensure that the consumers affected have some sort of new protected information instead of relying on their social security numbers, which are now completely useless and unprotected. This settlement completely fails those of us who have been affected by this breach.

I have not objected to any other class action settlements in the last 5 years.

I will not be attending the Fairness Hearing.

Sincerely,

Sonali Talsania, MD

MIAMI FL 331

07 AUG 2019 PM 2 L

AUG 1 2 2019

AUG 1 2 2019

Equifax Data Breach Class Action Settlement Administrator
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

98111-941818

S. Totsonie
3250 NE 1st Ave
Miami, FL 33137



**Equifax Data Breach Class Action Settlement Administrator**
**Attn: Objection**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT,

Sonja Glaaser Miller and David Weston Miller

5401 SE 44th Ave, Portland Oregon 97206

We have each filed and have been told we have a valid claim.  Our claim numbers are:

**PMGJ3DKL8C  and PE8C5MYG9D**

We requested and paid for a credit freeze in 2017 for each credit bureau so do not need credit monitoring because a credit check for new accounts cannot be made without us unfreezing our information.  Therefore to have paid credit monitoring as required in the most recent notice on this settlement would be redundant.

We want the $125 settlement check for each of us as offered, as it helps compensate for paying to have our credit information frozen and as minor reparation for Equifax losing our data.

We have not objected to any class action settlements in the past 5 years.

We do not intend to appear at the Fairness Hearing nor have we obtained an attorney.

We do hope the judge will read this letter.

Sincerely,

Sonja Glaaser Miller and David Weston Miller



PORTLAND OR 972

30 SEP 2019 PM 5 L

Received
OCT 02 2019
by JNDLA

Equifax Data Breach Class Action
Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle WA 98111-9418

Ms. Sonja G. Miller
5401 SE 44th Ave.
Portland, OR 97206



Nov 4th, 2019

Sender's Address:
Spencer Vore
2211 Pratt St Apt B309
Longmont CO, 80501

Received
NOV 0 7 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

To the United States District Court for the Northern District of Georgia,

This letter is in regards to the *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. I am a member of the settlement class because I submitted claim number P5XVC-WZAYR on July 26, 2019 on the Equifax Settlement Website.

I object to the settlement as is and I think it is unfair. The compensation Equifax is providing is inadequate to compensate against the lifetime risk of identity theft that members of the settlement class now have to live with. For example, it has been reported in the news that if the maximum of $31 million in claims is divided between all 147 million people affected by the data breach, each victim will only be compensated with a mere 21 cents! One such source of this information was published in a New York Times editorial entitled *Equifax Claims May Not Get You $125* on July 29th, 2019: https://www.nytimes.com/2019/07/29/opinion/equifax-settlement.html. In addition, victims who receive the 4 years of credit monitoring could still be the victims of identity theft after the credit monitoring expires. Finally, the settlement fund is not large enough to properly deter other large corporations from neglecting their own information security and sets a bad precedent for future lawsuits involving information security and identify theft.

All the victims of this data breach deserve proper compensation that fully reflects the damage and identity theft risk they will be burdened with for the rest of their lives. I do not think 21 cents properly compensates victims for this lifetime of risk and damage. The postage stamp I used to mail this letter is already worth more than 21 cents.

Although I have been a member of several other class action lawsuits over the last 5 years, this is the first settlement that I have felt strongly enough about to object to. Unfortunately, I neither have the time nor resources to attend the Fairness Hearing in person or through a lawyer, so this letter will have to fully represent my concerns.

Best Regards,

*Spencer Vore*

Spencer Vore

Note: I previously mailed a copy of this letter but forgot to sign the letter.



Security Page

Spencer Vore
2211 Pratt St Apt B 309
Longmont CO, 80501

NOV 0 7 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

DENVER CO 802

04 NOV 2019 PM 7 L

FOREVER USA

Nov 4th, 2019

Sender's Address:
Spencer Vore
2211 Pratt St Apt B309
Longmont CO, 80501

```
┌─────────────────────┐
│     Received        │
│                     │
│   NOV 0 7 2019      │
│                     │
│    by JNDLA         │
└─────────────────────┘
```

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418


To the United States District Court for the Northern District of Georgia,

This letter is in regards to the *Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT. I am a member of the settlement class because I submitted claim number P5XVC-WZAYR on July 26, 2019 on the Equifax Settlement Website.

