# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Suite 1600
Atlanta, GA 30309-3521
www.kslaw.com

Phyllis B. Sumner
Direct Dial: +1 404 572 4799
Direct Fax: +1 404 572 5100
PSumner@kslaw.com

December 6, 2019

**VIA ECF**

The Honorable Thomas W. Thrash, Jr.
Chief United States District Judge
U.S. District Court for the Northern District of Georgia
Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Re: *In Re: Equifax, Inc. Customer Data Security Breach Litigation*
MDL No. 2800 (N.D. Ga.)

Dear Judge Thrash:

In accordance with the Court's direction at the November 26, 2019 status conference, Equifax respectfully submits this letter brief concerning the mootness of the FI Plaintiffs' August 12, 2019 letter seeking to compel the production of a binder of selected documents (the "Payne Binder") that Equifax's outside counsel King & Spalding ("K&S") provided to counsel for former Equifax employee Graeme Payne in connection with preparing Mr. Payne to testify in various government, regulatory, and Congressional investigations arising out of the 2017 security incident. (*See* Dkt. 791). As discussed more fully in Equifax's August 22, 2019 responsive letter brief, K&S attorneys selected thirty-seven documents for inclusion in the binder out of the tens of thousands of documents that Equifax had produced to those investigative bodies based on counsel's impressions and conclusions regarding the relationship between those documents and the areas of inquiry in the various investigations. This document compilation is, therefore, classic attorney work product and is non-discoverable. Moreover, not only is the Payne Binder non-discoverable, Plaintiffs cannot possibly demonstrate any prejudice here because Equifax has already produced each of the documents in the binder.[1]

In their initial letter brief, the FI Plaintiffs claimed they had a "substantial need" for the Payne Binder in order "to thoroughly and efficiently examine Payne," and so they could

---

[1] The binder also contained one document that is publicly available online.

The Honorable Thomas W. Thrash, Jr.
December 6, 2019
Page 2

determine "in advance, which documents he possesses and which ones he may have relied on or referred to when testifying previously." (*See* Dkt. 791 at 4). Notwithstanding this alleged need, the FI Plaintiffs elected to proceed with deposing Mr. Payne on November 25, 2019 for a full seven hours of testimony. Significantly, the FI Plaintiffs proceeded with Mr. Payne's deposition early in discovery, well before the substantial completion of document production deadline, and without awaiting the Court's ruling on their request. They could easily have waited for a ruling, but obviously decided they did not need the binder to proceed.

The FI Plaintiffs thoroughly deposed Mr. Payne on the 2017 incident, among other topics, over the course of his 7-hour deposition, and further examined him on thirty-five deposition exhibits, almost half of which Mr. Payne testified were in the Payne Binder (without identifying specifically which documents presented during the deposition were contained within the Payne Binder):

```
16    Q   Okay.  Were there any documents in the
17   binder that Equifax gave you that we haven't seen
18   today?
19    A   Yes.
20    Q   How many?
21    A   Probably 20 maybe.
22    Q   How many documents were in the binder?
23    A   35 or so probably.  35 tabs, I think.
```

(Payne Rough Dep. Tr. at 301:16-23).

The FI Plaintiffs' deposition of Mr. Payne for a full 7 hours of testimony, without any reservation of rights at the conclusion of his deposition, moots their purported need for the Payne Binder. The FI Plaintiffs' counsel thoroughly examined Mr. Payne and reviewed with him thirty-five exhibits, asking if he previously saw or reviewed these exhibits. Having deposed Mr. Payne for a full seven hours, the FI Plaintiffs' examination of Mr. Payne is complete—their purported need for the Payne Binder is now moot, and they cannot demonstrate the extraordinary or rare circumstances required for the Court to order its disclosure. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) ("Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories" "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances."), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994). Moreover, given that Equifax has already produced each of the documents in the binder, the FI Plaintiffs' motion to compel is moot because there are no additional documents requiring production. *See Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *5 (N.D. Ga. Mar. 21, 2014). Instead, the FI Plaintiffs' continued demands for the Payne Binder suggests its true value is Equifax's counsel's non-discoverable theories and impressions that K&S's compilation would invariably reveal. *See Kodak Graphic Commc'ns Can. Co. v. E.I. du Pont de Nemours & Co.*, No. 08-CV-6553T, 2012 WL 413994, at *5 (W.D.N.Y. Feb. 8, 2012) ("[W]here the requesting party already has 'all relevant, non-privileged evidence,' its demand that the opposing party disclose its attorney's selection and compilation of certain documents is often a thinly-veiled

The Honorable Thomas W. Thrash, Jr.
December 6, 2019
Page 3

effort 'to ascertain how [counsel] intends to marshal the facts, documents, and testimony in [their] possession, and to discover the inferences that [counsel] believes properly can be drawn from the evidence is has accumulated.'"); *see also United States ex rel Bibby v. Mortg. Inv. Corp.*, No. 1:12-CV-4020-AT, 2016 WL 10999266, at *1 (N.D. Ga. Mar. 2, 2016) (holding that selection of documents communicated by relators' counsel to government was "unquestionably work product"); *Phx. Nat'l Corp. v. Bowater U.K. Paper Ltd.*, 98 F.R.D. 669 (N.D. Ga. 1983) (upholding work product objections as to questions that "are designed to elicit information which goes beyond the underlying facts").

For these reasons, and the reasons set forth more fully in Equifax's August 22, 2019 letter, the Court should deny the FI Plaintiffs' request for an order compelling production of the Payne Binder as moot because their purported need for this work product no longer exists, and the underlying documents have already been produced or are otherwise publicly available to the FI Plaintiffs.

Respectfully submitted,

KING & SPALDING LLP

Phyllis B. Sumner