IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 <br> ) Case No.: 1:17-md-2800-TWT <br> ) <br> ) CONSUMER ACTIONS <br> ) <br> ) |

**DECLARATION OF JOHN W. DAVIS IN SUPORT OF OBJECTION TO PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND SERVICE AWARDS**

**[Fed. R. Civ. P. 23(h)(2)]**

I, John W. Davis, declare as follows:

1. I am over the age of 18. I have personal knowledge of the matters stated herein and, if called as a witness, could testify competently thereto.

2. I make this declaration to correct the record concerning Plaintiffs' *ad hominem* allegations, wherein they purport to ensure that my motive for objecting in this action is "appropriate" based on my work in previous cases. DE900-1 at ECF 39-40; DE901 at ECF4, fn. 3.

3. My objection to the requested attorneys' fee and incentive awards overtly is intended to advance a good faith argument for clarifying

Page - 1 -

the state of class-action jurisprudence on fee calculations in light of Supreme Court decisions including *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010), and pending federal appeals court cases including *In re BHP Billiton Ltd. Sec's. Litig.* (2d. Cir. No. 19-1378). The resolution of these and similar emerging cases, either before the Eleventh Circuit or before the Supreme Court of the United States, may substantially influence the fee determination in this case and could result in a substantial benefit for the class. Consequently, I cannot conclude it is a burden for this Court to consider these arguments.

4. I have never been sanctioned or disciplined by any court or administrative body. With regard to representation of objectors to class action settlements, courts have occasionally overruled or disagreed with my clients' objections. However, no court has held that any objection that I prepared was frivolous or otherwise not directed at the issues presented by the case. No court has found me, or any client of mine, to be a "vexatious" litigant.

5. Some of the objection cases I have litigated have resulted in substantial financial benefits to the class or important precedential appellate decisions. *See, e.g., Coburn v. Stamps.com, Inc.* (Los

Angeles Sup. Ct. No. BC 353721), (after briefing on appeal, the settling parties agreed to make a second distribution of transferrable settlement relief); *Foos v. Ann Taylor, Inc.* (U.S.D.C. S.D. Cal. No. 11-cv-2794), (successfully moved to require the settling parties to disclose publicly the number of claims for vouchers made in the settlement.); *Davis v. Cole Haan, Inc.* (U.S.D.C. N.D. Cal. No. 11-01826) (successfully moved for an order requiring class counsel's attorneys' fees to be calculated under the contingent "coupon" fee provisions of the Class Action Fairness Act, which resulted in a fee some 90% lower than the fee defendant had originally agreed to pay under the settlement); *Rodriguez, et al. v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) (represented one of only two objectors' groups to be awarded fees for assisting in eliminating $325,000 in unfair "incentive" payments); *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (agreeing that attorneys' fees requested were too high, and should be measured against the fund actually paid out by the defendant, rather than the total fund made available); *Chieftain Royalty Co. v Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455(10th Cir. 2017) cert. denied sub nom. *Chieftain Royalty Co.*

*v. Nutley*, 139 S. Ct. 482 (2018) (reversing and remanding percentage fee award and incentive award because district court applied incorrect law).

6. Plaintiffs' citations in support of their expressed concerns regarding my "motives" are either inapposite, or simply false. In *Muransky v. Godiva Chocolatier*, 2016 WL 11601079, at *3 (S.D. Fla. Sept. 16, 2016), plaintiffs cite to a magistrate's report and recommendation which was never adopted by the Court. In fact, it was explicitly rejected by the Court. The Muransky district court neither "found" me to be a so-called "serial" or "professional" objector, nor did it adopt Magistrate Judge Snow's report and recommendation and its offhand disparagement of the objectors and their counsel in that case. On the contrary, District Judge William P. Dimitrouleas found, in the District Court's Final Order and Judgment in the case, that the objectors in Godiva had filed "meaningful objections." Muransky, DE99, Final Judgment, at 6, ¶11(l). Moreover, the District Court ruled on them expressly "ignoring Judge Snow's comments regarding 'professional objectors,'" as follows:

> The Court permitted objections to be filed both
> before and after the filing of the motion for final

> approval of the settlement and the motion for attorneys' fees, and ***meaningful objections were in fact filed*** both before and after the filing of those motions. The Court also permitted the filing of objections for five additional days after the Court conducted the fairness hearing. The Court has reviewed de novo the objections of any Class Members who has filed objections and has taken them into full consideration. Every objection filed has been carefully analyzed by the Court. ***Whether or not objecting Class Members have objected in other class actions has not affected the Court's analysis; ignoring [Magistrate] Judge Snow's comments regarding "professional objectors,"*** the Court finds that the requested attorneys' fees are reasonable under the *Johnson/Camden I* analysis.

Muransky, DE99, Final Judgment, at 6, ¶11(l) (emphasis added).

7. Plaintiffs also mis-quote a fourteen year old unpublished California appellate decision, *Davis v. Apple Computer, Inc.*, 2005 WL 1926621 (Cal. Ct. App. 2005), asserting that Court found that I had "in the past confidentially settled or attempted to confidentially settle putative class actions in return for payment of fees and other consideration…." DE900-1 at ECF 40, ¶ 64.[1]  That is false.  The

---

[1] It was improper for Plaintiffs to cite this case at all.  The opinion is expressly not-for-publication.  It is improper for a party to cite unpublished California opinions, and courts may not rely upon them. Cal. Court Rule 8.1115; *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, n.8 (9th Cir. 1995); *In re*

- 5 -

appellate court came to no such conclusion; on the contrary, the trial court found that I had ***not*** engaged in "unsavory litigation tactics" in the case, and the appellate court saw "no reason to disturb" that finding. *Davis v. Apple Computer, Inc.*, 2005 WL 1926621 (Cal. Ct. App. 2005) at *12 (emphasis added). Indeed, I prevailed in the cited appeal, which affirmed the trial court's finding that I was an adequate representative plaintiff notwithstanding my original counsel's disqualification for conflict of interest. *Id*.

8. Attached hereto as Exhibit 1 is a true and correct copy of email correspondence with Plaintiffs' counsel, Patrick Barthle, wherein I attempt to meet and confer with him regarding depositions, and wherein I reject any offer to accept payment offered by Lead Plaintiffs or their counsel to withdraw my objection.

9. Attached hereto as Exhibit 2 is a true and correct copy of email correspondence with Plaintiffs' counsel, Kenneth Canfield, wherein I invite Mr. Canfield to correct the record concerning counsel's *ad hominem* attacks.

---

*Ryan*, 310 F. App'x. 980, 983 n.2 (9th Cir. 2009) (criticizing party for reliance on unpublished portion of published California Court of Appeal opinion in violation Cal. Court Rule 8.1115(a)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 6, 2019.

          /s/  John W. Davis
          John W. Davis
          (*pro se*)

John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response has been prepared in compliance with Local Rules 5.1 and 7.1.

/s/ John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

This 6th day of December, 2019.

/s/ John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972