EXHIBIT 1

# John W. Davis

| | |
|---|---|
| **From:** | John W. Davis <john@johnwdavis.com> |
| **Sent:** | Tuesday, December 3, 2019 4:51 PM |
| **To:** | 'Patrick Barthle x2219' |
| **Subject:** | RE: *EXT* RE: In re Equifax Customer Data Security Breach |

Mr. Barthle:

I disagree with your interpretation of the Order Directing Notice.  First, the requirement to submit deposition dates clearly applies only to class members represented by counsel.  Were it otherwise, there would be no need to make a distinction in the order between represented and unrepresented objectors.  And it would effectively require unrepresented class members to obtain counsel at their expense, raising the variety of due process problems I mentioned in my last letter.  Additionally, the Order only instructs certain class members to provide dates for depositions which *may* result in their objections being disregarded.  At best, this language is an attempt to streamline calendaring in the event a party has a compelling reason to re-open discovery.  The Order does not state that a class member *shall* sit for an unsubstantiated deposition in order for that class member to be heard.  As articulated below, class counsel have the burden of demonstrating a compelling need for discovery.

The Order should not be construed to require automatic depositions at class counsel's whim.  "[d]iscovery from objectors should not be automatic lest it dissuade class members from exercising their right to object.'" 4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018), followed in *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019).  Professor Rubenstein continues:

> Therefore, courts should be wary of settlement agreements that make it a requirement of filing an objection that class members state how many previous objections they have filed or explain their relationship to their counsel. Such a disclosure requirement could arguably be defended on the grounds that it is akin to Rule 26's initial disclosure requirement, but putting significant obstacles in the path of objectors runs the risk of deterring legitimate objectors.

4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018) (footnote omitted).  In other words, the disclosure requirements of the notice in this case already impose "significant obstacles" to objecting even without considering compulsory depositions.  Nonetheless, I complied with those disclosure requirements, providing ample information about myself and my prior cases.

I also agreed to provide additional information and explanation, if you could articulate what you want.  *See* 4 Newberg on Class Actions § 13:33 (recommending that "formal discovery should generally not be necessary, as class counsel should make only reasonable requests of objecting parties, and objecting parties should comply with reasonable discovery requests.)  Thus far, you have declined to pursue this.

If we are unable to agree on interpretation of the Order Directing Notice (e.g. whether it requires me to sit for a deposition), we may need to seek clarification from the Court on this and whether the Court intends to disregard comments by pro se class members who are unavailable for deposition. Additionally, your suggested broad interpretation, which I believe is unsupportable, would likely engender a supplemental objection. Please allow this correspondence to serve as an invitation to meet and confer in this regard.

Apart from a strained reading of the notice, you have still not provided a valid basis for taking my deposition. The cases you cite are not only non-controlling, they are inapposite. Unlike *Montoya*, there is no indicia that I am unfamiliar with the settlement, or am unable to articulate the legal arguments made in the objection. Indeed, I have offered to provide further clarification if you so require. You have not requested such clarification.

Your citation to the order in *Cathode Ray Tube* is equally unavailing. There were serious questions about the objector's standing in *CRT*, justifying discovery. You have not questioned my standing and have no reason to do so. I provided evidence of my standing with my objection. The remaining facts are equally inapposite, because the plaintiffs in *CRT* also made a preliminary showing that the objector there was a catspaw of an objector counsel who had been frequently reprimanded by courts and did not appear in the case. 281 F.R.D. 531, 533. That is not your theory here, obviously.

You make a distinction between having "prosecuted objections before" and being a "serial objector." I thus take it that your definition of "serial objector" is an objector who has a record of doing unethical things like holding up settlements to obtain a payoff. Let me be very clear with you about this: my record speaks for itself, and it is available to you. No court has ever found my objection practices to be unethical, and I have an excellent record of prevailing before trial and appellate courts. Should you be considering implying otherwise to this (or any other) court, please think twice. I submit Rule 11 papers when class counsel bring motions predicated on even the implied assertion that I am unethical.

Thankfully, however, this should no longer be an issue. Cases predicated on checking so-called professional objectors who attempt to obtain payoffs to dismiss their objections (or appeals) are no longer persuasive. The recent revisions to Rule 23 prevent class counsel from making any such payments. Fed. R. Civ. P. 23(e)(5)(A)-(B)(ii). With payoffs to bad actors expressly prohibited now, the argument is moot. *See In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13 CIV. 7789 (LGS), 2019 WL 5256957, at *1–2 (S.D.N.Y. Oct. 11, 2019).

You apparently disclaim reliance on my objection record, in any case. You cryptically state "the serial nature of your objections alone is not the sum and substance of the need for the deposition." Then what exactly is the "sum and substance" of the "need" for a deposition, other than a desire to stifle dissent concerning your exorbitant fee request?

