# EXHIBIT 2

# John W. Davis

| | |
|---|---|
| **From:** | John W. Davis <john@johnwdavis.com> |
| **Sent:** | Friday, December 6, 2019 5:29 PM |
| **To:** | 'kcanfield@dsckd.com' |
| **Cc:** | 'akeller@dicellolevitt.com'; 'siegel@stuevesiegel.com' |
| **Subject:** | Fed. R. Civ. P. 11 - Meet and Confer |

Mr. Canfield:

I am writing in response to your recent submissions in support of the proposed settlement in the Equifax case – specifically, Class Counsel's Omnibus Declaration, Docket Entry 900-1 at 38, ¶64 and Plaintiffs' Reply Brief in Support of Motion for Attorneys' Fees, Docket Entry 901 at 4, fn. 3.

In these documents, you mis-cite two cases in an attempt to bias the Court by way of ad hominem attack.

First, with regard to *Muransky v. Godiva Chocolatier*, 2016 WL 11601079, at *3 (S.D. Fla. Sept. 16, 2016), you cite to a magistrate's report and recommendation which was never adopted by the Court. In fact, it was explicitly *rejected* by the Court. The *Muransky* district court neither found me to be a so-called "serial" or "professional" objector, nor did it adopt Magistrate Judge Snow's report and recommendation and its offhand disparagement of the objectors and their counsel in that case. On the contrary, District Judge William P. Dimitrouleas found, in the District Court's Final Order and Judgment in the case, that the objectors in *Godiva* had filed "meaningful objections." *Muransky*, DE99, Final Judgment, at 6, ¶11(l). Moreover, the District Court ruled on them expressly "ignoring Judge Snow's comments regarding 'professional objectors,'" as follows:

> the Court permitted objections to be filed both before and after the filing of the motion for final approval of the settlement and the motion for attorneys' fees, and **meaningful objections were in fact filed** both before and after the filing of those motions. The Court also permitted the filing of objections for five additional days after the Court conducted the fairness hearing. The Court has reviewed de novo the objections of any Class Members who has filed objections and has taken them into full consideration. Every objection filed has been carefully analyzed by the Court. **Whether or not objecting Class Members have objected in other class actions has not affected the Court's analysis; ignoring [Magistrate] Judge Snow's comments regarding "professional objectors,"** the Court finds that the requested attorneys' fees are reasonable under the *Johnson/Camden I* analysis.

*Muransky*, DE99, Final Judgment, at 6, ¶11(l) (emphasis added). Plaintiffs certainly should have read the court order, which would have revealed to Plaintiffs that their statement about me was completely false. You are obviously familiar with *Muransky* since you discuss the pending *en banc*

proceeding in your filings in support of plaintiffs' proposed settlement with Equifax. Accordingly, you should know better.

Second, concerning *Davis v Apple Computer*, you refer to a fourteen year old California opinion referencing a state trial court order disqualifying an attorney representing me in an action against Apple Computer. However, you omit that the court found that any conflict was cured by retention of new counsel, and that the entire matter was scrutinized by the California Court of Appeal which affirmed the trial court's ultimate finding that I was an adequate representative plaintiff. Moreover, the citation to the case is an unambiguous violation of Cal. Court Rule 8.1115(a) ("Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action."). Even if the case were citable, it would not be evidence that I engaged in any misconduct at all, much less misconduct related to class action objections.

I request that you correct the record in light of the foregoing. Please advise if you intend to do so. If not, I intend to serve Plaintiffs with a motion for sanctions pursuant to Rule 11.

Sincerely,

John W. Davis
Attorney & Counselor at Law
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
Telephone:  (813) 533-1972