**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## PLAINTIFFS' RESPONSE TO DECLARATION OF JOHN W. DAVIS

On December 6, 2019, John Davis submitted a declaration arguing he is not an unethical serial objector (while simultaneously refusing, in violation of this Court's order, to submit to a deposition intended, in part, to inquire about his professional background). To be clear, Plaintiffs do not contend Mr. Davis' objection should be denied because he is (or is not) a serial objector. Plaintiffs contend that the objection should be denied because it is frivolous and he has made the same objection before unsuccessfully. That said, in challenging Class Counsel's citation of the *Muransky* and *Davis* cases describing his prior improper conduct to explain their decision to take his deposition, Mr. Davis "doth protest too much." W. Shakespeare, *Hamlet*, Act III, Scene 2.  Plaintiffs are filing this brief response to dispel the misleading impression Mr. Davis seeks to create.

In *Muransky v. Godiva Chocalatier*, 2016 WL 11601079, at *3 (S.D. Fla. Sept. 16, 2016), a federal magistrate judge denied an objection filed by Mr. Davis, including his assertion here that the fee must be calculating using the lodestar method because *Camden I* is no longer good law. In so doing, she labelled Mr. Davis and others in the case as "professional objectors who threaten to delay resolution of class action cases unless they receive extra compensation." *Id.*  Mr. Davis suggests the magistrate judgement's comments were rejected by the district court. Not so. The district court simply stated it was ignoring those comments in affirming denial of Mr. Davis' objection, making clear the court's decision was based solely on its lack of merit rather than Mr. Davis' potential motive.

The other case Class Counsel cited to which Mr. Davis takes exception is *Davis v. Apple Computer, Inc.*, 2005 WL 1926621 (Cal. Ct. App., 1st Dist., Div. 4 Aug. 12, 2005). According to Class Counsel, the court's decision in that case noted Mr. Davis and Steven Helfand, another serial objector who objected here, previously had "confidentially settled or attempted to confidentially settle putative class actions in return for payment of fees and other consideration directly to them" in apparent violation of court rules. *Id.* at *2.  Mr. Davis contends Class Counsel's citation of that language is "false" because the court allegedly found the facts to be otherwise. Again, Mr. Davis' explanation is contrary to the record. While Mr. Davis is correct

2

the appellate court found he had not engaged in "unsavory litigation tactics" *in that case,* it did not disagree with the lower court's finding (the one Class Counsel cited here) that he had done so previously and that he had a history of trying to personally benefit at the expense of absent class members. Moreover, the appellate decision is hardly the exoneration of Mr. Davis' professional ethics that he claims.[1]

The *Davis* case started when Mr. Davis filed a class action against Apple. Mr. Davis was represented by Mr. Helfund. Apple moved to disqualify Mr. Helfund as inadequate class counsel, claiming that he and Mr. Davis were *de facto* law partners and had a history of working together to enrich themselves at the expense of classes they purported to represent. The trial court granted the motion, specifically finding that Mr. Davis and Mr. Helfund had acted improperly in prior class actions (that is the finding Class Counsel cited), and gave Mr. Davis 20 days to name substitute counsel. Mr. Davis did not challenge that order on appeal.

---

[1] Mr. Davis also argues that Class Counsel should not have cited the *Davis* case because it was unpublished. But, Class Counsel are not asking this Court to adopt the *Davis* findings. They simply cited the case to explain their rationale for deposing Mr. Davis. *See generally Zand, LLC v. Fujitsu Semiconductor, Ltd.*, 53 F.Supp.3d 384, 400 n. 5 (D. Mass. 2014) (unpublished California decision was cited as "instructive" and "persuasive," even though its reasoning was not binding); Cal. Rule of Ct. 8.1115(b) (recognizing the rule has an exception when the unpublished opinion "is relevant to a criminal or disciplinary action because it states reasons for a decision affecting the same defendant or respondent in another such action.")

Mr. Davis substituted a new lawyer, who Apple moved to disqualify. Apple also moved to disqualify Mr. Davis as the class representative because, among other things, he allegedly shared offices and had a preexisting professional relationship with the new lawyer, raising concerns about impermissible fee-splitting; Mr. Davis had acted unethically in other class actions; and Mr. Davis had otherwise engaged in "unsavory litigation tactics." The trial court denied both motions. On appeal, the California Court of Appeals affirmed, despite expressing concerns, because it found the trial court had not abused its discretion. The appellate court's description of its reasoning for denying the motion to disqualify Mr. Davis is particularly apt:

> Davis's competence to proceed as the representative plaintiff, while somewhat compromised by his past objectionable conduct and the simultaneous prosecution of his personal claims, has not been negated as a matter of law. We note, further, that the considerable attention this issue has generated will undoubtedly cause all involved to be on high alert to the development of actual conflicts or any attempts by Davis to "harness the 'hydraulic pressure' of mass litigation" to leverage a greater settlement for himself.

*Davi,* 2005 WL 1926621, at *13.

In short, Class Counsel accurately cited the two cases that Mr. Davis has challenged and his history of improper conduct in class actions that those cases discuss certainly justify taking his deposition, as explained in Class Counsel's supplemental declaration.

Dated: December 9, 2019   Respectfully submitted,

         /s/ Kenneth S. Canfield
         Kenneth S. Canfield
         Ga Bar No. 107744
         **DOFFERMYRE SHIELDS**
         **CANFIELD & KNOWLES, LLC**
         1355 Peachtree Street, N.E.
         Suite 1725
         Atlanta, Georgia 30309
         Tel. 404.881.8900
         kcanfield@dsckd.com

         /s/ Amy E. Keller
         Amy E. Keller
         **DiCELLO LEVITT GUTZLER LLC**
         Ten North Dearborn Street
         Eleventh Floor
         Chicago, Illinois 60602
         Tel. 312.214.7900
         akeller@dicellolevitt.com

         /s/ Norman E. Siegel
         Norman E. Siegel
         **STUEVE SIEGEL HANSON LLP**
         460 Nichols Road, Suite 200
         Kansas City, Missouri 64112
         Tel. 816.714.7100
         siegel@stuevesiegel.com

         ***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison
Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com
***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court
Coordinating Counsel***

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this response was prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its

CM/ECF service, which will send notification of such filing to all counsel of record

this 9th day of December, 2019.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel.770.227.6375
roy@barneslawgroup.com