**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| THEODORE H. FRANK and DAVID R. WATKINS, | CONSUMER ACTIONS |
| Objectors. | Chief Judge Thomas W. Thrash, Jr. |

**FRANK AND WATKINS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF
PROFESSOR ROBERT H. KLONOFF (DKT. 900-2)**

1

## INTRODUCTION

Plaintiffs asked this court to enlarge their reply brief in support of their fee request from 15 to 25 pages and to enlarge their response to objections from 25 to 50 pages. *See* Dkt. 891 at 1-2. Apparently that was not enough. So plaintiffs filed another 72-page brief dressed up once again as the "expert" opinion of Professor Klonoff. Decl. of Professor Robert H. Klonoff ("Klonoff Decl. II"), Dkt. 900-2. Objectors Frank and Watkins moved to strike a previous declaration of Professor Klonoff because it was improper legal opinion. *See* Objectors Frank and Watkins' Motion to Strike ("Motion to Strike"), Dkt. 890-1 at 3-10. If plaintiffs needed Professor Klonoff to write their legal briefs, they should have sought his appointment as class counsel.

Here, Professor Klonoff opines that the settlement is fair, reasonable and adequate, analyzing the Rule 23(e)(2) factors for settlement fairness and responding to objections regarding the fairness of the settlement, class certification and attorneys' fees. Klonoff Decl. ¶¶ 6-120. But those are legal questions left to the Court. Fed. R. Civ. P. 23(e)(2); *Cf. Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 775 (11th Cir. 1991). Just like his first declaration regarding the reasonableness of the requested fees (Dkt. 858-2), Professor Klonoff's latest declaration violates Federal Rule of Evidence 702 by opining on legal matters impermissibly. *See Freund v. Butterworth*, 165 F.3d 839, n.34 (11th Cir. 1999); *see also* Motion to Strike, Dkt. 890-1 at 3-10.

**ARGUMENT**

## I. Professor Klonoff's Declaration is Impermissible Opinion on Legal Matters

This Court is the gatekeeper for expert testimony. *See, e.g., Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 597 (1993); *see also* Fed. R. Evid. 702 Advisory Committee Notes. The Federal Rules of Evidence apply to these proceedings including the fairness hearing. *See* Fed. R. Evid. 1101(b); *see also* Frank Motion to Strike (Dkt. 890-1 at 3-10). The Court has broad discretion to exclude expert opinion. *Hibiscus Assocs. v. Board of Trustees of the Policemen & Firemen Retirement Sys.*, 50 F.3d 908, 917 (11th Cir. 1995). The burden to prove admissibility of expert testimony "is on the party offering the expert." *Chapman v. P&G Distrib., LLC*, 766 F.3d 1296, 1312 (11th Cir. 2014) (affirming summary judgment and exclusion of expert opinion).

The Court should strike Professor Klonoff's most recent declaration (Dkt. 900-2) as impermissible legal conclusion. Even if a witness is qualified as an expert, Rule 702 requires the Court to determine if the expert opinion would help the factfinder. *See* Fed. R. Evid. 702. "Opinion testimony is not helpful to the fact-finder if it is couched as a legal conclusion. The requirement of 'helpfulness' assures against admitting opinions which would in essence tell the fact-finder what result to reach." *Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987). This requirement "holds just as true when the finder of fact is the court, if not more so; the court is well equipped to instruct itself on the law." *Stobie Creek Invs., LLC v. United States*, 81 Fed.

Cl. 358, 364 (Ct. Fed. Cl. 2008), *aff'd* 608 F.3d 1366 (Fed. Cir. 2010). "Each courtroom comes equipped with a 'legal expert' called a judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997).

Purely legal arguments should be excluded. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018) ("questions of law are not subject to expert testimony"). It is well established that "that expert testimony by lawyers, law professors, and others concerning legal issues is improper." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). "This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) ("longstanding rule that expert testimony on issues of domestic law is not to be considered").

