IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC -9 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

MDL DOCKET NO.
1:17-md-2800-TWT

CONSUMER CASES

## DAUBERT MOTION[1] TO STRIKE ALL "LEGAL EXPERT" OPINIONS

This Court should STRIKE all **legal conclusions** by "mock judges" **Daniel** [ECF 858-3], **Klonoff** [ECF 900-2], and **Miller** [ECF 900-3], precisely because:

1. "Settlement is relevant to a class certification"; "[Rule 23(a)(4)] adequacy heading also factors in competency and conflicts of class counsel" and thus "demand[s] undiluted, even heightened, attention in the settlement context".[2]

2. "The [district] court must also resolve any challenge to the reliability of information provided by an expert…for class certification."[3] "[T]he district court must perform a full <u>Daubert</u> analysis before certifying the class."[4]

3. This Court should "exclud[e] expert testimony from an attorney who proffered only legal conclusions" as "adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion."[5]

---

[1] CERTIFICATION OF SERVICE: I certify this Court will receive a copy, CM/ECF will alert all parties, or it will be served by E-mail before fairness hearing.
[2] <u>Amchem Prod. v. Windsor</u>, 521 US 591, 619-620, 626 n.20 (1997)
[3] <u>Sher v. Raytheon Co.</u>, 419 F. App'x 887, 890 (11th Cir. 2011)(unpublished)
[4] <u>Local 703 v. Regions Financial Corp.</u>, 762 F.3d 1248, 1258 n.7 (11th Cir. 2014)
Also see <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 982 (9th Cir. 2011)
**(Applied <u>Daubert</u> motions in class certification inquiry to deny expert reports)**
[5] <u>Commodores Entm't. Corp. v. McClary</u>, 879 F.3d 1114, 1121 (11th Cir. 2018)
Also see <u>Walsh v. Principal Life Ins. Co.</u>, 266 F.R.D. 232, 238 (S.D. Iowa 2010)
**(Excluded all <u>Klonoff</u>'s impermissible legal opinions on Rule 23 compliance)**

1

i.e., Daniel Decl. has the same <u>fact-to-legal conclusion pattern</u> as all others.

**(1)** Mr. Daniel's resume – no opinion –unrelated to "<u>legal opinions</u>" throughout.

**(2)** <u>Seemingly objective</u> "Lodestar" and "past cases" tables, ECF 858-3, Ex. B & D:

→ Beyond risks of **(1)** <u>cherry-picking,</u> **(2)** Settlement website having these "<u>mock judges</u>" to misguide public oppositions **(3)** $1050/hour paid conclusions <u>lacks quantifiable methodology,</u> "a court should hesitate to give controlling weight to prior awards, even though they may be relevant…[they] are not direct evidence of market behavior; the court is not a legal souk." [6]

**(3)** The rest, <u>all inadmissible legal opinions</u> should be excluded. See <u>infra</u> at 1.

To simplify this motion, all reasons for <u>Daubert</u> exclusion are detailed in the following briefs: Movant's <u>Pro Se</u> Motion to Strike Klonoff Decl. [ECF 872]; <u>Pro Se</u> Reply Brief In Support to Strike Klonoff Decl. [ECF 893]; <u>and, if permissible and not inconsistent with movant's prior briefings,</u> movant joins all legal rationales in Motion to Strike Klonoff Decl. by Objectors Frank and Watkins [ECF 890].

**In Conclusion,** briefs from **Daniel** [ECF 858-3], **Klonoff** [ECF 900-2] (plus [ECF 858-2]), and **Miller** [ECF 900-3], should be all STRICKEN. They can write law papers, but <u>not admissible in court without judge's oath to protect Constitution.</u>

Dated: December 6, 2019                    Respectfully Submitted,

_____
Shiyang Huang (*Pro Se*)

---

[6] <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347, 1355 (11th Cir. 2000)