IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 ) Case No.: 1:17-md-2800-TWT ) ) CONSUMER ACTIONS ) ) |

**NOTICE OF PENDENCY OF RELATED ACTION;
SUPPLEMENTAL OBJECTION TO PROPOSED SETTLEMENT**

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a related action has been filed in the Middle District of Florida pursuant to Fed. R. Civ. P. 45 to quash a subpoena served on class member John W. Davis by counsel for Plaintiffs. A true and correct copy of the motion is attached hereto as Exhibit 1.

Lead Plaintiffs have taken the position that any class member (whether represented by counsel or not) who wishes to object to the proposed settlement must automatically be subjected to a deposition without any showing of necessity, relevance, or proportionality. DE907-1.[1] Class member

---

[1] References to this Court's record herein are to "DE __:__", where the first entry is the ECF document number and the entry following the colon (if any) is the ECF page number located at the top of documents.

John W. Davis previously objected to procedural hurdles to class member comment contained in the Notice of Settlement. DE879-1:2-3. Nevertheless, Mr. Davis complied with all requirements of the Notice. *Id.* at 3-5. A plain reading of the Notice indicated that only objecting class members who were represented by counsel were required to provide deposition testimony. Lead Plaintiffs now seek to move the goalposts and have asserted that even *unrepresented* class members need to provide available deposition dates and submit to a deposition in order to have their comments considered by the Court. DE907-1:4-5.

Lead Plaintiffs' broad interpretation of the Notice requirements imposes a prior restraint and a chilling effect on class member speech, violates class members' right to be heard pursuant to Fed. R. Civ. P. 23, and runs afoul of the First and Fourteenth Amendments to the United States Constitution.[2] In other words, Class Counsel have sought to inhibit the due

---

[2] 4 Newberg on Class Actions §13:30 (5th ed. Nov. 2018) ("Courts should be cautious of objection formats that unduly chill class members' capacity to object to the settlement."); *see also id.* at §13:33 ("Discovery from objectors should not be automatic lest it dissuade class members from exercising their right to object."); *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) ("Many persons, rather than undertake the considerable burden [and sometimes risk] of vindicating their rights through case-by-case litigation, will choose simply to abstain from protected speech, harming not only themselves but society as a whole, which is deprived of an uninhibited marketplace of ideas."); *Shelton v. Tucker*, 364 U.S. 479, 489–490 (1960) (striking down a state

process and free speech rights of class members by imposing a prior restraint designed to discourage comment on the proposed settlement. Class Counsel accomplish this by advising class members — who stand to receive an extremely modest (if any) benefit under the proposed settlement — that if they wish to have their comments considered, then they must take a day out of their lives to subject themselves to a post-settlement deposition (and, by extension in the case of unrepresented class members, retain counsel to represent them). All of this is done with no showing of necessity, relevance, or proportionality.

On December 6, 2019, this Court entered an Order instructing Class Counsel to provide a document indicating *inter alia* whether "the objection is potentially invalid as not meeting the requirements set forth in the July 22, 2019 Order (Doc. 742)." DE905.

On December 12, 2019, Plaintiffs filed the "Declaration of Jennifer M. Keough Submitted in Accordance with the Court's December 6, 2019 Order regarding [899] Notice of Filing." DE926-1. Exhibit A attached to Ms.

---

statute compelling every public school teacher to file annually an affidavit listing every organization to which she had belonged or regularly contributed within the preceding five years); *see also NAACP v. Alabama*, 357 U.S. 449, 464 (1958) (ruling that exercise of constitutional rights could not be foreclosed by failure to comply with objectionable discovery); *Gibson v. Florida Legislative Committee*, 372 U.S. 539 (1963).

Keough's declaration contains a list of class members who have commented on or objected to the proposed settlement.  In this Exhibit, Plaintiffs appear to have designated the majority of class member objections as "potentially invalid" based, ostensibly, on some perceived procedural deficiency.  The manner in which Plaintiffs seek to shield the settlement from judicial scrutiny and deprive the Court of class member comment is particularly troubling because the right to be heard is an essential component of this Court's jurisdiction over those absent class members.

While Ms. Keough's declaration does not brand Mr. Davis's objection as "potentially invalid" (which it is not), Mr. Davis reserves the right to further object if Plaintiffs later change that position in retaliation for Mr. Davis exercising his rights in moving to quash their abusive discovery demands.

Mr. Davis anticipates that the Court will faithfully consider all objections to the proposed settlement in its role as guardian of absent class members.  *See, e.g.*, *Weinberger v. Kendrick,* 698 F.2d 69 & n.10 (2d Cir. 1982) (warning district courts against disregarding objections on technical grounds: "Objections which have been brought to the attention of the court and of counsel for proponents of a settlement by counsel for objectors should not be disregarded simply because they do not precisely comply with the procedures for the filing of individual objections specified in the notice of settlement.").

However, to the extent the Court may be contemplating disregarding or striking objections based on a blacklist by class counsel, Mr. Davis objects. Such a process would raise additional serious constitutional concerns.

Respectfully submitted this 13th day of December, 2019.

/s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

*Pro se*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response has been prepared in compliance with Local Rules 5.1 and 7.1.

    /s/ John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

This 13th day of December, 2019.

    /s/ John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972