Case Case 0-mc-00118-JSM-SPF Document 1 29 Filed Filed 12/12/19 13 Page Page 1 3 of 13 PageID 1

FILED

2019 DEC 12 AM 9:45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| John W. Davis<br><br>v.<br><br>Christy Adams, et al. | Case No. 8:19mc118T30spf<br><br>N.D. Ga. No. 1:17-md-2800-TWT<br><br>Fed. R. Civ. P. 45(d); 26(c) |

## NON-PARTY CLASS MEMBER'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER; MEMORANDUM OF LAW

Class Member John W. Davis hereby moves this Honorable Court for an order quashing a subpoena served on him in the *In re Equifax Inc. Customer Data Security Breach Litigation,* case no. 1:17-md-2800-TWT, currently pending in the Northern District of Georgia. Compliance with the subpoena is sought in the Middle District of Florida. Accordingly, Mr. Davis respectfully requests an order quashing the subpoena pursuant to Fed. R. Civ. P. 45(d) and in support argues as follows.

1

## I. MEMORANDUM OF LAW

### A. STATEMENT OF FACTS

This class action is scheduled for a fairness hearing in Atlanta on December 19, 2019. The Settlement Agreement has been negotiated and prepared. Moving party John W. Davis is an unnamed class member who objected to the settlement agreement on the grounds of excessive requests for attorneys' fees and "service awards" to lead plaintiffs. Mr. Davis is one of several hundred class members who timely filed objections to the proposed settlement. A copy of the objection is attached to the Declaration of John W. Davis as Exhibit 1. In retaliation for exercising his right to be heard, Class Counsel have now noticed Mr. Davis's deposition in the hopes that his objection will evaporate and the proposed settlement will have clear sailing.

On November 27, 2019, Mr. Davis received a telephone call from Morgan & Morgan attorney Patrick Barthle requesting that Mr. Davis make himself available for deposition the following week in connection with the objection filed by Mr. Davis. Mr. Davis reminded Mr. Barthle that the objection was limited to pure issues of law concerning attorneys' fees and "service" or "incentive" awards in class actions. Mr. Davis offered to

2

clarify the legal argument or provide additional information. Mr. Barthle responded that Plaintiffs sought Mr. Davis's deposition because, as alleged by Mr Barthle, Mr. Davis is a "serial objector." Mr. Davis advised Mr. Barthle that his stated ground for demanding a deposition was improper. Nevertheless, Mr. Davis offered to provide additional information.

Mr. Barthle also argued that the district court's Order re Notice required Mr. Davis to submit to deposition. Mr. Davis responded that the Order plainly required only objectors who *appeared through counsel* to submit to deposition, a requirement Mr. Davis objected to in his Objection. Mr. Davis explained that a yet broader interpretation covering pro se objectors was not only contrary to the terms of the Order, but would so impair absent class members' right to respond as to jeopardize the jurisdiction of the district court over the absent class. A true and correct copy of "meet and confer" correspondence is attached to the Declaration of John W. Davis as Exhibit 2. On December 5, 2019, Plaintiffs filed a series of papers in support of final approval of the proposed class settlement. In those papers, Plaintiffs made several *ad hominem* attacks against Mr. Davis which were untrue. Mr. Davis responded with a declaration the same day in an attempt to correct the record. A true and correct copy of the declaration

3

is attached to the Declaration of John W. Davis as Exhibit 3. After pointing out the falsity of Plaintiffs' allegations, Mr. Davis asked Class Counsel to retract them. Counsel responded by doubling down and repeating the same *ad hominem* attacks in a subsequent filing in a bid to support their campaign of harassment against Mr. Davis and improperly invite the court to bias.

Apparently conceding that the district court's Order did not confer authority to take Mr. Davis's deposition, but still keen to harass him, Plaintiffs served Mr. Davis with a deposition subpoena on December 9, 2019. The subpoena seeks compliance on December 16, 2019 – less than 14 days from the date of service as required by Local Rule 3.02. A true and correct copy of Plaintiffs' subpoena is attached to the Declaration of John W. Davis as Exhibit 4.

Mr. Davis entered the subject litigation in response to class notice inviting class members to comment on the settlement and fees. The Notice to Class Members is attached to the Declaration of John W. Davis as Exhibit 5. The barriers merely to filing such a comment were daunting, and the time constraints difficult even for experienced attorneys to make relevant comment. Nevertheless, Mr. Davis complied with those requirements.

This chain of events demonstrates that the subpoena was not served for any proper purpose, but rather as a device of intimidation designed to dissuade Mr. Davis from raising legitimate concerns.

