## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

### PLAINTIFFS' BRIEF IN OPPOSITION TO
### HAMILTON LINCOLN LAW INSTITUTE'S MOTIONS TO STRIKE
### PROFESSOR KLONOFF'S DECLARATIONS

The Court's responsibility at final approval is to evaluate whether a proposed settlement is fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e). To assist the Court in that analysis, Class Counsel provided the Court with two declarations by Professor Robert Klonoff in support of their motion for attorneys' fees, expenses, and service awards (Doc. 858-2), and in support of final approval, in part responding to arguments by the Hamilton Lincoln Law Institute ("HLLI"). (Doc. 900-2)  Professor Klonoff has previously testified as an expert in connection with class settlement fairness and attorneys' fees, and numerous courts—in major class actions—have expressly relied upon his opinions.[1]

---

[1] *See, e.g., In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094 (D. Kan. Dec. 7, 2018); *In re Volkswagen "Clean Diesel" Marketing, Sales Practices &*

Nevertheless, the "*pro bono*"[2] Hamilton Lincoln Law Institute ("HLLI") filed a 25-page objection to the proposed settlement on November 19, 2019, offering that the objectors it was representing—HLLI director Ted Frank and HLLI general counsel's brother David Watkins—would sit for a deposition only if Professor Klonoff and "a sample of class representatives identified by Frank and Watkins" also sat for their depositions.  (Doc. 876 at 4, 14)  The objection went on to criticize Professor Klonoff's declaration.  (*Id.* at 19)  Thereafter, when Class Counsel opted not to engage in the "reciprocal" discovery that HLLI wanted, and almost two weeks after the objection deadline, HLLI filed a separate motion to strike Professor Klonoff's declaration.  (Doc. 890)  Its attorneys then filed another motion to strike Professor Klonoff's supplemental declaration, which responded to several of HLLI's arguments.  (Doc. 909)  In addition to the first motion being an

---

*Prod. Liab. Litig.*, MDL No. 2672 CRB, 2016 WL 6248426 (N.D. Cal. Oct. 25, 2016);  *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, 295 F.R.D. 112 (E.D. La. 2013); *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 792 F. Supp. 2d 1028 (N.D. Ill. 2011); *Jabbari v. Wells Fargo & Co.*, No. 15-cv-02159-VC, slip op. at 14, Doc. 271 (N.D. Cal. June 14, 2018).

[2] HLLI receives funding through sources it has not named, as well as applications for attorneys' fees from other class action settlements in which it objects.  *See*, *e.g.*, *Eubank v. Pella Corp.*, No. 06-cv-04481, Motion for Attorneys' Fees (Doc. 683) (N.D. Ill. May 21, 2018).  HLLI sought a 9.3x multiplier on its fees in that case.  *Id.* at 11.

untimely, oversized addenda to an objection, both of HLLI's motions conflate the standard for final approval with an evidentiary standard meant for the submission of evidence. To adopt its argument would require district courts to conduct a trial instead of a final approval hearing—examining whether materials submitted in support of (or opposition to) a settlement satisfy a host of evidentiary requirements from compliance with *Daubert* to whether the materials constitute hearsay. Final approval is not a trial on the merits, and the Court should not adopt the new standard that HLLI demands and has unsuccessfully demanded in other cases.

I.   **HLLI's Motions to Strike Are Untimely And Otherwise Not Allowed**

HLLI's motions to strike are little more than attempts to circumvent the Court's Order Directing Notice (Doc. 742), which provided exact deadlines and page limitation requirements. The Court's Order Directing Notice was clear:

> No settlement class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any settlement class member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the objection deadline; or (b) mailed to the settlement administrator at the address listed in the Long Form Notice available on the settlement website, and postmarked by no later than the objection deadline. Objections shall not exceed twenty-five (25) pages.

