UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                                                 MDL No. 2800

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the five actions listed on Schedule A, proceeding *pro se*, each move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2800. Defendant Equifax Inc. (Equifax) opposes the motions to vacate.

After considering the parties' arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2800, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2800 arise from a 2017 cybersecurity incident involving Equifax in which the personally identifiable information of more than 145 million consumers allegedly was compromised. *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1324-25 (J.P.M.L. 2017). The actions before the Panel involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax data breach.

Plaintiffs in all actions argue that transfer is not warranted because Equifax has admitted liability by failing to respond to plaintiffs' correspondence.[1] We previously rejected a similar argument—that transfer to MDL No. 2800 is not warranted because common facts as to the breach will be undisputed. *See* Transfer Order (*Luciano*), MDL No. 2800, ECF No. 995 (J.P.M.L. Jun. 5, 2019). Inclusion of these actions in pretrial proceedings will promote the just and efficient conduct of these five actions, particularly as the allegations in each are substantially similar and each plaintiff alleges the same course of correspondence with Equifax.

Plaintiffs in four actions argue against transfer that they have opted out of the MDL No. 2800 settlement. This argument too is unavailing. *See* Transfer Order, MDL No. 1720, at p. 2, n.4 (J.P.M.L. Oct. 16, 2013) ("The Panel has long recognized that transfer of opt-out actions to the MDL addressing the proposed class settlement is desirable because of the efficiencies from the transferee court's management of overlapping actions, integration of existing discovery with discovery in the new actions, and the court's expertise in the issues.") (citing *In re Pennsylvania Life Co. Secs. Litig.*,

---

[1] Plaintiffs in each of these actions allege an "exhausted/completed administrative remedy/procedure: Conditional Acceptance, Notice of Fault and Opportunity to Cure and subsequent Affidavit and Notice of Default." Plaintiffs each allege that Equifax did not respond to these documents and, therefore "quietly agreed to all of the facts as outlined."

-2-

436 F. Supp. 406 (J.P.M.L. 1977)). There are other opt-out actions pending in the MDL that share questions of fact with these actions. Transfer will promote the just and efficient conduct of the actions remaining in this litigation.

Plaintiffs in two actions argue that transfer will cause them inconvenience. As we have held, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

The Eastern District of Texas *Bass* plaintiff argues that the Panel has no authority over him (as he has argued in the Eastern District of Texas—the court where he filed his claim). Section 1407 confers on the Panel the authority to transfer the *Bass* action.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Thomas W. Thrash for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry     Nathaniel M. Gorton
Matthew F. Kennelly     David C. Norton

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: 12/18/2019

JAMES N. HATTEN, Clerk

By: s/ A. Coleman
      Deputy Clerk



**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**          MDL No. 2800

## SCHEDULE A

<u>Central District of California</u>

VENTRESS v. EQUIFAX, INC., C.A. No. 8:19-01466

<u>Southern District of Indiana</u>

FLOWERS v. EQUIFAX, INC., C.A. No. 1:19-03678
HUTCHINSON v. EQUIFAX, INC., C.A. No. 1:19-03681
HUTCHINSON v. EQUIFAX, INC., C.A. No. 1:19-03682

<u>Eastern District of Texas</u>

BASS v. EQUIFAX, INC., C.A. No. 4:19-00452