**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT CONSUMER CASES |

**PLAINTIFFS' RESPONSE TO
STATE *AMICUS CURIAE* BRIEFS**

The State of Indiana, through the Indiana Attorney General, submitted a self-styled *amicus curiae*, to request that the Court modify the release in the settlement in several respects, purportedly to "safeguard its sovereign and exclusive authorities to enforce Indiana law" or reject the settlement entirely. [Doc. 898] The Commonwealth of Massachusetts makes a similar request. [Doc. 923] The gist of the states' requests is that they believe the release cannot be used as a bar to the states' claims in separate litigation the Attorneys General of those states are pursuing against Equifax in Indiana and Massachusetts state courts. Both cite several cases in apparent support for the proposition that a class action "cannot impede a separate

action by government actors acting in an enforcement capacity." *See, e.g.*, Doc. 898 at 5.

As a preliminary matter—although styled as *amicus curiae*—Indiana and Massachusetts do not have standing to make objections to the settlement because they are not members of the class. *See* Fed. R. Civ. P. 23(e)(5) (limiting permissible objections to "class members"); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 342-43 (N.D. Ga. 1993) (finding states that objected to terms of the settlement lacked standing to object). Similarly, there is nothing in the Class Action Fairness Act that confers standing on states to object to a class action settlement. Thus, although appropriate state officials must be provided notice of settlements, CAFA expressly states that the statute shall not "expand the authority of . . . State officials." 28 U.S.C. § 1715(f). Accordingly, Indiana and Massachusetts lack standing to object to the settlement, and the Court should not consider their objections in considering final approval. *In re Deepwater Horizon Oil Spill*, 910 F. Supp. 2d 891, 943 (E.D. La. 2012) ("The Gulf States do not acquire standing under CAFA's notification provision[.]"); *In re Budeprion XL Mktg. & Sales Litig.*, 2012 WL 4322012, at *4 (E.D. Pa. Sept. 21, 2012) (same).

Moreover, the arguments presented by Indiana and Massachusetts make clear that the issues they raise *should be litigated in Indiana and Massachusetts* where

2

those actions against Equifax are pending. Asking for an advisory ruling in this Court—where the states are not parties, have no standing, and present no case or controversy—would be a nullity and a waste of the Court's time. *See, e.g.*, *Knight v. Fla. Dep't of Corr.*, 936 F.3d 1322, 1338 (11th Cir. 2019) ("[I]t is quite clear that the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.") (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)); *Miller v. F.C.C.*, 66 F.3d 1140, 1146 (11th Cir. 1995) ("The prohibition on advisory opinions is a logical corollary of the case or controversy requirement.").

Finally, under Rule 23 the Court does not have the power to grant the primary relief sought by the states, which is a modification of the settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The states' alternative request—that the Court reject the entire settlement if their demands are not met—should likewise be rejected as not in the best interests of the 147.4 million class members benefiting from this settlement. As with the citizens from the other 50 states and territories that support the settlement, the citizens of Indiana and Massachusetts will benefit from the unprecedented relief offered through this settlement. [Doc. 903] Indeed, it would make no sense for this Court to reject this historic settlement – one that provides substantial relief to a nationwide class and is supported by the Federal Trade

3

Commission, Consumer Financial Protection Bureau, and 50 other Attorneys General – and subject the class to the risks of further litigation simply because two states seek the opportunity to obtain more relief for their own residents.

Based on the foregoing, Plaintiffs respectfully request that the relief requested in the submissions of Indiana and Massachusetts be denied.

Dated: December 18, 2019                    Respectfully submitted,

                                            */s/ Kenneth S. Canfield*
                                            Kenneth S. Canfield
                                            Ga. Bar No. 107744
                                            **DOFFERMYRE SHIELDS**
                                            **CANFIELD & KNOWLES, LLC**
                                            1355 Peachtree Street, N.E.
                                            Suite 1725
                                            Atlanta, Georgia 30309
                                            Tel. 404.881.8900
                                            kcanfield@dsckd.com

                                            */s/ Amy E. Keller*
                                            Amy E. Keller
                                            **DiCELLO LEVITT GUTZLER LLC**
                                            Ten North Dearborn Street
                                            Eleventh Floor
                                            Chicago, Illinois 60602
                                            Tel. 312.214.7900
                                            akeller@dicellolevitt.com

                                            */s/ Norman E. Siegel*
                                            Norman E. Siegel
                                            **STUEVE SIEGEL HANSON LLP**
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel. 816.714.7100
                                            siegel@stuevesiegel.com

                                            ***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison
Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com
***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court*
*Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*
Amy E. Keller

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 18th day of December 2019.

_/s/ Amy E. Keller_____
Amy E. Keller