# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

## EQUIFAX'S OPPOSITION TO PRO SE OBJECTOR ANDREWS'S MOTION TO STRIKE RESPONSE TO DOC 903

Pro se Objector Christopher Andrews moves the Court to strike Equifax's Response in Support of Final Approval of Consumer Class Action Settlement (Dkt. 931). *See* Dkts. 935, 936. He argues that Equifax's Response should be stricken because "the parties forgot to reserve that right to file that document" in the settlement. *Id.* at 2. It is unclear whether he means that, absent a provision in the settlement, Equifax could not file a response at all, that Equifax could not file a response up to thirty-five pages in length, that Equifax could not file a response any later than December 5, 2019, or some combination of the above. Regardless, Objector Andrews' motion should be denied because Equifax's Response was timely filed, and the Court granted Equifax leave to file a brief up to thirty-five pages in length.

1

On July 22, 2019, the Court granted Consumer Plaintiffs' Motion to Direct Notice of Proposed Settlement to the Class. Dkt. 742. The Court ordered Consumer Plaintiffs to file a motion for final approval of the settlement no later than December 5, 2019. *Id.* at 15. The Court's order did not set a deadline for Equifax to respond to Consumer Plaintiffs' motion. *Id.* Because neither the Court's order nor the Federal Rules of Civil Procedure provided an express deadline for Equifax to respond to Consumer Plaintiffs' motion, Equifax's response deadline was controlled by the 14-day default rule under this District's Local Rules. *See* LR 7.1(B). On December 12, 2019, the Court granted Equifax leave to file a response up to 35 pages in length. Dkt. 925.

Consistent with this Court's order, Consumer Plaintiffs filed their motion for final approval on December 5, 2019, Dkt. 903, and Equifax filed its 35-page Response on December 16, 2019. Equifax's Response was filed 3 days before the expiration of the 14-day period allowed by the Local Rules, and did not exceed 35 pages. Equifax's Response was thus timely filed consistent with the page limitations set by the Court.

## CONCLUSION

Equifax respectfully requests that the Court deny Pro Se Objector Christopher Andrews's Motion to Strike Equifax's Response in Support of Final Approval of Consumer Class Action Settlement.

Respectfully submitted this 19th day of December, 2019.

/s/ S. Stewart Haskins II
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com

*Counsel for Equifax Defendants*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Response was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 19th day of December, 2019.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II