**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This filing relates to:<br><br>*Christopher v. Equifax Information Servs. LLC*, Case No. 5:19-cv-00806-G | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE
<u>IN OPPOSITION TO MOTION FOR JUDGMENT BY DEFAULT</u>**

Defendant Equifax Information Services LLC[1] ("Equifax"), by and through its undersigned counsel, respectfully requests that the Court deny Plaintiff's November 14, 2019 Motion for Judgment by Default ("Motion") pursuant to Federal Rule of Civil Procedure, Rule 55(c).  For the reasons that follow, Plaintiff's Motion should be denied.

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff filed his Complaint on September 3, 2019 in the United States District Court for the Western District of Oklahoma, alleging various claims related to the data security incident announced by Equifax Inc. in September 2017.  *See*

---

[1]     Equifax Inc. is the proper defendant.

*generally* W.D. Okla. Case No.: 5:19-CV-00806-G, Dkt. 1.   A hand-written Summons issued on October 1, 2019.  *Id*. Dkt. 7.

On October 5, 2019, Plaintiff's Complaint and Summons were delivered to the P.O. Box identified by Plaintiff on the Summons:  Equifax Information Services LLC, PO Box 740241, Atlanta, Georgia 30374.  Declaration of Jessica Spurlock in Support of Equifax's Opposition to Motion for Judgment by Default ("Spurlock Decl."), ¶ 5; *see also* W.D. Okla. Case No.: 5:19-CV-00806-G, Dkt. 7.  That P.O. Box, however, is associated with Equifax's Disclosure Department, and is used to receive correspondence related to credit files and related disputes lodged by consumers.  Spurlock Decl., ¶ 6; *see also* **Exhibit A**, "How Do I Get My Free Credit Report?"   (https://www.equifax.com/personal/education/credit/report/how-to-get-your-free-credit-report/) (identifying this P.O. Box in connection with requests for free credit reports).  It is not used for litigation purposes, and is not monitored by an Equifax officer, managing or general agent, or any other agent authorized to receive service of process.  Spurlock Decl., ¶ 6.  Indeed, the Georgia Secretary of State's business records identify a different address for Equifax Information Services LLC's registered    agent    for    service    of    process.    *See* https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=82084&

businessType=Domestic%20Limited%20Liability%20Company&fromSearch=Tru
e.

Plaintiff filed his Motion on November 14, 2019, mailing a copy to the same incorrect address to which he sent the Summons and Complaint. W.D. Okla. Case No.: 5:19-CV-00806-G, Dkt. 8. Because the Complaint was not properly served, Equifax did not learn of it until after Plaintiff's Motion had been filed. Spurlock Decl., ¶ 9. Equifax promptly investigated the method of service for this lawsuit and engaged outside counsel to oppose Plaintiff's Motion for Judgment by Default. *Id*. ¶ 10. On December 6, 2019, Equifax moved for an extension of time in which to respond to Plaintiff's Complaint and this Motion. W.D. Okla. Case No.: 5:19-CV-00806-G, Dkt. 11. This Court granted Equifax's request on December 16, 2019, extending Equifax's time to respond to December 20, 2019. *Id*. Dkt. 12.

On December 9, 2019, Equifax filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML") citing this action as related to multidistrict litigation proceeding captioned, *In re: Equifax Inc. Customer Data Security Breach Litigation*, MDL No. 2800. MDL No. 2800, Dkt. 1169. On December 11, 2019, the JPML entered Conditional Transfer Order (CTO-57), indicating its initial view that this action is sufficiently related to the MDL proceeding. *Id*. Dkt. 1174. In the absence of any objection to the transfer, on

December 19, 2019, the JPML lifted the stay of Conditional Transfer Order (CTO-57), transferring this action to the Northern District of Georgia for inclusion in the MDL proceeding.  *Id*. Dkt. 1180.

## LEGAL STANDARD

"Default judgments are a harsh sanction."  *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citing *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir.  2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)) (noting in its analysis of Rule 55 that "[default] is too harsh except in extreme circumstances").  Indeed, "'strong policies favor resolution of disputes on their merits[.]'"  *In re Rains*, 946 F.2d at 732–33 (alteration removed & alteration added) (citation omitted).  Moreover, it is settled law that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Thorpe v. Dumas*, No. 19-10089, 2019 WL 4447248, at *1-2 (11th Cir. Sept. 17, 2019) (quoting Rule 4).  For this reason, this District of Oklahoma has made clear that "if a plaintiff did not properly serve a defendant, a default judgment entered against that defendant is void."  *Black v. Reliable Reports of Tex., Inc.*, No. CIV-05-1427-M, 2007 WL 2746926, at *2 (W.D.

4

Okla. Sept. 20, 2007); *see also Johnson v. Bank of N.Y. Mellon*, No. 1:17-CV-04499-ELR-AJB, 2018 WL 4850120, at \*5 (N.D. Ga. July 11, 2018) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."), *adopting R. & R.*, 2018 WL 4850230 (N.D. Ga. Aug. 3, 2018).

"Service of process in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure provides the mechanism by which a court 'having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.'" *Habyawmana v. Kagame*, No. CIV-10-437-W, 2011 WL 13113322, at \*4 (W.D. Okla. June 23, 2011) (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992)). Rule 4 outlines the procedures by which service on a corporation may be effectuated. If not personally serving an individual, a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The District of Oklahoma has noted that "a corporation's 'registered office' is not the same as a corporation's registered agent's office." *Black*, 2007 WL 2746926, at \*3.

