IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 23 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 1:17-md-2800-TWT<br><br>CONSUMER CASES |

## OPPOSITION TO [931] RESPONSE IN SUPPORT OF [903] MOTION FOR FINAL APPROVAL

EFX[1] *overconfidently* says this settlement is "**without a hint of collusion.**"[2]

**Hold on, here is a hint.** "EFX APPROVED LAYN PHILLIPS DECLARATION. DOCX(KO) (002)"[3] is file title of ECF 739-9. Would a "**neutral**"[4] mediator need Defendants before concluding "reasonable and fair outcome " to "strongly support the approval of the settlement"??[5] , Parties might want to revise their statements.

```
◁   C   ▢   🔒 courtlistener.com/recap/gov.uscourts.gand.244824/gov.uscourts.gand.244824.739.9.pdf
Microsoft Word   EFX APPROVED LAYN PHILLIPS DECLARATION.DOCX(KO) (002)          1/8
```

Declaration of Hon. Layn Phillips (Ret.)

*In re: Equifax Inc. Customer Data Security Breach Litigation,*
No. 17-md-2800-TWT (N.D. Ga.)

---

[1] EFX is Equifax's stock symbol. finance.yahoo.com/quote/EFX/
[2] ECF 931 at 9. (emphasized)
[3] Courtlistener.com/recap/gov.uscourts.gand.244824/gov.uscourts.gand.244824.739.9.pdf (RECAP, joint project with Princeton University, keeps official docket PDFs)
[4] "Mediation…is a "method of nonbinding dispute resolution involving a ***neutral*** third party …[to] reach a mutually agreeable solution". Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1240 (11th Cir. 2008)(citation omitted).
[5] ECF 739-9 at ¶ 13. The Decl. also contains many *impermissible legal conclusions*. Commodores Entm't. Corp. v. McClary, 879 F.3d 1114, 1121 (11th Cir. 2018)

**Article III Courts Has Vacatur For Friendly Litigants.** Parties here "cannot remedy the inadequate representation [by] assistance of [former] judges and mediators"[6]. As Supreme Court's *unanimous* opinion stated, "absent a genuine adversary issue between parties, federal court may not safely proceed to judgment"[7]. Judge Richard Posner agrees. "American judges…expect the clash of the adversaries to generate the information that the judge needs to decide the case. And so when a judge is being urged by both adversaries to approve the class-action settlement that they've negotiated, <u>he's at a disadvantage in evaluating the fairness of the settlement to the class.</u>"[8] Plus here, "**plaintiff and defendant have the same interest, and that interest [is] adverse and in conflict with the interest of third persons, whose rights would be seriously affected if the question of law was decided in the manner that both parties to this suit desire it to be.**"[9] "[N]onnamed class member is not a party to the class-action litigation before the class is certified."[10] This joint-venture to injure millions of absentees is outrageous.

---

[6] <u>Sharp Farms v. Speaks</u>, 917 F.3d 276, 292 (4th Cir. 2019)(quoting <u>In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.</u>, 827 F.3d 223 (2d Cir. 2016))
[7] <u>Arizonans for Official English v. Ariz.</u>, 520 US 43, 71 (1997)( cleaned up).
[8] <u>Eubank v. Pella Corp.</u>, 753 F.3d 718, 720 (7th Cir. 2014)(emphasized).
[9] <u>Aerojet-General Corp. v. Askew</u>, 511 F.2d 710, 720 (5th Cir. 1975) (emphasized) ("Old Fifth precedent") (quoting <u>Lord v. Veazie</u>, 49 U.S. 251, 255-256 (1850))
[10] <u>Standard Fire Ins. Co. v. Knowles</u>, 133 S. Ct. 1345, 1349 (2013) (*unanimous*)

2

"Rule 23 class actions...can cause great mischief"[11]. "When counsel for the plaintiff-class negotiates simultaneously for the settlement fund and for individual counsel fees there is an inherent conflict of interest. The defendant...is uninterested in what portion of the total payment will go to the class and what percentage will go to the class attorney; accordingly, the defense operates as no brake against the invidious effects of such a conflict of interest."[12] "Invariably, the plaintiffs' lawyers must look to the defendants for their fees and litigation expenses; invariably, they settle. Because of the potential for a collusive settlement, a sellout of a highly meritorious claim, or a settlement that ignores the interests of minority class members," "[i]t requires no further discussion to conclude that the result Lead Counsel propose cannot be countenanced. What is needed, instead, if we expect the public to have confidence in the rule of law, is a result that will ensure that the scenario in this case is not repeated."[13] This Settlement motion should be DENIED.

Dated:  December 17, 2019                Respectfully Submitted, [14] [15]
                                         Shiyang Huang (*Pro Se*)

---

[11] Piambino v. Bailey, 757 F.2d 1112, 1139 (11th Cir. 1985) (TJOFLAT, J.).
[12] Id. at 1143. (cleaned up).
[13] Id. at 1139, 1141.
[14] CERTIFICATION OF SERVICE: I certify this Court will receive a copy in mail; CM/ECF will alert all counsels on record.
[15] CERTIFICATE OF COMPLIANCE: I hereby certify that this filing has been prepared in compliance with Local Rules 5.1 and 7.1.

SHIYANG HUANG
2800 SW ENGLER CT
TOPEKA, KS 66614

CAROL STREAM IL 601

18 DEC 2019 PM 5 L



Clerk of Court
ATTN: 1:17-MD-2800-TWT
US District Court, Northern District of Georgia
United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303-3309

30303-331861