FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 27 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 1:17-md-2800-TWT<br><br>CONSUMER CASES |

## MOTION TO STRIKE PLAINTIFFS UNTIMELY FILINGS [Doc. 939]

Consumer Plaintiffs' untimely filings [Doc. 939] and all exhibits within should be STRICKEN. Plaintiffs clearly violated deadlines of the Court's class notice order to ***deprive due process of objectors***—"Deadline to file Class Counsel to file motion for final approval of settlement and responses to any timely submitted class member objections" is "December 5, 2019". [Doc. 742] at 15.

However, Plaintiffs blinded objectors [Doc. 939] on eve of December 18, 2019, with a voluminous set of 10 exhibits, continuing rebuttal to objectors, and more reply to Movant's objections of excessive attorney's fees. Submitting the file dump night before fairness hearing, Class Counsel effectively deprived unnamed class members for the right to object fee motions, and such submissions should be STRICKEN for failing Fed. R. Civ. P. 23(h) timelines of fee motion for objections.

Courts across the country have little difficulty to rebuke such blatant violations. *Redman v. Radioshack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014)(Posner, J.)("Class counsel did not file...until after the deadline set by the court for objections to the settlement had expired. That violated [Rule 23(h)]."). *In*

1

*re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016). *Keil v. Lopez*, 862 F.3d 685, 704 (8th Cir. 2017). *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 993 (9th Cir. 2010).

Class Counsel tried to avoid objectors with cursory references of approvals "in camera pursuant to the February 12, 2018 Order." Doc. 939-1 at 22. Though, the Court's Feb. 12, 2018 Order only said below, [Doc. 232] at 10.

> "On a quarterly basis, beginning on April 30, 2018, and thereafter on the last business day of each July, October, January, and April, Co-Lead and Co-Liaison Counsel shall submit to the Court in camera reports reflecting hours billed in this matter by all Plaintiffs' counsel."

Dec. 18, 2019 is **not** in month of "July, October, January and April" *Id.* Nor was it last business day of month. If Consumer Plaintiffs wanted to add homework for this Court in efforts to thwart Objections, they could have filed by December 5, 2019 within their rights. But Rule 23, like all Fed. R. Civ. P., "were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court." *Surowitz v. Hilton Hotel Corp.*, 383 US 363, 373 (1966). "But when notice is a person's due, process which is a mere gesture is not due process." *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 315 (1950).

In conclusion, all filings and exhibits in [Doc. 939] should be STRICKEN.

Dated: December 24, 2019                         Respectfully Submitted,

                                                 _____
                                                 Shiyang Huang (*Pro Se*)

## CERTIFICATE OF SERVICE

I certify that on December 24, 2019, I mailed the foregoing to this Court. All Counsels on record will be served by this Court's CM/ECF filing system.

## CERTIFICATE OF COMPLIANCE

I certify that this motion is prepared with compliance to L.R. 5.1 and 7.1.

Date: December 24, 2019

/s/
Shiyang Huang (pro se)

3