IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>This document relates to:<br>*City of Chicago v. Equifax, Inc.*<br>No. 1:18-cv-1470-TWT<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFF CITY OF CHICAGO'S MOTION AND MEMORANDUM IN SUPPORT FOR STATUS/SCHEDULING CONFERENCE**

Plaintiff City of Chicago (the "City") respectfully moves the Court to set a status and/or scheduling conference to determine the next steps with respect to the City's claims in this litigation, in light of the Court's December 19, 2019 ruling granting final approval of the Consumer Plaintiffs' class action settlement.

On September 3, 2019, the City filed a motion for reconsideration of the Court's August 6, 2019 Order (the "Motion") that found that the City's claims in this litigation were "subsume[d]" by the consumer complaints because the City seeks relief "on behalf of the very same" Chicago residents who are Plaintiffs in the Consumer Track. (MDL dkt. 784 at 1; dkt. 805.) In that Motion, which is now fully briefed and awaiting ruling, the City explained that its claims—which are

brought under an Ordinance that only the City itself has authority to enforce—are separate and distinct from those of the Consumer Plaintiffs. (*See* MDL dkts. 805, 850, 855.) The City, likewise, made clear that it has not asserted and is not pursuing claims on behalf of its residents (i.e., consumer plaintiffs), but rather, seeks relief on behalf of the City itself.

On December 19, 2019, the Court granted final approval to the Consumer Plaintiffs' class action settlement (*see* MDL dkt. 945), thereby resolving all claims of consumers (subject to any forthcoming appeals) who did not timely opt-out. The voluminous briefing on the consumer settlement, as well as the representations made by Consumer Class Counsel—both to counsel for the City and again at the final fairness hearing—make clear that the settlement could not and did not resolve the City's claims. (*See*, *e.g.*, MDL dkt. 943 ("Transcript of the final settlement approval [*consumer actions*] hearing") (emphasis added); Tr. at 100:3-6 (Mr. Siegel, admitting that representing government actors through the settlement "would be beyond [class counsel's] appointment to represent *individuals* victimized by the breach.") (emphasis added); MDL dkt. 855-1 (Consumer Class Counsel email to counsel for City of Chicago stating, "We don't believe the

settlement releases the City's claims brought on behalf of the City for the City's benefit (and don't believe we have the power to do that, anyway).").[1]

Notably, in a recent opinion denying the defendants' motion to dismiss the City's claims in the *Marriott* data breach MDL, Judge Grimm of the District of Maryland agreed with this view. The *Marriott* court found that the City—which is part of a government litigation track separate and apart from the consumer claims there—has standing to pursue relief for its own injuries (as opposed to the injuries of its residents) in an enforcement action under the same Ordinance in question here. *See City of Chicago v. Marriott Int'l., Inc.*, Nos. PWG-19-654; 19-2879, 2019 WL 6829101, at *3 (D. Md. Dec. 13, 2019). The court also confirmed that the City's pursuit of injunctive relief and monetary fines under the Ordinance in the data breach context is a valid exercise of the home rule authority granted to it by the Illinois Constitution. *Id.* at *13. Here, the City seeks the same type of relief, under the same Ordinance, and for much of the same alleged conduct. Its claims should be allowed to proceed in this case as well.

---

[1] The City cannot be bound by the Consumer Settlement: it is not a party to the Settlement, it will not be provided any of the relief it seeks in this case through the Settlement, it was not involved in the Settlement negotiations, it did not receive notice of the Settlement and, out of an abundance of caution, the City timely opted-out of the Settlement.

As it stands today, however, in light of the Court's granting of final approval and without a ruling on the City's Motion, it is unclear how the City should proceed. Therefore, the City of Chicago respectfully requests that the Court set a status and/or scheduling conference regarding (i) its pending motion for reconsideration, and to (ii) discuss proceeding with the City's own claims, including by setting a deadline for Equifax to answer or otherwise respond to the City's complaint.

WHEREFORE, Plaintiff City of Chicago respectfully requests that the Court enter an order (i) setting a status and/or scheduling conference, and (ii) ordering such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**CITY OF CHICAGO**,

Dated: January 7, 2020

/s/ Eve-Lynn J. Rapp
    One of Plaintiff's Attorneys

Stephen J. Kane
stephen.kane@cityofchicago.org
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel.: 312.744.6934

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com

4

Eve-Lynn J. Rapp  
erapp@edelson.com  
Sydney M. Janzen  
sjanzen@edelson.com  
EDELSON PC  
350 North LaSalle Street, 14th Floor  
Chicago, Illinois 60654  
Tel.: 312.589.6370  
Fax: 312.589.6378

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(B)

Pursuant to Local Rule 7.1(D), I hereby certify that that above and foregoing *Plaintiff City of Chicago's Motion and Memorandum in Support for Status/Scheduling Conference* complies with Local Rule 5.1(B) and has been prepared using 14-point Times New Roman font.

/s/ Eve-Lynn J. Rapp

## CERTIFICATE OF SERVICE

I certify that on January 7, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Georgia using the Court's CM/ECF system, which will automatically send notification of this filing to all counsel of record.

/s/ Eve-Lynn J. Rapp