# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**OBJECTING CLASS MEMBER MIKELL WEST'S JOINDER IN FRANK AND WATKINS' MOTION TO SUPPLEMENT THE RECORD**

Objecting class member Mikell West respectfully joins in Frank and Watkin's motion to supplement the record pursuant to Fed. R. App. P. 10(e) (Dkt. 961), and requests that this Court supplement the record to include plaintiffs' (1) proposed consent order pertaining to the injunctive relief, (2) proposed opinion containing the Court's ruling at the December 19, 2019 fairness hearing, and (3) proposed final judgment.

The Local Rules of the Northern District of Georgia contemplate the e-filing of proposed orders. N.D. Ga. Local R. 5.1(A)(1) & App. H-A5. This Court directed the parties to prepare and submit proposed written orders to the Court in connection with its (1) consent order pertaining to the injunctive relief, (2) opinion containing the Court's ruling, and (3) final judgment, which the Court approved. Minute Order, Dkt. 945. However, the parties did not e-file the orders submitted to the Court.

This Court entered its orders on January 13, 2020 (Dkt. 956-58). As Frank and Watkins note, any differences between proposed and final orders are relevant. Dkt. 961 at 2 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 (11th Cir. 1997)). That is particularly the case in the context of a class action settlement, where there is no true adversarial process and the district court's independent scrutiny is necessary to protect the interests of the class. *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 319 (3d Cir. 2005) (comparing proposed order

with court's order, and vacating order approving settlement); *see also W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co.*, 737 Fed. Appx. 457, 464 (11th Cir. 2018) ("district courts must therefore 'give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole.'") (quoting *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)).

Further, the record should be supplemented consistent with the public's and class members' common-law right of access, which "establish[es] a general presumption that criminal and civil actions should be conducted publicly.' " *F.T.C. v. AbbVie Products, LLC,* 713 F.3d 54, 62 (11th Cir.2013) (quoting *1293 *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir.2001)). The public presumptively has access to judicial records. *Chi. Tribune,* 263 F.3d at 1311. A precise definition of "judicial records" is elusive. *Nixon v. Warner Communications,* 435 U.S. 589, 598–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The Eleventh Circuit has seemingly endorsed the Second Circuit's approach that the weight of the presumption is a function of how a particular document is used. *See Chi. Tribune,* 263 F.3d at 1311 n. 7 (citing *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995)). That is, "information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come

within a court's purview solely to insure their irrelevance." *Amodeo,* 71 F.3d at 1049.

"The right of public access is particularly compelling" in class actions "because many members of the 'public' are also plaintiffs in the class action." *In re Cendant Corp.*, 260 F.3d 183, 193-98 (3d Cir. 2001). In addition to allowing class members the ability to monitor proceedings affecting their rights, the "openness of class actions provides class members with 'a more complete understanding of the [class action process] and a better perception of its fairness.'" *Id.* (citing *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988)). Accordingly, West respectfully submits that the record should be supplemented to include the proposed orders consistent with the class members' right of access.

## Conclusion

Objecting class member Mikell West joins in Frank and Watkin's request for this Court so supplement the record with plaintiffs' (1) proposed consent order pertaining to the injunctive relief, (2) proposed opinion containing the Court's fairness hearing rulings, and (3) proposed final judgment (Dkt. 961), and respectfully submits that the Motion should be granted. *See* Fed. R. App. P. 10.

Dated:	January 17, 2020				Respectfully submitted,

        /s/ Robert W. Clore
        Robert W. Clore
        *Pro Hac Vice*[1]
        State Bar of Texas #24012436
        Admitted to the United States District Court, Southern District of Texas, ID No. 2032287
        Bandas Law Firm, P.C.
        500 N. Shoreline Blvd., Suite 1020
        Corpus Christi, Texas 78418
        (361) 698-5200

        Jerome J. Froelich, Jr.
        State Bar No. 278150
        McKENNEY & FROELICH
        One Midtown Plaza, Suite 910
        1360 Peachtree Street
        Atlanta, Georgia  30309-2920
        (404) 881-1111

        *Attorneys for Objecting Class Member, Mikell West*

---

[1] Dkt. 23 at 4.

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing document and attached exhibits on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: January 17, 2020                              /s/ Robert W. Clore
                                                                          Robert W. Clore