## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800<br>) Case No.: 1:17-md-2800-TWT<br>)<br>) CONSUMER ACTIONS<br>)<br>) |

## NOTICE OF JOINDER IN SUPPORT OF MOTION TO SUPPLEMENT RECORD [961] RE: PROPOSED ORDERS ON FINAL APPROVAL

Objector John W. Davis joins the motion of objectors Frank and Watkins (DE961), which seeks augmentation of the record by the filing of the proposed orders submitted after the December 19, 2019 fairness hearing, and hereby submits additional facts and argument relevant to the issue.[1]

As explained in Frank and Watkins' brief, Class Counsel's proposed orders were not filed electronically with the Court.  DE961-1:2 (citing Local Civ. R. 5.1(A)(1) & App. H-A5).  Nevertheless, the degree to which the Court's ultimate orders differ from the proposed orders submitted will be relevant in the event of

---

[1] Additionally, Mr. Davis joins in, adopts, and incorporates herein by reference, the argument of Objector Mikell West that the record should be supplemented consistent with the public's and class members' right of access.  *See* DE963 at 3-4.

review of any of those orders.  *Id*. at 2, citing *Chudasama v. Mazda Motor Corp*.,
123 F.3d 1353, 1373 (11th Cir. 1997) and *Waters v. International Precious Metals
Corp.,* 190 F.3d 1291, 1299 (11th Cir. 1999).  *See also Colony Square Co. v.
Prudential Ins. Co.*, 819 F.2d 272, 275-76 (11th Cir. 1987) (followed in *In re
Colony Beach & Tennis Club Ass'n, Inc.*, 454 B.R. 209, 213 (M.D. Fla. 2011));
*Jefferson v. Sellers*, 250 F. Supp. 3d 1340, 1353–54 (N.D. Ga. 2017), *aff'd sub
nom. Jefferson v. GDCP Warden*, 941 F.3d 452 (11th Cir. 2019).

Objector Davis adds in further support that Class Counsel not only failed to
file the proposed orders electronically, they declined to provide them to at least one
of their adversaries on request.  Davis, after realizing that the proposed orders had
likely been submitted to the Court but not filed, wrote to Class Counsel on
December 30, 2019 requesting a copy of the proposed orders.  *See* Declaration of
John W. Davis filed herewith, at ¶2 and Exhibit 1 thereto.  Class Counsel did not
respond.  *Id*., ¶3.

That the proposed orders were submitted to the Court purely *ex parte* bears
on the analysis alluded to by Frank and Watkins' motion.  *See Anderson v. City of
Bessemer City, N.C.*, 470 U.S. 564, 572 (1985) (finding significant that
"respondent was provided and availed itself of the opportunity to respond at length
to the proposed findings."); *Williams v. Campbell*, No. CIV.A. 04-0681-WS-C,

2007 WL 1098516, at *44 (S.D. Ala. Apr. 11, 2007), *aff'd sub nom. Williams v. Allen*, 598 F.3d 778 (11th Cir. 2010) (no due process violation where "petitioner was served with a copy of the proposed order, and he submitted a detailed, 26-page objection to the order almost three months before it was signed."); *and cf., e.g.*, *Bilzerian v. Shinwa Co.*, 184 B.R. 389, 395 (M.D. Fla. 1995) (acknowledging due process concerns inherent in proposed orders and considering whether drafting party in *ex parte* submission of proposed order "abused the drafting process to unilaterally advance its position."); *Jefferson v. Sellers*, 250 F. Supp. at 1353–54; *In re Monetary Grp.*, 91 B.R. 138, 141 (M.D. Fla. 1988); Kristen Fjeldstad, *Just the Facts, Ma'am - A Review of the Practice of the Verbatim Adoption of Findings of Fact and Conclusions of Law*, 44 ST. LOUIS U. L.J. 197, 220 (2000) (arguing that, for proposed orders, "fundamentally fair" procedure requires an obligation to disclose proposed findings and conclusions with opposing parties and that courts should "at a minimum, allow the losing party to respond to the opposing party's submitted facts and conclusions."). Accordingly, a complete record should reflect that Davis (and presumably other objecting class members) had no opportunity at all to review the proposed orders, either by their filing on the ECF system or informally by request to Class Counsel, before this Court issued its opinion.

For the reasons set forth above, Objector Davis joins in the motion to supplement and respectfully requests that this Court augment the record to include plaintiffs' (1) proposed consent order pertaining to the injunctive relief, (2) proposed opinion containing the Court's ruling at the December 19, 2019 fairness hearing, and (3) proposed final judgment.

Dated:  January 17, 2020                    Respectfully submitted,


   /s/ John W. Davis
_____

John W. Davis
john@johnwdavis.com
3030 N. Rocky Point Drive W.
Suite 150
Tampa, FL  33607
Telephone:  (813) 533-1972

*Pro Se*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in compliance with Local Rules 5.1 and 7.1.

/s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Executed this 17th day of January, 2020.

/s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972