# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**MEMORANDUM IN SUPPORT OF OBJECTING CLASS MEMBER MIKELL WEST'S MOTION TO CORRECT, AMEND, AND/OR CLARIFY**

**Introduction**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7, Objecting class member Mikell West respectfully moves for this Court to correct, amend, and/or clarify a sentence on page 111 of its January 13, 2020 Order Granting Final Approval of Settlement that incorrectly indicates that his attorney, Robert Clore, has a "history of inappropriate conduct[.]" Dkt. 956 at 111. That is not correct and is a manifest error of fact. Presumably it was part of the proposed order which class counsel neither filed nor served as required by the local rules. *See* N.D. Ga. Local R. 5.1(A)(1) & App. H-A5. Mr. West's counsel was never afforded an opportunity to object to that disparaging misstatement.[1]

Mr. Clore does not have <u>any</u> history of inappropriate conduct. Declaration of Robert Clore, Exhibit 1. Further, the same court which this Court cited for the relevancy of objectors' counsels' background—the District of Kansas in *In re Syngenta AG MIR 162 Corn Litig.*, 357 F.Supp. 1094, 1104 (D. Kan. 2018)—recently found that an objection filed by Mr. Clore on behalf of class members resulted in a significant monetary benefit ($3 million) and non-monetary benefit to the class in the same case. *In re Syngenta AG MIR 162 Corn Litig.* 14-md-2591-

---

[1] This motion is made without prejudice to Mr. West's right to challenge or appeal from the substance of the rulings made in the Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Service Awards. Dkt. 956. This motion is directed solely at the sentence on page 111 that contains a manifest error of fact as to the history Mr. West's counsel, Robert Clore.

JWL, Transcript of Hearing at 7-10, Dkt. 4318 (D. Kan. Jan. 3, 2018) (attached hereto as Exhibit 2); *see also Syngenta,* 14-md-2591-JWL, Dkts. 4307, 4308. Further, one of the firms making up class counsel here, Stueve Siegel Hanson LLP, joined in a motion in that case agreeing that the objection filed by Mr. Clore benefitted the class. *Syngenta*, 2:14-md-02591, Dkt. 4278 at 3.

## I. Mr. Clore does <u>not</u> have a history of inappropriate conduct; this Court should correct the misstatement.

Federal Rule of Civil Procedure 59(e) permits the amendment or alteration of a judgment if a motion requesting the same is filed within 28 days after the entry of the judgment at issue. "The proper grounds for a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." *Hardy v. Wood*, 342 Fed.Appx. 441, 446 (11th Cir. 2009) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

The indication in the order that Mr. Clore has a history of inappropriate conduct is a manifest error of fact. On page 110-111, this Court identified two cases in which Mr. Bandas (not counsel of record in this case) was criticized by courts for being a serial objector and advancing his own financial gain. Dkt. 956 at 10-11.[2] The court also referenced an injunction entered against Mr. Bandas and his firm. *Id.* at 11 (citing *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812

---

[2] The court failed to discuss the many countervailing cases in which Mr. Bandas's clients have prevailed in overturning unfair settlements and fee awards. Dkt. 880-3.

2

(N.D. Ill. Jan. 17, 2019)). This Court then stated that "because of **their** history of inappropriate conduct, another federal court recently denied applications for *pro hac vice* admission by Bandas and Robert Clore, his colleague and co-counsel here, which they filed so they could represent an objector." *Id.* (citing *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871 (D.N.J. Apr. 5, 2019) (Dkt. 223 at 2)) (emphasis added).

