# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## DECLARATION OF ROBERT CLORE

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.  I am Senior Appellate Counsel at Bandas Law Firm, P.C., which maintains its principal place of business in Corpus Christi, Texas. I am competent to make this Declaration and the facts stated herein are based upon my personal knowledge.

2.  Along with Christopher Bandas, the sole shareholder of the Bandas Law Firm, I represent class member Mikell West in the above-styled litigation.

3.  I am an attorney licensed to practice law in Texas since 1999. I am a

1

member in good standing of the State Bar of Texas, and am admitted to practice in various federal courts across the nation. I have 18 years' experience in civil appeals and litigation. I graduated *magna cum laude* from St. Mary's University School of Law, served as Articles Editor with the St. Mary's Law Journal, and clerked for two years at the Thirteenth Court of Appeals, State of Texas. I then worked as appellate counsel for several respected defense firms in Texas before joining the Bandas Law Firm to represent plaintiffs in 2016.

4.   On pages 110-111 of the Court's January 13, 2020 Order Granting Final Approval of Settlement, the court identified two cases in which Christopher Bandas (not counsel of record in this case) was criticized by courts for being a serial objector and advancing his own financial gain. Dkt. 956 at 10-11. The court also referenced an injunction entered against Mr. Bandas and his firm. *Id.* at 11 (citing *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812 (N.D. Ill. Jan. 17, 2019)). This Court then stated that "because of **their** history of inappropriate conduct, another federal court recently denied applications for *pro hac vice* admission by Bandas and Robert Clore, his colleague and co-counsel here, which they filed so they could represent an objector." *Id.* (citing *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871 (D.N.J. Apr. 5, 2019) (Dkt. 223 at 2)) (emphasis added).

5.   I do not have a history of inappropriate conduct, nor was any such history involving me the basis of the denial of my motion for *pro hac vice* admission.

2

*Cole*, Dkt. 223. The history of alleged inappropriate conduct discussed in the magistrate's three page letter order was directed at Mr. Bandas. *Id*. Additionally, as part of the objector requirements in that case, class members were required to list all objections ever filed by their counsel. The objection listed over 100 objections filed by Mr. Bandas' clients (Dkt. 184-1), but omitted a single objection as it pertained to Mr. Bandas from 2012 due to imperfect record retention. Dkt. 214-1 at 3-4. I was not with the Bandas Law Firm in 2012, and thus did not recognize the omission. *Id*. at 3. Nevertheless, based on the alleged history as to Mr. Bandas, the magistrate denied my admission. *Cole*, Dkt. 223.

6.   My history is full compliance with all ethical obligations required of attorneys. I am rated AV Preeminent with Martindale-Hubbell, and am a member in good standing with the State Bar of Texas and all other courts to which I am admitted; specifically, the United States District Court for the Southern District of Texas and the Northern District of Illinois, the United States Court of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and the Eleventh Circuits, and the United States Supreme Court.

7.   I have never been sanctioned for anything, including filing a frivolous objection. To the contrary, as a declaration attached to Mr. Siegel's firm, Stueve Siegel Hanson LLP's, joint motion in the *Syngenta* case before the District of Kansas acknowledges, I have "assisted in securing many victories on behalf of

clients in both personal injury and class action matters." *In re Syngenta AG MIR 162 Corn Litig*. 14-md-2591-JWL, (D. Kan.) Dkt. 4278-3 at 2-3 (citing *e.g.*, *Salinas v. World Houseware Producing* Co., 34 N.Y.3d 925, 926 (Sept. 12, 2019) (New York Court of Appeals reversing in favor of client in products liability action); *Broussard v. Omni Hotels Corp. et al*., 2019 WL 4309574 (Tex. App.—Corpus Christi Sept. 12, 2019, no pet.) (court of appeals reversing in favor of client in personal injury action); *In re Optical Disk Drive Prods. Antitrust Litig.*, 10-2143, Dkts. 2889 (N.D. Cal. Feb. 21, 2019) (following client class member's objection, the court partially unsealed a portion of class counsels' bid to become class counsel and returned $650,268.62 in expenses to account for objection that class counsel was overcompensated under the terms of their bid; client class member seeks to return tens of millions more to the class on appeal); *Birchmeier v. Caribbean Cruise Line*, 12-cv-04069, Dkt. 629 (N.D. Ill. Apr. 10, 2017) (while overruling client's objection, nevertheless awarding class counsel between $3-$6 million requested consistent with the sliding-scale fee advocated by client)).

Dated this the 23rd day of January, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Robert W. Clore*
Robert W. Clore