```
 1                  UNITED STATES DISTRICT COURT
                         DISTRICT OF KANSAS
 2

 3   In Re:

 4   Syngenta AG MIR 162              Case No. 14-md-2591-JWL
     Corn Litigation
 5

 6                                    Kansas City, Kansas
                                      Date:   January 3, 2020
 7   ..........................

 8              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE JOHN W. LUNGSTRUM
 9         SENIOR UNITED STATES DISTRICT COURT JUDGE

10
                      A P P E A R A N C E S
11
     FOR THE PLAINTIFFS SETTLEMENT CLASS AND CO-LEAD COUNSEL:
12
     Mr. Patrick J. Stueve
13   STUEVE SIEGEL HANSON, LLP
     460 Nichols Road
14   Suite 200
     Kansas City, Missouri 64112
15
     FOR MINNESOTA SETTLEMENT CLASS AND CO-LEAD COUNSEL:
16
     Mr. Daniel E. Gustafson
17   GUSTAFSON GLUEK, PLLC
     120 South Sixth Street
18   Suite 2600
     Minneapolis, Minnesota 55402
19
     FOR SIMON RADEMACHER AND CHRISTOPHER ROBERTS
20   OBJECTORS/APPELLANTS:

21   Mr. Robert Clore
     BANDAS LAW FIRM, PC
22   500 North Shoreline Boulevard
     Suite 1020
23   Corpus Christi, Texas 78401

24

25      (APPEARANCES CONTINUED)
```

```
 1   APPEARANCES (continued):

 2   FOR DALE BROOKOVER AND JAMI HAYHURST OBJECTORS/APPELLANTS (by
     telephone):
 3
     Mr. George W. Cochran, III
 4   GEORGE W. COCHRAN, III, ESQ.
     1385 Russell Drive
 5   Streetsboro, Ohio 44241

 6   FOR EGLER BROTHERS, INC.; W. LEE EGLER FARMS, INC.; AND F.
     RONALDS WALKER OBJECTORS/APPELLANTS:
 7
     Mr. Dennis Gibson
 8   DENNIS GIBSON
     4925 Greenville
 9   Suite 200
     Dallas, Texas 75206
10
     FOR THE DEFENDANTS:
11
     Ms. Jennifer B. Wieland
12   BERKOWITZ OLIVER, LLP
     2600 Grand Boulevard
13   Suite 1200
     Kansas City, Missouri 64108
14

15

16

17

18

19

20

21

22

23

24           Proceedings recorded by machine shorthand;
         transcript produced by computer-aided transcription
25
```

1     (Court called to order.)

2     THE COURT: We are here this afternoon in Case No. 14-2591, In Re: Syngenta AG MIR 162, Corn Litigation. We're here on Document No. 4278, the Joint Motion for an Indicative Ruling Approving Objector Settlement Agreement.

6     Would the parties please state their appearances beginning with counsel for the plaintiffs.

8     MR. STUEVE: Good afternoon, Your Honor. Patrick Stueve here on behalf of the settlement class.

10    MR. GUSTAFSON: Good afternoon, Your Honor. Dan Gustafson on behalf of the settlement class.

12    THE COURT: Thank you.

13    And for the objector/appellants.

14    MR. CLORE: Good afternoon, Your Honor. Robert Clore for appellants -- for objectors Simon Rademacher and Christopher Roberts.

17    MR. GIBSON: Good afternoon. I'm Dennis Gibson, and I'm appearing for objectors F. Ronalds Walker; Egler Brothers, Inc.; and W. Lee Egler Farms, Inc.

20    THE COURT: Thank you.

21    And I understand that George Cochran is also appearing by phone, so I will show his appearance as well.

23    Is there any appearance on behalf of Syngenta?

24    MS. WIELAND: Yes, Your Honor. Jennifer Wieland from Berkowitz Oliver for Syngenta.

1      THE COURT:  Thank you.
2      All right.  I've reviewed the parties' submissions,
3  but I'd like to hear from you at this time.  Remember that we
4  do have people listening on the phone, so if you would come
5  forward to the lectern to speak into the microphone, I would
6  appreciate that.
7      MR. STUEVE:  Good afternoon, Your Honor.  Patrick
8  Stueve here.
9      We filed our joint motion laying out the reasons why,
10  from settlement class counsels' perspective, that this
11  settlement with the objectors is in the best interest of the
12  class.  There were no objections that were filed, and for the
13  reasons we set out in our briefing, we would request that the
14  Court grant our motion for indicative ruling.
15      THE COURT:  Thank you, Mr. Stueve.
16      Mr. Gustafson, do you have anything to add?
17      MR. GUSTAFSON:  Nothing to add, Your Honor.  Thank
18  you.
19      THE COURT:  Well done.
20      Counsel for the objectors, Mr. Clore.
21      MR. CLORE:  Your Honor, we would -- yes.  May I
22  approach?
23      THE COURT:  Thanks.
24      MR. CLORE:  Thank you, Your Honor.  We would echo
25  Mr. Stueve's comments.  We do believe the settlement is in the

