UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' RESPONSE TO MOTIONS
TO SUPPLEMENT THE RECORD**

Objectors David Watkins, Ted Frank, Mikell West, and John William Davis have each requested that the Court supplement the record, pursuant to Fed. R. App. P. 10(e), to include a number of documents submitted by the parties following the December 19, 2019, final approval hearing. The objectors specifically request that the Court make part of the record the parties' (1) proposed consent order; (2) proposed opinion granting final approval of the settlement, certifying the settlement class, and awarding attorneys' fees; and (3) proposed final judgment (collectively, the "Proposed Orders"). Although the Court has unfettered discretion to grant or deny the requests and the current record accurately reflects the proceedings that occurred, Plaintiffs have no objection to making the Proposed Orders part of the record.

After hearing several hours of argument on December 19, 2019, in which

counsel for the objectors had ample opportunity to argue the merits of their objections and other pending motions before the Court, the Court announced its rulings on Plaintiffs' motions for final approval of the settlement and for attorneys' fees, expenses, and service awards to the class representatives, as well as the motions and objections filed by the objectors, and described the basis for those rulings. The Court then directed Class Counsel to prepare a written order that "summarizes my rulings on the motions and my adoption basically of the arguments that have been made by the Plaintiffs and Equifax in the hearing today, get Mr. Balser's approval as to form, and present it" to the Court for its consideration. *See* Dec. 19, 2019 Tr. at 113:25-122:20. In response, the parties proposed submitting three separate documents (an order reflecting the Court's oral rulings at the hearing, the consent order setting out the injunctive relief, and a final order and judgment)—a proposal that the Court accepted. *Id.,* at 123:19-124:7.

As directed by the Court, Class Counsel then prepared a proposed order implementing the rulings made at the final approval hearing and a final order and judgment. After obtaining Equifax's approval as to their form, Class Counsel submitted the two documents to the Court along with the consent order setting out the injunctive relief that the parties had previously negotiated and was attached as Exhibit 3 to the settlement agreement. (Doc. 739-2 at 84-98) The documents were sent to the Court via email in Word format so that the Court could easily revise the

documents in accordance with the Court's customary practice.[1]

Contrary to the objectors' suggestion, nothing is improper about this practice, and the Court may consider such proposed orders so long as the final orders entered by the Court reflect the Court's findings regarding the settlement. That is apparent here, where the Court had already reviewed the pending motions and objections, heard nearly four hours of argument, and issued its rulings from the bench before tasking Class Counsel with drafting the Proposed Orders, each of which was supported by—and included citations to—the record. *See King v. Sec'y, Dep't of Corr.*, No. 18-11421, 2019 WL 5491554, at *5-6 (11th Cir. Oct. 25, 2019) (finding that proposed orders that are supported by evidence should not be reflexively rejected); *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1030 (11th Cir. 1989) (refusing to vacate court order after the district court requested a draft, when the court requested a draft of the order in open court, and "the parties had ample opportunity to argue their case"); *In re Colony Square Co.,* 819 F.2d 272, 276-77 (11th Cir. 1987)

---

[1] The objectors focus a great deal of attention on how the proposed orders were not electronically filed on the docket (*see* Doc. 961-1 ¶ 7; 963 at 2; 964 at 1). However, the local rule the objectors cite does not have the meaning they contend that it does. The local rule applies to proposed orders that accompany a motion or other request for relief, not to proposed orders that are prepared at the Court's direction to implement an oral ruling made at a hearing as occurred in this case. In any event, the Court is always free to modify the local rules consistent with its prevailing obligation to manage its docket. *See Vinnett v. Gen. Elec. Co.*, 271 Fed. App'x 908, 915 (11th Cir. 2008) (affirming district court's application of its own local rules); *United States v. Am. Intercontinental Univ., Inc.*, No. 08-cv-2277, 2014 WL 12558856, at *4 (N.D. Gal. Apr. 29, 2014) (collecting cases).

(collecting cases and affirming the district court's judgment based upon proposed orders drafted by one party where the court had already held hearings, considered argument presented by the parties, and reached a decision).

Because the Final Approval Order and Final Order and Judgment accurately reflect "the content of the proceedings which actually took place before the district court," *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1543 (11th Cir. 1988), and "present a fair and accurate picture of" the Court's findings at the final fairness hearing on December 19, 2019, *United States v. Cashwell*, 950 F.2d 699, 703-4 (11th Cir. 1992), the Court can appropriately deny the motions to supplement the record. However, in light of the contentious nature of the objections, as well as the certainty of an appeal that will delay class member relief, Plaintiffs do not wish to create a separate, potentially-appealable issue when the facts clearly demonstrate that the Court conducted its own analysis prior to entering the Final Approval Order, Consent Order, and Final Order and Judgment. Accordingly, Plaintiffs do not object to the request to supplement the record with the Proposed Orders. Indeed, the proposed consent order setting forth the injunctive relief required by the settlement is already part of the record, as cited above.

Dated:  January 24, 2020　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Kenneth S. Canfield*
　　　　　　　　　　　　　　　　　　Kenneth S. Canfield
　　　　　　　　　　　　　　　　　　Ga Bar No. 107744
　　　　　　　　　　　　　　　　　　**DOFFERMYRE SHIELDS**
　　　　　　　　　　　　　　　　　　**CANFIELD & KNOWLES, LLC**
　　　　　　　　　　　　　　　　　　1355 Peachtree Street, N.E.
　　　　　　　　　　　　　　　　　　Suite 1725
　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309
　　　　　　　　　　　　　　　　　　Tel. 404.881.8900
　　　　　　　　　　　　　　　　　　kcanfield@dsckd.com

　　　　　　　　　　　　　　　　　　*/s/ Amy E. Keller*
　　　　　　　　　　　　　　　　　　Amy E. Keller
　　　　　　　　　　　　　　　　　　**DiCELLO LEVITT GUTZLER LLC**
　　　　　　　　　　　　　　　　　　Ten North Dearborn Street
　　　　　　　　　　　　　　　　　　Eleventh Floor
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　Tel. 312.214.7900
　　　　　　　　　　　　　　　　　　akeller@dicellolevitt.com

　　　　　　　　　　　　　　　　　　*/s/ Norman E. Siegel*
　　　　　　　　　　　　　　　　　　Norman E. Siegel
　　　　　　　　　　　　　　　　　　**STUEVE SIEGEL HANSON LLP**
　　　　　　　　　　　　　　　　　　460 Nichols Road, Suite 200
　　　　　　　　　　　　　　　　　　Kansas City, Missouri 64112
　　　　　　　　　　　　　　　　　　Tel. 816.714.7100
　　　　　　　　　　　　　　　　　　siegel@stuevesiegel.com

　　　　　　　　　　　　　　　　　　*Consumer Plaintiffs' Co-Lead Counsel*

　　　　　　　　　　　　　　　　　　*/s/ Roy E. Barnes*
　　　　　　　　　　　　　　　　　　Roy E. Barnes
　　　　　　　　　　　　　　　　　　Ga. Bar No. 039000
　　　　　　　　　　　　　　　　　　**BARNES LAW GROUP, LLC**
　　　　　　　　　　　　　　　　　　31 Atlanta Street
　　　　　　　　　　　　　　　　　　Marietta, Georgia 30060
　　　　　　　　　　　　　　　　　　Tel. 770.227.6375
　　　　　　　　　　　　　　　　　　roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court
Coordinating Counsel***

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion and the accompanying memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/     Norman E. Siegel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 27th day of January, 2020.

                                                                  */s/    Norman E. Siegel*