**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT CONSUMER ACTIONS Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' RESPONSE TO OBJECTING CLASS MEMBER MIKELL**
**WEST'S MOTION TO CORRECT, AMEND, AND/OR CLARIFY**

On January 13, 2020, this Court entered an order finally approving the consumer settlement. (Doc. 956)  The order identifies several class members and their counsel as serial objectors who repeatedly challenge settlements for their own personal benefit rather than to benefit the class.  Among those serial objectors is Christopher Bandas, a lawyer who, along with his associate Robert Clore of the Bandas Law Firm and Jerome Froelich of Atlanta, represents objector Mikell West. The Court cited case law recognizing that Mr. Bandas has frequently been excoriated for unethical conduct, noted that he and his law firm are subject to a permanent injunction governing their ability to file objections, and stated that because of their history of inappropriate conduct another federal court recently

1

denied *pro hac vice* admission to Mr. Bandas and Mr. Clore, preventing the two from representing an objector in the District of New Jersey.  (*Id.* at 110-11)

Objector West now moves to "correct, amend, and/or clarify" the final approval order pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7, arguing the Court made a "manifest error of fact" by incorrectly indicating that Mr. Clore has a "history of inappropriate conduct." (Doc. 969-1)  According to Mr. West, Mr. Clore has an upstanding ethical record; only works to protect the interests of absent class members; has nothing to do with his employer's long, well-known, and continuing history of wrongdoing; and participated in filing the false declaration cited by the court that denied him *pro hac vice* admission solely as a result of inadvertent error.  (*Id.*)

Mr. West's motion should be denied.  The statement in the Court's order to which he objects is objectively correct—not the type of manifest error that is necessary for relief under Rule 59(e).  Both Mr. Bandas and the Bandas Law Firm of which Mr. Clore is a part have a well-documented history of inappropriate conduct that Mr. West does not dispute, and because of that history, as the Court's order correctly states, Mr. Clore's *pro hac vice* motion in the District of New Jersey was denied.  Moreover, Mr. Clore personally engaged in conduct that

concerned the New Jersey court and led to the denial of his motion.  None of Mr. West's arguments are to the contrary or even relevant to the issues he raises.

## FACTUAL BACKGROUND

Mr. Bandas is the sole shareholder of the Bandas Law Firm in Corpus Christi, Texas.  (Doc. 969-2 at 1)  According to its website, the firm has a total of three lawyers.  *See*  https://www.bandaslawfirm.com/our-team/  (last visited 1/30/2020).  Mr. Bandas and his firm have represented class action objectors more than 100 times.  (Doc. 969-2 at ¶ 5)

In his objection filed in this case, Mr. West identified Mr. Bandas and Mr. Clore (and Mr. Froelich as local counsel) as the lawyers who represent him.  (Doc. 880 at 3)  Mr. Bandas signed the "Class Action Objector Power of Attorney and Contingent Fee Agreement" that Mr. West entered into with the Bandas Law Firm, and Mr. Bandas has actively participated in Mr. West's representation.  (Doc. 880-4; Doc. 939-1, Ex. B at 72:8-13)  Mr. Bandas, however, did not enter his appearance as counsel of record.  Only Mr. Clore did so.

Mr. Clore holds the position of "Senior Appellate Counsel" at the Bandas Law Firm.  (Doc. 969-2 at ¶ 1)  He joined the firm in 2016.  See *Cole v. NIBCO, Inc.,* No. 13-cv-7871 (D.N.J.) (Doc. 214-1 at 3).  At the time, Mr. Bandas' reputation as perhaps the nation's most notorious serial objector was well

established, as documented in numerous decisions by courts across the country that reprimanded him for inappropriate and unethical conduct. *See, e.g., In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 & n. 3 (N.D. Cal. 2012) (Mr. Bandas "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain").[1]

Since Mr. Clore joined forces with Mr. Bandas three years ago, the misconduct has continued unabated. *See, e.g., Clark v. Gannett Co.*, 122 N.E. 3d

