# Exhibit 1

2011 WL 12523823 (Ill.Cir.Ct.) (Trial Order)
Circuit Court of Illinois.
Eneral Division
Rock Island County

Lisa BROWN, Cynthia Camp, an Illinois resident, and Joseph Stanfield, an Illinois
resident, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
WAL-MART STORES, INC., a Delaware corporation, d/b/a Wal-Mart Discount
Stores, Wal-Mart Supercenters and Sam's Club operating segments, Defendant.

No. 01L85.
September 14, 2011.

**Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission**

Mark Vande Wiele, Judge.

**\*1**  At the October 29, 2009 Fairness Hearing, this Court reviewed the five objections to the proposed Settlement filed with the Court. One of the objectors has also moved to intervene and her counsel has moved for admission *pro hac vice.*

The Court has considered the objections filed by Shyniea Smothers, Paul Haasz, Edward D. Heath, II, and Debra Jackson and finds them to be without merit for the seasons set forth in Plaintiffs' submissions in support of the Settlement

The remaining objection (hereinafter, the "Bandas Objection") was filed by Ms. Jill Carlson, by attorney Alan Barinholtz. His co-counsel, Christopher Bandas (who has moved for admission pro hac vice), is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across 'the country. See Appendix filed by Class Plaintiff's as part of their submission in support' of the proposed Settlement and the application for counsel fees and expenses ("Appendix") at Tabs 13-30.

The Court finds that out of 291,266 class members, there were only five objections timely filed with the Court. The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified "legal fees." Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Wal-Mart,

In South Carolina, Bandas filed an objection and motion to intervene on behalf of a class member with the assistance of local counsel named Gasper Barr, III. Bandas represented to the court there mat he had a pending motion for admission *pro hac vice* when, in fact, no such motion had been or ever was filed. Neither Bandas, Mr. Barr nor their client objector appeared at the South Carolina final fairness hearing. Judge Perry Buckner denied the objection and motion to intervene filed by Bandas and found that Bandas filed ah untimely notice of appeal while still falling to file a *pro hac vice* motion. Appendix, Tab 15.

In Missouri, Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in "good conscience....continue to work toward the strategic objectives outlined…by Mr. Bandas." Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission *pro hac vice.* Appendix, Tab 19. This did not dissuade Bandas from filing a Notice of Appeal (with new local counsel) on July 2, 2009.

Most recently, in Iowa, Bandas and his co-counsel solicited a class member, Terry Healy, to object to the class settlement and application for attorneys' fees and expenses and to move to intervene in papers substantially similar to those filed here in Illinois. *See Mussmann et al. v. Wal-Mart Stores, Inc. et. al.,* No. LACV-27486, Iowa District Court, Clinton County, Older Regarding Terry Healy's Objection and Motion to Intervene, at ¶¶ 2, 13 and 6-13 (Appendix, Tab 25). At his deposition held on October 2, 2009, Mr. Healy learned about Bandas' objections to the Wal-Mart class actions across the nation for the first time. *Id.* at ¶¶ 14-16. As a result, Mr. Healy voluntarily withdrew his objection with prejudice. *Id.* at ¶¶ 16-17. Bandas failed to appear at the hearing on his "client's" motion to intervene. By order dated October 13, 2009, the Iowa court found that Bandas' objection in that case was withdrawn or otherwise denied or struck, and that the motion to intervene was deemed moot or otherwise denied or struck for failure to comply with the requirements of the Iowa Rules of Civil Procedure governing motions to intervene. Neither Bandas nor his client appeared at the final fairness hearing. Bandas' co-counsel is being referred by the Iowa court to the Iowa Supreme Court's disciplinary Committee.

 **\*2**  In Florida, in *Ouelette v. Wal-Mart Stores, Inc.,* File No. 67-01-CA-326, Bandas was one of a group of professional objectors that the Florida court found were "working through collusion for their own benefit and not for the benefit of this class or their clients." The Florida court further found that all of the objectors' counsel — including Bandas - were engaged "in an effort to extort money from the class and/or class counsel. Appendix, Tab 27.

