# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**OBJECTOR MIKELL WEST'S REPLY IN SUPPORT OF MOTION TO CORRECT, AMEND, AND/OR CLARIFY**

**Introduction**

Class counsels' response provides no justification for keeping the erroneous discussion of Mr. West's counsel in place. They cannot dispute that Mr. Clore has no history of inappropriate conduct. The best they can do is reference a case in which Mr. Clore's pro hac vice admission was denied based on allegations about Mr. Bandas, and not Mr. Clore. That is not a history of inappropriate conduct by Mr. Clore.

This Court's statement indicating that the pro hac vice admissions of Mr. Clore and Mr. Bandas were denied "because of their history of inappropriate conduct" (Dkt. 956 at 111) is a manifest error of fact that should be corrected under Rule 59(e). *Hardy v. Wood*, 342 Fed.Appx. 441, 446 (11th Cir. 2009) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Mr. Clore does not have a history of inappropriate conduct and that's not what the magistrate's order in *Cole v. Nibco* indicates. If the statement was not intended to refer to Mr. Clore, as class counsel suggest on page 13 of their Response, then this Court should clarify as much.

I.   **The court did not find a history of inappropriate conduct by Mr. Clore in *Nibco*.**

The magistrate's order in *Nibco* denied the pro hac vice admission of Mr. Clore and Mr. Bandas after discussing Mr. Bandas's history in representing objectors. Dkt. 223 at 2. There is no mention of Mr. Clore's history.

The magistrate's order also expressed that the explanation for omitting a 2012 objection—imperfect record retention and the fact that Mr. Clore did not join the firm until 2016—was a "cause for concern" given the history discussed regarding Mr. Bandas. Dkt. 223 at 3. The magistrate did not find, as class counsel claim, that Mr. Clore participated in filing a false declaration or deliberately concealed prior representation by the Bandas Law Firm. Response at 7, 13. That is nowhere to be found in the magistrate's order. Dkt. 223. Nor did Mr. Clore admit any of those things as class counsel allege. Response at 13; *see generally* Dkt. 976-2 at 103, 230-35 of PDF. Class counsel fail to appreciate that allegations by attorneys, particularly attorneys with millions of dollars in excessive attorneys' fees on the line, do not constitute evidence or findings. *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990) (statements and arguments of counsel are not evidence"); *Microtel Inns & Suites Franchising, Inc. v. Shree Narayan, Inc.*, 1:07-CV-1559-CC, 2008 WL 11336273, at *4 (N.D. Ga. Sept. 9, 2008) ("arguments of counsel are not evidence") (citation omitted).

There is nothing in the magistrate's order that allows for the conclusion that Mr. Clore's *pro hac vice* admission was denied because he has a history of inappropriate conduct as this Court's order indicates. Dkt. 956 at 111. He doesn't. This Court should correct that manifest error of fact.

## II. Notwithstanding the criticism, Mr. Bandas and the Bandas Law Firm have benefitted settlement classes by many millions of dollars.

Class counsel are mistaken that Mr. West and his counsel do not dispute the allegations of improper conduct against Mr. Bandas and the Bandas Law Firm. Response at 2, 13. The motion to amend takes issue with the one-sided discussion of cases criticizing Mr. Bandas without considering "the many countervailing cases in which Mr. Bandas's clients have prevailed in overturning unfair settlements and fee awards." Dkt. 976 at 2 n.2 (citing Dkt. 880-3).[1]

In fact, around two months ago, Mr. Sigel's firm (one of the firms making up class counsel) argued to the court that Mr. Bandas and Mr. Clore assisted in providing monetary and non-monetary benefits to a settlement class in the District of Kansas. *Syngenta*, 2:14-md-02591, Dkt. 4278 at 3. The court didn't just find that one of the objections raised by Mr. Clore's and Mr. Bandas's clients was "helpful" to its analysis. Response at 14. To the contrary, it found that a settlement reached as a result of the objection filed by the Bandas Law Firm on behalf of its clients provided a tangible $3 million monetary to the benefit to the class. Exhibit 3 to Motion to Amend (Dkt. 969-3 at 7-10); *see also Syngenta*, 2:14-md-02591, Dkts. 4307, 4308, 4318. It also found the objection filed by the Bandas Law Firm provided non-monetary benefits to the class. Exhibit 3 to Motion to Amend (Dkt.

---

[1] The motion also notes that it is made without prejudice to Mr. West's right to challenge or appeal the order. *Id.* at 1 n.1.

3

963-3 at 8). In fact, Mr. Siegel's firm agreed and advocated in favor of these benefits provided by Mr. Clore's and Mr. Bandas's objections raised on behalf of their clients. *Syngenta*, 2:14-md-02591, Dkt. 4278 at 3, 6-7.

There are many other examples of clients of Mr. Bandas and Mr. Clore benefitting classes as noted in an exhibit to Mr. West's objection. Dkt. 880-3. In *Abante Rooter and Plumbing, Inc. v. Pivotal Payments Inc.*, 3:16-cv-05486-JCS, Dkt. 148 (N.D. Cal. Oct. 15, 2018), the district court reduced class counsels' fees by $450,000 for the benefit of the class, consistent with the objection of Mr. Bandas' client. The court also ordered class counsel to produce financial records to Mr. Bandas' client in direct response to his client's objection. Dkt. 123 at 3 (N.Cal. Jul. 24, 2018).

