## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## PLAINTIFFS' RESPONSE TO OBJECTING CLASS MEMBER JOHN W. DAVIS' MOTION TO ALTER OR AMEND JUDGMENT

On January 13, 2020, this Court entered an order finally approving the consumer settlement. (Doc. 956)  The order identifies several class members and their counsel as serial objectors who repeatedly challenge settlements for their own personal benefit rather than to benefit the class.  Among those serial objectors is John W. Davis, a lawyer who filed an objection to the settlement on behalf of himself.  The Court cited case law recognizing that Mr. Davis has been previously labeled as a "professional objector" who has attempted in the past to confidentially settle putative class actions in return for payment of fees and other consideration directly to him.  (*Id.* at 112-13)

Objector Davis now moves to "alter or amend" the final approval order pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 52(b), asking the Court to

"reconsider" its rulings regarding the use of the percentage method to award attorneys' fees, service awards to class members, and Mr. Davis's status as a serial objector.  (Doc. 978 at 3)  But there is no need to reconsider, alter, or amend the Court's careful final approval analysis.  The Court correctly analyzed the merits of each of Mr. Davis' objections, despite his status as a serial objector.  And there is no reason to disturb the Court's finding that Mr. Davis's objections were not made in the best interests of the class—especially when the same or similar objections have been rejected in the past and his objection that the fee award must be based on a lodestar analysis is directly contrary to binding Eleventh Circuit precedent.  Mr. Davis, therefore, cannot meet his burden to show that the Court's final approval order constitutes manifest error, as is required for relief under Rule 59(e).

## **BACKGROUND**

Mr. Davis, a solo practitioner and the founder of The Law Office of John W. Davis, has previously objected to class action settlements—often times asserting the same or similar arguments made here on behalf of himself or as an attorney— in at least 14 cases.[1]

---

[1] *See, e.g.*, *In re Yahoo! Litig.*, No. 06-cv-02737 (C.D. Cal. Jan. 15, 2010); *Faught v. American Home Shield*, No. 07-cv-01928 (N.D. Ala. Apr. 27, 2010); *In re Google Buzz Privacy Litig.*, No. 10-cv-00672 (N.D. Cal. May 31, 2011); *Batmanghelich v. Sirius XM Radio*, No. 09-cv-09190 (C.D. Cal. Sept. 15, 2011); *In re Checking Account Overdraft Litig.*, No. 1:09-md-02036-JLK (S.D. Fla. Nov. 22,

In his objection filed in this case, Mr. Davis argued that Class Counsel's fee should be limited to lodestar (Doc. 879-1 at 6-10), service awards for class representatives are prohibited (*id.* at 10-18), and, in the alternative, Plaintiffs failed to present sufficient evidence to support the requested service awards.  (*Id.* at 18-20)  In its 122-page final approval order (Doc. 956), the Court addressed the merits of each of these arguments in detail.

The Court properly determined that *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991) is controlling Eleventh Circuit precedent, which holds that fees in common fund cases are be calculated using the percentage approach.  (*Id.* at 82)  The Court then went on to analyze in detail each factor required under *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  (*Id.* at 85-93)  The Court also specifically addressed Mr. Davis' incorrect contention that *Camden I* is no longer good law in light of

---

2011); *Connor v. JPMorgan Chase Bank*, No. 10-cv-01284 (S.D. Cal. Feb. 5, 2015); *In re Zynga Securities Litig.*, No. 12-cv-04007 (N.D. Cal. March 18, 2016); *Alexander v. FedEx Ground Package Sys.*, No. 05-cv-00038 (N.C. Cal. Apr. 12, 2016); *Muransky v. Godiva Chocolatier*, No. 15-cv-60716 (S.D. Fla. Sept. 28, 2016); *Chambers v. Whirlpool Corp.*, No. 11-cv-01733 (C.D. Cal. Oct. 11, 2016); *Russell v. Kohl's Dept. Store*, No. 15-cv-01143 (C.D. Cal. Oct. 13, 2016); *In re Midland Credit Management TCPA Litig.*, No. 11-md-02286 (S.D. Cal. Dec. 2, 2016); *Thomas v. Dun and Bradstreet Credibility Corp.*, No. 15-cv-03194 (C.D. Cal. March 29, 2017); *Davenport v. Discover Fin. Servs.*, No. 15-cv-06052 (N.D. Ill. Dec. 19, 2017);

*Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010), and determined that his argument was frivolous.  (*Id.* at 94)

