UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 28 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

In re: Equifax Inc. Customer
Data Security Breach Litigation

MDL Docket No 2800
No. 1:17-md-2800-TWT

**CONSUMER ACTIONS**

Chief Judge Thomas W. Thrash, Jr.

# RESPONSE TO DOC 998 OPPOSITION OF MOTION TO PROCEED IN FORMA PAUPERIS OF OBJECTOR CHRISTOPHER ANDREWS

## SUPPLEMENT/AMENDED MOTION TO APPEAL IN FORMA PAUPERIS

Class counsel appears desperate to stop a reversal it and the court knows is coming based on what I wrote, I am your biggest threat. The lawyers have already been caught lying in past filings as I have documented and they continue to lie in their latest filing. I thought southern lawyers are supposed to be gentleman and follow the rules, seems I was wrong. This is not about right, wrong or justice it's about greedy lawyers wanting $77 million and misleading everyone including the court to obtain that windfall of fees by selling out the class with their first year law school plague of material errors in this settlement and approval. Plaintiffs' lawyers are not as slick and sophisticated as the northern lawyers I fight and beat, you have just proven it again. I have had one and a half reversal's last year worth $85 million with another four this year expected to be reversed worth $650 million, counting including this one. The only issue that relates to their filing is the seeking redress issue. Since I am not a lawyer I did not know you are not allowed to incorporate documents so I repeat what I seek below taken from the notice of appeal.  Here is the redress I seek upon granting of this good faith motion to appeal in forma pauperis in which is I will request removal of class counsel, the steering committee for misconduct and and correction of all major errors in the settlement and approval for the benefit of the class. A bond is absolutely not needed in this case and the motion for in forma pauperis should be granted. If the objector had $505.00 today, he would pay it and simply obtain a refund from counsel upon reversal.

"In order to approve the settlement agreement, the district court was required to determine that it was fair, adequate, reasonable, and not the product of collusion." Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n, 18 F.3d 1527, 1530 (11th Cir. 1994).

The district court abuses its discretion when it applies an incorrect legal standard, relies on clearly erroneous factual findings, or commits a clear error of judgment. See id.; Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004).

### Rule Number One, Never Celebrate To Early

This objector has been in some horrid settlements and approvals over the years but this one takes the cake. The objector has sustained his burden of showing that, viewing the settlement as a whole, the serious material issues left dangling by plaintiffs and the court that were raised by this objector which were harmful to the class. The misconduct by class counsel and the steering committee has also undermined the finding that the settlement meets Rule 23 requirements. The court's settlement and approval were not calculated to get at the truth; they were calculated to ensure a rubber stamp approval that preliminarily benefits Equifax at the expense of 147.9 million Americans. In many ways the data breach class was victimized twice: First by Equifax's non- existent computer protections and a second time by the court ignoring the egregious errors pointed out by the objector who turned a blind-eye to the damage left unaddressed to the benefit of Equifax and the lawyers lying to obtain a now poisoned approval.

The process was not clear, transparent and fair to the data breach victims because the participants conducted themselves with intent to deliberately and willfully frustrate the proper administration of justice in this case. Apparently everyone caught a virus called "approval-itis" and engaged in shenanigans to obtain the desired result. I will set the record straight now before heading upstairs for a reversal.

. **The Plaintiffs Misconduct and Trickery on the Court Voids the Approval**

The court gave great weight and believed class counsel's extensive, misleading, false smear campaign in writing and their extensive briefings and long winded rant at the fairness hearing against so called "professional objectors" (Which this objector is not.) The court therefore failed to take the issues raised by this particular objector in writing along with his testimony into full consideration and did not carefully analyze them before hastily approving the flawed settlement at the hearing and in the approval order making the deal clear error, it's based on erroneous factual findings and its abuse of discretion.

The lawyers decided to discredit this objector's objection and testimony (that they were told four months ahead of time would occur) by engaging in a smear campaign that encompasses direct lie, fraud, libel, Rule 11, Rule 23 violations and violations of the Rules of Professional Conduct as follows which tricked the court into an approval.

Mr. E. Powell Miller of the Miller Law Firm in Michigan, class counsel and the steering committee realized they could not rebut my twenty five page objection so they decided to concoct a concerted direct lie fraud scheme campaign to obtain a $380 million approval. Rather than address the issues, the campaign started off by falsely and intentionally stating in Doc 900-1 pg 40 @65 that my objection was filed on November 20, 2019 which is a day late and as a consequence would not even be looked at or considered by the court which is what occurred. Their claim is a blatant lie, fraud, a Rule 11 violation, willful misconduct and violates the Rules of Professional Conduct but the court remains mute. The evidence in the record proves the objection was mailed on November 19, 2019; see Doc 913-2 Exhibit 4 and 5 which did not appear on the docket until five days after out crooked lawyers made their lie in the record on December 01, 2019.

