**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 <br> ) Case No.: 1:17-md-2800-TWT <br> ) <br> ) CONSUMER ACTIONS <br> ) <br> ) |

**DECLARATION OF JOHN W. DAVIS IN SUPPORT OF REPLY TO**
**PLAINTIFFS' RESPONSE TO OBJECTING CLASS MEMBER**
**JOHN W. DAVIS' MOTION TO ALTER OR AMEND JUDGMENT**

I, John W. Davis, declare as follows:

1.  I am over the age of 18.  I have personal knowledge of the matters

    stated herein and, if called as a witness, could testify competently

    thereto.

2.  I make this declaration in response to assertions made by class

    counsel in Plaintiffs' response to motion to amend judgment

    (DE999).

3.  As discussed in my objection to the proposed settlement, I am aware

    that existing Eleventh Circuit precedent favors calculating

    attorneys' fees based on a percentage of a common fund in class

    settlements.  However, I also understand there exists intervening

Supreme Court authority which calls into question the Eleventh

Circuit's methodology in awarding fees – including this Circuit's use

of the *Johnson* factors.  More importantly, there is a growing split

among circuits concerning how fees should be awarded in class

cases, e.g. percentage, lodestar, or a combination of the two.  The

circuits are also split on whether a fee methodology (percentage

versus lodestar) should be discretionary (such as in the Ninth

Circuit) or as in the Eleventh Circuit, where case law appears to

mandate one approach over the other.[1]  Additionally, courts appear

---

[1] *See, e.g., Harman v. Lyphomed, Inc.*, 945 F.2d 969, 971, 974 (7th Cir. 1991)
(holding district judges retain discretion to award lodestar fees, even though
"the attorneys suggest adoption of the percentage-of-the-fund method as a
rule of law in common fund cases" based on counsel's argument "that the
percentage method offers advantages that recommend it over the lodestar
method in common fund cases."); *Rawlings v. Prudential-Bache Properties,
Inc.*, 9 F.3d 513, 515 (6th Cir. 1993) (approving lodestar fee award although
"[c]lass counsel argues that the percentage of the fund method is the
appropriate way to calculate attorney's fees in common fund cases"); *Florin v.
Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994) ("Class
counsel have urged us to declare a rule in this case that would compel district
courts to use the 'percentage-of-recovery method' to award attorney's fees in
all common fund cases.  They point out that at least two other circuits have
done so, citing Swedish Hospital … and Camden I …."); *In re Washington
Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)
("Class Counsel urge us to follow the Eleventh Circuit's lead in mandating
the use of the percentage method in common fund cases.  Because the law in
our circuit is settled on this issue, we are not at liberty to follow the Eleventh
Circuit.  We instead apply the law of our circuit that the district court has
discretion to use either method in common fund cases.").

to diverge concerning how closely counsel's fees should be tied to lodestar, and at what point a fee multiplier becomes excessive.  I believe class action jurisprudence would be served by resolution of these questions on a nationwide basis.

4.  Attached hereto as Exhibit 1 is a copy of the Tenth Circuit's opinion in *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.,* 861 F.3d 1182 (10th Cir. 2017) cert. denied sub nom. *Chieftain Royalty Co. v. Nutley*, 139 S. Ct. 482 (2018) upholding my client's objection to the requested fee award in that case and reversing and remanding the district court's fee award and incentive award because the district court applied incorrect law.

5.  My participation in similar cases has resulted in substantial financial benefits to the class or important precedential appellate decisions.  *See, e.g., Coburn v. Stamps.com, Inc.* (Los Angeles Sup. Ct. No. BC 353721) (after briefing on appeal, the settling parties agreed to make a second distribution of transferrable settlement relief); *Foos v. Ann Taylor, Inc.* (S.D. Cal. No. 11-cv-2794) (successfully moved to require the settling parties to disclose publicly the number of claims for vouchers made in the settlement.); *Davis v. Cole Haan, Inc.* (N.D. Cal. No. 11-01826) (successfully

- 3 -

moved for an order requiring class counsel's attorneys' fees to be calculated under the contingent "coupon" fee provisions of the Class Action Fairness Act, which resulted in a fee some 90% lower than the fee defendant had originally agreed to pay under the settlement); *Rodriguez, et al. v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) (represented one of only two objectors' groups to be awarded fees for assisting in eliminating $325,000 in unfair "incentive" payments); *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (agreeing that attorneys' fees requested were too high, and should be measured against the fund actually paid out by the defendant, rather than the total fund made available).

6.  Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the fairness hearing transcript in *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) where the Honorable Stephen N. Limbaugh, Jr. addressed my arguments concerning requested attorneys' fees and praised my participation in the process.  The *Lees* court ultimately reduced class counsel's excessive fee request resulting in a savings to the class of $458,333.33. ("Objector points

- 4 -

out that every dollar paid in attorneys' fees is taken from the fund available to class members.  The Court is inclined to agree that the $2,083,333.33 award is high.") *Lees v. Anthem Insurance Companies*, E.D. Mo. 4:13-cv-01411-SNLJ, DE74:7.

7.    Attached hereto as Exhibit 3 is a true and correct copy of excerpts from a memorandum opinion by a current judge of the United States Judicial Panel on Multidistrict Litigation, the Honorable R. David Proctor, praising my work in the matter of *Faught v. American Home Shield Corp.*, N.D. Ala. No. 2:07-CV-1928-RDP.  While the *Faught* Court ultimately overruled my clients' objection in that matter, it recognized my beneficial contribution – including my clients' challenge to a previously rejected proposed settlement in California state court arising from the same set of operative facts.

8.    My involvement in this matter as an attorney appearing *pro se* is predicated on my belief that an important part of an attorney's responsibilities is to engage in public service.  My work in this case is intended to ensure proper application of Eleventh Circuit Law, seek modification or reversal of existing law in this Circuit, or establish new law by obtaining Supreme Court review of class action fee calculation methodology across the circuits.  I believe the public

interest is served by: (1) proper application of Eleventh Circuit law, (2) resolution of the split among the circuits concerning methodologies used to calculate attorneys' fees in class actions and, (3) review of longstanding Supreme Court precedent concerning "incentive" payments awarded to lead plaintiffs which often dwarf the recovery of other individual class members.  I have previously refused to accept payment to abandon my objection (DE907-1 at 7), and I reiterate here that I am not seeking a fee for my efforts but rather am participating in this matter in the public interest.

9.   A true and correct copy of the objection to the magistrate's report and recommendation in *Muransky v. Godiva Chocolatier* (S.D. Fla. 2016), cited by Plaintiffs in support of their *ad hominem* attack on me, is attached hereto as Exhibit 4.

10.   A true and correct copy of the District Court's Judgment in *Muransky* is attached hereto as Exhibit 5.

11.   As of this writing, I have not received copies of the proposed final approval orders despite numerous requests to Class Counsel and a fully briefed motion pending before this Court to supplement the record with those proposed orders (DE964).  A true and correct copy

of email correspondence with Class Counsel requesting the proposed

orders is attached hereto as Exhibit 6.


I declare under penalty of perjury under the laws of the United

States of America that the foregoing is true and correct.  Executed

on March 8, 2020.

                              /s/  John W. Davis
                              John W. Davis
                              (*pro se*)


                    John W. Davis
                    3030 N. Rocky Point Dr. W.
                    Suite 150
                    Tampa, FL  33607
                    (813) 533-1972

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in compliance with Local Rules 5.1 and 7.1.

/s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Executed this 8th day of March, 2020.

/s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972