EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-cv-60716-WPD

DR. DAVID S. MURANSKY, individually and
on behalf of all others similarly situated,

 Plaintiff,

v.

CLASS ACTION

GODIVA CHOCOLATIER, INC.,
a New Jersey corporation,

Defendant.
_____/

## ORDER OF FINAL APPROVAL AND JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff, Dr. David Muransky, on behalf of the Settlement Class[1]'s Motion for Final Approval of Class Action Settlement [DE 74] and Motion for an Award of Attorneys' Fees and Expenses [DE 76], and non-party American Express Company's Motion to Compel Payment of Costs [DE 90]. The Court has carefully considered these Motions, the attached affidavits and exhibits, the Settlement Agreement and Release, dated January 22, 2016, including all exhibits thereto (the "Agreement"), between Plaintiff, on behalf of himself and the Settlement Class and Defendant Godiva Chocolatier, Inc. ("Godiva"), Godiva's Memorandum in Support of Final Approval and Response[DE's 75, 87], the Objections filed in the record by Objectors Cindy L. Hager [DE 58], Eric Alan Isaacson [DE's 59, 83, 89, 92], Jonathan Feldman [DE 60], James H. Price [DE's 61, 84, 93], and an unknown sender in St. Louis, MO [DE 64], Magistrate Judge Lurana S. Snow's September 16, 2016 Report and Recommendations [DE 82], the arguments of all parties, non-parties, and Objectors who appeared

---

[1] As defined in the January 22, 2016 Settlement Agreement and Release

1

at the fairness hearing held before the undersigned on September 21, 2016, and is otherwise fully advised in the premises.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to the litigation, including all members of the Class.

3. The Settlement Class certified by the Court in its January 26, 2016 Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure includes:

> (i) All persons in the United States (ii) who, when making payment for goods or services at a Godiva retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a point-of-sale receipt (v) which displayed more than the last 5 digits of said credit or debit card number (vi) between April 6, 2013, and November 20, 2015.
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

*See* [DE 40] ("Preliminary Approval Order") at p. 2.

4. Excluded from the Settlement Class is any individual who properly requested to be excluded from the Settlement Class pursuant to the procedure described in the Court's Order Preliminary Approval. This Order shall have no force or effect on those persons who properly

2

and timely excluded themselves from the Settlement Class. As directed by the Court, Class Counsel has filed in the docket a list of the fifteen (15) persons that properly requested exclusion under seal. [DE 67].

5. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on September 21, 2016; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class. The Court further finds that the Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Plaintiff, the Class Members and the Defendant. Further, Class Counsel have fairly and adequately represented the interests of the Settlement Class. The Court finds the designated Class Representative Dr. David Muransky to be an appropriate representative.

7. Except as otherwise provided herein, the Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement.

3

8. Godiva shall pay six million, three hundred thousand dollars ($6,300,000.00) (the "Settlement Fund"). None of the Settlement Fund can revert back to Godiva.

9. The claims against Godiva on behalf of the Settlement Class in *Muransky v. Godiva Chocolatier, Inc.*, Case No. 15-cv-60716-WPD (S.D. Fla.), are hereby **DISMISSED WITH PREJUDICE** and without costs to any party, except as otherwise provided herein.

10. Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Godiva Releasees (as defined in the Agreement) from their respective Released Claims (as defined in the Agreement). Nothing in this Order, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Godiva or any Godiva Releasee.

11. The 331 valid but untimely claimants, *see* [DE 91], are permitted to participate in the Settlement. No claims submitted after September 26, 2016 shall be allowed.

12. Class Counsel have moved pursuant to Rules 23(h), 52(a), and 54(d)(2) of the Federal Rules of Civil Procedure for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) the Court makes the following findings of fact and conclusions of law:

    a. this Settlement confers substantial benefits on the Settlement Class Members;

    b. the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA");

    c. Class Counsel effectively pursued the Settlement Class Members' claims before this Court;

4

  d. Settlement was obtained as a direct result of Class Counsel's advocacy;

  e. Settlement was reached following extensive negotiations between Class Counsel and Counsel for Godiva, facilitated in part by a professional mediator, and was negotiated in good faith and in the absence of collusion;

  f. during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the aggregate amount of $5,547.70, which included mediation and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

  g. attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984);

  h. the controlling law in the Eleventh Circuit on attorney fee awards in class action settlements involving a common fund is "a reasonable percentage of the fund established for the benefit of the class." *See Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). "Under *Camden I*, courts in this Circuit regularly award fees based on a percentage of the recovery, without discussing lodestar at all." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1363 (S.D. Fla. 2011). While the Supreme Court in *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550–51 (2010) questioned the usefulness of the 12 factors for determining a reasonable fee set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974), *Camden* remains controlling law in the Eleventh Circuit for cases such as this one, as the settlement here undisputedly involves the establishment of a common fund for the benefit of the class.

  i. the requested fee award of 33% of the Settlement Fund is consistent with other fee awards in the Eleventh Circuit. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%); *Wolff v. Cash 4 Titles*, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

  j. Settlement Class Members were advised in approximately June of 2016 in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund ($2,100,000), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

  k. The Class Notice directed Class Members to a website that enabled Class Members to review the settlement agreement and exhibits, the preliminary approval order, the long form notice and FAQs. It also provided a toll-free number to reach Class Counsel with any questions. As of September 7, 2016, the website had been visited by 27,205 unique visitors. As of September 7, 2016, the Claims Administrator's toll-free Voice Response Unit had handled a total

5

of 1,771 phone calls from persons seeking information about the case. Additionally, Class Counsel received numerous calls from Class Members about the settlement.

1. the Court permitted objections to be filed both before and after the filing of the motion for final approval of the settlement and the motion for attorneys' fees, and meaningful objections were in fact filed both before and after the filing of those motions. The Court also permitted the filing of objections for five additional days after the Court conducted the fairness hearing. The Court has reviewed *de novo* the objections of any Class Members who has filed objections and has taken them into full consideration. Every objection filed has been carefully analyzed by the Court. Whether or not objecting Class Members have objected in other class actions has not affected the Court's analysis; ignoring Judge Snow's comments regarding "professional objectors," the Court finds that the requested attorneys' fees are reasonable under the *Johnson/Camden I* analysis;

12. The third-party requests for reimbursement of expenses asserted to have been incurred in connection with responding to subpoenas in this matter shall be allowed as to the amounts set forth in the "Entities Requesting Reimbursement" table set forth in [DE 74-6] at p. 2. These amounts shall be paid by the Claims Administrator.

13. Class Counsel are hereby awarded $5,547.70 for their reasonable expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

14. Class Counsel are hereby awarded $2,100,000.00 from the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

15. Class Representative Dr. David Muransky is hereby awarded $10,000 for his efforts in this case.

16. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement,

6

and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, and Godiva are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the Godiva Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

18. The Clerk shall **CLOSE** this case. Any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

7

Copies furnished to:

Counsel of record