**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' OPPOSITION TO OBJECTOR**
**CHRISTOPHER ANDREWS' "MOTION TO TAKE JUDICIAL NOTICE**
**OF MISCONDUCT AND A RULE 11 VIOLATION THAT**
**FATALLY POISONED THIS APPROVAL"**

Objector Christopher Andrews has filed yet another frivolous and malicious document in this case in the form of his self-styled "Motion to Take Judicial Notice of Misconduct and a Rule 11 Violation that Fatally Poisoned this Approval." (Doc. 1023)  The motion is fatally flawed—both factually and legally—and appears to be part of Andrews' standard practice in class actions to which he has objected of repeatedly filing frivolous documents accusing class counsel and others of outrageous misconduct without any evidence.  Accordingly, the motion should be denied out of hand.

This Court has previously found that Andrews is a serial objector whose objection is not in the best interests of the class and that he has used objections to

extort payments for himself. (Doc. 956 at 111)   Furthermore, in opposing Andrews' motion to proceed *in forma pauperis*, Plaintiffs described Andrews' sordid history of filing frivolous objections and related documents in connection with other class action settlements[1]; the other frivolous filings he has made in this case; and his customary tactic of making unsubstantiated charges of fraud, collusion and unethical conduct regarding the lawyers and courts who oppose his objections. (Doc. 998)[2]

In the latest motion, Andrews contends that class counsel, the steering committee, and "possibly" the settlement administrator "outright lied" by stating his objection was postmarked a day after the objection deadline; accuses class counsel of wire and mail fraud and violating applicable ethical rules; and asserts

---

[1] His conduct in the *In re Polyurethane Foam Antitrust Litigation* even led class counsel in that case to write to Chief Judge R. Guy Cole, Jr., of the United States Court of Appeals for the Sixth Circuit, seeking "to address the serious problem of serial and professional objectors to class action settlements who have minimal claims but hold hostage the substantial benefits achieved after many years of hard-fought litigation."  Exhibit A, Jan. 26, 2017 Letter to Hon. R. Gary Cole, Jr.  As that letter shows, Mr. Andrews regularly accuses class counsel of committing fraud, tying up the courts for years.

[2] In addition to the filings before this Court where he makes baseless accusations, Mr. Andrews has threatened to take his false grievances to the state bars of each of the attorneys who this Court appointed to represent the class members in this case. *See* Exhibit B, Mar. 4, 2020 Email Correspondence from C. Andrews ("You have until midnight on Monday March 09, 2020 to email me [the bar numbers of the states in which counsel are licensed].  Do not ignore my request and don't make me go dig for it or you will make things worse for yourself.").

"[m]any lawyers should have their law licenses revoked and be jailed in the future." (*Id.* at 3, 4, 13)  Andrews also claims final approval of the settlement was "poisoned" by the Court's alleged failure to consider his objection, purportedly because class counsel convinced the Court the objection was untimely, and demands the appeal be "recalled" from the Eleventh Circuit so that his objection is properly considered.  (*Id.* at 3, 13)

The sole fact allegedly supporting Andrews' claims is a single sentence contained in footnote 34 on page 41 of Plaintiffs' Response to Objections to the Settlement.  (Doc. 1023 at 3)  That sentence reads in its entirety:  "Mr. Andrews' objection was postmarked after the deadline and can be rejected on that basis alone." (Doc. 902 at 41, n. 34)   According to Andrews, the sentence is false.  However, contrary to his claim, the sentence is objectively true.  The envelope in which Andrews mailed his objection is postmarked November 20, 2019.  A copy of the envelope is attached as Exhibit C.  It also is undeniable that an objection postmarked on November 20, 2019, the day after the objection deadline, was untimely and thus, in accordance with the Court's Order Directing Notice, could be rejected for that reason.  (Doc. 742 at 9 (requiring that objections be mailed and postmarked by the objection deadline to be considered by the Court) and at 15 (setting November 19, 2019 as the objection deadline))

Andrews claims that he, in fact, put the objection in the mail the day before it was postmarked and that, as a result, the objection was timely. (Doc. 1023 at 3) In support of that claim, Andrews attached to his motion a document from the Postal Service showing he mailed a letter to JND on November 19, 2019, that was delivered on November 22, 2019 (*Id.* at Ex. 2), and a photograph he allegedly took of the envelope at the post office on November 19, 2019 (*Id.* at Ex. 3). Assuming Andrews is correct that he mailed the objection on November 19, 2019, that does not render untrue Plaintiffs' statement that the objection was postmarked a day later or change the terms of the Court's Order Directing Notice requiring valid objections be postmarked on or before the deadline. Nor does it suggest that this Court was defrauded or that the Court wrongfully failed to consider his objection.

Regardless, Andrews' motion is based upon an erroneous premise and, as a result, is fatally flawed. The Court did not reject Andrews' objection because it was untimely, as Andrews claims, but because his objection lacked merit. Nowhere in its final approval order did the Court make any findings regarding the timeliness of Andrews' objections. To the contrary, the final approval order states that all objections (including specifically the objections from Andrews and the other serial objectors) were considered and rejected on the merits, regardless of whether the objections were untimely or otherwise failed to comply with the

Court's procedural requirements.  (Doc. 956 at 38 ("The Court has considered and hereby rejects all of the objections on their merits, whether or not the objections are procedurally valid"); at 109 ("the Court has considered in full the merits of all objections, regardless of whether the objector is a repeat player, and found them to be without merit."))

