# EXHIBIT A

# KERGER & HARTMAN, LLC
### ATTORNEYS AT LAW

KIMBERLY A. CONKLIN
KHARY L. HANIBLE*
STEPHEN D. HARTMAN
RICHARD M. KERGER

THOMAS D. LAMBROS, OF COUNSEL

*Also Admitted in Michigan & Illinois

kconklin@kergerlaw.com
khanible@kergerlaw.com
shartman@kergerlaw.com
rkerger@kergerlaw.com

tlambros@kergerlaw.com

January 26, 2017

Hon. R. Guy Cole, Jr.
Chief Judge
U.S. Court of Appeals, Sixth Circuit
255 U.S. Courthouse
85 Marconi Blvd.
Columbus, OH  43215

Dear Judge Cole:

      I am writing to address the serious problem of serial and professional objectors to class action settlements who have minimal claims but hold hostage the substantial benefits achieved after many years of hard-fought litigation. I understand the Judicial Conference of the United States is considering a rule that any payments to such objectors are approved by the trial judge. Judge Zouhary entered such an order in our case. That is an initial beneficial step. But more is needed. Following is a brief explanation and example of how difficult professional objectors can and do obstruct the judicial processs.

      As you may be aware, in late 2010 there was an antitrust MDL litigation assigned to Judge Zouhary in the Northern District of Ohio, Western Division, relating to polyurethane foam and allegations of price fixing and customer allocation. After 4-1/2 years of hard-fought litigation, both the direct purchaser and the indirect purchaser class (in which I was involved) was settled. The direct purchaser settlement attracted only a couple of objectors, but our case attracted several including a *pro se* objector named Christopher Andrews.

      Over the next year, Mr. Andrews ignored directives of the District Court, accused Judge Zouhary and your Court of conspiring with us to approve a settlement for $151,250,000 which Mr. Andrews alleged, without an iota of evidence, to be fraudulent and done solely to line the pockets of the lawyers who represented the class. His objections were overruled by Judge Zouhary and appealed to your Court. Because Mr. Andrews and the other objectors filed frivolous objections and interposed them to obtain some monetary payment or to

Hon. R. Guy Cole, Jr.
January 26, 2017
Page 2


delay the orderly proceedings, Judge Zouhary imposed a joint and several appeal bond. Four of the five objectors saw the light and voluntarily dismissed their appeals. Mr. Andrews, however, persisted in his appeal to your Court without posting the bond. We moved to dismiss the appeal and a panel of Judges from your Court affirmed Judge Zouhary's decisions and dismissed the appeal for the failure to post the bond but also discussed the merits of Mr. Andrews' arguments and found them to be "without merit". Docket No. 38, June 20, 2016. Mr. Andrews moved for reconsideration *en banc* and did not garner not a single vote. He then began a barrage of filings before Judge Zouhary even though the matter was before your Court.

His conduct delayed the settlement and caused the Class to lose money because one of the defendants was not required, per the terms of the Settlement Agreement, to deposit into escrow its final payment of $43.5 million until the appeals had passed.

Finally, Judge Zouhary imposed a financial sanction on Mr. Andrews for his conduct noting that "Andrews continues his vexatious use of the judicial system and does so either to extort a pay-off from the IPC or as a delay tactic to prolong his coercion attempt." See Order Granting Sanctions attached as Exhibit A.

When Mr. Andrews did not pay the sanction, we served him with a Notice of Deposition in aid of execution to satisfy the sanction. He objected to the timing, contending it would disrupt his ability to complete his petition to the U.S. Supreme Court for writ of certiorari. He moved to stay the deposition. Judge Zouhary granted him a one day extension but denied the stay beyond that and ordered him to appear. But Mr. Andrews failed to appear.

At this point we moved to have him held in contempt and on December 29, 2016, Judge Zouhary found him in contempt and directed the U.S. Marshals to bring him before the Court as soon as practicable to answer why he should not have additional sanctions imposed against him. On January 6th, Mr. Andrews was arrested at a Red Roof Inn in Michigan and transported in handcuffs to the courthouse by two Marshals. After a hearing with Judge Zouhary who made some preliminary inquiries, Mr. Andrews agreed to allow the deposition to begin. Contrary to the request and schedule of documents to be produced prior to his deposition, Mr. Andrews had not provided any documents, however, and so the deposition had to be continued. The next day, notwithstanding his having been arrested for contempt, he continued to send emails and filed pleadings threatening the Judge and counsel.

His deposition was renewed on January 20th. Before the deposition began that day, Mr. Andrews moved to have Judge Zouhary recuse himself because he was "biased". Judge Zouhary denied the motion and the deposition went forward. It is still not completed, again because of the failure to provide documents. However, if he is to be believed, his only significant assets are an unknown amount of cash which he estimates at "several hundred dollars". His major asset is a car which he claims is owned by his late mother's trust.

Then on January 23rd, his Petition for Certiorari was denied, as everyone but he had expected. However, he is not content with accepting that result. He has indicated that he has mailed a Petition for Rehearing which he claims that he was moving an argument from page 40 of his original petition to page 5 so it is up front. To date, we have not been served with that petition. According to the Supreme Court Clerk's Office, even if the petition is received this week, it cannot be placed on the Court's docket until the mid-February conference which will delay the final resolution of the case at least until the end of February.

