**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**RESPONSE TO OBJECTOR CHRISTOPHER ANDREWS' FILINGS:**
1. **"MOTION TO AMEND OR ALTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)" (Doc. 1030, Filed Under Seal);**
2. **"MISSING DOCUMENTS TAKEN OFF THE DOCKET" (Doc. 1034);**
3. **LETTER CANCELLING A FILING (Doc. 1035);**
4. **"CORRECTION AND SUPPLEMENT TO RULE 59(e) MOTION— A $380 MILLION FRAUD" (Doc. 1036)**

Class Counsel has now noted, correctly, in several filings, that Objector

Christopher Andrews' objection was postmarked November 20, 2019.  There is no

need to belabor the point any further: the "evidence" provided by Mr. Andrews

confirms this objective fact.  (Doc. 1030 at 31, containing postmark of November

20, 2020)[1]

---

[1] This document was initially filed under seal and was not independently served by
Mr. Andrews on either Class Counsel or Counsel for Equifax.  Class Counsel

There is no dispute about the accuracy of the postmark; however, Mr. Andrews continues to accuse Class Counsel of "commit[ing] fraud on the [C]ourt" because Class Counsel noted the indisputable, objective fact that his objection was postmarked on November 20, 2019 (Doc. 1036 at 3), and the Court's Order Directing Notice required objections to be postmarked November 19, 2019.  (Doc. 742 at 9 (requiring that objections be mailed and postmarked by the objection deadline to be considered by the Court) and at 15 (setting November 19, 2019 as the objection deadline))  But Class Counsel do not believe that any further ink need be spilled on the issue because the Court considered, and rejected, the merits of Mr. Andrews' objection, regardless of its postmark.  (*See* Doc. 1031 at 5-6)

As it concerns "missing documents taken off the docket," Mr. Andrews accused Class Counsel—under oath by signing his name to a filing on the record that contains the following language immediately before his signature "I certify under penalty of perjury all of the above is true to the best of my knowledge and belief"—of engaging in a "biased secrecy game" to benefit "plaintiffs' lawyers, Equifax and the [C]ourt."  (Doc. 1034 at 3)  According to Mr. Andrews, Class Counsel, the Clerk, and the Court conspired to delete his filings off of the docket: "You are all scared of me filing an appeal brief.  At least try and get good when

---

obtained a copy of the filing from the Clerk's Office after Mr. Andrews ignored their request for a copy of the filing (*see* Exhibit A).

2

covering up and giving benefits to Equifax." (*Id.* at 2-3)  Mr. Andrews made these accusations without any evidence, as Class Counsel have no ability to control which documents appear on the docket, in what order, and whether they can be deleted.  Mr. Andrews' accusations in this regard also have no merit, are frivolous, and are done in bad faith.  That he later tried to withdraw them because of a "mistake" (Doc. 1035) does not excuse that he made these accusations under penalty of perjury without a shred of evidence.

Finally, Mr. Andrews' Rule 59(e) motion—filed on March 16, 2020, and amended on March 23, 2020—should be rejected because it is untimely: a party must file a motion to alter or amend a judgment no later than twenty-eight days after the entry of judgment.  *Marques v. JP Morgan Chase Bank, N.A.*, No. 1:16-CV-1215-LMM-AJB, 2019 WL 3503762, at *1 (N.D. Ga. June 12, 2019), *aff'd sub nom. Marques v. JP Morgan Chase, N.A.*, No. 19-12548, 2020 WL 836602 (11th Cir. Feb. 20, 2020) (citing Fed. R. Civ. P. 59(e)).  Mr. Andrews evidently takes issue with the Court's January 13, 2020 Order (Doc. 956), but Mr. Andrews already filed a notice of appeal to the Eleventh Circuit Court of Appeals on February 10, 2020 (Doc. 985).  Because Mr. Andrews' Rule 59(e) motion does not concern the subsequent alteration to the original judgment (appearing at Doc. 1029), it is untimely.  *See Johnston v. Borders*, No. 615CV936ORL40DCI, 2019

WL 8105895, at *2 (M.D. Fla. June 28, 2019) ("For an amended judgment to constitute a new judgment with a new period for filing Rule 59 motions, the second Rule 59 must bear some relationship to the district court's alteration of the original judgment.").

In the event Mr. Andrews attempts to argue that his motion is not untimely, it should also be rejected on the merits. The only issue which Mr. Andrews appears to have with the Court's Order actually concerns a footnote in one of Plaintiffs' filings, which references the postmark date of Mr. Andrews' objection. (Doc. 1036 at 3)  As Class Counsel have noted above and in response to Mr. Andrews' repeated, frivolous filings—regardless of when Mr. Andrews' objection was postmarked, the Court considered it.

Dated:  March 26, 2020                    Respectfully submitted,

                                          */s/ Kenneth S. Canfield*
                                          Kenneth S. Canfield
                                          Ga Bar No. 107744
                                          **DOFFERMYRE SHIELDS
                                          CANFIELD & KNOWLES, LLC**
                                          1355 Peachtree Street, N.E.
                                          Suite 1725
                                          Atlanta, Georgia 30309
                                          Tel. 404.881.8900
                                          kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison Counsel***

5

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

6

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

7

8

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 26th day of March 2020.

I also certify that a copy of the foregoing was sent to Objector Christopher Andrews via electronic mail on the same day.

/s/ Amy E. Keller

9