IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 1:17-md-2800-TWT<br><br>CONSUMER CASES |

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 10 2020

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

## OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND [1040]

Shiyang Huang respectfully opposes Plaintiffs' motion for appeal bond. Plaintiffs messed up service. *Infra* at I. Regardless of this Court's finding on "serial objectors", DE1029 at 109-115, <u>*Huang is not on that list*</u>. Plaintiffs also admit to this fact, because Huang did nothing wrong. DE1040-1 at 14-15.

Plaintiffs just cannot let the case go. This Court already approved the settlement in December 2019, DE956, and recently disposed all objectors' motions. DE1026, 1027, 1029. But Plaintiffs are not done in this Court yet, despite the fact that Plaintiffs got their settlement approved, and objectors now may take it to the Eleventh Circuit as they wish. Plaintiffs still want this Court to dwell on this docket a little longer, spend more time on their bond motion, notwithstanding that they could have asked it *seven weeks ago*.

In any case, *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002) totally foreclosed Plaintiffs' purely academic debate, and Plaintiffs are edging frivolousness to steer this Court away from binding Eleventh Circuit directives to dive into disarray of case laws from nonbinding jurisdictions.

1

**I. Plaintiffs almost caused collateral saga by *failing to serve* a copy of this motion to Huang until April 6, 2020.** Plaintiffs filed this instant appeal bond motion on March 30, 2020. However, Plaintiffs' certificate of service only included ECF users. See Exhibit 1 (Plaintiffs' ECF-Only Certificate of Service), Exhibit 2 (Huang's email to Plaintiffs Counsel on April 6, 2020), Exhibit 3 (Plaintiffs' April 6, 2020 Apology and Actual Confirmation of Service). Because Plaintiffs still haven't amended its Certificate of Service to admit to their hiccup, and refused to specify an actual due date for Huang to respond. Huang is now prejudiced to rush a reply to attempt the same default deadline for other recipients, so as to avoid having Plaintiffs' reply brief due on the same day as Huang's reply is also due, including three days under mailbox rule for Huang under FRCP 6(d), just to avoid Plaintiffs' collateral saga. Huang's expedited reply alone is good-faithed.

**2. *Pedraza* forecloses needless debates on appeal bond standard**

The Eleventh Circuit's *Pedraza*, 313 F.3d at 1325, makes it needless to digest Plaintiffs' misleading stack of non-binding cases. DE1040-1 at 6 (a half-page nonbinding case cites). Eleventh Circuit's *Pedraza* answers the very question in a class-action settlement appeal—"[u]nder what circumstances, if any, can anticipated attorneys' fees properly be included within an appellate cost bond issued by a district court pursuant to either Fed. R. App. P. 7 ("Rule 7") or the court's inherent power to manage its affairs?" *Pedraza, supra.*

2

But unfortunately, Plaintiffs still cited *Pedraza* quite misleadingly.

> "See *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) ("an appellant is less likely to bring a frivolous appeal if he is required to post a sizeable bond")" DE1040-1 at 6.

What *Pedraza* actual says—with ***emphasis below***—was left out by Plaintiffs from the quote—"an appellant is less likely to bring a frivolous appeal if he is required to post a sizable bond ***for anticipated attorneys' fees prior to filing the appeal***." *Pedraza, supra* at 1333. And it is abundantly clear that Objectors should not be responsible for Plaintiffs attorneys' fees. This is not the case under fee-shifting of American Rule, e.g., *Peter v. Nantkwest*, 140 S. Ct. 365 (2019), and was emphatically rejected by other circuits as well. *E.g. In re Target Corp. Customer Data Sec. Breach*, 847 F.3d 608, 614-15 (8th Cir. 2017) (collecting cases). *Target* also read Eleventh Circuit's *Pedraza* so clearly, that "costs that a successful appellate litigant can recover pursuant to a specific rule or statute." *Id.* ("attorneys' fees in a Rule 7 bond only when ... under an applicable fee-shifting statute"). On the Eleventh Circuit website, taxable cost is at most $0.25 for each page of brief. www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormBillofCosts_19_JUN17.pdf. Such costs might run up to few hundred dollars at best, and *Pedraza* requires these costs to be split amongst all appellants—and often enough, nobody pays others' attorney's fees under "American Rule". 313 F.3d at 1335.

3

Plaintiffs' paper is replete with non-binding citations, steering this Court far from the efficient *Pedraza* disposition *under stare decisis anyway*. The mere payment of $505 docketing fee is different from Plaintiffs' groundless, draconian demand of $20,000. Even a lay person could recognize that difference, and this Court should decline to engage in complex analysis offered by Plaintiffs' briefs, when *Pedraza* directly applies to the case at bar.

