# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
|  | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. |  |

## DECLARATION OF MELISSA A. HOLYOAK

I, Melissa A. Holyoak, declare as follows:

1.   I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.   I represent class members David R. Watkins and Ted Frank in this matter.

3.   Attached as Exhibit A is a true and correct copy of Consumer Plaintiffs' Motion for Appeal Bond filed in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation* No. 1:14-md-02583-TWT, Dkt. 292 (N.D. Ga. Sept. 29, 2016), that I downloaded from PACER.

4.   Attached as Exhibit B is a true and correct copy of the Declaration of Roy E. Barnes filed in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583-TWT, Dkt. 292-4 (N.D. Ga. Sept. 29, 2016), that I downloaded from PACER.

5.   Attached as Exhibit C is a true and correct copy of Minute Entry for proceedings held before Judge Thomas W. Thrash, Jr: Motion Hearing held on 10/21/2016 GRANTING in part and DENYING in part 292 Motion for Bond Pending Appeal filed in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583-TWT, Dkt. 315 (N.D. Ga. Oct. 21, 2016), that I downloaded from PACER.

6.   Attached as Exhibit D is a true and correct copy of the Transcript of Hearing held October 21, 2016 before Judge Thomas W. Thrash, Jr. filed in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No.

1:14-md-02583-TWT, Dkt. 318 (N.D. Ga. Oct. 26, 2016), that I downloaded from PACER.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2020, in Salt Lake City, Utah.

Melissa A. Holyoak

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

In re: The Home Depot, Inc., Customer

Data Security Breach Litigation

_____

Case No.: 1:14-md-02583-TWT

This Document Relates to:
CONSUMER CASES

## CONSUMER PLAINTIFFS' MOTION FOR APPEAL BOND

COME NOW Consumer Plaintiffs and file this Motion for Appeal Bond and respectfully request this Court issue an order requiring Objector/Appellant Sam A. Miorelli to post a bond in the total amount of $40,217.00, including $1,100.00 in direct appeal costs and $39,117.00 for a portion of the increased administrative costs the Claims Administrator will incur during objector's appeal. In addition to this Memorandum of Law Plaintiffs submit the Declaration of John Yanchunis, the Declaration of Roy Barnes Regarding Direct Appeal Costs During the Appeal Process, and the Declaration of Kenneth Jue Regarding Settlement Administration Costs During the Appeal Process, all filed contemporaneously. As shown in the memorandum, the requested appeal bond is authorized by Federal Rule of Appellate Procedure 7 and is appropriate under the facts. A proposed Order is attached.

WHEREFORE, Consumer Plaintiffs respectfully request that this Court order Objector Sam Miorelli to:

1. File a bond in the amount of $40,217.00, or deposit into the Court registry cash in the amount of $40,217.00; and

2. File with the Clerk of Court and serve on Consumer Plaintiffs' Lead Counsel proof of satisfaction of the bond requirement within 10 days of the Court's order.

Respectfully submitted this 29th day of September, 2016.

Roy E. Barnes
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Fax: 770.227.6373
roy@barneslawgroup.com
bevis@barneslawgroup.com

*Consumer Liaison Counsel*
*and Steering Committee Members*

/s/ David J. Worley
David J. Worley
Ga. Bar No. 776665
James M. Evangelista
Ga. Bar No. 707807
**EVANGELISTA WORLEY LLC**
8100A Roswell Road, Suite 100
Atlanta, GA 30350
Phone: (404)205-8400
Fax: (404)205-8395
jim@ewlawllc.com
david@ewlawllc.com

*Consumer Co-Lead Counsel*
*and Steering Committee Members*

John A. Yanchunis, Sr.
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N Franklin Street
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-223-5402
jyanchunis@forthepeople.com

*Consumer Co-Lead Counsel
and Steering Committee Member*

Norman E. Siegel
Barrett J. Vahle
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816-714-7100
Fax: 816-714-7101
siegel@stuevesiegel.com
vahle@stuevesiegel.com

*Consumer Co-Lead Counsel
and Steering Committee Members*

Tina Wolfson
**AHDOOT AND WOLFSON, P.C.**
1016 Palm Avenue
West Hollywood, CA 90069
Telephone: 310-474-9111
Fax: 310-474-8585
twolfson@ahdootwolfson.com

*Consumer Plaintiffs'
Steering Committee Member*

Daniel C. Girard
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 415-981-4800
Fax: 415-981-4846
dcg@girardgibbs.com

*Consumer Plaintiffs'
Steering Committee Member*

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma, OK 73120
Telephone: 405-235-1560
Fax: 405-239-2112
wbf@federmanlaw.com

*Consumer Plaintiffs'
Steering Committee Member*

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Telephone: 201-391-7600
Fax: 201-307-1086
ggraifman@kgglaw.com

*Consumer Plaintiffs'
Steering Committee Member*

Howard T. Longman
**STULL STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: 212-687-7230
Fax: 212-490-2022
hlongman@ssbny.com

*Consumer Plaintiffs'*
*Steering Committee Member*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above and foregoing CONSUMER PLAINTIFFS' MOTION FOR APPEAL BOND on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record, and also via overnight and electronic mail to the following:

> Objector Sam Miorelli
> 764 Ellwood Avenue
> Orlando, FL 32804
> sam.miorelli@gmail.com

Dated: September 29, 2016       /s/ David J. Worley
                                           David J. Worley

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____

In re: The Home Depot, Inc., Customer
Data Security Breach Litigation

_____

Case No.: 1:14-md-02583-TWT

"CONSUMER CASES"

### DECLARATION OF ROY E. BARNES REGARDING DIRECT APPEAL COSTS DURING THE APPEAL PROCESS

I, ROY E. BARNES, declare:

1. I am an attorney licensed to practice before the courts of Georgia. I have the privilege of serving as the Court-appointed Consumer Liaison Counsel on behalf of Plaintiffs in the Consumer Cases in this litigation. I am a partner in the Barnes Law Group, LLC. I submit this Declaration in support of Consumer Plaintiffs' Motion for Appeal Bond. I have knowledge of the facts presented in this Declaration.

