## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 5 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

In re: Equifax Inc. Customer
Data Security Breach Litigation

MDL Docket No 2800
No.  1:17-md-2800-TWT

### CONSUMER ACTIONS

Chief Judge Thomas W. Thrash, Jr.

**Appellant Christopher Andrews' Supplemental Response to Doc 1040**

**Request For Bond**

No bond should be imposed on this objector for the following additional reasons:
First, the court violated the law by ignoring the meritorious and due process issues raised in this objector's objection by not responding to it which requires reversal. ("The Court should examine the settlement in light of the objections raised and set forth a reasoned response to the objections including findings of fact and conclusions of law necessary to support the response.") followed in Pettway v. Am. Cast Iron Pipe Co., 576 F.2d 1157, 1219 (5th Cir. 1978); Burke v. Ruttenberg, 317 F.3d 1261, 1263 (11th Cir. 2003).

Second, the lawyers willfully made two fraudulent filings that contain two false declarations violating 18 U.S.C. § 1623 or, the "false declarations" law. Exhibits 1 and 2 prove that which is fraud on the class, the court and its machinery, it's also misconduct which prohibits awarding of any fees and is also cause for reversal. Those two separate fraudulent filings were sent to the court using computers and government transmission facilities (Pacer) making that two separate instances of wire fraud. See attached Doc 901 page 40 paragraph 65 and Plaintiffs' Response to Objections Doc 902 pg 41, is footnote 34 are two filings proving fraud on the court and those violations. The duplicitous lawyers never corrected their lies in the record and as a direct result the lawyers were given a $380 million approval worth $77 million in fees. This appears to be a RICO scheme and the lawyers can't claim plausible deniability either.

Third, the court should have known about the plaintiffs' fraud on the class and court based on the objector's filings, see Exhibit 3. Since the court apparently didn't know about the fraud it obviously failed to force the lawyers to address it at the four hour long fairness hearing nor was it addressed in the court's order obviously because the court didn't know but reversal is still required, see Exhibit 4.

Fourth, this fraud by the lawyers is a slam dunk cause for reversal itself, let alone the reversible issues I have raised that no one will address like their the corona.

Fifth, if the court did know about the fraud and ignored it that would be a stunning betrayal making it complicit in the lawyer's criminal actions which would prove the court had an agenda driven bias, prejudice and willful blindness against the class, the issues this objector raised and to benefit Equifax in this $380 million approval which would also require reversal.

The lawyer's actions have put the court between a rock and a hard place. The safe decision for the court to make is to not impose any bond, let alone a $20,000.00 one, on this objector. Doing so would confirm to the objector and others that the bond's purpose is to illegally force him out of the good faith, meritorious appeal process and help cover-up the lawyers grievous errors and fraud on the class and court, not because of frivolousness, see the objector's Notice of Appeal, Doc 985.

The evidence does not lie, unlike the lawyers, who I will get investigated, hopefully jailed and disbarred for what they have done in this fraudulent settlement. The Georgia Bar Association claims I can't file the thirteen complaints against the lawyers until after my appeal is over with which does not seem right.

A copy of this filing and exhibits would obviously be included in an IFP appeal of any bond imposed by this court to the Eleventh Circuit. I can only wonder what it and others will say or do at that point if a bond was imposed based on the above.

I certify under penalty of perjury all of the above is true to the best of my knowledge and belief.

Respectfully Submitted,

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com  Dated April 13, 2020

## Certificate of Compliance

I hereby certify that this filing has been prepared in compliance with Local Rules 5.1 and 7.1 (if applicable.)

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com  Dated April 13, 2020

## RULE 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point

selections approved by the Court in Local Rule 5.1(C), Northern District of

Georgia, specifically Times New Roman 14 point. (if applicable)

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com   Dated April 13, 2020

### Certificate of Mailing

I certify that this document and four exhibits was sent to the Clerk of the Court via

first class mail with copies sent to everyone else who are registered with CM/ECF.

