# **EXHIBIT A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON<br><br>Raymond Marcus Lord,<br><br>    PLAINTIFF<br><br>v.<br><br>Equifax Inc.<br><br>    DEFENDANT. | IN THE MAGISTRATE'S COURT<br><br>CIVIL CASE NO.: 2018CV321071240 |
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON<br><br>Ashley Danielle Lord,<br><br>    PLAINTIFF,<br><br>v.<br><br>Equifax Inc.<br><br>    DEFENDANT. | IN THE MAGISTRATE'S COURT<br><br>CIVIL CASE NO.: 2018CV321071241 |
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON<br><br>Steve Newman,<br><br>    PLAINTIFF,<br><br>v.<br><br>Equifax Inc.<br><br>    DEFENDANT. | IN THE MAGISTRATE'S COURT<br><br>CIVIL CASE NO.: 2018CV321071224<br><br>**DEFENDANT EQUIFAX INC.'S MOTION TO DISMISS WITHOUT PREJUDICE, OR, IN THE ALTERNATIVE, STAY THE TRIALS PENDING CONCLUSION OF THE APPEAL OF THE JUDGMENT APPROVING THE *IN RE EQUIFAX* SETTLEMENT FROM WHICH PLAINTIFFS FAILED TO OPT OUT** |

Defendant Equifax Inc. ("Equifax") respectfully moves this Court, pursuant to Rule 12(b)(6), SCRCP[1], to dismiss without prejudice the cases filed by Plaintiffs Ashley Lord, Raymond Lord, and Steve Newman. Plaintiffs, as members of the class settlement approved in *In re Equifax Inc., Customer Security Breach Litigation*, Case No. 1:17-md-2800 (N.D. Ga.) (the "Equifax MDL"), have failed to opt out of a nationwide class action settlement and thus cannot proceed with their claims in this Court at this time. In the alternative, Equifax requests a stay of Plaintiffs' cases, currently set for trial on January 30, 2020, pending the conclusion of the appeal(s) of the court order approving the Equifax MDL class action settlement agreement.

In the above-captioned cases pending before this Court, Plaintiffs allege that they suffered damages as a result of the cybersecurity incident that Equifax announced on September 7, 2017 ("Data Breach"). *See* Amended Complaints. Following the Data Breach, various consumers filed claims against Equifax which were consolidated before Judge Thomas W. Thrash, Jr. in the Northern District of Georgia in the Equifax MDL. Equifax and members of the settlement class entered into a global settlement agreement in the Equifax MDL ("the Equifax MDL Settlement"). Settlement and Release, Dkt. No. 739-2, Case No. 1:17-md-2800 (N.D. Ga. July 22, 2019). The Equifax MDL Settlement releases Equifax from liability on all claims that the settlement class members brought or could have brought related to the Data Breach.

For settlement purposes, the Settlement Class was defined as:

> The approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017.

---

[1] The Court is entitled to rely on court orders in an underlying or related class action, without converting the motion to one for summary judgment. *See Doe v. Bishop of Charleston,* 407 S.C. 128, 134, 754 S.E.2d 494, 497-98, n.2 (2014).

Final Order and Judgment, Dkt. No. 957, Case No. 1:17-md-2800 (N.D. Ga. Jan. 13, 2020), attached as Exhibit A, p. 6. Excluded from the Settlement Class were "individuals who timely and validly opted out of the Settlement Class," as identified in Ex. A.

On July 22, 2019 Judge Thrash issued an Order Directing Notice which provided instructions on how to validly opt out of the settlement class.[2] On January 13, 2020 Judge Thrash issued a judgment granting final approval of the Equifax MDL Settlement Agreement, which judgment included an appendix of "Timely and Valid Exclusions" from the settlement class. Ex. A. Plaintiffs clearly fall within the Settlement Class, as shown by the allegations in their Amended Complaints, which arise solely from the Data Breach. *See* Amended Complaints. Plaintiffs did not opt out of the Settlement Class (*see* Ex. A), and they are therefore subject to the Equifax MDL Settlement Agreement's release.[3]

Under the terms of the Equifax MDL Settlement, the release will become effective after the resolution of any appeals (one appeal has been filed to date, and the deadline for appeals has not yet run). *See* Settlement and Release, Dkt. No. 739-2 at Section 17.1, Case No. 1:17-md-2800 (N.D. Ga. July 22, 2019). Thus, if the Equifax MDL Settlement is affirmed on appeal, Plaintiffs

---

[2] "[A]ny settlement class member who wishes to be excluded from the settlement class must mail a written notification of intent to exclude themselves to the settlement administrator at the address provided in the notice, postmarked no later than November 19, 2019 (the 'opt out deadline'). Each written request for exclusion must identify this action, set forth the name of the individual seeking exclusion, be signed by the individual seeking exclusion, and can only request exclusion for that individual. . . If final judgment is entered, any settlement class member who has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but limited to the release set forth in the settlement and final judgment." Order Directing Notice, Dkt. No. 742, Case No. 1:17-md-2800 (N.D. Ga. July 22, 2019).

[3] To the extent Plaintiffs contend that their existing lawsuits in this Court constitute valid opt outs, this is contrary to well-settled law. "[C]ontinuing to maintain a lawsuit filed before the opt-out period is not a reasonable indication of a desire to opt out." *In re National Football League Players' Concussion Injury Litigation*, Case No. 14-3381, 2019 WL 95917 at *6 (E.D. Pa. Jan. 03, 2019).

here will have released their claims relating to the Data Breach, and their cases will be dismissed. Accordingly, to allow these cases to proceed to trial as currently scheduled—or at any time prior to the resolution of any appeals of the Equifax MDL Settlement—would waste judicial resources and be highly prejudicial to Equifax, which would be forced to spend unnecessary time and effort defending matters that Plaintiffs are in all likelihood barred from pursuing in this or any other Court.

For these reasons, Plaintiffs' cases should be dismissed without prejudice pending the conclusion of the appeals process with respect to the Equifax MDL Settlement. If the order approving the Settlement is not affirmed on appeal, Plaintiffs may refile their cases and proceed to trial at that time. In the alternative, the trials scheduled for January 30, 2020 and any other case proceedings should be stayed pending the resolution of any appeals of the Equifax MDL Settlement.

Respectfully submitted,

*[signature]*

Rita Bolt Barker (SC Bar No. 77600)
McKinley H. Hyman (SC Bar No. 102730)
WYCHE, P.A.
200 E. Camperdown Way
Greenville, SC 29601
(864) 242-8235
Email: rbarker@wyche.com
mhyman@wyche.com

January 28, 2020             *Attorneys for Defendant Equifax, Inc.*