# UNITED STATES DISTRICT COURT
# NORTHERN DISTIRCT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. _____ <br> No. 1:17-md-2800-TWT <br><br> CONSUMER ACTIONS <br><br> **PROPOSED ORDER** |

This matter comes before the Court upon Petitioners Motion for Relief to Allow Petitioners Late Opt-Out, or, in the alternative, Motion for Relief to Determine that Petitioners are Not a Part of the Class and Settlement, or, in the alternative, Petitioners Objection to Class and Settlement. Petitioners filed this Motion for Relief in response to Equifax's Motion to Dismiss, without prejudice, or, in the alternative, Stay the Trials Pending Conclusion of the Appeal of the Judgement Approving the *In re Equifax Settlement* ("Class Action") that was field in South Carolina Magistrate's Court, County of Lexington.

34 similarly situated Petitioners filed individual complaints against Equifax regarding the September 7, 2017 data breach in South Carolina Magistrate's Court, County of Lexington, on August 1, 2018.[1] Petitioner's filed an Amended Complaint ("Petitioners Complaint") on or about

---

[1] 2018CV321071471 Roach, Rudy; 2018CV321071472 Stone, Johanh; 2018CV321071473 Shaughnessy, Roberta; 2018CV321071474 Tabares, Vivian Fridelle; 2018CV321071475 Cade, Troy D; 2018CV321071476 Rottach, Linda; 2018CV321071477 Shaughnessy, John; 2018CV321071478 Carver, Joshua Thomas; 2018CV321071479 Hill, Calvin D; 2018CV321071480 Lee, Daria; 2018CV321071481 Lee, Raymond; 2018CV321071482 Sodas, Ana Paula; 2018CV321071483 Carver, Stephanie Lynne; 2018CV321071224 Newman, Steve; 2018CV321071225 Byrd, Mark; 2018CV321071474 Tabares, Vivian Fridelle; 2018CV321071476 Rottach, Linda; 2018CV321071478 Carver, Joshua Thomas; 2018CV321071256 West, Bridgette; 2018CV321071257 Jenkins, Troy; 2018CV321071258 Pryor, Kathleen; 2018CV321071259 Richardson, Sharon; 2018CV321071260 Cox, David Ashemore; 2018CV321071261 Pryor, Joseph; 2018CV321071262 West, Eric; 2018CV321071263 Sims, Michael; 2018CV321071264 Culp, Mark Lawrence; 2018CV321071265 Sutton, Caleb James; 2018CV321071266 Love, John Howard; 2018CV321071267 Galloway, Lisa A; 2018CV321071268 Lee, Tara C; 2018CV321071269 Galloway, Darryl; 2018CV321071270 Love, Michelle H; 2018CV321071271 Perry, Richard.

September 27, 2018 and Equifax moved to dismiss the Amended Complaint for lack of standing and failure to state a claim under SCRCP Rule 12(b)(6). Following a hearing before the Honorable Judge Scott D. Whittle, on January 29, 2019, the Court granted Equifax's motion and dismissed Petitioner's Amended Complaint. Petitioners field an appeal on February 14, 2019 and served a timely Notice of Appeal on Equifax. The Court held a hearing on the appeal on July 30, 2019. On or about August 20, 2019 the Honorable William P. Keesley entered an order reversing the decision of the Magistrate Court and remanding the cases to be tried on the merits. The Court subsequently scheduled the trials to held on January 30, 2020. On January 28, 2020, two days before trials scheduled for January 30, 2020, Equifax filed a Motion to Dismiss, without prejudice, or, in the alternative, Stay the Trials Pending Conclusion of the Appeal of the Judgement Approving the In re Equifax Settlement.

## I.    Petitioners are Not a Part of the Settlement Class

Petitioners asserted they are not a part of the In re: Equifax Inc. Customer Data Security Breach Litigation class action therefore they are not a party to the In re: Equifax Inc. Customer Data Security Breach Litigation class action settlement.

Petitioners filed their complaints against Equifax in South Carolina Magistrate Court less than three months after Plaintiff's in the Georgia Class Action filed their Amended Consolidated Complaint [Doc. 374] on May 14, 2018; more than five months before the Court ruled on Equifax Motion to Dismiss [Doc. 539] on January 28, 2019; almost a year before the Court's Order directing Notice of a Proposed Class Action Settlement of Consumer Claims arising from the data breach on July 22, 2019 [Doc. 742]; and more than a 15 months before the opt-out or exclusion date set by the Court of November 19, 2019.

