UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 6 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**OBJECTOR-APPELLANT GEORGE W. COCHRAN'S RESPONSE IN OPPOSITION TO CLASS COUNSELS' MOTION FOR APPEAL BONDS**

Objector-Appellant George Cochran ("Cochran") joins in opposing Plaintiffs-Appellees' ("Plaintiffs") Motion For Appeal Bonds by adopting the arguments advanced in the opposing briefs already filed. In addition, Cochran asserts the following:

1. **It is prejudicial to corral all Objectors-Appellants in a single motion for appeal bonds.** Each appellant has a different status, unique grounds, and varying circumstances. Yet Plaintiffs apply the most serious charges—bad faith, frivolity, vexation—across the board. The strategy of "guilt by association" is a popular tactic for halting class appeals before the reviewing court can evaluate the objections' merits. Plaintiffs' motion does not meet the objective and subjective standards for applying these exceptions to Cochran's appeal. In point of fact, no one has ever <u>proven</u> Cochran guilty of exercising bad faith, extorting funds, or advancing a frivolous appeal. If Plaintiffs have genuine concerns about the merits of Cochran's appeal (or his motive for bringing it), they can move for summary dismissal under FRAP Rule 27 or sanctions under FRAP Rule 38.

2. **No improper motive worthy of a bond sanction can be shown in the present appeal.** With respect to "bad faith", Plaintiffs have demonstrated no "deliberate wrongdoing, such as proceeding with claims [Cochran] knows for a fact are false or frivolous." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 1190) (citing Black's Law Dictionary 149 (8th ed. 2004) (defining "bad faith as "[d]ishonesty of belief or purpose"). The sole case relied upon by this Court to suggest otherwise was *In Re Syngenta Ag Mir162 Corn Litigation* (Dist. Kansas, No. 2:14-MD-02591). However, that appeal was resolved favorably after the district court found the joint objector settlement <u>in the best interests of the class</u>. (Doc.

No. 4308 at 2). In fact, two of four non-economic benefits recognized by the court were advanced by Cochran's client. (Doc. No. 4278 at 7).

3. **Plaintiffs' specific concern about leveraging Cochran's appeal for personal gain has been alleviated by amended Rule 23.** Effective December 1, 2019, any settlement of an objection for consideration must be approved in open court after full disclosure of the terms. Of particular concern is the financial incentive for an attorney fee award. As stated in the official comment to FRCP 23(e)(5):

> The term "consideration" should be broadly interpreted, particularly when the withdrawal includes some arrangements beneficial to objector counsel. If the consideration involves a payment to counsel for an objector, the proper procedure is by motion under Rule 23(h) for an award of fees.

Because Cochran has not secured counsel, the above consideration does not apply. Moreover, his true motive was laid bare when he voluntarily submitted to Plaintiffs' deposition and testified under oath as a class member. (Doc. No. 939-6). When asked why he filed the objection, Cochran said: *"[I]n plain English, my big concern is my Social Security number."* (Id. at 36). Recent studies show that professional hackers wait at least 10 years (the Settlement's protection period) before using the prohibited information. (Id. at 39). Since Social Security numbers are permanent, they are the perpetrator's most valuable tool for accessing unprotected accounts. (Id. at 40). At age 66, Cochran worries his wife will have to face this serious identity breach alone. (Id. at 39). His apprehension is far from imagined: Maryland's Attorney General publicly criticized this very oversight in the Settlement. (Id. at 41).

4. **Even if Cochran's objection does not alter the Settlement, his fundamental right of review should not be extinguished by a punitive appeal bond.** Rule 38 permits an appellate court to sanction a "frivolous" appeal by dismissing the case and ordering the appellant to pay appellee's costs. This high standard only applies when an appeal is "so lacking in arguable merit as to be groundless or without foundation." (emphasis

3

added) *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007). While the risk of identity theft ten years after hacking a social security number is real, class members will have permanently released Equifax from liability without receiving appropriate protection in exchange. To solve the problem, Cochran suggests allocating "less money dedicated to preventative measures and more to actual damaged claimants for a longer period of time." (Id. at 41-42). Given the potential damages from using compromised Social Security numbers for decades, his proposal seems reasonable. (He also challenges class counsel's fee award because "most of the pretrial activity in the brief lifespan of this case was spent on settlement negotiations and confirmatory discovery.")

5. **Neither do the "delay costs" associated with Cochran's appeal justify Plaintiffs' motion.** Every appeal of a final order approving a class action settlement necessarily delays distribution of the settlement proceeds and benefits. More precisely, the appeal suspends the <u>effective date</u> of the proposed settlement until a class member's appeal rights are exhausted. Such is the case here. According to Article 17.1.5 of the Settlement Agreement, the settlement is of no force or effect until <u>all</u> of the following events transpire:

> The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing or other review has expired, or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

In other words, "[] the settlement agreement already contemplates the harm to the class upon an appeal because it allows the defendants to wait to implement the settlement until all appeals are complete. [Consequently,] the benefits to the class under the settlement already capture the costs of delay incident to an appeal." *In re*

4

*American Investors Life Insurance Co. Annuity Marketing And Sales Practices Litigation,* 695 F.Supp.2d 157, 166 (E.D.Pa. 2010), see also *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 299 (5th Cir.2007) ("[T]he settlement does not become effective, by its terms, until any appeals are concluded. The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs.")

The parties deliberately conditioned the settlement's efficacy and structure on Cochran's fundamental right to appeal the court's final order. Since the time clock on implementation cannot start ticking before the settlement is finalized, forcing appellants to secure these "delay costs" with a punitive bond makes no sense.

6.  **The sheer size of the requested bonds is the final nail in the coffin.** As aptly demonstrated in other opposition briefs, the only legitimate Rule 7 appeal costs will be Plaintiffs' bill for printing their briefs. Even if a single $20,000 bond were sought, it would be twenty times the amount actually needed. That Plaintiffs also seek to charge each appellant this exorbitant amount adds insult to injury. If the Court opts to order a bond, Cochran should only contribute his pro-rata share of Plaintiffs' printing costs.

DATED: April 16, 2020                          Respectfully Submitted,
                                               s/ George W. Cochran
                                               1981Crossfield Circle
                                               Kent, Ohio 44240
                                               lawchrist@gmail.com
                                               330.607.2187
                                               Appearing Pro Se

**CERTIFICATE OF FONT**

I hereby certify that this document has been prepared in compliance with Local Rules 5.1 and 7.1

DATED: April 16, 2020         /s/ George W. Cochran
                              George W. Cochran

**CERTIFICATE OF SERVICE**

The undersigned certifies that he forwarded the foregoing document by overnight express on April 16, 2020 for ECF filing which will send electronic notification to all attorneys registered for ECF-filing. Email notice will also be sent to the unrepresented parties.

DATED: April 16, 2020         /s/ George W. Cochran
                              George W. Cochran