**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## CONSUMER PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF MOTION FOR APPEAL BOND

The Court should order the appeal bonds as requested by Consumer Plaintiffs, and reject the arguments in opposition made by Objectors/Appellants Andrews (Doc. 1049, 1055, 1063), Huang (Doc. 1056), Frank and Watkins (Doc. 1057), West (Doc. 1058), and Cochran (Doc. 1066). These objectors continue their *ad hominem* attacks, accusing class counsel and the Court of crimes—as in the case of Andrews—and purporting to seek sanctions against class counsel for every perceived slight, misstep, or disagreement—as in the case of Frank and West. Much of the oppositions rehash grievances unrelated to the request for appeal bond. The Court should reject the remaining arguments for the reasons stated below.

1

First, the procedural arguments raised by the objectors are no basis for denying a bond. Several objectors complain that the bond request should have been filed sooner. But the motion was appropriately filed soon after the Court's resolution of Rule 59 motions made the previously-filed notices of appeal effective. *See* Fed. R. App. P. 4(a)(4)(B)(i). And while Andrews and Huang complain about service, they were nonetheless able to promptly file responses (in Andrews' case, three responses) to the bond motion.[1]

Second, much of the objectors' briefing focuses on appeal bond issues not presented here. Plaintiffs' memorandum, Doc. 1040-1 at 5-7, correctly states the law applicable to a district court's treatment of appeal bonds. But as to the bond being sought here, Plaintiffs' motion is specific: "despite the enormous harm the Objectors are inflicting on the settlement class by delaying any relief by months or even years—Plaintiffs seek only a modest bond for the costs of appeal. Taxable costs listed in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39 are customarily included in an appeal bond." Doc. 1040-1 at 17. Plaintiffs have not requested a bond for attorneys' fees, as challenged by Huang. Doc. 1056 at 2-4, citing *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002). Nor have

---

[1] Andrews' arguments regarding his alleged entitlement to proceed *in forma pauperis* should be rejected for the reasons previously stated (Doc. 998).

they requested that the bond include an amount for delay or disruption of settlement administration, or for fees, for a frivolous appeal under Federal Rule of Appellate Procedure 38, as suggested by West and Frank. Doc. 1058 at 3-4, citing *Muransky v. Godiva Chocolatier*, 2016 WL 11601010, at *3 (S.D. Fla. Dec. 19, 2016); Doc. 1057 at 15-19. Moreover, to be clear, Plaintiffs seek only a bond for the costs of appeal that are recoverable under Rule 7.[2]

The objectors' main dispute is with the amount of the requested bond. They assert it should be something like $1,000, and not the requested $20,000. In connection with this argument, Frank and Watkins (joined by West) repeatedly accuse class counsel of "misleading" the Court and acting in "bad faith." Those claims are false—Plaintiffs' summary of the law is accurate and certainly not intended to mislead the Court or anyone else.[3] As seems to be standard practice for

---

[2] Because the costs for which Plaintiffs seek a bond are recoverable under Rule 7, it is unnecessary for the Court to consider whether a *supersedeas* bond under Federal Rule of Appellate Procedure 8 that would allow for other costs to be included in the amount of the bond is also appropriate.

[3] Plaintiffs' memorandum cites several cases for the accurate proposition that "Courts frequently require objectors who have appealed from final approval orders to post substantial bonds." Doc. 1057 at 10. Frank criticizes Plaintiffs' citation of *Tennille v. Western Union Co.*, 2013 WL 5716877 (D. Colo. Oct. 21, 2013), and *In re Uponor*, 2012 WL 3984542 (D. Minn. Sept. 11, 2012). The court of appeals in *Tennille* subsequently "affirm[ed] the district court's decision to impose an appeal bond," but "decreas[ed] the amount of that bond" to $5,000. *Tennille v. W. Union Co.*, 774 F.3d 1249, 1258 (10th Cir. 2014). The order in *In re Uponor* does not

