## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT CONSUMER ACTIONS Chief Judge Thomas W. Thrash, Jr. |

## [PROPOSED] ORDER GRANTING CONSUMER PLAINTIFFS' MOTION FOR APPEAL BOND

The Court having considered Consumer Plaintiffs' Motion for Appeal Bond and the arguments of the Consumer Plaintiffs and Objectors/Appellants Theodore H. Frank and David R. Watkins, Mikell West, George W. Cochran, Christopher Andrews, and Shiyang Huang (collectively, "Objectors"), and pursuant to this Court's authority under Fed. R. App. P. 7, the Court hereby **GRANTS** the Motion.

## I.    INTRODUCTION

On January 13, 2020, the Court, following briefing and a final fairness hearing held on December 19, 2019, issued its Order granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorneys' Fees, Expenses, and Service Awards (Docs. 956, 1029 (as amended March 17, 2020)). The Court carefully considered each Objector's objections and found that

each lacked merit and overruled them in their entirety. (Doc. 1029 at 37-82, 93-103). Objectors filed their respective Notices of Appeal on January 17, 2020 (Doc. 965 (Huang)); February 10, 2020 (Doc. 977 (Frank and Watkins); Doc. 985 (Andrews); Doc. 989 (Cochran)); and February 11, 2020 (Doc. 982 (West)). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), these notices of appeal took effect as of the Court's decisions on certain post-judgment motions on March 17, 2020. (Docs. 1026, 1027).

The Court finds that Consumer Plaintiffs are harmed and prejudiced by the appeals lodged by Objectors. Under the terms of the class action settlement, no part of the $380.5 million in cash benefits, the credit monitoring, the other significant non-monetary relief, or the service awards approved by the Court, will be provided to class members until the appeal is resolved. For the reasons stated below, the Court concludes that each objector should post a bond of $20,000 to secure the costs of appeal.

## II.   LEGAL ANALYSIS

### A.   REQUIRING OBJECTORS TO POST AN APPEAL BOND AS A CONDITION TO PROSECUTING THEIR APPEALS IS APPROPRIATE.

Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. In

addition, while it need not order a bond under Rule 8 here, Federal Rule of Appellate Procedure 8(a)(1)(B) empowers the district court to approve a supersedeas bond, which is justified where an objector's appeal effectively stays consummation of the settlement and distribution of its benefits. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012); *Aboltin v. Jeunesse LLC*, 2019 WL 1092789, at *3 (M.D. Fla. Feb. 15, 2019); *Allapattah Servs., Inc. v. Exxon Corp.*, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006). Further, courts have inherent authority to require an objector to post a bond as a sanction for willful disobedience of a court order or when the objector acts in bad faith or vexatiously. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335-36 (11th Cir. 2002). During the pendency of an appeal, the district court retains jurisdiction to order a bond. *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985).

The purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an unsuccessful appellant. *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998); *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007) ("The purpose of an appellate cost bond is 'to protect the rights of appellees.'") (citation omitted). "In many cases, an appeal bond is 'necessary to provide some level of security to Lead Plaintiffs who have no assurances that

Appellants have the ability to pay the costs and fees associated with opposing their appeals.'" *In re Ins. Brokerage*, 2007 WL 1963063, at *2 (citation omitted).

> Rule 39(e) provides for costs to be routinely included in appeal bonds. The costs that can be included in a Rule 7 bond are not, however, limited to costs defined by Rule 39. The district court has substantial discretion to determine the amount of a bond necessary to ensure the payment of costs on appeal.

*In re Checking*, 2012 WL 456691, at *2 (internal citations and footnote omitted) (citing *Pedraza*, 313 F.3d at 1327; *Sckolnick v. Harlow*, 820 F. 2d 13, 15 (1st Cir. 1987)). A district court's decision to impose a cost bond is typically reviewed for abuse of discretion. *Pedraza*, 313 F.3d at 1328.

When determining if an appeal bond is appropriate, courts consider several factors, including: (1) the appellant's financial ability to post a bond; (2) the merits of the appeal; (3) whether the appellant has shown any bad faith or vexatious conduct; and (4) the risk that the appellant will not pay the costs if the appeal is unsuccessful. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 721 F Supp. 2d 210, 212 (S.D.N.Y. 2010); *In re Checking*, 2012 WL 456691, at *2. In this case, each of these factors supports imposition of an appeal bond.

Where an objector fails to present any evidence of financial hardship, the objector's ability to post a bond is presumed. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010); *In re Polyurethane Foam*

*Antitrust Litig.*, 178 F. Supp. 3d 635, 641-42 (N.D. Ohio 2016); *In re Cardizem CD Antitrust Litig.*, 391 F. 3d 812, 818 (6th Cir. 2004). The record does not indicate that any Objector is financially incapable of posting a bond.

The lack of merit in Objectors' objections also strongly militates in favor of imposition of a bond: "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani*, 139 F.3d at 79 (citing *Sckolnick*, 820 F.2d at 15).

To prevail on appeal, Objectors must demonstrate that this Court's approval of the settlement and its award of attorneys' fees and expenses and service awards was an abuse of discretion. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011). Objectors' objections, already rejected by this Court, are likely to face a similar fate on appeal. First, the Court found that Objectors Frank of Frank & Watkins, West through his attorney Christopher Bandas, Cochran, and Andrews "have unsuccessfully asserted many of the same or similar objections in other class action settlements," and "that there is no substantial likelihood their objections will be successful on appeal." (Doc. 1029 at 110-114; *see also id.* at 37-82, 93-103 (analyzing each objection and determining each lacks merit)). The Court has likewise concluded that the other

Objector's arguments lack merit and have previously been rejected by other courts. (*See id.* at 54, 56, 58 (finding Objector Huang's objection regarding intra-class conflicts "wholly without merit," previously "thoroughly analyzed and rejected in *Target*," and "particularly weak given the structure of the settlement in this case and the nature of the alleged harm to the class")).

