IN THE UNITED STATES DISTRICT COURT FOR
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 27 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

HARALD SCHMIDT
11291 CHATTERLY LOOP APT 204
MANASSAS VA 20109
PLAINTIFF
CLASS ACTION MEMBER

MDL DOCKET NO 2800
V
CASE NO.: 1:17-md-2800-TWT

EQUIFAX INC, CUSTOMER
DATA SECURITY BREACH LITIGATION
DEFENDANT

## MOTION TO GRANT
## LATE OPT OUT

COMES NOW, THE PLAINTIFF, HARALD SCHMIDT, PRO SE, HEREBY FILES THIS MOTION TO HAVE THIS COURT GRANT A LATE OPT OUT OF EQUIFAX CLASS ACTION SUIT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES 6(b) AND 60(b) TO MODIFY ITS ORDER TO ALLOW A LATE OPT-OUT FROM A CLASS ACTION. AND STATES AS FOLLOWS

ARGUMENT:

1. DEFENDANT NEVER NOTIFIED PLAINTIFF THAT HIS DATA WAS BREACHED PURSUANT TO THE LAWS AND REQUIREMENTS OF THE "VIRGINIA PERSONAL INFORMATION BREACH NOTIFICATION ACT.
IF PLAINTIFF WAS NOT AWARE THAT HIS DATA WAS COMPROMISED HE WOULD NOT HAVE KNOWN TO BE A CLASS ACTION SUIT MEMBER

2. THE EMAIL ADDRESS DEFENDANT PROVIDED HE SENT NOTIFICATION TO OPT OUT OF A CLASS ACTION SUIT IS NOT AN EMAIL ADDRESS THAT BELONGS TO THE PLAINTIFF "SEE EXHIBIT A"
PLAINTIFF'S EMAIL ADDRESS IS HARALD6479@CS.COM

3. DEFENDANT HAS IN HIS RECORDS PLAINTIFF'S ADDRESS BUT CHOOSE NOT TO NOTIFY HIM

4. DEFENDANT IN HIS MOTION TO STAY COUNT 1-8 AND IN HIS RESPONSE MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 50 NEVER RAISED THE ISSUE THAT PLAINTIFF WAS A MEMBER OF THE CLASS ACTION CLASS AND OR THAT HE WAS NOTIFIED VIA EMAIL OF HIS OPT OUT OPTIONS. SEE EXHIBIT "B"

5. DEFENDANT CONCEALED THE EMAIL AND OR THAT PLAINTIFF WAS A MEMBER OF THE CLASS ACTION SUIT NOT ONLY TO THIS COURT BUT ALSO TO THE MULTI JURISDICTIONAL PANEL

6. DEFENDANT CONCEALED THE NOTIFICATION AND THE EMAIL FOR ONLY ONE PURPOSE, TO PREVENT PLAINTIFF TO OPT OUT OF THE CLASS ACTION SUIT CLASS BECAUSE ANY OF THE MENTIONED ACTIONS BY THE DEFENDANT WHERE FILED PRIOR TO THE OPT OUT EXPERATION DATE. IF DEFENDANT WOULD HAVE RAISED THE ISSUES AND PROVIDED THE EMAIL THEY PROVIDED NOW PLAINTIFF WOULD HAVE HAD ENOUGH TIME TO OPT OUT

7. DEFENDANT WILLFUL AND KNOWINGLY CONCEALED THE EMAIL UNTIL NOW. HIS DECEPTION OF THOSE FACTS HAS NOT ONLY COST THE PLAINTIFF FINANCIAL HARM BUT ALSO COST THIS COURT AND THE MULTI JURISDICTONAL PANEL VALUABLE RESOURCES.

8. THIS COURT UNDER FEDERAL RULES OF CIVIL PROCEDURES 6(b) AND 60(b) HAS THE POWER TO MODIFY ITS ORDER TO ALLOW A LATE OPT-OUT FROM A CLASS ACTION

9. MDL NO 2540 MASTER DOCKET NO. 1:14-cv-3722 (JBS-JS)

   CIVIL ACTION NO 06-1142 (RWR)

   VITAMINS ANTITRUST CLASS ACTIONS, 327 F.3d 1207, 1209-10 (D.C. Cir. 2003).

   SPECIFICALLY, "RULE 60(b), PROVIDES THAT ON MOTION AND UPON SUCH TERMS AS ARE JUST, THE COURT MAY RELIEVE A PARTY OR PARTY'S LEGAL REPRESENTATIVE FROM A FINAL JUDGMENT, ORDER, OR PROCEEDINGS FOR THE FOLLOWING REASONS:

   1 MISTAKE
   2 INADVERTENCE
   3 SURPRISE

4 OR EXCUSABLE NEGLECT OR ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT, FED. R. CIV. P. 60 (b). ID AT 1209.

BY DEFENDANT CONCEALING THE FACT OF THE OPT OUT EMAIL PRIOR TO THE EXPERATION DATE OF THE OPT OUT SHOWS CLEAR INTEND AND DECEPTION NOT ONLY TO THIS COURT BUT ALSO THE MULTI JURISDICTIONAL PANEL

SHOULD THE DEFENDANT'S WILFULL AND DECEPTIVE PRACTICES TO CONCEAL SUCH IMPORTANT FACT NOW AWARD HIM THE RIGHT TO USE THE EMAIL THAT DOES NOT EVEN BELONG TO PLAINTIFF AS A DEFENSE AND PUNISH THE PLAINTIFF TO LIVE WITH DATA BREACH AND PII EXPOSURE FOR THE REST OF HIS LIFE WITHOUT PUNISHING THE DEFENDANT
WOULD SUCH DECEPTION BE JUST AND PROPER?

