# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## MIKELL WEST'S REPLY IN SUPPORT OF MOTION TO UNSEAL TRANSCRIPT OF JULY 30, 2019 HEARING AND RELATED DOCKET ENTRIES

Neither Consumer Plaintiffs nor Defendants object to the unsealing of the July 30, 2019 telephonic hearing (Dkt. 776 and 777) and related documents under seal (Dkt. 782). Dkt. 1069, 1080. West's motion established that the common-law right of public access outweighs and claimed interest in the continued sealing of the transcript and related docket entries from the July 30, 2019 hearing concerning adjustments to the notice/claims process. *See* Dkt. 776, 777, 782.

While not opposing unsealing, Plaintiffs suggest waiver because West did not affirmatively move to unseal the records as part of his timely objection. West's counsel could find no case limiting a class member's ability to bring a motion to unseal records to the objection deadline.

As Watkins and Frank observe, courts entertain motions to unseal years after the termination of litigation. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 785 (1st Cir. 1988). Further, courts are under a continuing obligation to unseal records "when the reasons for the sealing no longer obtain." *In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001) (continued sealing must be based on "current evidence to show how public dissemination of the pertinent materials now would cause the competitive harm [they] claim").

There is no reason not to keep the judicial records under seal in this class action affecting more than 100 million Americans. Whatever reason was initially articulated must give way to the strong presumption of access. *F.T.C. v. AbbVie*

*Products, LLC,* 713 F.3d 54, 62 (11th Cir. 2013).

## Conclusion

Accordingly, West renews his request for the Court to unseal the transcript from the July 30, 2019 telephonic hearing and related docket entries (776, 777, 782), which are relevant in his appeal before the Eleventh Circuit, and which are presumptively public record.

Dated:      May 6, 2020               Respectfully submitted,

/s/ Robert W. Clore
Robert W. Clore
*Pro Hac Vice*[1]
State Bar of Texas #24012436
Admitted to the United States District Court, Southern District of Texas, ID No. 2032287
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78418
(361) 698-5200

Jerome J. Froelich, Jr.
State Bar No. 278150
McKenney & Froelich
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia  30309-2920
(404) 881-1111

*Attorneys for Objecting Class Member, Mikell West*

---

[1] Dkt. 23 at 4.

## CERTIFICATE OF FONT

I hereby certify that this document has been prepared in compliance with Local Rules 5.1 and 7.1

DATED: April 6, 2020 /s/ Robert W. Clore
Robert W. Clore

## **CERTIFICATE OF SERVICE**

The undersigned certifies that today he filed the foregoing document on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: May 6, 2020                             /s/ Robert W. Clore
                                                              Robert W. Clore