**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**MOTION FOR CLARIFICATION OF THIS COURT'S**
**RULING ON MOTION TO SUPPLEMENT THE RECORD**

Plaintiffs are in receipt of this Court's order granting objectors Frank and Watkins' ("Frank") motion to supplement the record (Doc. 1084) and are prepared to comply with that order. However, immediately prior to this Court's order, the Eleventh Circuit denied Frank's same motion under Appellate Rule 10(e)(2)(C), apparently rejecting Frank's claim that the proposed final approval order was necessary for any issue on appeal, and accepting Plaintiffs' arguments before the Eleventh Circuit that Frank's motion was driven by improper motives. A copy of that Order is attached as Exhibit 1. Frank had filed that motion in the Eleventh Circuit on April 20, 2020, arguing that this Court had denied his motion to supplement the record with the entry of the amended final approval order on March 13, 2020, which denied "[a]ny other motions and requests for specific relief asserted

by objectors." (Doc. 1029 at 122). Therefore, given the Eleventh Circuit's earlier and conflicting holding on the same issue regarding supplementing the record, and the unusual procedural posture of this issue, Plaintiffs request clarification to ensure Plaintiffs should file the proposed order as directed in Doc. 1084.

## FACTUAL BACKGROUND

On January 15, 2020, Frank moved to supplement the record with the proposed final approval order that this Court directed class counsel to submit (as well as the proposed final judgment and consent decree about which he does not complain) supported by a two-page brief. (Doc. 961)  Plaintiffs responded that they had no objection to inclusion of the proposed orders in the record, while noting the motion could appropriately be denied because the existing record was accurate and supported by the evidence. (Doc. 971 at 4)

On March 13, 2020, this Court entered its amended final approval order, which denied "[a]ny other motions and requests for specific relief asserted by objectors," (Doc. 1029 at 122).  On April 20, 2020, Frank renewed his effort to supplement the record with the proposed final approval in the Eleventh Circuit pursuant to Appellate Rule 10(e)(2)(C), telling the appellate court that this Court denied his motion to supplement when it entered an amended final approval order. A copy of his appellate motion is attached as Exhibit 2.  In the motion, Frank

contended that the process by which this Court requested class counsel to prepare a proposed order consistent with its oral ruling from the bench at the conclusion of the final approval in accordance with this Court's Local Rule 7.3 was fundamentally unfair. Frank also contended that the process allowed class counsel to lead this Court into making factually-unsupported findings about him (specifically that he is a serial objector, is not acting in the best interest of the class, and encouraged others to object based on false and misleading information about the settlement). Both in the motion and email correspondence to the parties, Frank previewed for the first time that, after obtaining the proposed order, he might file a motion for summary reversal and to disqualify this Court for misconduct.

Given Frank's stated reasons for requesting the order, Plaintiffs objected in an opposition brief filed on April 30, 2020. A copy of Plaintiffs' opposition brief is attached as Exhibit 3. Plaintiffs began by explaining that Frank's motion both distorted and was contradicted by the record and, to ensure that the Eleventh Circuit had a full understanding of the relevant events, set forth a detailed description of what happened before this Court. The description included the sworn evidence relating to Frank's conduct, the arguments about Frank that class counsel made at the final approval hearing, this Court's adoption of those arguments, and the procedural history leading up to entry of the final approval order. Among other

things, in contrast to Frank's claims in his motion, Plaintiffs specifically pointed out that Frank was put on notice over two weeks before the final approval hearing of Plaintiffs' allegations about him and the evidence supporting those allegations and that Frank's counsel was present when class counsel presented this evidence to the Court, but Frank never contested that evidence or sought an opportunity to respond to it.  Plaintiffs also pointed out that Frank never objected to the process by which this Court asked class counsel to prepare a proposed order, the fact that the process is codified in the Local Rules and, unlike other serial objectors, did not file a Rule 59 motion to challenge the evidentiary basis for the Court's findings about him.

Plaintiffs further pointed out that allowing Frank to obtain the proposed order likely would create a sideshow that would needlessly complicate, delay, and interfere with the final resolution of the appeals.  That is because both the Supreme Court and Eleventh Circuit have consistently upheld a trial court's adoption of a proposed order—and declined to subject it to a different standard of review—so long as the order is supported by evidence and the process is not fundamentally unfair. And, as Plaintiffs pointed out, this Court's findings about Frank are factually supported by the record and there was otherwise nothing unfair about the process. Indeed, he did not object to it until four months later.

## REQUESTED CLARIFICATION

Once the Eleventh Circuit denied Frank's request to supplement the appellate record with the proposed orders submitted by class counsel, his motion seeking the same relief from this Court was likely moot. *Cf. Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.,* 382 F.3d 1276, 1281-82 (11th Cir. 2004) ("a case is moot when the issues presented are no longer live"). *See Leser v. Berridge*, 2011 WL 5036028, at *1 (D. Colo. Oct. 20, 2011) (noting that the trial court had earlier denied as moot a motion to stay pending appeal after the appellate court had denied a similar motion); *U.S. v. Billheimer*, 93 A.F.T.R.2d 2004-1334 (S.D. Ohio 2003) ("Given that the Court of Appeals has overruled the Defendants' Motion … this Court deems the similar motion filed in this Court to be moot") (internal citations omitted).

Even assuming that Frank's motion remained alive after the Eleventh Circuit denied his request to supplement the record with the proposed order, Plaintiffs wish to clarify that this Court does not want to reconsider its order granting the motion. By denying the relief sought by Frank, the appellate court determined that the proposed order is not needed to resolve the appeals from this Court's final approval order. If the proposed order is not needed on appeal, there is no reason for this Court to place the proposed order on the record. Proceedings before this Court are thus concluded.

Further, as Plaintiffs argued above, Frank's appellate motion revealed he intends to use the proposed order to support a meritless crusade to avenge the findings this Court made about him. Because the Eleventh Circuit denied Frank's motion without explanation, it is uncertain whether the appellate court decided against supplementing the record to short circuit Frank's effort. But that seems a reasonable conclusion. If the appellate decision was motivated, even in part, by a desire to keep the focus of the appellate proceedings on the merits of this Court's final approval order rather than on an issue personal to Frank, then this Court, by ordering that the proposed order be placed on the record, will effectively overrule that decision and interfere with the Eleventh Circuit's control over the proceeding before it.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request clarification of the Court's order

(Doc. 1084) regarding whether the record should be supplemented in this Court.

Dated:  May 11, 2020                    Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Plaintiffs-Appellees' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Plaintiffs-Appellees' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

8

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Plaintiffs' Steering
Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Plaintiffs' State Court
Coordinating Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel who have registered will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following objector via electronic mail pursuant to agreement on May 11, 2020:

Shiyang Huang
defectivesettlement@gmail.com

I also certify that copies of the foregoing were served upon the following District Court objectors U.S. Mail (and electronic mail, where listed below) on May 11, 2020:

George Willard Cochran, Jr.
1981 Crossfield Circle
Kent, Ohio 44240
lawchrist@gmail.com

Christopher Andrews
P.O. Box 530394
Livonia, Michigan 48153

*/s/ Amy E. Keller*
Amy E. Keller
*Attorney for Plaintiffs*