IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This filing relates to:<br><br>*Schmidt v. Equifax Information Services LLC*, Case No. 1:19-cv-01125-LMB-JFA | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>MOTION TO GRANT LATE OPT OUT</u>**

Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC (collectively, "Equifax") respectfully submit this opposition to *pro se* Plaintiff Harald Schmidt's Motion to Grant Late Opt Out. As explained below, Plaintiff's Motion should be denied because (i) Plaintiff offers no colorable explanation for his failure to follow the straightforward opt-out procedures outlined in this Court's Order Directing Notice (Dkt. 742); and (ii) Plaintiff's argument is effectively a belated challenge to the validity of the opt-out and notice procedures described and approved in that same Order.

## RELEVANT BACKGROUND

Plaintiff filed his Complaint in Virginia State Court on July 25, 2019, asserting claims for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and negligence.  On August 29, 2019, Equifax removed Plaintiff's case to the United States District Court for the Eastern District of Virginia.  *See Schmidt v. Equifax Information Services, LLC*, E.D.VA. Case No. 1:19-cv-01125-LMB-JFA, Dkt. No. 1.  Plaintiff subsequently filed an Amended Complaint asserting claims (*i.e.*, Counts 1–8) arising out of the Equifax data security incident.  *See Schmidt*, Dkt. 6.

On September 27, 2019, Equifax filed a Notice of Potential Tag-Along Action concerning Counts 1–8 of Plaintiff's Amended Complaint, asking the Judicial Panel on Multidistrict Litigation ("JPML") to transfer those claims to this MDL proceeding.  *In re Equifax Inc., Customer Data Security Breach Litigation*, MDL No. 2800, Dkt. 1079.  On October 11, 2019, the JPML issued Conditional Transfer Order 50 ("CTO-50"), conditionally transferring Counts 1–8 to the *In re Equifax* MDL.  *Id.* at Dkts. 1093–1096.  Plaintiff filed an Opposition to CTO-50 along with a Motion to Vacate CTO-50.  *Id.* at Dkts. 1097–1098.  Briefing on Plaintiff's Motion to Vacate was complete on November 12, 2019.  *Id.* at Dkt. 1139.

Between filing his motion to vacate on October 15 and November 19, 2019—the deadline for class members to send any opt-out requests pursuant to this Court's Order Directing Notice, Dkt. 742—Plaintiff engaged with the *In re Equifax* MDL on five additional occasions. *See id.* at Dkts. 1100 ("Supplemental Information"), 1139 ("Reply to Response to Motion to Vacate CTO-50"), 1140 ("Motion for Miscellaneous Relief"), 1152 ("Opposition to Motion"), 1153 ("Motion to Vacate Order Granting Defendants' Motion for Leave").

On January 13, 2010, while Plaintiff's motion to vacate was pending, this Court granted final approval as to the consumer class action settlement reached by the parties. Final Order and Judgment, Dkt. No. 957. Accordingly, on February 5, 2020, the JPML vacated the CTO it had entered for Plaintiff's action, reasoning that "adding more consumer cases to the MDL at this time, in our view, would delay its resolution unnecessarily." *In re Equifax* MDL, February 5, 2020 Order Vacating Conditional Transfer Orders, Dkt. 1196 at p. 8. Notably, however, the JPML's order observed that Plaintiff's "action[] unquestionably [is] factually related to the MDL proceedings, as [it] involve[s] allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax

3

data breach." *Id*. at 1. Following the JPML's order, the parties resumed proceedings in the Eastern District of Virginia.

On March 12, 2020, Equifax moved to dismiss Counts 1–8 of Plaintiff's operative Amended Complaint—all of which relate to the Equifax data breach, as the JPML noted—based on Plaintiff's failure to opt out of the consumer class action settlement this Court approved. *Schmidt*, Dkts. 68–69. On March 30, 2020, the Eastern District of Virginia granted Equifax's motion to dismiss, stating that "[b]ecause the *In re Equifax* MDL has been resolved by a global settlement agreement of which plaintiff did not opt out, defendants' Motion to Dismiss … is GRANTED." The Court further ruled "that Counts 1–8 of this action be and are DISMISSED WITHOUT PREJUDICE to plaintiff re-filing those counts if the settlement agreement is not affirmed on appeal." *Id*. at Dkt. 88. The Eastern District of Virginia further denied Plaintiff's subsequent Motion for Reconsideration and Motion to Grant Late Opt Out. *Id*. at Dkts. 92-93, 95-96. In doing so, that court stated: "to the extent plaintiff seeks relief from the opt-out provisions of the settlement agreement, that request is properly directed to the *In re Equifax* court, not this court." *Id*. at Dkt. 96 at 1.

