UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 1 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

In re: Equifax Inc. Customer
Data Security Breach Litigation

MDL Docket No 2800
No. 1:17-md-2800-TWT

**CONSUMER ACTIONS**

Chief Judge Thomas W. Thrash, Jr.

**Motion for Reconsideration Of The Unsealing Of His Financial Disclosure Statement, Denial of the Motion To Proceed In Forma Pauperis And Evidence Of Fraud On The Court Which Is Being Ignored**

## Summary

There is no valid reason to unseal the objector's personal financial information other then anger, bad faith, spite and retribution because the court does not like the objector raising the truth about what is happening in this case. The objector requests the information be resealed.

Next, the objector is in sales, a self employed 1099 contractor that is where his income comes from. It's all documented to the penny and yes his expenses match his income every month. Attached is a 2019 1099 copy (Exhibit 1) with the remitter's name and address redacted out since this will be public. The objector requests the in forma motion be approved.

## Argument

### The $380 Million Fraud on the Class and Court Poisons This Approval

The Court of Appeals for the Eleventh Circuit reviews and has defined "fraud upon the court" as "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot performing the usual manner its impartial task of adjudging cases that are presented for adjudication." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985).

"Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious conduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. . . .These parameters are strictly applied because a finding of fraud on the court permits the severe consequence of allowing a party to overturn the finality of a judgment."

Zurich N. Am. v. Matrix Svc., Inc., Nos. 04-5101, 05-5027, 2005 WL 2651382 (10th Cir.Oct. 18, 2005).

"..........we give great deference to such representations and presume them to be true. See Burns, 31 F.3d at 1095 ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he 809*809 always has a duty of candor to the tribunal.") Fed. Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808-09 (11th Cir. 2003)

This Court has emphasized the importance of judicial scrutiny of class action settlements and attorneys' fees. See W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co., 737 Fed. Appx. 457, 464 (11th Cir. 2018) (citing Mirfasihi v. Fleet Mortg. Corp., 356 F.3d 781, 785 (11th Cir. 2004)).

Given the conflicts that arise between the class and their attorneys, the Court demands "careful scrutiny" To ensure "class counsel are behaving as honest fiduciaries for the class as a whole." W. Morgan-E Lawrence, 737 Fed. Appx. at 464.

Based on the evidence, fraud on the court, which is bad faith and misconduct, is exactly what the plaintiffs engaged in even if the court ignores it. Up to thirteen in lawyers representing thirteen law firms that comprise Class Counsel and the Steering Committee willfully fabricated four intentional false lies in four different declarations and one lie in the transcript at the fairness hearing which is fraud on the court and its machinery that resulted in a $380 million approval worth $77.5 million in now poisoned approval.

Those fabrications, which have never been denied or corrected to this day, make those applicable documents they are in fraudulent, rendering them void. The court should have struck them and rejected any approval but remains mute instead. Here is the evidence of the conspiratorial fraud on the court's machinery and class.

The first fabrication is in Class Counsel's Omnibus Declaration In Support Of Plaintiffs' Motion For Final Approval Of Settlement And Response To Various Objections Doc 901 page 40 paragraph 65.

"Another objector in this case—Christopher Andrews (whose objection is postmarked November 20, 2019)—….."

The second fabrication is in Plaintiffs' Response to Objections Doc 902 pg 41, is footnote 34 as follows:

34 "Mr. Andrews' objection was postmarked after the deadline and can be rejected on that basis alone."

The third fabrication is "Class members are eligible to claim ……. ten years of credit monitoring (having a retail value of $1,920 per class member…….", see Plaintiffs' Motion for Attorneys Fees……Doc 858 pg 1 and 12. It's totally false.

The fourth fabrication in the fourth document is "Although Class Counsel has explained that Christopher Andrews' objections are without merit (Doc 902 at 41-42),…" Second Supplement Declaration Doc 939 @39. This is a repeat of the lie that my objection was filed too late so it need not be considered by the court.

The fifth fabrication is made verbally by Mr. Canfield when he intentionally lied to the court at the fairness hearing when he stated to the court "But I think his objection came after we filed." See transcript dated December 20, 2019, Doc 943 pg 90 @ 5. That is the same lie repeated four times now and the court ignores it.

The last date the objection could be mailed was September 19, 2019; it did NOT have to arrive by that date which everyone including the court already knew.

See Long notice

https://www.equifaxbreachsettlement.com/admin/services/connectedapps.cms.extensions/1.0.0.0/a4f6125d-1f25-4e2c-aa90-3f2bb20e811f_1033_EFX_-_Long_Form_Notice.pdf

"To be considered by the Court, your objection letter must be filed electronically with the Court by 11/19/2019 or mailed, postmarked no later than 11/19/2019, to the following addresses: Equifax Data Breach Class Action Settlement Administrator Attn: Objection c/o JND Legal Administration P.O. Box 91318 Seattle, WA 98111-9418" from page 16 of the Long Notice.

The objection was mailed via certified mail along with a supplement on November 19, 2019 and posted on December 05, 2019 arriving the same day after Plaintiffs posted two of their fraudulent documents. Mr. Canfield's intentional lie, made verbally to the court at the fairness hearing on December 20, 2019, was known to be false a full month before the hearing with multiple docket filing as evidence. See Illegal Holding of Objection, Doc 913-2 Exhibit 4 and Exhibit 5. What does the court do with all this knowledge of illegal shenanigans, ignores it.

