UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. | |

**FRANK'S AND WATKINS'S OPPOSITION TO
MOTION FOR CLARIFICATION**

There is nothing to "clarify" because the district court's order is unambiguous: "Counsel for the Consumer Plaintiffs will file the proposed orders submitted to the Court regarding the proposed opinion concerning the Court's fairness hearing rulings and proposed final judgment as soon as reasonably possible." Order, Dkt. 1084. Counsel for Consumer Plaintiffs do not claim they cannot understand the order or that they might inadvertently violate the order because it is confusing: they claim they are "prepared to comply with the order." Plaintiffs' Motion to Clarify ("Mot."), Dkt. 1093 at 1. But they are already in willful breach of an order they have not moved to stay or reconsider, because they did not file "as soon as reasonably possible" as the Court required. Order, Dkt. 1084. Class counsel's contumacious conduct threatens to delay an appeal they claim to wish to expedite. The Court should

1

deny class counsel's motion immediately so that appellate briefing can begin with a complete record.

Class counsel suggests that what they are really seeking is for the court to reconsider its order. Mot. at 2. But they neither make such a motion, nor mention the legal standards for reconsideration, meaning they have forfeited any claim to such relief. And for good reason: the motion would be frivolous. *First,* class counsel *did not oppose*, in a timely fashion or otherwise, Frank's motion to correct the record. *See* Plaintiffs' Response to Motion to Supplement, Dkt. 971 at 1 ("Plaintiffs have no objection to making the Proposed Orders part of the record."). Class counsel has forfeited any right to a motion to reconsider just because they've apparently changed their mind about whether they want the Eleventh Circuit to see what they submitted to this Court.[1]

*Second*, the argument they give for the Court "reconsidering" is similarly frivolous, not least because class counsel is once again making false factual and legal contentions. Frank's unopposed Rule 10(e) motion in this Court is not "moot" because of the Eleventh Circuit action. The Eleventh

---

[1] There is no basis for finding Frank has "improper motives" (Mot. at 1) for the documents, and the Eleventh Circuit made no such finding. If the documents do not show improper conduct by class counsel, Frank has no reason to counterproductively dilute his appeal with a losing collateral issue given that he has previously won appeals on an identical Rule 23(a)(4) issue to the one in this case. Of course, if the documents do not show improper conduct by class counsel, class counsel has no reason not to simply disclose them rather than multiplying and delaying proceedings.

Circuit gave no reason for denying Frank's motion and did not "determine[] that the proposed order is not needed to resolve the appeals from this Court's final approval order." Mot. at 5. Class counsel's speculation that the Eleventh Circuit held the contents of the proposed opinion irrelevant to the appeal is wishful thinking. Appellees misrepresented to the Eleventh Circuit that the proposed opinion could not be relevant because Frank's March 12 civil appeal statement—filed before this Court's March 18 amended opinion that resulted in Frank's amended appeal—did not raise any issues relating to the *ex parte* proposed opinion below. *Accord* Plaintiffs' Notice Regarding Motion to Supplement, Dkt. 1077 at 2 (opposing Frank's Eleventh Circuit motion because the relief "has nothing to do with resolution of the issue he has appealed"). But Frank's amended civil appeal statement did raise this issue. This would have been the subject of a motion to reconsider in the Eleventh Circuit if this Court had not granted the Rule 10(e) motion the same day.

Class counsel further argued that the appeals court should deny Frank's Rule 10(e)(2)(C) motion because this Court had not yet ruled on the Rule 10(e)(2)(B) motion. *See* Plaintiffs-Appellees' Corrected Response to Frank and Watson's [sic] Motion for Relief Under Fed. R. App. P. 10(e)(2)(C), Dkt. 1077-2 at 12-13. Because the Eleventh Circuit did not provide reasons for its denial of the motion, it might have denied it for this reason. Class counsel is judicially estopped from claiming that the question became moot in this Court when their argument that the issue was live in this Court might be the reason for the denial. If class counsel wished to demonstrate that the

Eleventh Circuit thought the proposed opinion irrelevant to the record or Frank's motives improper, class counsel's motion to clarify is in the wrong court.

Thus, if this Court "clarifies" its plain-as-day order by denying an unopposed motion it already granted, there will be a motion to reconsider the Rule 10(e)(2)(C) denial in the Eleventh Circuit on or before May 28 on the basis of class counsel's factually false allegations that Frank never had an opportunity to reply to, delaying the appeal further. Frank's unopposed motion for Rule 10(e)(2)(B) relief is not and has never been moot.

Class counsel makes a variety of other false factual allegations about Frank and his appeal, but all of them are irrelevant to the fact that class counsel has no basis for their motion in this Court, and need not be litigated here.

Class counsel has not moved for a stay, and they have not moved to reconsider an order that resulted from an unopposed motion. Though Frank does not seek such findings at this time, class counsel is in contempt for willfully refusing to comply with the Court's order to produce its filings "as soon as reasonably possible." Order, Dkt. 1084.[2]

---

[2] This is not the first time class counsel has unnecessarily delayed the appeal. They previously waited seven weeks after Frank's appeal to move for an entirely unnecessary appeal bond, as Frank, a member of the Eleventh Circuit bar, has never failed to comply with a court order for Rule 38 costs in his decades-long career, and would have no reason to risk discipline over a few hundred dollars in costs. The motion for a punitive $40,000 appeal bond, which made a variety of false factual allegations against Frank, *see Frank's*

## CONCLUSION

There is no need to "clarify" an order that class counsel understands, but is just willfully refusing to obey. The Court should deny the motion to clarify as soon as possible so that class counsel has no more excuses to delay the appeal or try to unfairly prejudice Frank's appeal.

---

Opposition to Motion for Appeal Bond, Dkt. 1057 at 22-25, prevented Frank from agreeing to a briefing schedule by which his opening brief would have already been filed. (Frank has already complied with the Court's appeal bond order, even though the May 11 order—issued after the Court's May 7 order requiring plaintiffs to comply "as soon as reasonably possible"—gave Frank fourteen days to comply. Dkt. 1094; Dkt. 1095. Frank reserves the right to appeal that bond order.) Nor is it the first time class counsel has willfully violated a court order. *Compare* Plaintiffs' Supplemental Declaration, Dkt. 939 (filing response to objections without leave at 11 p.m. the night before the December 19 fairness hearing) *with* Preliminary Approval Order, Dkt. 742 at 15 (requiring oppositions to objections be filed on before December 5). Frank will not cross-move for contempt, because such a motion would simply delay the appeal further. But he reserves the right to make such a motion if class counsel continues to willfully ignore the Court's order.

Dated: May 12, 2020.                /s/ Melissa A. Holyoak
                                    Melissa A. Holyoak, (DC Bar No. 487759)
                                    Hamilton Lincoln Law Institute
                                    1629 K Street, NW Suite 300
                                    Washington, DC 20036
                                    Phone: (573) 823-5377
                                    Email: melissa.holyoak@hlli.org

                                    *Attorneys for Objectors David R. Watkins and Theodore H Frank*

## CERTIFICATE OF FONT

I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 and 7.1.

Dated: May 12, 2020.                                              /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: May 12, 2020.                                              /s/ Melissa A. Holyoak