# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 <br> ) Case No.: 1:17-md-2800-TWT <br> ) <br> ) This document relates to: <br> ) <br> ) FINANCIAL INSTITUTIONS TRACK <br> ) |

**JOINT DECLARATION OF GARY F. LYNCH AND JOSEPH P. GUGLIELMO IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

We, Gary F. Lynch and Joseph P. Guglielmo, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We are Co-Lead Class Counsel for the Financial Institution Plaintiffs ("Plaintiffs") and the proposed Settlement Class in the above-captioned action against Defendants Equifax, Inc. and Equifax Information Services LLC ("Equifax"). We have been involved in all aspects of this litigation since inception. We submit this Joint Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. The information set forth in this Declaration is based upon our personal knowledge and we could testify competently to such information if called upon to do so.

2. Mr. Lynch is an attorney licensed in Pennsylvania and New York, and has been admitted to practice before the Supreme Court of the United States and

1

numerous federal appellate and district courts, including this Court. He has been practicing law for 30 years and represents plaintiffs in complex matters, including many national class actions. Mr. Lynch is a founding member of the law firm of Carlson Lynch, LLP. Mr. Guglielmo is an attorney licensed in New York, Massachusetts and the District of Columbia and is a partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott"), and has successfully prosecuted some of the country's largest and most complex class actions. Mr. Guglielmo has been practicing for over 20 years and has been appointed to leadership positions in numerous class actions and multidistrict litigation. We were appointed Co-Lead Class Counsel by the Court on February 12, 2018 (Doc. 232 at 4–5).[1]

3. A true and accurate copy of the proposed Settlement Agreement and its attachments is being filed with the motion for preliminary approval as **Exhibit A**.

4. As Co-Lead Class Counsel, we aggressively litigated this action from the outset. After we filed a thorough and detailed consolidated amended complaint (Doc. 390), we opposed Equifax's motion to dismiss and obtained a favorable ruling on numerous counts. We continued pressing the action forward by moving for leave to file a second amended consolidated complaint, (Doc. 649), again succeeding in

---

[1] We previously submitted our resumes to this Court in support of our applications for appointment as co-lead counsel (Docs. 189-2 (Guglielmo Resume), 189-3 (Lynch Resume)), and we will provide updated resumes in conjunction with our motion for final approval of the settlement and for awards of attorneys' fees and expenses.

preserving multiple claims. This motion practice involved hundreds of pages of substantive pleading and briefing.

5. We also pushed to conduct as much discovery as possible, negotiating a protective order, ESI protocol, and Rule 502(d) order with Equifax and serving document requests. Equifax produced millions of pages of documents in response to those requests, which we and our co-counsel reviewed. We also subpoenaed approximately sixty third parties, including the major card brands, and obtained and reviewed thousands of pages of documents in response. We took several depositions of current and former Equifax employees, and had noticed numerous additional depositions, including a Rule 30(b)(6) deposition, at the time the settlement was reached.

6. Based on our review of discovery obtained in this case, including information from the card brands regarding the number of Alerted-On Cards and their issuers, we are certain that the proposed settlement class includes thousands of financial institutions.

7. The proposed Settlement Agreement was reached between the parties after extensive arms-length negotiations, including a full-day in-person mediation session on June 3, 2019 with Phillips ADR, a respected mediation firm which also facilitated the settlement in the Consumer track of this MDL litigation. Prior to that mediation, the parties exchanged, and provided to the mediators, comprehensive

memoranda outlining the strengths and weaknesses of their claims and defenses, and responded to written questions posed by the mediators. The mediation was attended by representatives from two of the named Financial Institution Plaintiffs.

8. The parties resumed negotiations after the Court's order granting in part and denying in part leave to amend the complaint, including in-person negotiations between counsel for the Parties on February 6, 2020, at which agreement in principle was reached and memorialized in a term sheet.

9. The parties did not discuss attorneys' fees, costs, expenses, or class representative service awards prior to agreeing to the essential terms of the Settlement.

10. Based upon our experience litigating numerous complex class actions, it is our opinion that the proposed settlement in this case is fair, adequate, and reasonable so as to satisfy the requirements for preliminary approval pursuant to Fed. R. Civ. P. 23(e). The memorandum in support of our motion details the terms of the agreement and the reasons why it satisfies the standards for preliminary approval and authorization of notice under Rule 23.

11. The parties propose the appointment of Analytics Consulting LLC as Settlement Administrator. We have worked with Analytics on data breach settlements involving financial institution plaintiffs in the recent past, and we believe it is well-qualified to administer the notice program and settlement. A declaration

from Analytics is being contemporaneously filed herewith that further attests to its experience handling class settlements of this type.

12. Based on our prior experience in these types of cases and settlements, and working with Analytics on other recent data breach settlements involving financial institution plaintiffs, we believe that the identities and addresses of nearly all of the individual Settlement Class Members are either already known to Analytics or are readily ascertainable from the records of Visa, MasterCard, and the other Card Brands.

13. The lawyers who were appointed by the Court to leadership positions on behalf of Plaintiffs are abundantly qualified and experienced to represent the class, including, specifically, Co-Lead Class Counsel Gary F. Lynch and Joseph P. Guglielmo. In this case, we, along with our respective law firms, Carlson Lynch and Scott+Scott, and our co-counsel, have done substantial work in vigorously pursuing the interests of our clients and the class they sought to represent throughout the litigation. We were assisted in this effort by several additional law firms representing the Plaintiffs which, together with our firms, have extensive experience litigating complex and class actions and have demonstrated particular success in litigating data security breach class actions on behalf of financial institutions.

14. Our deep backgrounds in these types of cases, our extensive factual investigation, our efficient management of the review of millions pages of

documents produced by Equifax and third parties, and our drafting of comprehensive mediation statements assessing the legal and factual strengths and weaknesses of the case, gave us adequate information on which to negotiate and evaluate this Settlement while armed with a strong understanding of the benefits, risks, and compromises involved. The group of lawyers and law firms representing Plaintiffs in this matter are at the forefront of the fast-developing area of data breach law and litigation. Had the action not settled, counsel for Plaintiffs were prepared to devote substantial additional time and effort pressing Plaintiffs' claims through class certification, trial and any subsequent appeal.

15. The Settlement Class Representatives have demonstrated their adequacy in selecting well-qualified Class Counsel, monitoring the litigation, and participating in the mediation process. Additionally, each Settlement Class Member actively communicated with Class Counsel for purposes of advising and consulting with regard to the consequences of the Data Breach and their resulting damages. These communications were crucial to drafting of detailed factual allegations in the consolidated amended complaints and the development of an acceptable settlement proposal. We are aware of no conflicts of interests between the Settlement Class Representatives and the members of the proposed Settlement Class.

16. Based on our experience and expertise, we believe that the Settlement is fair, adequate, reasonable, an excellent result for the class, and represents a

desirable resolution of this litigation. Generally speaking, in the still developing area of data breach litigation, there are many impediments to victory for a plaintiff suffering harm in a data breach, as well as significant impediments to class certification. In this case, all of these uncertainties and impediments are present, as well as the additional issues presented by unique nature of the Equifax Data Breach. Given these litigation risks, this Settlement is a good one for the Settlement Class Members and provides an opportunity for the recoupment of a significant percentage of the losses resulting from the Data Breach.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of May, 2020, in Pittsburgh, Pennsylvania.

*/s/ Gary F. Lynch*
Gary F. Lynch

Executed this 14th day of May, 2020, in Wilton, Connecticut.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo