UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION FILED BY OBJECTOR CHRISTOPHER ANDREWS**

On May 12, 2020, Objector Christopher Andrews filed a self-described "Motion for Reconsideration of the Unsealing of his Financial Disclosure Statement, Denial of the Motion to Proceed In Forma Pauperis And Evidence of Fraud on the Court Which is Being Ignored." (Doc. 1097) The motion should be denied because it does not meet the standard for reconsideration, is clearly improper, and on its face is more of the same malicious and bad faith litigation tactics for which Andrews has been appropriately admonished. Moreover, Andrews has now taken the issue to the Eleventh Circuit.

Under Local Rule 7.2, a motion for reconsideration should only be filed when "absolutely necessary," that is when there is newly discovered evidence, an intervening change in the law, or a need to correct a clear error of law or fact. *See,*

*e.g.*, *City of Jacksonville, Fla. v. Municipal Electrical Authority of Ga.*, 2019 WL 7819487, at *1 (N.D. Sept. 18, Ga. 2019). A motion for reconsideration may not be used to present arguments that already have been heard or repackaged to test whether the court will change its mind or offer new theories or evidence that could have been offered previously. *Id.* Andrews has not provided any newly discovered evidence, pointed to a change in the law, or demonstrated a clear error of law or fact. Instead, he has simply tried to re-argue the same matters that this Court has rejected or repackaged them in hopes of a new result.

This Court denied Andrews' motion to proceed *in forma pauperis* because he failed to explain the source of his income and, given his "propensity to make outrageously false statements," his claim that his expenses exactly equal his monthly expenses was not credible. (Doc. 1087 at 1) Further, this Court denied his motion on the separate ground that Andrews is acting maliciously within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). (*Id.* at 1-2) In his motion for reconsideration, the only new support he provides for his claim of poverty is a redacted Form 1099, which Andrews does not even contend was previously unavailable. Regardless, the form does nothing to address this Court's stated concerns. Andrews redacted the source of the income and the form is silent on the issue of his expenses. In any event, the existence of the form does not rebut this

Court's alternative finding that he is not entitled to *in forma pauperis* status on the ground that he is acting maliciously.

The remainder of Andrews' motion for reconsideration consists of nothing more than bad faith and malicious allegations that class counsel are engaged in a fraud that this Court is ignoring and the equally ridiculous suggestion that this Court was paid off to approve the settlement and used the proceeds to buy a "nice condo in a ritzy area." (Doc. 1097 at 8) The Court has already considered Andrews' assertion that class counsel fraudulently induced approval of the settlement and labeled the assertion "frivolous and absurd." (Doc. 1062 at 1) Andrews' latest outrageous allegation about this Court, unsupported by even a shred of evidence, does not even deserve a response.

Finally, on the same day that he filed his motion for reconsideration, Andrews moved the Eleventh Circuit to allow him to appeal *in forma pauperis.* Now that Andrews has taken up the issue with the appellate court, there is no reason for this Court to reconsider its order.

WHEREFORE, Plaintiffs request that Andrews' latest motion be denied.

Dated: May 19, 2020

Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Plaintiffs-Appellees' Co-Lead Counsel*

4

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Plaintiffs-Appellees' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

5

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Plaintiffs' Steering Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this opposition has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Norman E. Siegel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following objector via electronic mail pursuant to agreement on May 19, 2020:

Shiyang Huang
defectivesettlement@gmail.com

I also certify that copies of the foregoing were served upon the following objectors via U.S. Mail (and electronic mail, where listed below) on May 19, 2020:

George Willard Cochran, Jr.
1981 Crossfield Circle
Kent, Ohio 44240
lawchrist@gmail.com

Christopher Andrews
P.O. Box 530394
Livonia, Michigan 48153

                                          */s/ Norman E. Siegel*
                                          Norman E. Siegel