# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
| THEODORE H. FRANK and DAVID R. WATKINS, | CONSUMER ACTIONS |
| Objectors. | Chief Judge Thomas W. Thrash, Jr. |

## FRANK AND WATKINS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE RECORD PURSUANT TO FED. R. APP. P. 10(e)(1)

In support of Objectors Frank and Watkins' motion to clarify, or in the alternative, motion to supplement the record pursuant to Rule 10(e)(1), they state the following:

1.     On December 19, 2019, the Court held the final fairness hearing, approving the class action settlement and awarding attorneys' fees to class counsel. Minute Order, Dkt. 945.

2.     At the December 19 fairness hearing, the Court "directed Mr. Canfield [class counsel] to prepare a written order, to be approved by Mr. Balser [Equifax's counsel], that summarizes the Court's findings. Mr. Canfield suggested submitting to the Court a proposed (1) consent order pertaining to the injunctive relief, (2) opinion containing the Court's ruling,

and (3) final judgment, which the Court approved. All 3 documents to be submitted to the Court at the same time." Minute Order, Dkt. 945.

3.     On January 13, 2010, the Court entered an Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Service Awards (Dkt. 956), Final Order and Judgment (Dkt. 957), and Consent Order (Dkt. 958) (collectively, the "Final Orders").

4.     The proposed orders that the Court directed plaintiffs' counsel to prepare ("Proposed Orders") were not filed on the docket.

5.     On January 15, 2020, Frank and Watkins moved this Court to supplement the record with the Proposed Orders pursuant to Fed. R. App. P. 10(e)(2) which permits a district court to supplement the record "[i]f anything material to either party is omitted or misstated in the record by error or accident." Dkt. 961 at 2 ("Frank's District Court Rule 10(e)(2) Motion") (quoting Fed. R. App. P. 10(e)(2)).

6.     Plaintiffs and defendants did not oppose Frank's District Court Rule 10(e)(2) Motion. *See* Dkts. 971, 974.

7.     On March 17, 2020, the district court filed an Amended Order Granting Final Approval of Settlement ("Amended Final Approval") in which the district court held: "Any other motions and requests for specific relief asserted by objectors are also denied." Dkt. 1029 at 122.

8.     Because Frank believed that the Amended Final Approval had denied Frank's District Court Rule 10(e)(2) Motion, Frank moved the

Eleventh Circuit Court of Appeals pursuant to Rule 10(e)(2) to supplement the record to include the Proposed Orders. *See* Frank's 11th Circuit Rule 10(e)(2) Motion, Appeal No. 20-10249 (filed April 20, 2020).

9.     Plaintiffs and Defendants opposed Frank's 11th Circuit Rule 10(e)(2) Motion. *See* Plaintiffs' Response, Appeal No. 20-10249 (filed April 30, 2020); Defendants' Response, Appeal No. 20-10249 (filed April 30, 2020).

10.     On May 7, 2020, this Court granted Frank's District Court Rule 10(e)(2) Motion directing plaintiffs to file the Proposed Orders on the docket "as soon as reasonably possible." Dkt. 1084 ("May 7 Order").

11.     On May 7, 2020, the Eleventh Circuit denied Frank's 11th Circuit Rule 10(e)(2) Motion without elucidation: "Appellants Theodore H. Frank and David R. Watkins' 'Motion for Relief under Fed. R. App. Proc. 10(e)(2)(C)' is DENIED." *See* Appeal No. 20-10249 (11th Cir. May 7, 2020).

12.     Plaintiffs did not file the Proposed Orders on the record. Instead, on May 11, 2020, plaintiffs filed a "Motion to Clarify" with this Court. Dkt. 1093. In their motion, plaintiffs argued that the Eleventh Circuit had "apparently reject[ed] Frank's claim that the proposed final approval order was necessary for any issue on appeal." *Id.* at 1.

13.     Based on plaintiffs' Motion to Clarify, this Court vacated its May 7 Order granting Frank's Rule 10(e)(2) Motion. Dkt. 1106 ("May 15 Order"). The Court held that in denying Frank's 11th Cir. Rule 10(e)(2) Motion, "the Court of Appeals necessarily found that the proposed orders ***were not material to the appeal***." *Id.* (emphasis added).

14.    After the Court vacated its May 7 Order, Frank and Watkins sought reconsideration in the Eleventh Circuit of Frank's 11th Cir. Rule 10(e)(2) Motion. *See* Frank's 11th Cir. Motion to Reconsider, Appeal No. 20-10249 (filed May 19, 2020). Frank argued that reconsideration was appropriate because (1) if the Eleventh Circuit had denied Frank's Rule 10(e)(2) Motion because the district court had not yet denied Frank's District Court Rule 10(e)(2) Motion, then reconsideration was appropriate because the Court had since explicitly denied it; and (2) if the Eleventh Circuit had denied Frank's Rule 10(e)(2) motion because it was not material to Frank's appeal, then reconsideration was appropriate because it was material to his appeal. *See id.* at 1-2.

