# EXHIBIT 2

Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: No. 20-10249

**Caption:**

Shiyang Huang, et al.

v.

Brian Spector, et al.

District and Division: Northern District of Georgia
Name of Judge: Hon. Thomas W. Thrash
Nature of Suit: class action
Date Complaint Filed: Dec. 6, 2017
District Court Docket Number: 1:17-md-02800-TWT
Date Notice of Appeal Filed: 02/10/2020
☐ Cross Appeal    ☑ Class Action

Has this matter previously been before this court?
☐ Yes    ☑ No
If Yes, provide
(a) Caption: _____
(b) Citation: _____
(c) Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| **For Appellant:**<br>☐ Plaintiff<br>☐ Defendant<br>☑ Other (Specify)<br><br>Objectors Theodore H. Frank and David R. Watkins | Melissa A. Holyoak<br>Hamilton Lincoln Law Institute | 1629 K Street NW, Suite 300<br>Washington, D.C. 20006 | melissaholyoak@gmail.com<br>573-823-5377 |
| **For Appellee:**<br>☑ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Kenneth S. Canfield<br>Doffermyre Shields Canfield & Knowles, LLC<br>Attorneys for Plaintiffs-Appellees | 1355 PEACHTREE ST NE STE 1725<br>ATLANTA, GA 30309 | 404-881-8900<br>404-920-3246 (fax)<br>kcanfield@dsckd.com |
| | David L. Balser<br>King & Spalding, LLP<br>Attorneys for Defendants-Appellees | 1180 PEACHTREE ST NE STE 1600<br>ATLANTA, GA 30309-3521 | Direct: 404-572-5109<br>Firm: 404-572-4600<br>dbalser@kslaw.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☐ US Defendant | ☑ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☑ Other  Class Action Final Order and Judgment | Amount Sought by Plaintiff:<br>$ not specified<br>Amount Sought by Defendant:<br>$ _____<br>Awarded:<br>$ _____<br>to _____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary    ☐ Granted<br>☐ Permanent      ☐ Denied |

Page 2                                                                                   11th Circuit Docket Number: __20-10249_____

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression?   ☐ Yes   ☑ No
    What is the issue you claim is one of First Impression? _____

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☑ Yes   ☐ No

    If Yes, provide
    (a) Case Name/Statute  Amchem Prods. v. Windsor, 521 U.S. 591 (1997); Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999); Juris v. Inamed, 685 F.3d 1294 (11th Cir. 2012).
    (b) Citation  Fed. R. Civ. P. 23(a)(4)
    (c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
    (a) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☑ No
    (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐ Yes   ☑ No

    If Yes, provide
    (a) Case Name _____
    (b) Citation _____
    (c) Docket Number if unreported _____
    (d) Court or Agency _____

(4) Will this appeal involve a conflict of law
    (a) Within the Eleventh Circuit?   ☐ Yes   ☑ No
    (b) Among circuits?   ☐ Yes   ☑ No

    If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

   Supreme Court precedent requires separate representation under Rule 23(a)(4) where subgroups of class members have materially different claims creating fundamental intra-class conflicts. Did the district court err as a matter of law when it certified a single nationwide settlement class, though many class members have materially different causes of actions with materially different legal remedies, including state statutory-damages claims that were sufficiently colorable to survive a motion to dismiss?
   Did the district court's class-certification decision impermissibly rely upon inadmissible expert evidence and class counsel's proposed opinion instead of providing the scrutiny required by Rule 23 and the Supreme Court?
   Was the district court's delegation of the drafting of the final approval order fundamentally unfair where the proposed order reflects substantially verbatim duplication of class counsel's proposed opinion--submitted ex parte and then hidden by the district court and class counsel--that overreaches the court's findings from the fairness hearing, and abused the process to make factually unsupported findings against opposing counsel? And if so, is reassignment of the case required?

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS _____4th___ DAY OF _____May_____, ____2020_____.

_____Melissa A. Holyoak_____          _____/s Melissa A. Holyoak_____
             NAME OF COUNSEL (Print)                                    SIGNATURE OF COUNSEL