## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## CONSUMER PLAINTIFFS' REPLY IN SUPPORT OF
## MOTION FOR APPEAL BOND AS TO OBJECTOR JOHN DAVIS

As shown in Consumer Plaintiffs' motion and memorandum in support (Doc. 1110), the Court should order Objector John Davis to post a modest bond of $2,000 under Federal Rule of Appellate Procedure 7 to secure the costs of appeal. This is the same bond the Court previously ordered with respect to the other serial objectors who are similarly situated to Davis. *See* Doc. 1094 (Order to post appeal bonds). Davis's opposition (Doc. 1131) does nothing to change the analysis. For the reasons stated in the pending motion, Consumer Plaintiffs' Omnibus Reply in Support of Motion for Appeal Bond (Doc. 1067), and herein, the Court should order Davis to post an appeal bond as requested.

In opposition, Davis largely makes unpersuasive arguments similar to those made by other objectors in unsuccessfully opposing Plaintiffs' previous request

that they post appeal bonds. Davis has not shown any good reason why he, alone among those who have appealed from the final approval of the settlement, should not be required to ensure payment of the costs of appeal.

First, Davis does not argue he cannot afford to post a bond. To the contrary, Davis asserts he does not present a risk of nonpayment of costs on appeal because he is a member of the Eleventh Circuit bar and because plaintiffs have not identified a specific instance from his more than a dozen previous objections in which he failed to pay costs that were due. *See* Doc. 999 at 2 n.1 (collecting cases in which Davis objected). But the fact that he is a habitual objector who lives outside this Court's jurisdiction is more than sufficient to suggest a risk of nonpayment. This is particularly true in the context of a Rule 7 bond, which is meant to protect the rights of appellees. *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007). Davis should bear the risk of nonpayment.

Second, he argues that Plaintiffs have not itemized and proved the precise costs on appeal. While the costs of copying, printing, and various transcripts, for example, are unknown at this time, the $2,000 appeal bond requested here and already approved by the Court with respect to the other serial objectors is imminently reasonable, and on the low end of appeal bonds regularly approved.

*See, e.g.*, *In re Checking Account Overdraft Litig.*, 2012 WL 456691, at *3 n.6 (S.D. Fla. Feb. 14, 2012) (requiring $5,000 appeal cost bond under Rule 7).

Third, Davis rambles that any delay in delivery of settlement benefits is attributable to class counsel and to the procedures for objecting. This argument is patently absurd, and regardless, irrelevant to the Rule 7 bond sought here. Plaintiffs could—but do not—seek a bond for the costs of the delay caused by Davis's appeal.

Finally, Davis rehashes stale arguments on the merits of his objections to fees and service awards. The Court has repeatedly considered and rejected these objections. *See* Doc. 1029 at 93-94 (Amended Order Granting Final Approval, finding Davis's objection regarding fee calculation is "frivolous"); *id.* at 108 (noting that other courts have "rejected out of hand" objection to the concept of service awards); *id.* at 110 (finding Davis a "serial objector" whose "objections are not in the best interests of the class," and there is "no substantial likelihood [his] objections will be successful on appeal"); Doc. 1026 (denying motion to alter or amend the judgment for the same reasons). Based on those rulings, the Court can appropriately discount the merits of Davis's appeal and consider his bad faith or vexatious conduct, further supporting the requested bond.

The Court should grant Plaintiffs' motion for appeal bond.

Dated: June 12, 2020          Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

***Consumer Plaintiffs' Co-Lead Counsel***

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Consumer Plaintiffs' Co-Liaison Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

***Consumer Plaintiffs' Steering
Committee***

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

***Consumer Plaintiffs' State Court
Coordinating Counsel***

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this reply memorandum has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Norman E. Siegel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel for parties who are registered ECF users will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following Objector-Appellants via U.S. Mail and electronic mail on June 12, 2020:

George Willard Cochran, Jr.
1981 Crossfield Circle
Kent, Ohio 44240
lawchrist@gmail.com

Shiyang Huang
2800 SW Angler Court
Topeka, Kansas 66614
defectivesettlement@gmail.com

John William Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, Florida 33607
john@johnwdavis.com

I also certify that copies of the foregoing were served upon the following *pro se* Objector-Appellants by depositing those copies into a U.S. mailbox on June 12, 2020:

Christopher Andrews
P.O. Box 530394
Livonia, Michigan 48153

Alice-Marie Flowers
P.O. Box 2322
Anderson, Indiana 46108
                .

                                */s/ Norman E. Siegel*