# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 <br> ) Case No.: 1:17-md-2800-TWT <br> ) <br> ) CONSUMER ACTIONS <br> ) <br> ) |

## JOHN W. DAVIS' JOINDER IN FRANK AND WATKINS' MOTION TO CLARIFY, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE RECORD PURSUANT TO FED. R. APP. P. 10(e)(1)

Class member objector John W. Davis hereby joins in class members Frank and Watkins' motion to clarify this Court's May 15, 2020 Order (DE1106) and/or settle the record by requiring publication on the docket of plaintiffs' proposed opinion containing the Court's ruling at the December 19, 2019 fairness hearing, and the proposed final judgment.

On May 7, 2020, this Court ordered counsel for Consumer Plaintiffs to "file the proposed orders submitted to the Court regarding the proposed opinion concerning the Court's fairness hearing rulings

and proposed final judgment as soon as reasonably possible." DE1106. Despite having not originally opposed the relief articulated in the May 7, 2020 order, class counsel refused to comply. Instead, class counsel filed a "motion for clarification" on May 11, 2020. Plaintiffs' "motion for clarification" essentially argued that this Court should reconsider its May 7, 2020 ruling because "By denying the relief sought by Frank, the appellate court determined that the proposed order is not needed to resolve the appeals from this Court's final approval order." DE1093 at 5. The Eleventh Circuit Court of Appeals issued an opinion on June 8, 2020 rejecting class counsel's interpretation and finding that the Court of Appeals did not find that the proposed orders were not necessary on appeal but rather, that the Court of Appeals took "no position on that issue at this time." DE1134-2.

This Court's May 15, 2020 order vacating its May 7, 2020 order to supplement the record is based on class counsel's erroneous interpretation of findings by the Court of Appeals. Specifically, in vacating its May 7 order, this Court found, "the Court of Appeals necessarily found that the proposed orders were not material to the

appeal." DE1106 at 1. Given that the Eleventh Circuit has now rejected that interpretation of its prior holding, Mr. Davis respectfully joins in the request of class members Watkins and Frank for this Court to publicly file the proposed final approval order and proposed judgment to ensure a complete record for appeal.

A complete record is particularly important in this case where the Court has a fiduciary duty to class members to independently assess the merits of each objection and provide a reasonably specific explanation to allow appellate review. *See, e.g., Kincade v. General Tire & Rubber Co.*, 635 F.2d 501, 507 (5th Cir. Jan. 30, 1981) ("the trial court is to 'examine the settlement in light of the objections raised **and set forth on the record a reasoned response to the objections including findings of fact and conclusions of law necessary to support the response**'") (emphasis added) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002) ("We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care

that the law requires of fiduciaries."). The degree to which the proposed orders comport with the balance of the record below will be critical to appellate review of this Court's response to objections.

Controlling precedents and prudent public policy require disclosure of the proposed orders. Allowing secret ex parte communications to inform the Court's decisions is not only contrary to this Court's local rules[1], it is a constitutional violation of class members' due-process rights, and also of the constitutional and common-law rights of access to materials the district court considered in the course of overseeing the case.

Class members have a due process right to see all materials filed in support of motions for class certification, settlement approval, and attorneys' fee awards, just as the parties do. *Cf. Yamada v. Nobel Biocare Holding, AG*, 825 F.3d 536, 544 (9th Cir. 2016) ("the district court's use ... of ex parte, in camera submissions to support its fee order violated Defendants' due process rights").

---

[1] Local Civil Rule 5.1 requires all papers to be filed electronically, including any "proposed order." Local Civ. R. 5.1(A)(1) & App. H-A5.

Moreover, both the common law and the First Amendment provide every class member and the public a presumptive right of access to materials that a court has considered in connection with any important motions in the case.

> "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). The media and public presumptively have a right to access judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam).

*Commissioner v. Advance Local Media, LLC,* 918 F.3d 1162, 1166 (11th Cir. 2019). *See generally Courthouse News Serv. v. Planet*, 750 F.3d 776, 786-87 (9th Cir. 2014) (explaining that "access to public proceedings and records is indispensable predicate to free expression about the workings of government."); *see also* ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES § 11.6.3 (4th ed. 2011) ("[W]ithout a right of access to government papers and places the people will be denied information that is crucial in monitoring government and holding it accountable.").

"'In general, the common law right attaches to any document that is considered a judicial record, which depends on whether the document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (quoting *United States v. Wecht,* 484 F.3d 194, 208 (3d Cir. 2007)). "The common law right of access is not limited to evidence, but rather encompasses all 'judicial records and documents.'" *United States v. Martin,* 746 F.2d 964, 968 (3d Cir. 1984) (quoting Warner Communications, 435 U.S. at 597). The "common-law right of access encompasses 'transcripts, evidence, pleadings, **and other materials submitted by litigants**." *FTC v. AbbieVie Prods. LLC,* 713 F.3d 54, 63 (11th Cir. 2013) (quoting *Martin,* 746 F.2d at 968) (emphasis added).

