UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**WEST'S JOINDER IN FRANK AND WATKINS' MOTION TO CLARIFY,
OR IN THE ALTERNATIVE,
MOTION TO SUPPLEMENT THE RECORD
PURSUANT TO FED. R. APP. P. 10(e)(1)**

Objector West respectfully joins in Frank and Watkin's motion to clarify its May 15th order or alternatively supplement the record pursuant to Fed. R. App. P. 10(e)(1) (Dkt. 1134). The Eleventh Circuit clarified that it "did not 'reject[] [Appellants'] claim that the proposed final approval order was necessary for any issue on appeal." *In re Equifax*, 20-10249, June 8, 2020 Order at 2 (11th Cir.). That was the sole basis for this Court's May 15th vacatur of the May 7th order requiring class counsel to file the proposed orders. Dkt. 1106. With the Eleventh Circuit confirming it made no such finding, this Court should reinstate its May 7th order. Dkt. 1084. Alternatively, the Court order class counsel to file the proposed opinions under Rule 10(e)(1). FED. R. APP. P. 10(e)(1).

As with Frank and Watkins' appeal, the proposed opinion is directly at issue in West's appeal. *See In re Equifax*, Appeal No. 20-10249 West's Modified Civil Appeal Statement, filed May 26, 2020 (11th Cir.). The Eleventh Circuit and other circuits recognize that any differences between proposed and final orders are relevant. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 (11th Cir. 1997). That is particularly the case in the context of a class action settlement, where there is no true adversarial process and independent scrutiny is vital to protect the interests of the class. *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 319 (3d Cir. 2005) (comparing proposed order with court's order, and vacating order approving settlement); *see also W. Morgan-E. Lawrence Water & Sewer*

*Auth. v. 3M Co.*, 737 Fed. Appx. 457, 464 (11th Cir. 2018) ("district courts must therefore 'give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole.'") (quoting *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)).

Without the proposed orders, the appellate record does not "truly disclose[] what occurred in the district court." Fed. R. App. P. 10(e)(1). Further, the proposed orders fall under the umbrella of public's and class members' common-law right of access, which "establish[es] a general presumption that criminal and civil actions should be conducted publicly.'" *F.T.C. v. AbbVie Products, LLC,* 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001)). As West has previously noted, in determining whether records are judicial records, the Eleventh Circuit appears to have endorsed the Second Circuit's approach that the weight of the presumption is a function of how a particular document is used. *See Chicago Tribune,* 263 F.3d at 1311 n. 7 (citing *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995)). That is, "information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo,* 71 F.3d at 1049. For purposes of whether they are judicial records, it is of no consequence that the proposed orders were not filed.

*Commissioner v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) (unfiled records were judicial records for purposes of public access) (quoting *FTC v. AbbVie Prods.*, 713 F.3d at 61.

"The right of public access is particularly compelling" in class actions "because many members of the 'public' are also plaintiffs in the class action." *In re Cendant Corp.*, 260 F.3d 183, 193-98 (3d Cir. 2001). In addition to allowing class members the ability to monitor proceedings affecting their rights, the "openness of class actions provides class members with 'a more complete understanding of the [class action process] and a better perception of its fairness.'" *Id.* (citing *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

Class counsel have made no showing of prejudice or harm that would befall them if the proposed orders were made public. *See Perry v. Nat'l City Bank*, No. 05-CV-891-DRH, 2008 WL 427771, at *1 (S.D. Ill. Feb. 14, 2008) (parties failed to show how they would be harmed by public access to, among other things, proposed order approving settlement). Indeed, they initially indicated they had no opposition to producing the records. Dkt. 971. As such, the public and the class members have a clear right to access them.

## Conclusion

West therefore joins in Frank and Watkin's request for the Court to clarify that the May 7, 2020 order requiring class counsel to file the proposed opinions is

reinstated now that the Eleventh Circuit has dismissed the only ground for vacatur of the order. Alternatively, West requests that the Court to settle the record by including the proposed orders in the record under Rule 10(e)(1).

Dated:     June 15, 2020                    Respectfully submitted,

/s/ Robert W. Clore
Robert W. Clore
*Pro Hac Vice*[1]
State Bar of Texas #24012436
Admitted to the United States District Court, Southern District of Texas, ID No. 2032287
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78418
(361) 698-5200

Jerome J. Froelich, Jr.
State Bar No. 278150
McKENNEY & FROELICH
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia 30309-2920
(404) 881-1111

*Attorneys for Mikell West*

---

[1] Dkt. 23 at 4.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that today he filed the foregoing document on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: June 15, 2020                              /s/ Robert W. Clore
                                                                Robert W. Clore