## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## PLAINTIFFS' OPPOSITION TO FRANK AND WATKINS' MOTION TO CLARIFY OR, ALTERNATIVELY, TO SUPPLEMENT THE RECORD

Offended by this Court's findings that he is a serial objector not acting in the best interests of the class and that he disseminated false information to encourage other objections (Doc. 1029 at 113-14; Doc. 1094 at 7), Objector Ted Frank has engaged in a five-month campaign to prove that the findings are a fiction of class counsel's creation.   According to Frank, class counsel led this Court to unknowingly make the allegedly factually unsupported findings about him by its uncritical adoption of the proposed final approval order Plaintiffs were directed to submit pursuant to local rule.  Frank has unsuccessfully asked both this Court and the Eleventh Circuit to supplement the record with the proposed order and has threatened that, if the record is ever supplemented, he will move for summary reversal and reassignment of this Court for alleged misconduct.

Frank is once again back before this Court seeking the proposed order, arguing that the Eleventh Circuit's recent order denying reconsideration of his motion to supplement the record is a game changer.  It is not.  The Eleventh Circuit did not decide the proposed order is relevant to the pending appeals, but simply said it had not decided that issue.  The fundamental flaw in Frank's position (and that of the other objectors who have joined with him, *see* Doc. 1140; Doc. 1144) remains the same now as before the Eleventh Circuit's latest ruling.  Frank does not need the proposed order to challenge this Court's findings about him.  Whether the findings are factually supported can be easily determined by comparing the order that was actually entered with the record evidence, which in fact Frank did not contest.  It is therefore apparent that Frank's purpose in seeking to supplement the record is to pursue a personal issue immaterial to the substantive objections to the settlement, interfere with the efficient resolution of the appeals, and ultimately delay distribution of the settlement's benefits to 147 million Americans.

## **FACTUAL BACKGROUND**

This is the sixth brief that Plaintiffs have filed in connection with Frank's efforts to supplement the record with the proposed final approval order.  Plaintiffs would much prefer to rely on their prior briefing rather than burden the Court with still more paper. However, instead of referring the Court to portions of briefs filed

elsewhere, Plaintiffs believe they can be most helpful by summarizing the relevant factual background in one place, which they do below.[1]

### A.   Events Leading Up to Entry of the Final Approval Order

On December 5, 2020, two weeks before the final approval hearing, class counsel filed a declaration that, among other things, set forth evidence that Frank (a lawyer who has objected in dozens of class actions) conducted a media and Twitter campaign using inflammatory language to improperly disparage the settlement, misrepresent its terms, and encourage other objections. (Doc. 900-1) *See Manual for Complex Litigation* § 21.33 ("Objectors . . . may not communicate misleading or inaccurate statements to class members about the terms of a settlement to induce them to file objections or opt out.")   For   example,   Frank called the settlement a "scam," accused class counsel of "snookering" the FTC, and made false statements about the settlement's benefits that contributed to widespread public misunderstanding.   (Doc. 900-1, ¶¶ 45-53)   Frank also encouraged others to object on the Class Action Inc. website that featured an

---

[1] Plaintiffs are attaching as exhibits to this brief the relevant Eleventh Circuit briefing and orders, including Frank's initial motion to supplement the record (Ex. A); Plaintiffs' opposition to the motion (Ex. B); the Eleventh Circuit's order of May 7, 2020 denying the motion (Ex. C); Frank's motion for reconsideration (Ex. D); Plaintiffs' opposition to the motion for reconsideration (Ex. E); Frank's reply (Ex. F); and the Eleventh Circuit's order of June 8, 2020 denying the motion for reconsideration (Ex. G). For the Court's convenience of review, Plaintiffs have removed the voluminous Certificates of Interested Persons from these filings.

automated "chat-bot" to drive online objections and blatantly misrepresented the available relief. (*Id.*, ¶¶ 49-51)  This Court later rejected the objections gathered on the website and found that Class Action, Inc., like Frank, had promoted false and misleading information to deceptively generate objections. (Doc. 1029 at 115)

