# Exhibit D

Time-Sensitive Motion to Reconsider Denial of Rule
10(e)(2)(C) Motion by Appellants Watkins and Frank

*In re: Equifax Inc. Customer Data Security Breach Litigation*,
No. 17-md-2800-TWT (N.D. Ga.)

Plaintiffs' Opposition to Frank and Watkins' Motion to Clarify
or, Alternatively, to Supplement the Record

Case No. 20-10249-RR
Case No. 20-10609

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SHIYANG HUANG, *et al.*,
Objectors-Appellants,

v.

BRIAN SPECTOR, *et al.*,
Plaintiffs-Appellees.
*and*
EQUIFAX INC., *et al.*,
Defendants-Appellees

On Appeal from the United States District Court
for the Northern District of Georgia,
No. 1:17-md-02800-TWT

**Time-Sensitive Motion to Reconsider Denial of Rule 10(e)(2)(C)
Motion by Appellants Watkins and Frank**

HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
Melissa A. Holyoak
1629 K Street NW, Suite 300
Washington, D.C. 20006
(703) 203-3848

*Attorneys for Objector-Appellants Theodore H. Frank
and David R. Watkins*

## Table of Contents

Eleventh Circuit Rule 26.1-2(a) Statement ...................................................CIP-1

Table of Contents ..............................................................................................i

Table of Authorities ..........................................................................................ii

Introduction ......................................................................................................1

Background ....................................................................................................... 2

Argument .......................................................................................................... 6

I.      Reconsideration is required because class counsel previously argued
        the Rule 10(e)(2)(C) motion was not yet ripe, and is judicially estopped
        from arguing that changed circumstances merit reconsideration. And
        the extraordinary changed circumstances since May 7 by themselves
        merit granting the Rule 10(e)(2)(C) relief. ............................................. 7

II.     The undisclosed *ex parte* communications are material to the amended
        appeal, and this Court never gave Frank an opportunity to reply to
        appellees' manifestly incorrect arguments. ........................................... 10

III.    Reconsideration is also appropriate because of the changed
        circumstances of the district court's punitive appeal bond. ............... 16

        A.      The propriety of the "serial objector" findings of the district
                court if they were based on class counsel's improper *ex parte*
                proposed opinion is relevant to Frank's appeal, but additionally
                relevant for the changed circumstances of Frank's appeal of the
                May 11 punitive appeal bond bootstrapped on those originally
                faulty findings ........................................................................... 16

        B.      Contrary to plaintiffs' arguments, there is no record basis for
                calling Frank a "serial objector." ............................................. 17

Conclusion ...................................................................................................... 19

Certificate of Compliance with  Type-Volume Limit, Typeface Requirements, and
        Type-Style Requirements ...................................................... 20

Certificate of Service ...................................................................................... 21

# Table of Authorities

<u>Cases</u>

*Ammons v. Dade City,*
    783 F.2d 982 (11th Cir. 1986) ........................................................................12-13

*Anderson v. Bessemer City,*
    470 U.S. 564 (1985) ................................................................11-12, 14, 18-19

*Arthur v. King,*
    500 F.3d 1335 (11th Cir. 2007) .................................................................... 6-7

*Bright v. Westmoreland County,*
    380 F.3d 729 (3rd Cir. 2004) ......................................................................... 14

*Chudasama v. Mazda Motor Corp.,*
    123 F. 3d 1353 (11th Cir. 1997) .......................................................11, 15, 16

*In re Community Bank of Northern Virginia,*
    418 F.3d 277 (3rd Cir. 2005) ......................................................................... 12

*CSX Transp. Inc. v. City of Garden City,*
    235 F.3d 1325 (11th Cir. 2000) ...................................................................13-14

*In re Davis,*
    No. 17-13086-J, 2018 U.S. App. LEXIS 20772 (11th Cir. July 25, 2018) ........... 6

*Douglas Asphalt Co. v. QORE, Inc.,*
    657 F.3d 1146 (11th Cir. 2011) ....................................................................... 6

*Edgar v. K.L.,*
    93 F.3d 256 (7th Cir. 1996) ......................................................................... 1, 9

*First Ala. Bank, N.A. v. Parsons Steel, Inc.,*
    825 F.2d 1475 (11th Cir. 1987) ..................................................................... 13

*In re The Home Depot Inc. Shareholder Derivative Litig.,*
    No. 15-cv-02999-TWT, Dkt. 84 (N.D. Ga. Oct. 2, 2017) ...........................10-11

*Hoover v. Blue Cross & Blue Shield,*
    855 F.2d 1538 (11th Cir. 1988) ..................................................................... 13

*Juris v. Inamed Corp.*,
    685 F.3d 1294 (11th Cir. 2012) ........................................................................ 17-18

*King v. Sec'y, Dep't of Corr.*,
    793 F. App'x 834 (11th Cir. 2019) ...................................................................... 14

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ............................................................................................. 8

*Pearson v. Target Corp.*,
    893 F.3d 980 (7th Cir. 2018) ............................................................................. 16

*Poertner v. Gillette Co.*,
    618 F. App'x 624 (11th Cir. 2015) ..................................................................... 19

*Ray Capital, Inc. v. M/V Newlead Castellano*,
    688 F. App'x 829 (11th Cir. 2017) ................................................................. 7, 16

*United States v. El Paso Natural Gas Co.*,
    376 U.S. 651 (1964) ........................................................................................... 12


Rules and Statutes

11th Cir. R. 25-6 ................................................................................................... 19

11th Cir. R. 27-2 ................................................................................................. 1, 6

Fed. R. App. Proc. 10(e) ............................................................................... 4, 10, 19

Fed. R. App. Proc. 10(e)(2)(B) ................................................................... 1, 2, 7, 8

Fed. R. App. Proc. 10(e)(2)(C) ........................................................ 1, 2, 4, 5, 7, 9, 19

Fed. R. App. Proc. 27(a)(4) ................................................................................ 1, 4

Fed. R. Civ. Proc. 23(a)(4) ................................................................................... 17

Fed. R. Civ. Proc. 59 ........................................................................................ 6, 18

<u>Other Authorities</u>

Federal Judicial Center, *Manual for Complex Litig.* § 21.643 ........................................ 15, 17

Frankel, Alison,
    *Equifax judge orders disclosure of class counsel's draft 'opinion'*,
    Reuters (May 7, 2020) ............................................................................. 4

Frankel, Alison,
    *Ted Frank wants to see class counsel's ex parte draft opinion in Equifax case*,
    Reuters (April 23, 2020) ........................................................................... 3

## Introduction

On April 20, appellants Watkins and Frank ("Frank") moved for Rule 10(e)(2)(C) relief: the production of *ex parte* communications between class counsel and the district court of a proposed opinion. *See* Exhibit 1 ("Mot."). Frank's Rule 27(a)(4) reply brief in support of that motion was due May 7, but before he could file it, the Eleventh Circuit denied the motion without explanation. Under 11th Cir. R. 27-2, Frank timely moves to reconsider this order, which is manifestly erroneous and unfairly deprives him of a complete record for making his appeal.[1]

If this Court denied Frank's motion because the district court had not yet decided Frank's Rule 10(e)(2)(B) motion, new evidence merits reconsideration of Frank's motion: the district court has since explicitly denied relief to Frank, under extraordinary circumstances that demonstrate the relief Frank seeks is particularly appropriate. Indeed, class counsel's opposition expressly distinguished one of Frank's leading cases, *Edgar v. K.L.*, on the grounds that the district court had not yet denied his motion. Pl. Resp. 19.

If, on the other hand, the Eleventh Circuit denied Frank's motion because of appellees' argument that the *ex parte* proposed opinion is not material to Frank's appeal, that reason is manifestly factually and legally erroneous, and the Court should reconsider its decision. Appellees' arguments were based on a superseded March 12 civil appeal statement filed before the district court first appeared to deny Frank's

---

[1] Plaintiffs-appellees oppose the motion. Appellants Davis, Cochran, and West support the motion. No other appellee or appellant stated their position.

motion in its March 18 amended order. Frank has since amended his appeal twice (including once in response to two orders of the district court since May 7) and his civil appeal statement once, but was unable to argue this to the Eleventh Circuit, because it ruled on his motion before his reply brief was due. The *ex parte* basis for the district court's 122-page opinion is absolutely material to the appeal even under Frank's original civil appeal statement, as his reply brief would have pointed out.

Either way, Rule 10(e)(2)(C) relief is required. No appellate court has ever permitted a district court to withhold oral, much less written, *ex parte* communications from a record on appeal without consequence.

## Background

Frank recounted the facts through April 20 in his initial motion, and summarizes them briefly here, along with developments since April 20.

*Ex parte* communications between class counsel and the district court—which no one disputes exists—were never placed on the docket, and were not on the record on appeal. Frank and Watkins (collectively "Frank") made an unopposed motion on January 17 under Fed. R. App. Proc. 10(e)(2)(B) for the district court to correct the record by placing the *ex parte* communications on the docket. Dkt. 961. On March 18, the district court issued an amended final opinion making an ambiguous statement that all pending motions were denied. Dkt. 1029 at 122. Frank amended his notice of appeal (Dkt. 1041) and amended his March 12 civil appeal statement on May 4 to reflect the new issues raised by the amended opinion and the amended notice of appeal. On

April 20, Frank made a Rule 10(e)(2)(C) motion in this Court to add the documents to the record. As an outside commentator noted,

> Judge Thrash's oral approval order was relatively brief, occupying fewer than 10 pages of the hearing transcript—and much of that was devoted to the fee issue. The judge did not opine from the bench on class counsel's arguments at the hearing that many objectors to the settlement were "serial objectors," motivated not by sincere qualms about the Equifax deal but by "hope of personal gain." [Dkt. 943 ("Tr.") at 113-22.]

> After delivering his approval from the bench, Judge Thrash directed [class counsel] to "prepare a written order that summarizes my rulings on the motions and my adoption basically of the arguments that have been made by the plaintiffs and by Equifax in the hearing today." [Dkt. 945; Tr. 123-24.]

> [Class counsel] drafted a "proposed order implementing the rulings made at the final approval hearing," as they described the document in a brief in January. [Dkt. 971.] They submitted the draft document, along with a proposed consent order and proposed judgment, to Judge Thrash. The draft documents were not filed in the case's electronic docket …

> Judge Thrash's [122-page] written opinion in January was much more extensive than his oral opinion at the end of the fairness hearing. It was also much more critical of objectors to the settlement, including Frank. As I wrote at the time, the judge lumped Frank in with objectors' counsel who have faced court criticism for filing objections only to extract payouts from class counsel, accusing Frank of promoting "false and misleading information" about the Equifax deal to gin up opposition to the settlement. [Dkt. 1029 at 110, 113-14.] (For what it's worth, I've been covering Frank and his class action objections for long enough to be convinced that he is not motivated by personal gain

but by a genuine belief that some settlements are not in the best interest of class members.)

Alison Frankel, *Ted Frank wants to see class counsel's ex parte draft opinion in Equifax case*, Reuters (April 23, 2020) (attached as Exhibit 2).

Class counsel opposed Frank's motion in the Eleventh Circuit, making a variety of false *ad hominem* attacks on Frank, but also arguing that the district court had not yet actually ruled on Frank's Rule 10(e) motion. Class counsel then filed a "notice" in the district court reminding the court that it may not have ruled on the pending motion. Dkt. 1077.

Appellees further argued that the requested Rule 10(e)(2)(C) relief was immaterial to the appeal based on Frank's March 12 civil appeal statement, filed before Frank amended his appeal.

Though Rule 27(a)(4) would have permitted Frank a reply, before the deadline, this Court on May 7 denied his pending Rule 10(e) motion without explanation. Minutes later, the district court granted the Rule 10(e) motion, ordering class counsel to produce the *ex parte* proposed opinion "as soon as reasonably possible." Dkt. 1084 (attached as Exhibit 3). *See discussion in* Alison Frankel, *Equifax judge orders disclosure of class counsel's draft 'opinion'*, Reuters (May 7, 2020) (attached as Exhibit 7).

Class counsel did not move to stay, nor to reconsider the district court's order. Instead, on May 11, class counsel filed a self-styled "motion to clarify." Dkt. 1093 (attached as Exhibit 4). The requested clarification was for the district court to reconsider its May 7 order. *Id.* at 5. Class counsel falsely represented to the district court that this Court's May 7 order had made an affirmative finding that the *ex parte*

communication was not material to the appeal. *Id.* Frank opposed the motion one day later on May 12, noting that there is nothing to clarify about the order because plaintiffs did not contend that they did not understand the order or cannot comply. Dkt. 1101 (attached as Exhibit 5). And reconsideration was not available relief for plaintiffs because they never opposed the initial motion that the court granted. *Id.*

Nevertheless, on May 15, the district court construed the motion as a motion to reconsider, and, without once mentioning the standards for motions to reconsider, it vacated its own May 7 order. It adopted class counsel's reasoning was that this Court's denial of Frank's Rule 10(e)(2)(C) motion "necessarily found that the proposed orders were not material to the appeal." Dkt. 1106 (attached as Exhibit 8).

