# Exhibit F

Appellants Watkins's and Frank's Reply in Support of Motion to Reconsider Denial of Fed. R. App. Proc. 10(e)(2)(C) Motion

*In re: Equifax Inc. Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.)

Plaintiffs' Opposition to Frank and Watkins' Motion to Clarify or, Alternatively, to Supplement the Record

Case No. 20-10249-RR
Case No. 20-10609

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

SHIYANG HUANG, *et al.*,
Objectors-Appellants,

v.

BRIAN SPECTOR, *et al.*,
Plaintiffs-Appellees.
*and*
EQUIFAX INC., *et al.*,
Defendants-Appellees

On Appeal from the United States District Court
for the Northern District of Georgia,
No. 1:17-md-02800-TWT

**Appellants Watkins's and Frank's Reply in Support of
Motion to Reconsider Denial of Fed. R. App. Proc. 10(e)(2)(C) Motion**

HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Theodore H. Frank
Melissa A. Holyoak
1629 K Street NW, Suite 300
Washington, D.C. 20006
(703) 203-3848

*Attorneys for Objector-Appellants Theodore H. Frank
and David R. Watkins*

## Introduction

Objector-Appellants Frank and Watkins ("Frank") ask this Court to reconsider its denial of a motion to correct an omission in the record that is material to the appeal—specifically an *ex parte* written communication from class counsel to the district court that both class counsel and the district court refuse to place on the docket. While plaintiffs try to distract the Court with thousands of words of calumny against Frank, the underlying facts supporting granting Frank's motion to reconsider are not in dispute.

At the conclusion of the fairness hearing approving the settlement in this case, the district court accepted class counsel's offer to prepare a proposed opinion for the court's approval. Dkt. 945; Dkt. 943, December 19, 2019 Fairness Hearing Tr. ("Tr.") 123-24. But the proposed opinion was never published on the docket. Class counsel admits that they did submit a written proposed opinion *ex parte* to the district court without putting it on the docket. Dkt. 971. And Frank, joined by other appellants, requested that the record be corrected under Fed. R. App. Proc. 10(e) to include the *ex parte* communications. Dkt. 961, 963, 964. The motion was unopposed and the district court granted it—but then reversed itself on a "motion to clarify" even though plaintiffs had not, and could not, move for reconsideration. Dkt. 1084, 1093, 1101, 1106.

These facts are undisputed; they form no "conspiracy theory." The district court's 122-page opinion differs from the oral ruling at the fairness hearing in material ways that are unfairly prejudicial to appellants. Frank Mot. Reconsideration 3; Frank April 20 Mot. 12-14. And if that 122-page opinion was largely a verbatim edition of an

1

opinion class counsel drafted, it would be grounds for reversal and reassignment. *E.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 & n. 46 (11th Cir. 1997); *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3rd Cir. 2005).[1] Perhaps the *ex parte* communication was harmless and the district court performed an independent analysis and substantially rewrote the draft proposed opinion. But because neither class counsel nor the district court are willing to put the *ex parte* proposed opinion on the docket, "We cannot know." *Edgar v. K.L.*, 93 F.3d 256, 258 (7th Cir. 1996) (Easterbrook, J.) (granting mandamus to disqualify judge who refused to disclose content of oral *ex parte* communications with expert).

*Edgar v. K.L.* **disqualified** a judge on **mandamus** on less egregious facts by drawing the adverse inference. At this time, Frank seeks narrower relief: the simple disclosure of written *ex parte* communications no one denies exists. The appellees insist that the communication is harmless and immaterial, and wouldn't result in the disqualification of the district-court judge. If the communication is so harmless, then disclosure should be immaterial, and either appellee could have presented the proposed opinion as an exhibit to their response. If the communication is harmless, then why do appellees demand that the *ex parte* communication be entirely hidden from appellate review? (Note that an appellant has the right to identify grounds for reversible error under the law of the Eleventh Circuit and other circuits; doing so is hardly evidence of

---

[1] Plaintiffs complain (Resp. 2) that Frank's district-court motion did not mention he might seek reassignment on appeal. Why is that relevant to this Court? But plaintiffs' allegation is not even true: Frank's motion cited *Chudasama* for why the *ex parte* communications were material to the appeal. Dkt. 961-1 at ¶ 6.

