# Exhibit H

Declaration of Co-Lead Counsel

*In re: Equifax Inc. Customer Data Security Breach Litigation*,
No. 17-md-2800-TWT (N.D. Ga.)

Plaintiffs' Opposition to Frank and Watkins' Motion to Clarify
or, Alternatively, to Supplement the Record

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## <u>DECLARATION OF CO-LEAD COUNSEL</u>

Kenneth S. Canfield, Amy E. Keller, and Norman E. Siegel declare as follows:

(1)    We serve as co-lead counsel for the plaintiffs in the consumer track of this litigation, having been appointed by the Court.  This declaration is submitted in support of Plaintiffs' opposition to the motion to clarify or, alternatively, supplement the record submitted by objectors Ted Frank and David Watkins.

(2)    On June 16, 2020, Mr. Siegel sent an email to Melissa Holyoak and Ted Frank proposing a stipulation that, subject to the Court's approval, would result in the filing of the proposed final approval order on the docket while ensuring the objector-appellants would not use the proposed order to delay or obstruct resolution of the appeals.  Mr. Siegel stated that, if there was any interest in this approach, Ms. Holyoak and Mr. Frank should contact the other objectors to obtain their views.  Mr. Siegel's email and the attached stipulation are attached as Exhibit 1.

(3)     Later that same day, Mr. Frank responded to Mr. Siegel's email stating that he noticed "many problems" with the proposed stipulation and promised to send a redlined version.  On June 17, 2020, Mr. Frank followed up again, telling Mr. Siegel that objectors Mikell West and Christopher Andrews were opposed to Plaintiffs' proposal (although holding out the potential Mr. Andrews would change his mind) and that he had not yet spoken to any other objectors.  Mr. Siegel responded in an email dated June 17, 2020 stating that in light of West's objection it made no sense to continue to discuss a potential stipulation.  No objector ever agreed to Plaintiffs' proposed stipulation.  Mr. Frank's and Mr. Siegel's emails are attached as Exhibit 2.

We declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 23rd day of June, 2020

/s/ Kenneth S. Canfield
Kenneth S. Canfield

/s/ Amy E. Keller
Amy E. Keller

/s/ Norman E. Siegel
Norman E. Siegel

# EXHIBIT 1

| | |
|---|---|
| **From:** | Norm Siegel <siegel@stuevesiegel.com> |
| **Sent:** | Tuesday, June 16, 2020 9:07 PM |
| **To:** | melissaholyoak@████████  ted.frank@hlli.org |
| **Subject:** | Equifax |
| **Attachments:** | Equifax - Proposed Stipulation relating to Suppl. of the Record (6.16.20).docx |

Counsel:

Plaintiffs oppose your June 9, 2020, motion seeking once again to supplement the record (Doc. 1134) and believe that the latest request will also be rejected by the trial court. However, in an effort to facilitate the appeal process, we propose the attached stipulation related to the submission of the proposed order. Please let us know if there is interest in this approach. If so, we ask that you secure the assent of the other objectors. We will likewise reach out to Equifax to secure their agreement.

Sincerely,

Norman E. Siegel
Stueve Siegel Hanson LLP

This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

**DRAFT 6.16.2020**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800 No. 1:17-md-2800-TWT<br><br>CONSUMER ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

## STIPULATION PURSUANT TO FEDERAL RULE
## OF APPELLATE PROCEDURE 10(e)(2)(A)

The following stipulation, entered into pursuant to Federal Rule of Appellate Procedure 10(e)(2)(A), is agreed to by Plaintiffs, Defendant, and Objectors-Appellants Shiyang Huang, Theodore Frank, David Watkins, George Cochran, Christopher Andrews, Mikell West, and John Davis (collectively "Objector-Appellants"):

(1)     Objector-Appellants Frank and Watkins to date have moved unsuccessfully—both in this Court and the Eleventh Circuit—to supplement the record in this action with the proposed final approval order that Plaintiffs submitted to the Court in accordance with the Court's direction at the conclusion of the final approval hearing on December 19, 2019.  Frank and Watkins argue that the proposed

order is relevant to issues they intend to raise on appeal.  Frank and Watkins also have suggested that, after obtaining a copy of the proposed order, they may file a motion seeking summary reversal of the final approval of the settlement and reassignment of this matter to another trial judge.  Various other objector-appellants have joined in the motions filed by Frank and Watkins.  Plaintiffs do not believe the proposed order is relevant to any issue on appeal, and need not be part of the appellate record.

