# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800<br>) Case No.: 1:17-md-2800-TWT<br>)<br>) This document relates to:<br>)<br>) FINANCIAL INSTITUTIONS TRACK<br>)<br>) |

## JOINT DECLARATION OF GARY F. LYNCH AND JOSEPH P. GUGLIELMO IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

We, Gary F. Lynch and Joseph P. Guglielmo, pursuant to 28 U.S.C. §1746, declare as follows:

1. We are Co-Lead Class Counsel for the Financial Institution Plaintiffs ("Plaintiffs") and the proposed Settlement Class in the above-captioned action against Defendants Equifax, Inc. and Equifax Information Services LLC (collectively, "Equifax"). We have been involved in all aspects of this litigation since inception. We submit this Joint Declaration in support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards. The information set forth in this Declaration is based upon our personal

knowledge and we could testify competently to such information if called upon to do so.

2.     Mr. Lynch is an attorney licensed in Pennsylvania and New York and has been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district courts, including this Court.  He has been practicing law for 30 years and represents plaintiffs in complex matters, including many national class actions.  Mr. Lynch is a founding member of the law firm of Carlson Lynch, LLP ("Carlson Lynch").  Mr. Guglielmo is an attorney licensed in New York, Massachusetts, and the District of Columbia, is a partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott"), and has successfully prosecuted some of the country's largest and most complex class actions.  Mr. Guglielmo has been practicing for over 20 years and has been appointed to leadership positions in numerous class actions and multidistrict litigation.  We were appointed Co-Lead Class Counsel by the Court on February 12, 2018 (Doc. 232 at 4-5).[1]

3.     A true and accurate copy of the proposed Settlement Agreement and its attachments was filed with the motion for preliminary approval at Doc. No. 1107-4.

---

[1]     We previously submitted our resumes to this Court in support of our applications for appointment as co-lead counsel (Docs. 189-2 (Guglielmo résumé), 189-3 (Lynch résumé)), and we will provide updated resumes in conjunction with our motion for final approval of the settlement.

4. As Co-Lead Class Counsel, we aggressively litigated this action from the outset. After we filed a thorough and detailed consolidated amended complaint (Doc. 390), we opposed Equifax's motion to dismiss and obtained a favorable ruling on numerous counts. We continued pressing this action forward by moving for leave to file a second amended consolidated complaint (Doc. 649), again succeeding in preserving multiple claims. This motion practice involved hundreds of pages of substantive pleading and briefing.

5. We also pushed to conduct as much discovery as possible, such as negotiating a protective order, ESI protocol, and Rule 502(d) order with Equifax and serving document requests. Equifax produced millions of pages of documents in response to those requests, which we and our co-counsel reviewed. We also subpoenaed approximately 60 third parties, including the major card brands, and obtained and reviewed thousands of pages of documents in response. We took several depositions of current and former Equifax employees and had noticed numerous additional depositions, including a Rule 30(b)(6) deposition, at the time the Settlement was reached.

6. The proposed Settlement Agreement was reached between the parties after extensive arm's-length negotiations, including a full-day in-person mediation session on June 3, 2019, with Phillips ADR, a respected mediation firm that also

facilitated the settlement in the Consumer Track of this MDL litigation. Prior to the mediation, the parties exchanged, and provided to the mediators, comprehensive memoranda outlining the strengths and weaknesses of their claims and defenses and responded to written questions posed by the mediators. The mediation was attended by representatives from two of the named Plaintiffs.

7. The parties resumed negotiations after the Court's order granting in part and denying in part leave to amend the complaint, including in-person negotiations between counsel for the parties on February 6, 2020, at which an agreement-in-principle was reached and memorialized in a term sheet.

8. The parties did not discuss attorneys' fees, costs, expenses, or class representative service awards prior to agreeing to the essential terms of the Settlement.

9. After the Court granted preliminary approval, we worked with the Settlement Administrator, Analytics Consulting LLC ("Analytics"), and counsel for Equifax to finalize the notice forms, review the script for the Settlement Hotline, and edit the content of the Settlement Website. We confirmed with Analytics that the notices were mailed and the website, phone line, and claims applications were live and usable by July 6, 2020. Analytics also confirmed to us the placement of a digital advertisement of the Settlement Notice, set to run for 30 days.

10. As part of our duties as Co-Lead Counsel, we complied with the directives given by the Court in its order of appointment, including the collection and compilation of the time and expense reports of all counsel for the Plaintiffs, and the submission of those reports to the Court on a quarterly basis.

11. We also controlled the assignment of work in this case and monitored the time being spent by all counsel to ensure that such work was being done effectively, efficiently, and economically and to avoid unnecessary expenditures of time or money.

12. As of the latest quarterly time and expense submission, counsel for the Plaintiffs have reported working a combined 19,919 hours on this matter. Of those hours, 10,854.20 were recorded by our two firms. A summary of the cumulative hours, lodestar, and expenses incurred by all counsel, as of June 30, 2020, is attached hereto as Exhibit A.[2] When the reported hours are multiplied by the billers' standard hourly rates, the total lodestar is $11,261,488.75 for all counsel, of which $6,618,695.50 was incurred by our two firms. As a result, the requested multiplier is a "negative" one of 0.178, meaning that the requested fee represents only a fraction

---

[2] We reviewed the reported time by other counsel, but did not conduct a full audit or deduct any time before submitting it to the Court *in camera*, and it was not necessary to do so before filing the present motion due to the fractional multiplier involved. We reserve the right to conduct an audit and deduct time when determining the fee allocation among counsel.

of the lodestar incurred. When the total hours spent are divided by requested fee of $2 million, the result is an overall average hourly rate of just $100.40, which is far below the rates we charge for all attorneys and paralegals at our firms.

