**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-md-2800-TWT CONSUMER CASES |

**EMERGENCY MOTION TO ENFORCE FINAL JUDGMENT**
**AND FOR ORDER TO SHOW CAUSE**

Defendant Equifax Inc. files this emergency motion to enforce the Court's Final Order and Judgment approving the Consumer Settlement (Dkt. No. 957, "Final Judgment") against 83 Settlement Class Members ("Mississippi Plaintiffs") who filed and continue to pursue Released Claims against Equifax in Mississippi state court actions relating to the 2017 data security incident ("Data Breach"). The Mississippi Plaintiffs did not exclude themselves from the Consumer Settlement, and their filing and prosecution of Released Claims violates the anti-suit injunction entered in the Final Judgment under the All Writs Act, 28 U.S.C. § 1651.

Equifax has repeatedly advised the Mississippi Plaintiffs, through their counsel, that their conduct violates this Court's Final Judgment. And in an effort to avoid burdening the Court with this dispute, Equifax has afforded the Mississippi Plaintiffs ample opportunity to correct their violation of the Final Judgment by dismissing their cases with prejudice. Nevertheless, the Mississippi

1

Plaintiffs have continued to litigate their cases, and 31 of them have improperly obtained judgments against Equifax to date.  The other 52 Mississippi Plaintiffs have trials scheduled for September 22, 2020.  Finally, the Mississippi Plaintiffs' counsel recently advised Equifax that his clients will not cease prosecution of their cases, and that he intends to file thousands of additional cases against Equifax in state court on behalf of other Settlement Class Members who did not exclude themselves from the Consumer Settlement.   Equifax therefore requests the immediate assistance of this Court in issuing an order enforcing the Final Judgment's anti-suit injunction against the Mississippi Plaintiffs and requiring them to immediately dismiss their state court actions with prejudice or else show cause why they should not be held in contempt.

## **RELEVANT BACKGROUND**

### I.    **The MDL Consumer Settlement.**

In July of 2019, Equifax and Lead Plaintiffs in this MDL entered into a nationwide class action settlement to resolve all consumer litigation arising out of the Data Breach.  The Settlement Agreement defines the Settlement Class to include "the approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and

data breach announced by Equifax Inc. on September 7, 2017." Dkt. No. 739-2, at Section 2.43.

The MDL Court preliminarily approved the Settlement on July 22, 2019. Dkt. No. 742. In accordance with the Order Directing Notice ("Order"), any class member wishing to be excluded from the Settlement was required to submit a request for exclusion (or "opt out") to the Settlement Administrator no later than November 19, 2019. *Id.* Additionally, the Order required that "[e]ach written request for exclusion must identify th[e MDL proceeding], set forth the name of the individual seeking exclusion, ***be signed by the individual seeking exclusion***, and ***can only request exclusion for that one individual***." Dkt. No. 742 at 7-8 (emphasis added).

The Court-appointed Settlement Administrator, JND Legal Administration LLC ("JND"), received and reviewed requests for exclusion to determine whether they were (i) timely and (ii) complied with the requirements set forth in the Court's Order. *See* Settlement Agreement, Dkt. No. 739-2, Section 14.1.10. JND prepared a list of Settlement Class Members who submitted valid and timely requests for exclusion in accordance with the Court's Order, and Class Counsel filed that list on the MDL docket on December 5, 2019—two weeks before the fairness hearing on December 19, 2019. *See* Dkt. No. 899. The list was also posted to the "Important

Documents" section of the Settlement website maintained by JND, www.equifaxbreachsettlement.com.  Declaration of Jennifer Keough ¶ 5.

At the conclusion of the fairness hearing on December 19, 2019, the Court announced its ruling granting final approval of the Settlement.  That oral ruling was then reduced to a written Order Granting Final Approval and entered on the MDL docket on January 13, 2020, along with the accompanying Final Judgment. Dkt. Nos. 956[1] & 957.  Settlement Class Members who submitted valid and timely requests for exclusion in accordance with the Court's basic requirements were listed on Exhibit A to the Final Judgment, which was also posted to the Settlement website.

The Final Judgment states that all Settlement Class Members:

> **are hereby permanently barred and enjoined (including during the pendency of any appeal taken from th[e] Final Order and Judgment) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims[2] in**

---

[1] A slightly amended Final Approval Order was later entered on March 17, 2020, *see* Dkt. No. 1029, but the amended order did not impact the exclusions list.

