# EXHIBIT B

# Allen, Annie

=============================================================================
STATE OF MISSISSIPPI                                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON RD, SUITE C
                                          MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th   of    July    , 2020 at 09 00  a.m. to

answer to the suit of:

ALLEN ANNIE                          In the amount of:
63 HUNTER STREET   APT C11           Principal:    3500.00
                                     Atty. Fee:
MACON  MS  39341                     Court Fee:       74.00
662/549-6280                                      $3574.00

and have there this writ.
                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs  and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of      May        2020

                         _____
                         JUSTICE COURT CLERK        (SEAL)

                    BY: _____,

*****************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
__X__ Personally    _____ Member of Family (over age 16) _____

_____ Not Found     _____ Certified Mail Delivery

_____ Posted on door of his/her Residence

_____ OFFICER      5-27-20  DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ANNIE ALLEN**                                                    PLAINTIFF



Vs.                                                               NO.: 1002-250

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                         DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: ANNIE ALLEN
    Street: 63 HUNTER STREET Apt c11
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.549.6280

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Allen, Perlie Mae

========================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF Madison COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                               AGENT-PRENTICE HALL CORP. SYSTEM
                                             7716 OLD CANTON ROAD, SUITE C
                                             MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

ALLEN PEARLIE MAE                In the amount of:
18 FOREST AVENUE              Principal:     3500.00
                                Atty. Fee:
MACON  MS  39341              Court Fee:     74.00
662/726-1549
                                $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. IT IS very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of     June     , 2020.

                               JUSTICE COURT CLERK

                BY: _____, D.C.

***********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_____Personally _____Member of Family (over age 16)_____

_____Not Found    _____Certified Mail Delivery

_____Posted on door of his/her Residence

_____OFFICER    6-18-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

PEARLIE MAE ALLEN                                                    PLAINTIFF

**FILE**
6-10-20
DS

Vs.                                                              NO.: 1002-308

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                               DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: PEARLIE MAE ALLEN
      Street: 18 FOREST AVE
      City & Zip Code: MACON, MS ~~39739~~ 3934\
      Telephone No.: 662.617.4086 or 662.726.1549

2.    The Defendant's name, address, and telephone number are:
      Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
      PRENTICE-HALL CORPORATION SYSTEM, INC.
      Street: 7716 OLD CANTON ROAD, SUITE C
      City & Zip Code: MADISON, MS 39110
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Allen, Victory Allen

==============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF *Madison* COUNTY

   You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of  August  , 2020 at 09 30  a.m. to

answer to the suit of:

ALLEN VICTORY                       In the amount of:
1986 GILLESPIE ROAD                 Principal:        3500.00
                                    Atty. Fee:
MACON MS  39341                     Court Fee:          74.00
662/726-6535                                       $ 3574.00

and have there this writ.

## NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or

   Witness my hand, this the 12th  day of  June  , 2020

                          _Dennis Sanders_
                         JUSTICE COURT CLERK

             BY: _____ , D.C.

*FILED JUN 17 2020 CHERYL HUNN JUSTICE COURT CLERK BY _____ D.C.*

*(SEAL) JUSTICE COURT NOXUBEE COUNTY, MISS*

**********************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)

_X_ Personally  *Christina Sheppard* ___ Member of Family (over age 16)_____

____ Not Found        ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_Mike Brue_____ OFFICER          6-18-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

VICTORY ALLEN                                              PLAINTIFF

Vs.                                                                            NO.: 1002-207

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                    DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: VICTORY ALLEN
    Street: 1986 GILLSPIE ROAD
    City & Zip Code: MACON, MS ~~39739~~ 39341
    Telephone No.: 662.726.6535

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;

2. unauthorized charges on their debit and credit card accounts;

3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4. the untimely and inadequate notification of the Data Breach;

5. the improper disclosure of their personal data;

6. loss of privacy;

7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Anderson, Pearl

============================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF Madison COUNTY

   You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                           7716 OLD CANTON ROAD, SUITE C
                                           MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of   August   , 2020 at 09 30  a.m. to

answer to the suit of:

ANDERSON PEARL M                     In the amount of:
44 NEW STREET ROAD                   Principal:    3500.00
                                     Atty. Fee:
BROOKSVILLE  MS  39739               Court Fee:      74.00
662/738-4322                                       $ 3574.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 12th  day of     June  , 2020

                              _Donna Sanders_
                              JUSTICE COURT CLERK

                    BY: _____,

**FILED**
JUN 17 2020
CHERYL HUFFY JUSTICE COURT CLERK
BY _____

*******************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
_Christina Shepard_
__Personally   __Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Bros_____OFFICER    _6-18-20_ DATE



**COPY**   IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

<u>PEARL M. ANDERSON</u>



**FILE**
6-10-20
DS

PLAINTIFF

Vs.

NO.: _1002 - 306_

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                     DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>PEARL M. ANDERSON</u>
     Street: <u>44 NEW STREET ROAD</u>
     City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
     Telephone No.: <u>662.738.4322</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
     <u>limited to my social security number, address and phone number.  Equifax had a duty</u>
     <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Armistad, Willie

================================================================================
STATE OF MISSISSIPPI                                          NOXUBEE COUNTY
================================================================================

TO ANY LAWFUL OFFICER OF *Madison* COUNTY

    You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                           7716 OLD CANTON ROAD, SUITE C
                                           MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

ARMISTEAD WILLIE                   In the amount of:
141 STEWART ROAD                  Principal:   3500.00
                                   Atty. Fee:
MACON  MS  39341                  Court Fee:   74.00
662/497-2250                            $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of    June    , 2020

                          JUSTICE COURT CLERK

                      BY:_____, D.C.

****************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
_Christina Shepard_
_X_ Personally  ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER    6-18-20  DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

WILLIE ARMISTAD                                        PLAINTIFF

Vs.                                    **FILE**
                                       _6-10-20_
                                        DS                    NO.: _1002-305_

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                               DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: WILLIE ARMISTAD
    Street: 141 STEWART ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.497.2250

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
                     ATTORNEY FOR PLAINTIFF

# Baker, Colanda

================================================================
STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ Madison COUNTY

  You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON RD, SUITE C
                                        MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

BAKER COLANDA                           In the amount of:
233 RUFF STREET                         Principal:    3500.00
                                        Atty. Fee:
MACON  MS  39341                        Court Fee:       74.00
662/352-3282                                         # 3574.00

and have there this writ.
                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

  Witness my hand, this the 30th  day of    April           2020

                                        JUSTICE COURT CLERK        (SEAL)

                          BY:_____
****************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
  ___Personally  Christant Sheppard  ___Member of Family (over age 16)_____

___Not Found      ___Certified Mail Delivery

___Posted on door of his/her Residence

_____/ OFFICER        5-27-20  DATE

COPY

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

<u>COLANDA BAKER</u>                    PLAINTIFF

 FILE
4-30-20
DS

Vs.                                         NO.: 1002-253

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>COLANDA BAKER</u>
     Street: <u>233 RUFF STREET</u>
     City & Zip Code: <u>MACON, MS 39341</u>
     Telephone No.: <u>662.352.3282</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

_____

ATTORNEY FOR PLAINTIFF

# Barnett, Henry

===============================================================
STATE OF MISSISSIPPI                           NOXUBEE COUNTY
===============================================================

TO ANY LAWFUL OFFICER OF *Madison* COUNTY

  You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

BARNETT HENRY                      In the amount of:
221 CALMES ST                      Principal:    3500.00
                                   Atty. Fee:
BROOKSVILLE  MS  39739             Court Fee:      74.00
662/497-2250                            *$3574.00*

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

  Witness my hand, this the 12th  day of    June

                    _____
                         JUSTICE COURT CLERK

                    BY: _____

*FILED*
*JUN 17 2020*
CHERYL HURN, JUSTICE COURT CLERK
BY _____ D.C.

***********************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
__(personally)___ *Christina Shepperd*
___Personally   ___Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER        6-18-20  DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

HENRY BARNETT                                                              PLAINTIFF

Vs.                                                                    NO.: *1008-304*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                  DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
Name: HERNY BARNETT
Street: 221CALMES ST
City & Zip Code: BROOKSVILLE, MS 39739
Telephone No.: 662.497.2250

2.    The Defendant's name, address, and telephone number are:
Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
PRENTICE-HALL CORPORATION SYSTEM, INC.
Street: 7716 OLD CANTON ROAD, SUITE C
City & Zip Code: MADISON, MS 39110
Telephone No.: _____

3.    The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Barnett, Mary

==========================================================================
STATE OF MISSISSIPPI                                    NOXUBEE COUNTY
==========================================================================

TO ANY LAWFUL OFFICER OF Madison COUNTY

You are to summon the defendant:          EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

BARNETT MARY H                      In the amount of:
P.O. BOX 94                         Principal:      3500.00
103 SOUTH PINE STREET               Atty. Fee:
BROOKSVILLE  MS  39739              Court Fee:        74.00
662/361-4050                              $3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

  Witness my hand, this the 12th  day of      June     , 2020

                              _____
                                   JUSTICE COURT CLERK

                        BY:_____, D.

**************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
___Personally  _X_Member of Family (over age 16)_____
                Christina Shepard

____Not Found      ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER      6-18-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

MARY H. BARNETT                                                                      PLAINTIFF


6-10-20
DB

Vs.                                                                          NO.: *1002-303*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name:  MARY H. BARNETT
     Street: 103 SOUTH PINE ST. P.O. BOX 94
     City & Zip Code: BROOKSVILLE, MS ~~39341~~ 39739
     Telephone No.: 662.361.4050

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
                    ATTORNEY FOR PLAINTIFF

# Barnett, Rochelle

================================================================

STATE OF MISSISSIPPI                 NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP. SYSTEM
                                      7716 OLD CANTON RD, SUITE C
                                      MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of     July    , 2020  at 09 00  a.m. to

answer to the suit of:

BARNETT ROCHELE                  In the amount of:
P.O. BOX 78                      Principal:    3500.00
434 FREEMAN STREET            Atty. Fee:
BROOKSVILLE  MS  39739         Court Fee:     29.00
662/251-5908

                                              $3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses & evidence.

   Witness my hand, this the 12th  day of     May

                              *Deann Sanders*
                            JUSTICE COURT CLERK    (SEAL)
                       BY: _____ , D.

****************************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
_○_Personally   ____Member of Family (over age 16)_____

____Not Found   ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER    5-27-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ROCHELE BARNETT**                                   PLAINTIFF

**FILE**
**4-30-20**
DS

Vs.                                                    NO.: *1002-251*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: ROCHELE BARNETT
     Street: P.O. BOX 78 434 FREEMAN STREET
     City & Zip Code: BROOKSVILLE, MS 39739
     Telephone No.: 662.251.5908

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Bay, Mary

====================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC BY & THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April    , 2020 at 09 00 a.m. to

answer to the suit of:  **F I L E D**

BAY MARY                          APR 15 2020        In the amount of:
2527 GILLESPIE ROAD                                  Principal:    3500.00
                          CHERYL HUFF JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341          BY_____          Court Fee:    74.00
662/228-3220                                                      $ 3574.00

and have there this writ.        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the  6th  day of    April    , 2020

                              *Deana Sanders*
                              JUSTICE COURT CLERK
                 BY:_____

*****************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)

____Personally    ____Member of Family (over age 16)_____

____Not Found     ____Certified Mail Delivery  *Danny Perry CSC*

____Posted on door of his/her Residence

_____OFFICER    4-16-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**MARY BAY**                            PLAINTIFF

FILE
4-3-20
DB

Vs.                                                            NO.: *1002-223*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: <u>MARY BAY</u>
      Street: <u>2527 Gillespie ROAD</u>
      City & Zip Code: <u>MACON, MS 39341</u>
      Telephone No.: <u>662.228.3220</u>

2.    The Defendant's name, address, and telephone number are:
      Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
      <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
      Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
      City & Zip Code: <u>MADISON, MS 39110</u>
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Beamon, Quinton

===============================================================================
STATE OF MISSISSIPPI                                  NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF .        COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of   August    , 2020  at 09 30  a.m. to

answer to the suit of:

BEAMON QUINTON                  In the amount of:
1553 GILLESPIE ROAD             Principal:   3500.00
                                Atty. Fee:
MACON MS  39341                 Court Fee:      74.00
662/708-0016                                 $3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of    June    , 20__

                        _____
                             JUSTICE COURT CLERK

                        BY: _____ , D.C.
************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
__Personally  Christina Sheppard  __Member of Family (over age 16)_____

____Not Found     ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER      6-18-20  DATE

*FILED JUNE 12 2020 CHERYL COBB JUSTICE COURT CLERK D.C.*



COPY    IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

QUINTIN BEAMON    **FILE**    PLAINTIFF

6-10-20

Vs.    D5    NO.: 1002-302

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.    DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
Name:  QUINTIN BEAMON
Street: 1553 GILLESPIE ROAD
City & Zip Code: MACON, MS 39341
Telephone No.: 662.708.0016

2.    The Defendant's name, address, and telephone number are:
Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
PRENTICE-HALL CORPORATION SYSTEM, INC.
Street: 7716 OLD CANTON ROAD, SUITE C
City & Zip Code: MADISON, MS 39110
Telephone No.: _____

3.    The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Beasley, Brenda

===============================================================================
STATE OF MISSISSIPPI                              NOXUBEE COUNTY
===============================================================================
TO ANY LAWFUL OFFICER OF Madison COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP. SYSTEM
                                      7716 OLD CANTON ROAD, SUITE C
                                      MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

BEASLEY BRENDA                    In the amount of:
466 DENT STREET                   Principal:    3500.00
                                  Atty. Fee:
MACON  MS  39341                  Court Fee:       74.00
662/361-0064                                   $3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 12th  day of      June     , 2020

                          _Deanna Sanders_
                          JUSTICE COURT CLERK

                   BY: _____,

*************************************************************************
OFFICER'S RETURN:
 I have this day executed the within writ by serving the defendant(s)
_X__ Christina Shepperd
_X_ Personally  ____ Member of Family (over age 16)_____

____ Not Found     ____ Certified Mail Delivery

____ Posted on door of his/her Residence

  _Mike Rea_____ OFFICER      6-18-20  DATE

FILED
JUN 17 2020
CHERYL HURT, JUSTICE COURT CLERK
BY_____ DC



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

BRENDA BEASLEY  PLAINTIFF

Vs.

NO.:*1002-301*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                    DEFENDANT

1.      The Plaintiff's name, address, and telephone number are:
        Name:  BRENDA BEASLEY
        Street: 466 DENT STREET
        City & Zip Code: MACON, MS 39341
        Telephone No.: 662.361.0064 OR 662.726.5096

2.      The Defendant's name, address, and telephone number are:
        Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
        PRENTICE-HALL CORPORATION SYSTEM, INC.
        Street: 7716 OLD CANTON ROAD, SUITE C
        City & Zip Code: MADISON, MS 39110
        Telephone No.: _____

3.      The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

4.      The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.      The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
        Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Beck, Rosie

===============================================================
STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF Madison COUNTY

   You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                         AGENT-PRETICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  of    August    , 2020 at 09 30  a.m. to

answer to the suit of:

BECK ROSIE                         In the amount of:
513 STEWART ROAD                   Principal:   3500.00
                                   Atty. Fee:
MACON MS 39341                     Court Fee:      74.00
662/361-2166                                    $ 3574.00

and have there this writ.
                          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 12th  day of     June    , 2020

                          _____
                               JUSTICE COURT CLERK

                    BY: _____
**********************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
X Christina Sheppard
__ Personally  __ Member of Family (over age 16)_____

____Not Found      ____Certified Mail Delivery

____Posted on door of his/her Residence

   _____OFFICER          6-18-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

ROSIE BECK                                                          PLAINTIFF



_6-16-20_
_DS_

Vs.                                                       NO.: _1062-300_

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                              DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name:  ROSIE BECK
    Street: 513 STEWART ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.361.2166

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C _____
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Bennett, Sally

=================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY
=================================================================

TO ANY LAWFUL OFFICER OF *Madison* COUNTY

You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of   August   , 2020  at 09 30  a.m. to

answer to the suit of:

BENNETT SALLY                   In the amount of:
P.O. BOX 183                    Principal:     3500.00
                                Atty. Fee:
SHUQUALAK  MS  39361            Court Fee:      74.00
662/574-3669                                   #3574.00

and have there this writ.

