# EXHIBIT C

IN THE JUSTICE COURT OF NOXUBEE COUNTY, MISSISSIPPI

IRENE BROWN                                                            PLAINTIFF

VS.                                                                      CAUSE NO. 1002-200

*[Filed stamp: FILE 6-18-20 DS]*

EQUIFAX, INC. BY AND THROUGH
REGISTERED AGENT THE PRENTICE-HALL
CORPORATION SYSTEM, INC.                                DEFENDANT

## DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant Equifax, Inc. ("Equifax") moves to dismiss Plaintiff Irene Brown's ("Plaintiff") Complaint with prejudice for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. In support of this Motion, Equifax states as follows:

### I. INTRODUCTION

Plaintiff's lawsuit concerns the cybersecurity incident that Equifax announced in September 2017 (the "Cybersecurity Incident"). Her Complaint should be dismissed for at least two fundamental reasons:

First, Plaintiff fails to state a claim against Equifax as a matter of law. Plaintiff is a member of a nationwide class of U.S. consumers whose claims related to the Cybersecurity Incident are the subject of a settlement approved in *In re Equifax Inc. Customer Security Breach Litigation*, Case No. 1:17-md-02800-TWT (N.D. Ga. 2020) (the "*In re Equifax* Settlement"). Because Plaintiff failed to timely and/or validly opt out of the class action settlement, she is barred from proceeding with a separate lawsuit related to the Cybersecurity Incident in this or any other court. This case should therefore be dismissed for failure to state a claim upon which relief can be granted.

Second, the Court lacks personal jurisdiction over Equifax for the claims asserted in the Complaint. Plaintiff is attempting to sue Equifax—a Georgia corporation with its principal place

{JX426803.2}                               1

of business in Atlanta—in a Mississippi state court based upon a Complaint that lacks any facts establishing actions that Equifax has taken in Mississippi to harm Plaintiff. Moreover, the Cybersecurity Incident, and any and all actions that Equifax did or did not take with respect to its data security systems, occurred in Georgia. As a Georgia corporation with a principal place of business in Atlanta, Equifax is not subject to general jurisdiction in Mississippi. In addition, because there are no allegations that Plaintiff's claims for relief are tied to Mississippi, Equifax is not subject to specific jurisdiction in Mississippi. Accordingly, the Court should grant Equifax's Motion to Dismiss for lack of personal jurisdiction.

## II. ARGUMENT

### A. Plaintiff's Complaint should be dismissed based on her failure to validly and/or timely opt out from the *In re Equifax* Settlement.

Class action lawsuits are a familiar concept to this Court. Potential plaintiffs have the choice to either opt out, allowing them to bring an individual lawsuit, or remain as part of the class and receive a portion of any settlement. In this case, Plaintiff's Complaint should be dismissed because she failed to validly and/or timely opt out from the *In re Equifax* Settlement and is barred from bringing a separate claim.

Equifax announced in September 2017 that it had been the victim of a criminal cyberattack on its computer systems in which the attacker(s) gained unauthorized access to the personally identifiable information of millions of U.S. consumers. Following that announcement, various consumers filed claims against Equifax asserting causes of action related to the Cybersecurity Incident. Those cases were consolidated before Judge Thomas W. Thrash, Jr. in the Northern District of Georgia (the "*In re Equifax* Settlement"). Upon concluding that Equifax's proposed settlement was fair, reasonable, and adequate, Judge Thrash entered an Order providing instructions on how to validly and timely opt out of the class action settlement and a deadline to

do so. *See* Order Directing Notice [Dkt. 742] at pp. 7-8 (attached to Decl. as Ex. 2).

In July 2019, Equifax and members of the settlement class entered into the *In re Equifax* Settlement, effectively releasing Equifax from all liability on any claims that the settlement class members brought or could have brought related to the Cybersecurity Incident. *See* Settlement and Release [Dkt. 739-2] at pp. 33-34 (attached to Decl. as Ex. 1). Plaintiff never validly and/or timely opted out of the class action settlement. Because Plaintiff did not validly and/or timely opt out of the *In re Equifax* Settlement, she is subject to the Settlement and Release and "permanently barred and enjoined . . . from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly" a separate lawsuit against Equifax. *See* Final Order and Judgment [Dkt. 957] at ¶ 19 (attached to Decl. as Ex. 3).[1] Thus, this action is improperly before the Court and should be dismissed.

