# EXHIBIT A

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

S Stewart Haskins
Partner
Direct Dial: +1 404 572 4687
Direct Fax: +1 404 572 5100
shaskins@kslaw.com

July 24, 2020

**VIA UPS AND E-MAIL**

Jeffrey J. Hosford
Hosford Law Firm
115-A S. Lafayette St.
Starkville, Mississippi 39759
E-mail: jeffhosford@gmail.com

      Re:    Mississippi Justice Court Cases Filed by Hosford Law Firm

Mr. Hosford:

      Our firm represents Equifax Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC (together, "Equifax") in the multidistrict litigation in the Northern District of Georgia arising out of the data breach ("Data Breach") that Equifax Inc. announced on September 7, 2017, *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 (N.D. Ga.) ("Equifax MDL"). We write about cases you have filed on behalf of MDL Settlement Class Members in the Justice Court of Noxubee County, Mississippi, and to advise you that unless your clients immediately dismiss their cases and take appropriate steps to vacate any judgments they may have obtained to date, Equifax will be forced to seek relief from the MDL Court in light of your clients' violation of the Final Order and Judgment approving the Consumer Class Action Settlement in the MDL.

      **I.**    **The Pending Mississippi Cases**

      We understand that you have filed at least 74 cases on behalf of your clients ("Plaintiffs") in the Justice Court of Noxubee County, Mississippi. Each case asserts substantially similar claims against Equifax Inc. arising out of the 2017 Data Breach ("Mississippi Cases"). *See*, *e.g.*, *Clemons* Summons (alleging, among other claims, that Equifax "was negligent in failing to protect [Plaintiff's] personal data" as a result of the Data Breach and seeking "$3500.00 plus

Page 2

costs" for Plaintiff's purported harms).[1]  Further, although Plaintiffs are MDL Settlement Class Members barred from filing or pursuing claims arising out of the Data Breach, we understand that Plaintiffs have continued to litigate their cases, and that 31 Plaintiffs have obtained judgments against Equifax in the Noxubee County Justice Court.  Finally, we understand that you have represented to Equifax's Mississippi counsel that you may file additional cases on behalf of hundreds of other clients.  This litigation against Equifax by members of the MDL Settlement Class is improper.

    II.    **Plaintiffs Are MDL Settlement Class Members Violating the MDL Court's Final Order and Judgment.**

        a.  *All of the Plaintiffs are MDL Settlement Class Members.*

As you know, in July of 2019 Equifax entered into a nationwide class action settlement to resolve all consumer litigation arising out of the Data Breach. (A copy of the Settlement Agreement and related documents and pleadings referenced in this letter can be found at https://www.equifaxbreachsettlement.com/documents).  The Settlement Agreement defines the Settlement Class to include "the approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017."  Settlement Agreement, Section 2.43.

In the Mississippi Cases, all Plaintiffs allege that their personal information was impacted in the Data Breach and assert claims based on the Data Breach.  Consequently, all Plaintiffs are members of the MDL Settlement Class (unless they timely and validly opted out, which—as discussed below—they did not).

The MDL Court preliminarily approved the Settlement on July 22, 2019.  In accordance with the Order Granting Preliminary Approval, any class member wishing to exclude themselves from the Settlement was required to submit a request for exclusion (or "opt out") to the Settlement Administrator no later than November 19, 2019.

On January 13, 2020, the MDL Court certified the Settlement Class, granted final approval of the Settlement, and entered a Final Order and Judgment.  Settlement Class Members who submitted valid and timely requests for exclusion in accordance with the Court's requirements were listed on Exhibit A to the Final Order and Judgment.  None of the 74 Plaintiffs you represent are identified in the Final Order and Judgment as having submitted a valid and timely request for exclusion.  Moreover, Equifax has confirmed with the Settlement Administrator, JND, that none of the Plaintiffs submitted a valid and timely request for exclusion.  We understand that you submitted a "mass opt out" letter to JND purporting to seek exclusion from the Settlement for thousands of individuals you identified as your clients.  But that letter was invalid, and did not exclude any of the individuals listed in it, because it plainly

---

[1] A list of the 74 Mississippi Cases we are aware of is attached as Exhibit 1.  If there are other cases you have filed on behalf of MDL Settlement Class Members who did not validly opt out, they too are improper and should not be pursued.

