# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT |

### DECLARATION OF CHRISTOPHER D. AMUNDSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Christopher D. Amundson, declare as follows:

1.      I am a Project Manager at Analytics Consulting LLC ("Analytics"), a firm with offices in Chanhassen, Minnesota that provides consulting services relating to the design and implementation of class action and mass tort litigation settlements and notice programs.  I am responsible for Analytics' consulting services, including the implementation of the Notice Program in this matter.  The following statements are based on my personal knowledge and information provided to me in the regular course of business by other Analytics employees working under my supervision.  If called as a witness, I would testify as follows:

2.      Pursuant to its Preliminary Approval Order dated June 4, 2020 (ECF No. 1133), Analytics was appointed to serve as the Settlement Administrator with

responsibility for Claims Administration, the Notice Program, and all other obligations of the Settlement Administrator as set forth in the Settlement.[1]  I submit this Declaration in order to provide the Court and the parties to the Settlement with information regarding the execution of the Court-approved Notice Program, the mailing of notice in compliance with Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b) ("CAFA Notice"), and Claims Administration in accordance with the Settlement Agreement.

3.     In compliance with CAFA, CAFA notice relating to the above captioned case was timely served and sent to all appropriate authorities on May 29, 2020.  A copy of the CAFA notice sent is attached here as **Exhibit A**.

4.     Analytics was responsible for providing notice to Settlement Class Members. Specifically, pursuant to the Preliminary Approval Order, the Notice was to be mailed by first class mail, postage prepaid, to the last known address of each Settlement Class Member identified through records obtained by Class Counsel through discovery conducted of third parties.  Because of the nature of the Settlement

---

[1] All terms with initial capitalization not otherwise defined in this declaration shall have the meanings ascribed to them in the Settlement Agreement and Release dated May 15, 2020 (ECF No. 1107-4) (the "Settlement").

Class and the third-party discovery obtained by Class Counsel, the identity of and last known address for each Settlement Class Member was available to Analytics.

5.      Analytics received from Class Counsel files containing names and addresses of Financial Institutions determined through third-party discovery that was conducted during the course of the litigation to be members of the Settlement Class. The data was consolidated and de-duplicated and ingested into a single database, and was updated using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"); [2] certified via the Coding Accuracy Support System ("CASS");[3] and verified through Delivery Point Validation ("DPV").[4] This resulted in mailable address records for 2,904 Settlement Class Members.

6.      Analytics formatted the Notice and Claim Form and caused them to be printed, personalized with the name and address of each Settlement Class Member, posted for first-class mail, postage pre-paid, and delivered on July 6, 2020 to the

---

[2] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms, and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[3] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP + 4 coding systems.

[4] Records that are ZIP + 4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses, and reports exactly what is wrong with incorrect addresses.

DocuSign Envelope ID: 3E25E98F-77F0-4CED-B3EC-38D6418CA577

United States Postal Service ("USPS") for mailing. Copies of the Notice and Claim Form are attached here as **Exhibit B**.

7.     As of the date of this Declaration, the USPS has returned 6 Notices with an updated address for the Settlement Class Member (the period in which the USPS automatically forwards the notice had expired). Analytics re-mailed the Notices to these Settlement Class Members at their updated addresses. Two additional Notices were returned by the USPS as undeliverable. Of these undeliverable Notices, Analytics was not able to locate new addresses through a third-party commercial data source, Experian; both Notices remain undeliverable. Analytics estimates that Notice was successfully delivered to over 99% of the Class.

8.     In addition to the mailed notice, published notice in the form of the court approved Short Form Notice appeared in the ABA Banking Journal Digital Edition on July 6, 2020. The published notice ran for a period of 30 consecutive days, ending on August 5, 2020. A copy of the published notice is attached here as **Exhibit C**.

9.     Analytics established and is maintaining a toll-free phone number (1-855-968-4292) for the Settlement to provide Settlement Class Members with additional information regarding the Settlement. Automated messages were and continue to be available to Settlement Class Members 24-hours a day, 7-days a week, with live call

center representatives (agents) available during standard business hours.  The toll-free number became operational on July 6, 2020.  As of the date of this Declaration, Analytics has received a total of 40 telephone calls and 15 Settlement Class Members requested to speak with a customer service representative for assistance, all of whom have been responded to in a timely manner.

10.     Prior to mailing the Notice of Class Action Settlement, Analytics consulted with counsel for the parties to develop a format for the settlement website.  The website address was cited in all published notice materials as www.EquifaxFIDataBreachSettlement.com.  The website became live on July 6, 2020.  By visiting the settlement website, Class Members are able to read and download key information about the settlement and submit Claim Forms electronically.  As of the date of this Declaration, the website has received 2,686 page views from 1,373 unique users.

11.     In support of the Settlement Class Members, an e-mail address was designated and listed on the website as info@EquifaxFIDataBreachSettlement.com. As of the date of this Declaration, Settlement Class Members submitted 13 questions via e-mail, all of which have been promptly responded to and resolved.

13.     The Settlement Agreement provides that Settlement Class Members may submit via the website or by mail a completed Claim Form in order to seek a monetary settlement payment by December 31, 2020.   As of the date of this Declaration, Analytics has received 97 completed Claim Forms.

14.     The Settlement Agreement provides Settlement Class Members the option to request exclusion from the Settlement by September 2, 2020.  As of the date of this Declaration, Analytics has received a total of one (1) timely Request for Exclusion, which is attached here as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21 day of September 2020 in Minneapolis, Minnesota.

Christopher D. Amundson

# EXHIBIT A

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

David L. Balser
Partner
Direct Dial: +1 404 572 2782
dbalser@kslaw.com

May 29, 2020

To:   **ALABAMA ATTORNEY GENERAL
      STEVE MARSHALL
      501 WASHINGTON AVE
      PO BOX 300152
      MONTGOMERY, AL 36130-0152**

Re:   CAFA Notice for the Proposed Settlement in *In re: Equifax, Inc., Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.)

To Whom It May Concern:

Equifax Inc. and Equifax Information Services, LLC (collectively, "Equifax") hereby provide notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") of a proposed class action settlement ("Proposed Settlement") with respect to the claims brought by financial institutions ("Financial Institution Plaintiffs") in the above-captioned multidistrict litigation proceeding ("Action").

The Proposed Settlement resolves putative class claims brought against Equifax by the Financial Institution Plaintiffs on behalf of U.S. financial institutions impacted as a result of the data breach Equifax announced in September of 2017 ("Data Breach"). Equifax has denied, and continues to deny, the Financial Institution Plaintiffs' claims and all allegations of wrongdoing, fault, liability, or damage of any kind to the putative class members.

