# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: Equifax, Inc. Customer Data Security Breach Litigation | ) MDL Docket No. 2800 <br> ) Case No.: 1:17-md-2800-TWT <br> ) <br> ) This document relates to: <br> ) <br> ) FINANCIAL INSTITUTIONS TRACK <br> ) |

## FINAL APPROVAL ORDER AND JUDGMENT

On June 4, 2020, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF 1133) of the Settlement between the Financial Institution Plaintiffs, on their own behalf and on behalf of the Settlement Class, and the Association Plaintiffs (collectively, "Plaintiffs"), and the Defendants Equifax Inc. and Equifax Information Services LLC (collectively, "Defendants" or "Equifax"), as memorialized in Exhibit A (ECF 1107-4) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On July 6, 2020, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

On August 19, 2020, Class Counsel filed their Application for Attorneys' Fees, Expenses and Service Awards and accompanying Memorandum of Law and supporting exhibits ("Fee Application") (ECF 1157); and on September 21, 2020, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits (ECF 1182);

On October 22, 2020, the Court held a final approval hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaint with prejudice. Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order (ECF 1182-2). Therefore, the Court is satisfied that Settlement Class Members were effectively notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of Service Awards. No Settlement Class Member filed objections to the Final Approval Motion or Fee Application, and no Settlement Class Member asked to be heard at the final approval hearing;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of

Class Counsel and counsel for Equifax, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable consistent with Fed. Rule Civ. P. 23 and the factors set forth by this Circuit in *Bennett v. Behring*, 737 F.2d 982 (11th Cir. 1984), having considered the application made by Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing in the record and Plaintiffs' Final Approval Motion is **GRANTED**, and Class Counsel's Fee Application is **GRANTED**; and:

    **IT IS HEREBY ORDERED THAT:**

    1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

    2.    The Settlement was entered into in good faith following arm's-length negotiations, which included negotiations before a well-respected mediator, and is non-collusive.

    3.    The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court believes that the Settlement is an excellent result and the relief is fair, reasonable and

adequate, particularly considering the range of possible recovery compares favorably with other data breach litigation settlements on behalf of Financial Institutions.  The Court finds that the significant risks, costs, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, further support the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement. The Court finds that Class Counsel adequately represented the class and was informed of the value of the case prior to Settlement.  The Court finds that the Class Representatives adequately represented the class by engaging in discovery, attending settlement negotiations, and reviewing and approving the Settlement.

4. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Notice Program was effective.  The Court finds that the Settlement is in all respects fair, reasonable, and in the best interests of the Settlement Class.  The Court finds that the lack of any objections and only one Class Member choosing to opt out of the Settlement provides evidence of the Class's support for the Settlement.  Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7. No objections were filed by Settlement Class Members. The Court finds that this fact weighs in favor of approving the Settlement.

8. All persons and entities which have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9. The document submitted by the putative Settlement Class Member who has timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Member") has been submitted to the Court as Exhibit D to the Declaration of Christopher Amundson. Mr. Amundson's declaration was submitted as Exhibit 1 to Plaintiff's Motion for Final Approval of the class action settlement, filed in advance of the final approval hearing. This document is attached as Exhibit A to this Order. The person and/or entity listed in Exhibit A is not bound by the Settlement, this Final Approval Order and Judgment, and is not entitled to any of the benefits under the Settlement. The Opt-Out Member listed in Exhibit A shall be deemed not to be a Releasing Party.

## CLASS CERTIFICATION

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All Financial Institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (including debit or credit cards) identified in a card brand notice issued in connection with the data breach announced by Equifax on September 7, 2017 (the "Security Incident") (collectively, the "Alerted on Payment Cards"[2]).
>
> Excluded from the class are the Court, and any immediate family members of the Court; directors, officers, and employees of Defendants; parents, subsidiaries, and any entity in which Defendants have a controlling interest; and Financial Institutions who timely and validly request exclusion from the Settlement Class.

11. The Court finds that the Rule 23 factors are met. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives have fairly and adequately protected the interests of the class and have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that

---

[2] As further defined in ¶ 2.1 of the Settlement Agreement.

common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of the Financial Institution Plaintiffs as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment, pursuant to Rule 23(g), of Joseph P. Guglielmo of Scott+Scott Attorneys at Law, LLP and Gary F. Lynch of Carson Lynch, LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the Notice Program, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval

Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15. The Court finds that Equifax has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

