IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 20-10249-RR

In Re: Equifax, Inc., Customer Data Security Breach Litigation

--------------------------------------------------

SHIYANG HUANG,
THEODORE H. FRANK,
DAVID R. WATKINS,
MIKELL WEST,
CHRISTOPHER ANDREWS,
GEORGE W. COCHRAN,
JOHN WILLIAM DAVIS,
HARALD SCHMIDT,

          Movants-Appellants,

ALICE-MARIE FLOWERS,

          Movant,

BRIAN F. SPECTOR,
JAMES MCGONNIGAL,
RANDOLPH JEFFERSON CARY, III,
ROBIN D. PORTER,
WILLIAM R. PORTER, et al.,

          Plaintiffs-Appellees,

versus

EQUIFAX INC.,
DOES 1 THROUGH 50, INCLUSIVE,
EQUIFAX INFORMATION SERVICES LLC,
a foreign limited liability company,
EQUIFAX INFORMATION SOLUTIONS, LLC,
DOES 1 THROUGH 10, et al.,

          Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

Before: WILSON, MARTIN and LUCK, Circuit Judges.

BY THE COURT:

In light of the parties' responses to our jurisdictional question, this appeal is DISMISSED for lack of jurisdiction as to Harald Schmidt. The timely filing of a notice of appeal is a jurisdictional requirement. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 21 (2017); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010). Here, the 30-day period to file an appeal from the January 13, 2020 final settlement order and judgment began on March 17, 2020, when the district court disposed of other parties' timely tolling motions and entered an amended final order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A) (stating that a party has 30 days from the judgment or order appealed to file a notice of appeal) and 4(a)(4) (providing for certain motions that toll the time to appeal); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780 (11th Cir. 2005) (stating that a timely Rule 59 motion will toll the time for all parties to file an appeal). Therefore, Schmidt's October 26, 2020 notice of appeal was untimely by several months, and we lack jurisdiction with respect to his appeal.[1]

Additionally, the district court has not ruled on Schmidt's April 27, 2020 motion titled "Motion to Grant Late Opt Out," and any appeal with respect to that motion is premature. *See*

---

[1] Because Schmidt's notice of appeal is untimely, we do not reach any other potential jurisdictional issues. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (recognizing that there is no mandatory sequencing of jurisdictional issues). Accordingly, we express no opinion on the jurisdictional issues related to the other appellants that were carried with the case.

*Bogle v. Orange Cty. Bd. of County Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (explaining that a notice of appeal must designate an already existing judgment or order, not one that is merely expected to be entered).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 13, 2021

Clerk - Northern District of Georgia
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 20-10249-RR
Case Style: Shiyang Huang v. Brian Spector, et al
District Court Docket No: 1:17-md-02800-TWT

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Regina A. Veals-Gillis, RR
Phone #: (404) 335-6163

Enclosure(s)

DIS-4 Multi-purpose dismissal letter