# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 03, 2021

Clerk - Northern District of Georgia
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 20-10249-RR
Case Style: Shiyang Huang v. Brian Spector, et al
District Court Docket No: 1:17-md-02800-TWT

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

**THIS DISMISSAL APPLIES TO CHRISTOPHER ANDREWS ONLY **

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Regina A. Veals-Gillis/AW, RR
Phone #: (404) 335-6163

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10249

_____

D.C. Docket No. 1:17-md-02800-TWT

In re Equifax Inc. Customer Data Security Breach Litigation

---

SHIYANG HUANG, et al.,

                                              Objectors-Appellants,

BRIAN F. SPECTOR, et al.,

                                              Plaintiffs-Appellees,

versus

EQUIFAX INC., et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 3, 2021)

Before MARTIN, GRANT, and BRASHER, Circuit Judges.

MARTIN, Circuit Judge:

After the 2017 data security breach of Equifax Inc. and its affiliates (collectively "Equifax"), Plaintiffs filed a consolidated class action against Equifax. Plaintiffs and Equifax eventually settled their dispute, and the district court approved the settlement and issued related rulings. Christopher Andrews, who objected to the settlement, appealed the district court's orders. Plaintiffs now move to dismiss Andrews's appeal. For the reasons that follow, we dismiss his appeal.[1]

After Andrews and other objectors appealed the district court's order, the district court granted Plaintiffs' motion for appeal bonds and imposed appeal bonds of $2,000 on each objector, including Andrews. The district court found the appeal bond was "appropriate" because, among other things, there was a substantial risk the costs of appeal would not be paid absent an appeal bond. It has been about a year since the district court ordered Andrews to post the appeal bond, yet the record shows Andrews continues to defy the court's order.

Andrews moved for leave to proceed in forma pauperis on appeal. A single-judge order from this Court denied Andrews's motion "because his allegation of poverty appears to be untrue in light of the affidavit in support of the motion." Andrews then promptly paid the appellate filing fee.

---

[1] This order concerns only Andrews's appeal. This order is issued together with our decision in the appeals filed by other objectors to the settlement.

Plaintiffs now move to dismiss Andrews's appeal on two separate grounds.[2] First, they say we should dismiss his appeal because Andrews has failed to post the required appeal bond. Second, Plaintiffs say we should dismiss his appeal under the in forma pauperis statute, 28 U.S.C. § 1915, because his allegation of poverty is untrue and because his appeal is malicious.

We conclude that Andrews's appeal should be dismissed for failure to post the required appeal bond. When an appellant fails to post an appeal bond, "dismissal is an available sanction," but the failure to timely pay the bond alone "should not, without more, result in dismissal." Carr v. Grace, 516 F.2d 502, 504 (5th Cir. 1975) (per curiam) (quotation marks omitted)[3]; see Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal."); see also William B. Rubenstein, 4 Newberg on Class Actions § 14:14 (5th ed. 2020) ("Failure to post an appeal bond can lead to dismissal of the appeal.").

---

[2] Plaintiffs also ask us to strike Andrews's notice of appeal because it "contains scandalous and unsupported allegations about the court, parties, and their counsel." Because we dismiss Andrews's appeal, we need not decide whether to strike his notice of appeal.

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

Although this Court has not adopted factors to consider when deciding whether to dismiss an appeal for failure to post an appeal bond, other courts consider (1) whether the appellant has made a good faith proffer of a lesser amount; (2) whether the appellant sought a stay in the district court; (3) the prejudice to the other parties by allowing the appeal to proceed; (4) the justification for failing to post the bond; and (5) the merits of the appeal.  See, e.g., Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 961–62 (9th Cir. 2007); In re Cardizem CD Antitrust Litig., 391 F.3d 812, 818 (6th Cir. 2004).

The first two factors clearly weigh in favor of dismissing the appeal, as Andrews did not offer to pay a lesser bond, seek a stay in the district court, appeal the bond order, or otherwise seek alternative relief in the district court.  For the third factor, Andrews could refuse to pay the costs of appeal if he loses, so Plaintiffs could be prejudiced by allowing the appeal to proceed.  Indeed, the district court imposed the appeal bond on Andrews because there was a "substantial risk that the costs of appeal will not be paid unless a bond is required."  As to the fourth factor, Andrews says he would have difficulty paying the appeal bond.  We accept Andrews's statement in order to evaluate these factors, and thus this factor weighs against dismissing his appeal.  The last factor is the merits of Andrews's appeal.  Andrews's arguments on appeal largely overlap with those raised by other objectors that we reject in the decision issued together with this

order.  That being the case, we need not rehash the merits discussion here, other than to say that this factor also weighs in favor of dismissing his appeal.  On balance, these factors demonstrate that Andrews's appeal should be dismissed for failing to post the required appeal bond.

We also agree with Plaintiffs that Andrews's appeal should be dismissed under the in forma pauperis statute.  In order to proceed in forma pauperis, a party must submit an affidavit stating that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The affidavit need not show the party is "absolutely destitute"; it simply must show the party, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quotation marks omitted).  However, under the in forma pauperis statute, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action or appeal is frivolous or malicious."  28 U.S.C. § 1915(e)(2).

Our Court's order denying Andrews's motion for leave to proceed in forma pauperis on appeal stated Andrews's "allegation of poverty appears to be untrue in light of the affidavit in support of the motion."  We have also reviewed Andrews's affidavit and conclude that it fails to show that he is unable to pay for the court fees

5

and costs while supporting and providing necessities for himself.[4]  We must therefore dismiss his appeal.  See id. ("[T]he court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." (emphasis added)).  And although Andrews has since paid the filing fee, the in forma pauperis statute still requires dismissal "[n]otwithstanding any filing fee . . . that may have been paid."  Id.[5]

**DISMISSED.**

---

[4] Of course we noted above Andrews's statement that he would have difficulty paying the appeal bond.  However, this does not mean he is also indigent for the purposes of the in forma pauperis statute.  We accepted his statement solely for the purposes of considering the relevant factors.  Now in this separate analysis we conclude that his affidavit fails to show that he is unable to pay for the court fees and costs while supporting and providing necessities for himself.

[5] Because we dismiss Andrews's appeal under the in forma pauperis statute based on his untrue allegation of poverty, we need not decide whether his appeal is malicious and thus whether to dismiss his appeal on this other ground as well.