IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-md-2800-TWT<br><br>CONSUMER CASES |

**MOTION FOR ENTRY OF
CASE MANAGEMENT ORDER FOR OPT-OUT CASES**

Defendants Equifax Inc., Equifax Information Services LLC, and Equifax Consumer Services LLC (collectively, "Equifax") move the Court for entry of a case management order to govern cases pending in this MDL filed by individual plaintiffs who submitted valid and timely requests to opt out of the Consumer class action settlement ("Consumer Settlement").[1]

**RELEVANT PROCEDURAL HISTORY**

**I.    Status of the Consumer Settlement**

On January 13, 2020, the Court entered an Order Granting Final Approval of Settlement, Certifying Settlement Class, and Awarding Attorney's Fees, Expenses and Services Awards (Dkt. No. 956), which resolved all claims asserted by the

---

[1] Equifax has conferred with Lead Counsel for the Consumer Plaintiffs, who advised that they have no objection to the proposed CMO because they do not represent the plaintiffs who chose to opt out of the Consumer Settlement.

Consumer Plaintiffs on behalf of all class members who did not submit valid and timely requests to opt out of the Consumer Settlement. The Court subsequently entered an amended final approval order on March 17, 2020 (Dkt. No. 1029, the "Final Approval Order").

Several objectors to the Consumer Settlement appealed from the Final Approval Order to the U.S. Court of Appeals for the Eleventh Circuit. *See Huang v. Spector*, Case No. 20-10249 (11th Cir.). On June 3, 2021, the Eleventh Circuit largely affirmed the Final Approval Order, but found that the Consumer Settlement's provision calling for the payment of incentive awards to class representatives was prohibited by the Eleventh Circuit's decision in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), and thus remanded the case to this Court "solely for the limited purpose of vacating those [incentive] awards." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1284 (11th Cir. 2021), *cert. docketed*, No. 21-336 (Sept. 2, 2021).

On August 12, 2021, this Court entered an order adopting the Eleventh Circuit's mandate as the judgment of this Court. Dkt. No. 1208.

## II.   Opt-Out Actions Pending in the MDL

While the Consumer Settlement resolves the claims of nearly all of the consumers impacted in the 2017 Equifax data breach, a relatively small number of

consumers chose to opt out of the Settlement. Specifically, of the approximately 147 million impacted consumers, 2,770 submitted valid and timely requests to the Court-appointed settlement administrator asking to be excluded. *See* Dkt. No. 957 at Exhibit A. Of those 2,770 opt-outs, Equifax has identified 12 plaintiffs ("Opt-Out Plaintiffs") who have cases currently pending in this MDL proceeding ("Opt-Out Cases"). A chart listing the Opt-Out Cases is attached as Exhibit 1. Ten of those cases were transferred to this MDL proceeding by the U.S. Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407; the remaining two were directly filed in this Court and consolidated in the MDL. Two of the Opt-Out Plaintiffs, Brett Joshpe and Richard Khalaf, are represented by the same counsel; nine Opt-Out Plaintiffs are *pro se*; and the status of representation for one Opt-Out Plaintiff, Ivy Madsen, is currently unclear.[2]

All of the Opt-Out Cases are currently stayed and administratively closed pursuant to Section 3 of Case Management Order No. 2 (Dkt. No. 87 at 4, "CMO-2"). *See also Flowers v. Equifax Inc.*, No. 1:19-cv-05703-TWT, Dkt. No. 28 (June

---

[2] Ivy Madsen was one of several plaintiffs named in a putative class action complaint directly filed into this MDL in 2017. *See Horne v. Equifax Inc.*, 1:17-cv-3713-TWT, Dkt. No. 1. Equifax has been unable to confirm if counsel who filed the *Horne* complaint continue to represent Ms. Madsen with respect to her individual opt-out claims.

14, 2021) (noting Opt-Out Plaintiff Flowers' case is still stayed and that pretrial proceedings have not concluded in this MDL).

