UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

BRETT JOSHPE,                                            Case No. 1:19-cv-3146

               Plaintiff,

    -against-                                       **FIRST AMENDED
                                                        COMPLAINT**

EQUIFAX INC. and EQUIFAX
INFORMATION SERVICES                                    **Jury Trial Demanded**
LLC,

              Defendants.

-------------------------------------------------------X

     Plaintiff, Brett Joshpe ("Joshpe"), by and through his attorneys Joshpe Mooney Paltzik LLP, for his First Amended Complaint against Defendants Equifax Inc. and Equifax Information Services LLC (Equifax Inc. and Equifax Information Services LLC collectively referred to as "Defendants"), states as follows:

<u>SUMMARY OF THE ACTION</u>

     1.     Joshpe brings this action to recover damages pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, N.Y. Gen. Bus. Law § 349(a), and common law for the ongoing financial, reputational and emotional harm that he has suffered and will suffer as a result of a catastrophic breach of Defendants' servers on July 29, 2017 by unknown third party "hackers," resulting in the unauthorized dissemination and theft of Joshpe's confidential and sensitive personal information (referred to by the United States Government Accountability Office ("GAO") as "personally identifiable information" or "PII"), including his name, full Social Security Number, birth date, address, driver's license number, and credit card information.  This breach was the direct and proximate

result of Defendants' willful noncompliance and/or negligent noncompliance with the requirements of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*., pertaining to the protection of consumers' PII, including Joshpe's PII; as well as Defendants' willful and/or negligent failure to ensure appropriate cyber-security measures to prevent the misappropriation of consumer PII, including Joshpe's PII.

## **PARTIES**

2.      Joshpe is a natural person and at all relevant times was and still is a resident of New York County, New York.  Additionally, at all relevant times, Joshpe was and still is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

3.      Equifax Inc. is a domestic profit corporation incorporated under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia; and is registered in New York as a foreign business corporation and conducts business extensively within the State of New York.  Equifax Inc. is a "Consumer Reporting Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f); and Equifax Inc. is also a "Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a Nationwide Basis" as that term is defined under 15 U.S.C. § 1681a(p).  Upon information and belief, Equifax Inc. is affiliated with and under common control and ownership with Equifax Information Services LLC.

4.      Equifax Information Services LLC is a limited liability corporation incorporated under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia; and is registered in New York as a foreign limited liability company and conducts business extensively within the State of New York.  Equifax Information Services LLC is a "Consumer Reporting Agency" ("CRA") within the

meaning of 15 U.S.C. § 1681a(f); and Equifax Information Services LLC is also a

"Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a

Nationwide Basis" as that term is defined under 15 U.S.C. § 1681a(p). Upon information

and belief, Equifax Information Services LLC is affiliated with and under common

control and ownership with Equifax Inc.

### JURISDICTION & VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

as this action alleges a violation of federal law, specifically the FCRA.

6.     This Court has supplemental jurisdiction to hear all state law claims

pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), as

Joshpe resides within the District, a substantial portion of the events or omissions giving

rise to the claim occurred in this District, and Defendants regularly conduct business in

this District.

### LEGAL BACKGROUND

8.     The United States Congress has found the banking system is dependent upon

fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of

the banking system, and unfair credit reporting methods undermine the public confidence,

which is essential to the continued functioning of the banking system. Congress enacted the

FCRA to insure fair and accurate credit reporting, promote efficiency in the banking system,

and, as most relevant to this Complaint, protect consumer privacy. The FCRA imposes duties

on CRAs to protect consumers' confidential and sensitive personal information, or PII.

9.     The FCRA protects consumers through a tightly wound set of procedural

protections from the material risk of harms that otherwise follow from the compromise of a

3

consumer's sensitive personal information. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and a consumer's substantive right to protection from the sort of financial, reputational and emotional damage that naturally follows from the compromise of a person's identity.

10.     A central duty that the FCRA imposes upon CRAs is the duty to protect the consumer's privacy by guarding against inappropriate disclosure to third parties. This duty is codified at 15 U.S.C. §1681b, and permits a CRA to disclose a consumer's information only for one of a handful of exclusively defined "permissible purposes." To ensure compliance, CRAs must maintain reasonable procedures to ensure that such third party disclosures are made exclusively for permissible purposes. 15 U.S.C. §1681e(a).

## FACTUAL ALLEGATIONS

### I.     The Equifax Data Breach

11.     On or about July 29, 2017, Defendants discovered that one or more of their servers, which contained Joshpe's sensitive personal information including his name, full Social Security number, birth date, address, and, upon belief, his driver's license number and possibly one or more of his credit cards, had been breached or "hacked" by a still unknown third party.

12.     Upon information and belief, when Defendants discovered this breach, which affected not only Joshpe but millions of other individuals, Defendants began an internal investigation. To that end, on August 2, 2017, Defendants retained the cyber-security group at King & Spalding LLP and shortly thereafter contracted with Mandiant, a third-party cyber-security consulting firm, to conduct a comprehensive forensic review to determine the scope of the hack including identifying the specific data impacted. Additionally, Defendants informed the FBI of the data breach.

13.     On September 7, 2017, major news outlets began reporting about the July 29, 2017 incident in response to Defendants' issuance of a press release announcing that the data breach had affected 143 million U.S. consumers, including names, Social Security numbers, birth dates, addresses, and driver's license numbers.  The total number of affected individuals was later determined to be at least 145.5 million.  *See*, United States Government Accountability Office, Report to Congressional Requesters, DATA PROTECTION "Actions Taken By Equifax and Federal Agencies in Response to the 2017 Breach", August 2018 (GAO-18-559)(The "GAO Report").

14.     Despite Defendants' efforts to conduct an internal investigation, Defendants astonishingly failed to disclose the data breach to Joshpe and other members of the public during the over one-month period between the retention of King & Spalding LLP and Mandiant, and the press release.

15.     Moreover, Richard Smith, at the time CEO of Equifax Inc., failed to inform the Board until three weeks after he learned of the data breach.  Indeed, Smith did not inform the Board's lead independent director, Mark Feidler, until August 22, 2017, and did not inform the full Board until August 24, 2017.

16.     As a result of this over one-month delay in informing the public of the data breach, Joshpe lost valuable time during which he could have taken measures to address the illegal dissemination and theft of his sensitive personal information.

17.     As detailed in the GAO Report, the unknown hackers initially exploited known vulnerabilities in Defendants' cyber-security measures in order to perpetrate the theft of Joshpe's PII:

> In March 2017, unidentified individuals discovered the presence of a known vulnerability in software running on Equifax's online dispute portal that could be used to obtain access to the system. In May of that year, attackers exploited the vulnerability and began to extract data containing PII [personally identifiable

information] from Equifax's information systems.  (GAO Report at 11).

Additionally:

Equifax has stated that, on March 10, 2017, unidentified individuals scanned the company's systems to determine if the systems were susceptible if a specific vulnerability that the United States Computer Emergency Readiness Team [an organization within the Department of Homeland Security] had publicly identified just 2 days earlier. The vulnerability involved the Apache Struts Web Framework and would allow an attacker to execute commands on affected systems.  Equifax officials stated that, as a result of this scanning, the unidentified individuals discovered a server housing Equifax's online dispute portal that was running a version of the software that contained the vulnerability. Using software they obtained from an unknown source and that was designed to exploit the vulnerability, the unidentified individuals subsequently gained unauthorized access to the Equifax portal and confirmed that they could run commands. No data was taken at this time.   (GAO Report at 11).

18.     Through May 2017, the operation to illegally extract PII from Defendants'

databases continued unimpeded and undetected:

According to Equifax officials, beginning on May 13, 2017, in a separate incident following the initial unauthorized access, attackers gained access to the online dispute portal and used a number of techniques to disguise their activity. For example, the attackers leveraged existing encrypted communication channels connected to the online dispute portal to send queries and commands to other systems and to retrieve the PII residing on the systems. The use of encryption allowed the attackers to blend in their malicious actions with regular activity on the Equifax network and, thus, secretly maintain a presence on that network as they launched further attacks without being detected by Equifax's scanning software.  Equifax officials added that, after gaining the ability to issue system-level commands on the online dispute portal that was originally compromised, the attackers issued queries to other databases to search for sensitive data. This search led to a data repository containing PII, as well as unencrypted usernames and passwords that could provide the attackers access to several other Equifax databases. According to Equifax's interim Chief Security Officer, the attackers were able to leverage these credentials to expand their access beyond the 3 databases associated with the online dispute portal, to include an additional 48 unrelated databases.

After reviewing system log files that recorded the attackers' actions, Equifax officials determined that the attackers then ran a series of queries in an effort to try to extract PII from the databases they had located. Altogether, the attackers ran approximately 9,000 queries, a portion of which successfully returned data containing PII. As before, Equifax officials stated that the attackers were able to disguise their presence by blending in with regular activity on the network.  After

successfully extracting PII from Equifax databases, the attackers removed the data in small increments, using standard encrypted web protocols to disguise the exchanges as normal network traffic. The attack lasted for about 76 days before it was discovered. (GAO Report at pp. 11-12).

19.     Although Defendants took various remedial steps to prevent further attacks after the fact, it was too late – the damage to Joshpe and other consumers was already done. In summary, Defendants willfully and/or negligently failed to address the known vulnerability in their software that made the attack possible in the first place, failed to detect the attack for 76 days, and then failed to inform Joshpe and other members of the public for over one month after the data breach was discovered.

20.     To date, Defendants have failed to offer any adequate remedy for the harm caused to Joshpe by the data breach.

**II.     Allegations Related to Joshpe's Damages**

21.     Joshpe, a well-respected attorney practicing in Manhattan and the founder of Joshpe Mooney Paltzik LLP, has historically maintained and possessed outstanding credit ratings and has had no difficulty obtaining credit cards and loans from mainstream financial institutions. Additionally, he has never been arrested, convicted of a crime, or otherwise engaged in behavior that would reflect adversely on his character. In short, his reputation is impeccable.

22.     At all times relevant to this action, Defendants, in their capacity as CRAs, maintained and possessed PII about Joshpe, including his name, date of birth, Social Security number, driver's license number, and credit card information.

23.     In response to the data breach, Defendants established a website – www.equifaxsecurity2017.com - and a call center, through which affected consumers could learn whether their PII was among the breached data.

24. Joshpe, through the website established by Defendants, learned that indeed his PII had been stolen by the cyber-attackers who perpetrated the data breach.

25. Moreover, events since the data breach have only confirmed that Joshpe is a victim of Defendants' willful and negligent failures. Indeed, as a result of Defendants' willful and negligent acts and omissions, Joshpe has been subjected to the following serious harms, which continue up to the present time:

(a) He has routinely received harassing phone calls from various phone numbers threatening that the Internal Revenue Service ("IRS") or other government agencies will arrest him or will subject him to prosecution or investigation;

(b) He has routinely received other harassing and fraudulent phone calls;

(c) His credit rating has been compromised and reduced, thereby adversely affecting his ability now and in the future to obtain loans, credit cards and access to housing;

(d) His PayPal account has been attacked and compromised on numerous occasions, leading to various unauthorized transactions, which have continued even after he has changed his password and sought assistance from PayPal representatives;

(e) Fraudulent bank and credit card accounts have been opened in Joshpe's name at various financial institutions, including American Express, Wells Fargo and Synchrony Bank;

(f) Joshpe's personal Gmail account has been repeatedly hacked, resulting in the transmission of bizarre and embarrassing messages emanating in his name to business and personal contacts, thereby causing significant known and unknown reputational and emotional harm;

(g) Joshpe attempted to obtain a credit card from Chase Bank and was denied in December of 2018.

26. In order to attempt to address the aforesaid harms caused by the data breach, Joshpe has been forced to expend significant emotional and financial resources, as well as enormous amounts of time and energy. He has also endured incalculable and harmful stress that has had a deleterious impact on his professional and personal lives.

To date, none of Joshpe's efforts have proven successful in mitigating or ending the ongoing identity theft and security breaches relating to his PII. Instead, Joshpe will continue to suffer financial, emotional, and reputational harm well into the future, with no discernible endpoint.

27. Indeed, in a totally Kafkaesque scenario of Defendants' own creation, Joshpe most recently attempted to lift the credit freeze that he put in place on October 24, 2017 after he learned of the Equifax breach and various malicious attempts by third parties to gain further access to his accounts and personal information. However, when he called Defendants to have the credit freeze removed, Defendants' agents asked him questions that (a) no reasonable person could possibly know the answer to, such as the name of the entity that ultimately held any car loans he has ever had and the monthly payments for car loans that have not been outstanding in years, or (b) the answers to which were incorrect because, upon information and belief, their accuracy was compromised by the same Equifax breach. Additionally, when Joshpe attempted to register for an Equifax online account, he received an error message and was unable to log-in. When Joshpe attempted to reset his password in the event he already had an active account, he never received an email that would enable him to do so.

28. Joshpe attempted to have the credit freeze lifted through Defendants' automated phone system on April 2, 2019. For several days, third parties were still unable to access his credit file. On April 4, 2019, Joshpe called Defendants' automated system, which said the credit freeze had been temporarily lifted. Nonetheless, third parties were still unable to obtain any credit information on him, and a credit report provided to him confirmed that "Equifax Credit File Frozen."

29.     Joshpe attempted multiple calls and emails to Defendants' representatives, including emailing Equifax Inc. CEO Mark Begor, in which he further notified Defendants of the damages that he was incurring (and continues to incur).  It was not until approximately 48 hours after Joshpe had attempted to lift the credit freeze that a representative of Defendants called him and attempted to assist.  Although the agent who contacted Joshpe also reiterated that the credit freeze had been lifted, third parties informed Joshpe that they still could not access his credit file.

30.     Finally, Joshpe decided to go to creditkarma.com to access his own credit score.  When he did, he was shocked to see that his credit score had been badly, and perhaps irreparably, damaged as a result of the Equifax breach.  Having previously possessed pristine credit, Joshpe's Transunion credit score is now 621, which is classified as "Needs Work."  His Equifax score is 613, also classified as "Needs Work."  Among the factors listed on these reports are efforts by third parties to fraudulently obtain credit in Joshpe's name as a direct result of the Equifax breach.

31.     The personal and financial damages that Joshpe has suffered, and may continue to suffer in the future, as a result of the breach are enormous.  They include, but are not necessarily limited to, the potential inability to obtain housing that is critical to his livelihood, potentially an inability to obtain affordable student loans for graduate school, which would extend damages into the tens of millions of dollars, an inability to obtain credit in the future for credit cards, car loans, a mortgage, a home equity line, and other forms of credit that Americans depend on in the modern economy.

**CLAIMS FOR RELIEF**

**COUNT ONE: VIOLATION OF 15 U.S.C. § 1681n**
**(Both Defendants)**

32.     Joshpe restates all allegations contained in the previous paragraph as if fully set forth herein.

33.     15 U.S.C. § 1681n (Civil liability for noncompliance) provides in pertinent part:

> **(a)** "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer for an amount equal to the sum of-
> **(1)(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;
>
> **(2)** such amount of punitive damages as the court may allow; and
>
> **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

34.     15 U.S.C. § 1681b states the "Permissible purposes of consumer reports," pursuant to which "any consumer reporting agency may furnish a consumer report under [certain circumstances] and no other . . . ."  None of the permissible purposes listed in this section apply with respect to the Equifax data breach.

35.     Accordingly, Defendants are liable to Joshpe for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with punitive damages, and the costs and attorneys' fees associated with this action.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681o
### (Both Defendants)

36.     Joshpe restates all allegations contained in the previous paragraph as if fully set forth herein.

37.     15 U.S.C. § 1681n (Civil liability for negligent noncompliance) provides

in pertinent part:

> **(a)** "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
> **(1)** any actual damages sustained by the consumer as a result of the failure; and
>
> **(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

38.    15 U.S.C. § 1681b states the "Permissible purposes of consumer reports," pursuant to which "any consumer reporting agency may furnish a consumer report under [certain circumstances] and no other . . . ."  None of the permissible purposes listed in this section apply with respect to the Equifax data breach.

39.    Accordingly, Defendants are liable to Joshpe for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with the costs and attorneys' fees associated with this action.

