## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800 1:17-MD-2800-TWT<br><br>CONSUMER CASES |

## EQUIFAX'S REPLY IN SUPPORT OF ITS MOTION
## TO DISMISS THE OPT-OUT CASES FILED BY PLAINTIFFS
## WHO FAILED TO RESPOND TO EQUIFAX'S MOTION

On October 27, 2021, the Court entered a Case Management Order permitting Equifax to file a consolidated motion to dismiss the claims of all the Opt-Out Plaintiffs and setting a briefing schedule for the motion. Dkt. Nos. 1216, 1219 (as amended).[1] Equifax filed its Motion to Dismiss the Opt-Out Cases ("Motion") on December 10, 2021. *See* Dkts. 1220 and 1221-1 (corrected brief). Plaintiffs Cathy Eustice, Christopher Eustice, David Eustice, and Travis Hubbard (the "Eustice Plaintiffs"), as well as Douglas Emery Adams, Alice Flowers, Edward Hutchinson, Ruby Hutchinson, Anna Lee, and Raymond Silva (collectively, "Non-Responsive Plaintiffs") did not file responses to Equifax's Motion by the Court-ordered January

---

[1] Following entry of the Case Management Order, Equifax and one of the Opt-Out Plaintiffs, Ivy Madsen, reached a settlement. Madsen is a named plaintiff in *Horne v. Equifax Inc.*, No. 1:17-cv-03713.

24, 2022 deadline.  As demonstrated below, the Court should dismiss the claims of the Non-Responsive Plaintiffs because they failed to respond to Equifax's Motion and, in any event, their claims all fail on the merits.[2]

## I.   ARGUMENT

### A.   The Non-Responsive Plaintiffs' Claims Should be Dismissed Because They Failed to Respond to Equifax's Motion.

In October 2021, Plaintiffs were notified that Equifax would be moving to dismiss their complaints and that they would be required to respond.  *See* Case Management Order for Opt-Out Cases, Dkt. No. 1216 (providing that each Opt-Out Plaintiff would have 45 days to file a response to Equifax's Motion).  Nevertheless, the ten Non-Responsive Plaintiffs allowed the January 24, 2022 response deadline to pass without responding or even requesting additional time to do so.  Moreover,

---

[2] This brief addresses only the claims of the Non-Responsive Plaintiffs.  This Court granted Opt-Out Plaintiff Audella Patterson a 30-day extension to file her response to Equifax's Motion to Dismiss.  *See Patterson*, No. 1:19-cv-05529, Order, Dkt. 25. Therefore, Equifax will timely file a reply brief with respect to Plaintiff Patterson's claims within 30 days of her response.  Plaintiffs Joshpe and Khalaf also requested an extension of time to allow them to file their briefs after the January 24, 2022 deadline, which Equifax did not oppose.  Dkt. 1224.  The Court has not yet ruled on that request.  Joshpe and Khalaf then filed their opposition briefs on January 28, 2022.  Pursuant to the October 27, 2021 Case Management Order, Equifax will file its reply brief with respect to Joshpe's and Khalaf's claims by February 28—*i.e.*, 30 days from when they filed their oppositions.  Dkts. 1216, 1219 (as amended).

as of the date of this filing, none of the Non-Responsive Plaintiffs has requested an extension of time to respond to Equifax's Motion.

Dismissal of the Non-Responsive Plaintiffs' claims is therefore proper. Under this Court's Local Rule 7.1B, a party's failure to respond to a motion "indicate[s] that there is no opposition to the motion." In fact, "[w]hen a plaintiff fails to respond to a motion to dismiss a complaint, granting the motion based solely on the party's failure to respond is within the discretion of a district judge." *Jinks v. Indymac Mortg. Servs*., No. 1:12-CV-2607-CAP, 2012 WL 12845100, at *1 (N.D. Ga. Sept. 11, 2012).

