# Exhibit 1

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| THOMAS MCCONNELL, individually and on behalf of a class of all others similarly situated, | *<br>*<br>*<br>* |
| Plaintiff, | * |
| v. | * Civil Action File No.: 2014CV241506<br>* |
| GEORGIA DEPARTMENT OF LABOR, | *<br>* |
| Defendant. | * |

**FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW Thomas McConnell ("McConnell" or "Plaintiff") and on behalf of a class of all other persons similarly situated, and pursuant to O.C.G.A. § 9-11-23 files this First Amended Class Action Complaint against the Georgia Department of Labor ("GDOL" or "Defendant") and shows the Court the following:

PARTIES, JURISDICTION AND VENUE

1.

The claims of the class of persons represented by the Plaintiff arise from Defendant's public disclosure of private facts.

2.

Plaintiff is an individual residing at 1030 Parkland Run, Smyrna, Cobb County, Georgia 30082.

3.

Defendant is an agency of the State of Georgia created by the Georgia General Assembly in 1937, under the Employment Security Law. Notice of the claim that is the subject of this Complaint was provided to Defendant and the Department of Administrative Services by

certified mail on September 24, 2013, as required by O.C.G.A. § 50-21-26. A true and correct copy of said notice is attached hereto as Exhibit "A." A true and correct copy of the return receipt reflecting delivery of the notice of claim to the Department of Administrative Services is attached hereto as Exhibit "B." Further, pursuant to O.C.G.A. § 50-21-35, on February 28, 2014, a copy of Plaintiff's Complaint showing the date of filing was mailed to the Attorney General by certified mail, return receipt requested. Attached hereto as Exhibit "C" is a certificate of counsel for Plaintiff certifying that this requirement has been met, along with a copy of the letter, as well as the return receipt reflecting delivery.

4.

Defendant is subject to the jurisdiction of this Court.

5.

Venue is proper in this Court.

### FACTS SPECIFIC TO THE NAMED PLAINTIFF AND TO THE CLASS

6.

On or about September 25, 2012 the GDOL created a spreadsheet that contained the name, social security number, home phone number, email address and age of 4,757 individuals over the age of 55, who resided in Cobb, Cherokee and Fulton Counties. Under O.C.G.A. §10-1-911(6) said information is deemed "personal information", and hereinafter referred to as "personal information."

7.

Plaintiff's personal information was included in the spreadsheet identified in Paragraph 6 above.

8.

On September 5, 2013, a Georgia Department of Labor employee sent the spreadsheet containing the personal information referenced in Paragraph 6 above by email to approximately 1,000 individuals. This information was publicly disseminated without reason, justification or permission of the individuals whose personal information was contained in the spreadsheet. A true and correct copy of the email with the first page of the spreadsheet (redacted) is attached hereto as Exhibit "D."

9.

Plaintiff's personal information was disclosed in the email identified in Paragraph 8 above.

10.

Defendant disregarded Plaintiff's and the other Class Members' right to privacy when it disseminated the personal information, and when it failed to take the necessary precautions required to safeguard and protect the personal information from unauthorized disclosure.

11.

The Georgia General Assembly has found that identity theft is one of the fastest growing crimes in the State of Georgia. O.C.G.A. §10-1-910(3). Defendant's negligent and improper dissemination of the Plaintiff's and Class Members' personal information has placed Plaintiff and Class Members at imminent, immediate and continuing risk of identity theft.

12.

As the proximate result of the dissemination and disclosure of Plaintiff's and Class Members' personal information, Plaintiff and Class Members are now required to take the time and effort to mitigate the actual and potential damage from the dissemination and disclosure of



Plaintiff's and Class Members' personal information, including, but not limited to placing freezes and alerts with the credit reporting agencies, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity. As the proximate result of the dissemination and disclosure of Plaintiff's personal information, Plaintiff purchased a Life Lock membership at the rate of $19.00 per month. To date, Plaintiff's Life Lock expenses total $114.00, and will continue to accrue at $19.00 per month for the foreseeable future. Upon information and belief, other class members have incurred actual out of pocket monetary damages and costs related to credit monitoring, identify protection services and have suffered adverse impact to their credit scores related to the closure of credit accounts. In addition, Plaintiff and the Class Members, have experienced, and will continue to experience, fear, upset, anxiety and injury to peace and happiness related to the disclosure of their personal identifying information, as the disclosure of personal identifying information had provided all the raw material necessary to facilitate the theft of their identities and unauthorized charges upon their credit or bank accounts.

## CLASS PREREQUISITES
## NUMEROSITY

13.

