# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-MD-2800-TWT<br><br>CONSUMER CASES |

## EQUIFAX'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE OPT-OUT CASE OF AUDELLA PATTERSON

Plaintiff Audella Patterson failed to respond to Equifax's Motion to Dismiss by the January 24, 2022 deadline set forth in this Court's Case Management Order, Dkt. Nos. 1216, 1219 (as amended). Then, after this Court granted Patterson a retroactive thirty-day extension to file a response by February 24, 2022, she still failed to respond to Equifax's Motion. *See* Patterson Dkt. No. 25. The Court should therefore grant Equifax's Motion to Dismiss. Alternatively, the Court should dismiss Patterson's claims because they fail on the merits.

## ARGUMENT

### A. Patterson's Complaint Should Be Dismissed for Failure to Respond to Equifax's Motion to Dismiss.

This Court's Local Rules and the Federal Rules of Civil Procedure allow for dismissal of a complaint where, as here, the plaintiff does not oppose dismissal or

otherwise fails to prosecute their claims. Specifically, Local Rule 7.1B states that a plaintiff's failure to oppose a motion "indicate[s] that there is no opposition" to it. Furthermore, Federal Rule of Civil Procedure 41(b) and Local Rule 41.3 give the Court discretion to dismiss a plaintiff's claim when she has "fail[ed] to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *see Jinks v. Indymac Mortg. Servs.*, No. 1:12-CV-2607-CAP, 2012 WL 12845100, at *1 (N.D. Ga. Sept. 11, 2012) (stating that dismissing a case where the plaintiff fails to respond to a motion to dismiss "is within the discretion of a district judge"). Even a *pro se* plaintiff like Patterson "is still required to adhere both to the Federal Rules of Civil Procedure and the Local Rules," and her "failure to respond supports granting [a] motion to dismiss." *Irish v. Am.'s Servicing Co.*, No. 1:11-cv-03776-TWT, 2012 WL 13013369, at *1 (N.D. Ga. Feb. 21, 2012).

  Here, Patterson requested, and the Court approved, a 30-day extension for her to file a response to Equifax's Motion to Dismiss. Dkt. No. 25. The Court ordered that Patterson file her response by February 24, 2022. *Id*. To date, Patterson has not filed a response to Equifax's Motion to Dismiss as ordered by the Court. *See* Case Management Order, Dkt Nos. 1216, 1219 (as amended). Nor has she requested

further extension of her deadline from this Court or Equifax. Thus, her Complaint should be dismissed.

### B. Patterson's Complaint Fails on the Merits.

Separately, this Court should dismiss Plaintiff Patterson's Complaint under Rules 8(a) and 12(b)(6). The Complaint fails to satisfy Rule 8(a) because it is not based on well-pled factual allegations. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Rather, it is filled with largely unintelligible statements regarding her purported "[p]rivate [a]dministrative [r]emedy" and legal conclusions about the elements of her claims. Compl. ¶ 19, Patterson Dkt. No. 1 (emphasis removed). Because Patterson's Complaint does not meet the basic requirements of Rule 8, it should be dismissed. *See Arrington v. Wells Fargo*, 842 F. App'x 307, 312 (11th Cir. 2020) (affirming dismissal of *pro se* complaint under Rule 8 where "complaint contained allegations that were vague, disorganized, repetitive, and confusing, with no clear direct connection to each other or to the relevant claims").

Even if Patterson's Complaint satisfied Rule 8, it would still be subject to dismissal because it does not state a viable claim for relief. Courts have uniformly held that a plaintiff may not recover under a theory of "commercial acquiescence" based on a defendant's failure to respond to pseudo-legal mailings to which it had

no obligation to respond.  *Swayne v. Equifax, Inc.*, No. 5:19-CV-196 (MTT), 2019 WL 2494574, at *3 (M.D. Ga. June 13, 2019) (dismissing identical claim against Equifax as "frivolous"); *see Tiamson v. Equifax, Inc.*, Nos. 19-CV-08430-LHK, 20-cv-00795-LHK, 2020 WL 3972582, at *5 (N.D. Cal. July 14, 2020) (dismissing commercial acquiescence claim with prejudice, reasoning plaintiff's "theory of liability, based upon the formation of contract through silence, fails as a matter of law").  And Patterson has not stated claims for relief with respect to her other causes of action, because her Complaint lacks factual allegations to support the essential elements of those claims.  *See* Mot. at 17-18 (unjust enrichment), 18-23 (negligence), 35-37 (Cal. Civ. Code § 1798).

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff Patterson's Complaint with prejudice.

Respectfully submitted this 28th day of March, 2022.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
Elijah T. Staggers
Georgia Bar No. 903746
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
estaggers@kslaw.com

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 28th day of March, 2022.

> */s/ S. Stewart Haskins II*
> S. Stewart Haskins II

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I also certify that I served *pro se* Plaintiff Audella Patterson by U.S. Mail, postage prepaid, and addressed as follows:

>Audella Patterson
>PO Box 3188
>Crestline, CA 92325

>*/s/ S. Stewart Haskins II*
>S. Stewart Haskins II