FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 1 2023

KEVIN P. WEIMER, Clerk
By: _Kimberly Hatcher_ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACHLITIGATION | MDL Docket No. 2800 |
| | Case No.: : 1:17-md-2800-TWT |
| | **CONSUMER ACTIONS** |

## CLASS MEMBER ANTHONY OLIVER AND REGINALD PRIDDY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 1 2023

KEVIN P. WEIMER, Clerk
By: _Kimberly_ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACHLITIGATION | MDL Docket No. 2800 |
| | Case No.: : 1:17-md-2800-TWT |
| | **CONSUMER ACTIONS** |

**CLASS MEMBER ANTHONY OLIVER AND REGINALD PRIDDY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   BACKGROUND

1.   On September 7, 2017, Equifax announced that it was subject to one of the largest data breaches in our nation's history. Taking advantage of glaring weaknesses and vulnerabilities in the company's data security systems, hackers stole the personal and financial information of nearly 150 million Americans from mid-May through the end of July of 2017. During that entire two and one-half month period, Equifax failed to detect the hackers' presence, notice the massive amounts of data that were being exfiltrated from its databases, or take any steps to investigate the numerous other red flags that should have warned the company about what was happening.

2.   Defendant Equifax, Inc., ("EQUIFAX"), as a result of the largest settlement in modern day history, decided to settle it's case with every American that was effected nationwide. Defendant EQUIFAX agreed to pay millions of dollars as a result. Defendant EQUIFAX then retained one of the worst and most unprofessional class action administrators of all times, JND Legal Administration, ("JND LEGAL"). [1]

3.   After receiving the funds from the Defendawnt in this case, JND LEGAL has improperly denied claims, to not providing claims at all based on race, gender, sexual orientation, and retaliation. Further, JND LEGAL and it's corrupt President Jennifer Keough, ("KEOUGH"), gets to decide who receives a settlement check, and who does not.

---

[1] In a dubious scheme to prevent lawsuits being brought against JND Legal Administration, the approved class administrator in this, the has a correct entity name of JND Holdings, L.L.C., existing under the laws of Washington State.

4.      This is typical for scam artists like JND LEGAL and KEOUGH because the more money left over in the class fund, the more money JND LEGAL and KEOUGH gets to keep and embezzle and are the next biggest ponzi scheme in the United States.

5.As more detailed, class member Mr. Oliver brought a lawsuit against Defendant JND Holdings, L.L.C., is the Chatham County Superior Court against it and KEOUGH for it's failure to pay Mr. Oliver his settlement share in this case of $ 5,016.72, after KEOUGH and a business partner emailed Mr. Oliver stating that he would not receive any funds because Mr. Oliver brought a previous lawsuit against JND LEGAL and KEOUGH in federal Court after the failed to pay Mr. Oliver his salary after KEOUGH agreed to hire him, pay for an office in Georgia, and be appointed in two other class action lawsuits that Mr. Oliver was appointed class Plaintiff in.

5.      After paying thousands of dollars in attorney fee's, both JND LEGAL and KEOUGH have decided to keep Mr. Oliver's class member payment after he spent over 300 hours trying to repair his credit, sends letters to creditors, and making phone calls to try and rebound from EQUIFAX's escapade. Mr. Oliver filled out the EQUIFAX claim form, produced stacks of evidence that he was a victim of identity theft, and now Mr. Oliver has lost his settlement fund. Likewise, Mr. Oliver helped a close friend idenified as class member Reginald Priddy, ("Mr. Priddy"), fill out a EQUIFAX claim form thereby providing JND LEGAL and EQUIFQX with evidence that someone opened several credit cards in his name. When KEOUGH and JND LEGAL discovered that Mr. Oliver and Mr. Priddy were close friends, JND LEGAL and KEOUGH also refused to pay Mr. Priddy his settlement of only $ 250.00.

6.     To show this Court that Mr. Oliver will not be receiving his portion of the settlement fund, Mr. Oliver also points out that JND LEGAL and KEOUGH directed counsel for EQUIFAX, Stewart Haskins of King & Spalding, L.L.C., call Mr. Oliver's post-conviction relief attorney for whatever reason, to tell Georgia Attorney McNeill C. Stokes that Mr. Oliver would not be receiving his portion and "that there's no check for Oliver." [Emphasis in original]. The Georgia State Bar is now investigation and placed Stewart Haskins under investigation for doing so.

