# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACHLITIGATION | MDL Docket No. 2800 |
| --- | --- |
| | Case No.: : 1:17-md-2800-TWT |
| | **CONSUMER ACTIONS** |

# MOTION OF CLASS MEMBER ANTHONY OLIVER TO ENFORCE THE SETTLEMENT AGREEMENT

**I.      BACKGROUND**

1. On September 7, 2017, Equifax Information Services, L.L.C., ("EQUIFAX"), announced that it was subject to one of the largest data breaches in our nation's history. Taking advantage of glaring weaknesses and vulnerabilities in the company's data security systems, hackers stole the personal and financial information of nearly 150 million Americans from mid-May through the end of July of 2017. During that entire two and one-half month period, Equifax failed to detect the hackers' presence, notice the massive amounts of data that were being exfiltrated from its databases, or take any steps to investigate the numerous other red flags that should have warned the company about what was happening.

2. EQUIFAX as a result of the largest settlement in modern day history, decided to settle it's case with every American that was effected nationwide. Defendant EQUIFAX agreed to pay millions of dollars as a result. Defendant EQUIFAX then retained one of the worst and most unprofessional class action administrators of all times, JND Legal Administration, ("JND LEGAL").[1]

3. After receiving the funds from the Defendawnt in this case, JND LEGAL has improperly denied claims, to not providing claims at all based on race, gender, sexual orientation, and retaliation. Further, JND LEGAL LEGAL and it's corrupt President Jennifer Keough, ("KEOUGH"), gets to decide who receives a settlement check, and who does not.

---

[1] In a dubious scheme to prevent lawsuits being brought against JND Legal Administration, the approved class administrator in this, the has a correct entity name of JND Holdings, L.L.C., existing under the laws of Washington State.

4. This is typical for Defendants like JND LEGAL and KEOUGH because the more money left over in the class fund, the more money JND LEGAL and KEOUGH gets to keep and embezzle and are the next biggest ponzi scheme in the United States. As more detailed, class member Mr. Oliver brought a lawsuit against Defendant JND Holdings, L.L.C., is the Chatham County Superior Court Case No. SPCV22-00614-MO, <u>Oliver, et al., v. JND Holdings, L.L.C</u>., for fraud, conspiracy, and other related criminal activity undertaken by JND LEGAL and KEOUGH for their failure to pay Mr. Oliver his settlement share in this case of $ 5,016.72. Thereafter, after KEOUGH and a business partner emailed Mr. Oliver stating that he would not receive any funds because Mr. Oliver brought a previous lawsuit against JND LEGAL and KEOUGH in federal Court whereas KEOUGH agreed to hire Mr. Oliver, pay for an office in Georgia, and that JND LEGAL and KEOUGH  appointed in four  other class action lawsuits where Mr. Oliver was appointed the class Plaintiff.

5. Plaintiff later conducted a private investigation into the illegal business activities of JND LEGAL and KEOUGH and discovered the presence of high levels of corruption. Mr. Oliver discovered that JND LEGAL and KEOUGH were not mailing notices to class members thereby using and/or retaining money left over in class action settlement funds for personal reasons.

6. After paying thousands of dollars in attorney fees for defense lawyers in two lawsuits filed by Mr. Oliver, both JND LEGAL and KEOUGH have decided to keep Mr. Oliver's class member payment after he spent over 300 hours trying to repair his credit, sent letters to creditors, and making phone calls to try and

rebound from EQUIFAX's escapade. Mr. Oliver filled out the EQUIFAX claim form, produced stacks of evidence that he was a victim of identity theft, and now Mr. Oliver has lost his settlement fund. As a result of the data breached admitted by EQUIFAX, Mr. Oliver sustained severe injuries. Third-party identity thieves used Mr. Oliver's personal information to obtain medical treatment, and consumer credit while he was incarcerated.[2]

7. To show this Court that Mr. Oliver is not receiving his portion of the settlement fund, Mr. Oliver also points out that JND LEGAL and KEOUGH, knowing that Mr. Oliver is incarcerated, sent him an email to his email (Anthony.oliver29@gmail.com) stating that if he did not respond to JND LEGAL and KEOUGH from this email, then he would not receive any funds from the EQUIFAX settlement fund. At all relevant times, JND LEGAL and KEOUGH knew Mr. Oliver is incarcerated, and doesn't have access to his email, or Internet while in jail. This was nothing more then a scheme engineered to avoid paying Mr. Oliver for retaliatory and personal reasons.

8. On or about September 8, 2022, Mr. Oliver sent a letter to JND LEGAL and KEOUGH informing them he discovered more fraud and another conspiracy to steal money from class members in another federal lawsuit where JND LEGAL is appointed.

9. In a federal class action <u>Frenzetta Wilson, et al. v. Santander Consumer USA, Inc</u>., et al., U.S.D.C., ED Ark., Case No. 4:20-cv-00152-KGB.

---

[2] Class member Anthony Oliver is due for release from incarceration within the next forty-five days. The Georgia Court of Appeals vacated two of his three criminal convictions.

10. Mr. Oliver discovered he is a class member in this case also entitled to money stemming from the Defendant Santander Consumer USA, Inc's, ("SANTANDER"), illegal business activities of charging speed pay fees to make his monthly car payment over the phone with SANTANDER thereby charging Mr. Oliver $ 8.95 to pay by credit card. Mr. Oliver was entitled to as little as $ 200.00, but KEOUGH informed him again, he would not be receiving any funds from the fund. Mr. Oliver informed JND LEGAL and KEOUGH that he would conduct another investigation, identify other class member's who didn't receive money from this fund, and file a motion to enforce the settlement.

