# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Anthony Oliver,

        Plaintiff,

        v.

Jamie Michelle Luner et al.,

        Defendant.

2:18-cv-02562 VAP (AFMx)

**Order Declaring Plaintiff To Be a Vexatious Litigant (Doc. No. 93).**

FILED
CLERK, U.S. DISTRICT COURT
SEPT 26, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

      On August 7, 2018, the Court ordered Plaintiff Anthony Oliver ("Plaintiff") to show cause in writing why he should not be declared a vexatious litigant and subjected to a requirement that he obtain leave of court before filing any additional lawsuits from the facts alleged in the proceedings of this case. (Doc. No. 93). Plaintiff filed a response on August 20, 2018. (Doc. No. 95). On August 24, 2018, Defendant Jamie Luner ("Defendant") also filed a response, (Doc. No. 97), and a Request for Judicial Notice in Support of Response to OSC, (Doc. No. 98).

      After considering all papers filed by the parties, as well as the evidence described below, the Court rules as follows.

## I. BACKGROUND

      The Court's Order to Show Cause arises in the wake of Plaintiff's lawsuit alleging sexual battery, intentional infliction of emotional distress,

1

1  and negligent infliction of emotional distress, filed March 29, 2018.  (Doc.
2  No. 1 at 10-14).  The Court granted Defendant's Motion to Dismiss on
3  August 3, 2018.  (Doc. No. 88).  Due to Mr. Oliver's abuse of Defendant and
4  Defendant's counsel throughout this litigation, as well as Mr. Oliver's history
5  of filing baseless lawsuits in federal and state court, the Court issued the
6  Order to Show Cause on August 7, 2018.  (Doc. No. 93).

## II.    LEGAL STANDARD

A district court has the authority to enjoin "litigants with abusive and lengthy histories" under the All Writs Act, 28 U.S.C. §1651(a).  *De Long v. Hennessy*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citations omitted); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Among the restrictions that may be imposed on a litigant found to be vexatious is a requirement that the litigant obtain the approval of a judge before being allowed to file an action.  *See* Central District Local Rule ("L.R.") 83-8.2 (providing for such an order); *De Long*, 912 F.2d at 1147; *Molski*, 500 F.3d at 1057 (recognizing district court's "inherent power to enter pre-filing orders against vexatious litigants").

A pre-filing order is "an extreme remedy that should rarely be used." *Molski*, 500 F.3d at 1057.  Its entry must be preceded by: (1) notice and an opportunity to be heard, (2) the compilation of an adequate record for review, and (3) substantive findings concerning the "frivolous or harassing nature" of the plaintiff's litigation.  *Id*.  The pre-filing order also "must be narrowly tailored to closely fit the specific vice encountered."  *Id.* (quoting *De Long*, 912 F.2d at 1148).  In other words, "[c]ourts should not enter pre-filing

2

orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Id.*

The Ninth Circuit has recognized, however, that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. As set forth below, the Court determines that Plaintiff's actions require the entry of a narrowly tailored pre-filing order against them.

## III. DISCUSSION

### A. Notice and an Opportunity to be Heard

Plaintiff has been given notice and an opportunity to be heard. The Order to Show Cause was served on the Plaintiff, who has filed a response. This is sufficient to satisfy the notice requirement. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue").

### B. Compilation of Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. To be sufficient for entry of a pre-filing order, the record needs to show that the litigant's conduct was numerous or abusive in some manner. *Id.*

3

Here, Court has an abundant record for review, including Plaintiff's history of filing scores of lawsuits filed in state and federal court, and his being declared a vexatious litigant by the state of California.

### 1. Plaintiff has been declared a vexatious litigant in the State of California

Plaintiff was declared to be a vexatious litigant in the State of California in 2013, capping a three-year period in which he filed 42 cases in state court. (Doc. No. 25-1 at 13). As of September 4, his name continues to appear on the "Vexatious Litigant List" maintained by the Judicial Branch of California. Judicial Branch of California, Vexatious Litigant List (Sept. 2018), www.courts.ca.gov/documents/vexlit.pdf. The Court may take judicial notice of this list. *Rupert v. Bond*, 2013 WL 5289617, at *5 (N.D. Cal. Sept. 18, 2013) (granting request for judicial notice of vexatious litigant list because it is "'capable of accurate and ready determination,' as it was prepared by the Administrative Office of the California courts") (citing Fed. R. Evid. 201(b)).

