# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |
|---|---|
| ANTHONY OLIVER,<br><br>    Plaintiff,<br><br>v.<br><br>CHEX SYSTEMS, INC.;<br>EXPERIAN INFORMATION<br>SOLUTIONS INC. and DOES 1–10,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 3:20-cv-30-TCB |

# **O R D E R**

Plaintiff Anthony Oliver filed the instant action raising claims against private corporations alleging that they have violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and Georgia law. However, Oliver has filed at least three federal civil actions while a prisoner that have been dismissed as frivolous, and the magistrate judge issued a Report and Recommendation ("R&R") recommending that the instant action be dismissed pursuant to the "three strikes"

provision set forth in 28 U.S.C. § 1915(g). After it appeared that Plaintiff had failed to object, this Court adopted the R&R and dismissed the case. [8].

A few days later, the Clerk received Oliver's objections [11], and under the prison mailbox rule, it appears that the objections were timely filed. Accordingly, this Court will re-evaluate the R&R in light of Oliver's objections.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting

*Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

In the R&R, the magistrate judge identified five cases that Oliver filed while a prisoner that have been dismissed either as frivolous, malicious, or for failure to state a claim. *Oliver v. Kemp*, No. 1:19-CV-5014-TCB-JFK (N.D. Ga. Dec. 11, 2019); *Oliver v. Monson*, No. 0:10-CV-4218-ADM-JJG (D. Minn. Jan. 3, 2011); *Oliver v. Reays Ranch Inv'rs*,

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

3

No. 4:10-CV-0158-JMR-PSOT (D. Ariz. July 19, 2010); *Oliver v. Sloane*, No. 4:10-CV-0169-JMR-PSOT (D. Ariz. June 8, 2010); *Oliver v. Gore*, No. 3:09-CV-2505-BEN-POR (S.D. Cal. May 12, 2010). In his objections, Oliver contends that he was not the plaintiff in four of those actions.

However, it is clear that Oliver did file the complaint in *Oliver v. County of Effingham*, CV418-120, 2019 WL 356803 (S.D. Ga. Jan. 29, 2019). In that action, Oliver sued, among others, Crystal Field, his former girlfriend. Sometime later, Oliver was convicted for the aggravated stalking of Field and is now serving his sentence for that crime. *See Oliver v. Field*, — S.E.2d —, A19A1730, 2020 WL 947051 (Ga. Ct. App. Feb. 27, 2020); *see also* information available at http://www.dcor.state.ga.us/GDC/Offender/ Query: Oliver Anthony.

In an order in *Oliver v. County of Effingham*, the Southern District of Georgia noted that, in September 2018, the United States District Court for the Central District of California declared [Plaintiff] a vexatious litigant. *See Oliver v. Luner*, CV218-2562, [99] (C.D. Cal. Sept. 26, 2018). The court noted that "[i]n addition to his numerous actions in state court, Plaintiff has filed at least thirty lawsuits in

4

federal court." *Id.* at 4. It lamented that it "searched in vain for a case in federal court resulting in a verdict on the merits in Plaintiff's favor," but found, instead, warnings to restrain his conduct "on multiple occasions by multiple judges in multiple districts." *Id.* at 7–8. Based on that conduct, the court imposed what it recognized was an extreme remedy that should rarely be used and required Oliver to "obtain leave of court before filing any additional lawsuits." *Id.* at 9. The Central District's order makes the burden that Oliver has imposed on the court system clear. *Oliver*, 2019 WL 356803 at *3. The Southern District of Georgia concluded that the Anthony Oliver federal case in the Central District of California was filed by Plaintiff because he used the same mailing address in both cases. *Id.* at 3 n.3.

In the California court's order determining that Oliver is vexatious, the court attributed three of the cases listed above, *Reays Ranch*, *Gore*, and *Sloane*, to Plaintiff. *Luner*, CV218-2562, Sept. 26, 2018, [99] at 5 (listing sixteen federal cases that "were dismissed by courts on various grounds, including lack of standing, failure to state a claim, failure to comply with the court's orders, failure to pay filing fees,

5

failure to file an amended *in forma pauperis* application, failure to serve process, or because the court found the action to be frivolous or malicious"). Put simply, this Court is confident that Oliver has run afoul of the three strikes provision and that dismissal of his lawsuit was proper.

Accordingly, Oliver's objections [11] are overruled; the Court's order [8] adopting the R&R stands.

IT IS SO ORDERED this 21st day of April, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge