# EXHIBIT F

Dean Corporation Service Company:

Please Find Enclosed the proper Documents for Transmittal To your Client:

Equifax Information Services, L.L.C.

1) Summons, Complaint, Filings Forms, And Waiver of Service.

Please Transmit To Equifax Information Servres, L.L.C., Immediately.

Regards,

Dear Equifax Information Services, L.L.C.

Please find the enclosed documents. Failure to waive service will result in a motion to tax costs.

Best,

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

### STATE OF GEORGIA

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 6/30/2022 12:30 PM
Reviewer: JN

ANTHONY OLIVER, JOHN ANDERSON,

CIVIL ACTION SPCV22-00681-WA
NUMBER _____

**PLAINTIFF**

**VS.**

JND Holdings, L.L.C.; Jennifer Keough;

Equifax Information Services, L.L.C.; and DOES 1-10,

inclusive.

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

Anthony Oliver, GDC # 1002060648
3001 Gordon Highway
Grovetown Georgia 30813

John Anderson, Plaintiff
22 W. Bryan Street, # 174
Savannah GA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____ 30th _____ day of _____ June _____, _____ 2022 _____.

TAMMIE MOSLEY
Clerk of Superior Court
CHATHAM COUNTY

By _____
~~Deputy~~ Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

## IN CHATHAM SUPERIOR COURT

_____ TERM _____

_____

_____

_____

_____

VS.

_____

_____

**ORIGINAL**

Filed in the Clerk's Office this _30th_____

day of _June_____, _2022_____

Clerk, Dep. Clerk S.C.C.C. GA

_____

**PLAINTIFF'S ATTORNEY**

IN THE SUPERIOR COURT OF THE EASTERN JUDICIAL CIRCUIT
STATE OF GEORGIA

ANTHONY OLIVER, *et al.*                    Case No.:  SPCV22-00681-WA

     Plaintiff,

VS.

JND HOLDINGS, L.L.C.,
a Washington State Corporation; et al.

     Defendants.

## **ACKNOWLEDGMENT AND WAIVER OF SERVICE; CONSENT TO JURISDICTION AND VENUE**

I am the Defendant in this action and I am a resident of _____ County,
_____ [list your state]. I hereby acknowledge that I have received a
copy of the Complaint/Petition in this case along with the following other documents:

_____
_____
_____

I hereby waive formal process along with any and all further notice, service, and issuance of
process. I do not waive any defenses I may have in this case. Should further notice be required
for any reason, notice should be mailed to me at the address below.

After being duly informed that I have a constitutional right to a trial by judge or jury on the
above matter in the county of my residence, and with that knowledge, I hereby consent to
both jurisdiction and venue in the Superior Court of Chatham County for any and all
proceedings in this case.

                    _____
                    Defendant's Signature [Sign in front of a Notary]
         Name of Defendant: _____
            Defendant Sign: _____
                Address: _____

                  _____
             Telephone: _____

1

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 6/30/2022 12:30 PM
Reviewer: JN

IN THE SUPERIOR COURT OF THE EASTERN JUDICIAL CIRCUIT
STATE OF GEORGIA

ANTHONY OLIVER,
JOHN ANDERSON,

Case No.: _____ SPCV22-00681-WA _____

       Plaintiff,

DEMAND FOR JURY TRIAL

VS.

JND HOLDINGS, L.L.C.,
JENNIFER KEOUGH; EQUIFAX
INFORMATION SERVICES, L.L.C.;
and DOES 1-10, inclusive.

       Defendants.

## PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY, PERMANENT, AND INJUNCTIVE RELIEF

AND NOW, Plaintiffs named above and files this Complaint for damages, declaratory, and injunctive relief against Defendants, and shows this Court the following:

### I. PARTIES

1. Plaintiff Anthony Oliver, ("Plaintiff Oliver") is over the age of 18 years old, a Citizen of the State of Georgia, the County of Richmond, competent enough to bring this action in this Court, and will be mentioned herein at all times. .

2. Plaintiff John Anderson, ("Plaintiff Anderson") is over the age of 18 years old, a Citizen of the State of Georgia, the County of Chatham, competent enough to bring this action in this Court, and will be mentioned herein at all times.

1

2. Defendant JND Holdings, L.L.C., ("JND HOLDINGS"), is a Washington State Corporation licensed to do business in Washington State pursuant to the laws of Washington, and is currently an active Corporation with the Washington Secretary of State. Defendant JND HOLDINGS was, and still is, transacting business in Georgia, has transacted business in Georgia, and has numerous contacts in Georgia. Therefore, Defendant JND HOLDINGS is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, as JND HOLDINGS transacts business within the state, has committed a tortious act or omission within this state, and/or has committed a tortious injury in this state caused by an act or omission outside this State. In addition, Defendant JND HOLDINGS has the required minimal contacts in Georgia to established personal jurisdiction in Georgia as JND HOLDINGS serves as a class action administrator, and serves to email, write, call, send checks, and claim forms to over 800,000 plus Georgia residents. JND HOLDINGS can be served through its registered agent, Corporation Service Company located at 300 Deschutes Way, Ste. 208, MC-CSC1, Tumwater, Washington, 98501.

3. Defendant Jennifer Keough, ("KEOUGH"), is a resident of the State of Washington, over the age of 18 years old, and will be mentioned herein at all times. KEOUGH is subject to jurisdiction of this Court pursuant to the Georgia long-arm statute.

4. Defendant Equifax Information Services, L.L.C., ("EQUIFAX"), is a Georgia limited liability company, with its principal place of business in Atlanta, Georgia. Defendant EQUIFAX is subject to the jurisdiction of this Court and can be served through it's registered agent Corporation Service Company located at 2 Sun Court, Suite # 400, Peachtree Corners Georgia 30092.

**II. JURISDICTION AND VENUE**

5. Venue is proper in this Court pursuant to OCGA § 9-10-93.

6. Defendants JND HOLDINGS and EQUIFAX are subject to the jurisdiction of this Court because all of the allegations arose from this judicial District, all of the injuries occurred in this District, and all of the events, and contract took place in this Judicial District therefore, jurisdiction lies within this circuit.

