# EXHIBIT H

e-Filed in Office
Tammie Mosley
Clerk of Superior Court
Chatham County
Date: 10/18/2022 6:09 PM
Reviewer: DH

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTHONY OLIVER, JOHN ANDERSON, <br><br>Plaintiffs,<br><br>v.<br><br>JND HOLDINGS, L.L.C., JENNIFER KEOUGH, EQUIFAX INFORMATION SERVICES, L.L.C., AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | CIVIL ACTION<br>NO. SPCV22-0681-WA |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF OLIVER'S REQUESTS TO FILE LITIGATION**

Pursuant to Georgia Uniform Superior Court Rule 6.2, Defendants JND Holdings, L.L.C. ("JND"), Jennifer Keough, and Equifax Information Services LLC ("Equifax" and collectively, "Defendants") oppose Plaintiff Anthony Oliver's Requests to File Litigation. As an initial matter, this Court lacks jurisdiction over this case because the *In re Equifax* MDL Court in the Northern District of Georgia maintains exclusive jurisdiction over any disputes relating to the MDL Settlement Agreement. And even if this Court could hear these claims, it should exercise its discretion under Plaintiff Oliver's Sentencing Order to decline to do so. As numerous other courts have already recognized, Plaintiff Oliver—who is currently incarcerated for aggravated stalking and other crimes—is a vexatious litigant who routinely abuses the judicial system to harass and intimidate others based on highly inflammatory and completely made-up allegations. Thus, if the Court addresses this lawsuit at all, it should (1) deny the pending Request to File a Motion to Transfer Venue (Docketed 9/13/2022) and the Request to File an Amended Complaint (Docketed

10/3/2022), (2) exercise its discretion and find that this entire case should be dismissed as frivolous and abusive, and (3) bar Plaintiff Oliver from further filings and harassment aimed at Defendants.

## RELEVANT FACTUAL BACKGROUND

On September 26, 2019, following a jury trial in Chatham County Superior Court, Plaintiff Oliver was convicted of Aggravated Stalking, Criminal Attempt to Commit a Felony, and Making a False Statement. Ex. A, Sentencing Order in Case No. SPCR19-02076-J4 at 1. That criminal case arose from Oliver's violation of a family violence protective order in place for the mother of his two children after he had harassed, intimidated, physically attacked, and chased them throughout five states over a period of seventeen years. Ex. B, Article at 2-3. When sentencing Oliver, Judge Timothy Walmsley expressly noted that Oliver had sent four letters to the Chatham County District Attorney and court personnel which "contained implied threats," and he "expressed his concern that Oliver might reach out to others while incarcerated." *Id*. at 2.

That same pattern of harassment, intimidation, and disregard for court orders has manifested in Oliver's "incorrigible litigation conduct." *Oliver v. Lyft, Inc*., Nos. CV419-063, CV419-125, 2019 WL 5388472, at *1 (S.D. Ga. Sept. 13, 2019).[1] He has "abused the resources and patience" of courts by filing over thirty meritless lawsuits. *Oliver v. Ameris Bank*, No. CV420-273, 2021 WL 3024291, at *4 (S.D. Ga. July 16, 2021); *see Oliver v. Luner*, Case No. 2:18-cv-2562 (C.D. Cal. Sept. 26, 2018), Dkt. No. 99 at 4, 7-9 (observing "at least thirty lawsuits in federal court" that Oliver had filed, none which resulted in a ruling in his favor on the merits). His lawsuits have been dismissed as "entirely frivolous" with "no possibility of success." *Oliver v. Santander Consumer USA Inc*., 2022 WL 3580782, at *1 (N.D. Tex. July 25, 2022) (dismissing Oliver's complaint against Santander Bank for allegedly violating settlement agreement with Georgia

---

[1] Internal citations and quotation marks have been omitted throughout unless otherwise specified.

