**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE EQUIFAX, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 2800<br>1:17-MD-2800-TWT<br><br>CONSUMER CASES |

**EQUIFAX'S OPPOSITION TO OLIVER'S
MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

On April 21, 2023, Anthony Oliver and Reginald Priddy filed a *pro se* "Motion to Enforce the Settlement Agreement" ("*Pro Se* Motion"), Dkt. No. 1264. Equifax timely filed a response to the *Pro Se* Motion on May 9, 2023. *See* Defs.' Opp. Br., Dkt. No. 1267. Soon after the *Pro Se* Motion was filed, an attorney representing Oliver entered an appearance in this case and filed a subsequent Motion to Enforce the Settlement Agreement on Oliver's (but not Priddy's) behalf. Dkt. No. 1266. Now speaking through his attorney, Oliver has in essence repackaged many of the same allegations, complaining about how his Settlement claims have been handled and including numerous abusive allegations about JND and Equifax that have absolutely no basis in fact. As in his prior motion, this Motion again asks the Court to "vacate the settlement and enter judgment against Equifax." *Id.* ¶ 13.

This duplicate Motion fails for the same reasons as the *Pro Se* Motion, and Equifax incorporates those arguments by reference here. *See* Defs.' Opp. Br. at 9-13, Dkt. No. 1267. Moreover, the handful of new allegations in this Motion are equally meritless. For example, Oliver makes irresponsible and baseless claims of "high levels of corruption" at JND. Oliver also alleges that JND required him to communicate from a particular email account while he was incarcerated, which he says is proof that JND was "retaliating" against him for "personal reasons." Mot. ¶ 7, Dkt. No. 1266. Setting aside that these accusations are false, they have nothing to do with the reason Oliver's claims have not been approved—*i.e.*, because he failed to provide information from which JND could determine he is a class member under the Settlement. Likewise, Oliver includes allegations about purported dealings with JND in other cases, which—in addition to being untrue—are irrelevant to the reason why his claims were determined to be deficient in this Settlement.

Simply put, Oliver's second Motion to Enforce the Settlement Agreement is just as meritless as the *Pro Se* Motion filed by Oliver and Priddy. If Oliver took issue with how his claims were adjudicated under the Settlement, the Settlement Agreement provides the exclusive mechanism to submit appeals and have disputes resolved—and, to date, Oliver has chosen not to comply with those procedures. Oliver is not entitled to any relief from this Court with respect to his Settlement

claims, and he has certainly provided no basis for "vacat[ing] the settlement and enter[ing] judgment against Equifax." *Id*. ¶ 13.  Oliver's Motion should be denied.

Respectfully submitted this 9th day of May, 2023.

*/s/ S. Stewart Haskins II*
**KING & SPALDING LLP**
David L. Balser
Georgia Bar No. 035835
Phyllis B. Sumner
Georgia Bar No. 692165
S. Stewart Haskins II
Georgia Bar No. 336104
Elizabeth D. Adler
Georgia Bar No. 558185
John C. Toro
Georgia Bar No. 175145
Robert D. Griest
Georgia Bar No. 294216
Elijah T. Staggers
Georgia Bar No. 903746
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
psumner@kslaw.com
shaskins@kslaw.com
eadler@kslaw.com
jtoro@kslaw.com
rgriest@kslaw.com
estaggers@kslaw.com

*Counsel for Equifax Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Motion was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 9th day of May, 2023.

                                                 */s/ S. Stewart Haskins II*
                                                 S. Stewart Haskins II

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ S. Stewart Haskins II*
S. Stewart Haskins II
