# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: EQUIFAX, INC. CUSTOMER DATA SECURITY BREACHLITIGATION | MDL Docket No. 2800 <br><br> Case No.: : 1:17-md-2800-TWT <br><br> **CONSUMER ACTIONS** |

# CLASS MEMBER ANTHONY OLIVER'S REPLY TO EQUIFAX INFORMATION SERVICES, L.L.C.'S OPPOSITION TO TO ENFORCE THE SETTLEMENT AGREEMENT

1.

The Defendant Equifax Information Services, L.L.C., ("EQUIFAX"), has admittedly refused to pay class member Anthony Oliver his claim for damages in the amount of $ 5,046.12, after the class action administrator has used EQUIFAX'S funds as a weapon and tool to retaliate against Plaintiff.

2.

The best EQUIFAX and its counsel could come up with is a series of news articles, and some cases Mr. Oliver did and did not file. This clearly proves Mr. Oliver's point that EQUIFAX and the class action administrator refuse to pay him after he fell victim to twenty eight pages of derogatory credit.

3.

Class member Anthony Oliver filed his claim and despite knowing he is incarcerated, both EQUIFAX and JND Legal Administration, L.L.C., ("JND LEGAL"), Ggot there opportunity to not pay Mr. Oliver despite filing a timely claim. Mr. Oliver provided his email to JND LEGAL, accepted his claim, approved the claim, then turned around and used the excuse because Mr. Oliver did not allegedly respond to their email, (largely in part because he is incarcerated), he cannot receive his funds.

4.

Under Georgia law, a "settlement agreement must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed." Johnson v. DeKalb Cnty., 314 Ga. App. 790, 793 (2012); see also Ruskin v. AAF-McQuay, Inc., 284 Ga. App. 49, 49-50 (2007).

5.

However, "the law also favors compromise, and when parties have entered into a definite, certain and unambiguous agreement to settle, it should be enforced." Thus, a settlement agreement is "enforceable when its terms are 'expressed in language sufficiently plain and explicit to convey what the parties agreed upon.'" See DeRossett Enters., Inc. v. Gen. Elec. Capital Corp., 275 Ga. App. 728, 729 (2005) (quoting Mon Ami Int'l v. Gale, 264 Ga. App. 739,742 (2003)). To satisfy this requirement, there does not need to be an agreement signed by all the parties: "[l]etters of documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." Brumbelow v. N. Propane Gas Co., 251 Ga. 674, 676 (1983). For example, the Court of Appeals has held that, in the absence of executed documents, letters confirming settlements sufficiently memorialize the terms of the parties agreement. See, e.g., Paul Dean Corp. v. Kilgore, 252 Ga. App. 587, 591 (2001), Herring v. Dunning, 213 Ga. App. 695, 699, (1994); Potomac Leasing Co., Inc. v. First Nat'l Bank of Atlanta, 180 Ga. App. 255, 258 (1986) ("[C]orrespondence exchanged between counsel for plaintiff and the bank demonstrates the existence of a binding settlement contract"). Again, Mr. Oliver agreed to the settlement.

6.

Mr. Oliver attempted in good faith to compromise on an amount deemed appropriate, but EQUIFAX simply refused to communicate with Mr. Oliver or pay his claim.

## CONCLUSION

Class member Anthony Oliver respectfully request that this Court enforce the settlement. In the alternative, Mr. Oliver respectfully requests that this Court order Equifax to pay Mr. Oliver his share of the settlement within ten days of any order. Because Equifax acted in bad faith, Mr. Oliver is entitled to his attorney fees associated with this motion.

                                                           Respectfully submitted,

Dated: May 10th, 2023                     */S/ McNeill Stokes*
                                                         McNeill Stokes
                                                         Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@bellsouth.net

**CERTIFICATE OF SERVICE:**

This is to hereby certify that a copy of the foregoing Class Memeber Anthony Oliver's reply to Enforce the Judgment was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this day.

Respectfully submitted,

Dated:  May 10th , 2023                     /S/ McNeill Stokes
                                                              McNeill Stokes
                                                              Georgia Bar Number 683600


5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email:  mcstokes@bellsouth.net