UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: EQUIFAX, INC.
CUSTOMER DATA SECURITY BREACH LITIGATION

This Document Relates To:
ELIAS M. SEDA,
Movant,
v.
JND LEGAL ADMINISTRATION,
Settlement Administrator.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 0 2 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

MDL No. 1:17-md-02800-TWT

**REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT**

Movant Elias M. Seda respectfully submits this Reply in support of his Motion to Enforce Settlement and responds as follows:

**1. The Claim Was Submitted Online and Did Not Clearly Disclose the Consequences of Election**

Plaintiffs' Response assumes that Movant knowingly and permanently waived settlement benefits by selecting a cash payment option in September 2019. However, Movant's claim was submitted online, not on a paper form, and the online process did not clearly or conspicuously disclose that selecting a nominal cash option would permanently waive credit monitoring and reimbursement benefits even in the event of later-discovered identity theft and financial harm.

At no point during the online submission process was Movant clearly informed that:
- The election was irrevocable, or
- Future, undiscovered identity theft losses would be excluded, or
- Credit monitoring and reimbursement would be unavailable regardless of later harm

As a pro se claimant, Movant reasonably believed that if additional damages attributable to the breach later became known, the settlement's remedial provisions would apply.

**2. The Identity Theft and Financial Harm Were Not Known or Reasonably Discoverable at the Time of Filing**

Although fraudulent automobile loans were opened in or around May 2019, Movant was not notified of those debts at the time they occurred. Movant only became aware of the identity theft months later, when the accounts entered collections and debt collectors began contacting him.

At the time Movant submitted his claim in September 2019:
- The fraudulent loans had not yet appeared in collections
- Movant had not received notice of the fraudulent accounts
- Movant did not know what personal information had been misused
- The scope and severity of damages were not reasonably discoverable

Movant was later alerted to the fraud through credit monitoring services after the claim had already been submitted.

---

### 3. Movant Acted Diligently and Was Ignored by the Settlement Administrator

Upon learning of the identity theft and resulting financial harm, Movant promptly contacted JND Legal Administration seeking assistance and guidance on correcting or supplementing his claim in light of the newly discovered losses.

Despite repeated efforts, Movant received no meaningful response, no instructions on how to amend his claim, and no opportunity to seek reimbursement for:
- Fraud-related losses approaching $20,000
- Extensive time spent dealing with creditors, debt collectors, and credit reporting agencies
- The need for ongoing credit monitoring due to confirmed identity theft

This administrative inaction effectively foreclosed relief despite Movant's diligence and good-faith efforts.

---

### 4. Strict Enforcement of the Initial Election Would Be Inequitable and Contrary to Due Process

Plaintiffs' position would bar recovery based solely on an online election made before the injury was known or discoverable, without clear notice of the consequences, and followed by administrative silence when the harm was later reported.

Under these circumstances, rigid enforcement of the initial claim election:
- Elevates form over substance
- Penalizes delayed discovery of fraud
- Undermines the settlement's remedial purpose
- Raises due process and fundamental fairness concerns

---