**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| In re: Equifax Inc. Customer Data Security Breach Litigation | MDL Docket No. 2800<br>No. 1:17-md-2800-TWT<br><br>ALL ACTIONS<br><br>Chief Judge Thomas W. Thrash, Jr. |

**PLAINTIFFS' MOTION FOR ORDER TO DISCLOSE INFORMATION
RELATED TO LEGAL ADMINISTRATION**

Class Counsel, on behalf of Plaintiffs and the Settlement Class, seek to invoke the Court's continuing jurisdiction over this Settlement and ask the Court to direct the Court-appointed Settlement Administrator, JND Legal Administration LLC ("JND"), to disclose certain information related to the compensation it may have received in connection with this Settlement as set forth below.

**A.    The Settlement and Appointment of JND as Settlement Administrator and the Court's Retention of Jurisdiction.**

In its Order preliminarily approving the Settlement of this case, the Court appointed JND as the settlement administrator in this case. Among other things, the Court ordered that "[t]he settlement administrator's fees, as approved by the parties, will be paid from the settlement fund pursuant to the settlement agreement." [Doc. 742, ¶9, at 5-6]. The Settlement itself provided that "[t]he Administrative Costs and

1

Notice Costs will be paid from the Consumer Restitution Fund." [Doc. 739-2, ¶9.1, at  25].

Upon final approval of the Settlement, in its Final Order and Judgment, the Court "confirm[ed] its earlier appointment of [JND] as the Settlement Administrator, and directs it to continue to carry out its duties pursuant to the Settlement Agreement, subject to the jurisdiction and oversight of this Court." [Doc. 957, ¶12, at 7].

The Final Order and Judgment also stated that "[t]he Court retains jurisdiction over this action and the Settling Parties, Settlement Class Members, attorneys, and other appointed entities, for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Order and Judgment." [*Id.* ¶21, at 10]. The Settlement also provides the following retention of jurisdiction provision:

> The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

[Doc. 739-2, ¶21.16, at 42].

Therefore, the Court has the authority and continuing jurisdiction to entertain the request of and grant the relief herein sought by Class Counsel.

B.    **Litigation Against JND Related to Administration of Equifax Settlement.**

On April 24, 2025, a lawsuit was filed in the Eastern District of Pennsylvania against several class action administrators, including JND, regarding, among other things, its issuance of supplemental settlement payments via digital payments. *See Tyler Baker v. Angeion Group LLC, et al* ("*Baker*"), No. 25-cv-02079-KBH, E.D. Penn., Doc. 1. Generally, the *Baker* plaintiff alleged that fintech companies offer rebates to digital pay card issuers, who, in the context of class action settlement administration, split the rebate with the settlement administrator. *See id.* ¶27. The plaintiff alleged that digital payment card issuers "are able to offer such rebates because of 'breakage,' which is a term used to describe revenue gained by retainers through unredeemed gift cards and digital payment cards that are never claimed. In these cases, the retailers pocket the money paid for the prepaid cards[.]" *Id.* ¶29. The plaintiff further alleged that payments to settlement administrators under these circumstances "represent an undisclosed windfall for Defendants, as it is already being paid in full for providing settlement administration services to the class." *Id.* ¶29.

Relative to the Equifax Settlement, the *Baker* complaint alleged that "JND enlisted Blackhawk Network to issue digital payments" as part of the redistribution of remaining funds distributed Settlement effected in December 2024. *See id.* ¶¶ 44-

46.[1] The plaintiff further alleged that "[t]here is nothing in the record to indicate that the court or class counsel were aware that JND and/or a subsidiary thereof would receive kickbacks from Blackhawk Network for agreeing to distribute payments using its digital payment platform." *Id.* ¶51.

*Baker* and a number of similar actions were eventually consolidated into MDL No. 3162, presently pending in the District Court of the District of Columbia. *See In re: Class Action Settlement Administration Litigation*, 25-mc-179-JDB, MDL Docket No. 3162. The plaintiff in *Baker*, along with others, filed a consolidated class action complaint in MDL 3162 on May 18, 2026 [Doc. 123], which again alleged wrongdoing regarding the administration of the Equifax settlement. The consolidated complaint alleged that "instead of treating digital payments like uncashed checks – by preserving the funds in the [Qualified Settlement Fund] until redemption or returning unused amounts to the QSF after a reasonable period – Blackhawk was permitted to retain a substantial portion of settlement funds intended for class members as breakage." *Id.*, ¶329. The consolidated complaint further alleged that "JND received undisclosed compensation from Blackhawk for choosing

---

[1] To distribute remainder funds after the payment of approved out-of-pocket loss claims, the Settlement provided that the capped amounts in the Settlement of $31,000,000 for time spent and Alternative Reimbursement Compensation (if class members chose not to enroll in the credit monitoring offered under the Settlement and had an existing credit monitor) would be lifted and distributed *pro rata* with respect to those claimants. *See* Settlement, Doc. 739-2, §§ 5.4.1; 6.2.6; and 7.5, at pp 14, 16-17, and 18-19.

