FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 17 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

**IN RE: EQUIFAX INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

**MDL Docket No. 2800**
**Case No. 1:17-md-02800-TWT**

**MOVANT ELIAS M. SEDA'S MOTION FOR JUDICIAL REVIEW OF SETTLEMENT ADMINISTRATION, FOR AN ORDER REQUIRING JND LEGAL ADMINISTRATION TO RESPOND AND PROVIDE AN ACCOUNTING, AND FOR OTHER APPROPRIATE RELIEF**

**Movant Elias M. Seda, proceeding pro se and as a member of the Settlement Class, respectfully moves this Court, pursuant to the Court's continuing jurisdiction over the interpretation, administration, and enforcement of the Equifax Data Breach Settlement, Federal Rule of Civil Procedure 23, and the Court's inherent authority to supervise implementation of its Final Judgment, for an Order:**

1. **requiring JND Legal Administration, LLC ("JND"), the Court-appointed Settlement Administrator, to respond independently concerning its administration of Movant's settlement rights and claim history;**
2. **requiring JND to provide an accounting and explanation of its handling of Movant's settlement claim, communications, available settlement benefits, and post-settlement administration;**
3. **permitting Movant to supplement the record after JND responds concerning any independent settlement-administration injury and any corresponding remedy available within this Court's retained jurisdiction;**
4. **clarifying the respective roles of Settlement Class Counsel and JND where an individual Settlement Class Member raises a dispute concerning JND's own conduct as Settlement Administrator; and**
5. **granting such further relief as the Court finds just and appropriate.**

**Movant expressly states that this Motion does not seek simply to relitigate the Court's April 2, 2026 Order, Doc. 1290, concerning untimely claims for Credit Monitoring, Out-of-Pocket Losses, or Time Spent. Rather, this Motion concerns a distinct matter: the Court's continuing supervision of the Settlement Administrator itself, the completeness and adequacy of JND's administration of Movant's rights under the Settlement, and the appropriate procedure when the conduct of the Settlement Administrator is itself disputed.**

———

**MEMORANDUM OF LAW IN SUPPORT**

**I. INTRODUCTION**

**Movant is a Settlement Class Member whose personal information was implicated by the Equifax Data Breach and who submitted a settlement claim in 2019.**

**According to the response filed by Co-Class Counsel, Movant's original Motion to Enforce alleged significant identity-theft losses, including fraudulent automobile loans totaling approximately $20,000, and requested enforcement of the Settlement Agreement against both Equifax and JND Legal Administration.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**The present Motion does not ask the Court merely to reconsider whether Movant may submit a new Out-of-Pocket Loss claim after expiration of the claims period. The Court addressed that question in Doc. 1290.**

**Instead, Movant asks the Court to exercise the continuing supervisory authority it retained over the administration of the Settlement itself and require the Court-appointed Settlement Administrator to account for and independently explain its own administration of Movant's settlement rights.**

**That distinction matters.**

**The Eleventh Circuit has held that when a district court retains jurisdiction over the administration of a class settlement, the court has a continuing responsibility to ensure that class members receive that to which the settlement entitles them. *Managed Care Advisory Group, LLC v. Cigna Healthcare, Inc.*, 939 F.3d 1145, 1162–63 (11th Cir. 2019). The Eleventh Circuit further approved requiring an accounting when circumstances concerning settlement administration warranted judicial examination.**

**Movant respectfully requests that the same supervisory principle be applied here.**

---

**II. PROCEDURAL BACKGROUND**

**On December 31, 2025, Movant filed his Motion to Enforce Settlement, Doc. 1285.**

**According to the subsequently filed response, Movant sought an order enforcing the Settlement Agreement and asserted substantial identity-theft consequences, including approximately $20,000 in fraudulent automobile loans. He further sought enforcement against Equifax and JND Legal Administration.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**On January 16, 2026, Co-Class Counsel, rather than a separately appearing attorney for JND in the materials presently available to Movant, filed the substantive response to Movant's Motion.**

**That filing expressly states:**

**"After the filing of Movant's Motion, Class Counsel conferred with JND."**

1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Class Counsel thereafter presented information obtained from JND concerning Movant's claim history and relied upon an affidavit from JND employee Leonard Greene.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Class Counsel argued that Movant selected Alternative Compensation, did not submit claims for Out-of-Pocket Losses or Time Spent, and did not submit an Extended Claims Period claim.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Class Counsel further argued that Movant had received the benefits for which he had timely claimed and therefore could not presently obtain Credit Monitoring, Out-of-Pocket Loss, or Time Spent benefits.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**On April 2, 2026, the Court entered Doc. 1290 denying Movant's Motion to Enforce on that basis.**

