**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailin**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailin
This form may be used for domestic and international mail.

**From:** Elias Seelo
224 S. 3rd St Apt 7 #
Brooklyn, NY 11211

**To:** Equifax Data Breach Litigation Claims
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

BROOKLYN, NY 1
NOV - 9 202
WILLIAMSBURG USPS

POSTAGE PAID
BROOKLYN, NY
11211
AMOUNT
$2.45
2321506702-9

Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065

UNITED STATES POSTAL SERVICE

RDC 99

FC
BF
NC

BROOKLYN, NY 11211
WILLIAMSBURG USPS
NOV - 9 2026

UNITED STATES POSTAL SERVICE®

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for m[ailing.]
This form may be used for domestic and international mail.

From: Elias Sede
224 S. 3rd St Apt 7A
Brooklyn, NY 11211

To: Amy E Keller, DiCello Levitt Gutzler LLC
Ten North Dearborn St
Eleventh Floor
Chicago, Illinois 60602

BROOKLYN, NY 11211
NOV - 9 20
WILLIAMSBURG

U.S. POSTAGE PAID
A LOCENV
BROOKLYN, NY
11211
11/05/26
AMOUNT
$2.45
2324P506702-9

Postmark Here

PS Form **3817**, April 2007 PSN 7530-02-000-9065

WILLIAMSBURG USPS

NOV - 9 2026

BROOKL

RDC 99

UNITED STATES POSTAL SERVICE

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 09 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE: EQUIFAX INC. CUSTOMER**
**DATA SECURITY BREACH LITIGATION**

**MDL Docket No. 2800**
**No. 1:17-md-02800-TWT**

**Hon. Thomas W. Thrash, Jr.**

**MOVANT ELIAS M. SEDA'S REPLY IN SUPPORT OF ECF NO. 1298 AND REQUEST FOR JUDICIAL INQUIRY INTO SETTLEMENT ADMINISTRATION AND CONSUMER PLAINTIFFS' COUNSEL'S CONTINUING RULE 23(g)(4) OBLIGATIONS**

Movant Elias M. Seda, proceeding pro se and as a Settlement Class Member, respectfully submits this Reply in response to Consumer Plaintiffs' Counsel's October 2, 2026 opposition, ECF No. 1299.

ECF No. 1299 does not answer the central request presented by ECF No. 1298.

Movant did not file ECF No. 1298 merely to repeat his previous request for settlement benefits already addressed in ECF No. 1290. Movant expressly sought judicial review of settlement administration, an accounting from JND Legal Administration ("JND"), and an opportunity to supplement the record after JND explains its administration of Movant's claim.

Instead of an accounting or independent response from JND, Consumer Plaintiffs' Counsel has again opposed Movant.

That circumstance now raises an additional question warranting this Court's attention: whether Consumer Plaintiffs' Counsel's repeated defense of the Settlement Administrator's performance is consistent with Class Counsel's continuing obligation under Federal Rule of Civil Procedure 23(g)(4) to fairly and adequately represent the interests of the Settlement Class.

Movant does not ask the Court to presume misconduct. He asks the Court to require the relevant actors to account for their respective conduct so that the issue can be determined on an evidentiary record rather than conclusory representations.

Movant further makes clear that his request for an accounting and judicial inquiry does not abandon his request for monetary relief. Movant continues to seek recovery of his claimed Out-of-Pocket Losses and any other monetary relief legally available to him. The accounting and judicial inquiry are intended, among other things, to develop the factual record necessary to determine whether settlement-administration failures or other actionable post-settlement conduct contributed to Movant's inability to obtain monetary benefits and whether additional monetary remedies are legally available.

## I. ECF NO. 1299 DOES NOT ANSWER THE RELIEF ACTUALLY REQUESTED IN ECF NO. 1298

Consumer Plaintiffs' Counsel begins ECF No. 1299 by stating that this Court previously denied Movant's motion concerning settlement benefits for which he never submitted a claim and that Movant now seeks "additional relief which is not provided under the Settlement."

That characterization does not address the principal relief sought in ECF No. 1298.

