FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 09 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: EQUIFAX INC. CUSTOMER
DATA SECURITY BREACH LITIGATION

MDL Docket No. 2800
No. 1:17-md-02800-TWT

Hon. Thomas W. Thrash, Jr.

**MOVANT ELIAS M. SEDA'S REPLY TO CONSUMER PLAINTIFFS' COUNSEL'S RESPONSE IN OPPOSITION TO ECF NO. 1298**

Movant Elias M. Seda, proceeding pro se and as an Equifax Settlement Class Member, respectfully submits this Reply to Consumer Plaintiffs' Counsel's Response to Elias Seda's Motion for Judicial Review of Settlement Administration, ECF No. 1299.

ECF No. 1299 does not answer the principal relief requested in ECF No. 1298.

Consumer Plaintiffs' Counsel argues that this Court previously denied Movant's request for Settlement benefits at ECF No. 1290 and that the Settlement does not provide the additional relief Movant now seeks.

But ECF No. 1298 does not merely ask this Court to reconsider ECF No. 1290 or simply award the same benefits previously denied. It asks the Court to examine the administration underlying those events, require JND Legal Administration ("JND") to provide an accounting, and permit Movant to supplement the record after the facts concerning JND's administration have been disclosed.

ECF No. 1299 supplies no such accounting.

It supplies no new JND records.

It supplies no new declaration from JND.

JND itself has not responded to the accounting requested in ECF No. 1298.

Instead, Consumer Plaintiffs' Counsel again speaks in defense of JND's administration and affirmatively represents that Movant's claim "was reviewed and processed in accordance with the established Equifax Data Breach Settlement procedures."

That representation raises rather than eliminates the need for the limited inquiry requested in ECF No. 1298.

Movant further clarifies that his request for judicial review and an accounting does not abandon his request for monetary relief. Movant continues to seek his claimed Out-of-Pocket Losses and any other monetary or equitable relief legally available to him. He also seeks to preserve any legally cognizable damages claim arising from actionable

settlement-administration or post-settlement conduct if the evidentiary record ultimately establishes such liability and causation.

## I. ECF NO. 1299 ANSWERS A DIFFERENT QUESTION THAN THE ONE PRESENTED BY ECF NO. 1298

Consumer Plaintiffs' Counsel begins:

"The Court has previously denied a motion by Elias Seda concerning benefits under the Settlement for which he never submitted a claim. ECF No. 1290."

Movant acknowledges ECF No. 1290.

The Court ruled that Movant could not now obtain credit monitoring, Out-of-Pocket Losses, or Time Spent benefits that he had not previously claimed.

But ECF No. 1298 deliberately presents a different issue.

Movant asks:

How was his Settlement claim actually administered, what notices and information were provided to him, what records does JND possess concerning those matters, and what occurred when Movant subsequently raised his administration concerns?

ECF No. 1299 does not answer those questions.

Consumer Plaintiffs' Counsel instead points again to the declaration of JND Assistant Director Leonard Greene, ECF No. 1287-1.

That declaration states conclusions concerning Movant's claim history. It does not provide the complete accounting now requested.

ECF No. 1298 specifically requests underlying information concerning, among other things:

a. Movant's submissions and elections;

b. notices JND contends were sent to Movant;

c. the dates, methods, addresses, or electronic destinations associated with those notices;

d. benefit eligibility determinations and their bases;

e. payments and their disposition;

f. information concerning the Extended Claims Period;

g. JND records concerning identity-restoration assistance;

h. administrative notes and communications concerning Movant's requests for assistance or enforcement;

i. materials JND provided to Consumer Plaintiffs' Counsel after Class Counsel conferred with JND concerning ECF No. 1285; and

j. the factual basis for the representations contained in the Greene declaration.

None of that requested accounting is supplied by ECF No. 1299.

Accordingly, stating that Movant's claim was properly processed does not resolve the request for records necessary to determine whether it was properly processed.

## II. CONSUMER PLAINTIFFS' COUNSEL HAS NOW TWICE OPPOSED MOVANT IN CONNECTION WITH HIS CONCERNS REGARDING JND

The procedural history is significant.

Movant filed ECF No. 1285 raising concerns regarding Settlement benefits and JND's administration.

Consumer Plaintiffs' Counsel filed ECF No. 1287 opposing that request.

ECF No. 1287 expressly stated:

"After the filing of Movant's Motion, Class Counsel conferred with JND."

Class Counsel then presented information obtained from JND and relied upon the declaration of JND Assistant Director Leonard Greene.

Following ECF No. 1290, Movant filed ECF No. 1298.