I object to the settlement as is and I think it is unfair. The compensation Equifax is providing is inadequate to compensate against the lifetime risk of identity theft that members of the settlement class now have to live with.  For example, it has been reported in the news that if the maximum of $31 million in claims is divided between all 147 million people affected by the data breach, each victim will only be compensated with a mere 21 cents! One such source of this information was published in a New York Times editorial entitled *Equifax Claims May Not Get You $125* on July 29th, 2019: https://www.nytimes.com/2019/07/29/opinion/equifax-settlement.html.  In addition, victims who receive the 4 years of credit monitoring could still be the victims of identity theft after the credit monitoring expires.  Finally, the settlement fund is not large enough to properly deter other large corporations from neglecting their own information security and sets a bad precedent for future lawsuits involving information security and identify theft.

All the victims of this data breach deserve proper compensation that fully reflects the damage and identity theft risk they will be burdened with for the rest of their lives. I do not think 21 cents properly compensates victims for this lifetime of risk and damage. The postage stamp I used to mail this letter is already worth more than 21 cents.

Although I have been a member of several other class action lawsuits over the last 5 years, this is the first settlement that I have felt strongly enough about to object to. Unfortunately, I neither have the time nor resources to attend the Fairness Hearing in person or through a lawyer, so this letter will have to fully represent my concerns.

Best Regards,


Spencer Vore

Security Page

Spencer Vore
2211 Pratt St. Apt 8309
Longmont CO, 80501

NOV 0 7 2019

DENVER CO 800
07 NOV 2019 PM 7 L

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818



76 Columbia Ave.
Long Branch, NJ 07740
November 16, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Received

NOV 2 1 2019

by JNDLA

In re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT

I am a member of the settlement class in this case: I have received multiple emails from Equifax inviting me to follow a link to a website which in fact confirmed that my personal data was compromised due to Equifax's carelessness. Equifax also gave me the opportunity to declare my choice of remedy. I opted for the supposed $125 payment and confirmed that I am currently enrolled in a credit monitoring service, MyIDCare. I have followed all of these steps at least twice in response to separate emails from Equifax.

I object to this settlement for the following reasons: First, the supposed compensation is grossly inadequate when measured against the exposure of my personal information and the potential resulting financial harm to me. Second, it has been reported (https://www.nytimes.com/2019/09/16/opinion/equifax-settlement.html) that Equifax has vastly underfunded their commitment to settle this case. Finally, as the New York Times article observes, Equifax has one job, and they failed to do it.

I have not previously objected to any class action settlements to which I was a party.

I do not intend to appear at the Fairness Hearing.

I am not represented by counsel in this matter.

Stephen Boone

Mr. Stephen Boone
76 Columbia Ave
Long Branch, NJ 07740

NOV 2 1 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

TRENTON NJ 085

18 NOV 2019 PM 8 L

U-S-A

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418


16 September 2019


Re: Equifax Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800-TWT
Objection



Honorable Thomas W. Thrash Jr, and the court:


I am a victim of the Equifax data breach and was informed by Equifax that my personal
information was exposed. While initially satisfied with the announced settlement terms - $125
per victim – I object to the current settlement that would see victims of the breach
compensated with a few pennies.

After learning of the breach, I froze all of my credit accounts, which took the better part of a
weekend day. I also had to pay fees to each – this was before the legislation that made freezes
and unfreezes free. I paid another fee to unfreeze an account temporarily.

What is maddening about Equifax's behavior and the low-ball settlement is that I did not
choose to do business with Equifax. It wasn't a company I sought out because I trusted its
management, policies or reputation. Instead, because I'm an adult in America and participate in
our economy, Equifax made me a customer and then exposed my sensitive data.

The initially announced settlement amount is fair and reasonable. A discounted award is not
and I object to the settlement terms.

I have not objected to any other class action settlement before today.

Thank you.


*Stephen F Elliott*

Stephen F. Elliott

Received
SEP 2 6 2019
by JNDLA

Mr. Steve Elliott
PO Box 195
Avery, CA  95224-0195

SACRAMENTO CA 957

23 SEP 2019 PM 3 L



FOREVER / USA

Equifax Data Breach Class Action
Settlement Administrator

Attn: Objection
C/o  JND Legal Administration         SEP 2 6 2019
P.O. Box  91318
Seattle, WA   98111- 9418

September 20 ,2019

Equifax Data Breach Class Action Settlement Administrator
Attn:  Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

> Received
> SEP 24 2019
> by JNDLA

Re:  *In re: Equifax Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT

Dear Sir/Madam:

I have confirmed via on-line resources that I am a member of the settlement class. I have not objected to any other class action settlement in the previous five years. I do not intend to appear at the fairness hearing and ask that the Court please consider my written objection to this proposed settlement for the following reasons.