For all of these reasons, I do not believe that you can make the required threshold showing for a deposition in this case. 4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018 ("[I]f a court must

intervene, it should only do so to compel discovery from objectors after some preliminary showing by class counsel of collusion or malfeasance by the objector.").

Finally, you further misconstrue or misrepresent my position by claiming that I stated "an appeal is anticipated." I think you are confusing me with another class member. *See, e.g.,* DE884:24. In any event, your suggestion that any appeal by me is a foregone conclusion is presumptuous. The District Court may very well agree with me (and others) that class counsel's fee request is over the top, and that the requested incentive awards are unlawful or otherwise inappropriate. Regardless, that the legal issues I raised may later be subject to review does not support your demand for burdensome discovery.

I question your motives considering you have repeatedly declined to take me up on my offer to provide whatever additional information you allude to needing. Nevertheless, my offer stands.

Sincerely,

John W. Davis

---

**From:** Patrick Barthle x2219 <PBarthle@forthepeople.com>
**Sent:** Monday, December 2, 2019 6:21 PM
**To:** John W. Davis <john@johnwdavis.com>
**Cc:** John Yanchunis x2191 <JYanchunis@ForThePeople.com>; Jennifer Cabezas x3120 <JCabezas@ForThePeople.com>
**Subject:** RE: *EXT* RE: In re Equifax Customer Data Security Breach

Mr. Davis,

As you are aware, the Order Directing Notice (Doc. 742) (hereinafter "Order"), sets forth various requirements for proper objections. Notably, paragraph 20(h), directs an objection to state "four dates between the Objection Deadline and December 5, 2019 during which the objecting settlement class member is available to be deposed by counsel for the Parties." (Doc. 742 at p. 10). Your email below appears to indicate you believe the deposition requirement applies only to objectors represented by counsel. This is not so. Paragraph 20(h) states in full:

> A statement as to whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and if through counsel, identifying counsel by name, address, and telephone number, and four dates between the Objection Deadline and December 5, 2019 during which the objecting settlement class member is available to be deposed by counsel for the Parties.

Thus, ¶ 20(h) notes that if an objector is represented by counsel the objection should identify that counsel by name, address and telephone number. The next clause, regarding deposition dates, is not limited to solely objectors represented by counsel, but rather applies to any objection. Pursuant to ¶

3

23, the failure to abide by the provisions of the order results in a waiver of the objection.  (Doc. 742 at 12) ("Any settlement class member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, may have their objection stricken from the record, and may lose their rights to appeal from approval of the settlement.").

Your failure to set forth deposition dates prior to Dec. 5th within your objection arguably results in a waiver.  Nonetheless, in a spirit of cooperation, we are amenable to taking your deposition after Dec. 5th if necessary.  However, if you continue to obstruct the discovery efforts expressly permitted by the Order, we will have no choice but to seek alternative relief.

Moreover, your contention that depositions of objectors are somehow *per se* inappropriate is simply unsupported by the relevant caselaw; and this is especially true where—as you have indicated here—an appeal is anticipated. *See, e.g., Montoya v. PNC Bank, N.A.*, No. 1420474CIVGOODMAN, 2016 WL 1529902, at *19 (S.D. Fla. Apr. 13, 2016) ("Where there are indicia that objectors lack knowledge of the terms of a settlement and the basis for their objection, or where the objection might be lawyer-driven and filed with ulterior motives, it is not only appropriate, but also advisable, to allow Class Counsel and Defendants to take the objectors' depositions with certain restrictions. Such depositions not only serve to inform the Court as to the true grounds and motivation for the objection, but they also help develop a full record should the objector file an appeal."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 532–33 (N.D. Cal. 2012) ("Here, [Objector] Hull voluntarily appeared in this litigation by objecting to the Chungwa Settlement . . . . The information sought by IP Plaintiffs, including the bases for Hull's objection and his claimed standing to object, are clearly relevant to the Settlement now before the Court.").

Finally, your email states that on our call I said we seek to discover "the 'bona fides' of the objection because [you] have prosecuted objections before."  This is not accurate.  I stated that the basis of the deposition is to explore the bona fides of the objection.  I also stated that this is especially relevant given that you are a serial objector.   However, the serial nature of your objections alone is not the sum and substance of the need for the deposition.

We look forward to your response, including firm dates for the deposition.


**Patrick Barthle**
Attorney
My Bio

**P:** (813) 229-4023
**F:** (813) 222-4708
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

4

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

---

**From:** John W. Davis <john@johnwdavis.com>
**Sent:** Sunday, December 1, 2019 4:53 PM
**To:** Patrick Barthle x2219 <PBarthle@forthepeople.com>
**Subject:** *EXT* RE: In re Equifax Customer Data Security Breach

Attorney Barthle:

I am responding to your phone call received the day before Thanksgiving in which you requested that I make myself available for a deposition the following week.