A question of law "is not a matter subject to expert testimony." *Freund v. Butterworth*, 165 F.3d 839, n.34 (11th Cir. 1999). "[I]t would not matter if [plaintiffs] could assemble affidavits from a dozen attorneys swearing" to the fairness of the settlement or reasonableness of the fees. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). "The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony. It is a question of law to be decided by the state courts, by the district court, and by this Court, each in its own turn." *Id.; accord Stathakos v. Columbia Sportswear*, No. 15-cv-04543, 2018 WL 1710075, at *5 n.6 (N.D. Cal. Apr. 9,

2018) (striking paragraphs of declaration containing "improper legal opinions" on topic of reasonable fees).

Professor Klonoff's declaration "reads more like a legal brief than an expert report." *Pinal Creek Grp.*, 352 F. Supp. 2d at 1044. Like a quintessential legal brief, Professor Klonoff applies IRAC (issue, rule, application, conclusion) to three major legal questions: is the settlement fair under Federal Rule 23(e)(2), should the class be certified under Federal Rule 23, and is the fee request reasonable. *See* Klonoff Decl. II ¶¶ 6-120.

*First*, Klonoff analyzes the settlement based on the factors listed under Federal Rule 23(e)(2) and applicable case law including factors listed in *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984). *See* Klonoff Decl. II ¶¶ 6-38. Responding to specific objections, Klonoff defends the fairness of the settlement by citing case law regarding the Court's responsibility in reviewing the settlement. *Id.* ¶¶ 43. Klonoff also argues that the Court may disregard objections to the settlement because of the class members' ability to opt out, *id.* ¶ 46, a *legal conclusion* courts have rejected, *see In re GMC Pick-Up Truck Fuel Tank*, 55 F.3d 768, 809 (3d Cir. 1995). He further defends objections to the burdens of objecting by citing additional case law. *See* Klonoff Decl. II ¶¶ 80-84. But whether a settlement should be approved is based on the *court's* "finding" of fairness. Fed. R. Civ. P. 23(e)(2). ("*the court* may approve [settlement] only after a hearing and only on *finding* that is it fair, reasonable and adequate") (emphasis added).

*Second*, Professor Klonoff devotes several pages directly opposing Frank and Watkins' argument in their objection that class certification is improper because of intraclass conflicts. *See* Klonoff Decl. II ¶¶ 89-97. He analyzes Supreme Court precedent (*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 525 U.S. 815 (1999)) and other case law. *Id.* But it is the duty of the district court to "continue carefully to scrutinize the adequacy of representation and withdraw certification if such representation is not furnished." *Grigsby v. North Mississippi Med. Ctr., Inc.*, 586 F.2d 457, 462 (5th Cir. 1978).

*Third*, Professor Klonoff then spends numerous pages arguing that plaintiffs' fee request was reasonable, including directly responding to the legal arguments Frank and Watkins made in their objection regarding megafund case law and case law regarding valuation of settlement relief. *See* Klonoff Decl. II ¶¶ 99-105. Again, whether a fee request is reasonable is a legal question left to the Court. *See Camden I Condominium Ass'n v. Dunkle,* 946 F.2d 768, 775 (11th Cir. 1991).

In sum, Professor Klonoff's declaration is "replete with legal opinion" that "invade[s] the court's exclusive prerogative." *Commodores Entm't Corp.*, 879 F.3d at 1129.

## CONCLUSION

The Court should strike the Declaration of Professor Robert H. Klonoff (Dkt. 900-2).

Dated: December 9, 2019.             /s/ Melissa A. Holyoak
                                      Melissa A. Holyoak, (DC Bar No. 487759)
                                      Hamilton Lincoln Law Institute
                                      1629 K Street, NW Suite 300
                                      Washington, DC 20036
                                      Phone: (573) 823-5377
                                      Email: melissa.holyoak@hlli.org

                                      *Attorneys for Objectors David R. Watkins
                                      and Theodore H Frank*

**CERTIFICATE OF FONT**

I hereby certify that this Motion and Memorandum in Support has been prepared in compliance with Local Rules 5.1 and 7.1.


Dated: December 9, 2019.                                    /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: December 9, 2019.                    /s/ Melissa A. Holyoak