### B. DISCOVERY IS SOUGHT FOR AN IMPROPER PURPOSE AND IMPOSES AN UNDUE BURDEN

The discovery sought is plainly irrelevant to the case, since it has settled (see Davis Decl., Ex. 4). Rule 26(b)(1) requires that discovery must be relevant to any party's claim or defense; discovery sought after settlement cannot be calculated to resolve any merits, since the merits are already resolved. Additionally, discovery sought after settlement runs afoul of taking discovery after the discovery cut-off, a deadline which can be imputed since the case settled. Class Counsel have offered no proof of why this discovery is necessary from their own client, to whom they have a fiduciary duty. This subpoena, as well as the general proposition that class members are automatically subject to deposition when they exercise their right to be heard, is oppressive and malicious, designed only to deter class objectors from improving the value of settlements to the class as a whole. Class Counsel's interpretation that any non-party class member (represented or not) seeking to comment on the settlement must be automatically subjected to a deposition, in the absence of any showing that the probative

value of the deposition is proportional to the resulting burden, imposes a prior restraint on class member speech, creates a chilling effect, violates class members' right to be heard pursuant to Fed. R. Civ. P. 23, and runs afoul of the First and Fourteenth Amendments to the United States Constitution.[1] In other words, Class Counsel have sought to inhibit the due process and free speech rights of class members by imposing a prior restraint designed to discourage comment on the proposed settlement. Class Counsel accomplish this by advising class members who stand to receive an extremely modest (if any) benefit under the proposed settlement that if they wish to have their comments considered, then they must take a day out of their lives to subject themselves to a post-settlement deposition (and, by

---

[1] 4 Newberg on Class Actions § 13:30 (5th ed. Nov. 2018) ("Courts should be cautious of objection formats that unduly chill class members' capacity to object to the settlement."); *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) ("Many persons, rather than undertake the considerable burden [and sometimes risk] of vindicating their rights through case-by-case litigation, will choose simply to abstain from protected speech, harming not only themselves but society as a whole, which is deprived of an uninhibited marketplace of ideas."); *Shelton v. Tucker*, 364 U.S. 479, 489–490 (1960) (striking down a state statute compelling every public school teacher to file annually an affidavit listing every organization to which she had belonged or regularly contributed within the preceding five years); *see also NAACP v. Alabama*, 357 U.S. 449, 464 (1958) (ruling that exercise of constitutional rights could not be foreclosed by failure to comply with objectionable discovery); *Gibson v. Florida Legislative Committee*, 372 U.S. 539 (1963).

6

extension in the case of unrepresented class members, retain counsel to represent them). This demand, effected by way of a poison pill in the class notice, is made in the absence of any showing of good cause. In Mr. Davis's case, Class Counsel have refused to provide a valid basis for the deposition despite repeated requests, and despite multiple offers to provide additional written clarification of legal arguments raised in the objection.

Unfortunately, the practice of bullying objecting class members with subpoenas and discovery has become widespread in class action litigation. *See* Eric Alan Isaacson, *A Real-World Perspective on Withdrawal of Objections to Class-Action Settlements and Attorneys' Fee Awards: Reflections on the Proposed Revisions to Federal Rule of Civil Procedure 23(e)(5)*, 10 Elon Law Review 35 (2018) at 66-67; *see also In re Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT, 2016 WL 6902351, at *4, DE No. 255 (N.D. Ga. Aug. 2, 2016) (pro se class member advising court "I withdraw my objection to the proposed settlement of Case No. 14-md-02583-TWT [The Home Depot, Inc. Customer Security Breach Litigation]. I still believe that my objection has merit, but wish to avoid the cost and inconvenience of a deposition [including travel and missing work]").

7

Mr. Davis has tried, to no avail, to meet and confer with Class Counsel in an effort to provide additional information in a less burdensome manner than requiring Mr. Davis to retain counsel and submit to a deposition (which also interferes with pre-arranged travel plans within the state). Mr. Davis is therefore entitled to sanctions pursuant to Fed. R. Civ. P. 45(d)(1) against Class Counsel for pursuing a plainly improper and harassing subpoena against him.

### C. A SHOWING OF GOOD CAUSE MUST BE MADE BEFORE SEEKING THE DEPOSITION OF AN UNNAMED CLASS MEMBER

Mr. Davis is an unnamed class member who objected to the proposed settlement (see Davis Decl., Exhibit 1). After he filed his objection, Class Counsel sought his deposition - **even though the parties have reached a settlement**. This subpoena is facially improper because it imposes an undue burden and Plaintiffs have not demonstrated a compelling need for the deposition.

Post-settlement discovery is uniformly rejected in the absence of a strong showing of necessity based upon the rationale of Rule 23:

> It would be incompatible with the rationale of Rule 23, an undue burden upon the members of the class, unnecessary, and unjustifiably dilatory to permit the proposed interrogatories at this stage of the case. . . .