(Doc. 742 ¶ 20) The objection deadline was November 19, 2019. (*Id.* ¶ 28) HLLI filed its 25-page objection on November 19, criticizing Professor Klonoff's

declaration for "cherry-pick[ing]" the cases he cited, and otherwise criticizing his characterization of those cited cases.  (Doc. 876 at 19)

Then, without seeking an extension of the page limitations for its objection, and over a month after Professor Klonoff's first declaration was filed with the Court, HLLI filed a 12-page motion to strike Professor Klonoff's declaration. HLLI provided no explanation for its tardy filing, nor did it seek the Court's permission to effectively extend its objection 12 pages beyond the limit.  HLLI had sufficient time to scrutinize Professor Klonoff's declaration before filing its objection, and should not be able to evade the deadlines and page limitations imposed by the Court by simply multiplying its filings on the docket. And, by waiting until the last moment to file its motion, HLLI has imposed an undue burden on the parties that the deadline was meant to alleviate. Under the circumstances, the Court can—and should—exercise its discretion to determine the motion is untimely and deny the motion on that basis, alone.[3]

_____

[3] HLLI's second motion, which attacks a declaration submitted in support of a response to HLLI's objections, allows HLLI to get yet another bite at the apple. But the Court's Order Directing Notice did not contemplate that objectors would be allowed to file reply briefs or engage in seriatim motion practice.  If all objectors followed HLLI's lead, the Court would be faced with hundreds of additional motions.

## II.    HLLI's Proposed Standard Would Multiply Proceedings

HLLI argues that both of Professor Klonoff's declarations should be stricken because the Federal Rules of Evidence require it.  But at the fairness hearing stage, the weight of authority from the circuits makes clear that district courts have discretion to use "whatever is necessary . . . in reaching an informed, just and reasoned decision."  *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989).  District courts also have "the discretion to limit the fairness hearing" to whatever is "consistent with the ultimate goal of determining whether the proposed settlement is fair, adequate and reasonable." *Int'l Union, United Auto., Aerospace, & Agicr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 636-37 (6th Cir. 2007) ("*UAW v. GMC*"); *see also, e.g.*, *McDonough v. Horizon Blue Cross Blue Shield of N.J. Linda A. Essig*, 641 F. App'x 146, 152 (3d Cir. 2015) (unpublished).  As a result, courts in many cases, some of which are outlined in Professor Klonoff's declaration, have relied on testimony of law professors bearing on attorneys' fees, fairness, and related issues.[4]

---

[4]  Indeed, there are several examples of district courts in the Eleventh Circuit, alone, replying upon such testimony.  *See, e.g., In re Checking Account Overdraft Litig.*, No. 09-md-02036, 2014 WL 12557713, at *2 (S.D. Fla. Mar. 7, 2014); *In re Checking Account Overdraft Litig.*, 2013 WL 11319243, at **3, 8, 13, 18 (S.D. Fla. Aug. 2, 2013); *Ryder v. Diversified Ambulance Billing, LLC*, No. 09-cv-2058, 2011 WL 13323560, at *3 (M.D. Fla. Sept. 13, 2011); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1366 (S.D. Fla. 2011); *Allapattah Servs.*,

Despite the clearly-articulated Rule 23(e)(2) standard, HLLI seeks to impose a new rule on the Court: ensuring that the materials submitted to the Court for its consideration at final approval meet the requirements set out in *Daubert*.   But *Daubert* is an evidentiary standard for *trial*—it does not apply to an expert declaration offered solely to help the Court determine if a settlement is fair, reasonable, and adequate.   *UAW v. GMC*, 497 F.3d at 636-37.   This is particularly so because it is well established that district courts should not turn final approval hearings "into a trial or a rehearsal of the trial."   *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974); *see also, e.g.*, *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 443 (3d Cir. 2016) ("[W]e have never held that district courts considering the fairness of a class action settlement should consider the admissibility of expert evidence under *Daubert*."); *American*

---

*Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1204 (S.D. Fla. 2006); *Lipuma v. American Express Co.*, 406 F. Supp. 2d 1298, 1310-1311 (S.D. Fla. 2005).  *See also Hale, et al. v. State Farm Mutual Auto. Ins. Co., et al.*, No. 12-cv-660, Declaration of Professor William B. Rubenstein, Doc. 954-3 at ¶¶ 8-12 (S.D. Ill. Oct. 16, 2018);  *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12-md-2335, Declaration of Professor John C. Coffee, Jr., Doc. 620 at ¶ 6 (S.D.N.Y. Aug. 17, 2015); *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-2509, Declaration of Professor Brian T. Fitzpatrick, Doc. 1079 at ¶ 3 (N.D. Cal. May 8, 2015); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-5075, Declaration of Professor Charles Silver, Doc. 2113-5 at 4 (S.D.N.Y. April 11, 2013).

*International Group, Inc. v. Ace Ina Holdings, Inc.*, No. 07 C 2898, 2012 WL 651727, at *1 (N.D. Ill. Feb. 28, 2012) ("[N]othing indicates that the Federal Rules of Evidence apply at a final fairness hearing. . . . the authority on this subject indicates that the court need not enforce the Rules of Evidence." (citations omitted)).