## ARGUMENT

### 1.  A Default Judgment Should Not Be Granted Because Equifax Was Not Properly Served Under the Federal Rules of Civil Procedure.

It is well settled that a federal court may not exercise personal jurisdiction over a defendant absent proper service in accordance with the Federal Rules of Civil Procedure.  *See Omni Capital Int'l, Ltd*, 484 U.S. at 104.  To that point, courts in the Tenth and Eleventh Circuits, including the Western District of Oklahoma where this lawsuit originated and the Northern District of Georgia where service was purportedly effectuated, have made clear that a default entered against a defendant who was not properly served is improper.  *See Black*, 2007 WL 2746926, at *3; *Johnson*, 2018 WL 4850120, at *5; *see also Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 692 (D.N.M. 2018).

Here, it is clear that Plaintiff did not serve the Summons and Complaint in a manner consistent with Rule 4, resulting in Equifax not becoming aware of this lawsuit until (a) after its time to respond had expired, and (b) after Plaintiff filed this Motion.  Plaintiff mailed the Summons and Complaint to a P.O. Box used to receive correspondence regarding credit files and related disputes lodged by consumers. Spurlock Decl., ¶ 6.  Notably, upon receiving Plaintiff's mailing at the incorrect P.O. Box, Equifax's Dispute Department sent Plaintiff a form letter on October 17, 2019 requesting additional identification information after they were unable to locate

Plaintiff's file.  Spurlock Decl., ¶ 8.  This form of response is routinely associated with the type of credit disputes and credit report requests for which the P.O. Box is maintained.  *Id*.

In short, the Complaint was not delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B); Spurlock Decl., ¶ 6; *see also Martinez*, 347 F. Supp. 3d at 692 (internal citations omitted) ("Because [plaintiff] mailed a summons and complaint to a general address, where an authorized agent did not sign the envelope, he did not satisfy [R]ule 4 of the Federal Rules of Civil Procedure . . . . No officer, general or managing agent, or authorized agent accepted the package at the Ohio P.O. Box because [defendant] maintains that address only to collect mortgage payments.").  Because Equifax was not properly served, this Court should not—indeed, cannot—grant Plaintiff's Motion on the basis of that improper service.

**2. Equifax Was Not Properly Served Under Oklahoma or Georgia Law.**

Rule 4(h)(1)(A) also indicates that a Plaintiff may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual," which provides for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made." Fed. R. Civ. P. 4(e)(1). Here too, Plaintiff's method of service fails to satisfy Oklahoma or Georgia law.

Oklahoma law makes clear that "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." Okla. Stat. tit. 12 § 2004(C)(2)(c). It continues: "In the case of [a corporation], acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed." *Id.*; *see also Black*, 2007 WL 2746926, at *3. As a threshold matter, Plaintiff's Motion does not contain a return receipt showing acceptance of the Summons. Instead, it merely contains the certified mail tracking receipt showing that Plaintiff mailed the Summons and Complaint to the wrong P.O. Box. *See* W.D. Okla. Case No.: 5:19-CV-00806-G, Dkt. 8, 8-1. Moreover, Plaintiff cannot satisfy the second part of the rule. No Equifax "officer" accepted Plaintiff's Summons when it was mailed to the Disclosure Department's P.O. Box, nor did any "employee of the registered office or principal place of business" authorized to receive certified mail accept the Summons. The P.O. Box to which Plaintiff mailed the Summons and Complaint is not Equifax's principal place of business, nor is it a "registered

office" as contemplated by the statute.  *See* Spurlock Decl., ¶ 6; Exhibit A; *see also*
*Black*, 2007 WL 2746926, at *3 ("[T]he Court finds that a corporation's 'registered
office' is not the same as a corporation's registered agent's office. . . .  The term
'registered office,' on the other hand, plainly refers to the corporation's address that
is registered with the applicable governmental entity.").

Plaintiff's method of service was also ineffective under Georgia law, which
requires service of the summons and complaint "to the president or other officer of
such corporation or foreign corporation, a managing agent thereof, or a registered
agent thereof."  O.C.G.A. § 9-11-4(e)(1)(A) (2013).  The Code defines "managing
agent" as "a person employed by a corporation or a foreign corporation who is at an
office or facility in [Georgia] and who has managerial or supervisory authority for
such corporation or foreign corporation."  O.C.G.A. § 9-11-4(e)(1)(B).  For the
reasons explained above, the credit disputes/credit report requests P.O. Box does not
suffice.  Spurlock Decl., ¶¶ 5-6.

## **CONCLUSION**

Plaintiff's Motion for Judgment by Default against Equifax should be denied, because Equifax was not properly served with the Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Respectfully submitted this 20th day of December, 2019.

/s/ Robert D. Griest
**KING & SPALDING LLP**
Robert D. Griest
Georgia Bar No. 294216
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
rgriest@kslaw.com

*Counsel for Equifax Information Services LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Response in Opposition was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted this 20th day of December, 2019.


*/s/ Robert D. Griest*
**KING & SPALDING LLP**
Robert D. Griest

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 <br> 1:17-md-2800-TWT |
| This filing relates to: | CONSUMER CASES |
| *Christopher v. Equifax Information Servs. LLC*, Case No. 5:19-cv-00806-G | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically serve notice of electronic filing to all counsel of record.

I also hereby certify that I have mailed the **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT BY DEFAULT** by United States Mail, postage prepaid, and properly addressed as indicated below to the following non-CM/ECF participants:

> Michael Christopher
> 316 W. 12th St.
> Sulphur, OK 73086
>
> *Pro se Plaintiff*

> */s/ Robert D. Griest*
> Robert D. Griest