Mr. Clore does not have a history of inappropriate conduct, nor was any such history involving Mr. Clore the basis of the denial of his motion for *pro hac vice* admission. *Cole*, Dkt. 223. The history of alleged inappropriate conduct discussed in the magistrate's three page letter order was directed at Mr. Bandas. *Id.* Additionally, as part of the objector requirements in that case, class members were required to list all objections ever filed by their counsel. The objection listed over 100 objections filed by Mr. Bandas' clients (Dkt. 184-1), but omitted a single objection as it pertained to Mr. Bandas from 2012 due to imperfect record retention. Dkt. 214-1 at 3-4. Mr. Clore was not with the Bandas Law Firm in 2012, and thus did not recognize the omission. *Id.* at 3. Nevertheless, based on the alleged history as to Mr. Bandas, the magistrate denied Mr. Clore's admission. *Cole*, Dkt. 223.

Mr. Clore's history is full compliance with all ethical obligations required of attorneys. Ex. 1. He is rated AV Preeminent with Martindale-Hubbell, and is a

member in good standing with the State Bar of Texas and all other courts to which he is admitted.[3] *Id*. Mr. Clore has never been sanctioned for anything, including filing a frivolous objection. *Id*. To the contrary, as a declaration attached to Mr. Siegel's firm's joint motion in the *Syngenta* case acknowledges, Mr. Clore has "assisted in securing many victories on behalf of clients in both personal injury and class action matters." *Syngenta*, 14-md-2591-JWL, Dkt. 4278-3 at 2-3 (citing *e.g.*, *Salinas v. World Houseware Producing* Co., 34 N.Y.3d 925, 926 (Sept. 12, 2019) (New York Court of Appeals reversing in favor of client in products liability action); *Broussard v. Omni Hotels Corp. et al*., 2019 WL 4309574 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) (court of appeals reversing in favor of client in personal injury action); *In re Optical Disk Drive Prods. Antitrust Litig.*, 10-2143, Dkts. 2889 (N.D. Cal. Feb. 21, 2019) (following client class member's objection, the court partially unsealed a portion of class counsels' bid to become class counsel and returned $650,268.62 in expenses to account for objection that class counsel was overcompensated under the terms of their bid; client class member seeks to return tens of millions more to the class on appeal); *Birchmeier v. Caribbean Cruise Line*, 12-cv-04069, Dkt. 629 (N.D. Ill. Apr. 10, 2017) (while overruling client's objection, nevertheless awarding class counsel between $3-$6

---

[3] Mr. Clore is admitted to the United States District Court for the Southern District of Texas and the Northern District of Illinois, the United States Court of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and the Eleventh Circuits, and the United States Supreme Court.

million requested consistent with the sliding-scale fee advocated by client)).

The statement in this Court's order indicating that Mr. Clore has a history of inappropriate conduct is not true and is a manifest error of fact. Mr. Clore respectfully requests that it be removed from the Court's order.

## II. The only evidence in this case is of a good-faith objection.

The only evidence in this case is that Mr. West's objection was made in good faith for the benefit of the class. Dkt. 880 at 5; Dkt. 930 at 4, Dkt. 930-1 at 11, 15, 17-19, 25, 28, 60, 73.[4] In this regard, Mr. West's twenty-two page objection cites thirty opinions, including two opinions from the Northern District of Georgia applying megafund principals that class counsel omitted from their fee motion. *Compare* Dkt. 880 at 1-2, 13-16 (objection citing *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 587 F. Supp. 2d 1266, 1271–72 (N.D. Ga. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312 (N.D. Ga. 1993)) with Dkt. 858 (fee motion citing neither *Carpenters* nor *Domestic Air*). Had Mr. West's objection succeeded, it would have returned $46.5 million for the benefit of the class. Dkt. 880 at 2.

Mr. Clore attended Mr. West's deposition, and filed a fourteen-page reply in

---

[4] Of course, the possibility that an objection could be brought for purposes of extracting an improper payment from class counsel has been eliminated through amended Rule 23(e)(5)(B), which now requires district court approval of any settlement of an objection for compensation, whether on appeal or in the district court.