1  best interest of the class.  And I'm happy to answer any

2  questions Your Honor has.  Otherwise, we would re-urge the

3  motion as Mr. Stueve suggested.

4              THE COURT:  All right.  Thank you.

5              Mr. Gibson, do you wish to add anything?

6              MR. GIBSON:  I would just like to echo the comments of

7  the other counsel.  Thank you, Your Honor.

8              THE COURT:  All right.  Thank you.

9              And Mr. Cochran indicated that --

10       (Telephone interruption.)

11             THE COURT:  Mr. Cochran indicated that he had nothing

12  to add unless the Court had questions.  I have no questions for

13  Mr. Cochran, so I will simply indicate what I have said.

14             Well, I have reviewed the joint motion and the

15  exhibits attached to it.  I've considered the fact that you all

16  are here today to indicate that you stand behind what you put

17  in your submission, which is certainly what I would hope for,

18  and would note that there were no responses filed in opposition

19  to or objection to this particular settlement.

20             I've also considered the parties' exhibits that were

21  filed, specifically the settlement agreement itself, as well as

22  the other exhibits, and have considered the parties' rationale

23  for entering into the settlement.

24             Based on all of the foregoing, I'm now prepared to

25  enter an indicative ruling pursuant to Federal Rules of Civil

1  Procedure 62.1, that if jurisdiction is returned to this court
2  by the Tenth Circuit, I will approve the parties' agreement.
3  As so, I will enter the proposed order submitted by the parties
4  memorializing this indicative ruling.
5          Rule 23(e)(5)(B) requires court approval after a
6  hearing, which we're having here today, where a payment or
7  other consideration is furnished in connection with withdrawing
8  an objection to a class action settlement or dismissing an
9  appeal from a judgment approving a class action settlement.
10         The Court approved the settlement here over objections
11 and the objectors appealed.  The parties have now reached a
12 settlement which does provide for consideration in return for
13 the objectors dismissing their appeals.
14         The rule does not provide guidance about what standard
15 the Court should apply in deciding whether or not to approve
16 such a settlement.  The advisory committee notes to the 2018
17 amendments, which enacted Rule 23(e)(5)(B), do provide some
18 help.  Although couched in diplomatic language, the notes make
19 clear the concern which existed, that objections to settlements
20 could be made to bring about a payment to the objectors and
21 their lawyers purely to get them out of the way.  Some have
22 likened this to extortion.  The notes do make mention to
23 legitimate areas, however, which could then provide
24 justification for furnishing consideration.
25         The first is the recognition that good faith

1  objections can assist the Court in evaluating a proposed
2  settlement, and it states further that, quote, it is legitimate
3  for an objector to seek payment for providing such assistance,
4  end quote.
5         I believe that this --
6       (Telephone interruption.)
7         THE COURT:  I believe that this sort of introduction
8  to the notes is pertinent here.  The objections that were filed
9  here did assist the Court in evaluating the proposed
10 settlement.  Although the Court was not persuaded by those
11 objections, nonetheless, it did assist the process,
12 particularly with regard to the objection concerning the
13 percentage of attorney's fees to be allocated.
14        There is a good faith dispute among lawyers and in the
15 academic world about so-called mega-fund cases and what the
16 right approach should be in allocation of attorney's fees, and
17 I think it was helpful to the Court to undergo a thoughtful
18 analysis with the parties on -- not just on one side, but on an
19 opposing side, focusing those issues and allowing the Court to
20 consider what is the best approach.
21        As I say, although I was not persuaded by the approach
22 advocated by the objectors, it was helpful to the Court in
23 considering those arguments.  The objectors made several other
24 arguments which were also well worth the consideration, whether
25 they were adopted or not.