---

[1] *See also, e.g., In re Gen. Elec. Co. Sec. Litig.*, 2014 WL 534970, at *9 (S.D.N.Y. Feb. 11, 2014) (Mr. Bandas "has been repeatedly admonished for pursuing frivolous appeals of objections to class action settlements"); *In re Hydroxycut Marketing & Sales Practices Litigation*, 2013 WL 5275618, at *5 (S.D. Cal. Sept. 17, 2013) (striking Mr. Bandas' objections, finding that they "were filed for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objections," and describing that he had demanded $400,000 from the parties to "make his objection go away" or otherwise he would "hold the settlement process up for two to three years through the appeal process"); *In re Wal-Mart Wage & Hour Emp't Prac. Litig.*, No. 06-00225, 2010 U.S. Dist. LEXIS 21466, at *16-17 (D. Nev. Mar. 8, 2010) (finding that Mr. Bandas had submitted objections that were "not supported by law or the facts and are indeed meritless" and that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class"); *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85, 2011 WL 12523823, *1 (Ill. Cir. Ct. Sept. 14, 2011) ("Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'").   The *Brown* decision, which is attached as Exhibit 1 to this response, lists many other cases in which Mr. Bandas was found to have engaged in inappropriate conduct.

376, 380 (Ill. Ct. App. 2018) (noting Mr. Bandas has "earn[ed] condemnation for [his] antics from courts around the country. Yet, [his] obstructionism continues" and finding he had "engaged in a fraud on the court"); *Garber v. Office of the Comm'r of Baseball*, 2017 WL 752183, *5 (S.D.N.Y. Feb 27, 2017) (Mr. Bandas "orchestrated the filing of a frivolous objection in an attempt to throw a monkey wrench into the settlement process and extort a payoff"); *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 891 (C.D. Cal. 2016) (reprimanding Mr. Bandas for filing an objection without talking to his client and making arguments that the client contradicted).  Mr. Bandas has also been accused of recent misconduct in this District, *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM (Doc. 61), although the motion was later withdrawn. *Id.*, 2017 WL 416425, at *4 n. 3 (N.D. Ga. Jan. 30, 2017).

Early last year, a federal judge in the Northern District of Illinois entered a permanent injunction against Mr. Bandas and the Bandas Law Firm that governs their ability to object to class action settlements, explaining that the injunction was justified because Mr. Bandas had engaged in the unauthorized practice of law in representing an objector in Illinois and agreed to drop an objection in exchange for a payment of $225,000 with no changes to the settlement agreement.  *Edelson P.C. v. The Bandas Law Firm*, No. 16-cv-11057, 2019 WL 272812 (N.D. Ill. Jan. 17,

2019).  The injunction, among other things, bars Mr. Bandas *and the lawyers in his firm* from "seeking admission, *pro hac vice* or otherwise, to practice in any state or federal court without fully and truthfully responding to all questions on the application and without attaching a copy of this judgment." *Id.* at *1.[2]

In February 2019, following issuance of the injunction, Mr. Bandas and Mr. Clore each moved for *pro hac vice* admission in the District of New Jersey to represent Jeffrey Palmer, who objected to a class action settlement involving an allegedly defective plumbing product. *Cole v. NIBCO, Inc.,* No. 13-cv-7871 (D.N.J.) (Docs. 182 and 183).[3]  Class counsel objected to the motions, contending that neither Mr. Bandas nor his firm met the minimum standards for admission because of their longstanding history of using objections to extort money for themselves; their previous abuses of the *pro hac vice* admission process; and the fact that the objector they sought to represent, Mr. Palmer, was the brother of

---

[2]  Although the obvious intent of the injunction is to ensure that other courts are aware that Mr. Bandas and his law firm have a long history of unethical conduct, Mr. Clore did not provide this Court with the *Edelson* judgment when he entered his appearance in this case. He has explained his decision to do so on the grounds that: (1) the injunction only applies to Mr. Bandas, an explanation that fails on its face because Mr. Clore is an attorney with the Bandas Law Firm and the injunction specifically applies to that firm; and (2) in CMO No. 1, this Court dispensed with the need for out-of-state lawyers to seek admission in order to appear in this case, rendering the injunction inapplicable.  (Doc. 930 at 2, n. 3)