Apart from these Wal-Mart cases, Bandas has a history as a professional objector in other class actions cases:
• In *In re: Dynamic Random Access Memory Antitrust Litigation* filed in the Northern District of California, Bandas withdrew his objection after "further investigation," which revealed that Bandas wholly failed to adhere to his Rule 11 obligations to thoroughly investigate his client's claims. Appendix, Tab 29, Ex. A.

• In Miller County, Arkansas, attorney Bandas filed a canned objection in *Lane's Gifts and Collectibles, LLC v. Yahoo! Inc.* The court denied the objection. Attorney Bandas then appealed, but he withdrew the appeal 48 hours later. Appendix, Tab 29, Ex. B-D.

• In *Conroy v. 3M Corp.* in the U.S. District Court for the Northern District of California, Bandas submitted an objection that was "unfounded, and … unlikely to succeed," No, C 00-2810 CW, 2006 U.S. Dist LEXIS 96169, at \*10-11 (N.D. Cal. Aug. 10, 2006) (Tab 16). Further, the "objections were patently frivolous… [and] bore no particular relationship to the circumstances of the settlement...." *Id.* at \*11. As a result, me court ordered Bandas to post a $431,000 bond to pursue an appeal of the objection. *Id.* Not surprisingly, Bandas abandoned the appeal. Appendix, Tab 29, Ex. F.

• Most recently, in March 2009, Bandas withdrew an objection to a proposed settlement he filed in a class action pending in Oklahoma, *Sacket v. Great Plains Pipeline Co, et al.* The withdrawal came only after counsel for the class vehemently opposed the objection, highlighting Bandas' history of filing canned objections at the last moment in an effort to extort attorneys' fees. Appendix, Tab 30.

The Court finds that a lack of involvement and participation by Ms. Carlson and her counsel, combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel. Though filed by two lawyers, the Bandas Objection offers nothing in the way of specific criticisms of the proposed Settlement The content or the Bandas Objection demonstrates that neither Ms. Carlson nor her counsel has ever visited the settlement website or read me Stipulation of Settlement in this case. The Bandas Objection ignores the terms of the proposed Settlement before the court The Bandas Objection offers no legal or factual support for its assertion that the claims deadline is "brief" or that the claims process is difficult The Class Settlement Amount and the Floor are clearly laid out in the Stipulation of Settlement and in the Class Notice. Bandas' assertions regarding dissemination of Class Notice are also unfounded. The Stipulation of Settlement and the Preliminary Approval Order signed by the Court on July 1, 2009, lay out me form and method

of notice and the Mulholland Declaration submitted by Class Counsel confirms that notice was effectuated in a manner that more than satisfies due process and the Illinois rules.

 **\*3**  The Bandas Objection's complaints about "other" Wal-Mart settlements are irrelevant to the matter before this Court and the Bandas Objection offers no rationale or basis to the contrary. Each of the settlements to which he refers has been finally approved by the trial court before which such case was pending and, in virtually each such instance, Bandas' "objections" have been rejected.

In short, the Bandas Objection does not appear to be an effort to enhance the value of the settlement. It is short on specifics, is wholly devoid of evidence or controlling authority, and fails to comply with the procedures ordered the Court for properly objecting to the Settlement Moreover, it is clear that neither the objector nor her counsel reviewed the Settlement Agreement or any of the voluminous pleadings and appellate briefing that clearly reflect the complexities of mis case, and the enormous efforts expended by Class Counsel on behalf of the Class over the last eight years. [1]

---

[1]      In support of the objection, Bandas attached several documents that pertain exclusively to *Salvas v. Wal-Mart Stores, Inc.*, Supreme Judicial Court, Commonwealth of Massachusetts, SJC No. 10108. Bandas does not even attempt to explain the relevance of these documents in the motion to intervene and objection he filed with this Court.

The Court therefore strikes the Bandas Objection for foiling of proof, and failure to demonstrate that the objector is acting on behalf of the Class.

For the reasons set forth in Plaintiffs' submissions in opposition to the Carlson motion to intervene and for the reasons set out in the record before this Court at the Fairness Hearing, the Carlson motion to intervene and the Bandas motion for *pro hac vice* admission are both denied.

Dated: October 29, 2009

<<signature>>

Honorable Mark Vande Wiele

---

**End of Document**                                                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.