In *In re: Lumber Liquidators Chinese-Manufactured Flooring Durability Marketing and Sales Practice Litigation*, MDL No. 1:16-md-02743, Dkt. 167 (E.D. Va. Nov. 15, 2018), the district court reduced class counsels' fees by around $1 million for the benefit of the class consistent with the objections and other briefing of Mr. Bandas's and Mr. Clore's client. Mr. Clore recently delivered oral argument in the Fourth Circuit and hopes to return millions more to the class. *Lumber Liquidators*, 18-2351 (4th Cir.).

In *Edwards v. National Milk Producers*, 4:11-cv-04766, Dkt. 486 (N.D. Cal. June 26, 2017), the district court reduced fees from $17.3 million to $13 million,

with the excess returning to the class. While the court overruled the objections, the court's reduction in fees was consistent with the objections of Mr. Bandas's client. *See also Cross v. Wells Fargo*, 1:15-cv-01270, Dkt. 103 at 7 (N.D. Ga. Feb. 10, 2017) (awarding class counsel 28% instead of 30%, consistent with the objections of the client).

Mr. Bandas also has a history of appellate victories in favor of class members. *See e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2d Cir. June 30, 2016) (Mr. Bands's client was part of an effort resulting in the Second Circuit "vacat[ing] the district court's certification of the class, revers[ing] approval of the settlement, and remand[ing] for further proceedings not inconsistent with this opinion"); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) (Mr. Bandas was part of a successful effort to overturn approval of an unfair class action settlement and attorneys' fee award); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) (same); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (same).

Meanwhile, class counsels' account of the judicial criticisms of Mr. Bandas is replete with half-truths. In a case in this District, they reference allegations from class counsel (later withdrawn), and not court findings, to suggest impropriety. *See Response* at 5 (discussing motion for sanctions filed by class counsel in *Markos v.*

5

*Wells Fargo Bank*, N.A., No. 1:15-CV-01156-LMM (Doc. 61) that was later withdrawn, *Id.* 2017 WL 416425 at *4 n.3 (N.D. Ga. Jan. 30, 2017)). Again, argument of counsel is not evidence.

They also reference *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877 (C.D. Cal. 2016) without noting that a sanctions motion was denied, or that Mr. Clore recently delivered oral argument before the Ninth Circuit, which is likely to reverse the excessive fee based on a violation of the Class Action Fairness Act. *See Chambers v. Whirlpool*, 16-56666 (9th Cir.); Julie Steinberg, Whirlpool Deal's $15 Million Fee Draws Concern at Ninth Circuit, Bloomberg Law (Jan 23, 2020).[2]

*Clark v. Gannett Co.*, 122 N.E.3d 376, 380 (Ill. Ct. App. 2018) and *Garber v. Office of the Comm'r of Baseball*, 2017 WL 752183 (S.D.N.Y. Feb. 27, 2017), referenced by class counsel (Response at 4-5) do not mention Mr. Clore. The motions for sanctions as to other counsel in *Clark* was withdrawn (16 CH 06603 (Cir. Ct. Cook County Feb. 19, 2019)) and denied in *Garber*. 2017 WL 752183, at *6.

Mr. Clore does not seek to separate himself from his own conduct while at the Bandas Law Firm. It is undisputed that no court has ever sanctioned him for anything, including filing a frivolous objection. However, this Court's order should

---

[2] https://news.bloomberglaw.com/product-liability-and-toxics-law/whirlpool-deals-15-million-fee-draws-concern-at-ninth-circuit (last visited Feb. 18, 2020).

not inaccurately indicate that Mr. Clore's pro hac vice motion in *Cole v. Nibco* was denied based on his history of misconduct when that is manifestly untrue.

**III. There has been no violation of the injunction entered against Mr. Bandas.**

Judge Pallmeyer of the Northern District of Illinois entered an injunction against Mr. Bandas and the Bandas Law Firm in connection with unauthorized practice of law in Illinois based on Mr. Bandas's failure to involve local counsel in a telephonic mediation. *Edelson v. Bandas*, 1:16-cv-11057, Dkt. 178 (N.D. Ill. Jan. 17, 2019). The injunction requires Mr. Bandas or the Bandas Law Firm, P.C., when "[s]eeking admission, pro hac vice or otherwise, to practice in any state or federal court without fully and truthfully responding to all questions <u>on the application</u> and without attaching a copy of this judgment[.]" *Id.* at 2. This part of the injunction expressly contemplates an application process.

There was no application process (indeed no objector's counsel filed an application for pro hac vice admission) and thus there was nothing for Mr. Clore to attach the injunction to. Class counsels' suggestion of impropriety ignores the Court's case management order. Under this Court's case management order #1, "[a]ttorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation." Dkt. 23 at 4. Because Mr. Clore is admitted and in good standing to the United States District Court, Southern District of Texas, he is automatically admitted pro hac vice in this litigation. Dkt.