Likewise, the Court fully addressed Mr. Davis' arguments regarding the service awards made to class representatives.  (*Id.* at 107-09)  The Court properly noted that the precedent relied upon by Mr. Davis was decided in the 1800s, prior to the adoption of Rule 23, and that the same argument was previously rejected out of hand by *Melito v. Experian Mktg. Sols.*, 923 F.3d 85  (2d Cir. 2019).  (*Id.* at 108)  The Court further determined that Mr. Davis provided no basis to require class representatives to document the specific amount of time spent on the litigation and no further evidence was required.  (*Id.* at 108)

After fully addressing the merits of Mr. Davis' arguments—which he attempts to make here, again—the Court determined, based upon information in the record and otherwise publicly available, that Mr. Davis is a serial objector, has unsuccessfully asserted many of the same or similar objections in other class action settlements, and that his objections were not in the best interest of the class.  (*Id.* at 110-13)  And although the Court specifically noted that Mr. Davis' involvement as an objector and class representative has been criticized by other courts, it still considered the "full merits" of Mr. Davis's objections.  (Doc. 978 at 23)

## **ARGUMENT AND CITATION OF AUTHORITY**

Rule 59(e) allows a judgment to be altered or amended to accommodate a change in the law, account for new evidence, or correct a manifest error of fact or law. *See, e.g., Brockman v. Ocwen Loan Servicing LLC*, 2014 WL 4660795, at *3 (N.D. Ga. Sept. 17, 2014); *Lewis v. Oubre*, 2014 WL 4052777, at *2 (N.D. Ga. Aug. 15, 2014). A party seeking reconsideration under Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Waller v. Frost*, No. 5:05-CV-201 (DF), 2006 WL 997434, at *1 (M.D. Ga. April 17, 2006) (internal quotations omitted). The decision to alter or amend a judgment is an "extraordinary remedy." (*Id.*)

Mr. Davis is not entitled to such an "extraordinary remedy" because he cannot meet the burden of showing that the Court committed a "plain and indisputable error 'that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Negron v. Sec'y, Florida Dep't of Corr.*, 643 Fed. App'x. 898, 901 (11th Cir. 2016) (quoting *In re District of Columbia,* 792 F.3d 96, 97–98 (D.C. Cir. 2015)).[2] Mr. Davis's motion must fail because the Court

---

[2] Mr. Davis asserts that Fed. R. Civ. P. 52(b) provides an additional basis for the Court to amend its judgment. Mr. Davis is incorrect. Rule 52 applies only when there is a finding by the court at trial. *See Linge v. Georgia*, No. 1:13-cv-00116-SCJ, 2013 WL 12108609, at *1 (N.D. Ohio Oct. 23, 2013) ("Rule 52(b) is

fully addressed the merits of his objections, provided binding precedent for why those objections should be overruled, and correctly determined that he is a serial objector, whose objections in this case have no merit and are not in the best interests of the class.

## I.    Mr. Davis cannot succeed on his motion because he only repeats his previous arguments.

In its final approval order, the Court, following well-established applicable law, fully addressed the substance of Mr. Davis' objections and found them to be meritless.  In arguing that the Court should alter or amend its final approval order, Mr. Davis simply repeats the same arguments and urges the Court to adopt the same authority he originally presented in his objection. (Doc. 879-1)  As such, his motion is improper and does not meet the requirements of Rule 59(e).  *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Having read [plaintiff's 59(e)] motion, we conclude it did nothing but ask the district court to reexamine an unfavorable ruling. Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *see also In re Ettus*,

─────────────────────────────

inapplicable here as no trial took place before this action was closed."); *see also Am. Res. Ins. Co., Inc. v. Evoleno Co., LLC*, No. 07-0035-WS-M, 2008 WL 5120692, at * (S.D. Ala. Dec. 1, 2008) ("Rule 52 does not apply because it deals only with trials, and there was no trial in this case.").  Thus, Rule 52 does not provide him an independent basis for relief.

596 B.R. 405, 414-15 (S.D. Fla. 2018) ("And yet that which the Eleventh Circuit has instructed is prohibited under a Rule59(e) motion is precisely what Defendant does here: he merely repeats arguments and evidence . . . or makes arguments and presents evidence that he could have raised prior to the entry of the [final order]."); *Hodges v, Secretary, Dept. of Corrections*, No. 8:03-cv-1591-T-24TGW, 2007 WL 949421, at *4 (M.D. Fla. March 27, 2007) ("A motion to alter or amend should not be used to relitigate prior arguments.").  For that reason alone, Mr. Davis' motion should be denied.  Nevertheless, Plaintiffs will once again address his arguments below.