Next, the lawyers then decided for a second time to misdirect the court's attention and focus away from the material issues by this objector by including that email in their response thus ensuring a reversal. Without proper context, our crooked lawyers claim it appears to show "extortion" in this case which the court implies it agrees with by ignoring his objection and testimony. It is twisted logic by desperate lawyers who will do anything to grab $77 million in fees by engaging in what appears to be a civil/criminal fraud scheme.

As a result the court adopted the lawyer's manifesto of mistruths when it wrote in its Order Granting Final Approval Doc 956 pg. 111 and pg. 112 the following:

"Objector Christopher Andrews, although not an attorney, by his own admission at the final approval hearing has filed objections in about ten class actions. In Shane v. Blue Cross, No. 10-cv-14360 (E.D. Mich.), the court found that "many of [Mr. Andrews'] submissions are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel." App. 1, ¶ 65 & Ex. 7. That court also noted that Mr. Andrews "is known to be a 'professional objector who has extorted additional fees from counsel in other cases[.]'" Id. Additionally, class counsel have submitted an email from Mr. Andrews that calls into question his motivation for objecting in this case." [Doc. 900-1, Ex. 8].

I should explain. In the Shane vs. Blue Cross Blue Shield referenced case above, where that passage came from, that judge claimed " …..my submissions were not warranted…" that is completely false.

After that false statement and approval were made in that case, I appealed that BCBSM compromised and legally defective $30 million approval. Out of the five issues raised in that appeal brief, the Sixth Circuit cited all of those issues when it reversed the case because the court did not get one thing right in the ruling, case 15-1544, so obviously that observation was false when made five years ago and is still false today.

Next, that court wrote "is known to be a professional objector…" That is also false; I am not known as a "professional objector" which by definition means an attorney who files three page objection and no appeal brief, which does not describe me. All my objections are seventy five pages plus with appeal brief's fifty pages. A lie repeated often enough becomes the truth like its being repeated here. Next, if lawyer's pay me

for my success it's because I have improved the settlement for the benefit of the class which is not extortion. Next, if I had not filed those past objections and briefs, this objection and future brief would not be the best filed in this case, which will by itself, cause a reversal of this illegal, collusional deal. Removal of class counsel and the steering committee will occur in round two, they are not going to receive a penny in this deal.

The email sent to Mr. Miller also requires back story. I have recently appealed Shane v Blue Cross Blue Shield for the second time now, three and a half years after the first reversal, because of the reversible issues it still contains which are less severe than the issues I raise here in this case. I will win a second reversal. My offer in that email to class counsel in that case was made the day after mediation failed two months ago.

Blue Cross Blue Shield of Michigan created and obviously knew about this conflict of interest with its compromised judge for the past ten years and kept it secret in this case and in other cases. Class counsel knew about it for the past five years after I pointed it out to them in an email with the extensive evidence attached to it. Both participants allowed me to waste five years of my time so they can both pay me my hours worked multiplied by a fair hourly rate as a success fee for still being able to save the class $1.5 million even in a crooked, fixed, rigged, illegal compromised deal by all the participants. That was the basis of the email which was left out of the story which tricked the court into approving this horrid deal.

If that case gets decertified and dismissed due to the fact no named plaintiff has standing and they could have settled it with me but did not because their fractured ego's got in the way, that email will serve as evidence in the event any of the 88,000 claimants want to sue class counsel and need proof for a malpractice/fraud claim.

If the case does not get decertified their covering up of the huge financial connection between the judge and the defendant that they intentionally chose not to inform the class of over the past four plus years, will result in their ejection out of the case with the malpractice/fraud evidence again available to those who need it. Class counsel will lose $12 million in fees and expenses, which they appear willing to lose.