Andrews' contention that the Court ignored the substance of his objection also is without merit.  In the final approval order, the Court addressed the various arguments in Andrews' objection (to the extent that the arguments were comprehensible).  (*Compare, e.g.,* Doc. 913 at 2 (Andrews' objection asserts the settlement imposed requirements that wrongfully deterred objections and improperly required class members to file a claim) *with* Doc. 956 at 66-68, 77-81 (the Court rejected such arguments in the final approval order))

Beyond the fact that Andrews' motion is factually without any merit whatsoever, the motion is unsupported by any legal authority.  For example, Andrews has not (a) explained how the appeals that have been docketed in the Eleventh Circuit can be "recalled" by this Court; (b) addressed the issue of whether this Court has jurisdiction to consider his motion after a notice of appeal has been filed; or (c) cited a single case authorizing this Court to take judicial notice of the type of untrue "factual" allegations he has made about counsel and other

participants in the settlement process.  Moreover, Andrews has not even followed the requirements of Rule 11, including its safe harbor provision, as class counsel's first notice of Andrews' motion was the motion itself.  Fed. R. Civ. P. 11(c)(2).  In light of Andrews' history of filing frivolous and unsupported motions; the fact that Andrews bears the burden of persuasion; and that his latest motion is frivolous on its face, Plaintiffs do not believe that it would be helpful to the Court to research and brief these issues.  Nevertheless, if the Court feels a further response on these issues would be helpful, Plaintiffs certainly will supplement this response.  But, if that occurs and his motion is ultimately denied, Plaintiffs request that the Court order Andrews to pay their resulting legal fees.[3]

---

[3] It is within the Court's discretion to award "reasonable expenses, including attorney's fees" to the prevailing party in connection with a Rule 11 motion.  Fed. R. Civ. P. 11(c)(2).  The "Rule 11 motion, itself, must have been clearly frivolous, filed for [an] improper purpose, or not well-grounded in fact or law."  *Bussey-Morice v. Kennedy*, 2018 WL 4091899, at *3 (M.D. Fla. Aug. 27, 2018), *aff'd sub nom. Bussey-Morrice v. Kennedy*, 775 F. App'x 1003 (11th Cir. 2019).  *See also Azubuko v. Story*, 2005 WL 1027245, at *2 (M.D. Fla. Apr. 6, 2005) (finding that the *pro se* plaintiff, "who is otherwise granted some latitude in litigation before [the] Court. . . is nonetheless subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure" where he had "previously brought two similarly frivolous claims before [the] Court"); *Thomas v. Taylor*, 138 F.R.D. 614, 618 (S.D. Ga. 1991) (granting sanctions of attorney's fees and costs to defendant pursuant to Rule 11 where "many of [the *pro se* plaintiff's] filings. . . were groundless and clearly not the result of a reasonable inquiry, under the circumstances, into the underlying facts and law"); *see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986) (monetary sanctions imposed on *pro se* plaintiff who filed repeated frivolous claims, with the additional non-monetary sanction of

For the reasons set forth in this opposition, Plaintiffs request that Andrews'

motion be denied.

Dated:  March 18, 2020                          Respectfully submitted,


                                    /s/ Kenneth S. Canfield
                                    Kenneth S. Canfield
                                    Ga Bar No. 107744
                                    **DOFFERMYRE SHIELDS**
                                    **CANFIELD & KNOWLES, LLC**
                                    1355 Peachtree Street, N.E.
                                    Suite 1725
                                    Atlanta, Georgia 30309
                                    Tel. 404.881.8900
                                    kcanfield@dsckd.com


                                    /s/ Amy E. Keller
                                    Amy E. Keller
                                    **DiCELLO LEVITT GUTZLER LLC**
                                    Ten North Dearborn Street
                                    Eleventh Floor
                                    Chicago, Illinois 60602
                                    Tel. 312.214.7900
                                    akeller@dicellolevitt.com


                                    /s/ Norman E. Siegel
                                    Norman E. Siegel
                                    **STUEVE SIEGEL HANSON LLP**
                                    460 Nichols Road, Suite 200
                                    Kansas City, Missouri 64112

---

ordering that "neither the clerk of this court, nor the clerk of any federal court over
which we have jurisdiction, where [the *pro se* plaintiff] has been ordered to pay
sanctions, shall accept any further filings by [the *pro se* plaintiff] until all monetary
sanctions imposed have been paid in full and satisfactory proof thereof has been
furnished").

Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700

8

ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314

9

jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court Coordinating Counsel***

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 18th day of March 2020.

I also certify that a copy of the foregoing was sent to Objector Christopher Andrews via electronic mail (caaloa@gmail.com) this 18th day of March 2020.

*/s/ Amy E. Keller*