As noted, Mr. Andrews has been found to be a professional and serial objector and a vexatious litigator. This Fall he was involved in objecting to the settlements in at least four other class actions - Milk, ODD, Lithium Batteries, Red Bull. In the past he has received at least $67,000 in payments for his objections.

The concern is that the history of this case is an advertisement for him as to why class counsel should cave in to professional objectors and pay them the relatively nominal amount they want to just "go away". Andrews has successfully delayed this case for more than a year and has done so under circumstances in which there is almost nothing that can be done to him under the present state of the law. Because he claims to be impecunious, he flouts the rules and orders of Judges as if they were mere inconveniences to his search for his alternative truth.

To be sure, there are people who raise serious and sometimes legitimate objections to class action settlements and in some instances courts recalibrate the settlements and improvements are made. But this is not the case here. While some of the problem falls on the counsel who pay the serial-professional objectors in order to avoid the delay and thus helped to create this unsavory cottage industry, the judges in the Judicial Conference need to find a way to deal with people like Christopher Andrews. A few come to mind: (1)

there should be some level of proportionality between the amount of the claim and the settlement; (2) an amendment to Rule 23 to shorten the time by which a notice of appeal from denial of an objection must be filed (similar to the provision in Rule 23(f)); (3) the acceptance of appeal from denial of an objection is discretionary with the Court of Appeals (similar to Rule 23(f) and appeals sought under 28 U.S.C. §1292); and (4) a deterrent to prevent frivolous objections and appeals. No objector with a miniscule claim, such as what Mr. Andrews has in this case or the others in which he has filed objections, be allowed to go undeterred to prevent hard-fought class action settlements to proceed to finality. Without some degree of risk imposed on serial objectors, they will continue to obstruct the judicial process and our orderly system will remain broken.

      Thank you for your attention to this letter.

                              Sincerely yours,

                              Richard M. Kerger

RMK:bam
c:    Marvin Miller, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re Polyurethane Foam Antitrust  Case No. 1:10 MD 2196
Litigation

ORDER GRANTING SANCTIONS

This document relates to:
ALL DIRECT PURCHASER CLASS    JUDGE JACK ZOUHARY
ACTIONS

Pending before this Court is the Indirect Purchaser Class ("IPC") Motion for Sanctions (Doc. 2107). Objector Andrews opposed (Doc. 2108) and IPC replied (Doc. 2110). Objector Andrews also filed an unauthorized sur-reply, characterized as a supplemental response (Doc. 2111).

While IPC's Motion was pending, the Sixth Circuit denied Andrews' petition for rehearing *en banc* (Doc. 2110-1, Ex. A). Andrews filed a Request to Stay the Mandate (Doc. 2109) with the Sixth Circuit, noting he planned to file a petition for writ of certiorari with the United States Supreme Court. The Sixth Circuit previously advised Andrews in its June 2016 Order dismissing his appeal that no mandate would issue (Doc. 2110-4, Ex. D). It confirmed this fact in an October 2016 letter (attached) responding to Andrews' stay request. This means there are no more avenues for Andrews to delay this litigation on appeal, and this Court now turns to the Motion at hand.

Andrews failed to post an appeal bond as previously ordered by this Court (Doc. 2068), resulting in dismissal of his appeal by the Sixth Circuit (Doc. 2100). In so doing, the Sixth Circuit noted (*id.* at 3):

EXHIBIT A

> Professional objectors, such as Andrews, may not disrupt the settlement process based on nothing more than unsupported suppositions. . . . [His] objections to the settlements lack merit, his appeal has the practical effect of prejudicing the IPC by delaying the disbursement of settlement funds, and he offers no proof of financial hardship that would justice his failure to post the bond.

This Court's authority to sanction Andrews is found in 28 U.S.C. § 1927, which reads as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See also Gitler v. Ohio*, 632 F. Supp. 2d 722, 727 (N.D. Ohio 2009) ("Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction *pro se* litigants under that provision").

If there were any doubt whether to order a sanction, and there is none, one need look no further than Andrews' most recent and unauthorized "supplement" filing (Doc. 2111). Beyond the improper filing, the substance -- or lack thereof -- once again reflects Andrews' unreasonableness: claiming as he does, without factual or legal support, that IPC counsel, not he, deserves sanctions. Quite the opposite. Enough already with these repetitive, warmed-over, and meritless arguments.

This Court agrees with the IPC that Andrews continues his vexatious use of the judicial system and does so either to extort a pay-off from the IPC or as a delay tactic to prolong his coercion attempt. This Court further agrees that Andrews has delayed this case far too long and has ignored both this Court's Orders and rulings from the Sixth Circuit.

While this Court declines to impose the panoply of sanctions suggested by the IPC, this Court does find favor in the request that Andrews be penalized for the amount of interest that has been lost

2

to the IPC due to his frivolous filings. That amount, from April 2016 through October 2016, totals $15,303, with interest continuing to run until payment is made in full.

    IT IS SO ORDERED.

*s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 24, 2016