### III. Huang has circuit-novel issues for *de novo* review on appeal.

Plaintiffs' analysis on Huang's objection arguments are unpersuasive—if Huang's objections were so bad, the Eleventh Circuit says they can "on motion dismiss frivolous claims at the outset (that is, before substantial fees are incurred)". *Pedraza*, 313 F.3d at 1333 n.14. *Accord Devlin v. Scardelletti*, 536 U.S. 1, 13-14 (2001) (numerous toolkits for Court of Appeals to dispose frivolous cases without costly merits process).

Regardless, Huang's appeal presents *de novo* review on appeal, which squarely rejected Plaintiffs' oversimplified pleadings. For example, Class Action Fairness Act requires "coupon settlements" to follow interpretations under 28 U.S.C. 1712 *et seq*. It is so novel that Eleventh Circuit has not even encountered. Such novel interpretations of "legal issue[s]" will be reviewed *de novo*. *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442 (11th Cir. 1997). Some of Huang's class certification objections can be also questions of law.

*Silvikous v. Pharaon*, 54 F.3d 697, 700 (11th Cir. 1995). ("We review … interpretation of the Federal Rules of Civil Procedure de novo.")

**IV. This Court's settlement approval order did not fault Huang for anything wrong. Huang cannot be frivolous simply by noticing an appeal.** As stated in the cover page, this Court made findings on "serial objectors", DE1029 at 109-115. Those objectors might disagree, but all, including Plaintiffs, agree that Huang is not even on that list. DE1040-1 at 14-15.

After this Court made no findings against Huang's presumably good behaviors while overruling Huang's good-faith objection, DE956, DE1029, Huang filed only one single docket entry—a plain vanilla Notice of Appeal. DE965. If filing a notice of appeal is frivolous enough, *what isn't? Arguendo*, that is for the Eleventh Circuit Court of Appeals to handle. *Supra*, Part III.

Apparently with nothing to find, Plaintiffs tries to confusingly count so-called "serial filings". Why should Plaintiffs volunteer themselves with that "arithmetic" approach—if that *were* the standard, Plaintiffs, in this case, have filed hundreds of docket entries and would be unquestionably more deleterious than Huang as a "serial filer". Moreover, nearly half of Huang's counts are merely, *reply briefs*. Huang moved to strike Plaintiffs' expert testimonies, which Huang believes to be inadmissible and costly against class members. Plaintiffs filed more, and Huang was hands-tied by Plaintiffs to follow. Notwithstanding Plaintiffs' hyperboles, this Court also disposed

5

Huang's motion without disparagement, DE951. Without duplicating proceedings, this Court also summarily disposed the others in DE956, *amended* in DE1029, still without the need for Plaintiffs to couch *ad hominem* accusations, nor Plaintiffs' extra bond proceedings about it.

**V. Huang's other cases has no bearing on Huang's full compliance in this Court, and in other courts.** With nothing to find in *this* case, Plaintiffs continues to bill on class members' recovery—of which they earned fees from—not to protect class members (which Huang is still one), but to shoot darts with any possible dirt. It is for "improper purposes" that would violate Plaintiffs' "duty of candor" as officers of this Court. *Fed. Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808-09 (11th Cir. 2003).

Although a waste of time, Huang finds it painfully necessary to address Plaintiffs' unfounded attacks. First, on *McDonald v. Edward D. Jones & Co., L.P.*, 2020 WL 504865 (8th Cir. Jan. 31, 2020), Huang is now preparing a petition for certiorari to the United States Supreme Court. Neither the district court, nor the Eighth Circuit said *anything* against Huang's full compliance, and Huang had fully satisfactory records to proceed into merits.

Similarly for Huang in *Larson v. Allina Health Sys.*, 2020 WL 583082, (D. Minn. Feb. 6, 2020), Huang moved for leave to appear *amicus curiae*, *because* Huang is not a class member, requiring trial court's discretions. *Waste Mgmt. of Penn. v. City of York*, 162 F.R.D. 34, 36 (M.D. Penn. 1995).

Huang sought leave for *amicus curiae* and got unluckily denied, but"[i]n fact, Class Counsel drafted and filed before the Georgia Supreme Court an amicus brief ... in *Georgia Department of Labor v. McConnell* [case]" DE900-1 at 8, and that was not deleterious behavior. Huang was only unsuccessful to participate as *amicus curiae*, but *properly requested leave.*

**VI. Plaintiffs' remainder laundry list of reasons are even more incoherent.** Plaintiffs cited Huang's payment of appellate docketing fee as financial ability, DE1040-1 at 9, but still flip-flopped into Huang's risk non-payment, *id.* at 15-16. It alone shows Plaintiffs' lack of reality in those filings, at the expense of the class, towards frivolousness territory. That is also in addition to Plaintiffs' relentless deviation from *Pedraza*, a precedential case directly applicable from the Eleventh Circuit. *See DeSisto College, Inc. v. Line*, 888 F.2d 755, 761 (11th Cir. 1989) ("[Counsel's] insistence on maintaining a legal stance untenable with our law demonstrates either an ignorance of our law ... or some intent to mislead the trial court as to the present state of this Circuit's precedent, and thus bad faith".) *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). ("A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument".)