2. On September 22, 2016, Objector Sam Miorelli filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit from this Court's Order Granting Final Approval of Class Action Settlement and Final Judgment filed August 23, 2016 (ECF No. 260), Order Granting Consumer Plaintiffs' Motion for Service Awards, Attorneys' Fees and Litigation Expense Reimbursement filed August 23, 2016 (ECF No. 261), and Judgment filed August

24, 2016 (ECF No. 262).

3. Consumer Plaintiffs' estimated direct costs on appeal for copying and binding Plaintiffs/Appellees' brief and appendix, and for copies of the court reporter's transcripts of the preliminary approval hearing conducted March 8, 2016 and the final fairness hearing conducted on August 12, 2016, will total at least $1,100.00 for this appeal.

4. The administrative costs that will be reasonably incurred by the Claims Administrator as a result of the appeals are set forth in the Declaration of Kenneth Jue Regarding Settlement Administration Costs During the Appeal Process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of September, 2016, in Atlanta, Georgia.

/s/ *Roy E. Barnes*
Roy E. Barnes
Ga. Bar No:  039000

# EXHIBIT C

CM/ECF-GA Northern District Court                    https://ecf.gand.circ11.dcn/cgi-bin/GANDc_mkmin.pl?44774742346568...

Case 1:17-md-02800-TWT Document 1051-1 Filed 04/13/20 Page 15 of 55
Case 1:14-md-02583-TWT Document 313 Filed 10/23/20 Page 1 of 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

### 1:14-md-02583-TWT
### In Re: The Home Depot, Inc., Customer Data Security Breach Litigation
### Honorable Thomas W. Thrash, Jr.

Minute Sheet for proceedings held In Open Court on 10/21/2016.

TIME COURT COMMENCED: 2:07 P.M.
TIME COURT CONCLUDED: 3:08 P.M.          COURT REPORTER: Susan Baker
TIME IN COURT: 1:01                                       DEPUTY CLERK: Sheila Sewell
OFFICE LOCATION: Atlanta

| ATTORNEY(S) PRESENT: | David Worley, Norman Siegel, Cam Tribble representing plaintiffs |
| | Phyllis Sumner Steward Haskins representing Home Depot |
| | Sam Miorelli, pro se objector |

| PROCEEDING CATEGORY: | Motion Hearing(Other Evidentiary Hearing-Contested); |
| MOTIONS RULED ON: | [292]MOTION for Appeal under 1292(b) GRANTED IN PART & DENIED IN PART |

| MINUTE TEXT: | The Court heard argument on plaintiffs' Motion which was granted in part and denied in part for reasons stated on the record. Mr. Miorelli shall file a cash or approved corporate appeal bond in the amount of $1,100.00 within 10 days. Mr. Worley to prepare order for the Court's signature. Mr. Miorelli called to testify regarding his financial declaration. The Court ordered Mr. Miorelli to provided to plaintiffs' counsel the two most recent quarterly reports from both his ROTH 401K and IRA accounts within 10 days and to file his supplemental declaration UNDER SEAL. |

| HEARING STATUS: | Hearing Concluded |

# EXHIBIT D

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 17 of 55
Case 1:14-md-02583-TWT Document 378 Filed 10/26/16 Page 1 of 39

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
 2                           ATLANTA DIVISION


 3
        IN RE:                         )
 4                                     )
        THE HOME DEPOT, INC., CUSTOMER )
 5      DATA SECURITY BREACH LITIGATION, ) Case No. 1:14-MD-2583-TWT
                                       )
 6                                     ) October 21, 2016
                                       ) 2:05 p.m.
 7      _____ ) Atlanta, Georgia


 8


 9              TRANSCRIPT OF THE MOTIONS HEARING
              BEFORE THE HONORABLE THOMAS W. THRASH, JR.,
10                   U.S. DISTRICT COURT JUDGE

11               (Requested Portions Redacted)


12
        APPEARANCES OF COUNSEL:
13
        On behalf of the Plaintiffs:   Patrick Barthle, II
14                                      Norman Siegel
                                        Cameron Tribble
15                                      David Worley
                                        John Yanchunis
16
        On behalf of the Defendant:    Donald Houser
17                                      Andrew Pratt
                                        Phyllis Sumner
18
        Also Present:                  Sam Miorelli
19


20
              Proceedings recorded by mechanical stenography
21             and computer-aided transcript produced by

22                    SUSAN C. BAKER, RMR, CRR
                      2194 U.S. COURTHOUSE
23                    75 SPRING STREET, S.W.
                      ATLANTA, GA  30303
24                      (404) 215-1558