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com Dated April 13, 2020

## Certificate of Mailing

I certify that this document and four exhibits was sent to the Clerk of the Court via

first class mail with copies sent to everyone else who are registered with CM/ECF.

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com Dated April 13, 2020

Exhibit 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT CONSUMER ACTIONS Chief Judge Thomas W. Thrash, Jr. |

## <u>PLAINTIFFS' RESPONSE TO OBJECTIONS TO THE SETTLEMENT</u>

Consumer Plaintiffs, through Consumer Plaintiffs' Lead Counsel, respectfully file this response to the objections filed by settlement class members. Even after a sustained effort by a handful of lawyers to drum up objections based on misleading or incorrect information, there are relatively few objections to this historic settlement. As explained in this response, the objections fail to establish the settlement is anything other than "fair, adequate and reasonable." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Of approximately 147.4 million class members, at most 1,106 submitted objections—or, approximately 0.00075% of the class. A majority of those objections were received on two occasions following the promotion of false information in the national press. The first sizeable batch appeared after a *New York Times* opinion

has been excoriated by Courts for this conduct." *CRT*, 281 F.R.D. at 533. *See also*, *e.g.*, *Clark v. Gannett Co.*, 122 N.E. 3d 376, 380 (Ill. Ct. App. 2018) (Bandas has "earned condemnation of [his] antics from courts around the country. Yet, [his] obstructionism continues."). Most recently, Mr. Bandas and his law firm, The Bandas Law Firm, P.C. ("Bandas Law"), admitted that they engaged in the unauthorized practice of law by representing a "*pro se*" objector in another action, without filing an appearance, and agreed to withdraw that objection in exchange for attorneys' fees. *See* App. 1, ¶ 62. As part of the final judgment in a subsequent action, Mr. Bandas and Bandas Law were ordered not to seek *pro hac vice* admission without attaching that judgment. *Id*.

Objector Christopher Andrews, who also filed an objection in another class action, *Shane v. Blue Cross*, No. 10-cv-14360 (E.D. Mich.), has made a number of accusations against Class Counsel in his objection here.[34] Notably, in the *Shane* litigation, the United States District Court for the Eastern District of Michigan found that "many of [Mr. Andrews'] submissions are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel." App. 1, ¶ 65 & Ex. 7. That court also noted that Mr. Andrews "is known to be a

---

[34] Mr. Andrews' objection was postmarked after the deadline and can be rejected on that basis alone.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' motion for final approval, and after full consideration of the submitted class member objections, the Court should finally approve the settlement, certify the settlement class, and enter final judgment.

Dated: December 5, 2019                    Respectfully submitted,


                                           */s/ Kenneth S. Canfield*
                                           Kenneth S. Canfield
                                           Ga Bar No. 107744
                                           **DOFFERMYRE SHIELDS**
                                           **CANFIELD & KNOWLES, LLC**
                                           1355 Peachtree Street, N.E.
                                           Suite 1725
                                           Atlanta, Georgia 30309
                                           Tel. 404.881.8900
                                           kcanfield@dsckd.com


                                           */s/ Amy E. Keller*
                                           Amy E. Keller
                                           **DICELLO LEVITT GUTZLER LLC**
                                           Ten North Dearborn Street
                                           Eleventh Floor
                                           Chicago, Illinois 60602
                                           Tel. 312.214.7900
                                           akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison
Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

44

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering*
*Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court*
*Coordinating Counsel*

46

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this response has been prepared in compliance with Local

Rules 5.1 and 7.1.

*/s/ Roy E. Barnes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed with this Court via its

CM/ECF service, which will send notification of such filing to all counsel of record.