Petitioners asserted while their Complaint did not expressly include the words "request for exclusion," Petitioners Complaint served as written notice to Equifax that Petitioners were opting-out of any other action at law. Petitioners also argue that their Complaint served as written notice to Equifax that the Petitioners were represented by counsel and the attorney's for Equifax and attorney for Petitioners exchanged multiple correspondences. Equifax also vigorously defending against Petitioners claims and filed multiple motions, supporting briefs, and argued their case in front of multiple judges and South Carolina courts. Equifax raised the issue of Petitioners failure to opt out of the Class Action two days before Petitioners trial. Petitioners asserted Equifax delay in raising Petitioner's failure to opt-out was purely tactical and Equifax could have raised the issue at any time from August 1, 2018 to July 22, 2019 (Order Directing Notice, Dkt. No. 742) to November 19, 2019 (opt-out deadline).   Equifax did not raise their claim until January 28, 2020, 15 days **after** the Georgia District Court entered the Order and Final Judgment in the Class Action complaint on January 13, 2020 and 5 days **after** the appeals period ended on January 23, 2020.

Petitioners asserted an overwhelming majority of Petitioners did not receive notice of the Proposed or Approved settlement and these Petitioners were unaware of the exclusion, objection, and comment date set by the Court of November 19, 2019. Petitioner also asserted that because Equifax was actively engaged with the Attorney for the Petitioners since August 1, 2018, any communication from Equifax, specifically any opt-out notices, should have been sent to Petitioner's Attorney. Specifically, Petitioner asserted that Petitioner and Equifax had a hearing on July 30, 2019 at which Attorney's for Equifax and Petitioners Attorney attended. Equifax Attorney's spoke directly with Petitioners Attorney <u>after the Court set an exclusion date</u>, yet

Equifax failed to mention anything about the exclusion date to the Attorney for Petitioners or the Court.

Petitioners additionally asserted to hold that Petitioners are a party to the Class Action or Class Action Settlement Class would be a direct violation of Petitioners Substantive and Procedural Due Process Rights and would offend the public policy of both South Carolina and Georgia. Petitioners claim they were not provided notice, an opportunity to appear, opportunity to opt-out, or adequate representation in the Class Action suit in Georgia. Petitioners also claim because Petitioners hired an attorney and file suit in South Carolina Magistrate Court, this is proof Petitioners believe their claims were sufficiently large or important enough to litigate independently of the class action. Petitioners argue they would have opted-out but had they received notice of the exclusion date. Petitioners asserted the burdens placed on Petitioners by holding they are a party to the Settlement Class in this suit are greater than those normally applicable to an absent plaintiff and because Petitioners did not receive notice with an explanation of their right to opt-out, it violates Petitioners Due Process Rights and it is against public policy to hold Petitioners are a part of the Settlement Class.

## II.     Petitioners are Entitled to a Late Opt-Out

In addition to Petitioners argument that they are not a part of the settlement class, Petitioners asserted they are entitled to a late opt-out. A district court has discretion under Federal Rules of Civil Procedure 6(b) and 60(b) to modify its order to allow a late opt-out from a class action. *In re Vitamins Antitrust Class Actions,* 327 F.3d 1207, 1209-10 (D.C.Cir.2003). Specifically, "Rule 60(b) provides that '[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, ... or (6) any

other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)." *Id.* at 1209. *Augst-Johnson v. Morgan Stanley & Co.*, 247 F.R.D. 25, 26 (D.D.C. 2008). The Court in *Augst-Johnson v. Morgan Stanley & Co.* held that class members were not required to show excusable neglect to justify a late opt-out. *Id.* Petitioners asserted that even if the Petitioners must show excusable neglect in order to justify a late opt-out, Petitioners met this standard. The Supreme Court addressed the meaning of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court set forth factors to consider when determining what kind of neglect will be considered "excusable." These include: (1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. at 1498. *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003).

Petitioners asserted they did not received notice of the opt-out date, therefore, the late request to opt-out is of no fault of their own. Petitioners also assert they are not requesting a late opt-out because of an intent to delay for tactical reasons and it is Equifax whose actions are tactical by waiting to raise this claim until two days before Petitioner's trial so Petitioner cannot proceed with their claims in South Carolina Magistrate Court.

Petitioner asserted Equifax has come to this Court in bad faith and there is no other inference that can be drawn from Equifax's actions other than an intent to deceive the Petitioners and the Courts of both Georgia and South Carolina.

Additionally, Petitioners argue that Equifax is not prejudiced by Petitioners tardiness in opting-out because Equifax had notice of Petitioners claims long before there was a final order in

the Class Action Suit in Georgia; if Petitioners are granted a late opt-out, Equifax will only have to defend against a suit they have known about, and been vigorously defending against, for more than fifteen months; there is also no guarantee Petitioners will prevail on their claims; and Equifax would not be prejudiced if they were forced to litigate Petitioners claims because Petitioners case was set for trial just two days before Equifax raised this issue and therefore, Equifax was reasonably prepared for trial and has had additional time to prepare for trial while Petitioners cases are pending. However, Petitioners argue they will be substantially prejudiced if they are not granted a late opt-out because they will be deprived of their Due Process Rights and will be prohibited from adjudicating their claims on the merits in South Carolina Magistrate Court.