3

the objectors in this case, they claim class counsel should be sanctioned.[4] Plaintiffs will not engage in the objectors' food fight. Suffice it to say there is ample authority for the proposition that a bond for allowable costs on appeal may be appropriately estimated, and the requested $20,000 bond here fits comfortably in the range of permissible appeal bonds. *See, e.g.*, *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2-3 (D.N.J. July 2, 2007) ($25,000 bond reasonable under Rule 7 in complex multi-party objector appeal); *In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741, at *3 (S.D.N.Y. March 5, 2010) (ordering $50,000 Rule 7 bond where there existed a voluminous record and multiple appellants), *reconsideration denied*, 2010 WL 2033811 (May 21, 2010); *In re*

---

show any negative history on Westlaw, but the court of appeals did enter an unpublished stay of the district court's order requiring an appeal bond in excess of $25,000. A subsequent decision references this unpublished stay order in its discussion of the case, but because the settlement class did not challenge the stay order, and the objectors did not further challenge the bond, the court of appeals did not address it further. However, the court did agree that the amount of the bond was excessive. *In re Uponor, Inc.*, *F1807 Plumbing Fittings Prod. Liab. Litig.*, 716 F.3d 1057, 1062 & n.3 (8th Cir. 2013) (citing unpublished order granting in part motion for stay of appeal bond order). That the *Tennille* and *Uponor* district court decisions were altered on appeal—subsequent history that was unintentionally omitted from the memorandum—does not change the point they were intended to illustrate. A corrected proposed order is submitted herewith.

[4] Frank is already seeking sanctions against class counsel in the Eleventh Circuit, before any substantive briefs have been filed or a briefing schedule has even been set.

*Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *10 (N.D. Cal. Aug. 2, 2011) (ordering $20,000 bond under Rule 7).

The amount of bond requested is particularly appropriate given the multiplicity of filings by Frank and the other objectors, the required paper printing and service, and the necessity of transcripts from the hearing on the motion for notice, the final approval hearing, and the nine other hearings in the case that may be relevant to issues raised on appeal, several of which are fact-sensitive. The objectors who are pursuing appeals, not Plaintiffs, should bear the risk of what these costs will prove to be. *In re Ins. Brokerage*, 2007 WL 1963063, at *2 ("The purpose of an appellate cost bond is to protect the rights of appellees."). Regardless, if the Court believes that their estimate of the potential recoverable appeal costs is too high, Plaintiffs request that a bond in a lesser amount be set. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 2012 WL 456691, at *3 n.6 (S.D. Fla. Feb. 14, 2012) (requiring $5,000 appeal cost bond under Rule 7).[5]

Finally, the objectors claim they should not have to post the entire bond amount. As stated in the motion, each objector should independently post the full

---

[5] Frank and Watkins appear to concede that recoverable costs under Rule 7 will be at least $1,000 (see Doc. 1057. at 1, 3) and thus ordering them to post a bond in that amount would be minimally appropriate. *See Tennille*, 774 F. 3d at 1257 (court approved bond for $5,000, which the objector conceded would be proper to cover printing, copying, and record preparation costs).

bond amount because if one of the objectors posted a fractional portion of the bond amount—as they now request—that objector could still proceed on every issue on appeal, but Plaintiffs' appeal costs would not be fully secured. *See Muransky v. Godiva Chocolatier, Inc.*, 2017 WL 11220677, at *2 (S.D. Fla. Jan. 9, 2017).

The Court should grant Plaintiffs' motion for appeal bonds and enter the corrected proposed order submitted herewith.

Dated: April 20, 2020                                Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Consumer Plaintiffs' Co-Lead Counsel*


*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Consumer Plaintiffs' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Consumer Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply memorandum has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Norman E. Siegel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel for parties who are registered ECF users will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following Objector-Appellants via U.S. Mail and electronic mail on April 20, 2020:

George Willard Cochran, Jr.
1981 Crossfield Circle
Kent, Ohio 44240
lawchrist@gmail.com

Shiyang Huang
2800 SW Angler Court
Topeka, Kansas 66614
defectivesettlement@gmail.com

John William Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, Florida 33607
john@johnwdavis.com

12

I also certify that copies of the foregoing were served upon the following *pro se* Objector-Appellants by depositing those copies into a U.S. mailbox on April 20, 2020:

Christopher Andrews
P.O. Box 530394
Livonia, Michigan 48153

                                                */s/ Norman E. Siegel*