In light of the Court's order, which applies proper legal standards to the facts, it is highly unlikely that Objectors will be able to meet their burden on appeal of demonstrating that this Court abused its discretion in approving the Settlement, in granting attorneys' fees and expenses, and in approving service awards to the class representatives.

Moreover, courts have found evidence of bad faith and vexatious conduct where a serial objector's modus operandi is to withdraw an objection in return for payment. This supports imposition of a bond. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 294. This Court has already found that Objectors Frank, West (through his attorney Christopher Bandas), Cochran, and Andrews "are serial objectors" whose objections were not in the best interests of the class, but rather, were made for their own personal benefit (Doc. 1029 at 110-114).

Likewise, while the Court did not identify Objector Huang as a serial objector, the Court finds that his serial filings in this case work a detriment to the

efficient administration of justice and can be deemed vexatious in their own right. (Doc. 813, 852, 872, 893, 918, 919, 948, 949, 950). He also has previously taken positions found to be meritless in other cases. *See Larson v. Allina Health Sys.*, 2020 WL 583082, at *1-2 (D. Minn. Feb. 6, 2020) (denying "non-party, non-class member Shiyang Huang['s] Motion for Leave to File Amicus Curiae in Support of Neither Party," finding arguments raised "meritless," and concluding "Huang's proposed involvement [would not] be timely, useful, or otherwise helpful to the Court"); *McDonald v. Edward D. Jones & Co., L.P.*, 2020 WL 504865, at *1 (8th Cir. Jan. 31, 2020) (per curiam opinion rejecting objections by Huang to class settlement and attorneys' fee award).

That Objectors do not reside within the Court's jurisdiction is also a factor weighing in favor of a bond: "[T]he Objectors are dispersed around the country and none has offered to guarantee payment of costs that might be assessed against them. In the event the Objectors are unsuccessful on appeal, plaintiffs would need to institute collection actions in numerous jurisdictions to recover their costs. As a result, there is a significant risk of non-payment." *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 293; *see also Dennings v. Clearwire Corp*., 928 F. Supp. 2d 1270, 1271-72 (W.D. Wash. 2013) ("[T]here is a risk of nonpayment of appeal

costs given that both objectors live in Texas, and it may therefore be difficult to enforce a cost order imposed upon them.").

Thus, the Court concludes ordering Objectors to post a bond is justified.

**B.    THE REQUESTED BOND IS NECESSARY TO COVER THE COSTS OF THE APPEAL.**

Consumer Plaintiffs request imposition of a modest bond of $20,000 to secure the costs of appeal. The amount of the requested bond is reasonable and appropriate under the facts presented here.

Taxable costs listed in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39 are customarily included in an appeal bond. *See, e.g.*, *In re Polyurethane*, 178 F. Supp. 3d at 642; Wright, Miller & Cooper, *Federal Practice & Procedure* § 3953 (4th ed. 2008). These costs include, among others, preparing and transmitting the record, obtaining necessary transcripts, printing, and copying. *Id.* Courts routinely approve appeal bonds for taxable costs of $20,000 or more without the need for delineating the specific costs that are expected to be incurred. *See, e.g.*, *In re Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2-3 (D.N.J. July 2, 2007) (ordering $25,000 appeal bond, and noting appellees are not "required to make [a] . . . delineated showing of costs for a bond motion" that "anticipate[s] all of the potential costs of a multi-party appeal"); *In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253741, at *3 (S.D.N.Y. March 5, 2010) (ordering

$50,000 Rule 7 bond where there existed a voluminous record and multiple appellants), *reconsideration denied*, 2010 WL 2033811 (May 21, 2010); *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *10 (N.D. Cal. Aug. 2, 2011) (ordering $20,000 bond under Rule 7). This Court takes the same approach here in ordering a $20,000 bond. This is an appropriate amount for an appeal bond considering the potential costs of a multi-party multi-issue appeal, multiple transcripts, and the costs of printing and hard-copy service related to various motions being filed by Frank and other objectors. *See In re Brokerage*, 2007 WL 1963063, at *3.

Each Objector shall independently secure the full bond amount. *See, e.g.*, *Muransky v. Godiva Chocolatier, Inc.*, 2017 WL 11220677, at *2 (S.D. Fla. Jan. 9, 2017) (If "only one of the Objectors posted that bond, the Objector could still proceed on every issue on appeal, yet the costs Plaintiffs would incur would not be reduced by half."); *In re Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d at 218 (ordering bond for which objectors were jointly and severally liable).

## III.   CONCLUSION

Accordingly**,** it is hereby **ORDERED** that:

1.    **Consumer Plaintiffs' Motion for Appeal Bond is GRANTED;**

2.    **Pursuant to Fed. R. App. P. 7, Objectors, as a condition of proceeding with their appeals, SHALL each file a bond in the amount of $20,000 or deposit into the Court registry cash in the amount of $20,000; and**

3.    **Objectors SHALL file with the Clerk of Court and serve on Consumer Plaintiffs' Lead Counsel proof of satisfaction of the bond requirement within 10 days of this Order.**

Dated: This _____ day of _____, 2020

_____
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

Order Proposed and Presented By:

/s/ Kenneth S. Canfield
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS
CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

/s/ Amy E. Keller
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

/s/ Norman E. Siegel
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison
Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering***
***Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Consumer Plaintiffs' State Court*
*Coordinating Counsel*