THEREFORE, PLAINTIFF HARALD SCHMIDT, REQUEST THIS HONORABLE COURT TO GRANT HIS LATE OPT OUT.

I ASKED FOR THIS IN THIS 21ST, DAY OF APRIL, 2020

RESPECTFULLY SUBMITTED

HARALD SCHMIDT
PLAINTIFF, PRO SE

CERTIFICATE OF SERVICE

I, HARALD SCHMIDT, HEREBY CERTIFY THAT A COPY OF THIS MEMORANDUM FOR MOTION TO COMPEL WAS SENT VIA EMAIL AND FIRSTCLASS MAIL TO COUNSEL FOR DEFENDANT S. STEWART HASKINS II, 1180 PEACHTREE STREET, N.E., ATLANTA GA 30309 ON THIS 21ST DAY OF APRIL, 2020

RESPECTFULLY

HARALD SCHMIDT
PLAINTIFF, PRO SE

| | |
|---|---|
| **From:** | info@equifaxbreachsettlement.com on behalf of Equifax Breach Settlement Administrator <info@equifaxbreachsettlement.com> |
| **Sent:** | Friday, August 23, 2019 7:49 PM UTC |
| **To:** | nicki6479@yahoo.com |
| **Subject:** | Equifax Data Breach Settlement - You may be eligible for cash, free credit monitoring, and more |

*Exhibit A*

## COURT APPROVED LEGAL NOTICE

### If Your Personal Information Was Impacted in the 2017 Equifax Data Breach, You May Be Eligible for Benefits from a Class Action Settlement

*Un aviso de este acuerdo también está disponible en www.EquifaxBreachSettlement.com/es*

In September of 2017, Equifax announced it experienced a data breach, which impacted the personal information of approximately 147 million people. Equifax has reached a proposed settlement to resolve class action lawsuits brought by consumers alleging Equifax failed to adequately protect their personal information. Equifax denies any wrongdoing, and no judgment or finding of wrongdoing has been made.

If your personal information was impacted in the Equifax data breach, you may be eligible for benefits from the settlement after it becomes final. Under the proposed settlement, Equifax will: (1) pay $380.5 million into a fund to pay benefits to consumers, court-approved fees and costs of class counsel and service awards to the named class representatives, and other expenses; (2) implement and maintain certain data security enhancements; (3) if necessary, pay up to $125 million more to reimburse consumers for out-of-pocket losses resulting from the data breach; and (4) provide certain other relief.

**Are You Eligible:** You are a class member and eligible for settlement benefits if you are a U.S. consumer whose personal information was impacted by the Equifax data breach. If you are unsure of whether you are a class member, visit **www.EquifaxBreachSettlement.com** and click the "Find Out if Your Information Was Impacted" button or call **1-833-759-2982**.

**Benefits:** If you are a class member, you are eligible for one or more of the following benefits:

> **1. Free Credit Monitoring or Cash Payment.** You can get free credit monitoring services. Or, if you already have credit monitoring services, you can request a cash payment of up to $125.
> - The free credit monitoring includes at least four years of three-bureau credit monitoring, offered through Experian. You can also get up to six more years of free one-bureau credit monitoring through Equifax.
> - If you already have credit monitoring services that will continue for at least 6 more months, you may be eligible for a cash payment of up to $125. **The amount you receive may be substantially less than $125, depending on the number of claims that are filed.**

1

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

Exhibit "B"

| | | |
|---|---|---|
| IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) | MDL No. 2800 |
| *Schmidt v. Equifax Information Services LLC*, Case No. 1:19-cv-01125 (E.D. Va.) | ) ) ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF SCHMIDT'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 50

Defendant Equifax Information Services LLC ("Equifax") respectfully submits this response in opposition to *pro se* Plaintiff Schmidt's motion to vacate Conditional Transfer Order No. 50 ("CTO-50"). CTO-50 conditionally transferred certain of Plaintiff's claims to the MDL pending in the Northern District of Georgia concerning the data security incident Equifax announced on September 7, 2017, *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 ("*In re Equifax*").