On April 27, 2020, Plaintiff filed the Motion now before this Court to grant his late opt out. *In re Equifax* MDL, Dkt. 1072.

4

## **LEGAL STANDARD**

A motion for an extension of time to opt-out of a class settlement is ordinarily analyzed under Rule 6(b)(2). *De Leon-Granados v. Eller & Sons Trees, Inc.*, No. 1:05-CV-1473-CC, 2008 WL 11401779, at *1 (N.D. Ga. Sept. 30, 2008); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368–69 (S.D.N.Y. 1996), *aff'd sub nom. In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996).[1]  Under Rule 6(b)(2), a motion to permit a late opt out requires a showing of excusable neglect by the moving party. *Id*.; *see also In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 253 (11th Cir. 2009) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003)).  To show excusable neglect, "[a] moving party must show both good faith and a reasonable basis for not acting within the specified period." *In re Prudential*, 164 F.R.D. at 368-69.  Moreover,

---

[1] The court *In re Prudential* states in reference to the applicable standard:

> While "[a]dequacy of notice to the class as a whole determines the binding effect of a class settlement on an individual class member," *In re VMS Sec. Litig.*, No. 89 C 9448, 1992 WL 203832 at *5 (N.D.Ill. Aug. 13, 1992), a Court retains the power to allow claimants to file late opt-out requests pursuant to Fed. R. Civ. P. 6(b)(2), 60(b) or 23(d). Courts have usually relied on Rule 6(b)(2) in considering motions for an extension to opt-out of the class, *Georgine v. Amchem Products, Inc.*, No. Civ.A. No. 93–0215, 1995 WL 251402 at *4 (E.D.Pa. April 26, 1995), but the standard for granting relief under all three provisions is generally the same: excusable neglect.

*Id*. at 368-69.

"[e]ven upon a finding of excusable neglect," it is within the sole discretion of the court "whether or not to grant the extension." *Id*.

## ARGUMENT

Plaintiff's Motion should be denied for two reasons:

*First*, Plaintiff's Motion to Grant Late Opt Out offers no colorable explanation for why he should be excused for failing to follow the court-approved procedures for opting out of the consumer class settlement. Instead, Plaintiff argues that Equifax "never notified Plaintiff that his data was breached," and that Plaintiff therefore "would not have known to be a class action suit member." Motion to Grant Late Opt Out, Dkt. No. 1072, Case No. 1:17-md-2800 (N.D. Ga. Jan. 13, 2020) ("Motion to Grant Late Opt Out").

Plaintiff is incorrect. Plaintiff's First Amended Complaint, filed in the Eastern District of Virginia nearly two months *before* the November 19, 2019 opt-out deadline, included detailed allegations that Plaintiff's personal information was impacted in the Equifax data breach.[2] *See Schmidt*, Case No. 1:19-cv-01125-

---

[2] The Settlement Class was defined as: "The approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017." Final Order and Judgment, Dkt. No. 957 at p. 6, Case No. 1:17-md-2800 (N.D. Ga. Jan. 13, 2020).

6

LMB-JFA (E.D. Va.), Dkt. No. 6 at 10 ("Because of Equifax's breach of its duties, Plaintiff's PII has been accessed by unauthorized individuals."); *id*. ("Equifax knew or should have known that a breach of its data security systems would cause damages to Plaintiff."). Accordingly, Plaintiff's assertion that he was unaware his information was breached, and thus unaware of his status as a settlement class member prior to the opt out deadline, is belied by his own filings.

Moreover, Equifax filed a Notice of Tag-Along Action concerning Plaintiff's case on September 27, 2019, nearly two months before the opt-out deadline. Based on that filing, Plaintiff was well aware of Equifax's belief that Counts 1–8 of this action belonged in the MDL with plenty of time to opt out. In fact, Plaintiff moved to vacate CTO-50 *and* filed five other documents with the JPML before the November 19, 2019 opt-out deadline. Plaintiff's suggestions that he was unaware of his status as a settlement class member—and that he was not paying attention to these proceedings such that he was not on notice of the opt-out requirements set by the Court—fail.

*Second*, to the extent Plaintiff's Motion to Grant Late Opt Out takes issue with the opt-out notification procedures themselves, his argument is untimely (and unsound in any event). On July 22, 2019, the Court issued an Order Directing

Notice which provided instructions on how to validly opt out of the settlement class:

> [A]ny settlement class member who wishes to be excluded from the settlement class must mail a written notification of intent to exclude themselves to the settlement administrator at the address provided in the notice, postmarked no later than November 19, 2019 (the 'opt out deadline'). Each written request for exclusion must identify this action, set forth the name of the individual seeking exclusion, be signed by the individual seeking exclusion, and can only request exclusion for that individual … If final judgment is entered, any settlement class member who has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the settlement and final judgment."