**Violations of the Georgia Rules of Professional Conduct Voids the Approval**

All thirteen lawyers representing thirteen law firms that comprise class counsel and the steering committee that appeared in this case are under the Georgia Rules of Professional Conduct. Their lies, false declarations and false testimony described above allowed them to obtain the approval by violating the following sections and should be tossed out of the litigation and criminally investigated in this $380 million fraud in the class and the deal reversed or dismissed without prejudice.

## RULE 3.3 CANDOR TOWARD THE TRIBUNAL (WAS VIOLATED)

a. A lawyer shall not knowingly:
   1. make a false statement of material fact or law to a tribunal

   4. offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

## RULE 8.3 REPORTING PROFESSIONAL MISCONDUCT (WAS VIOLATED)

a. A lawyer having knowledge that another lawyer has committed a violation of the Georgia Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, should inform the appropriate professional authority. 9They all knew and stayed silent.)

## RULE 8.4 MISCONDUCT (WAS ENGAGED IN)

a. It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to:
   1. violate or knowingly attempt to violate the Georgia Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

7. knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

The court refuses to see reality that fraud and misconduct is involved in this corrupt deal. It's outright lying to obtain a now fraudulent and poisoned $380 million approval worth an inflated $77.5 million in fees. The objector requests that the court recall the approval and alert the Eleventh Circuit immediately to the evidence of fraud and misconduct on the class and court's machinery.

Last, I was in the courthouse the day before and the day of the fairness hearing talking to a lot of people. I heard a statement made which may explain the court's willful blindness, lack of response and cover-up regarding the meritorious issues and fraud raised in the objector's objection, his testimony, the rubber stamp approval and the motions filed after the hearing that were rejected alerting the court to the misconduct which it illogically refuses to comment on.

The objector can pass a truth detector test about this statement being made that I heard in the courthouse. The statement I heard was (recently) "the judge moved into a nice condo in a ritzy area."

The court's actions and inactions do not jive with the evidence in this case. The court's false and inflammatory language about the objector is designed to cause the Eleventh Circuit not to grant him forma pauperis status which he is clearly entitled to if he has to go that far. Not granting it violates my due process rights but this illegal deal trumps that apparently.

### The Objector Has a Right to Appeal the Court's Decision.

Appeals are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States,* 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v.*

*Pearce,* 395 U.S. 711,724 (1969) ("[a] court is without right to . . . put a price on an appeal. A party's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). *See also Azizian v. Federated Dep't Stores, Inc.,* 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998), *cert denied,* 525 U.S. 875 (1998)).

The merits of an appeal are decided by the appellate court and cannot be shortcircuited by a district court that disapproves of the appeal. *In re American Presidential Lines,* 779 F.2d 714, 717 (D.C. Cir. 1985) *Vaughn v. American Honda Motor Co., Inc.,* 507F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell,* 496 U.S. 384, 407 (1990).1 Thus, "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley,* 687 F.3d 314, 318 (7th Cir. 2012). "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. UniversalBuilders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974)). *Azizian,* 499 F.3d at 961;

As the Ninth Circuit explained, a district court does not get to prejudge the appeal and "deter" appeals it does not like through excessive appeal bonds. *Azizian,* 499

F.3d at 961; *Vaughn*, 507 F.3d at 299; *Am. President Lines*, 779 F.2d 714; *but seeAdsani*, 139 F.3d at 79. If a judge improperly chills appeals of its decisions, it could forever avoid review of its rulings. *Cf. Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("A district judge ought not try to insulate his decisions from appellate review....").

The participants are attempting to cover-up, block review and reversal of the worst approval ever made in a federal court that this objector has reviewed in over 250 settlements spanning a decade. The issues raised in his notice of appeal are meritorious and the court ignores them. The objector request should be granted and the record corrected within three days of the delivery of this motion or the Eleventh will end up seeing this document to counter the false allegations made in Doc's 1086-1089. This deal violates Rule 23(e)(2) and Eleventh Circuit case law. The FBI in Washington and others were tipped off weeks ago to the shenanigans and cover-up taking place in this crooked rigged case. The judge's in other class actions that these lawyers are involved in should be told of the fraud and misconduct in this case so other classes don't get sold out as well.

I certify under penalty of perjury all of the above is absolutely true to the best of my knowledge and belief. */s/ Christopher Andrews*

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com  Dated May 08, 2020

## Certificate of Compliance

I hereby certify that this filing has been prepared in compliance with Local Rules 5.1 and 7.1 (if applicable.)   *[signature]*

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810  E. caaloa@gmail.com   Dated May 08, 2020

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point. (if applicable)

*[signature]*

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810  E. caaloa@gmail.com   Dated May 08, 2020

## Certificate of Mailing

I certify that this document was sent to the Clerk of the Court via prepaid Priority Mail with copies sent to everyone else who are registered with CM/ECF service.

*Christopher Andrews*

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com   Dated May 08, 2020

Clerk of the Court
Richard B. Russell Federal Building
75 Ted Turner Drive, SW Ste. 2211
Atlanta, GA 30303-3309