15.    On June 8, 2020, the Eleventh Circuit denied Frank's 11th Cir. Motion to Reconsider. *See* Order Denying Motion to Reconsider, Appeal No. 20-10249 (11th Cir. June 8, 2020) (attached hereto at Exh. 1). The Eleventh Circuit held:

> In light of the district court's May 15, 2020 order (Doc. 1106), however, the Court clarifies that its May 7, 2020 order denying Appellants' "Motion for Relief under Fed. R. App. Proc. 10(e)(2)(C)" ***did not "reject[] [Appellants'] claim that the proposed final approval order was necessary for any issue on appeal."*** The Court takes no position on that issue at this time. Instead, Federal Rule of Appellate Procedure 10(e)(2) does not apply because the material at issue was not omitted from the record "by error or accident."

*Id.* (emphasis added). In other words, the Eleventh Circuit denied the Rule 10(e)(2) motion because the omission from the record was intentional, rather than by accident, and Frank and Watkins can only seek relief from the Eleventh Circuit under Rule 10(e)(3).

16.     Now that the Eleventh Circuit has clarified that it did *not* find that the Proposed Orders were unnecessary for Frank's appeal, Frank and Watkins seek clarification regarding the Court's May 15 Order and whether the Court wishes to reinstate its May 7 Order requiring plaintiffs to file the Proposed Orders.

17.     If the Court does not wish to reinstate its May 7 Order requiring disclosure of the Proposed Orders pursuant to Rule 10(e)(2), Frank and Watkins move, in the alternative, to supplement the record with the Proposed Orders pursuant to Rule 10(e)(1). Appellate Rule 10(e) provides:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

>> (A) on stipulation of the parties;

>> (B) by the district court before or after the record has been forwarded; or

>> (C) by the court of appeals.

>(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

18. Because the Eleventh Circuit concluded that Rule 10(e)(2) does not apply because the Proposed Orders were not excluded "by error or accident," Frank and Watkins now request that the Court order disclosure of the Proposed Orders pursuant to Rule 10(e)(1) because the record does not "truly disclose[] what occurred in the district court." Fed. R. App. P. 10(e)(1).

19. Specifically, without the Proposed Orders, the record does not reflect the differences between the Proposed Orders and the Final Orders entered by the Court. Any differences between the Proposed and Final Orders are material. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 (11th Cir. 1997); *see also Waters v. International Precious Metals Corp.*, 190 F.3d 1291, 1299 (11th Cir. 1999); *In re Community Bank of N. Va.*, 418 F.3d 277 (3d Cir. 2005). Inclusion of the Proposed Orders is warranted because it "clarifies [the Eleventh Circuit's] understanding of the process by which the District Judge reached the decision challenged on appeal." *Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. May 4, 1987) (supplementing the record pursuant to rule 10(e)). Indeed, the Proposed Orders directly relate to the issues raised in Frank's appeal. *See* Amended Civil Appeal Statement, Appeal No. 20-10249 (filed May 4, 2020) (attached at Exh. 2).

20. The Court should therefore order submission of and certify a record that includes the Proposed Orders submitted to the Court by plaintiffs' counsel. *See Finney v. Bibb County Pub. Schs, 2006 U.S. Dist. LEXIS 26825,*

*7* (M.D. Ga. May 5, 2006) (supplementing record pursuant to Rule 10(e)(1) because "it is necessary to have a transcript of the entire pre-trial and trial proceedings as part of the record on Appeal for a panel of judges to fully comprehend the background and rationale of the Court's rulings that are a basis of Finney's appeal"); *see Williams v. Aircraft Workers Worldwide, Inc.*, 832 F. Supp. 2d 1347, 1349 (S.D. Ala. 2011) (granting motion to supplement record to include proposed order).

21.     Finally, an order from the Court requiring submission of the Proposed Orders on the record would ensure a complete record and eliminate any further delay on appeal. Frank and Watkins wish to expedite the appeal, but the Eleventh Circuit will not issue a briefing schedule until all disputes relating to the accuracy of the record are resolved. 11th Cir. R. 31-1. (Had class counsel simply placed the Proposed Orders on the docket in January, this collateral dispute would not still be pending and briefing could begin. Frank and Watkins thus ask the Court to rule on this motion expeditiously.)

WHEREFORE, for the foregoing reasons, Objectors Frank and Watkins respectfully request that (1) the Court clarify its May 15 Order (Dkt. 1106) vacating its May 7 Order in light of the Eleventh Circuit's Order denying Frank's Motion to Reconsider including whether this Court will reinstate its May 7 Order (Dkt. 1084); or, in the alternative, (2) settle the record by requiring inclusion of the Proposed Orders in the record pursuant to Fed. R. App. P. 10(e)(1).

Dated: June 8, 2020.           /s/ Melissa A. Holyoak

Melissa A. Holyoak, (DC Bar No. 487759)
Hamilton Lincoln Law Institute
1629 K Street, NW Suite 300
Washington, DC 20036
Phone: (573) 823-5377
Email: melissa.holyoak@hlli.org

*Attorneys for Objectors David R. Watkins and Theodore H Frank*

## CERTIFICATE OF FONT

I hereby certify that this Motion and Memorandum in Support has been prepared in compliance with Local Rules 5.1 and 7.1.


Dated: June 8, 2020.                          /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: June 8, 2020.                                   /s/ Melissa A. Holyoak