That the document was not formally entered in to evidence or "filed" on the docket is immaterial—so long as it was in fact submitted to and considered by the court. *See Commissioner v. Advance Local Media, LLC,* 918 F.3d 1161, 1167 (11th Cir. 2019) ("materials submitted by litigants—whether or not they are formally filed with the district court—that are 'integral to the "judicial resolution of the merits"' in any

- 6 -

action taken by that court are subject to the common law right of access"); *In re Cendant Corp.,* 260 F.3d 183, 192 (3d Cir. 2001) ("[a] document may still be construed as a judicial record, absent filing, if a court interprets or enforces the terms of that document, or requires that it be submitted to the court under seal").

The Third Circuit held in *In re Cendant Corp.,* 260 F.3d 183, (3d Cir. 2001), for example, that the public right of access includes sealed bids submitted to the district judge in connection with motions for appointment of class counsel, even though the bids were never formally filed on the docket. That the case was a class action intensified the right of access:

> The right of public access is particularly compelling here, because many members of the "public" are also plaintiffs in the class action. Accordingly, all the reasons ... for the right of access to public records apply with even greater force here. ... Protecting the access right in class actions "promotes [class members'] confidence" in the administration of the case.

*In re Cendant Corp.,* 260 F.3d 183, 193 (3d Cir. 2001) (quoting *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988); *accord Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016) ("[I]n class actions—where by definition some 'members of the

public are also parties to the [case]'—the standards for denying public access to the record 'should be applied . . . with particular strictness.'") (quoting *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001)).

What the court does with a proposed order is tremendously important—and will be critical to appellate review in this case. Whether the text of a proposed order was rejected or extensively revised, on the one hand, or adopted verbatim in substantial part on the other, could be highly relevant to whether the court actually executed its duty of independent judgment and rigorous scrutiny for a proposed settlement class. *See, e.g., Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353, 1373 & n. 46 (11th Cir. 1997); *In re Cmty. Bank of N. Virginia,* 418 F.3d 277, 301 (3d Cir. 2005) (reversing where district court adopted settling parties' findings because "the only evidence we find in the record that the District Court exercised independent judgment is the fact that it said it did"); *Cuthbertson v. Biggers Bros., Inc.,* 702 F.2d 454, 459 (4th Cir. 1983) ("where, as here, plaintiffs' counsel has prepared the findings and the district court has adopted them verbatim, we accord

the findings less 'weight and dignity [than] ... the unfettered and independent judgment of the trial judge'") (citation omitted).

> There is authority for the submission to the court of proposed findings of fact and conclusions of law by the attorneys for the opposing parties in a case, and the adoption of such of the proposed findings and conclusions as the judge may find to be proper.... ***But there is no authority in the federal courts that countenances the preparation of the opinion by the attorney for either side.*** That practice involves the failure of the trial judge to perform his judicial function.

*Bright v. Westmoreland Cty.,* 380 F.3d 729, 731–32 (3d Cir. 2004) (quoting *Chicopee Mfg. Corp. v. Kendall Co.,* 288 F.2d 719, 725 (4th Cir.1961) (emphasis added); *accord Cuthbertson v. Biggers Bros., Inc.,* 702 F.2d 454, 465 (4th Cir. 1983).

If the court refuses to release the proposed orders, moreover, class members (and the public) might well assume the worst. Thus, disclosure is critical to public perceptions concerning the integrity of the judicial process. Indeed, the right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Public observation facilitated by the right

of access "diminishes possibilities for injustice, incompetence, perjury, and fraud." *Id.*  Moreover, "the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.*  The common-law right of access is "instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"'The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Advance Local Media,* 918 F.3d at 1169 (quoting *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007)).  But "'[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* at 1166 n.5 (quoting *Perez-Guerrero v. U.S. Att'y Gen.,* 717 F.3d 1224, 1235 (11th Cir. 2013) (quoting *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006)).  And here, no legitimate interest supports concealing a proposed order from class

members and the public.  Both class counsel and the court are supposed to be fiduciaries to the class, after all.

Plaintiffs have failed to demonstrate good cause for concelaing proposed orders.  Accordingly, Mr. Davis respectfully requests that the Court order disclosure.

DATED:  June 13, 2020          Respectfully submitted,

/s/  John W. Davis
John W. Davis

3030 N. Rocky Point Dr. W., Suite 150
Tampa, FL  33607
Email:  john@johnwdavis.com
Telephone:  813-533-1972

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in compliance with Local Rules 5.1 and 7.1.

/s/ John W. Davis
_____

John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 13th day of June, 2020.

I also certify that copies of the foregoing were served upon the following by electronic mail by agreement.

| | |
|---|---|
| George Willard Cochran, Jr.<br>1981 Crossfield Circle<br>Kent, Ohio 44240 | Shiyang Huang<br>2800 SW Angler Court<br>Topeka, Kansas 66614 |
| Christopher Andrews<br>P.O. Box 530394<br>Livonia, Michigan 48153 | Alice-Marie Flowers<br>P.O. Box 2322<br>Anderson, Indiana 46108 |

    /s/  John W. Davis
John W. Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, FL  33607
(813) 533-1972