The day before the final approval hearing, class counsel filed another declaration that described Frank's continuing public comments and false statements, including claims that class counsel had "pulled a bait and switch" and were "blaming" a Congresswoman for "their screwed up settlement." (Doc. 939-1, ¶¶ 29-31) At the hearing, class counsel orally detailed the evidence relating to Frank and asked this Court to make appropriate findings regarding his motivation as an objector as provided in Section 21.643 of the *Manual for Complex Litigation* ("a challenge for the judge is to distinguish between meritorious objections and those advanced for improper purposes.")  Class counsel also noted that, while Frank might not necessarily be using his objection to extort a payoff, he was pushing arguments he had made unsuccessfully in other cases and was acting for personal reasons, not to benefit the class.  To illustrate the point, class counsel described Frank's touting as a "win" his objection in the *Target* data breach litigation, where he unsuccessfully made the same intra-class conflict argument he

made here and accomplished nothing for the class except to delay distribution of their settlement benefits for two years.  (Tr., 85:18-94:24)

Frank never challenged the evidence in class counsel's declarations, even though the first declaration was submitted more than two weeks before the final approval hearing, leaving him ample time to respond (although Frank did spend time trying to disqualify one of Plaintiffs' experts, Doc. 909).  Further, at the hearing, Frank's lawyer never disputed the evidence or class counsel's arguments about him, notwithstanding she was present and participated. And, contrary to Frank's claim to the Eleventh Circuit, his lawyer never asked for an opportunity at the hearing to brief the issue of whether Frank was a serial objector or had acted improperly, and this Court never denied such a request.[2]  (Ex. B at 10-11)

---

[2] In his Eleventh Circuit filings, Frank repeatedly misrepresented the record, seeking to create the misimpression that this Court is "sloppy" and biased against him.  For example, Frank falsely implied that the idea for filing a proposed order originated with class counsel (Ex. A at i) ("Class counsel volunteers to provide a proposed order").  Frank also falsely claimed that this Court made no findings in its oral rulings about the improper purpose of any of the objectors (Ex. A at 7); that "Judge Thrash has previously rubber-stamped opinions without reviewing for accuracy" (*id.* at 12); that there were major inconsistencies between the Court's oral rulings and its written order (*id.* at 1, 13-14); that this Court, in noting that a *pro hac vice* motion filed by another objector had been denied, "was so sloppy that the court was compelled to amend its opinion in response to a Rule 59 motion," even though this Court's order was objectively correct (*id.* at 14); that the proceedings were unfair because his objection was limited to 25 pages while class counsel were allowed to "evade page limits" and file papers out of time and he was denied the opportunity to respond to the evidence about him (*id.* at 15); and that

After oral arguments concluded, this Court announced its rulings from the bench and explained its rationale at some length, including its conclusion that some of the objectors were not acting in the best interest of the class for the reasons class counsel had given. (Tr. at 113-122)  In accordance with N.D. Ga. L. Civ. R. 7.3, this Court then directed class counsel to prepare a written order that "summarizes my rulings on the motions and my adoption basically of the arguments that have been made by the Plaintiffs and by Equifax in the hearing today," obtain Equifax's approval as to form, and submit it for consideration.  (Tr., 122:15-20)  Class counsel suggested that, in lieu of a single order, they submit three separate proposals—a final approval order, a final judgment, and the consent order relating to the settlement's injunctive relief—a suggestion the court accepted. (*Id.*, 123:19-124:7)  No one objected to that process, including Frank's counsel.  (*Id.* at 124-25)

As directed, after obtaining Equifax's approval, class counsel emailed the proposed orders to the court in Word format, allowing for their easy revision.  On January 13, 2020, the Court entered the final approval order; the consent order; and the final judgment. (Docs. 956, 957, 958)  Frank only complains about the final approval order, which contains the findings about him.