Meanwhile, on May 11, the district court imposed a punitive appeal bond on Frank and Watkins on the basis of its earlier erroneous written finding that Frank and Watkins were "serial objectors" meriting sanctions. Dkt. 1094. As Frank noted in his original Rule 10(e)(2)(C) motion, and no one disputes, class counsel never argued that Frank was a serial objector in any written briefing. Mot. 5 (citing Dkt. 902 at 40-42). Class counsel did not raise the argument until the day of the fairness hearing after all objectors spoke. Mot. 5. The district court denied requests from two other objectors to speak against class counsel's new arguments (Tr. 113); then it made oral findings, which included no specific findings that Frank was a "serial objector." Mot. 5-7; Tr. 113-21. Nevertheless, after receiving the *ex parte* proposed opinion, the written opinion included baseless attacks on Frank and another objector's counsel. Mot. 8-9.

On May 18, Frank amended his appeal to include appeals of the May 11 and
May 15 orders. Dkt. 1108. He will amend his civil appeal statement again later this
month.

## Argument

Frank and Watkins ("Frank") asked for one thing in their April 20 motion: to
correct an omission in the record: an *ex parte* written communication from class counsel
to the district court that both class counsel and the district court refuse to place on the
docket. There is no dispute that the *ex parte* communication exists. The appellees insist
that the communication is harmless and immaterial, and wouldn't result in the
disqualification of the district-court judge. If the communication is so harmless, then
disclosure should be immaterial, and either appellee could present the proposed opinion
as an exhibit to their response. Instead, they demand that the *ex parte* communication
be entirely hidden from appellate review. The parties provided no reason and no
precedent why the *ex parte* communication should not be part of the record.

Unfortunately, the Eleventh Circuit did not present any reasoning in its summary
one-sentence denial of Frank's motion. Frank was never given an opportunity to reply
to class counsel's arguments because the Eleventh Circuit ruled before his reply brief,
due May 7, was filed. And Frank does not know which of the erroneous arguments of
appellees this Court found persuasive.

Frank thus moves for reconsideration under 11th Cir. R. 27-2. "Manifest errors
of law or fact" merit reconsideration, as does "manifest injustice." *Arthur v. King*, 500
F.3d 1335, 1343 (11th Cir. 2007); *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146,

1151-52 (11th Cir. 2011). (The Eleventh Circuit has not stated a standard for 11th Cir. R. 27-2 motions to reconsider, but has elsewhere applied the Fed. R. Civ. Proc. 59 standard. *In re Davis*, No. 17-13086-J, 2018 U.S. App. LEXIS 20772, at *3 (11th Cir. July 25, 2018).)

There are numerous changed circumstances since Frank filed his motion April 20, and even since this Court ruled May 7. "[N]ewly-discovered evidence" (*Arthur*, 500 F.3d at 1343), here the district court's improper and highly irregular decision to withhold *ex parte* communications from the record, as well as its improper punitive appeal bond, and Frank's amended appeal from these post-May 7 orders is also a meritorious ground for reconsideration. This Court should order the placement of the *ex parte* proposed opinion on the record.

No appellate court has ever permitted a district court to hide written *ex parte* communications from appellate review, and appellees identified none. The resulting manifest injustice is an independent reason for reconsideration.

I.  **Reconsideration is required because class counsel previously argued the Rule 10(e)(2)(C) motion was not yet ripe, and is judicially estopped from arguing that changed circumstances merit reconsideration. And the extraordinary changed circumstances since May 7 by themselves merit granting the Rule 10(e)(2)(C) relief.**

New evidence meriting reconsideration includes "developments in" related litigation. *Ray Capital, Inc. v. M/V Newlead Castellano*, 688 F. App'x 829, 829 (11th Cir. 2017). Reconsideration is thus appropriate here.

On March 18, the district court issued an amended final opinion that contained a single sentence without further explanation: "Any other motions and requests for

specific relief asserted by objectors are also denied." Dkt. 1029 at 122.  Frank's April 20 Rule 10(e)(2)(C) motion assumed that this was a denial of his unopposed Rule 10(e)(2)(B) motion.

In response, class counsel argued that the "district court never expressly ruled on Frank's motion to supplement," and that it was still live in the district court. Pl. Resp. 12-13, 19. They filed a "notice" in the district court asking the district court to rule upon the unopposed motion if it had not done so already. Dkt. 1077.

The Eleventh Circuit denied Frank's motion without explanation on May 7 before he could file his reply brief that evening.

Minutes later, the district court granted the unopposed motion for Rule 10(e)(2)(B) relief, ordering class counsel to produce the *ex parte* proposed opinion "as soon as reasonably possible," thus implicitly endorsing class counsel's argument that the district court's March 18 ruling did not rule on Frank's motion. Exh. 3; Exh. 7. Class counsel did not comply, instead moving to "clarify." Exh. 4. The motion was frivolous: there was nothing to clarify, and class counsel had no standing to request reconsideration of a motion it had not originally opposed. Exh. 5. But class counsel argued that the Eleventh Circuit, by denying Frank's motion, had found that the *ex parte* communications were irrelevant to the appeal.

This was wrong on its face. The Eleventh Circuit had stated no basis for its ruling. A party, having obtained the benefit of a factual argument to win a motion, is judicially estopped from taking an inconsistent position in a different proceeding. *New Hampshire v. Maine*, 532 U.S. 742 (2001). Thus, class counsel was judicially estopped from arguing that the Eleventh Circuit had not adopted its argument that Frank's

appellate motion was not yet ripe. Nevertheless, the district court adopted class counsel's erroneous reasoning and procedurally improper motion as grounds to hide the *ex parte* communications from class counsel from appellate scrutiny. Exh. 8. Even more extraordinarily, it chose to construe class counsel's motion as a motion to reconsider (Exh. 8), though class counsel had neither made such a motion, supported such a motion, nor had standing to make the motion because it had not opposed the initial motion.

No appellate court has ever permitted a district court to manipulate an appeal like this. In *Edgar v. K.L.*, the Seventh Circuit found a district court's refusal to disclose the *nature* of *oral ex parte* communications with a *third party* were grounds for reversal and removal of the judge from the case for cause. 93 F.3d 256 (7th Cir. 1996) (Easterbrook, J.). As in that case, the district court here did not "attempt[] to reconcile his decision with Canon 3A(4)." *Id.* at 259.[2] (Class counsel's only attempt to distinguish *Edgar* was to argue that the district court here had not refused to disclose the opinion. Pl. Resp. 19.) Frank is not yet seeking such relief. After all, it is possible (though increasingly unlikely if one draws the adverse inference from class counsel's actions) that the proposed written opinion was only a few pages long, and the district court "performed its own independent legal research and analysis and made up its own mind" (Dkt. 1029 at 119), and that the district court independently expanded upon its conclusory oral

---

[2] Class counsel argues that Frank did not object to the procedure. Pl. Resp. 18. But how could he? Frank only discovered that class counsel had provided the proposed opinion on an *ex parte* basis when the district court issued its opinion; nothing in the orders suggested that class counsel would be permitted to act surreptitiously.

findings to 122 detailed pages. But if class counsel and the district court did nothing unethical, disclosing the communications will resolve the issue.

## II.   The undisclosed *ex parte* communications are material to the amended appeal, and this Court never gave Frank an opportunity to reply to appellees' manifestly incorrect arguments.

Frank amended his notice of appeal on March 30, and timely filed an amended civil appeal statement in this Court on May 4 with the issue "Was the district court's delegation of the drafting of the final approval order fundamentally unfair where the proposed order reflects substantially *verbatim* duplication of class counsel's proposed opinion--submitted *ex parte* and then hidden by the district court and class counsel--that overreaches the court's findings from the fairness hearing, and abused the process to make factually unsupported findings against opposing counsel? And if so, is reassignment of the case required?" Exh. 6.

But Appellees relied on Frank's March 12 civil appeal statement, arguing that it fails to mention the possible issue of the district court's materially *verbatim* adoption of a proposed 122-page opinion. There was no reason for the March 12 civil appeal statement to be controlling, as it was before the amended notice of appeal and before the district court seemingly denied Frank's Rule 10(e) motion for the first time March 18.

Maybe the *ex parte* proposed opinion supports this ground for reversal; maybe it does not. But the contents of the proposed opinion are surely material and belong in the record as soon as possible so that Frank can have an opportunity to prepare an argument should it be an appropriate appellate issue. It seems that class counsel wrote

their own preferred opinion that differed from the oral opinion in material ways, then the district court improperly adopted it largely verbatim. (Appellees do not deny that Judge Thrash has previously rubber-stamped proposed opinions without reviewing for accuracy. For example, in a recent class-action settlement approval, his opinion read "The Court has considered any submitted objections to the Settlement and hereby overrules them"—but there were no objections. *Compare In re The Home Depot Inc. Shareholder Derivative Litig.*, No. 15-cv-02999-TWT, Dkt. 84 at 3 (N.D. Ga. Oct. 2, 2017) *with id.* Dkt. 74-5.)

The cases that appellees cite or attempt to distinguish do not support appellees' contention that a substantially *verbatim* duplication of a proposed opinion is *never* material, merely find a particular set of facts might not demonstrate wrongdoing.

1. Plaintiffs mention *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 n.46 (11th Cir. 1997) only once, arguing that it is distinguishable because it involved the "utter lack of appearance of impartiality." Pl. Resp. 19. But Frank alleges "an utter lack of appearance of impartiality"! Equifax similarly argues that *Chudasama* is distinguished as a case where the court "failed to make its own findings." Def. Resp. 2. But the *Chudasama* district court advised the parties in writing that it intended to rule for plaintiffs. 123 F.3d at 1364. The judge in *Chudasama* might have provided fewer "findings" or direction to plaintiffs than here, but that is a difference in degree rather than kind. The district court's oral findings are considerably less detailed than its written findings (and inconsistent in many ways, *e.g.,* Mot. 12), and include arguments that Frank was never permitted to respond to.

2. Plaintiffs rely on *Anderson v. Bessemer City*, 470 U.S. 564 (1985). But *Anderson* notes it has "criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, *particularly when those findings have taken the form of conclusory statements unsupported by citation to the record.*" *Id.* at 572. Again, the plaintiffs' legal arguments track exactly Frank's complaints rather than contradicting them. Mot. 14. The written decision's conclusory statement limits Frank's ability to appeal because the court does not indicate what "false or misleading statements" it believes Frank made. Plaintiffs are therefore at liberty to assume any statements Frank made anywhere in the voluminous record were ruled "false and misleading." In *Anderson*, "*respondent was provided and availed itself of the opportunity to respond at length to the proposed findings*." *Id.* (emphasis added). Here, Frank did not have that opportunity. "Nor did the [*Anderson*] District Court simply adopt petitioner's proposed findings: the findings it ultimately issued … vary considerably in organization and content from those submitted by petitioner's counsel." *Id.* There is no evidence that the District Court here "vary considerably" from those submitted by petitioner's counsel. *Anderson* supports Frank's arguments that class counsel and the district court acted improperly.

3. In *United States v. El Paso Nat. Gas Co.*, 376 U.S. 651, 657 (1964), the majority said that a verbatim order is not to be "rejected out of hand," but it found that such order does "not reveal the discerning line for decision of the basic issue in the case" and had little trouble rejecting it. Likewise, a verbatim final approval order would not reflect the probing inquiry that the Supreme Court requires under Rule 23. "Because we are not convinced that the District Court exercised 'independent judgment' in adopting the proposed findings of the settling parties, we conclude that the settlement-

only class was never properly certified." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 301 (3rd Cir. 2005).[3] *Ammons v. Dade City*, 783 F.2d 982, 984 n.4 (11th Cir. 1986), a pre-*Amchem* decision, is thus not applicable, because the *Ammons* appellant was not challenging class certification on behalf of absent class members.

4. *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1543 n.5 (11th Cir. 1988) refused to supplement the record for a document that was not actually filed and before the district court. Here it's undisputed the judge received the proposed order *ex parte*.

5. In *First Ala. Bank, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987), the panel noted that it had discretion "to supplement the record on appeal, even to include evidence not reviewed by the court below." But it declined to exercise that discretion because the material sought were proceedings before a state court that examined a *res judicata* issue, and the results of these proceedings were already in the record. Here, the proposed order was actually delivered to the judge in these proceedings, and the record does not show whether it was adopted without significant revision.

6. Similarly, *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) concerned a motion to "enlarge the record on appeal to include material not before the district court which has labored without the benefit of the proffered material." Here, the district court received the material *ex parte*, so supplementing the

---

[3] Thus, even if Frank's March 12 civil appeal statement were the operative civil appeal statement, the district court's materially *verbatim* adoption of a 122-page *ex parte* proposed opinion materially different than the oral findings would be material to his challenge of the class certification decision, as it would show an impermissible delegation of "independent judgment."

record should not be "rare" nor require the heightened standard of "establish[ing] beyond any doubt the proper resolution of the pending issues." Moreover, *CSX allowed* the record to be supplemented to include a party's insurance agreement, which was a "pivotal" issue not before the district court, and caused a reversal.