2

a "personal vendetta.") The Court would certainly be within its rights to draw the adverse inference of wrongdoing by the plaintiffs' insistence that the Court not have a complete record to draw its own conclusions. But all it need decide at this time is that the record should be complete. *E.g. United States v. Coleman*, 767 Fed. Appx. 881, 885 n.* (11th Cir. 2019) (supplementing the record to include document that was relied on by both the parties and district court).

In Frank's initial motion before this Court, the *only* reason plaintiffs gave for *Edgar* not applying was that the *Edgar* district court "refused to describe or permit discovery of the [*ex parte*] discussions." Pl. April 30 Resp. at 19. That's now the exact posture of this case—a materially changed circumstance by plaintiffs' own argument because of the district court's May 15 order issued after this Court's May 7 order. *Ray Capital, Inc. v. M/V Newlead Castellano*, 688 F. App'x 829, 829 (11th Cir. 2017), holds that developments in litigation constitute new facts meriting reconsideration. And appellees never mention *Ray Capital* or provides any reason to believe *Edgar* does not apply here. Indeed, appellees cannot point to a single appellate decision refusing relief in these circumstances.

Appellees do not deny that they based their arguments against granting Frank's original Rule 10(e)(2)(C) motion on a civil appeal statement filed before he amended his appeal, and that was not operative when this Court ruled on May 7.

Appellees do not deny that this Court gave no reason for its denial of Frank's Rule 10(e) motion, and issued its May 7 denial before the deadline for filing a reply brief, unfairly prejudicing Frank. The district court then revoked its grant of Frank's

3

Rule 10(e) motion on the basis of the appeals court's unexplained denial. Neither ruling gives any reasoned basis to reject a ministerial Rule 10(e) motion.

Frank has already agreed to file an opening brief twenty-four days after the disclosure of the proposed opinion. Frank May 14 Opp. to Mot. to Expedite 4. He agrees not to make a motion for summary reversal. The only "delay" of the appeal is being caused by appellees' resistance to disclosure of a proposed opinion that they had no legal basis to submit *ex parte* and have no legal basis to refuse to disclose. And even if granting a Rule 10(e) motion would briefly delay an appeal, there is no precedent for the proposition that a minor delay is grounds for an indisputably incomplete record where the omission is material to an appellant but not his or her fault.

The Court should grant the motion for reconsideration, and order the district court to place the *ex parte* communications and proposed opinion on the docket.

## Argument

**I.  Reconsideration is necessary because the extraordinary changed circumstances since May 7 by themselves merit granting the Rule 10(e)(2)(C) relief.**

New evidence meriting reconsideration includes "developments in" related litigation. *Ray Capital, Inc. v. M/V Newlead Castellano*, 688 F. App'x 829, 829 (11th Cir. 2017). Appellees never argue that *Ray Capital* is incorrect.

Instead, plaintiffs claim that they never argued that the district court's failure to rule on the motion was relevant. This is absolutely false. On page 18-19 of their response to Frank's initial appellate motion, plaintiffs argued that *Edgar v. K.L.* "involve[d] starkly different facts" because the *Edgar* district court "refused to describe

4

or permit discovery of the" *ex parte* communications. They then prevailed on Frank's appellate motion. This Court did not give any reason for its May 7 one-sentence denial of the motion. Contrary to plaintiffs' claim, that is enough to trigger judicial estoppel. Plaintiffs took the position that the Court could disregard *Edgar* because the district court here did not refuse to permit discovery of the *ex parte* communication. The Court disregarded *Edgar* and denied Frank's motion. Now that the district court has explicitly "refused to describe or permit discovery of the" *ex parte* communications, nullifying the only reason plaintiffs gave for disregarding *Edgar*, it is indisputably new evidence meriting reconsideration.