(2)     The matter is once again before this Court pursuant to a motion filed by Frank and Watkins on June 9, 2020 (Doc. 1134) seeking clarification of this Court's order of May 15, 2020 (Doc. 1106) vacating its order of May 7, 2020 (Doc. 1084) that directed class counsel to file the proposed order on the record.  Alternatively, Frank and Watkins request that the record be supplemented with the proposed order.

(3)     Plaintiffs did not object when Frank and Watkins filed their first motion to supplement the record before this Court on January 15, 2020.  However, Plaintiffs objected to the motion seeking the same relief that Frank and Watkins filed in the Eleventh Circuit on April 20, 2020.  Plaintiffs explained that, because of the newly apparent purpose for which Frank and Watkins sought the proposed order, granting their motion likely would be detrimental to the efficient resolution of the pending appeals and delay distribution of the settlement's benefits to the class.  Since the

Eleventh Circuit denied the motion to supplement the record, Plaintiffs have continued to object on the same grounds to the continuing efforts of Frank and Watkins to have the proposed order placed in the record.

(4)     The parties to this stipulation agree to resolve their differences relating to the supplementation of the record with the proposed order on the following grounds, which are intended to provide the Objector-Appellants the opportunity to put the proposed order in the record on appeal on terms that will not unduly delay the final resolution of the pending appeals and distribution of the settlement's benefits to the class:

(a)     Plaintiffs will file the proposed order on this Court's docket within three days after:  (i) all parties below have signed this stipulation, and (ii) this stipulation has been approved by this Court and its approval has been entered on the docket.

(b)     Objector-Appellants, individually and collectively, agree that before the date their opening briefs are required to be filed in the Eleventh Circuit they will not file a motion seeking summary reversal of the final approval of the settlement on any ground arising out of or relating to the process by which the proposed order was submitted to or adopted by this Court, the content of the proposed order, or otherwise relating to the proposed order.

(c)     Objector-Appellants, individually and collectively, agree that before the date their opening briefs are required to be filed in the Eleventh Circuit they will not file a motion seeking to disqualify, reassign, or otherwise discipline the trial judge on any ground arising out of or relating to the process by which the proposed order was submitted to or adopted by this Court, the content of the proposed order, or otherwise relating to the proposed order.

(d)     Objector-Appellants, individually and collectively, will not seek to delay the establishment of a briefing schedule in the Eleventh Circuit or otherwise delay the final resolution of the pending appeals or distribution of the settlement's benefits to the class on any ground arising out of or relating to the process by which the proposed order was submitted to or adopted by this Court, to the content of the proposed order, or otherwise relating to the proposed order.

(e)     Except as set forth above, the parties to this stipulation retain the right to assert whatever arguments, file whatever motions, or seek whatever relief they believe is appropriate arising out of or relating to the process by which the proposed order was submitted to or adopted by this Court, to the content of the proposed order, or otherwise relating to the proposed order.

(f)     Upon approval of this stipulation by the Court, the pending motion filed by Frank and Watkins seeking supplementation of the record with the proposed order (Doc. 1134) will be denied as moot.

**AGREED TO BY:**


**<u>PLAINTIFFS</u>:**

_____          _____
Date                                              Kenneth S. Canfield
                                                     Plaintiffs' Co-Lead Counsel


_____          _____
Date                                              Amy E. Keller
                                                     Plaintiffs' Co-Lead Counsel


_____          _____
Date                                              Norman E. Siegel
                                                     Plaintiffs' Co-Lead Counsel


**<u>DEFENDANTS</u>:**

_____          _____
Date                                              David L. Balser for Equifax Inc., Equifax
                                                     Information Services, LLC, and Equifax
                                                     Consumer Services LLC

**<u>OBJECTOR-APPELLANT SHIYANG HUANG</u>:**

_____        _____
Date                                 Shiyang Huang


**<u>OBJECTOR-APPELLANTS THEODORE FRANK</u>**
**<u>AND DAVID WATKINS</u>:**

_____        _____
Date                                 Melissa A. Holyoak
                                          Attorney for Theodore Frank and David
                                        Watkins


**<u>OBJECTOR-APPELLANT GEORGE COCHRAN</u>:**

_____        _____
Date                                 George Cochran


**<u>OBJECTOR-APPELLANT CHRISTOPHER ANDREWS</u>:**

_____        _____
Date                                 Christopher Andrews


**<u>OBJECTOR-APPELLANT MIKELL WEST</u>:**

_____        _____
Date                                 Robert W. Clore
                                        Attorney for Mikell West

**<u>OBJECTOR-APPELLANT JOHN DAVIS:</u>**

_____                    _____
Date                                             John Davis

# EXHIBIT 2

| | |
|---|---|
| **From:** | Theodore Frank <ted.frank@hlli.org> |
| **Sent:** | Tuesday, June 16, 2020 9:44 PM |
| **To:** | Norm Siegel |
| **Cc:** | Melissa Holyoak; melissaholyoak@██████ |
| **Subject:** | Re: Equifax - re proposed stipulation |

Counsel,

I immediately notice many problems with ambiguous drafting (including the use of the term "proposed order").