13. The lawyers who were appointed by the Court to leadership positions on behalf of Plaintiffs are abundantly qualified and experienced to represent the Class, including, specifically, Co-Lead Class Counsel Gary F. Lynch and Joseph P. Guglielmo. In this case, we, along with our respective law firms, Carlson Lynch and Scott+Scott, and our co-counsel, have done substantial work in vigorously pursuing the interests of our clients and the Class they sought to represent throughout this litigation. We were assisted in this effort by several additional law firms representing the Plaintiffs that, together with our firms, have extensive experience litigating complex and class actions and have demonstrated particular success in litigating data security breach class actions on behalf of financial institutions.

14. We drew on our deep backgrounds in these types of cases to guide us in our decisions on behalf of the Class. This case involved novel and complex issues, including significant factual differences between this case and previous payment-card related cases we have litigated due to the nature of Equifax's business and the scope of the data involved. We put our experience and abilities to use by vetting dozens of potential plaintiffs, alleging 25 potential claims in the consolidated

complaint, efficiently managing the review of millions pages of documents produced by Equifax and third parties, and maintaining productive relationships with co-counsel in this track, leadership counsel in the other tracks, and Equifax's counsel.

15.  We took this case on a contingent fee basis and advanced the costs of litigation with the understanding that the Plaintiffs would not be charged hourly rates as the case was ongoing and that we would not have recovered any fee for our services if we were unable to secure a recovery for the Plaintiffs.

16.  Due to complexity, publicity, and fast schedule of this case, we gave it the highest priority within our practices.  This meant foregoing the ability to take up other matters or to devote additional time to others.  This caused our firms to incur a significant opportunity cost, particularly since the ultimate fee requested in this case represents only a fraction of the lodestar incurred at our customary billing rates.

17.  Counsel for Plaintiffs have incurred $278,256.27 in reasonable litigation expenses, which is more than the reimbursement requested of $250,000. *See* Exhibit A.  The majority of these expenses were for items including the creation and maintenance of an e-discovery platform; travel for court hearings, depositions, and mediation; and the mediator's fee.  We were incentivized to keep costs limited to what was truly necessary, as the contingent nature of this case meant that we bore the risk of receiving no reimbursement for these costs if this case did not succeed.

18. The Settlement Class Representatives have provided valuable services to the Settlement Class by assisting counsel in the factual investigation and formulation of the legal claims, monitoring the litigation, and participating in the mediation process. Each Settlement Class Member actively communicated with Class Counsel for purposes of advising and consulting in regard to the consequences of the Data Breach and their resulting damages. These communications were crucial to the drafting of detailed factual allegations in the consolidated amended complaints and development of an acceptable settlement proposal. The Service Awards sought in the current motion were not a condition of any Settlement Class Representative's approval of the agreement or any of the initial representation agreements.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of August, 2020, in Pittsburgh, Pennsylvania.

                                     */s/ Gary F. Lynch*
                                     Gary F. Lynch

Executed this 18th day of August, 2020, in Wilton, Connecticut.

                                     */s/ Joseph P. Guglielmo*
                                     Joseph P. Guglielmo

# EXHIBIT A

|  | Lodestar | | | Expenses |
|---|---|---|---|---|
| Firm | Submitted Thru | Hours | Actual Lodestar | Internal Expenses |
| Berman Fink Van Horn | 6/30/2020 | 526.9 | $ 330,908.50 | $ 2,215.98 |
| Carlson Lynch LLP | 6/30/2020 | 3,909.0 | $ 2,330,898.50 | $ 41,337.86 |
| Carney Bates & Pulliam | 6/30/2020 | 617.1 | $ 320,317.25 | $ 13,867.93 |
| Chestnut Cambronne | 6/30/2020 | 1,320.4 | $ 711,851.50 | $ 19,837.17 |
| Conley Griggs Partin | 6/30/2020 | 55.2 | $ 21,803.25 | $ 3,330.22 |
| Gillen Withers & Lake | 6/30/2020 | 482.7 | $ 154,460.00 | $ 9,988.61 |
| Khayat Law Firm | 6/30/2020 | 15.3 | $ 6,252.50 | $ 660.50 |
| Lockridge Grindal Nauen PLLP | 6/30/2020 | 553.8 | $ 334,080.50 | $ 15,104.52 |
| Murray Law Firm | 6/30/2020 | 461.9 | $ 209,240.00 | $ 18,547.56 |
| Neal & Harwell | 6/30/2020 | 5.3 | $ 2,357.50 | $ - |
| Roberts Law Firm | 6/30/2020 | 442.3 | $ 197,147.00 | $ 16,248.57 |
| Robins Kaplan | 6/30/2020 | 2,202.7 | $ 1,074,830.00 | $ 25,455.33 |
| Scott+Scott Attorneys at Law, LLP | 6/30/2020 | 6,945.2 | $ 4,287,797.00 | $ 89,063.13 |
| The Coffman Law Firm | 6/30/2020 | 68.4 | $ 50,823.75 | $ 403.27 |
| The Finley Firm | 6/30/2020 | 1,196.5 | $ 732,732.50 | $ 7,662.36 |
| Zimmerman Reed LLP | 6/30/2020 | 1,116.4 | $ 495,989.00 | $ 14,533.26 |
| TOTAL | | 19,919.0 | $ 11,261,488.75 | $ 278,256.27 |