[2] The term "Released Claims" is broadly defined in the Settlement Agreement to include:

[A]ny claims, liabilities, rights, demands, suits, obligations, damages, including but not limited to consequential damages, losses or costs, punitive damages, attorneys' fees and costs, action or causes of action, penalties, remedies, of any kind or description—whether known or Unknown . . ., suspected or unsuspected, asserted

> ***any judicial, administrative, arbitral or other forum.*** This permanent
> bar and injunction is necessary to protect and effectuate the Settlement
> Agreement, th[e] Final Order and Judgment, and th[e] Court's
> authority to effectuate the Settlement Agreement, and is ordered in aid
> of th[e] Court's jurisdiction and to protect its judgments.

Dkt. No. 957, at Section 19 (emphasis added).

## II.    The Mississippi Plaintiffs.

The Mississippi Plaintiffs, each of whom is represented by Jeffrey Hosford

of the Hosford Law Firm, filed their cases in the Justice Court of Noxubee County,

Mississippi.  A chart listing the cases filed by the Mississippi Plaintiffs and related

information is attached as Exhibit A to the Declaration of Amber Kipfmiller.[3]

### a.   *The Mississippi Plaintiffs assert claims related to the Data Breach.*

The Mississippi Plaintiffs each assert identical claims against Equifax

arising out of the 2017 Data Breach.  They allege, for example, that (i) Equifax

"was negligent in failing to protect [their] personal data" as a result of the data

security incident, (ii) "Equifax's conduct constitutes general negligence as well as

negligence per se as a violation of the statutory duties set forth in the Gramm-

---

or unasserted, liquidated or unliquidated, legal, administrative, statutory, or
equitable—that relate to or arise from the Data Breach or the facts alleged in the
[MDL] Actions.  Dkt. No. 739-2, at Section 2.38.

[3] Mr. Hosford filed 84 cases against Equifax, but subsequently dismissed one case
because the Plaintiff is deceased, leaving 83 cases remaining.

Leach-Bliley-Act and the Mississippi Consumer Protection Act," and (iii) "Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of [their] personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm." Copies of the 83 complaints are attached as Exhibit B to the Kipfmiller Declaration.

> b. *The Mississippi Plaintiffs failed to comply with the Court's basic requirements for excluding themselves from the Settlement.*

None of the Mississippi Plaintiffs excluded themselves from the Settlement, as confirmed by the fact that none of them are included on the list of valid and timely exclusions attached to the Final Judgment. *See* Dkt. No. 957. Counsel for the Mississippi Plaintiffs, Mr. Hosford, sent the Settlement Administrator two letters that purported to seek exclusion on behalf of the Mississippi Plaintiffs and thousands of other Settlement Class Members. As discussed in detail below, Mr. Hosford's "mass opt out" request failed to comply with the Court's basic requirements for exclusion, namely (i) the requirement that an exclusion request be *signed by the individual seeking exclusion* and (ii) the requirement that an exclusion request *only seek exclusion for one individual*. *See* Dkt. No. 742 at 7-8. Because Mr. Hosford's mass opt request was invalid, none of the Mississippi Plaintiffs excluded themselves from the Settlement and all of them are bound by the Final Judgment and the terms of the Settlement.

      *c. Many of the Mississippi Plaintiffs have expressly acknowledged they are bound by the Settlement by filing claims with the Settlement Administrator.*

Remarkably, despite bringing Released Claims against Equifax in state court, at least 16 of the Mississippi Plaintiffs have submitted claims to the Settlement Administrator.   Keough Declaration ¶ 12.   For example, Plaintiff Halbert submitted a claim under the Settlement for credit monitoring, lost time, and out of pocket losses.   *See* Exhibit B to Keough Declaration.   Yet Plaintiff Halbert also filed a complaint against Equifax in Mississippi state court on July 20, 2020, seeking recovery of many of these same purported damages.   *See* Exhibit B to Kipfmiller Declaration, at p. 271.   This egregious conduct in submitting claims under the Settlement—in some cases seeking thousands of dollars in reimbursement—while at the same time suing Equifax for those same purported damages in a different forum shows bad faith and a deliberate effort to violate this Court's orders and breach the terms of the Settlement.