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 12th  day of    June    , 2020

_____
       JUSTICE COURT CLERK

                     BY: _____

**FILED**
JUN 17 2020
CHERYL HUNT, JUSTICE COURT CLERK
BY _____ D.C.

***********************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
___ Personally   Christina Sheppard   ___ Member of Family (over age 16)_____

____ Not Found      ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER          6-18-20  DATE



### IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

SALLY BENNETT                                                      PLAINTIFF

Vs.                                         **FILE**                NO.: *1002 - 299*
                                            *10-10-20*
                                              *DS*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                           DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: SALLY BENNETT
     Street: P.O. BOX 183
     City & Zip Code: SHUQUALAK, MS 39361
     Telephone No.: 662.574.3669

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
     plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
     limited to my social security number, address and phone number.  Equifax had a duty
     to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Brooks, Patricia

==================================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:   EQUIFAX INC, BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7715 OLD CANTON RD, SUITE C
                                     MADISON  MS  396110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of    July   , 2020 at 09 00  a.m. to

answer to the suit of:

BROOKS PATRICIA                       In the amount of:
45 CURTIS BUSH DRIVE                  Principal:   3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:    74.00
662/425-1674

                                         # 3574.00

and have there this writ.
                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, evidence.

    Witness my hand, this the 12th  day of    May

_Deann Sanders_
                              JUSTICE COURT CLERK              (SEAL)

                              BY: _____,

**FILED**
MAY 14 2020
CHERYL HOWARD JUSTICE COURT CLERK
BY: _____ D.C.

*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_Personally _Christina Sheppard_ _Member of Family (over age 16)_____

____Not Found  ____Certified Mail Delivery

____Posted on door of his/her Residence

_Nita Brown_____ OFFICER        5-27-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**PATRICIA BROOKS**   FILE 4-30-20 DS    PLAINTIFF

Vs.    NO.: 1002-252

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**    DEFENDANT

1. The Plaintiff's name, address, and telephone number are:
   Name: PATRICIA BROOKS
   Street: 45 CURTIS BUSH DRIVE
   City & Zip Code: MACON, MS 39341
   Telephone No.: 662.425.1674

2. The Defendant's name, address, and telephone number are:
   Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
   PRENTICE-HALL CORPORATION SYSTEM, INC.
   Street: 7716 OLD CANTON ROAD, SUITE C
   City & Zip Code: MADISON, MS 39110
   Telephone No.: _____

3. The defendant's place of business and address are (if known):
   Place of Business: _____
   Street: _____
   City: _____
   State: _____

4. The defendant(s) owes damages to the Plaintiff in the amount of $3500.00 plus costs.

5. The basis for plaintiff's claim against the defendant(s) (Here state why you claim the defendant or defendants owe you money):
   Equifax was negligent in failing to protect my personal data including but not limited to my social security number, address and phone number.   Equifax had a duty to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Brown, Irene

=================================================================
STATE OF MISSISSIPPI                              NOXUBEE COUNTY
=================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THROUGH REGISTER
                                         AGENT THE PRENTICE-HALL CORP SYS
                                         7716 OLD CANTON RD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April   , 2020  at 09 30  a.m. to

answer to the suit of:    **F I L E D**

BROWN IRENE                 **MAR 24 2020**         In the amount of:
P.O. BOX 341                                        Principal:    3500.00
                          CHERYL HUNT, JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                                    Court Fee:       74.00
662/228-1100              BY _____                          $ 3574.00

and have there this writ.      NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 11th  day of    March

                                          _Deanna Sander_
                                          JUSTICE COURT CLERK      (SEAL)

                          BY: _____  D.C.
*************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

____Personally   ____Member of Family (over age 16) _____

____Not Found    ____Certified Mail Delivery     _Drawly fesby CSC_

____Posted on door of his/her Residence

_Mike Bran_____ OFFICER      3-30-20  DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**IRENE BROWN**                                          PLAINTIFF



Vs.                                                      NO.: 1002/200

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: IRENE BROWN
     Street: P.O. BOX 341
     City & Zip Code: MACON, MS 39739
     Telephone No.: 662.228.1100

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.:_____

3.   The defendant's place of business and address are (if known):
     Place of Business:_____
     Street:_____
     City:_____
     State:_____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Bush, Gloria

===============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:        EQUIFAX INC, BY/THROUGH REGISTER
                                        AGENT THE PRENICE-HALL CORP SYS
                                        7716 OLD CANTON RD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of   April   , 2020 at 09 30  a.m. to

answer to the suit of:   F I L E D

BUSH GLORIA                              In the amount of:
4840 SANDYLAND ROAD      MAR 24 2020     Principal:    3500.00
                                         Atty. Fee:
MACON  MS  39341         CHERYL HUFF, JUSTICE COURT CLERK      Court Fee:    74.00
662/549-3802            BY                                     $ 3574.00

and have there this writ.          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 11th  day of    March    , 2020

                        _Deanna Sanders_
                        JUSTICE COURT CLERK

                        BY: _____

********************************************************************

OFFICER'S RETURN:
I have this day executed the within writ by serving the defendant(s)

____Personally     ____Member of Family (over age 16)_____

____Not Found      ____Certified Mail Delivery    Danny Petty  CSC

____Posted on door of his/her Residence

_Niko Bush_____OFFICER          3-30-20  DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**GLORIA BUSH**

**FILE**
3-11-20

PLAINTIFF

Vs.

NO.: 1002-202

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC**                    DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
    Name: GLORIA BUSH
    Street: 4840 SANDYLAND ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.549.3802

    2.    The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;

2. unauthorized charges on their debit and credit card accounts;

3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4. the untimely and inadequate notification of the Data Breach;

5. the improper disclosure of their personal data;

6. loss of privacy;

7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Calhoun, Ashley

==========================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

   You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                           7716 OLD CANTON ROAD, SUITE C
                                           MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th   of    July    , 2020  at 09 00  a.m. to

answer to the suit of:     F I L E D

CALHOUN ASHLEY                              In the amount of:
121 BLUEBERRY LANE          MAY 15 2020     Principal:    3500.00
                                           Atty. Fee:
MACON  MS  39341          CHERYL HUKIN, JUSTICE COURT CLERK    Court Fee:    74.00
662/228-1783                                D.C.:
                             BY                    $ 3574.00
and have there this writ.

                              NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 13th  day of     May     , 20

                              JUSTICE COURT CLERK

                         BY:

***********************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
__X__Personally  _____Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

                              OFFICER          5-27-20   DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

ASHLEY CALHOUN                                                PLAINTIFF



Vs.                                                          NO.: *1002-269*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                        DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: ASHLEY CALHOUN
     Street: 121 BLUEBERRY LANE
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.228.1783

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Calhoun, Jasmine

```
=============================================================================
```
STATE OF MISSISSIPPI                          NOXUBEE COUNTY
```
=============================================================================
```

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP. SYSTEM
                                      7716 OLD CANTON ROAD, SUITE C
                                      MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of    July   , 2020 at 09 00 a.m. to

answer to the suit of.

CALHOUN JASMINE                       In the amount of:
P.O. BOX 175                          Principal:   3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:      74.00
662/361-1821                                       $ 3574.00
and have there this writ.

                         NOTICE TO THE DEFENDANT

FILED MAY 15 2020  CHERYL HURN  JUSTICE COURT CLERK  BY _____ D.C.

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 13th  day of    May   , 2020

                                      _____
                                      JUSTICE COURT CLERK

                         BY: _____, D.C.

```
*****************************************************************************
```
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_Personally    ___Member of Family (over age 16) _____

___Not Found    ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER          5-27-20  DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

JASMINE CALHOUN                                           PLAINTIFF

Vs.                                    NO.: 1002-268

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                 DEFENDANT

1. The Plaintiff's name, address, and telephone number are:
   Name: JASMINE CALHOUN
   Street: P.O. BOX 175
   City & Zip Code: MACON, MS 39341
   Telephone No.: 662.361.1821

2. The Defendant's name, address, and telephone number are:
   Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
   PRENTICE-HALL CORPORATION SYSTEM, INC.
   Street: 7716 OLD CANTON ROAD, SUITE C _____
   City & Zip Code: MADISON, MS 39110
   Telephone No.: _____

3. The defendant's place of business and address are (if known):
   Place of Business: _____
   Street: _____
   City: _____
   State: _____

4. The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
   plus costs.

5. The basis for plaintiff's claim against the defendant(s) (Here state why
   you claim the defendant or defendants owe you money).
   Equifax was negligent in failing to protect my personal data including but not
   limited to my social security number, address and phone number. Equifax had a duty
   to protect the personal data it was entrusted with to use reasonable care to protect it
   from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Calhoun, Joann

===========================================================================
STATE OF MISSISSIPPI | NOXUBEE COUNTY
===========================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:  EQUIFAX IND BY & THRU REGISTERED
AGENT-PRENTICE HALL CORP. SYSTEM
7716 OLD CANTON ROAD, SUITE C
MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April , 2020 at 09 00 a.m. to

answer to the suit of:

F I L E D

CALHOUN JOANN                         In the amount of:
121 BLUEBERRY LANE        APR 15 2020    Principal:     3500.00
                    CHERYL HURN JUSTICE COURT CLERK  Atty. Fee:
BROOKSVILLE   MS   39739      BY         Court Fee:      74.00
662/228-1783                                        $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 6th day of April , 2020

_____
JUSTICE COURT CLERK

BY: _____,

*************************************************************************
OFFICER'S RETURN:
I have this day executed the within writ by serving the defendant(s)

___Personally     ___Member of Family (over age 16) _____

___Not Found      ___Certified Mail Delivery  Danny Petty CSC

___Posted on door of his/her Residence

_____ OFFICER     4-16-20 DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

JOANN CALHOUN  PLAINTIFF

FILE
4-3-20
DS

Vs.   NO.: 1003-221

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.   DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
Name: JOANN CALHOUN
Street: 121 BLUEBE LANERRY
City & Zip Code: MACON, MS 39739
Telephone No.: 662.228.1783 or 662.361.9517

2.   The Defendant's name, address, and telephone number are:
Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
PRENTICE-HALL CORPORATION SYSTEM, INC.
Street: 7716 OLD CANTON ROAD, SUITE C
City & Zip Code: MADISON, MS 39110
Telephone No.: _____

3.   The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Calhoun, Teronto

===============================================================================
STATE OF MISSISSIPPI                                    NOXUBEE COUNTY
===============================================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                  AGENT-THE PRENTICE HALL CORP.SYS
                                  7716 OLD CANTON ROAD, SUITE C
                                  MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of    July   , 2020 at 09 00 a.m. to

answer to the suit of **FILED**

CALHOUN TERONTO          **MAY 15 2020**        In the amount of:
610 NORTH STREET                                Principal:    3500.00
                         CHERYL HORN JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                          D.C.  Court Fee:    74.00
662/228-1783             BY_____
                                                **#3574.00**
and have there this writ.        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 13th  day of    May

                       _Dennis Sanders_
                       JUSTICE COURT CLERK

                  BY: _____

*************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_ Personally  _Christina Sheppard_  ____Member of Family (over age 16)_____

____Not Found  ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER    _5-27-20_ DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

TERONTO CALHOUN                                              PLAINTIFF



Vs.                                                          NO.: 1002-263

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                        DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: TERONTO CALHOUN
    Street: 610 NORTH STREET;
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.228.1783

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C_____
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it
    from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

Signed: _____
ATTORNEY FOR PLAINTIFF

# Campbell, Tiffany

===============================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THROUGH REGISTER
                                        AGENT THE PRENTICE-HALL CORP SYS
                                        7716 OLD CANTON RD, SUITE C
                                        MADISON MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April , 2020 at 09 30 a.m. to

answer to the suit of

**FILED**

CAMPBELL TIFFANY                           In the amount of:
4458 RESIDENT ST  APT C17  MAR 24 2020     Principal:    3500.00
                                           Atty. Fee:
SHUQUALAK MS  39361  CHERYL HURN, JUSTICE COURT CLERK   Court Fee:    74.00
662/361-0617               BY_____
                                                        $3574.00
and have there this writ.          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 11th  day of  March   2020

                              _Deann Sanders_
                              JUSTICE COURT CLERK          (SEAL)
                              BY:_____    D.C.

*********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

____Personally   ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery    _Davery Petty  ESC_

____Posted on door of his/her Residence

_____ OFFICER          3-30-20    DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**TIFFANY CAMPELL**                                    PLAINTIFF



**FILE**
3-11-20
DS

Vs.                                                      NO.: 1002/205

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                            DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>TIFFANY CAMPBELL</u>
     Street: <u>4458 RESIDENT ST. APT. C17</u>
     City & Zip Code: <u>SHUQUALAK, MS 39361</u>
     Telephone No.: <u>662.361.0617</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Chandler, Ciera

===============================================================

STATE OF MISSISSIPPI                           NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:     EQUIFAX INC, BY/THROUGH REGISTER
                                         AGENT THE PRENTICE-HALL CORP SYS
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISTON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April , 2020 at 09 30 a.m. to

answer to the suit of:       **FILED**

CHANDLER CIERA                    MAR 24 2020        In the amount of:
P.O. BOX 384                                         Principal:    3500.00
                        CHERYL HUNT, JUSTICE COURT   Atty D.C. Fee:
BROOKSVILLE  MS  39739  BY _____              Court Fee:      74.00
662/549-1824                                         $3574.00

and have there this writ.

                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 11th  day of     March     , 2020.

                         _Deann Sanders_
                         JUSTICE COURT CLERK

                    BY: _____

*****************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

____Personally    ____Member of Family (over age 16) _____

____Not Found     ____Certified Mail Delivery   Donny Perry CSC

____Posted on door of his/her Residence

_Mike Bruce_____  OFFICER    3-30-20  DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**CIERA CHANDLER**                                                        PLAINTIFF


FILE
3-11-20
DS

Vs.                                                                      NO.: 1002|204

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>CIERA CHANDLER</u>
     Street: <u>P.O. BOX 384</u>
     City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
     Telephone No.: <u>662.549.1824</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;

2.  unauthorized charges on their debit and credit card accounts;

3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4.  the untimely and inadequate notification of the Data Breach;

5.  the improper disclosure of their personal data;

6.  loss of privacy;

7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Chandler, Linda

======================================================================
STATE OF MISSISSIPPI                           NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON RD, SUITE C
                                     MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of    July   , 2020 at 09 00  a.m. to

answer to the suit of:

CHANDLER LINDA                         In the amount of:
P.O. BOX 194                           Principal:    3500.00
                                       Atty. Fee:
BROOKSVILLE  MS  39739                 Court Fee:    $  70.00
662/708-0530                                         $ 3574.00

and have there this writ.    NOTICE TO THE DEFENDANT    **FILED**

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which    MAY 14 2020

you have been summoned.  If you agree that you owe this amount to the    CHERYL HOOD, JUSTICE COURT CLERK

Plaintiff, then you do not have to appear.  A judgment by default will be    D.C.