To be sure, the names of all such individuals who validly and timely opted out of the class action settlement are listed in Exhibit "A" to Judge Thrash's Final Order and Judgment granting final approval of the *In re Equifax* Settlement. *See* Ex. A to Final Order and Judgment, "Timely and Valid Exclusions" [Dkt. 957] (attached to Decl. as Ex. 3). Plaintiff's name is not on that list.

Under the terms of the *In re Equifax* Settlement, the release will become effective after the resolution of any appeals. *See* Settlement and Release [Dkt. 739-2] at pp. 34-36 (attached to Decl.

---

[1] *See also Williams v. Williamson*, No. 4:03CV88LN, 2006 U.S. Dist. LEXIS 1913, at *9 n.2 (S.D. Miss. Jan. 6, 2006) (explaining the "fatal effect" that plaintiff's failure to timely opt out of the national class action would have on her ability to pursue her claim individually); *Larry James Oldsmobile-Pontiac-GMC Truck Co. v. GMC*, 175 F.R.D. 234, 238-39 (N.D. Miss. 1997) (noting that "any judgment in a class action will be *res judicata* as to the unnamed class members (who have not opted out)" if subsequent, individual suits were brought); *Nawaz Raja v. Segan*, No. 1:13-cv-418, 2013 U.S. Dist. LEXIS 200767 at *1 (E.D. Va. June 17, 2013) ("Because plaintiffs did not timely opt out of the class settlement, they are now bound by the terms of the settlement, which bars this suit."); *Ehrenhaus v. Baker*, 717 S.E.2d 9, 23 (N.C. Ct. App. 2011) ("By opting out, the class member avoids *the preclusive effect of the settlement*, in that he is free to bring his own lawsuit.").

{JX426803.2}                                    3

at Ex. 1). To allow this case to proceed prior to the resolution of any appeals of the *In re Equifax* Settlement would waste judicial resources and be highly prejudicial to Equifax by forcing Equifax to spend unnecessary time and effort defending a matter that Plaintiff is in all likelihood barred from pursuing in this or any other court.

Accordingly, Plaintiff's Complaint should be dismissed pending the conclusion of the appeals process with respect to the *In re Equifax* Settlement. If the Order approving the Settlement is *not* affirmed on appeal, Plaintiff may refile her case and proceed to trial at that time. Conversely, if the Order approving the Settlement *is* affirmed on appeal, Plaintiff "shall be forever barred" from refiling her case. *See* Final Order and Judgment [Dkt. 957] at ¶ 15 (attached to Decl. as Ex. 3).

**B.   Plaintiff's Complaint should be dismissed because the Court lacks personal jurisdiction over Equifax.**

In addition, the Court must have personal jurisdiction over Equifax in order to hear Plaintiff's case. Personal jurisdiction refers to the power that a court has to make a decision regarding the party being sued in a case. Before a court can exercise power over a party, the Fifth and Fourteenth Amendments to the U.S. Constitution require that the party have certain minimum contacts with the state in which the court sits.[2] This determination is made by analyzing whether general or specific jurisdiction exists.[3] As explained below, neither is present in this case.

**1.   General jurisdiction is lacking because Equifax was not formed in Mississippi, nor does it maintain its principal place of business in Mississippi.**

As established by the U.S. Supreme Court, the question of personal jurisdiction over a

---

[2] *See International Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).

[3] *See Bristol-Myers Squibb v. Sup. Ct. of Calif., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017).

{JX426803.2}                                         4

business entity is a simple one: whether that entity is "essentially at home" in the state where the suit is brought.[4] A business entity is "essentially at home" if it is (1) incorporated or formed in that state, or (2) the defendant's principal place of business is located within the state.[5] This Court is bound by the Supreme Court's two-part test.

Here, Equifax was not formed in Mississippi, and its principal place of business is not located within Mississippi. Rather, Equifax is incorporated under the laws of Georgia and has its principal place of business in Atlanta. Because Equifax was not formed or incorporated in Mississippi and does not have its principal place of business here, it is not subject to general jurisdiction in Mississippi. Thus, as set forth by the Supreme Court, this Court may not validly assert general jurisdiction over Equifax.