Page 3

failed to comply with the Court's requirements for seeking exclusion. Specifically, the MDL Court's Order Granting Preliminary Approval stated the following:

> Any settlement class member who wishes to be excluded from the settlement class must mail a written notification of the intent to exclude themselves to the settlement administrator at the address provided in the notice, postmarked no later than November 19, 2019 (the "opt-out deadline"). ***Each written request for exclusion must identify th[e MDL proceeding], set forth the name of the individual seeking exclusion, be signed by the individual seeking exclusion, and can only request exclusion for that one individual.***

Order Granting Preliminary Approval, ¶ 15 (emphasis added). Because your purported "mass opt out" letter was not signed by *any* of your clients and attempted to seek exclusion for *thousands* of individuals, it did not comply with the Court's order and was therefore rejected as invalid by JND. And aside from failing to comply with the plain language of the Settlement's opt out requirements, your purported mass opt out letter ran afoul of the well-settled principle in Rule 23 case law that "[t]he right to opt out of a class action is one that must be exercised *individually*." *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 14-1995, 2019 WL 95917, at *5 (E.D. Pa. Jan. 3, 2019) (emphasis added); *see Sharp Farms v. Speaks*, 917 F.3d 276, 298 (4th Cir. 2019) (recognizing the "the settled rule that the Due Process Clause reposes only in *individual class members* ... the right to intelligently and individually choose whether to continue in a suit as class members.").

Accordingly, Plaintiffs are MDL Settlement Class Members who are bound by the MDL Court's Final Order and Judgment. *See* Final Order and Judgment, ¶ 9 (providing that "all those [class] members who did not timely and validly request exclusion from the Settlement Class are Settlement Class Members who are bound by the Settlement Agreement and th[e] Final Order and Judgment"). Equifax has previously advised you and your clients of this on numerous occasions, including in the motions to dismiss Equifax filed in Justice Court. *See*, *e.g.*, Motion to Dismiss *Brown* Complaint at 2-4 (explaining Plaintiff had not opted out of MDL Settlement and therefore is subject to anti-suit injunction in MDL Court's Final Order and Judgment).

Finally, JND has advised Equifax that, based on its initial review, at least 13 of your clients have submitted claims under the MDL Settlement.[2] That these Plaintiffs made claims for relief under the Settlement while at the same time prosecuting released claims against Equifax in state court further establishes their misconduct in violation of the MDL Court's orders.

---

[2] Pearlie Mae Allen, Tiffany Campbell, Ciera Chandler, Tamra Chandler, Ada Clemons, Linda Crook, Samitria Crook, Latita Dora, Betty Edmonds, Ida Foote, Mollie Foote, Kizzie Prince, and Willie Shelton.

Page 4

> b. *Plaintiffs are asserting and prosecuting "Released Claims" encompassed by the MDL Settlement.*

Under the Settlement Agreement, all Settlement Class Members who did not validly opt out of the Settlement released all "Released Claims" against Equifax. *See* Settlement Agreement, Section 16.1. The term "Released Claims" is broadly defined to include:

> [A]ny claims, liabilities, rights, demands, suits, obligations, damages, including but not limited to consequential damages, losses or costs, punitive damages, attorneys' fees and costs, action or causes of action, penalties, remedies, of any kind or description—whether known or Unknown . . ., suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, administrative, statutory, or equitable—that relate to or arise from the Data Breach or the facts alleged in the [MDL] Actions.

*Id*. at Section 2.38. Plaintiffs' claims are indisputably "Released Claims" as they directly "relate to or arise from the Data Breach." *See, e.g.*, *Baker* Summons (alleging that "Equifax's wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff's personal data" as a result of the Data Breach).