Accordingly, pursuant to 28 U.S.C. § 1715(b) Equifax provides the following information pertaining to the Proposed Settlement:

1. A copy of the Financial Institution Plaintiffs' Consolidated Amended Complaint filed in the Action (included on the enclosed CD). *See* 28 U.S.C. § 1715(b)(1).[1]

---

[1] After the U.S. Judicial Panel on Multidistrict Litigation ("JPML") established the Action in the U.S. District Court for the Northern District of Georgia for coordinated or consolidated pretrial proceedings among the hundreds of cases arising out of the Data Breach, the Court ordered the Financial Institution Plaintiffs to file a master amended consolidated complaint. *See* Case

May 29, 2020
Page 2

2. The hearing seeking preliminary approval of the Proposed Settlement is currently scheduled for June 4, 2020 and is to be conducted by telephone or videoconference. *See* 28 U.S.C. § 1715(b)(2); Notice of Videoconference Hearing, *In re: Equifax, Inc., Customer Data Security Breach Litig.*, Case No. 1:17-md-2800-TWT (N.D. Ga.), ECF No. 1121, attached.

3. A copy of the Financial Institution Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (included on the enclosed CD), which contains the following:

   a. The Settlement Agreement and Release between Equifax and the Financial Institution Plaintiffs (attached as Exhibit A to the Financial Institution Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement). *See* 28 U.S.C. § 1715(b)(4).

   b. A copy of the Proposed Claims Administration and Distribution Plan detailing the claims administration and payment distribution plan to class members (attached as Exhibit 1 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(3).

   c. A copy of the Proposed Long Form Notice to be mailed to class members (attached as Exhibit 2 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(3).

   d. A copy of the Proposed Short Form Notice to be published in the ABA Banking Journal (attached as Exhibit 3 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(3).

   e. A copy of the Proposed Claim Form to be provided to class members (attached as Exhibit 4 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(3).

   f. A copy of the Proposed Preliminary Approval Order (attached as Exhibit 5 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(4).

   g. A copy of the Proposed Final Order and Judgment (attached as Exhibit 6 to the Settlement Agreement and Release). *See* 28 U.S.C. § 1715(b)(6).

4. No other settlements or agreements have been contemporaneously made between class counsel and counsel for Equifax. *See* 28 U.S.C. § 1715(b)(5).

5. No final judgment or notice of dismissal has been entered in the Action with respect to the Financial Institution Plaintiffs' Consolidated Amended Complaint. *See* 28 U.S.C. § 1715(b)(6).

6. It is not feasible to provide the information described in 28 U.S.C. § 1715(b)(7)(A), in part because the class includes a nationwide class of U.S. Financial Institutions. Additionally,

---

Management Order No. 3 ("CMO-3"), *In re: Equifax, Inc., Customer Data Security Breach Litig.*, Case No. 1:17-md-2800-TWT (N.D. Ga.), ECF No. 248. The Financial Instution Plaintiffs then filed the Financial Institution Plaintiffs' Consolidated Amended Complaint on May 30, 2018.

May 29, 2020
Page 3

because distributions of benefits from the Proposed Settlement will be made in an amount determined by the Settlement Administrator and in accordance with the Settlement Agreement and Release, Equifax is unable at this time to estimate the proportionate share of the entire settlement to which the class members in each State will be entitled. *See* 28 U.S.C. § 1715(b)(7)(B). Only after the Settlement Administrator eventually calculates each Class Member's allocation of the net proceeds of the Settlement Amount pursuant to the Claims Administration and Distribution Plan will any proportionate recovery be subject to calculation – and even then, only based on the identity of Class Members who actually submit Claim Forms. Because of these circumstances, this notice is being transmitted to all State Attorneys General. Upon the conclusion of the claims process, the Claims Administrator will provide, if requested by you, the information described in 28 U.S.C. § 1715(b)(7).

If you have questions about this notice, the Proposed Settlement, or the enclosures, or if you did not receive or cannot access the above-listed materials, please contact counsel listed below.

Sincerely,

David L. Balser
KING & SPALDING LLP
1180 Peachtree Street N.E. Ste. 1600
Atlanta, GA 30309
Tel: (404) 572-2782
dbalser@kslaw.com

*Counsel for Equifax Inc. and*
*Equifax Information Services, LLC*

Enclosure: attachments and CD

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

# If your financial institution issued one or more payment cards identified as having been at risk as a result of the data breach that Equifax announced in 2017, it could get a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been proposed to resolve lawsuits against Equifax Inc. and Equifax Information Services LLC ("Equifax") brought by financial institutions and associations as a result of a third-party criminal cyberattack on Equifax, which was announced by the company in 2017 and affected payment cards belonging to approximately 209,000 consumers (the "Data Breach").

- The lawsuits, referred to collectively as the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.), assert claims on behalf of a class of financial institutions related to the Data Breach and Equifax's data security practices. These claims include alleged negligence, negligence per se, violations of various state unfair and deceptive trade practices statutes, and seek injunctive and declaratory relief. Equifax denies these allegations, any wrongdoing, and that it is liable in any amount to the financial institutions.

- Under the Settlement, Equifax will pay, on a claims-made basis, up to $5.5 million into an escrow account out of which the Settlement Administrator will make payments to Settlement Class Members who timely submit valid claims. Two types of claims may be made: "Fixed Payment Claims" and "Documented Out-of-Pocket Claims." A Settlement Class Member may make one or both types of Claims. The different types of Claims are explained later in this notice.

- In addition, Equifax has agreed to adopt and/or maintain certain practices related to its data security and to pay separately the costs of notice, settlement administration, and, if approved by the Court, up to $2 million in fees and $250,000 in costs and expenses to attorneys for the Settlement Class. In addition, if approved by the Court, Equifax will pay service awards of $1,500 to each class representative.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If eligible, your financial institution will receive a cash payment. This is the only way to get compensation from the Settlement. |
| **EXCLUDE YOUR FINANCIAL INSTITUTION** | If you ask to be excluded, you will not receive a cash payment, but you may be able to file your own lawsuit against Equifax for the same claims. This is the only option that leaves your financial institution the right to file its own lawsuit against Equifax and/or Defendants' Released Persons (defined in the Settlement Agreement) for the claims that are being resolved by the Settlement. In order to be effective, a request to be excluded from the Settlement must include all information required by the Settlement. |
| **OBJECT** | Your financial institution can remain in the Settlement Class and file an objection telling the Court why you do not like the Settlement. If your objections are overruled, your financial institution will be bound by the Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any cash payment. If you do nothing, you will also forfeit your right to sue or bring any claim against Equifax and/or Defendants' Released Persons related to the Data Breach. |

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................................ Page 2
    1.  Why did my financial institution get this notice package?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.......................................................................... Page 3
    5.  How does a financial institution know if it is part of the Settlement?
    6.  Are there exceptions to being included?
    7.  I am still not sure if my financial institution is included.