16. The Court has considered Class Counsel's Motion for attorneys' fees, costs, and expenses, and for Service Awards.

17. Pursuant to Rule 23(h) and relevant Eleventh Circuit authority, the Court awards Class Counsel $2,000,000 as an award of reasonable attorneys' fees, and $250,000 as an award of costs and expenses to be paid by Equifax in accordance with the Settlement. The Court finds this amount of fees, costs, and expenses to be fair, reasonable and supported by the relevant Rule 23 factors and case law. The award of attorneys' fees is approximately 25% of the constructive common fund and is appropriate considering the factors set forth by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), including the time and labor involved, the novelty and difficulty of the factual and legal questions involved, the skill required and the experience, reputation and ability of Class Counsel. The Court further finds that the fee is within range of the customary fees and is supported by the lodestar cross-check. Class Counsel's quarterly time reports indicate that counsel for the Financial Institution Plaintiffs spent nearly 20,000 hours on the investigation,

litigation, and settlement of this matter. The requested attorneys' fees result in an average hourly rate of roughly $100 per hour, which is only a fraction of counsel's customary hourly rates, as stated in Class Counsel's declarations. Class Counsel's request for approval of $250,000 in expense reimbursements is also supported by Class Counsel's representations that they incurred over $278,000 in necessary and reasonable expenses.  This award of attorneys' fees, costs, and expenses, shall be paid by Defendants in accordance with the Settlement.  This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

18. The Court grants Class Counsel's request for Service Awards and awards $1,500 each to the following Financial Institution Plaintiffs: Army Aviation Center Federal Credit Union, ASI FCU, Bank of Louisiana, Consumers Cooperative Credit Union, Elements Financial Federal Credit Union, Firefly Credit Union, First Financial Credit Union, Halliburton Employees Federal Credit Union, Heritage Federal Credit Union, Hudson River Community Credit Union, Peach State Federal Credit Union, SeaComm Federal Credit Union, Services Credit Union, Seven Seventeen Credit Union, Sky Federal Credit Union, State Employees Federal Credit Union (SEFCU), Summit Credit Union, Suncoast Credit Union, The Summit Federal Credit Union, Washington Gas Light Federal Credit Union, and Wright-Patt Credit Union.

19. The Court finds that the Service Awards are justified by their work on behalf of the Settlement Class. These Service Awards shall be paid by Equifax in accordance with the Settlement. The Court finds that the awards are reasonable and appropriate. The Court finds that such awards are distinguishable from the one at issue in *Johnson v. NPAS Solutions LLC*, 975 F.3d 1244 (11th Cir. 2020).

## OTHER PROVISIONS

20. The Parties to the Settlement shall carry out their respective obligations thereunder.

21. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22. As of the Effective Date, the Releasing Parties, each on behalf of itself—and any each of these entities' current and former parents, subsidiaries, affiliated companies, predecessors and divisions, as well as their respective heirs, assigns, beneficiaries, predecessors, officers, directors, agents, partnerships, partners, insurers, reinsurers and successors—shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Equifax and Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses,

and remedies, whether known or unknown (including Unknown Claims[3]), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaint, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Breach, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) Equifax's information security policies and practices; (b) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (c) Equifax's response to and notices about the Data Breach; (d) the fraudulent use of any Alerted on Payment Cards; (e) the cancellation and reissuance of any Alerted on Payment Cards; and (f) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted on Payment Cards or the Data Breach, including but not limited to any claims related to alleged damage to the financial services "ecosystem" (the "Released Claims").

23.    The Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation:  any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those

---

[3]    As further defined in the Settlement Agreement.

arising under state or federal laws of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

24. Settlement Class Members are deemed to have waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota

Codified Laws § 20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

25. As of the Effective Date, Defendants' Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiffs' Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

26. The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendants' Released Persons or prosecuting any claim based on any actions taken by any of the Defendants' Released Persons that are authorized or required by

this Settlement or by the Final Approval Order and Judgment.  It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

27. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Equifax of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Equifax or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

28. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and

Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

29. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

30. The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

31. Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement

had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Order and Judgment.

SO ORDERED, this 10 day of November, 2020.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

# EXHIBIT A



RE: REQUEST FOR EXCLUSION

Equifax Data Breach Settlement
c/o Analytics Consulting, LLC
Settlement Administrator
P.O. Box 2004
Chanhassen, MN 55317-2004

August 28, 2020

To Whom It May Concern:

This letter serves to inform the receiver of our request for exclusion from the class action lawsuits, referred to collectively as the "Financial Institution Track" in *In re: Equifax, Inc. Customer Data Security Breach Litigation*, Case No. 1:17-md-2800-TWT (N.D. Ga).

Michigan Schools and Government Credit Union was originally notified of the breach through Visa CAMS alert, file name US-2017-0448-PA (series 'a' and series 'b'). From these alerts, the Credit Union had a total number of twenty-two Alerted on Payment Cards.

The request for exclusion is written on behalf of Michigan Schools and Government Credit Union; headquarter office located at 40400 Garfield Road, Clinton Township, MI, 48038. The phone number of the Credit Union is 586-263-8800.

Feel free to reach out to me with any follow-up questions or concerns.

Sincerely,

Norman J. Hedges
Lending Product Manager
Michigan Schools and Government Credit Union
4555 Investment Drive
Troy, MI 48098
Email: nhedges@msgcu.org
Phone #: 586-263-8800, ext. 565