## PROPOSED CASE MANAGEMENT PROCEDURES

Since this MDL proceeding was established in late 2017, the Court has conducted pretrial proceedings in hundreds of consolidated cases and approved a historic settlement benefitting a class of 147 million consumers.  Given the Court's extensive knowledge of the key facts and legal issues pertinent to this MDL, Equifax submits that the Court is well-positioned to efficiently oversee further proceedings in the small number of Opt-Out Cases, which raise many of the same or similar factual and legal issues as the class action claims brought by the Consumer Plaintiffs.  Moreover, adjudicating the remaining Opt-Out Cases in this Court—rather than in various transferor courts with no existing knowledge of the common facts and claims—will continue to promote the just and efficient conduct of the proceedings contemplated by Section 1407.  *See In re Wilson,* 451 F.3d 161, 170 (3d Cir. 2006) (finding appropriate the continued consolidation of opt-out cases in MDL where "the issues [in the cases] overlap, either with MDL cases that have already concluded or those currently pending"); *In re Great S. Life Ins. Co. Sales Practices Litig.*, 217 F. Supp. 2d 1379, 1379-80 (J.P.M.L. 2002) (finding

remand from MDL inappropriate where plaintiffs were "among many [others] who opted out of the MDL[ ] class settlement").

For these reasons, Equifax respectfully requests that the Court enter a CMO to govern further proceedings in the Opt-Out Cases as follows:

1. Within 45 days of the Court's entry of the proposed CMO, Equifax will file a single, consolidated motion to dismiss addressing all claims asserted by all 12 of the remaining Opt-Out Plaintiffs ("Consolidated Motion").

2. To promote efficiency and conserve the resources of the Court and parties, Equifax's Consolidated Motion will, where appropriate, address common claims asserted by the Opt-Out Plaintiffs together to streamline issues for the Court's resolution.

3. Each Opt-Out Plaintiff will have 45 days to file a response to the portions of the Consolidated Motion pertaining to their claims. Equifax will then have 30 days to file a single, consolidated reply brief.

4. Because Equifax's Consolidated Motion will address multiple complaints, Equifax will be permitted to file an opening brief of up to and including 50 pages and a reply brief of up to and including 35 pages. The page limit specified in Local Rule 7.1 will apply to each Opt-Out Plaintiff's response brief—*i.e.*, 25 pages.

5.      Consistent with Local Rule 26.2(A), discovery will not commence in any of the Opt-Out Cases before the Court has resolved the Consolidated Motion. Once the Court has ruled on the Consolidated Motion, counsel for parties in any remaining cases will confer and submit a proposed schedule for discovery and further proceedings, if necessary.

## **CONCLUSION**

Equifax respectfully requests that the Court enter an order adopting the case management procedures outlined above to govern further proceedings in the Opt-Out Cases pending in this MDL. A proposed order is attached for the Court's consideration.

Respectfully submitted this 6th day of October, 2021.

/s/ *S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 6th day of October, 2021.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I also certify I served the following *pro se* Plaintiffs by U.S. Mail, postage prepaid, and addressed as follows:

Douglas Emery Adams
519 Colgate Dr.
Allen, TX 75013

David Eustice
655 West Forest Dr.
Houston, TX 77079

Travis Hubbard
655 West Forest Dr.
Houston, TX 77079

Alice M. Flowers
P.O. Box 2322
Anderson, IN 46018

Ivy Madsen
6181 W. Horizon Peak Way
West Valley City, UT 84128

Edward D. Hutchinson, Sr.
1810 E. 49th St.
Anderson, IN 46013

Ruby Hutchinson
1810 E. 49th St.
Anderson, IN 46013

Anna Lee
53 S. 11th St., Apt. 5 E
Brooklyn, NY 11249

Audella Patterson
P.O. Box 3188
Crestline, CA 92325

Raymond Silva
1885 Railroad Ave.
Hilo, HI 96720

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II