### COUNT THREE: VIOLATION OF N.Y. Gen. Bus. Law § 349(a)
### (Both Defendants)

40.    Joshpe restates all allegations contained in the previous paragraph as if fully set forth herein.

41.    N.Y. Gen. Bus. Law § 349(a) provides:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

42.    Joshpe is a "person" within the meaning of N.Y. Gen. Bus. Law § 349.

43.    Defendants are  subject to N.Y. Gen. Bus. Law §349 as Defendants were, at all times relevant herein, engaged in the "furnishing of any service" as that term is defined in N.Y. Gen. Bus. Law 349(a) by soliciting an ongoing service, credit reporting and data

aggregation of Joshpe's personal information, to consumers in New York for primarily personal use within the meanings specified in N.Y. Gen. Bus. Law 349(a).

44. Defendants' breach of Joshpe's information was deceptive and violates N.Y. Gen. Bus. Law 349(a).

45. Accordingly, Defendants are liable to Joshpe for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with the costs and attorneys' fees associated with this action.

## COUNT FOUR: Negligence
### (Both Defendants)

46. Joshpe restates all allegations contained in the previous paragraph as if fully set forth herein.

47. Defendants owed Joshpe a duty to protect his PII from illegal dissemination and theft.

48. Defendants breached their duty to Joshpe by negligently permitting the data breach to occur.

49. As a direct and proximate result of the data breach, Joshpe suffered financial, emotional and reputational damages.

50. Accordingly, Defendants are liable to Joshpe for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000.

## JURY DEMAND

51. Joshpe hereby demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brett Joshpe requests the following relief against

Defendants Equifax Inc. and Equifax Information Services LLC:

(a)     On Count One, compensatory damages in an amount no less than $1,000,000, together with punitive damages, and costs and attorneys' fees associated with this action;

(b)     On Count Two, compensatory damages in an amount no less than $1,000,000, together with costs and attorneys' fees associated with this action;

(c)     On Count Three, compensatory damages in an amount no less than $1,000,000, together with costs and attorneys' fees associated with this action;

(d)     On Count Four, compensatory damages in an amount no less than $1,000,000;

(e)     Punitive damages in an amount to be determined at trial;

(f)     Injunctive relief ordering Defendants to restore Joshpe's previous credit status and to ensure the restoration of his previous credit status with other credit agencies and third parties, as necessary;

(g)     Any other relief which to the Court seems just and proper.

DATED:      New York, New York
            May 8, 2019

        Respectfully submitted,

        **JOSHPE MOONEY PALTZIK LLP**

        By:   /s/*Edward A. Paltzik*
          Edward A. Paltzik
        360 Lexington Avenue
        Suite 1502
        New York, NY 10017
        212-344-8211 (PH)
        212-313-9478 (FX)
        epaltzik@jmpllp.com
        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RICHARD KHALAF,                                    Case No. 1:19-cv-6268

                        Plaintiff,

            -against-                               **COMPLAINT**

EQUIFAX INC. and EQUIFAX
INFORMATION SERVICES                               **Jury Trial Demanded**
LLC,

                        Defendants.

------------------------------------------------------X

      Plaintiff, Richard Khalaf ("Khalaf"), by and through his attorneys Joshpe Mooney

Paltzik LLP, for his Complaint against Defendants Equifax Inc. and Equifax Information

Services LLC (Equifax Inc. and Equifax Information Services LLC collectively referred

to as "Defendants") states as follows:

**SUMMARY OF THE ACTION**

      1.     Khalaf brings this action to recover damages pursuant to 15 U.S.C. §

1681n, 15 U.S.C. § 1681o, N.Y. Gen. Bus. Law § 349(a), and common law for the

ongoing financial, reputational and emotional harm that he has suffered and will suffer as

a result of a catastrophic breach of Defendants' servers on July 29, 2017 by unknown

third party "hackers," resulting in the unauthorized dissemination and theft of Khalaf's

confidential and sensitive personal information (referred to by the United States

Government Accountability Office ("GAO") as "personally identifiable information" or

"PII"), including his name, full Social Security Number, birth date, address, driver's

license number, and credit card information.  This breach was the direct and proximate

result of Defendants' willful noncompliance and/or negligent noncompliance with the

1

requirements of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*.,
pertaining to the protection of consumers' PII, including Khalaf's PII; as well as
Defendants' willful and/or negligent failure to ensure appropriate cyber-security
measures to prevent the misappropriation of consumer PII, including Khalaf's PII.

## PARTIES

2.      Khalaf is a natural person and at all relevant times was and still is a
resident of New York County, New York.  Additionally, at all relevant times, Khalaf was
and still is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

3.      Equifax Inc. is a domestic profit corporation incorporated under the laws
of the State of Georgia with its principal place of business located in Atlanta, Georgia;
and is registered in New York as a foreign business corporation and conducts business
extensively within the State of New York.  Equifax Inc. is a "Consumer Reporting
Agency" ("CRA") within the meaning of 15 U.S.C. § 1681a(f); and Equifax Inc. is also a
"Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a
Nationwide Basis" as that term is defined under 15 U.S.C. § 1681a(p).  Upon information
and belief, Equifax Inc. is affiliated with and under common ownership with Equifax
Information Services LLC.

4.      Equifax Information Services LLC is a limited liability corporation
incorporated under the laws of the State of Georgia with its principal place of business
located in Atlanta, Georgia; and is registered in New York as a foreign limited liability
company and conducts business extensively within the State of New York.  Equifax
Information Services LLC is a "Consumer Reporting Agency" ("CRA") within the
meaning of 15 U.S.C. § 1681a(f); and Equifax Information Services LLC is also a

"Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a Nationwide Basis" as that term is defined under 15 U.S.C. § 1681a(p). Upon information and belief, Equifax Information Services LLC is affiliated with and under common ownership with Equifax Inc.

## JURISDICTION & VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. as this action alleges a violation of federal law, specifically the FCRA.

6.     This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), as Khalaf resides within the District, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendants regularly conduct business in this District.

## LEGAL BACKGROUND

8.     The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate credit reporting, promote efficiency in the banking system, and, as most relevant to this Complaint, protect consumer privacy. The FCRA imposes duties on CRAs to protect consumers' confidential and sensitive personal information, or PII.

9.     The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise follow from the compromise of a consumer's sensitive personal information. Thus, through the FCRA, Congress struck a

balance between the credit industry's desire to base credit decisions on accurate information, and a consumer's substantive right to protection from the sort of financial, reputational and emotional damage that naturally follows from the compromise of a person's identity.

10.     A central duty that the FCRA imposes upon CRAs is the duty to protect the consumer's privacy by guarding against inappropriate disclosure to third parties.  This duty is codified at 15 U.S.C. §1681b, and permits a CRA to disclose a consumer's information only for one of a handful of exclusively defined "permissible purposes." To ensure compliance, CRAs must maintain reasonable procedures to ensure that such third party disclosures are made exclusively for permissible purposes.  15 U.S.C. §1681e(a).

## FACTUAL ALLEGATIONS

### I.      The Equifax Data Breach

11.     On or about July 29, 2017, Defendants discovered that one or more of their servers, which contained Khalaf's sensitive personal information including his name, full Social Security number, birth date, address, and, upon belief, his driver's license number and possibly one or more of his credit cards, had been breached or "hacked" by a still unknown third party.

12.     Upon information and belief, when Defendants discovered this breach, which affected not only Khalaf but millions of other individuals, Defendants began an internal investigation.  To that end, on August 2, 2017, Defendants retained the cyber-security group at King & Spalding LLP and shortly thereafter contracted with Mandiant, a third-party cyber-security consulting firm, to conduct a comprehensive forensic review to determine the scope of the hack including identifying the specific data impacted.  Additionally, Defendants informed the FBI of the data breach.

13.     On September 7, 2017, major news outlets began reporting about the July 29, 2017 incident in response to Defendants' issuance of a press release announcing that the data breach had affected 143 million U.S. consumers, including names, Social Security numbers, birth dates, addresses, and driver's license numbers.  The total number of affected individuals was later determined to be at least 145.5 million.  *See*, United States Government Accountability Office, Report to Congressional Requesters, DATA PROTECTION "Actions Taken By Equifax and Federal Agencies in Response to the 2017 Breach", August 2018 (GAO-18-559)(The "GAO Report").

14.     Despite Defendants' efforts to conduct an internal investigation, Defendants astonishingly failed to disclose the data breach to Khalaf and other members of the public during the over one-month period between the retention of King & Spalding LLP and Mandiant, and the press release.

15.     Moreover, Richard Smith, at the time CEO of Equifax Inc., failed to inform the Board until three weeks after he learned of the data breach.  Indeed, Smith did not inform the Board's lead independent director, Mark Feidler, until August 22, 2017, and did not inform the full Board until August 24, 2017.

16.     As a result of this over one-month delay in informing the public of the data breach, Khalaf lost valuable time during which he could have taken measures to address the illegal dissemination and theft of his sensitive personal information.

17.     As detailed in the GAO Report, the unknown hackers initially exploited known vulnerabilities in Defendants' cyber-security measures in order to perpetrate the theft of Khalaf's PII:

> In March 2017, unidentified individuals discovered the presence of a known vulnerability in software running on Equifax's online dispute portal that could be used to obtain access to the system. In May of that year, attackers exploited the vulnerability and began to extract data containing PII [personally identifiable

information] from Equifax's information systems.  (GAO Report at 11).

Additionally:

Equifax has stated that, on March 10, 2017, unidentified individuals scanned the company's systems to determine if the systems were susceptible if a specific vulnerability that the United States Computer Emergency Readiness Team [an organization within the Department of Homeland Security] had publicly identified just 2 days earlier. The vulnerability involved the Apache Struts Web Framework and would allow an attacker to execute commands on affected systems.  Equifax officials stated that, as a result of this scanning, the unidentified individuals discovered a server housing Equifax's online dispute portal that was running a version of the software that contained the vulnerability. Using software they obtained from an unknown source and that was designed to exploit the vulnerability, the unidentified individuals subsequently gained unauthorized access to the Equifax portal and confirmed that they could run commands. No data was taken at this time.   (GAO Report at 11).

18.     Through May 2017, the operation to illegally extract PII from Defendants'

databases continued unimpeded and undetected:

According to Equifax officials, beginning on May 13, 2017, in a separate incident following the initial unauthorized access, attackers gained access to the online dispute portal and used a number of techniques to disguise their activity. For example, the attackers leveraged existing encrypted communication channels connected to the online dispute portal to send queries and commands to other systems and to retrieve the PII residing on the systems. The use of encryption allowed the attackers to blend in their malicious actions with regular activity on the Equifax network and, thus, secretly maintain a presence on that network as they launched further attacks without being detected by Equifax's scanning software.  Equifax officials added that, after gaining the ability to issue system-level commands on the online dispute portal that was originally compromised, the attackers issued queries to other databases to search for sensitive data. This search led to a data repository containing PII, as well as unencrypted usernames and passwords that could provide the attackers access to several other Equifax databases. According to Equifax's interim Chief Security Officer, the attackers were able to leverage these credentials to expand their access beyond the 3 databases associated with the online dispute portal, to include an additional 48 unrelated databases.

After reviewing system log files that recorded the attackers' actions, Equifax officials determined that the attackers then ran a series of queries in an effort to try to extract PII from the databases they had located. Altogether, the attackers ran approximately 9,000 queries, a portion of which successfully returned data containing PII. As before, Equifax officials stated that the attackers were able to disguise their presence by blending in with regular activity on the network.  After

successfully extracting PII from Equifax databases, the attackers removed the data in small increments, using standard encrypted web protocols to disguise the exchanges as normal network traffic. The attack lasted for about 76 days before it was discovered. (GAO Report at pp. 11-12).

19. Although Defendants took various remedial steps to prevent further attacks after the fact, it was too late – the damage to Khalaf and other consumers was already done. In summary, Defendants willfully and/or negligently failed to address the known vulnerability in their software that made the attack possible in the first place, failed to detect the attack for 76 days, and then failed to inform Khalaf and other members of the public for over one month after the data breach was discovered.

20. To date, Defendants have failed to offer any adequate remedy for the harm caused to Khalaf by the data breach.

**II. Allegations Related to Khalaf's Damages**

21. Khalaf is a respected Lieutenant in the New York Police Department ("NYPD"). He has served the community of New York for over twenty-five years in various capacities in the NYPD. He has possessed outstanding credit ratings and has had no difficulty obtaining credit cards and loans from mainstream financial institutions. Additionally, he has never been arrested, convicted of a crime, or otherwise engaged in behavior that would reflect adversely on his character. In short, his reputation is impeccable.

22. At all times relevant to this action, Defendants, in their capacity as CRAs, maintained and possessed PII about Khalaf, including his name, date of birth, Social Security number, driver's license number, and credit card information.

23.     In response to the data breach, Defendants established a website –

www.equifaxsecurity2017.com - and a call center, through which affected consumers

could learn whether their PII was among the breached data.

24.     Khalaf, through the website established by Defendants, learned that indeed

his PII had been stolen by the cyber-attackers who perpetrated the data breach.

25.     Moreover, events since the data breach have only confirmed that Khalaf is

a victim of Defendants' willful and negligent failures.  Indeed, as a result of Defendants'

willful and negligent acts and omissions, Khalaf has been subjected to the following

serious harms, which continue up to the present time:

(a)     He has routinely received harassing phone calls from various phone
numbers threatening that the Internal Revenue Service ("IRS") or other government
agencies will arrest him or will subject him to prosecution or investigation;

(b)     He has routinely received other harassing and fraudulent phone calls;

(c)     He recently was the victim of attempted check fraud and contacted by Ally
Bank and to ask if a fraudulent check that was presented at a credit union had been
written by Khalaf;

(d)     He recently was the victim of attempted credit card fraud, as attempted
fraudulent charges have been attempted on both his Chase Visa and Barclays MasterCard
credits cards; and

(e)     His accountant informed him that somebody tried to file a fraudulent tax
return in his name for the 2018 calendar year.

(f)     His credit score has been reduced.

26.     In order to attempt to address the aforesaid harms caused by the data

breach, Khalaf has been forced to expend significant emotional and financial resources,

as well as enormous amounts of time and energy.  He has also endured incalculable and

harmful stress that has had a deleterious impact on his professional and personal lives.

To date, none of Khalaf's efforts have proven successful in mitigating or ending the

ongoing identity theft and security breaches relating to his PII.  Instead, Khalaf will

continue to suffer financial, emotional, and reputational harm well into the future, with no

discernible endpoint.

27.     The personal and financial damages that Khalaf has suffered, and may

continue to suffer in the future, as a result of the breach are enormous.  They include, but

are not necessarily limited to, the potential inability to obtain housing that is critical to his

livelihood, credit in the future for credit cards, car loans, a mortgage, a home equity line,

and other forms of credit that Americans depend on in the modern economy.

**CLAIMS FOR RELIEF**

**COUNT ONE: VIOLATION OF 15 U.S.C. § 1681n**
**(Both Defendants)**

28.     Khalaf restates all allegations contained in the previous paragraph as if

fully set forth herein.

29.     15 U.S.C. § 1681n (Civil liability for noncompliance) provides in

pertinent part:

> **(a)** "Any person who willfully fails to comply with any requirement imposed
> under this subchapter with respect to any consumer is liable to that consumer for
> an amount equal to the sum of-
> **(1)(A)** any actual damages sustained by the consumer as a result of the failure or
> damages of not less than $100 and not more than $1,000;
>
> **(2)** such amount of punitive damages as the court may allow; and
>
> **(3)** in the case of any successful action to enforce any liability under this section,
> the costs of the action together with reasonable attorney's fees as determined by
> the court.

30.     15 U.S.C. § 1681b states the "Permissible purposes of consumer reports,"

pursuant to which "any consumer reporting agency may furnish a consumer report under

[certain circumstances] and no other . . . ."  None of the permissible purposes listed in

9

this section apply with respect to the Equifax data breach.

31.     Accordingly, Defendants are liable to Khalaf for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with punitive damages, and the costs and attorneys' fees associated with this action.