Likewise, Federal Rule of Civil Procedure 41(b) and Local Rule 41.3 empower this Court to "dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Here, the Non-Responsive Plaintiffs failed to comply with the Court's October 27, 2021 Order requiring them to file any opposition to Equifax's Motion by January 24, 2022. *See* Dkt. 1216 ¶ 3. The Court should therefore dismiss their claims without even reaching the merits. *See Irish v. Am.'s Servicing Co.*, No. 1:11-cv-03776-TWT, 2012 WL 13013369, at *1 (N.D. Ga. Feb. 21, 2012) ("Although [plaintiff] is proceeding pro se, she is still required to adhere both to the Federal Rules of Civil Procedure and the Local Rules. Therefore,

3

[plaintiff's] failure to respond supports granting [defendant's] motion to dismiss.");

*Riddell v. Florida*, 702 F. App'x 869, 871 (11th Cir. 2017) (affirming dismissal of

*pro se* plaintiffs' complaint for "failure to diligently prosecute [the] action" where

plaintiffs failed to respond to motion to dismiss) (alteration added) (quoting district

court's order).

### B.    Independently, the Non-Responsive Plaintiffs' Claims Fail on Their Merits.

Setting aside that dismissal of these ten Plaintiffs' claims is proper solely

because of their failure to respond to Equifax's Motion, a merits review of their

claims confirms they should be dismissed under Rules 8(a) and 12(b)(6).

Initially, the unintelligible allegations in the complaints of the Eustice

Plaintiffs and Plaintiffs Adams, Flowers, Edward Hutchinson, Ruby Hutchinson,

and Silva are facially insufficient under Rule 8(a), which requires a "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2); *see* Mot. at 10-14.  Even if any of the Non-Responsive Plaintiffs'

claims met the basic requirements of Rule 8, they would all be subject to dismissal

under Rule 12(b)(6).  To start, the so-called "commercial acquiescence" claims of

Plaintiffs Adams, Flowers, Edward Hutchinson, Ruby Hutchinson, Lee, and Silva

do not set forth a recognized cause of action.  *See* Mot. at 14-16; *see also Swayne v.*

*Equifax, Inc.*, No. 5:19-CV-196 (MTT), 2019 WL 2494574, at *2 (M.D. Ga. June

13, 2019) (dismissing as "frivolous" identical commercial acquiescence claim against Equifax).   And even where the Plaintiffs asserted recognized causes of action, they failed to allege facts establishing the requisite elements of their claims, as explained in Equifax's Motion.  *See* Mot. at 14-17 (contract claims), 19-24 and 26-30 (negligence claims), 30-32 (FCRA claims), 32-37 (state statutory claims). Therefore, all the Non-Responsive Plaintiffs' claims are subject to dismissal under Rule 12(b)(6).

## II.   CONCLUSION

For these reasons, the complaints of Plaintiffs Douglas Emery Adams, Cathy Eustice, Christopher Eustice, David Eustice, Travis Hubbard, Alice Flowers, Edward Hutchinson, Ruby Hutchinson, Anna Lee, and Raymond Silva should be dismissed with prejudice.

Respectfully submitted, this 23rd day of February, 2022.

/s/ S. Stewart Haskins II
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
Elijah T. Staggers
Georgia Bar No. 903746
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
estaggers@kslaw.com

*Counsel for Equifax Defendants*

6

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by LR 5.1B.  This filing was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 23rd day of February, 2022.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.  I also certify I served the following pro se Plaintiffs by U.S. Mail, postage prepaid, and addressed as follows:

Douglas Emery Adams
519 Colgate Dr.
Allen, TX 75013

David Eustice
Christopher Eustice
Cathy Eustice
655 West Forest Dr.
Houston, TX 77079

Travis Hubbard
655 West Forest Dr.
Houston, TX 77079

Alice M. Flowers
P.O. Box 2322
Anderson, IN 46018

Ruby Hutchinson
1810 E. 49th St.
Anderson, IN 46013

Edward D. Hutchinson, Sr.
1810 E. 49th St.
Anderson, IN 46013

Raymond Silva
1885 Railroad Ave.
Hilo, HI 96720

Anna Lee
53 S. 11th St., Apt. 5 E
Brooklyn, NY 11249

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II

1