Defendant disseminated by email the personal information of 4,757 individuals to approximately 1,000 individuals. As a result, the class of plaintiffs is so numerous that joinder of all members is impractical. This disclosure of confidential personal identification information to 1000 unknown persons (who may themselves have forwarded the list to unknown thousands – or even posted the spreadsheet onto the internet) constitutes the disclosure of the information to the public at large.

14.

Plaintiff brings this action on behalf of himself and pursuant to O.C.G.A. § 9-11-23, as a representative of a class defined as:

> The 4,757 individuals listed on the spreadsheet created by the GDOL that was disseminated by email on September 5, 2013 to over 1,000 individuals. The Class Members are so numerous that joinder of the members of the class would be impractical.

COMMON QUESTIONS OF LAW AND FACT

15.

Defendant was negligent when it emailed the personal information of 4,757 individuals to approximately 1,000 individuals. The Class Members have been damaged as the proximate result of Defendant's negligent and wrongful conduct.

Questions of fact common to the Class Members include:

(a) The Class Members are individual citizens of the State of Georgia

(b) The Class Members were all individuals who had utilized the services of the GDOL;

(c) The Class Members did not give permission for dissemination and disclosure of their personal information;

(d) The Class Members are individuals whose personal information was disseminated and disclosed to approximately 1,000 unrelated individuals via electronic mail on or about September 5, 2013.



## TYPICALITY

16.

Plaintiff's claim is typical of the claims of the class, in that all such claims arise out of Defendant's negligent and wrongful conduct.

## ADEQUATE REPRESENTATION

17.

Plaintiff and his counsel will fairly and adequately protect the interest of the class, and have no interest antagonistic to, or in conflict with, the Class Members. Plaintiff has retained class counsel with class action experience to prosecute this class action, and intends to prosecute the action vigorously for the benefit of the class.

## SUPERIORITY

18.

A class action is superior to other available methods for a fair and efficient adjudication of this controversy, since individual joinder of all members of the class is impractical. Further, the damages suffered by each class member may, in many cases, be relatively small, and the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to obtain relief. The interests of judicial economy favor adjudicating the claims as a class.

## RISK OF INCONSISTENT OR VARYING ADJUDICATIONS

19.

Class treatment is proper, and this action should be maintained as a class action because the risks of separate actions by individual members of the class would create a risk of: (a) inconsistent or varying adjudications with respect to individual Class Members, which would



establish incompatible standards of conduct for Defendant as the party opposing the class; and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not party to the adjudication, or would substantially impair or impede their ability to protect their interests. In addition, Defendant, as the party opposing the class, has acted or refused to act on grounds generally applicable to the Class, thereby making relief appropriate with respect to the Class as a whole.

20.

Common questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21.

Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above. Plaintiff is capable of and willing to represent the other members of the class.

## COUNT I

### NEGLIGENCE

22.

Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 21 above as if each were fully restated herein.

23.

Defendant owed a general duty to Plaintiff and the other Class Members to safeguard and protect their personal information.

24.

Defendant breached its duty by failing to safeguard and protect Plaintiff's and the other Class Members' personal information.

25.

Defendant breached its duty by disseminating and disclosing Plaintiff's and the other Class Members' personal information to approximately 1,000 individuals.

26.

It was reasonably foreseeable that Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' personal information would result in unauthorized third parties gaining access to Plaintiff's and the other Class Members' personal information.

27.

It was reasonably foreseeable that Defendant's dissemination and disclosure of Plaintiff's and the other Class Members' personal information would cause damage to Plaintiff and the other Class Members.

28.

Plaintiff and the other Class Members were, and continue to be damaged as the direct and proximate result of Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' personal information and dissemination and disclosure of said personal information. To date Plaintiff has incurred damages in the amount of $114.00 which amount continues to increase each month that Plaintiff continues to pay for Life Lock. To date, Plaintiff's Life Lock expenses total $114.00, and will continue to accrue at $19.00 per month for the foreseeable future. Upon information and belief, other class members have incurred actual out of pocket monetary damages and costs related to credit monitoring, identify protection services and have

suffered adverse impact to their credit scores related to the closure of credit accounts. Additional damages are authorized pursuant to O.C.G.A. § 51-12-4 and 51-12-6. Such damage is to be measured and determined by the enlightened conscience of fair and impartial jurors as such disclosure of personal identifying information has caused, and will continue to cause harm, anxiety and fear in Plaintiff and the class members regarding how and where their personal identifying information has been disclosed, and continuing fear and anxiety about being victims of identity theft as the specific result of Defendant's disclosure.

### COUNT II

### BREACH OF FIDUCIARY DUTY

29.

Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 28 above as if each were fully restated herein.

30.