7.     In sum, Mr. Oliver and Mr. Priddy are without any funds, and there is simply no countervailing benefits to deny compensation based on retaliation. Mr. Oliver and Mr. Priddy have no other remedy at law, but to seek intervention from this Court to respectfully request that this Court vacate the settlement agreement, and enter judgement against Equifax, Inc., and/or Equifax Information Services, L.L.C., for the relief demanded by filing this Motion and letter to the Court. [2]

## II.     LEGAL ARGUMENT

7.     Federal courts "use the applicable state's contract law to construe and enforce settlement agreements." Vinnett v. Gen. Elec. Co., 271 F. App'x 908, 912 (11th Cir. 2008) (citing Ins. Concepts. Inc. v. W. Life Ins. Co., 639 F.2d 1108, 1111-12 (5th Cir. 1981). Under Georgia law," in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record

---

[2]   Class member Anthony Oliver will be filing a copy of this Motion and letter in every case, as well as sending an email and letter to every Chief Judge of every District in the United States District Court's in which JND Legal is appointed, or seeking appointment unless otherwise specified.

reveal that there is no evidence sufficient to create a jury issue on atleast one essential element of the [non-movant's] case." De Rossett Enterprises, Inc. v. Gen. Elec. Capital Corp., 621 S.E. 2d 755, 756 (Ga. Ct. App. 2005) (internal quotation and citation omitted). Because the same standards apply to a motion to enforce settlement agreement as a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party, Defendants. See id.

8.     "A settlement agreement is a contract, and it must meet the same requirements of formation and enforceability as other, contracts." Id. (internal quotation and citation omitted); see also Moreno v. Strickland, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002)("A definite offer and complete acceptance, for consideration, create a binding contract." (citation omitted)). "Only when a meeting of the minds exists will an agreement be formed." DeRossett Enterprises, Inc., 621 S.E.2d at 756. "However, the law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." Id. (internal quotation, citation, and punctuation omitted); see also Scott v. Carter, 521 S.E.2d 835, 837 (Ga. Ct. App. 1999) ("Where the very existence of the [settlement] agreement is disputed, it may only be established by a writing. Ideally, the writing requirement will be met by a formal agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice."). In Georgia, "an attorney's  consent to [a settlement] agreement is binding on his client." Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)(citing Stone Mountain Confederate Monumental Association v. Smith, 170

Ga. 515, 521, 153 S.E. 209, 211 (1930)).

9.    Here, the Court should find that EQUIFAX, and JND LAL have acted in bad faith in refusing to execute the formal settlement agreement by paying Mr. Oliver and Mr. Priddy. It is clear from the evidence before the Court that the only reason for their refusal to pay them is based on retaliation for Mr. Oljver having brought not one, but two lawsuits against JND LEGAL, the class action administrator in this case. Because EQUIFAX and JND LEGAL were placed on notice prior to this Motion, this Court should also order EQUIFAX and JND LEGAL to pay Mr. Oliver's costs and expenses associated with having to make this Motion.

### CONCLUSION

Based on the foregoing, Mr. Oliver and Mr. Priddy respectfully request their porition of the settlement, and this Court should vacate the settlement and enter judgment against Equifax. Alternatively, if this Court is not inclined to enter judgment against Equifax, then Mr. Oliver and Mr. Priddy respectfully requests that this Court order Equifax and JND Legal to pay Mr. Oliver $ 5016.72, and Mr. Priddy $ 250.00, as well as all costs of this Motion in the amount of $ 386.00 for copies, postage, etc.

Respectfully submitted,                    Respectfully submitted,

Anthony Oliver, # 1002060648          Reginald Priddy, # 824303
Coffee Correctional Facility               Coffee Correctional Facility
Post Office Box 650                         Post Office Box 650
Nicholls Georgia 31554                     Nicholls Georgia 31554

Dated: March 31, 2023                   Dated: March 31, 2023

## CERTIFICATE OF SERVICE:

This is to hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 31 day of March, 2023.

Respectfully submitted,                    Respectfully submitted,

_____                    _____
Anthony Oliver, # 1002060648               Reginald Priddy, # 824303
Coffee Correctional Facility               Coffee Correctional Facility
Post Office Box 650                        Post Office Box 650
Nicholls Georgia 31554                     Nicholls Georgia 31554

Dated: _____                     Dated: March 31, 2023

Dear Clerk of Courts

Please find enclosed a motion to enforce the settlement in this court's case no: MDL Docket No. 2800 and the District Court Case no. 1:17-md-2800-TWT. This is the Equifax, Inc., Data Breach Class Action.

Enclosed is a extra face page to be stamped and returned to me please. (See Reverse page)

Thank you.

Anthony Oliver # 1002060648
Coffee Correctional Facility
Po Box 650
Nicholls, Georgia 31554

Antnony Oliver #1002060648
Coffee Correctional Facility
PO Box 650
Nicholls, Georgia 31554

JACKSONVILLE FL 320

17 APR 2023 PM 3 L



Attn:
Civil Clerks
Office

CLEARED DATE
APR 21 2023
U.S. Marshals Service
Atlanta, GA 30303

United States District Court
Northern District of Georgia
Attention: Civil Clerks Office
2211 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

ATTN!

CIVIL CLERKS OFFICE

#

LEGAL MAIL

...re Civic/Coffee Correctional Facility
1153 N. Liberty St.
Nicholls, GA 31554

The enclosed letter was processed through special
mailing procedures for forwarding to you.
Opened nor inspected. If the writer raises a question or
problem over which this facility/officer has jurisdiction,
you may wish to return the materials for further
information or clarification. If this writer encloses
correspondence for forwarding to another addressee,
please return the enclosed to the above named...