11. In engineered scheme to prevent Mr. Oliver from conducting such investigation, and identifying those affected class members, JND LEGAL and KEOUGH directed the lawyers appearing in this case to file a motion to file under seal the list of class members who are due to receive funds thereby preventing Mr. Oliver from obtaining those names, and information. See <u>Frenzetta Wilson, et al. v. Santander Consumer USA, Inc</u>., et al., U.S.D.C., ED Ark., Case No. 4:20-cv-00152-KGB, ECF Dkt. # 72, and # 73, Unopposed motion to seal the class member list, and declaration of Jennifer Keough. Mr. Oliver is filing a motions to intervene, enforcement settlement, and unseal the class member list in that case, and expects to file additional lawsuits with other affected class members. Further, Mr. Oliver is filing a State Court lawsuit in the District of Washington under the declaratory relief act to seek a order permanently enjoining JND LEGAL from being appointed in lawsuit settlements across the United States.

12.     On December 23, 2023, Mr. Oliver telephoned the JND LEGAL office in Washington State, and there an employee informed Mr. Oliver he would not receive any settlement funds "in any lawsuits settlements where JND is appointed." The JND LEGAL is appointed due to them not receiving an appointment of class administrator in four other cases filed by Mr. Oliver idenitifed as :

a. Anthony Oliver v. The Men's Wearhosue, Inc
   U.S.D.C., CD of California Case No.: 2:2016-cv-01100-TJH ;

b. Anthony Oliver v. First Century Bank, N.A.
   U.S.D.C., SD of California Case No. 3:17-cv-00620-MMA ;

c. Anthony Oliver v. Lyft, Inc., v. Lyft, Inc.,
   U.S.D.C., ND of California Case No. 3:19-cv-1488-RS ;and

d. Anthony Oliver v. Compass Group USA, Inc.,
   U.S.D.C., ND of Illinois Case No. 1:18-cv-05998-JJT ;

13.     In sum, Mr. Oliver is without any funds, and there is simply no countervailing benefits to deny him compensation based on retaliation, and personal animosity. Mr. Oliver has no other remedy at law, but to seek intervention from this Honorable Court to respectfully request that this Court vacate the settlement agreement, and enter judgement against Equifax, Inc., and/or Equifax Information Services, L.L.C., for the relief demanded by Plaintiffs and the class members.

## II. LEGAL ARGUMENT

14.     Federal courts "use the applicable state's contract law to construe and enforce settlement agreements." <u>Vinnett v. Gen. Elec. Co.</u>, 271 F. App'x 908, 912 (11th Cir. 2008) (citing <u>Ins. Concepts, Inc. v. W. Life Ins. Co</u>., 639 F.2d 1108, 1111-12 (5th Cir. 1981). Under Georgia law," in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on atleast one essential element of the [non-movant's] case." <u>De Rossett Enterprises, Inc. v. Gen. Elec. Capital Corp</u>., 621 S.E. 2d 755, 756 (Ga. Ct. App. 2005) (internal quotation and citation omitted). Because the same standards apply to a motion to enforce settlement agreement as a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party, Defendants. <u>See id</u>.

15.     "A settlement agreement is a contract, and it must meet the same requirements of formation and enforceability as other, contracts." Id. (internal quotation and citation omitted); see also <u>Moreno v. Strickland</u>, 567 S.E.2d 90, 92 (Ga. Ct. App. 2002)("A definite offer and complete acceptance, for consideration, create a binding contract." (citation omitted)). "Only when a meeting of the minds exists will an agreement be formed." <u>DeRossett Enterprises</u>, <u>Inc</u>., 621 S.E.2d at 756. "However, the law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." <u>Id</u>. (internal quotation, citation, and punctuation omitted); see also <u>Scott v. Carter</u>, 521 S.E.2d 835, 837 (Ga. Ct. App.

1999) ("Where the very existence of the [settlement] agreement is disputed, it may only be established by a writing. Ideally, the writing requirement will be met by a formal agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice."). In Georgia, "an attorney's consent to [a settlement] agreement is binding on his client." Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)(citing Stone Mountain Confederate Monumental Association v. Smith, 170 Ga. 515, 521, 153 S.E. 209, 211 (1930)).

16.     Here, the Court should find that EQUIFAX, and JND LEGAL LAL have acted in bad faith in refusing to execute the formal settlement agreement by paying Mr. Oliver his share of his settlement funds. Mr. Oliver has shown to this Court by the preponderance of the evidence that he is being retaliated against for having brought lawsuits against JND LEGAL and KEOUGH, and many more. It is clear from the evidence before the Court that the only reason for their refusal to pay Mr. Oljver is based entirely on retaliation.

17.     Because EQUIFAX and JND LEGAL were placed on notice prior to this Motion, this Court should also order EQUIFAX and/or JND LEGAL to pay Mr. Oliver's attorney fees, costs and expenses in the $ 2,4800.00 associated with having to research, file, serve and mail this motion.

## CONCLUSION

Based on the foregoing, class member Anthony Oliver respectfully request his porition of the settlement, and that this Court vacate the settlement and enter judgment against Equifax Information Services, L.L.C, or alternatively, if this Court is not inclined to enter judgment against Equifax, then Mr. Oliver asks the Court to order Equifax and/or JND Legal to issue Mr. Oliver his share of the settlement.

Respectfully submitted,

Dated: April 25th, 2023            */S/ McNeill Stokes*
                                                            McNeill Stokes
                                                            Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@bellsouth.net

**CERTIFICATE OF SERVICE:**

 This is to hereby certify that a copy of the foregoing Motion of Class Memeber Anthony Oliver to Enforce the Judgment was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 25 day of April, 2023.

                Respectfully submitted,

Dated: April 25th, 2023      */S/ McNeill Stokes*
                McNeill Stokes
                Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@bellsouth.net