### 2. Plaintiff has filed dozens of lawsuits in federal court with no verdicts in his favor

In addition to his numerous actions in state court, Plaintiff has filed at least thirty lawsuits in federal court. The Court may take judicial notice of these state and federal court filings. *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

While two of Plaintiff's federal lawsuits resulted in undisclosed settlements, *see Anthony Oliver v. Daniel J. Teola et al.*, No. 18-cv-01461

4

PA (SKx) (C.D. Cal.); *Oliver v. T-Mobile, Inc., et al.*, No. 11-cv-05518 ODW (MRWx) (C.D. Cal.), sixteen were dismissed by courts on various grounds, including lack of standing, failure to state a claim, failure to comply with the court's orders, failure to pay filing fees, failure to file an amended *in forma pauperis* application, failure to serve process, or because the court found the action to be frivolous or malicious. See *Oliver v. Hayley Sheth Investments, L.L.C. et al.*, No. 17-cv-00152 WTM (S.D. Ga.); *Oliver v. County of Chatham et al.*, No. 17-cv-00101 WTM (S.D. Ga.); *Oliver v. CMRE Financial Services, Inc., et al.*, No. 15-cv-08174 RGK (RAOx) (C.D. Cal.); *Oliver v. County of Los Angeles, et al.*, No. 15-cv-07791 SJO (KKx) (C.D. Cal.); *Oliver v. City of Oceanside, et al.*, No. 14-cv-00614 UA (AGRx) (C.D. Cal.); *Oliver v. City of Oceanside, et al.*, No. 14-cv-00403 BAS (S.D. Cal.); *Oliver v. City of Oceanside, et al.*, No. 13-cv-02246 LAB (S.D. Cal.); *Oliver v. Cal. Department of Corrections, et al.*, No. 13-cv-02225 SJO (KKx) (C.D. Cal.); *Oliver v. Grant & Weber, et al.*, No. 13-cv-01088 JFW (OPx) (C.D. Cal.); *Oliver v. Asset Acceptance, LLC, et al.*, No. 13-cv-00739 RGK (OPx) (C.D. Cal.); *Oliver v. California Department of Corrections, et al.*, No. 12-cv-06227 UA (AGRx) (C.D. Cal.); *Oliver v. Southcoast Medical Group, LLC, et al.*, No. 11-cv-00115 BAE (S.D. Ga.); *Oliver v. County of Isanti, et al.*, No. 10-cv-04218 ADM (D. Minn.); *Oliver v. Donald Sloane, et al.*, No. 10-cv-00169 JMR (D. Ariz.); *Oliver v. Reays Ranch Investors, et al.*, No. 10-cv-00158 JMR (D. Ariz.); *Oliver v. Gore, et al.*, No. 09-cv-02505 BEN (S.D. Cal.).

Plaintiff has also dismissed thirteen cases voluntarily or by joint stipulation. See *Oliver v. Scram of California, Inc. et al.*, No. 17-cv-04735

5

CAS (PLAx) (C.D. Cal.); *Oliver v. All-Pro Bail Bonds, Inc. et al.*, No. 17-cv-01294 AJB (S.D. Cal.); *Oliver et al. v. Scram of California, Inc. et al.*, No. 17-cv-00237 SVW (AJWx) (C.D. Cal.); *Oliver v. Scram of California, Inc. et al.*, No. 16-cv-01193 LAB (S.D. Cal.); *Oliver v. Hertz Corporation, et. al.*, No. 16-cv-00291 JR (D. Ariz.); *Oliver v. California Highway Patrol, et al.*, No. 16-cv-00540 WQH (S.D. Cal.); *Oliver v. County of Los Angeles, et al.*, No. 15-cv-03995 SJO (KKx) (C.D. Cal.); *Oliver v. Centurylink Public Communications, Inc.*, No. 15-cv-01820 JGB (KKx) (C.D. Cal.); *Oliver v. Credit Management, LP, et al.*, No. 13-cv-01053 DMG (DTBx) (C.D. Cal.); *Oliver v. I.Q. Data International, Inc., et al.*, No. 12-cv-04511 CAS (FFmx) (C.D. Cal.); *Oliver v. T-Mobile, Inc.*, No. 12-cv-03804 JAK (FMOx) (C.D. Cal.); *Oliver v. Providence Health and Services Foundation et al.*, No. 12-cv-01082 JLS (JPRx) (C.D. Cal.); *Oliver v. City of Tucson, et al.*, No. 11-cv-00034 DCB (D. Ariz.).