7. Plaintiffs identified below allege the following against Defendants Equifax Information Services LLC ("EQUIFAX"), and JND HOLDINGS Administration, L.L.C., ("JND HOLDINGS") (collectively, "EQUIFAX," "JND HOLDINGS" or "Defendants"), based upon personal knowledge with respect to himself, and on information and belief derived from, among other things, investigation of Plaintiff, and review of public documents.

2

### III.   JURISDICTION UNDER THE GEORGIA LONG-ARM STATUTE

8.      Each of the Defendants sued herein, JND HOLDINGS Administration, Inc., ("JND HOLDINGS"), and Jennifer Keough, ("KEOUGH"), are residents of the State of Washington, but must be held to the personal jurisdiction of the State of Georgia under the Georgia Long-Arm statute, O.C.G.A. § 9-10-91 because they transact business within the State, has committed a tortious act, or omission within the State, and/or has committed a tortious injury in this State caused by an act, or omission outside this State. Further, the Defendants JND HOLDINGS and KEOUGH regularly transact business within the State to seek their appointment as class action administrator, and did so when they contacted Defendant Equifax Information Services, L.L.C., ("EQUIFAX") at their Atlanta Georgia office where EQUIFAX in permanently demonciled, and a corporation existing under the laws of the State of Georgia.   Furthermore, Defendants JND HOLDINGS and KEOUGH regularly solicits, and transacts business in Georgia, engages in other persistent courses of conduct in Georgia, or derives substantial revenue from services rendered in this State. Accordingly, the Defendants must be held to the jurisdiction of the State of Georgia, the County of Chatham.

### IV.   FACTS AND PROCEDURAL BACKGROUND

9.      Defendant EQUIFAX plays a central role in the modern American economy, collecting and selling vast amounts of data  about the most important details of consumers' financial lives. That data consists of names, birth dates, Social Security numbers, credit card information, drivers' license numbers, and more contains the keys that unlock a consumer's identity and is relied upon by third-parties to make major financial decisions affecting almost all Americans, including the citizens of Georgia. EQUIFAX understood it had an enormous responsibility to protect the data it collected and assured the public that: "At Equifax, the security of our customers' information is paramount." But, as its former CEO has acknowledged, EQUIFAX has not lived up to that responsibility or fulfilled its public assurances to protect Georgians' or Americans' confidential information. By not living up to their responsibilities, the personal information of over 178 million people was compromised that led to hackers, scam artists, and other third-party person, or entities to steal personal information to obtain consumer credit, goods, or money.

10.    Despite being provided with a warning from the federal government, EQUIFAX disregarded signs, and warnings to potentially stop any identity theft, or personal information from being stolen. Instead of taking the necessary steps to prevent the breach, EQUIFAX decided to sell its consumers identity theft protection, and credit monitoring at a reduced price. In an effort to stuff it's wallet with cold hard cash, EQUIFAX never followed up in any potential breach that could have been prevented. Instead, EQUIFAX sought to sell consumers identify theft protection, annual, and monthly credit monitoring services for a special price. Ultimately, hackers, and scam artist obtained the consumer files, and personal information for millions of unsuspected consumers whom had a trade line listed with EQUIFAX that led to millions, upon millions of consumers, and victims having their identity stolen. Unbeknownst to millions of consumers like Plaintiff Oliver, and Plaintiff Anderson, consumers had open accounts for credit cards, vehicle, and home loans, as well as open consumer accounts like a cell phone, home Internet, cable, and more.

11.    On September 7, 2017, EQUIFAX announced that it was subject to one of the largest personal data breaches in our nation's U.S. history. Taking advantage of glaring weaknesses, and vulnerabilities in the company's data security systems, hackers stole the personal and financial information of nearly 178 million Americans from mid-May through the end of July, 2017.

12.    During that entire two and one-half month period, EQUIFAX failed to detect the hackers' presence, notice the massive amounts of data that were being exfiltrated from its databases, or take any steps to investigate the numerous other red flags that should have warned the company about what was happening. EQUIFAX has attributed the breach to a low-level employee's failure to install a necessary software patch. While that employee's negligence may have created the door through which the hackers first entered, the breach was in fact the inevitable result of EQUIFAX's systemic incompetence and a longstanding, lackluster approach to data security that permeated the company's culture from the top down. Indeed, EQUIFAX's cavalier attitude about data security persisted despite warnings by outside cybersecurity experts, the occurrence of other data breaches at Equifax, and numerous high-profile data breaches at other major American corporations, all of which should have alerted EQUIFAX of the need to revamp and enhance its woefully inadequate data security practices. The severity of this breach is unprecedented, affecting almost half of the

4

American population. Nearly all of the victims had no prior relationship with EQUIFAX, and there is no mechanism to opt-out of Equifax's collection and sale of this data. The hackers obtained at least 146.6 million names, 146.6 million dates of birth, 145.5 million Social Security numbers, 99 million addresses, 17.6 million driver's license numbers, 209,000 credit card numbers, and 97,500 tax identification numbers, and by using this information, identity thieves can create fake identities, fraudulently obtain loans and tax refunds, and destroy a consumer's credit-worthiness—the very thing EQUIFAX exists to assess and report. And because Social Security numbers do not expire and are almost impossible to change, thieves will be able to do so for years to come. As one knowledgeable analyst noted soon after the breach was announced: "On a scale of 1 to 10 in terms of risk to consumers, this is a 10."

### Plaintiff Oliver Becomes Victim of Identity Theft And Discovers His Personal Information Stolen To Obtain Consumer Credit

13.     On January 3, 2021, Plaintiff Anthony Oliver, ("Plaintiff Oliver") became suspicious that his identity was stolen after Plaintiff Oliver received a debt collection notice from Comcast cable for a past due account for cable, and/or Internet for an amount of $ 268.00 and the collection notice stated that this amount was not paid in a timely fashion, the past due amount would be sent to a third-party debt collector called Southwest Credit Systems, L.P., ("SOUTHWEST").