2

Attorney General as "frivolous"); *see Oliver v. JND Holdings, LLC*, 2019 WL 5654112, at *4 (D.S.C. 2019) (finding Oliver's complaint "subject to summary dismissal as it is frivolous," and noting that Oliver was a "vexatious litigant" who had filed numerous frivolous cases).

Oliver's abusive lawsuits generally follow the same formula. He alleges a make-believe "conspiracy between defendants . . . to reap[] financial benefits" from Oliver and others—and typically asserts claims for torts, breaches of contract, or discrimination. *Oliver v. Cty. of Effingham*, No. CV418-120, 2019 WL 356803, at *2 (S.D. Ga. Jan. 29, 2019). The allegations are couched in "hyperbole" and "inflammatory accusations unaccompanied by factual support." *Id*. at *2. Courts have observed that Oliver "reiterat[es]" certain "tactics" to "harass opposing parties." *Oliver v. Ameris Bank*, 2021 WL 3024291, at *3. Specifically, he (1) files "motions for sanctions, disqualifications, and the striking of pleadings" (2) strategically files "partial voluntary dismissals of his claims," and (3) "actively trie[s] to deceive the Court." *Id*. at *3-4 (collecting cases). Although federal courts have imposed pre-filing injunctions and bond requirements designed to filter his unmeritorious and vexatious claims,[2] Oliver has demonstrated a "persistent failure to abide by . . . the conditions imposed." *Oliver v. Cty. of Effingham*, 2019 WL 356803, at *1.

For these reasons, Judge Walmsley imposed a "Special Condition" on Plaintiff Oliver's sentence, requiring him to request permission to file any document with a court before doing so. This condition was based on the Court's observation that Oliver had *"continuously and relentlessly*

---

[2] The Southern District of Georgia has required that each of Plaintiff Oliver's complaints be forwarded to a "miscellaneous file" and dismissed by default after 30 days unless a reviewing judge determines it states a claim. *Oliver v. Ameris Bank*, No. CV420-273, 2021 WL 3508680 at *3 (S.D. Ga. August 10, 2021). It has also required him to post a $1,000 contempt bond and declare under penalty of perjury that the facts asserted are true and accurate. *Oliver v. Cty. of Effingham*, No. 4:18-cv-120, 2019 WL 356803, at *3 (S.D. Ga. Jan. 29, 2019). And the Central District of California has ordered that he must "obtain leave of court before filing any additional lawsuits." *Oliver v. Luner*, No. 2:18-cv-2562 (C.D. Cal. Sept. 26, 2018), Dkt. No. 99 at 4, 7–9.

*filed frivolous lawsuits[,] made unmeritorious legal claims . . . and been deemed a vexatious litigant."* Id. at 2 (emphasis added). That condition required, among other things, that Oliver take the following steps before filing any legal documents with a court:

> "file a 'Request to File' in the Clerk of Court's Office in the jurisdiction in which he intends to file; (2) he shall attach the document he wishes to file to the 'Request' as an "Exhibit A"; (3) he shall attach to any such pleading, motion, petition, or any other filing, a copy of [the Sentencing] Order as an 'Exhibit B'; (4) he shall present a courtesy copy of the 'Request', along with Exhibits, to the assigned Judge at their professional address; and (5) he shall provide a copy of the 'Request', along with the Exhibits, to either the Georgia Department of Corrections Warden or Department of Community Supervision ('DCS') Officer then assigned to supervise the Defendant."

Additionally, the Sentencing Order provided that the reviewing court may grant or deny Plaintiff Oliver's request "after consideration of the merits and [Oliver's] record." *Id.*

On June 24, 2022, while incarcerated, Plaintiff Oliver filed a request to file a complaint against JND,[3] Ms. Keough (JND's CEO), and Equifax. Request to File the Complaint, Docketed 6/24/2022. Because Defendants had not yet been served with or otherwise notified of the Complaint, they were unaware of Plaintiff Oliver's Request to File the Complaint and had no opportunity to respond to it. Thus, the Request was unopposed and then apparently granted, resulting in Plaintiff Oliver's Complaint being filed on the docket on June 30, 2022. Compl., Docketed 6/30/2022. Notably, that Complaint was not the first meritless lawsuits that Oliver has filed against JND and Ms. Keough in just the past few years. *See, e.g.*, *Oliver v. JND Holdings, LLC et al.*, Case No. 6:19-cv-02486 (D.S.C.). Rather, this latest lawsuit is, part of Plaintiff Oliver's