Blackhawk to issue digital payments to class members" allegedly allowing Blackhawk to "profit at the class members' expense." *Id.*

### C.　Class Counsels' Request for Information Related to JND's Compensation.

After the filing of the *Baker* complaint, Class Counsel asked JND for information regarding any compensation JND may have received from outside of the fund, including from the issuance of digital prepaid cards. Over the past year, JND has provided Class Counsel with limited information regarding these arrangements, but has not disclosed specific amounts it has received as a result of these arrangements.

In its communications with Class Counsel, JND has also pointed to the contract that Equifax signed in connection with the services it has provided in administration with the Settlement. That contract has a provision that states: "JND may receive rebates or credits from vendors in connection with volume of work performed in connection with its overall business. JND may also receive financial benefits from banks or other institutions based on settlement funds on deposit. These credits/rebates/awards are solely the property of JND." Whether or not this general provision permitted JND to engage in the conduct as alleged in *Baker*, and whether or not JND has an independent fiduciary duty to disclose these payments, are questions for another day. For now, Plaintiffs simply request an order compelling

5

JND disclose all agreements with vendors, and the financial benefits it recovered through such arrangements.

Class Counsel should have had the opportunity to assess any such benefits in the context of compensation that JND was due to receive from the digital prepaid cards. This is especially true due to 1) the language in the Settlement and preliminary approval order that JND was to receive costs and fees from the Settlement Fund, and 2) the Settlement provisions allowing residual funds to be distributed to the Class Members and/or to purchase additional Restoration Services. [*See* Doc. 739-2, ¶¶5.4.1-5.4.2 and 5.5]. In light of the allegations made in *Baker*, Class Counsel respectfully requests that the Court issue an order directing JND to the disclose the agreements and payments it has received outside of the fund.

Since the filing of the *Baker* case, other courts have similarly ordered or received the disclosure of similar information. For example, in the *In re: Facebook, Inc. Consumer Privacy User Profile Litigation* ("*Facebook*"), the settlement administrator (Angeion) agreed to provide to the court a copy of the agreement between it and the prepaid card distributor Blackhawk. (*See id.*, No. 3:18-md-2843-VC, N.D. Cal., Joint Status Report Regarding Settlement Administration and Distribution, Doc. 1238, at 3-4 (filed August 14, 2025)). Presumably alerted to the allegations from *Baker*, Class Counsel in *Facebook* ensured a number of conditions applied to subsequent distributions, including that funds would be retained in the

settlement fund until claimed and inactivity fees would be refunded for prepaid cards ultimately used. *See id.* at 5-6; *see also id.* Docs 1240-41 (approving usage of prepaid cards).

Additionally, overseeing the settlement reached in *Gibson, et al v. The National Association of Realtors, et al* ("NAR"), Judge Bough of the Western District of Missouri has ordered an accounting of fees and charges made to the settlement funds, including but not limited to rebates, awards and/or credits from vendors, and financial benefits from banks or any institutions. *See Gibson v. NAR*, No. 23-cv-788-SRB, W.D. Mo., at Docs. 739, 757, 831, 920. In response to such court orders, JND declared that it received no additional fees, charges, rebates, awards, credits from vendors, or financial benefits from banks or other institutions in connection with its work on that settlement. (NAR Doc. 755). As shown in *Facebook* and *NAR*, disclosure of compensation that administrators have received outside of a settlement fund is warranted and appropriate.

Class Counsel seek such disclosure here, and respectfully request that the Court order JND to disclose to Class Counsel, Defendant, and the Court the amount of any rebates, awards and/or credits from vendors, and financial benefits from banks or any institutions.  JND has been provided notice of this filing and intends to provide a response.

Dated: July 10, 2026.

Respectfully submitted,

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
J. Cameron Tribble
Ga. Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com
ctribble@barneslawgroup.com

*/s/Norman E. Siegel*
Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel. 816.714.7100
siegel@stuevesiegel.com

*/s/ Amy E. Keller*
Amy E. Keller
**DiCELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

***Consumer Plaintiffs' Counsel***

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document has been prepared in compliance with Local Rules 5.1 and 7.1.

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
J. Cameron Tribble
Ga. Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com
ctribble@barneslawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with this Court via its CM/ECF service, which will send notification of such filing to all counsel of record this 10th day of July, 2026.

I also certify that a copy of the foregoing was sent to counsel for JND Legal Administration via electronic mail this 10th day of July, 2026.

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
J. Cameron Tribble
Ga. Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
roy@barneslawgroup.com
ctribble@barneslawgroup.com

10