**Movant did not receive Doc. 1290 when it was entered.**

**On September 2, 2026, Movant contacted the Clerk's Office and was informed that the Court's mailing of the April 2 Order had been returned as undeliverable. Movant thereafter obtained the Order and learned its contents.**

**Movant's correct mailing address is:**

**224 S. 3rd Street, Apartment 7**
**Brooklyn, New York 11211.**

**Significantly, that same address appears on Class Counsel's January 16, 2026 Certificate of Service.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Movant intends to file a separate notice confirming his correct address and the nonreceipt of Doc. 1290.**

---

**III. THIS MOTION PRESENTS AN ADMINISTRATION ISSUE DISTINCT FROM THE ISSUE RESOLVED IN DOC. 1290**

**Movant recognizes the Court's ruling in Doc. 1290.**

**The Court determined that because Movant had not timely claimed Credit Monitoring, Out-of-Pocket Losses, or Time Spent, those particular settlement-payment categories were no longer available to him.**

**Movant does not ask the Court simply to disregard that ruling.**

**The present issue is whether JND itself properly discharged its responsibilities as Settlement Administrator, whether its administration of Movant's settlement rights was complete and accurate, and whether circumstances surrounding that administration warrant an accounting or other supervisory relief.**

**Those questions are materially different from whether a new claim can now be submitted under an expired claims deadline.**

**The Eleventh Circuit has recognized that settlement administration does not cease to be subject to judicial supervision merely because final approval has occurred.**

**In *Managed Care Advisory Group*, the district court had retained jurisdiction over matters concerning interpretation, administration, and consummation of the settlement. The Eleventh Circuit held that the court therefore had a continuing responsibility to ensure that class members actually received that to which the settlement entitled them and that an accounting should be required when evidence raised questions regarding administration. 939 F.3d at 1162–63.**

**The same principle supports judicial examination here.**

———

**IV. JND SHOULD BE REQUIRED TO RESPOND FOR ITSELF CONCERNING JND'S OWN ADMINISTRATION**

**Movant's original Motion expressly sought enforcement involving JND Legal Administration.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Yet the substantive opposition presently before Movant was filed by Co-Class Counsel.**

**The opposition states that Class Counsel first conferred with JND and thereafter relied on information supplied by JND.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**Movant does not contend that Class Counsel is prohibited from addressing matters affecting the Settlement Class.**

**Eleventh Circuit law provides that Class Counsel's fiduciary obligation runs to the Settlement Class as a whole, not to the particular wishes of one individual class member. *Medical & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 991 (11th Cir. 2020).**

**But that principle makes the distinction between the roles of Class Counsel and the Settlement Administrator important rather than irrelevant.**

**Class Counsel represents the interests of the class.**

**JND serves as Settlement Administrator.**

**Where the challenged conduct concerns JND's own administration, Movant respectfully submits that the Court should receive JND's position directly and independently rather than treat Class Counsel's presentation of information obtained after conferring with JND as a substitute for JND's own response.**

**Movant therefore requests that JND be required, through appropriate counsel, to respond to the administration issues raised by Movant and identify the factual and contractual bases for its handling of his settlement rights.**

---

## V. AN ACCOUNTING IS APPROPRIATE

**Movant respectfully requests an accounting limited to his claim and administration history.**

**The requested accounting should identify:**

**a. every claim, submission, election, and amendment associated with Movant;**

**b. every notice JND contends was sent to Movant, including the date, method, destination address or email address, and subject matter of each notice;**

**c. every settlement benefit JND determined Movant was eligible or ineligible to receive and the basis for each determination;**

**d. every payment issued to Movant, including amount, date, delivery method, and disposition;**

**e. whether JND ever informed Movant that additional Out-of-Pocket Loss or Time Spent claims could be submitted during the Extended Claims Period and, if so, the date and method of such notice;**

**f. JND's records concerning identity-restoration benefits available to Movant;**

**g. every communication or internal claim note concerning Movant's request for assistance or enforcement;**

**h. the materials JND supplied to Class Counsel after Class Counsel "conferred with JND" following the filing of Doc. 1285; and**

**i. the factual basis for the representations contained in Leonard Greene's affidavit concerning Movant's claim history.**