Movant recognizes that this Court entered ECF No. 1290 and ruled that Movant cannot now obtain credit monitoring, Out-of-Pocket Losses, or Time Spent benefits that he did not previously claim.

Movant is not asking this Court simply to disregard that ruling and award those same benefits again.

ECF No. 1298 instead asks the Court to examine how Movant's settlement claim was administered, require JND to provide an accounting concerning that administration, and permit Movant to respond to the resulting record.

Those are materially different requests.

Yet ECF No. 1299 provides no accounting.

It produces no new JND records.

It provides no new declaration from JND.

And JND itself does not explain why the specific accounting requested in ECF No. 1298 should not be provided.

Instead, Consumer Plaintiffs' Counsel relies upon the previous declaration of JND Assistant Director Leonard Greene and states that Movant's claim "was reviewed and processed in accordance with the established Equifax Data Breach Settlement procedures."

That conclusion is precisely one of the matters Movant seeks to test through an accounting.

A conclusion that administration was proper is not a substitute for the administrative record from which the Court and Movant can determine whether that conclusion is correct.

## II. THIS IS THE SECOND OCCASION ON WHICH CONSUMER PLAINTIFFS' COUNSEL HAS OPPOSED MOVANT REGARDING JND'S ADMINISTRATION

The sequence is significant.

Movant filed ECF No. 1285 raising concerns regarding his Settlement benefits and JND's administration.

**Consumer Plaintiffs' Counsel filed ECF No. 1287 in opposition.**

**Critically, ECF No. 1287 expressly informed this Court:**

**"After the filing of Movant's Motion, Class Counsel conferred with JND."**

**Class Counsel thereafter presented JND's claim-history information and relied upon JND Assistant Director Leonard Greene's declaration, ECF No. 1287-1.**

**After this Court entered ECF No. 1290, Movant did not merely duplicate ECF No. 1285.**

**Instead, he filed ECF No. 1298 specifically seeking judicial review, an accounting, and an independent explanation concerning settlement administration.**

**Consumer Plaintiffs' Counsel has now again opposed him.**

**ECF No. 1299 is signed by Roy E. Barnes of Barnes Law Group, LLC, Norman E. Siegel of Stueve Siegel Hanson LLP, and Amy Keller of DiCello Levitt LLP, expressly in their capacity as "Consumer Plaintiffs' Counsel."**

**Movant therefore respectfully submits that the issue is no longer merely whether an individual Settlement Class Member disagrees with JND.**

**The Court is now presented with a legitimate institutional question concerning the respective roles of:**

1. **the Settlement Class Member;**
2. **the Court-appointed Settlement Administrator;**
3. **Consumer Plaintiffs' Counsel; and**
4. **this Court as the court supervising implementation of the Settlement.**

## III. CLASS COUNSEL'S OBLIGATION RUNS TO THE SETTLEMENT CLASS AS A WHOLE

**Federal Rule of Civil Procedure 23(g)(4) provides:**

**"Class counsel must fairly and adequately represent the interests of the class."**

**Movant does not contend that Consumer Plaintiffs' Counsel owes him a special obligation to agree with every position he takes.**

**The Eleventh Circuit has explained that the duty of Class Counsel runs to the class as a whole rather than separately to individual members. *Medical & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 991 (11th Cir. 2020).**

**That distinction supports rather than defeats Movant's present request.**

**Movant's concern is class-wide:**

**When Settlement Class Members experience problems obtaining or understanding benefits administered through the Court-approved Settlement, who protects the interests of those class members?**

**JND is the Settlement Administrator. The Settlement Agreement itself defines JND as the Settlement Administrator.**

**Consumer Plaintiffs' Counsel represents the Settlement Class.**

**Those are different functions.**

**Movant therefore respectfully questions why, when a Settlement Class Member seeks scrutiny of JND's performance, Consumer Plaintiffs' Counsel has twice undertaken the role of opposing that member's request rather than requiring JND to independently explain and document its own administration.**

**This question is especially appropriate because the Federal Rules specifically identify "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims" as part of the Rule 23 settlement inquiry. Fed. R. Civ. P. 23(e)(2)(C)(ii).**