Rather than merely resubmit the request rejected in ECF No. 1290, Movant specifically requested judicial review of settlement administration and an accounting from JND.

Consumer Plaintiffs' Counsel has now again opposed Movant.

ECF No. 1299 is signed by Roy E. Barnes of Barnes Law Group, LLC, Norman E. Siegel of Stueve Siegel Hanson LLP, and Amy Keller of DiCello Levitt LLP, expressly as "Consumer Plaintiffs' Counsel."

Movant does not contend merely from those facts that Consumer Plaintiffs' Counsel represents JND.

Nor does Movant presently assert as fact that Consumer Plaintiffs' Counsel again conferred with JND before filing ECF No. 1299.

But the present record does establish that Consumer Plaintiffs' Counsel previously conferred with JND regarding Movant's first motion and has now twice opposed Movant concerning matters involving JND's settlement administration.

That circumstance warrants clarification of the respective roles of JND and Consumer Plaintiffs' Counsel.

III. CLASS COUNSEL'S RULE 23 OBLIGATION IS TO THE SETTLEMENT CLASS

Federal Rule of Civil Procedure 23(g)(4) provides:

"Class counsel must fairly and adequately represent the interests of the class."

Movant does not argue that Consumer Plaintiffs' Counsel must agree with every request made by an individual Settlement Class Member.

Nor does Movant contend that Consumer Plaintiffs' Counsel necessarily owes him a separate heightened duty simply because he is an individual class member.

The Eleventh Circuit has explained that Class Counsel's obligation runs to the class as a whole. *Medical & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983 (11th Cir. 2020).

That is precisely why Movant's present concern warrants inquiry.

The question is not simply whether Class Counsel agrees with Elias Seda.

The question is whether the interests of the Settlement Class as a whole are adequately protected when Settlement Class Members raise legitimate questions concerning administration by the Court-appointed Settlement Administrator.

JND administers the Settlement.

Consumer Plaintiffs' Counsel represents the interests of the Settlement Class.

Those functions are not identical.

When a Settlement Class Member requests that JND document how his claim was administered, there is a legitimate question as to why Consumer Plaintiffs' Counsel should oppose the request based upon JND's previous representations rather than permit JND to provide the underlying accounting.

Rule 23(e)(2)(C)(ii) further recognizes the significance of the effectiveness of distributing relief to class members, expressly including the method of processing class-member claims.

Movant therefore respectfully submits that the Court should examine the administration rather than accept a conclusory assertion that the administration complied with established procedures.

IV. ECF NO. 1299 MAKES A FACTUAL REPRESENTATION THAT SHOULD HAVE AN IDENTIFIABLE EVIDENTIARY BASIS

ECF No. 1299 states:

"Mr. Seda's claim was reviewed and processed in accordance with the established Equifax Data Breach Settlement procedures."

Movant respectfully asks a straightforward question:

What is the evidentiary basis for that representation?

If Consumer Plaintiffs' Counsel reviewed Movant's complete administrative file, Movant respectfully requests that the Court require Counsel to identify the nonprivileged records upon which it relied.

If Counsel relied exclusively upon the previously filed Greene declaration, that should likewise be stated.

If Consumer Plaintiffs' Counsel communicated with JND concerning ECF No. 1298 before filing ECF No. 1299 and obtained additional factual information, Movant respectfully requests disclosure of the existence and general nature of those nonprivileged factual materials.

Movant is not requesting privileged attorney communications.

He seeks the underlying administrative facts.

If those records establish that JND correctly administered Movant's claim, production of the accounting should substantiate Consumer Plaintiffs' Counsel's position.

If they do not, the Court should know that as well.

V. MOVANT'S PREVIOUSLY FILED JND MATERIALS REMAIN PART OF THE RECORD

Movant previously submitted materials reflecting publicly reported complaints concerning JND Legal Administration in connection with his Motion to Enforce Settlement, ECF No. 1285 and its accompanying exhibits.

Those materials remain part of this Court's record notwithstanding the subsequent denial of ECF No. 1285 at ECF No. 1290.

Movant therefore does not unnecessarily duplicate those materials in this Reply.

Movant relies upon them for a limited purpose.

He does not contend that an internet review proves misconduct.

He does not ask the Court to accept every allegation contained in those reviews as true.

Rather, the previously submitted materials demonstrate the existence of publicly reported concerns regarding JND's settlement administration and support Movant's request that the Court determine whether similar complaints have been received from other Equifax Settlement Class Members.

The previously submitted screenshots included Google's listing for JND showing approximately 1.8 stars based upon 132 reviews at the time Movant captured the materials.