I originally was heartened to hear that a substantial settlement of some $700 millions had been agreed. However, recent articles in the press have highlighted that the settlement is misleading since in real terms only a few millions have been earmarked for claims, potentially resulting in only pennies being received by individual claimants. This is completely unacceptable.

Credit bureaus are an inescapable fact of life. Anyone seeking credit has no choice. His/her information will end up in a credit bureau data base. Thus, it is particularly egregious when a business such as Equifax – whose very business is to collect and store the most sensitive financial and personal data of people – fails so dismally to protect that information exposing some 147 million people. Equifax actually markets products intended to protect people from hacking, so it is quite ironic that credit monitoring service becomes a major part of the proposed settlement.  Why should anyone affected by this breach accept this type of settlement offer from the very business that is incapable of protecting itself?

I believe that the current monetary payment settlement scheme is inadequate and therefore objectionable.  It should be rejected by the Court and the parties ordered to return to negotiations to effect a settlement that more fairly compensates people whose information has been exposed.  In addition, the settlement should include commitments by Equifax detailing precisely the steps it is taking and will continue to take to prevent this type of breach from ever again occurring. Further, anyone whose information is stored in Equifax's data bases should be able to implement a credit freeze without cost, including ability to unfreeze their account on an unlimited basis.

Sincerely,

Stephen M. Rogers
17 Benton Drive
Bloomfield, CT 06002
(860) 243-2651
smrogers76@gmail.com

cc:     William Tong, Attorney General
        State of Connecticut
        55 Elm Street
        Hartford, CT 06106

Stephen M. Rogers
17 Benton Drive
Bloomfield, CT 06002

SEP 2 4 2019

HARTFORD CT 060
21 SEP 2019 PM 3 L



Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

98111-941818

737 Ridge Ave, Apt. 4J
Evanston, IL  60202

September 26, 2019

Received
SEP 30 2019
by JNDLA

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

Dear Judge Thrash,

This is in response to the Equifax Data breach (*In re: Equifax Inc. Customer Data Security
Breach Litigation*, Case No. 1:17-md-2800-TWT), and the proposed class action settlement.
I don't feel it is sufficient at all for the following reasons:

- The settlement allows for only ten years of credit monitoring, for something that will be
  haunting me, and all impacted, for life.  All a bad actor needs to do is wait ten years and
  then unleash trouble on me.
- The amount of time required to deal with this will also be significant, and each person
  impacted should receive compensation for the time, which will go beyond just this initial
  response.
- The settlement does not address the breach of trust that the data loss represents.  I as a
  consumer entrust my very personal information to this reporting agency, trusting it to
  only release it for proper purposes.  Equifax failed to do that in this case, and for its
  violation of trust, should be compensating each person so impacted.  Simple credit
  monitoring (a service they already deliver and is really little incremental cost to them)
  does not address repairing trust.

Note that I have never objected a class action lawsuit, and never written a letter like this
before.

I will not be able to travel in December for the hearing.

Thank you for considering my response.

Cordially,

Steven Fischer

Steven Fischer



Steven Fischer
**Buffalo Trading International**

737 Ridge Ave
Evanston IL 60202

CAROL STREAM IL 601
26 SEP 2019 PM 11

SEP 30 2019

Equifax Data Breach Class Action Settlem. Administrator
Attn OBJECTION
c/o JND Legal Administration
PO Box 91318
Seattle WA 98111-9418

98111-941818

**Steven Ginzberg**

**11 Riverside Drive, Apt 8RW**

**New York, NY 10023**

**Email: steven@ginzberg.net**



September 23, 2019

Equifax Data Breach Class Action Settlement Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

The proposed settlement by the FTC of the Equifax data breach is unacceptable and should be rejected. This settlement is inadequate based on 1) the out-of-pocket costs the damaged parties incurred; 2) the potential future losses; and 3) the negligence involved.

- As a direct result of the Equifax Breach, I signed up for LifeLock at a cost of approximately $250 per year.  While Equifax immediately offered free credit monitoring (even prior to the settlement), I determined they could not be trusted with even more data.  Also, only an independent party would have the incentive to identify threats/losses.
- The loss of so much sensitive data is permanent and irreversible.  My paying for a monitoring service is meant to minimize losses, but the future losses could be high for as long as 10 years.
- Finally, the cost of auditing and securing data is small and quantifiable, the penalty for not securing the data (and the permanence of the loss) should be a signal for other companies.

Thank you for listening to me.