I am unavailable for any deposition until at least December 12, 2019 due to multiple briefs due in various appellate courts.

However, my calendar is a bit beside the point, because I remain unclear as to why you insist upon a deposition, and upon what authority.  As a technical matter, I do not believe there is an order permitting depositions for pro se objectors.  As you know, my objection criticizes the requirement that represented objectors be subject to deposition because, inter alia, it would discourage class members from retaining competent counsel.

Your apparent theory that unrepresented class members are likewise subject to deposition is doubly objectionable.  That would require me to retain counsel and devote additional time to preparing for a deposition, on top of the deposition itself.  That is a heavy burden for exercising my right to be heard.  That right is of constitutional dimension, founded in the district court's exercise of jurisdiction over the claims of absent class members.

I also remain unclear what additional information you require given that my objection to plaintiffs' requested attorneys' fees and incentive awards involves purely legal issues.  Those issues are, moreover, narrowly tailored to cover important questions ultimately likely to attract Supreme Court review.  For that reason, I cannot see any need for the time and expense associated with a deposition, which is designed to elicit relevant facts in the possession of the deponent, rather than exploring legal contentions.  Therefore, I propose that if there is a particular point that requires clarification, just say so; I will promptly provide it in writing.

On our call, you suggested that you question the "bona fides" of the objection because I have prosecuted objections before, both individually and as a lawyer representing absent class members.   That is not grounds to question the objection.  My declaration, along with publicly available information, will inform you that I have an excellent record of successful objections before trial and appellate courts throughout the country.

Based on representations you made during our telephone conversation, I am concerned that you may be seeking my deposition for an improper purpose. I have in the past encountered unscrupulous class counsel, who have used discovery not for its intended purpose, but rather as leverage to harass and browbeat class members into abandoning meritorious objections and thereby shield legitimate objections from judicial scrutiny. Such behavior subverts the legitimacy of the class procedure, and jeopardizes the district court's jurisdiction over the absent class. I surely would not expect such conduct from your firm and sincerely hope that is not what is going on here. I am prepared to give you the benefit of the doubt and assume you are acting in good faith.

I am available this week to briefly meet and confer to discuss my objection and any questions you may have. Late afternoon works best for me.

Please be advised that an attempt to offer money in exchange for withdrawal of my objection is not well taken. The issues raised in the objection deserve to be considered by the Court. Due process requires as much.

Regards,

John W. Davis

---

**From:** Patrick Barthle x2219 <PBarthle@forthepeople.com>
**Sent:** Friday, November 29, 2019 5:10 PM
**To:** john@johnwdavis.com; jd.flbar@gmail.com
**Cc:** John Yanchunis x2191 <JYanchunis@ForThePeople.com>; Jennifer Cabezas x3120 <JCabezas@ForThePeople.com>
**Subject:** RE: In re Equifax Customer Data Security Breach

Mr. Davis,

Following up on our call earlier this week and the below email. Please advise of your availability for deposition.

Patrick

**Patrick Barthle**
Attorney
My Bio

**P:** (813) 229-4023

**F:** (813) 222-4708
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*
-------- Original message --------
From: Patrick Barthle x2219 <PBarthle@forthepeople.com>
Date: 11/27/19 10:53 AM (GMT-05:00)
To: john@johnwdavis.com
Subject: FW: In re Equifax Customer Data Security Breach

Re-forwarding this email.

**From:** Patrick Barthle x2219 <PBarthle@forthepeople.com>
**Sent:** Tuesday, November 26, 2019 2:54 PM
**To:** jd.flbar@gmail.com
**Cc:** John Yanchunis x2191 <JYanchunis@ForThePeople.com>; Jennifer Cabezas x3120 <JCabezas@ForThePeople.com>
**Subject:** In re Equifax Customer Data Security Breach

Mr. Davis,

I am one of the attorneys working on behalf of the class in the *In re Equifax Customer Data Security Breach* matter. I work with John Yanchunis, an appointed member of the Plaintiffs' Steering Committee ("PSC") in the *Equifax* matter. We have received and reviewed your objection. I understand from your representations therein that you have limited availability prior to Dec. 5th for a deposition. Please advise of any availability for a deposition prior to Dec. 5th or immediately thereafter. John and I are based in Tampa and thus hope that, given your residence in Tampa as well, scheduling your deposition will proceed smoothly. I can be reached via this email, or my direct dial at 813-229-4023. We thank you in advance for your prompt attention this matter.


Patrick Barthle



**Patrick Barthle**
Attorney
My Bio

**P:** (813) 229-4023

7

**F:** (813) 222-4708
**A:** 201 N Franklin St, 7th Floor, Tampa, FL 33602

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*
CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.