8

> Interrogatories submitted to the class [should] be authorized only upon a strong showing of necessity or at least of likely material aid in the resolution of common issues. This is not such a case.

*Gardner v. Awards Marketing Corp.,* 55 F.R.D. 460, 462-63 (D. Utah 1972). The court in *Clark v. Universal Builders*, 501 F.2d 324 (7th Cir. 1973), agreed that a strong showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants. **The party seeking discovery has the burden of demonstrating its merits.**

501 F.2d at 340 (emphasis added).

In the present case, there is no trial preparation, since the case settled; the deposition can therefore not be "necessary to trial preparation." Nor has there been any showing of the possible merits of the proposed discovery; to the contrary, the timing of the subpoena suggests that it is intended to scare off legitimate class objectors, or "reduce the number of claimants." The Ninth Circuit agrees: "A defendant does not have unlimited rights to discovery against unnamed class members; the suit remains a representative one. . . . The district judge may reasonably control discovery to keep the suit

9

within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." *Blackie v. Barrack*, 524 F.2d 891, 906 n. 22 (9th Cir. 1975).

What is more egregious about this situation is that it is not the defendant seeking the discovery, it is Class Counsel seeking harassing discovery from their own client, a class member. The only "success" which could be realized here is scaring off Class Counsel's own client, Mr. Davis, a result flatly incompatible with the purpose of Rule 23. In fact, courts do not distinguish between plaintiff counsel and defense counsel when insisting on a showing of need: "Absent a showing of such particularized need, the Court will not permit general discovery from passive class members .... **The Court has determined, above, that non-representative class members shall not be subject to discovery absent a showing of a particularized need for information that cannot be obtained from class representatives.**" *In re Carbon Dioxide Industry Anti-Trust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993) (emphasis added).

Imposing an undue discovery burden on class members in order for them to exercise their constitutional right to be heard is a substantive due process violation, frustrates the legislative intent behind Fed. R. Civ. P.

23(e)(5) and 23(h)(2), and impairs the jurisdiction of the district court assigned to evaluate the proposed settlement.

Automatic depositions at Class Counsel's whim are disfavored: "[d]iscovery from objectors should not be automatic lest it dissuade class members from exercising their right to object." 4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018), followed in *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019). Professor Rubenstein continues:

> Therefore, courts should be wary of settlement agreements that make it a requirement of filing an objection that class members state how many previous objections they have filed or explain their relationship to their counsel. Such a disclosure requirement could arguably be defended on the grounds that it is akin to Rule 26's initial disclosure requirement, but putting significant obstacles in the path of objectors runs the risk of deterring legitimate objectors.

4 Newberg on Class Actions § 13:33 (5th ed. Nov. 2018) (footnote omitted). The disclosure requirements of the notice to class members (Decl. of John W. Davis, Ex. 4) already impose "significant obstacles" to objecting even without considering compulsory depositions.

It is plain from the subpoena that no showing of relevance, necessity, or proportionality has been made. Such showing needs to occur before Class Counsel may issue discovery to unnamed class members.

### D. CONCLUSION

Rule 26 provides that parties may obtain discovery which is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(l). This case is settled. Accordingly, no information from an unnamed class member can be relevant to a claim or defense, since the issues are resolved. This is particularly true where, as here, the objection involves purely legal issues.

Courts have held that a party's attempt to enforce an invalid subpoena is a per se violation and therefore sanctionable in certain circumstances. *See, e.g., Matthias Jans & Assocs., v. Dropic*, No. 01-mc-0026, 2001 WL 1661473, at *3 (W.D. Mich. Apr. 9, 2001). Here, the nature of Plaintiffs' subpoena, and the manner in which it was executed, demonstrate that its sole purpose is to vex, harass and annoy Mr. Davis into abandoning his objection, thereby shielding the proposed settlement from judicial scrutiny. As such, class member John W. Davis respectfully requests that this Court quash Plaintiffs' subpoena. Mr. Davis also requests sanctions pursuant to Fed. R. Civ. P. 45(d)(1) to stop this abuse of process.

## Rule 3.01(g) Certificate

I hereby certify that on December 10, 2019, I communicated with counsel for Plaintiffs in an attempt to resolve the issues in this motion. A resolution was not reached, necessitating the filing of this motion.

Respectfully submitted this 12th day of December, 2019.

by: _____

John W. Davis
FBN 193763
3030 N Rocky Point Dr. W.
Suite 150
Tampa, FL 33607
Telephone: (813) 533-1972
john@johnwdavis.com

*Pro se*