HLLI argues that the "Court is the gatekeeper for expert testimony." (Doc. 890-1 at 2)  True enough, but that designation implies a *trial* lies beyond the gate—not a judge deciding for itself whether the expert's submission assists in the determination of final approval of a class action settlement.  *See United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").  To support its argument, HLLI cites to a number of "class certification proceedings," wherein the Rules of Evidence were found to be applicable where such evidence was essential to determining class certification.  (Doc. 890-1 at 4-10)  HLLI conflates the issues before the Court: it cites to a number of cases where a trial is anticipated.[5]  Final approval avoids such a trial.  *See Sher v. Raytheon Co.*,

---

[5] HLLI cites to less than a handful of cases involving settlement.  But the cases do not support the expansive rule HLLI requests. In *Dewey v. Volkswagen AG*, 681 F.3d 170 (3d Cir. 2012), the circuit court discussed *Daubert* when determining whether a class should have been certified, but did not announce a *per se* rule that *Daubert* is, in fact, applicable at final approval.  Rather, it found that,

419 Fed. Appx. 887, 888 (11th Cir. 2011) (finding that, when certifying the class, the district court erred in not weighing expert testimony); *American Honda Motor Co. v. Allen*, 600 F.3d 813 (7th Cir. 2010) (holding that, "when an expert's report or testimony is critical to class certification, . . . a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to *ruling on a class certification motion*." (emphasis added)); *Zuniga v. Bernalillo Cnty.*, 319 F.R.D. 640, 660 n.5 (D.N.M. 2016) (applying Federal Rules of Evidence to a hearing as to whether class certification was appropriate); *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 114 (S.D.N.Y. 2015) (applying *Daubert* to hearings on whether a class should be certified); *In re Processed Egg Prods.*

---

"[u]nder *Daubert,* a District Court must review an expert's testimony to determine whether it may proceed to the *factfinder*." *Id.* n. 18 (emphasis added). *In re Fine Paper Antitrust Litig.*, 751 F.2d 562 (3d Cir. 1984), a 35-year old case, relates specifically to evidentiary hearings that were conducted to determine fees post settlement: "Our equitable fund case law also makes clear that the attorneys' claim for fees from a fund in court is a cause of action, belonging to the attorneys, for the reasonable value of their services, for which a hearing is required." *Id.* at 584. As for *Dumont v. Schwab & Co.*, 2000 WL 102321 (E.D. La. July 21, 2000), the court specifically noted that "[i]n determining the adequacy and reasonableness of a settlement, the court does not try the case. After all, the purpose of a settlement is to avoid the delay and expense of a trial." *Id.* at *4. Although the court in *Dumont* took the extraordinary step of resolving hearsay objections, it did not apply *Daubert* to the hearing. Finally, the outlier *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 810 (3d Cir. 1995) did not apply *Daubert* to the settlement context—rather, it examined the settlement (as well as the expert's opinion) pursuant to the standard set forth in Rule 23(e). There is no reason to adopt a standard beyond what Rule 23 requires.

*Antitrust Litig.*, 81 F. Supp. 3d 412, 415 (E.D. Pa. 2015) (ruling on motion to exclude expert testimony as part of briefing on class certification motions).[6]

HLLI glosses over this important distinction by ignoring that two, separate district courts recently denied HLLI's motions to strike expert reports at the final approval stage of settlement.  In the first case, *Briseño, et al. v. Conagra Foods Inc.*, No. 11-cv-05379-CJC-AGR (C.D. Cal.), HLLI filed a motion to strike two expert opinions of Colin Weir, which plaintiffs offered to support the valuation of injunctive relief in their settlement.  In the Court's order granting final approval, it found that the arguments in the motion to strike helped the court "determine how much weight to give" the expert's opinions, but denied the motion.  *Id.*, Doc. 695 (C.D. Cal. Oct. 8, 2019), attached hereto as Exhibit 1.[7]

In another case, *In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liab. Litig.*, No. 17-ml-02792-D, Doc. 208 (W.D.