5

support of the objection (Dkt. 930) necessitated by class counsels' misleading portrayal of his testimony (without attaching his transcript) and *ad hominem* attacks against counsel. Dkt. 900-1 at ¶ 63, 902-at 40 n.33. Mr. Clore also appeared and argued at the fairness hearing in support of the objection.[5] Dkt. 943, 945. Mr. Clore has thus vigorously advocated on behalf of Mr. West's good-faith objection. His conduct in this case has been entirely appropriate.

### III. In the case cited by this Court on "serial objectors," the District of Kansas recently found that an objection filed by Mr. Clore benefitted the class.

This Court dedicated six pages of its order approving the settlement to findings against "serial objectors." Dkt. 956 at 109-15. The Court cited *In re Syngenta* from the District of Kansas for the premise that this is relevant in "determining the weight to accord the objection, as an objection carries more credibility if asserted to benefit the class and not merely to enrich the objector or his attorney." Dkt. 956 at 110 (citing *Syngenta*, 357 F.Supp. at 1104).

Significantly, the same district court in the same case recently found that an objection filed by Mr. Clore on behalf of two class members "did assist the Court in evaluating the proposed settlement." Ex. 1 at 7. Specifically as it pertains to Mr. Clore's arguments on attorneys' fees, the district court stated:

> There is a good faith dispute among lawyers and in the academic world about so-called mega-fund cases and what the right approach

---

[5] Mr. Frolich also appeared but did not argue.

6

> should be in allocation of attorney's fees, and I think it was helpful to the Court to undergo a thoughtful analysis with the parties on -- not just on one side, but on an opposing side, focusing those issues and allowing the Court to consider what is the best approach.
>
> As I say, although I was not persuaded by the approach advocated by the objectors, it was helpful to the Court in considering those arguments.

*Id*. That court ultimately approved a settlement secured by objectors (including Mr. Clore's clients) that provided "additional money from the attorney fee allocation to the class" ($3 million), and further approved attorneys' fees for Mr. Clore, Mr. Bandas, and a handful of other attorneys in connection with those achievements. *Id*. at 8-10; *Syngenta,* 14-md-2591-JWL, Dkts. 4307, 4308.

**IV. One of the firms making up class counsel here agrees that the objection filed by Mr. Clore in the District of Kansas benefited the class.**

Particularly noteworthy, Norman Siegel's law firm, Stueve Siegel Hanson LLP, one of the three firms making up Consumer Plaintiffs' Co-Lead Counsel in this case (Dkt. 232 at 2) joined in a motion to approve the settlement with Mr. Clore's and Mr. Bandas's clients that provided the additional $3 million to the class. *Syngenta*, 2:14-md-02591, Dkt. 4278 at 3. Mr. Siegel's firm argued that this payment to the class, the result of a settlement with objectors (including Mr. Clore's clients), was in the best interests of the class. *Id*. at 6. His firm also joined in arguing that Mr. Clore's clients contributed non-monetary improvements to the claims process. *Id*. at 6-7.

## Conclusion

Mr. West, through his counsel Robert Clore, respectfully requests that this Court amend or correct page 111 of its January 13, 2020 Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Service Awards (Dkt. 956) to clarify that Mr. Clore does not have a history of inappropriate conduct.

Dated: January 23, 2020                    Respectfully submitted,

/s/ Robert W. Clore
Robert W. Clore
*Pro Hac Vice*[6]
State Bar of Texas #24012436
Admitted to the United States District Court, Southern District of Texas, ID No. 2032287
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78418
(361) 698-5200

Jerome J. Froelich, Jr.
State Bar No. 278150
McKENNEY & FROELICH
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia  30309-2920
(404) 881-1111

---

[6] Dkt. 23 at 4.

*Attorneys for Objecting Class Member, Mikell West*

**CERTIFICATE OF FONT**

I hereby certify that this Memorandum of Law has been prepared in compliance with Local Rules 5.1 and 7.1

DATED: January 23, 2020          /s/ Robert W. Clore
                                  Robert W. Clore

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing document on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: January 23, 2020                /s/ Robert W. Clore
                                       Robert W. Clore