1      The second area that the advisory committee notes
2 points to is the notion of advancing class interest and not
3 just the interest of the objectors in receiving consideration
4 for getting out of the way.  This is also applicable here.
5      A settlement itself would bring additional money from
6 the attorney fee allocation to the class, notably coming from
7 interest earned on the allocation of attorney's fees, which is
8 rather remarkable how much interest has accrued in a relatively
9 short period of time here, but I suppose that reflects the
10 magnitude of the underlying corpus of the amount on which
11 interest is being drawn.
12      Moreover, some of the arguments raised by the
13 objectors resulted in nonmonetary benefits to the class by
14 improving the claims process as set out on pages 6 and 7 of the
15 joint motion, Document No. 4278, notably some of the dealings
16 with the governmental entities and so forth, clarified to make
17 sure that farmers wouldn't be disadvantaged that may or may not
18 have followed particular ways in reporting their acreage.  I
19 think that was very helpful.  Clarification that this
20 particular settlement is intended to be distributing all of the
21 proceeds as much as possible, not leaving any sizable amount or
22 hopefully any amount at all for a cy-près at the end and
23 confirming that there were no side agreements among the lawyers
24 to sort of bring about the global settlement.
25      This case, we all know the rather unconventional and

1  interesting history of this whole case, the sort of
2  philosophical dispute among lawyers who felt that individual
3  actions were better than class actions for bringing about
4  maximum recovery to the farmers and those who had a
5  diametrically opposite point of view, and in the end when the
6  settlement was arrived at, it was done through a class action
7  vehicle, and I think it's legitimate to question what happened
8  to the closely-held principles that were then kind of cashed in
9  and the process when the vehicle of the class action was
10 decided upon.
11        I think in the end those lawyers who had originally
12 advocated forcefully for individual actions simply were
13 convinced that this was the best mechanism to achieve the
14 maximum recovery for the farmers and that despite their
15 feelings about this case or maybe other cases going forward,
16 that resolving this case as a class action was in good faith
17 the best way to do it for their clients and a recognition and
18 confirmation that there were no sort of side agreements to buy
19 their piece, so to speak, as also useful to the Court in
20 understanding how this settlement came to pass and making sure
21 that it does achieve the appropriate results for the parties
22 affected.
23        Furthermore, in looking at the amount of the fees and
24 the awards that are proposed, I think those are reasonable and
25 appropriate and would be approved by the Court if brought

1    before it at an appropriate motion, and they seem to be all in
2    order.
3            All of these factors then in conjunction with
4    accelerating the time frame for payment to the class -- which
5    is probably not insignificant here when we're talking about the
6    money in the hands of farmers maybe at a time where they could
7    use it for this planting season coming up as opposed to a year
8    from now or whenever the Circuit might have wound up resolving
9    the appeals -- is definitely of some considerable benefit to
10   the class.
11           And although that's almost always a rationale to
12   approve this kind of settlement -- and maybe by itself is not
13   enough in the eyes of the folks who drafted the 2018
14   amendments -- certainly I think when taken together with all of
15   the other aspects that I've touched upon makes it a very easy
16   decision for me to arrive at that this particular settlement
17   ought to be approved if and when the Circuit returns
18   jurisdiction to this Court.
19           So I will, as I said, enter the order that was
20   proposed and submitted to me.  I may make a couple of changes
21   to it, but nothing of any substance, and we'll get that on file
22   yet today.
23           Any questions or comments from settlement class?
24           MR. STUEVE:  Nothing further, Your Honor, from us.
25           THE COURT:  From objectors?

1      MR. CLORE:  Nothing, Your Honor.

2      MR. GIBSON:  No, Your Honor.

3      THE COURT:  All right.  Thank you very much for your

4  appearances today.  I in many respects regret the fact that the

5  rule makes folks have to travel for what is, you know,

6  something where I probably could have decided on the papers

7  without necessarily having a hearing, but the rule says a

8  hearing, so we had a hearing.  And thank you for your

9  appearances.

10      (The proceedings were adjourned.)

11

12                    C E R T I F I C A T E

13      I, Danielle R. Murray, a Certified Court Reporter and the

14  regularly appointed, qualified, and acting official reporter of

15  the United States District Court for the District of Kansas, do

16  hereby certify that the foregoing is a true and correct

17  transcript from the stenographically reported proceedings in

18  the above-entitled matter.

19      SIGNED 6th of January, 2020

20
                    /s/Danielle R. Murray
21                  DANIELLE R. MURRAY, RMR, CRR
                    United States Court Reporter
22

23

24

25