[3]  Copies of the docket entries from *Cole v. NIBCO, Inc.* cited in the text are attached as Omnibus Exhibit 2 to this response.

another notorious serial objector, Darrell Palmer, who had been suspended from the practice of law due to making false statements under oath in federal class action litigation, which raised concern that the objector's brother would be improperly participating in the representation. (*Id.,* Doc. 197)

Along with their *pro hac vice* motions, Mr. Bandas and Mr. Clore, through their local counsel, filed an objection on behalf of Mr. Palmer. (*Id.,* Doc. 184)  As required by the preliminary approval order, the objection attached a declaration from Mr. Palmer that described his prior experience as an objector and a list of the cases in which Mr. Bandas, Mr. Clore, and the Bandas Law Firm had previously represented an objector. (*Id.* Doc. 184-2)  Both Mr. Palmer's declaration and the list of cases were false, as detailed in a supplemental letter brief submitted by class counsel.  (*Id.,* Doc. 212-2)

According to class counsel, Mr. Palmer claimed to have objected to only one other settlement, failing to disclose that: (1) he had previously objected in two other defective plumbing product cases; (2) in one of those cases, *In re Kitec Plumbing System Prods. Liab. Litig.*, No. 09-md-2098-F (N.D. Tex.), he had been represented by Mr. Bandas and Mr. Palmer's brother and withdrew his objection with prejudice after ten days, creating the inference he was paid to withdraw that objection; and (3) in the other case he purportedly objected *pro se* but in fact his

brother was behind the objection, drawing harsh criticism from the court, which further found that Mr. Palmer and his brother had "evidenced bad faith and vexatious conduct," and that Mr. Palmer had never purchased the plumbing product at issue and thus was not a class member with standing to object. (*Id.,* Doc. 212-2 at 1-2)   Class counsel also contended Mr. Palmer compounded his false declaration at a deposition in which he falsely stated he had only objected once before, pretended he had no prior relationship with the Bandas Law Firm, and claimed his brother had never worked with Mr. Bandas even though the two lawyers had together represented Mr. Palmer in objecting in a prior case.  (*Id.,* Doc. 212-2 at 3-4)

Similarly, Mr. Bandas and Mr. Clore did not disclose in their list of prior cases submitted to the court that the Bandas Law Firm had previously represented Mr. Palmer.   Class counsel contended Mr. Bandas and Mr. Clore deliberately concealed that Mr. Palmer had previously been represented by the Bandas Law Firm in *Kitec*.  According to class counsel, the omission of *Kitec* from the list of prior cases was "plainly an effort to conceal the fact that Mr. Palmer is Mr. Bandas' 'designated hitter' to object to plumbing settlements so Mr. Bandas can advance his own interest in extorting financial gain." (*Id.,* Doc. 212-2 at 4-5)

Class counsel argued that the failure to disclose *Kitec* was another example of wrongdoing by the Bandas Law Firm and its lawyers and thus further supported denial of the two *pro hac vice* motions.   (*Id.*)   Specifically with regard to Mr. Clore, class counsel argued as follows:

> Mr. Clore's application should also be denied. Mr. Palmer testified at his deposition that Mr. Clore is the primary attorney with whom he worked on this matter. ECF No. 201-2, Ex. B, at 32:11-15 (consultation with Mr. Clore throughout the process of completing his Claim Form), 39:17-24 (deposition preparation with both Messrs. Bandas and Clore), 57:23-58:11 (Mr. Palmer hired The Bandas Law Firm based on his discussion with Mr. Clore), 75:19-77:1 (consultation with Mr. Clore about allegedly unclear term "Effective Date"), 109:7-15 (a dozen phone calls with Mr. Clore). Thus, Mr. Clore is fully responsible for Mr. Palmer's false Declaration. In any event, The Bandas Law Firm cannot advance its goal of extorting payment by bringing in another attorney whose track record may not be as bad as that of Mr. Bandas himself.