7

23 at 4.

Regardless, this allegation doesn't support the statement in this Court's order indicating that Mr. Clore's application for pro hac vice admission was denied in *Nibco* because of his "history of inappropriate conduct." Dkt. 956 at 111.

### IV.  Class counsel's response does not dispute that Mr. West's counsels' conduct in this case was appropriate.

While seeking to justify the erroneous description of Mr. Clore as having a history of inappropriate conduct (or alternatively suggesting that's not what the order indicates), class counsel cannot identify anything improper about Mr. West's objection. The Rule 59(e) motion to amend emphasized the merits of the objection and Mr. Clore's vigorous advocacy on behalf of Mr. West, including attending a deposition, filing the objection and other supporting briefing, and arguing at the fairness hearing before this Court. Class counsel have no response.

Class counsel also have no response to the fact that the only evidence in this case is that Mr. West's objection was made in good faith for the benefit of the class. Dkt. 880 at 5; Dkt. 930 at 4, Dkt. 930-1 at 11, 15, 17-19, 25, 28, 60, 73.[3] Nor do they dispute that the substance of Mr. West's objection, particularly on the subject of megafund principles, was anything less than compelling. *Compare* Dkt.

---

[3] Again, the possibility that an objection could be brought for purposes of extracting an improper payment from class counsel has been eliminated through amended Rule 23(e)(5)(B), which now requires district court approval of any settlement of an objection for compensation, whether on appeal or in the district court.

880 at 1-2, 13-16 (objection citing *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 587 F. Supp. 2d 1266, 1271–72 (N.D. Ga. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312 (N.D. Ga. 1993)) with Dkt. 858 (fee motion citing neither *Carpenters* nor *Domestic Air*). And they can't dispute that had Mr. West's objection succeeded, it would have returned $46.5 million for the benefit of the class. Dkt. 880 at 2. To be sure, no conduct by Mr. Clore in this case supports a finding that he has a history of inappropriate conduct.

**V.   The erroneous disparagement of counsel is harmful and discourages good-faith objections like the objection of Mr. West.**

Presumably, the inaccurate statement about Mr. Clore was part of the proposed order which class counsel neither filed nor served as required by the local rules. *See* N.D. Ga. Local R. 5.1(A)(1) & App. H-A5. Mr. West's counsel would have objected to the misstatement had they done so. Certainly, he would have pointed out that in *Syngenta*, cited in this Court's order (Dkt. 956 at 110) for the notion that the background of objectors' counsel is relevant, the district court found that the objections filed by Mr. Clore and Mr. Bandas were good-faith objections that resulted in monetary and non-monetary benefits to the class. Exhibit 3 to Motion to Amend; Dkt. 969-3 at 7-10; *Syngenta*, 14-2591, Dkt. 4318 (D. Kan. Jan. 3, 2018). He would have further observed that with the amendments to Rule 23(e), eliminating the incentives for filing a bad-faith objection, the background of an objector's counsel simply isn't relevant.

9

It appears the court adopted the *ad hominem* argument of class counsel, which does not advance the interests of Rule 23 and should not be encouraged. *See Kleiner v. First Nat. Bank of Atlanta*, 97 F.R.D. 683, 696-97 (N.D. Ga. April 15, 1983) (defendants presented affidavits tending to show the putative named plaintiff had lied under oath and made false statements in loan applications; the court found these *ad hominem* materials were irrelevant to the Rule 23(a) inquiry and "insufficient to overcome the presumption that litigants in general, including [the putative named plaintiff], will conduct themselves honorably before the Court"); *see* 11th Cir. R. 25-6(a)(1), 25-6(b) (Dec. 2015) (prohibiting "*ad hominem* or defamatory language"). Objectors play an important role in class action settlements, and their ability to participate is a due process protection afforded under Rule 23. *Kincade v. General Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. 1981). The misstatement concerning Mr. Clore should be corrected consistent with these interests.

## Conclusion

Objector respectfully renews his request for the Court amend or correct page 111 of its January 13, 2020 Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Service Awards (Dkt. 956) to clarify that Mr. Clore does not have a history of inappropriate conduct.

Dated: February 18, 2020 Respectfully submitted,

/s/ Robert W. Clore
Robert W. Clore
*Pro Hac Vice*[4]
State Bar of Texas #24012436
Admitted to the United States District
Court, Southern District of Texas, ID
No. 2032287
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78418
(361) 698-5200

Jerome J. Froelich, Jr.
State Bar No. 278150
McKENNEY & FROELICH
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia 30309-2920
(404) 881-1111

*Attorneys for Objecting Class Member, Mikell West*

---

[4] Dkt. 23 at 4.

11

## CERTIFICATE OF FONT

I hereby certify that this Reply has been prepared in compliance with Local Rules 5.1 and 7.1


DATED: February 18, 2020         /s/ Robert W. Clore
                                 Robert W. Clore

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing document on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: February 18, 2020                             /s/ Robert W. Clore
                                                                         Robert W. Clore