**A.    The Court's determination that Mr. Davis's lodestar argument is frivolous is not erroneous.**

The Court correctly characterized Mr. Davis' argument urging the Court to adopt the lodestar method in calculating attorneys' fees as "frivolous."  *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) is binding Eleventh Circuit precedent.  The court in *Camden I* held that "in this circuit, attorneys' fees awarded from a common fund *shall* be based upon a reasonable percentage of the fund established for the benefit of the class."  (*Id.* at 774) (emphasis added).  This binding legal principle has been consistently reaffirmed by the Eleventh Circuit over the past three decades, most recently in *In re Home Depot Inc.*, 931 F.3d 1065, 1081 (11th Cir. 2019) ("In common-fund cases, we have directed courts to

use the percentage method."). *See also, e.g., In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 (S.D. Fla. 2011) ("The Eleventh Circuit made clear in *Camden I* that percentage of the fund is the *exclusive* method for awarding fees in common fund class actions") (emphasis added).

In his latest motion, Mr. Davis again argues that *Camden I* is no longer good law in light of *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010).  (Doc. 978 at 4-5)  That argument was frivolous when Mr. Davis first made it in his objection, as the Court properly found, and the argument remains frivolous today.  *Perdue* construes a federal fee-shifting statute and thus does not apply to the award of fees in a common-fund case such as this one.  (Doc. 956 at 93-94)  Indeed, the argument Mr. Davis makes here was expressly rejected by the Eleventh Circuit in *Home Depot*, a case cited by this Court in overruling his objection.  *See Home Depot,* 931 F.3d at 1084-85 ("There is no question that the Supreme Court precedents stretching from *Hensley* to *Perdue* are specific to fee-shifting statutes. Thus, these precedents are not binding outside of the statutory context.") (citations omitted).

Mr. Davis contends *Home Depot* is not controlling because it relies upon *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019), which was vacated for *en banc* rehearing.  (Doc. 978 at 7)  But, even assuming *Muransky* has

"no precedential value" as Mr. Davis contends, the *Home Depot* analysis is not dependent upon *Muransky*.[3]  The *Home Depot* court independently analyzed prior Supreme Court precedent involving federal fee-shifting statutes, including *Perdue*, and merely cited *Muransky* as an example of an earlier decision that reached the same conclusion.  Moreover, as the *Home Depot* court explained, its conclusion that *Perdue* does not apply to a common fund fee award is consistent with the decisions of other circuits, which have rejected similar arguments.[4]  *Id.* at 1085.

In light of the Eleventh Circuit's unequivocal instruction that a fee award in a common fund case must be determined using the percentage method and its holding in *Home Depot* rejecting application of *Perdue* outside of the fee-shifting

---

[3] Furthermore, the *Muransky* court's holding that *Perdue* is not contrary to *Camden I* was not the basis for the Eleventh Circuit's *en banc* rehearing.  Tellingly, Mr. Davis' brief for *en banc* rehearing does not even argue that the court erred in determining that *Perdue* is limited to fee-shifting cases.  *See generally En Banc Brief for Appellant Eric Alan Isaacson*, No. 16-16486, 2019 WL 6695953 (11th Cir. Dec. 4, 2019).

[4] Mr. Davis argues *Fresno Cnty. Employees Retirement Assn. v. Isaacson/Weaver Family Trust*, 925 F.3d 63 (2d. Cir. 2019) took "very seriously" a critical component of his argument.  (Doc. 978 at 6)  *Fresno County*, however, is neither binding on this Court nor of any help to Mr. Davis.  The case does not hold that a fee in a common fund case must be based on a lodestar analysis.  To the contrary, the court there held that "if the parties settle the case by creating a common fund, common-fund principles control class counsel's fee recovery" and that "[f]ee-shifting principles and the common-fund doctrine occupy separate realms." *Fresno Cnty.*, 925 F.3d at 67-68.

context, the Court correctly found that Mr. Davis' argument to the contrary is frivolous and his motion for reconsideration of that finding should be rejected.

**B.    The Court's approval of service awards to the class representatives is not erroneous.**

Mr. Davis reasserts his argument that the longstanding practice of compensating class representatives for their service is prohibited by two Supreme Court cases from the 1800s and contends that the Court's award of service fees is a manifest error of law.  (Doc. 978 at 11-14)  Mr. Davis argues that the Court's final approval order failed to provide a "reasoned response" to his attempts to distinguish *Melito v. Experian Mktg. Sols., Inc.* 923 F.3d 85, 96 (2d Cir. 2019), which has explicitly rejected his argument.  The Court, however, is not required to specifically address every argument raised by a party, so long as the Court's holding is not manifestly erroneous.  *See Anderson v. Vanguard Car Rental USA, Inc.*, No. 09-61092-CIV-COHN, 2010 WL 3276223, at *1 (S.D. Fla. Aug. 18, 2010) (rejecting party's claim that failure to specifically address every argument supported motion to alter judgment).