But what is worse, the 88,000 claimants will lose $16 million in damages if decertified or dismissed. Plaintiffs' lawyers are willing to accept that total loss rather than admit defeat and pay me a success fee for helping the class or maybe for another reason. There is nothing nefarious going on here, except successful trickery on this court in this case by the desperate, greedy, and proven lying class counsel and steering committee lawyers for the $77 million in ill gotten gains. See page 13 and pages 17-22 in the recently filed brief (see link below) that shows an incredible conflict of interest issue that the court and lawyers hid from the class and caused that judge to write false claims against the objector that are repeated here in this case and caused a compromised settlement and approval of that fraudulent deal. That court's observations and comments are worth zero because it's really about the court running interference

on behalf of BCBSM, it's donor benefactor. The comments were also written in a failed attempt to have the deal affirmed at the appeals level which did not occur in round one and will not be affirmed in round two.

https://www.scribd.com/document/443081724/Shane-Group-v-Blue-Cross-of-Michigan-Appeal-Brief-II pg's 19-21 and exhibit 1.

Class counsel and the steering committee in this case used a desperate mudslinging, misleading campaign instead of addressing the meritorious issues raised in my objection. The court, willingly or unwilling, was led down a pre-planned approval path by class counsel in this case. The court got bamboozled, fell for the old bait and switch-a-roo, it's the oldest of blunders, a typical maneuver by the lawyers who are losing. The court took class counsel's email bait trick, hook, line and sinker. By the court referencing and relying on that email in its decision and deciding not to address the meritorious issues this objector raised, proves the court intentionally ignored what this objector wrote in his objection and testified to at the fairness hearing, which is why it and class counsel refused to address the material issues raised because they could not overcome them. The bad faith conduct engaged in by class counsel and the steering committee's snookered the court in the end, harming the class with a biased approval.

Class counsel, the steering committee and JND Legal Administration intentionally submitted false and fraudulent documents to a federal court and the court remains

intentionally mute even after the fraud was uncovered and shown to it. Their intent was to have my objection illegally struck or ignored so they can obtain a $380 million fraudulent approval worth $77 million in fees, an inflated $3 million plus in expenses, costs, incentive awards, the court gets a clear docket and Equifax gets in essence a get out with a huge discount in a poisoned settlement. Class counsel and the steering committee have never corrected their lie even after being caught red handed and the court remains mute, refusing to ask more than a single question at the four hour unfairness hearing, something really wrong here and I think I know why. This looks like a quid pro quo with Equifax's shadow looming overhead. Amicus briefs will be filed in other cases the lawyers are currently in as well as future cases to alert those judges about their fraud in this case. They should never be representing and ripping off any more class members. If this is not enough for reversal here is evidence below.

### Reversible Errors By The Plaintiffs and Court In This Rubber Stamp Approval

Here is the evidence taken for the objector's objection and page number that the lawyers and court willfully closed their eyes to and refused to consider and address that separately and or combined cause this approval to be manifest error and abuse of discretion. The behavior exhibited towards the issues raised in my objection is exactly like the reaction when Sergeant Schultz in Hogan's Heroes knows something is wrong but "sees, hears and knows nothing!" The material reversible issues that were illegally swept under the rug that separately and/or combined require reversal are:

Any Approval Violates 11th Circuit Case Law……………………………………..5

The Parties Are Engaged In Shenanigans By Violating Freedom Of Speech And The Fourth Amendment Right To Due Process By Deterring Objections…………………6

The Requirement To Disclose Past Objections Is Biased And Prejudicial……………7

The Twenty Five Page Limit On Objections Is Not In The Long Notice……………11

JND Administration Is Intentionally Violating Our Privacy Rights A La Equifax…..13

The Failure To Inform Class Members What Information Was Stolen From Them Individually Before Settling This Case Violates Due Process………………………..16

Identity Theft Protection Is Also Required Not Just Credit Monitoring……………...18

The 147.9 Million Class Members Should Not Have To File A Claim………………19

The Claims Payment Process Is A Waste Of Money For The Class………………….23

An Opt Out Form Is Missing To Keep The Deal Break Number Low……………….23

The Monitoring Value Along With The Fee Request Are Deceitfully Inflated………24

In addition, the following issues were raised at the fairness hearing and not addressed are as follow:

## Two Overbroad Releases

The inclusion in the settlement agreement of two overbroad paragraphs releasing the parties for acts or omissions they made intentionally in this case.

## Lack of Notice

The lack of notice to approximately 40 million class members when mailing addresses were available violated due process and cheated 134 million class members out of damages.

## Lack of Standing Raises Justicability Concerns That Were Ignored

Next, the district court erred as a matter of law by not assessing standing before enforcing the settlement agreement.

Article III standing raised by the objector at the fairness hearing must be decided first by the court and presents a question of justiciability; if it is lacking, a federal court has no subject matter jurisdiction so the court cannot act but did so illegally in this case.