**In Conclusion, Plaintiffs' multiplicative proceedings for Bond should be denied.** Huang expressly joins other non-frivolous oppositions to this instant motion of Plaintiffs.

Date: April 8, 2020                                     Respectfully Submitted,

/s/ _____
Shiyang Huang
2800 SW Engler Ct.
Topeka, KS
(314) 669-1858
Defectivesettlement@gmail.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum of law have been prepared in compliance with Local Rules 5.1 and 7.1.

/s/ _____
Shiyang Huang

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with this Court via mail service on April 8, 2020, which will send notification of such filing to all counsel of record.

/s/ _____
Shiyang Huang

# EXHIBITS

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with this Court via its CM/ECF service on March 30, 2020, which will send notification of such filing to all counsel of record.

                                                       */s/ Norman E. Siegel*

   john doe <defectivesettlement@gmail.com>

# In re Equifax Data Breach Litigation

**Defectivesettlement** <defectivesettlement@gmail.com>  Mon, Apr 6, 2020 at 5:02 PM
To: Amy Keller <akeller@dicellolevitt.com>

Hi Amy,

I'm getting many papers from Eleventh Circuit between the weekend, and all papers mention some motion for bond in district court.

Can you tell me about - what is the whole deal about this Bond motion? Your April 5, 2020 papers (last night) say a Bond motion was filed on March 31, 2020, on the same day you E-Mailed me about your proposed appellate briefing schedule. Today is April 6, 2020, and I have not received anything from Plaintiffs about this Bond motion thing. Not in paper, not email.
Do I need to know about this? Or, should I have known about this earlier?

You requested a reply by April 1, 2020 about whether I may support *some* expedited briefing schedule. I replied on March 28, 2020.
Your March 31 inquiry did not specify when you want my reply about the proposed briefing schedule, and I'm still considering a reply because it is not an emergency motion. And I sure did not expect the need to reply in 24 hours with your proposal.

And now, I still don't know about the entire deal about Bond motion, and no Plaintiff lawyer has yet to tell me whether I have any to do with it. If I hypothetically have to do with the Bond, I would be prejudiced now having the Local-Rule 14-day reply time down by half, and you are better off withdrawing if that was the case. I objected in complete good faith as a class member.

Out of duty of candor to the tribunal, Fed. Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808-09 (11th Cir. 2003), I request that you provide me a satisfactory response to this story ASAP. I will hold my thoughts for a measured response to all this weekends' papers, after you have a window to reply to this email. In 24 hours would be great.

Respectfully,
Shiyang Huang

[Quoted text hidden]

                                                              john doe <defectivesettlement@gmail.com>

# In re Equifax Data Breach Litigation

Amy Keller <akeller@dicellolevitt.com>                                          Mon, Apr 6, 2020 at 8:38 PM
To: Defectivesettlement <defectivesettlement@gmail.com>

Mr. Huang,

My apologies. I've sent you the bond motion in the mail under express delivery. It is also attached for your reference. Per the local rules, a response is due 14 days from service, and we are happy to accommodate that schedule in this instance, as well. N.D. Ga. L.R. 7.1(B).

Given the COVID-19 pandemic, would you consent to service via electronic mail? We are trying to reduce exposure of our staff members to the virus, and while we can send service copies via mail with minimal risk, it would be ideal to eliminate any and all risk (and also ensure that you receive service of briefs faster). Please let us know if that is acceptable.

Finally as it concerns the motion to expedite, we've suggested the following briefing schedule for the appeal:

- Appellants' opening briefs: April 24
- Appellees' responses: 21 days thereafter
- Appellants' replies, if any: 10 days after appellees' responses

We are happy to update the Court with your position once you provide it to us.

Thank you,

Amy Keller

[Quoted text hidden]

**3 attachments**

- 1040-002 - Text of Proposed Order - In RE- Equifax Inc. Customer Date Security Breach Litigation - gand - 1-2017-md-02800 (00524609xE6B76).PDF
  226K

- 1040-001 - Brief - In RE- Equifax Inc. Customer Date Security Breach Litigation - gand - 1-2017-md-02800 (00524608xE6B76).PDF
  323K

- 1040 - MOTION for Bond Pending Appeal with Brief In Support by ALL PLAINTIFFS. - In RE- Equifax Inc. Customer Date Security Breach (00524607xE6B76).PDF
  154K