25
```

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 18 of 55
Case 1:14-md-02583-TWT Document 578 Filed 10/26/16 Page 2 of 39

2

1           (Proceedings held in Atlanta, Georgia, October 21,

2     2016, 2:05 p.m., in open court.)

3           THE COURT:  All right.  This is the case of In Re:

4     Home Depot Customer Data Security Breach Litigation, Case

5     Number 14-MD-2583.

6           First let me ask counsel for the parties to identify

7     yourselves for the record and the parties you represent

8     beginning with the Plaintiffs.

9           MR. WORLEY:  David Worley of Evangelista Worley for

10    the consumer Plaintiffs.

11          THE COURT:  Good afternoon, Mr. Worley.

12          MR. WORLEY:  Good afternoon.

13          MR. SIEGEL:  Good afternoon, Your Honor.  Norman

14    Siegel, Stueve Siegel Hanson, co-lead for the Plaintiffs.

15          THE COURT:  Good afternoon, Mr. Siegel.

16          MR. SIEGEL:  Good afternoon.

17          MR. YANCHUNIS:  Good afternoon, Judge.  John

18    Yanchunis of Morgan & Morgan Complex Litigation Group, co-lead.

19    I'm here with an associate of mine, Patrick Barthle.

20          THE COURT:  Good afternoon, gentlemen.

21          MR. TRIBBLE:  Afternoon, Your Honor.  Cameron Tribble

22    for The Barnes Law Group for the consumer Plaintiffs.

23          THE COURT:  Good afternoon, Mr. Tribble.

24          MS. SUMNER:  Good afternoon, Your Honor.  Phyllis

25    Sumner, Stewart Haskins, Andrew Pratt, King & Spalding, on

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 19 of 55
Case 1:14-md-02583-TWT Document 518 Filed 10/26/16 Page 3 of 95

3

1    behalf of Home Depot.

2                THE COURT:  Good afternoon, counsel.

3                Is Mr. Miorelli here?

4                MR. MIORELLI:  Good afternoon, Your Honor.  I'm Sam

5    Miorelli.

6                THE COURT:  Good afternoon, Mr. Miorelli.

7                All right.  This is a hearing on the consumer

8    Plaintiffs' motion for an appeal bond which is our Docket

9    Number 292.

10               Who's going to speak for the Plaintiffs on this,

11   Mr. Worley?

12               MR. WORLEY:  I am, Your Honor.

13               THE COURT:  How much time do you think you need,

14   Mr. Worley?

15               MR. WORLEY:  Well, that depends, Your Honor.  Before

16   we proceed with argument, we would like to call Mr. Miorelli.

17   He has presented a declaration to the Court indicating that he

18   does not have the financial ability to pay a bond, and we

19   believe that there's some items in his declaration that under

20   questioning might lead one to conclude that he does have the

21   financial ability to post the bond.  And we wanted to examine

22   him about that.  I don't expect that that would take very long.

23               THE COURT:  What do you say, Mr. Miorelli?

24               MR. MIORELLI:  Well, Your Honor, this is essentially

25   an investigation by surprise.  But I stand by my declaration.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 20 of 55
Case 1:14-md-02583-TWT Document 578 Filed 10/26/16 Page 4 of 39

4

1   I don't think there's anything uncertain in the declaration, as

2   long as the Court is willing to hear any objection I might have

3   to a question.  And, obviously, I would expect that the motion

4   to seal that I had placed on my declaration I would ask that

5   that would apply to any testimony I might give in this as well.

6   Obviously, this is extremely private financial information

7   which is not of any information to the public.

8          I would say, Your Honor, though, that if the Court

9   looks at my response to the motion my response is entirely

10  arguing a legal propriety of the items that they have asked to

11  have taxed in the appeal bond, so to the extent that I think

12  that's the issue in question here and not who I am or any of

13  the other ad hominem attacks that have been launched at me in

14  this case.

15         THE COURT:  All right.  I think the first thing we

16  have to do, Mr. Worley, is to decide what the appropriate legal

17  standard is as far as awarding -- as far as setting an appeal

18  bond for matters other than the actual costs of the appeal.  So

19  I am going to hear you on that first and then Mr. Miorelli.

20  And then if we need to get into the question of his financial

21  ability, I'll let you call him and examine him.  But I want to

22  hear the legal argument first.

23         How long you think you need for that?

24         MR. WORLEY:  I wouldn't think it would be more than

25  20 minutes, Your Honor, if that.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 21 of 55
Case 1:14-md-02583-TWT Document 518 Filed 10/26/16 Page 5 of 39

5

1          THE COURT:  How about 15?

2          MR. WORLEY:  I think I can confine myself to that,

3     Your Honor.

4          THE COURT:  Ms. Sumner, how much time do you think

5     you need?

6          MS. SUMNER:  Your Honor, Mr. Haskins will be

7     addressing that issue.

8          MR. HASKINS:  We would just be very brief, Your

9     Honor, only a couple of minutes from us.

10          THE COURT:  All right.  Mr. Miorelli, how much time

11     do you think you need?

12          MR. MIORELLI:  Your Honor, I would ask for at least

13     as much time as the combined parties up against me; although I

14     am not sure I would need all of that.

15          THE COURT:  All right.  I will give you 15 minutes,

16     Mr. Miorelli.

17          MR. MIORELLI:  Thank you.

18          THE COURT:  Mr. Worley?

19          MR. WORLEY:  Thank you, Your Honor.

20          The issue here is, as the Court indicated, what is

21     the legal standard for requiring a bond from an appellant.  And

22     Rule 7 is in some ways clear.  An appellant can be required to

23     provide a bond to ensure payment of costs on appeal.  The

24     purpose of Rule 7 is to protect appellees like the Plaintiff in

25     this case against the risk of nonpayment by an unsuccessful

Case 1:14-md-02583-TWT  Document 378  Filed 10/26/18  Page 6 of 39
Case 1:14-md-02583-TWT  Document 1057-1  Filed 04/13/20  Page 22 of 55

6

1    appellant.  Because the appeal in this case stays the entry of

2    a final judgment, stays the claims process and stops payments

3    to class members, it's a very important issue to the class.

4           The factors that courts use in deciding whether to

5    require an appellant to post a bond are five.  Mr. Miorelli in

6    his brief has described these as multifactor mumbo jumbo.  They

7    are not mumbo jumbo.  They are the standards that district

8    courts have applied across the country to determine if a bond

9    is necessary.

10           The first is the financial ability to pay -- of the

11    appellant to pay.  We believe that Mr. Miorelli may very well

12    have the ability to pay despite his declaration.  But if we

13    could focus on the other issues, even if he did not have an

14    ability to pay, all of the other factors that courts look at

15    strongly favor granting a bond.

16           First, there are the merits of the case, the merits