This 5th day of December, 2019.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel.770.227.6375
roy@barneslawgroup.com

Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT CONSUMER ACTIONS Chief Judge Thomas W. Thrash, Jr. |

CLASS COUNSEL'S OMNIBUS DECLARATION IN SUPPORT
OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND RESPONSE TO VARIOUS OBJECTIONS

Kenneth S. Canfield, Amy E. Keller, and Norman E. Siegel declare as follows:

1.      This Court appointed us to serve as Co-Lead Counsel for the Consumer Plaintiffs and Interim Class Counsel in the above-captioned MDL. Along with Roy E. Barnes, who serves as Co-Liaison Counsel with lead responsibilities, we have led the Plaintiffs' efforts in the consumer track since our appointment on February 9, 2018. We make this Declaration in support of Plaintiffs' motion for final approval of the settlement, and in support of our response to the various objections received

*re Optical Disk Drive Prods. Antitrust Litig.*, 2016 WLL 7364803, at \*11 (N.D. Cal. Dec. 19, 2016) (noting that Mr. Helfand "frequently file[s] objections in class action settlement proceedings," which, in that case, was not "well-tailored to the facts of the case"); *Davis v. Apple Computer, Inc.*, 2005 WL 1926621 (Cal. Ct. App., 1st Dist., Div. 4 Aug. 12, 2005) (noting that Mr. Davis and Mr. Helfand had "confidentially settled or attempted to confidentially settle putative class actions in return for payment of fees and other consideration directly to them" in apparent violation of court rules.)

65.    Another objector in this case—Christopher Andrews (whose objection is postmarked November 20, 2019)—also has a history of objecting to class action settlements. He has made a number of unfounded accusations against Class Counsel in this case. In addressing Mr. Andrews' objections in another class action, *Shane v. Blue Cross*, No. 10-cv-14360 (E.D. Mich.), the court noted that many of his "submissions are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel." Ex. 7. The court also noted that Mr. Andrews "is known to be a 'professional objector who has extorted additional fees from counsel in other cases[.]'" *Id.* And based on an email that Mr. Andrews sent to counsel in the *Shane* action on November 27, 2019, this case appears to another example of an extortion scheme. Ex. 8.

Executed this 5th day of December, 2019.

/s/ Kenneth S. Canfield
Kenneth S. Canfield

/s/ Amy E. Keller
Amy E. Keller

/s/ Norman E. Siegel
Norman E. Siegel

45

Exhibit 3

*Doc 913-2*

11/27/19

Clerk of the Clerk

United States District Court

75 Ted Turner Dr NW Suite 2211

Atlanta, GA 30303

Via Priority Mail

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC -5 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

RE: Illegal Holding of Equifax Consumer Data Breach Objection(s) By JND Legal Administration Docket No. 2800 No. 1:17-md-2800-TWT

Dear Clerk of the Court and Judge Thrash, Jr.,

The objection, exhibits, motion to seal and sealed document itself are duplicates of the original submission sent to JND Legal Administration on November 19, 2019. This letter and Exhibits 4-7 should also be included with the attached filing that should all appear on Pacer. It is not part of the 25 page limit for objections.

Apparently JND Legal Administration, with class counsel's approval, has corrupted the administration of this class action process by withholding objection(s) filed in this case from the court. This helps the parties obtain an approval by creating a crooked rigged game. This is unfair, unreasonable, inadequate, it violates Rule 23, is bad faith, misconduct and looks criminal. The parties have committed fraud on the class and court by intentionally interfering with the judicial machinery in an attempt to gain an inflated $77 million in Inca fees and millions more in inflated administration costs by selling out the class.

**Page 1 of 3**

I request they all be fired without fees, costs or expenses and an investigation by the FBI for possibly mail and wire fraud is warranted. Since class counsel and the court have made JND an agent of theirs by having objections be sent their by the class per the court filings, all parties are responsible for their actions and conduct. Exhibit 7 is my email chain with JND acknowledging their objection shell game. JND might have also lied to me in their email and may be withholding my objection only based on the sensational content it contains.

My objection was mailed on the deadline date of 11-19-19. Exhibit 4 is the payment receipt and the certified mail receipt all attached as one, which are dated and timed printed/stamped so my objection and supplement count as being timely and valid when mailed, which the parties are attempting to illegally prevent.