Petitioners assert the length of the delay and the potential impact on judicial proceedings are minimal because there is already a judicial proceeding ongoing in South Carolina Magistrates Court and the only thing that is needed for that case to continue is a determination from this Court that Petitioners are entitled to a late opt-out. Additionally, Petitioners assert allowing Petitioners to opt-out would not delay the judicial proceeding in Georgia because Plaintiffs in the Class Action have objected to the Settlement and Class so the Court will not be forced to re-open the case to rule on Petitioners opt-out issue.

Petitioners additional argue the reason for the delay is not within Petitioners reasonable control as it was Equifax who intentionally failed to provide notice to Petitioners or Petitioners Counsel despite the fact that Equifax knew Petitioners were represented and even if the Court finds the reason for the delay is reasonably within Petitioners control, the other factors outweigh the impact of that finding.

The Court is convinced by Petitioner's arguments. The Petitioner, unlike Equifax, has at all times acted in good faith. The procedural history of Petitioners cases indicates that Equifax at least should have known of Petitioners intention to opt-out of the Class Action Case. Equifax's actions of vigorously defending against Petitioners claims indicate Equifax was prepared to litigate Petitioners Claims in South Carolina Magistrate Court.

The Court also faults Equifax and Equifax Counsel for not raising the issue of Petitioner's failure to opt-out sooner than late January 2020. Equifax waited until January 28, 2020, 15 days **after** the Georgia District Court entered the Order and Final Judgment in the Class Action complaint on January 13, 2020 and 5 days **after** the appeals period ended on January 23, 2020, to raise the issue of Petitioner's failure to opt-out. The Court also agrees that Equifax actions infer an intent to deceive the Petitioners and the Courts of both Georgia and South Carolina. It is hard to draw any other conclusion but Equifax had an intent to deceive the Petitioners when there was a hearing on July 30, 2019, after this Court set an exclusion date, at which Attorney's for Equifax and Petitioners Attorney attended yet Equifax failed to mention anything about the exclusion date to the Attorney for Petitioners or the Court. The Court faults Equifax and Equifax Counsel for not raising the issue of Petitioner's failure to opt-out sooner than late January 2020.

There is little room to debate that Equifax knew the Petitioners were represented as Equifax was actively engaged with the Attorney for the Petitioners since August 1, 2018. Rule 4.2 of the Georgia Rules of Professional Conduct and Rule 4.2 of the South Carolina Rules of Professional Conduct make it clear that "A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be

represented by another lawyer in the matter…" Therefore, the Court believes that Equifax should have communicated directly with Petitioner's Counsel, or at a minimum sent Petitioners Attorney a copy of any and all court documents and legal notices.

The Court also agrees that the public policy concerns that require an absent class action plaintiff to opt-out as opposed to opt-in are not present in this case. Petitioners hired an attorney and file suit in South Carolina Magistrate Court. The Court is convinced the Petitioners believed their claims were sufficiently large or important enough to litigate independently of the class action. The public policy reason for binding an absent class action plaintiff is to protect a defendant so they are not subject to constant litigation through repeated suits. However, the Court must balance the interest of the Petitioners with the interest that Equifax not be subject to an unknown number of claims. In this case, Petitioners filed their complaint in South Carolina Magistrate Court less than three months after Plaintiff's in the Georgia Class Action filed their Amended Consolidated Complaint [Doc. 374] on May 14, 2018 and well before there was a final judgment in the Class Action. Therefore, Equifax was put on notice of Petitioners suit and was prepared to, and did, vigorously defend against Petitioners claims. Equifax vigorously defended against Petitioners claims in South Carolina Magistrate Court for more than fifteen months. Petitioners case was set for trial two days before Equifax brought about their objection. There is no doubt that Equifax was aware of Petitioner's claims and Petitioner did not bring their claims after learning about a large monetary award. Additionally, Equifax would be benefited by an inconsistent judgment in Petitioners case. Petitioner could accept the money award granted in the Class Action Settlement. However, Petitioner wishes to continue with their suit in South Carolina Magistrates Court knowing they could lose their action and collect nothing on their claims. Because the burdens placed on Petitioners is greater than those contemplated by the

Court for an absent Plaintiff, it is against public policy to hold Petitioners are a part of the Settlement Class.

The Court also agrees that if the Petitioners were a part of the Settlement and Class, it would be in the interest of justice for the Court to allow Petitioners to opt-out of the Settlement Class even if such opt-out is late because Equifax's *own* actions justify the Court granting Petitioners relief from the judgment. For the reasons stated above, and because the Petitioners can show excusable neglect for not opting-out in the time first set by the Court, Petitioners are entitled to a late opt-out.

## CONCLUSION

For the reasons stated above, this Court holds Petitioners are not a party to the settlement or class and if they were, they would be entitled to a late opt-out. Therefore, Petitioners are **DISMISSED** from the In re Equifax Inc. Consumer Data Security Breach Litigation and their cases should be **REMANDED** for a hearing on the merits in South Carolina Magistrates Court.

**IT IS SO ORDERED**

_____

_____, 2020