Mirroring the allegations in hundreds of related cases pending in the *In re Equifax* MDL, Counts 1 through 8 of Plaintiff's complaint allege that "between May 2017 and July 2017, [Equifax] was [the] subject of a date [sic] breach in which unauthorized individuals accessed Equifax's database and the names, social security numbers, addresses, and other personal identifying information (PII) stored therein." *Schmidt* First Am. Compl., attached as Exhibit 1, at p. 2. Plaintiff further alleges that "Equifax violated paragraph 1681b [of the Fair Credit Reporting Act] by furnishing consumer reports to unauthorized or unknown entities or computer hackers." *Id.* at p. 5. Additionally, Plaintiff alleges that "Equifax breached its duties by, among other things: failing to implement and maintain adequate date [sic] security practices to safeguard Plaintiff's PII[;] failing to detect and end the data breach in a timely manner[;] failing to disclose that

Defendant's data security practices were inadequate to safeguard Plaintiff's PII[;] and failing to provide adequate and timely notice of the breach[.]" *Id.* at 9.

These allegations in Counts 1 through 8 of Plaintiff's complaint raise the same or substantially similar factual and legal issues as those at the core of the *In re Equifax* MDL. Indeed, Plaintiff's allegations are encompassed in the Consolidated Consumer Class Action Complaint filed by the lead Consumer Plaintiffs in the MDL. *See, e.g., In re Equifax*, Consolidated Consumer Class Action Complaint, Dkt. No. 374, ¶ 321 (alleging that Equifax improperly furnished Consumer Plaintiffs' "consumer reports . . . in violation of Section 1681b [of the Fair Credit Reporting Act], by disclosing those consumer reports to unauthorized entities and computer hackers"); ¶ 345 (alleging Equifax breached its duty to protect the Consumer Plaintiffs' personal information); and ¶ 347 (alleging various types of injuries purportedly suffered by the Consumer Plaintiffs as a result of the data security incident). Thus, because Plaintiff's Counts 1 through 8 and the related actions in the MDL indisputably "share factual issues concerning the . . . cybersecurity incident," transfer is warranted under Section 1407. JPML Transfer Order, Dkt. No. 550 at 2; *see* Dkt. No. 995 at 1 (ordering transfer over *pro se* plaintiff's objection because plaintiff's case "involves allegations, similar to those in the [*In re Equifax* MDL] actions, that Equifax failed to adequately safeguard plaintiff's personally identifiable information"); Dkt. No. 942 at 1 (same).

Plaintiff does not dispute that Counts 1 through 8 of his complaint share factual and legal issues with the related actions in the *In re Equifax* MDL. Instead, Plaintiff's primary argument appears to be that transferring Counts 1 through 8 to the MDL would be inconvenient and impose an undue burden on Plaintiff. *See generally* Dkt. Nos. 1098, 1100.[1] But this Panel routinely finds

---

[1] In his motion to vacate, Plaintiff states that Count 9 of his complaint—the only unrelated claim severed and remanded to the transferor court—"is a result of Count[s] 1-8." Dkt. No. 1098 at 2. To the extent it becomes apparent in the proceedings in the transferor court that Count 9 is also

2

that "while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole." Dkt. No. 714 at 2 (transferring *pro se* plaintiffs' claims related to the Equifax data security incident and simultaneously separating and remanding unrelated claim); *see* Dkt. No. 840 at 2 (same); *see* Dkt. No. 1105 at 1 (same). Accordingly, because Plaintiff's Counts 1 through 8 indisputably arise from the Equifax data security incident and involve the same or similar allegations as the related actions in the MDL, "transfer will result in efficiencies," "serve the convenience of the parties and witnesses," and "promote the just and efficient conduct of the litigation." *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. MDL 2543, 2:14-cv-04696-MWF-AGR, 2014 WL 5597269, at *1 (J.P.M.L. Oct. 22, 2014).

## CONCLUSION

For the reasons set forth above, Equifax respectfully requests that the Panel deny Plaintiff's motion to vacate CTO-50 and transfer Counts 1 through 8 of his complaint to the *In re Equifax* MDL.

Respectfully submitted this 5th day of November, 2019.

/s/ *S. Stewart Haskins II*
S. Stewart Haskins II
Georgia Bar No. 336104
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5140
shaskins@kslaw.com

*Counsel for Defendant Equifax Information Services LLC*

---

related to the Equifax data security incident, Equifax will notify the Panel and seek transfer of that claim as well.

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## **FINAL ORDER AND JUDGMENT**

On July 22, 2019, the Court granted, pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs' motion for an order directing notice of a proposed class action settlement of consumer claims arising from the data breach announced by Equifax on September 7, 2017. [Doc. 742]. The Settlement Agreement, dated July 22, 2019 [Doc. 739-2], was entered into between the 96 Settlement Class Representatives named in the consolidated complaint [Doc. 374], through Class Counsel, and on behalf of the proposed Settlement Class, and Defendants Equifax Inc., Equifax Information Services, LLC, and Equifax Consumer Services LLC (collectively, "Equifax" or "Defendants"). Plaintiffs and Equifax are collectively referred to herein as the Settling Parties.

In a declaration filed with the Court [Doc. 900-5], the Notice Provider has advised that as of the Notice Date (September 20, 2019), the activities of the Notice Provider were executed in accordance with the Settlement Agreement, the approved