Order Directing Notice, Dkt. No. 742, Case No. 1:17-md-2800 (N.D. Ga. July 22, 2019). This Order also stated that the "Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits … are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice" and "satisfy the requirements of Federal Rule of Civil Procedure 23 [and] the constitutional requirement of due process …" *Id.* at Dkt. 742, pp. 6–7.

Moreover, this Court's Order Granting Final Approval of Settlement described that notice process as follows:

> The notice program consists of: (1) multiple emails sent to those

whose email addresses can be found with reasonable effort; (2) a digital and social media campaign using messaging continually tested and targeted for effectiveness; (3) a full-page ad in *USA Today* using plain text designed with input from experts on consumer communications at the Federal Trade Commission as well as a national radio advertising campaign to reach those who have limited online presence; (4) a settlement website on which the long-form notice and other important documents, including various pleadings and other filings from the litigation, are posted; and (5) the ability for class members to ask questions about the settlement via email and a toll-free number staffed with live operators.

*Id.* at Dkt. 956, p. 8. In short, the notice program included a full suite of court-approved notice mechanisms: e-mails to those whose e-mails could be found with reasonable effort; digital and social media campaign; a full-page ad in *USA Today*; a national radio advertising campaign; and a settlement website. And the court-approved settlement administrator and notice provider, not Equifax, effectuated class notice in accordance with the above notice program.

Moreover, the Court's final approval order noted:

The Court-approved notice plan, which as noted above was designed by experienced counsel for the parties, JND (an expert in providing class action notice), Signal (an expert in mass media and data analytics), and experts on consumer communications at the Federal Trade Commission and the Consumer Financial Protection Bureau, effectively reached and engaged the class.

*Id.* at Dkt. 956, p. 74.

Plaintiff here spends much of his Motion focusing on whether he received

the e-mail notice sent from the settlement administrator. Even if Plaintiff did not receive the administrator's email (an issue this Court need not address), Plaintiff ignores that email notification was just one component of the court-approved notice regime. Plaintiff makes no attempt to challenge the overall notice plan or claim that it was inadequate. Plaintiff's argument—that he should be granted a late opt out because he purportedly did not receive the settlement administrator's email—ignores that other forms of notice were implemented and that the notice program was found to have satisfied due process and the requirements of Rule 23. *In re Equifax* MDL, Dkt. 957 at pp. 2-3 (stating that the notice program "effectively reached the Settlement Class, increased prospective class members' awareness of the Settlement, their options, and the benefits available to them; [and] delivered the best notice practicable under the circumstances"). Further, a class member's "lack of actual notice has no impact on the adequacy of the notice procedure or whether [a class member] may be bound by the settlement." *See, e.g.*, *Bishop v. Equifax Consumer Servs., Inc.*, No. 1:07-CV-1203-TCB, 2007 WL 9706823, at *1 (N.D. Ga. Oct. 25, 2007).

    Under these circumstances, Plaintiff's motion should be denied. *See In re Prudential*, 164 F.R.D. at 371–72 ("[T]he Court notes that granting leave to file untimely exclusions 'would undermine the finality of judgments … and would

discourage settlement of [class] actions. Defendants would be loath to offer substantial sums of money in compromise settlements of class actions unless they can rely on the notice provisions of Rule 23 to bind class members.'") (internal citation omitted); *see also Bishop*, 2007 WL 9706823, at *2 ("[Plaintiff's] failure to opt-out by the deadline caused Defendants to proceed with the understanding that her claims would be included in and be bound by the settlement agreement that Defendants structured. The interests of Defendants in obtaining finality and enforcement of the opt-out deadline, coupled with the prejudice that would arise if [Plaintiff] were granted an extension, strongly favor granting Defendants' motion.").

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion.

Respectfully submitted this 11th day of May 2020.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185

11

John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com

*Counsel for Equifax Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B. This Response was prepared on a computer using the Times New Roman font (14 point).

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This filing relates to:<br><br>*Schmidt v. Equifax Information Services LLC*, Case No. 1:19-cv-01125-LMB-JFA | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically serve notice of electronic filing to all counsel of record.

I also hereby certify that I have mailed the foregoing document by United States Mail, postage prepaid, and properly addressed as indicated below to the following non-CM/ECF participants:

Harald Schmidt
11291 Chatterly Loop # 204
Manassas, VA 20109

*Pro se Plaintiff*

/s/ S. Stewart Haskins II
S. Stewart Haskins II