---

this Court attempted to "manipulate" the appeal by vacating its order directing class counsel to file the proposed final approval order. (Ex. E at 9)

### B.    Frank's Efforts to Supplement the Record

On January 15, 2020, Frank moved to supplement the record with the proposed final approval order supported by a two-page brief that did not mention he might seek summary reversal and reassignment to another judge. (Doc. 961) Neither Plaintiffs nor Equifax objected to his motion, although Plaintiffs noted that the proposed order was immaterial to the issues on appeal.  (Doc. 971 at 4; Doc. 974 at 1)  Also, two objectors (but not Frank) filed motions to amend the final approval order under Rule 59, contending certain factual findings were erroneous. On March 17, 2020, this Court denied one motion to amend (Doc. 1026), granted the other such motion (Doc. 1027), and issued an amended final approval order that was identical to the original order except for the deletion of one sentence.  The amended order included language from the original order generally denying "all motions and requests for specific relief" by objectors, but did not specifically mention Frank's motion to supplement the record.  (Doc. 1029 at 122)

On April 20, 2020, Frank filed a motion to supplement the record in the Eleventh Circuit, asserting that this Court had denied his motion seeking the same relief in the amended final approval order. (Ex. A at 1)  Plaintiffs decided to oppose Frank's new motion when they learned his motivation for obtaining the proposed order was to obstruct and delay resolution of the appeals while he

challenged the findings in the final approval order that were personal to him. (Ex. B at 1)  Plaintiffs argued the proposed order was unnecessary to resolve the merits of the pending appeals; the process below was objectively fair; the final approval order and supporting evidence are in the existing record; and Frank's ultimate goal of summarily reversing the final approval order and removing this Court for purported misconduct was doomed to fail because it was unsupported by any facts or law and he had not objected below to the process or the evidence about him. (*Id.* at 1-2, 14-19)

On May 7, 2020, the Eleventh Circuit denied Frank's motion to supplement the record without explanation.  (Ex. C)  Roughly an hour later, this Court granted the similar motion Frank had filed in January and directed class counsel to file the proposed order.  (Doc. 1084)  On May 11, 2020, uncertain whether the Court was aware of the Eleventh Circuit's earlier ruling or that Plaintiffs no longer consented to the relief Frank sought, Plaintiffs filed a motion for clarification of their obligations. (Doc. 1093) Frank opposed Plaintiffs' motion, contending among other things that class counsel, by filing the motion rather than the proposed order, were "in contempt for willfully refusing to comply with the Court's order." (Doc. 1101 at 4)

On May 15, 2020, this Court treated Plaintiffs' motion as one for reconsideration and, in light of the Eleventh Circuit's ruling, vacated its order granting Frank's motion. (Doc. 1106) The Court explained that, in denying Frank's motion, "the Court of Appeals necessarily found that the proposed orders were not material to the appeal." (*Id.* at 1)

On May 19, 2020, Frank asked the Eleventh Circuit to reconsider its denial of his motion to supplement the record. (Ex. D) According to Frank, three pieces of "new evidence" justified reconsideration: (1) this Court's decision to vacate its order granting his motion to supplement the record, a decision that Frank contended was improper and suggested was motivated by a desire to conceal evidence of "unethical" conduct and "to hide *ex parte* communications from class counsel from appellate scrutiny" (*id.* at 8-9, 10); (2) an amended civil appeal statement he filed that purportedly expanded the scope of the issues on appeal (*id.* at 10); and (3) entry of this Court's order requiring him to post a "punitive" $2,000 appeal bond. (*Id.* at 16) Plaintiffs opposed the motion for reconsideration. (Ex. E)

On June 8, 2020, the Eleventh Circuit denied Frank's motion for reconsideration and clarified why it had denied his original motion, stating:

> In light of the district court's May 15, 2020 order (Doc. 1106), however, the Court clarifies that its May 7, 2020 order denying Appellants' "Motion for Relief under Fed. R. App. Proc. 10(e)(2)(C)" did not "reject[] [Appellants'] claim that the proposed final approval

> order was necessary for any issue on appeal." The Court takes no
> position on that issue at this time. Instead, Federal Rule of Appellate
> Procedure 10(e)(2) does not apply because the material at issue was
> not omitted from the record "by error or accident."

(Ex. G at 1)  In so doing, the Eleventh Circuit made clear that it had not decided

whether the proposed order was necessary for the appeal and that it had denied

Frank's motion because the proposed order was not omitted from the record by

error or accident.