7. Plaintiffs argue that *Bright v. Westmoreland County* concerns adopting an order before there was a chance to respond. This is true, but this fact was only an "additional reason" why reversal and remand was appropriate. 380 F.3d 729, 732 (3d Cir. 2004). And it is not a distinction here, where Frank never had an opportunity to respond to the proposed opinion, which differed materially from the oral opinion. As *Bright* noted, the critical distinction with *Anderson* was "a District Court *opinion* that is essentially a verbatim copy of the appellees' proposed opinion." *Id.* (emphasis in original). "When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions." *Id.*

8. Plaintiffs cite *Brownlee v. Haley*, and three cases that rely on *Brownlee*, which was the appeal of a *habeas* denial where defendant argued that the *state court's* adoption of a proposed order suggested unfairness, but the panel found that "the extensive record from the Rule 32 proceedings [in state court] in this case "eliminates any doubt about the [trial] judge's involvement in the matter and careful analysis of . . . [the] evidence." 306 F.3d 1043, 1067 n.19 (11th Cir. 2002). But Frank is seeking direct review of the order in question, rather than making a collateral *habeas* attack. The differences between the oral opinion and written opinion absolutely create doubt about the district court's involvement and careful analysis.

9. The district court in *King v. Sec'y, Dep't of Corr.*, 793 F. App'x 834, 841 (11th Cir. 2019), adopted only portions of one party's brief, not an entire 122-page opinion wholesale affecting tens of millions of absent class members.

Moreover, the district court has since the May 7 order engaged in a procedurally irregular adoption of class counsel's "motion to clarify" as a procedurally improper "motion to reconsider" to withdraw its approval of an unopposed motion to correct the record. This action further supports a finding that the district court's procedures are fundamentally unfair, demonstrate an "utter lack of appearance of impartiality," and "belie the appearance of justice to the average observer." *Chudasama*, 123 F.3d at 1373 & n. 46.

The *ex parte* proposed opinion is material to the appeal; if it is harmless as appellees claim, the disclosure is harmless. But there is no legal basis to assume without evidence that the *ex parte* proposed opinion is harmless and short-circuit Frank's right to appellate review of that question. And if it were that harmless, appellees would have simply placed the opinion in the record in January, rather than deprive this Court of appellate review.

III.  **Reconsideration is also appropriate because of the changed circumstances of the district court's punitive appeal bond.**

A.  **The propriety of the "serial objector" findings of the district court if they were based on class counsel's improper *ex parte* proposed opinion is relevant to Frank's appeal, but additionally relevant for the changed circumstances of Frank's appeal of the May 11 punitive appeal bond bootstrapped on those originally faulty findings.**

Again, new evidence meriting reconsideration includes "developments in" related litigation. *Ray Capital*, 688 F. App'x 829, 829 (11th Cir. 2017).

"Serial objector" has a definition: a bad-faith objector who objects repeatedly "for [the] improper purpose[]" "merely to enrich the objector or her attorney." Dkt. 1029 at 109-10 (quoting *Manual for Complex Litig.* § 21.643); *see also generally Pearson v. Target Corp.*, 893 F.3d 980, 982 (7th Cir. 2018) (Wood, J.) (describing problem with bad-faith objectors engaging in extortion to hold up settlements). Class counsel admits (Pl. Resp. 17) that Frank is not objecting to "enrich" himself; nor can they contend otherwise as Frank has never acted as an extortionist and no dispute that Frank's non-profit law firm's objections have won hundreds of millions of dollars for class members. Dkt. 876-1; Dkt. 1057-2. Indeed, Frank's non-profit prosecuted the leading appellate decision against bad-faith "objector blackmail." *Pearson*, 893 F.3d 980.

Frank contended that such *ex parte*-communications-inspired findings of wrongdoing demonstrate improper bias and merit reversal. Mot. 10-15. Thus, class counsel's claim (Pl. Resp. 13, 15) that the "serial objector" findings in the 122-page opinion are irrelevant to the merits of the appeal (an argument belied by the emphasis they place on *ad hominem* attacks on Frank on that basis) is false. Purported misconduct

16

findings against Frank *are* relevant to any appeal by him. And these are exactly the findings where plaintiffs appear to have improperly used the *ex parte* proposed opinion to expand one ambiguous extemporaneous sentence into pages of misconduct findings. Indeed, *Chudasama* explicitly singles out such tactical attacks in proposed opinions as evidence of misconduct meriting reassignment. 123 F.3d at 1373 & n. 46.

But since this Court decided Frank's motion, the district court issued a punitive appeal bond against Frank based on "serial objector" status, though class counsel still presented no evidence that Frank had ever engaged in the extortion required to tar him as a serial objector. Dkt. 1094. Frank has appealed this order. Dkt. 1108. This new evidence provides further demonstration that the false accusations of wrongdoing are material to Frank's appeal.

## B.   Contrary to plaintiffs' arguments, there is no record basis for calling Frank a "serial objector."

Nothing in the record supports the application of the term "serial objector" to Frank. Nevertheless, class counsel repeatedly defames Frank as a "serial objector" multiple times in the brief. Class counsel argues that the "serial objector" appellation is appropriate because "the objection was not in the best interest of the class." Pl. Resp. 17. (Even this is a misstatement of what happened at the fairness hearing: the district court merely stated that "most of the objections that were voiced here today did not take into consideration the best interest of the Class itself" without making any specific findings about Frank, "serial objectors," or bad faith. Tr. 117.)

Neither plaintiffs nor the district court provide any legal basis for this expansive definition, which is circular. If a district court finds that an objection is objectively in

17

the best interest of the class, then it will grant the objection. It's not the case that every unsuccessful objection by someone who objects more than once is a bad-faith objection by a "serial objector" whose objections should therefore be devalued and should be faced with a punitive appeal bond.

Even if it were true that Frank's objection was "not in the best interests of the class," it neither shows bad faith, nor reflects on the merits of the objection. An objection that a settlement is inequitable because it treats inadequately represented subclasses unfairly may not be in the best interests of the class as a whole, but meritorious and in the best interests of the subclass disfavored by the settlement. *Manual* § 21.643 at 327. Indeed, one of the reversible errors by the district court was a class certification decision that incorrectly suborned the interests of the subclass to the interests of the class as a whole. Rule 23(a)(4) "protections must ensure that class representatives understand that their role is representing solely members of their respective constituency, not the whole class." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1323 (11th Cir. 2012). The district court's and class counsel's repeated criticism of objectors for supporting legally-required subclassing because of speculation that it might injure the interests of the class as a whole just demonstrates the reversible error in the class-certification decision below.

Contrary to class counsel's implicit claim (Pl. Resp. 13), Frank had no obligation to make a Rule 59 motion to correct this factually and legally erroneous finding that was never briefed before the district court, and only argued for the first time in class counsel's oral reply in the fairness hearing. (Class counsel never disputes Frank's timeline. Mot. 15.) The district court went on to refuse two objectors' requests to

18

respond to these belated attacks. Tr. 113. Frank's counsel had no obligation to make a futile third request to speak after the district court made clear it was not hearing any more argument and had no reason to believe that the class counsel and the district court would engage in *ex parte* communication to adopt a surprise attack on Frank with no opportunity to respond.

The district court's "serial objector" finding was entirely baseless. If an unethical *ex parte* submission by class counsel after a fundamentally unfair procedure was what caused the error, it is grounds for replacement under *Chudasama*.

## Conclusion

This Court should grant the motion to reconsider and issue an order under Rule 10(e)(2)(C) for the district court to add the *ex parte* proposed opinion to the record.

Dated: May 19, 2020                 Respectfully submitted,

                                    /s/ *Theodore H. Frank*
                                    Theodore H. Frank
                                    Melissa A. Holyoak
                                    HAMILTON LINCOLN LAW INSTITUTE
                                       CENTER FOR CLASS ACTION FAIRNESS
                                    1629 K Street NW, Suite 300
                                    Washington, DC 20006
                                    Telephone: (703) 203-3848
                                    Email: ted.frank@hlli.org

                                    *Attorneys for Objector-Appellants Theodore H. Frank*
                                    *and David R. Watkins*

## Certificate of Compliance with
## Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the word limit of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,178 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: May 19, 2020                              */s/ Theodore H. Frank*
                                                 Theodore H. Frank

**Certificate of Service**

I hereby certify that on this the 19th day of May, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and that as a result electronic notice of the filing was served upon all attorneys of record.

I further caused notice to be sent by email to:

Alice-Marie Flowers
PO BOX 2322
ANDERSON, IN 46018

*/s/ Theodore H. Frank*
Theodore H. Frank

21

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10249-RR

_____

In Re: Equifax, Inc., Customer Data Security Breach Litigation

--------------------------------------------------
SHIYANG HUANG,
THEODORE H. FRANK,
DAVID R. WATKINS,
MIKELL WEST,
CHRISTOPHER ANDREWS,
GEORGE W. COCHRAN,
ALICE-MARIE FLOWERS,

                              Movants - Appellants,

BRIAN F. SPECTOR,
JAMES MCGONNIGAL,
RANDOLPH JEFFERSON CARY, III,
ROBIN D. PORTER,
WILLIAM R. PORTER,  et al.,

                                        Plaintiffs - Appellees,

                    versus

EQUIFAX INC.,
DOES 1 THROUGH 50, INCLUSIVE,
EQUIFAX INFORMATION SERVICES LLC,
a foreign limited liability company,
EQUIFAX INFORMATION SOLUTIONS, LLC,
DOES 1 THROUGH 10,  et al.,

                                        Defendants - Appellees.

_____

On Appeal from the United States
District Court for the Northern District of Georgia
_____

BEFORE:   WILLIAM PRYOR, ROSENBAUM, and LAGOA, Circuit Judges.

BY THE COURT:

Before the Court is the "Motion of Plaintiffs-Appellees for Consolidation and to Expedite Appeals."

To the extent that the motion seeks to consolidate the appeals, the motion is DENIED AS MOOT. The relevant notices of appeal already are proceeding under appeal no. 20-10249-RR and will proceed on the same schedule.

To the extent the motion seeks to expedite the briefing in this appeal, this appeal is not yet ready for briefing because Appellant Christopher Andrews' motion for leave to proceed *in forma pauperis* on appeal is still pending in the district court. *See* 11th Cir. R. 31-1(b). The motion to expedite briefing is therefore DENIED WITHOUT PREJUDICE to refiling such a motion after Appellant Christopher Andrews' motion for leave to proceed *in forma pauperis* on appeal is resolved. The district court is requested to expedite consideration of this motion.

Appellants Theodore H. Frank and David R. Watkins' "Cross-Motion for Sanctions" is DENIED.

Appellants Theodore H. Frank and David R. Watkins' "Motion for Relief under Fed. R. App. Proc. 10(e)(2)(C)" is DENIED.

# EXHIBIT 1

Case No. 20-10249-RR
Case No. 20-10609

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SHIYANG HUANG, *et al.*,
Objectors-Appellants,

v.