Even now, plaintiffs provide no further argument why *Edgar v. K.L.* does not apply and require disclosure of the *ex parte* communications. Plaintiffs don't argue *Edgar* was wrongly decided. Plaintiffs don't argue that this Court should create a circuit split with *Edgar*. Plaintiffs don't argue that binding precedent contradicts *Edgar*.

If the district court had simply denied Frank's Rule 10 motion, it would have been extraordinary and unprecedented. But doing so **after granting the unopposed Rule 10 motion** because of plaintiffs' motion for "clarification" warning of the danger of judicial embarrassment (plaintiffs had no standing to ask for reconsideration),[2] is even more extraordinary. Frank's motion to reconsider argued (Mot. 9) "No appellate court has ever permitted a district court to manipulate an appeal like this." Plaintiffs do

---

[2] Plaintiffs cite no authority for the proposition (Opp. 11) that they could waive opposition to a motion and then move to reconsider a court's grant of an unopposed motion after that forfeiture. It's wrong on its face. Moreover, motions to reconsider are restricted to arguments that could not have been made previously or decisions that are manifestly incorrect, and plaintiffs cited neither basis in their district-court motion.

5

not cite any precedent to the contrary. Nor do they mention Canon 3A(4). *Edgar*, 93 F.3d at 259.

For this reason alone, reconsideration is required.

## II. The undisclosed *ex parte* communications are material to the amended appeal, and this Court never gave Frank an opportunity to reply to appellees' manifestly incorrect arguments.

Appellees do not deny that they argued that the March 12 civil appeal statement precluded Frank from raising a *Chudasama* argument. (That argument was wrong. *Federal Sav. & Ins. Corp. v. Haralson,* 813 F.2d 370, 373 n.3 (11th Cir. 1987) (declining to find argument forfeited when it did not even appear in the *opening brief's* statement of the issues).) They do not deny that Frank's May 4 civil appeal statement raises *Chudasama* issues, making their argument manifestly incorrect, now factually and legally. They do not deny that this Court prematurely ruled on the motion before Frank's reply brief was due, precluding him from correcting the manifestly incorrect argument plaintiffs made.

Plaintiffs repeat their argument that a verbatim adoption of a proposed opinion is *sometimes* appropriate. Frank already explained why that argument is irrelevant: for the proposed opinion to be *immaterial* to the appeal, it must be the case that substantially verbatim adoption is *never* inappropriate, and plaintiffs present no authority for that proposition. Frank Mot. Reconsider at 11-15. Plaintiffs' response brief does not join the issue or contest Frank's reading of the cases.

Most critically, the natural way for plaintiffs to demonstrate that the proposed opinion is not material on appeal is to disclose it—but they continue to refuse to do so. Why do they make convoluted arguments based on misrepresentations of precedent if

6

there was nothing to hide? Plaintiffs provide no legitimate explanation why they refuse to simply produce the proposed opinion on the docket. They assert (Opp. 13) that granting the motion will "lead to a sideshow that would inevitably fail and disrupt and delay resolution of the appeals." How? He has committed in this brief not to make a motion for summary reversal. Frank has already agreed to a briefing schedule where his opening brief is due twenty-four days after disclosure of the proposed opinion. Frank May 14 Opp. to Mot. to Expedite 4. Any delay is because appellees have now filed eight briefs in two courts to try to prevent disclosure instead of supplementing the record as requested in Janaury.

There is no legitimate dispute that the hidden *ex parte* communications are material to the *Chudasama* issue that Frank raises in his May 4 civil appeal statement. The Court's denial of Frank's Rule 10(e)(2)(C) motion on May 7 was manifestly incorrect, and this is an independent ground for reconsideration.

### III. Reconsideration is also appropriate because of the changed circumstances of the district court's punitive appeal bond.

Again, new evidence meriting reconsideration includes "developments in" related litigation, and plaintiffs do not dispute this. *Ray Capital*, 688 F. App'x at 829. The appeal bond order issued after May 7 thus is grounds for reconsideration and makes the proposed opinion additionally material to the appeal.