We'll look more closely at the rest of it tonight and tomorrow, and we will certainly have further comments, and get you a redline as soon as possible. Without naming names, I do note that a wordsmithing negotiation is certain to be pointless if a precondition to a stipulation is getting assent from every single appellant under the current lineup. You omitted Flowers. Might some more names come off this list?

On Tue, Jun 16, 2020 at 8:07 PM Norm Siegel <siegel@stuevesiegel.com> wrote:

> Counsel:
>
> Plaintiffs oppose your June 9, 2020, motion seeking once again to supplement the record (Doc. 1134) and believe that the latest request will also be rejected by the trial court. However, in an effort to facilitate the appeal process, we propose the attached stipulation related to the submission of the proposed order. Please let us know if there is interest in this approach. If so, we ask that you secure the assent of the other objectors. We will likewise reach out to Equifax to secure their agreement.
>
> Sincerely,
>
> Norman E. Siegel
>
> Stueve Siegel Hanson LLP
>
> This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

**From:**           Theodore Frank <ted.frank@hlli.org>
**Sent:**           Wednesday, June 17, 2020 11:34 AM
**To:**             Norm Siegel
**Cc:**             Melissa Holyoak
**Subject:**        Re: Equifax - Proposed Stipulation

Counsel for West tells me he can't agree to any restrictions, but is willing to agree to a one paragraph stipulation to the production of the requested materials.

I've also spoken with Christopher Andrews, who indicates he can't agree to this now, but might change his mind Friday. I didn't have a chance to run the West alternative by him.

I haven't yet spoken to any other objectors. Let me know if there's any point to that, or if the West position scuttles the whole thing.

On Tue, Jun 16, 2020 at 8:07 PM Norm Siegel <siegel@stuevesiegel.com> wrote:

> Counsel:
>
> Plaintiffs oppose your June 9, 2020, motion seeking once again to supplement the record (Doc. 1134) and believe that the latest request will also be rejected by the trial court. However, in an effort to facilitate the appeal process, we propose the attached stipulation related to the submission of the proposed order. Please let us know if there is interest in this approach. If so, we ask that you secure the assent of the other objectors. We will likewise reach out to Equifax to secure their agreement.
>
> Sincerely,
>
> Norman E. Siegel
>
> Stueve Siegel Hanson LLP
>
> This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

**From:**            Norm Siegel <siegel@stuevesiegel.com>
**Sent:**            Wednesday, June 17, 2020 2:55 PM
**To:**              Theodore Frank
**Cc:**              Melissa Holyoak
**Subject:**         Re: Equifax - Proposed Stipulation

Thank you for the prompt response. We agree that given West's position it is not worth exploring this option further. If anything changes, please let us know.

Sincerely,

Norman E. Siegel
Stueve Siegel Hanson LLP

This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

---

**From:** Theodore Frank <ted.frank@hlli.org>
**Date:** Wednesday, June 17, 2020 at 10:34 AM
**To:** Norm Siegel <siegel@stuevesiegel.com>
**Cc:** Melissa Holyoak <melissa.holyoak@hlli.org>
**Subject:** Re: Equifax - Proposed Stipulation

Counsel for West tells me he can't agree to any restrictions, but is willing to agree to a one paragraph stipulation to the production of the requested materials.

I've also spoken with Christopher Andrews, who indicates he can't agree to this now, but might change his mind Friday. I didn't have a chance to run the West alternative by him.

I haven't yet spoken to any other objectors. Let me know if there's any point to that, or if the West position scuttles the whole thing.

On Tue, Jun 16, 2020 at 8:07 PM Norm Siegel <siegel@stuevesiegel.com> wrote:

> Counsel:
>
>
> Plaintiffs oppose your June 9, 2020, motion seeking once again to supplement the record (Doc. 1134) and believe that the latest request will also be rejected by the trial court. However, in an effort to facilitate the appeal process, we propose the attached stipulation related to the submission of the proposed order. Please let us know if there is interest in this approach. If so, we ask that you secure the assent of the other objectors. We will likewise reach out to Equifax to secure their agreement.

1

Sincerely,


Norman E. Siegel

Stueve Siegel Hanson LLP


This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.