      *d. The Mississippi Plaintiffs have continued to knowingly violate this Court's Final Judgment.*

Counsel for Equifax have repeatedly told Mr. Hosford, as counsel for the Mississippi Plaintiffs, that the Mississippi Plaintiffs' prosecution of Data Breach-related claims in state court violates the Final Judgment.   Equifax has also filed motions to dismiss in 54 of the state court cases arguing that the Mississippi

Plaintiffs' claims are barred by the Final Judgment because they failed to properly exclude themselves.  Kipfmiller Declaration ¶ 6.  Additionally, Equifax's counsel referred to the Final Judgment and the Mississippi Plaintiffs' failure to submit valid exclusions at hearings in state court on June 23, 2020 and July 14, 2020.  Kipfmiller Declaration ¶ 7.  Yet the Mississippi Plaintiffs have ignored and continued to violate the Final Judgment.

The Justice Court judge has—without explanation—also ignored the express anti-suit injunction in the Final Judgment, and to date has permitted 31 of the Mississippi Plaintiffs to proceed with non-jury trials after which the judge entered judgments for each Mississippi Plaintiff in the amount of approximately $3,500 (the jurisdictional maximum in Justice Court).[4]  Equifax moved to stay the cases of the remaining Mississippi Plaintiffs pending resolution of the appeals from the Justice Court, but the Justice Court judge denied that request.   Kipfmiller Declaration ¶ 11.  Mr. Hosford has advised that the remaining 52 Mississippi Plaintiffs intend to proceed with their trials scheduled for September 22, 2020.  *See* Declaration of Robert Griest ¶ 5.

In a final effort to resolve this issue without involving the Court, Equifax's counsel sent Mr. Hosford a detailed letter on July 24, 2020, outlining the facts

---

[4] Equifax has appealed each of these judgments to Mississippi Circuit Court.

discussed in this motion along with the relevant case law, and clearly explaining that his clients are acting in violation of the Court's Final Judgment.  *See* Exhibit A to Griest Declaration.[5]  Equifax's counsel also spoke with Mr. Hosford on August 7, 2020, and reiterated that the Mississippi Plaintiffs are violating the Final Judgment and that Equifax would be forced to seek relief in this Court unless the Mississippi Plaintiffs agreed to dismiss their cases with prejudice.   Griest Declaration ¶ 4.

In response, Mr. Hosford told Equifax that the Mississippi Plaintiffs disagree that their claims are barred by the Final Judgment, and that the Mississippi Plaintiffs intend to pursue their cases even though none of them is included on the list of valid and timely exclusions attached to the Final Judgment.  Remarkably, Mr. Hosford also advised that he intends to file cases in Justice Court on behalf of **over 4,500** additional Consumer Settlement Class Members who he purports to represent.  Griest Declaration ¶ 4.

Accordingly, the Mississippi Plaintiffs' egregious conduct has not only violated this Court's Final Judgment, it has forced Equifax to unnecessarily litigate (and in a number of instances appeal) cases brought by Settlement Class Members

---

[5] When Equifax sent its letter to Mr. Hosford on July 24, it was aware of 74 cases filed by Mississippi Plaintiffs.  Ten additional cases were subsequently served on Equifax on July 27.

who released their claims as part of the Settlement approved by this Court. Moreover, Mr. Hosford and his clients' conduct has forced Equifax to resort to the extraordinary measure of seeking relief from this Court, thereby incurring additional unnecessary expense in bringing this motion.  In light of the Mississippi Plaintiffs' continued misconduct in ignoring this Court's Final Judgment, the upcoming trials scheduled for 52 additional cases on September 22, 2020, and Mr. Hosford's statement that he intends to file thousands more improper cases in state court in defiance of the Final Judgment, Equifax has been forced to file this emergency motion seeking immediate relief from the Court.

## **ARGUMENT**

**I.     The Mississippi Plaintiffs' Claims Are Barred By This Court's Final Judgment.**

> *a.  The Mississippi Plaintiffs are Settlement Class Members.*

All of the Mississippi Plaintiffs allege that their personal information was impacted in the Data Breach.  *See generally* Exhibit B to Kipfmiller Declaration. Accordingly, they fall within the Consumer Settlement Class encompassing "the approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017."  Dkt. No. 957 at 6.