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of    May    , 2020

                            *Deann Sanders*

                        JUSTICE COURT CLERK    (SEAL)

              BY: _____,

**********************************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
  *Christina Shepperd*
__X__Personally __✓__Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

_____*Mike Brown*_____ OFFICER    5-27-20  DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**LINDA CHANDLER**                                      PLAINTIFF



FILE
4-30-20
US

Vs.                                              NO.: 1002-244

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                       DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: LINDA CHANDLER
    Street: P.O. BOX 194
    City & Zip Code: BROOKSVILLE, MS 39739
    Telephone No.: 662.708.0530

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Chandler, Tamra

==================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                            AGENT-PRENTICE HALL CORP. SYSTEM
                                            7716 OLD CANTON RD, SUITE C
                                            MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th   of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

CHANDLER TAMRA                        In the amount of:
336 DR MLK DR                         Principal:    3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:       74.00
662/361-0716                                        $ 3574.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 12th  day of     May       2020

                         *Deanna Sanders*
                      JUSTICE COURT CLERK      (SEAL)

              BY: _____

FILED
MAY 14 2020
CHERYL LINDSEY CIRCUIT CLERK
BY _____ D.C.

******************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X  Personally  Cute Stant Shepard  ___Member of Family (over age 16) _____

___Not Found   ___Certified Mail Delivery

___Posted on door of his/her Residence

_____OFFICER     5-27-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**TAMRA CHANDLER**　　　　　　　　　　　　　　PLAINTIFF

**FILE**
4-30-20
DS

Vs.　　　　　　　　　　　　　　　　　　　　NO.: 1002-248

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**　　　　　　　　DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>TAMRA CHANDLER</u>
    Street: <u>336 DR MLK DR.</u>
    City & Zip Code: <u>MACON, MS 39341</u>
    Telephone No.: <u>662.361.0716</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC</u>.
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Clemons, Ada

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

     You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                             AGENT-PRENTICE HALL CORP. SYSTEM
                                             7716 OLD CANTON RD, SUITE C
                                             MADISON   MS  39341

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

CLEMONS ADA                          In the amount of:
84 FOURTH STREET                     Principal:   3500.00
                                     Atty. Fee:
MACON   MS  39341                    Court Fee:       74.00
662/708-0011                               $ 3574.00

and have there this writ.         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

     Witness my hand, this the 30th  day of     April

                                        JUSTICE COURT CLERK          (SEAL)

                         BY: _____

*********************************************************************
OFFICER'S RETURN:
     I have this day executed the within writ by serving the defendant(s)
__ Personally      ____ Member of Family (over age 16) _____

____ Not Found     ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER        5-22-20    DATE

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ADA CLEMONS**              **FILE**        PLAINTIFF
                        4-30-20

Vs.                  DS         NO.: 1002-254

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**          DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
       Name: ADA CLEMONS
       Street: 84 4TH STREET
       City & Zip Code: MACON, MS 39341
       Telephone No.: 662.708.0011

2.    The Defendant's name, address, and telephone number are:
       Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
       PRENTICE-HALL CORPORATION SYSTEM, INC.
       Street: 7716 OLD CANTON ROAD, SUITE C
       City & Zip Code: MADISON, MS 39110
       Telephone No.: _____

3.    The defendant's place of business and address are (if known):
       Place of Business: _____
       Street: _____
       City: _____
       State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
       you claim the defendant or defendants owe you money).
   Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Clemons, Carlea

=============================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

=============================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON ROAD, SUITE C
                                     MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th of July    , 2020 at 09 00 a.m. to

answer to the suit of: **F I L E D**

CLEMONS CARLEA                        In the amount of:
189 MAGNOLIA STREET      MAY 15 2020  Principal:      3500.00
                      CHERYL HUNT, JUSTICE COURT CLERK  Atty. Fee:
BROOKSVILLE  MS  39739                Court Fee:       ~~74~~.00
601/260-8739           BY                              #3574.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 13th  day of     May

                                     JUSTICE COURT CLERK

                         BY: _____

***********************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)

___Personally    ___Member of Family (over age 16)_____

___Not Found     ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER          5-27-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

CARLEA CLEMONS                                    PLAINTIFF



Vs.                                               NO.: 1002-264

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: CARLEA CLEMONS
     Street: 189 MAGNOLIA STREET
     City & Zip Code: BROOKKSVILLE, MS 39739
     Telephone No.: 601.260.8739

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Clemons, Gloria

STATE OF MISSISSIPPI                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

   You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                 AGENT-PRENTICE HALL CORP. SYSTEM
                                 7716 OLD CANTON ROAD, SUITE C
                                 MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county
courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,
Macon Mississippi, on the 28th  of    July   , 2020  at 09 30  a.m. to
answer to the suit of:

CLEMONS GLORIA                          In the amount of:
84 FOURTH STREET                        Principal:   3500.00
                                        Atty. Fee:
MACON  MS  39341                        Court Fee:      74.00
662/361-1911                                          $3574.00

and have there this writ.

<center>NOTICE TO THE DEFENDANT</center>

This is a civil lawsuit that was filed by the above Plaintiff. It is very
important that you appear in court on the above date and time in which
you have been summoned.  If you agree that you owe this amount to the
Plaintiff, then you do not have to appear.  A judgment by default will be
given to the Plaintiff for the amount shown plus court costs, and the
Plaintiff will have authority to garnish your wages or seek other means in
order to collect this amount.  If you disagree with this lawsuit, please
appear in court and bring all necessary documents, witnesses, or evidence.

*FILED JUN 03 2020 CHERYL HURN JUSTICE COURT CLERK BY D.C.*

   Witness my hand, this the 29th  day of    May    , 20___

                      *Deanna Sanders*
                      JUSTICE COURT CLERK
            BY:_____,

**********************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
_X_Personally *Christina Sheppard* |___Member of Family (over age 16)_____
_____Not Found  _____Certified Mail Delivery
_____Posted on door of his/her Residence
____*Mike Ba*_____OFFICER    _6-5-20_DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

GLORIA CLEMONS                                    PLAINTIFF

Vs.                                               NO.: *1002-289*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: GLORIA CLEMONS
     Street: 84 4TH STREET
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.361.1911

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Conner, Mary

========================================================================
STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

     You are to summon the defendant:     EQUIFAX INC, BY/THROUGH REGISTER
                                          AGENT THE PRENICE HALL CORP SYS
                                          7716 OLD CANTON RD, SUITE C
                                          MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of   April   , 2020 at 09 30 a.m. to

answer to the suit of F I L E D

CONNER MARY L                MAR 24 2020    In the amount of:
9474 PRAIRIE POINT RD                       Principal:    3500.00
                          CHERYL HUNT JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                            Court Fee:      74.00
662/574-9259                 BY_____           $ 3574.00

and have there this writ.
                          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

     Witness my hand, this the 11th  day of    March

                          _____
                          JUSTICE COURT CLERK     *  (SEAL)  *

                          BY: _____  D.C.
**************************************************************************
OFFICER'S RETURN:
     I have this day executed the within writ by serving the defendant(s)

____Personally    ____Member of Family (over age 16)_____

____Not Found     ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER      3-30-20   DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**MARY L. CONNER**                                         PLAINTIFF



FILE
3-11-20
DS

Vs.                                                       NO.: 1002-201

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: MARY L. CONNER
     Street: 9474 PRAIRE POINT ROAD
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.574.9259

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;

2. unauthorized charges on their debit and credit card accounts;

3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4. the untimely and inadequate notification of the Data Breach;

5. the improper disclosure of their personal data;

6. loss of privacy;

7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature: _____

ATTORNEY FOR PLAINTIFF

# Cotton, Debra

============================================================
STATE OF MISSISSIPPI                    NOXUBEE COUNTY
============================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP. SYSTEM
                                      7716 OLD CANTON ROAD, SUITE C
                                      MADISON MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th of      July    , 2020 at 09 00 a.m. to

answer to the suit of: F I L E D

COTTON DEBRA                          In the amount of:
4458 RESIDENCE ST - APT B10 MAY 15 2020   Principal:    3500.00
                                      Filing Fee:
SHUQUALAK MS    39361  CHERYL HUHN, JUSTICE COURT CLERK  Court Fee:    74.00
662/906-0066                          BY                 $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 13th day of    May        , 2020

_____
JUSTICE COURT CLERK    (SEAL)

BY: _____,

************************************************************
OFFICER'S RETURN:
I have this day executed the within writ by serving the defendant(s)
X___ *Christina Sheppard*
X Personally ____ Member of Family (over age 16) _____

____ Not Found  ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER        5-27-20 DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

<u>DEBRA COTTON</u>                                                    PLAINTIFF



Vs.                                                                    NO.: *1002-272*

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                         DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
        Name: <u>DEBRA COTTON</u>
        Street: <u>4458 RESIDENCE ST. APT. #B-10</u>
        City & Zip Code: <u>SHUQUALAK, MS 39361</u>
        Telephone No.: <u>662.549.6754</u>

    2.    The Defendant's name, address, and telephone number are:
        Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
        <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
        Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
        City & Zip Code: <u>MADISON, MS 39110</u>
        Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>
<u>from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

   Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

   The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

   1. theft of their personal and financial information;
   2. unauthorized charges on their debit and credit card accounts;
   3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
   4. the untimely and inadequate notification of the Data Breach;
   5. the improper disclosure of their personal data;
   6. loss of privacy;
   7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
   8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Cotton, Louise

====================================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

   You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of    July   , 2020  at 09 00  a.m. to

answer to the suit of:     F I L E D

COTTON LOUISE L                 In the amount of:
4458 RESIDENCE ST - APT B10  MAY 15 2020  Principal:    3500.00
                                          Atty. Fee:
SHUQUALAK  MS  39361   CHERYL HUN... JUSTICE COURT CLERK   Court Fee:    74.00
662/906-0066                    BY                        **$3574.00**

and have there this writ.     NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 13th  day of    May    , 2020

                          _Dennis Landen_
                          JUSTICE COURT CLERK        (SEAL)

                          BY: _____,

*********************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
_X_ Personally  _Christian Sheppard_  ____ Member of Family (over age 16)_____

____ Not Found    ____ Certified Mail Delivery

____ Posted on door of his/her Residence

   _Mike Brown_ OFFICER      5-27-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LOUISE L. COTTON                                           PLAINTIFF



Vs.                                                        NO.: 1002-271

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                   DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>LOUISE L. COTTON</u>
     Street: <u>4458 RESIDENCE ST. APT. #B-10</u>
     City & Zip Code: <u>SHUQUALAK, MS 39361</u>
     Telephone No.: <u>662.906.0066</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
     <u>limited to my social security number, address and phone number.   Equifax had a duty</u>
     <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>
     <u>from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Crook, Linda

===================================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

    You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                            AGENT-PRENTICE HALL CORP. SYSTEM
                                            7716 OLD CANTON ROAD, SUITE C
                                            MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th  of     July   , 2020  at 09 00  a.m. to

answer to the suit of **F I L E D**

CROOK LINDA                  MAY 15 2020      In the amount of:
2410 SANDYLAND ROAD                           Principal:     3500.00
                           CHERYL HORN JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                              Court Fee:        74.00
662/708-0624          BY                                    $3574.00

and have there this writ.        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 13th  day of     May         , 2020.

                          _____
                          JUSTICE COURT CLERK

                          BY: _____

*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_Personally    ___Member of Family (over age 16)_____

___Not Found    ___Certified Mail Delivery

___Posted on door of his/her Residence

_____OFFICER        5-27-20 DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LINDA CROOK                                        PLAINTIFF


FILE
5-8-20

Vs.                                                NO.: 1002-265

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                           DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
    Name: LINDA CROOK
    Street: 2410 SANDYLAND ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.708.0624 OR 662.726.4195

    2.    The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00 plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why you claim the defendant or defendants owe you money).
Equifax was negligent in failing to protect my personal data including but not limited to my social security number, address and phone number.   Equifax had a duty to protect the personal data it was entrusted with to use reasonable care to protect it from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Crook, Samitria

=======================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY
=======================================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON ROAD, SUITE C
                                     MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th   of    July   , 2020 at 09 00 a.m. to

answer to the suit of **F I L E D**

CROOK SAMITRIA                       In the amount of:
2410 SANDYLAND ROAD     MAY 15 2020  Principal:     3500.00
                                     Atty. Fee:
MACON  MS  39341     CHERYL HUNT JUSTICE COURT CLERK  Court Fee:   74.00
662/361-4737                 D.C.              $3574.00
                      BY
and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 13th  day of    May

                     _____
                     JUSTICE COURT CLERK

                     BY: _____

***********************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)

__X__ Personally    _____ Member of Family (over age 16) _____

_____ Not Found     _____ Certified Mail Delivery

_____ Posted on door of his/her Residence

_____ OFFICER    5-27-20 DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

SAMITRIA CROOK                                          PLAINTIFF



Vs.                                                    NO.: 1002-264

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                   DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: SAMITRIA CROOK
    Street: 2410 SANDYLAND ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.361.4737 OR 662.726.4195

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C _____
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.  Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

Signed: _____

ATTORNEY FOR PLAINTIFF

# Cunningham, Lola

===============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

===============================================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:          EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th   of    July    , 2020  at 09 00  a.m. to

answer to the suit of:

CUNNINGHAM LOLA                          In the amount of:
P.O. BOX 101                             Principal:     3500.00
                                         Atty. Fee:
BROOKSVILLE  MS  39739                   Court Fee:       74.00
662/788-2326                             # 3574.00

and have there this writ.