> 2. **Specific jurisdiction is lacking because Plaintiff has failed to establish any actions that Equifax has taken in Mississippi to harm her.**

Similarly, a valid exercise of specific jurisdiction requires that Plaintiff prove (1) "minimum contacts" between Equifax and Mississippi, and (2) that her action arises out of or relates to those contacts.[6] Plaintiff has failed to show any such connection between Equifax and Mississippi. Plaintiff's claims for relief against Equifax do not concern any activity or occurrence on the part of Equifax occurring in or directed at Mississippi. Plaintiff simply states that Equifax "was negligent in in failing to protect [her] personal data." Complaint at p. 1. Plaintiff cannot (and does not even attempt to) connect Equifax's business activities related the Cybersecurity Incident with any harm or damages suffered in Mississippi. For this Court to find specific jurisdiction

---

[4] *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[5] *See Daimler*, 571 U.S. at 121, 126, 136-38, and n.19 (holding that out-of-state defendant who derived roughly 10% of its U.S. sales from California was not "at home" there and thus could not be subjected to general jurisdiction in that state).

[6] *See Goodyear*, 564 U.S. at 923-24; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

"without identifying any adequate link" between Plaintiff's claims and Mississippi would offend the "traditional notions of fair play and substantial justice" recognized by the Supreme Court.[7] Because Plaintiff's Complaint asserts no facts about any conduct that Equifax has directed towards Mississippi to cause her harm, this Court should find that it lacks specific jurisdiction over Equifax in this case.

### III.  CONCLUSION

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted because she failed to opt out of the *In re Equifax* Settlement, of which she is a class action member. Additionally, this Court's assertion of personal jurisdiction over Equifax would violate due process rights under the U.S. Constitution. Neither general nor specific personal jurisdiction exists over Equifax. Equifax therefore respectfully requests that the Court grant its Motion to Dismiss. Equifax further requests any such other relief as may be justified in law or equity under the circumstances.

This, the 12th day of June, 2020.

Respectfully submitted,

**EQUIFAX INFORMATION SERVICES, LLC**

By Its Attorneys,
JONES WALKER LLP

By: /s/ Amber L. Kipfmiller
AMBER L. KIPFMILLER

Adam Stone (MSB No. 10412)
Kaytie M. Pickett (MSB No. 103202)
Amber L. Kipfmiller (MSB No. 105758)
JONES WALKER LLP
190 E. Capitol St., Ste. 800

---

[7] *International Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).

P.O. Box 427
Jackson, Mississippi 39205-0427
Tel.: (601) 949-4717
Fax: (601) 949-4804
astone@joneswalker.com
kpickett@joneswalker.com
akipfmiller@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, served a true and correct copy of the foregoing via email to the following counsel of record:

> Jeffrey J. Hosford
> HOSFORD LAW FIRM
> 115-A S. Lafayette St.
> Starkville, MS 39759

Dated: June 12, 2020.

AMBER L. KIPFMILLER

## DECLARATION OF AMBER L. KIPFMILLER IN SUPPORT OF EQUIFAX'S MOTION TO DISMISS

I, Amber L. Kipfmiller declare:

1. I am an Associate at Jones Walker LLP and an attorney duly licensed to practice law before all courts of Mississippi. I am one of the attorneys of record for Equifax, Inc. ("Equifax"). I have reviewed the file and am familiar with its contents, and as such I have personal knowledge of the facts set forth herein. I make this declaration in support of Equifax's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.

2. Attached as Exhibit "1" hereto is a true copy of the *In re Equifax* Settlement, Settlement and Release [Dkt. 739-2], Case No. 1:17-md-02800-TWT (N.D. Ga. 2020).

3. Attached as Exhibit "2" hereto is a true copy of the *In re Equifax* Settlement, Order Directing Notice [Dkt. 742], Case No. 1:17-md-02800-TWT (N.D. Ga. 2020).

4. Attached as Exhibit "3" hereto is a true copy of the *In re Equifax* Settlement, Final Order and Judgment [Dkt. 957], Case No. 1:17-md-02800-TWT (N.D. Ga. 2020), which includes an appendix of "Timely and Valid Exclusions" from the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

_____
AMBER L. KIPFMILLER