> c. *The MDL Court's Final Order and Judgment bars Plaintiffs' claims.*

The MDL Court's Final Order and Judgment states that all Settlement Class Members:

> are hereby ***permanently barred and enjoined (including during the pendency of any appeal taken from th[e] Final Order and Judgment) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum***. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, th[e] Final Order and Judgment, and th[e] Court's authority to effectuate the Settlement Agreement, and is ordered in aid of th[e] Court's jurisdiction and to protect its judgments.

Final Order and Judgment, Section 19 (emphasis added). This anti-suit injunction was entered under the All Writs Act, 28 U.S.C. § 1651. *See Faught v. Am. Home Shield Corp.*, 660 F.3d 1289, 1292 (11th Cir. 2011) (holding All Writs Act was the "source from which the district court . . . derived the power to issue [anti-suit] injunction" in connection with class action settlement).

When settlement class members—like Plaintiffs here—violate an anti-suit injunction by filing state court lawsuits asserting claims they released in a class action, federal courts routinely issue orders specifically enjoining those settlement class members, under threat of contempt, from pursuing their state court actions. *See, e.g.*, *In re Sun Life Assur. Co. of Canada Ins. Litig.*, No. CIV. 2:95-05723 WJM, 2013 WL 3336791, at *7 (D.N.J. July 2, 2013) (enjoining settlement class member and her attorney from pursuing state court action asserting claims encompassed in class action settlement); *In re Managed Care Litig.*, No. 00-1334-MD, 2006 WL 8440834, at *3

Page 5

(S.D. Fla. May 8, 2006) (granting motion to enforce final approval order and allowing settlement class member 20 days to discontinue state court proceedings or else be subject to contempt proceedings); *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-21107-CIV, 2015 WL 3822315, at *5 (S.D. Fla. June 9, 2015) (ordering settlement class member to withdraw released claims asserted in state court action or otherwise be held in contempt); *see also Faught,* 660 F.3d at 1293 (violations of anti-suit injunctions "are enforced through the district court's civil contempt power").

Accordingly, your clients have violated and continue to violate the MDL Court's anti-suit injunction by filing their cases and prosecuting released claims in Mississippi Justice Court. Likewise, filing any additional cases on behalf of MDL Settlement Class Members who did not opt out of the Settlement would violate the MDL Court's injunction and subject those plaintiffs to contempt proceedings in federal court.

### III.     Equifax Intends to Seek Relief from the MDL Court.

Your clients have violated the MDL Court's Final Order and Judgment barring the prosecution of claims encompassed in the MDL Settlement. And they continue to do so despite Equifax's counsel having advised you—on numerous occasions—that your clients did not opt out of the MDL Settlement. Equifax therefore intends to seek relief from the MDL Court for violation of the anti-suit injunction in the Court's Final Order and Judgment and entry of an order requiring Plaintiffs to show cause as to why they should not be held in contempt for their violation of that Order. Equifax also intends to request that the MDL Court award it the fees and costs it is forced to incur in bringing its motion.

Please let us know immediately if your clients will agree to dismiss their cases (and to take necessary steps to vacate any judgments they may have improperly obtained to date) in order to avoid motion practice in the MDL Court. Given the time-sensitive nature of this matter—and the upcoming trials in a number of your clients' cases on July 28—we request that you advise us of your clients' position no later than by close of business on Monday, July 27.

Regards,

*/s/ S. Stewart Haskins II*

Page 6

cc:

Adam Stone, Jones Walker LLP (astone@joneswalker.com)
Kaytie M. Pickett, Jones Walker LLP (kpickett@joneswalker.com)
Amber L. Kipfmiller, Jones Walker LLP (akipfmiller@joneswalker.com)