**THE SETTLEMENT BENEFITS**......................................................................................... Page 4
    8.  What does the Settlement provide?
    9.  How much will my financial institution's payment be?

**HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM** ................................. Page 5
    10.  How can my financial institution get payment?
    11.  When would my financial institution get its payment?
    12.  What is my financial institution giving up to get a payment or remain in the Settlement Class?

**EXCLUDING YOUR FINANCIAL INSTITUTION FROM THE SETTLEMENT** .................. Page 5
    13.  How can my financial institution opt out of the Settlement?
    14.  If my financial institution doesn't opt out, can it sue Equifax for the same thing later?
    15.  If my financial institution excludes itself, can it get money from this Settlement?

**THE LAWYERS AND FINANCIAL INSTITUTIONS REPRESENTING YOU** ..................... Page 6
    16.  Does my financial institution have a lawyer in the case?
    17.  How will the lawyers and financial institutions representing the class be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................ Page 7
    18.  How does a financial institution tell the Court that it does not like the Settlement?
    19.  What is the difference between objecting and excluding/opting out?

**THE COURT'S FINAL APPROVAL HEARING**............................................................. Page 8
    20.  When and where will the Court decide whether to approve the Settlement?
    21.  Does my financial institution have to attend the hearing?

**IF YOU DO NOTHING**..................................................................................................... Page 8
    22.  What happens if my financial institution does nothing at all?

**GETTING MORE INFORMATION**................................................................................ Page 8
    23.  How do I get more information?

## BASIC INFORMATION

### 1.  Why did my financial institution get this notice package?

Your financial institution may have issued payment cards identified in one of the alerts (or a similar document) sent out by Visa, MasterCard, American Express, or Discover related to the Data Breach.

The Court authorized this notice because you have a right to know about your financial institution's rights under a proposed class action settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a settlement administrator appointed by the Court will make the cash payments that the Settlement allows.

**Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com**

This package explains the lawsuits, the Settlement, your financial institution's rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Georgia, and the case is known as the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.). The financial institutions and associations who sued are called "Plaintiffs," and the companies they sued, Equifax Inc. and Equifax Information Services LLC, are the "Defendants."

## 2. What is this lawsuit about?

The lawsuits referred to collectively as the "Financial Institution Track" in I*n re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.), are related to the Data Breach and assert claims against Equifax for alleged negligence, negligence per se, violations of various state unfair and deceptive trade practices statutes, and injunctive and declaratory relief. The financial institutions seek to recover damages in the lawsuits for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs allegedly incurred as a result of the Data Breach. Equifax denies the allegations, any wrongdoing, and that it is liable in any amount to the financial institutions. The Court has not decided whether Equifax has any legal liability.

## 3. Why is this a class action?

In a class action, one or more entities called "class representatives" sue on behalf of themselves and other entities with similar claims. All of these entities together are the "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the settlement class.

## 4. Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Equifax. Instead, both sides agreed to the Settlement. The Settlement is not an admission that Equifax did something wrong, but rather a compromise to end the lawsuits. By agreeing to settle, both sides avoid the costs, risks, and uncertainties of a trial and related appeals, while providing benefits to members of the Settlement Class. The Settlement Class Representatives and the attorneys for the Settlement Class think the Settlement is best for all class members.

# WHO IS PART OF THE SETTLEMENT

## 5. How does a financial institution know if it is part of the settlement?

Your financial institution is a member of the Settlement Class and affected by the Settlement if:

- It is a financial institution in the United States (including its Territories and the District of Columbia); and
- It issued one or more "Alerted On Payment Card," which includes any payment card (including debit and credit cards) that was identified as having been at risk as a result of the Data Breach in the following alerts or similar documents issued by Visa, MasterCard, Discover, or American Express: (i) in an alert in the MasterCard series ADC 004129-US-17 (e.g., ADC 004129-US-17-1, ADC 004129-US-17-2, ADC 004129-US-17-3); (ii) in an alert in the Visa series US-2017-0448-PA (e.g., US-2017-0448a-PA, US-2017-0448b-PA, US-2017-0448c-PA); (iii) in alert American Express Incident Number C1709012512; and (iv) in a similar notice issued by Discover, the recipients of which were identified by Discover in discovery in the Action.

Specifically *excluded* from the Settlement Class are the Court, and any immediate family members of the Court; directors, officers, and employees of Defendants; parents, subsidiaries, and any entity in which Defendants have a controlling interest; and financial institutions who timely and validly request exclusion from the Settlement Class.

## 6. Are there exceptions to being included?

If your financial institution excludes itself from the Settlement, it is no longer part of the Settlement Class and will no longer be eligible to receive any of the Settlement benefits. This process of excluding your financial institution is also referred to as "opting out" of the Settlement.

## 7. I am still not sure if my financial institution is included.

If you are still not sure whether your financial institution is included, you can ask for free help. You can call 1-855-968-4292 or visit www.EquifaxFIDataBreachSettlement.com for more information. Or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS

### 8.  What does the settlement provide?

Under the Settlement, Equifax will fund, on a claims-made basis, a settlement of up to $5.5 million for Settlement Class Members who timely submit valid claims. Two types of Claims may be made: "Fixed Payment Claims," and "Documented Out-of-Pocket Claims." A Settlement Class Member may make one or both types of Claims. The two types of Claims are further explained in the next section.

In addition, Equifax has agreed to adopt and/or maintain certain practices related to its data security. If approved by the Court, Equifax will pay up to $2 million in fees and $250,000 in costs and expenses to attorneys for the Settlement Class. In addition, if approved by the Court, Equifax will pay service awards of $1,500 to each class representative. Costs of notice and settlement administration will also be paid by Equifax.

### 9.  How much will my financial institution's payment be?

If your financial institution issued an Alerted on Payment Card and does not "opt out" of the Settlement, it may be eligible for a payment under the Settlement. If your financial institution files a timely and valid Claim, the amount your financial institution receives will depend on the type of Claim(s) filed and other variables. The two types of Claims are described below:

- **Fixed Payment Claims:** All Settlement Class Members who submit a valid Claim are eligible to receive a cash payment of $4.50 for each Alerted on Payment Card they issued. Class Members making these claims must identify the total number of their Alerted On Payment Cards on their Claim Form, but are not required to provide any other documentation of their losses.