**COUNT TWO: VIOLATION OF 15 U.S.C. § 1681o**
**(Both Defendants)**

32.     Khalaf restates all allegations contained in the previous paragraph as if fully set forth herein.

33.     15 U.S.C. § 1681n (Civil liability for negligent noncompliance) provides in pertinent part:

> **(a)** "Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
> **(1)** any actual damages sustained by the consumer as a result of the failure; and
>
> **(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

34.     15 U.S.C. § 1681b states the "Permissible purposes of consumer reports," pursuant to which "any consumer reporting agency may furnish a consumer report under [certain circumstances] and no other . . . ."  None of the permissible purposes listed in this section apply with respect to the Equifax data breach.

35.     Accordingly, Defendants are liable to Khalaf for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with the costs and attorneys' fees associated with this action.

10

## COUNT THREE: VIOLATION OF N.Y. Gen. Bus. Law § 349(a)
### (Both Defendants)

36. Khalaf restates all allegations contained in the previous paragraph as if fully set forth herein.

37. N.Y. Gen. Bus. Law § 349(a) provides:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

38. Khalaf is a "person" within the meaning of N.Y. Gen. Bus. Law § 349.

39. Defendants are subject to N.Y. Gen. Bus. Law §349 as Defendants were, at all times relevant herein, engaged in the "furnishing of any service" as that term is defined in N.Y. Gen. Bus. Law 349(a) by soliciting an ongoing service, credit reporting and data aggregation of Khalaf's personal information, to consumers in New York for primarily personal use within the meanings specified in N.Y. Gen. Bus. Law 349(a).

40. Defendants' breach of Khalaf's information was deceptive and violates N.Y. Gen. Bus. Law 349(a).

41. Accordingly, Defendants are liable to Khalaf for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000, together with the costs and attorneys' fees associated with this action.

## COUNT FOUR: Negligence
### (Both Defendants)

42. Khalaf restates all allegations contained in the previous paragraph as if fully set forth herein.

43. Defendants owed Khalaf a duty to protect his PII from illegal dissemination and theft.

44.     Defendants breached their duty to Khalaf by negligently permitting the data breach to occur.

45.     As a direct and proximate result of the data breach, Khalaf suffered financial, emotional and reputational damages.

46.     Accordingly, Defendants are liable to Khalaf for compensatory damages in an amount to be determined upon trial of this action, but reasonably believed to be no less than $1,000,000.

## JURY DEMAND

47.     Khalaf hereby demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Khalaf requests the following relief against Defendants Equifax Inc. and Equifax Information Services LLC:

(a)     On Count One, compensatory damages in an amount no less than $1,000,000, together with punitive damages, and costs and attorneys' fees associated with this action;

(b)     On Count Two, compensatory damages in an amount no less than $1,000,000, together with costs and attorneys' fees associated with this action;

(c)     On Count Three, compensatory damages in an amount no less than $1,000,000, together with costs and attorneys' fees associated with this action;

(d)     On Count Four, compensatory damages in an amount no less than $1,000,000;

(e)     Punitive damages in an amount to be determined at trial;

(f)     Injunctive relief ordering Defendants to restore Khalaf's previous credit status and to ensure the restoration of his previous credit status with other credit agencies and third parties, as necessary;

(g)     Any other relief which to the Court seems just and proper.

DATED:        New York, NY
              July 7, 2019

                                   Respectfully submitted,

                                   **JOSHPE MOONEY PALTZIK LLP**

                                   By:   /s/*Edward A. Paltzik*
                                         Edward A. Paltzik
                                   360 Lexington Avenue
                                   Suite 1502
                                   New York, NY 10017
                                   212-344-8211 (PH)
                                   212-313-9478 (FX)
                                   epaltzik@jmpllp.com
                                   *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

ANNA LEE,

                    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

                    Defendant.

**Civil Action No.**  1:18-cv-03133

---

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION)**

Defendant Equifax Information Services, LLC ("Equifax"), by Counsel, hereby files this Notice of Removal of this action from the Civil Court of the City of New York, County of Kings, to the United States District Court for the Eastern District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1.      An action was filed on or about October 18, 2017 in the Civil Court of the City of New York, County of Kings, entitled *Anna Lee v. Equifax Information Services Inc Corporation Services Company,* Index No. CV-024815-17/KI (the "State Court Action").

2.      Equifax was served with the State Court Action summons and complaint on December 12, 2017 (the "Complaint," attached as Exhibit A).

3.      On April 4, 2018, the Kings County Civil Court issued an order in the State Court Action, granting in part Equifax's Motion to Dismiss or for Formal Pleading to the extent that Plaintiff was ordered to file an amended complaint within 45 days. *See* April 4, 2018 Order, attached as Exhibit B.

4.      On or about May 16, 2018, Plaintiff served on counsel for Equifax an amended

complaint (the "Amended Complaint," attached as Exhibit C) under the revised caption *Anna Lee v. Equifax Information Services, LLC*.  On May 25, 2018, Plaintiff filed the Amended Complaint with the Kings County Civil Court.

5.     The Amended Complaint states that Plaintiff's action is one arising under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq*., otherwise known as the Fair Credit Reporting Act ("FCRA").  *See* Ex. C ¶ 3 ("Equifax failed in its legal responsibilities to protect my confidential data. Under the Fair Credit Reporting Act ('FCRA') Equifax had an obligation to protect from disclosure Plaintiff's consumer report. Section 1681 b prohibits a consumer reporting agency from disclosing a consumer report except as permitted under the statue [*sic*]."), ¶ 7 ("Equifax's disclosure of consumer reports under these circumstances was not permitted by, and thus a violation of, Sections 1681 b and e of the FCRA").

6.     The Amended Complaint served on May 16, 2018 is the first paper from which Plaintiff's claim for relief under the FCRA was ascertainable; the original Complaint served on December 12, 2017 made no reference to any claim for relief under federal law.

7.     This Notice is being filed with this Court within thirty (30) days after Plaintiff's service of the Amended Complaint on Equifax.

8.     This Court has original jurisdiction over this case under 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States; specifically, FCRA, 15 U.S.C.. § 1681 *et seq*., as follows:

   a.   Plaintiff's Amended Complaint, on its face, alleges violations of the FCRA.

   b.   Pursuant to 28 U.S.C § 1446(b)(3), the case has become removable as of the filing of the Amended Complaint. *See N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, No. CV 12-1633 ADS AKT, 2012 WL 9391428, at *5 (E.D.N.Y. Nov. 8, 2012) (finding removal was proper where amended complaint was the

2

first time removing defendant "became aware that it had a basis for removal").

    c. The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ."

9.     Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Eastern District of New York because the county from which the State Court Action is being removed (Kings County) lies within that federal court's jurisdiction.

10.     Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to Plaintiff and to the Clerk of the Civil Court of the City of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

11.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Equifax in the State Court Action are attached hereto as Exhibits A, B, and C.

12.     Equifax is the only defendant, and it consents to removal.

WHEREFORE, Equifax respectfully provides notice that the above-described action be removed to this Court.

DATED: May 29, 2018

                              Respectfully submitted,

                              */s/ Satyam N. Bee*
                              Satyam N. Bee
                              King & Spalding LLP
                              1185 Avenue of the Americas
                              New York, New York 10036
                              Phone: (212) 556-2100
                              Fax: (212) 556-2222
                              sbee@kslaw.com

                              *Counsel for Defendant Equifax Information Services, LLC*

# EXHIBIT A

# Civil Court of the City of New York
**County of Kings**

Index Number: **CV-024815-17/KI**

ANNA LEE
        Plaintiff(s)
-against-
EQUIFAX INFORMATION SERVICES, INC
CORPORATION SERVICE COMPANY
        Defendant(s)

**SUMMONS WITH ENDORSED COMPLAINT**
BASIS OF VENUE: Plaintiff's residence

Plaintiff's Residence Address (s) :
ANNA LEE
53 S 11th STREET
APT #5E
Brooklyn, NY 11249

To the named defendant(s)
EQUIFAX INFORMATION SERVICES, INC (Deft), at 80 STATE STREET, Albany, NY 12207

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Kings at the office of the Clerk of the said Court at **141 Livingston Street** in the **County of Kings, City and State of New York,** within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk; upon your failure to answer, judgment will be taken against you for the total sum of $25,000.00 and interest as detailed below.
Plaintiff's work sheet may be attached for additional information if deemed necessary by the clerk.

Date:October 18, 2017

Carol Alt, Chief Clerk

## ENDORSED COMPLAINT

The nature and the substance of the plaintiff's cause of action is as follows: **Failure to provide proper services for $25,000.00 with interest from 06/01/2017**

*NOTE TO THE DEFENDANT*
    *A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or*
    *B) If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*
    *C) Following CPLR 321(a) corporations must be represented by an attorney.*

* *NOTE TO THE SERVER OF THE SUMMONS*

The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR, Section 130-1.1a)*

SIGN NAME:
PRINT NAME:   ANNA LEE

For Information, answer forms and to track court dates, go to **WWW.NYCOURTS.GOV/NYCCIVIL**

# EXHIBIT B

# Civil Court of the City of New York

County of _____Kings_____

Part _____

Index Number _CV-02485-17/KI_

Motion Cal. # _15_   Motion Seq. # _1_

**ENTERED & FILED**

Anna Lee

APR 0 4 2018
CIVIL COURT
KINGS COUNTY

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Equifax Information Services, Inc
Corporation Service Company

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | _____ |
| Order to Show Cause and Affidavits Annexed.... | _____ |
| Answering Affidavits .............................. | _____ |
| Replying Affidavits................................ | _____ |
| Exhibits ........................................... | _____ |
| Other.............................................. | _____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to _Dismiss or_ for formal pleading _____ is as follows:

granted in part to the extent that Plaintiff is ordered to file an amended complaint within 45 days of this order. Plaintiff's amended complaint shall state and plead with specificity her cause or causes of action against Defendant, including all elements there of.

This is the decision and order of this court.

_4/4/18_
Date

_____
Judge, Civil Court

Hon. Cenceria P. Edwards

CIV-GP-85 (Revised, September, 1999)

# EXHIBIT C

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS
---------------------------------------------------------------

ANNA LEE,

        Plaintiff,

                                        AMENDED
                                        COMPLAINT

                                        Index No. CV-024815-17/Ki

       -against-

EQUIFAX INFORMATION SERVICES, LLC

             Defendant.

---------------------------------------------------------------

STATE OF NEW YORK
COUNTY OF KINGS  ss.:

     The complaint of the Plaintiff, Anna Lee, respectfully shows and alleges as follows:

1. I am the Plaintiff in this action, and I respectfully submit this amended complaint.

2. Plaintiff is a resident of New York and has personal knowledge of facts which bear on this complaint.

3. Equifax is a consumer reporting agency and compiled and maintained a "consumer report" on Plaintiff.  Equifax failed in its legal responsibilities to protect my confidential data. Under the Fair Credit Reporting Act ("FCRA") Equifax had an obligation to protect from disclosure Plaintiff's consumer report.  Section 1681b prohibits a consumer reporting agency from disclosing a consumer report except as permitted under the statue.

4. Upon information and belief, my Social Security number and other personal information were exposed by Equifax.  Plaintiff first learned of the breach on or about September 9, 2017.  Concerned my information may have been compromised, I went to Equifax's emergency response website, trustedidpremier.com, and followed the prompts to determine if my information was exposed.  The response from the website indicated that my information was in fact exposed as a result of Equifax's massive

data breach. As a result of the Equifax breach, I have spent numerous hours monitoring my accounts and addressing issues arising from the Equifax Data Breach.

5. Equifax failed to take steps to upgrade its security protocols, such as installing a remedial patch provided by a software maker. Equifax knew it inadequately safeguarded such information on its computer systems and that hackers routinely attempted to access this valuable data without authorization. It's failure to take adequate and reasonable measures to ensure its data systems were protected, and failure to take appropriate steps to prevent and stop the data breach from ever happening, Equifax allowed unauthorized criminal computer hackers to obtain consumer reports of Plaintiff's.

6. Equifax's duty to use reasonable data security measures arose under Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits "unfair...practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measure to protect Personal Information by companies such as Equifax.

7. Equifax's disclosure of consumer reports under these circumstances was not permitted by, and thus a violation of, Sections 1681b and e of the FCRA.

8. Equifax knew that a breach of its systems would cause damages to Plaintiff, and Equifax had a duty to adequately protect such sensitive financial and personal information.

9. Equifax has consciously worked to assemble a massive stash of private employment and salary history information, information that is now exposed and susceptible to use by bad actors.

10. Specifically, because home buyers and mortgage applicants, like myself, the Plaintiff, tend to have significant information on file with credit bureaus, we are especially at risk for identity theft after the Equifax Data Breach. Identity theft during an important purchase like buying a home is particularly devastation and create significant legal and financial issues.

11. Equifax owed a duty to Plaintiff to implement processes that would detect a breach of its security system in a timely manner and to to timely act upon warnings and alerts including those generated by its own systems.

12. Equifax operating in New York engaged in deceptive, unfair, and unlawful trade acts or practices in the conduct of trade or commerce and furnishing of services, in violation of N.Y. Gen. Bus. Law § 349(a), including but not limited to the following:
    a. Misrepresenting and fraudulently advertising material facts, pertaining to the sale and/or furnishing of its goods and services, representing and advertising that it would maintain adequate data privacy and security practices and

    procedures to safeguard Plaintiff's' Personal Information from unauthorized disclosure, release, data breaches, and theft;

    b.  Misrepresenting material facts, pertaining to the sale and/or furnishing of its goods and services, by representing and advertising that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiff's Personal Information;

    c.  Omitting, suppressing, and concealing the material fact of the inadequacy of its privacy and security protections for Plaintiff's Personal Information;

    d.  Engaging in deceptive, unfair, and unlawful trade acts or practices by failing to maintain the privacy and security of Plaintiff's Personal Information, in violation of duties imposed by and public policies reflected in applicable federal and state laws, resulting in the Equifax Data Breach. These unfair acts and practices violated duties imposed by laws including but not limited to the FCRA and the GLBA;

    e.  Engaging in deceptive, unfair, and unlawful trade acts or practices by failing to disclose the Equifax Data Breach to Plaintiff in a timely and accurate manner, contrary to the duties imposed by N.Y. Gen. Bus. Law § 899-aa(2); and

    f.  Engaging in deceptive, unfair, and unlawful trade acts or practices by failing to take proper action following the Equifax Data Breach to enact adequate privacy and security measures and protect Plaintiff's Personal Information from further unauthorized disclosure, release, data breaches, and theft.

13. As a direct and proximate result of Equifax's deceptive trade practices, Plaintiff suffered injury and/or damages, including the loss of their legally protected interest in the confidentiality and privacy of Plaintiff's Personal Information.

14. Equifax delayed informing Plaintiff and the public about the data breach, thereby preventing the Plaintiff from taking steps to minimize the damage caused by Equifax's misconduct.

15. A cyber black market exists in which criminals openly post and sell stolen credit card numbers, Social Security numbers, and other personal information on a number of Internet websites.

16. There are reports that information from the Equifax Data Breach is already on sale on one such black market, known as the Dark Web.

17. According to US Government Accountability Office, which conducted a study regarding data breaches, *Report to Congressional Requesters*, at p. 29 (June 2007):

    [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

18. The foregoing is yet more concerning when one considers that there does not appear to be a way to "opt out" of Equifax's data collection, or request that it delete consumers' files, and stop making money off of consumers' most private data.

19. As a direct and proximate result of Equifax actions and failures to take adequate and reasonable measure to ensure its data systems were protected, the Plaintiff faces significant risk of harm or threat of harm in the future, including but not limited to:
    a. unauthorized charges on their debit and credit card accounts;
    b. theft of their personal and financial information;
    c. costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;
    d. loss of use of and access to their account funds and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit;
    e. costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the data breach - including finding fraudulent charges, cancelling and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, imposing withdrawal and purchase limits on compromised accounts -- and the stress, nuisance, and annoyance of dealing with all issues resulting from the Equifax Data Breach ;
    f. the imminent and certainly impending injury flowing from potential fraud and identity theft posed by their credit card and personal information being placed in the hands of criminals via the sale of Plaintiff's information on the Internet card black market;
    g. damages to and diminution in value of their personal and financial information entrusted, directly or indirectly, to Equifax with the mutual understanding taht Equifax would safeguard Plaintiff's data against theft and not allow access and misuse of their data by others and;
    h. continued risk to my financial and personal information, which remains in Equifax's possession and is subject to further breaches so long as Equifax fails to undertake appropriate and adequate measure to protect Plaintiff.