Defendant owed a fiduciary duty to Plaintiff and the other Class Members, to safeguard and protect their personal identification information. This fiduciary duty arose as a result of the confidential relationship between the Plaintiff and class members and the Department of Labor. The Department of Labor required Plaintiff and class members to disclose confidential personal identification information for Plaintiff and class members to obtain services or benefits from the Department of Labor, and by requesting or requiring that Plaintiff and class members produce such personal identifying information, the Plaintiff and class members reasonably placed their trust and confidence in the DOL that the DOL would safeguard and protect their information from public disclosure.

31.

This belief by the Plaintiff and class members was reasonable and justified, as other State agencies such as the Georgia Department of Revenue and/or the Department of Family and Children Services, have affirmative statutory duties to protect and preserve confidentiality of personal identifying information and/or tax and income information.

32.

Defendant breached its fiduciary duty by failing to safeguard and protect Plaintiff's and the other Class Members' personal information.

33.

Defendant breached its fiduciary duty by disseminating and disclosing Plaintiff's and the other Class Members' personal information to approximately 1,000 individuals.

34.

It was reasonably foreseeable that Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' personal information would result in unauthorized third parties gaining access to Plaintiff's and the other Class Members' personal information.

35.

It was reasonably foreseeable that Defendant's dissemination and disclosure of Plaintiff's and the other Class Members' personal information would cause damage to Plaintiff and the other Class Members.

36.

Plaintiff and the other Class Members were, and continue to be damaged as the direct and proximate result of Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' personal information and dissemination and disclosure of said personal information.

- 10 -


page 110

To date Plaintiff has incurred damages in the amount of $114.00. To date, Plaintiff's Life Lock expenses total $114.00, and will continue to accrue at $19.00 per month for the foreseeable future. Upon information and belief, other class members have incurred actual out of pocket monetary damages and costs related to credit monitoring, identify protection services and have suffered adverse impact to their credit scores related to the closure of credit accounts. Additional damages are authorized pursuant to O.C.G.A. § 51-12-4 and 51-12-6. Such damage is to be measured and determined by the enlightened conscience of fair and impartial jurors as such disclosure of personal identifying information has caused, and will continue to cause harm, anxiety and fear in Plaintiff and the class members regarding how and where their personal identifying information has been disclosed, and continuing fear and anxiety about being victims of identity theft as the specific result of Defendant's disclosure.

## COUNT III

### INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

37.

Plaintiff hereby re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36 above as if each were fully restated herein.

38.

Plaintiff's and Class Members' personal identifying information is private information.

39.

Defendant wrongfully disclosed Plaintiff's and the other Class Members' personal information to the public by disseminating it to approximately 1,000 unauthorized individuals. Upon information and belief, this information can be (if it has not already been) further distributed virtually anywhere worldwide over the internet. This disclosure of confidential

personal identification information to 1000 unknown persons (who may themselves have forwarded the list to unknown thousands – or even posted the spreadsheet onto the internet) constitutes the disclosure of the information to the public at large.

40.

Defendant's dissemination and disclosure of Plaintiff's and the other Class Members' private facts is offensive and objectionable, and has caused damage and harm to Plaintiff and the other Class Members. Damages are authorized pursuant to O.C.G.A. § 51-12-4 and 51-12-6. Such damage is to be measured and determined by the enlightened conscience of fair and impartial jurors as such disclosure of personal identifying information has caused, and will continue to cause harm, anxiety and fear in Plaintiff and the class members regarding how and where their personal identifying information has been disclosed, and continuing fear and anxiety about being victims of identity theft as the specific result of Defendant's disclosure.

WHEREFORE, Plaintiff prays for the following relief:

1. That process issue upon the Defendant Department of Labor;

2. That the Court certify for the purposes of the prosecution of this action a plaintiff class as follows: The 4,757 individuals listed on the spreadsheet created by the GDOL that was disseminated by email on September 5, 2013 to over 1,000 individuals.

3. That Thomas McConnell be designated and approved as the authorized representative of the Class;

4. That the Court award any and all such legal and monetary damages for the Class as are authorized by the facts and the law; and

5. That the Court award any and all such equitable and injunctive relief for the Class as are authorized by the facts and the law;

6. That the Court award attorneys' fees to the Plaintiff Class as justified by the facts and allowed by law;

7. That Plaintiff have a trial by jury; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 12th day of March 2014.

Scott A. Schweber
Georgia State Bar No. 631286

Jefferson M. Allen (by SAS)
Jefferson M. Allen
Georgia State Bar No. 010898

COHEN, COOPER, ESTEP & ALLEN, LLC
3330 Cumberland Boulevard
Suite 600
Atlanta, Georgia 30339
Telephone: 404-814-0000