### C. Substantive Findings of Frivolousness

Before issuing a pre-filing injunction against a pro se plaintiff, a district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). "An alternative to the finding of frivolousness is the finding that [Plaintiff's] claims show a pattern of harassment." *Id.*

A district court must look at the number and content of a party's filings when examining the frivolousness of the claims asserted. *Id.* A showing of litigiousness alone is insufficient to support an injunction, however. Rather,

6

"[t]he plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). A district court also should "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Powell*, 851 F.2d at 431. Under the Local Rules of the Central District, any pre-filing order must be "based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

The Court has searched in vain for a case in federal court resulting in a verdict on the merits in Plaintiff's favor. Instead, Plaintiff's record reveals that courts have repeatedly chastised Plaintiff for his conduct. *E.g. Oliver v. County of Chatham et al.*, No. 17-cv-00101 WTM (S.D. Ga.) Doc. No. 189 at 1 (upbraiding Plaintiff for his "propensity to file flurries of motions, notices, and variously captioned documents with the Court, and his inclination to make serious allegations of misconduct against opposing counsel"); *Oliver v. Scram of California, Inc. et al.*, No. 16-cv-01193 LAB (S.D. Cal.) Doc No. 22 at 1-2 (reprimanding Plaintiff for "holding himself out to be a lawyer," as Plaintiff had brought the lawsuit as a class action and was attempting to represent class members).

Courts in this District have found that "that Plaintiff's conduct reveals a pattern of abusive litigation that must be addressed." *Oliver v. CMRE Financial Services, Inc., et al.*, No. 15-cv-08174 RGK (C.D. Cal.) Doc. No. 28 at 8. A recent vexatious litigant motion against Plaintiff was denied in

7

part because it was "one of the first instances where a federal court in the Central District of California has had occasion to caution Plaintiff concerning his abusive litigation practices," but the court warned Plaintiff that "future frivolous filings such as these may result in a pre-filing order." *Oliver v. County of Los Angeles, et al.*, No. 15-cv-07791 SJO (C.D. Cal.), Doc. No. 110 at 13.

Plaintiff has been warned about his practices on multiple occasions by multiple judges in multiple districts, but has failed to guide himself accordingly. The Court thus finds that Plaintiff has "abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

### D. Pre-Filing Order

Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. While an order preventing a litigant from filing any suit in a district court is overbroad (*see De Long*, 912 F.2d at 1148), the Ninth Circuit has held that an order requiring a party's claims to be subjected to a screening by a district judge does not bar access to the courts, and can provide "a valuable layer of protection." *Molski*, 500 F.3d at 1061.

Mr. Oliver's abusive litigation practices have not been limited to a specific statute, and do not stem from similar alleged circumstances. Since 2012, Plaintiff has filed nearly twenty lawsuits in the Central District of California, with claims ranging from breach of contract to false advertising,

from violation of the Fair Debt Collection Practices Act to negligent infliction of emotional distress, from civil conspiracy to sexual battery.  *See Anthony Oliver v. Jamie Michelle Luner,* No. 18-cv-02562 VAP (AFMx) (C.D. Cal.); *Anthony Oliver v. Daniel J. Teola et al.*, No. 18-cv-01461 PA (SKx) (C.D. Cal.); *Oliver v. Scram of California, Inc. et al.,* No. 17-cv-04735 CAS (PLAx) (C.D. Cal.); *Oliver v. Grant & Weber, et al.*, No. 13-cv-01088 JFW (OPx) (C.D. Cal.); *Oliver v. I.Q. Data International, Inc., et al.*, No. 12-cv-04511 CAS (FFmx) (C.D. Cal.); *Oliver v. T-Mobile, Inc., et al.*, No. 11-cv-05518 ODW (MRWx) (C.D. Cal.).

The Court thus finds that entry of a pre-filing order against Plaintiff in this district is appropriate.  Accordingly, Plaintiff must obtain leave of court before filing any additional lawsuits in the Central District of California. Plaintiff must submit a copy of this order and a copy of the proposed filing with every motion for leave.  If the Court does not grant Plaintiff written permission to file an additional action within thirty days of the date of the filing of the motion for leave, permission will be deemed denied.

9

### III. CONCLUSION

For the reasons stated above, the Court DECLARES Plaintiff Anthony Oliver to be a vexatious litigant, subject to the pre-filing order outlined above.

**IT IS SO ORDERED.**

Dated: 9/26/18

Virginia A. Phillips
Chief United States District Judge

10