14.     Plaintiff Oliver never paid any money to Comcast cable, and the past due balance, and account was then transferred and/or sold to SOUTHWEST, who in turn mailed a debt collection notice informing Plaintiff Oliver the account was assigned to SOUTHWEST, and that Plaintiff Oliver was directed to pay SOUTHWEST the balance, and not Comcast cable. After receiving the notice from SOUTHWEST, Plaintiff Oliver called SOUTHWEST, and inquired about the debt. SOUTHWEST informed Plaintiff Oliver that a recent account was opened. Plaintiff Oliver informed SOUTHWEST that the date of when the account was opened, Plaintiff Oliver was incarcerated. SOUTHWEST sent Plaintiff Oliver a fraud affidavit, and notarized it stating the same. SOUTHWEST ultimately removed the account. In addition, Plaintiff Oliver was informed by SOUTHWEST about a large federal class action lawsuit filed against EQUIFAX for data breaches. Plaintiff Oliver was informed to contact EQUIFAX, or go online to see if he was impacted by the EQUIFAX data breach.

5

**Plaintiff Oliver Sends Fair Credit Reporting Act Letters To All Credit Bureaus**

15.      Notwithstanding Plaintiff Oliver being a victim of identity theft to begin with, Plaintiff Oliver sent dispute, and demand for investigation letters pursuant to the Fair Credit Reporting Act to each of the three credit bureaus, TransUnion, Experian, and EQUIFAX as well. Plaintiff Oliver then also retrieved copies of his three credit reports from annual credit report , and there, Plaintiff Oliver discovered that there was another account opened in Plaintiff Oliver's name for consumer credit. This time around, Plaintiff Oliver was now a victim of a home rental, and was being sent to collections alleging that Plaintiff Oliver rented a home, and then moved out before the rent could be paid. Accordingly, the account was sent to collections. Of course, the account was opened while Plaintiff Oliver was incarcerated, but what's more disturbing, is the account was opened in Wisconsin.

16.      Plaintiff Oliver spent over thirty (30) hours of time, resources, money, and costs sending the FCRA dispute, and demand for investigation letters to all of the debtors that appeared in their credit reports. Each of the debt collectors that Plaintiff Oliver sent letters to, only a few replied back to Plaintiff Oliver. With no response, Plaintiff Oliver had to spend more time, resources, hire an attorney service company, and copies to send more letters to properly defend against any, and all identity theft. In addition, Plaintiff Oliver spent over $ 600.00 dollars in inmate telephone cards just to be able to call certain debt collectors, and attorneys to seek representation against EQUIFAX.

**Plaintiff Anderson Becomes Victim of Identity Theft And Discovers His Personal Information Stolen To Obtain Consumer Credit**

17.      On January 3, 2021, Plaintiff John Anderson, ("Plaintiff Anderson") became suspicious that his identity was stolen after Plaintiff Anderson received a debt collection notice from American Express for a past due account for an amount of $ 4,083.22.00 and the collection notice stated that it was coming directly from American Express. Further, the letter went on to say that if the balance was not paid with a timely manner, the outstanding balance would be sent to a third-party debt collector.

18.      That same day, Plaintiff Anderson obtained copies of his consumer credit reports, and confirmed by his credit reports that American Express was in fact reporting an account with all three credit bureaus an account ending in 6042, all with the same balance as above reporting on his credit card. Plaintiff Anderson immeadiately filed a dispute with all three credit bureaus demonstrating the same. After successfully demonstrating that Plaintiff Anderson was a victim of identity theft, American Express closed the account.

· 6

19.     On or about January 10, 2022, Plaintiff Oliver, and Plaintiff Anderson discovered, and confirmed that a federal class action was in deed filed against Defendant EQUIFAX in the United States District Court, the Northern District of Georgia is the case titled In re: Equifax, Inc. Customer Data Security Breach Litigation, which is a consolidated class action complaint filed on behalf of over 100 million consumers from over twenty states. The class Plaintiff's seek to represent four classes of consumers from 2017 until 2021.

20.     Once the class action was in place, Plaintiff Oliver, and Plaintiff Anderson verified that their Personal Information was compromised in the EQUIFAX data breach. Plaintiff verified through EQUIFAX's data breach response website by entering his Personal Information into the website, all of which showed, and confirmed was compromised after Plaintiff Oliver, and Plaintiff Anderson entered their social security numbers.

19.     Plaintiff Oliver, and Plaintiff Anderson  also confirmed that Defendant EQUIFAX elected to settle the lawsuit with the consumers thereby agreeing to pay millions of dollars to consumers, and the class Plaintiff's. Once the lawyers for the class actions reached a settlement, then a class action administration firm is then appointed by a federal judge to oversee process claims of all consumers, payments, and documents in a timely fashion.  The federal Judge assigned to the federal class action approved the settlement, and appointed Defendant JND HOLDINGS, L.L.C., ("JND HOLDINGS"), to serve as the administrator. Once an administrator like JND HOLDINGS is appointed, it is then the duties of the administrator like JND HOLDINGS to process Plaintiff Oliver's claims. In addition, the President and CEO of JND HOLDINGS, Jennifer Keough, ("KEOUGH"), acting pursuant to the Georgia long-arm statute, filed a declaration in the EQUIFAX federal class action outlining all of the responsibilities that JND and KEOUGH would fulfill if JND HOLDINGS was in fact appointed as the administrator. Shortly after JND HOLDINGS was appointed as the     administrator,     JND     HOLDINGS     then     setup     a     website     called www.equifaxbreachsettlement.com. The website gave Plaintiff Oliver, and Plaintiff Anderson the option to go onto this website, enter his social security number to verify that he was a victim of identity theft, and file a claim to the EQUIFAX settlement fund. Before Plaintiff Oliver, and Plaintiff Anderson filed their claims to the class fund, Plaintiff Oliver, and Plaintiff Anderson  located copies of receipts, letters, exhibits, and all relevant documents for JND HOLDINGS to consider the amount of money Plaintiff Oliver, and Plaintiff Anderson

7

would be awarded. Once it was time for Plaintiff Oliver, and Plaintiff Anderson to submit his claim, Plaintiff went on the above website, and submitted his claims to JND HOLDINGS. First, Plaintiff was able to upload copies of receipts, letters, exhibits, and all relevant documents. JND HOLDINGS then sent an email from Washington State, to Plaintiff Oliver, and Plaintiff Anderson in Georgia containing a containing a confirmation number confirming receipt of the documents.