---

[3] JND Holdings, L.L.C., which does business under the tradename JND Legal Administration, is one of the nation's leading class action settlement administration service firms. *See* https://www.jndla.com/. Judge Thrash appointed JND to oversee administration of the settlement agreement between Equifax and a nationwide consumer class concerning the data security incident that Equifax Inc. announced on September 7, 2017, *In re: Equifax Inc. Customer Data Security Breach Litigation*, 1:17-md-2800 (N.D. Ga.). Ex. O, Final Order at 7, MDL Dkt. No. 957.

4

ongoing and overt campaign to extort the company, disrupt its operations, harm its future business, and intimidate its employees.

After the original Complaint was entered on the docket, Plaintiff Oliver proceeded to file a flurry of requests and motions—a tactic that other courts have observed he routinely does "to harass parties." *Oliver v. Ameris Bank*, No. CV420-273, 2021 WL 3024291, at \*4. First, he filed a motion to recuse several Chatham County Superior Court judges from adjudicating this case. Motion to Recuse, Docketed 7/1/2022. Uniform Superior Court Rule 25.3 required Judge Walmsley to temporarily cease all work on the case so that recusal proceedings could be completed. Recusal Order, Docketed 8/3/2022. Judge Walmsley also stayed Defendants' deadline to file a responsive pleading. *Id*.

Next, Plaintiff Oliver filed the two Requests which are now pending before the Court. The first seeks permission to file a Motion to Transfer Venue to Gwinnett County Superior Court. Request to File Mot. to Transfer Venue, Docketed 9/13/2022. The proposed Motion asserts that venue is "improper" in Chatham County, and argues the action "must" be adjudicated in Gwinnett County where Equifax maintains a registered agent (or, alternatively, in Fulton County where Equifax maintains its corporate office). *Id*., Ex. B, at 3-4.

The second request seeks permission to file a Motion for Leave to file an Amended Complaint, which adds additional parties and claims. Request to File an Am. Compl., Docketed 10/3/2022. The Amended Complaint purports to assert claims on behalf of Plaintiffs Oliver and John Anderson (previously referred to as Oliver's "significant other," Compl. ¶ 24) who appear *pro se*, and three prison inmates: Maurice Bentley, Thomas Campbell, and Daniel Jones. Am. Compl. ¶¶ 1-6, 67, 74, 86; *see id*. at 34. The proposed Amended Complaint also seeks to add Equifax's CEO, Mark Begor, as a defendant. It employs a recycled version of the baseless theory

that Plaintiff Oliver has pressed in other frivolous lawsuits. Therein, Plaintiffs allege that JND, Ms. Keough, and Equifax conspired to enrich themselves by refusing to process or approve claims from members of the class action settlement in the multidistrict litigation arising from the cybersecurity incident that Equifax Inc. announced on September 7, 2017, captioned *In re Equifax Inc. Customer Data Security Breach Litigation*, 1:17-md-2800 (N.D. Ga.). *Id*. ¶¶ 25, 32. Like others that Plaintiff Oliver has filed, the proposed Amended Complaint is riddled with false statements, outrageous accusations, and slanderous attacks on the Defendants, including Ms. Keough personally.

Beyond the frivolous filings with this Court, Plaintiff Oliver—along with his purported Co-Plaintiffs—has also undertaken a campaign of fear and intimidation directed against Defendants, their counsel, and Ms. Keough personally. When Plaintiff Oliver was apparently permitted to file his Complaint in June, the Court could not have been aware of how he would use this litigation as a vehicle to harass and intimidate Defendants. Just recently, this abusive behavior has included the following communications:[4]

- Threat to add "almost 400 Plaintiff's [sic]" to lawsuit against Defendants and to "send a notice of the lawsuit to each and every Chief Federal District Judge in each federal District Court in the United States," unless Defendants agree to a settlement payment. Ex. D, E-mail from Pl. J. Anderson to JND and J. Keough (June 20, 2022, 5:10 p.m.)