**This is not a request for broad class-wide discovery.**

**It is a targeted request concerning one Settlement Class Member and one settlement claim.**

**The Eleventh Circuit's reasoning in *Managed Care Advisory Group* supports the use of an accounting where necessary to determine whether settlement administration has produced the result required by the settlement.**

---

**VI. CLASS COUNSEL'S POST-SETTLEMENT ROLE WARRANTS PROCEDURAL CLARIFICATION, NOT PERSONAL ATTACK**

**Movant does not presently seek sanctions against Amy Keller or any other Class Counsel, nor does Movant ask this Court to find that counsel acted dishonestly merely because they opposed Doc. 1285.**

**Movant instead requests procedural clarity.**

**The opposition to Doc. 1285 was signed by Amy E. Keller of DiCello Levitt Gutzler LLC, Norman E. Siegel of Stueve Siegel Hanson LLP, and Roy E. Barnes of Barnes Law Group LLC in their Class Counsel capacities.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**That filing followed consultation between Class Counsel and JND.** 1287 - RESPONSE re [1285] MOTION to Enforce Settlement - Plaintiffs Response to Elias M. Sedas Notice of - IN RE- EQUIFAX, INC., Customer Data Security Breach Litigation

**The Court should therefore distinguish between:**

**(1) Class Counsel's position concerning the interests of the Settlement Class as a whole; and**

**(2) JND's defense of its own conduct as the Settlement Administrator.**

**Movant respectfully requests that future disputes specifically concerning JND's own administration not be resolved solely through factual representations attributed to JND by Class Counsel when JND can respond directly.**

---

**VII. THE HISTORY OF POST-SETTLEMENT COUNSEL DISPUTES FURTHER SUPPORTS CONTINUING JUDICIAL OVERSIGHT**

**Movant does not contend that disputes among plaintiffs' counsel establish wrongdoing in his matter.**

Nevertheless, this Court is already familiar with post-settlement disputes arising from the administration of this litigation, including litigation concerning allocation of the Court-approved attorneys' fee award among plaintiffs' firms.

That history demonstrates why continuing judicial oversight is important when post-settlement responsibilities, financial interests, or administrative roles become disputed.

Movant relies upon that history only as context for the necessity of clear judicial supervision, not as proof that any attorney acted improperly in Movant's case.

---

## VIII. MOVANT'S MONETARY INJURY REMAINS REAL, BUT THIS MOTION DOES NOT MISCHARACTERIZE FRAUDULENT DEBT AS AN AUTOMATIC SETTLEMENT PAYMENT

Movant continues to suffer serious consequences from identity theft that he contends is traceable to the Equifax Data Breach, including approximately $20,000 in fraudulent obligations and continuing injury to his credit.

Movant recognizes, however, that the face amount of a fraudulent account is not automatically identical to an "Out-of-Pocket Loss" recoverable under the Settlement.

Movant therefore does not ask the Court through this Motion simply to order JND to pay $20,000 under the expired claims procedure.

Instead, Movant requests an opportunity, after JND provides the accounting and independent response requested above, to demonstrate:

1. what financial injuries Movant actually sustained;
2. when those injuries became known or reasonably discoverable;
3. what portions, if any, are fairly traceable to the Equifax Data Breach;
4. whether any injury resulted from independent post-settlement administration rather than solely from the original breach; and
5. what remedy, monetary or otherwise, remains legally available within this Court's continuing jurisdiction.

This approach respects Doc. 1290 while preserving issues that Doc. 1290 did not adjudicate.

---

## IX. THE COURT SHOULD PERMIT MOVANT TO SUPPLEMENT AFTER JND RESPONDS

Movant is proceeding pro se and presently lacks JND's complete internal administrative record concerning his claim.

Much of the relevant information is uniquely within JND's possession.

It would therefore be premature to require Movant to identify every potential remedy before JND discloses and explains its own administration.