## IV. MOVANT'S EXPERIENCE DEMONSTRATES WHY POST-SETTLEMENT ADMINISTRATION MATTERS

**Movant submitted his original settlement claim in 2019.**

**Movant did not understand at that time the full significance of the various categories of benefits, what documentation would be necessary for particular categories of compensation, or how identity-theft and credit consequences would interact with later Settlement procedures.**

**Movant subsequently confronted substantial identity-theft and credit-related consequences that he attributes to the Equifax breach, including approximately $20,000 in disputed fraudulent obligations.**

**Movant recognizes that the Court has ruled that he cannot now submit previously unclaimed Out-of-Pocket Losses or Time Spent claims.**

**But that ruling does not eliminate the underlying administration question.**

**The Settlement itself contemplated that identity-theft consequences could continue after the initial claims period. It established an Extended Claims Period and also provided identity-restoration services to Settlement Class Members.**

**Indeed, the Settlement provides Restoration Services regardless of whether a Settlement Class Member submitted a claim.**

**That structure makes adequate post-settlement administration important rather than incidental.**

**Movant's concern is therefore not simply:**

**"I missed a deadline, so give me money anyway."**

**His concern is:**

**What information and assistance were Settlement Class Members provided concerning later identity-theft consequences; what occurred when those consequences materialized; and what did Class Counsel do when members subsequently brought administration problems to its attention?**

**V. THERE IS REASON TO DETERMINE WHETHER MOVANT'S EXPERIENCE IS ISOLATED**

**Movant previously submitted materials reflecting publicly reported complaints concerning JND Legal Administration in connection with his Motion to Enforce Settlement, ECF No. 1285 and its accompanying exhibits.**

**Those materials remain part of the record notwithstanding this Court's subsequent denial of ECF No. 1285 at ECF No. 1290.**

**Movant therefore does not unnecessarily duplicate those previously filed materials here. Movant incorporates and relies upon those materials only for the limited purpose of demonstrating the existence of publicly reported settlement-administration complaints and supporting inquiry into whether Consumer Plaintiffs' Counsel has received similar complaints from Equifax Settlement Class Members.**

**Movant does not offer internet reviews as proof that every accusation contained in them is true.**

**Nor does Movant ask this Court to determine JND's performance from star ratings.**

**Rather, those materials establish the existence of publicly reported administration complaints and justify asking whether Consumer Plaintiffs' Counsel has received similar complaints directly.**

**The screenshots previously preserved and submitted by Movant showed Google's listing for JND displaying approximately 1.8 stars from 132 reviews when captured.**

**Among those reviews are persons expressly referencing the Equifax Data Breach Settlement.**

**One reviewer alleges prolonged problems involving the Equifax litigation.**

**Another states that the reviewer submitted an Equifax Data Breach claim but was subsequently told that the claim could not be located.**

**Other reviews allege difficulties concerning settlement payments, communications, claim information and administration in other JND-administered settlements.**

**Again, these are allegations—not findings of fact.**

But the existence of complaints is independently relevant to whether Class Counsel has received complaints from members of this Settlement Class and, if so, whether Class Counsel investigated them.

Public information outside Movant's previously filed screenshots also reflects numerous complaints concerning JND. The Better Business Bureau reports numerous complaints filed against JND, although those complaints concern JND generally and are not all connected with Equifax.

Even more significantly, another person identifying himself as an Equifax Settlement Class Member, Scott Dendy, has commenced federal litigation naming JND and asserting claims concerning settlement distributions, including allegations connected with Equifax settlement payments. *Dendy v. Angeion Group LLC, et al.*, No. 1:25-cv-04516 (D.D.C.). Those allegations have not been adjudicated and Movant does not present them as established facts. Their existence nevertheless reinforces that questions concerning settlement administration are not invented by Movant.

JND itself publicly identifies the Equifax Data Breach Settlement as one of the major matters it has administered.

These circumstances justify a limited inquiry rather than a presumption that no broader issue exists.

## VI. CONSUMER PLAINTIFFS' COUNSEL SHOULD IDENTIFY THE BASIS FOR ITS REPRESENTATION THAT JND PROPERLY PROCESSED MOVANT'S CLAIM

ECF No. 1299 affirmatively represents:

"Mr. Seda's claim was reviewed and processed in accordance with the established Equifax Data Breach Settlement procedures."