Some reviews specifically referenced the Equifax Data Breach Settlement, including allegations concerning Equifax claims and administration.

Other publicly reported complaints concern communication, settlement payments, claim information, and administration.

Those third-party allegations are not offered for their truth.

Their significance here is that they provide a reasonable basis for asking whether Consumer Plaintiffs' Counsel itself has received similar complaints from Equifax Settlement Class Members and, if so, what steps it took to investigate them.

## VI. THE COURT SHOULD DETERMINE WHETHER MOVANT'S EXPERIENCE IS ISOLATED

Movant respectfully requests that Consumer Plaintiffs' Counsel state whether it has received materially similar complaints from Equifax Settlement Class Members concerning:

a. missing or unlocated claims;

b. payments not received;

c. incorrect contact information;

d. unanswered communications;

e. Extended Claims Period notices or claims;

f. Out-of-Pocket Loss claims;

g. Time Spent claims;

h. identity-restoration assistance;

i. inability to obtain explanations concerning administrative decisions; or

j. other material settlement-administration issues.

Movant does not request personally identifying information concerning other class members.

Aggregate information would be sufficient initially.

If no materially similar complaints exist, that fact would assist the Court.

If materially similar complaints do exist, their number and nature could assist the Court in determining whether further settlement-administration review is appropriate.

## VII. MOVANT CONTINUES TO SEEK MONETARY RELIEF

ECF No. 1299 states that the Settlement does not afford Movant the additional relief he seeks.

Movant therefore wishes to eliminate any possible misunderstanding concerning the ultimate purpose of ECF No. 1298.

Movant continues to seek monetary relief.

Movant continues to seek recovery, to the fullest extent legally available, concerning the Out-of-Pocket Losses and other losses he attributes to the Equifax Data Breach, including approximately $20,000 in disputed fraudulent obligations and associated credit-related harm.

Movant recognizes ECF No. 1290.

He recognizes that the Court previously determined that he cannot now obtain benefits he did not timely claim through the ordinary Settlement claims process.

The present motion does not simply ask the Court to ignore that determination.

Instead, Movant seeks to determine whether failures involving notice, administration, assistance to Settlement Class Members, or other post-settlement conduct contributed to his inability to timely obtain monetary benefits for his claimed losses and, if so, whether some monetary remedy remains legally available.

The Settlement established an Extended Claims Period because identity-theft consequences could arise or be discovered after the initial claims period.

The administration of that process therefore matters.

Movant seeks records establishing what information he received concerning that process, when it was provided, how it was provided, and what assistance was available to him.

If the evidentiary record establishes that JND engaged in actionable settlement-administration conduct that caused Movant a legally cognizable injury, Movant expressly preserves his ability to seek damages or other monetary relief against JND to the extent permitted by law.

Likewise, if the record establishes actionable conduct by Consumer Plaintiffs' Counsel that independently caused Movant legally cognizable damages, Movant preserves his ability to seek any legally available remedy against the responsible attorney or law firm, including DiCello Levitt LLP, to the extent supported by the evidence.

Movant does not presently ask the Court to find JND, Amy Keller, DiCello Levitt LLP, or any other attorney liable for damages without the necessary evidentiary record.

The purpose of the accounting and judicial inquiry is to develop that record.

Accordingly, the Court should not construe Movant's request for an accounting, judicial review, preservation, or supervisory relief as abandonment or waiver of his request for monetary relief.

## VIII. MOVANT DOES NOT ATTRIBUTE ALL OF HIS UNDERLYING IDENTITY-THEFT LOSS TO JND OR CLASS COUNSEL WITHOUT PROOF

Movant seeks approximately $20,000 in claimed losses and related monetary relief to the extent legally recoverable.

However, Movant recognizes an important causation distinction.

The underlying Equifax breach, JND's subsequent administration of the Settlement, and Consumer Plaintiffs' Counsel's subsequent conduct are separate events.

Movant does not presently contend that Class Counsel originally caused the identity theft.

Nor does Movant presently contend that the face amount of every disputed fraudulent obligation automatically constitutes recoverable damages against JND or Consumer Plaintiffs' Counsel.

Any separate damages claim would require the applicable elements of a legally recognized cause of action, including the required causal connection between the defendant's own conduct and Movant's compensable injury.

That is another reason the accounting matters.

The Court should permit development of the relevant factual record before Movant is required to determine whether any separate damages claim exists and against whom it may properly be asserted.

## IX. THE COURT SHOULD DEVELOP THE RECORD WITHIN THE EXISTING MDL

Movant is bringing these concerns directly to the Court supervising the Equifax Settlement.