Sincerely,

Steven Ginzberg

Steven Ginzberg
11 Riverside Dr
New York, NY 10023

SEP 27 2019

Equifax Data Breach Class Action Settlement
Administrator
Attn: Objection
c/o JND Legal Administration
PO Box 91318
Seattle, WA 98111-9418

98111-941818

NEW YORK NY 100

24 SEP 2019 PM 1

USA
FOREVER



Steven Franklyn Helfand

1400 SW 137th Avenue, F112

Pembroke Pines, FL 33027

954.447.3315

1400steven.helfand@gmail.com

November 16, 2019

Equifax Data Breach Class Action Settlement Administrator Attn: Objection

c/o JND Legal Administration

P.O. Box 91318

Seattle, WA 98111-9418

Dear Judge Thrash:

I wanted to voice my strong support for the proposed settlement.  It is a wonderful proposed settlement for class members, like me, who have been repeatedly victimized by what seems to be the never-ending hapless misconduct from credit reporting agencies.  Routinely, in the past, settlements only offered minimalistic, if not illusory, monitoring services, but never presented any genuine and meaningful opportunity for obtaining lost time and expense, let alone the damages occasioned by these data breaches.  By the same token, prior proposed settlements were not designed to be consumer friendly and the claim's process has been made so difficult to comprehend much less complete, most class members simply took a pass.

The amount of time and the agony of dealing with reporting agencies that give short-shrift to consumers and operate from a standpoint of being, at least according to them,

infallible, know matter how egregious their misconduct, means that getting a fair hearing, let alone, due, or any, process, virtually, impossible. All of this combined makes data thefts so devastating to class members, such as myself. Being able to get made, partially whole or, perhaps, here, entirely whole, is a very significant benefit and achievement. The precedent set may even be more important, so as to raise the bar for proposed settlements across the spectrum, but especially in data breach cases.

The website designed by the class action attorneys is simple to use and easy to complete - and allows submittals later, recognizing not all documentary materials are available to class members and supplementation is appropriate as new information becomes available. I cannot say enough about the simplicity of the website, the ease to provide information and its accessibility. Its design was carefully made to bring in claims and not defeat or stymie them. I believe the website is so well-done it is worthy of mention and should the court find any real or imagined defects with this proposed settlement, it must all be carefully balanced against any harm to the class by reshaping something that appears to be exceptionally well crafted.

As to my claim, I will be trying to gather documents and have some but not all materials I need at this point, and will be presenting them at the appropriate time after pulling them all together upon final review. I am optimistic that after years of phony and contrived class action settlements, this is finally one that shall get class members reimbursed for the malfeasance of a credit bureau which has been running "totally out of control" for years. It is about time they are reigned in. Thank you.

I fully support a very large award of fees paid to class counsel. However, at this point I am concerned that $79 million is just too much, especially in this flat economy. Moreover, it would be tone-deaf in an action involving credit reporting for hourly rates to exceed $500. Courts must begin to impose some limits; with most ordinary people earning minimum wage or less than $20 an hour, it is simply unfair in a mass consumer class action for the hourly rates to be structured at such exorbitant levels. It strikes me as too large and too much - but I am open to revising / withdrawing this objection after reviewing the work further. I just learned of the settlement on November 16, 2019 and submitted a claim, PEL7N-WQZJX. Based on the website and the overall contours of the deal, an award of at least $25 million to $30 million seems more than valid and highly appropriate, not withstanding very real and genuine concerns about hourly rates. I may

revise this to support the entire award once I sift over the countless pages that in fairness shows, at least as to the limited materials I have reviewed, extraordinary and exemplary work. Indeed, from what appears so far, work must be rewarded and the class should not be able to reap a windfall on the backs of solid attorneys for outstanding results. Any award exceeding $45 million certainly strikes me as excessive and fails to take into account that the class could have conducted a reverse auction to obtain legal counsel.

I have objected to class action settlements in the past five years. It would be more than twenty cases, at minimum. I can get you this information later if pertinent but do not have any of my records available due to a massive casualty that has wrecked all my personal contents. It will take me some time to get these. However, I do not believe this letter should be disqualified because of my late notice of this proposed settlement. I did not receive a notice; but this is simply because it is likely notice passed me as a result of an address change I made and then the casualty. I likely shall not be appearing at the hearing unless there is any thing that requires my appearance.

I am available for deposition, if the parties need me to give one. Simply contact me via email and we can arrange a date. I can be available any day and time for the week of November 18th. If a deposition is to be set, please set it in Fort Lauderdale, Florida, if possible. Service of any subpoena is waived.

Sincerely,

Steven F. Helfand