---

[6] The cases cited in HLLI's footnote 1 further demonstrate its conflation of class certification proceedings in a litigation context—where a finder of fact will eventually weigh evidence—with final approval proceedings.  *Souter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 129 (E.D. Va. 2014) (analyzing motion to strike brought in connection with a motion for class certification); *Pecover v. Elec. Arts Inc.*, No. C08-2820, 2010 WL 8742757, *1 (N.D. Cal. Dec. 21, 2010) (finding that a court must first determine the admissibility of expert opinions before ruling on class certification motions); *Lewis v. First American Title Ins. Co.*, 265 F.R.D. 536, 544 (D. Idaho 2010) (analyzing admissibility in connection with a motion for class certification).

[7] HLLI is appealing the court's grant of final approval in that case.

Okla. Nov. 18, 2019), attached hereto as Exhibit 2, which HLLI mentions in

passing, the court provided a more robust analysis in rejecting HLLI's arguments:

> Unlike the expert declarations in *Dukes* and the rest, which were
> critical to class certification, the [declaration filed by plaintiffs] is
> offered solely to help the Court determine whether the settlement is
> fair, reasonable, and adequate. At this stage in the proceedings, "the
> judge does not resolve the parties' factual disputes but merely ensures
> that the disputes are real and that the settlement fairly and reasonably
> resolves the parties' differences." . . .  The Court, in deciding the final
> approval of a class action settlement, has broad discretion over the
> evidence it may consider. Further, the Court is not inclined to treat
> these proceedings as akin to a full-blown trial on the merits.

Exhibit 2 at 5-6 (citations omitted).

Although HLLI argues that *Mars Steel Corp. v. Continental Bank N.A.* stated

that "[f]airness hearings conducted under Fed. R. Civ. P. 23(e) are not among the

proceedings excepted from the Federal Rules of Evidence," 880 F.2d 928, 938 (7th

Cir. 1989) (Doc. 890-1 at 5), another district court directly addressed that argument

thirteen years ago:

> The *Mars Steel Corp.* court did in fact state that "[n]o case of which
> we are aware holds that Rule 1101(d) suspends the usual rules of
> evidence for fairness hearings; no case expressly holds that affidavits
> are admissible in such hearings, although several cases mention their
> use without deciding the propriety of that use." *Id.* at 938. . . .
> However, besides the fact that the *Mars Steel Corp.* court's comments
> about Rule 1101(d) do not constitute a holding, and that even if the
> comments were a holding it would not be binding on this court, the
> Seventh Circuit did not hold that a district court may not consider
> declarations, affidavits, or other reports in reviewing a proposed
> settlement.

10

> Moreover, McKnight's argument that "[t]he Federal Rules of Evidence 'govern proceedings in the courts of the United States. . . [subject to] the exceptions stated in Rule 1101'" is not completely accurate. . . .  Pursuant to Wright and Miller's *Federal Practice and Procedure,* "Subdivision (d) is not a complete list of the situations in which the Evidence Rules are inapplicable. . . . [S]ince subdivision (d) does not purport to be an exclusive list, there may be other proceedings within the scope of subdivisions (a) and (b) where the Evidence Rules do not apply." Fed. Prac. & Proc. § 8077.  In addition, the Federal Rules of Evidence explicitly state that "[t]hese rules apply *generally* to civil actions and proceedings."  Fed. R. Evid. 1101(b).

*UAW v. GMC*, 235 F.R.D. 383, 386-87 (E.D. Mich. 2006) (emphasis original), *aff'd sub nom. UAW v. GMC*, 497 F.3d 615.  Indeed, the fact that the Federal Rules of Evidence apply *generally* to civil actions and proceedings does not require the Court to resolve every evidentiary objection at the settlement approval stage.  HLLI argues that the Sixth Circuit's opinion affirming the district court "does not hold that the Federal Rules of Evidence do not apply to a fairness hearing."  (Doc. 890-1 at 9)  But the Sixth Circuit acknowledged—in responding to the objectors' assertion of hearsay—that "no court of appeals, to our knowledge, has demanded that district courts invariably conduct a full evidentiary hearing with live testimony and cross-examination before approving a settlement."  *UAW v. GMC*, 497 F.3d at 636.

Courts consistently hold that objectors are not entitled to "a full-blown trial in lieu of a fairness hearing," *Edwards v. City of Houston*, 37 F.3d 1097, 1119 (5th Cir. 1994), but if HLLI were correct, then courts *would* have to turn fairness hearings into full-blown trials—resolving evidentiary issues of hearsay, admissibility, and whether expert opinions meet the requirements of *Daubert*— before issuing judgment on final approval.[8]  Settlements, which previously avoided expending time and resources in taking cases to trial (both on behalf of the parties and the trial court), would become just as time-consuming and expensive as bench trials.  The Court need not accept HLLI's invitation to complicate proceedings when the standards it must follow are already clearly described in Rule 23(e).