(*Id.*)

Mr. Bandas, Mr. Clore, and Mr. Palmer responded to class counsel's allegations in a letter brief signed by their local counsel.  They admitted that Mr. Palmer's declaration was inaccurate and that the list of cases submitted to the court did not disclose the *Kitec* case, all as alleged by class counsel.  However, the letter contended that Mr. Palmer and the lawyers had made an "honest mistake" and that because class counsel had caught the errors Mr. Palmer would amend his

deposition testimony by means of an errata sheet and Mr. Bandas and Mr. Clore would supplement their list of prior cases.  (*Id.,* Doc. 214-1)

The *pro hac vice* motions were heard by a United States Magistrate Judge, who rendered her opinion denying the motions in a letter order dated April 5, 2019. (Doc. 939-2, Ex. A)  The order described Mr. Bandas' history of misconduct and noted: "In light of Mr. Bandas' past behavior, the Court has substantial concerns with allowing him to appear *pro hac vice.*" (*Id.* at 2)  In addition, the order addressed the issues surrounding the failure to disclose the *Kitec* case as follows:

> In addition to past wrongdoing, class counsel also argues in its April 5, 2019 supplemental letter to the Court that in this matter, Mr. Bandas deliberately concealed his role in representing Mr. Palmer as an objector in [*Kitec*].  Class counsel cites this omission in a sworn declaration as yet another example of Mr. Bandas' misconduct. The Bandas Law Firm filed a response to this supplemental letter, stating that the omission was a mistake on the part of Mr. Clore due to lack of record retention. However, with a record like that associated with the Bandas Law Firm, this is error is cause for concern.

(*Id.* at 2-3) (internal citations omitted). The order concluded as follows:

> Fed. Rule Civ. P. 1 states that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  The Court is not persuaded that the admission of Messrs. Bandas and Clore will effectuate this aim. As a result, the Court exercises its discretion against permitting their *pro hac vice* admission.  Therefore, the aforementioned motions for leave to appear *pro hac vice* are DENIED.

(*Id.* at 3)

10

## ARGUMENT AND CITATION OF AUTHORITY

Rule 59(e) allows a judgment to be altered or amended to accommodate a change in the law, account for new evidence, or correct a manifest error of fact or law. *See, e.g., Brockman v. Ocwen Loan Servicing LLC*, 2014 WL 4660795, at *3 (N.D. Ga. Sept. 17, 2014); *Lewis v. Oubre*, 2014 WL 4052777, at *2 (N.D. Ga. Aug. 15, 2014). Mr. West argues that he is entitled to relief under Rule 59(e) because this Court allegedly committed a manifest error in describing the basis for the denial of his *pro hac vice* motion in the *Cole* case described above.[4] To prevail on this argument, Mr. West has the burden of showing the Court committed a "plain and indisputable error 'that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Negron v. Sec'y, Florida Dep't of Corr.*, 643 Fed. App'x. 898, 901 (11th Cir. 2016) (citing *In re District of Columbia,* 792 F.3d 96, 97-98 (D.C. Cir. 2015)). Mr. West has not met this burden. To the contrary, the Court's description of the *Cole* order in its final approval order was correct. Mr. West's argument that Mr. Clore has an exemplary

---

[4] Mr. West's motion also cites Local Rule 7, which allows for the filing of a motion for reconsideration. However, a motion for reconsideration made after final judgment falls within the ambit of Rule 59. *Brockman*, 2014 WL 4660795, at *3, and thus the local rule provides him no independent basis for relief. In any event, a motion for reconsideration is itself disfavored, should be filed only when "absolutely necessary," and requires a showing similar to Rule 59. *See Order Taker, Inc. v. Dedert Corp.*, 2013 WL 4551343, at *1 (N.D. Ga. Aug. 27, 2013).

record and worked to benefit class members in other cases adds nothing to the Rule 59(e) analysis and is thus irrelevant.