This Court's decision to approve the service awards was not manifestly erroneous.  To the contrary, the Court's decision was consistent with common practice in class action litigation, not only in this Circuit but across the country. *See, e.g.*, *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001)

10

("Courts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action.") (internal quotations omitted); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-cv-3066-JEC, 2008 WL 11319972, at *2 (N.D. Ga. March 4, 2008) (granting service award for each class representative of $100,000); *Edwards v. Horizon Staffing, Inc.*, No. 1:13-cv-3002-WSD, 2015 WL 13283397, at *11 ("[I]ncentive awards are appropriate to recognize the efforts of the representative plaintiffs to obtain recover for the class.") (quoting *In re Domestic Air Transp. Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993)).

Accordingly, Mr. Davis cannot carry his burden of showing that by approving service awards for the class representatives the Court committed a "plain and indisputable error 'that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Negron*, 643 Fed. App'x. at 901 (quoting *In re District of Columbia,* 792 F.3d at 97-98).

### C. The Court's finding that Mr. Davis is a serial objector whose objection was not in the best interests of the class is not erroneous.

In its final approval order, the Court determined that several objections had been made by serial objectors who have unsuccessfully asserted similar objections to other settlements, that their objections are not in the best interests of the class,

and that there is no substantial likelihood their objections will succeed on appeal.

Mr. Davis was one of the serial objectors the Court identified, explaining:

> John Davis has a history of objecting in class actions and his involvement as an objector and class representative has been criticized by other courts. In *Muransky v. Godiva Chocalatier*, 2016 WL 11601079, at *3 (S.D. Fla. Sept. 16, 2016), a federal magistrate judge denied an objection similar to the one filed here by Mr. Davis and, in so doing, labeled Davis and others as "professional objectors who threaten to delay resolution of class action cases unless they receive extra compensation." *See also Davis v. Apple Computer, Inc.*, 2005 WL 1926621, at *2 (Cal. Ct. App. Aug. 12, 2005) (noting that Davis and Steven Helfand, another serial objector who objected here, previously had "confidentially settled or attempted to confidentially settle putative class actions in return for payment of fees and other consideration directly to them" in apparent violation of court rules.)

(Doc. 956 at 112-113).   According to Mr. Davis, the Court impermissibly relied upon *Muransky v. Godiva Chocalatier*, 2016 WL 11601079, at *3 (S.D. Fla. Sept. 16, 2016) and *Davis v. Apple Computer, Inc.*, 2005 WL 1926621, at *2 (Cal. Ct. App. Aug. 12, 2005) in reaching its conclusion and, therefore, the final approval order is manifestly erroneous.  Not true.

In *Muransky*, a federal magistrate judge denied an objection filed by Mr. Davis, including his assertion here that class counsel's fee must be calculated using the lodestar method because *Camden I* is no longer good law.  In doing so, the magistrate judge labelled Mr. Davis and others "professional objectors who threaten to delay resolution of a class action cases unless they receive extra

12

compensation." *Muransky*, 2016 WL 11601079, at *3.  Mr. Davis argues that the district court "expressly and pointedly refused to adopt the magistrate judge's conclusions about professional objector status." (Doc. 978 at 17).  But that is not what happened.  The district court simply stated it was ignoring those comments in affirming denial of Mr. Davis's objection, making clear the court's decision was based solely on its lack of merit rather than Mr. Davis' potential motive.  Nor did the court specifically find that Mr. Davis' objection was meaningful, as he contends.

Similarly, Mr. Davis' assertion that the Court cannot cite the unpublished opinion in *Davis v. Apple Computer, Inc.*, which described his history of unethical conduct, is without merit.  (Doc. 978 at 18)  Several federal courts have held that unpublished California opinions can be considered and relied upon as persuasive authority.  *See, e.g.*, *Emp'rs Ins. of Wausau v. Granite St. Ins. Co.,* 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003) (stating that the Court "may consider unpublished state decisions, even though such opinions have no precedential value" and that unpublished opinions, "while certainly not dispositive of how the California Supreme Court would rule," may still "lend[ ] support" to a certain position regarding California law); *Washington v. Cal. City Correction Ctr.,* 871 F. Supp. 2d 1010, 1028 n. 3 (E.D. Cal. 2012) ("The Court may cite unpublished California

appellate decisions as persuasive authority."); *American Zurich Ins. Co. v. Country Villa Service Corp.*, No. 2:14-cv-03779-RSWL-AS, 2015 WL 4163008, at *12 Fn. 24 (C.D. Cal. ) ("[W]hen there is no other binding authority on which to rely, federal courts may consider unpublished California opinions as persuasive authority."); *National Union Fire Ins. Co. of Pittsburgh, PA v. Seneca Family of Agencies*, 255 F. Supp. 3d 480, 486 Fn. 3 (S.D.N.Y. 2017) (same); *Lefkowitz v. Westreich*, No. 16-CV-6845 (JGK), 2017 WL 3491968, at *5 Fn. 5 (S.D.N.Y. Aug. 14, 2017) (same).