The Supreme Court's has admonished courts that they must keep the merits of a claim separate from the standing question. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998) (explaining the "fundamental distinction" between the merits and standing.) "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," but as the case progresses, if standing is "controverted," standing must be supported by evidence. Lujan, 504 U.S. at 561.

A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing. Simon v. East-ern Ky. Welfare Rights Organization, 426 U. S. 26, 40, n. 20 (1976).

"The party invoking federal jurisdiction bears the burden of proving standing," and the requisite showing varies depending upon the stage of the litigation. Bischoff v. Osceola County, 222 F.3d 874, 878 (11th Cir. 2000).

Named plaintiffs in this case have claimed in the complaint they suffered damages yet at the approval stage they have not yet proven that with any real evidence in the record when this objector challenged their standing which the lawyers and court refused to address at the hearing or in the approval opinion. The objector proved his standing with written evidence under penalty of perjury and so should the plaintiffs since they are binding 147.9 million people to a deal they allegedly claim to be part of without evidence proving it.

The named plaintiffs never submitted a signed declaration, never sat for a deposition, did not sign the complaint and did not sign the settlement release on their behalf and on behalf of themselves. Have they filed a claim for damages to help prove standing, were they actively involved in the litigation or were they just deaf, dumb and blind puppets that were used by the lawyers to get what they wanted by selling out the class? What was the vote to accept or reject this horrid deal? Nobody knows. The lawyers hijacked the case from the defective named plaintiffs for the fees and to let Equifax off with a slap on the wrist. Since the named plaintiffs lack standing to sue and settle the case, the court lacked jurisdiction to render a decision. Thus, because the district court's act in

approving a class settlement was a court judgment, it erred as a matter of law when it did not first assess standing.

A properly signed and dated declaration that helps prove that the named plaintiffs suffered damages, have standing, are adequate and they were looking out for the best interests of the class in this settlement are all obviously missing which is reversible error.

The named representatives did not acknowledge, agree or understand that: (1) they serve as a representative of the class, remain willing, able and ready to perform all of the legal duties and fiduciary obligations of a representative of the Settlement class, (2) are familiar with the allegations in the Action, or has had such allegations described or conveyed to him/her; (3) they have up to date information about the material issues in this Agreement; (4) they read or understood the terms of the Agreement; (5) were advised in writing to consult with an attorney before executing the Agreement (6) had the opportunity to obtain and consider legal counsel as necessary (7) were given an adequate amount of time to consider whether or not to enter into the Agreement on behalf of the class, (8) if the alleged named plaintiffs are over 18 and/or were legally authorized to represent the class; (9) if the alleged named plaintiffs have knowledge of the material matters in this case; (10) whether they understood their responsibilities and considered the interests of the class; (11) what work they did if any; (12) if they were actively involved in discovery; (13) whether they agreed remain and serve as a

representative of the Settlement Class until the terms of this Agreement are effectuated and fully implemented, this Agreement is terminated in accordance with its terms; (14) they serve only until the Court at any time determines that the Plaintiffs cannot represent the Settlement Class; (15) the Parties did not agree that should any named plaintiff be rendered medically incompetent or die prior to the Final Settlement Date, any further obligation of the named plaintiff as a representative of the Settlement Class shall be carried out by her heirs, assigns, successors-in-interest, personal representatives, executors, or administrators of his/her estate; (16) they did not understand how the $31 million consumer restitution fund would be used for, and that it would be divided up pro rata; they did not know that money any funds that are not reasonably able to be distributed to class members would could up in a cy pres entity that could be related to the defendant; (17) they did not know if the proposed settlement represents significant recoveries for the class; (18) they did not know if it was their responsibility to be informed of the work done by the attorneys on the case and to make their own judgment about the fairness of any settlement proposed by the lawyers; (19) they did not understand that in evaluating the fairness of the settlement, they were required to consider the interests of all members of the Class, as well as their own and that they were free to disagree with the attorneys about the merits of a settlement and make their views known to the court. This lack of involvement signals the settlement is abuse of discretion and violates Rule 23.

This means class counsel was also not expressly authorized by any named plaintiff to act on behalf of the settlement class and to enter into the Settlement Agreement. So, since the named plaintiffs did not authorize their respective counsel to sign the Agreement on behalf of themselves and on behalf of the 147.9 million member class in connection with the Motion for Preliminary Approval or to submit this Agreement with their counsels' signatures only on their behalf, that makes the Agreement and Preliminary Approval Order are ambiguous, defective, unbinding, unenforceable, reversible error and abuse of discretion.