17    of the appeal.  Frankly, there are no merits to Mr. Miorelli's

18    appeal.  The Court was very clear in its determination in

19    overruling his objection to the settlement.  In order to

20    prevail, he has got to show an abuse of discretion by this

21    Court in finding that the settlement was fair, reasonable and

22    adequate and in awarding the amount of attorneys' fees that the

23    Court determined was appropriate.  He cannot do that.  So that

24    factor militates strongly in favor of granting a bond.

25           Another factor is the appellant's bad faith or

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 23 of 55
Case 1:14-md-02583-TWT Document 578 Filed 10/26/16 Page 7 of 35

7

1   vexatious conduct.  I don't want to go through in my 15 minutes

2   all of the various ways in which Mr. Miorelli avoided a

3   deposition in this case even though the Court had left open the

4   period of time in which a deposition could be taken.

5   Mr. Yanchunis's declaration is before the Court; and it makes

6   very clear that Mr. Miorelli engaged in bad faith and vexatious

7   conduct, particularly because he insisted on being served with

8   a subpoena when by that point in the case he was a party and

9   only required a notice, notice which he was provided initially

10  50 days before the date that was eventually set for his

11  deposition.

12          Another factor is the appellant attorney's prior

13  actions which in this case mean Mr. Miorelli's history as a

14  professional objector which is evident to the Court, and the

15  Court indicated that he was likely to be a professional

16  objector when it ruled earlier.

17          Finally, the last factor is the risk of nonpayment

18  when an appeal is unsuccessful.  Mr. Miorelli claims that he

19  has no financial ability to post a bond.  What that means is

20  that he -- consequently is that the risk of nonpayment is a

21  hundred percent.  Now, there's obviously some tension between

22  those two factors.  But financial ability under the test used

23  cannot be the sole factor, the only factor.  The Court should

24  weigh these other factors, all of which weigh strongly in favor

25  of granting a bond.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 24 of 55
Case 1:14-md-02583-TWT Document 578 Filed 10/26/16 Page 8 of 39

8

1          Now, we have presented declarations to the Court

2     about the administrative costs that are going to be required

3     because of the appeal.  And there's no dispute over those, and

4     we have been extremely conservative in asking for a bond of

5     roughly $39,000 for those administrative costs.  That's roughly

6     $5,908 a month in the increased administrative costs for a

7     period of six months which, of course, is an extremely

8     conservative estimate because an appeal is likely in the

9     Eleventh Circuit to take much longer.  And we pointed out in

10    our briefing objections to class-action settlements and the

11    time frames that it takes to deal with them, all of which are

12    far in excess of six months; but that's the period that we

13    conservatively have requested.

14          Now, Mr. Miorelli only raises two issues essentially

15    in his response to our motion.  The first is his contention

16    that administrative costs are not recoverable in the absence of

17    statutory or rule authority because Rule 7 doesn't say --

18    Appellate Rule 7 doesn't say anything other than costs on

19    appeal.

20          He has presented the Court sort of generally with a

21    number of circuit court cases.  We only need to focus on two

22    today.  The first is the *Cardizem* case from the Sixth Circuit.

23    The other is the *Pedraza* case from the Eleventh Circuit.

24          THE COURT:  Well, I'd suggest -- I'm not trying to

25    tell you how to do your job; but I'd concentrate if I was you,

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 25 of 55
Case 1:14-md-02583-TWT Document 578 Filed 10/26/18 Page 9 of 35

9

1    Mr. Worley, on *Pedraza*.

2         MR. WORLEY:  Well, I will.  But I did want to talk

3    about *Cardizem* briefly because it relies on *Pedraza*, it cites

4    *Pedraza*, and it essentially follows *Pedraza* in large measure;

5    and it's actually more on point to the case here than *Pedraza*.

6         Essentially, *Cardizem* said you have to look to the

7    underlying substantive statute to determine if costs are

8    appropriate for the bond.  And Mr. Miorelli's really sole point

9    is, yes, you have to do that.  Well, accepting that as correct,

10   in *Cardizem* there was a Tennessee consumer statute, consumer

11   product statute, the same statute that we are relying on in

12   part in this case, which stated in part that upon finding that

13   a litigant had been frivolous or without legal or factual merit

14   a court could require an indemnification for any damages

15   incurred, including reasonable attorneys' fees and costs -- any

16   damages incurred.  Therefore, the district court, at least

17   according to the Sixth Circuit, was entitled to include

18   administrative costs.  The court looked to the underlying

19   statute under Erie -- those were state statutes -- and approved

20   that, a bond of some 120,000-plus dollars.

21        Under *Pedraza*, *Pedraza* essentially held that costs

22   included anticipated appellate attorneys' fees.  We're not

23   asking for attorneys' fees at this point in the case, although

24   presumably under Mr. Miorelli's argument we could come back and

25   do that and ask for anticipated attorneys' fees under *Pedraza*.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 26 of 55
Case 1:14-md-02583-TWT Document 516-1 Filed 10/26/16 Page 10 of 35

10

1          *Pedraza* relied on the Second Circuit's opinion in

2     *Adsani*, and that was a case in which -- and the *Pedraza*

3     specifically referenced this.  That was a case in which the

4     appellant had no assets in the United States, no assets; and

5     yet a bond was approved.

6          *Pedraza* looked to the underlying fee shifting

7     statute; and we have cited in our brief the *Checking Account*

8     *Overdraft* case in which Judge King looked at the underlying

9     statutes in that action, all of which we relied on in this

10    case.  And Judge King found that an appellate bond was

11    appropriate in that case, an administrative bond was

12    appropriate in that case relying on the same state statutes

13    that we are relying on in our complaint.

14          The other issue that Mr. Miorelli brings up is that

15    it's his contention which has been refuted by Home Depot as

16    well and is discussed in our brief that only Home Depot, not

17    the class, is harmed by an increase in administrative costs.

18    And in so doing, Mr. Miorelli fundamentally misunderstands the

19    waterfall provisions of the settlement.  If the 13 million

20    dollar fund for claims is not exhausted, then credit for the

21    cost of monitoring and then credit for class administration and

22    notice costs are allowed for -- allowed to Home Depot.  But