Exhibit 5. I had a feeling class counsel and JND Legal Administration might do this so I also took a picture at the post office showing the mailing date of 11-19-19 affixed to the envelope. I had already give class counsel a heads up three months ago that I would be filing an objection so they were apparently waiting to illegally seize it. When JND saw they were in the objection for their egregious conduct as well, they had even more of a reason to illegally hide the objection, the motion and sealed document from reaching the court so it would never be seen and considered thereby defrauding the class, court and legal system. Who knew what and when is what I and 147.9 million class members want and have a right to know.

Exhibit 6 is the mailing receipt for the supplement to the objection which was sent via first class mail on 11-19-19. Included are the payment receipt and a hand written receipt from the postal employee showing where it was being mailed to.

I request that all objections filed with the unethical and duplicitous JND Legal Administration be forwarded to your attention and be considered timely filed.

This is a crooked rigged system and the 147.9 million people became Ponzi styled pawns in JND's and class counsel's dash for their cash at the expense of the class. JND Legal Administration should be sued in a class action lawsuit and force them into a settlement worth tens of millions and then shut down. How many times have they done this in other class actions?

I certify under penalty of perjury of the United States that all of the above is true and accurate to the best of my knowledge.

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394

E: caaloa@gmail.com P: 248-635-3810    November 27, 2019

Exhibit 4

```
============================================
                 LAKELAND
               9680 KRESS RD
          LAKELAND, MI 48143-9998
               255150-0143
               (800)275-8777
             11/19/2019 12:21 PM
============================================
--------------------------------------------
Product            Qty     Unit      Price
                           Price
--------------------------------------------
First-Class Mail®    1    $2.05     $2.05
Large Envelope
   (Domestic)
   (SEATTLE, WA 98111)
   (Weight:0 Lb 8.00 Oz)
   (Estimated Delivery Date)
   (Friday 11/22/2019)
Certified                          $3.50
   (USPS Certified Mail #)
   (7017145000012552361)
Return Receipt                     $2.80
   (USPS Return Receipt #)
   (9590940302505155596187)
--------------------------------------------
Total:                             $8.35
--------------------------------------------

--------------------------------------------
Cash                              $20.00
Change                           ($11.65)
--------------------------------------------
```

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.


            Preview your Mail
            Track your Packages
            Sign up for FREE @
         www.informeddelivery.com


All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.

        HELP US SERVE YOU BETTER

        TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

               Go to:
      https://postalexperience.com/Pos

      840-5481-0027-002-00017-34296-02

        or scan this code with
          your mobile device:



        or call 1-800-410-7420.

        YOUR OPINION COUNTS



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com

OFFICIAL USE

Certified Mail Fee    $3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)        $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage    $2.05

Total Postage and Fees    $8.35

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015

7 (Friday 11/... )                    See Reverse for Instructions

11/19/2019

Exhibit 5



CERTIFIED MAIL

U.S. POSTAGE PAID
FCM LG ENV
LAKELAND, MI
49143
NOV 15 '19
AMOUNT
$8.35
00111
0000
R2305K1371140-99

**Tracking History**

**November 22, 2019, 8:30 am**
Delivered, PO Box
SEATTLE, WA 98111
Your item has been delivered and is available at a PO Box at 8:30 am on November 22, 2019 in
SEATTLE, WA 98111.