Following the Eleventh Circuit's most recent order, Frank filed his latest

motion requesting this Court to "clarify" its May 15, 2020 order.  The essence of

Frank's motion is that this Court's May 15 order was based on a misreading of the

Eleventh Circuit's denial of his motion to supplement the record.  If this Court

denies his motion to clarify, Frank renews his motion to supplement the record,

once again arguing that he needs the proposed final approval order for purposes of

his appeal.

## **ARGUMENT**

Frank's latest motion is the functional equivalent of a request that this Court

reconsider the decision to vacate its May 7, 2020 order granting his motion to

supplement the record.  *See* Doc. 1106 (order treating motion for clarification as

one for reconsideration).  This Court recently stated the applicable legal standard in

denying a motion for reconsideration filed by objector Christopher Andrews:

> Under Local Rule 7.2, a motion for reconsideration should only be filed when "absolutely necessary," that is when there is newly discovered evidence, an intervening change in the law, or a need to correct a clear error of law or fact.

(Doc. 1145 at 1)

Frank argues that the Eleventh Circuit's order of June 8, 2020 constitutes an intervening change in the law. But that order did not change the law; it only clarified the basis for the appellate court's earlier denial of Frank's motion to supplement the record. And, in any event, even if this Court decides to reconsider the issue of whether the record should be supplemented, Frank's motion still should be denied. That is because the proposed order is unnecessary to resolve the pending appeals and supplementing the record likely will lead to an irrelevant sideshow that will be detrimental to the interests of the class and delay distribution of the settlement's benefits.

## I.    The Eleventh Circuit's Recent Order Does Not Change the Law Or Require Reconsideration

The Eleventh Circuit's June 8 order did not change the relevant law or otherwise affect the merits of Frank's request that the record be supplemented with the proposed final approval order. All the appellate court did was to clarify that it has not decided whether the proposed final approval order is material to the appeals. The Eleventh Circuit's recent order thus does not satisfy the "intervening

11

change in the law" prong of the legal standard applicable to a motion for reconsideration.

Plaintiffs recognize that, if the sole basis for the decision to vacate its May 7 order directing class counsel to file the proposed final approval order was an incorrect assumption about the Eleventh Circuit's reasoning, this Court may want to reassess its decision notwithstanding that the requirements for reconsideration have not technically been met.  However, if the Court does decide to reassess its prior decision, Frank's motion should still be denied for the reasons set forth below.  Indeed, the Court never may have considered these reasons given that neither Plaintiffs nor Equifax objected to Frank's initial motion.

## II.   The Proposed **Final Approval Order Is Not Needed for the Pending Appeals**

Frank contends that the proposed final approval order is material to his appeal because he intends to challenge this Court's findings about him and the process by which those findings were made.  As Frank describes the issue in his amended civil appeal statement filed in the Eleventh Circuit:

> Was the district court's delegation of the drafting of the final approval order fundamentally unfair where the proposed order reflects substantially verbatim duplication of class counsel's proposed opinion--submitted ex parte and then hidden by the district court and class counsel--that overreaches the court's findings from the fairness hearing, and abused the process to make factually unsupported findings against opposing counsel? And if so, is reassignment of the case required?

12

(Doc. 1134-3 at 2)  Setting aside that Frank never objected to the process of having class counsel prepare a proposed order consistent with the local rules and that the Court's findings about him are supported by record evidence he never contested, Frank's appeal can be resolved on the existing record.

Frank does not need the proposed order to challenge the factual sufficiency of the findings this Court made about him, an issue which turns on the typical comparison of the findings in the order with the record evidence.  Whether the Court adopted the findings verbatim from the proposed order is irrelevant in the analysis.  Both the Supreme Court and the Eleventh Circuit have "consistently upheld" even the "verbatim adoption of proposed orders" so long as such orders "are fully supported by the evidence." *Brownlee v. Haley*, 306 F.3d 1043, 1067 n.19 (11th Cir. 2002), *citing Anderson v. City of Bessemer*, *N.C.,* 470 U.S. 564, 572 (1985) ("even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous"); *U.S. v. El Paso Natural Gas Co.,* 376 U.S. 651, 656 (1964) (proposed findings adopted verbatim "though not the product of the workings of the district judge's mind, are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence"); and *Ammons v. Dade City, Fla.,* 783 F.2d 982, 984 n.4

(11th Cir. 1986) (the unconditional adoption of proposed findings by a trial court does not change the standard of appellate review).