BRIAN SPECTOR, *et al.*,
Plaintiffs-Appellees.
*and*
EQUIFAX INC., *et al.*,
Defendants-Appellees

On Appeal from the United States District Court
for the Northern District of Georgia,
No. 1:17-md-02800-TWT

**Motion for Relief under Fed. R. App. Proc. 10(e)(2)(C)
by Appellants Watkins and Frank**

HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
Melissa A. Holyoak
1629 K Street NW, Suite 300
Washington, D.C. 20006
(703) 203-3848

*Attorneys for Objector-Appellants Theodore H. Frank
and David R. Watkins*

# Table of Contents

Eleventh Circuit Rule 26.1-2(a) Statement ................................................. CIP-1

Table of Contents ................................................................................................. i

Table of Authorities ............................................................................................ ii

Introduction ........................................................................................................ 1

Background .......................................................................................................... 3

I.      Equifax and its data breach ....................................................................... 3

II.     The case settles. ......................................................................................... 3

III.    Frank objects. ............................................................................................ 4

IV.     The fairness hearing. .................................................................................. 5

V.      Class counsel volunteers to provide a proposed opinion and the court issues a 122-page opinion without any disclosure of the proposed opinion. ................... 7

VI.     Post-judgment proceedings. ...................................................................... 9

Argument ........................................................................................................... 10

I.      The undisclosed proposed opinion submitted *ex parte* is material to the appeal. ....................................................................................................... 10

II.     Rule 10(e)(2)(C) relief is appropriate. ..................................................... 16

Conclusion ......................................................................................................... 17

Certificate of Compliance with  Type-Volume Limit, Typeface Requirements, and Type-Style Requirements ........................................................................... 18

Certificate of Service ........................................................................................ 19

# Table of Authorities

<u>Cases</u>

*Bright v. Westmoreland County*,
    380 F.3d 729 (3rd Cir. 2004) .................................................................... 10

*Briseno v. Conagra Foods, Inc.*,
    No. 19-56297 (9th Cir.) ............................................................................ 12

*Chudasama v. Mazda Motor Corp.*,
    123 F. 3d 1353 (11th Cir. 1997) ..................................................... 1, 10, 15

*In re Colony Square*,
    819 F.2d 272 (11th Cir. 1987) ......................................................... 10, 14

*Commodores Entm't Corp. v. McClary*,
    879 F.3d 1114 (11th Cir. 2018) ............................................................... 11

*Edgar v. K.L.*,
    93 F.3d 256 (7th Cir. 1996) ........................................... 1-2, 14-15, 16

*In re The Home Depot Inc. Shareholder Derivative Litig.*,
    No. 15-cv-02999-TWT, Dkt. 84 (N.D. Ga. Oct. 2, 2017) ............................ 12-13

*In re Lithium Ion Batteries Antitrust Litig.*,
    777 Fed. Appx. 221 (9th Cir. 2019) .................................................... 5, 13

*Pearson v. NBTY, Inc.*,
    772 F.3d 778 (7th Cir. 2014) ................................................................. 12

*Poertner v. Gillette Co.*,
    618 F. App'x 624 (11th Cir. 2015) ........................................................ 12

*Stevo v. Frasor*,
    662 F.3d 880 (2011) ............................................................................. 15

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    847 F.3d 608 (8th Cir. 2017),
    *on remand*, 2017 WL 2178306 (D. Minn.),
    *affirmed*, 892 F.3d 968 (8th Cir. 2018) .............................................. 5, 14

*United States v. El Paso Natural Gas Co.*,
    376 U.S. 651 (1964) .............................................................................. 10

*United States v. Forness*,
    125 F.2d 928 (2d Cir. 1942) ................................................................. 11

*United States v. Torkington*,
    874 F.2d 1441 (11th Cir. 1989) ............................................................ 16


Rules and Statutes

Fed. R. App. Proc. 10(e) .......................................................... 1, 8, 9, 14, 16

Fed. R. App. Proc. 10(e)(2)(C) .................................................. 2, 14, 15, 16, 17

Fed. R. Civ. Proc. 23(a)(4) .............................................................. 4, 13

Fed. R. Civ. Proc. 59 ..................................................................... 13

Fed. R. Evid. 702 ............................................................................ 6

N.D. Ga. Loc. Civ. R. 5.1(A)(1) ......................................................... 1, 7


Other Authorities

Editorial Board,
    *The Anthem Class-Action Con*,
    Wall Street Journal, Feb. 11, 2018 .................................................. 5

Liptak, Adam,
    *When Lawyers Cut Their Clients Out of the Deal*,
    N.Y. Times, Aug. 13, 2013, at A12 .............................................. 5-6

MacDonald, R. Robin,
    *Equifax Judge Says "Serial Objector" Ted Frank Put Out Misleading Information*
    *About Settlement*, Law.com Daily Report Online (Jan. 15, 2020) ........................... 7

## Introduction

The appellate record is incomplete. Objector-Appellants Frank and Watkins ("Frank") ask this Court to correct an omission in the record that is material to the appeal—specifically an *ex parte* written communication from class counsel to the district court that both class counsel and the district court refuse to place on the docket.

At the conclusion of the fairness hearing approving the settlement in this case, the district court accepted class counsel's offer to prepare a proposed opinion for the court's approval. Dkt. 945; Dkt. 943, December 19, 2019 Fairness Hearing Tr. ("Tr.") 123-24. But the proposed opinion was never published on the docket, as N.D. Ga. Loc. Civ. R. 5.1(A)(1) requires. Class counsel admits that they did submit a written proposed opinion *ex parte* to the district court without putting it on the docket. Dkt. 971. And Frank, joined by other appellants, requested that the record be corrected under Fed. R. App. Proc. 10(e) to include the *ex parte* communications. Dkt. 961, 963, 964. The motion was unopposed—but the district court mysteriously denied it in a single sentence without explanation. "Any other motions and requests for specific relief asserted by objectors are also denied." Dkt. 1029 at 122.

The district court's 122-page opinion differs from the oral ruling at the fairness hearing in material ways that are prejudicial to appellants. And if that 122-page opinion—which remarkably and incorrectly sanctions several appellants based on a request for relief that only occurred for the first time at the fairness hearing without notice or an opportunity to respond—was largely a verbatim edition of an opinion class counsel drafted, it would be grounds for reversal and reassignment. *E.g., Chudasama v.*

*Mazda Motor Corp.*, 123 F. 3d 1353, 1373 & n. 46 (11th Cir. 1997). Perhaps the *ex parte* communication was harmless and the district court performed an independent analysis and substantially rewrote the draft proposed opinion. But because neither class counsel nor the district court are willing to put the *ex parte* proposed opinion on the docket, "We cannot know." *Edgar v. K.L.*, 93 F.3d 256, 258 (7th Cir. 1996) (Easterbrook, J.) (granting mandamus to disqualify judge who refused to disclose content of oral *ex parte* communications with expert).

The undisclosed *ex parte* communication is material to the appeal. This Court should exercise its authority under Fed. R. App. Proc. 10(e)(2)(C) to order the district court to put all written *ex parte* communications on the record.

\*        \*        \*

For over a week, Frank has repeatedly requested other parties in this case to state their position on this motion. Appellants Andrews, Davis, and West support the motion. Appellant Huang stated his position was "unknown." Plaintiffs-appellees refused to provide a yes/no answer whether they oppose this motion or whether they would place the *ex parte* communication on the docket without a court order. Plaintiffs-appellees stated instead "you may represent our position as stated in response to your motion in the trial court (Doc. 971)." No other appellee or appellant stated their position.

## Background

### I.      Equifax and its data breach.

Over the last decade, there have been dozens of data breaches exposing private information about millions of consumers and businesses. Dkt. 374 at 92-93. In response, many states have passed statutes bolstering the rights of consumers to recover for data breaches and failures to timely disclose data breaches, including statutory damages remedies.

The Equifax defendants are credit reporting agencies: they collect and maintain data on millions of Americans and sell that data to creditors evaluating requests for credit; they also contract with federal agencies to verify eligibility and identity for various government programs. Equifax received notice of a cybersecurity vulnerability in March 2017, but failed to "patch" it appropriately; from May to July 2017, it suffered an extensive and continuing data breach accessing the sensitive personal information of 147.9 million American consumers. Dkt. 374 at 102-07. Equifax learned of the breach in July 2017, but did not publicly announce it until September 7, 2017. *Id.* at 119 *ff*. Class-action litigation followed, consolidated in a multidistrict litigation in the Northern District of Georgia.

### II.      The case settles.

The consolidated complaint alleged claims on behalf of a national class, and additional state-law claims for each of fifty-three state subclasses, many of which survived a motion to dismiss. Dkt. 374; Dkt. 540. But the settlement was solely on

behalf of a nationwide class, treating citizens of states with no statutory damages claims identically to citizens of states with statutory damages claims.

> In the words of Senator Elizabeth Warren,
>
>> The settlement offered affected consumers the option to choose four years of credit monitoring or a cash award of up to $125. However, the settlement only allotted $31 million to this cash award fund…on a *pro rata* basis…

Dkt. 1057-2 Ex. B. at 2. Warren criticized "the flaws in the FTC [sic] settlement that first resulted in misleading consumers about their potential award, and then added complicated new steps that appear to be clearly designed to weed out deserving claimants." *Id.* The *New York Times* issued similar criticism in an article discussing objection options. *Id.* Ex. A. (Other damages were available to class members who could document loss from the data breach, but most claimants were interested in the $125 instead of redundant credit monitoring.) Hundreds of class members ultimately complied with burdensome requirements to object, and the district court rejected several hundred more objections as procedurally defective.

## III.   Frank objects.

Frank, who founded the non-profit Center for Class Action Fairness ("CCAF") in 2009, is a class member who was a citizen of the District of Columbia at the time of the data breach. Dkt. 876-1. D.C. provides for $2,000 in statutory damages to citizens victimized by data breaches.

Frank objected, *inter alia*, to the nationwide class certification and failure under Rule 23(a)(4) to subclass citizens of states with statutory damages claims. Dkt. 876

at 4-12. He reiterated Senator Warren's complaints of an attempt to "throttle" cash claims. *Id.* at 13-17. At the fairness hearing, Frank's counsel forthrightly acknowledged that a similar Rule 23(a)(4) objection his law firm made was rejected by the district court in the *Target Data Breach* case, but noted that the Eighth Circuit never reached the merits of that particular objection, and that Supreme Court and other appellate-court precedent supported Frank's position. Tr. 77-78.

## IV.    The fairness hearing.

The evening before the December 19 fairness hearing, class counsel filed hundreds of pages of declarations and exhibits making a variety of accusations against a variety of objectors. Dkt. 939. At the fairness hearing, Frank asked for an opportunity to respond in writing if the court was going to consider any of these claims. Tr. 79-80.

At the fairness hearing, the court heard from objectors without asking Frank's counsel a single question about his objection. Tr. 76-80. Class counsel announced for the first time, without notice, that they were seeking a ruling from the district court that "serial objectors" were objecting for "an improper purpose," which is "why we filed the declaration last night." Tr. 86-88. Class counsel then made a variety of false allegations against Frank. *Compare id.* at 90-95 *with* Dkt. 1057-2. (Class counsel's written response to objections did accuse several other objectors of being "serial objectors," but not Frank. Dkt. 902 at 40-42.) Frank's counsel was not given another chance to speak.

Class counsel's accusations of Frank objecting in bad faith were unquestionably baseless. A "serial objector" is a bad-faith objector who brings meritless boilerplate

objections in the hopes of extorting payment in exchange for withdrawing his objection, something neither Frank nor CCAF have ever done. Dkt. 876-1 at 41-42. (No one could possibly claim Frank's objection was boilerplate. *Compare* Dkt. 876 *with* Dkt. 1029 at As required by the preliminary approval order (Dkt. 742), Frank and his counsel documented his non-profit's history of objections. That history includes winning over a dozen federal appeals, a Supreme Court decision, and hundreds of millions of dollars of benefits for class members. Dkt. 876-3; Dkt. 876-1. In particular, Frank argued an almost identical objection to a nationwide class in *In re Lithium Ion Batteries Antitrust Litigation* on behalf of a class member who resided in a state with indirect-purchaser causes of action, but who was unfairly treated identically as class members from states without indirect-purchaser causes of action, ultimately prevailing in the Ninth Circuit. 777 Fed. Appx. 221 (2019); Dkt. 1057-2 at 10-11. Frank and his counsel documented their good faith in bringing the objections, and their policy against extorting class counsel through settling appeals or withdrawing objections in exchange for payment without benefit to the class. Dkt. 876-1 ¶¶ 24-26. Frank's work has won national acclaim. *E.g.,* Editorial Board, *The Anthem Class-Action Con*, Wall Street Journal, Feb. 11, 2018 (stating "The U.S. could use more Ted Franks" after his success exposing class-counsel wrongdoing in a data-breach class action, resulting in millions of dollars of additional benefit to the class); Adam Liptak*, When Lawyers Cut Their Clients Out of the Deal,* N.Y. Times, Aug. 13, 2013 at A12 (calling Frank "the leading critic of abusive class action settlements"). The Department of Justice and bipartisan coalitions of state attorneys general have filed briefs as *amicus* in support of CCAF's objections in numerous cases in federal appellate and district courts.

The district court approved class certification, the settlement, and the full fee request from the bench. While the district court found that the objections were "without merit" and overruled them, the district court made no factual findings at the fairness hearing about Frank or his counsel, made no findings of "improper purpose" for any of the objectors, and made no findings that anyone was a "serial objector." Tr. 113-21.

Class counsel submitted a 72-page brief written by Professor Robert Klonoff making legal arguments about objections, but labeled it an "expert opinion." Dkt. 900-2. Frank moved to strike the "expert opinion" as inappropriate under Fed. R. Evid. 702 and as a violation of the district court's order setting briefing page limits. Dkt. 909. The district court's oral opinion did not acknowledge the motion, and stated "I did find Professor Klonoff's responses to the objections to be, generally speaking, meritorious and appropriate." Tr. 116. The court then repeatedly relied on the Klonoff report as reasons to reject hundreds of objections. *Id.* at 116-17.

## V. Class counsel volunteers to provide a proposed opinion and the court issues a 122-page opinion without any disclosure of the proposed opinion.

The district court "directed Mr. Canfield [class counsel] to prepare a written order, to be approved by Mr. Balser [Equifax's counsel], that summarizes the Court's findings. Mr. Canfield suggested submitting to the Court a proposed (1) consent order pertaining to the injunctive relief, (2) opinion containing the Court's ruling, and (3) final judgment, which the Court approved. All 3 documents to be submitted to the Court at the same time." Dkt. 945; Tr. 123-24.