Plaintiffs misrepresent the $4,000 ($2,000 against Watkins and Frank *each*) appeal bond order in multiple ways. *First*, the district court's "finding" that Frank was a serial objector in the appeal bond order was not an independent reasoned finding. Rather, the district court stated that Frank was among "Objectors [who] have **already been**

7

***identified by this Court*** as serial objectors, **who have extorted money from counsel** in prior class actions to withdraw their objections." Dkt. 1094 at 6-7 (emphasis added). In short, plaintiffs may have successfully bootstrapped fictional findings unsupported by the record in their original proposed opinion into the appeal bond. Frank is entitled to find out the cause of this reversible error. Plaintiffs have the gall to say (Opp. 15) there is "nothing untoward" in this libel.

*Second*, plaintiffs claim that the extortionist "serial objector" finding is irrelevant to the appeal bond order, but the district court expressly stated it was considering "whether the appellant has shown any bad faith or vexatious conduct" and that that factor applied to "each Objector" it was imposing a bond upon. Dkt. 1094 at 6.

Plaintiffs do not contend here that Frank is an extortionist; do not contest that Frank has won hundreds of millions of dollars for class members; do not even contest that his $10 million victory in the Ninth Circuit and Northern District of California in *Lithium* mirrors his Rule 23(a)(4) objection in this case. (Nor could they. Dkt. 1057-2; Dkt. 876-1.) Rather, plaintiffs argue (Opp. 16) that Frank *is* a "serial objector" "because he has objected in dozens of cases." This sleight of hand, which contradicts the district court's own stated definition of serial objectors, and is supported by no appellate decision, is extraordinary. What possible public-policy or legal reason is there to treat a successful non-profit public-interest objector with the same animus as an extortionist?[3]

---

[3] Plaintiffs don't believe their own argument: they have mentioned the district court's "finding" that Frank is a "serial objector" in motion briefs in this appeal numerous times to poison the well. This would be a pointless *ad hominem* attack if "serial objector" included "someone who successfully objects dozens of times for a public-interest law firm" rather than just bad-faith extortionists.

8

In the effort to defend the district court's indefensible smear of Frank, the plaintiffs assert that the district court is really just impermissibly biased against class members who've previously exercised Rule 23(e)(5) rights.

Frank previously complained that the district court made impermissible "findings [that] have taken the form of conclusory statements unsupported by citation to the record." *Anderson v. Bessemer City*, 470 U.S. 564, 572 (1985). Frank Mot. Reconsider 12. Plaintiffs do not contest that the district court violated *Anderson* (or even mention *Anderson*). Instead, plaintiffs again resort to baseless *ad hominem* attacks in violation of Cir. Rule 25-6 on the basis of these conclusory statements. *Compare* Dkt. 1057-2; Dkt. 876-1. Rather than grounds to deny a Rule 10(e)(2)(C) motion, they only reveal the need to complete the record.

The district court's finding that Frank is an extortionist was entirely baseless. If an improper *ex parte* submission by class counsel after a fundamentally unfair procedure (Frank April 20 Mot. 15) was what caused the error, it is grounds for replacement under *Chudasama*. The Court should order the disclosure of the secret *ex parte* proposed opinion.

## Conclusion

This Court should grant the motion to reconsider and issue an order under Rule 10(e)(2)(C) for the district court to add the *ex parte* proposed opinion to the record.

9

Dated: June 5, 2020

Respectfully submitted,

/s/ *Theodore H. Frank*
Theodore H. Frank
Melissa A. Holyoak
HAMILTON LINCOLN LAW INSTITUTE
 CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Telephone: (703) 203-3848
Email: ted.frank@hlli.org

*Attorneys for Objector-Appellants Theodore H. Frank and David R. Watkins*

10

## Certificate of Compliance with
## Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the word limit of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,534 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: June 5, 2020         /s/ *Theodore H. Frank*
                            Theodore H. Frank

**Certificate of Service**

I hereby certify that on this the 5th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and that as a result electronic notice of the filing was served upon all attorneys of record.

I further caused notice to be sent by email to:

Alice-Marie Flowers
PO BOX 2322
ANDERSON, IN 46018


　　　　　　　　　　　　　　　　　　*/s/ Theodore H. Frank*
　　　　　　　　　　　　　　　　　　Theodore H. Frank

12