> b.  *The Mississippi Plaintiffs did not submit valid requests for exclusion from the Settlement.*

Settlement Class Members who wished to exclude themselves from the Settlement—*e.g.*, so they could pursue individual claims against Equifax relating to the Data Breach—were required to submit a valid and timely request for exclusion.   Specifically, this Court's July 22, 2019 Order Directing Notice provided that:

> Any settlement class member who wishes to be excluded from the settlement class must mail a written notification of the intent to exclude themselves to the settlement administrator at the address provided in the notice, postmarked no later than November 19, 2019 (the "opt-out deadline").  ***Each written request for exclusion must identify th[e MDL proceeding], set forth the name of the individual seeking exclusion, be signed by the individual seeking exclusion, and can only request exclusion for that one individual.***

Dkt. No. 742 at 7-8 (emphasis added).  Settlement Class Members who complied with the Court's valid, basic requirements for seeking exclusion were listed on Exhibit A to the Final Judgment entered on January 13, 2020.  *See* Dkt. No. 957 at Exhibit A.  None of the Mississippi Plaintiffs is listed in the Final Judgment as having submitted a valid request for exclusion.

Equifax has conferred with JND, the Court-appointed Settlement Administrator, and confirmed that none of the Mississippi Plaintiffs excluded themselves from the Settlement.  Keough Declaration ¶ 9.  Rather, Mr. Hosford

11

sent JND two "mass opt out" letters on their behalf (as well as on behalf of
thousands of other individuals who Mr. Hosford purports to represent but who
have not yet filed individual cases).  *See* Exhibit A to Keough Declaration.  Mr.
Hosford's letters plainly failed to comply with this Court's requirement that
"[e]ach written request for exclusion . . . *be signed by the individual seeking
exclusion*, and . . . *only request exclusion for that one individual*."  Mr. Hosford's
letters were not signed by *any* of the Mississippi Plaintiffs (or any of the other
individuals for whom Mr. Hosford purported to seek exclusion), and they
attempted to exclude *thousands* of individuals *en masse*.

As this Court held in its order granting final approval of the Settlement,
"[t]he individual signature requirement on opt-out requests is not burdensome at
all," and "it ensures that each individual has carefully considered his options and
understands that he is giving up his right to relief under the settlement."  Dkt No.
1029 at 69.  In keeping with the Court's observation, courts overseeing class action
settlements routinely require individual signatures on exclusion requests.  *See
Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPS, 2015 WL 1914864, at
*4 (N.D. Ind. Apr. 27, 2015) (concluding that the individual signature requirement
"seems to be the standard requirement in class actions, and it's not onerous"); *In re
Syngenta Ag Mir 162 Corn Litig.*, No. 14-MD-2591-JWL, 2018 WL 1726345, at

*7 (D. Kan. Apr. 10, 2018) (approving settlement and noting that "the requirement . . . that the putative class members who wish to opt out of the class must personally sign a statement to that effect . . . is permissible, indeed commonplace, in litigation of this kind, and that it is prudent to include it in this case."); *Bellows v. NCO Fin. Sys., Inc.*, No. 07-CV-1413 W (AJB), 2009 WL 10725745, at *4 (S.D. Cal. June 19, 2009), *report and recommendation adopted*, No. 07-CV-1413 W (CAB), 2009 WL 10725741 (S.D. Cal. July 13, 2009) ("[T]he individual signature of the potential class member protects against abuses by an attorney who without authority seeks to improperly interfere with a class action settlement."); *see also Moulton v. United States Steel Corp.*, 581 F.3d 344, 355 (6th Cir. 2009) (finding that there is nothing "that requires district courts to accept opt-out forms signed by attorneys," and that "[t]o impose such an unbending rule would unduly interfere with the district court's 'broad authority' to manage class actions by 'governing the conduct of counsel and the parties.'").[6]

---

[6] If the Mississippi Plaintiffs took issue with the individual signature requirement, they could have raised it with the Court at any time after the entry of the Order Directing Notice, including at the fairness hearing on December 19, 2019, which occurred two weeks after the list of valid and timely exclusions was filed on the public MDL docket. *See* Dkt. No. 899. Because none of the Mississippi Plaintiffs filed an objection to the Settlement's individual signature requirement or chose to appear at the fairness hearing, they waived any challenge to the procedure for submitting exclusions. *See Bellows*, 2009 WL 10725741, at *2 (holding that