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 13th  day of      May     , 20

                                         _____
                                         JUSTICE COURT CLERK

                              BY: _____,

*****************************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
   Christina Sheppard
___Personally  ___Member of Family (over age 16)_____

___Not Found   ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER       5-27-20 DATE



IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LOLA CUNNINGHAM                                         PLAINTIFF



Vs.                                                      NO.: 1002-267

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                               DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
        Name: LOLA CUNNINGHAM
        Street: P.O. BOX 101
        City & Zip Code: BROOKSVILLE, MS 39739
        Telephone No.: 662.788.2326

    2.    The Defendant's name, address, and telephone number are:
        Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
        PRENTICE-HALL CORPORATION SYSTEM, INC.
        Street: 7716 OLD CANTON ROAD, SUITE C
        City & Zip Code: MADISON, MS 39110
        Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Cunningham, Lorrie

=================================================================
STATE OF MISSISSIPPI             NOXUBEE COUNTY
=================================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                    AGENT-PRENTICE HALL CORP. SYSTEM
                                    7716 OLD CANTON ROAD, SUITE C
                                    MADISON MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 14th of    July   , 2020 at 09 00 a.m. to

answer to the suit of:   F I L E D

CUNNINGHAM LORRIE                In the amount of:
52 PULASKI STREET     MAY 15 2020    Principal:      3500.00
                               Atty. Fee:
MACON MS 39341   CHERYL HORN, JUSTICE COURT CLERK   Court Fee:    74.00
662/251-3289                 D.C.         $3574.00
        BY
and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 13th day of     May

                         JUSTICE COURT CLERK

                     BY: _____

*******************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
__ *Christina Sheppard* Personally    __ Member of Family (over age 16) _____

__ Not Found    __ Certified Mail Delivery

__ Posted on door of his/her Residence

_____ OFFICER      5-21-20 DATE

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LORRIE CUNNINGHAM                                    PLAINTIFF



Vs.                                                              NO.: 1002-270

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                        DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: LORRIE CUNNINGHAM
      Street: 52 PULASKI STREET
      City & Zip Code: MACON, MS 39341
      Telephone No.: 662.251.3289

2.    The Defendant's name, address, and telephone number are:
      Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
      PRENTICE-HALL CORPORATION SYSTEM, INC.
      Street: 7716 OLD CANTON ROAD, SUITE C
      City & Zip Code: MADISON, MS 39110
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Davis, Tommy

===============================================================

STATE OF MISSISSIPPI        NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

 You are to summon the defendant:  EQUIFAX INC, BY/THRU REGISTERED
                AGENT-PRENTICE HALL CORP. SYSTEM
                7716 OLD CANTON RD, SUITE C
                MADISON MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of July , 2020 at 09 00 a.m. to

answer to the suit of:

DAVIS TOMMY        In the amount of:
P.O. BOX 159        Principal: 3500.00
             Atty. Fee:
BROOKSVILLE MS 39739   Court Fee: 74.00
662/361-1379         $ 3574.00

and have there this writ.

<div align="center">NOTICE TO THE DEFENDANT</div>

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses or evidence.

 Witness my hand, this the 30th day of April , 2020.

                JUSTICE COURT CLERK (SEAL)

        BY: _____,

*FILED*
*MAY 14 2020*
*CHERYL HURT JUSTICE COURT CLERK*
*BY _____ DC*

**************************************************************
OFFICER'S RETURN:
 I have this day executed the within writ by serving the defendant(s)
_X_ Personally _/_ Member of Family (over age 16) _____
    *Christena Shepard*

____ Not Found  ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER  5-27-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

TOMMY DAVIS                         **FILE**                 PLAINTIFF
                                    4-30-20
Vs.                                    DS                    NO.: 1002-255

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                     DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: TOMMY DAVIS
    Street: P.O. BOX 159
    City & Zip Code: BROOKSVILLE, MS 39739
    Telephone No.: 662.361.1379

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Dora, Earlene

==============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

                                    Madison
TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ COUNTY

    You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                         AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of      July    , 2020 at 09 30 a.m. to

answer to the suit of:

DORA EARLENE                        In the amount of:
333 DORA ROAD                       Principal:    3500.00
                                    Atty. Fee:
BROOKSVILLE  MS  39739              Court Fee:       74.00
662/549-8413
                                              $ 3574.00

and have there this writ.

                          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of      May

                                        JUSTICE COURT CLERK

                          BY:_____

**FILED**
JUN 03 2020
CHERYL HUNT JUSTICE COURT CLERK
BY_____ DC

*********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
                    Christina Sheppard
  X  Personally _____ Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

_____OFFICER     6-5-20  DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**EARLENE DORA**                                        PLAINTIFF



FILE
5-29-20

Vs.                                                     NO.: *1002-281*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                            DEFENDANT

1.      The Plaintiff's name, address, and telephone number are:
        Name: <u>EARLENE DORA</u>
        Street: <u>333 DORA ROAD</u>
        City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
        Telephone No.: <u>662.549.8413 OR 662.272.5606</u>

2.      The Defendant's name, address, and telephone number are:
        Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
        <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
        Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
        City & Zip Code: <u>MADISON, MS 39110</u>
        Telephone No.: _____

3.      The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

4.      The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.      The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
        <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

ATTORNEY FOR PLAINTIFF

# Dora, Latita

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY
=========================================================================

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

    You are to summon the defendant:   EQUIFAX INC, BY/THRU REGISTERED
                                  AGENT-PRENTICE HALL CORP. SYSTEM
                                  7716 OLD CANTON ROAD, SUITE C
                                  MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of      July    , 2020 at 09 30  a.m. to

answer to the suit of:

DORA LATITA                              In the amount of:
P.O. BOX 771                             Principal:    3500.00
                                         Atty. Fee:
BROOKSVILLE  MS   39739                  Court Fee:       *74*.00
662/549-9267                                          # *3574.00*

and have there this writ.

<div align="center">NOTICE TO THE DEFENDANT</div>

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of      May     , 2020

                      *Deana Sanders*
                      JUSTICE COURT CLERK                   (SEAL)

                BY:_____,

*FILED*
*JUN 03 2020*
*NOXUBEE JUSTICE COURT CLERK*
*_____ D.C.*

*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant
_X__ Personally *Christian Sheppard* ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

____*Mike Brown*_____ OFFICER    *6-5-20*____ DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**LATITA DORA**                                                PLAINTIFF

FILE
5-29-20
DS

Vs.                                                            NO.: *1002-283*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>LATITA DORA</u>
    Street: <u>P.O. BOX 771</u>
    City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
    Telephone No.: <u>662.549.9267</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
    <u>limited to my social security number, address and phone number.   Equifax had a duty</u>
    <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.   theft of their personal and financial information;
2.   unauthorized charges on their debit and credit card accounts;
3.   the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.   the untimely and inadequate notification of the Data Breach;
5.   the improper disclosure of their personal data;
6.   loss of privacy;
7.   ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____
ATTORNEY FOR PLAINTIFF

# Dora, Nakimberian

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

    You are to summon the defendant:        EQUIFAX INC, BY/THRU REGISTERED
                                            AGENT-PRENTICE HALL CORP. SYSTEM
                                            7716 OLD CANTON ROAD, SUITE C
                                            MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of      July    , 2020 at 09 30  a.m. to

answer to the suit of:

DORA NAKIMBERIAN                       In the amount of:
302 JENKINS QUARTERS CUTOFF RD         Principal:    3500.00
                                       Atty. Fee:
SHUQUALAK MS   39361                   Court Fee:      74.00
662/361-0659                                          3574.00

and have there this writ.

                     NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of      May      , 2020

                                    _____
                                         JUSTICE COURT CLERK

                              BY:_____, D.C.
*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_ Personally  Christina Shepperd  ____Member of Family (over age 16)_____

____Not Found      ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER      6-5-20  DATE

*FILED JUN 03 2020 CHERYL HURN JUSTICE COURT CLERK BY*



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**NAKIMBERIAN DORA**                                          PLAINTIFF

                                             FILE
                                             5-29-20
Vs.                                          DS                NO.: *1002-280*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                          DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
Name: <u>NAKIMBERIAN DORA</u>
Street: <u>302 JENKINS QRT CUTOFF RD.</u>
City & Zip Code: <u>SHUQUALAK, MS 39361</u>
Telephone No.: <u>662.361.0659 OR 662.329.4920</u>

    2.    The Defendant's name, address, and telephone number are:
Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
<u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
City & Zip Code: <u>MADISON, MS 39110</u>
Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Edmonds, Betty

========================================================================
STATE OF MISSISSIPPI                        NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:   EQUIFAX INC, BY/THRU REGISTERED
                                       AGENT-PRENTICE HALL CORP. SYSTEM
                                       7716 OLD CANTON RD, SUITE C
                                       MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of   July   , 2020 at 09 00  a.m. to

answer to the suit of:

EDMONDS BETTY                        In the amount of:
414 MARION MOORE RD                  Principal:    3500.00
                                     Atty. Fee:
BROOKSVILLE  MS  39739               Court Fee:     74.00
662/251-5264                         $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 30th  day of    April    , 2020

                                JUSTICE COURT CLERK

                      BY: _____, 

*****************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X Personally   ____ Member of Family (over age 16) _____

____ Not Found    ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER        5-27-20 DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

BETTY EDMONDS  PLAINTIFF

Vs.

NO.: 1002-256

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                    DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
        Name: BETTY EDMONDS
        Street: 414 MARION MOORE ROAD
        City & Zip Code: BROOKSVILLE, MS 39739
        Telephone No.: 662.251.5264

    2.    The Defendant's name, address, and telephone number are:
        Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
        PRENTICE-HALL CORPORATION SYSTEM, INC.
        Street: 7716 OLD CANTON ROAD, SUITE C
        City & Zip Code: MADISON, MS 39110
        Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Elston, Otha

============================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th   of   August    , 2020  at 09 30  a.m. to

answer to the suit of:

ELSTON OTHA                          In the amount of:
90 HOWARD HILL ROAD                  Principal:    3500.00
                                     Atty. Fee:
MACON  MS  39341                     Court Fee:       74.00
662/549-2359
                                     $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th  day of      June     , 2020

                                JUSTICE COURT CLERK    (SEAL)

                        BY: _____,

*********************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_Personally   ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER     7-1-20  DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**OTHA ELSTON**                                            PLAINTIFF

FILE
6-19-20

Vs.                                                       NO.: *1002-326*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                              DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: OTHA ELSTON
    Street: 90 HOWARD HILL ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.549.2359

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it
    from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Ervin, Mary

STATE OF MISSISSIPPI                               NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th   of   August    , 2020  at 09 30  a.m. to

answer to the suit of:

ERVIN MARY                             In the amount of:
P.O. BOX 97                            Principal:    3500.00
                                       Atty. Fee:
BROOKSVILLE   MS   39739               Court Fee:        74.00
662/708-1871                                          $ 3574.00

and have there this writ.

                          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th  day of      June

                                          _____
                                          JUSTICE COURT CLERK      (SEAL)

                          BY: _____

*************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
X   Christina Shepperd
____Personally  ____Member of Family (over age 16) _____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER        7-1-20      DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**MARY ERVIN**                                                                PLAINTIFF

**FILE**
Vs.                                                                          NO.: 1002-327
~~10-19-20~~
DB

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                    DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
        Name: MARY ERVIN
        Street: P.O. BOX 97
        City & Zip Code: BROOKSVILLE, MS 39739
        Telephone No.: 662.708.1871

    2.    The Defendant's name, address, and telephone number are:
        Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
        PRENTICE-HALL CORPORATION SYSTEM, INC.
        Street: 7716 OLD CANTON ROAD, SUITE C
        City & Zip Code: MADISON, MS 39110
        Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____
ATTORNEY FOR PLAINTIFF

# Florida, Lucille

===================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th  of  August   , 2020  at 09 30  a.m. to

answer to the suit of:

FLORIDA LUCILLE                       In the amount of:
72 THIRD STREET                       Principal:    3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:        74.00
662/574-6039                                        $ 3574.00

and have there this writ.
                     NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th  day of      June      2020

                        _Deaun Sanders_
                         JUSTICE COURT CLERK

                     BY: _____

********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
    _Charistona Sheppard_
    _X_Personally  ___Member of Family (over age 16) _____

    ___Not Found    ___Certified Mail Delivery

    ___Posted on door of his/her Residence

    _Mike Brown_____ OFFICER    _7-1-20_ DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**LUCILLE FLORIDA**                    PLAINTIFF

FILE
6-19-20
DS

Vs.                                              NO.: *1002-320*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: LUCILLE FLORIDA
    Street: 72 THIRD ST.
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.574.6039

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it
    from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

_____

ATTORNEY FOR PLAINTIFF

# Foote, Ida

======================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                       AGENT-PRENTICE HALL CORP. SYSTEM
                                       7716 OLD CANTON ROAD, SUITE C
                                       MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th    of    August    , 2020  at 09 30  a.m. to

answer to the suit of:

FOOTE IDA                          In the amount of:
114 BROWN RICHARDSON RD            Principal:     3500.00
                                   Atty. Fee:
MACON  MS  39341                   Court Fee:        74.00
662/352-9913                                      $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 26th  day of       June

                                    _____
                                        JUSTICE COURT CLERK    (SEAL)

                          BY: _____  D.C.

******************************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)

____ Christine Sheppard
____ Personally    ____ Member of Family (over age 16) _____

____ Not Found     ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____  OFFICER          7-1-20   DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**IDA FOOTE**                                            PLAINTIFF

FILE
10-19-20
DS

Vs.                                                      NO.: *1002-321*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                            DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: IDA FOOTE
      Street: 114 BROWN RICHARDSON RD.
      City & Zip Code: MACON, MS 39341
      Telephone No.: 662.352.9913 OR 662.726.5290

2.    The Defendant's name, address, and telephone number are:
      Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
      PRENTICE-HALL CORPORATION SYSTEM, INC.
      Street: 7716 OLD CANTON ROAD, SUITE C
      City & Zip Code: MADISON, MS 39110
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.


_____

ATTORNEY FOR PLAINTIFF

# Foote, Julia

============================================================
STATE OF MISSISSIPPI                           NOXUBEE COUNTY
============================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                    AGENT-PRENTICE HALL CORP. SYSTEM
                                    7716 OLD CANTON ROAD, SUITE C
                                    MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th  of  August  , 2020 at 09 30 a.m. to

answer to the suit of:

FOOTE JULIA                      In the amount of:
161 FLATWOOD ROAD                Principal:    3500.00
                                 Atty. Fee:
MACON  MS  39341                 Court Fee:    74.00
662/726-5290                     $3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 26th  day of  June

_____
JUSTICE COURT CLERK

BY: _____

*************************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
  Christina Sheppard
___Personally  ___Member of Family (over age 16) _____

___Not Found   ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER    7-1-2020 DATE

COPY

**IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI**

<u>JULIA FOOTE</u>                                                        PLAINTIFF

Vs.                                                                            NO.: *1002-324*

FILE
*6-19-20*
DS

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                              DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>JULIA FOOTE</u>
    Street: <u>161 FLATWOOD RD.</u>
    City & Zip Code: <u>MACON, MS  39341</u>
    Telephone No.: <u>662.726.5290</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC</u>.
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>
<u>from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.   theft of their personal and financial information;
2.   unauthorized charges on their debit and credit card accounts;
3.   the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.   the untimely and inadequate notification of the Data Breach;
5.   the improper disclosure of their personal data;
6.   loss of privacy;
7.   ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8.   ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Foote, Mollie

==============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY
==============================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th   of    August    , 2020  at 09 30  a.m.  to

answer to the suit of:

FOOTE MOLLIE                           In the amount of:
114 BROWN RICHARDSON RD                Principal:    3500.00
                                       Atty. Fee:
MACON  MS  39341                       Court Fee:         74.00
662/726-5290                                          # 3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th  day of     June    , 2020

                            _Deann Sanders_
                            JUSTICE COURT CLERK

                        BY: _____ ,

****************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
  X            Christina Shepard
__X_Personally   __Member of Family (over age 16)_____

____Not Found     ____Certified Mail Delivery

____Posted on door of his/her Residence

___Mike Brown___OFFICER      7-1-20  DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**MOLLIE FOOTE**                                                          PLAINTIFF

FILE
6-19-20
DS

Vs.                                                                      NO.: *1002-323*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                           DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: MOLLIE FOOTE
     Street: 114 BROWN RICHARDSON RD.
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.726.5290

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

 

 

_____

ATTORNEY FOR PLAINTIFF

# Forte, Lillie

===========================================================================
STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP. SYSTEM
                                      7716 OLD CANTON ROAD, SUITE C
                                      MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th   of   August   , 2020  at 09 30  a.m. to

answer to the suit of:

FORTE LILLIE                          In the amount of:
116 COCKRELL QUARTERS RD              Principal:     3500.00
                                      Atty. Fee:
BROOKSVILLE  MS  39739                Court Fee:       74.00
662/361-1330                              $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 26th  day of        June          2020

                           _Deanna Sanders_
                           JUSTICE COURT CLERK

                  BY:_____

***************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X  Christina Sheppard
_X_Personally    _√_Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Brown_____ OFFICER    _7-1-20_ DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LILLIE FORTE                                                    PLAINTIFF

Vs.                                                    NO.: 1002-322

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                          DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: LILLIE FORTE
      Street: 116 COCKRELL QTRS. RD.
      City & Zip Code: BROOKSVILLE, MS 39739
      Telephone No.: 662.361.1330, 662.328.1685, OR 662.738.5284

2.    The Defendant's name, address, and telephone number are:
      Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
      PRENTICE-HALL CORPORATION SYSTEM, INC.
      Street: 7716 OLD CANTON ROAD, SUITE C
      City & Zip Code: MADISON, MS 39110
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

_____

ATTORNEY FOR PLAINTIFF

# Frierson, Anthony

====================================================================
STATE OF MISSISSIPPI                                  NOXUBEE COUNTY
====================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP. SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th   of   August   , 2020   at 09 30   a.m. to

answer to the suit of:

FRIERSON ANTHONY                      In the amount of:
161 FLATWOOD ROAD                     Principal:   3500.00
                                      Atty. Fee:
MACON   MS   39341                    Court Fee:          74.00
662/361-1209                                     $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th   day of       June

                                          JUSTICE COURT CLERK   (SEAL)

                    BY: _____   D.C.