John C. Toro, King & Spalding LLP (jtoro@kslaw.com)
Robert D. Griest, King & Spalding LLP (rgriest@kslaw.com)

| No | NAME | JUSTICE CASE # |
|---|---|---|
| 1 | Brown, Irene | 1002-200 |
| 2 | Bush, Gloria | 1002-202 |
| 3 | Campbell, Tiffany | 1002-205 |
| 4 | Chandler, Ciera | 1002-204 |
| 5 | Conner, Mary | 1002-201 |
| 6 | Jamison, Dannette | 1002-203 |
| 7 | Tate, Larry | 1001-539 |
| 8 | Bay, Mary | 1002-223 |
| 9 | Calhoun, Joann | 1002-221 |
| 10 | Hawkins, Eugene | 1002-220 |
| 11 | Lockett, Brenda | 1002-218 |
| 12 | Price, Deantonia | 1002-219 |
| 13 | Prince, Kizzie | 1002-222 |
| 14 | Hall, Shonreka | 1002-245 |
| 15 | Ivy, Jackie | 1002-244 |
| 16 | King, Pamela | 1002-243 |
| 17 | McMillian, Gloria | 1002-242 |
| 18 | Skinner, Ruth | 1002-241 |
| 19 | Wayne, Lee Flora | 1002-240 |
| 20 | Allen, Annie | 1002-250 |
| 21 | Baker, Colanda | 1002-253 |
| 22 | Barnett, Rochele | 1002-251 |
| 23 | Brooks, Patricia | 1002-252 |
| 24 | Calhoun, Ashley | 1002-269 |
| 25 | Calhoun, Jasmine | 1002-268 |
| 26 | Calhoun, Teronto | 1002-263 |
| 27 | Chandler, Linda | 1002-249 |
| 28 | Chandler, Tamra | 1002-248 |
| 29 | Clemons, Ada | 1002-254 |
| 30 | Clemons, Carlea | 1002-266 |
| 31 | Cotton, Debra | 1002-272 |
| 32 | Cotton, Louise | 1002-271 |
| 33 | Crook, Linda | 1002-265 |
| 34 | Crook, Samitria | 1002-264 |
| 35 | Cunningham, Lola | 1002-267 |
| 36 | Cunningham, Lorrie | 1002-270 |
| 37 | Davis, Tommy | 1002-255 |
| 38 | Edmonds, Betty | 1002-256 |
| 39 | Goodwin, Laterris | 1002-257 |
| 40 | Hibbler, Tony | 1002-262 |
| 41 | Jones, Debbie | 1002-259 |
| 42 | King, Stephen | 1002-261 |
| 43 | Metheny, Ashley | 1002-260 |

| | | |
|---|---|---|
| 44 | Shelton, Willie | 1002-258 |
| 45 | Clemons, Gloria | 1002-289 |
| 46 | Dora, Earlene | 1002-281 |
| 47 | Dora, Latita | 1002-283 |
| 48 | Dora, Nakimberian | 1002-280 |
| 49 | Gilkey, Annette | 1002-282 |
| 50 | Gilkey, Antonio | 1002-285 |
| 51 | Gilkey, Travis | 1002-286 |
| 52 | Glenn, Irene | 1002-287 |
| 53 | Goodwin, John | 1002-284 |
| 54 | Williams, Phynas | 1002-288 |
| 55 | Allen, Pearlie Mae | 1002-308 |
| 56 | Allen, Victory | 1002-307 |
| 57 | Anderson, Pearl | 1002-306 |
| 58 | Armistad, Willie | 1002-305 |
| 59 | Barnett, Henry | 1002-304 |
| 60 | Barnett, Mary | 1002-303 |
| 61 | Beamon, Quinton | 1002-302 |
| 62 | Beasley, Brenda | 1002-301 |
| 63 | Beck, Rosie | 1002-300 |
| 64 | Bennett, Sally | 1002-299 |
| 65 | Elston, Otha | 1002-326 |
| 66 | Ervin, Mary | 1002-327 |
| 67 | Florida, Lucille | 1002-320 |
| 68 | Foote, Ida | 1002-321 |
| 69 | Foote, Julia | 1002-324 |
| 70 | Foote, Mollie | 1002-323 |
| 71 | Forte, Lillie | 1002-322 |
| 72 | Frierson, Anthony | 1002-325 |
| 73 | Henley, Betty | 1002-318 |
| 74 | Holman, Gary | 1002-319 |