- **Documented Out-of-Pocket Claims:** Settlement Class Members who submit a valid Claim for reimbursement of certain types of documented, unreimbursed out-of-pocket expenses incurred directly as a result of, and specifically associated with, the Data Breach may receive up to $5,000 per Settlement Class Member. The amount received may be subject to pro-rata reduction as discussed below. This type of Claim must be supported by documentation. Documented Out-of-Pocket Claims can include claims for "Card-Related Fraud" and/or other types of direct, out-of-pocket expenses related to the Data Breach as described below. Claims are subject to review and approval by the court-appointed Settlement Administrator and there is no guarantee that a Documented Out-of-Pocket Claim will be approved.

  o   *Reimbursement for Fraudulent Activity on Alerted on Payment Cards:* A Settlement Class Member may submit a claim for the amount of reimbursements made to its customers for fraudulent activity on Alerted on Payment Cards ("Card-Related Fraud Award") that occurred between July 6, 2017 and December 20, 2017 and that have not previously been reimbursed to the Settlement Class Member.

    ■   A claim for a Card-Related Fraud Award shall be supported by documentation that demonstrates that: (1) the fraudulent activity occurred on an Alerted on Payment Card; (2) the fraudulent activity occurred between July 6, 2017 and December 20, 2017; (3) the Settlement Class Member making the claim reimbursed its customer within four months after being notified of the fraudulent activity; and (4) the fraudulent activity involved use of the type of payment card information that was stolen in the Data Breach. Satisfactory documentation may include, but is not limited to, correspondence with customers, correspondence with card brands regarding fraudulent activity on payment cards, payment card and/or bank statements, and police reports. No specific documentation shall be required, but the Settlement Administrator may reject any claims that, in the Settlement Administrator's discretion, are not substantiated with sufficient documentary evidence or are related to transactions that would require information not compromised in the Data Breach to complete.

  o   *Reimbursement for Other Direct Out-of-Pocket Expenses:* A Settlement Class Member may submit a claim for the following types of unreimbursed direct out-of-pocket expenses incurred directly as a result of, and specifically associated with, the Data Breach: (1) expenses actually incurred between May 13, 2017 and December 20, 2017 to reimburse customers for fraudulent banking activity that occurred as a direct result, and specifically because, of the Data Breach ("Non-Card Related Fraud Expense"); and (2) costs actually incurred between September 7, 2017 and December 20, 2017 for customer authentication or fraud detection services procured and/or implemented by the Settlement Class Member directly as a result of, and specifically in response to, the Data Breach ("Breach-Related Expenditures").

    ■   A claim for a Non-Card Related Fraud Expense shall be supported by the following documentation which will be set forth on the Claims Form: (1) bank statements, paid invoices or other documentation showing the timing and amounts of reimbursements which are being claimed; (2) documentation showing that the reimbursements were due to the fraudulent use of the reimbursed customer's PII of the type that was impacted in the Data Breach (i.e., name, address, birth date, Social Security Number, and/or driver's license number) (such as a police report, investigative report, or correspondence with the customer who received the reimbursement); and (3) an attestation explaining the basis for the claimant's assertion that the fraud for which the claimant seeks reimbursement occurred directly as a result, and specifically because, of the Data Breach, and stating that claimant has not previously been reimbursed for the expenses.

**Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com**

4

■ Any claim for a Breach-Related Expenditure shall be supported by the following documentation: (1) document/s showing amounts paid for the services and reflecting when the services were first purchased; (2) a description of the services for which reimbursement is being sought (such as a brochure or other descriptive materials from the service provider); and (3) an attestation explaining that the services were purchased directly as a result, and specifically because, of the Data Breach and were not purchased in response to any other data breach, regulatory requirement, or industry best practice.

Valid **Documented Out-of-Pocket Claims** will be paid after all valid **Fixed Payment Claims** have been paid. As a result, Documented Out-of-Pocket Claims may be subject to a *pro rata* reduction if the total of all valid claims exceeds $5.5 million. Settlement Class Members may submit one or both types of Claims, if applicable, and may submit multiple types of Documented Out-of-Pocket Claims, if applicable, but no Settlement Class Member will receive more than $5,000 total for Documented Out-of-Pocket Claims. Expenses typically associated with cancellation and reissuance of Alerted On Cards, such as the costs of printing and mailing new cards, do not qualify as Documented Out-of-Pocket Claims. The Fixed Payment Claims provide compensation for any expenses associated with the cancellation and reissuance of payment cards.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10.  How can my financial institution get payment?

To qualify for a payment, you must complete and submit a valid Claim Form, which is included with this Notice. You may also get this Claim Form on the internet at www.EquifaxFIDataBreachSettlement.com. All Settlement Class Members that wish to receive compensation must complete and submit a Claim Form and follow its instructions, including submitting supporting documentation as needed.

To properly complete and timely submit a Claim Form, you should read the instructions carefully, include all information required by the Claim Form, sign it, and either submit the signed Claim Form electronically through www.EquifaxFIDataBreachSettlement.com by **December 31, 2020** or mail it to the Settlement Administrator postmarked no later than **December 31, 2020** at the following address:

Equifax Data Breach Settlement
c/o Analytics Consulting LLC, Settlement Administrator
P.O. Box 2004
Chanhassen, MN 55317-2004

The Settlement Administrator will review your claim to determine its validity and the amount of your financial institution's payment.

### 11.  When would my financial institution get its payment?

The Court will hold a hearing on October 22, 2020 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved and resolving them takes time, perhaps more than a year. Payments to Settlement Class Members will be made after the Settlement is finally approved and any appeals or other required proceedings have been completed as set forth in the Settlement Agreement. You may visit www.EquifaxFIDataBreachSettlement.com for updates on the progress of the Settlement. Please be patient.

### 12.  What is my financial institution giving up to get a payment or remain in the Settlement Class?

Unless you exclude your financial institution from the Settlement, your financial institution cannot sue, or be part of any other lawsuit against, Equifax or Defendants' Released Persons (as defined in the Settlement) relating to the Data Breach. The specific claims your financial institution is giving up against Equifax and Defendants' Released Persons are described in the Settlement Agreement. The terms of the release are described in Section 9 of the Settlement Agreement. Read it carefully. The Settlement Agreement is available at www.EquifaxFIDataBreachSettlement.com.

If you have any questions, you can talk to the law firms listed in Question 16 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

If your financial institution wants to keep its rights to sue or continue to sue Equifax based on claims this Settlement resolves, your financial institution must take steps to exclude itself from the Settlement Class (*see* Questions 13-15).