20. The above unfair and deceptive practices and acts by Equifax were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff that she could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

21. Equifax knew or should have known that its computer systems and data security practices were inadequate to safeguard Plaintiff's Personal Information and that risk of a data breach or theft was high. Equifax's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff.

22. Plaintiff seeks relief under N.Y. Gen. Bus. Law § 349(h).

23. By reason of the facts and circumstances stated above, Plaintiff has been damaged by defendant in the sum of $25,000. WHEREFORE, Plaintiff demands judgement against defendant in the sum of $25,000.

Dated: New York, NY

_5/10/2018_

_____
Signature

Anna Lee
53 S 11th Street #5E
Brooklyn, NY 11249

OR,

Sworn to me before this _10th_ day of _May_, 2018

_____
Signature

_____
Print Name

AUGUSTO MADERA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6366602
Qualified In New York County
My Commission Expires 10-30-2021

_____
Notary Public

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anna Lee | Equifax Information Services, LLC |
| **(b)** County of Residence of First Listed Plaintiff   Kings County, NY<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Fulton County, GA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Pro Se<br>53 S. 11th Street, Apt 5 E<br>Brooklyn, NY 11249 | Attorneys *(If Known)*<br>Satyam N. Bee<br>King & Spalding LLP, 1185 Avenue of the Americas, New York, NY<br>10036, telephone: (212) 556-2100 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original
  Proceeding
- ☒ 2 Removed from
  State Court
- ☐ 3 Remanded from
  Appellate Court
- ☐ 4 Reinstated or
  Reopened
- ☐ 5 Transferred from
  Another District
  *(specify)*
- ☐ 6 Multidistrict
  Litigation -
  Transfer
- ☐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681 et seq., Fair Credit Reporting Act ("FCRA")
Brief description of cause:
Violations of Fair Credit Reporting Act and state law claims, relating to data security issues

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
25,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/29/2018

SIGNATURE OF ATTORNEY OF RECORD
*ABee*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Equifax Information Services, LLC is a wholly-owned subsidiary of Equifax Inc., which is a publicly traded company with no parent corporation owning more than 10% of its stock.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☐ Yes  ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☐ Yes  ☑ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____ ☐ Yes  ☑ No

*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes          ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes  (If yes, please explain  ☑ No

I certify the accuracy of all information provided above.

**Signature**: _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Central District of California

Eastern Division

## EDCV19-01936 JGB (KKx)

| | |
|---|---|
| Audella: Patterson | Case No. _____ |
| | *(to be filled in by the Clerk's Office)* |
| **Plaintiff(s)** | |
| *(Write the full name of each plaintiff who is filing this complaint.* | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| **-v-** | |
| | |
| Equifax, Inc.; Equifax Information Services LLC; | |
| and Equifax Consumer Services LLC | |
| **Defendant(s)** | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Audella: Patterson |
| Street Address | P. O. Box 3188 |
| City and County | Crestline, San Bernardino |
| State and Zip Code | California, 92325 |
| Telephone Number | 909-609-4035 |
| E-mail Address | audella2012@gmail.com |



**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Equifax, Inc. |
| Job or Title *(if known)* | Agent of Service: Lisa Stockard |
| Street Address | 1550 Peachtree Street NW |
| City and County | Atlanta, Fulton County |
| State and Zip Code | Georgia 30309 |
| Telephone Number | 404-885-8000 |
| E-mail Address *(if known)* | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Equifax Information Services LLC |
| Job or Title *(if known)* | Agent of Service: Lisa Stockard |
| Street Address | 1550 Peachtree St. NW |
| City and County | Atlanta, Fulton County |
| State and Zip Code | Georgia, 30309 |
| Telephone Number | 404-885-8000 |
| E-mail Address *(if known)* | Unknown |

Defendant No. 3

| | |
|---|---|
| Name | Equifax Consumer Services LLC |
| Job or Title *(if known)* | Agent of Service: Lisa Stockard |
| Street Address | 1550 Peachtree St. NW |
| City and County | Atlanta, Fulton County |
| State and Zip Code | Georgia, 30309 |
| Telephone Number | 404-885-8000 |
| E-mail Address *(if known)* | Unknown |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question                    ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)*     Audella: Patterson                         , is a citizen of the State of *(name)*    California                      .

b.     If the plaintiff is a corporation

The plaintiff, *(name)*                              , is incorporated under the laws of the State of *(name)*                                 `,
and has its principal place of business in the State of *(name)*

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)*                             , is a citizen of the State of *(name)*                          . Or is a citizen of

*(foreign nation)*

b.   If the defendant is a corporation. **See Attachment C for All Defendants.**

The defendant, *(name)*   Equifax, Inc.,                        , is incorporated under

the laws of the State of *(name)*   Georgia                        , and has its

principal place of business in the State of *(name)*   Georgia              .

Or is incorporated under the laws of *(foreign nation)*                  ,

and has its principal place of business in *(name)*              .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

**$75,000,000.00.** EQUIFAX, by failure/refusal to respond to the Plaintiff's Private Administrative Remedy Commercial Contract/Conditional Acceptance Offer, Notice of Fault/Opportunity to Cure, Affidavit and Notice of Default, and is therefore in DEFAULT UNDER CONTRACT about Equifax, Inc's. MASSIVE DATA BREACH of 2017 exposing Plaintiff's sensitive private identifying information to be stolen, Equifax failed to cure fault and therefore defaulted knowingly, willingly, intentionally, and voluntarily agreed by respondents' silence and acquiescence to the Plaintiff's claim of **$75,000,000.00.** Equifax admitted the data breach but not until over 40 days after the breach, and to the date of this filing has failed to notify the Plaintiff, which has affected and will affect and injure me personally past, present, and future.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**See Attachment D Statement of Claim Details Re Plaintiff's, Audella: Patterson's Statement of Claim (all of which are incorporated by reference herein).**

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff prays for relief as follows: **$75,000,000.00** as agreed to and acquiesced by Equifax, Inc. through non-response to Plaintiff's exhausted Private Administrative Remedy Process for requested Proof of Claims. Equifax, Inc's non-response to the Notice of Fault and Opportunity to Cure and non-response to her Affidavit and Notice of Default and as a result of Equifax, Inc.'s willful failure to respond; **Plaintiff prays also for triple damages, punitive damages and all court costs**.

## V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      October 9, 2019

Signature of Plaintiff      By: _Audella: Patterson_      , Agent

Printed Name of Plaintiff      By: Audella: Patterson

### B.  For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

# ATTACHMENT "C"

## Continued from Pro Se 1 (Rev. 12/16) Complaint for a Civil Case Complaint
### Plaintiff - Audella: Patterson
### Defendant(s) - EQUIFAX

### Item II. B. 2.b.: If Basis for Jurisdiction Is Diversity of Citizenship
### 2. The Defendant b. If the Defendant is a Corporation, Page 4:

**(II.B.2.b.(1))** -The defendant, *(name)* **Equifax, Inc.,** Control # **J306699** formation 12/20/1913 is incorporated under The laws of the State of *(name)* **Georgia and** has its Principle place of business in the State of *(name)* **Georgia.**

**(II.B.2.b.(2))** The defendant, *(name)* **Equifax Information Services LLC** Control Number: **0125237** is a Georgia based Domestic Limited Liability Company - formation established in 06/04/2001   under Umbrella of the Parent Corporation, **Equifax, Inc.** as identified above, operates under the laws of the State of *(name)* **Georgia** and has its Principle place of business in the State of *(name)* **Georgia.**

**(II.B.2.b.(3))** The defendant, *(name)* **Equifax Consumer Services LLC,** Control Number: **07000723** is a Georgia based Domestic Limited Liability Company - formation established in 01/01/2007 under Umbrella of **Equifax, Inc.** as identified above, operates under the laws of the State of *(name)* **Georgia,** and has its Principle place of business in the State of *(name)* **Georgia.**

**ATTACHMENT "D"**

**Continued from Pro Se 1 (Rev. 12/16) Complaint for a Civil Case Complaint
Plaintiff - Audella: Patterson
Defendant(s) - EQUIFAX**

**Item III – Statement of Claim: Page 4: and incorporated by reference
herein**

**STATEMENT OF CLAIM – PART I**

State as briefly as possible the facts showing that Plaintiff is entitled to the damages or other relief sought.

Plaintiff, Audella: Patterson, is a victim of the fraudulent Data Breach that was allowed by EQUIFAX, Inc.; EQUIFAX Information Services LLC; and, EQUIFAX Consumer Services LLC, herein after referred to as (EQUIFAX) that was not reported until months later on **September 7, 2017**. She is entitled to the relief sought as her sensitive Personal Identifying Information (PII) was STOLEN.

EQUIFAX **never** alerted the Plaintiff that her sensitive PII had been breached; therefore, she assumed that her data had not fallen into the hands of criminal/hackers. As time went on, with so much Media Publicity, Senate and Congressional Hearings and Testimonies, Government Accountability Report, Court Opinions, and Court Class Action Filings about EQUIFAX'S willful failures to protect data, unjust enrichment efforts/conduct, and the blatant refusal/failure to notify all consumers; the Plaintiff initiated her own research.   She discovered that in fact, her PII data was BREACHED. See Evidence Exhibit (A) - Proof of Data Breach Impact consisting of (3) pages.

EQUIFAX had a DUTY OF CARE, but the preventable EQUIFAX Security Data Breach intensifies substantial risk of identity theft and aggravated identity theft harm, injury, and damage for the Plaintiff (past, current, and future) which was substantiated, even epitomized, by EQUIFAX's own current CEO, Mark

Begor, on February 26, 2019; when during that Congressional Hearing, Representative Katie Porter (D-CA) asked whether EQUIFAX's CEO, Mark Begor, would be willing to share his address, birth date, and Social Security number publicly at the hearing.   Mr. <u>Begor declined, citing the risk of "identity theft"</u>. Therefore, acknowledging current and future risk and <u>potential harm of identity theft</u>. In addition, as documented in the Court Opinion and Order of Judge Thomas W. Thrash, [Case 1:17-md-02800-TWT Document 540 Filed 01/28/19 Page 20 of 80] "In re Equifax, Inc. Customer Data Breach Litigation, *"Moreover, the Claimants here have sufficiently alleged a substantial and imminent risk of impending identity fraud due to the vast amount of information that was obtained in the Data Breach. The Court concludes that these allegations are sufficient"*.

The Plaintiff initiated her Private Administrative Remedy process (PAR) under the principal of contract which operates upon the agent/employee to be a fact finder through her Conditional Acceptance of Proof of Claims from EQUIFAX as to the torts committed by EQUIFAX, Inc., against her ESTATE, as follows:

**1.** The Plaintiff contracted with a third-party witness, Moziah Media, of MOZIAH CORPORATION of 1397 Second Ave. New York, New York 10021 to serve as her third-party witness.

**2.** Plaintiff's third-party witness sent respondent EQUIFAX, Inc., in care of Mark Begor, CEO, Plaintiff's Conditional Acceptance (CA) request for Proof of Claim via certified mail #: **7019 0700 0000 6364 4128** dated **5/13/2019** and received by defendant on **5/23/2019** as to the liability of EQUIFAX, Inc. for the fraudulent breach of the personal data of 148 million Americans, including herself as reported on **September 7, 2017** by EQUIFAX, Inc.   See Attached <u>Evidence Exhibit (B) including notarized proof of mailing and proof of delivery consisting of (4) pages</u>. EQUIFAX, Respondents/Defendants FAILED/REFUSED/DID NOT

1  RESPOND.

2    **3.** Plaintiff's third-party witness sent to EQUIFAX, Inc., in care of Mark

3  Begor, CEO, Plaintiff's Notice of Fault and Opportunity to Cure the Fault via

4  certified mail #: **7019 0700 0000 6364 4135** dated **6/14/2019** and received by

5  EQUIFAX on **6/18/2019**. See Attached Evidence Exhibit (C) including notarized

6  proof of mailing and proof of delivery consisting of (3) pages. EQUIFAX,

7  Respondents/Defendants, FAILED/REFUSED/DID NOT RESPOND.

8    **4.** Plaintiff's third-party witness then sent EQUIFAX, Inc., in care of Mark

9  Begor, CEO, Plaintiff's Affidavit and Notice of Default via certified mail #: **7017**

10 **3040 0000 8752 4886** dated **7/2/2019** which was received by

11 Respondents/Defendants on **7/8/2019**, See Attached Evidence Exhibit (D)

12 including notarized proof of mailing and proof of delivery consisting of (5) pages.

13 EQUIFAX, Respondents/Defendants, FAILED/REFUSED/DID NOT RESPOND.

14   **5.** Plaintiff's contracted third-party witness, Moziah Media, of MOZIAH

15 CORPORATION of 1397 Second Ave. New York, New York 10021, has affirmed

16 via **AFFIDAVIT OF NON-RESPONSE**, dated **July 21, 2019** documenting

17 EQUIFAX's failure/refusal to properly respond and provide a remedy. See

18 Attached Evidence Exhibit (E) notarized Affidavit of Non-Response, consisting of

19 (2) pages.

20   **6.** On or about **July 22, 2019,** the EQUIFAX Data Breach Class Action

21 Settlement and Administration Agreement was reached that had been filed against

22 EQUIFAX, Inc., EQUIFAX Information Services LLC, and EQUIFAX Consumer

23 Services LLC. For reference case is identified as [Case 1:17-md-02800-TWT

24 Document 739 Filed 07/22/19 Consisting of Page 554 pages] and was settled in

25 UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA,

26 ATLANTA DIVISION, titled CONSUMER ACTIONS, by Chief Judge Thomas

W. Thrash, Jr.

**7.** In that, the Plaintiff, Audella: Patterson, Secured Party/Creditor with Common Law Copyrights to all her sensitive PII Nunc Pro Tunc, had already initiated her PAR procedure and desired to remain free to exercise her right to proceed; she was required as a stipulation of that Class Action Settlement process to submit her REQUEST FOR EXCLUSION as a MEMBER OF THE EQUIFAX DATA BREACH CLASS ACTION LAWSUIT SETTLEMENT AGREEMENT. Therefore, she submitted her EXCLUSION via certified mail number **7019 0140 0001 1548 8469** on **8/01/2019**, which was received by JND Legal Administration on **8/05/2019**. See Attached Evidence Exhibit (F) including proof of delivery consisting of (2) pages.

**8.** In said PAR matter; as any proceedings must be "of a type commonly relied upon by reasonably prudent men in [the] conduct of their serious affairs." Therein, Respondent(s) had a 'Good Faith' duty to respond and answer the inquiries and or provide requested Proofs of Claim. Plaintiff had an expectation of 'Good Faith' on the part of the Respondent(s) as Agent(s)/employee(s) on behalf of corporations, companies, and agencies to answer the inquiries, to give proof, to produce requested responses and evidence. Plaintiff acted in a private capacity as a fact finder to secure a preponderance of 'proof, `evidence' or otherwise, where facts asserted [or admitted] are more probably more true than false. EQUIFAX was SILENT.

**9.** As with any administrative process, EQUIFAX could have controverted the statements and/or claims made by Plaintiff, by executing and delivering a verified response point by point, with evidence in support or stipulate that no document or exhibit exists in the record, or no 'PROOF OF CLAIM' exists... on said point by point basis. EQUIFAX, has agreed and admitted to all statements and claims made

by Plaintiff by Tacit Procuration as they did not respond, object, or refute the Conditional Acceptance for Proof of Claims; EQUIFAX simply remained silent; therefore, EQUIFAX willingly, knowingly, intentionally, and/or through silence and default voluntarily agreed, admitted, and acquiesced to the contract presentment of the facts as enumerated in Plaintiff's Conditional Acceptance/ Notice of Fault, Affidavit and Notice of Default. Since the EQUIFAX admitted to the Proof of Claims Statement all issues are deemed settled Stare Decisis, and Respondents/Defendants, EQUIFAX, may not argue, controvert, or otherwise protest the finality of the findings in any subsequent process, whether administrative, judicial, or commercial.