20.     Second, Plaintiff Oliver, and Plaintiff Anderson then sent an email that is available on the above-website to info@equifaxbreachsettlement.com, and attached copies of all copies of receipts, letters, exhibits, and all relevant documents in PDF format. After Plaintiff Oliver, and Plaintiff Anderson sent JND HOLDINGS this email, JND HOLDINGS sent Plaintiff Oliver, and Plaintiff Anderson yet another tracking number to confirm that JND HOLDINGS received the documents, and would allegedly process Plaintiff Oliver, and Plaintiff Anderson 's claims. Third, Plaintiff Oliver, and Plaintiff Anderson also sent JND HOLDINGS copies of receipts, letters, exhibits, and all relevant documents in paper format to the EQUIFAX class action settlement fund in Washington. Over the next several weeks, and months, with no end in sight, Plaintiff Oliver, and Plaintiff Anderson continued to call, and send letters to the President of JND HOLDINGS, Jennifer Keough, ("KEOUGH"), who is no stranger.

21.     In 2019, Defendants JND HOLDINGS and KEOUGH hired Plaintiff Oliver when they contacted Plaintiff Oliver from Washington State, to his cell phone in Savannah to hire Plaintiff Oliver to open, and run an office for Plaintiff Oliver in Georgia so that JND HOLDINGS and KEOUGH would have a satelite office in Georgia. Further, Plaintiff Oliver was a class Plaintiff in two federal class actions pending before the federal Court of the Northern District of Illinois, in the City of Chicago. In both federal lawsuits whereas Plaintiff Oliver was, and still is, a resident of Chicago, Defendants JND HOLDINGS and KEOUGH were aware that Plaintiff Oliver filed Anthony Oliver v. York Risk Management Services, Inc., and Anthony Oliver v. Compass Group USA, Inc., and were pending class certification, and an administrator like JND HOLDINGS to be appointed. Defendants JND HOLDINGS and KEOUGH at that time, agreed to pay Plaintiff Oliver $ 50,000 in untraceable cash if Plaintiff Oliver spoke to his lead class attorney, and mentor Eugene Y. Turin, Esq., ("ATTORNEY TURIN"), of McGuire, P.C., and directed ATTORNEY TURIN to pick JND HOLDINGS as the class action administrator. Defendant KEOUGH flew out to Savannah

8

Georgia in 2019, and an agreement on the untraceable amount of money could not be agreed upon, and Defendant KEOUGH became upset, and angry because KEOUGH knew that both JND HOLDINGS and KEOUGH got passed over to serve as administrator in another federal class action that Plaintiff Oliver and his mentor, ATTORNEY TURIN filed. In Anthony Oliver v. The Men's Warehouse, Inc., USDC CD CA, Defendants JND HOLDINGS and KEOUGH tried to persuade Plaintiff Oliver again into having JND HOLDINGS appointed as the administrator. However, JND HOLDINGS and KEOUGH were never appointed to any of these three federal class actions, and KEOUGH became enraged, and upset at Plaintiff Oliver.

### Plaintiff Calls Defendant Jennifer Keough Concerning His Equifax Claims And Defendants Unlawful Business Practices Begins To Target Plaintiff Oliver, and Plaintiff Anderson  In Georgia

22.    With no response from JND HOLDINGS concerning any form of payment from the EQUIFAX settlement, Plaintiff Oliver, and Plaintiff Anderson  called JND HOLDINGS and spoke to Defendant KEOUGH concerning the settlement funds, and Plaintiff Oliver, and Plaintiff Anderson's pending claims to inquire as to whether or not Plaintiff Oliver, and Plaintiff Anderson would receive any funds from the settlement fund. In response, Defendant KEOUGH, who is transacting business in Georgia, informed Plaintiff Oliver that all Plaintiff Oliver would receive "is some toilet paper to wipe your ass."

23.    Defendant KEOUGH went on to remind Plaintiff Oliver how JND HOLDINGS was never appointed in the above three federal lawsuits, and KEOUGH said: "So no, no you're not going to be anything."

24.    Plaintiff reminded JND HOLDINGS and KEOUGH that Plaintiff Oliver, and Plaintiff Anderson were class members in the EQUIFAX multi-district class action that neither JND HOLDINGS and KEOUGH cannot withhold payment from Plaintiff Oliver, and/or Plaintiff Anderson because the payment due to both Plaintiffs is coming from funds transferred from EQUIFAX to JND HOLDINGS, and that those funds could not be withheld from Plaintiff Oliver, and/or Plaintiff Anderson due to personal animosity by KEOUGH against Plaintiff Oliver. And Defendant KEOUGH went on to tell Plaintiff Oliver that any payment that Plaintiff Oliver, and Plaintiff Anderson would receive, would be kept by JND HOLDINGS and KEOUGH. And because Plaintiff Anderson is Plaintiff Oliver's significant other, Plaintiff Anderson would not receive any funds from JND HOLDINGS simply for that reason. To date, no payment has been rendered to Plaintiff Oliver, or Plaintiff Anderson.

9

25.     On or about April 11, 2022, Plaintiff Oliver, and Plaintiff Anderson sent numerous letters to Defendants JND HOLDINGS, and KEOUGH informing each of them that Plaintiff Oliver is entitled to some form of payment, and that any payment that Plaintiff Oliver is entitled to, is being kept and/or used by JND HOLDINGS and KEOUGH for personal, or business use. Despite sending the Defendants, and EQUIFAX letters demanding payment, to date, no payment from the Defendants, or EQUIFAX has been remitted to Plaintiff Oliver for his time, resources, and expenses related to being a legitimate victim of identity theft.

26.     The documents that Plaintiff Oliver submitted online, by email, and United States mail were sufficient notice, timely filed, and were calculated to provide Plaintiff Oliver with a class action settlement payment of $ 5,016.42, that equaled to an amount that was deemed just, and proper. Like, Plaintiff Anderson filed his claim for $ 2,098.00.