- E-mail evidencing an apparent scheme to find other plaintiffs to join Oliver's lawsuit against Defendants. Ex. E, E-mail from M. Kennedy to N. Zola (June 24, 2022, 10:31 p.m.)

- Threat to contact "all federal judge's [sic]" and make them "aware of the lawsuit." Ex. C, E-mail from M. Kennedy to J. Keough, N. Zola, and D. Isaac (July 25, 2022, 12:55 a.m.)

---

[4] The cited correspondence was sent by Plaintiff Oliver and Plaintiff Anderson, as well as a third individual by the name of "Matthew Kennedy." Mr. Kennedy, who uses the email address "JNDLegalLawsuit@gmail.com," has refused to explain his role in this litigation (*see* Ex. C) and does not appear to be an attorney.

6

- Threat made directly to JND and Ms. Keough (despite having been informed they were represented by counsel) regarding the filing of this Complaint unless Defendants agree to Plaintiffs' settlement demand.  Ex. F, E-mail from Pl. J. Anderson to JND and J. Keough (June 27, 2022, 9:51 p.m.)

- Threat to file motions to disqualify each defense counsel who enters an appearance on behalf of Defendants, claiming they "must suffer" because of Ms. Keough.  Ex. G, July 25, 2022 E-mail from M. Kennedy to Def. Couns. S. Haskins; Ex. H, E-mail from M. Kennedy to Def. Couns. S. Haskins (August 2, 2022, 11:41 p.m.); Ex. I, Letter from Deputy Clerk Jeremy A. Norton to Pl. J. Anderson (August 5, 2022); Ex. J, Letter from Deputy Clerk Jeremy A. Norton to Pl. J. Anderson (August 10, 2022)

- Threat to file bar complaints against any defense counsel who enters an appearance on behalf of Defendants.  Ex. G, E-mail from M. Kennedy to Def. Couns. S. Haskins (July 25, 2022, 6:17 p.m.); Ex. H, E-mail from M. Zola to Def. Couns. S. Haskins (August 2, 2022, 11:41 p.m.)

- Bizarre emails requesting the names of all defense firms that represented Equifax in the *In re Equifax* MDL and contact information for an unrelated law firm's registered agent.  Ex. K, E-mail from M. Kennedy to Def. Couns. S. Haskins (July 25, 2022, 6:19 p.m.); Ex. L, E-mail from M. Kennedy to Def. Couns. S. Haskins (July 25, 2022, 9:11 p.m.)

As more fully explained below, the pending Requests should be denied—and this entire lawsuit dismissed—because the claims are frivolous, and Plaintiff Oliver has demonstrated that the sole purpose behind this litigation is to intimate, abuse, and harass Defendants—behavior that is consistent with his recognized history as a vexatious litigant and, indeed, the very reason he is incarcerated and subject to stringent filing restrictions today.

## ARGUMENT

This Court should deny Plaintiff Oliver's Requests to File.  The Requests are procedurally improper at the outset, because the United States District Court for the Northern District of Georgia retained exclusive subject matter jurisdiction to adjudicate any disputes relating to the administration of the *In re Equifax* MDL Settlement Agreement.  But even if this court were an appropriate forum (it is not), the Court should deny the pending Requests to File—and dismiss this case in its entirety—because the claims and legal theories he attempts to press here are frivolous.

7

Plaintiff Oliver's recent disturbing conduct towards Defendants only underscores the need to dismiss this action in its entirety, because the very purpose of the Sentencing Order's Special Condition was to prevent Plaintiff Oliver—a criminal with a well-documented history of vexatious litigation—from abusing the judicial system to harass, extort, and intimidate Defendants.