**Movant respectfully requests permission to file a supplemental memorandum and declaration after JND responds so that any request for monetary or other relief is based on an established record rather than speculation.**

**This procedure would conserve judicial resources and avoid unnecessarily broad claims.**

---

**CONCLUSION**

**For the foregoing reasons, Movant respectfully requests that the Court:**

1. **order JND Legal Administration to respond independently, through appropriate counsel, concerning the administration of Movant's settlement rights;**
2. **require JND to provide the limited accounting described above;**
3. **clarify that Class Counsel's role in representing the Settlement Class does not substitute for JND independently addressing challenges concerning JND's own administration;**
4. **permit Movant to file a supplemental submission after JND's response addressing any appropriate monetary, equitable, enforcement, or other relief supported by the record;**
5. **conduct an evidentiary hearing if material factual disputes remain after JND's response;**
6. **preserve Movant's ability to seek relief for any independent post-settlement injury that the Court determines was not adjudicated by Doc. 1290; and**
7. **grant such other and further relief as the Court deems just and proper.**

**Respectfully submitted,**

**Elias M. Seda**
**Pro Se Settlement Class Member**
**224 S. 3rd Street, Apartment 7**
**Brooklyn, New York 11211**

**Date: September 02, 2026**

**Signature: ____________________**
**Elias M. Seda**

---

**DECLARATION OF ELIAS M. SEDA**

**I, Elias M. Seda, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:**

1. **I am a Settlement Class Member in the Equifax Data Breach Settlement.**
2. **I submitted a settlement claim in 2019.**
3. **I later experienced significant identity-theft and credit-related harm, including fraudulent obligations totaling approximately $20,000.**

4. I filed Doc. 1285 seeking enforcement of the Settlement Agreement and raising issues concerning Equifax and JND Legal Administration.
5. After my Motion was filed, Class Counsel stated in Doc. 1287 that they conferred with JND before filing their response.
6. I did not receive the Court's April 2, 2026 Order, Doc. 1290, when it was entered.
7. On September 2, 2026, I contacted the Clerk's Office and was informed that the mailing of the April 2 Order to me had been returned as undeliverable.
8. I subsequently obtained Doc. 1290 and reviewed it.
9. My current and correct mailing address is:

224 S. 3rd Street, Apartment 7
Brooklyn, New York 11211.

10. I am not filing this Motion merely to resubmit the same Out-of-Pocket Loss claim rejected in Doc. 1290.
11. I seek judicial review of JND's own administration of my settlement rights and an accurate accounting of JND's records and actions relating to my claim.
12. I request an opportunity to supplement the record after JND responds so that I can identify any relief supported by JND's records and the applicable law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 02, 2026.

_____

Elias M. Seda

_____

CERTIFICATE OF SERVICE

I certify that on September ___, 2026, I caused a true and correct copy of the foregoing Motion, Memorandum of Law, and Declaration to be served upon counsel of record by U.S. Mail and/or any other method authorized by the Court.

UNITED STATES POSTAL SERVICE®

**Certificate of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Elias Seda
224 S. 3rd St Apt 7F
Brooklyn, N.Y. 11211

To: Equifax Data Breach Lit Claim
C/o JND legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

WILLIAMSBURG STATION SEP 12 2026 NY 11211

U.S. POSTAGE PAID
FCM LETTER
BROOKLYN, NY
11211
SEP 12, 26
AMOUNT
**$2.45**
S2324M500185-36

UNITED STATES POSTAL SERVICE
RDC 99

PS Form **3817**, April 2007 PSN 7530-02-000-9065

Defendant Proof of service


BROOKLYN, NY 11211
SEP 12 2026
WILLIAMSBURG USPS

UNITED STATES POSTAL SERVICE®

**Certificate of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mail
This form may be used for domestic and international mail.

From: Elias Seda
224 S. 3rd St. Apt 7F
Brooklyn, N.Y. 11211

To: Amy Keller
Ten north Dearborn street
11th floor
Chicago, Illinois 60602

WILLIAMSBURG STATION
SEP 12 2026
BROOKLYN, NY 11211

U.S. POSTAGE PAID
FCM LETTER
BROOKLYN, NY
11211
SEP 12, 26
AMOUNT
**$2.45**
S2324M500185-36

UNITED STATES POSTAL SERVICE®

RDC 99

PS Form **3817**, April 2007 PSN 7530-02-000-9065

Class Counsel Post service

WILLIAMSBURG USPS

SEP 12 2026

BROOKLYN, NY 11211

Elias Seda
224 S, 3rd St Apt 7#
Brooklyn, NY 11211

U.S. POSTAGE PAID
FCM LETTER
BROOKLYN, NY 11211
SEP 12, 2026

UNITED STATES POSTAL SERVICE

30303

RDC 99

$6.66

S2324M500185-36

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 4028 6656 44

Clerks office
Northern District of Georgia
Atlanta Division
211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

CLEARED DATE
SEP 17 2026
U.S. Marshals Service
Atlanta, GA 30303