Movant respectfully requests that the Court require Consumer Plaintiffs' Counsel to identify the factual basis for making that representation.

Specifically:

Did Consumer Plaintiffs' Counsel independently review Movant's complete JND administrative file?

Did it review documents beyond the Greene declaration already filed at ECF No. 1287-1?

Did it investigate whether every notice allegedly required by the Settlement was transmitted to Movant?

Did it examine the dates, destinations, contents, and delivery status of those notices?

Did it investigate what information Movant received concerning the Extended Claims Period?

Did it investigate JND's records concerning Restoration Services?

**Did Consumer Plaintiffs' Counsel communicate with JND concerning ECF No. 1298 before filing ECF No. 1299?**

**If so, what nonprivileged factual information did JND provide?**

**And most importantly:**

**If Consumer Plaintiffs' Counsel possesses sufficient information to assure this Court that JND properly administered Movant's claim, why should JND not produce the underlying accounting demonstrating that fact?**

**Movant submits that these questions can be answered without deciding liability and without invading legitimate attorney-client privilege.**

**VII. THE COURT SHOULD DETERMINE WHETHER CLASS COUNSEL HAS RECEIVED SIMILAR COMPLAINTS**

**The Court should also require Consumer Plaintiffs' Counsel to state whether, since final approval of the Settlement, it has received complaints from Equifax Settlement Class Members concerning:**

**a. missing or unlocated claims;**

**b. payments not received;**

**c. incorrect addresses or contact information;**

**d. unanswered communications;**

**e. Extended Claims Period notices or claims;**

**f. Out-of-Pocket Loss claims;**

**g. Time Spent claims;**

**h. identity-restoration assistance;**

**i. inability to obtain explanations for administrative determinations; or**

**j. other material settlement-administration problems.**

**Movant does not presently ask for the identities or confidential information of other Settlement Class Members.**

**Aggregate information would permit the Court to determine whether Movant's experience appears isolated or whether further inquiry is appropriate.**

**If Consumer Plaintiffs' Counsel has received recurring complaints, Movant respectfully requests that Counsel explain what investigation or corrective action it undertook on behalf of the Settlement Class.**

## VIII. MOVANT DOES NOT ALLEGE THAT CONSUMER PLAINTIFFS' COUNSEL REPRESENTS JND

Movant emphasizes an important limitation.

He does not presently allege that DiCello Levitt LLP, Barnes Law Group, LLC, Stueve Siegel Hanson LLP, Amy Keller, Roy Barnes, or Norman Siegel legally represents JND.

ECF No. 1299 identifies those attorneys as Consumer Plaintiffs' Counsel.

Nor does Movant presently assert as fact that Class Counsel communicated with JND again before filing ECF No. 1299.

The record presently establishes that Class Counsel expressly acknowledged conferring with JND before its first opposition.

Whether subsequent communications occurred is one of the matters that should be clarified.

Movant deliberately makes these distinctions because he seeks an accurate factual record, not speculation.

## IX. THIS COURT SHOULD DEVELOP THAT RECORD BEFORE MOVANT IS FORCED TO PURSUE COLLATERAL LITIGATION

The Eleventh Circuit's decision in *Oppenheim* is particularly important.

There, the Court explained that Class Counsel's fiduciary obligation is to the class as a whole and rejected an asserted heightened individual duty. 981 F.3d at 991.

Movant therefore does not attempt to manufacture an individual attorney-client relationship different from Class Counsel's Rule 23 obligations.

Instead, he presents his concerns directly to the Court supervising this class proceeding.

That is the appropriate and efficient course.

The Court can determine, based upon the actual record, whether:

1. JND properly administered Movant's claim;
2. Consumer Plaintiffs' Counsel adequately investigated Movant's administration concerns;
3. similar complaints from other Equifax Settlement Class Members exist;
4. any recurring or systemic administration issue warrants further investigation;
5. Consumer Plaintiffs' Counsel's actions remain consistent with Rule 23(g)(4); and
6. additional remedial proceedings are necessary.