He is not attempting to bypass this Court.

The Eleventh Circuit's decision in *Oppenheim* underscores the significance of presenting challenges involving class counsel's conduct in connection with class litigation to the court supervising the Rule 23 proceeding.

The present approach permits this Court to determine, on an actual evidentiary record:

1. whether JND properly administered Movant's claim;
2. what notices and information were provided;
3. whether Consumer Plaintiffs' Counsel adequately investigated Movant's concerns;
4. whether similar complaints from other Equifax Settlement Class Members exist;
5. whether any broader settlement-administration problem exists;

6. whether Consumer Plaintiffs' Counsel's actions remain consistent with Rule 23(g)(4);
7. whether additional supervisory or remedial proceedings are warranted; and
8. whether Movant may possess any legally cognizable basis for monetary relief arising from settlement administration or other post-settlement conduct.

This is more efficient and accurate than forcing Movant to initiate separate litigation without access to the administrative record necessary to determine what actually occurred.

X. JND SHOULD BE REQUIRED TO ANSWER FOR ITS OWN ADMINISTRATION

The central unanswered question remains simple.

Movant asked JND to account for JND's administration.

JND has not supplied that accounting in response to ECF No. 1298.

Consumer Plaintiffs' Counsel instead tells the Court that JND followed established procedures.

If that is correct, the requested records should demonstrate it.

Movant therefore respectfully submits that the appropriate next step is not summary denial of ECF No. 1298.

The appropriate next step is a limited order requiring JND to provide the relevant administrative accounting and permitting Movant to respond to what that accounting establishes.

That procedure prejudges nothing.

It does not establish liability.

It does not automatically entitle Movant to $20,000.

It simply establishes the factual record necessary for this Court to make an informed determination.

CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Movant Elias M. Seda respectfully requests that the Court:

A. reject Consumer Plaintiffs' Counsel's request that ECF No. 1298 be summarily denied merely because ECF No. 1285 was previously denied;

B. direct JND Legal Administration to independently respond concerning its administration of Movant's Settlement claim;

C. direct JND to provide the accounting requested in ECF No. 1298, including relevant claim-history, notice, payment, eligibility, Extended Claims Period, Restoration Services, administrative-note, and communication records concerning Movant;

**D. require Consumer Plaintiffs' Counsel to identify the factual basis for its representation in ECF No. 1299 that Movant's claim was processed in accordance with established Settlement procedures;**

**E. require Consumer Plaintiffs' Counsel to state whether that representation was based solely upon ECF No. 1287-1 or upon additional JND records or factual information;**

**F. require Consumer Plaintiffs' Counsel to state whether it communicated with JND concerning ECF No. 1298 or ECF No. 1299 and, without requiring disclosure of privileged legal advice, identify the general nature of any factual materials supplied;**

**G. require Consumer Plaintiffs' Counsel to disclose, in aggregate and without identifying other Settlement Class Members, whether it has received materially similar complaints concerning administration of the Equifax Settlement and what steps were taken in response;**

**H. direct JND and Consumer Plaintiffs' Counsel to preserve records, communications, administrative notes, correspondence, and other materials concerning Movant and the matters presented in ECF Nos. 1285, 1287, 1287-1, 1290, 1298, and 1299;**

**I. determine whether further judicial inquiry concerning JND's administration is warranted;**

**J. determine whether Consumer Plaintiffs' Counsel's handling of settlement-administration complaints remains consistent with Rule 23(g)(4);**

**K. if an actual conflict is identified between protecting Settlement Class interests and defending the Settlement Administrator's conduct, consider whether independent representation, further reporting, a special master, or other appropriate supervisory relief is warranted;**

**L. permit Movant to supplement ECF No. 1298 after JND and Consumer Plaintiffs' Counsel provide any Court-ordered responses;**

**M. conduct an evidentiary hearing if material factual disputes remain;**

**N. clarify whether any legally cognizable claim Movant may possess against Consumer Plaintiffs' Counsel arising from actionable post-settlement conduct must be presented to this Court pursuant to its retained jurisdiction and, if so, identify the appropriate procedural vehicle;**

**O. upon development of the administrative record, award Movant any monetary relief the Court determines remains legally available concerning his claimed Out-of-Pocket Losses or permit Movant to supplement ECF No. 1298 to establish entitlement to such relief;**