## III.    Professor Klonoff's Declarations Satisfy Rule 702

Even if *Daubert* did apply at this stage of the proceedings, which it does not, Professor Klonoff's declarations easily pass muster.  *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (setting forth standard); *see also, e.g.*, *Williams v.*

---

[8]    Requiring that the Federal Rules of Evidence apply at the final approval stage raises questions the answers to which could have significant adverse and unintended consequences for objectors.  For example, would an objection need to be submitted in the form of a declaration or affidavit for it to be considered by a court?    Would the objector's declaration or information in the declaration constitute inadmissible hearsay and, if so, could it be considered?    Would information in a declaration be objectionable as irrelevant?    Would the best evidence rule or authentication requirements apply to documents that an objector submits with his or her declaration?

*Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1245 (11th Cir. 2018).  HLLI argues that

Professor Klonoff's declarations are not "helpful" to the "fact-finder" because they

contains "impermissible opinion on legal matters" and thus fail to satisfy Rule 702.

(Doc. 890-1 at 10-11)  But Professor Klonoff's declarations are not being offered

to assist the "trier of fact" reach a resolution on the ultimate merits of Plaintiffs'

claims—they are being offered to assist the Court in its evaluation of whether the

proposed settlement satisfies under Rule 23(e).[9]

Moreover, to the extent the Court feels that Professor Klonoff is providing

any improper legal conclusion, it can simply ignore those parts of his declarations.

*See In re Regions Morgan Keegan Sec., Derivative & Erisa Litig.*, No. 09-MD-

2009MAV, 2012 WL 12840260, at *6 (W.D. Tenn. Jan. 4, 2012) ("the district

---

[9]  HLLI does not dispute Professor Klonoff's expertise—nor can it.  *See, generally In re AT&T Mobility Wireless Data Services Sales Tax Litig.,* 789 F. Supp. 2d 935, 956 (N.D. Ill. 2011) (finding that Professor Klonoff is "an expert on class actions"). Among other credentials, he is a prominent law professor and teacher of civil procedure, former Assistant to the U.S. Solicitor General, the author of leading academic publications and textbooks on class actions and multi-district litigation, and a frequent expert witness on class action issues, including the reasonableness of attorneys' fee requests. He has personally handled more than 100 class actions in private practice and litigated fee disputes. And, he was appointed by Chief Justice Roberts to the Advisory Committee on the Rules of Civil Procedure, a position in which he took the lead on the proposed amendments to Rule 23 that became effective on December 1, 2018.  He also served as an Associate Reporter for the American Law Institute's class action project, *Principles of the Law of Aggregate Litigation*. He was principally responsible for drafting the chapter on class action settlements and attorneys' fees. (Doc. 858-2, ¶¶ 4-12)

judge is capable of sifting through the declarations, disregarding these parts that may simply be legal argument, and focus on the pertinent portions"); *Miller v. Cincinnati*, 709 F. Supp. 2d 605, 619-20 (S.D. Ohio 2008) (denying motion to strike expert affidavit because a court sitting as both trier of fact and law "is fully able to disregard the implication of any impermissible legal conclusion"). Indeed, HLLI made this argument to another court in 2015, and the court held that "even if the affidavit contained impermissible legal conclusions, the Court is capable of separating those conclusions from Magistrate Judge Boylan's helpful and insightful factual descriptions of the settlement process in this case." *In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL142522PAMJJK, 2015 WL 7253765, at *4 (D. Minn. Nov. 17, 2015), *rev'd and remanded on other grounds,* 847 F.3d 608 (8th Cir. 2017), *amended,* 855 F.3d 913 (8th Cir. 2017), and *aff'd,* 892 F.3d 968 (8th Cir. 2018), and *aff'd,* 892 F.3d 968 (8th Cir. 2018).

Regardless, Professor Klonoff's declarations should be helpful to the Court and are not impermissible legal opinions. He provides the Court with the benefit of his expert perspective formed as a result of, among other things, firsthand experience litigating class actions, teaching and writing about class actions, and participating in the process of revising Rule 23 as a member of the rules advisory committee. And, while Professor Klonoff cites legal precedent, he does so for the

purpose of demonstrating how the governing law applies to the specific facts and circumstances of this case, not to tell this Court how it must resolve disputed legal issues. Moreover, the issues on which he opines are inherently factual in nature, such as the reasonableness of class counsel's hours and rates, the reasonableness of the requested fee in comparison to the settlement's benefits, and the applicability of the *Johnson* factors.