## I.     The Court's Final Approval Order is Not Manifestly Erroneous

In its final approval order, the Court determined that several objections had been made by serial objectors who have unsuccessfully asserted similar objections to other settlements, that their objections are not in the best interests of the class, and that there is no substantial likelihood their objections will succeed on appeal. Mr. Bandas was one of the serial objectors the Court identified, explaining:

> Christopher Bandas, an attorney who represents objector Mikell West, is recognized by federal courts across the country as a "serial objector" who "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct." [*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012)] *see also, e.g.*, *Clark v. Gannett Co.*, 122 N.E. 3d 376, 380 (Ill. Ct. App. 2018) (Bandas has "earn[ed] condemnation for [his] antics from courts around the country. Yet, [his] obstructionism continues."). Moreover, Bandas and his law firm are subject to a permanent injunction issued by a federal judge governing their ability to object in class actions. *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812 (N.D. Ill. Jan. 17, 2019). And, ***because of their history of inappropriate conduct***, another federal court recently denied applications for *pro hac vice* admission by Bandas and Robert Clore, his colleague and co-counsel here, which they filed so they could represent an objector. *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871 (D.N.J. Apr. 5, 2019) (Doc. 223) at 2.

(Doc. 956 at 111) (emphasis added).   According to Mr. West, the italicized and

bolded language in quotation from the Court's order cited above improperly found that Mr. Clore has a history of inappropriate conduct, which Mr. Clore denies, and thus the order is manifestly erroneous.  Not true.

Mr. West misconstrues the order.  Read in context, the phrase "their history of inappropriate conduct," refers to Mr. Bandas and the Bandas Law Firm, not specifically to Mr. Clore.  That is made clear by the preceding sentence, which states that Mr. Bandas and his firm are subject to an injunction governing "their" ability to object.  And, the statement that Mr. Bandas and his firm have a history of inappropriate conduct is undeniably correct for the reasons set forth above. Indeed, Mr. Clore does not contest the unsavory past of either his boss or the law firm for which he works.  The order thus contains no error that needs correction.

Regardless, even if the Court intended the phase "their history of inappropriate conduct" to include Mr. Clore, the order is still correct.  In *Cole*, as discussed above, Mr. Clore admitted participating in the filing of a false declaration that failed to disclose his firm's prior representation of the same objector in the same type of case.  Moreover, Mr. Clore admitted that Mr. Palmer, the client with whom he worked closely, filed a false declaration and gave false deposition testimony, concealing his prior objections and relationship with the Bandas Law Firm.  While Mr. Clore contends all these false statements resulted

from honest mistakes, the court expressed "concern" about that explanation and cited that concern in its order denying his *pro hac vice* motion.  The statement in this Court's order that the motion was denied because of inappropriate conduct (even if attributed in part to Mr. Clore) thus was objectively correct.  Indeed, if that were not the case, what was the court's basis for denying his motion for *pro hac vice* admission?  Mr. Clore has not even attempted to provide another explanation.

Because Mr. West has not shown that the Court's order is manifestly erroneous, his motion to alter or amend the judgment should be denied.

## II.   Mr. West's Other Arguments Are Irrelevant

Much of Mr. West's brief supporting his motion consists of claims that Mr. Clore is a lawyer in good standing with the Texas Bar, has never been sanctioned for misconduct, has "assisted in securing victories for clients in both personal injury and class action matters," and the court in the *Syngenta* litigation found one of his objections, albeit without merit, to have been "helpful" in its analysis.  (Doc. 969-1 at 3-7)  These facts, even if true, are simply irrelevant to the issue of whether this Court's final approval order was manifestly erroneous.