Mr. Davis further argues that the Court erred by citing *Muransky and Davis* because the factual findings in those cases regarding his unethical behavior allegedly cannot be judicially noticed under Fed. R. Evid. 201 and do not satisfy the requirements of Fed. R. Evid. 406 pertaining to the admission of evidence concerning pattern, practice, or habit.   (Doc. 978 at 19-20)   Formal rules of evidence, however, do not govern in a settlement hearing.  *See UAW v. General Motors Corp.*, 235 F.R.D. 382, 385-387 (E.D. Mich. 2006) (rejecting argument that affidavits and reports presented by settling parties could not be considered because they constituted hearsay); *Handschu v. Police Dept. of the City of New York*, 219 F. Supp. 3d 388, 404 (S.D.N.Y. 2016) ("Fed. R. Evid. 1101(d)(3) provides that the Rules 'do not apply' to 'miscellaneous proceedings' before the

14

district courts, of which this fairness hearing is a quintessential example."); *Jones v. San Diego Metropolitan Transit Sys.*, No. 314cv01778-KSC, 2017 WL 2819842, at *10 (S.D. Cal. June 27, 2017) ("A fairness hearing need not have all the procedures and protections of a full trial; it is a forum for intervenors to voice their objections and for the fairness of the settlement to be determined.").

In any event, Mr. Davis should be estopped from contending this Court lacked factual support for its conclusion that he is a serial objector.  Mr. Davis refused to submit to a deposition in this case, as expressly permitted by the Court's Notice Order.  (Doc. 939-1 at 12)  In so doing, Mr. Davis denied class counsel the ability to question him regarding his prior objections and motive in this case and ensured that the record of his previous misconduct is less than complete.  Having failed to comply with this Court's order and thwarted the discovery process for which the order provided, Mr. Davis should not be heard to complain about the sufficiency of the evidence in the record of his improper conduct.

Finally, despite his protestations otherwise, Mr. Davis plainly is not acting in the best interests of the class, as this Court previously found.  By filing his latest motion and the appeal that will inevitably follow, Mr. Davis is preventing the settlement agreement from becoming final, delaying distribution of more than $1.4 billion in cash and other benefits to the class, depriving over 3 million class

members of the protection afforded by credit monitoring, and postponing independent supervision of Equifax's data security practices. All so that he can assert a frivolous objection to the fee award that is contrary to binding precedent; a tortured objection to the service awards that relies on century old Supreme Court precedent and has been previously rejected (and even if successful would add less than $250,000 to the settlement fund, an amount dwarfed by the lost value to the class caused by the delay of an appeal); and argue that he is not an unethical serial objector, an issue that does not concern other class members. No reasonable person could conclude that Mr. Davis' conduct is designed to benefit anyone but himself.

## II.      Mr. Davis's other arguments are irrelevant.

Mr. Davis's remaining arguments are irrelevant to the issue of whether this Court's final approval order was manifestly erroneous. The consequences of the Court's finding that he is a serial objector on Mr. Davis' reputation, whether class counsel properly submitted a proposed order, and the alleged motive of class counsel have no bearing on whether the Court's ruling constitutes a manifest error of law or fact. *See In re Polyurethane Foam Antitrust Litig.*, Nos. 17-3361/3548, 2017 WL 8791098, at *3 (6th Cir. Dec. 14, 2017) (finding allegations of retaliatory motive by class counsel conclusory and irrelevant in determining that an objector

was correctly sanctioned).  The Courts findings are supported by information in the record and otherwise publicly available, and therefore the Court should not alter or amend its final approval order.

## **CONCLUSION**

For the reasons set forth in this brief, Plaintiffs request that Mr. Davis' Motion to Alter or Amend Judgment be denied.

Dated:  February 24, 2020                    Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**

17

460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison Counsel***
Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612

18

Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064

Tel. 770.578.1314
jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court
Coordinating Counsel***

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this motion and the accompanying memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*          

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 24th day of February 2020.

*/s/ Amy E. Keller*