So since everyone intentionally ignored and failed to acknowledge and respond to this appellant's issues in his non frivolous, meritorious, five star objection, the three exhibits and his presentation the court did not give "a reasoned response to all non-frivolous objections." Allen, 787 F.3d at 1224 (2015) *Dennis v. Kellogg Co.,* 697 F.3d 858, 864 (9th Cir.2012) (citations and internal quotation marks omitted); see In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). That is good case law at the 9th Circuit and should/will be good case law here in the 11th Circuit, it's just common sense that was disregarded for the benefit of Equifax. The court cannot willfully and maliciously close its eyes and ignore what merit and due process issues exist that it does not want to acknowledge, commit clear error, abuse its discretion and then rubber stamp an approval that is unlawful on 147.9 million Americans, that is not the way the system works, except obviously in Equifax's

home town. Class counsel's and the court's manifest errors and its attempt to obstruct, influence and impede justice by ignoring and covering up the material issues raised by this objector is unlawful.

### Proof of Good Faith Appeal

I will make a promise in writing right now to this court and the Eleventh Circuit. I will not accept any amount of money to drop this objection and appeal unless I can improve the settlement for the benefit of the class. This promise will remove any concerns that class counsel and court profess to have as to why this objection and notice of appeal were filed and eliminate the need for any appeal bond from this objector. (The objector incorporates the motion to proceed in forma pauperis into this notice of appeal that is being filed simultaneously.)

In addition, since it appears the court lacks justiciability, the court has no subject matter jurisdiction (even if attempts to claim it after the fact without verification in its opinion and order) so the court should not have acted by approving the defective deal and also lacks the power to impose a bond. If the lawyers and the court had concerns about the reasons/motives for this objector filing this objection, the fairness hearing was the time and place to allow the adversarial process to play out and challenge me, which the participants chose wisely to pass on. Why the court asked one fee related question in four hours then rubber stamps an approval for Equifax raises red flags.

Imposing a bond after everything the objector has written in his objection and above proves no bond is needed and it would be solely imposed to cover up class counsel's errors, the court's own errors and to prevent an embarrassing reversal that everyone now realizes is coming down the road. A bond would be an egregious violation of the objector's due process rights again.

If a bond is imposed I will take an appeal of the illegality of the bond to the Eleventh Circuit, panel, en banc and all the way to the Supreme Court if necessary. I will win on the bond issue like I did in another case at the Ninth Circuit then win on the merits in the appeal brief in this case. This objector has seen all the illegal and unethical games played before. I and 147.9 million other class members will not be gamed in this crooked, rigged, misconduct, stiff the victims deal by the participants.

Next, once this notice of appeal reaches the Eleventh Circuit if class counsel is still in denial that this objection/appeal does not have any merit, they can file a motion for summary affirmance and have that court dismiss it. It won't be dismissed though because they will agree that the egregious, unanswered questions, issues and misconduct this objector raised and pointed out were intentionally ignored by everyone for expediency sake or worse require review. A reviewing court has the duty to determine whether errors alleged are harmless. Harmless errors are those that "do not affect the substantial rights of the parties." 28 U.S.C. § 2111; see also Fed. R. Civ. P. 61. An error affects a party's substantial rights when it is prejudicial, "which means

that there must be a reasonable probability that the error affected the outcome of the [proceeding]." United States v. Marcus, 560 U.S. 258, 262 (2010). This harmful, error ridden deal is one tent short of a full circus. In this case 147.9 million class members had their due process rights trampled and we forced into an illegal, crooked, rigged, settlement and approval set up by the inadequate and duplicitous lawyers. It is well known that lawyers that engage in misconduct cannot be awarded any fees or expenses which will eventually occur in this case.

.                                **Summary**

The settlement and approval fails to meet various sections of Rule 23 and overall specifically Rule 23(e), 11th Circuit, outside circuit case law and Supreme Court precedent based on the meritorious issues left dangling by class counsel and the court. This approval will *not* survive appellate review and some of the participants will not be around for the second fairness hearing. I will request reversal, removal of class counsel, the steering committee for misconduct and correction of all major errors in the settlement and approval for the benefit of the class. A bond is absolutely not needed in this case and the motion for in forma pauperis should be granted. .

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge.

*[signature]*

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394 E: caaloa@gmail.com P: 248-635-3810   February 25, 2020

### Certificate of Service

I herby certify under penalty of perjury that this document was sent to the Clerk of the Court via Priority mail with copies being sent to everyone else who is a registered with ECF.

*[signature]*

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com   February 25, 2020

Clerk of the Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, NW Ste. 2211
Atlanta, GA 30303-3309