23    after that any remaining funds are distributed pro rata to

24    settlement class members who have got documented losses or who

25    have presented documented losses.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 27 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 11 of 35

11

1     So, essentially, an increase in administrative costs
2     does harm the class.  And that's -- so his argument is just
3     wrong.  And there's no conflict in having Home Depot do that or
4     there's no argument in -- or there's no conflict between the
5     class and Home Depot on this matter.
6          Now, as I said, we believe that upon examination it
7     will turn out that Mr. Miorelli has more than no financial
8     ability to pay a bond, to post a bond.  Even if he has no
9     financial ability to post a bond, a bond is still appropriate
10    under the factors that we've discussed.
11         But from his declaration already we know that he has
12    many -- or he is well paid.  He has chosen a lot of
13    discretionary spending.  He has borrowed money for a BMW.  He
14    has borrowed money for his education.  He has borrowed money
15    for investment rental property.  His Facebook page indicates
16    that at the beginning of the month he was in Santo Domingo and
17    Mexico City on vacation.  It also indicates other travel.
18         If we were to look -- if we could examine him about
19    his declaration, we could find out other things.  But the fact
20    of the matter is that life is all about choices.  Mr. Miorelli
21    has made choices on what he spends his money on.
22         He can choose to file an appeal, but he cannot do it
23    for nothing.  He can't impose his desire to file an appeal, the
24    costs of that which are extremely considerable, on hundreds of
25    thousands of members of the class, millions of members of the

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 28 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 12 of 35

12

1    class.  It's not appropriate.  It's not fair.  It's not what's

2    intended by the rules of court, and it's frankly offensive that

3    he would believe that he could do that at no cost.

4           If he wants to do it, fine.  But there is a cost, a

5    cost that's being imposed on our clients.  And the rule says

6    that we're entitled to have him post a bond for those costs.

7           Thank you, Your Honor.

8           THE COURT:  Mr. Haskins?

9           MR. HASKINS:  Thank you, Your Honor.  We will be very

10    brief here.

11           It's Home Depot's position that Mr. Worley and in the

12    briefs that were filed on behalf of the Plaintiffs in support

13    of their motion for an appeal bond are directly on point and

14    they cover the waterfront, if you will, Your Honor, with

15    respect to the issues that the Court needs to address to

16    determine the amount of the bond that should be addressed and

17    whether one should be assessed.  The one issue that we did want

18    to respond to, Your Honor, was raised by Mr. Miorelli in his

19    response to the Plaintiffs' motion for an appeal bond here.

20    And I thought before we get to that exact point it would be

21    nice to just go back and take a look at the rule and see

22    exactly, you know, why we are here and why the Plaintiffs are

23    asking for an appeal bond.

24           The purpose of Rule 7 is to protect an appellee

25    against the risk of nonpayment by an unsuccessful appellant.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 29 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 13 of 35

13

1    In other words, the purpose really is to preserve and protect
2    the rights of the appellee.
3         Now, in his response to the Plaintiffs' motion for an
4    appeal bond, Mr. Miorelli says the only conceivable beneficiary
5    of the administration cost portion of class counsel motion for
6    appeal bond is Home Depot.  Now, Mr. Worley just explained that
7    under the terms of the settlement agreement that's actually not
8    true, that there is a material risk that the benefits that are
9    available to the class members with documented claims in this
10   case could be impacted by these additional costs or, more
11   specifically, Mr. Miorelli's failure to pay those costs should
12   he lose his appeal.
13        Well, what's missing from Mr. Miorelli's analysis
14   here is that Home Depot is also a proponent of the settlement
15   and, in fact, is an appellee in this case.  And as a result,
16   because Home Depot is an appellee its rights as well as the
17   rights of the Plaintiff class here should be protected.  Home
18   Depot should not be forced to bear the risk that Mr. Miorelli
19   loses on appeal which we think will happen, and we should not
20   be forced to bear the risk that Mr. Miorelli will not be able
21   to pay the significant additional costs associated with
22   administering the settlement in this case when and if he loses
23   that appeal.
24        So as a result, Your Honor, Home Depot has joined the
25   Plaintiffs' motion and would request that Your Honor enter an

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 30 of 55
Case 1:14-md-02583-TWT Document 816 Filed 10/26/16 Page 14 of 35

14

1     appeal bond in the amount that the Plaintiffs have requested.

2              Thank you.

3              THE COURT:  Mr. Miorelli?

4              MR. MIORELLI:  Good afternoon, Your Honor.

5              I'd like to go back to what the legal issue is in

6     dispute which is what does Rule 7 allow to be taxed an appeal

7     bond.  And I think *Pedraza* and *Young* are clear that there has

8     to be either a rule or a statute that says this is something

9     that can be taxed.

10             Now, class counsel has now come forward and said

11    a-ha, Tennessee law, that's a sticking point.  Well, the

12    settlement agreement says it's governed by Georgia law.  I'm a

13    resident of the state of Florida.  All the activities that I

14    did that resulted in my injury in this case happened in the

15    state of Florida.

16             There's apparently no reason for this Court and

17    there's been no citation of law to this Court by the movants

18    who bear the burden here as to why the Court should apply

19    Tennessee law to the exclusion of all others and suddenly apply

20    an enormous appeal bond which I absolutely cannot pay, in

21    essence, placing a tax on me standing up for what I believe my

22    rights to be because I'm not wealthy enough to pursue that.  So

23    in fairness, that's something that I don't think is fair.

24             And I don't think that my understanding of the

25    settlement agreement is wrong because the waterfall provision

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 31 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 15 of 35

15

1    that they talk about in the settlement agreement only happens

2    if there is a miniscule number of claims.  Now, in their motion

3    for fees, class counsel claimed that there would be all this

4    money paid out.  Class counsel asked the Court to calculate

5    their fee on a percentage cross-check on the assumption that