---

**November 22, 2019, 7:17 am**
Departed USPS Regional Facility
SEATTLE WA DISTRIBUTION CENTER

---

**November 22, 2019, 6:36 am**
Arrived at Unit
SEATTLE, WA 98101

---

**November 21, 2019, 3:15 pm**
Arrived at USPS Regional Destination Facility
SEATTLE WA DISTRIBUTION CENTER

---

**November 21, 2019**
In Transit to Next Facility

---

**November 20, 2019, 12:29 am**
Arrived at USPS Regional Origin Facility
PONTIAC MI DISTRIBUTION CENTER

---

**November 19, 2019, 4:56 pm**
Departed Post Office
LAKELAND, MI 48143

---

**November 19, 2019, 12:19 pm**
USPS in possession of item
LAKELAND, MI 48143

Exhibit 6

```
=====================================
            LAKELAND
          9680 KRESS RD
       LAKELAND, MI 48143-9998
           255150-0143
          (800)275-8777
        11/19/2019 03:16 PM
=====================================
=====================================
-------------------------------------
Product          Qty   Unit    Price
                       Price
-------------------------------------
First-Class Mail®  1   $1.00   $1.00
Large Envelope
    (Domestic)
    (SEATTLE, WA 98111)
    (Weight:0 Lb 0.90 Oz)
    (Estimated Delivery Date)
    (Friday 11/22/2019)
-------------------------------------
Total:                         $1.00
-------------------------------------

-------------------------------------
Cash                           $1.00
-------------------------------------


        Preview your Mail
       Track your Packages
       Sign up for FREE @
       www.informeddelivery.com


  All sales final on stamps and postage.
   Refunds for guaranteed services only.
        Thank you for your business.

       HELP US SERVE YOU BETTER

     TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

            Go to:
    https://postalexperience.com/Pos

   840-5481-0027-002-00017-34708-02

      or scan this code with
       your mobile device:
```



```
      or call 1-800-410-7420
  Receipt 99
  Clerk:
```

JND Legal Administration
PO Box 91313
Seattle Wa 98111-9418



or call 1-800-410-7420

Recei...
Clerk: 39

Exhibit 4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT CONSUMER ACTIONS Chief Judge Thomas W. Thrash, Jr. |

## AMENDED ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AWARDING ATTORNEY'S FEES, EXPENSES AND SERVICE AWARDS

Consumer Plaintiffs and Defendants Equifax Inc., Equifax Information Services, LLC, and Equifax Consumer Services LLC (collectively, "Equifax"), reached a proposed class action settlement resolving claims arising from the data breach Equifax Inc. announced on September 7, 2017. On July 22, 2019, this Court directed that notice issue to the settlement class. [Doc. 742]. This matter is now before the Court on the Consumer Plaintiffs' Motion for Final Approval of Proposed Settlement [Doc. 903] and Motion for Attorneys' Fees, Expenses, and Service Awards to the Class Representatives. [Doc. 858]. For the reasons set forth below and on the record of the hearing of December 19, 2019, the Court grants both motions, issues its ruling on the pending objections and motions from various objectors that have been filed, and will separately enter a Consent Order relating to the business practice changes to which Equifax has agreed and a Final Order and Judgment.

settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct." *CRT*, 281 F.R.D. at 533; *see also, e.g.*, *Clark v. Gannett Co.*, 122 N.E. 3d 376, 380 (Ill. Ct. App. 2018) (Bandas has "earn[ed] condemnation for [his] antics from courts around the country. Yet, [his] obstructionism continues."). Moreover, Bandas and his law firm are subject to a permanent injunction issued by a federal judge governing their ability to object in class actions. *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812 (N.D. Ill. Jan. 17, 2019).

- Objector Christopher Andrews, although not an attorney, by his own admission at the final approval hearing has filed objections in about ten class actions. In *Shane v. Blue Cross*, No. 10-cv-14360 (E.D. Mich.), the court found that "many of [Mr. Andrews'] submissions are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel." App. 1, ¶ 65 & Ex. 7. That court also noted that Mr. Andrews "is known to be a 'professional objector who has extorted additional fees from counsel in other cases[.]'" *Id.* Additionally, class counsel have submitted an email from Mr. Andrews that calls into question his motivation for objecting in this case. [Doc. 900-1, Ex. 8].



PRIORITY MAIL
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

**District Court**



**PRIORITY MAIL**

UNITED STATES
POSTAL SERVICE
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM:

Christopher Andrews
P.O. Box 530394
Livonia, MI 48153-0394





TO:

Clerk of the Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW Ste. 2211
Atlanta, GA 30303-3309

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM**
ORDER FREE SUPPLIES ONLINE