Similarly, Frank does not need the proposed order to challenge the fairness of the process this Court followed.  What happened is clear from the existing record, including all of the briefing and supporting declarations, the transcript of the final approval hearing, and the entry of the written final approval order.  Undeniably, Frank had notice and opportunity, both in writing and orally, to contest the evidence and Plaintiffs' allegations relating to his motivation and conduct, but he chose not to do so.  Moreover, his counsel was well aware of the Court's oral ruling at the final approval hearing, the Court's direction to class counsel to prepare a proposed order in accordance with the local rules, and the detailed framework that the Court provided for that order.  But, Frank's counsel did not object to that process.

Under these circumstances, the simple fact that the Court's findings about Frank may have been adopted, even verbatim, from the proposed order does not render the process unfair.  *See, e.g.*, *Anderson,* 470 U.S. at 572-73; *Brownlee,* 306 F.3d at 1067 n.19; *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1030 (11th Cir. 1989) (refusing to vacate a "ghostwritten" order where the losing party had ample opportunity to argue its case, the court ruled after considering extensive briefs and

argument, the request to prepare a written order was not a secret, and no objection was made to the process); *In re Colony Square Co.,* 819 F.2d 272, 276-77 (11th Cir. 1987) (refusing to vacate an order drafted by a party when the court first made a firm decision and then directed counsel to reach a particular result, even though the direction was *ex parte*); *Fields v. City of Tarpon Springs*, 721 F.2d 318, 320-21 (11th Cir. 1983) (declining to reverse findings adopted verbatim from a proposed order because the "district judge had command of the legal issues," was "an active arbiter of the dispute," and thus did not "abdicate his adjudicative role").   The content of the proposed order—and how much or little of it this Court adopted—thus is simply irrelevant to the process argument Frank wants to make.  Whether or not he was treated unfairly turns on an analysis of what happened before the submission of the proposed order, all of which is already in the record.

In short, the existing record discloses what happened here and is sufficient to enable Frank to challenge the process and the findings about him. Supplementation of the record under Federal Rule of Appellate Procedure 10(e)(1) thus is unnecessary.[3]   *See generally Hoover v. Blue Cross & Blue Shield of*

---

[3] None of the cases Frank cites on pages 6 and 7 of his brief support a contrary conclusion.  The cases involve completely different facts and circumstances.  For example, *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1299 (11th Cir. 1999) does not even involve an issue relating to whether the record should be supplemented with a proposed order.  The court simply resolved an alleged conflict

*Alabama*, 855 F.2d 1538, 1543 n.5 (11th Cir. 1988) (denying a motion to supplement because the existing record accurately disclosed what happened).

### III.   Granting Frank's Motion Will Be Detrimental to the Efficient Resolution of the Appeals and the Interests of the Class

Notwithstanding the proposed order is unnecessary to resolve the pending appeals, Plaintiffs would have no objection to filing the proposed order on the record provided doing so would not delay resolution of the appeals and distribution of the settlement benefits to the class.  As described above, there was no impropriety in the process followed by this Court, its findings about Frank are amply supported by record evidence, and thus any attack on the process or the findings is destined to fail.  This is why Plaintiffs did not object when Frank filed his first motion.  However, the reality is that, if the record is supplemented, Frank or other objectors will seek to use the proposed order to obstruct and delay the appeals for their own purposes and, as a result, the class will be made worse off.

Every day that passes until the appeals are finally resolved adversely impacts the class.  By its terms, the settlement cannot be implemented until the appellate process is finished.  Until then, millions of class members will be forced to wait for the credit monitoring services and cash benefits they have claimed and all 147

---

between the parties' settlement agreement and a proposed order that was attached as an exhibit to that agreement, both of which were already in the record.

million class members will be deprived of identity restoration services.  The loss of interest because Equifax is not required to pay the entire $380.5 million into the settlement fund until the appeals are completed alone amounts to millions of dollars per year.  *See* Settlement Agreement, at 4, §2.11, Doc. 739-2 (providing that any interest earned on the settlement fund after Equifax has satisfied its obligation belongs to the class).  The likely intangible losses to the class from the continuing delay may be even greater.