N.D. Ga. Loc. Civ. R. 5.1(A)(1) requires all papers to be filed on the docket, including any "proposed order." But the proposed opinion was never filed on the docket. On January 13, 2020, without any notice, the Court entered a 122-page Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Service Awards. Dkt. 956. The issued opinion was inconsistent with the court's oral ruling. It repeated class counsel's false claims about Frank. The claims were made for the first time at the fairness hearing that Frank had no notice of, no opportunity to rebut, and no reason to believe would be in the opinion. From those claims came findings that Frank was a "serial objector" who objected "merely to benefit the objector or attorney" and that Frank committed an ethical violation of "disseminat[ing] false and misleading information" without identifying any false and misleading information Frank supposedly disseminated. *Id.* at 110, 113-14. These findings were so extraordinary that law.com chose to headline the criticism of Frank in its coverage of the 122-page opinion, and repeat that criticism in almost every story about the pending litigation since. *E.g.,* R. Robin MacDonald, *Equifax Judge Says "Serial Objector" Ted Frank Put Out Misleading Information About Settlement*, Law.com Daily Report Online (Jan. 15, 2020).

The written opinion denied the motion to strike the expert reports. Dkt. 956 at 115-19. Though the court repeatedly relied upon Professor Klonoff's expert report at the fairness hearing, the written opinion stated "Professor Klonoff's declaration was particularly helpful to the Court in the organization and consideration of the objections, but the Court's decisions regarding the objections are not dependent upon his declaration." *Id.* at 38. Notwithstanding this statement, the opinion mirrors the Klonoff

"expert report" in many instances, sometimes verbatim. *Compare, e.g., id.* at 54 *with* Dkt. 900-2 ¶ 89; Dkt. 956 at 64 *with* Dkt. 900-2 ¶ 96; Dkt. 956 at 65 *with* Dkt. 900-2 ¶ 95.

## VI.    Post-judgment proceedings.

Frank moved to supplement the record under Fed. R. App. Proc. 10(e) to include the proposed opinion submitted to the court. Dkt. 961. Class counsel's response acknowledged that it had submitted the proposed opinion to the court without putting it on the docket, but argued that it had the right to do so. Dkt. 971. Class counsel purported to be unopposed to the motion, but claimed that the district court had the discretion to deny Frank's motion. *Id.* Class counsel had every opportunity to simply file the proposed opinion on the docket in response to the motion, and chose not to.

Meanwhile, another objector, West, separately moved for Rule 59 reconsideration to strike a false statement about one of his attorneys in the opinion. Dkt. 962. The court granted the motion, and issued an amended opinion that struck a single sentence. Dkt. 1027; Dkt. 1029.

The opinion concluded by denying Frank's motion for Fed. R. App. Proc. 10(e) relief in a single sentence without explanation: "Any other motions and requests for specific relief asserted by objectors are also denied." Dkt. 1029 at 122. The amended opinion had the same factual findings about Frank inconsistent with the facts and the oral ruling at the fairness hearing. *Id.* at 110, 113-14.

Frank timely appealed the final judgment and the amended opinion. Dkt. 977; Dkt. 1041. Seven weeks after Frank's notice of appeal, plaintiffs moved for a punitive

$40,000 appeal bond against Frank and Watkins based on the district court's putative finding of Frank's status as a "serial objector" and extortionist; Frank has opposed. Dkt. 1040; Dkt. 1057.

## Argument

## I. The undisclosed proposed opinion submitted *ex parte* is material to the appeal.

There is no dispute that class counsel submitted a proposed opinion to the district court as the district court requested, and no dispute that this *ex parte* submission is not in the record. Dkt. 945; Dkt. 971. This proposed opinion is material to the appeal, and Frank is entitled under Fed. R. App. Proc. 10(e) to have the omission corrected. The discrepancy between the oral opinion and the 122-page written opinion from the bench sanctioning attorneys, combined with the refusal to disclose *ex parte* communications and other procedural irregularities, demonstrates fundamental unfairness and may require reversal and reassignment.

This Court condemns "delegating the task of drafting important opinions to litigants."

> We have consistently frowned upon the practice of delegating the task of drafting important opinions to litigants, and the cases admonishing trial courts for the verbatim adoption of proposed orders drafted by litigants are legion. This practice harms the quality of the district court's deliberative process, impedes our ability to review the district court's decisions, and creates the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. *See also United States v. El Paso*

10

> *Natural Gas Co.*, 376 U.S. 651, 657 n. 4 (1964) (quoting Judge J.
> Skelly Wright's admonition that the lawyers who draft opinions "in
> their zeal and advocacy and their enthusiasm are going to state the
> case for their side ... as strongly as they possibly can. When these
> [opinions] get to the courts of appeals they won't be worth the
> paper they are written on as far as assisting the court of appeals in
> determining why the judge decided the case.").

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 n.46. "In particular, the judge's practice of delegating the task of drafting sensitive, dispositive orders to plaintiffs' counsel, and then uncritically adopting his proposed orders nearly verbatim, would belie the appearance of justice to the average observer." *Id.* at 1373. *Accord Bright v. Westmoreland County*, 380 F.3d 729, 732 (3rd Cir. 2004).

That said, the "fact that a judge allowed a litigant to draft the court's orders without notice to the opposing party does not automatically invalidate these orders, however." *In re Colony Square*, 819 F.2d 272, 276 (11th Cir. 1987). "Such orders will be vacated only if a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair." *Id.*

If the written opinion reflects substantially verbatim duplication of class counsel's proposed opinion, that fundamental unfairness is at issue here.

*First*, as discussed above, the written opinion substantially and materially differs from the oral opinion. For example, though the oral opinion made no findings about serial objectors, the written opinion falsely accuses Frank of objecting in bad faith, of being a "serial objector," and of committing ethical violations. Dkt. 1029 at 109-15. As in *United States v. Forness*, "the findings made by the district court are not supported by the evidence and not substantially in accord with the opinion." 125 F.2d 928, 942 (2d

11

Cir. 1942) (Frank. J.) ("The judiciary properly holds administrative officers to high standards in the discharge of the fact-finding function. The judiciary should at least measure up to the same standards.").

The district court's oral opinion relying on Klonoff as an expert to adopt Klonoff's legal opinions would be reversible error, because those opinions are inadmissible. *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018). The written opinion contradicts what happened at the fairness hearing. If it reflects the court's independent reasoning, it would preclude the appellate issue because the assertion that the court did not depend on Klonoff would make its reliance harmless error. But if those statements were crafted by class counsel to appeal-proof the error committed in the oral ruling, the Eleventh Circuit would be entitled to disregard it as not "worth the paper they are written on." *Chudasama*, 123 F.3d at 1373 n. 46 (cleaned up).

Certainly, it is possible that the proposed written opinion was only a few pages long, and the district court "performed its own independent legal research and analysis and made up its own mind" (Dkt. 1029 at 119) and independently expanded upon its conclusory oral findings to 122 detailed pages.

But it seems well within the realm of possibility that class counsel overreached, wrote their own preferred opinion that differed from the oral opinion in material ways, and the district court improperly adopted it largely verbatim. (Judge Thrash has previously rubber-stamped proposed opinions without reviewing for accuracy. For example, in a recent class-action settlement approval, his opinion read "The Court has considered any submitted objections to the Settlement and hereby overrules them"—

12

but there were no objections. *In re The Home Depot Inc. Shareholder Derivative Litig.*, No. 15-cv-02999-TWT, Dkt. 84 at 3 (N.D. Ga. Oct. 2, 2017).)

Indeed, the opinion here is rife with errors mischaracterizing facts and precedent to accuse Frank of wrongdoing and otherwise benefit class counsel.[1] For example:

| Amended written opinion (Dkt. 1029) | Reality |
|---|---|
| Finds Frank to be a "serial objector" advancing objections for the "improper purpose" of "enrich[ing] the objector or his attorney." Dkt. 1029 at 109-10, 113. | Frank has never settled an objection for a payment without benefit to the class, and his non-profit has won over $200 million for class members. Dkt. 876-1 at 5, 41-42. There was no evidence contradicting this. |
| *Poertner v. Gillette Co.*, 618 F. App'x 624 (11th Cir. 2015), demonstrates Frank's bad faith because the Eleventh Circuit found Frank's arguments "improper[]." Dkt. 1029 at 113. | While *Poertner* denied Frank's appeal, it never held that Frank's objection was "improper." Nor can Frank's loss in *Poertner* be evidence of bad faith, because Frank won on identical issues in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). |

---

[1] Frank is adverse to one of the lead class counsel firms in a pending Ninth Circuit appeal where Frank's client, supported by a bipartisan coalition of *amicus* state attorneys general, is objecting to the fairness of a settlement that paid the attorneys almost $7 million when the class received less than $1 million. *Briseno v. Conagra Foods, Inc.*, No. 19-56297. Frank expects class counsel to cite the *Equifax* criticism in their merits brief.

13

| Amended written opinion (Dkt. 1029) | Reality |
|---|---|
| Frank's lack of success in the *Target* district court demonstrates bad faith in this objection. Dkt. 1029 at 113. | The Eighth Circuit ordered remand in Frank's first appeal in *Target* and did not reach the merits of Frank's arguments in a second appeal. Tr. 77-78; 847 F.3d 608 (8th Cir. 2017). Frank prevailed on identical or similar Rule 23(a)(4) issues in the Third and Ninth Circuits. Dkt. 876-1 at 6. |
| Accuses Frank of unethically "misleading" about the settlement, but does not identify a single factually misleading statement Frank made. Dkt. 1029 at 113. | Frank did not make any false or misleading statements about the settlement. Dkt. 1057-2 at 3-7. |
| Accuses Frank of unethically encouraging class members to use a misleading "chatbot" to file perfunctory objections. Dkt. 1029 at 113-14. | Frank tweeted a link to a news story about the chatbot, but had no role in the design of the "chatbot," and told a reporter the "chatbot" objections would be legally irrelevant. Dkt. 1057-2 at 7-8. |

One of the attacks on another objector's counsel, falsely asserting another court had rejected a motion for *pro hac vice*, was so sloppy that the court was compelled to amend its opinion in response to a Rule 59 motion for reconsideration. Dkt. 969; Dkt. 1027.

If the district court did not exercise independent consideration in issuing sanctions and instead adopted class counsel's proposed findings verbatim to sanction Frank and other objectors without fair notice, *Chudasama* would require reversal and reassignment. Unfortunately, because neither class counsel nor the district court are willing to put the *ex parte* proposed opinion on the docket, "We cannot know." *K.L.*, 93 F.3d at 258. Class counsel and the district court are attempting to preclude appellate

review of whether the district court improperly relied on class counsel in delegating the drafting of an opinion approving class certification and sanctioning Frank beyond what the district court found in open court. The only reason for the district court to deny a routine, unopposed Rule 10(e) motion is to spare itself and class counsel the embarrassment of what granting that motion would disclose. This Court must rectify the problem by granting relief under Rule 10(e)(2)(C).

*Second*, unlike *Colony Square*, Frank did not have "ample opportunity to present [his] arguments." *Colony Square* accepted a verbatim adoption of an attorney's proposed opinion when it involved the decision of a bankruptcy judge where the appellant had already had the opportunity of appeal to a district court judge that gave the decision independent consideration. Here, however, Frank had no such opportunity for lower-court appellate review, and, moreover, was unfairly surprised by the unnoticed request for a factual finding that Frank was a "serial objector," which class counsel only made for the first time at the fairness hearing. The district court made no factual findings at the fairness hearing that Frank was a "serial objector" acting in bad faith, and did not accept Frank's request for the opportunity on additional briefing on the question. Yet the opinion criticizes Frank at length. This procedural unfairness compounded the other irregular procedural unfairness where (1) objectors were limited to 25-page objections; (2) class counsel was allowed to evade page limits to submit what became dispositive legal argument through a lengthy inadmissible expert opinion; (3) class counsel then was permitted to submit without leave of court additional factual arguments the night before and at the fairness hearing, weeks after a court-ordered deadline; and (4) the court then denied *sub silentio* Frank's request for a right to respond.

If the district court adopted an *ex parte* proposed opinion of 122 pages to impose *de facto* sanctions, the irregularity of this procedural unfairness followed by the step of keeping that *ex parte* communication hidden from the record in attempting to deprive appellate review of the extent to which that adoption was verbatim or independent, would add up to requiring reversal and reassignment. *Chudasama*, 123 F.3d at 1353 (concluding reassignment necessary under factors of *United States v. Torkington,* 874 F.2d 1441, 1446 (11th Cir.1989)). As in *Chudasama*, delegating to counsel dispositive and sanctions findings is inexcusable. 123 F.3d at 1353 n.46. And as in *Chudasama*, "[t]he extent of the judge's abuse of discretion—and the partiality of the practices constituting that abuse—would have a significant effect on the appearance of justice should he remain assigned to this case." *Id.* at 1353.