The Court likewise observed that "mass opt-outs"—like the one Mr. Hosford tried to submit here—"are sometimes 'highly indicative of a conclusion that such counsel did not spend much time evaluating the merits of whether or not to opt-out in light of the individual circumstances of each of their clients and in consultation with them.'"   Dkt. No. 1029 at 69 (quoting *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 201*0, 910 F. Supp. 2d 891, 939 (E.D. La. 2012)).   Courts routinely approve and enforce prohibitions on mass exclusions in class action settlements such as this.  *See Castillo v. Seagate Tech. LLC*, No. 3:16-CV-01958-RS, 2017 WL 4798611, at *3 (N.D. Cal. Oct. 19, 2017) (granting preliminary approval of settlement in data breach class action and providing that "[a] request for exclusion may not request exclusion of more than one member of the Settlement Class"); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2017 WL 3730912, at *3 (N.D. Cal. Aug. 25, 2017) (same); *Larson v. AT&T Mobility LLC*, No. CV 07-5325 (JLL), 2009 WL 10689759, at *3 (D.N.J. Jan. 16, 2009) (noting "the overwhelming amount of law denying mass opt-outs" and finding that counsel could not "opt out his [clients] *en masse* from the . . . Settlement."); *see also In re Nat'l Football League Players' Concussion Injury*

---

settlement class members "had the opportunity to raise . . . concerns [about the individual signature requirement] at the . . . fairness hearing, but failed to do so," thereby "waiv[ing] any challenge to the opt-out procedure.").

*Litig.*, No. 14-1995, 2019 WL 95917, at *5 (E.D. Pa. Jan. 3, 2019) ("The right to opt out of a class action is one that must be exercised *individually*.") (emphasis added).

Accordingly, because Mr. Hosford's letters failed to comply with this Court's basic requirements, they did not exclude any of the Mississippi Plaintiffs from the Settlement, and the Mississippi Plaintiffs remain members of the Settlement Class.

### c. The Mississippi Plaintiffs are asserting "Released Claims" encompassed by the Settlement and barred by the Final Judgment.

Because the Mississippi Plaintiffs did not exclude themselves from the Settlement, they agreed to release all "Released Claims" against Equifax. *See* Dkt. No. 739-2, at Section 16.1. The term "Released Claims" is broadly defined to include:

> [A]ny claims, liabilities, rights, demands, suits, obligations, damages, including but not limited to consequential damages, losses or costs, punitive damages, attorneys' fees and costs, action or causes of action, penalties, remedies, of any kind or description—whether known or Unknown . . ., suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, administrative, statutory, or equitable—that relate to or arise from the Data Breach or the facts alleged in the [MDL] Actions.

*Id*. at Section 2.38.  The gravamen of the Mississippi Plaintiffs' complaints is that

Equifax "was negligent in failing to protect [their] personal data" as a result of the

Data Breach.  For example, they allege:

- "Equifax had a duty to protect the personal data it was entrusted with to use reasonable care to protect it from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity";

- "Equifax failed to provide sufficient technological safeguards which caused [Plaintiffs'] personal financial information to be hacked";

- "Equifax has caused substantial harm to Plaintiff[s], including serious risks of credit harm and identity theft for years to come"; and

- "Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff[s'] personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation."

*See* Exhibit B to Kipfmiller Declaration.   Accordingly, their claims are

indisputably "Released Claims" that directly "relate to or arise from the Data

Breach."

Because the claims they are asserting in state court are "Released Claims,"

the Mississippi Plaintiffs are enjoined from pursuing those claims under the Final

Judgment.  The Final Judgment states that all Settlement Class Members:

> are hereby ***permanently barred and enjoined (including during the pendency of any appeal taken from th[e] Final Order and Judgment) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims  in***

> *any judicial, administrative, arbitral or other forum.*  This permanent
> bar and injunction is necessary to protect and effectuate the Settlement
> Agreement, th[e] Final Order and Judgment, and th[e] Court's
> authority to effectuate the Settlement Agreement, and is ordered in aid
> of th[e] Court's jurisdiction and to protect its judgments.

Dkt. No. 957 at 9 (emphasis added).

Thus, by asserting Released Claims in state court, the Mississippi Plaintiffs

are plainly violating this Court's Final Judgment.

## II.  The Court Should Enforce The Final Judgment And Find That The Mississippi Plaintiffs Are Permanently Enjoined From Prosecuting Released Claims.

The anti-suit injunction contained in the Court's Final Judgment draws its

power from the All Writs Act, 28 U.S.C. § 1651.  *See Faught v. Am. Home Shield*

*Corp.*, 660 F.3d 1289, 1292 (11th Cir. 2011) (holding All Writs Act was the

"source from which the district court . . . derived the power to issue [an anti-suit]

injunction" in connection with class action settlement) (internal citation omitted).