**************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
_X_Personally   ___Member of Family (over age 16) _____

____Not Found   ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER      7-1-80 DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ANTHONY FRIERSON**                                    PLAINTIFF

Vs.                                                    NO.: *1002 -325*

FILE
*6-19-20*
*AS*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                           DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: ANOTHONY FRIERSON
    Street: 161 FLATWOOD RD.
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.361.1209

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.  Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it
    from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Gilkey, Annette

=================================================================
STATE OF MISSISSIPPI                                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July   , 2020  at 09 30  a.m. to

answer to the suit of:

GILKEY ANNETTE                         In the amount of:
19 GROVE CIRCLE                        Principal:    3500.00
                                       Atty. Fee:
MACON  MS  39341                       Court Fee:      74.00
769/251-9203                                         3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of     May    , 2020

                              *Deanna Sanders*
                              JUSTICE COURT CLERK   (SEAL)

                BY:_____,

FILED
JUN 03 2020
CHERYL HOWIX JUSTICE COURT CLERK
BY_____ D.C.

*****************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
X *Christina Sheppard*
___X___Personally  _____Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

____*Mike Rue*_____ OFFICER     6-5-20    DATE

COPY

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ANNETTE GILKEY**                                         PLAINTIFF


FILE
5-29-20
DS

Vs.                                                        NO.: *1002-282*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                               DEFENDANT

   1.     The Plaintiff's name, address, and telephone number are:
          Name: ANNETTE GILKEY
          Street: 19 GROVE CIRCLE
          City & Zip Code: MACON, MS 39341
          Telephone No.: 769.251.9203 OR 662.726.2514

   2.     The Defendant's name, address, and telephone number are:
          Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
          PRENTICE-HALL CORPORATION SYSTEM, INC.
          Street: 7716 OLD CANTON ROAD, SUITE C
          City & Zip Code: MADISON, MS 39110
          Telephone No.: _____

   3.     The defendant's place of business and address are (if known):
          Place of Business: _____
          Street: _____
          City: _____
          State: _____

   4.     The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

   5.     The basis for plaintiff's claim against the defendant(s) (Here state why
          you claim the defendant or defendants owe you money).
          Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Gilkey, Antonio

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

                          *Madison*

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ COUNTY

    You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                         AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of    July    , 2020  at 09 30  a.m. to

answer to the suit of:

GILKEY ANTONIO                      In the amount of:
757 SANDYLAND ROAD                  Principal:    3500.00
                                    Atty. Fee:
MACON  MS  39341                    Court Fee:      74.00
662/726-9781                                      # 3574.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of     May     , 20

                                    _Dearra Sanders_
                                    JUSTICE COURT CLERK

                        BY:_____,

*FILED JUN 03 2020 CHERYL HUNT JUSTICE COURT CLERK BY_____ D.C.*

************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
  _Christina Sheppard_
 X_Personally  _____Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

_Mike Brown_____OFFICER        6-5-20      DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ANTONIO GILKEY**                                                        PLAINTIFF



FILE
5-29-20
AS

Vs.                                                              NO.: *1002 -285*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                          DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
    Name: <u>ANTONIO GILKEY</u>
    Street: <u>757 SANDYLAND ROAD</u>
    City & Zip Code: <u>MACON, MS 39341</u>
    Telephone No.: <u>662.726.9781 OR 662.570.8964</u>

    2.    The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.   theft of their personal and financial information;
2.   unauthorized charges on their debit and credit card accounts;
3.   the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.   the untimely and inadequate notification of the Data Breach;
5.   the improper disclosure of their personal data;
6.   loss of privacy;
7.   ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

_____

ATTORNEY FOR PLAINTIFF

# Gilkey, Travis

=====================================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

                                    Madison
TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ COUNTY

   You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                       AGENT-PRENTICE HALL CORP. SYSTEM
                                       7716 OLD CANTON ROAD, SUITE C
                                       MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July    , 2020 at 09 30  a.m. to

answer to the suit of:

GILKEY TRAVIS                         In the amount of:
757 SANDYLAND ROAD                    Principal:    3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:      74.00
662/726-9781                                        #3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 29th  day of     May     , 2020

                              _Deassa Aarden_
                              JUSTICE COURT CLERK

                         BY: _____, D.

FILED
JUN 03 2020
CHERYL HURT, JUSTICE COURT CLERK
BY

*******************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
                Christina Sheppard
  X Personally  ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Brown_____ OFFICER        6-5-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**TRAVIS GILKEY**                                      PLAINTIFF

**FILE**
5-29-20
&s

Vs.                                                   NO.: *1002-286*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                          DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>TRAVIS GILKEY</u>
    Street: <u>757 SANDYLAND ROAD</u>
    City & Zip Code: <u>MACON, MS 39341</u>
    Telephone No.: <u>662.726.9781 OR 662.570.8964</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
    <u>limited to my social security number, address and phone number.  Equifax had a duty</u>
    <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Glenn, Irene

====================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY

                                    Madison
TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of    July   , 2020  at 09 30  a.m. to

answer to the suit of:

GLENN IRENE                     In the amount of:
614 GLENN ROAD                  Principal:   3500.00
                                Atty. Fee:
BROOKSVILLE  MS · 39739         Court Fee:  ~~74~~.00
662/251-8354                                $ 3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of    May    , 20

_Deana Sanders_
                        JUSTICE COURT CLERK

                 BY: _____,
****************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
_X_ Personally  _Christina Sheppard_ Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_André Bue_____ OFFICER      _6-5-20_ DATE

COPY

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**IRENE GLENN**                                                PLAINTIFF


FILE
5-29-20
DS

Vs.                                                     NO.: *1002-287*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                            DEFENDANT

    1.     The Plaintiff's name, address, and telephone number are:
Name: <u>IRENE GLENN</u>
Street: <u>614 GLENN ROAD</u>
City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
Telephone No.: <u>662.251.8354 OR 662.738.4879</u>

    2.     The Defendant's name, address, and telephone number are:
Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
<u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
City & Zip Code: <u>MADISON, MS 39110</u>
Telephone No.: _____

    3.     The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

    4.     The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.     The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Goodwin, John

STATE OF MISSISSIPPI                               NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON ROAD, SUITE C
                                     MADISON MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of    July   , 2020 at 09 30  a.m. to

answer to the suit of:

GOODWIN JOHN                         In the amount of:
P.O. BOX 1147                        Principal:    3500.00
                                     Atty. Fee:
MACON MS  39341                      Court Fee:        24.00
662/361-2411                                       # 3574.00

and have there this writ.
                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

FILED
JUN 03 2020
CHERYL HURN, JUSTICE COURT CLERK
BY_____ D.C.

     Witness my hand, this the 29th  day of    May     , 2020.

                         _____
                         JUSTICE COURT CLERK  (SEAL)
                    BY: _____,

*************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X Personally    Christina Sheppard  ___Member of Family (over age 16)_____

___Not Found    ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER     6-5-20  DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**JOHN GOODWIN**                                                    PLAINTIFF

**FILE**
5-29-20

Vs.                                                          NO.: *1002-284*

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**                          DEFENDANT

1.     The Plaintiff's name, address, and telephone number are:
       Name: <u>JOHN GOODWIN</u>
       Street: <u>P.O. BOX 1147</u>
       City & Zip Code: <u>MACON, MS 39341</u>
       Telephone No.: <u>662.361.2411</u>

2.     The Defendant's name, address, and telephone number are:
       Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
       <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
       Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
       City & Zip Code: <u>MADISON, MS 39110</u>
       Telephone No.: _____

3.     The defendant's place of business and address are (if known):
       Place of Business: _____
       Street: _____
       City: _____
       State: _____

4.     The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.     The basis for plaintiff's claim against the defendant(s) (Here state why
       you claim the defendant or defendants owe you money).
       <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Goodwin, Laterris

=================================================================
STATE OF MISSISSIPPI                                      NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                                AGENT-PRENTICE HALL CORP. SYSTEM
                                                7716 OLD CANTON RD, SUITE C
                                                MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of    July    , 2020 at 09 00 a.m. to

answer to the suit of:

GOODWIN LATERRIS                          In the amount of:
P.O. BOX 1147                             Principal:    3500.00
                                          Atty. Fee:
MACON  MS  39341                          Court Fee:        74.00
662/361-5371                                            $3574.00

and have there this writ.

<div align="center">NOTICE TO THE DEFENDANT</div>

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 30th  day of     April

                        _____
                        JUSTICE COURT CLERK
                 BY: _____
                                     D.C.

*(FILED MAY 18 2020 CHERYL HUNT COURT CLERK BY _____ D.C. — stamp)*

****************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
_X_ Personally _Christina Shepperd_ __ Member of Family (over age 16) _____

____Not Found     ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER     5-27-20 DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LATERRIS GOODWIN                                               PLAINTIFF



Vs.                                                    NO.: *1002-257*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                               DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: LETERRIS GOODWIN
     Street: P.O. BOX 1147
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.361.5371

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTØRNEY FOR PLAINTIFF

# Halbert, Corey

========================================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC. BY/THRU REGISTERED
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON ROAD, SUITE C
                                     MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of   August   , 2020  at 09 30  a.m. to

answer to the suit of **FILED**

HALBERT COREY         **JUL 20 2020**    In the amount of:
102 JENSON STREET                        Principal:      3500.00
                      CHERYL HUNT JUSTICE COURT CLERK
                                         Atty. Fee:
MACON, MS 39341       BY_____CCODE    Court Fee:        29.00
520-429-5777                                           $3,529.00

and have there this writ.

                  NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of     July     , 2020

                           _____
                           JUSTICE COURT CLERK    (SEAL)

                           BY: _Naketta Bland_, D.C.

**********************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_ Christina Shepard
___Personally    ___Member of Family (over age 16)_____

___Not Found     ___Certified Mail Delivery

___Posted on door of his/her Residence

_____Mike Brown_____OFFICER    _7-27-20_ DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**COREY HALBERT**                                    PLAINTIFF

Vs.

FILE
7/16/2020  NTB

NO.: 1002-339

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                        DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>COREY HALBERT</u>
     Street: <u>102 JENSON ST.</u>
     City & Zip Code: <u>MACON, MS 39341</u>
     Telephone No.: <u>520.429.5777 OR 662.361.5777</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>
<u>from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9.  ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Hall, Shonreka

================================================================================

STATE OF MISSISSIPPI                                  NOXUBEE COUNTY

================================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC - BY/THRU REGISTERED
                                              AGENT-PRENTICE HALL CORP. SYSTEM
                                              7716 OLD CANTON ROAD, SUITE C
                                              MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 8th of June , 2020 at 09 00 a.m. to

answer to the suit of:

**FILED**
**APR 24 2020**
CHERYL HUNT, JUSTICE COURT CLERK
BY_____ DC

HALL SHONREKA                                in the amount of:
P.O. BOX 401                                   Principal:    3500.00

SHUQUALAK MS 39366                    Atty. Fee:
662/708-0748                                Court Fee:    74.00

                                                      # 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 20th day of April ,

_____
                JUSTICE COURT CLERK

                BY: _____

****************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_ Christopm Sheppard
___Personally    ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER    5-7-2020 DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

SHONREKA HALL                                                      PLAINTIFF

Vs.                                    FILE                    NO.: 1002-245
                                       4-14-20
                                          DO

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: SHONREKA HALL
     Street: P.O. BOX 401
     City & Zip Code: SHUQUALAK, MS 39361
     Telephone No.: 662.708.0748

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Hampton, Shaquita

==================================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQUIFAX INC. BY/THRU REGISTERED
AGENT-PRENTICE HALL CORP. SYSTEM
7716 OLD CANTO ROAD, SUITE C
MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county
courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,
Macon Mississippi, on the 11th   of   August    , 2020  at 09 30  a.m. to
answer to the suit

FILED

JUL 20 2020

CHERYL HUNT JUSTICE COURT CLERK

BY _____ CCDC D.C.

HAMPTON SHAQUITA
P.O. BOX 109

BROOKSVILLE, MS 39739
662-361-7093

and have there this writ.

In the amount of:
Principal:    3500.00
Atty. Fee:
Court Fee:    29.00

$3,529.00

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very
important that you appear in court on the above date and time in which
you have been summoned.  If you agree that you owe this amount to the
Plaintiff, then you do not have to appear.  A judgment by default will be
given to the Plaintiff for the amount shown plus court costs, and the
Plaintiff will have authority to garnish your wages or seek other means in
order to collect this amount.  If you disagree with this lawsuit, please
appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of    July     , 2020

                    JUSTICE COURT CLERK

                    BY: _Naketta Bland_, D.C.