## EXCLUDING YOUR FINANCIAL INSTITUTION FROM THE SETTLEMENT

### 13.  How can my financial institution opt out of the settlement?

To exclude your financial institution from the Settlement, or "opt out," you must send a letter by U.S. Mail that includes the information in the bullet points below. If you fail to include this information, the notice of exclusion will be ineffective and the Settlement Class Member will be bound by the Settlement, including all releases.

**Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com**

- The name of this Litigation (the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.));

- Your financial institution's full name, address, and phone number;

- The words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement;

- The name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and

- The total number of Alerted on Payment Cards issued by your financial institution.

You must mail via first class postage prepaid United States mail the completed above-described letter, postmarked no later than **September 2, 2020**, to each of the following addresses:

| **Settlement Administrator** | **Settlement Class Counsel** | **Defense Counsel** |
|---|---|---|
| Equifax Data Breach Settlement | Joseph P. Guglielmo | S. Stewart Haskins II |
| c/o Analytics Consulting LLC | SCOTT+SCOTT ATTORNEYS | KING & SPALDING LLP |
| Settlement Administrator |   AT LAW LLP | 1180 Peachtree Street, N.E. |
| P.O. Box 2004 | 230 Park Avenue, 17th Floor | Atlanta, GA 30309 |
| Chanhassen, MN 55317-2004 | New York, NY 10169 | |
| | | |
| | Gary F. Lynch | |
| | CARLSON LYNCH LLP | |
| | 1133 Penn Avenue, 5th Floor | |
| | Pittsburgh, PA 15222 | |

If you ask to be excluded, your financial institution will not get any payment as part of this Settlement, and you cannot object to this Settlement. Your financial institution will not be legally bound by anything that happens in the Settlement and related proceedings. Your financial institution may be able to sue (or continue to sue) Equifax in the future. If you object to the Settlement and seek to exclude your financial institution, you will be deemed to have excluded your financial institution.

## 14.  If my financial institution doesn't opt out, can it sue Equifax for the same thing later?

No. Unless you exclude your financial institution from the Settlement, your financial institution gives up any right to sue Equifax and Defendants' Released Persons (as defined in the Settlement Agreement) for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. Your financial institution must exclude itself from this Settlement to continue its own lawsuit. Remember, the exclusion deadline is **September 2, 2020**.

## 15.  If my financial institution excludes itself, can it get money from this Settlement?

No. If you exclude your financial institution, do not send in a Claim Form asking for a payment.

## THE LAWYERS AND FINANCIAL INSTITUTIONS REPRESENTING YOU

## 16.  Does my financial institution have a lawyer in the case?

Yes. The Court appointed to represent your financial institution and other members of the Settlement Class the following law firms: Carlson Lynch, LLP, in Pittsburgh, Pennsylvania; and Scott+Scott Attorneys at Law, LLP, in New York, New York ("Class Counsel."). You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17.  How will the lawyers and financial institutions representing the Settlement Class be paid?

Class Counsel joined with other law firms around the country to initiate the lawsuits, consolidate them into a single action, and prosecute the Financial Institutions Track on behalf of the Plaintiffs and Settlement Class Members. Class Counsel worked on a contingent basis, which means that they would receive a fee only if the lawsuits were successful. None of the lawyers has yet received any payment for their time or expenses. The lawyers intend to ask the Court to approve an award of $2 million, to be paid separately by Equifax, as attorneys' fees to compensate them for their time and the financial risk that they undertook. In addition, the lawyers intend to ask the Court to approve a payment of $250,000 from Equifax to reimburse Class Counsel for their out-of-pocket costs and expenses. Equifax has agreed not to object to these requests.

The Settlement Class is represented by 21 named financial institutions (the "Settlement Class Representatives"). In addition to the benefits that the Settlement Class Representatives will receive as members of the Settlement Class — and subject to the approval of the

Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com

6

Court — Equifax has agreed to pay service awards of $1,500 to each of the Settlement Class Representatives for the efforts that they have expended on behalf of the Settlement Class. The amount of the service awards approved by the Court will be paid separately by Equifax.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel and the proposed service awards to the Settlement Class Representatives at the Final Approval Hearing scheduled for October 22, 2020. Class Counsel will file an application for fees, expenses, and service awards no later than August 19, 2020. The application will be available on the Settlement Website www.EquifaxFIDataBreachSettlement.com or you can request a copy by contacting the Settlement Administrator (*see* Question 23).

## OBJECTING TO THE SETTLEMENT

### 18.  How does my financial institution tell the Court that it does not like the Settlement?

If your financial institution is a Settlement Class Member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views. If you both object to the Settlement and seek to exclude your financial institution, your financial institution will be deemed to have excluded itself and your objection will be deemed null and void.

Your objection must be in writing, and must include:

- The name of this Litigation: *In re: Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-2800-TWT (N.D. Ga.) ("Financial Institution Track");

- Your financial institution's full name, and the full name, address, email address, and telephone number of the person acting on its behalf;

- An explanation of the basis for why your financial institution is a Settlement Class Member;

- Whether the objection applies only to your financial institution, to a specific subset of the Settlement Class, or to the entire Settlement Class;

- All grounds for the objection stated with specificity, accompanied by any legal support for the objection;

- The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorney's fees, costs, and expenses, or the application for Service Awards;

- The identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

- A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

- ***All other information specified in the Preliminary Approval Order*** (available on the settlement website, www.EquifaxFIDataBreachSettlement.com, including but not limited to information relating to any objections you or your counsel have filed in other class action litigation and any agreements that relate to your objection; and

- Your signature on the written objection.

Any objection must be either filed electronically with the Court or mailed to the Clerk of the Court, Class Counsel, *and* Equifax's counsel at the addresses set forth below. The objection must be electronically filed, or if mailed postmarked, no later than **September 2, 2020**.

| **Court** | **Settlement Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court | Joseph P. Guglielmo | S. Stewart Haskins II |
| USDC, Northern District of Georgia | SCOTT+SCOTT ATTORNEYS | KING & SPALDING LLP |
| Richard B. Russell Federal Bldg. | AT LAW LLP | 1180 Peachtree Street, N.E. |
| 2211 United States Courthouse | 230 Park Avenue, 17th Floor | Atlanta, GA 30309 |
| 75 Ted Turner Drive, SW | New York, NY 10169 | |
| Atlanta, GA 30303-3309 | | |
| | Gary F. Lynch | |
| | CARLSON LYNCH LLP | |
| | 1133 Penn Avenue, 5th Floor | |
| | Pittsburgh, PA 15222 | |

In addition, any Settlement Class Member that objects to the proposed Settlement Agreement may be required to appear for deposition regarding the grounds for its objection, and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

**Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com**

**19.  What is the difference between objecting and excluding/opting out?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the benefits provided by the Settlement or other terms of the Settlement only if your financial institution stays in the Settlement Class. Excluding your financial institution or "opting out" is telling the Court that you don't want to be included in the Settlement Class. If your financial institution excludes itself, you have no basis to object to the Settlement and related releases because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**20.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing on October 22, 2020, at 2:00 p.m., in Courtroom 2108 before Chief United States District Judge Thomas W. Thrash, Jr. of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, or at such other time, location, and venue as the Court may Order. This hearing date and time may be moved. Please refer to the settlement website, www.EquifaxFIDataBreachSettlement.com for notice of any changes.