## STATEMENT OF CLAIM – PART II

State how each defendant was involved and what each defendant did that caused the Plaintiff harm or violated the Plaintiff's rights, including the dates and places of that involvement or conduct.

**10.** EQUIFAX, Inc. is the parent company of (EQUIFAX Informational Service LLC, and EQUIFAX Consumer Services, LLC) and all three companies, hereinafter referred to as EQUIFAX, operate together as an integrated Consumer Reporting Agency ("CRA") and are both "consumer reporting agencies" and "nationwide reporting agencies" as defined by the Fair Credit Reporting Act.

**11.** In that Mark Begor, CEO of EQUIFAX, Inc. and in that EQUIFAX, Inc. is the parent company of EQUIFAX Informational Services LLC and EQUIFAX Consumer Services LLC, all were operating in unison in that John J. Kelly, Corporate Vice President and Chief Legal Officer signed the 7/22//2019 Class Action Settlement Agreement as the legal representative for all three companies as documented in the [Case 1:17-md-02800-TWT Document 739-2 Filed 07/22/19 Page 46 of 295] with Plaintiff's above cited exhibits including proofs of delivery; EQUIFAX received all PAR Presentments and Refused/Failed to Respond/Contest; therefore agreed.

**12. CLAIM I. -** EQUIFAX Inc. Knew or Should Have Known: Prior to the breach revealed in September 2017, there were four different instances when company data was accessed by hackers between 2013 and 2017. Hackers accessed credit-report data held by EQUIFAX between April 2013 and January 2014; Reportedly, EQUIFAX discovered "that it mistakenly exposed consumer data as a result of a technical error that occurred during a software change in 2015"; a breach compromised information on consumers' W-2 forms that were stored by EQUIFAX units in 2016 and 2017; and EQUIFAX reported in February 2017 that a technical issue "compromised credit information of some consumers who used identity theft protection services from a customer."

**13. CLAIM II. -** Negligence: Reportedly, EQUIFAX was negligent by the actions & inactions of conscious and voluntary disregard of the need to use reasonable care, which is likely to cause foreseeable grave injury or harm to persons, property, or both. According to the Court's Opinion, Case 1:17-md-02800-TWT Document 540 Filed 01/28/19 Page 30 of 80 "In Georgia, "[a] cause of action for negligence requires (1) [a] legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." "The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the Claimant a duty of care." Whether such a duty exists is a question of law. Georgia recognizes a general duty "to all the world not to subject them to an unreasonable risk of harm." Bradley Center, Inc. v. Wessner, 250 Ga. 199, 201 (1982).

**14.** It is EQUIFAX's conduct that is extreme in that it was not a mere failure to

exercise reasonable ordinary care of the private PII data entrusted to its care; it is the careless disregard for safeguarding the sensitive data it collected to unjustly financially benefit from the data it collected, stored, and sold. EQUIFAX put the Plaintiff at risk of identity theft for the rest of her life.

**15.CLAIM III. –** EQUIFAX violated California Customer Records Act, Cal. Civ. Code §§ 1798.80, et seq. as they Failed to Timely Notify Plaintiff: Reportedly, EQUIFAX was first warned about this vulnerability that led to the breach on March 8, 2017; the breach occurred on May 13, 2017, and EQUIFAX first observed suspicious network traffic on July 29. EQUIFAX's former CEO reported he first learned of the suspicious activity on July 31, 2017. EQUIFAX knew of the major breach, and knew it was significant, – all while saying nothing to regulators or the public. By August 11, EQUIFAX knew that hackers likely accessed "a database table containing a large amount of consumers" PII, but EQUIFAX failed to notify consumers, investors, business partners, and other regulators until September 7, 2017, over 40 days after the initial breach discovery.

**16.**Businesses that own or license computerized data that includes Personal Information, including Social Security numbers, are required to notify California residents when their Personal Information has been acquired (or is reasonably believed to have been acquired) by unauthorized persons in a data security breach "in the most expedient time possible and without unreasonable delay." Cal. Civ. Code § 1798.82. Among other requirements, the security breach notification must include "the types of Personal Information that were or are reasonably believed to have been the subject of the breach". Cal. Civ. Code § 1798.82. Because EQUIFAX reasonably believed that Plaintiff's Personal Information was acquired by unauthorized persons during the EQUIFAX Data Breach, EQUIFAX had an obligation to disclose the EQUIFAX Data Breach in a timely and accurate fashion

as mandated by Cal. Civ. Code § 1798.82. If California residents' personal data is hacked, state law requires that they are notified in the most expedient time possible and without unreasonable delay.   EQUIFAX was subject to the California Data Breach notification law. By failing to disclose the EQUIFAX Data Breach in a timely and accurate manner, EQUIFAX violated Cal. Civ. Code § 1798.82.   As a direct and proximate result of EQUIFAX's violations of the Cal. Civ. Code §§ 1798.81.5 and 1798.82, Plaintiff suffered identity theft and aggravated identity theft damages. Plaintiff seeks relief under Cal. Civ. Code § 1798.84, including actual damages (current and future) and injunctive relief.

17.**CLAIM V. -** Unjust Enrichment: EQUIFAX focused on and was making huge profits but failed to protect consumers' data safety and security. Reportedly, the breach was in fact the inevitable result of EQUIFAX's systemic incompetence and a longstanding, lackluster approach to data security that permeated the company's culture from the top down. Indeed, EQUIFAX's cavalier attitude about data security persisted despite warnings by outside cybersecurity experts. EQUIFAX's goal, as stated by its former CEO, Richard F. Smith, just weeks before he disclosed the breach, was to go from "$4 billion in revenue to $8 billion" in approximately 5 years. EQUIFAX prioritized growth and profits over protecting the PII of consumers. As a company that has "data on approaching a billion people," and "manage[s] massive amounts of very unique data (names, dates of birth, tax identification/social security numbers, medical records, driver's license, and other unknown sensitive data" as Richard F. Smith, former EQUIFAX CEO, put it two weeks after learning of the breach.

18.Reportedly, former EQUIFAX CEO Richard Smith said in August 2017– after EQUIFAX had discovered the breach – that fraud "is a huge revenue opportunity for EQUIFAX, Inc., because of this breach".   Further, as Senator

Warren pointed out during a Banking Committee Hearing after EQUIFAX's massive Data Breach, on October 4, 2017, that "So far, 7.5 million people have signed up for free credit monitoring through EQUIFAX since the breach. If just 1 million of them buy just one more year of monitoring through EQUIFAX at the standard rate of $17 a month, that is more than $200 million".

**19.CLAIM VI. – Plaintiff's Private Administrative Remedy Exhausted – EQUIFAX Failed/Refused to Respond/Agreed/Acquiesced/Defaulted:** EQUIFAX was afforded commercial grace to respond to the PAR Contract. EQUIFAX and was informed in the Notice of Fault and Opportunity to Cure, that Plaintiff would establish an affidavit of default, agreement, and failure to contest acceptance, and obtain a FINAL AFFIDAVIT OF CERTIFICATE OF NON-RESPONSE pursuant to and relative to UCC, State Statute, Federal Laws and otherwise. EQUIFAX did not respond to cure the fault, therefore EQUIFAX agreed to all items the Plaintiff presented including as outlined in item # 12 of the Conditional Acceptance # CA-090817-EQUIFAX that identifies EQUIFAX'S monetary liability to Plaintiff for damages no less than a minimum of $75,000,000.00 Seventy-Five Million Dollars including triple damages and costs.

**20.**Therefore, the Plaintiff states a SUPERIOR CLAIM upon which RELIEF can be granted; and thereby initiates this Complaint for a Civil Case and DEMAND for JURY TRIAL.

Respectfully Submitted.

Dated: October 9 , 2019

By: _Audella Patterson_ , Agent

Audella: Patterson,
Plaintiff In Proper

# Exhibit "A"

(https://www.equifax.com)

# Thank you

Based on the information you provided, our records indicate that your personal information was impacted by this incident.

What can I do?

For more information, visit the FAQ page. (https://www.equifaxsecurity2017.com/frequently-asked-questions/)

© 2018 Equifax Inc. All rights reserved

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other product and company names mentioned herein are the property of their respective owners.

Privacy Policy (https://trustedidpremier.com/static/privacy-policy) | Terms of Use (https://trustedidpremier.com/static/terms)

(https://www.equifax.com)

# Getting Started

Whether you are here for the first time or returning, please enter the information below and click **Continue**.

**Last Name**

Patterson

**Last 6 Digits of Social Security Number**

••••••

I'm not a robot

Continue

© 2018 Equifax Inc. All rights reserved

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other product and company names mentioned herein are the property of their respective owners.

Privacy Policy (https://trustedidpremier.com/static/privacy-policy) | Terms of Use (https://trustedidpremier.com/static/terms)

**Complaint**
**18**

(https://www.equifax.com)

# Thank you

Based on the information you provided, our records indicate that your personal information was impacted by this incident.

What can I do?

For more information, visit the FAQ page. (https://www.equifaxsecurity2017.com/frequently-asked-questions/)

© 2018 Equifax Inc. All rights reserved

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other product and company names mentioned herein are the property of their respective owners.

Privacy Policy (https://trustedidpremier.com/static/privacy-policy) | Terms of Use (https://trustedidpremier.com/static/terms)

**Complaint**
**19**

# Exhibit "B"

Conditional Acceptance # CA-090817-EQUIFAX

Certified Mail No. _____ **7019 0700 0000 6364 4128** _____

**Monday, May 13, 2019**

To: **Mark Begor, CEO** _____      From: **Audella: Patterson**
     **EQUIFAX, INC.**                                 **P. O. Box 3188** ___
     **1550 PEACHTREE ST NW**                    **Crestline. Calif. near [92325]**
     **ATLANTA, GA, 30309-2468**

RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS TO THE
LIABILITY OF EQUIFAX, INC. FOR THE FRAUDULENT BREACH OF THE PERSONAL DATA
OF 148 MILLION AMERICANS INCLUDING MYSELF, THE UNDERSIGNED, AS REPORTED
ON SEPTEMBER 8, 2017 BY EQUIFAX, INC.

**Dear Equifax, Inc.**

I'm am a victim of the fraudulent data breach that occurred at your company and was reported six
months later on September 8, 2017. I am personally, financially, socially and economically injured by
this data breach in that I now DO NOT know who may have my personal data or where my data is being
used as a result of the fraudulent data breach at Equifax, Inc. reported on September 8, 2017. I seek
Proof of Claim in the nature of exhausting my private administrative remedy from your Office as to the
torts committed by Equifax, Inc. against my estate. I want to resolve this matter as soon as possible and I
can only do so conditioned upon you Equifax, Inc. providing Proof of Claim.

As necessary, the Proofs of Claim are enumerated below:

1. PROOF OF CLAIM that on September 8, 2017 Equifax, Inc. did NOT report that over 148
Million Americans' personal data housed by Equifax, Inc. had been stolen and/or compromised.

2. PROOF OF CLAIM that Equifax, Inc. did NOT know of said data breach six months before
reporting said data breach on September 8, 2017.

3. PROOF OF CLAIM that Equifax, Inc. did NOT intentionally try to cover up the data breach only
to be forced to reveal said data breach six months after the breach actually occurred.

4. PROOF OF CLAIM that Equifax, Inc. protected my personal data and did NOT allow my
personal data to be breached and stolen by unknown entities.

5. PROOF OF CLAIM that Equifax, Inc. knows exactly where the personal data of 148 Million
Americans is.

6. PROOF OF CLAIM that Equifax, Inc. knows exactly who stole the personal data of 148 Million
Americans.

7. PROOF OF CLAIM that Equifax, Inc. is NOT liable to the 148 Million Americans whose data
was stolen as a result of the data breach at Equifax, Inc. reported on September 8, 2017.

8. PROOF OF CLAIM that Equifax, Inc. HAS corrected ALL security lapses and has taken ALL
security measures possible to ensure that this data breach will not happen again.

9. PROOF OF CLAIM that the U.S. General Accounting Office (GAO) did NOT on September 8,
2018 release a comprehensive report examining the reasons for the massive breach of personal
information from Equifax, Inc.

10. PROOF OF CLAIM that the U.S. General Accounting Office (GAO) report did NOT summarize

an array of errors inside the company, largely related to a failure to use well-known security best practices and a lack of internal controls and routine security reviews.

11. PROOF OF CLAIM that through the fraudulent data breach at Equifax, Inc I have NOT been personally injured and my ability to obtain credit has NOT been negatively affected resulting in economic hardships.

12. PROOF OF CLAIM that Equifax, Inc is NOT liable to me for damages no less than a minimum of $75,000,000.00 Seventy-Five Million Dollars including triple damages and costs.

The undersigned must ask, "What is my remedy?"

The undersigned respectfully <u>requests that you, Equifax, Inc. reply within ten (10) days of the posted date by providing Proof of Claim for all twelve items, both to the undersigned and to the Third-Party Witness's address below.</u>

A non-response and or failure to provide Proof of Claim will constitute agreement by you, and that the undersigned can exercise the remedy provided by all applicable laws, federal, state, and local. Your non-response will equate to commercial acquiescence to the terms outlined by the undersigned in a final Affidavit and Notice of Default.

Sincerely,
Without Prejudice

By, _(signature)_

Third Party Witness Address:

**MOZIAH MEDIA**
**MOZIAH CORPORATION**
**1397 SECOND AVENUE 105**
**NEW YORK, NEW YORK 10021**

## ACKNOWLEDGEMENT

STATE OF <u>California</u>                    )
                                                        ) ss
COUNTY OF <u>San Bernardino</u>    )

On <u>MAY 13, 2009</u> before me, <u>DAVID M MUNSON</u>, Notary Public, personally appeared **Audella: Patterson** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _(signature)_                            My commission expires on <u>10/22</u>
Notary Public

DAVID M. MUNSON
Notary Public - California
San Bernardino County
Commission # 2263263
My Comm. Expires Oct 22, 2011

STATE OF __Florida__ )
                        ) ss.
COUNTY OF __Dade__ )

(Your name here) being first duly sworn, on oath deposes and states that on the 13th day of May, 2019, he/she mailed the following:

1.  Conditional Acceptance # CA-090817-EQUIFAX

upon each of persons and/or entities named below by mailing to them a copy thereof by enclosing same in an envelope with certified mail # 7019 0700 0000 6364 4128  postage prepaid and depositing same in the post office at Dade County, Miami Florida, addressed to them as follows:

Mark Begor, CEO
EQUIFAX, INC.
1550 PEACHTREE STREET NW
ATLANTA, GA 30309-2468

By: _____
Moziah: Media
Secured Party/ Holder in Due Course

Subscribed and sworn to before me
this 13th day of __May__, 2019.

_____
Notary Public

My commission expires: ___8/2/22___

SEAL

VANESSA CESAR
Notary Public-State of Florida
Commission # GG 245187
My Commission Expires
August 02, 2022

**Complaint**
**23**

## Complete items 1, 2, and 3.
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A.** Signature

X

☐ Agent
☐ Addressee

**B.** Received by (Printed Name)    **C.** Date of Delivery

5 23

1. Article Addressed to:

Mark Begor, CEO
Equifax, Inc.
1550 PEACHTREE STREET NW
ATLANTA, GEOGIA 30309-2468

**D.** Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

9590 9402 4194 8121 3035 61

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0700 0000 6364 4128

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

---

**USPS TRACKING #**

9590 9402 4194 8121 3035 61

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Audella: Patterson
P.O. Box 3188
Crestline, California [92325]

# Exhibit "C"

Conditional Acceptance # CA-010819-EQUIFAX

**Certified Mail No.** __7019 0700 0000 6364 4135_____

**Friday, June 14, 2019**

**To:** **Mark Begor, CEO**          **From:** **Audella: Patterson**
　　 **EQUIFAX, INC.**                c/o: P. O. Box 3188
　　 **1550 PEACHTREE ST NW**         **Crestline, Calif. near [92325]**
　　 **ATLANTA, GA, 30309-2468**

**RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS TO THE LIABILITY OF EQUIFAX, INC. FOR THE FRAUDULENT BREACH OF THE PERSONAL DATA OF 148 MILLION AMERICANS INCLUDING MYSELF, THE UNDERSIGNED, AS REPORTED ON SEPTEMBER 8, 2017 BY EQUIFAX, INC.**

Notice of Fault and Opportunity to Cure and Contest Acceptance

**Dear Equifax, Inc:**

The undersigned caused to be sent to you a **CONDITIONAL ACCEPTANCE FOR PROOF OF CLAIM (CA), sent you on** __May 13, 2019.__

You failed to perform after receiving these presentments and you failed to perform by providing the requested and necessary **PROOFS OF CLAIM** after receiving the said Conditional Acceptance from the undersigned.