27.     Over the next several weeks, spending more money just to get justice, Plaintiff Oliver, and Plaintiff Anderson called Defendant KEOUGH from the Georgia Department of Corrections, and informed Defendants JND HOLDINGS and KEOUGH that if they continued to withhold payment due to Plaintiff Oliver, and Plaintiff Anderson from the EQUIFAX settlement fund, that Plaintiff Oliver, and Plaintiff Anderson would file a Superior Court lawsuit against JND HOLDINGS and KEOUGH. In response, KEOUGH informed Plaintiff Oliver, and Plaintiff Anderson that if he called her, her office, or JND HOLDINGS, that KEOUGH would contact the Police in Georgia, or the Georgia Department of Corrections, and have Plaintiff Oliver arrested for "Aggravated Stalking," or any other crimes that KEOUGH could claims that the Plaintiff committed.

28.     Defendants JND HOLDINGS and KEOUGH unlawfully breach their contract with Plaintiff Oliver, and Plaintiff Anderson, whom are class members, to uphold their duties as the EQUIFAX class action settlement administrator by refusing to issue Plaintiff Oliver, and Plaintiff Anderson any form of payment in the amount of $ 5,016.42, or an amount of 2,098.07.

29.     Defendant JND HOLDINGS and KEOUGH interfered with a valid contract between Plaintiff Oliver, Plaintiff Anderson, and EQUIFAX. Plaintiff Oliver, and Plaintiff Anderson relied upon Defendants JND HOLDINGS and KEOUGH to remit payment to Plaintiff Oliver, and Plaintiff Anderson after successfully providing EQUIFAX and JND HOLDINGS with documentation justifying the funds payable to Plaintiff Oliver, and Plaintiff Anderson . By JND HOLDINGS and KEOUGH refusing to remit any payment to Plaintiff

Oliver as he has been damaged in his contractual relations with third-parties, unable to purchase a new vehicle for his teenage daughter, to have the funds to purchase commissary items in prison, and other unknown damages sustained by Plaintiff Oliver. In addition, Plaintiff Oliver intended to use the funds that Plaintiff Oliver was supposed to receive, to hire an attorney for a family law action to be filed in the Effingham County Superior Court. As a result of the breach of contract that JND HOLDINGS and KEOUGH breached, and caused to be breached, Plaintiff Oliver was unable to hire or retain counsel for a legitimation matter.

    30.    At all times relevant, Defendants JND HOLDINGS and KEOUGH knew their was in place, a contract between Plaintiff Oliver, and Plaintiff Anderson as a class member, and EQUIFAX where the parties agreed that Plaintiff Oliver, and Plaintiff Anderson would receive payment to be made whole again. Because Plaintiff Oliver, and Plaintiff Anderson never opted out of being a class member by filing any written objections to the class action settlement, that meant there was a valid contract between Plaintiff Oliver, and Plaintiff Anderson and EQUIFAX that they agreed upon for the benefit of Plaintiff Oliver, and Plaintiff Anderson receiving some form of payment from EQUIFAX, and EQUIFAX itself saving billions of dollars in damages had EQUIFAX went to trial in federal Court, and lost.

    31.    At all relevant times, Defendants JND HOLDINGS and KEOUGH did unlawfully interfere with the contractual relations between Plaintiff Oliver, and Plaintiff Anderson , and EQUIFAX when they refused to pay Plaintiff Oliver the amount of $ 5,016.42, and Plaintiff Anderson $ 2,098.00, the amount that Plaintiff Oliver and Plaintiff Anderson were entitled to after providing proof of damages to JND HOLDINGS. As a result of the unlawful interference, Plaintiff Oliver has been damaged in an amount to be proven at trial.

    32.    At all times relevant, Plaintiff Oliver, and Plaintiff Anderson informed Defendant EQUIFAX that Defendants JND HOLDINGS and KEOUGH were refusing to pay Plaintiff Oliver, and Plaintiff Anderson his settlement claims, but EQUIFAX refused to intervene, and direct JND HOLDINGS and KEOUGH to pay Plaintiff Oliver, and Plaintiff Anderson his settlement funds, but they refused to do so. In fact, EQUIFAX received a letter directly to its registered agent stating same, but EQUIFAX still refused to render payment directly, cause the payment to be made available to Plaintiff Oliver, and Plaintiff Anderson , or pay the settlement claim directly to Plaintiff Oliver, and Plaintiff Anderson . At all additional relevant times, Defendant EQUIFAX knew, and had reason to know that there was a contract with Plaintiff Oliver, and Plaintiff Anderson , but refused to uphold its end of the

contract thereby causing Plaintiff Oliver, and Plaintiff Anderson injuries. To date, none of the Defendants have remitted any payment to Plaintiff Oliver, and Plaintiff Anderson that JND HOLDINGS, KEOUGH, and EQUIFAX knew, or should have known was due to Plaintiff Oliver, and Plaintiff Anderson.

33.     The actions of each of the Defendants were intentional, reckless, and carried out with the intent to intentionally injure Plaintiff Oliver, and Plaintiff Anderson is more ways then one. Therefore, Plaintiff Oliver, and Plaintiff Anderson is absolutely entitled to an award of punitive damages to make an example out of each of the Defendants pursuant to O.C.G.A. § 51-12-5.1.

### FIRST CAUSE OF ACTION
### Breach of Contract Under Georgia State Law
### Plaintiffs v. Equifax Information Services, L.L.C.

34.     Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

35.     Plaintiff had a valid contract with EQUIFAX that Plaintiff Oliver, and Plaintiff Anderson would be paid funds from the EQUIFAX class action settlement fund for Plaintiff Oliver, and Plaintiff Anderson to receive funds, and to be reimbursed any and all costs associated with being a victim of identity theft. EQUIFAX agreed to, among other things, to pay Plaintiff Oliver, and Plaintiff Anderson money for his damages, injuries, and was placed on notice that he did not receive any money from JND HOLDINGS and KEOUGH, but EQUIFAX did not to fulfill its part of the contract.

36.     At all relevant times, Plaintiff Oliver, and Plaintiff Anderson was, and still is, class members to the EQUIFAX multi-district class action lawsuit still pending in the United States District Court, the Northern District of Georgia. When EQUIFAX agreed to pay the class Plaintiff's, and members, EQUIFAX agreed to pay Plaintiff Oliver, and Plaintiff Anderson .