A. **This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims.**

As an initial matter, the Requests to File should be denied, and this case dismissed in its entirety, because Plaintiffs' claims cannot be asserted in this Court. Judge Thrash in the Northern District of Georgia explicitly "retain[ed] jurisdiction over [the *In re Equifax* MDL] action and the Settling Parties, Settlement Class Members, attorneys, and other appointed entities, for all matters relating to this action, including (without limitation) the ***administration***, interpretation, effectuation or enforcement of the Settlement Agreement." Ex. M, Settlement Agreement at 10 (emphasis added). Because the Northern District of Georgia "first acquired jurisdiction" of the class action settlement (*i.e.*, the *res*) "with the power to hear and determine all controversies relating thereto," it has "disable[d] other courts of co-ordinate jurisdiction from exercising a like power." *Farmers' Loan & Tr. Co. v. Lake St. Elevated R. Co.*, 177 U.S. 51, 61 (1900); *see Mandeville v. Canterbury*, 318 U.S. 47, 48–49 (1943) (stating that "the court first acquiring jurisdiction or assuming control of such property is entitled to maintain and exercise its jurisdiction to the exclusion of the other"); *see Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 198 (1935) (stating, "of two courts having concurrent jurisdiction in rem, one first taking possession acquires exclusive jurisdiction"); *Inter-S. Life Ins. Co. v. McQuarie*, 148 Ga. 233, 233 (1918) (stating, "where the federal court has first acquired possession of the res, or has taken steps equivalent to exercising dominion over it, that court will thereby acquire exclusive jurisdiction of the case"); *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d

8

835, 848 (6th Cir. 2009) (stating, "a class action is analogous to . . . an in rem action . . . where it is intolerable to have conflicting orders from different courts" and collecting federal appellate opinions on this point).

Because this Court lacks jurisdiction to preside over this case and to decide the pending Requests, "no legal judgment can be rendered except one of dismissal." *Cowart v. Ga. Power Co.*, 354 Ga. App. 748, 753 (2020). *See Davis v. Shropshire*, 203 Ga. 434, 434-36 (1948) (holding "the Superior Court of Chattooga County had no jurisdiction" over plaintiff's action to be declared owner of condemnation funds that had been placed into a registry with the Northern District of Georgia because the "condemnation proceedings were instituted in the [federal court]" first, and it had "exclusive jurisdiction to determine all controversies in relation thereto"); *Unity Life Ins. Co. v. Hulsey*, 197 Ga. 18 (1943) (holding "Georgia superior court was without jurisdiction" to enjoin insurance company from transferring assets to a receiver as required by decree of South Carolina court, which "had possession of the assets of the insurer company" before the Georgia action was instituted, "retained jurisdiction to decide later" disputes concerning remaining assets, and thus "preclude[d] interference by another court with the possession of the first acquired property"). Therefore, this Court need not decide the pending Requests, and instead should dismiss this case for lack of jurisdiction.

**B.     Alternatively, Plaintiff Oliver's Requests Should Be Denied Because The Claims He Seeks To Press Are Frivolous.**

"No person is free to abuse the courts by inundating them with frivolous suits which burden the administration of the courts for no useful purpose." *Higdon v. Higdon*, 321 Ga. App. 260, 266 (2013). Thus, even if this Court had subject matter jurisdiction over this dispute, it should deny the Requests to File because they assert the very kind of unmeritorious claims that Judge Walmsley's Sentencing Order was intended to prohibit. The Special Condition in the Sentencing

9

Order provides that the Court has discretion to accept or deny Plaintiff Oliver's Request "after consideration of the merits [of the filing] and [Plaintiff Oliver's] record." Ex. A, Sentencing Order at 2. Based on only a cursory review of the proposed Amended Complaint and Motion to Transfer Venue, the Court can easily conclude that these claims lack any merit whatsoever, and should deny the Requests to File on that basis. *See* 42 Am. Jur. 2d Injunctions § 182 (stating, "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed; without judicial adherence to court orders, courts have little reason to believe others will comply.").