Only after that record exists can Movant intelligently determine whether he possesses any separate legally cognizable claim for damages resulting from post-settlement conduct.

## X. MOVANT EXPRESSLY PRESERVES AND CONTINUES TO SEEK MONETARY RELIEF

Movant wishes to make clear that the accounting and judicial inquiry requested herein are not substitutes for monetary relief.

Movant continues to seek recovery of the Out-of-Pocket Losses and other monetary relief that he contends resulted from the Equifax Data Breach, including approximately $20,000 in disputed fraudulent obligations and associated credit-related harm, to the fullest extent such relief remains legally available.

Movant recognizes that ECF No. 1290 determined that he cannot now obtain benefits that he did not timely claim through the ordinary Settlement claims process. Movant does not ask the Court simply to disregard that ruling.

Rather, ECF No. 1298 and the present Reply seek development of the factual record necessary to determine whether failures involving notice, settlement administration, assistance to Settlement Class Members, or representation of the Settlement Class contributed to Movant's inability to timely obtain monetary benefits for his claimed losses.

The accounting and inquiry therefore serve a direct remedial purpose. Movant seeks to determine what notices were provided, what assistance was available and communicated, what information JND maintained concerning his claim, what occurred when Class Counsel investigated his complaints, and whether failures in those processes provide a legally available basis for monetary relief notwithstanding the ordinary claims deadline.

If the record establishes that JND failed to perform obligations applicable to its administration of the Settlement and that such conduct caused Movant a legally cognizable injury, Movant expressly preserves his right to seek any damages or other monetary relief legally available against JND.

Likewise, if the record establishes that Consumer Plaintiffs' Counsel failed to satisfy a legally enforceable obligation to the Settlement Class and that such conduct independently caused Movant a legally cognizable injury, Movant expressly preserves his right to seek damages or other monetary relief against any responsible attorney or law firm, including DiCello Levitt LLP, to the extent supported by the evidence and applicable law.

Movant does not ask the Court at this stage to presume that JND, DiCello Levitt LLP, Amy Keller, or any other Consumer Plaintiffs' Counsel is liable for damages. Nor does Movant presently attribute the entirety of his underlying identity-theft losses to Class Counsel or JND without evidence of causation.

He requests the accounting and judicial inquiry precisely because information necessary to determine responsibility, causation, and the availability of monetary remedies is substantially within the possession of JND and Consumer Plaintiffs' Counsel.

Accordingly, Movant's ultimate request remains monetary as well as equitable. He seeks the Settlement compensation that may remain legally recoverable and expressly

preserves any separate legally cognizable claim for damages resulting from actionable post-settlement conduct established through the record developed in these proceedings.

Movant respectfully requests that the Court not construe his request for an accounting, judicial inquiry, preservation, or other supervisory relief as a waiver or abandonment of monetary relief.

## XI. MOVANT IS NOT ASKING THE COURT TO ATTRIBUTE HIS UNDERLYING IDENTITY-THEFT LOSS TO CLASS COUNSEL WITHOUT PROOF

Movant also wishes to prevent another misunderstanding.

He has experienced approximately $20,000 in disputed fraudulent obligations and substantial credit-related consequences that he attributes to the Equifax data breach.

Movant does not presently allege that Consumer Plaintiffs' Counsel originally caused that identity theft.

Nor does he contend that the entire face amount of fraudulent obligations automatically constitutes damages recoverable from Class Counsel.

Any future damages claim against Class Counsel would require Movant to establish a legally recognized duty, breach, causation, and damages attributable to Class Counsel's own conduct rather than merely to Equifax's original data breach.

Similarly, any claim for damages against JND would require a legally cognizable basis for liability and proof that JND's own actionable conduct caused compensable injury.

Those questions should be decided on evidence.

The immediate issue is whether the information necessary to evaluate Class Counsel's and JND's post-settlement conduct should be developed before the possibility of legally available monetary relief is foreclosed.

## XII. THE COURT'S RULE 23 RESPONSIBILITY SUPPORTS LIMITED INQUIRY

Rule 23 does not treat administration of class relief as irrelevant once a settlement receives approval.