**P. if monetary relief is unavailable through the ordinary Settlement claims process, preserve and clarify Movant's ability to pursue any legally cognizable damages claim arising from actionable settlement-administration conduct by JND or actionable conduct by Consumer Plaintiffs' Counsel, including DiCello Levitt LLP to the extent supported by**

the evidence, and determine whether such a claim must be presented to this Court or through another appropriate procedural vehicle; and

Q. grant such other and further relief as this Court determines just and appropriate.

Respectfully submitted,

Elias M. Seda
Pro Se Settlement Class Member
224 S. 3rd Street, Apartment 7
Brooklyn, New York 11211

Date: 10/02/26

Signature: ____________________
Elias M. Seda

**DECLARATION OF ELIAS M. SEDA**

I, Elias M. Seda, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an Equifax Settlement Class Member.
2. I submitted a Settlement claim in 2019.
3. I have experienced substantial identity-theft and credit-related consequences that I attribute to the Equifax data breach, including approximately $20,000 in disputed fraudulent obligations.
4. I filed ECF No. 1285 seeking relief concerning my Settlement benefits and administration.
5. ECF No. 1287 subsequently disclosed that Consumer Plaintiffs' Counsel had conferred with JND concerning my motion.
6. Consumer Plaintiffs' Counsel relied upon a declaration from JND Assistant Director Leonard Greene, filed as ECF No. 1287-1.
7. After ECF No. 1290, I filed ECF No. 1298 seeking judicial review of settlement administration and an accounting from JND.
8. On October 2, 2026, Consumer Plaintiffs' Counsel filed ECF No. 1299 opposing ECF No. 1298.
9. ECF No. 1299 represents that my claim was processed in accordance with established Settlement procedures.
10. ECF No. 1299 does not provide the underlying JND administrative accounting I requested.
11. I previously submitted publicly available materials concerning complaints about JND Legal Administration with ECF No. 1285 and its accompanying exhibits.
12. Those materials remain part of the record notwithstanding the Court's subsequent denial of ECF No. 1285.
13. At the time I captured the Google materials, JND's listing reflected approximately 1.8 stars based upon 132 reviews.
14. Some of the reviews I preserved expressly referenced the Equifax Data Breach Settlement.
15. I understand that those third-party reviews are allegations and that I cannot personally verify every statement contained in them.

16. I rely upon those materials only to demonstrate the existence of publicly reported concerns and to support inquiry into whether similar complaints have been made by other Equifax Settlement Class Members.
17. My request for an accounting and judicial inquiry is not intended to abandon my request for monetary relief.
18. I continue to seek my claimed Out-of-Pocket Losses and any other monetary relief legally available to me, including relief relating to approximately $20,000 in disputed fraudulent obligations and associated credit-related harm.
19. If the evidence establishes actionable conduct by JND that caused me a legally cognizable injury, I seek to preserve any legally available damages claim against JND.
20. If the evidence establishes actionable conduct by Consumer Plaintiffs' Counsel that independently caused me legally cognizable injury, I seek to preserve any legally available damages claim against the responsible attorney or law firm, including DiCello Levitt LLP to the extent supported by the evidence.
21. I do not presently possess JND's complete administrative records concerning my Settlement claim.
22. I am requesting those records so that this Court and I can determine what actually occurred and what remedies, if any, are legally available.
23. I respectfully request that the Court not construe my request for judicial review, an accounting, or supervisory relief as waiver or abandonment of monetary relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/02/26

——

Elias M. Seda

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/02/26, I served a true and correct copy of the foregoing Movant Elias M. Seda's Reply to Consumer Plaintiffs' Counsel's Response in Opposition to ECF No. 1298 upon Consumer Plaintiffs' Counsel by electronic mail at the addresses identified in ECF No. 1299.

I further certify that a copy was mailed to:

Equifax Data Breach Litigation Claims
c/o JND Legal Administration
P.O. Box 91318
Seattle, WA 98111-9418

The mailing to JND is provided as notice of this filing and is not intended to represent that JND has appeared as a party or that Consumer Plaintiffs' Counsel represents JND.

——

Elias M. Seda

Elias Sedu
224 S. 3rd St Apt 7#
Brooklyn, NY 11211

UNITED STATES POSTAL SERVICE

BROOKLYN, NY 11211
NOV 05, 2026
30303
$8.40
RDC 99 0 Lb 4.60 Oz S2324P506702-9

9589 0710 5270 4028 6656 37

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 4028 6656 37

Clerk of Court
United States District Court
Northern District of Georgia - Atlanta Division
2211 United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303-3309

CLEARED DATE

BROOKLYN, NY 11211
NOV - 9 2026
WILLIAMSBURG USPS

Retail

U.S. POSTAGE PAID
FCM LG ENV