Further, the methodology that Professor Klonoff used—applying his expertise gained through years of experience to questions of fairness and reasonableness—is more than sufficient to satisfy Rule 702 and *Daubert. See, e.g., Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999) (recognizing that a district court has "broad latitude" to allow an expert whose testimony is based on "professional studies or personal experience"); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 561-63 (5th Cir. 2004) (affirming admission of testimony from a fee expert, stating the "fair and reasonable compensation for the professional services of a lawyer can certainly be ascertained by the opinion of members of the bar who have become familiar through experience and practice with the character of such services"); *Freed by Freed v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 2005 WL 8156040, at *2-3 (S.D. Fla. Aug. 2, 2005) (rejecting *Daubert* challenge to an expert who testified as to the reasonableness of

an attorneys' fee based on his experience as a litigator, finding the methodology was reliable); *Yowell v. Seneca Specialty Ins. Co.*, 117 F. Supp. 3d 904, 910-11 (E.D. Tex. 2015) (declining to strike affidavit from fee expert because it satisfied *Daubert* requirements).

Courts regularly consider and rely upon expert opinion regarding the reasonableness of fees requested by class counsel.[10]  And courts routinely rely upon law professors as experts to assess facts at issue in connection with the final approval of a settlement. As Harvard Professor William Rubenstein, the current author of *Newberg on Class Actions,* has noted:

> [C]ourts have generally accepted law professor experts in class action cases.  The core concerns that arise when lawyers serve as experts are inapplicable.  First, the class action expert testifies to a judge, not a jury, so there is no likelihood of confusion.  …  [Also], the law professor's testimony is generally about the application of legal principles to the facts of the case, not about the content of the law itself.  Everyone agrees on the Rule 23 certification standard, for example; the question about which the expert testifies is whether it has been met in this particular case.

W. Rubenstein, *Using Law Professors as Expert Witnesses in Class Action Litigation*, 6 BNA Expert Evidence Report 561, 562 (October 23, 2006) (also

---

[10] It is worth mentioning that objectors sometimes rely upon the opinions of professors and others to support their objections.  Requiring objectors to meet the *Daubert* standard could have a chilling effect on allowing objectors to submit documents in support of their objections.

noting that law professors can be especially helpful in evaluating a request for attorneys' fees).

More specifically, as noted in footnote 1, courts have accepted and relied opinions from Professor Klonoff. That these courts did not explicitly perform an analysis under Rule 702 (*see* Doc. 890-1 at 13) does not negate the fact that the courts *explicitly* found Professor Klonoff's opinions to be helpful. By providing the Court with Professor Klonoff's declarations, Class Counsel do not ask the Court to defer to him on fee decisions, fairness, legal questions, or otherwise relinquish their fiduciary duty; to the contrary, Class Counsel is providing the Court with additional information the Court can consider in making its decision about the fairness, reasonableness, and adequacy of the settlement.

## CONCLUSION

For the reasons set forth in this brief, HLLI's motions to strike Professor Klonoff's declarations should be denied.

Dated: December 16, 2019                    Respectfully submitted,


                                            */s/ Kenneth S. Canfield*
                                            Kenneth S. Canfield
                                            Ga Bar No. 107744
                                            **DOFFERMYRE SHIELDS**
                                            **CANFIELD & KNOWLES, LLC**
                                            1355 Peachtree Street, N.E.
                                            Suite 1725
                                            Atlanta, Georgia 30309
                                            Tel. 404.881.8900
                                            kcanfield@dsckd.com


                                            */s/ Amy E. Keller*
                                            Amy E. Keller
                                            **DiCELLO LEVITT GUTZLER LLC**
                                            Ten North Dearborn Street
                                            Eleventh Floor
                                            Chicago, Illinois 60602
                                            Tel. 312.214.7900
                                            akeller@dicellolevitt.com


                                            */s/ Norman E. Siegel*
                                            Norman E. Siegel
                                            **STUEVE SIEGEL HANSON LLP**
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel. 816.714.7100
                                            siegel@stuevesiegel.com


                                            ***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison
Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion and the accompanying memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*
Amy E. Keller

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 16th day of December 2019.

/s/ Amy E. Keller
Amy E. Keller