This Court did not analyze Mr. Clore's overall professional background or even specifically identify him as a serial objector.  The issue with regard to the order's accuracy, as discussed above, turns on whether Mr. Bandas and his firm

14

have a history of inappropriate conduct or, alternatively, whether Mr. Clore's *pro hac vice* motion in *Cole* was denied because of his own inappropriate conduct in that case.   That Mr. Clore may be in good standing with the Bar or has acted appropriately in other cases does not excuse his behavior in *Cole* or mean that the New Jersey court erred by taking that behavior into account in denying his motion for admission.   Indeed, Mr. Bandas apparently is in good standing with the Texas Bar, demonstrating that such a credential is hardly a guarantee of ethical behavior.

In judging Mr. West's motion, the Court also might want to consider Mr. Clore's arguments in context.   One of the practices for which Mr. Bandas has been routinely reprimanded is failing to enter an appearance or move for *pro hac vice* admission in order to avoid subjecting himself to a court's jurisdiction and exposing himself to a sanctions award.   *See, e.g., Garber,* 2017 WL 752183, at *5-6 (Mr. Bandas ghostwrites objections without entering an appearance "to avoid his professional responsibilities to the Court" and "uses attorneys as 'local counsel' without full disclosure of his track record and to shield himself from potential disciplinary action associated with frivolous objections"); *Clark v. Gannett Co*., 122 N.E.2d at 392 (Mr. Bandas uses a "frontman" for his objections so that he does not have to sign any pleadings or appear in court);   *In re Hydroxycut Mktg. & Sales Practices Litig*., 2014 WL 815394, at *3 (declining to impose Rule 11 sanctions on

Mr. Bandas or refer him for prosecution due to the court's concern it lacked jurisdiction to do so because he had not entered an appearance).

That, in fact, is what happened in this case.  Mr. Bandas has remained behind the scenes, without entering an appearance, and put forward Mr. Clore to be the face of the objection.  Mr. Clore should not be able to divorce himself from his firm's conduct as he has tried to do here, claiming that he is an ethical, well-meaning lawyer while shifting to Mr. Bandas all of the blame and responsibility for the firm's nefarious misconduct.  The reality is Mr. Clore is serving as the "front man" in court to allow Mr. Bandas to put another measure of distance between himself and his own wrongdoing.  Mr. West's motion is nothing more than an effort to further that strategy by removing a blemish on Mr. Clore's record that will be cited in future cases when the Bandas Law Firm objects to class action settlements.  Plaintiffs urge the Court not to allow that effort to succeed.

## CONCLUSION

For the reasons set forth in this brief, Plaintiffs request that Mr. West's Motion to Correct, Amend, and/or Clarify be denied.

Dated:  February 4, 2020                    Respectfully submitted,

                                            */s/ Kenneth S. Canfield*
                                            Kenneth S. Canfield
                                            Ga Bar No. 107744
                                            **DOFFERMYRE SHIELDS
                                            CANFIELD & KNOWLES, LLC**
                                            1355 Peachtree Street, N.E.
                                            Suite 1725
                                            Atlanta, Georgia 30309
                                            Tel. 404.881.8900
                                            kcanfield@dsckd.com

                                            */s/ Amy E. Keller*
                                            Amy E. Keller
                                            **DiCELLO LEVITT GUTZLER LLC**
                                            Ten North Dearborn Street
                                            Eleventh Floor
                                            Chicago, Illinois 60602
                                            Tel. 312.214.7900
                                            akeller@dicellolevitt.com

                                            */s/ Norman E. Siegel*
                                            Norman E. Siegel
                                            **STUEVE SIEGEL HANSON LLP**
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel. 816.714.7100
                                            siegel@stuevesiegel.com

                                            ***Consumer Plaintiffs' Co-Lead Counsel***

                                            */s/ Roy E. Barnes*
                                            Roy E. Barnes
                                            Ga. Bar No. 039000
                                            **BARNES LAW GROUP, LLC**
                                            31 Atlanta Street
                                            Marietta, Georgia 30060

Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison Counsel***
Andrew N. Friedman
**COHEN MILSTEIN SELLERS &**
**TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court*
*Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion and the accompanying memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 4th day of February 2020.

*/s/ Amy E. Keller*