6    there wouldn't be a reversion of more than half of the 13

7    million dollars back to Home Depot.  Now they claim that that's

8    likely to happen and that there's likely to be this pro rata

9    distribution.

10          Now, class counsel has access to the settlement

11    administrator.  There is a couple days left of the claims

12    period.  Presumably, the facts are available if the parties

13    were to go and chase them down to know whether or not this

14    reply brief allegation is accurate.  If it is, Your Honor, I

15    think that raises even more questions about the attorneys' fee.

16          Now, in his motion, and remembering that he bears the

17    burden, he only proved about a hundred dollars worth of costs

18    on appeal.  Essentially, the only costs an appellee bears on

19    appeal that are taxable under Rule 7 is their cost of copying

20    and their cost of transmitting their copies.  And I have shown

21    how enormous my appendix is going to have to be.  That's a cost

22    I understand and have to bear by filing an appeal.  And I'm

23    willing to front the hundred dollars or so that they are

24    probably going to cover under Rule 7.

25          But it's really amazing to think that the parties can

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 32 of 55
Case 1:14-md-02583-TWT Document 516-1 Filed 10/26/16 Page 16 of 55

16

1    just pick and choose what law they want to apply to this case.

2    Presumably, if they could pick Tennessee for this, they could

3    pick Florida for that, they could pick Georgia for the other

4    thing.  But they didn't do that in the settlement agreement.

5    They picked Georgia.  And to the extent this is applying to me,

6    I would only have been a member of the Florida class.  And I

7    called that multifactor test mumbo jumbo because, in fact, I

8    think class counsel has proven my case.  In their motion, they

9    say if you don't -- if the appellant does not prove that he

10   cannot pay the bon then the Court should presume that he can.

11          Now, I think that's a crazy sort of burden shifting

12   in the first place.  But then in the reply brief after I filed

13   and said, Look, I can't pay this, they say, ah-ha, therefore,

14   this multifactor test now says he must pay.  I mean, how is it

15   possible that this multifactor test if it is a reasonable and

16   useful judicial tool comes out with the same answer no matter

17   what facts you plug into it?  That doesn't make any sense to

18   me.

19          Now, class counsel is also not correct to call my

20   appeal frivolous.  And while I know that we're not supposed to,

21   we don't necessarily need to pre-argue our appeals, I think

22   it's important to point out in the face of filings against me

23   that have literally started and ended with an ad hominem attack

24   in every single filing that I actually am pursuing legitimate

25   appellate issues.  And this is not to disrespect the Court's

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 33 of 55
Case 1:14-md-02583-TWT Document 816 Filed 10/26/16 Page 17 of 35

17

1    order in this.  However, there are open and reasonable

2    questions of law in the Eleventh Circuit which is what I intend

3    to raise on appeal.

4              Now, questions of law are reviewed de novo; and all

5    of them if the Eleventh Circuit decided in my favor would

6    result in both a better outcome for the class but also would

7    result in having to reverse this Court's judgment.

8              So one of them is my argument that under Rule

9    23(e)(3) the side deal has to be fully disclosed to the class.

10   I believe as a matter of law that if that side deal is not

11   disclosed that the settlement agreement and the notice is not

12   proper and is not adequate.  That would be reviewed de novo by

13   the Eleventh Circuit.  I believe the requirement that an

14   objector personally sign their objection is a violation of Rule

15   11.  I think that's the case no matter what the circumstances

16   are of the objector.  Again, that's a question of law that will

17   be reviewed de novo by the Eleventh Circuit.

18             I think the delegation amongst class counsel of how

19   to distribute attorneys' fees is a violation of Rule 23(h).  I

20   think it's a violation of Rule 23(h) in every case.  I think it

21   is unlawful under Rule 23(h) for the Court to not make the

22   decision about how fees are distributed amongst each attorney

23   or each firm.  Again, that's a question of law that would be

24   reviewed de novo by the Eleventh Circuit.

25             I also plan to argue to the Eleventh Circuit that

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 34 of 55
Case 1:14-md-02583-TWT Document 516-1 Filed 10/26/16 Page 18 of 35

18

 1    they should adopt the rule adopted by the Sixth Circuit in the
 2    case I cited in my brief about having to disclose full billing
 3    records to the class.  Again, question of law, not a question
 4    of application of law to facts.
 5            Now, none of these contentions are things I made up.
 6    Each of them is supported by direct precedent from a different
 7    circuit, but it's an issue that hasn't been addressed by the
 8    Eleventh Circuit.
 9            Now, admittedly, I am a much younger lawyer, Your
10    Honor, than many of the others, much less experienced.  But my
11    understanding of frivolity is that it has to be something that
12    nobody thinks is reasonable.  And all of these issues I just
13    outlined are things that other appellate courts have not only
14    thought were reasonable but have ordered to be the law in those
15    circuits.  And I intend to ask the Eleventh Circuit to do the
16    same thing here.  That's not frivolous, and that's not up
17    against a monumental standard of review.  That's up against de
18    novo standard of review as a question of law.
19            Now, Your Honor, I disagree with the arguments that
20    I'm a party.  I don't believe here right now I am a party.  I
21    don't believe that I have ever been a party.  But I think I am
22    running out of time, so I'm not going to go into that too much.
23    But, you know, the arguments about the deposition, my view on
24    it is all I have ever said to them is follow the rules.  I've
25    never violated any of those courts' orders.  This Court has had

Case 1:17-md-02800-TWT   Document 1057-1   Filed 04/13/20   Page 35 of 55
Case 1:14-md-02583-TWT   Document 516   Filed 10/26/16   Page 19 of 35

19

1   two orders that would have applied to me.  Both of them said in

2   permissive language that an objector could be discovered, could

3   be deposed.  But that doesn't mean that the objectors have to

4   waive all of the protections they have under the Federal Rules

5   of Civil Procedure.  I didn't do that, and now they come after

6   me like I'm a terrible person.

7            Your Honor, I'm willing to post a bond for the costs

8   that are properly taxed on appeal under Rule 7; but I'm not

9   willing or able to post a bond for things that are not