To minimize the adverse impact on the class, Plaintiffs have twice moved to expedite the appeals, so far without success.  The Eleventh Circuit denied the first motion without prejudice, explaining that a briefing schedule could not be set until Objector-Appellant Christopher Andrews' motion for leave to proceed *in forma pauperis* was decided by this Court.  *See* Eleventh Circuit Order dated May 7, 2020 (Doc. 1093 at 2).  Plaintiffs' filed a renewed their motion to expedite the appeals after this Court denied Andrews' motion.  However, Andrews filed another motion to proceed *in forma pauperis* in the Eleventh Circuit.  As a result, under its own rules, the Eleventh Circuit cannot set a briefing schedule until Andrews' latest motion is decided.  Plaintiffs' second motion to expedite thus is still pending.  *See* 11th Cir. R. 31-1(b).

Concerned about the potential for even more delay if this Court grants Frank's most recent motion, Plaintiffs presented Frank and the other objectors with a simple proposal to resolve the dispute about the proposed order on terms that would allow the appeals to move forward expeditiously.  Specifically, Plaintiffs proposed entering into a stipulation pursuant to Federal Rule of Appellate Procedure 10(e)(2)(A) that would take effect if approved by this Court and provide as follows: (1) Plaintiffs would file the proposed final approval order on the docket; (2) the objectors would not move for summary reversal or reassignment of this Court before their opening briefs on the merits are due under the schedule to be set by the Eleventh Circuit; and (3) the objectors would not seek to delay the setting of a briefing schedule or otherwise delay the appeals for any reason relating to the proposed order.  (Ex. H at ¶ 2)  After two of the objectors refused to go along and no objectors had agreed to the stipulation, Plaintiffs abandoned their efforts to reach a compromise.  (*Id.* at ¶ 3)

The objectors' rejection of the stipulation confirms the legitimacy of Plaintiffs' concern about the needless delay that likely will occur if the record is supplemented with the proposed final approval order.  Under Plaintiffs' proposed stipulation, the objectors would get the proposed order and have the ability to file whatever motions they choose relating to the proposed order, provided only that

they give up the opportunity to use the proposed order for delay. That the objectors would not agree to this stipulation reveals that their true purpose is simply to further delay and obstruct final resolution of the pending appeals.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs submit that this Court should deny Frank's motion to clarify its May 7, 2020 order or, alternatively, to supplement the record with the proposed final approval order.

Dated: June 23, 2020                    Respectfully submitted,

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
Ga Bar No. 107744
**DOFFERMYRE SHIELDS**
**CANFIELD & KNOWLES, LLC**
1355 Peachtree Street, N.E.
Suite 1725
Atlanta, Georgia 30309
Tel. 404.881.8900
kcanfield@dsckd.com

*/s/ Amy E. Keller*
Amy E. Keller
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

*/s/ Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*Plaintiffs-Appellees' Co-Lead Counsel*

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

*Plaintiffs-Appellees' Co-Liaison Counsel*

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza, 36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Plaintiffs' Steering Committee*
Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Plaintiffs' State Court Coordinating Counsel*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Roy E. Barnes*
**BARNES LAW GROUP, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   Those counsel will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following objector via electronic mail pursuant to agreement on June 23, 2020:

Shiyang Huang
defectivesettlement@gmail.com

I also certify that copies of the foregoing were served upon the following District Court objectors U.S. Mail (and electronic mail, where listed below) on June 23, 2020:

George Willard Cochran, Jr.
1981 Crossfield Circle
Kent, Ohio 44240
lawchrist@gmail.com

Christopher Andrews
P.O. Box 530394
Livonia, Michigan 48153

Alice-Marie Flowers
P.O. Box 2322
Anderson, Indiana 46108

*/s/ Roy E. Barnes*
Roy E. Barnes
***Attorney for Plaintiffs***