## II.    Rule 10(e)(2)(C) relief is appropriate.

Frank would be unfairly prejudiced by the district court's denial of his Rule 10(e) motion, as he would not be able to fully demonstrate the *Chudasama* problem without either this Court's willingness to draw an adverse inference under *K.L.* or the proposed opinion to discern the degree of improper delegation of judicial decision-making. This Court has the authority under Rule 10(e)(2)(C) to order the record supplemented so that there is no question about the contents of the *ex parte* communication and the basis for the district court's 122-page opinion. For example, in *Stevo v. Frasor*, the Seventh Circuit granted 10(e) relief for an accidental omission to "avoid punishing innocent parties." 662 F.3d 880, 885 (2011). Here, the omission is intentional at the behest of a

party to deprive its innocent adversaries of appellate review. Frank requests an order under Rule 10(e)(2)(C).

## Conclusion

This Court should issue an order under Rule 10(e) for the district court to add the *ex parte* proposed opinion submitted in response to the district court's December 19 order (Dkt. 945) to the record.

Dated: April 20, 2020                    Respectfully submitted,

                                         */s/ Theodore H. Frank*
                                         Theodore H. Frank
                                         Melissa A. Holyoak
                                         HAMILTON LINCOLN LAW INSTITUTE
                                           CENTER FOR CLASS ACTION FAIRNESS
                                         1629 K Street NW, Suite 300
                                         Washington, DC 20006
                                         Telephone: (703) 203-3848
                                         Email: ted.frank@hlli.org

                                         *Attorneys for Objector-Appellants Theodore H. Frank
                                         and David R. Watkins*

## Certificate of Compliance with
## Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the word limit of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,371 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: April 20, 2020          */s/ Theodore H. Frank*
                               Theodore H. Frank

## Certificate of Service

I hereby certify that on this the 20th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and that as a result electronic notice of the filing was served upon all attorneys of record.

I further caused notice to be sent by email to:

Alice-Marie Flowers
PO BOX 2322
ANDERSON, IN 46018

John William Davis
3030 N. Rocky Point Dr. W.
Suite 150
Tampa, Florida 33607

/s/ Theodore H. Frank
Theodore H. Frank

# EXHIBIT 2

THU APR 23, 2020 / 5:08 PM EDT

# Ted Frank wants to see class counsel's ex parte draft opinion in Equifax case

Alison Frankel

- 
- 

(Reuters) - The class action watchdog **Ted Frank** of the **Hamilton Lincoln Law Institute** has asked the 11th U.S. Circuit Court of Appeals to order the disclosure of a proposed order drafted by class counsel in the $380.5 million Equifax data breach case, arguing that if the trial judge's 122-page opinion approving the settlement was "largely a verbatim edition of an opinion class counsel drafted," it must be overturned. U.S. District Judge **Thomas Thrash** of Atlanta denied without comment Frank's motion for class counsel's proposed order to be entered in the trial court record. Frank's brief asserted that without knowing what was in the proposed order, the 11th Circuit cannot decide whether to affirm the trial judge's approval of the deal. "Perhaps the ex parte communication was harmless and the district court performed an independent analysis and substantially rewrote the draft proposed opinion," Frank's brief said. "But because neither class counsel nor the district court are willing to put the ex parte proposed opinion on the docket, we cannot know."

Class counsel from **Doffermyre Shields Canfield & Knowles, DiCello Levitt Gutzler** and **Stueve Siegel Hanson** did not respond to my email requesting comment. As I'll explain, the plaintiffs' firms have previously said that they did not object to their draft order entering the record. They have also said there is nothing improper about a trial court considering such proposed orders as long as their final opinions reflect the judges' own findings.

Frank's suspicions were aroused, the brief indicates, because Judge Thrash's written opinion differed significantly from the judge's original approval of the Equifax deal. That initial approval of the settlement and a $77.5 million fee award for class counsel came at the end of a four-hour hearing last December. Judge Thrash's oral approval order was relatively brief, occupying fewer than 10 pages of the hearing transcript – and much of that was devoted to the fee issue. The judge did not opine from the bench on class counsel's arguments at the hearing that many objectors to the settlement were "serial objectors," motivated not by sincere qualms about the Equifax deal but by "hope of personal gain."

After delivering his approval from the bench, Judge Thrash directed class co-counsel **Kenneth Canfield** of Doffermyre Shields to "prepare a written order that summarizes my rulings on the motions and my adoption basically of the arguments that have been made by the plaintiffs and by Equifax in the hearing today."

Canfield and co-class counsel drafted a "proposed order implementing the rulings made at the final approval hearing," as they described the document in a brief in January. They submitted the draft document, along with a proposed consent order and proposed judgment, to Judge Thrash. The draft documents were not filed in the case's electronic docket, but class counsel said the court's local rules do not require electronic docketing of proposed orders drafted at the court's instruction to implement opinions from the bench.

Judge Thrash's written opinion in January was much more extensive than his oral opinion at the end of the fairness hearing. It was also much more critical of objectors to the settlement, including Frank. As I wrote at the time, the judge lumped Frank in with objectors' counsel who have faced court criticism for filing objections only to extract payouts from class counsel, accusing Frank of promoting "false and misleading information" about the Equifax deal to gin up opposition to the settlement. (For what it's worth, I've been covering Frank and his class action objections for long enough to be convinced that he is not motivated by personal gain but by a genuine belief that some settlements are not in the best interest of class members.)

After Judge Thrash issued his January opinion, Frank and some other objectors moved to supplement the trial court record with the ex parte proposed order from class counsel. Equifax, represented by **King & Spalding**, said it had no objection to disclosure. Class counsel also said they had no objection, though their brief emphasized that because Judge Thrash had quite obviously engaged in independent review of the issues, including at a four-hour fairness hearing, the judge would be justified in denying the motion.

The trial judge did not directly address the objectors' requests to supplement the record. Instead, in an amended opinion in March, Judge Thrash simply denied that all other motions for specific relief.

Frank's brief at the 11th Circuit argued that it's possible Judge Thrash affixed his name to class counsel's draft, adopting alleged mischaracterizations about Frank's conduct without providing Frank or his Hamilton Lincoln colleagues proper notice or

a chance to respond. If so, Frank told the 11th Circuit, the approval order must be overturned. But even if it turns out that Judge Thrash did not rely on class counsel's draft, Frank said, the 11th Circuit has to see the proposed opinion to make that determination.

 "Class counsel and the district court are attempting to preclude appellate review of whether the district court improperly relied on class counsel in delegating the drafting of an opinion approving class certification and sanctioning Frank beyond what the district court found in open court," the brief said. "The only reason for the district court to deny (Frank's disclosure request) is to spare itself and class counsel the embarrassment of what granting that motion would disclose."

*Our standards: [The Thomson Reuters Trust Principles](.)*.

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT ALL CASES |

## ORDER

This is an MDL proceeding arising out of the Equifax data breach. It is before the Court on the Motion to Supplement Record [Doc. 961] of Objectors Watkins and Frank. Neither the Plaintiffs nor Equifax objects to the filing of the documents in question. The unopposed Motion to Supplement Record [Doc. 961] of Objectors Watkins and Frank is GRANTED. Counsel for the Consumer Plaintiffs will file the proposed orders submitted to the Court regarding the proposed opinion concerning the Court's fairness hearing rulings and proposed final judgment as soon as reasonably possible.

SO ORDERED, this 7 day of May, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\17\IN RE EQUIFAX\SUPPLEMENT.DOCX

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT  CONSUMER ACTIONS  Chief Judge Thomas W. Thrash, Jr. |

## MOTION FOR CLARIFICATION OF THIS COURT'S
## RULING ON MOTION TO SUPPLEMENT THE RECORD

Plaintiffs are in receipt of this Court's order granting objectors Frank and Watkins' ("Frank") motion to supplement the record (Doc. 1084) and are prepared to comply with that order. However, immediately prior to this Court's order, the Eleventh Circuit denied Frank's same motion under Appellate Rule 10(e)(2)(C), apparently rejecting Frank's claim that the proposed final approval order was necessary for any issue on appeal, and accepting Plaintiffs' arguments before the Eleventh Circuit that Frank's motion was driven by improper motives. A copy of that Order is attached as Exhibit 1. Frank had filed that motion in the Eleventh Circuit on April 20, 2020, arguing that this Court had denied his motion to supplement the record with the entry of the amended final approval order on March 13, 2020, which denied "[a]ny other motions and requests for specific relief asserted

Case: 1:17-md-02800-TWT   Document 1103-4   Filed 05/23/20   Page 62 of 91
Case: 1:17-md-02800-TWT   Document 1093   Filed 05/19/20   Page 2 of 12
Case: 20-10249    Date Filed: 05/19/2020    Page: 3 of 13

by objectors." (Doc. 1029 at 122). Therefore, given the Eleventh Circuit's earlier and conflicting holding on the same issue regarding supplementing the record, and the unusual procedural posture of this issue, Plaintiffs request clarification to ensure Plaintiffs should file the proposed order as directed in Doc. 1084.

## **FACTUAL BACKGROUND**

On January 15, 2020, Frank moved to supplement the record with the proposed final approval order that this Court directed class counsel to submit (as well as the proposed final judgment and consent decree about which he does not complain) supported by a two-page brief.  (Doc. 961)  Plaintiffs responded that they had no objection to inclusion of the proposed orders in the record, while noting the motion could appropriately be denied because the existing record was accurate and supported by the evidence. (Doc. 971 at 4)

On March 13, 2020, this Court entered its amended final approval order, which denied "[a]ny other motions and requests for specific relief asserted by objectors," (Doc. 1029 at 122).  On April 20, 2020, Frank renewed his effort to supplement the record with the proposed final approval in the Eleventh Circuit pursuant to Appellate Rule 10(e)(2)(C), telling the appellate court that this Court denied his motion to supplement when it entered an amended final approval order.  A copy of his appellate motion is attached as Exhibit 2.  In the motion, Frank

contended that the process by which this Court requested class counsel to prepare a proposed order consistent with its oral ruling from the bench at the conclusion of the final approval in accordance with this Court's Local Rule 7.3 was fundamentally unfair.  Frank also contended that the process allowed class counsel to lead this Court into making factually-unsupported findings about him (specifically that he is a serial objector, is not acting in the best interest of the class, and encouraged others to object based on false and misleading information about the settlement).  Both in the motion and email correspondence to the parties, Frank previewed for the first time that, after obtaining the proposed order, he might file a motion for summary reversal and to disqualify this Court for misconduct.

Given Frank's stated reasons for requesting the order, Plaintiffs objected in an opposition brief filed on April 30, 2020.  A copy of Plaintiffs' opposition brief is attached as Exhibit 3.  Plaintiffs began by explaining that Frank's motion both distorted and was contradicted by the record and, to ensure that the Eleventh Circuit had a full understanding of the relevant events, set forth a detailed description of what happened before this Court.  The description included the sworn evidence relating to Frank's conduct, the arguments about Frank that class counsel made at the final approval hearing, this Court's adoption of those arguments, and the procedural history leading up to entry of the final approval order.  Among other

3

Case 1:17-md-02800-TWT Document 1183-4 Filed 05/23/20 Page 64 of 91
Case 1:17-md-02800-TWT Document 1093 Filed 05/13/20 Page 4 of 12
Case: 20-10249    Date Filed: 05/19/2020    Page: 5 of 13

things, in contrast to Frank's claims in his motion, Plaintiffs specifically pointed out that Frank was put on notice over two weeks before the final approval hearing of Plaintiffs' allegations about him and the evidence supporting those allegations and that Frank's counsel was present when class counsel presented this evidence to the Court, but Frank never contested that evidence or sought an opportunity to respond to it. Plaintiffs also pointed out that Frank never objected to the process by which this Court asked class counsel to prepare a proposed order, the fact that the process is codified in the Local Rules and, unlike other serial objectors, did not file a Rule 59 motion to challenge the evidentiary basis for the Court's findings about him.

Plaintiffs further pointed out that allowing Frank to obtain the proposed order likely would create a sideshow that would needlessly complicate, delay, and interfere with the final resolution of the appeals. That is because both the Supreme Court and Eleventh Circuit have consistently upheld a trial court's adoption of a proposed order—and declined to subject it to a different standard of review—so long as the order is supported by evidence and the process is not fundamentally unfair. And, as Plaintiffs pointed out, this Court's findings about Frank are factually supported by the record and there was otherwise nothing unfair about the process. Indeed, he did not object to it until four months later.

## REQUESTED CLARIFICATION

Once the Eleventh Circuit denied Frank's request to supplement the appellate record with the proposed orders submitted by class counsel, his motion seeking the same relief from this Court was likely moot. *Cf. Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.,* 382 F.3d 1276, 1281-82 (11th Cir. 2004) ("a case is moot when the issues presented are no longer live"). *See Leser v. Berridge*, 2011 WL 5036028, at *1 (D. Colo. Oct. 20, 2011) (noting that the trial court had earlier denied as moot a motion to stay pending appeal after the appellate court had denied a similar motion); *U.S. v. Billheimer*, 93 A.F.T.R.2d 2004-1334 (S.D. Ohio 2003) ("Given that the Court of Appeals has overruled the Defendants' Motion … this Court deems the similar motion filed in this Court to be moot") (internal citations omitted).