The All Writs Act authorizes federal courts to "issue all writs necessary or

appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law."  28 U.S.C. § 1651.  As stated in the Final Judgment, the anti-

suit injunction "is necessary to protect and effectuate the Settlement Agreement,

th[e] Final [Judgment], and this Court's authority to effectuate the Settlement

Agreement, and is ordered in aid of this Court's jurisdiction and to protect its

judgments."  Dkt. No. 957 at 9; *see In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 365 (3d Cir. 2001) (explaining that All Writs Act authorizes anti-suit injunctions in "consolidated multidistrict litigation, where a parallel state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation.") (citation omitted).

    When settlement class members—like the Mississippi Plaintiffs here— violate an anti-suit injunction by filing state court lawsuits asserting claims they released in a federal class action settlement, federal courts routinely issue orders specifically enjoining those settlement class members, under threat of contempt, from pursuing their state court actions.  *See*, *e.g., In re Sun Life Assurance Co. of Canada Ins. Litig.*, No. CIV. 2:95-05723 WJM, 2013 WL 3336791, at *7 (D.N.J. July 2, 2013) (enjoining settlement class member and her attorney from pursuing state court action asserting claims encompassed in class action settlement); *In re Managed Care Litig.*, No. 00-1334-MD, 2006 WL 8440834, at *3 (S.D. Fla. May 8, 2006) (granting motion to enforce final approval order and directing settlement class member to discontinue state court action or else be subject to contempt proceedings); *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-21107-CIV, 2015 WL 3822315, at *5 (S.D. Fla. June 9, 2015) (ordering settlement class member to withdraw released claims asserted in state court action or otherwise be held in

18

contempt); *see also Faught*, 660 F.3d at 1293 (violations of anti-suit injunctions "are enforced through the district court's civil contempt power") (citation omitted).

Here, it is indisputable that (i) the Mississippi Plaintiffs are Settlement Class Members who did not exclude themselves from the Settlement and (ii) they have filed and are continuing to pursue Released Claims against Equifax in state court. The Mississippi Plaintiffs are therefore in violation of the anti-suit injunction this Court entered under the All Writs Act to protect and effectuate the Settlement. Accordingly, Equifax requests that the Court enforce its injunction against the Mississippi Plaintiffs to remediate the harm caused by their improper conduct and to prevent further violation of the Settlement and this Court's orders.[7]  Specifically, Equifax requests that the Court enter an order finding that:

1. All 83 of the Mississippi Plaintiffs are in violation of the anti-suit injunction in the Final Judgment;

2. Each Mississippi Plaintiff must dismiss his or her state court action with prejudice, including actions in which judgments have already been obtained but are on appeal, within 10 days of the Court's order; and

---

[7] Because the Mississippi Plaintiffs are already in violation of the Final Judgment's anti-suit injunction, the Court need not issue a new injunction to prohibit their continued prosecution of their state court actions. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) ("If a party contends that another party is violating an injunction, the aggrieved party should move the court for an order to show cause why the other party should not be held in civil contempt.").

3. Should any Mississippi Plaintiff fail to comply, the Court will hold contempt proceedings during which Equifax may seek sanctions in the form of its attorneys' fees and costs incurred in defending the state court actions and bringing this motion.

*     *     *

Equifax believes that this motion can be quickly resolved on the papers, but Equifax will be available for a hearing at the Court's earliest convenience should the Court find that one is necessary.  A proposed order is enclosed for the Court's consideration.

## <u>CONCLUSION</u>

For these reasons, Equifax respectfully requests that the Court enforce the Final Judgment's anti-suit injunction against the Mississippi Plaintiffs and enter an order requiring them to immediately dismiss their state court actions with prejudice or else show cause why they should not be held in contempt.

20

Respectfully submitted this 8th day of September, 2020.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com

*Counsel for Equifax Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 4th day of September, 2020.


*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

I also certify that I have provided a copy of the foregoing to counsel for the Mississippi Plaintiffs, by e-mail and U.S. mail, as follows:

Jeffrey J. Hosford
Hosford Law Firm
115-A S. Lafayette St.
Starkville, MS 39759
jeffhosford@gmail.com

*/s/ S. Stewart Haskins II*