****************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
X _Christina Sheppard_
_X_Personally   ____Member of Family (over age 16)_____

____Not Found   ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER   7-01-20 DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**SHAQUITA HAMPTON**                                                 PLAINTIFF

FILE
7/16/2020  NTB

Vs.                                                                  NO.: *1002-341*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                      DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>SHAQUITA HAMPTON</u>
     Street: <u>P.O. BOX 109</u>
     City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
     Telephone No.: <u>662.361.7093</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC</u>.
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>
<u>from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Hawkins, Eugene

========================================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC BY & THRU REGISTERED
                                  AGENT-PRENTICE HALL CORP. SYSTEM
                                  7716 OLD CANTON ROAD, SUITE C
                                  MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of    April   , 2020  at 09 00  a.m. to

answer to the suit of  F I L E D

HAWKINS EUGENE T          APR 15 2020      In the amount of:
P.O. BOX 183                              Principal:    3500.00
                     CHERYL HUNT JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                          Court Fee:    24.00
662/361-0941         BY                   $3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the  6th  day of    April    , 2020

                            JUSTICE COURT CLERK

                      BY: _____ ,

***********************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

__X__Personally  ____Member of Family (over age 16) _____

____Not Found  ____Certified Mail Delivery  Danny Perry CSC

____Posted on door of his/her Residence

_____ OFFICER        4-16-20  DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI



**EUGENE T. HAWKINS**                                    PLAINTIFF

Vs.                                                      NO.: 1002-220

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                            DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: <u>EUGENE T. HAWKINS</u>
      Street: <u>P.O. BOX 183</u>
      City & Zip Code: <u>MACON, MS 39341</u>
      Telephone No.: <u>662.361.0941 or 662.726.2163</u>

2.    The Defendant's name, address, and telephone number are:
      Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
      <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
      Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
      City & Zip Code: <u>MADISON, MS 39110</u>
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      <u>Equifax was negligent in failing to protect my personal data including but not</u>
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____
ATTORNEY FOR PLAINTIFF

# Henley, Betty

==============================================================================

STATE OF MISSISSIPPI                                        NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:   EQUIFAX INC, BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th  of  August   , 2020  at 09 30  a.m. to

answer to the suit of:

HENLEY BETTY                           In the amount of:
861 HALL ROAD                          Principal:    3500.00
                                       Atty. Fee:
MACON  MS  39341                       Court Fee:       74.00
662/726-2113                                         $3574.00

and have there this writ.
                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 26th  day of     June      2020

                              _Deanna Sanders_
                              JUSTICE COURT CLERK          (SEAL)

                            BY:_____

**********************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
X_Christina Sheppard_Personally  ____Member of Family (over age 16)_____

____Not Found     ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Brown_____ OFFICER     7-1-2020 DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**BETTY HENLEY**                                                                PLAINTIFF

FILE
6-19-20
DS

· Vs.                                                                NO.: *1002-318*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                    DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: BETTY HENLEY
     Street: 861 HALL ROAD
     City & Zip Code: MACON, MS  39341
     Telephone No.: 662.726.2113,662.361.5019 OR 662.726.2113

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

   Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

   The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Hibbler, Tony

========================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:     EQUIFAX INC, BY/THRU REGISTERED
                                   AGENT-PRENTICE HALL CORP. SYSTEM
                                   7716 OLD CANTON RD, SUITE C
                                 MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

HIBBLER TONY                          In the amount of:
P.O. BOX 385                          Principal:    3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:       74.00
662/242-4472
                                      $ 3574.00

and have there this writ.

### NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the 30th  day of  April        2020.

                 _Deana Sanders_
                 JUSTICE COURT CLERK      (SEAL)
           BY: _____

(FILED MAY 4 2020 NOXUBEE JUSTICE COURT CLERK BY D.C.)

************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X__Personally   ___Member of Family (over age 16)_____
   (Christina Shepard)

___Not Found    ___Certified Mail Delivery

___Posted on door of his/her Residence

_____ OFFICER      5-27-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**TONY HIBBLER**                                                                          PLAINTIFF


4-30-20
DS

Vs.                                                                          NO.: *1002-262*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: <u>TONY HIBBLER</u>
      Street: <u>P.O.BOX 385</u>
      City & Zip Code: <u>MACON, MS 39341</u>
      Telephone No.: <u>662.242.4472 OR 662.726.5094</u>

2.    The Defendant's name, address, and telephone number are:
      Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
      <u>PRENTICE-HALL CORPORATION SYSTEM, INC</u>.
      Street: <u>7716 OLD CANTON ROAD, SUITE C               </u>
      City & Zip Code: <u>MADISON, MS 39110</u>
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

   Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

   The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Hill, Brenda

```
================================================================
```

STATE OF MISSISSIPPI | NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC. BY/THRU REGISTERED
AGENT-PRENTICE HALL CORP. SYSTEM
7716 OLD CANTON ROAD, SUITE C
MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of   August   , 2020  at 09 30  a.m. to

answer to the suit of   **FILED**

HILL BRENDA
1246 MAHORNERS ROAD        JUL 20 2020   the amount of:
                                            Principal:    3500.00
                                    CERTIFIED COURT CLERK CCOCTY. Fee:
SHUAUALAK, MS 39361    CHERYL H.           Court Fee:      29.00
662-574-4962        BY_____      $3529.00

and have there this writ.

                     NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of    July    , 2020

                              _____

                         JUSTICE COURT CLERK
                      BY: *Charetta Bland*  , D.C.

```
***************************************************************
```
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
_X_ Personally  _____ Member of Family (over age 16)_____
    *Christina Chapatel*

_____ Not Found  _____ Certified Mail Delivery

_____ Posted on door of his/her Residence

*Mike Brown*  OFFICER    7-27-20  DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**BRENDA HILL**                                                              PLAINTIFF

Vs.                                                                          NO.: *100 2 - 340*

FILE
7/16/2020  NTB

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**                                      DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>BRENDA HILL</u>
    Street: <u>1246 MAHORNERS ROAD</u>
    City & Zip Code: <u>SHUQUALAK, MS 39361</u>
    Telephone No.: <u>662.574.4962 OR 662.574.5177</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.   Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it
    from unauthorized access by third parties and to stop data breaches by taking</u>

reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;

2.  unauthorized charges on their debit and credit card accounts;

3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4.  the untimely and inadequate notification of the Data Breach;

5.  the improper disclosure of their personal data;

6.  loss of privacy;

7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8.  ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Holman, Gary

=================================================================
STATE OF MISSISSIPPI                          NOXUBEE COUNTY
=================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                                  AGENT-PRENTICE HALL CORP. SYSTEM
                                                  7716 OLD CANTON ROAD, SUITE C
                                                  MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 25th  of  August   , 2020  at 09 30  a.m. to

answer to the suit of:

HOLMAN GARY                          In the amount of:
187 EAST STREET                      Principal:   3500.00
                                     Atty. Fee:
MACON  MS  39341                     Court Fee:      74.00
662/574-9935                                      $ 3574.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 26th  day of     June      , 2020

                _Deann Sanders_____
                  JUSTICE COURT CLERK      (SEAL)

               BY: _____

************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
X  _Christina Sheppard_ ___Member of Family (over age 16)_____
    Personally

_____Not Found     ____Certified Mail Delivery

_____Posted on door of his/her Residence

___Nate Brown_____ OFFICER     7-1-2020 _DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**GARY HOLMAN**                                      PLAINTIFF

FILE
6-19-20
DS

Vs.                                                   NO.: *1002-319*

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**                    DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: GARY HOLMAN
    Street: 187 EAST STREET
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.574.9935 OR 662.241.6582 OR 662.708.1613

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it
from unauthorized access by third parties and to stop data breaches by taking

reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;
8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____
ATTORNEY FOR PLAINTIFF

# Ivy, Jackie

```
=============================================================================
```

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC - BY/THRU REGISTERED
                                           AGENT-PRENTICE HALL CORP. SYSTEM
                                           7716 OLD CANTON ROAD, SUITE C
                                           MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county
courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,
Macon Mississippi, on the 9th of     June    , 2020 at 09 00 a.m. to
answer to the suit of:  FILED

IVY JACKIE                    APR 24 2020        In the amount of:
4574 PINEYWOOD ROAD                             Principal:   3500.00
                          CHERYL HUNT JUSTICE COURT CLERK   Atty. Fee:
MACON  MS  39341                          D.C.  Court Fee:      74.00
662/361-1463          BY                        # 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very
important that you appear in court on the above date and time in which
you have been summoned.  If you agree that you owe this amount to the
Plaintiff, then you do not have to appear.  A judgment by default will be
given to the Plaintiff for the amount shown plus court costs, and the
Plaintiff will have authority to garnish your wages or seek other means in
order to collect this amount.  If you disagree with this lawsuit, please
appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 20th day of    April    2020.

                             JUSTICE COURT CLERK                    (SEAL)

                        BY:

```
*************************************************************************
```

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
    ____ Personally   ____ Member of Family (over age 16) _____

____ Not Found    ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER          5-1-2020  DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

JACKIE IVY                                                                    PLAINTIFF



Vs.                                                                    NO.: 1002-244

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                              DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: JACKIE IVY
     Street: 4574 PINEYWOOD ROAD
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.361.1463

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Jamison, Dannette

==================================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:     EQUIFAX INC, BY/THROUGH REGISTER
                                     AGENT THE PRENICE-HALL CORP SYS
                                     7716 OLD CANTON RD, SUITE C
                                     MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of    April   , 2020 at 09 30  a.m. to

answer to the suit of:

**FILED**

JAMISON DANNETTE                         In the amount of:
2687 STEVENSON ROAD      MAR 24 2020     Principal:    3500.00
                                         Atty. Fee:
MACON  MS  39341      CHERYL HORN JUSTICE COURT CLERK  Court Fee:    74.00
662/788-5027                             D.C.
                         BY                            3574.00
and have there this writ.
                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 11th  day of     March

                         _____
                              JUSTICE COURT CLERK    (SEAL)

                         BY: _____  D.C.

*****************************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)

____Personally    ____Member of Family (over age 16) _____

____Not Found     ____Certified Mail Delivery    Danny Perry CSC

____Posted on door of his/her Residence

_____ OFFICER        3-30-20   DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**DANNETTE JAMISON**  PLAINTIFF

Vs.

NO.: 1002-203

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                   DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: DANNETTE JAMISON
     Street: 2687 STEVENSON ROAD
     City & Zip Code: BROOKSVILLE, MS 39739
     Telephone No.: 662.788.5027

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;

2. unauthorized charges on their debit and credit card accounts;

3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4. the untimely and inadequate notification of the Data Breach;

5. the improper disclosure of their personal data;

6. loss of privacy;

7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature: _____

ATTORNEY FOR PLAINTIFF

# Jones, Debbie

=============================================================

STATE OF MISSISSIPPI                        NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
    AGENT-PRENTICE HALL CORP. SYSTEM
    7716 OLD CANTON RD, SUITE C
    MADISON MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th    of    July    , 2020  at 09 00  a.m. to

answer to the suit of:

JONES DEBBIE                          In the amount of:
P.O. BOX 704                          Principal:    3500.00
                                      Atty. Fee:
MACON  MS  39341                      Court Fee:      74.00
662/425-0361                          $ 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time on which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 30th   day of    April    2020

_____
JUSTICE COURT CLERK            (SEAL)

BY: _____

*************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

__X__ Personally    __✓__ Member of Family (over age 16) _____

_____ Not Found     _____ Certified Mail Delivery

_____ Posted on door of his/her Residence

_____ OFFICER    5-22-20 DATE



**IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI**

<u>DEBBIE JONES</u>                           PLAINTIFF

Vs.                                          NO.: 1002-259

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                      DEFENDANT

1. The Plaintiff's name, address, and telephone number are:
   Name: <u>DEBBIE JONES</u>
   Street: <u>P.O.BOX  704</u>
   City & Zip Code: <u>MACON, MS 39341</u>
   Telephone No.: <u>662.425.0361 OR 662.361.1553</u>

2. The Defendant's name, address, and telephone number are:
   Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
   <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
   Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
   City & Zip Code: <u>MADISON, MS 39110</u>
   Telephone No.: _____

3. The defendant's place of business and address are (if known):
   Place of Business: _____
   Street: _____
   City: _____
   State: _____

4. The defendant(s) owes damages to the Plaintiff in the amount of $3500.00 plus costs.

5. The basis for plaintiff's claim against the defendant(s) (Here state why you claim the defendant or defendants owe you money).
   <u>Equifax was negligent in failing to protect my personal data including but not</u>
   <u>limited to my social security number, address and phone number.   Equifax had a duty</u>
   <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# King, Pamela

===============================================================================
STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC - BY/THRU REGISTERED
                                         AGENT-PRENTICE HALL CORP. SYSTEM
                                       7716 OLD CANTON ROAD, SUITE C
                                       MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the  9th     of    June    , 2020  at 09 00  a.m. to

answer to the suit of:    **F I L E D**

KING PAMELA                    APR 24 2020        In the amount of:
214 HALE STREET                                   Principal:    3500.00
P.O. BOX 381          CHERYL HOWARD JUSTICE COURT CLERK    Atty. Fee:
MACON  MS  39341     BY_____D.C.    Court Fee:    74.00
662/726-2757                                      # 3574.00

and have there this writ.
                          NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 20th  day of    April

                    _____
                         JUSTICE COURT CLERK

                    BY:_____
*********************************************************************
OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
  _Christian Sheppard_
_X_Personally  ____Member of Family (over age 16)_____

____Not Found  ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER    5-7-2020  DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

PAMELA KING  PLAINTIFF

FILE
4-14-20

Vs. NO.: 1002-243

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                    DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: PAMELA KING
     Street: 214 HALE STREET P.O. BOX 381
     City & Zip Code: MACON, MS 39341
     Telephone No.: 662.726.2757

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# King, Stephen

==============================================================
STATE OF MISSISSIPPI                         NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                         AGENT-PRENTICE HALL CORP. SYSTEM
                                         7716 OLD CANTON RD, SUITE C
                                         MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

KING STEPHANIE                      In the amount of:
165 FOURTH STREET                   Principal:    3500.00
                                    Atty. Fee:
MACON  MS  39341                    Court Fee:       74.00
662/889-5306                                      $3574.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 30th  day of     April      2020

                                    _____
                                    JUSTICE COURT CLERK      (SEAL)

                              BY: _____

**FILED**

**MAY 14 2020**

CHERYL HORN, JUSTICE COURT CLERK

BY_____

*********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
Christina Shepard
__ Personally  ____ Member of Family (over age 16) _____

____ Not Found    ____ Certified Mail Delivery

____ Posted on door of his/her Residence

_____ OFFICER    5-27-2000   DATE

COPY

**IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI**

<u>STEPHANIE KING</u>                    PLAINTIFF

FILE
4-30-20
DS

Vs.                                          NO.: *1002-261*

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>STEPHANIE KING</u>
     Street: <u>165 4TH STREET</u>
     City & Zip Code: <u>MACON, MS 39341</u>
     Telephone No.: <u>662.889.5306 OR 662.788.1477</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you cláim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Lockett, Brenda

=======================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

=======================================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

You are to summon the defendant:    EQUIFAX INC, BY/THROUGH REGISTER
                                     AGENT-PRENTICE HALL CORP. SYSTEM
                                     7716 OLD CANTON ROAD, SUITE C
                                     MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April    , 2020  at 09 00  a.m. to

answer to the suit of:

LOCKETT BRENDA                              in the amount of:
1579 GILLESPIE ROAD                         Principal:      3500.00
                                            Atty. Fee:
MACON  MS  39341                            Court Fee:       74.00
662/425-0839                                            # 3574.00

and have there this writ.

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

Witness my hand, this the 6th  day of    April    , 2020

                                JUSTICE COURT CLERK

                        BY:_____, D

*************************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)

__X__Personally    ____Member of Family (over age 16)_____

____Not Found      ____Certified Mail Delivery  Danny Perty CSC

____Posted on door of his/her Residence

_____OFFICER         4-16-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**BRENDA LOCKETT**                                        PLAINTIFF

Vs.                                                                      NO.: 1002-218

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
Name: <u>BRENDA LOCKETT</u>
Street: <u>1579 GILLESPIE ROAD</u>
City & Zip Code: <u>MACON, MS 39341</u>
Telephone No.: <u>662.425.0839 or 662.574.5319</u>

2.    The Defendant's name, address, and telephone number are:
Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
<u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
City & Zip Code: <u>MADISON, MS 39110</u>
Telephone No.: _____

3.    The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# McMillian, Gloria

=============================================================================

STATE OF MISSISSIPPI     |     NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQIFAX INC - BY/THRU REGISTERED
AGENT-PRENTICE HALL CORP. SYSTEM
7716 OLD CANTON ROAD, SUITE C
MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the   9th    of      June    , 2020   at 09 00   a.m. to

answer to the suit of:

**F I L E D**

MCMILLIAN GLORIA                    In the amount of:
1891 GILLESPIE ROAD    APR 24 2020    Principal:      3500.00
                                   Atty. Fee:
MACON   MS   39341    CHERYL HUNNE   JUSTICE COURT CLERK   Court Fee:    74.00
662/361-1358                     D.C.        ————
                                               *3574.00*
and have there this BY writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, etc. once.