By no later than August 19, 2020 Class Counsel shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses and for Service Awards. Objectors, if any, shall file any response to Class Counsel's motions no later than October 5, 2020. By no later than October 5, 2020, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

At the Final Approval Hearing, the Court will consider, among other things, whether the Settlement is fair, reasonable, and adequate; how much Plaintiffs' lawyers will receive as attorneys' fees and costs and expenses; and whether to approve service awards to the Settlement Class Representatives. If there are objections, the Court will consider them. The Court will listen to people at the hearing who file in advance a timely notice of their intention to appear (*see* Question 18). At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

**21.  Does my financial institution have to attend the hearing?**

No. Class Counsel will answer questions the Court may have. You are welcome, however, to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you submitted your objection timely and in accordance with the requirements for objecting set out of the Settlement (*see* Question 18), the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**22.  What happens if my financial institution does nothing at all?**

If your financial institution is a Settlement Class Member and does nothing, it will remain a part of the Settlement Class but will not get any payments from the Settlement. And, unless your financial institution excludes itself, it will not be able to sue Equifax about the claims being resolved through this Settlement ever again. See the Settlement Agreement for more details about the releases

## GETTING MORE INFORMATION

**23.  How do I get more information?**

This notice summarizes the Settlement. More details are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement at www.EquifaxFIDataBreachSettlement.com or from the Settlement Administrator by calling toll-free 1-855-968-4292.

***Please do not contact the Court or Equifax with questions about the Settlement.***

**Questions? Call 1-855-968-4292 toll free, or visit www.EquifaxFIDataBreachSettlement.com**

8

**Equifax Financial Institution Data Breach Settlement**
**c/o Analytics Consulting LLC, Settlement Administrator**
**P.O. Box 2004**
**Chanhassen, MN 55317-2004**

## CLAIM FORM

ABC1234567890

ABC FINANCIAL INSTITUTION
123 MAIN ST
ANYTOWN, ST 12345

Claim Number: 1111111

PIN: a!b@c#d$

---

COMPLETE AND SIGN THIS FORM AND SUBMIT ONLINE NO LATER THAN **DECEMBER 31, 2020** at:

www.EquifaxFIDataBreachSettlement.com

**OR**

SUBMIT BY MAIL POSTMARKED BY **DECEMBER 31, 2020** at:

Equifax Financial Institution Data Breach Settlement
c/o Analytics Consulting LLC, Settlement Administrator
P.O. Box 2004
Chanhassen, MN 55317-2004

---

• Use this form if your financial institution is a Settlement Class Member that is entitled to make a claim under the Settlement. For more information about who is a Settlement Class Member and details about the Settlement, see www.EquifaxFIDataBreachSettlement.com.

• To make a claim, first, fill out the "Settlement Class Member Information" on the next page, regardless of the type of Claim you are making.

• After the Settlement Class Member Information section, this form has two parts. You should fill out Part I if your financial institution wants to make a "Fixed Payment Claim" and be eligible to receive a fixed payment of $4.50 per Alerted on Card. No documentation is needed for Part I, but you must provide the total number of Alerted on Payment Cards issued by your institution.

• You should fill out Part II if your financial institution wants to make a "Documented Out-of-Pocket Claim," and be eligible to receive up to $5,000 as reimbursement for certain types of expenses incurred directly as a result of, and specifically associated with, the Equifax Data Breach (subject to potential *pro rata* reduction depending on the amount of valid claims). To validly complete a Documented Out-of-Pocket Claim, you will need to provide documentation to support your claim, as further explained below. The claim is subject to review and validation by the Settlement Administrator and there is no guarantee that your Documented Out-of-Pocket Claim will be approved.

• Your institution may file just one or both types of Claim, but if you intend to file a claim in Part II, you must still complete Part I to verify that you are a Settlement Class Member.

• Please note that Settlement benefits will be distributed only after the Settlement is effective.

**Materials to Gather to Complete a Fixed Payment Claim (Part I):**  The number of payment card accounts your financial institution issued that were identified as having been at risk as a result of the Data Breach in an alert (i) in the MasterCard series ADC 004129-US-17 (e.g., ADC 004129-US-17-1, ADC 004129-US-17-2, ADC 004129-US-17-3); (ii) in the Visa series US-2017-0448-PA (e.g., US-2017-0448a-PA, US-2017-0448b-PA, US-2017-0448c-PA); (iii) in the American Express Incident Number C1709012512; (iv) in a similar notice issued by Discover, the recipients of which were identified by Discover in discovery in the Action.

**Materials to Gather to Complete a Documented Out-of-Pocket Claim (Part II):**  First, gather the same information identified immediately above and complete Part I to verify that you are a Settlement Class Member. Then You will need to provide supporting documentation depending on the type of out-of-pocket expenses you seek reimbursement for. Please read the following carefully:

1. If your institution made reimbursements to its customers/members for fraudulent activity on Alerted on Payment Cards that occurred between July 6, 2017, and December 20, 2017, you may make a claim for a "**Card-Related Fraud Award**" if you have not been previously reimbursed for that loss. In order for your claim to be considered, you must provide documentation that demonstrates:

    (1) the fraudulent activity occurred on an Alerted on Payment Card;

    (2) the fraudulent activity occurred between July 6, 2017 and December 20, 2017;

    (3) you reimbursed your customer/member within four months after being notified of the fraudulent activity; and

    (4) the fraudulent activity involved use of the payment card information that was stolen in the Data Breach. Satisfactory documentation may include, but is not limited to, correspondence with customers, correspondence with card brands regarding fraudulent activity on payment cards, payment card and/or bank statements, and police reports.

2. If you incurred actual expenses between May 13, 2017 and December 20, 2017 to reimburse a customer/member for fraudulent banking activity that occurred as a direct result of, and specifically because of, the Equifax Data Breach, you may make a claim for a "**Non-Card Related Fraud Expense**" by providing the following documentation:

    (1) bank statements, paid invoices or other documentation showing the timing and amounts of reimbursements which are being claimed;

    (2) documentation showing that the reimbursements were due to the fraudulent use of the reimbursed customer's PII of the type that was impacted in the Data Breach (i.e., name, address, birth date, Social Security Number, and/or driver's license number) (such as a police report, investigative report, or correspondence with the customer who received the reimbursement); and

    (3) an attestation explaining the basis for your assertion that the fraud for which the you seek reimbursement occurred directly as a result, and specifically because, of the Data Breach, and stating that you have not previously been reimbursed for the expenses.