As the Respondent, you are now in fault and you are in agreement and have stipulated to the terms of the undersigned's dated presentment through your dishonor. You have the right to cure this fault and perform according to said terms __within the ten (10) days from the postmark of this Notice.__

Should you fail to cure your fault, I will establish an affidavit of default, agreement, and failure to contest acceptance, and obtain a **FINAL AFFIDAVIT OF CERTIFICATE OF NON-RESPONSE** pursuant to and relative to UCC, State Statute, Federal Laws and otherwise.

Thank you for your prompt attention to this matter.

I declare under penalty of Perjury WITHOUT the United States that the above is the truth the whole truth and nothing but the truth to the best of my knowledge and overstanding.

Sincerely,
**Without Prejudice**

_by: [signature]_

**Third Party Witness Address:**
　　 **MOZIAH MEDIA**
　　 **MOZIAH CORPORATION**
　　 **1397 SECOND AVENUE 105**
　　 **NEW YORK, NEW YORK 10021**

---

**ACKNOWLEDGEMENT**

STATE OF __California__          }
　　　　　　　　　　　　　　　 }ss
COUNTY OF __San Bernardino__  }

On __JUNE 14, 2019__ before me, __DAVID M MUNSON_____, Notary Public, personally appeared __Audella: Patterson__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument andacknowledged to me that she executed the same in her authorized capacity, and that by her signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph istrue and correct.

WITNESS my hand and officialseal.

_Signature:_ _____
**Notary Public**
My commission expires on __10-19-2022__

DAVID M. MUNSON
Notary Public - California
San Bernardino County
Commission # 2263263
My Comm. Expires Oct 19, 2022

Complaint
26

STATE OF FLORIDA      )
                           ) ss.

COUNTY OF MIAMI BEACH    )

Moziah: Media, being first duly sworn, on oath deposes and states that on the 15th day of June, 2019, he/she mailed the following:

1. Conditional Acceptance # CA-090817-EQUIFAX; Notice of Fault and Opportunity to Cure and Contest Acceptance.

upon each of persons and/or entities named below by mailing to them a copy thereof by enclosing same in an envelope with certified mail # 7019 0700 0000 6364 4135 postage prepaid and depositing same in the post office at Miami Beach Florida, addressed to them as follows:

Mark Begor, CEO
EQUIFAX, INC.
1550 PEACHTREE STREET NW
ATLANTA, GA 30309-2468

_____
Moziah: Media
Secured Party/ Holder in Due Course

Subscribed and sworn to before me
this 15th day of _Juuz_ , 2019.

_____
Notary Public

SEAL

VANESSA CESAR
Notary Public-State of Florida
Commission # GG 245187
My Commission Expires
August 02, 2022

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Begor, CEO
Equifax, inc.
1550 PEACHTREE STREET NW
ATLANTA, GEOGIA 30309-2468

9590 9402 4194 8121 3034 00

2. Article Number (Transfer from service label)

7019 0700 0000 6364 4135

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                         ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  6/18/9

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

USPS TRACKING #

9590 9402 4194 8121 3034 00

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Audella: Patterson
P.O. Box 3188
Crestline, California [92325]

—3i8888

**Complaint**
**28**

# Exhibit "D"

## Conditional Acceptance # CA-010819-EQUIFAX

**Certified Mail No.** _____ 7017 3040 0000 8752 4886 _____

**Tuesday, July 2, 2019**

**To:** Mark Begor, CEO       From:  Audelia: Patterson _____
     EQUIFAX, INC.             c/o P. O. Box 3188 _____
     1550 PEACHTREE ST NW    Crestline. Calif near [92325],
     USA
     ATLANTA, GA, 30309-2468

**RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS
TO THE LIABILITY OF EQUIFAX, INC. FOR THE FRAUDULENT BREACH OF THE
PERSONAL DATA OF 148 MILLION AMERICANS INCLUDING MYSELF, THE
UNDERSIGNED, AS REPORTED ON SEPTEMBER 8, 2017 BY EQUIFAX, INC.**

### AFFIDAVIT AND NOTICE OF DEFAULT

**State of California** _____    )
                       ) ss
**County of San Bernardino** _____  )

#### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
#### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**"Indeed, no more than (affidavits) is necessary to make the prima facie case."**

**United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W.**

**2169; S.Ct. March 22, 1982**

I, **Audella: Patterson**, herein 'Affiant,' a living breathing woman, being first duly sworn,
depose, say and declare by my signature that the following facts are true, correct and
complete to the best of my knowledge and belief:

1. **THAT, Affiant is competent to state the matters included in his/her declaration, has
knowledge of the facts, and declares that to the best of her knowledge, the statements
made in her affidavit are true, correct, and not meant to mislead.**

2. **THAT, Affiant (via Third Party Witness) sent a Conditional Acceptance requesting
Proofs of Claim to Equifax, Inc. on May 13, 2019.**

3. **THAT, Respondent, Equifax, Inc., is herein addressed in its public capacity as a
Corporation and hereinafter collectively referred to as "Respondent".**

4. **THAT, Equifax, Inc. has willingly, knowingly, intentionally, or voluntarily agreed and
acquiesced through its non-response to the facts stated herein.**

5. **THAT, on September 8, 2017 Equifax, Inc. DID report that over 148 Million
Americans' personal data housed by Equifax, Inc. had been stolen and/or
compromised.**

6. THAT, Equifax, Inc. DID know of said data breach six months before reporting said data breach on September 8, 2017.

7. THAT, Equifax, Inc. DID intentionally try to cover up the data breach only to be forced to reveal said data breach six months after the breach actually occurred.

8. THAT, Equifax, Inc. DID NOT protect my personal data and DID allow my personal data to be breached and stolen by unknown entities.

9. THAT, Equifax, Inc. DOES NOT know exactly where the personal data of 148 Million Americans is.

10. THAT, Equifax, Inc. DOES NOT know exactly who stole the personal data of 148 Million Americans.

11. THAT, Equifax, Inc. IS liable to the 148 Million Americans whose data was stolen as a result of the data breach at Equifax, Inc. reported on September 8, 2017.

12. THAT, Equifax, Inc. HAS NOT corrected ALL security lapses and has NOT taken ALL security measures possible to ensure that this data breach will not happen again.

13. THAT, the U.S. General Accounting Office (GAO) DID on September 8, 2018 release a comprehensive report examining the reasons for the massive breach of personal information from Equifax, Inc.

14. THAT, the U.S. General Accounting Office (GAO) report DID summarize an array of errors inside the company, largely related to a failure to use well-known security best practices and a lack of internal controls and routine security reviews.

15. THAT Equifax, Inc. CONTINUES to subject 148 Million Americans to the risk of having their personal data compromised and/or stolen again.

16. THAT Equifax, Inc. HAS personally injured me and my ability to obtain credit resulting in economic hardship.

17. THAT Equifax, Inc IS liable to me and each of the 148 Million Americans for damages no less than a minimum of $75,000,000.00 Seventy-Five Million Dollars including triple and punitive damages and costs.


Further Affiant sayeth not.
Dated this 2nd day of July 2019
Sincerely,
Without Prejudice

Third Party Witness Address:
   **MOZIAH MEDIA**
   **MOZIAH CORPORATION**
   **1397 SECOND AVENUE 105**
   **NEW YORK, NEW YORK 10021**

**Complaint**
**31**

This certificate is attached to a _____ page document as/one with/entitled _____ _____ _____

California JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness accuracy, or validity of that document.

State of California

County of _____

Subscribed and sworn to (or affirmed) before me on this _____ day of

_____ 20____ by _____

proved to me on the basis of satisfactory evidence to be the person(s) who appeared

before me.

KATHRYN A. VEALE
COMM # 2290052
NOTARY PUBLIC CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Mar 25, 2020

Signature _____ (Seal)

Printed 01-18

Produced by MarkMaster, Inc.   1-800-44-1 MARK   www.markmasterlabels.com

STATE OF _Florida_ )
                          ) ss.
COUNTY OF _Orange_ )

Moziah: media, being first duly sworn, on oath deposes and states that on the _3rd_ day of _July_, 20_19_, he/she mailed the following:

1. Conditional Acceptance #CA-010819-EQUIFAX – Affidavit and Notice of Default

upon each of persons and/or entities named below by mailing to them a copy thereof by enclosing same in an envelope with certified mail # 7017 3040 0000 8752 4886 postage prepaid and depositing same in the post office at Alafaya, Orlando, Florida addressed to them as follows:

Mark begor, CEO
EQUIFAX, INC
1550 PEACHTREE ST NW
ATLANTA, GEORGIA 30309

_____
Moziah: Media
Secured Party/ Holder in Due Course

Subscribed and sworn to before me

this _3rd_ day of _July_, 2019.

_____

Notary Public

SEAL

VANESSA CESAR
Notary Public-State of Florida
Commission # GG 245187
My Commission Expires
August 02, 2022

SENDER: COMPLETE THIS SECTION

■ **Complete items 1, 2, and 3.**
■ **Print your name and address on the reverse**
 so that we can return the card to you.
■ **Attach this card to the back of the mailpiece,**
 or on the front if space permits.

1. Article Addressed to:

 Mark Begor, CEO
 Equifax, Inc.
 1550 PEACHTREE STREET NW
 ATLANTA, GEOGIA 30309-2468



9590 9402 4194 8121 3035 47

2. Article Number *(Transfer from service label)*

 7017 3040 0000 8752 4886

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
 If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
 (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Restricte

PS Form **3811**, July 2015 PSN 7530-02-000-9053   Domestic Re

---

USPS TRACKING #

9590 9402 4194 8121 3035 47

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

 Audella: Patterson
 P.O. Box 3188
 Crestline, California [92325]

 

# USPS Tracking®

FAQs

## Track Another Package  +

**Tracking Number:** 70173040000087524886

Remove

Your item was delivered to an individual at
the address at 4:11 pm on July 8, 2019 in
ATLANTA, GA 30309.

## Status

☐ **Delivered**

July 8, 2019 at 4:11 pm
Delivered, Left with Individual
ATLANTA, GA 30309

**Get Updates**



Delivered

---

## Text & Email Updates

## Tracking History

**July 8, 2019, 4:11 pm**
Delivered, Left with Individual
ATLANTA, GA 30309
Your item was delivered to an individual at the address at 4:11 pm on July 8, 2019 in ATLANTA,
GA 30309.

**July 8, 2019**
In Transit to Next Facility

**Complaint**
**35**

July 6, 2019, 5:07 am
Departed USPS Regional Destination Facility
ATLANTA-PEACHTREE GA DISTRIBUTION CENTER

July 6, 2019, 12:31 am
Arrived at USPS Regional Destination Facility
ATLANTA-PEACHTREE GA DISTRIBUTION CENTER

July 5, 2019, 10:16 am
Arrived at USPS Regional Destination Facility
ATLANTA GA DISTRIBUTION CENTER

July 3, 2019, 11:54 pm
Arrived at USPS Regional Origin Facility
SEMINOLE-ORLANDO FL DISTRIBUTION CENTER

July 3, 2019
USPS expects item for mailing (SSK)
ORLANDO, FL 32828

_____

_____

# Exhibit "E"

# AFFIDAVIT OF NON-RESPONSE

**TESTIMONY:**

**Moziah Media,** Acceptor, a record-keeper by private contract at the request of Audella: Patterson, in care of 1397 Second Ave 105, New York, New York 10021 ; did duly present on:

**May 13, 2019**

**1 - Conditional Acceptance – CA-091817-EQUIFAX**

**to the following respondent/ parties:**

**Mark Begor, CEO**
**Equifax, Inc**
**1150 Peachtree Street**
**Atlanta, Georgia 30309**

**Service was delivered via USPS with Certified Mail Article Number# 7019 0700 0000 6364 4128**

**And on...June 15, 2019**

**2- Conditional Acceptance – CA-091817-EQUIFAX  Notice of Fault and Opportunity to Cure and Contest Acceptance**

**to the following respondent/ parties:**

**Mark Begor, CEO**
**Equifax, Inc**
**1150 Peachtree Street**
**Atlanta, Georgia 30309**

**Service was delivered via USPS with Certified Mail Article Number# 7019 0700 0000 6364 4135**

**And on...July 2, 2019**

**3. – Affidavit and Notice of Default**

**to the following respondent/ parties:**

**Mark Begor, CEO**
**Equifax, Inc**
**1150 Peachtree Street**
**Atlanta, Georgia 30309**

**Service was delivered via USPS with Certified Mail Article Number# 7017 3040 0000 8752 4886**

**Affiant certifies, attests, confirms and affirms that NO RESPONSE was or has been received from the above respondent/parties.**

In testimony of the above, I affirm the above to be true, correct, complete, and not misleading under the penalties of perjury under the laws of the united states of america:

By _____          _____
       WITNESS's Signature                                              Date

**Moziah Media**
**1397 Second Ave 105**
**New York, New York 10021**

**JURAT**

_Florida_ (State)                    )
                                              ) ss.
_Orange_ (County)               )

Sworn to (or affirmed) and subscribed before me on this ___29th___ day of the ___7th___ month in the year ___2019___ by
___Moziah Media___, proved to me on the basis of satisfactory evidence to be the one who appeared before me,
and executed the forgoing instrument for the purpose stated therein and acknowledged that said execution was by his free act and deed.

_____ SEAL
Notary Public's Signature

VANESSA CESAR
Notary Public-State of Florida
Commission # GG 245187
My Commission Expires
August 02, 2022

---

**Complaint**
**39**

# Exhibit "F"

**CERTIFIED MAIL NUMBER:**   7019 0140 0001 1548 8469

# "REQUEST FOR EXCLUSION"

To:   **Equifax Data Breach Class Action Settlement Administrator**
**Attn: Exclusion**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

*In re: Equifax Inc. Customer Data Security Breach Litigation,*
Case No. 1:17-md-2800-TWT

I **(Name)  Audella: Patterson  :**

| | |
|---|---|
| **Name:** | Audella: Patterson |
| **LAST 6 OF SS#:** | 761706 |
| **ADDRESS:** | P. O. Box 3188 |
| **CITY, STATE, ZIP:** | Crestline, California [92325] |

**hereby request EXCLUSION from the:**

*Equifax Inc. Customer Data Security Breach Litigation,*
**Case No. 1:17-md-2800-TWT**

I declare under penalties of perjury WITHOUT the UNITED STATES that the above is the truth the whole truth and nothing but the truth.

By: _Audella: Patterson_   Date: **8/1/2019**

SENDER: COMPLETE THIS SECTION.

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
**Mark Sayers**

1. Article Addressed to:

Equifax Data Breach Class Action Settlement Administrator
Attn: Exclusion
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 8 2019




3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0140 0001 1548 8469

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**USPS TRACKING #**

9590 9402 4356 8190 2660 00

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Audella: Patterson
c/o P. O. Box 3188
Crestline, Calif. [92325]**

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Patterson, Audella:

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Equifax, Inc.; Equifax Information Services LLC; and Equifax Consumer Services LLC

**(b)** County of Residence of First Listed Plaintiff   San Bernardino, Ca.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fulton, Ga.
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Audella: Patterson
P. O. Box 3188
Crestline, California [92325]

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

CEO: Mark Begor/Agent of Service: Shawn Baldwin
1550 Peachtree St. NW
Atlanta, Georgia 30309-2468

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multidistrict Litigation - Transfer  ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 USC Sec. 1028A - Aggravated Identity Theft, Identity Theft

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 151 Medicare Act | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:  **EDCV19 - 01936**  (KKx)

CV-71 (05/17)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☒ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☒ Yes  ☐ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | EASTERN |

| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |
|---|---|

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** *By: Andrea Patterson*   DATE: October 9 , 2019

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Western District of Hawaii

Civil Division

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 4 2019

at 5 o'clock and 00 min. P M
SUE BEITIA, CLERK

Case No.