37.     Upon information, and belief, EQUIFAX did transmit to JND HOLDINGS, and KEOUGH over $ 800 million dollars to pay the class members, including Plaintiff Oliver, and Plaintiff Anderson in this federal lawsuit.

38.     Plaintiff on one side, and EQUIFAX on the other formed a contract through the settlement terms, and conditions of the federal lawsuit agreement. EQUIFAX breached its agreement when EQUIFAX : (1) failed to take reasonable steps to direct and/or order JND HOLDINGS to pay Plaintiff Oliver, and Plaintiff Anderson ; (2) failed to pay Plaintiff Oliver,

12

and Plaintiff Anderson directly, or indirectly; and (3) failed to promptly resolve the matter by notifying the federal Court that the class action administrator breached its duty owed to Plaintiff Oliver, and Plaintiff Anderson. As a direct and proximate result of EQUIFAX's breach of contract, Plaintiff has sustained actual losses, and damages as described in detail above, and Plaintiff Oliver, and Plaintiff Anderson are also entitled to recover nominal damages. As a further, and direct result of the actions, Plaintiff Oliver, and Plaintiff Anderson have been damaged in an amount to be determined at trial as Plaintiff Oliver, and Plaintiff Anderson seeks damages jointly, and several against all of the Defendants.

39.     The acts, and omissions of Defendant EQUIFAX was intentional, reckless, and carried out with disregard for the rights of Plaintiff Oliver, and Plaintiff Anderson thereby entitling Plaintiff to an award of punitive pursuant to O.C.G.A. § 51-12-5.1.

### SECOND CAUSE OF ACTION
### Breach of Contract Under Georgia State Law
### Plaintiffs v. JND HOLDINGS, L.L.C., and Jennifer Keough

40.     Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

41.     Defendants JND HOLDINGS and KEOUGH filed numerous declarations with the United States District Court, the Northern District of Georgia that they would serve as the class action administrator if they were appointed to serve as the administrator in the EQUIFAX.

42.     Defendants JND HOLDINGS and KEOUGH signed a contract with the attorney's of record, EQUIFAX, and the Court that they would process claims, remit payment to the class members, class attorneys, and Plaintiffs. Plaintiff Oliver, and Plaintiff Anderson was, and still are, class members that were, and still are, entitled to money that JND HOLDINGS and KEOUGH had no intention of paying to Plaintiff Oliver, and Plaintiff Anderson. Defendants JND HOLDINGS and KEOUGH further informed the attorney's of record, EQUIFAX, and the Court that it would process all of claims filed by Plaintiff Oliver, and Plaintiff Anderson , but JND HOLDINGS and KEOUGH failed, and refused to do so for personal reasons.

43.     JND HOLDINGS and KEOUGH has failed, and refused to remit any payment to Plaintiff Oliver, and Plaintiff Anderson in the amount of $ 5,016.42, and $ 2,098.00 thereby causing injuries sustained by Plaintiff Oliver, and Plaintiff Anderson. Plaintiff seeks relief under O.C.G.A. § 10-1-912 including actual damages, and injunctive relief.

44.    As direct and proximate result of the Defendants' actions, Plaintiff suffers and continues to suffer severe mental anguish and emotional and physical distress. Further, Plaintiff Oliver, and Plaintiff Anderson suffers permanent nightmares, and will continue to suffer from a unforeseeable amount of time, and likely for the rest of his natural born life so long as he may live. Plaintiff believes and thereon alleges that the Defendants JND HOLDINGS and KEOUGH will continue to deny Plaintiff Oliver, and Plaintiff Anderson any payment, or settlement funds where JND HOLDINGS is appointed to serve as a class action administrator where Plaintiff Oliver, and Plaintiff Anderson is a class member. As a further, and direct result of the actions, Plaintiff Oliver, and Plaintiff Anderson has been damaged in an amount to be determined at trial as Plaintiff Oliver, and Plaintiff Anderson seeks damages jointly, and several against all of the Defendants.

45.    The actions of the Defendants, and each of them, were carried out intentionally, and with the intent to harm Plaintiff Oliver, and Plaintiff Anderson . Therefore, Plaintiff Oliver, and Plaintiff Anderson are entitled to award of punitive damages against each Defendant pursuant to O.C.G.A. § 51-12-5.1.

### THIRD CAUSE OF ACTION
**Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, et seq.**
**Plaintiffs v. JND HOLDINGS, L.L.C., and Jennifer Keough**

46.    Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

47.    Plaintiff, JND HOLDINGS, and KEOUGH are "persons" within the meaning of § 10-1-371(5) of the Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA").

48.    JND HOLDINGS, and KEOUGH engaged in deceptive trade practices in the conduct of its business, in violation of O.C.G.A. § 10-1-372(a), including:

      a.    Representing that goods or services have characteristics that they do not have;

      b.    Representing that goods or services are of a particular standard, quality, or grade if they are of another;

      c.    Advertising goods or services with intent not to sell, or provide them as advertised; and

      d.    Engaging in other conduct that creates a likelihood of confusion or misunderstanding.

14

49.    JND HOLDINGS, and KEOUGH's deceptive trade practices include:

a. Refusing to process settlement claims filed by Plaintiff Oliver, and Plaintiff Anderson ;

b. Failing to issue payments due to Plaintiff Oliver, and Plaintiff Anderson in the EQUIFAX class action;

c. Lying to a United States Federal District Judge by stating that JND HOLDINGS would serve as the administrator to the EQUIFAX class action, process claims by any person, and class member who filed a claim, process payments, and issue them to Plaintiff Oliver, and Plaintiff Anderson, but JND HOLDINGS, and KEOUGH did none of these things, and instead, pocketed Plaintiff Oliver, and Plaintiff Anderson settlement funds;

d. Omitting, suppressing, and concealing the material fact that JND HOLDINGS, and KEOUGH would not reasonably or adequately process Plaintiff Oliver, and Plaintiff Anderson's claims, or payment;

50.    JND HOLDINGS, and KEOUGH's representations, and omissions were material because they were likely to deceive reasonable class members like Plaintiff Oliver, and Plaintiff Anderson about the adequacy, and competency of the settlement administrations ability to process claims, and payments. JND HOLDINGS, and KEOUGH intended to mislead Plaintiff Oliver, and Plaintiff Anderson , and likely other members of the class, and induce them to rely on its misrepresentations and omissions made by JND HOLDINGS, and KEOUGH.