All of the claims in the proposed Amended Complaint are based on the misguided notions that JND breached the Settlement Agreement in the *In re Equifax* MDL and misled Plaintiffs by refusing to process their settlement claims, Am. Compl. ¶¶ 102, 108, 114, 121. It also asserts two derivative theories of liability, claiming that Equifax breached the Settlement Agreement for failing to direct JND to issue payments, *id*. ¶ 98, and that the company and its CEO Mark Begor negligently supervised JND's administration of the settlement, *id*. ¶ 121. These allegations are false and, in any event, the claims lack merit on their face for at least two reasons.

First, even accepting the allegations as true, Plaintiffs' claims are not ripe. JND has not yet reached a determination on whether Plaintiffs' settlement claims will be approved or denied. Rather, the official *In re Equifax MDL* settlement website (maintained by JND) explains that claims submitted in the Initial and Extended Claims Period (like Plaintiffs' claims) are currently "under review." Ex. N, JND Website Screenshot as of Oct. 9, 2022. Thus, because Plaintiffs' settlement claims have not yet been resolved, they clearly cannot state claims against any of the Defendants based on a failure to pay those settlement claims.

10

Second, JND's purported failure to process claims cannot breach the Settlement Agreement between Equifax and Plaintiffs, because JND did not contract with those parties to administer the Settlement Agreement. Rather, the MDL Court "appoint[ed] JND Legal Administration as the Settlement Administrator" and "direct[ed] it to . . . carry out its duties pursuant to the Settlement Agreement, subject to the jurisdiction and oversight of th[e] Court." Ex. O, Final Order at 7, MDL Dkt. No. 957. Indeed, Class Counsel—*not* Equifax—pays JND Administrative Costs out of the Settlement Fund for performing these services. Ex. M, Settlement Agreement at 10, 25. Thus, Equifax could not have surreptitiously directed such monies to JND or Ms. Keough as Plaintiffs have alleged. Am. Compl. ¶ 31. Nor could Equifax have enriched itself in this make-believe scheme, because none of the unpaid settlement funds "revert" to it. Ex. M, Settlement Agreement at 15. Simply put, the claims in the proposed Amended Complaint are wholly without merit. Because the original Complaint relies on similarly flawed theories of liability, it too lacks merit and should not have been permitted to be filed in the first instance. The Court should therefore exercise the discretion granted to it by Plaintiff Oliver's Sentencing Order and revoke his permission to initiate this litigation altogether.[5]

Likewise, the Motion to Transfer Venue is equally meritless. Citing O.C.G.A. § 14-2-510(b), Plaintiffs erroneously argue that venue "must" be where Equifax's registered agent has an office, or where it maintains its corporate headquarters. Request to File Mot. to Transfer Venue, Ex. B at 4, Docketed 9/13/2022. But that statute simply states that Equifax, as a "domestic

---

[5] The original Complaint, which was filed only on behalf of Plaintiffs Oliver and Anderson, similarly alleged that JND's failure to process Plaintiffs' settlement claims constituted deceptive acts, a breach of the Settlement Agreement, and tortious interference with the same. Compl. ¶¶ 55, 67, 69. It also alleged that Equifax breached the Settlement Agreement by failing to direct JND to process the claims and issue payment. *Id.* ¶¶ 32, 34, 43.

11

corporation," shall "be subject to venue" in those places—not that venue is *required* in either of those locations.  O.C.G.A. § 14-2-510(b).  Even assuming this case could be brought in Georgia state court (rather than the MDL Court, which maintains exclusive jurisdiction), then Chatham County would be the proper venue because, according to Plaintiffs' most recent proposed filing, all of the purported events and injuries took place in this judicial district.  Am. Compl. ¶ 12; *see* O.C.G.A. § 9-10-93 ("Venue . . shall lie in any county wherein a substantial part of the business was transacted, the tortious act, omission, or injury occurred, or the real property is located.").  Regardless, Plaintiffs have not shown that transfer is warranted because they have not met their "burden to show that the factors set forth in OCGA § 9–10–31.1(a) support the transfer."[6]  *R.J. Taylor Mem'l Hosp., Inc. v. Beck*, 280 Ga. 660, 662 (2006).