Rule 23(e)(2)(C)(ii) specifically directs attention to the effectiveness of the method of distributing relief, including processing class-member claims, while Rule 23(g)(4) requires Class Counsel to fairly and adequately represent class interests.

The Eleventh Circuit has likewise emphasized the supervising district court's central role in resolving Rule 23 challenges involving class counsel and class settlements.

Movant respectfully submits that the limited inquiry requested here is consistent with those principles.

It requires no prejudgment that JND acted improperly.

It requires no prejudgment that Class Counsel breached any duty.

It merely requires the persons possessing the relevant information to provide enough of that information for this Court to determine what actually occurred and whether any further remedial proceedings, including proceedings concerning monetary relief, are legally warranted.

CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Movant Elias M. Seda respectfully requests that the Court:

A. decline Consumer Plaintiffs' Counsel's request to summarily deny ECF No. 1298 based solely upon the prior disposition of ECF No. 1285;

B. direct JND Legal Administration to independently respond to the settlement-administration allegations in ECF No. 1298;

C. direct JND to provide the accounting requested in ECF No. 1298, including the material claim-history, notice, payment, eligibility, and administrative records concerning Movant;

D. require Consumer Plaintiffs' Counsel to identify the factual basis upon which it represented in ECF No. 1299 that Movant's claim was processed in accordance with established Settlement procedures;

E. require Consumer Plaintiffs' Counsel to state whether it relied solely upon ECF No. 1287-1 or reviewed additional JND records before making that representation;

F. require Consumer Plaintiffs' Counsel to state whether it communicated with JND concerning ECF No. 1298 or ECF No. 1299 and, without requiring disclosure of privileged legal advice, identify the nature of factual materials supplied by JND;

G. require Consumer Plaintiffs' Counsel to disclose, in aggregate and without identifying individual class members, whether it has received materially similar complaints from other Equifax Settlement Class Members concerning settlement administration and what steps it took in response;

H. order JND and Consumer Plaintiffs' Counsel to preserve all communications, administrative records, claim notes, correspondence and other materials concerning Movant, ECF Nos. 1285, 1287, 1287-1, 1290, 1298 and 1299;

I. determine whether further judicial inquiry concerning JND's administration of the Equifax Settlement is warranted;

J. determine whether Consumer Plaintiffs' Counsel's conduct concerning administration complaints remains consistent with its continuing obligations under Rule 23(g)(4);

K. if the Court identifies an actual conflict between protection of Settlement Class interests and defense of the Settlement Administrator's conduct, consider whether

independent representation, a special master, further reporting, or other appropriate supervisory relief is warranted;

L. permit Movant to supplement ECF No. 1298 after JND and Consumer Plaintiffs' Counsel provide any Court-ordered responses;

M. conduct an evidentiary hearing if material factual disputes remain;

N. clarify whether any legally cognizable claim Movant may possess against Consumer Plaintiffs' Counsel arising from its conduct in administering or protecting the Settlement Class must be presented to this Court pursuant to the Court's retained jurisdiction and, if so, the appropriate procedural vehicle for asserting such a claim;

O. grant such other and further relief as the Court determines just and appropriate for the protection of Settlement Class Members and proper administration of the Settlement;

P. upon development of the administrative record, award Movant any monetary relief the Court determines remains legally available concerning his claimed Out-of-Pocket Losses, including permitting Movant to establish the amount of qualifying losses, or permit Movant to supplement ECF No. 1298 for that purpose; and

Q. if the Court determines that monetary relief is unavailable to Movant through the ordinary Settlement claims process, preserve and clarify Movant's ability to pursue any legally cognizable damages claim arising from actionable settlement-administration conduct by JND or actionable conduct by Consumer Plaintiffs' Counsel, including DiCello Levitt LLP to the extent supported by the evidence, and determine whether such claim must be presented to this Court pursuant to its retained jurisdiction or through another appropriate procedural vehicle.

Respectfully submitted,

Elias M. Seda
Pro Se Settlement Class Member
224 S. 3rd Street, Apartment 7
Brooklyn, New York 11211

Date: 10/02/26

Signature: ______________________
Elias M. Seda

**DECLARATION OF ELIAS M. SEDA**

I, Elias M. Seda, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Settlement Class Member in the Equifax Data Breach Settlement.
2. I submitted a settlement claim in 2019.
3. I subsequently experienced substantial identity-theft and credit-related consequences that I attribute to the Equifax data breach, including approximately $20,000 in disputed fraudulent obligations.