10   authorized by law and would only be authorized under a

11   multifactor test that doesn't make any sense because it

12   apparently comes out with the same answer against an objector

13   no matter how it's considered.

14            Thank you, Your Honor.

15            THE COURT:  Mr. Worley, I'll give you a couple more

16   minutes if you want to say anything else in response to

17   Mr. Miorelli.

18            MR. WORLEY:  I would, Your Honor.

19            Mr. Miorelli wants us to point to a statute.  We did,

20   the Tennessee statute.  And, frankly, I didn't understand his

21   point about Florida law, Georgia law, all of that.  But in

22   *Cardizem* this is what the Eleventh -- or I'm sorry -- the Sixth

23   Circuit said in applying the Supreme Court's decision in *Marek*

24   to the meaning of costs under Federal Rule of Appellate

25   Procedure in Sams' case, they are required to determine what

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 36 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 20 of 35

20

1    sums are properly awardable under the relevant substantive

2    statute or other authority.  Then there's a cite to *Marek*.

3    "The district court noted that all of the various state and

4    federal statutes asserted by the Plaintiffs during the class

5    actions could be considered in determining what sums were

6    properly awardable."

7         And, obviously, we cited to Tennessee law and other

8    state statutes on the attorneys' fees cost-shifting issue.

9         THE COURT:  Well, the problem I have with that,

10   Mr. Worley, is it's frankly this.  When you filed your motion,

11   you asked me to award $1,100 in direct appeal costs -- and I'm

12   going to do that, no question about that, for reasons I'll

13   outline in a minute -- and then $39,117 for a portion of the

14   increased administrative costs.

15        That's where I've got a problem.  I've read very

16   carefully the *Pedraza* case, the 2002 Eleventh Circuit case.

17   And as I read that case, the only circumstances under which I

18   can require Mr. Miorelli to post a bond for more than the

19   actual anticipated costs is, number one, if there's a

20   fee-shifting statute.  And I don't believe that there really is

21   in this case applying Georgia law to the settlement agreement.

22        The other circumstances in which I could apply more

23   than the actual costs are in the circumstances indicated in

24   chambers which was outlined by the court in *Pedraza*.  That's a

25   common fund situation.  That's not what we have here.  As a

Case 1:17-md-02800-TWT   Document 1057-1   Filed 04/13/20   Page 37 of 55
Case 1:14-md-02583-TWT   Document 516   Filed 10/26/16   Page 23 of 35

21

1    sanction for willful disobedience of a court order, we don't
2    have that here.  And then I can award attorneys' fees or
3    include attorneys' fees when a party has acted in bad faith,
4    vexatiously, wantonly or for oppressive reasons.  That's the
5    only one that appears to me to be in play, and that's not what
6    you relied upon in your motion.  You wanted me to award a bond
7    based on increased administrative costs.

8           Now, I'm willing to entertain a motion that I should
9    order Mr. Miorelli to post a bond of more than $1,100 because
10   he has acted in bad faith, vexatiously, wantonly or for
11   oppressive reasons.  But that's not what you asked for.

12          MR. WORLEY:  Your Honor, we'd be happy to go back --

13          THE COURT:  Except in your reply you hinted at that.

14          MR. WORLEY:  Well, we think that that -- that would
15   be appropriate under *Pedraza*.  We think --

16          THE COURT:  And as annoying as he may be to y'all,
17   I've got to give him his due process rights of putting him on
18   notice as to what it is y'all are asking me to do and give him
19   an opportunity to be heard, however much he annoys y'all.

20          MR. WORLEY:  It's not an issue of annoyance, Your
21   Honor.

22          THE COURT:  Well, that's minimizing the problem.
23   You're right.  You're absolutely right.  However much hardship
24   he causes to the Plaintiffs and annoys you.

25          MR. WORLEY:  Thank you, Your Honor, for pointing out

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 38 of 55
Case 1:14-md-02583-TWT Document 616 Filed 10/26/16 Page 22 of 35

22

1    the hardship, the genuine hardship that is being imposed on the

2    Plaintiffs.  If Your Honor is saying that under *Pedraza* we can

3    bring a motion for a bond based on anticipated appellate

4    attorney fees --

5              THE COURT:  That's how I read the case, Mr. Worley.

6              MR. WORLEY:  -- and I certainly would read it the

7    same way, although I do think as I stated that there are other

8    avenues as well -- we're happy to do that, and we will do that.

9              THE COURT:  Well, that's the way I read the case,

10   Mr. Worley.  So I'm going to grant in part and deny in part the

11   consumer Plaintiffs' motion for an appeal bond.  I do think

12   that the five factors are what are generally considered by

13   courts in deciding whether or not to require an appellant to

14   post an appeal bond.  And with respect to the $1,100 in direct

15   appeal costs, I think all those factors weigh in favor of me

16   ordering Mr. Miorelli to post a bond.  I think he's financially

17   able to post a bond in the amount of $1,100 based on his

18   declaration.  I think the lack of merit of his appeal which I

19   think is totally lacking in merit on any issue whatsoever

20   weighs in favor of me requiring him to post a bond.

21             I think there is some evidence that he has shown bad

22   faith in his failure and resistance to submitting to a

23   deposition.  Every time that he is backed into a corner and

24   made to agree to when he is going to give a deposition he finds

25   some other excuse not to do it.

Case 1:17-md-02800-TWT   Document 1057-1   Filed 04/13/20   Page 39 of 55
Case 1:14-md-02583-TWT   Document 516-1   Filed 10/26/16   Page 23 of 35

23

1              I think his prior actions in objecting to the other

2     class-action settlements weighs in favor of imposing a bond.

3     And I think the risk of nonpayment if he doesn't have to post a

4     bond is great.  Based upon his course of conduct in evading and

5     obstructing and delaying and preventing the Plaintiffs from

6     deposing him, I think a similar course of action would be

7     expected in any effort to collect on an order from me or from

8     the Eleventh Circuit ordering him to pay costs.  I'm sure that

9     he would resist that to the nth degree and make it financially

10    impossible for anybody, whether the Plaintiffs or Home Depot or

11    anybody else, to make him pay the cost of an appeal.  So I have

12    no hesitation whatsoever in ordering him to pay -- in ordering

13    him to post a cash bond or a corporate security bond acceptable

14    to the clerk in the amount of $1,100 and that he do so within

15    ten days from today or his appeal should be dismissed.

16             And, Mr. Worley, if you will prepare a written order