Even assuming that Frank's motion remained alive after the Eleventh Circuit denied his request to supplement the record with the proposed order, Plaintiffs wish to clarify that this Court does not want to reconsider its order granting the motion. By denying the relief sought by Frank, the appellate court determined that the proposed order is not needed to resolve the appeals from this Court's final approval order. If the proposed order is not needed on appeal, there is no reason for this Court to place the proposed order on the record. Proceedings before this Court are thus concluded.

5

Further, as Plaintiffs argued above, Frank's appellate motion revealed he intends to use the proposed order to support a meritless crusade to avenge the findings this Court made about him. Because the Eleventh Circuit denied Frank's motion without explanation, it is uncertain whether the appellate court decided against supplementing the record to short circuit Frank's effort. But that seems a reasonable conclusion. If the appellate decision was motivated, even in part, by a desire to keep the focus of the appellate proceedings on the merits of this Court's final approval order rather than on an issue personal to Frank, then this Court, by ordering that the proposed order be placed on the record, will effectively overrule that decision and interfere with the Eleventh Circuit's control over the proceeding before it.

Case 1:17-md-02800-TWT Document 1093 Filed 05/23/20 Page 67 of 91
Case: 1:17-md-02800-TWT Document 1093 Filed 05/13/20 Page 7 of 12
Case: 20-10249 Date Filed: 05/19/2020 Page: 8 of 13

## CONCLUSION

For the foregoing reasons, Plaintiffs request clarification of the Court's order

(Doc. 1084) regarding whether the record should be supplemented in this Court.

Dated: May 11, 2020                     Respectfully submitted,

                                        */s/ Kenneth S. Canfield*
                                        Kenneth S. Canfield
                                        Ga Bar No. 107744
                                        **DOFFERMYRE SHIELDS**
                                        **CANFIELD & KNOWLES, LLC**
                                        1355 Peachtree Street, N.E.
                                        Suite 1725
                                        Atlanta, Georgia 30309
                                        Tel. 404.881.8900
                                        kcanfield@dsckd.com

                                        */s/ Amy E. Keller*
                                        Amy E. Keller
                                        **DiCELLO LEVITT GUTZLER LLC**
                                        Ten North Dearborn Street
                                        Eleventh Floor
                                        Chicago, Illinois 60602
                                        Tel. 312.214.7900
                                        akeller@dicellolevitt.com

                                        */s/ Norman E. Siegel*
                                        Norman E. Siegel
                                        **STUEVE SIEGEL HANSON LLP**
                                        460 Nichols Road, Suite 200
                                        Kansas City, Missouri 64112
                                        Tel. 816.714.7100
                                        siegel@stuevesiegel.com

                                        ***Plaintiffs-Appellees' Co-Lead Counsel***

7

Case 1:17-md-02800-TWT Document 1163-4 Filed 05/23/20 Page 68 of 91
Case: 1:17-md-02800-TWT Document 1093 Filed 05/13/20 Page 8 of 12
Case: 20-10249    Date Filed: 05/19/2020    Page: 9 of 13

*/s/ Roy E. Barnes*

Roy E. Barnes
Ga. Bar No. 039000
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com

David J. Worley
Ga. Bar No. 776665
**EVANGELISTA WORLEY LLC**
8100A Roswell Road Suite 100
Atlanta, Georgia 30350
Tel. 404.205.8400
david@ewlawllc.com

***Plaintiffs-Appellees' Co-Liaison Counsel***

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, D.C. 20005
Tel. 202.408.4600
afriedman@cohenmilstein.com

Eric H. Gibbs
**GIRARD GIBBS LLP**
505 14th Street
Suite 1110
Oakland, California 94612
Tel. 510.350.9700
ehg@classlawgroup.com

Case 1:17-md-02800-TWT Document 1149-4 Filed 05/23/20 Page 69 of 91
Case 1:17-md-02800-TWT Document 1093 Filed 05/13/20 Page 9 of 12
Case: 20-10249 Date Filed: 05/19/2020 Page: 10 of 13

James Pizzirusso
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, D.C. 20006
Tel. 202.540.7200
jpizzirusso@hausfeld.com

Ariana J. Tadler
**TADLER LAW LLP**
One Penn Plaza
36th Floor
New York, New York 10119
Tel. 212.946.9453
atadler@tadlerlaw.com

John A. Yanchunis
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel. 813.223.5505
jyanchunis@forthepeople.com

William H. Murphy III
**MURPHY, FALCON & MURPHY**
1 South Street, 23rd Floor
Baltimore, Maryland 21224
Tel. 410.539.6500
hassan.murphy@murphyfalcon.com

Jason R. Doss
Ga. Bar No. 227117
**THE DOSS FIRM, LLC**
36 Trammell Street, Suite 101
Marietta, Georgia 30064
Tel. 770.578.1314
jasondoss@dossfirm.com

*Plaintiffs' Steering
Committee*

Rodney K. Strong
**GRIFFIN & STRONG P.C.**
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Tel. 404.584.9777
rodney@gspclaw.com

*Plaintiffs' State Court
Coordinating Counsel*

Case 1:17-md-02800-TWT Document 1148-4 Filed 06/23/20 Page 71 of 91
Case 1:17-md-02800-TWT Document 1093 Filed 05/14/20 Page 11 of 12
Case: 20-10249    Date Filed: 05/19/2020    Page: 12 of 13

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in

compliance with Local Rules 5.1 and 7.1.

*/s/ Amy E. Keller*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel who have registered will be served by the ECF system.

I also certify that copies of the foregoing were served upon the following objector via electronic mail pursuant to agreement on May 11, 2020:

> Shiyang Huang
> defectivesettlement@gmail.com

I also certify that copies of the foregoing were served upon the following District Court objectors U.S. Mail (and electronic mail, where listed below) on May 11, 2020:

> George Willard Cochran, Jr.
> 1981 Crossfield Circle
> Kent, Ohio 44240
> lawchrist@gmail.com

> Christopher Andrews
> P.O. Box 530394
> Livonia, Michigan 48153

> */s/ Amy E. Keller*
> Amy E. Keller
> *Attorney for Plaintiffs*

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL No. 17-2800-TWT |
|  | CONSUMER ACTIONS |
| THEODORE H. FRANK and DAVID R. WATKINS, | Chief Judge Thomas W. Thrash, Jr. |
| Objectors. |  |

## FRANK'S AND WATKINS'S OPPOSITION TO
## MOTION FOR CLARIFICATION

There is nothing to "clarify" because the district court's order is unambiguous: "Counsel for the Consumer Plaintiffs will file the proposed orders submitted to the Court regarding the proposed opinion concerning the Court's fairness hearing rulings and proposed final judgment as soon as reasonably possible." Order, Dkt. 1084. Counsel for Consumer Plaintiffs do not claim they cannot understand the order or that they might inadvertently violate the order because it is confusing: they claim they are "prepared to comply with the order." Plaintiffs' Motion to Clarify ("Mot."), Dkt. 1093 at 1. But they are already in willful breach of an order they have not moved to stay or reconsider, because they did not file "as soon as reasonably possible" as the Court required. Order, Dkt. 1084. Class counsel's contumacious conduct threatens to delay an appeal they claim to wish to expedite. The Court should

Case: 1:17-md-02800-TWT Document 1148-1 Filed 06/23/20 Page 75 of 91
Case: 1:17-md-02800-TWT Document 1101 Filed 06/23/20 Page 3 of 8
Case: 20-10249     Date Filed: 05/19/2020     Page: 3 of 8

deny class counsel's motion immediately so that appellate briefing can begin with a complete record.

Class counsel suggests that what they are really seeking is for the court to reconsider its order. Mot. at 2. But they neither make such a motion, nor mention the legal standards for reconsideration, meaning they have forfeited any claim to such relief. And for good reason: the motion would be frivolous. *First,* class counsel *did not oppose*, in a timely fashion or otherwise, Frank's motion to correct the record. *See* Plaintiffs' Response to Motion to Supplement, Dkt. 971 at 1 ("Plaintiffs have no objection to making the Proposed Orders part of the record."). Class counsel has forfeited any right to a motion to reconsider just because they've apparently changed their mind about whether they want the Eleventh Circuit to see what they submitted to this Court.[1]

*Second*, the argument they give for the Court "reconsidering" is similarly frivolous, not least because class counsel is once again making false factual and legal contentions. Frank's unopposed Rule 10(e) motion in this Court is not "moot" because of the Eleventh Circuit action. The Eleventh

---

[1] There is no basis for finding Frank has "improper motives" (Mot. at 1) for the documents, and the Eleventh Circuit made no such finding. If the documents do not show improper conduct by class counsel, Frank has no reason to counterproductively dilute his appeal with a losing collateral issue given that he has previously won appeals on an identical Rule 23(a)(4) issue to the one in this case. Of course, if the documents do not show improper conduct by class counsel, class counsel has no reason not to simply disclose them rather than multiplying and delaying proceedings.

Circuit gave no reason for denying Frank's motion and did not "determine[]
that the proposed order is not needed to resolve the appeals from this Court's
final approval order." Mot. at 5. Class counsel's speculation that the Eleventh
Circuit held the contents of the proposed opinion irrelevant to the appeal is
wishful thinking. Appellees misrepresented to the Eleventh Circuit that the
proposed opinion could not be relevant because Frank's March 12 civil appeal
statement—filed before this Court's March 18 amended opinion that resulted
in Frank's amended appeal—did not raise any issues relating to the *ex parte*
proposed opinion below. *Accord* Plaintiffs' Notice Regarding Motion to
Supplement, Dkt. 1077 at 2 (opposing Frank's Eleventh Circuit motion
because the relief "has nothing to do with resolution of the issue he has
appealed"). But Frank's amended civil appeal statement did raise this issue.
This would have been the subject of a motion to reconsider in the Eleventh
Circuit if this Court had not granted the Rule 10(e) motion the same day.

Class counsel further argued that the appeals court should deny
Frank's Rule 10(e)(2)(C) motion because this Court had not yet ruled on the
Rule 10(e)(2)(B) motion. *See* Plaintiffs-Appellees' Corrected Response to
Frank and Watson's [sic] Motion for Relief Under Fed. R. App. P. 10(e)(2)(C),
Dkt. 1077-2 at 12-13. Because the Eleventh Circuit did not provide reasons
for its denial of the motion, it might have denied it for this reason. Class
counsel is judicially estopped from claiming that the question became moot in
this Court when their argument that the issue was live in this Court might
be the reason for the denial. If class counsel wished to demonstrate that the

Eleventh Circuit thought the proposed opinion irrelevant to the record or Frank's motives improper, class counsel's motion to clarify is in the wrong court.

Thus, if this Court "clarifies" its plain-as-day order by denying an unopposed motion it already granted, there will be a motion to reconsider the Rule 10(e)(2)(C) denial in the Eleventh Circuit on or before May 28 on the basis of class counsel's factually false allegations that Frank never had an opportunity to reply to, delaying the appeal further. Frank's unopposed motion for Rule 10(e)(2)(B) relief is not and has never been moot.

Class counsel makes a variety of other false factual allegations about Frank and his appeal, but all of them are irrelevant to the fact that class counsel has no basis for their motion in this Court, and need not be litigated here.

Class counsel has not moved for a stay, and they have not moved to reconsider an order that resulted from an unopposed motion. Though Frank does not seek such findings at this time, class counsel is in contempt for willfully refusing to comply with the Court's order to produce its filings "as soon as reasonably possible." Order, Dkt. 1084.[2]

_____

[2] This is not the first time class counsel has unnecessarily delayed the appeal. They previously waited seven weeks after Frank's appeal to move for an entirely unnecessary appeal bond, as Frank, a member of the Eleventh Circuit bar, has never failed to comply with a court order for Rule 38 costs in his decades-long career, and would have no reason to risk discipline over a few hundred dollars in costs. The motion for a punitive $40,000 appeal bond, which made a variety of false factual allegations against Frank, *see Frank's*

Case: 17-md-02800-TWT   Document 1148-1   Filed 06/23/20   Page 78 of 91
Case: 17-md-02800-TWT   Document 1101   Filed 06/13/20   Page 5 of 7
Case: 20-10249      Date Filed: 05/19/2020      Page: 6 of 8

**CONCLUSION**

There is no need to "clarify" an order that class counsel understands, but is just willfully refusing to obey. The Court should deny the motion to clarify as soon as possible so that class counsel has no more excuses to delay the appeal or try to unfairly prejudice Frank's appeal.