    Witness my hand, this the 20th day of      April       2020

                                 JUSTICE COURT CLERK       (SEAL)

                               BY: _____ ,

*******************************************************************************

OFFICER'S RETURN:

    I have this day executed the within writ by serving the defendant(s)

    _Christian Sheppard_

X\_Personally    |\_Member of Family (over age 16)_____

\_\_\_\_Not Found     \_\_\_\_Certified Mail Delivery

\_\_\_\_Posted on door of his/her Residence

_____ OFFICER    5-7-2020 DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

GLORIA MCMILLIAN  PLAINTIFF

FILE
4-14-20
DS

Vs.                                              NO.: 1002-242

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                         DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: GLORIA MCMILLIAN
    Street: 1891 GILLESPIE ROAD
    City & Zip Code: MACON, MS 39341
    Telephone No.: 662.361.1358

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.  Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Metheny, Ashley

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                                AGENT-PRENTICE HALL CORP. SYSTEM
                                                7716 OLD CANTON RD, SUITE C
                                                MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th   of     July   , 2020 at 09 00  a.m. to

answer to the suit of:

METHENY ASHLEY                          In the amount of:
711 LAWERENCE ST                        Principal:    3500.00
                                        Atty. Fee:
MACON  MS  39341                        Court Fee:      74.00
662/418-2075                                          $3574.00

and have there this writ.

## NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 30th  day of     April        2020.

                                      _____
                                      JUSTICE COURT CLERK       (SEAL)

                              BY: _____

*FILED MAY 14 2020  JUSTICE COURT CLERK  CHERYL HU... D.C.  BY_____*

*************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
X Personally ___ Member of Family (over age 16) _____

____Not Found   ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER        5-22-20 DATE



**IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI**

**ASHLEY METHENY**  PLAINTIFF

FILE
4-30-20
DS

Vs.                                                          NO.: *1002-260*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                    DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: ASHLEY METHENY
      Street: 711 LAWERNCE ST.
      City & Zip Code: MACON, MS 39341
      Telephone No.: 662.418.2075

2.    The Defendant's name, address, and telephone number are:
      Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
      PRENTICE-HALL CORPORATION SYSTEM, INC.
      Street: 7716 OLD CANTON ROAD, SUITE C
      City & Zip Code: MADISON, MS 39110
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Price, Deantonia

==============================================================================

STATE OF MISSISSIPPI                                NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

   You are to summon the defendant:      EQUIFAX INC, BY/THRU REGISTERED
                                         AGENT-PRENTIS HALL CORP. SYSTEM
                                         7716 OLD CANTON ROAD, SUITE C
                                         MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th day of   April   , 2020  at 09 00  a.m. to

answer to the suit of:

PRICE DEANTONIA                          in the amount of:
105 KAYA DRIVE                           Principal:      3500.00
                                         Atty. Fee:
MACON  MS  39341                         Court Fee:        74.00
662/705-2326                                             3574.00

and have there this writ.

**F I L E D**

APR 15 2020

CHERYL ____, JUSTICE COURT CLERK

BY ____

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

   Witness my hand, this the  6th  day of    April    , 2020

                           _Deanna Sanders_
                           JUSTICE COURT CLERK

                           BY: _____

****************************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)

__X__Personally   ____Member of Family (over age 16) _____

____Not Found    ____Certified Mail Delivery  _Dawny Perry CSC_

____Posted on door of his/her Residence

_____ OFFICER    _4-16-20_ DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**DEANTONIA PRICE**                                                   PLAINTIFF



FILE
4-3-20
DS

Vs.                                                                      NO.: 1002-219

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                        DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
    Name: <u>DEANTONIA PRICE</u>
    Street: <u>105 KAYA DRIVE</u>
    City & Zip Code: <u>MACON, MS 39341</u>
    Telephone No.: <u>662.705.2326</u>

    2.    The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number. Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

Signature:_____

ATTORNEY FOR PLAINTIFF

# Prince, Kizzie

=============================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC BY & THRU REGISTERED
AGENT-PRENTICE HALL CORP. SYSTEM
7716 OLD CANTON ROAD, SUITE C
MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th of April , 2020 at 09 00 a.m. to

answer to the suit of:

    APR 15 2020

PRINCE KIZZIE                          In the amount of:
58 EAST PULASKI STREET CHERYL HUNT, CIRCUIT CLERK   Principal:   3500.00
                       BY                Atty. Fee:
MACON  MS  39341                         Court Fee:   74.00
662/425-0839                             # 3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the  6th  day of  April , 2020

          JUSTICE COURT CLERK

        BY: _____ , DEPUTY CLERK

*******************************************************************

OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

____ Personally  ____ Member of Family (over age 16) _____

____ Not Found   ____ Certified Mail Delivery  Dawny Perry CSC

____ Posted on door of his/her Residence

_____ OFFICER     4-16-20 DATE

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

<u>KIZZIE PRINCE</u>                                          PLAINTIFF


FILE
4-3-20

Vs.                                                  NO.: 1002-222

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                    DEFENDANT

    1.    The Plaintiff's name, address, and telephone number are:
        Name: <u>KIZZIE PRINCE</u>
        Street: <u>58 EAST PULASKI ST.</u>
        City & Zip Code: <u>MACON, MS 39341</u>
        Telephone No.: <u>662.425.0839 or 662.574.5319</u>

    2.    The Defendant's name, address, and telephone number are:
        Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
        <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
        Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
        City & Zip Code: <u>MADISON, MS 39110</u>
        Telephone No.: _____

    3.    The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

    4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

    5.    The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.  Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signature:_____

ATTORNEY FOR PLAINTIFF

# Shelton, Willie

===============================================================================
STATE OF MISSISSIPPI                                      NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                                  AGENT-PRENTICE HALL CORP. SYSTEM
                                                  7716 OLD CANTON RD, SUITE C
                                                  MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of     July    , 2020 at 09 00  a.m. to

answer to the suit of:

SHELTON WILLIE E                          In the amount of:
2389 FAIRPORT RD                          Principal:    3500.00
                                          Atty. Fee:
                                          Court Fee:      74.00
BROOKSVILLE  MS  39739                          # 3574.00
662/272-5618

and have there this writ.
                      NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 30th  day of     April

                                              JUSTICE COURT CLERK       (SEAL)

                                  BY: _____

*****************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)

___Personally  ___Member of Family (over age 16)_____

___Not Found   ___Certified Mail Delivery

___Posted on door of his/her Residence

_____OFFICER      5-27-20 DATE

COPY

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

<u>WILLIE E. SHELTON</u>                                              PLAINTIFF



FILE
4-30-20
DS

Vs.                                                                 NO.: *1002-258*

<u>EQUIFAX, INC BY AND THROUGH</u>
<u>REGISTERED AGENT THE PRENTICE-HALL</u>
<u>CORPORATION SYSTEM, INC.</u>                      DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: <u>WILLIE E. SHELTON</u>
     Street: <u>2389 FAIRPORT RD</u>
     City & Zip Code: <u>BROOKSVILLE, MS 39739</u>
     Telephone No.: <u>662.272.5618</u>

2.   The Defendant's name, address, and telephone number are:
     Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
     <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
     Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
     City & Zip Code: <u>MADISON, MS 39110</u>
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

_____

ATTORNEY FOR PLAINTIFF

# Skinner, Ruth

===============================================================

STATE OF MISSISSIPPI           NOXUBEE COUNTY

===============================================================

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQUIFAX INC - BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON   MS   39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the   9th  of   June    , 2020 at 09 00  a.m. to

answer to the suit of: **F I L E D**

SKINNER RUTH          **APR 24 2020**      In the amount of:
757 SANDYLAND ROAD                    Principal:      3500.00
            CHERYL HUNT JUSTICE COURT CLERK Atty. Fee:
MACON   MS   39341                 DC Court Fee:      74.00
662/726-9781      BY _____          #3574.00

and have there this writ.

NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 20th day of      April

                                _____
                                  JUSTICE COURT CLERK

                           BY: _____

***************************************************************

OFFICER'S RETURN:

   I have this day executed the within writ by serving the defendant(s)

__ Personally   Christina Sheppard __ Member of Family (over age 16) _____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER     5-7-2020    DATE

COPY

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

RUTH SKINNER  PLAINTIFF

4-14-20
b5

Vs.                                                                      NO.: 1002-241

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                          DEFENDANT

1.      The Plaintiff's name, address, and telephone number are:
        Name: RUTH SKINNER
        Street: 757 SANDYLAND ROAD
        City & Zip Code: MACON, MS 39341
        Telephone No.: 662.726.9781 or 662.570.8964

2.      The Defendant's name, address, and telephone number are:
        Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
        PRENTICE-HALL CORPORATION SYSTEM, INC.
        Street: 7716 OLD CANTON ROAD, SUITE C
        City & Zip Code: MADISON, MS 39110
        Telephone No.: _____

3.      The defendant's place of business and address are (if known):
        Place of Business: _____
        Street: _____
        City: _____
        State: _____

4.      The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.      The basis for plaintiff's claim against the defendant(s) (Here state why
        you claim the defendant or defendants owe you money).
        Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

ATTORNEY FOR PLAINTIFF

# Tate, Larry

STATE OF MISSISSIPPI                                NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:        EQUIFAX INC.,   BY & THROUGH THE
                                            PRENTIST HALL CORP. SYSTEM INC.
                                            7716 OLD CANTON ROAD,  SUITE C
                                            MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 29th   of   January      , 2019  at 09 00  a.m. to

answer to the suit of:

TATE LARRY                              In the amount of:
C/O JEFFREY HOSFORD, ATTORNEY           Principal:    3500.00
5450 FOX CHASE ROAD                     Atty. Fee:
BROOKSVILLE   MS   39739                Court Fee:     64.00
662/361-8492                                         $3564.00

and have there this writ.

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and the in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the  3rd   day of    January      , 2019

                                    _____
                                    JUSTICE COURT CLERK

                            BY:_____ D.C.
************************************************************************
OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)

____Personally   ____Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery   Served Christina Shepperd

____Posted on door of his/her Residence

_____ OFFICER    1-9-19  DATE

## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

LARRY TATE                                                    PLAINTIFF

FILE
1-2-19
DS

Vs.                                                          NO.: 1001-539

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC                                      DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: LARRY TATE
    Street: 5450 FOX CHASE ROAD
    City & Zip Code: BROOKSVILLE, MS 39739
    Telephone No.: 662 361-8492

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.:

3.  The defendant's place of business and address are (if known):
    Place of Business:
    Street:
    City:
    State:

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).

Equifax was negligent in failing to protect my personal data and failed to
provide technological safeguards which caused my personal financial information to
be hacked.  Equifax acknowledges this date breach occurred between May 2017 and
July 2017.  They discovered the breach July 29, 2017 and thereafter withheld this
vital information from me until going public on September 7, 2017.  Thereafter, I
have had to check my credit to ensure that my information has not been misused; I
will have to purchase credit protection services and insurance for myself; and I have

suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  The breach has resulted in the permanent release of my personal and financial data, including my social security number.  I am at risk of identity theft at any time.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs.

_____

ATTORNEY FOR PLAINTIFF

Date: 12/12/2018

COPY

# Taylor, Asia

===============================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX, INC. BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th of August    , 2020  at 09 30  a.m. to

answer to the suit of:

**FILED**

TAYLOR ASIA                          JUL 20 2020              in the amount of:
197 CEDAR CREEK ROAD   CHERYL LYNN, JUSTICE COURT CLERK   Principal:    3500.00
                                   CCDC            Atty. Fee:
MACON, MS 39341    BY                              Court Fee:        29.00
662-425-3953                                      $3,529.00

and have there this writ.

                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of      July      , 2020

                          _____
                          JUSTICE COURT CLERK
                          BY: Naketta Bland      , D.C.

*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
___ Christina Shepard
___Personally  ___Member of Family (over age 16)_____

____Not Found  ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER    7-22-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**ASIA TAYLOR**                                                           PLAINTIFF

<div style="border: 1px solid black">FILE<br>7/16/2020 NTB</div>

Vs.                                                                      NO.:

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                              DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: <u>Asia Taylor</u>
      Street: <u>197 Cedar Creek Road</u>
      City & Zip Code: <u>Macon, MS 39341</u>
      Telephone No.: <u>662.425.3953</u>

2.    The Defendant's name, address, and telephone number are:
      Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
      <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
      Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
      City & Zip Code: <u>MADISON, MS 39110</u>
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
      <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. <u>ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;</u>

9. <u>ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and</u>

10. <u>the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.</u>

Signed: _____
ATTORNEY FOR PLAINTIFF

# Thomas, Contina

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:        EQUIFAX INC. BY/THRU REGISTERED
                                            AGENT-PRENTICE HALL CORP SYSTEM
                                            7716 OLD CANTON ROAD, SUITE C
                                            MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of   August   , 2020  at 09 30  a.m. to

answer to the suit    F I L E D

THOMAS CONTINA              JUL 20 2020        In the amount of:
P.O. BOX 724                                  Principal:      3500.00
                      CHERYL HUNT COPPE COURT CLERK  Atty. Fee:
MACON MS 39341                          CCOCD  Court Fee:        29.00
                   BY                                        $3,529.00

and have there this writ.
                        NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of     July     , 2020

                        _____
                        JUSTICE COURT CLERK            (SEAL)

                        BY: Naketta Bland , D. C.
*****************************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
    Christina Sheppard
    X  Personally  ____ Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

    Mike Brown          OFFICER        7-27-20    DATE

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**CONTINA THOMAS**

Vs.

PLAINTIFF

```
┌─────────────────────────┐
│         FILE            │
│  7/16/2020   NTB        │
└─────────────────────────┘
```

NO.: *1002 - 333*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**

DEFENDANT

1.    The Plaintiff's name, address, and telephone number are:
      Name: <u>Contina Thomas</u>
      Street: <u>P.O. Box 724</u>
      City & Zip Code: <u>Macon, MS 39341</u>
      Telephone No.:

2.    The Defendant's name, address, and telephone number are:
      Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
      <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
      Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
      City & Zip Code: <u>MADISON, MS 39110</u>
      Telephone No.: _____

3.    The defendant's place of business and address are (if known):
      Place of Business: _____
      Street: _____
      City: _____
      State: _____

4.    The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.    The basis for plaintiff's claim against the defendant(s) (Here state why
      you claim the defendant or defendants owe you money).
<u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Thomas, Delois

============================================================

STATE OF MISSISSIPPI                     NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

      You are to summon the defendant:     EQUIFAX INC. BY/THRU REGISTERED
                                    AGENT-PRENTICE HALL CORP. SYSTEM
                                    7716 OLD CANTON ROAD, SUITE C
                                    MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th  ~~of~~  August     , 2020   at 09 30   a.m. to

answer to the suit of:

**FILED**

**JUL 20 2020**

CHERYL HU... JUSTICE COURT CLERK

BY _____ CCDC

THOMAS DELOIS                         In the amount of:
211 GREEN STREET                     Principal:     3500.00
                                 Atty. Fee:
MACON, MS 39341                      Court Fee:      29.00
662-352-9675                                $3,529.00

and have there this writ.