3. If your institution incurred actual costs between September 7, 2017 and December 20, 2017 for customer/member authentication or fraud detection services you procured and/or implemented directly as a result of, and specifically in response to, the Equifax Data Breach, you may make a claim for a "**Breach-Related Expenditure**." To do so, provide the following documentation:

    (1) document/s showing amounts paid for the services and reflecting when the services were first purchased;

    (2) a description of the services for which reimbursement is being sought (such as a brochure or other descriptive materials from the service provider); and

    (3) an attestation explaining that the services were purchased directly as a result, and specifically because, of the Data Breach and were not purchased in response to any other data breach, regulatory requirement, or industry best practice.

## ** <u>ALL CLAIMANTS MUST COMPLETE THE SECTION BELOW</u> **

### SETTLEMENT CLASS MEMBER INFORMATION

Name of Financial Institution / Settlement Class Member

Name of Person Filling Out This Form
*First Name*      *M.I.*    *Last Name*

Your Title in the Financial Institution

Mailing Address

City     State    Zip Code

Daytime Phone

Email Address *(if provided, we will communicate primarily by email about your claim)*

## PART I – FIXED PAYMENT CLAIM

<u>CERTIFICATION OF PAYMENT CARDS:</u> Please complete all parts of the question below:

**Is your financial institution the issuer of one or more payment cards that were identified in any of the categories of alerts or similar documents below?** *(Check All Applicable Boxes Below.)*

If you check "YES" for any category of alert(s) (or similar documents), indicate how many payment card accounts your financial institution issued that were identified in the referenced alert(s) or similar documents. For purposes of completing this form, please note that a payment card number can have only one corresponding payment card account, even if your financial institution issued multiple payment cards bearing the card number.

| | |
|---|---|
| **(a) Visa alert(s) in the US-2017-0448-PA series** | ☐ YES   ☐ NO |
| Number of Issued Accounts Identified in These Alerts: | ☐☐☐☐☐☐☐ |

| | |
|---|---|
| **(b) MasterCard alert(s) in the ADC 004129-US-17 series** | ☐ YES   ☐ NO |
| Number of Issued Accounts Identified in These Alerts: | ☐☐☐☐☐☐☐ |

| | |
|---|---|
| **(c) Discover alert(s) for Equifax** | ☐ YES   ☐ NO |
| Number of Issued Accounts Identified in These Alerts / Documents: | ☐☐☐☐☐☐☐ |

| | |
|---|---|
| **(d) American Express Incident Number C1709012512** | ☐ YES   ☐ NO |
| Number of Issued Accounts Identified in These Alerts / Documents: | ☐☐☐☐☐☐☐ |

**If you are unable to answer YES to any part of Question 1 then your financial institution is not a Settlement Class Member and is not eligible to participate in <u>any</u> part of this Settlement. Please do not submit a form.**

## <u>SIGN THE CLAIM FORM ON THE LAST PAGE</u>

## PART II – DOCUMENTED OUT-OF-POCKET CLAIM

**PART II MUST BE COMPLETED ONLY IF YOU WANT TO MAKE A DOCUMENTED OUT-OF-POCKET CLAIM. IF YOU ONLY WANT TO MAKE A FIXED PAYMENT CLAIM, YOU CAN SKIP THIS SECTION BUT YOU STILL NEED TO SIGN YOUR CLAIM FORM.**

**You may list as many expenses as you can document. However, the maximum amount that a Settlement Class Member can receive for these Claims is $5,000. Depending on the amount of Claims received, your Claim may be reduced on a prorated basis.**

| | |
|---|---|
| 1. Were you able to state in Part I that your institution issued at least one Alerted on Card?<br><br>**If the answer is no, your institution is not a Settlement Class Member. Please do not submit a claim form.** | ☐ YES   ☐ NO |

| | |
|---|---|
| 2. Did your institution reimburse any of its customers/members for fraudulent activity on Alerted on Payment Cards that occurred between July 6, 2017, and December 20, 2017, that was directly as a result of, and specifically associated with, the Equifax Data Breach and which has not previously been reimbursed to your institution?<br><br>If so, state the total amount you reimbursed to customers/members in the box:<br><br>You will need to provide documentation. Please refer to the Instructions regarding acceptable documentation for a "**Card-Related Fraud Award.**" Attach the supporting documentation for your claim, including a document describing what you have attached for this claim. Clearly label the documentation (e.g., with a cover sheet) and keep it separate from documentation submitted for other forms of out-of-pocket costs. | ☐ YES   ☐ NO<br><br>$ ⬚ |

## PART II – DOCUMENTED OUT-OF-POCKET CLAIM, CONTINUED

3. Did your institution incur actual expenses between May 13, 2017 and December 20, 2017 to reimburse any of its customers/members for fraudulent banking activity (not card-related) that occurred as a direct result of, and specifically because of, the Equifax Data Breach?

☐ YES    ☐ NO

$ [            ]

If so, state the amount you reimbursed to customers/members in the box:

You will need to provide documentation, including an attestation. Please refer to the Instructions regarding acceptable documentation for a "**Non-Card Related Fraud Expense**." Attach the supporting documentation for your claim, including a document describing what you have attached for this claim. Clearly label the documentation (e.g., with a cover sheet) and keep it separate from documentation submitted for other forms of expenses.

4. Did your institution incur actual costs between September 7, 2017 and December 20, 2017 for customer authentication or fraud detection services you procured and/or implemented directly as a result of, and specifically in response to, the Equifax Data Breach?

☐ YES    ☐ NO

$ [            ]

If so, state the amount you spent in the box:

You will need to provide documentation, including an attestation. Please refer to the Instructions regarding acceptable documentation for a "**Breach-Related Expenditure**." Attach the supporting documentation for your claim, including a document describing what you have attached for this claim. Clearly label the documentation (e.g., with a cover sheet) and keep it separate from documentation submitted for other forms of expenses.

## SIGN THE CLAIM FORM BELOW

## SIGN CLAIM FORM

By submitting this Claim Form, the above-named Settlement Class Member certifies that it is eligible to make a claim in this settlement and that the information provided in this claim form is true and correct. The Duly Authorized Representative of the Settlement Class Member declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. The above-named Settlement Class Member understands that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from Settlement Class Member. The representative signing this form certifies that it has authority to submit the form on behalf of the above-named Settlement Class Member.