CV 19 00262 DKW WRP

_(to be filled in by the Clerk's Office)_

| | |
|---|---|
| Raymond Silva | ) ) ) ) ) ) |
| _Plaintiff(s)_ _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) ) ) ) ) |
| **-v-** | ) ) ) ) ) ) |
| Equifax, Inc., et al | ) ) ) |
| _Defendant(s)_ _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) ) ) |

Jury Trial: _(check one)_  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Raymond Silva |
| Street Address | 1885 Railroad Ave. |
| City and County | Hilo, Hawaii |
| State and Zip Code | Hawaii, 96720 |
| Telephone Number | 808-981-2045 |
| E-mail Address | |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Received By Mail
Date 5/24/19
CS

Esc, IFP, R. 16
Mailed On
Date 5/28/19
CS

Page of 5

Defendant No. 1

| | |
|---|---|
| Name | Equifax, Inc. |
| Job or Title *(if known)* | |
| Street Address | 1550 Peachtree Street Northwest |
| City and County | Atlanta, Fulton County |
| State and Zip Code | Georgia 30309 |
| Telephone Number | 404-885-8000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question        ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Raymond Silva _____, is a citizen of the State of *(name)* Hawaii _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

   and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b.  If the defendant is a corporation

The defendant, *(name)*    Equifax, Inc. _____ , is incorporated under

the laws of the State of *(name)*    Georgia _____ , and has its

principal place of business in the State of *(name)*    Georgia _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Equifax, Inc. has willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated in the Conditional Acceptance/ Affidavits sent, and is therefore in default under contract. Equifax has also admitted to the data breach which has affected and injured me personally.

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See attached exhausted/ completed administrative remedy/ procedure: Conditional Acceptance, Notice of Fault & Opporutnity to Cure and subsqeuent Affidavit and Notice of Default. Plaintiff has exhausted his/her private Admiministrative remedy/rocedure and through the Defendents non-response, acceptance and commerical aquiescnese of the facts as outlined in the Affidavit and Notice of Default. Defendents were afforded commercial grace and an opportunity to provide the requested proofs of claims and failed to provide proofsof claim as enumerated in the Conditional Acceptance sent to Defendant via certified mail #_____ and received by Defendant on _____ . Defendents were then sent a Notice of Fault and Opportunity to Cure the fault and failed to respond. Through Defendents non-response and sielnece, the Defendants have quietly agreed to all of the facts as outlined in the Notice of Default. Therefore the Plaintiff states a superior claim upon which relief can be granted and the Defedants fail to state a claim upon which relief can be granted.

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff prays for relief as follows $75,000,000.00 ageed to and aquiesced by Equifax, Inc through the Platinfiff exahasuting his/her private amdinistrative remedy through request proofs of claim, Equifax, Inc's subsequent non-response to the Notice of Fault and Opportunity to Cure and subsequent non-response and subsequent Default as a result of Equifax, Inc. willful failure to respond. Plaintiff also pray for triple damages, punitive damages and all court costs.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  5-22-19

Signature of Plaintiff  *Raymond Silva*

Printed Name of Plaintiff  Raymond Silva

### B. For Attorneys

Date of signing:  _____

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____

## AFFIDAVIT OF NOTARY PRESENTMENT CERTIFICATION OF MAILING

STATE OF HAWAII      )
                            ) SS.
COUNTY OF HAWAII   )

On this **1st** day of **April** 2019, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that **RAYMOND SILVA** appeared before me with the following documents listed below. I, the below signed notary, personally verified that these documents were placed in an envelope and sealed by me.

On **2nd** day of **April**, 2019, the listed documents below were mailed via United States Postal Service by Certified Mail # **7019 0140 0000 0179 0201** to: Mark Begor, CEO, EQUIFAX, INC., 1550 Peachtree Street NW, Atlanta, GA 30309-2468.

LIST OF DOCUMENTS MAILED:

1. <u>CONDITIONAL ACCEPTANCE # CA-090817 - EQUIFAX</u>     **3** _____ pages

2. _____ _____ pages

3. _____ _____ pages

Christine N. Lominario

_____
Notary Print Name

Notary Signature **# 05-805**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

ATLANTA GA 30309

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.15 |
| $ | |
| Total Postage and Fees | $7.45 |
| $ | |

$2.80

Postmark Here

APR 02 '23
04/02/2019

Sent To  Mark Begor CEO
EQUIFAX INC.
Street and Apt. No., or PO Box No. 1550 Peachtree St NW
City, State, ZIP+4®  Atlanta, GA 30309-2468

7019 0140 0000 0179 0201

PS Form 3800, April 2015 7530-02-000-9047    See Reverse for Instructions

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | X _____ ☐ Agent  ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)  L. Johnson   C. Date of Delivery  4-8-19 |
| 1. Article Addressed to: | D. Is delivery address different from item 1?  ☐ Yes |
| Mark Begor, CEO  EQUIFAX INC.  1550 Peachtree St NW  Att Atlanta GA 30309-2468 | If YES, enter delivery address below:  ☐ No |

| | 3. Service Type | |
|---|---|---|
| | ☐ Adult Signature | ☐ Priority Mail Express® |
| | ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| 9590 9402 4717 8344 4703 11 | ☐ Certified Mail Restricted Delivery | ☐ Return Receipt for Merchandise |
| | ☑ Collect on Delivery | ☐ Signature Confirmation™ |
| 2. Article Number (Transfer from service label) | ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| 7019 0140 0000 0179 0201 | ☐ Insured Mail  ☐ Insured Mail Restricted Delivery (over $500) | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

#1

Certified Mail No. ___7019  0140  0000  0179  0201___

~~Saturday, January 10, 2019~~

To:   . Mark Begor, CEO           From:  Raymond Silva
      EQUIFAX, INC.                      1535 Railroad Ave
      1550 PEACHTREE ST NW               Hilo, HI  96720
      ATLANTA, GA, 30309-2468

RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS TO THE LIABILITY OF
EQUIFAX, INC. FOR THE FRAUDULENT BREACH OF THE PERSONAL DATA OF 148 MILLION
AMERICANS INCLUDING MYSELF, THE UNDERSIGNED, AS REPORTED ON SEPTEMBER 8, 2017 BY
EQIUFAX, INC.

Dear Equifax, Inc.

I'm am a victim of the fraudulent data breach that occurred at your company and was reported six
months later on September 8, 2017. I am personally, financially, socially and economically injured by
this data breach in that I now DO NOT know who may have my personal data or where my data is
being used as a result of the fraudulent data breach at Equifax, Inc. reported on September 8, 2017. I
seek Proof of Claim in the nature of exhausting my private administrative remedy from your Office as
to the torts committed by Equifax, Inc. against my estate. I want to resolve this matter as soon as
possible and I can only do so conditioned upon you Equifax, Inc. providing Proof of Claim.

As necessary, the Proofs of Claim are enumerated below:

1. PROOF OF CLAIM that on September 8, 2017 Equifax, Inc. did NOT report that over 148 Million
Americans' personal data housed by Equifax, Inc. had been stolen and/or compromised.

2. PROOF OF CLAIM that Equifax, Inc. did NOT know of said data breach six months before
reporting said data breach on September 8, 2017.

3. PROOF OF CLAIM that Equifax, Inc. did NOT intentionally try to cover up the data breach only to
be forced to reveal said data breach six months after the breach actually occurred.

4. PROOF OF CLAIM that Equifax, Inc. protected my personal data and did NOT allow my personal
data to be breached and stolen by unknown entities.

5. PROOF OF CLAIM that Equifax, Inc. knows exactly where the personal data of 148 Million
Americans is.

6.  PROOF OF CLAIM that Equifax, Inc. knows exactly who stole the personal data of 148 Million
Americans.

7.  PROOF OF CLAIM that Equifax, Inc. is NOT liable to the 148 Million Americans whose data was
stolen as a result of the data breach at Equifax, Inc. reported on September 8, 2017.

8. PROOF OF CLAIM that Equifax, Inc. HAS corrected ALL security lapses and has taken ALL
security measures possible to ensure that this data breach will not happen again.

9. PROOF OF CLAIM that the U.S. General Accounting Office (GAO) did NOT on September 8, 2018 release a comprehensive report examining the reasons for the massive breach of personal information from Equifax, Inc.

10. PROOF OF CLAIM that the U.S. General Accounting Office (GAO) report did NOT summarize an array of errors inside the company, largely related to a failure to use well-known security best practices and a lack of internal controls and routine security reviews.

11. PROOF OF CLAIM that through the fraudulent data breach at Equifax, Inc I have NOT been personally injured and my ability to obtain credit has NOT been negatively affected resulting in economic hardships.

12. PROOF OF CLAIM that Equifax, Inc is NOT liable to me for damages no less than a minimum of $10,000,000.00 Ten Million Dollars including triple damages and costs.

The undersigned must ask, "What is my remedy?"

The undersigned respectfully requests that you, Equifax, Inc. reply within ten (10) days by providing Proof of Claim for all twelve items, both to the undersigned and to the Notary's address below.

A non-response and or failure to provide Proof of Claim will constitute agreement by you, and that the undersigned can exercise the remedy provided by all applicable laws, federal, state and local. Your non-response will equate to commercial acquiescence to the terms outlined by the undersigned in a final Affidavit and Notice of Default.

Sincerely,
Without Prejudice

*Raymond Silva*

## ACKNOWLEDGEMENT

As a Notary Public for said County and State, I do hereby certify that on this _1st_ day of _April_ 20_19_ that _RAYMOND SILVA_, the above mentioned, appeared before me and executed the foregoing. Witness my hand and seal:

Notary Public
My commission expires _12-25-2021_

Third Party address (Notary):

~~Christine N. Lominario~~
P.O. Box 5681
Hilo, HI 96720

NOTARY CERTIFICATION
Made pursuant to Chapter 456, Hawaii Revised Statutes and
Hawaii Administrative Rules §5-11-8
Document Description: _Conditional Acceptance_
_# CA - 010819 - Equifax_
Document Date: _04/01/19_ Number of Pages: _13_
Circuit Court of the Third Circuit
Printed Name of Notary: Christine N. Lominario
Signature of Notary:
Commission Number: _05-805_ expires: _12-25-2021_

*Raymond S. L...*

*Last 6 digits of SS# 40-7540*

(https://www.equifax.com)

# Thank you

Based on the information you provided, our records indicate that your personal information was impacted by this incident.

### What can I do?

For more information, visit the FAQ page. (https://www.equifaxsecurity2017.com/frequently-asked-questions/)

© 2018 Equifax Inc. All rights reserved

Equifax and the Equifax marks used herein are trademarks of Equifax Inc. Other product and company names mentioned herein are the property of their respective owners.

Privacy Policy (https://trustedidpremier.com/static/privacy-policy) | Terms of Use (https://trustedidpremier.com/static/terms)

## AFFIDAVIT OF NOTARY PRESENTMENT CERTIFICATE OF MAILING

STATE OF HAWAII            )
                           ) SS.
COUNTY OF HAWAII           )

On this __18th__ day of __April__ 2019, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that ___RAYMOND SILVA___ appeared before me with the following documents listed below. I, the below signed notary, personally verified that these documents were placed in an envelope and sealed by me.

On __22nd__ day of __April__ 2019, the listed documents below were mailed via United States Postal Service by Certified Mail # __7019 0140 0000 0179 0010__ to: Mark Begor, CEO, EQUIFAX, INC., 1550 Peachtree Street NW, Atlanta, GA 30309-2468.

LIST OF DOCUMENTS MAILED:

1. __NOTICE OF FAULT AND OPPORTUNITY TO CURE AND CONTEST ACCEPTANCE__  __1__ pages

2. _____  _____ pages

3. _____  _____ pages

**Christine N. Lominario**

_____        _____
Notary Print Name                      Notary Signature

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

ATLANTA GA 30309

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| $ | $2.80 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)  $ $0.00
☐ Return Receipt (electronic)  $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required  $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark
Here

APR 16 2019

| Postage | $1.00 |
|---|---|
| $ | |
| Total Postage and Fees | $7.30 |

04/22/2019

Sent To MARK BEGOR, CEO EQUIFAX, INC.
Street and Apt. No., or PO Box No. 1550 PEACHTREE ST NW
City, State, ZIP+4® ATLANTA GA 30309-2468

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by *(Printed Name)*  C. Date of Delivery <br> L. Johns  4-26-19 |
| 1. Article Addressed to: <br><br> MARK BEGOR, CEO <br> EQUIFAX, INC. <br> 1550 PEACHTREE ST NW <br> ATLANTA GA 30309-2468 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| 9590 9402 4717 8344 4702 98 | 3. Service Type <br> ☐ Adult Signature <br> ☐ Adult Signature Restricted Delivery <br> ☐ Certified Mail® <br> ☐ Certified Mail Restricted Delivery <br> ☐ Collect on Delivery <br> ☐ Collect on Delivery Restricted Delivery <br> ☐ Restricted Delivery <br> *(over $500)* | ☐ Priority Mail Express® <br> ☐ Registered Mail™ <br> ☐ Registered Mail Restricted Delivery <br> ☐ Return Receipt for Merchandise <br> ☐ Signature Confirmation™ <br> ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)* <br> 7019 0140 0000 0179 0010 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Conditional Acceptance # CA-010819-EQUIFAX

## AFFIDAVIT OF CERTIFICATE OF NON–RESPONSE

State of ____HAWAII____ )
)
) ss
County of ____HAWAII____ )

Re: Non-Response to Private Conditional Acceptance for Proof of Claim to Exhaust a Private Administrative Remedy initiated by ____RAYMOND SILVA____.

**"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States vs Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982**

That I, ____CHRISTINE N. LOMINARIO____ (Notary), a living breathing man (or woman), being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief.

I, ____CHRISTINE N. LOMINARIO____ (Notary), the undersigned, a Third Party, not a party to the matter, certify that a Conditional Acceptance and Request for Proof of Claim was sent by the undersigned to Equifax, Inc. via Certified Mail Number __7019 0140 0000 0179 0201__ on ____April 2____, 20 __19__.

I, ____CHRISTINE N. LOMINARIO____ (Notary), the undersigned, a Third Party, not a party to the matter, certify that a Notice of Fault and Opportunity to Cure was sent by the undersigned to Equifax, Inc. via Certified Mail Number __7019 0140 0000 0179 0010__ on ____April 22____, 20 __19__.

I certify that I have reviewed the original documents of the above party and the mail receipts for the mailings.

Per the documents as mailed, request was made to the Respondent to send a RESPONSE being the requested Proof of Claim(s) to the above party and to the undersigned's address/office. As the Conditional Acceptance and Notice of Fault and Opportunity to Cure were presented, Respondent failed to cure the Fault. An affidavit in support of the default was executed in the matter.

Therein, no such RESPONSE was sent and/or received at the undersigned's address/office for conclusion to the above party's private administrative process.

Said RESPONSE was requested within a specific time period (10 DAYS) with an additional 3 days for return mail per each document.

THEREFORE; I, ____CHRISTINE N. LOMINARIO____ (Notary) certify that the Respondent, Equifax, Inc., refused or failed to RESPOND to the above party's Private Conditional Acceptance and Request for Proof of Claim, and failed to cure within the time stipulated under necessity, and therefore is in full agreement.