51.    In the course of its business, JND HOLDINGS, and KEOUGH engaged in activities with a tendency or capacity to deceive a Federal Judge, the class attorneys, and most importantly, Plaintiff Oliver, and Plaintiff Anderson.

52.    JND HOLDINGS, and KEOUGH acted intentionally, knowingly, and maliciously to violate Georgia's Uniform Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs rights under Georgia State law. Plaintiff's numerous letters placed JND HOLDINGS, and KEOUGH on notice, and was therefore, the letters mailed by Plaintiff Oliver, and Plaintiff Anderson to KEOUGH and JND HOLDINGS gave them ample opportunity to act, or pay Plaintiff Oliver, and Plaintiff Anderson. Plaintiffs seek all relief allowed by law, including injunctive relief, and costs of this lawsuit, under O.C.G.A. § 10-1-373.

15

53.     Because the actions of JND HOLDINGS, and KEOUGH were intentional, reckless, and carried out with a complete disregard for the rights of Plaintiff Oliver, and Plaintiff Anderson  thereby entitling them  to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## FOURTH CAUSE OF ACTION
### Interference With Contractual Relations
### Plaintiff Anthony Oliver v. JND HOLDINGS, L.L.C., and Jennifer Keough

54.     Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

55.     Defendants JND HOLDINGS, and KEOUGH intentionally interfered with Plaintiff Oliver's contractual relations between Plaintiff Oliver, and EQIFAX, by refusing to pay Plaintiff Oliver the funds and amount of $ 5,016.42, dollars as a part of his claim and agreement with EQUIFAX based on evidence he submitted for his settlement claims.

56.     Further, JND HOLDINGS, and KEOUGH intentionally interfered with the Plaintiffs contractual relations between Plaintiff Oliver, and his right to use the funds he was to obtain from the EQUIFAX settlement fund to hire a lawyer to file a legitimation case in the Superior Court of Effingham County. Defendants were placed on notice that Plaintiff Oliver was entitled to a claim when Plaintiff Oliver emailed, and mailed his claims to JND HOLDINGS, and KEOUGH.

57.     Defendants JND HOLDINGS, and KEOUGH knew, or had reason to know that there was a valid, and existing contract between Plaintiff Oliver, and EQUIFAX for Plaintiff Oliver to receive funds, but JND HOLDINGS, and KEOUGH unlawfully interfered with Plaintiff Oliver, and his funds that he was, and still is, entitled to funds as a matter of law, and rights under the laws of the State of Georgia. By JND HOLDINGS, and KEOUGH not paying Plaintiff Oliver, he has been damaged, and his contractual relations interfered with by JND HOLDINGS, and KEOUGH. As a direct result of the actions of the JND HOLDINGS, and KEOUGH, Plaintiff Oliver was unable to hire appellate counsel to file a criminal appeal to free Plaintiff Oliver from his illegal, and unjustified prison sentence, file a legitimation case for his benefit, or buy a new car for his teenage daughter. Therefore, Plaintiff Oliver is entitled to an award of punitive damages to make an example of the Defendants pursuant to O.C.G.A. § 51-12-5.1.

16

### FIFTH CAUSE OF ACTION
### Punitive Damages
### Plaintiffs v. All Defendants

58.     Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

59.     The allegations contained in the preceding paragraphs are hereby incorporated herein by reference against all Defendants as they have exhibited bad faith in their conduct and, dealings with Plaintiff Oliver, and Plaintiff Anderson in this case.

60.     Defendants breached their duty owed to Plaintiff Oliver, and Plaintiff Anderson to remit payment to Plaintiff Oliver, and Plaintiff Anderson , directly, and/or indirectly, but they failed and refused to do so knowing that they would be causing injuries to the said Plaintiff.

61.     Defendants were placed on advanced notice that Plaintiff Oliver, and Plaintiff Anderson would not be receiving any settlement payments well in advanced from the Defendants, and they still did nothing to correct the problem, or comply with the terms, and conditions setforth in the contract between Plaintiff Oliver, and Plaintiff Anderson, and EQUIFAX. Likewise, the Defendants, JND HOLDINGS, and KEOUGH owed Plaintiff Oliver, and Plaintiff Anderson a duty to pay them the $ 5,016.42 and $ 2,098.00 dollars that they knew Plaintiff Oliver, and Plaintiff Anderson was, and still is, entitled to for their injuries that he sustained as a result of the EQUIFAX data breach, and to not interfere with Plaintiff Oliver, and Plaintiff Anderson 's rights to have access to these funds. Instead, JND HOLDINGS, and KEOUGH decided to keep Plaintiff Oliver, and Plaintiff Anderson's funds, and/or upon information, and belief, remit, or transfer those funds back to EQUIFAX. Therefore, Plaintiff Oliver, and Plaintiff Anderson are entitled to recover punitive damages but not less then $ 3,000,000.00.

17

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Anthony Oliver and John Anderson respectfully prays for judgment against each of the Defendants as more fully set forth below:

1. For an award of compensatory damages according to proof;

2. For an award of special damages according to proof;

3. For an award of punitive damages against the Defendant pursuant to O.C.G.A. § 51-12-5.1.

4. Award pre- and post-judgment interest;

5. For an award of all costs of this lawsuit and litigation;

6. For declaratory judgment that the Defendants breached, or caused to be breached, the contract between Plaintiff Oliver, and Plaintiff Anderson, and the Defendants;

7. For injunctive relief preventing JND Holdings, L.L.C, from ever serving as a class action administrator in the State of Georgia in any State or Federal lawsuit;

8. In addition to actual damages, statutory damages as allowed by law;

9. Any and other further relief as this Court deems just and proper.


Respectfully submitted,

Dated:  June 18, 2022

_____

Anthony Oliver, # 1002060648
Augusta State Medical Prison
3001 Gordon Highway
Grovetown Georgia 30813


Respectfully submitted,

Dated: June 18, 2022

_____

John Anderson, Plaintiff Pro Se
22 W. Bryan Street, # 174
Savannah Georgia 31401
Email: John.anderson0311@gmail.com

18

## JURY TRIAL DEMANDED

Plaintiff hereby respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

Dated:  June 18, 2022

Anthony Oliver, # 1002060648
Augusta State Medical Prison
3001 Gordon Highway
Grovetown Georgia 30813

Respectfully submitted,

Dated: June 18, 2022

John Anderson, Plaintiff Pro Se
22 W. Bryan Street, # 174
Savannah Georgia 31401
Email: John.anderson0311@gmail.com

19

PLAINTIFF'S COMPLAINT FOR DAMAGES. DECLARATORY. PERMANENT.