> C. **This Lawsuit Should Be Dismissed As Vexatious, and Plaintiff Oliver Should Be Prohibited From Further Harassment of Defendants.**

This Court should also deny the pending Requests to File and revoke Plaintiff Oliver's authorization to pursue this action because he has used this litigation for the very purpose that the Special Condition of his Sentencing Order was meant to prohibit.  He is attempting to use this Court as a forum to maliciously slander individuals, intimidate businesses, and waste judicial resources through meritless claims and accusations that Plaintiff Oliver knows are untrue.  Plaintiff

---

[6] As movants here, Plaintiffs have the burden under O.C.G.A. § 9-10-31.1 to show the following factors support a transfer of venue:

(1) Relative ease of access to sources of proof;
(2) Availability and cost of compulsory process for attendance of unwilling witnesses;
(3) Possibility of viewing of the premises, if viewing would be appropriate to the action;
(4) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his or her remedy;
(5) Administrative difficulties for the forum courts;
(6) Existence of local interests in deciding the case locally; and
(7) The traditional deference given to a plaintiff's choice of forum.

has engaged in the same dogged harassment, abuse, and intimidation of Defendants—and especially of Ms. Keough—as he did towards the victim, prosecutor's office, and court in his criminal case. To be sure, the Court could not have known at the time it permitted Plaintiff Oliver to initially file this action that he would engage in this outrageous and deplorable conduct. But it has now become clear that this lawsuit cannot succeed on the merits, and that it is merely a vehicle to harass Defendants. Considering Plaintiff Oliver's criminal conviction for aggravated stalking of the mother of his children, his history of "continuously and relentlessly fil[ing] frivolous lawsuits," the meritless nature of the claims and arguments raised here, along with his recent, disturbing misconduct towards Defendants, the Court should dismiss this action in its entirety. Ex. A, Sentencing Order at 2.

Finally, given Plaintiff Oliver's recent troubling and unhinged behavior towards Defendants as described above, Defendants also respectfully urge the Court and/or the Warden of Augusta State Medical Prison to impose further restrictions on Plaintiff Oliver to prevent him from naming Defendants in future filings and contacting Defendants and their counsel through mail, email, and telephone.

## **CONCLUSION**

For the reasons stated above, this Court should deny Plaintiff Oliver's Requests to File and dismiss this action.

Respectfully submitted this 13th day of October, 2022.

*/s/ Andrew H. Walcoff*
**BOUHAN FALLIGANT LLP**
Andrew H. Walcoff
Georgia Bar No. 730480
Gary J. McGinty
Georgia Bar No. 602353
One West Park Avenue
Savannah, Georgia  31401
Tel.:  (912) 232-7000
Fax:  (912) 233-0811
ahwalcoff@bouhan.com
gmcginty@bouhan.com

*Counsel for Defendants JND Holdings, LLC, Jennifer Keough, and Equifax Information Services, LLC*

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
S. Stewart Haskins II
Georgia Bar No. 336104
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
Elijah T. Staggers
Georgia Bar No. 903746
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
shaskins@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
estaggers@kslaw.com

*Counsel for Defendants JND Holdings, LLC, Jennifer Keough, and Equifax Information Services, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this date, October 13, 2022, served a true and correct copy of the foregoing upon all parties listed below via statutory electronic service and by depositing said copy in the United States Mail with adequate postage thereon and addressed as follows:

Anthony Oliver, # 1002060648
Augusta State Medical Prison
3001 Gordon Highway
Grovetown Georgia 30813
*Pro se Plaintiff*

John Anderson
22 W. Bryan Street, # 174
Savannah Georgia 31401
*Pro se Plaintiff*

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
S. Stewart Haskins II
Georgia Bar No. 336104