4. I filed ECF No. 1285 seeking relief concerning my Settlement benefits and administration.
5. I subsequently learned from ECF No. 1287 that Class Counsel had conferred with JND concerning my matter.
6. After this Court entered ECF No. 1290, I filed ECF No. 1298 seeking judicial review of settlement administration, including an accounting from JND.
7. On October 2, 2026, Consumer Plaintiffs' Counsel filed ECF No. 1299 opposing that request.
8. I reviewed ECF No. 1299 and observed that Consumer Plaintiffs' Counsel represented that my claim was processed according to established Settlement procedures but did not provide the accounting or underlying JND administrative records I requested.
9. I previously submitted screenshots of publicly available reviews concerning JND Legal Administration in connection with ECF No. 1285 and its accompanying exhibits.
10. Those materials remain in the Court's record notwithstanding the subsequent denial of ECF No. 1285 at ECF No. 1290.
11. At the time I captured those screenshots, Google's listing displayed approximately 1.8 stars based upon 132 reviews.
12. Some of the reviews I preserved expressly reference the Equifax Data Breach Settlement and allege problems concerning Equifax settlement administration.
13. I understand that those reviews are statements by third parties and that I cannot personally verify whether every allegation contained in them is true.
14. I rely upon those previously submitted materials to demonstrate the existence of similar publicly reported concerns and to support my request that the Court determine whether Consumer Plaintiffs' Counsel has received similar complaints from other Equifax Settlement Class Members.
15. I am not asking the Court to assume that JND or Class Counsel committed wrongdoing based upon internet reviews.
16. I am asking the Court to require an accounting and develop an evidentiary record so that the relevant facts can be determined.
17. I respectfully request that the Court examine whether my experience is isolated and whether Consumer Plaintiffs' Counsel has adequately investigated and addressed settlement-administration complaints affecting members of the Settlement Class.
18. My request for an accounting and judicial inquiry is not intended to abandon my request for monetary relief.
19. I continue to seek recovery of my claimed Out-of-Pocket Losses and any other monetary relief legally available to me, including relief relating to the approximately $20,000 in disputed fraudulent obligations and associated credit-related harm described above.
20. I also seek to preserve any legally cognizable claim for damages against JND arising from JND's own actionable settlement-administration conduct if the evidence establishes liability, causation, and damages.
21. Likewise, if the evidence establishes actionable conduct by Consumer Plaintiffs' Counsel that independently caused me legally cognizable damages, I seek to preserve any monetary remedy legally available against the responsible attorney or law firm, including DiCello Levitt LLP to the extent supported by the evidence.
22. I am requesting the underlying records and accounting because I do not presently possess all of the information necessary to determine precisely what occurred during the administration of my Settlement claim and what information was considered by Consumer Plaintiffs' Counsel.

**23. I respectfully request that the Court not construe my request for judicial review, an accounting, or other supervisory relief as a waiver or abandonment of monetary relief.**

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** 10/02/26

_____

**Elias M. Seda**

**CERTIFICATE OF SERVICE**

**I hereby certify that on** 10/02/26**, I served a true and correct copy of the foregoing Movant Elias M. Seda's Reply in Support of ECF No. 1298 and Request for Judicial Inquiry into Settlement Administration and Consumer Plaintiffs' Counsel's Continuing Rule 23(g)(4) Obligations upon Consumer Plaintiffs' Counsel by electronic mail at the addresses reflected in ECF No. 1299 and by any additional method required by the Federal Rules of Civil Procedure and the Local Rules of this Court.**

**I further certify that a copy was mailed to:**

**Equifax Data Breach Litigation Claims**
**c/o JND Legal Administration**
**P.O. Box 91318**
**Seattle, WA 98111-9418**

**The mailing to JND is provided as notice of this filing and is not intended to represent that JND has appeared as a party or that Consumer Plaintiffs' Counsel represents JND.**

_____

**Elias M. Seda**