17    to that effect and present it to me, I'll be glad to sign it.

18             MR. WORLEY:  I will do so, Your Honor.

19             If that's all that you wanted to say, Your Honor, I

20    did want to raise an issue or inform the Court of an issue.  We

21    have filed a motion for sanctions against Mr. Miorelli.

22    Briefing is not complete on that.  We would anticipate filing a

23    short reply brief to his response, but we would not intend to

24    take up the Court's time with a hearing on that if that's the

25    Court's pleasure.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 40 of 55
Case 1:14-md-02583-TWT Document 316-1 Filed 10/26/16 Page 24 of 35

24

1        THE COURT:  What do you say, Mr. Miorelli?  Are you

2   comfortable with me ruling on the briefs, or you want a hearing

3   on it?

4        MR. MIORELLI:  Your Honor, I believe that I am

5   entitled to a hearing on a penal motion such as that which is

6   what the Eleventh Circuit has called it.  I think it's

7   inappropriate and not supported.  But I also think that to some

8   extent the questions in that are based on my motion to quash

9   that got transferred to this court.

10       But, no, Your Honor, I would not waive my right to a

11  hearing on that.

12       THE COURT:  Well, we will get back to y'all about

13  that, Mr. Worley.

14       MR. WORLEY:  One other item, Your Honor.

15       Since we are going to file an additional motion for

16  another bond and Mr. Miorelli is already here, would it be

17  appropriate for us to examine him about his ability to pay?

18       The Court didn't seem to consider that a great

19  factor, but it -- or should we attempt to depose him again?

20       THE COURT:  I'm here waiting on a jury verdict, so

21  I've got all afternoon.  Why don't you go ahead and ask

22  Mr. Miorelli any questions you want to on that issue now,

23  Mr. Worley.

24       MR. WORLEY:  All right.  If he could be sworn in.

25       THE CLERK:  Sir, if you will raise your right hand,

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 41 of 55
Case 1:14-md-02583-WWT Document 316 Filed 10/26/16 Page 25 of 35

25

1   please.

2              (Witness placed under oath by the clerk.)

3              THE CLERK:  Please have a seat, then state your name

4   for the record.

5              THE COURT:  I take it Mr. Miorelli has not yet been

6   deposed; is that right?

7              MR. WORLEY:  That is correct, Your Honor.  He has not

8   been deposed.

9              MR. MIORELLI:  And my name is Sam Miorelli for the

10  record.

11             THE COURT:  What?

12             MR. MIORELLI:  My name is Sam Miorelli for the

13  record.

14                         -   -   -

15                    SAM MIORELLI,

16  having been first duly sworn, was examined and testified as

17  follows:

18                    DIRECT EXAMINATION

19  BY MR. WORLEY:

20  Q.      ████████████████████████████████████████████

21  ████████████

22  ███     ███████

23  ███     ████████████████████████████████████

24  ███████████████████████████████████████████████

25  ██████████████████████████

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 42 of 55
Case 1:14-md-02583-WT Document 516-1 Filed 10/26/16 Page 26 of 35

26



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 43 of 55
Case 1:14-md-02583-WVT Document 516 Filed 10/26/16 Page 27 of 35

27



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 44 of 55
Case 1:14-md-02583-WVT Document 516 Filed 10/26/16 Page 23 of 35

28



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 45 of 55
Case 1:14-md-02583-WVT Document 516-1 Filed 10/26/16 Page 29 of 35

29



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 46 of 155
Case 1:14-md-02583-WWT Document 316-1 Filed 10/26/16 Page 30 of 35

30



Case 1:14-md-02583-WWT Document 510-1 Filed 10/26/16 Page 31 of 35



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 48 of 55
Case 1:14-md-02583-WVT Document 516 Filed 10/26/16 Page 32 of 35

32



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 49 of 55
Case 1:14-md-02583-TWT Document 516-1 Filed 10/26/16 Page 33 of 35

33



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 50 of 155
Case 1:14-md-02583-WWT Document 516-1 Filed 10/26/16 Page 34 of 35

34



Case 1:17-md-02800-TWT   Document 1057-1   Filed 04/13/20   Page 51 of 155
Case 1:14-md-02583-WWT   Document 516-1   Filed 10/26/16   Page 35 of 35

35



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 52 of 55
Case 1:14-md-02583-WVT Document 516 Filed 10/26/16 Page 36 of 39

36



Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 53 of 55
Case 1:14-md-02583-TWT Document 516 Filed 10/26/16 Page 37 of 39

37



13          MR. WORLEY:  Your Honor, I don't have any more

14   questions for Mr. Miorelli.  But given that Mr. Miorelli when

15   he stood here and made his argument stated that he was unable

16   and unwilling to post a bond, and given that we are going to be

17   posting a -- we are going to be moving the Court for a bond

18   under the requirements of *Pedraza*, we would ask that the Court

19   order Mr. Miorelli to provide us with a copy of his two most

20   recent statements from his Roth 401K.

21          THE COURT:  All right.  Mr. Miorelli, I will order

22   you within ten days from today's date to provide with the -- to

23   provide to the Plaintiffs' counsel your two most recent

24   quarterly statements from your Roth IRA and submit those with a

25   supplemental declaration under seal to the court.

Case 1:17-md-02800-TWT Document 1057-1 Filed 04/13/20 Page 54 of 55
Case 1:14-md-02583-TWT Document 316 Filed 10/26/16 Page 38 of 39

38

1          MR. MIORELLI:  Your Honor, if I may ask a question?

2     Is it the IRA or the 401K?  They are different accounts.

3          MR. WORLEY:  The -- well, all of them actually.

4          THE COURT:  Both of them.

5          MR. MIORELLI:  Thank you.

6          THE COURT:  Any questions, Ms. Sumner?

7          MS. SUMNER:  Your Honor, we don't have any questions

8     concerning his finances.  We just reserve the right to the

9     extent we move forward with an additional hearing on the

10    sanctions to potentially ask questions at that point on that

11    topic.

12         THE COURT:  All right.  Mr. Miorelli, you want to ask

13    yourself any questions?

14         MR. MIORELLI:  No, Your Honor.

15         THE COURT:  All right.  You can go back to your seat.

16    I think that concludes this hearing.

17         MR. WORLEY:  Thank you, Your Honor.

18         THE COURT:  Thank you very much.  Court's in recess

19    until further order.

20         (Proceedings adjourned at 3:06 p.m.)

21

22

23

24

25

1                    C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT:

4    NORTHERN DISTRICT OF GEORGIA:

5

6              I hereby certify that the foregoing pages, 1 through

7    38, are a true and correct copy of the proceedings in the case

8    aforesaid.

9              This the 26th day of October, 2016.

10

11

12

13          _____

14          Susan C. Baker, RMR, CRR
            Official Court Reporter
15          United States District Court

16

17

18

19

20

21

22

23

24

25