---

Opposition to Motion for Appeal Bond, Dkt. 1057 at 22-25, prevented Frank from agreeing to a briefing schedule by which his opening brief would have already been filed. (Frank has already complied with the Court's appeal bond order, even though the May 11 order—issued after the Court's May 7 order requiring plaintiffs to comply "as soon as reasonably possible"—gave Frank fourteen days to comply. Dkt. 1094; Dkt. 1095. Frank reserves the right to appeal that bond order.) Nor is it the first time class counsel has willfully violated a court order. *Compare* Plaintiffs' Supplemental Declaration, Dkt. 939 (filing response to objections without leave at 11 p.m. the night before the December 19 fairness hearing) *with* Preliminary Approval Order, Dkt. 742 at 15 (requiring oppositions to objections be filed on before December 5). Frank will not cross-move for contempt, because such a motion would simply delay the appeal further. But he reserves the right to make such a motion if class counsel continues to willfully ignore the Court's order.

Case: 1:17-md-02800-TWT Document 1148-4 Filed 06/13/20 Page 79 of 91
Case: 1:17-md-02800-TWT Document 1161 Filed 05/13/20 Page 6 of 7
Case: 20-10249 Date Filed: 05/19/2020 Page: 7 of 8

Dated: May 12, 2020.    /s/ Melissa A. Holyoak

Melissa A. Holyoak, (DC Bar No. 487759)
Hamilton Lincoln Law Institute
1629 K Street, NW Suite 300
Washington, DC 20036
Phone: (573) 823-5377
Email: melissa.holyoak@hlli.org

*Attorneys for Objectors David R. Watkins
and Theodore H Frank*

## CERTIFICATE OF FONT

I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 and 7.1.

Dated: May 12, 2020.                                    /s/ Melissa A. Holyoak

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record.

Dated: May 12, 2020.                                    /s/ Melissa A. Holyoak

# EXHIBIT 6

Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.  Attach additional pages if necessary.*

11th Circuit Docket Number:  No. 20-10249

| Caption: | |
|---|---|
| Shiyang Huang, et al. | District and Division: Northern District of Georgia |
| | Name of Judge: Hon. Thomas W. Thrash |
| | Nature of Suit: class action |
| v. | Date Complaint Filed: Dec. 6, 2017 |
| | District Court Docket Number: 1:17-md-02800-TWT |
| | Date Notice of Appeal Filed: 02/10/2020 |
| Brian Spector, et al. | ☐ Cross Appeal  ☑ Class Action |
| | Has this matter previously been before this court? |
| | ☐ Yes  ☑ No |
| | If Yes, provide |
| | (a)  Caption: _____ |
| | (b)  Citation: _____ |
| | (c)  Docket Number: _____ |

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>☐ Plaintiff<br>☐ Defendant<br>☑ Other (Specify) | Melissa A. Holyoak<br>Hamilton Lincoln Law Institute | 1629 K Street NW, Suite 300<br>Washington, D.C. 20006 | melissaholyoak@gmail.com<br>573-823-5377 |

Objectors Theodore H. Frank and
David R. Watkins

| | | | |
|---|---|---|---|
| For Appellee:<br>☑ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Kenneth S. Canfield<br>Doffermyre Shields Canfield & Knowles, LLC<br>Attorneys for Plaintiffs-Appellees | 1355 PEACHTREE ST NE STE 1725<br>ATLANTA, GA 30309 | 404-881-8900<br>404-920-3246 (fax)<br>kcanfield@dsckd.com |
| | David L. Balser<br>King & Spalding, LLP<br>Attorneys for Defendants-Appellees | 1180 PEACHTREE ST NE STE 1600<br>ATLANTA, GA 30309-3521 | Direct: 404-572-5109<br>Firm: 404-572-4600<br>dbalser@kslaw.com |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question | ☑ Final Judgment,<br>28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$ not specified |
| ☐ Diversity | ☐ Interlocutory Order,<br>28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant:<br>$ _____ |
| ☐ US Plaintiff | | ☐ Summary Judgment | |
| ☐ US Defendant | ☐ Interlocutory Order Certified,<br>28 USC 1292(b) | ☐ Judgment/Bench Trial | Awarded:<br>$ _____<br>to _____ |
| | ☐ Interlocutory Order,<br>Qualified Immunity | ☐ Judgment/Jury Verdict | |
| | | ☐ Judgment/Directed Verdict/NOV | Injunctions:<br>☐ TRO |
| | ☐ Final Agency Action (Review) | ☐ Injunction | ☐ Preliminary  ☐ Granted<br>☐ Permanent  ☐ Denied |
| | ☐ 54(b) | ☑ Other Class Action Final Order and Judgment | |

Page 2                                                    11th Circuit Docket Number: ___20-10249___

Based on your present knowledge:

(1)   Does this appeal involve a question of First Impression?   ☐ Yes   ☑ No
      What is the issue you claim is one of First Impression? _____

(2)   Will the determination of this appeal turn on the interpretation or application of a particular case or statute?   ☑ Yes   ☐ No

      If Yes, provide
      (a)   Case Name/Statute  Amchem Prods. v. Windsor, 521 U.S. 591 (1997); Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999); Juris v. Inamed, 685 F.3d 1294 (11th Cir. 2012).
      (b)   Citation  Fed. R. Civ. P. 23(a)(4)
      (c)   Docket Number if unreported _____

(3)   Is there any case now pending or about to be brought before this court or any other court or administrative agency that
      (a)   Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☑ No
      (b)   Involves an issue that is substantially the same, similar, or related to an issue in this appeal?   ☐ Yes   ☑ No

      If Yes, provide
      (a)   Case Name _____
      (b)   Citation _____
      (c)   Docket Number if unreported _____
      (d)   Court or Agency _____

(4)   Will this appeal involve a conflict of law
      (a)   Within the Eleventh Circuit?   ☐ Yes   ☑ No
      (b)   Among circuits?   ☐ Yes   ☑ No

      If Yes, explain briefly:

(5)   Issues proposed to be raised on appeal, including jurisdictional challenges:
      Supreme Court precedent requires separate representation under Rule 23(a)(4) where subgroups of class members have materially different claims creating fundamental intra-class conflicts. Did the district court err as a matter of law when it certified a single nationwide settlement class, though many class members have materially different causes of actions with materially different legal remedies, including state statutory-damages claims that were sufficiently colorable to survive a motion to dismiss?
      Did the district court's class-certification decision impermissibly rely upon inadmissible expert evidence and class counsel's proposed opinion instead of providing the scrutiny required by Rule 23 and the Supreme Court?
      Was the district court's delegation of the drafting of the final approval order fundamentally unfair where the proposed order reflects substantially verbatim duplication of class counsel's proposed opinion--submitted ex parte and then hidden by the district court and class counsel--that overreaches the court's findings from the fairness hearing, and abused the process to make factually unsupported findings against opposing counsel? And if so, is reassignment of the case required?

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS _____4th____ DAY OF _____May_____, ____2020_____.


  Melissa A. Holyoak                                      /s Melissa A. Holyoak
_____          _____
         NAME OF COUNSEL (Print)                             SIGNATURE OF COUNSEL

# EXHIBIT 7

ON THE CASE
MAY 7, 2020 / 5:19 PM / 6 DAYS AGO

# Equifax judge orders disclosure of class counsel's draft 'opinion'

Alison Frankel
8 MIN READ

•
•

(Reuters) - U.S. District Judge **Thomas Thrash** of Atlanta ordered the disclosure Thursday of a controversial draft opinion written by class counsel in the Equifax data breach case. Class counsel's draft opinion was submitted to Judge Thrash after he granted final approval to a $380.5 million settlement at the conclusion of a hearing last December but before the judge issued a 122-page decision in January that was harshly critical of objectors to the deal.

Judge Thrash called on class counsel from **Doffermyre Shields Canfield & Knowles**, **DiCello Levitt Gutzler** and **Stueve Siegel Hanson** to file the draft opinion in the Equifax docket "as soon as reasonably possible." Class counsel did not immediately respond to an email requesting comment on the order.

Class action watchdog **Ted Frank** of the **Hamilton Lincoln Law Institute** contends that the draft opinion may show that the trial judge improperly adopted accusations by class counsel. As I've reported, Frank filed a motion last month at the 11th U.S. Circuit Court of Appeals, where he and other objectors are challenging approval of the Equifax settlement, calling for disclosure of the draft opinion.

Frank argued that Judge Thrash's 122-page decision was dramatically more detailed than his oral order approving the settlement, raising the prospect that the judge simply adopted the draft submitted by class counsel. The written opinion also contained detailed criticism of Frank and other objectors that was not part of Judge Thrash's oral decision, in which the judge merely acknowledged class counsel's presentation on the objectors and said that, in his judgment, "most of the objections that were voiced here today did not take into consideration the best interest of the class itself."

Frank's motion for disclosure of the draft opinion argued that if the trial judge adopted class counsel's draft as his own, without providing Frank an opportunity to respond to what he contends were mischaracterizations of his conduct, the approval order must be overturned by the 11th Circuit. He cited In re Colony Square (819 F.2d 272), a 1987 opinion in which the 11th Circuit said that it "strongly disapproved" of a federal bankruptcy judge signing his name to orders ghostwritten by an insurance company angling to take position of the debtor's $100 million commercial property.

Oddly, the 11th Circuit denied Frank's motion to supplement the appellate record on Thursday, moments before Judge Thrash ordered disclosure of the draft opinion in the trial court docket.

Frank told me he's looking forward to seeing the draft opinion. "We hope nothing improper happened but we won't know until we see it," he said.

Class counsel have maintained in filings before Judge Thrash and at the 11th Circuit that neither they nor Judge Thrash did anything improper – or even out of the ordinary.

Judge Thrash asked class counsel at the conclusion of the fairness hearing to prepare a draft order memorializing his decision from the bench to approve the settlement. That's entirely routine, class counsel said. Moreover, the record of the Equifax case leaves no doubt that Judge Thrash was thoroughly engaged in the case and independently evaluated the settlement and objections to it. The judge held a four-hour fairness hearing before granting final approval of the deal, class counsel argued. And all of the objectors, including Frank, had an opportunity at that hearing to rebut class counsel's allegations about their records, class counsel argued. So disclosure of the draft opinion, "would benefit no one other than perhaps Frank," they told the 11th Circuit.

Equifax's lawyers at **King & Spalding** also told the 11th Circuit that there was "nothing improper" about Judge Thrash's request for a draft order from class counsel after his approval of the settlement. Equifax took no position in the trial or appellate court on whether the draft opinion should be disclosed.

The disclosure demand by Frank and another objector has taken quite a quirky course. They first asked Judge Thrash to enter the draft opinion in the trial docket in January, after he issued his 122-page written decision. Class counsel said in response that they had no objection to putting their proposed order in the record but said Judge Thrash would be within his rights to deny Frank's motion because "the facts clearly demonstrate that the court conducted its own analysis prior to entering the final approval order."

Judge Thrash did not specifically rule on the motion to disclose the draft opinion in January or February. But when he issued an amended opinion in March, removing one

sentence about an objector other than Frank, the judge said all other pending post-decision motions were denied. Frank then asked the 11th Circuit to weigh in.

Class counsel said it was not clear whether Judge Thrash meant to deny Frank's disclosure motion in that amended March decision. On May 1, after they filed their 11th Circuit brief opposing disclosure, they also filed a notice before Judge Thrash in the trial court. The notice informed the trial judge of the appellate dispute over the draft opinion, asserting that Frank appeared to be seeking disclosure to bolster his theory that Judge Thrash committed an abuse of discretion. Class counsel said they wanted the trial judge to be aware of their argument to the 11th Circuit that disclosure was of no benefit to the class.

I know, this is all quite a procedural muddle, even more so because Judge Thrash and the 11th Circuit have now issued divergent orders on disclosure of the draft opinion. Class counsel informed the trial judge of the appellate court ruling in a notice filed Thursday afternoon. As of late Thursday afternoon, they had not yet complied with Judge Thrash's order to enter the draft opinion in the trial court record.

*The views expressed in this article are not those of Reuters News.*
*Our Standards:The Thomson Reuters Trust Principles.*

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT ALL CASES |

## ORDER

This is an MDL proceeding arising out of the Equifax data breach. It is before the Court on the Plaintiffs' Motion for Clarification [Doc. 1093] treated as a Motion for Reconsideration. On May 7, 2020, this Court granted the Motion To Supplement Record of Objectors Watkins and Frank [Doc. 961]. The same day, the Court of Appeals denied the same motion made pursuant to Rule 10(e)(2) of the Federal Rules of Appellate Procedure. In doing so, the Court of Appeals necessarily found that the proposed orders were not material to the appeal. The Plaintiffs' Motion for Clarification [Doc. 1093] treated as a Motion for Reconsideration is GRANTED. The Court's Order of May 7, 2020 [Doc. 1084] is VACATED.

T:\ORDERS\17\IN RE EQUIFAX\CLARIFICATION.DOCX

Case 1:17-md-02800-TWT Document 1148-6 Filed 06/23/20 Page 91 of 91
Case 1:17-md-02800-TWT Document 1106 Filed 05/19/20 Page 3 of 3
Case: 20-10249    Date Filed: 05/19/2020    Page: 3 of 3

SO ORDERED, this 15 day of May, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

2