                           NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

      Witness my hand, this the 16th   day of      July     , 2020

                                   JUSTICE COURT CLERK    (SEAL)

                              BY: _Naketta Bland_, D.C.

*********************************************************

OFFICER'S RETURN:

    I have this day executed the within writ by serving the defendant(s)

X_ _Christina Sheppard_

_X Personally    ___ Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Brax_____ OFFICER      7-27-20 _DATE



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**DELOIS THOMAS**                                                          PLAINTIFF

Vs.

| FILE |
| 7/16/2020  NTB |

NO.: *1062 - 337*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                    DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>Delois Thomas</u>
    Street: <u>211 Green Street</u>
    City & Zip Code: <u>Macon, MS 39341</u>
    Telephone No.: <u>662.352.9675</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
    <u>limited to my social security number, address and phone number.  Equifax had a duty</u>
    <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.  Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Triplett, Deforoest

=======================================================

STATE OF MISSISSIPPI                              NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

  You are to summon the defendant:    EQUIFAX INC. BY/THRU REGISTERED
                                      AGENT-PRENTICE HALL CORP SYSTEM
                                      7716 OLD CANTON ROAD, SUITE C
                                      MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th of August , 2020 at 09 30 a.m. to

answer to the suit of:

TRIPPLET DEFOROEST                      In the amount of:
85 CURTIS BUSH DRIVE                    Principal:      3500.00
                                        Atty. Fee:
MACON, MS 39341                         Court Fee:        29.00
662-889-0683                                          $3,529.00

and have there this writ.

                       NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of    July    , 2020

                              _____
                                     JUSTICE COURT CLERK
                              BY  Naketta Bland , D.C.

****************************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
  Christina Sheppard
  X Personally _____ Member of Family (over age 16)_____

_____Not Found  _____Certified Mail Delivery

_____Posted on door of his/her Residence

  Mike Brown            OFFICER    7-27-20  DATE

# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

DEFOROEST TRIPLETT                                                    PLAINTIFF

Vs.                                                    NO.: *1002- 336*

EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                    DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
     Name: Deforoest Tripplet
     Street: 85 Curtis Bush Drive
     City & Zip Code: Macon, MS 39341
     Telephone No.: 662.889.0683

2.   The Defendant's name, address, and telephone number are:
     Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
     PRENTICE-HALL CORPORATION SYSTEM, INC.
     Street: 7716 OLD CANTON ROAD, SUITE C
     City & Zip Code: MADISON, MS 39110
     Telephone No.: _____

3.   The defendant's place of business and address are (if known):
     Place of Business: _____
     Street: _____
     City: _____
     State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
     you claim the defendant or defendants owe you money).
     Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.   theft of their personal and financial information;
2.   unauthorized charges on their debit and credit card accounts;
3.   the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.   the untimely and inadequate notification of the Data Breach;
5.   the improper disclosure of their personal data;
6.   loss of privacy;
7.   ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Turner, Mary

==================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:      EQUIFAX INC. BY/THRU REGISTERED
                                          AGENT-PRENTICE HALL CORP SYSTEM
                                          7716 OLD CANTON ROAD, SUITE C
                                          MADISON, MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th day of  August  , 2020  at 09 30  a.m. to

answer to the suit of:

TURNER MARY                                   In the amount of:
1170 SAMUEL ROAD          JUL 20 2020         Principal:    3500.00
                          CHERYL HUNT COURT CLERK   Atty. Fee:
BROOKSVILLE MS 39739          CCOC  D.C.      Court Fee:       29.00
662-228-3193              BY                              $3,529.00

and have there this writ.

                         NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of     July    , 2020

                                    _____
                                        JUSTICE COURT CLERK
                                    BY: Naketta Bland, D.C. COUNTY
*********************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
 Christina Shepard
____Personally  ____Member of Family (over age 16)_____

____Not Found   ____Certified Mail Delivery

____Posted on door of his/her Residence

_____OFFICER      7-22-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**MARY TURNER**                                                          PLAINTIFF

Vs.                                          FILE
                                    7/16/2020   NTB                     NO.: *1002-335*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                            DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: <u>Mary Turner</u>
    Street: <u>1170 Samuel Road</u>
    City & Zip Code: <u>Brooksville, MS 39739</u>
    Telephone No.: <u>662.228.3193</u>

2.  The Defendant's name, address, and telephone number are:
    Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
    <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
    Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
    City & Zip Code: <u>MADISON, MS 39110</u>
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    <u>Equifax was negligent in failing to protect my personal data including but not</u>
    <u>limited to my social security number, address and phone number.   Equifax had a duty</u>
    <u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;
2.  unauthorized charges on their debit and credit card accounts;
3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4.  the untimely and inadequate notification of the Data Breach;
5.  the improper disclosure of their personal data;
6.  loss of privacy;
7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Williams, Phynas

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF ~~NOXUBEE~~ *Madison* COUNTY

   You are to summon the defendant:    EQIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON  MS  39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 28th  of    July   , 2020 at 09 30  a.m. to

answer to the suit of:

WILLIAMS PHYNAS                         In the amount of:
262 GREEN STREET                        Principal:    3500.00
                                        Atty. Fee:
MACON  MS  39341                        Court Fee:      74.00
662/361-6444                                          $3574.00

and have there this writ.
                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 29th  day of    May   , 2020

                                    *Deanna Sanders*
                                 JUSTICE COURT CLERK

                BY:_____,

*********************************************************

OFFICER'S RETURN:
  I have this day executed the within writ by serving the defendant(s)
_X_Personally _____Member of Family (over age 16)_____

_____Not Found   _____Certified Mail Delivery

_____Posted on door of his/her Residence

_____OFFICER      6-5-20 DATE

FILED
JUN 03 2020
JUSTICE COURT CLERK
DC
BY



## IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**PHYNAS WILLIAMS**                                                PLAINTIFF

Vs.                                                         NO.: *1002-288*

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                DEFENDANT

1.     The Plaintiff's name, address, and telephone number are:
       Name: PHYNAS WILLIAMS
       Street: <u>262 GREEN STREET</u>
       City & Zip Code: <u>MACON, MS 39341</u>
       Telephone No.: <u>662.361.6444</u>

2.     The Defendant's name, address, and telephone number are:
       Name: <u>EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE</u>
       <u>PRENTICE-HALL CORPORATION SYSTEM, INC.</u>
       Street: <u>7716 OLD CANTON ROAD, SUITE C</u>
       City & Zip Code: <u>MADISON, MS 39110</u>
       Telephone No.: _____

3.     The defendant's place of business and address are (if known):
       Place of Business: _____
       Street: _____
       City: _____
       State: _____

4.     The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.     The basis for plaintiff's claim against the defendant(s) (Here state why
       you claim the defendant or defendants owe you money).
       <u>Equifax was negligent in failing to protect my personal data including but not</u>
<u>limited to my social security number, address and phone number.   Equifax had a duty</u>
<u>to protect the personal data it was entrusted with to use reasonable care to protect it</u>

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.   Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form of deprivation of the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF

# Yates, Quateshia

==============================================================================

STATE OF MISSISSIPPI                                    NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC. BY/THRU REGISTERED
                                       AGENT-PRENTICE HALL CORP SYSTEM
                                       7716 OLD CANTON ROAD, SUITE C
                                       MADISON MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th of August , 2020 at 09 30 a.m. to

answer to the suit of:

**F I L E D**

YATES QUARTESHIA                     for the amount of:
161 FLATWOOD ROAD          JUL 20 2020      Principal:    3500.00
                 CHERYL HUNT, JUSTICE COURT CLERK  Atty. Fee:
MACON MS 39341              CCDC  Court Fee:      29.00
662-361-1209        BY                      3529.00

and have there this writ.

<div align="center">NOTICE TO THE DEFENDANT</div>

This is a civil lawsuit that was filed by the above Plaintiff. It is very

important that you appear in court on the above date and time in which

you have been summoned. If you agree that you owe this amount to the

Plaintiff, then you do not have to appear. A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount. If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th day of July , 2020

                            _____
                            JUSTICE COURT CLERK
                BY: Naketta Bland D.C.

*********************************************************************

OFFICER'S RETURN:
   I have this day executed the within writ by serving the defendant(s)
 X Personally   Christina Sheppard ____ Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_____ OFFICER   7-22-20 DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**QUARTESHIA YATES**                                                      PLAINTIFF

Vs.

FILE
7/16/2020 NTB

NO.: 1002-334

**EQUIFAX, INC BY AND THROUGH**
**REGISTERED AGENT THE PRENTICE-HALL**
**CORPORATION SYSTEM, INC.**                                  DEFENDANT

1.  The Plaintiff's name, address, and telephone number are:
    Name: Quarteshia Yates
    Street: 161 Flatwood Road
    City & Zip Code: Macon, MS 39341
    Telephone No.: 662.361.1209

2.  The Defendant's name, address, and telephone number are:
    Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
    PRENTICE-HALL CORPORATION SYSTEM, INC.
    Street: 7716 OLD CANTON ROAD, SUITE C
    City & Zip Code: MADISON, MS 39110
    Telephone No.: _____

3.  The defendant's place of business and address are (if known):
    Place of Business: _____
    Street: _____
    City: _____
    State: _____

4.  The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
    plus costs.

5.  The basis for plaintiff's claim against the defendant(s) (Here state why
    you claim the defendant or defendants owe you money).
    Equifax was negligent in failing to protect my personal data including but not
    limited to my social security number, address and phone number.  Equifax had a duty
    to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software. Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked. Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours. Equifax acknowledges this date breach occurred between May 2017 and July 2017. Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017. Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains. Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45. Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1. theft of their personal and financial information;
2. unauthorized charges on their debit and credit card accounts;
3. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;
4. the untimely and inadequate notification of the Data Breach;
5. the improper disclosure of their personal data;
6. loss of privacy;
7. ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____

ATTORNEY FOR PLAINTIFF

# Young, Linda

========================================================================

STATE OF MISSISSIPPI                          NOXUBEE COUNTY

TO ANY LAWFUL OFFICER OF NOXUBEE COUNTY

    You are to summon the defendant:    EQUIFAX INC, BY/THRU REGISTERED
                                        AGENT-PRENTICE HALL CORP. SYSTEM
                                        7716 OLD CANTON ROAD, SUITE C
                                        MADISON MS 39110

to appear before a Justice Court Judge of NOXUBEE COUNTY in the county

courthouse located on the 2nd floor courtroom at 2832 Jefferson Street,

Macon Mississippi, on the 11th   of   August   , 2020  at 09 30  a.m. to

answer to the suit of FILED

YOUNG LINDA                              In the amount of:
825 TOM BENNETT ROAD      JUL 20 2020    Principal:     3500.00
                          CHERYL HUNT, JUSTICE COURT CLERK  Atty. Fee:
MACON MS 39341                           Court Fee:        29.00
662-304-7124              BY                            $3,529.00

and have there this writ.

                    NOTICE TO THE DEFENDANT

This is a civil lawsuit that was filed by the above Plaintiff.  It is very

important that you appear in court on the above date and time in which

you have been summoned.  If you agree that you owe this amount to the

Plaintiff, then you do not have to appear.  A judgment by default will be

given to the Plaintiff for the amount shown plus court costs, and the

Plaintiff will have authority to garnish your wages or seek other means in

order to collect this amount.  If you disagree with this lawsuit, please

appear in court and bring all necessary documents, witnesses, or evidence.

    Witness my hand, this the 16th  day of     July     , 2020

                            _____
                              JUSTICE COURT CLERK    (SEAL)

                            BY: Naketta Bland , D.C.

*******************************************************************
OFFICER'S RETURN:
    I have this day executed the within writ by serving the defendant(s)
__Personally  Chactoan Sheppard  __Member of Family (over age 16)_____

____Not Found    ____Certified Mail Delivery

____Posted on door of his/her Residence

_Mike Brown_____ OFFICER    7-27-20  DATE



# IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

**LINDA YOUNG**                                                                 PLAINTIFF

Vs.

FILE
7/16/2020 MB

NO.: *1002- 332*

**EQUIFAX, INC BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.**                                          DEFENDANT

1.   The Plaintiff's name, address, and telephone number are:
Name: Linda Young
Street: 825 Tom Bennett Road
City & Zip Code: Macon, MS 39341
Telephone No.: 662.304.7124

2.   The Defendant's name, address, and telephone number are:
Name: EQUIFAX, INC. BY AND THROUGH REGISTERED AGENT THE
PRENTICE-HALL CORPORATION SYSTEM, INC.
Street: 7716 OLD CANTON ROAD, SUITE C
City & Zip Code: MADISON, MS 39110
Telephone No.: _____

3.   The defendant's place of business and address are (if known):
Place of Business: _____
Street: _____
City: _____
State: _____

4.   The defendant(s) owes damages to the Plaintiff in the amount of $3500.00
plus costs.

5.   The basis for plaintiff's claim against the defendant(s) (Here state why
you claim the defendant or defendants owe you money).
Equifax was negligent in failing to protect my personal data including but not
limited to my social security number, address and phone number.   Equifax had a duty
to protect the personal data it was entrusted with to use reasonable care to protect it

from unauthorized access by third parties and to stop data breaches by taking reasonable steps to update its cybersecurity software.  Equifax failed to provide sufficient technological safeguards which caused my personal financial information to be hacked.  Equifax became aware of a specific vulnerability with the Apache Struts software it employed on March 9, 2017, but failed to update or patch their software despite their own policy which requires such update/patches to be made within 48 hours.  Equifax acknowledges this date breach occurred between May 2017 and July 2017.  Equifax claims it first discovered the breach July 29, 2017 and thereafter withheld this vital information from me until going public on September 7, 2017.  Equifax has caused substantial harm to Plaintiff, including serious risks of credit harm and identity theft for years to come.

Thereafter, I have had to check my credit to ensure that my information has not been misused; I will have to purchase credit protection services and insurance for myself; and I have suffered stress from the knowledge that my private information has been given to others for their ill-gotten gains.  Equifax's conduct constitutes general negligence as well as negligence per se as a violation of the statutory duties set forth in the Gramm-Leach-Bliley Act and the Mississippi Consumer Protection Act (Miss. Code Ann. § 75-24-1 et seq., 15 USC § 45.   Further, Equifax has committed the tort of invasion of privacy by publicly disclosing private facts and have reached the bailment arrangement of the parties.

The plaintiff is seeking the maximum allowed by this court in the amount of $3500.00 plus costs. Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data, causing them to suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

1.  theft of their personal and financial information;

2.  unauthorized charges on their debit and credit card accounts;

3.  the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals and already misused via the sale of Plaintiffs' and Class Members' information on the black market;

4.  the untimely and inadequate notification of the Data Breach;

5.  the improper disclosure of their personal data;

6.  loss of privacy;

7.  ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach;

8. ascertainable losses in the form o f deprivation o f the value of their personal data, for which there is a well-established national and international market;

9. ascertainable losses in the form of the loss of cash back or other benefits as a result of their inability to use certain accounts and cards affected by the Data Breach; and

10. the loss of productivity and value of their time spent attempting to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all such issues resulting from the Data Breach.

Signed: _____
ATTORNEY FOR PLAINTIFF