_____

**Signature of Duly Authorized Representative of Settlement Class Member**

M M – D D – Y Y Y Y
[  ] [  ] [  ] [  ]

**Date Signed**

_____

**Print Name**

_____

**Title**

### CLAIM SUBMISSION REMINDERS

- You may submit your claim by mail or through the website at www.EquifaxFIDataBreachSettlement.com.

- Please keep a copy of this claim form if submitting by mail.

- If you are making a claim in Part II, please be sure to follow the Instructions and include the required types of documentation. Clearly label and describe the documentation (e.g., with a cover sheet), and group documentation separately for different types of expenses.

- Claims must be submitted through the website by **December 31, 2020** or mailed so they are postmarked, by **December 31, 2020**.

# EXHIBIT C

Legal Notice – Equifax, Inc. Customer Data Security Breach Litigation

ON JULY
6, 2020
SORED
ONSORED

## <u>LEGAL NOTICE</u>

**If your financial institution issued one or more payment cards identified as having been at risk as a result of the data breach that Equifax announced in 2017, it could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer. Your financial institution's legal rights are affected whether you act or don't act. Read this notice carefully.*

A settlement has been proposed to resolve lawsuits brought against Equifax Inc. and Equifax Information Services LLC ("Equifax") by a putative class of financial institutions as a result of a thirdparty criminal cyberattack on Equifax, which was announced by the company in 2017 and affected payment cards belonging to approximately 209,000 consumers (the "Data Breach"). If your financial institution ("you") qualifies, you may send in a claim form to get benefits, or you can exclude yourself from the Settlement, or object to it. The United States District Court for the Northern District of Georgia authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the Settlement.

**Who Is Included?**

You are a member of the Settlement Class and affected by the settlement if:
(1) You are a financial institution in the United States (including its Territories and the District of Columbia); **and**
(2) You issued one or more payment cards (including debit and credit cards) identified as having been at risk as a result of the Data Breach in an alert or similar document by Visa, MasterCard, Discover, or American Express ("Alerted on Card"). (See the Settlement Website, www.EquifaxFIDataBreachSettlement.com, for more details as to the payment cards that are included.)

**What Is This Case About?**

The lawsuits, referred to collectively as the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga.), are related to the Data Breach and assert claims against Equifax for alleged negligence, negligence per se, violations of various state unfair and deceptive trade practices statutes, and injunctive and declaratory relief. The financial institutions seek to recover damages in the lawsuits for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs

allegedly incurred as a result of the Data Breach. Equifax denies these allegations, any wrongdoing, and says that it did not do anything wrong.

## What Does the Settlement Provide?

Under the Settlement, Equifax will pay, on a claims-made basis, up to $5.5 million into an escrow account for payments to Settlement Class Members who timely submit valid claims. Two types of Claims may be made: "Fixed Payment Claims," and "Documented Out-of-Pocket Claims." A Settlement Class Member may make one or both types of Claims. For Fixed Payment Claims, eligible Settlement Class Members who submit a valid Claim will receive $4.50 per Alerted on Card. For Documented Out-of-Pocket Claims,

Settlement Class Members may receive up to $5,000 if they file a valid Claim for reimbursement of certain out-of-pocket expenses incurred as a direct result of the Data Breach. Documented Outof-Pocket Claims must be supported by documentation and may be reduced on a prorated basis depending on the amount of claims received. More information about the types of Claims and the information required to file them is available at the Settlement Website.

In addition, Equifax has agreed to adopt and/or maintain certain practices related to its data security. If approved by the Court, Equifax will pay up to $2 million in fees and $250,000 in expenses and costs to attorneys for the Settlement Class. In addition, if approved by the Court, Equifax will pay service awards of $1,500 to each class representative. Costs of settlement administration and notice will also be paid separately by Equifax.

## How Do You Ask for a Payment?

A detailed notice and Claim Form package contains everything you need. Just call the number or visit the website below to get one. To qualify for a payment, you must send in a complete and valid Claim Form, which can be submitted electronically or by mail. Claim Forms must be submitted electronically, and if mailed postmarked, by **December 31, 2020**.

## What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must exclude yourself by **September 2, 2020**or you will not be able to sue, or continue to sue, Equifax or any other Defendants' Released Persons (as defined in the Settlement Agreement) for any of the claims resolved by the Settlement. To exclude yourself, you must provide all required information. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class but wish to object, you must do so by **September 2, 2020**. Details for excluding yourself or objecting to the Settlement can be found in the Settlement Agreement available on the Settlement Website.

The Court will hold a hearing in this case on **October 22, 2020**, at 2:00 p.m. to consider whether to approve the Settlement. At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for Service Awards to the Settlement Class Representatives for their time participating in the case. You may ask to appear at the hearing, but you do not have to.

**Want More Information?**

For more information, call toll free at 1-855-968-4292 or visit the website at www.EquifaxFIDataBreachSettlement.com

# **EXHIBIT D**

EFI000027B947



**RE: REQUEST FOR EXCLUSION**


Equifax Data Breach Settlement
c/o Analytics Consulting, LLC
Settlement Administrator
P.O. Box 2004
Chanhassen, MN  55317-2004


August 28, 2020

To Whom It May Concern:

This letter serves to inform the receiver of our request for exclusion from the class action lawsuits, referred to collectively as the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga).

Michigan Schools and Government Credit Union was originally notified of the breach through Visa CAMS alert, file name US-2017-0448-PA (series 'a' and series 'b').  From these alerts, the Credit Union had a total number of twenty-two Alerted on Payment Cards.

The request for exclusion is written on behalf of Michigan Schools and Government Credit Union; headquarter office located at 40400 Garfield Road, Clinton Township, MI, 48038.  The phone number of the Credit Union is 586-263-8800.

Feel free to reach out to me with any follow-up questions or concerns.



Sincerely,

Norman J. Hedges
Lending Product Manager
Michigan Schools and Government Credit Union
4555 Investment Drive
Troy, MI  48098
Email:  nhedges@msgcu.org
Phone #:  586-263-8800, ext. 565

---

40400 Garfield Road, Clinton Township, MI 48038                    **w** msgcu.org  **p** 866.674.2848  **f** 586.263.8285



MICHIGAN
SCHOOLS & GOVERNMENT
CREDIT UNION

40400 Garfield Road,
Clinton Township, MI 48038

*Address Service Requested*

5531732004 B050

NEOPOST
08/31/2020
US POSTAGE $000.50°
FIRST-CLASS MAIL

ZIP 48098
041M11290534