Dated this __22nd__ day of ____April____, 20 __19__.
Without Prejudice

_____          ____RAYMOND SILVA____
Notary                                Referenced Party

nditional Acceptance # CA-010319-EQUIFAX

#2

Certified Mail No. _7019 0140 0000 0179 0010_

Thursday, April 18, 2019

To:     Mark Begor, CEO         From:    Raymond Silva
        EQUIFAX, INC.                        1885 Railroad Ave
        1550 PEACHTREE ST NW            Hilo, HI 96720
        ATLANTA, GA, 30309-2468

RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS TO THE LIABILITY OF
EQUIFAX, INC. FOR THE FRAUDULENT BREACH OF THE PERSONAL DATA OF 148 MILLION
AMERICANS INCLUDING MYSELF, THE UNDERSIGNED, AS REPORTED ON SEPTEMBER 8, 2017 BY
EQIUFAX, INC.

### Notice of Fault and Opportunity to Cure and Contest Acceptance

Dear Equifax, Inc:

The undersigned caused to be sent to you a CONDITIONAL ACCEPTANCE FOR PROOF OF CLAIM
(CA), sent you on _____ April 2 _____, 20 19 .

You failed to perform after receiving these presentments and you failed to perform by providing the
requested and necessary PROOFS OF CLAIM after receiving the said Conditional Acceptance from
the undersigned.

As the Respondent, you are now in fault and you are in agreement and have stipulated to the terms of
the undersigned's dated presentment through your dishonor. You have the right to cure this fault and
perform according to said terms within the ten (10) days from the postmark of this Notice.

Should you fail to cure your fault, I will establish an affidavit of default, agreement and failure to
contest acceptance, and obtain a FINAL AFFIDAVIT OF CERTIFICATE OF NON-RESPONSE
pursuant to and relative to UCC, State Statute, Federal Laws and otherwise.

Thank you for your prompt attention to this matter.

I declare under penalty of Perjury WITHOUT the United States that the above is the truth the whole
truth and nothing but the truth to the best of my knowledge and over standing.

Sincerely,
Without Prejudice

_Raymond Silva_

Third Party address (Notary):

_____ Christine N. Lominario
_____ P.O. Box 5681
_____ Hilo, HI 96720

AFFIDAVIT OF NOTARY PRESENTMENT CERTIFICATE OF MAILING

STATE OF HAWAII        )
                       ) SS.
COUNTY OF HAWAII       )

On this __6__ day of __May__ 2019, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that ___RAYMOND   SILVA___ appeared before me with the following documents listed below. I, the below signed notary, personally verified that these documents were placed in an envelope and sealed by me.

On __8th__ day of __May__ 2019, the listed documents below were mailed via United States Postal Service by Certified Mail # _7019  0140  0000  0179  0126_ to: Mark Begor, CEO, EQUIFAX, INC., 1550 Peachtree Street NW, Atlanta, GA 30309-2468.

LIST OF DOCUMENTS MAILED:

1. __AFFIDAVIT  AND  NOTICE  OF  DEFAULT__                    __3__ pages

2. _____                    _____ pages

3. _____                    _____ pages

**Christine N. Lominario**
_____          _____
Notary Print Name                        Notary Signature

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

ATLANTA, GA 30309 OFFICIAL USE

| Certified Mail Fee | $3.50 | 0321 |
| | $2.80 | 27 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $1.15 | |
| Total Postage and Fees | | |
| $ | $7.45 | |

HILO HI 967—
MAY - 8 2019
05/08/2019
USPS

Sent To MARK BEGOR, CEO
EQUIFAX, INC.
Street and Apt. No., or PO Box No. 1550 PEACHTREE ST NW
City, State, ZIP+4® ATLANTA GA 30309-2468

7019 0140 0000 0179 0126

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARK BEGOR, CEO
EQUIFAX, INC.
1550 PEACHTREE ST NW
ATLANTA GA 30309-2468

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4717 8344 4702 05

2. Article Number *(Transfer from service label)*
7019 0140 0000 0179 0126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                    ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery
                                      5/2/9

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type                        ☐ Priority Mail Express®
☐ Adult Signature                      ☐ Registered Mail™
☐ Adult Signature Restricted Delivery  ☐ Registered Mail Restricted
☑ Certified Mail®                        Delivery
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for
☐ Collect on Delivery                    Merchandise
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation™
☐ Insured Mail                         ☐ Signature Confirmation
☐ Insured Mail Restricted Delivery        Restricted Delivery
   (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt

#4

## AFFIDAVIT OF CERTIFICATE OF NON–RESPONSE

State of ~~Hawaii~~ )
County of ~~Hawaii~~ ) ss
)

Re: Non-Response to Private Conditional Acceptance for Proof of Claim to Exhaust a Private Administrative Remedy initiated by _____ RAYMOND SILVA _____.

**"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States vs Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982**

That I, CHRISTINE N· LOMINARIO (Notary), a living breathing man (or woman), being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief.

I, CHRISTINE N· LOMINARIO _____ (Notary), the undersigned, a Third Party, not a party to the matter, certify that a Notice of Fault and Opportunity to Cure and Contest Acceptance was sent by the undersigned to Equifax, Inc. via Certified Mail Number 7019 0140 0000 0179 0010 on April 22, 20 19.

I, CHRISTINE N· LOMINARIO _____ (Notary), the undersigned, a Third Party, not a party to the matter, certify that an Affidavit and Notice of Default was sent by the undersigned to Equifax, Inc. via Certified Mail Number 7019 0140 0000 0179 0126 on May 8, 20 19.

I certify that I have reviewed the original documents of the above party and the mail receipts for the mailings.

Per the documents as mailed, request was made to the Respondent to send a RESPONSE being the requested Proof of Claim(s) to the above party and to the undersigned's address/office. As the Conditional Acceptance and Notice of Fault and Opportunity to Cure were presented, Respondent failed to cure the Fault. An affidavit in support of the default was executed in the matter.

Therein, no such RESPONSE was sent and/or received at the undersigned's address/office for conclusion to the above party's private administrative process.

Said RESPONSE was requested within a specific time period (10 DAYS) with an additional 3 days for return mail per each document.

THEREFORE; I, CHRISTINE N· LOMINARIO _____ (Notary) certify that the Respondent, Equifax, Inc., refused or failed to RESPOND to the above party's Private Conditional Acceptance and Request for Proof of Claim, and failed to cure within the time stipulated under necessity, and therefore is in full agreement.

Dated this 8th day of May , 20 19
Without Prejudice

_____          _____
Notary                                   RAYMOND SILVA
                                         Referenced Party

Conditional Acceptance # CA-010519-EQUIFAX

#3

Certified Mail No. _7019 0140 0000 0179 0126_

NP/all
L.S.

~~May 6, 2019~~
~~Saturday, January 19, 2019~~

To:   Mark Begor, CEO
      EQUIFAX. INC.
      1550 PEACHTREE ST NW
      ATLANTA, GA, 30309-2468

From:   Raymond Silva
        1885 Railroad Ave.
        Hilo, HI 96720

RE: CONDITIONAL ACCEPTANCE (CA) - REQUEST FOR PROOF OF CLAIM AS TO THE LIABILITY OF EQUIFAX, INC. FOR THE FRAUDULANT BREACH OF THE PERSONAL DATA OF 148 MILLION AMERICANS INCLUDING MYSELF, THE UNDERSIGNED, AS REPORTED ON SEPTEMBER 8, 2017 BY EQIUFAX, INC.

## AFFIDAVIT AND NOTICE OF DEFAULT

State of ___Hawaii___ )
                        ) ss
County of ___Hawaii___  )

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL
### NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**"Indeed, no more than (affidavits) is necessary to make the prima facie case."**
**United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W.**
**2169; S.Ct. March 22, 1982**

I, ___RAYMOND SILVA___, herein 'Affiant," a living breathing man/woman, being first duly sworn, depose, say and declare by my signature that the following facts are true, correct and complete to the best of my knowledge and belief.

1. THAT, Affiant is competent to state the matters included in his/her declaration, has knowledge of the facts, and declares that to the best of his/her knowledge, the statements made in his affidavit are true, correct, and not meant to mislead.

2. THAT, Affiant (via Notary) sent a Conditional Acceptance requesting Proofs of Claim to Equifax, Inc. on ___April 22___, 20_19_.

3. THAT. Respondent, Equifax. Inc., is herein addressed in its public capacity as a Corporation and hereinafter collectively referred to as "Respondent".

4. THAT, Equifax, Inc. has willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated herein.

5. THAT, on September 8, 2017 Equifax, Inc. DID report that over 148 Million Americans' personal data housed by Equifax, Inc. had been stolen and/or compromised.

6. THAT, Equifax, Inc. DID know of said data breach six months before reporting said data breach on September 8, 2017.

7. THAT, Equifax, Inc. DID intentionally try to cover up the data breach only to be forced to reveal said data breach six months after the breach actually occurred.

8. THAT, Equifax, Inc. DID NOT protect my personal data and DID allow my personal data to be breached and stolen by unknown entities.

9. THAT, Equifax, Inc. DOES NOT know exactly where the personal data of 148 Million Americans is.

10. THAT, Equifax, Inc. DOES NOT know exactly who stole the personal data of 148 Million Americans.

11. THAT, Equifax, Inc. IS liable to the 148 Million Americans whose data was stolen as a result of the data breach at Equifax, Inc. reported on September 8, 2017.

12  THAT, Equifax, Inc. HAS NOT corrected ALL security lapses and has NOT taken ALL security measures possible to ensure that this data breach will not happen again.

13.  THAT, the U.S. General Accounting Office (GAO) DID on September 8, 2018 release a comprehensive report examining the reasons for the massive breach of personal information from Equifax, Inc.

14.  THAT, the U.S. General Accounting Office (GAO) report DID summarize an array of errors inside the company, largely related to a failure to use well-known security best practices and a lack of internal controls and routine security reviews.

15. THAT Equifax, Inc. CONTINUES to subject 148 Million Americans to the risk of having their personal data compromised and/or stolen again.

16. THAT Equifax, Inc. HAS personally injured me and my ability to obtain credit resulting in economic hardship.

17. THAT Equifax, Inc IS liable to me and each of the 148 Million Americans for damages no less than a minimum of $75,000,000.00 Seventy-Five Million Dollars including triple and punitive damages and costs.

Further Affiant sayeth not.

NP/cw  Dated this ~~Saturday, January 19, 2019~~ May 6, 2019
R.S.

Sincerely,
Without Prejudice

*Raymond Silva*

## ACKNOWLEDGEMENT

As a Notary Public for said County and State, I do hereby certify that on this 6th day of ___May___, 20 19 that ___RAYMOND  SILVA___. the above mentioned, appeared before me and executed the foregoing. Witness my hand and seal:

_____

Notary Public
My Commission expires ___12-25-2021___

(NOTARY CERTIFICATION ATTACHED)
(NOTARY CERTIFICATION ATTACHED)

# NOTARY PUBLIC CERTIFICATION
## CHRISTINE N. LOMINARIO
State and County of Hawai'i
Notary Public, Third Circuit Court
Commission No. 05-805

Document Description: __AFFIDAVIT AND NOTICE OF DEFAULT__

No. of Pages: __3__ Date of Doc. __05/06/19__

Legal Seal

___05/06/19___

Notary Signature                    Date

Commission expires: ___12-25-2021___

Raymond Silva
1585 Railroad Ave.
Hilo, HI 96720




U.S. POSTAGE PAID
FCM LG ENV
HILO, HI
96720
MAY 22, 19
AMOUNT
**$2.80**
R2304M112867-12

1000          96850

**RECEIVED**
CLERK, U. S. DISTRICT COURT

MAY 2 4 2019

DISTRICT OF HAWAII

United States District Court
District of Hawaii
300 Ala Moana Blvd., Rm C338
Honolulu, HI 96850

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET CV19 00262 DKW WRP

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Raymond Silva | Equifax, Inc. et al. |

| (b) County of Residence of First Listed Plaintiff  Hawaii, Hawaii | County of Residence of First Listed Defendant  Fulton County, Georgia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander       Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine       Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL INJURY** | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | Medical Malpractice | Leave Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | State Statutes |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  18 USC Sec. 1028A

Brief description of cause:  Aggravated Identity Theft, Identity Theft

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

cc: DKW/WRP/tt

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 19 2019

at __11__ o'clock and __33__ min. __A__M
SUE BEITIA, CLERK

ORIGINAL

Affidavit Of

Raymond Kealoha Silva

1885 Railroad ave.

Hilo, Hi 96720

STATE OF HAWAII
COUTNTY OF ~~HILO~~ HAWAII

CV 19 00262 DKW WRP

The undersigned, Raymond Kealoha Silva, being duly sworn hereby deposed and says:

I am over the age 18 and am a resident of the STATE OF HAWAII. I have personal knowledge of the facts herein and of sound mind and suffer not legal disabilities and have personal knowledge of the facts set forth below.

I Raymond Kealoha Silva born in HILO, HAWAII ON November 29, 1975 son of father Raymond Silva born in KAU on the island of HAWAII on April 13, 1942. I Raymond Kealoha Silva have become his legal and appointed guarding of his medical, financial any and all legal matters at the time of my father's Illness CARDIOVASCULAR is under the care of the Dr. John Cogan's care.

For the reason of his understanding and comprehension and other medical issue. In short September of 2017 our data was breached. We're not informed of our data breach that has and continued to create hardships and financial situations out of our control, like dark web alerts, credit fraud in our name and proof that we're were still not informed and had to find out from other financial institutions. I have attached some of the things that are continually ruining our name and all of our private information is out in the world. We are asking and praying for relief. We try to reach out to the defendant but with no avail. Our lives are never going to be the same again.

I declare that to the best of my knowledge and belief the information here is true and correct and complete.

Executed this ___18th___ day of ___July___, ___2019___

Raymond Kealoha Silva

This 1-page Affidavit of Raymond Kealoha Silva, dated July 18, 2019 was subscribed and sworn to before me this 18th day of July, 2019 in the Third Judicial Circuit of the State of Hawaii by Raymond Kealoha Silva.

L. Silva, Notary Public
State of Hawaii

My commission expires: Nov 2, 2019

Received By Mail
Date __7/19/19__
45

Mailed On
Date __7/22/19__
Lr



◀ Messages

🔒 exclusiveinsiders.com ↻

# Attention EQUIFAX Affected Consumers

## Data Security Breach Information Below

**Due to the recent Equifax data breach, your name, social security number, birth date, credit card numbers, and drivers license number may have been compromised.**

We are advising all users to check their Credit Score as soon as possible. For your convenience, we are making a Credit Score available to you today for free.

**Please view your free Credit Score as of June 18, 2019.**

**And checking your Credit Score and Report from all 3 Credit Bureaus may help you know if you've become a victim.**

> ### Click Here to View Your Credit Score Right Now

  

Copyright 2017 PrestigeSavingsWorldwide. All rights reserved. This page is neither affiliated with nor sponsored by Equifax. Terms and conditions apply, see service provider's site for details.

**JOHN J. COGAN,** M.D., F.A.C.P., F.A.C.C., F.S.C.A.I., Inc.
CARDIOLOGY

August 29, 2018

RE:  RAYMOND SILVA

To Whom It May Concern:

Mr. Silva is currently under my care and due to his cardiovascular condition, he is unable to serve as a juror. Should you need additional information, please contact my office at (808) 536-7327.

Respectfully,

John J. Cogan, M.D., F.A.C.P., F.A.C.C., F.S.C.A.I.

QUEEN'S PHYSICIANS OFFICE BUILDING I • 1380 LUSITANA STREET • SUITE 913
HONOLULU, HAWAII 96813 • PHONE: (808) 536-7327 • FAX: (808) 536-2513
ANSWERING SERVICE: 524-2575
OUTER ISLANDS: 1-800-690-9879

6:59 ◀

<

## Your Equifax Dispute Confirmation and next steps

 Equifax.Online.Notification@equi...
to HAWAIIANBUCKS@YAHOO.COM
Today at 3:26 AM

Dear Raymond,

Your most recent Equifax reinvestigation has been started. This process can take up to 30 days to complete. For faster delivery of your results, you can now receive the results of your investigation online.
To accept receipt of the results of your investigation online, please click on this hyperlink:

https://www.OptinOnlineDelivery.equifax.com/optin/jsp/optIn.jsp?DATI=4387936ef36dffec1e015b0db1f466ca

Any reinvestigation that you have created within the timeframe of this request will be available for your review online upon completion.

We appreciate your help as we work together to protect our environment by going green and increasing your account security

            •••