IN THE SUPERIOR COURT OF THE AUGUSTA JUDICIAL CIRCUIT
STATE OF GEORGIA

ANTHONY OLIVER,

      Plaintiff,

VS.


JND HOLDINGS, L.L.C.,
JENNIFER KEOUGH; EQUIFAX
INFORMATION SERVICES, L.L.C.;
and DOES 1-10, inclusive.

      Defendants.

Case No.:  SPcv22-00681-WA

DEMAND FOR JURY TRIAL

**PLAINTIFF'S MOTION FOR APPOINTMENT OF**
**SPECIAL AGENT PROCESS SERVER**

    Plaintiff Anthony Oliver, ("Plaintiff") hereby moves this Court for a Special Agent
Process Server order to serve the Defendants JND Holdings, L.L.C., and Jennifer Keough
who are residents of the State of Washington, and states as follows:

    **I.    BACKGROUND**

    1.    The Plaintiff Anthony Oliver, ("Plaintiff"), has filed this case against the
Defendants JND Holdings, L.L.C., ("JND LEGAL"), its president, Jennifer Keough,
("KEOUGH"), and its client, Equifax Information Services, L.L.C., ("EQUIFAX"), for their
refusal to issue a payment to the Plaintiff.

1

---

2.     Defendant JND LEGAL was appointed as class action administrator in a federal class action lawsuit still pending in this United States District Court, and through its appointment, JND LEGAL was, and still is, required to process any claims filed by the Plaintiff, and issue payment to the Plaintiff so long as he has provided evidence to JND LEGAL to establish his claims that require payment for claims related to identity theft. However, for personal reasons, JND LEGAL and its President, KEOUGH have refused to process the Plaintiffs claims, much less issue the Plaintiff a settlement payment in the amount of $ 5,016.42.

3.     The Plaintiff contacted Defendant EQUIFAX about the payment, and they did nothing to protect the Plaintiff. With months passing by, none of the Defendants have issued any payment to the Plaintiff. This case now seeks damages, declaratory and injunctive relief against each of the Defendants, some of which are residents of other States.

**II.     LEGAL STANDARD**

4.     Process shall be served by the Sheriff of the County where the action is brought, or where the Defendant is found, or by his deputy, or by the Marshal, or Sheriff of the County, or by his deputy, or by any citizen of the United States specially appointed by the Court for that purpose, or by someone who is not a party and is not younger than 18 years old, and has been appointed as a permanent process server by the Court in which the action is brought and, filed. O.C.G.A.§9-11-4(c). Abrams v. Abrams, 239 Ga. 866, (239 S.E. 2d. 33) (1990).

5.     This action was brought, and filed in the Chatham County Superior Court located in this judicial district. Plaintiff intends to have a process server in the Seattle Washington State area serve the Defendants JND Legal Administration, Inc., and its owner Jennifer Keough with service of process. Alternatively, the Plaintiff asks for the Sheriff in the County where JND, and KEOUGH transacts business.

Dated: ___June 30, 2022___                Respectfully submitted,

By: _____

       Anthony Oliver, # 1002060648
       Augusta State Medical Prison
       3001 Gordon Highway
       Grovetown Georgia 30819

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**

(CHECK ONE)

[X] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case # _____ .

_Anthony Oliver_____ (Plaintiff) vs. _JND Holdings L.L.C., et al.,____ (Defendant)

This _30ᵀᴴ__ day of __June_____ . 20 _22__ .

_____ Attorney/Plaintiff

## Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.
2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.
3. **TRANSITIONAL PARENTING SEMINAR ORDER,** effective March 10.2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

**COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:**

**http://www.chathamcounty.org/department_freeform_T7_R132.html**

FORM 3.2 REVISED JAN 2011

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior or** ☐ **State Court of** _____Chatham_____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**

Oliver        Anthony

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Defendant(s)**

JND Holdings, L.L.C.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Keough | Jennifer | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Equifax Information Services, L.L.C. | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☒ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**General Civil and Domestic Relations Case Disposition Information Form**

☒ Superior or ☐ State Court of _____Chatham_____ County

| For Clerk Use Only |
|---|
| Date Disposed _____<br>MM-DD-YYYY |
| Case Number _____ |
| Case Style _____ |

**Plaintiff(s)**

Oliver        Anthony
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**

JND Holdings, L.L.C.
Last    First    Middle I.    Suffix    Prefix

Keough        Jennifer
Last    First    Middle I.    Suffix    Prefix

Equifax Information Services, L.L.C.
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Reporting Party** Plaintiff Anthony Oliver

**Plaintiff's Attorney** Unknown          **State Bar Number** TBD     **Self-Represented** ☒

**Defendant's Attorney** Unknown          **State Bar Number** _____     **Self-Represented** ☐

| Manner of Disposition<br>Check Only One |
|---|
| ☐   Jury Trial<br>☐   Bench/Non-Jury Trial<br>☐   Non-Trial Disposition, such as:<br>    ☐   Alternative Dispute Resolution |

☒     Check if any party was self-represented at any point during the life of the case.

☐     Check if the court ordered an interpreter for any party, witness, or other involved individual.

☐     Check if the case was referred/ordered to a court-annexed alternative dispute resolution process.

Version 1.1.20

Antnony Oliver #100
Augusta State Me
3001 Gordon Higu
Grovetown Georgia 30813



CERTIFIED MAIL

7016 1970 0001 0457 5777

Corporation Service Company

2 Sun Court, Suite # 400

Peachtree Corners, Georgia, 30092